**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES LLC, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>**(Jointly Administered)** |

**SUPPLEMENTAL DECLARATION OF LAWRENCE R. PERKINS**

I, Lawrence R. Perkins, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1.　　I am CEO and Founder of SierraConstellation Partners, LLC ("SCP"), headquartered at 400 South Hope Street, Suite 1050, Los Angeles, California, 90071, and the Chief Restructuring Officer of WGC Independent Manager LLC, a Delaware limited liability company ("WGC Independent Manager"), which is the sole manager of debtor Woodbridge Group of Companies, LLC, a Delaware limited liability company and an affiliate of each of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors"). The sole manager of WGC Independent Manager is Beilinson Advisory Group, LLC, a Delaware limited liability company (the "Independent Manager"). The Debtors' management structure is further described in the *Declaration of Lawrence R. Perkins in Support*

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, for which the Debtors have requested joint administration, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed counsel for the Debtors.

*of the Debtors' Chapter 11 Petitions and Requests First Day Relief* (the "<u>First Day Declaration</u>") (ECF No. 12).[2]

2.  I submit this supplemental declaration (this "<u>Supplemental Declaration</u>") to update the Bankruptcy Court and interested parties regarding a recent amendment to the operating agreement of WGC Independent Manager, which amendment provides that the Independent Manager may only be removed upon a finding of cause by the Bankruptcy Court. All facts set forth in this Supplemental Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents, and consultation with the Independent Manager and the Debtors' professional advisors.  I am authorized to submit this Supplemental Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

3.  As further described in the First Day Declaration, on December 1, 2017,  pursuant to the Management Consent, Robert Shapiro, as Trustee of RS Protection Trust, removed himself and his affiliates as manager of certain of the Debtors and appointed the Independent Manager as replacement manager. *See* First Day Declaration, Ex. F, ECF 12 at 91. In connection with the execution of the Management Consent, Mr. Shapiro and the Independent Manager executed that certain Limited Liability Company Agreement of WGC Independent Manager LLC (the "<u>Operating Agreement</u>"). *Id.* at 118 (Ex. A to Management Consent). Section 15(b) of the Operating Agreement provided that RS Protection Trust could remove the Independent Manager without cause on at least ten business days' prior notice to the Bankruptcy Court. *Id.* at 121.

4.  At the December 5, 2017 hearing before the Bankruptcy Court at which the Bankruptcy Court considered the Debtors' requests for first-day relief (the "<u>First Day Hearing</u>"),

---

[2]    Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the First Day Declaration.

the United States Securities and Exchange Commission ("SEC") raised concerns regarding the provision of the Operating Agreement purportedly allowing Mr. Shapiro to remove the Independent Manager without cause. The Debtors had contacted the SEC on the Petition Date, seeking to arrange a meeting to apprise them of the contemplated restructuring and to address any concerns. After the First Day Hearing, the SEC agreed to meet with certain of the Debtors' advisors on December 7, 2017 to discuss the SEC's concerns. Following this meeting, the Independent Manager demanded that Mr. Shapiro amend the Operating Agreement to eliminate any purported right to remove the Independent Manager without a showing of cause and an order of the Bankruptcy Court. Mr. Shapiro agreed.

5.  Accordingly, on December 8, 2017, WGC Independent Manager and RS Protection Trust entered into that certain Amendment No. 1 to the Limited Liability Company Agreement of WGC Independent Manager LLC (the "First Amendment"). A true and correct copy of the First Amendment is attached hereto as Exhibit A. The First Amendment amends section 15(b) of the Operating Agreement, providing that notwithstanding anything to the contrary therein, until the occurrence of a Termination Event (as defined therein), the Independent Manager may only be removed at the request of RS Protection Trust following a finding by the Bankruptcy Court that, "among other things, 'cause,' as defined in Section 1112(b)(4) of the Bankruptcy Code or cases interpreting that section, exists to remove the Manager."

6.  I believe that the changes made through the First Amendment have further bolstered the independence of the Independent Manager. The Debtors remain committed to addressing outstanding concerns of all of the Debtors' constituents to implement a successful reorganization that is in the best interests of all the Debtors' stakeholders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: December 15, 2017

Lawrence R. Perkins
CEO & Founder
SierraConstellation Partners LLC

## Exhibit A

**First Amendment to WGC Independent Manager LLC Operating Agreement**

AMENDMENT NO. 1 TO

LIMITED LIABILITY COMPANY AGREEMENT

OF

WGC INDEPENDENT MANAGER LLC

This AMENDMENT NO. 1 TO LIMITED LIABILITY COMPANY AGREEMENT (this "Amendment") of WGC Independent Manager LLC, a Delaware limited liability company (the "Company"), dated as of December 8, 2017, is made and entered into by RS Protection Trust as the sole member of the Company (the "Member), and amends that certain Limited Liability Company Agreement of the Company, dated as of December 1, 2017 (the "Operating Agreement"). Unless otherwise provided, capitalized terms used herein but not defined herein shall have the meanings assigned to such terms in the Operating Agreement.

RECITALS

WHEREAS, the Member, being the sole owner of the membership interests of the Company, desires to amend the Operating Agreement on the terms and conditions set forth herein;

WHEREAS, pursuant to Section 27 of the Operating Agreement, the Operating Agreement may be amended by a written instrument specifically designated as an amendment and executed and delivered by the Member;

WHEREAS, certain Managed Affiliates filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code on December 4, 2017, and accordingly the Member is in the Restricted Period; and

WHEREAS, pursuant to Section 27 of the Operating Agreement, during the Restricted Period, Section 15 of the Operating Agreement shall not be amended without the written consent of the Manager.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned states as follows:

1. Amendment. Section 15(b) of the Operating Agreement is hereby amended and restated in its entirety as follows:

(b) Notwithstanding anything to the contrary herein, from the filing of a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by any of the Managed Affiliates until a Termination Event (the "Restricted Period"), the Manager may only be removed at the request of the Member following a finding by the United States Bankruptcy Court that, among other things, "cause," as defined in Section 1112(b)(4) of the Bankruptcy Code or cases interpreting that section, exists to remove the Manager. "Termination Event" means (i) the confirmation of a chapter 11 plan involving such Managed Affiliates, (ii) appointment of a chapter 11 trustee or a receiver for such Managed Affiliates, (iii) conversion of the bankruptcy cases of such Managed Affiliates to a case under chapter 7

of the Bankruptcy Code, (iv) dismissal of the bankruptcy cases of such Managed Affiliates, or (v) a settlement or dismissal of all enforcement actions commenced by the United States Securities and Exchange Commission against Robert Shapiro.

2. <u>Limited Effect</u>. Except as amended hereby, the Operating Agreement shall continue in full force and effect in accordance with its terms. By executing this Amendment below, the Member certifies that this Amendment has been executed and delivered in compliance with Section 27 of the Operating Agreement. Reference to this Amendment need not be made in the Operating Agreement or any other instrument or document executed in connection therewith, or in any certificate, letter or communication issued or made pursuant to, or with respect to, the Operating Agreement, any reference in any of such items to the Operating Agreement being sufficient to refer to the Operating Agreement as amended hereby.

3. <u>Amendments</u>. This Amendment may be amended, supplemented or changed, any provision hereof can be waived, only by written instrument making specific reference to this Amendment signed by the Member with the written consent of the Manager.

4. <u>Binding Effect</u>. This Amendment shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.

5. <u>Jurisdiction; Governing Law</u>. This Amendment shall be governed by, and construed under, the laws of the State of Delaware, all rights and remedies being governed by said laws.

6. <u>Counterparts</u>. This Amendment may be executed in two or more counterparts, each of which will be deemed to be an original copy of this Amendment and all of which, when taken together, will be deemed to constitute one and the same instrument. The exchange of a fully executed Amendment (in counterparts or otherwise) by electronic mail in "portable document format" (".pdf") form or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, shall be sufficient to bind the Member to the terms and conditions of this Amendment.

*[Signature page follows.]*

12/11/2017  09:48AM  8186463467                PAGE  03/03

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Amendment No. 1 to Limited Liability Company Agreement as of the date first above written.

RS PROTECTION TRUST

By: _____
Name: Robert Shapiro
Title: Trustee

ACKNOWLEDGED AND CONSENTED:

**MANAGER:**

**BEILINSON ADVISORY GROUP LLC**

By: _____
Name: Marc Beilinson
Title: Manager

SIGNATURE PAGE TO AMENDMENT TO EQUITY PURCHASE AND MERGER AGREEMENT
102414210.3