IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 85, 150, 157, 198, 240, 250 |

**ORDER, PURSUANT TO SECTIONS 105(a) AND 1102 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, APPROVING THE CONSENSUAL RESOLUTION OF (A) MOTION OF THE AD HOC COMMITTEE OF HOLDERS OF PROMISSORY NOTES OF WOODBRIDGE MORTGAGE INVESTMENT FUND ENTITIES AND AFFILIATES PURSUANT TO SECTION 1102(A)(2) OF THE BANKRUPTCY CODE DIRECTING THE APPOINTMENT OF AN OFFICIAL COMMITTEE OF NOTEHOLDERS, (B) EMERGENCY MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104, (C) MOTION BY THE U.S. SECURITIES AND EXCHANGE COMMISSION FOR ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, (D) JOINDER OF ADDITIONAL NOTEHOLDERS TO MOTION OF THE AD HOC COMMITTEE OF HOLDERS OF PROMISSORY NOTES OF WOODBRIDGE MORTGAGE INVESTMENT FUND ENTITIES AND AFFILIATES PURSUANT TO SECTION 1102(A)(2) OF THE BANKRUPTCY CODE DIRECTING THE APPOINTMENT OF AN OFFICIAL COMMITTEE OF NOTEHOLDERS, AND (E) MOTION OF THE AD HOC COMMITTEE OF UNITHOLDERS OF WOODBRIDGE MORTGAGE INVESTMENT FUND ENTITIES PURSUANT TO 11 U.S.C. § 1102(A)(2) DIRECTING APPOINTMENT OF AN OFFICIAL COMMITTEE OF UNITHOLDERS**

Upon the (a) *Motion of the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates Pursuant to Section 1102(a)(2) of the Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders* [D.I. 85] (the "Noteholder Committee Motion"); (b) *Emergency Motion of Official Committee of*

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

01:22767720.8

*Unsecured Creditors for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104* [Docket No. 150] (the "Committee's Trustee Motion"); (c) *Motion by the U.S. Securities and Exchange Commission for Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 157] (the "SEC Motion"); (d) *Joinder of Additional Noteholders to Motion of the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates Pursuant to Section 1102(a)(2) of The Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders* [D.I. 198] (the "Noteholder Committee Motion Joinder"); and (e) *Motion of the Ad Hoc Committee of Unitholders of Woodbridge Mortgage Investment Fund Entities Pursuant to 11 U.S.C. § 1102(a)(2) Directing Appointment of an Official Committee of Unitholders* [D.I. 250] (the "Unitholder Committee Motion" and together with the Noteholder Committee Motion, Committee's Trustee Motion, the SEC Motion, and the Noteholder Committee Motion Joinder, the "Motions"); and upon review of the *Debtors' Objection to Motions of (I) Official Committee of Unsecured Creditors and (II) the U.S. Securities and Exchange Commission for Entry of an Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 240] (the "Debtors' Response") as well as all other statements filed with respect to the Motions; and upon further consideration of the term sheet attached hereto as Exhibit 1 for approval (the "Term Sheet").[2]

It is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

---

[2] Capitalized terms used herein, but not otherwise defined, have the meanings given to them in the Term Sheet.

01:22767720.8

2. Venue of these cases and the Motions in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. This Court may enter a final order consistent with Article III of the United States Constitution.

4. Notice of the Motions has been given as set forth in the Motions and such notice is adequate and no other or further notice need be given.

5. The Term Sheet is approved pursuant to sections 105(a) and 1102 of the Bankruptcy Code and Bankruptcy Rule 9019.

6. Upon entry of this order (the "Order"), the Motions shall be deemed to be consensually resolved in accordance with the terms of the Term Sheet, except that resolution of the SEC Motion is subject to approval by the SEC Commission. For avoidance of doubt, entry of this Order shall not constitute this Court's decision on the merits for any of the Motions.

7. Effective upon entry of this Order, David J. (Jan) Baker, Robert E. Gerber and James M. Peck shall be exculpated and released for any and all actions taken or omitted to be taken in connection with and in contemplation of these cases and their service as members of the Debtors' board of managers.

8. Compensation in the amount of $25,000 each for David J. (Jan) Baker, Robert E. Gerber and James M. Peck is hereby approved for their service as board members.

9. The following provisions shall be applicable with respect to the New Board (as such term is defined in the Term Sheet):

> a. Unless and until otherwise ordered by the United States Bankruptcy Court for the District of Delaware (the "Court"), WGC Independent Manager LLC ("WGCIM"), under the direction of the New Board, shall have the authority to manage the affairs of the Debtors in their respective chapter 11 cases.

b. The Debtors are authorized to fund the compensation of the members of the New Board and their reasonable expenses, specifically including, without limitation, travel expenses and the fees and expenses of their counsel incurred in connection with (i) the New Board's appointment and (ii) legal advice and services in matters within the New Board's responsibility as to which the Debtors' counsel cannot appropriately act.

c. The members of the New Board shall receive the benefit of Section 17 (Exculpation and Indemnification) of WGCIM's amended and restated operating agreement dated January 16, 2018 (the "Operating Agreement"). In addition to and not in limitation of any rights of indemnification under the Operating Agreement, the Debtors will, to the maximum extent permitted by applicable law, indemnify and hold harmless the members of the New Board from any and all loss, claim, damage or cause of action, including reasonable attorneys' fees related thereto ("Claims") incurred by the New Board members in the performance of their duties and obligations as such; provided that a New Board member shall not be so indemnified for Claims if they arise from such New Board member's bad faith, gross negligence, or willful misconduct. The benefits of this provision shall survive the termination of each New Board member's service as such.

d. Unless otherwise ordered by the Court, Robert Shapiro shall not have any removal rights with respect to New Board members.

10. The resolution set forth in the Term Sheet is in the best interests of the Debtors, their estates, their creditors, the Committee, and all other parties in interest; the legal and factual bases of the Term Sheet establish just cause for the relief granted herein; and the terms set forth in the Term Sheet constitute a fair resolution of the issues raised in the Motions. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the Debtors, the Committee, and all other parties in interest are authorized to take any and all actions necessary and appropriate to consummate the terms of the Term Sheet, including, without limitation, executing and delivering any documents, agreements or instruments and remitting payments, as may be necessary or appropriate to implement the Term Sheet.

11. Neither the terms of the Term Sheet nor entry of this Order shall constitute an admission by any party with respect to any allegations contained in the Motion or any responses or statements filed with respect thereto.

01:22767720.8

4

12. This Order and the Term Sheet shall be binding on all the parties in these cases, except that the SEC's obligations under the Term Sheet are subject to approval by the SEC Commission.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motions, the Term Sheet, or the implementation of this Order.

Dated: __Jan 23__, 2018
Wilmington, Delaware

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:22767720.8

5