# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>Ref Docket. Nos. 122, 214, & 313 |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF GIBSON, DUNN & CRUTCHER LLP AS GENERAL BANKRUPTCY AND RESTRUCTURING CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order approving the employment and retention of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") as general bankruptcy and restructuring co-counsel for the Debtors *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Application and the Engagement Letter, and pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having reviewed and considered the Newman Declaration, the *Supplemental Declaration of Samuel A. Newman in Support of the Debtors' Application for an*

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address of Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

01:22679781.5

*Order Approving the Employment and Retention of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for the Debtors and Debtors In Possession* Nunc Pro Tunc *to the Petition Date* [Docket No. 214] (the "Supplemental Declaration"), and the *Second Supplemental Declaration of Samuel A. Newman in Support of the Debtors' Application for an Order Approving the Employment and Retention of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for the Debtors and Debtors In Possession* Nunc Pro Tunc *to the Petition Date* [Docket No. 313] (the "Second Supplemental Declaration"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having found that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that Gibson Dunn does not hold or represent an interest adverse to the Debtors' estates, and is a disinterested person under section 101(14) of the Bankruptcy Code; and the Court having found that the employment and retention of Gibson Dunn is necessary and in the best interest of the Debtors, their estates, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors shall be, and hereby are, authorized to employ Gibson Dunn *nunc pro tunc* to the Petition Date, as their

general bankruptcy and restructuring co-counsel to render general legal services to the Debtors as needed throughout the course of these Chapter 11 Cases, including all professional services as outlined in the Application, and Gibson Dunn is hereby authorized to perform any and all such necessary and appropriate professional services for the Debtors in these cases; provided, however, that nothing in this Order shall prejudice or limit any of the SEC's consent rights for Debtors' professionals contained in the Term Sheet approved by the Court by Order dated January 23, 2018.

3. Gibson Dunn shall charge the Debtors for its legal services equal to its ordinary and customary hourly rates in effect on the date services are rendered, as modified from time to time pursuant to the Engagement Letter, and Gibson Dunn will maintain detailed records of all actual, necessary and appropriate costs and expenses incurred in connection with the aforementioned professional services.

4. Gibson Dunn shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Gibson Dunn shall hold the Remaining Advance Payment until the final fee application and shall apply the Remaining Advance Payment only in accordance with further order of the Court.

5. Notwithstanding anything to the contrary in the Application or the Engagement Agreement, Gibson Dunn will not seek reimbursement of expenses for office supplies, and reimbursement for duplication services shall be consistent with the Local Rules.

6. Gibson Dunn shall not charge a markup with respect to fees billed by contract attorneys who are hired by the Firm to provide services and Gibson Dunn shall ensure that any

such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Gibson Dunn shall not share fees with existing or future contract attorneys who advise on these chapter 11 cases or enter into fee sharing arrangements with such contract attorneys.

7. Gibson Dunn shall make all reasonable efforts to avoid the duplication of services provided by any of the Debtors' other retained Professionals in these Chapter 11 Cases.

8. Notwithstanding anything to the contrary in the Application, the Newman Declaration, the Supplemental Declaration, the Second Supplemental Declaration, or the Engagement Agreement, during the course of the Bankruptcy cases, Gibson Dunn shall not be reimbursed for any secretarial or other overtime charges.

9. Gibson Dunn shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court, provided, however, that in the event that Gibson Dunn attorneys responsible for this matter do not have sufficient advance notice of such rate increases, the Firm shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to Gibson Dunn attorneys responsible for this matter. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. Notwithstanding anything to the contrary in the Engagement Letter, no success fee will be provided in connection with the Chapter 11 Cases.

11. Notwithstanding anything to the contrary in the Engagement Letter, no arbitration provision will be in force during the pendency of the Chapter 11 Cases.

12. The Debtors and Gibson Dunn are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules are satisfied by the contents of the Application.

14. To the extent the Application, the Newman Declaration, the Supplemental Declaration, the Second Supplemental Declaration, the Perkins Declaration, or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this order.

Dated: _Jan 23_____, 2018    _____
Wilmington, Delaware             THE HONORABLE KEVIN J. CAREY
                                 UNITED STATES BANKRUPTCY JUDGE