# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | Case No. 17-12560 (KJC) |
| | (Jointly Administered) |
| Debtors. | Ref. Docket Nos. 48, 295, & 350 |

## ORDER (A) AUTHORIZING THE DEBTORS TO MAKE ADDITIONAL CRITICAL VENDOR PAYMENTS, (B) APPROVING CERTAIN PAYMENTS PREVIOUSLY MADE, AND (C) AUTHORIZING THE BANK TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED TO THE FOREGOING

Upon the *Committee's Emergency Motion (A) Authorizing the Debtors to Make Additional Critical Vendor Payments, (B) Approving Certain Payments Previously Made; and (C) Authorizing the Bank to Honor and Process Checks and Electronic Transfer Requests Related to the Foregoing* (the "Emergency Motion")[2] filed by the Committee; and upon consideration of the Kaptain Declaration and the Goebel Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Emergency Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Emergency Motion.

DOCS_NY:37229.5 94811/002

this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Emergency Motion has been given as set forth in the Emergency Motion and that such notice is adequate under the circumstances and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Emergency Motion; and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Emergency Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Emergency Motion establish just cause for the relief granted herein; and this Court having previously entered the *Interim Order Pursuant to Sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of the Bankruptcy Code, Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors, and Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related to the Foregoing* [D.I. 48]; and this Court having previously entered the *Second Interim Order Pursuant to Sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of the Bankruptcy Code, Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors, and Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related to the Foregoing* [D.I. 295]; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Emergency Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized, but not directed, in their business judgment and at their sole discretion, to pay the Additional Critical Vendor Claims in an aggregate amount not to exceed $9,100,000 unless otherwise ordered by the Court after notice and a hearing.

3.     Any Contractor that accepts an Additional Critical Vendor Payment from the Debtors shall be deemed to have agreed to the terms and provisions of this Order.

4.     The Debtors are authorized, but not directed, to condition the Additional Critical Vendor Payments upon an agreement to continue supplying materials or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, timing of payments, availability, and other terms) in place prior to the Petition Date (the "Customary Trade Terms"), or in the alternative to negotiate trade terms with any Critical Vendor or Critical Party, as a condition to payment, that vary from the Customary Trade Terms (the "Negotiated Trade Terms") to the extent the Debtors determine, in their reasonable business judgment, that such terms are necessary to procure essential materials or services or are otherwise in the best interests of the Debtors' estates.

5.     The Debtors are authorized, but not directed, to condition the Additional Critical Vendor Payments upon such an agreement to continue supplying materials or services on Customary Trade Terms or Negotiated Trade Terms for the duration of the Chapter 11 Cases by executing trade agreements (each a "Trade Agreement"). Such Trade Agreements, once agreed to and accepted by a Contractor, shall be legally binding contractual arrangements governing the commercial trade relationship between the parties as provided therein.

6.     If a Contractor accepts payment pursuant to this Order after agreeing to provide services on Customary Trade Terms or Negotiated Trade Terms, and thereafter does not continue to provide materials and services on such terms (regardless of whether a Trade Agreement has been executed), then (i) any payment on account of an Additional Critical Vendor Payment may be deemed, in the Debtors' reasonable business judgment, to be an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request, and (ii) upon recovery of

the payment by the Debtors, the claim shall be reinstated as if the payment had not been made. If there exists an outstanding postpetition balance due from the Debtors to a Contractor, the Debtors may elect to recharacterize and apply any payment made pursuant to this Order to such outstanding postpetition balance, and the Debtors may then take any and all appropriate steps to cause such Contractor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Contractor. Notwithstanding the foregoing, the Debtors' exercise of remedies pursuant to this paragraph is subject to entry of a further order, which the Debtors may seek by filing a motion to enforce the terms of this Order on not less than five (5) business days' notice to the affected counterparty.

7. The Bank is authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts to the extent such checks or requests are expressly identified by the Debtors as related directly to payments made pursuant to this Order.

8. On the fifth (5th) business day of each month, the Debtors shall provide the Office of the United States Trustee, the DIP Lender, and the advisors to the Committee a report of all payments made under this Order.

9. Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or

causes of action against a Critical Vendor or Critical Party; or (iv) shall be construed as a promise to pay a claim.

10. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ___Jan 23___, 2018
Wilmington, Delaware

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE