**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| | **Chapter 11** |
| **WOODBRIDGE GROUP OF** | **Case # 17-12560(KJC)** |
| **COMPANIES, LLC, et aI[1].,** | **Jointly Administered** |
| | **Hearing Date: TBD (Requested expedited)** |
| Debtors | **Objection Deadline TBD( Requested expedited)** |

# MOTION OF CREST STEEL CORP.
# FOR LIMITED RELIEF FROM THE AUTOMATIC STAY

Crest Steel Corp. ("Crest") moves this Court for entry of an order, substantially in the form attached as Exhibit "A", (i) granting Crest Steel Limited Relief From The Automatic Stay as to Debtors Hornbeam Investments LLC to file and serve a Notice of Mechanic's Lien and a Complaint to Foreclose on a Mechanic's Lien to be recorded against real property in Beverly Hills California, Los Angeles County pursuant to 11 U.S.C. § 362(d)(1). In support thereof Crest states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Motion in this District and before this Court is proper pursuant to 28 U.S.C.

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. The complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the noticing and claims agent at www.eardencitvgroup.com/cases/WGC.

§§ 1408 and 1409.

2. The grounds for the relief requested in this Motion are 11 U.S.C. § 362(d), Federal Rule of Bankruptcy Procedure 4001, and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

3. On December 4, 2017 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases (the "Cases") for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage their property and operate their business as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed, however a Motion was filed to Appoint a Chapter 7 Trustee, which Motion, upon information and belief, was resolved on or about January 23, 2018 through a Stipulation which involves the appointment of independent representatives to represent the Debtors in Possession.

5. Crest supplied construction materials, including steel and related for construction of and improvements to real property owned by the Debtor and described as follow: 1484 Carla Ridge, Beverly Hills, California, Los Angeles County (hereinafter the "Property").

6. As of December 4, 2017, Crest was owed $51,476.65 for construction materials delivered to Leon Krous Drilling, Inc., at the Property for the construction and improvements to the Property.

7. The last delivery of products to the Property by Crest was made on November 2, 2017. Crest is without information or belief as to when Leon Krous Drilling, Inc. completed construction on the Property, or, in fact, if construction was ever completed.

8. The mechanics lien in the state of California is derived from the California

Constitution. Article XIV, § 3, of the California Constitution states that "mechanics, materialmen, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such materials, for the value of such labor done and materials furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

9. Pursuant to California Civil Code §§ 8400 *et seq.*, a supplier of materials to a construction project is entitled to secure its claim by recording a mechanics lien against the improved property.

10. Pursuant to California Civil Code §§ 8414 and 8416, in order to *perfect* its inchoate mechanics lien right under California law, a supplier has only 90 days from project completion to serve its Mechanics Lien (including the Notice of Mechanics Lien and Proof of Service Affidavit) upon the Property owner and record said Mechanics Lien with the County Recorder's Office where the Property is located.

11. Based upon the last day Crest delivered material to the Property, it is possible that the final day for Crest to serve the Debtor with its Mechanics Lien and record said Mechanics Lien with the Los Angeles County Recorder is February 2, 2018. In cases where the property owner has filed bankruptcy prior to recordation of the claimant's Mechanics Lien, state courts and bankruptcy courts in California and throughout the 9th Circuit have routinely held that "recordation of a [mechanics] lien is excepted from the bar of the automatic stay." In re Cocolat, Inc., 176 B.R. 540, 550 ("[t]he Court further notes that recording a mechanics' lien is not considered an act to enforce the contractor's claim, merely an act to perfect it. For this reason, and because the contractor's right to perfect its lien is a vested pre-petition right, the recordation of the lien is excepted from the bar of the automatic stay. 11 U.S.C. § 362(b)(3)"); see also In re Designer Doors, Inc., 389 B.R.

832 (Bankr. D. Ariz. 2008) (because mechanics lien had priority over all encumbrances that arose after commencement of work on the property, if done timely, it was excepted from the automatic stay pursuant to 11 U.S.C.A. § 362(b)(3) and 11 U.S.C.A. § 546(b)); see also Pioneer Const., Inc. v. Global Inv. Corp. (2011) 202 Cal.App.4th 161, 167 [135 Cal.Rptr.3d 785, 790], as modified on denial of reh'g (Jan. 13, 2012) ("**California law permits a contractor who furnishes labor and materials for construction on real property to record a notice of lien against the property. A mechanic's lien claimant who provided labor and materials prepetition to a debtor in bankruptcy can record a mechanic's lien after the property owner files for bankruptcy without violating the automatic stay**") (emphasis added)(citations omitted).

12.     Additionally, pursuant to California Civil Code § 8460, to preserve and *enforce* the mechanics lienholder's rights, an action to foreclose on the mechanics lien must be commenced in the County where the construction project is located within 90 days from the date the mechanics lien is recorded.  Of course, "postpetition lien foreclosure actions (as opposed to the mere recording of a lien) are enforcement actions prohibited by the automatic stay.  [*In re Baldwin Builders (9th Cir. BAP 1999) 232 B.R. 406, 410-411*]. Id. "Nonetheless, pursuant to 11 United States Code section 108(c), mechanic's lien actions are tolled while the property subject to the lien is property of the estate. (*In re Hunters Run Ltd. Partnership* (9th Cir.1989) 875 F.2d 1425, 1427.) Id.  Thus, to perfect and toll its lien, "[a] mechanic's lienor must file a notice of lien in the debtor's bankruptcy proceedings to inform the debtor and creditors of its intention to enforce the lien. (11 U.S.C. § 546(b)(2); *In re Baldwin Builders* (9th Cir. BAP 1999) 232 B.R. 406, 413.) Once the lien is properly perfected, it is not subject to avoidance by the trustee. (11 U.S.C. § 546(b).)" Id.

13.     While, upon information and belief, the Ninth Circuit, where the  real

property at issue is located, permits the filing a Notice of Mechanic's Lien and the filing of an action to foreclose, after the Petition Date without seeking relief from stay, it appears likely that Courts in the Third Circuit require an Order for Relief from Stay. *See, In re Linear Electric Co.*, 853 F.3d 318 (3rd Cir. 2017). Consequently, Crest is seeking an expedited Order for Relief from Stay to record its Mechanics Lien and file a "notice of lien" prior to the date it last delivered material to the Premises.

## Relief Requested and Basis for Relief

14. Other than to serve and record its Mechanics Lien and file a "notice of lien" in these bankruptcy proceedings, Crest does not intend to take any additional action to perfect or enforce the Lien Claim against Debtor without further approval from this Court.

15. The automatic stay is not intended to be indefinite or absolute, and relief from the stay may be granted in appropriate circumstances. Wedgewood Inv. Fund Ltd. v. Wedgwood Realty Group, Ltd. (In re Wedgewood), 878 F.2d 693, 697 (3d. Cir. 1989). Section 362(d) of the Code authorizes this Court to lift or modify the automatic stay for cause. Bankruptcy courts determine cause on a case-by-case basis. See In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992); In re Tribune Co., 418 B.R. 116, 126 (Bankr. D. Del. 2009); In re Merchant, 256 B.R. 572, 576 (Bankr. W.D. Pa. 2000). Courts consider what constitutes cause based on the totality of the circumstances in each particular case. Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3rd Cir. 1997) (citing In re Trident Assocs., 52 F.3d 127 (6th Cir. 1995)). Cause may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors. In re Chirillo, 84 B.R. 120, 123 (Bankr. N.D. Ill. 1988).

16. Courts have identified three factors to analyze when presented with a motion for

stay relief: "(1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted." In re Rexene Products Co., 141 B.R. 574,576 (Bankr. D.Del. 1992); In re Cont'l Airlines, Inc., 152 B.R. 420, 424 (D. Del. 1993); In re Peregrine Sys., Inc., No. 02-12740, 2005 WL 2401955, at *3 (D. Del. Sept. 29, 2005); In re Tribune Co., 418 B.R. 116, 126 (Bankr. D. Del. 2009).

17. In situations such as this, where a creditor must file a notice of lien and serve a lien foreclosure complaint under a state statute to preserve a lien, courts routinely grant stay relief. See, e.g., In re 360Networks (USA), Inc., 282 B.R. 756, 765 (Bankr.S.D.N.Y. 2001) (granting stay relief to permit creditor to commence actions to foreclose upon mechanic's liens under Oregon law).

18. First, the Debtor will not suffer prejudice from entry of an order granting the relief requested in this Motion. If this Motion is granted, Crest intends to serve and record its Mechanics Lien to perfect its mechanics lien claim under the California Constitution, and file a Notice of Lien in these proceedings to toll any statute of limitations on filing a foreclosure suit in California, but does not intend to pursue the Debtor for unpaid amounts owed to it or pursue the mechanic's lien foreclosure action without further leave of Court. The Debtor will suffer no prejudice from modifying the automatic stay to accommodate Crest.

19. Second, balancing hardships, Crest stands to be severely prejudiced if § 362(b)(3) is inapplicable if this Motion is denied because it will be unable to maintain its statutory lien and will be forced to potentially forfeit its lien rights under the California Constitution.

20. Finally, Crest will likely prevail on the merits. Crest was not paid for construction materials, including steel and related parts and accessories supplied for construction and improvements to real property owned by the Debtor located at the Property.

21. Crest further requests waiver of the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) and that the Order granting this Motion become effective immediately upon entry. Crest requests that the initial hearing on this Motion be treated as a final hearing, pursuant to 11 U.S.C. § 362(e)(1).

WHEREFORE, Crest requests that this Court enter an Order granting it relief from the automatic stay to serve its Mechanics Lien upon the Debtor, record said Mechanics Lien with the Los Angeles County Recorder, and file a Notice of Lien in these bankruptcy proceedings, and such other and further relief as this Court deems just and proper.

Dated:  January 26, 2018
Wilmington, Delaware

**MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.**

*/s/ Rachel B. Mersky*
Rachel B. Mersky (#2049)
Brian J. McLaughlin (#2462)
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 656-8162
Facsimile: (302) 656-2769
rmersky@monlaw.com
bmclaughlin@monlaw.com
***Counsel to CREST STEEL COMPANY***