**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 5 17 |

**ORDER APPOINTING FEE EXAMINER AND**
**ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE**
**APPLICATIONS OF RETAINED PROFESSIONALS**

Upon consideration of the *Order Under Bankruptcy Code Sections 105(a) and 331*

*Establishing Interim Compensation Procedures entered on January 9, 2018* (the "Interim

Compensation Order") [D.I. 261][2]; and this United States Bankruptcy Court for the District of

Delaware (the "Court") having determined that the appointment of a fee examiner (the "Fee

Examiner") is in the best interests of the Debtors' estates, their creditors and all parties in

interest; and it further appearing that (a) the Court has jurisdiction over this matter under

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware dated as of February 29, 2012 and (b) this is a

core proceeding under 28 U.S.C. § 157(b)(2); and the Debtors, the Official Committee of

Unsecured Creditors (the "Committee"), the ad hoc noteholder group (the "Ad Hoc Noteholder

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423. Due to the large number of debtors entered in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Interim Compensation Order.

Group"), an ad hoc unitholder group (the "Ad Hoc Unitholder Group"), and the Office of the United States Trustee for the District of Delaware (the "United States Trustee") having conferred and having reached an agreement with respect to this form of order for the appointment of the Fee Examiner to be appointed in the Chapter 11 Cases and the establishment of related procedures set forth in this Order; and good and sufficient cause appearing therefor; it is hereby,

**FOUND AND DETERMINED THAT:**

A.　　On December 4, 2017 (the "Petition Date"), the Debtors each filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing these Chapter 11 Cases. The Chapter 11 Cases are jointly administered.

B.　　Given the size and complexity of the Debtors' Chapter 11 Cases, the Court proposed that a fee examiner be appointed to review and report on, as appropriate, all monthly fee applications (collectively, the "Monthly Fee Applications"), interim fee applications (collectively, the "Interim Fee Applications"), and final fee applications (collectively, the "Final Fee Applications," and, together with Monthly Fee Applications and Interim Fee Applications, the "Applications") submitted in accordance with the Interim Compensation Order by any professionals retained in these Chapter 11 Cases under section 327 or 1103 of the Bankruptcy Code or with fees subject to approval under section 330 of the Bankruptcy Code (collectively, the "Retained Professionals").

C.　　The Fee Examiner's purpose will be to assist the Court in its determination of whether the Applications submitted by the Retained Professionals are compliant with the Bankruptcy Code, all applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the extent applicable, the

01:22822283.7

2

U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, at 28 C.F.R. Part 58, Appendix A, and the Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11

U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, at 28

C.F.R. Part 58, Appendix B (collectively the "U.S. Trustee Guidelines"), and the Interim

Compensation Order.

        D.      Elise S. Frejka, of Frejka PLLC, the proposed Fee Examiner, is a

"disinterested person" as that term is defined in 11 U.S.C. § 101(14). Elise S. Frejka's

Declaration of Disinterestedness and Disclosure Statement is attached hereto as Exhibit A.

        E.      The appointment of a Fee Examiner is in the best interests of the Debtors'

estates, creditors, and all parties in interest.

        F.      Upon the direction of the Court and the agreement of the Debtors, the

Committee, the Ad Hoc Noteholder Group, and the Ad Hoc Unitholder Group, and the United

States Trustee as to the selection of the Fee Examiner and the procedures outlined herein:

              **ORDERED, ADJUDGED, AND DECREED THAT:**

        1.      This Court hereby appoints Elise S. Frejka, of Frejka PLLC as the Fee

Examiner.

        2.      Unless otherwise ordered by the Court, this Order shall apply to all

Retained Professionals except: (i) any claims for reimbursement of professional fees and

expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court;

(ii) any professional in these cases employed or to be employed pursuant to section 363 of the

Bankruptcy Code; and (iii) ordinary course professionals employed by the Debtors in accordance

with the *Order Authorizing the Employment and Payment of Professionals Used in the Ordinary*

01:22822283.7

3

*Course of Business* [D.I. 296] (the "OCP Order"), except to the extent an ordinary course professional is required to file a Monthly Fee Application in accordance with the OCP Order.

3.      This Order shall remain in effect unless and until this Court orders otherwise.

4.      The Fee Examiner shall ensure that the fees and expenses paid by the Debtors to Retained Professionals are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code by monitoring, reviewing, and, where appropriate, objecting to Applications filed by Retained Professionals.  The Fee Examiner shall conduct her duties in compliance with (i) the Bankruptcy Code (specifically, sections 328, 329, 330, and 331, as applicable), (ii) Bankruptcy Rule 2016, (iii) Local Rule 2016-2, (iv) to the extent applicable, the U.S. Trustee Guidelines, and (v) the Interim Compensation Order.

5.      The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that:  (a) no later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in Adobe Acrobat (pdf) format and searchable electronic format (such as Ledes, Excel, Microsoft Word or WordPerfect, but not Adobe Acrobat), and (b) paragraph 2(f) of the Interim Compensation Order, which provides that the first Monthly Fee Application submitted by each Retained Professional may cover only the period from the Petition Date to and including February 28, 2018, is hereby struck so that, for the avoidance of doubt, Retained Professionals whose retention has previously been approved *nunc pro tunc* to the Petition Date may file their first Monthly Fee Applications that cover the period from the Petition Date through December 31, 2017.  A Retained Professional need not send to the Fee Examiner the electronic-formatted

01:22822283.7

Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously

submitted the relevant Fee Detail with the applicable Monthly Fee Application or otherwise, or

(ii) Final Fee Application if such Retained Professional has previously submitted the relevant

Fee Detail with the applicable Interim Fee Application or otherwise.  If any Retained

Professional cannot reasonably convert its Fee Detail to one of the electronic formats described

above, the Fee Examiner will work with such Retained Professional to find an appropriate

electronic format.

      6.     All Applications and all other documents, notices, or pleadings required to

be sent to or served upon any Notice Party under the Interim Compensation Order on and after

the date hereof, shall be served upon the Fee Examiner at the following address:  Elise S. Frejka,

Frejka PLLC, 135 East 57th Street – 6th Floor, New York, New York 10022, email:

efrejka@FREJKA.com.[3]

      7.     The Fee Examiner shall:

    (a)    review Applications (and related Fee Detail) filed by each Retained
         Professional in these Chapter 11 Cases.  To the extent practicable,
         the Fee Examiner shall avoid duplicative review when reviewing
         (i) Interim Fee Applications comprised of Monthly Fee Applications;
         and (ii) Final Fee Applications comprised of Interim Fee
         Applications that have already been reviewed by the Fee Examiner;

    (b)    during the course of her review of an Application, consult, as it
         deems appropriate, with each Retained Professional concerning such
         Application;

    (c)    during the course of her review of an Application, review, to the
         extent appropriate, any relevant documents filed in these Chapter 11
         Cases and to be generally familiar with these Chapter 11 Cases and
         the dockets;

---

[3]    The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the Chapter 11
    Cases under Rule 2002 of the Bankruptcy Rules and the Fee Examiner shall be served with all such papers.

(d)    within 30 days after a Retained Professional files an Interim Fee Application or Final Fee Application, serve an initial report (the "Initial Report") on the Retained Professional designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2;

(e)    within 15 days after service of the Initial Report, engage in written communication with each Retained Professional, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Retained Professional with respect to that Retained Professional's requested fees and expenses. The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Retained Professional may provide the Fee Examiner with supplemental information that the Retained Professional believes is relevant to the Initial Report;

(f)    following communications between the Fee Examiner and the Retained Professional, and the Fee Examiner's review of any supplemental information provided by such Retained Professional in response to the Initial Report, conclude the resolution period by filing with the Court a report with respect to each Application (the "Final Report"), within 30 days after the service of the Initial Report, subject to paragraph 7(ii) below. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional; and

(g)    serve each Final Report on counsel for the Debtors, the United States Trustee, and each Retained Professional whose fees and expenses are addressed in the Final Report.

7.    A Retained Professional subject to a Final Report may (i) file with the Court a response (a "Final Response") to such Final Report no later than 20 days after the Fee Examiner's service of a Final Report and request a ruling with respect to any fees or expenses to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing *or*, in the alternative, (ii) defer filing the Final Response and request a ruling at

any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner. Any

Final Response shall be served upon those parties served with the Final Report, and the Fee

Examiner.

8.    The Fee Examiner, the Retained Professionals, and the Debtors shall use

best efforts to have the undisputed portion of Applications allowed by the Court paid as soon as

reasonably practicable, even if the Incremental Amount remains disputed and subject to the

procedures set forth above.

9.    An Interim Fee Application or Final Fee Application shall not be

considered by the Court prior to review by the Fee Examiner and the submission to the Court of

a Final Report specific to such Interim Fee Application or Final Fee Application, *unless* the Fee

Examiner has expressly stated that such hearing should go forward without the Final Report

being filed. The Fee Examiner may conduct discovery in connection with any contested Interim

Fee Application or Final Fee Application.

10.    Any of the periods set forth above may be extended with the consent of

the Fee Examiner, the applicable Retained Professional, and the Debtors' counsel. Should a

Retained Professional fail to meet one or more deadlines set forth herein for the review of an

Application, and in the reasonable discretion of the Fee Examiner, the Retained Professional's

failure to meet these deadlines does not allow sufficient time for the review process to be

completed, such Application shall be heard at a subsequent hearing date. Nothing herein shall be

construed or interpreted to require the filing of Final Reports on all Applications prior to any

Application and the Final Report specific thereto being considered by the Court, and the delay or

adjournment of consideration of an Application shall not affect the timing of hearings on the

Applications of other Retained Professionals.

11.     The Fee Examiner is authorized to take, defend, or appear in any appeal regarding an Application and to conduct and respond to discovery, including making herself available for depositions, consistent with Rule 706 of the Federal Rules of Evidence.

12.     The Debtors and all Retained Professionals shall cooperate with all reasonable requests made by the Fee Examiner in the discharge of her duties and shall respond as soon as practicable to any such reasonable request for information or meetings with the Fee Examiner. The Fee Examiner may request that Retained Professionals provide budgets, staffing plans, or other information to the Fee Examiner. Any such budgets requested of Retained Professionals shall not constitute a limit on the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a Retained Professional may, in her professional discretion, determine are necessary for such Retained Professional to fulfill her professional responsibilities.

13.     If a Retained Professional or its client provides privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

14.     The Fee Examiner may retain attorneys and other professional that she deems necessary to assist her in the discharge of her duties. The Fee Examiner's retention of professionals shall be subject to Court approval. The requirements pursuant to Local Rule 9010-1(c) and (d) shall be waived with respect to the Fee Examiner and any attorneys retained by the Fee Examiner, and the Fee Examiner shall not be required to obtain representation by or associate with a member of the Bar of the District Court of Delaware.

01:22822283.7

15.    The Fee Examiner, and any professionals retained by the Fee Examiner, shall be entitled to compensation from the Debtors' estates for their reasonable fees and expenses. The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, to the extent applicable, the U.S. Trustee Guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The Fee Examiner and her professionals shall be expressly subject to the Interim Compensation Order. The total fees paid to the Fee Examiner for her services in accordance with this Order shall be charged at the ordinary hourly rate of the Fee Examiner for services of this nature and shall not include any contingency or success fees. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e).

16.    Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on (i) the United States Trustee and (ii) each Retained Professional in these cases.

17.    This Order does not limit the statutory rights and obligations of interested parties in these cases, including, but not limited to, the rights of parties-in-interest to object to Applications. Nothing herein shall (i) affect the exemptions and waivers granted to, and the standard of review applied to the Retained Professionals as established under any orders previously entered by this Court; or (ii) affect any party's right to request a waiver of the requirements of Local Rule 2016-2 or the U.S. Trustee Guidelines, to the extent they apply.

18.    The Fee Examiner is hereby appointed an officer of the Court with respect to the performance of her duties as Fee Examiner and shall be provided the maximum immunity

01:22822283.7

9

permitted by law from civil actions for all acts taken or omitted in the performance of her duties and powers.  No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with her duties and powers hereunder except in this Court, and with the prior approval of this Court (or, with respect to discovery, the Fee Examiner's consent), which retains exclusive jurisdiction therefor.

19.     Any and all claims or causes of action not instituted against the Fee Examiner prior to the tenth calendar day after entry of an order determining the last Final Fee Application in these Chapter 11 Cases shall be forever barred and discharged, and all persons and entities shall be forever enjoined from prosecuting such claims in any manner thereafter.

20.     The Debtors and the Fee Examiner are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

21.     Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     To the extent there is any inconsistency between the terms of any professional's retention agreement and this Order, the terms of this Order shall govern.

*[Remainder of Page Intentionally Left Blank]*

01:22822283.7

10

23.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order. Notwithstanding any provisions of this Order to the contrary, the Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code

Dated: _____, 2018
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE

01:22822283.7

11