# EXHIBIT B

**Blackline**

01:22841249.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br><br>    Debtors. | Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**Ref. Docket No.** _____ |

### ORDER (I) AUTHORIZING THE SALE OF 8692 FRANKLIN AVENUE, LOS ANGELES, CALIFORNIA PROPERTY OWNED BY THE DEBTORS IN FEE SIMPLE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE RELATED PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") for entry of an order (i) authorizing the sale (the "Sale") of certain real property owned by the Debtor Centershot Investments, LLC (the "Seller") in fee simple located at 8692 Franklin Avenue, Los Angeles, California (the "Land"), together with Seller's right, title, and interest in and to the buildings located thereon and any other improvements and fixtures located thereon (collectively, the "Improvements" and together with the Land, the "Real Property"), and any and all of the Seller's right, title, and interest in and to the tangible personal property and equipment remaining on the Real Property as of the date of the Closing (collectively, the "Personal Property" and, together with the Real Property, the "Property") on an "as is, where is" basis, free and clear of any and all liens, claims, encumbrances, and other interests to Cross Country

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603.  The mailing address for Woodbridge Group of Companies, LLC is ~~14225~~14140 Ventura ~~Boulevard #100,~~ Blvd #302, Sherman Oaks, California 91423.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not defined herein have the meaning assigned to such terms in the Motion.

01:22821962.7

Holdings Partnership (the "Purchaser") pursuant to the terms and conditions of that certain Residential Purchase Agreement and Joint Escrow Instructions dated as of November 27, 2017 (as may be amended, supplemented, or otherwise modified from time to time, the "Purchase Agreement") by and between the Seller and the Purchaser, a copy of which is attached as Exhibit 1 hereto; (ii) authorizing and approving the terms of the Purchase Agreement, and (iii) granting certain related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that good and sufficient cause exists for granting the Motion; and upon consideration of the Declaration of Lawrence R. Perkins in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief and Declaration of Bradley D. Sharp in Support of Debtor's Motion to Sell 8692 Franklin Avenue, Los Angeles, California Property; and upon the record of these Chapter 11 cases and a hearing (the "Hearing") having been held on February 13, 2018, to consider the Motion; and upon the record of the Hearing and all of the proceedings had before the Court; and it appearing that the relief requested in the Motion is appropriate in the context of these cases and in the best interests of the Debtors and their respective estates, their creditors, and all other parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases, and that no other or further notice need be given; it is hereby

    ORDERED that the Motion is granted as set forth herein; and it is further

    ORDERED that the Purchase Agreement is authorized and approved in its entirety, and it is further

    ORDERED that pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized, in their discretion and in the exercise of their business judgment, to sell

01:22821962.7

the Property pursuant to the Purchase Agreement, to perform all obligations under the Purchase Agreement (including payment of the Other Closing Costs), and to take any other reasonable actions that may be necessary in the Debtors' good faith business judgment to effectuate closing of the Sale, and that any actions taken by the Debtors necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified; and it is further

ORDERED that the Debtors and any intermediary financial institution, title company, and closing attorney participating in the closings of the Sale are authorized to transfer title and deed property, and take any other actions as may be necessary to transfer ownership of the Property to the Purchaser; and it is further

ORDERED that, pursuant to Bankruptcy Code § 363(f), the Sale shall be free and clear of all liens, claims, interests, and encumbrances, including, without limitation, any Operational Liens, the Fund Liens, and the interests of any Noteholders (including without limitation any claims in connection with collateral assignments), whether asserted or unasserted, known or unknown (collectively, "<u>Interests</u>"); and it is further

ORDERED that all persons and entities holding Interests with respect to the Property are hereby barred from asserting such Interests against the Purchaser, its successors or assigns, or the Property; and it is further

ORDERED that the Debtors are authorized and empowered to <u>take all appropriate actions, in accordance with the terms of the DIP Credit Agreement and Interim DIP Order (each as defined in the DIP Motion), to remit or cause to be remitted to the DIP Agent (as defined in the DIP Motion) all Net Proceeds (as defined in the DIP Credit Agreement) of the Sale and to</u> hold ~~the~~ proceeds of the ~~Scheduled Sales~~<u>Sale in an amount equal to the Broker Fees</u> in the Proceeds Account (which shall be designated by the Debtors in advance of the closing of the

Sale) pending further order of this Court, and any intermediary financial institution or transfer agency participating in the closing of a ~~sale of a home~~Sale pursuant to this Order is authorized to transfer such proceeds to the Debtors; and it is further

ORDERED that the Debtors are authorized and empowered to pay the Broker Fees by holding such amounts in the Proceeds Account and paying the Purchaser's Broker Fee therefrom; and it is further

ORDERED that to the extent that Mercer Vine asserts any claims against the Debtors in connection with the Sale or the Property, the ~~disputed proceeds~~Seller's Broker Fee shall be held in ~~escrow~~the Proceeds Account pending the resolution of the dispute; and it is further

ORDERED that any Operational Lien Claimants, to the extent they purport to hold a valid and enforceable Operational Lien or Operational Lien Claim with respect to the Property, such entity may send notice (an "Operational Lien Notice") of such claim to the Debtors, the Debtors' counsel, counsel to the Committee, the Noteholder Group, and the Unitholder Group at the addresses set forth in paragraph 16 of the Motion, provided that any Operational Lien Notice must be received by the foregoing parties no later than fourteen (14) days from the entry of the Sale Order and must (i) state the amount of the asserted claim, (ii) describe, with particularity, the basis for any valid and enforceable Operational Lien or Operational Lien Claim against the Property, and (iii) attach documentation (e.g., invoices or purchase orders) or other information sufficient to demonstrate that a valid and enforceable Operational Lien Claim exists or could otherwise be asserted and perfected, and it is further

ORDERED that the Debtors, in consultation with the Committee, Noteholder Group, and Unitholder Group, shall promptly review any Operational Lien Notices and, if

01:22821962.7

4

determined to be appropriate in the Debtors' business judgment, the Debtors may pay such claims with the proceeds of the Sale ~~held in the Proceeds Account~~in accordance with the terms of the DIP Credit Agreement and Interim DIP Order (each as defined in the DIP Motion); and it is further

ORDERED that the Debtors shall use reasonable efforts to pay outstanding property taxes at the closing of sale of each property~~; provided that to the extent such payment is not made, valid and unavoidable property tax liens having priority over the Fund Liens shall be paid in full from the applicable sale proceeds, from any other funds of the Debtors to the extent permitted by any post-petition financing or cash collateral orders, or from the proceeds of any sale or other disposition of property of the estate outside the ordinary course of business within 60 days after the Debtors receive post-closing notice of such valid and unavoidable property tax liens having priority over the Fund Liens~~; and it is further

ORDERED that the Sale and Purchase Agreement are undertaken by the Debtors and Purchaser in good faith and that, pursuant to Bankruptcy Code § 363(m), the reversal or modification on appeal of any sale consummated pursuant to the terms of this Order shall not affect the validity of such sale unless such sale was stayed pending appeal; and it is further

ORDERED that filing of a copy of this Order in each county where the Debtors are selling residential units subject to this Order may be relied upon by all Title Insurers in order to issue title insurance policies (with the mechanic's lien exception removed) on ~~properties located within each such county~~the Property; and it is further

ORDERED that any Title Insurer, escrow agent, or other intermediary participating in a closing of a sale of property after the Petition Date is authorized to disburse all funds at the closing of ~~such sales~~the Sale pursuant to the applicable settlement statement or

escrow instructions provided by the parties to such sale; and it is further

ORDERED that the Debtors shall be authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any applicability of Bankruptcy Rule 6004(h); and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and to have satisfied Bankruptcy Rule 6004(a); and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____, 2018
       Wilmington, DE

                                   Kevin J. Carey
                                   United States Bankruptcy Judge

01:22821962.7

## Exhibit 1

**Purchase Agreement**