## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | Case No. 17-12560 (KJC) |
| | (Jointly Administered) |
| Debtors. | Ref. Docket No. 512 |

### ORDER, PURSUANT TO 105(a) AND 363(b) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO (I)(A) RETAIN DEVELOPMENT SPECIALISTS, INC. AS THEIR RESTRUCTURING ADVISOR, (B) DESIGNATE BRADLEY D. SHARP AS CHIEF RESTRUCTURING OFFICER, *NUNC PRO TUNC* TO JANUARY 26, 2018, AND (C) TO UTILIZE ADDITIONAL DSI PERSONNEL; AND (II) APPROVING THE AGREEMENT RELATED THERETO

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (i) authorizing the Debtors to retain and employ DSI as their restructuring advisor and to designate Bradley D. Sharp as CRO in connection with the above-captioned chapter 11 cases, *nunc pro tunc* to January 26, 2018, and (ii) approving the Agreement related thereto; and upon consideration of the Motion and Sharp Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Motion.

01:22822680.9

and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Motion and the Sharp Declaration that DSI neither holds nor represents an interest adverse to the Debtors' estates and is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtors are authorized, on the terms and conditions set forth in the Agreement, to employ DSI to provide restructuring advisory services and to designate Mr. Sharp as CRO, subject to the following terms:

    a. DSI and its affiliates shall not act in any other capacity (e.g., without limitation, as a financial advisor, claims agent/claims administrator or investor/acquirer) in connection with the Chapter 11 Cases.

    b. In the event the Debtors seek to have DSI personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the Agreement, as modified herein, by either (i) modifying the functions of the personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the Agreement as modified herein, a motion to modify the retention shall be filed.

    c. Monthly, DSI shall file with the Court, with copies to the U.S. Trustee, counsel to the Committee, counsel to the Noteholder Group, counsel to the Unitholder Group, and the Securities and Exchange Commission (collectively, "Notice Parties"), a report of staffing on the engagement for the previous month (the "Staffing Reports"). The Staffing Reports shall include the names and functions filled of the individuals assigned, and shall be due by the 20th of each month for the previous month. Notice for the Staffing Reports will provide for a time period of at least fourteen (14) days

01:22822680.9

2

for objections by parties in interest. All staffing shall be subject to review by the Court in the event an objection is filed.

d. No principal, employee, or independent contractor of DSI or its affiliates shall serve as a director of the Debtors during the pendency of the Chapter 11 Cases.

e. DSI shall file with the Court, and provide notice to the Notice Parties and any other official committees that may be appointed in these Chapter 11 Cases, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in tenth of an hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

f. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

g. The Debtors may indemnify those persons, and only those persons, serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the Debtors' corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policies. There shall be no indemnification of DSI or its affiliates.

h. For a period of three (3) years after the conclusion of the engagement, neither DSI nor any of its affiliates shall make any investments in the Debtors or reorganized Debtors.

i. DSI shall disclose any and all facts that may have a bearing on whether the firm, its subsidiaries, certain of its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in

interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. DSI's time records and expenses shall be reviewed by any fee examiner appointed in these Chapter 11 Cases.

4. All compensation and reimbursement due to, and other rights of DSI and Mr. Sharp in accordance with the Agreement, as modified by this Order, including, without limitation, the indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified herein) as administrative expenses in accordance with Bankruptcy Code section 503 and shall be paid in accordance with the Agreement.

5. To the extent this Order is inconsistent with the Agreement, the terms of this Order shall govern.

6. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take such actions as may be necessary and appropriate to implement the terms of this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Feb 13, 2018
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:22822680.9

4