# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 17-12560 (KJC) |
| WOODBRIDGE GROUP OF COMPANIES LLC, *et al.*, | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Hearing Date: March 7, 2018 at 11 a.m. (ET)** |
| | : **Obj. Deadline: February 28, 2018 at 4 p.m. (ET)** |

### APPLICATION OF THE FIDUCIARY COMMITTEE OF UNITHOLDERS FOR AN ORDER, PURSUANT TO 11 U.S.C. §§ 328 AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF VENABLE LLP AS COUNSEL <u>*NUNC PRO TUNC*</u> TO JANUARY 23, 2018

The Fiduciary Committee of Unitholders (the "Unitholders' Committee") appointed in the above-captioned chapter 11 cases (the "Cases") of Woodbridge Group of Companies LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") by order of the Court dated January 23, 2018 [Dkt. No. 357] (the "Settlement Order") to represent the interests of unitholders of various Debtors, respectfully submits this application (the "Application") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, authorizing and approving the employment of Venable LLP ("Venable" or the "Firm") as counsel to the Unitholders' Committee *nunc pro tunc* to January 23, 2018,[1] pursuant to the Settlement Order, sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the

---

[1] Venable reserves all rights to request the payment of pre-January 23 fees and expenses pursuant to sections 330 and/or 503(b) of the Bankruptcy Code.

Unitholders' Committee submits (i) the Declaration of Jeffrey S. Sabin, a partner of Venable (the "Sabin Declaration"), attached hereto as Exhibit B and incorporated herein by reference, and (ii) the Declaration of Dr. Raymond C. Blackburn, an authorized member of the Unitholders' Committee (the "Blackburn Declaration"), attached hereto as Exhibit C and incorporated herein by reference. In further support for this Application, the Unitholders' Committee states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Unitholders' Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 328 and 1103, Bankruptcy Rule 2014 and Local Rule 2014-1. In addition, the Settlement Order provides that professionals for the Unitholders' Committee shall be retained by separate order of the Court. *See* Term Sheet at ¶ 14.

## BACKGROUND

4. On December 4, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing these Cases. The Debtors continue in

possession of their property and are operating and managing their businesses as debtors-in-possession pursuant sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 14, 2017, the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of all unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code.

6. On December 18, 2017, the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates filed its *Motion Pursuant to Section 1102(a)(2) of the Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders* [Dkt. No. 85] (the "Noteholder Committee Motion"), seeking the appointment of an official noteholder committee in these Cases.

7. On December 28, 2017, the Committee filed its *Emergency Motion for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104* [Dkt. No. 150] (the "Committee Trustee Motion"), also seeking the appointment of a chapter 11 trustee.

8. As detailed in the Sabin Declaration, prior to being selected by the Unitholders' Committee to serve as its counsel, Venable represented an Ad Hoc Committee of Unitholders of Woodbridge Mortgage Investment Fund Entities (the "Ad Hoc Unitholder Committee"). *See* Docket No. 348 (*Third Verified Statement of Venable LLP Pursuant to Rule 2019 for the Ad Hoc Unitholder Committee*). By letter dated December 29, 2017, undersigned counsel, on behalf of the Ad Hoc Unitholder Committee, contacted the U.S. Trustee requesting the appointment of an official committee of unitholders.

9. On January 2, 2018, the U.S. Securities and Exchange Commission filed its *Motion for Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 157] (the "SEC Trustee Motion"), seeking the appointment of a chapter 11 trustee.

10. On January 3, 2018, certain additional noteholders filed their *Joinder to Motion of the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates Pursuant to Section 1102(a)(2) of The Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders* [Dkt. No. 198] (the "Joinder").

11. On January 8, 2018, the Ad Hoc Unitholder Committee filed its *Motion Pursuant to 11 U.S.C. § 1102(a)(2) Directing Appointment of an Official Committee of Unitholders* [Dkt. No. 250] (the "Unitholder Committee Motion", together with the Noteholder Committee Motion, the Committee Trustee Motion, the SEC Motion, and the Joinder, the "Motions"). As of the filing of the Unitholder Committee Motion, the U.S. Trustee was still considering whether to appoint an official unitholders' committee.

12. On January 9, 2018, the Court entered an order [Dkt. No. 261] (the "Interim Compensation Order") establishing interim compensation procedures in these Cases.

13. On January 23, 2018, the Court entered an order [Dkt. No. 357] (the "Settlement Order") resolving the parties' disputes with respect to the Motions and, in conjunction therewith, approving the term sheet annexed thereto as Exhibit 1 (the "Term Sheet"), pursuant to Bankruptcy Code sections 105(a) and 1102 and Bankruptcy Rule 9019. *See* Settlement Order at ¶ 5. The Term Sheet (and Settlement Order by incorporation) provides for, among other things, the formation and appointment of the Unitholders' Committee and an Official Committee of Noteholders (the "Noteholder Committee"). With respect to the Unitholders' Committee, the Term Sheet provides, in pertinent part, that:

> In settlement of the motion to form an official Unitholders committee filed on January 8, 2018 (Docket No. 250), the Unitholders will be permitted to form a single 1-2 member Ad Hoc Unitholder Group with an all-in professional budget not to exceed $1.5 million through January 1, 2019. Not to duplicate the Committee's or the proposed Ad Hoc Noteholders (who claim they are secured) responsibilities, the Ad Hoc Unitholder Group will be

> tasked with litigating and/or negotiating (a) whether Unitholders should be treated as creditors or equity security holders in these chapter 11 cases, including in connection with any plan or asset disposition and (b) whether substantive consolidation is in the best interests of the Unitholders; and
>
> Professionals for the Ad Hoc Groups [*i.e.*, the Unitholders' Committee and the Noteholder Committee] shall be retained pursuant to Court order and shall file fee applications each month with the Bankruptcy Court, and shall be subject to approval of fee amounts by the Bankruptcy Court and review of fees in accordance with the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and as otherwise ordered by the Bankruptcy Court, including sections 330 and 331, with parties in interest encouraged to meet and confer on scope and budget issues promptly with respect to such fee applications.

Term Sheet at ¶¶ 11, 14.

14. The Unitholders' Committee was formed on January 23, 2018, and is currently comprised of: (i) Dr. Raymond C. Blackburn, and (ii) Dr. Chris C. Pinney.

15. The Unitholders' Committee selected Venable to act as its counsel in these Cases. In selecting Venable, the Unitholders' Committee considered its expertise in the relevant legal issues and experience in similar proceedings, generally, and in these Cases, specifically, based on its active role as counsel to the Ad Hoc Unitholder Committee, among other reasons. The Unitholders' Committee believes that Venable is both well qualified and able to represent it in these Cases in the most efficient and timely manner.

16. Venable has over 700 attorneys with numerous practice groups including a bankruptcy and creditors' rights practice group, which focuses on reorganization, bankruptcy, litigation and commercial matters. Venable's attorneys have extensive experience representing all stakeholders in a wide variety of complex chapter 11 cases, including debtors, trustees, creditors' committees, creditors, equity holders and others. As discussed in the Sabin Declaration, Venable has become familiar with these Cases through its representation of the Ad Hoc Unitholder Committee prior to appointment of the Unitholders' Committee.

17. On February 8, 2018, the Court entered an order [Dkt. No. 517] (the "Fee Examiner Order") appointing a fee examiner and establishing related procedures for the review of fee applications of retained professionals in these Cases.

## RELIEF REQUESTED

18. By this Application, the Unitholders' Committee respectfully requests entry of the Proposed Order, authorizing the Unitholders' Committee to retain and employ Venable as its counsel in these cases *nun pro tunc* to January 23, 2018, pursuant to Bankruptcy Code sections 328 and 1103, Bankruptcy Rule 2014, Local Rule 2014-1 and paragraph 14 of the Term Sheet. The Unitholders' Committee seeks to retain Venable *nunc pro tunc* to January 23, 2018 because Venable began providing services to the Unitholders' Committee as of such date. The Unitholders' Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Unitholders' Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and Venable has been providing services to the Unitholders' Committee since January 23, 2018.[2]

## SERVICES TO BE PROVIDED

19. Subject to further order of the Court,[3] the professional services to be rendered by Venable to the Unitholders' Committee, pursuant to paragraph 11 of the Term Sheet, include services related to litigating and/or negotiating (a) whether unitholders should be treated as creditors or equity security holders in these Cases, including in connection with any plan or asset disposition, and (b) whether substantive consolidation is in the best interests of the unitholders. Venable will

---

[2] *See* fn 1, *supra.*
[3] Pursuant to paragraph 17 of the Term Sheet, the Unitholders' Committee reserves the right to seek an expansion of the scope of its responsibilities in these Cases and increase of its current $1.5 million professional fee cap.

make its best efforts to coordinate with the Committee and Noteholder Committee to avoid duplication of responsibilities.[4]

## VENABLE'S CONNECTIONS IN THESE CASES

20.     The Unitholders' Committee has reviewed the Sabin Declaration, including all of the "connections" to these cases disclosed therein, as such term is used in Bankruptcy Rule 2014(a). The Unitholders' Committee believes that Venable is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to, and has no connection with, the Debtors' estates, the Unitholders' Committee, the unitholders the Unitholders' Committee represents, or any other party in interest with respect to the matters for which Venable is employed, as required by section 328(c) of the Bankruptcy Code. Venable will not represent any person having an adverse interest in connection with these Cases while employed by the Unitholders' Committee.

21.     As detailed in the Sabin Declaration, from December 2017 to January 23, 2017, prior to being selected by the Unitholders' Committee to serve as its counsel, Venable represented the Ad Hoc Unitholder Committee. *See* Docket No. 348 (*Third Verified Statement of Venable LLP Pursuant to Rule 2019 for the Ad Hoc Unitholder Committee*). Such ad hoc committee included persons who owned units only. Some of the unitholders that were members of the ad hoc committee are not members of the Unitholders' Committee.

22.     The Unitholders' Committee submits that its proposed employment of Venable is in the best interests of the Unitholders' Committee and its constituents.

---

[4] The Unitholders' Committee's $1.5 million professional fee cap assumes the timely cooperation of FTI Consulting, Inc., the Committee's financial advisor, pursuant to paragraph 16 of the Term Sheet.

**PROFESSIONAL COMPENSATION**

23. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, including the Settlement Order, the Interim Compensation Order and the Fee Examiner Order, compensation will be payable to Venable on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Venable. Included in the Sabin Declaration is a list of the professionals currently expected to provide services to the Unitholders' Committee and the current hourly rates for these professionals for 2018. The current hourly rates for professionals and paralegals presently designated to represent the Unitholders' Committee are:

| Partners | $765-$1,245 |
| --- | --- |
| Counsel | $630-$695 |
| Associates | $515-$650 |
| Paralegals | $225-$320 |

24. As necessary, other Venable attorneys and paralegals may, from time to time, serve the Unitholders' Committee in connection with the matters described herein. The current hourly rates charged by Venable for professional and paralegals employed in its offices are:

| Partners | $625-$1,245 |
| --- | --- |
| Counsel | $565-$945 |
| Associates | $360-$680 |
| Paralegals | $170-$435 |

25. Venable's hourly rates are set at a level designated to compensate Venable fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly

rates vary with the experience and seniority of the individuals assigned. Venable revises its hourly rates annually in the ordinary course of business (generally on January 1st of each year).[5] These hourly rates are consistent with the rates that Venable charges other non-bankruptcy and chapter 11 clients, regardless of the location of the chapter 11 cases. Moreover, the rate structure is appropriate and not significantly different from (a) the rates Venable charges for other similar types of representations or (b) the rate that other comparable counsel would charge to do work substantially similar to the work Venable will perform in these Cases.

26.     It is the Firm's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, Court filing fees, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Venable to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Unitholders' Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and within the guidelines set forth in Local Rule 2014-1, and all amendments and supplemental standing orders of the Court. Venable believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

---

[5] To the extent that Venable increases the rate of any individual or paraprofessional employed by Venable and providing services in these Cases, Venable agrees that it will promptly file with the Court, and serve upon the Debtors and U.S. Trustee, a declaration setting forth all changes in rates for each individual.

27. Venable will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described herein, in accordance with applicable orders, rules and guidelines.

28. As set forth in the Sabin Declaration, Venable did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement. Further, none of the Venable professionals to be included in this engagement vary their rates based on the geographic location of the bankruptcy cases on which they are engaged.

29. The Unitholders' Committee has reviewed and approved Venable's proposed hourly billing rates and staffing plan for these Cases. The Unitholders' Committee believes that the hourly rates and expense policies of Venable, which are applied to other Venable clients, constitute fair and reasonable terms and conditions for the retention by the Unitholders' Committee of Venable as counsel in accordance with the Bankruptcy Code, the Bankruptcy Rules, and applicable orders and guidelines. The Unitholders' Committee has compared Venable's rates with those of other professionals retained in these Cases and believes that (i) Venable's rates are lower or comparable to the other professionals, and (ii) fair and reasonable under the circumstances.

30. Venable does not currently hold a retainer from the Unitholders' Committee. No promises have been received by Venable, or any partner, counsel, or associate of Venable, as to payment or compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable orders and guidelines. Venable does not have any agreement with any other entity to share with any such entity any compensation received by Venable.[6]

---

[6] Venable received no compensation for any services it provided prior to January 23, 2018 in these Cases on behalf of the Ad Hoc Unitholder Committee and no promises of payment were made.

31. The Unitholders' Committee requests that Venable be allowed compensation for its services and reimbursement of its expenses in accordance with Bankruptcy Code sections 330 and 331 the Bankruptcy Code and Bankruptcy Rule 2016, subject to the $1.5 million budget set forth in paragraph 11 of the Term Sheet,[7] upon submission of the appropriate applications therefor in compliance with all applicable orders, rules and guidelines, subject to the review and approval of this Court.

## **NO PRIOR REQUEST**

32. No previous application for the relief requested herein has been made to this or any other court.

## **NOTICE**

33. Notice of this Application has been given to the following parties: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the DIP lender; (d) counsel to the Committee; (e) counsel to the Noteholder Committee; and (c) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Unitholders' Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

Dated: February 16, 2018

                                                Respectfully submitted,

                                                **The Fiduciary Committee of Unitholders of Woodbridge Group of Companies, LLC,** *et al.*

                                                By: */s/ Raymond C. Blackburn, M.D.*
                                                Raymond C. Blackburn, M.D., solely in his capacity as a member of the Unitholders' Committee and not in any individual capacity

---

[7] Pursuant to paragraph 17 of the Term Sheet, the Unitholders' Committee reserves the right to seek an increase of its budget in these Cases.