**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Proposed Hrg. Date: March 7, 2018, at 11:00 a.m. (ET)** |
| | **Proposed Obj. Deadline: March 5, 2018, at 12:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A CONSENT ORDER WITH CALIFORNIA WITH RESPECT TO THE OFFER OR SALE OF SECURITIES**

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move the Court (this "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving certain of the Debtors (the "Woodbridge Respondents")[2] to enter into a consent order (the "Proposed Consent Order"), substantially in the form attached hereto as Exhibit 1 to the form of order attached as Exhibit A to this Motion with

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

[2] The Woodbridge Respondents are: Woodbridge Group of Companies, LLC, WMF Management, LLC, Woodbridge Structured Funding, LLC, , Woodbridge Mortgage Investment Fund 1, LLC, Woodbridge Mortgage Investment Fund 2, LLC, Woodbridge Mortgage Investment Fund 3, LLC, Woodbridge Mortgage Investment Fund 3A, LLC, Woodbridge Mortgage Investment Fund 4, LLC, Woodbridge Commercial Bridge Loan Fund 1, LLC, and Woodbridge Commercial Bridge Loan Fund 2, LLC

the Department of Business Oversight of the State of California ("California") pertaining to the offer or sale of securities in the State of California. In support of this Motion, the Debtors, by and through their undersigned attorneys, respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## GENERAL BACKGROUND

2. On December 4, 2017 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3. The Court has entered an Order [Docket No. 45] authorizing the joint administration of the Chapter 11 Cases, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 1015-1.

01:22882334.8

4. On December 14, 2017, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Creditors Committee") [Docket No. 79]. On January 23, 2018, the Court approved a settlement providing for the formation of an ad hoc noteholder group (the "Ad Hoc Noteholders Committee") and an ad hoc unitholder group (the "Ad Hoc Unit Holders Committee" and together with the Creditors Committee and the Noteholder Group, the "Constituencies") [Docket No. 357].

5. In addition, the settlement provided that the Debtors would replace their Board of Managers with three new members (the "New Board"). The New Board subsequently selected a new Chief Executive Officer and Chief Restructuring Officer.

6. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Lawrence R. Perkins in Support of Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration") [Docket No. 12], filed on the Petition Date.

## SUMMARY OF THE PROPOSED CONSENT ORDER[3]

7. California has requested that the Woodbridge Respondents, Woodbridge Pre-Settlement Funding, LLC, a non-debtor affiliate of the Woodbridge Respondents ("WPF"), and Robert Shapiro ("Shapiro," and together with WPF and the Woodbridge Respondents, the "Respondents") enter into the Proposed Consent Order in respect of alleged violations of California corporate and securities law by the Respondents prior to the commencement of these Chapter 11 Cases (and, as such, prior to the Debtors' operation under their current management).

---

[3] In the event of a conflict between any term addressed in this summary with any term in the Proposed Consent Order, the Proposed Consent Order will govern in all respects.

01:22882334.8

8.      Pursuant to the Proposed Consent Order, the parties have agreed to entry of an order, among other things: (i) ordering Respondents to desist and refrain from the further offer or sale of securities in the State of California unless and until qualification has been made under applicable law or unless the security is exempt and (ii) ordering Respondents to desist and refrain from offering or selling any security in the State of California by means of any written or oral communication which includes an untrue statement of material fact or omits to state a material fact necessary in order to make the statements made, in light of circumstances under which they were made, not misleading in violation of Corporations Code section 25401.  Proposed Consent Order, ¶ 2.

9.      The Proposed Consent Order also contains numerous recitals setting forth California's assertions regarding alleged violations of California corporate and securities law by the Respondents.  In the Proposed Consent Order, the Respondents neither admit nor deny the allegations and violations set forth in those recitals.  *Id.* at ¶ 10.

10.     Each of the Constituencies supports the relief requested herein, provided that any order approving this Motion confirm that nothing in the Proposed Consent Order shall be, or deemed to be, an admission or a declaration against interest by the Debtors or used in any way by the Debtors or any party in the Debtors' cases to prejudice any rights or claims made by any party in these cases, including, but not limited to, the Debtors, the Ad Hoc Unit Holders Committee, the Ad Hoc Noteholders Committee or the Creditors Committee, all of which rights are expressly preserved.

## RELIEF REQUESTED

11.     By this Motion, the Debtors request the entry of an order, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, authorizing and approving the Woodbridge Respondents' entry into the Proposed Consent Order.

01:22882334.8

## BASIS FOR RELIEF

### A. The Woodbridge Respondents' Entry Into The Proposed Consent Order Should Be Approved Pursuant to Section 363(b) of the Bankruptcy Code

12. The Debtors have determined, in an exercise of their sound business judgment, that the Proposed Consent Order is fair and reasonable and in the best interest of their estates and creditors. Pursuant to section 363(b)(1) of the Bankruptcy Code, a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To obtain court approval of a use of property under section 363(b), a debtor needs only to show a legitimate business justification for the proposed action. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, courts defer to a trustee's judgment concerning use of property under section 363(b) when there is a legitimate business justification) (internal citation omitted); *Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) ("As applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction."); *In re Delaware and Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business" judgment test for use of property under section 363(b) of the Bankruptcy Code).

13. The settlement between the Woodbridge Respondents and California embodied in the Proposed Consent Order is reasonable and fair, and the Woodbridge Respondents' entry into the Proposed Consent Order is supported by sound business judgment. The Proposed Consent Order resolves the dispute between the Respondents and California regarding certain asserted violations of California state corporate and securities law in an efficient and consensual matter to avoid engaging in costly litigation that would only detract from the value of the estates and the

creditors' recovery therefrom.  No monetary penalties or other amounts are contemplated to be paid under the Proposed Consent Order.   In fact, the primary concession required with respect to the Woodbridge Respondents is to refrain from the further offer or sale of unregistered securities not subject to any exemption from registration or make any future material false or misleading statements in relation to the purchase or sale of securities in California, something that the Debtors have no intention of doing, in any event.

15. Accordingly, the Woodbridge Respondents' entry into the Proposed Consent Order is in the best interest of the Debtors' estates and, therefore, should be approved.

**B.    The Proposed Consent Order Should Be Approved Pursuant To Bankruptcy Rule 9019(a)**

15. Compromises are favored by bankruptcy courts.  *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise . . . rests in the sound discretion of the bankruptcy judge.").  Under Bankruptcy Rule 9019(a), the Court has the authority to approve a settlement if it is fair and equitable and in the best interests of the estate.  *See In re Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *Fischer v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997).  In considering whether to approve a compromise or settlement, a court must assess and balance the value of the claim that is being compromised against the value to the estate of accepting the compromise.  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).  Among other things, a bankruptcy court should consider:  "(1) The balance between the likelihood of success compared to the present and future benefits offered by the settlement; (2) Prospect of complex and protracted litigation if settlement is not approved; . . . and (7) The extent to which settlement is the product of arm's length bargaining."  *Fischer*, 209 B.R. at 620 (quoting *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994)).

16. The Debtors believe that the compromises embodied in the terms of the Proposed Consent Order are in the best interests of the Debtors, their creditors and their estates, as set forth above. The agreed upon terms of the Proposed Consent Order are the product of arm's-length negotiation between two sophisticated parties, and are, in the business judgment of both sides, fair and reasonable. Further, the Proposed Consent Order satisfies the factors enumerated in *In re Martin*. The Debtors will obtain the benefit of a prompt resolution without the necessity or risk of protracted litigation, in exchange for an agreement by the Debtors to refrain from actions that the Debtors have no intention to do.

17. Based on the foregoing, each of the applicable factors weighs in favor of approving the Proposed Consent Order. Accordingly, pursuant to Bankruptcy Rule 9019, the Woodbridge Respondents' entry into the Proposed Consent Order should be approved.

## **REQUEST FOR WAIVER OF STAY**

18. To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

19. To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

01:22882334.8

## RESERVATION OF RIGHTS

20. The Woodbridge Defendants neither admit nor deny the allegations and violations set forth in paragraphs A through L of the Proposed Consent Order.  Moreover, nothing in the Proposed Consent Order shall be, or deemed to be, an admission or a declaration against interest by the Debtors or used in any way by the Debtors or any party in the Debtors' cases to prejudice any rights or claims made by any party in these cases, including, but not limited to, the Debtors, the Ad Hoc Unit Holders Committee, the Ad Hoc Noteholders Committee or the Creditors Committee, all of which rights are expressly preserved.

## NOTICE

21. The Debtors have provided notice of this Motion to:  (i) the U.S. Trustee; (ii) counsel for the DIP Lender; (iii) counsel for the Committee; (iv) counsel for the Noteholder Group; (v) counsel for the Unitholder Group; and (vi) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order granting the relief requested herein on shortened notice and (ii) grant such further relief as may be just and proper under the circumstances.

| | |
|---|---|
| Dated: February 21, 2018<br>Wilmington, Delaware | */s/ Edmon L. Morton*<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Sean M. Beach (No. 4070)<br>Edmon L. Morton (No. 3856)<br>Ian J. Bambrick (No. 5455)<br>Betsy L. Feldman (No. 6410)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Tel:   (302) 571-6600<br>Fax:  (302) 571-1253<br><br>*Counsel for the Debtors and Debtors in Possession*<br><br>-and-<br><br>KLEE, TUCHIN, BOGDANOFF & STERN LLP<br>Kenneth N. Klee<br>Michael L. Tuchin<br>David A. Fidler<br>Jonathan M. Weiss<br>1999 Avenue of the Stars<br>39th Floor<br>Los Angeles, California 90067<br>Tel:   (310) 407-4000<br>Fax:  (310) 407-9090<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |