

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Sean M. Beach**
P 302.571.6621
F 302.576.3281
sbeach@ycst.com

February 27, 2018

**Via ECF and Hand Delivery**
The Honorable Kevin J. Carey
824 North Market Street
5th Floor
Wilmington, DE 19801

      Re:    In re Woodbridge Group of Companies, LLC, et al.,
               Case No. 17-12560 (KJC)

Dear Judge Carey:

      This correspondence is sent in connection with the February 23, 2018 request by counsel for Tintarella LLC ("Tintarella") that the Court schedule a teleconference in the above-referenced case. As the Court is aware, on February 8, 2018, Tintarella filed its motion for stay relief and/or for adequate protection [Docket No. 529] (the "Lift Stay Motion")[1] and a related motion to shorten [Docket No. 530] (the "Motion to Shorten"). Pursuant to the Motion to Shorten, Tintarella requested that the Court schedule the Lift Stay Motion on an expedited basis as "a final hearing on the merits."[2] The Debtors objected to the Motion to Shorten, *see* Docket No. 543, and, on February 12, 2018, the Court entered an order [Docket No. 556] (the "Order") denying the Motion to Shorten, striking the proposed order language requesting a final hearing on the merits and, instead, specifically providing that the Lift Stay Motion "shall be heard in accordance with applicable rules."[3]

      The "applicable rules" clearly state that the initial hearing on motions such as the Lift Stay Motion is preliminary. Del. Bankr. L.R. 4001-1(c)(iii) ("Local Rule 4001-1(c)") provides:

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Lift Stay Motion.

[2] Motion to Shorten, Ex. A at 1.

[3] The preliminary hearing on the Lift Stay Motion is currently scheduled for March 7, 2018 at 11:00 a.m. (ET) (the "March 7 Hearing") and responses and objections to the motion are due by 12:00 noon (ET) on March 1, 2018 (the "Response Deadline").

Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP
The Honorable Kevin J. Carey
February 27, 2018
Page 2

The hearing date specified in the notice of the motion will be a preliminary hearing at which the Court may (A) hear oral argument, (B) determine whether an evidentiary or other final hearing is necessary, (C) set a date by which the parties shall exchange supporting documentation, (D) set a date by which the parties must produce the report of any appraiser whose testimony is to be presented at the final hearing and/or (E) set a date and time for a final hearing.

Notwithstanding the unambiguous Order and applicable rules that provide the initial hearing is preliminary, Tintarella continues to ignore both. Conducting a hearing on a final basis on March 7th would materially and irreparably prejudice the Debtors and their stakeholders. The Debtors fully intend to file an objection to the Lift Stay Motion if a consensual resolution is not reached prior to the Response Deadline. If the Court determines at the preliminary hearing that a final hearing on the Lift Stay Motion is necessary, the Debtors will prepare for a full evidentiary hearing. Modifying the Court's Order denying the motion to shorten and the local rules would be an inefficient use of estate resources and significantly burden the Debtors at a critical time in their restructuring process.

While the Debtors believe that Tintarella has a substantial equity cushion and is fully adequately protected, on February 22, 2018, with the goal of avoiding protracted litigation and achieving a business resolution of the parties' dispute, the Debtors offered Tintarella additional adequate protection consisting of post-petition interest payments on the Note and certain undertakings regarding work needed on the Property to preserve the entitlements. As part of that discussion, the Debtors informed Tintarella that, pursuant to Local Rule 4001-1(c) and consistent with the Court's interlineations contained in the Order, the March 7 Hearing was clearly set as a "preliminary hearing" and that no fact discovery should occur unless and until the Court determines that an evidentiary or other final hearing on the Lift Stay Motion is necessary.

Tintarella rejected the proposed adequate protection package without counter, denied the request to allow the Debtors to begin work on the Property necessary to protect the entitlements Tintarella complains may be lost, disagreed with the Debtors' position that the March 7 Hearing is a preliminary hearing, and requested a teleconference. As set forth below, for numerous reasons, the Debtors believe, consistent with the Order, that the March 7 Hearing should be a preliminary hearing as contemplated by Local Rule 4001-1(c) and 362(e)(1) of the Bankruptcy Code.

First, Tintarella's rush to have a final hearing on the Lift Stay Motion is premised on incorrect assertions that "time is of the essence" curiously because it is "impossible" for the Debtors to meet the existing June 10, 2018 deadline to have a certain amount of worked performed at the Property.[4] Notwithstanding the obvious disconnect between Tintarella's own statements, the Debtors disagree. Based on discussions with their real estate development

---

4   Motion to Shorten, ¶ 6.

Young Conaway Stargatt & Taylor, LLP
The Honorable Kevin J. Carey
February 27, 2018
Page 3

consultants, the Debtors understand that it would take no more than three months (and potentially as little as two months) to complete the grading work needed to fulfill existing requirements under the Permit. And, even if the work is not sufficiently complete by the June 10 deadline, the Debtors could reasonably expect an extension of the deadline upon a showing of continued construction effort and maintenance of any required inspections. As such, it appears that Tintarella's refusal to allow the Debtors to begin grading work on the Property is not based on sincere timing concerns, but rather is in furtherance of its efforts to obtain the Property in the hopes of achieving a windfall to the detriment of the Debtors' estates and stakeholders. Tellingly, Tintarella made an offer to purchase the Property by effectively credit bidding its debt, plus $500,000, which amount is at least 35% less than other offers already received and approximately $10 million less than the amount the Debtors purchased the Property for from Tintarella one year ago.

Second, putting aside the potential to solve the issue by simply doing the work necessary, Tintarella further suggests that the Debtors would be unable to obtain an extension of the Permit from the Los Angeles Department of Building and Safety (the "LADBS").[5] The Debtors again disagree. In fact, the Debtors recently obtained a permit extension *from the LADBS* on another property located in very close proximity to the Property. Specifically, on February 5, 2018, the Debtors, through an expediter, requested an extension of time until December 2, 2018 to start construction on a property located at 805 Nimes Place, Los Angeles, CA (the "Nimes Property"). The LADBS granted the requested extension on February 23, 2018, a mere eighteen days after its initial submission. Given the Debtors' recent experience with the Nimes Property, it is reasonable to believe that a request for an extension of the Permit on the Property would also be granted by the LADBS. In fact, the Debtors are working to seek such an extension and are hopeful that they could obtain an extension prior to a final hearing, further highlighting why proceeding on a final basis would be an inefficient construct.[6]

Further, in seeking a final hearing on the merits at this juncture, Tintarella ignores the discovery-related tasks that need to occur (and disputes that would need to be resolved) before an evidentiary or other final hearing is feasible. Among other things, the discovery efforts would involve: (i) preparing for and conducting the Debtors' Rule 30(b)(6) deposition and Tintarella's Rule 30(b)(6) deposition; (ii) the Debtors may decide they need to engage an appraiser and land use expert to address the declarations and documents submitted in connection with the Lift Stay Motion; (iii) preparing for and taking the depositions of the parties' expert appraisers and land

---

[5] *See, e.g.,* Lift Stay Motion, ¶¶ 6 and 10.

[6] As discussed further herein, Penny Flinn, the expediter under contract with the Debtors to assist with entitlement issues on the Property, submitted a declaration in support of Tintarella's Lift Stay Motion. This is a clear conflict and thus the Debtors are working with a different expediter to obtain the Permit extension. Should an evidentiary hearing be set, the Debtors will seek to disqualify this witness. More importantly, it shows that Ms. Flinn is not working for the interests of her client, the Debtors, on the Property, but instead with Tintarella and its efforts to procure the Property at a steep discount.

Young Conaway Stargatt & Taylor, LLP
The Honorable Kevin J. Carey
February 27, 2018
Page 4

use witnesses; and (iv) requests for production of documents and interrogatories, and reviewing and producing supporting documents.

Finally, as described above, a dispute concerning Penny Flinn, who submitted a declaration [Docket No. 532] in support of the Lift Stay Motion, would need to be addressed by the Court. Ms. Flinn is currently the *Debtors'* land use consultant in connection with the Property and she has been acting as such for quite some time. Yet, Tintarella apparently requested that Ms. Flinn submit a declaration, and she obviously agreed to such request, that undermines the Debtors' interests and their efforts to maximize value. As such, Ms. Flinn should be disqualified from providing testimony on behalf of Tintarella and the Debtors will seek her disqualification at the appropriate time. Moreover, the Debtors will seek discovery regarding the circumstances of this situation in connection with the disqualification request and to assess damages to the Debtors' estates and claims against Ms. Flinn, her firm, and Tintarella.

Based on the foregoing, the Debtors respectfully submit that the March 7 Hearing should be a preliminary hearing, as provided for in Local Rule 4001-1(c). Conducting a preliminary hearing will not prejudice Tintarella, and will enable the Court to determine the best path forward with respect to adjudicating the Lift Stay Motion. The tasks and issues outlined in this letter will require significant expenditures of time and resources by both parties. Not only is it necessary for the parties to have appropriate time to engage on the issues and discovery expressed herein, but there are certain events that could occur (such as obtaining a permit extension) between the preliminary and final hearings that would all but moot the Lift Stay Motion.

As always, counsel is available should the Court have any questions.

Respectfully submitted,

*/s/ Sean M. Beach*

Sean M. Beach

SMB:MN

01:22911161.3