IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 7, 49, 259, & 659 |

## AMENDED FINAL ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT

Upon consideration of the certification of counsel (the "Certification of Counsel") regarding the entry, pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(k)(1) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules), of a proposed order (this "Amended Final Order") amending that certain *Final Order (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* entered by

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

01:22573098.12

the Court on January 9, 2018 [Docket No. 259] (the "Original Final Order");[2] and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that, for the reasons set forth in the Certification of Counsel, amending the Original Final Order is proper pursuant to Local Rule 9013-1(k)(1) and that no other or further notice need be given; and upon the record of all hearings on the Motion and all of the proceedings had before this Court; and this Court having previously entered the *Interim Order (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [Docket No. 49] in addition to the Original Final Order; and this Court having found and determined that the amendment of the Original Final Order is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis as amended.

---

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Original Final Order.

01:22573098.12

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

3. To the extent that an account with a Utility Provider for Utility Services provided to a Debtor's property is technically in the name of a non-Debtor (the "Incorrectly Designated Utility Accounts"), the Debtors are hereby authorized to pay the Utility Provider for the Utility Services provided to a Debtor's property under an Incorrectly Designated Utility Account even though the entity named on the Incorrectly Designated Utility Account is a non-Debtor. The Debtors will use reasonable efforts to change the entity listed on any such accounts to the proper Debtor entity in a timely manner. For the avoidance of doubt, the Debtors shall not pay for any Utility Services provided to a non-Debtor's property absent a further order expressly authorizing them to do so.

4. The Debtors' rights to assert claims against non-Debtor entities for any amounts previously paid for Utility Services provided under Incorrectly Designated Utility Accounts are hereby reserved, and the Debtors will use reasonable efforts to account for any such amounts in a timely manner.

5. The Debtors shall continue to provide an Adequate Assurance Deposit for all Utility Providers by maintaining the deposit of $41,686.03 previously approved by the Original Final Order and supplemented by that certain *Order (I) Approving Joint Administration of Additional Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, (II) Applying Orders Previously Entered by the Court to the Chapter 11 Cases of the Additional Debtors, and (III) Granting Related Relief* [Docket No. 570] in the segregated Adequate Assurance Deposit Account.

6.  The Proposed Adequate Assurance comprises the Adequate Assurance Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business, and subject to the Adequate Assurance Procedures set forth below, constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

7.  The Utility Providers are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, as a condition of the Debtors continuing to receive Utility Services.

8.  The following Adequate Assurance Procedures are approved:

   a.  If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (i) proposed counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067 (Attn: Jonathan M. Weiss, Esq.); (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Allison S. Mielke, Esq.); and (iii) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19081 (Attn: Bradford J. Sandler, Esq. and Colin R. Robinson, Esq.) (together, the "Notice Parties");

   b.  Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the requesting Utility Provider; and (iv) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

   c.  Upon the Notice Parties' receipt of an Additional Assurance Request at the address set forth in subparagraph (a) above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

d.      If the Debtors determine that an Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Provider, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") promptly pursuant to section 366(c)(3) of the Bankruptcy Code;

e.      Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Proposed Adequate Assurance;

f.      The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense; and

g.      Upon the closure of one of the Debtors' properties and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) the estimated two-week utility expense for such Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider, *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have paid such Utility Provider in full for any outstanding post-petition Utility Services before reducing the Adequate Assurance Deposit, and the Utility Provider does not dispute that it has been paid in full for post-petition services.

9.      The Debtors may supplement the Utility Providers List without further order of the Court with Additional Utility Providers if such Additional Utility Providers were inadvertently omitted from the Utility Providers List, and the Debtors will file as soon as practicable with the Court a supplement to Exhibit C annexed to the Motion that adds the name of any Additional Utility Provider to the Utility Providers List. The Debtors will then serve by

email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of an Additional Utility Provider, by First Class Mail) a copy of the Motion and this signed Amended Final Order on any Additional Utility Provider.

10. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreements of the Debtors and the applicable Utility Provider, or (c) by further order of this Court. If the Debtors fail to pay for any legitimate post-petition Utility Services when due, a Utility Provider may access only that portion of the Adequate Assurance Deposit attributable to it in the Adequate Assurance Deposit Account.

11. Upon confirmation of any chapter 11 plan in the Chapter 11 Cases, and without further order of this Court, all amounts in the Adequate Assurance Deposit Account shall first be used to pay any amounts outstanding under the Secured Credit Agreements and shall then be available for the Debtors' use, in their sole discretion.

12. The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Amended Final Order.

13. Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

14. Within two (2) business days of the date of this Amended Final Order, the Debtors shall serve a copy of this Amended Final Order on each Utility Provider identified on the Utility Providers List. Within two (2) business days of filing a supplement to the Utility Providers List, as applicable, the Debtors shall serve a copy of this Amended Final Order and the Motion on any Additional Utility Provider.

15. Nothing in this Order authorizes the Debtors to pay prepetition claims without further order of this Court.

16. Nothing in the Motion or this Amended Final Order, or the Debtors' payment of any claims pursuant to this Amended Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Provider.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Amended Final Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Amended Final Order in accordance with the Motion.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Amended Final Order.

Dated: February __21__, 2018
Wilmington, Delaware

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE