IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:

WOODBRIDGE GROUP OF                    Chapter 11
COMPANIES, LLC, et al.                 Case # 17-12560(KJC)
                                       Jointly Administered
                  Debtors              Hearing Date: TBD (Request expedited)
                                       Objection Deadline TBD (Request expedited)

### MOTION OF LEON KROUS DRILLING, INC.
### FOR LIMITED RELIEF FROM THE AUTOMATIC STAY

Leon Krous Drilling, Inc., ("Leon") moves this Court for entry of an order, substantially in the form attaches as Exhibit "1", (i) granting Leon Limited Relief From the Automatic Stay as to the Debtors Hornbeam Investments, LLC to file and serve a Notice of Mechanic's Lien and a Complaint to Foreclose on a Mechanic's Lien to be recorded against real property in Beverly Hills California, Los Angeles County pursuant to 11 U.S.C. § 362(d)(1). In support thereof Leon states as follows:

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Motion in this District and before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The grounds for relief requested in this Motion are 11 U.S.C. § 362(d), Federal Rule of Bankruptcy Procedure 4001 and Rule 4001-1 of the Local Rules for the United States Bankruptcy Procedure 4001, and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

3.    On December 4, 2017 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases (the "Cases") for relief under Chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to manage their property and operate their business as debtors in possession pursuant to 11 U.S.C. §§ 1107 AND 1108. As of the date hereof, no trustee or examiner has been appointed by the Court .

5.      Leon supplied drilling services for construction of and improvements to real property owned by the Debtor and described as: 1484 Carla Ridge, Beverly Hills, California in Los Angeles County (the "Property").

6.      As of December 4, 2017, Leon was owed $321,165.06. for construction services, specifically subcontracted drilling, at the Property for the construction and improvements to the Property.

7.      The last date of services provided to the Property by Leon was on December 1, 2017.

8.      The state of California, the mechanic's lien is a derivative of the California Constitution.  Article XIV, § 3, of the California Constitution states that "mechanics, materialmen, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such materials, for the value of such labor done and materials furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

9.      Pursuant to California Civil Code §§ 8414 and 8416, in order to perfect its inchoate mechanics lien, a supplier has only 90 days from the project completion to serve its mechanics lien (including the Notice of Mechanic and Proof of Service Affidavit) upon the property owner and record said Mechanics Lien with the County Recorder's Office where the property is located.

10.     Based upon the last day Leon performed services on the Property, the final day for Leon to serve the Debtor with its Mechanic's Lien and record said Mechanic's Lien with the Los Angeles County Recorder is March 11, 2018. In cases where the property owner has filed for bankruptcy prior to recordation of the claimant's Mechanic's Lien, state courts and bankruptcy courts in California and throughout the 9th Circuit have routinely held that "recordation of a

[mechanic's] lien is excerpted from the bar of the automatic stay." In re Cocolat, Inc., 176 B.R. 540, 550 ("[t]he Court further notes that recording a mechanics' lien is not considered an act to enforce the contractor's claim, merely an act to perfect it. For this reason, and because the contractor's right to perfect it. For this reason, and because the contractor's right to perfect its lien is a vested pre-petition right, the recordation of the lien is excepted from the bar of the automatic stay. 11 U.S.C. §362(b)(3)); see also Pioneer Const., Inc. v. Gloval Inv. Corp., (2011) 202 Cal.App.4th 161, 167, as modified on denial of reh'g (January 13, 2012) ("California law permits a contractor who furnishes labor and materials for construction on real property to record a notice of lien against the property. A mechanic's lien claimant who provided labor and materials prepetition to a debtor in a bankruptcy can record a mechanic's lien after the property owner files for bankruptcy without violating the automatic stay") (citations omitted).

11.     Additionally, pursuant to California Civil Code § 8460, to preserve and enforce the mechanic lienholder's rights, an action to foreclose on the mechanic lien must be commenced in the County where the construction project is located within 90 days from the date of the mechanics lien is recorded. Of course, "postpetition lien foreclosure actions (as opposed to the mere recording of a lien) are enforcement actions prohibited by the automatic stay. (Citations omitted). Id. Nonetheless, pursuant to 11 U.S.C. 108(c), mechanic's liens actions are tolled while the property subject to the lien is property of the estate. (citations omitted) Id. Thus, to perfect and toll its lien, "[a] mechanic's leiner must file a notice of lien in the debtor's bankruptcy proceedings to inform the debtor and creditors of its intention to enforce the lien. (11 U.S.C. § 546(b)(2); in re Baldwin Builders (9th Cir. BAP 1999) 232 B.R. 406, 413.) Once the lien is property perfected, it is not subject to avoidance by the trustee. (11 U.S.C. § 546(b)." Id.

12.    The property is located in the 9th Circuit, which upon information and belief, allows for the filing of a Notice of Mechanic's Lien and the filing of an action to foreclose, after the Petition Date without seeking relief from stay. However, Courts in the Third Circuit may require and Order for Relief from stay. See In re Linear Electric Co., 852 F3d 313 (3rd Cir.

2017). Accordingly, Leon seeks an expedited Order for Relief from Stay to record its Mechanic's Lien and file a "Notice of Lien."

**Basis for Relief Requested**

13.   Other than to serve and record its Mechanic's Lien and file a "notice of lien" in these bankruptcy proceedings, Leon does not intend to take any additional action to perfect or enforce the Lien Claim against the Debtor without further approval from this Court.

14.   The automatic stay is not intended to be indefinite or absolute, and relief from the stay may be granted in appropriate circumstances. Wedgewood Inv. Fund Ltd. v. Wedgwood realty Group, Ltd. (In re Wedgewood), 878 F.2d 693, 697 (3d. Cir. 1989).  Section 362(d) of the Code authorizes this Court to lift or modify the automatic stay for cause on a case by case basis. See In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992)  Courts consider what contstitutes cause based on the totality of circumstances in each particular case. Baldino v. Wislon (In re Wilson), 116 F3d. 87, 90 (3d. Cir. 1997) (citing In re Trident Assoc., 52 F3d 127 (6th Cir. 1995)). If the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors, then cause may exist. In re Chirillo, 84 B.R. 120, 123 (Bankr. N.D. Ill. 1988).

15.    There are three factors that must be analyzed when considering stay from relief: (1) the Debtor's prejudice suffered if the stay is lifted; (2) the balance of hardships facing the parties; and (3) the probability of success on the merits if the stay is lifted. In re Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992).

16.   Moreover, where a creditor must file a notice of lien and serve a lien foreclosure complaint under a state statute to preserve a lien, courts routinely grant stay relief. See, e.g. In re 360Networks (USA), Inc., 282 B.R. 756, 765 (Bankr. S.D.N.Y. 2001) (granting stay relief to permit creditor to commence actions to foreclose upon mechanic's liens under Oregon law.)

17.   Here, the Debtor will not suffer prejudice from entry of an order granting the releif requested in this Motion. If this Motion is granted, Leon intends to serve and record its Mechanic's Lien to prefect its mechanics lien claim under the California Constitution, and file a

Notice of Lien in these proceedings to toll any statute of limitations on filing a foreclosure suit in California. However, Leon does not intend to pursue the Debtor for unpaid amounts owed to it or pursue the mechanic's lien foreclosure action without further leave of Court. Thus, the Debtor will suffer no prejudice from modifying the automatic stay to accommodate Leon.

18.     In balancing the hardships, Leon will be severely prejudiced if this Motion is denied because it will be unable to maintain its statutory lien and will be forced to forfeit its lien rights under the California Constitution. On the other hand, the Debtor will remain in the status quo, since the inchoate mechanic's lien already existed against the Debtor prior it voluntarily filing for bankruptcy.

19.     Lastly, Leon will likely prevail on the merits since Leon has not paid for its drilling services provided to Property owned by the Debtor.

20.     Leon further requests the waiver of the 14-day say of Federal Rule of Bankruptcy Procedure 4001(a)(3) and that the Order granting this Motion become effective immediately upon entry. Leon requests that the initial hearing on this Motion be treating it as a final hearing pursuant to 11 U.S.C. § 362(e)(1).

WHEREFORE, Leon Krous Drilling, Inc. moves this Honorable Court to enter an Order granting releif from the automatic stay to serve its Mechanic's Lien upon the Debtor, record said Mechanic's Lien with the Los Angeles County Recorder, and file a Notice of Lien in these bankruptcy proceedings, and such further relief as is just and equitable.

Dated: March 1, 2018                                              **Respectfully submitted,**

**The Law Office of James Tobia, LLC**
By: */s/ James Tobia*
James Tobia (#3798)
1716 Wawaset Street
Wilmington, DE 19806
Tel. (302) 655-5303
Fax (302) 656-8053
Email: jtobia@tobialaw.com

-and-

Hamrick & Evans, LLP
David L. Evans, Esq.
2600 W. Olive Avenue, Suite 1020
Burbank, CA 91505
T: 818-763-5292
F: 818-763-2308