# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: March 28, 2018, at 9:00 a.m. (ET)<br>Obj. Deadline: March 21, 2018, at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE DEADLINE BY WHICH TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Woodbridge Group of Companies, LLC and its above-captioned affiliated debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 365(d)(4) of title 11 of the United States Code §§ 101-1532 (the "Bankruptcy Code"), extending the deadline to assume or reject unexpired leases of nonresidential property under which any of the Debtors is a lessee (the "Real Property Leases") by 90 days, through and including July 2, 2018.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

01:22883545.5

for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

**BACKGROUND**

4. On December 4, 2017 (the "Petition Date"), all but fourteen of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.  On February 9, 2018, an additional fourteen affiliates of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

5. The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.  As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Cases.

6. On December 14, 2017, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 79].  On January 23, 2018, the Court approved a

settlement providing for the formation of an ad hoc noteholder group (the "Noteholder Group") and an ad hoc unitholder group (the "Unitholder Group") [Docket No. 357].

## RELIEF REQUESTED

7.      By this Motion, the Debtors request that the Court enter the Proposed Order extending the Assumption/Rejection Period (defined below) by 90 days, through and including July 2, 2018, pursuant to section 365(d)(4) of the Bankruptcy Code.  Such an extension would be without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request a further extension of the Assumption/Rejection Period with the consent of the affected counterparties to the Real Property Leases.

## BASIS FOR RELIEF REQUESTED

8.      The Debtors lease several facilities from which they operate their businesses, including their corporate headquarters in Los Angeles, California.  As of the Petition Date, the Debtors were lessees under approximately ten (10) Real Property Leases.

9.      Section 365(d)(4) of the Bankruptcy Code provides the Debtors with an initial 120-day period (the "Assumption/Rejection Period") following the filing of a bankruptcy petition in which to elect to assume or reject the Real Property Leases.  11 U.S.C. § 365(d)(4). Under section 365(d)(4) of the Bankruptcy Code, if the Debtors fail to assume or reject any of their Real Property Leases prior to the applicable deadline, such lease will automatically be deemed rejected.  11 U.S.C. § 365(d)(4)(A).  The Assumption/Rejection Period expires on April 3, 2018.

10.     Section 365(d)(4)(B)(i) of the Bankruptcy Code provides, however, that on motion by the debtor, the Court may extend the initial 120-day deadline by 90 days "for cause."  11 U.S.C. § 365(d)(4)(B)(i).  Any subsequent extensions of the deadline to assume or

01:22883545.5

3

reject unexpired leases of non-residential real property under which the debtor is a lessee may only be granted with the prior written consent of the affected lessors. 11 U.S.C. § 365(d)(4)(B)(ii).

11. The Debtors initiated these Chapter 11 Cases to stabilize and reorganize their operations. The Debtors have undergone two periods of transition since the Petition Date—the first, from a sole, long-standing manager to a team of restructuring professionals (the "Initial Post-Petition Management"), and, most recently, from the Initial Post-Petition Management to a completely new management team, including a new board of managers, a chief restructuring officer, a chief executive officer, and a new team of restructuring professionals (together, the "Current Post-Petition Management"). Since the Petition Date, the Debtors filed a motion to reject their corporate headquarters lease [Docket No. 448] and have consolidated office spaces. However, the Current Post-Petition Management team, with input from various interested parties, still needs time to consider the utility of maintaining the Real Property Leases. Extending the Assumption/Rejection Period is a necessary and appropriate safeguard to ensure that none of the Real Property Leases are inadvertently deemed rejected during the time period in which the Current Post-Petition Management team considers the extent to which any or all of the Real Property Leases should be maintained.

12. The requested extension of the Assumption/Rejection Period therefore will enable the Debtors to avoid any premature decisions whether to assume or reject any particular Real Property Lease, and will allow the Debtors the option to evaluate whether any Real Property Leases might otherwise provide value to the Debtors' estates.

13. The Third Circuit Court of Appeals has recognized that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time

01:22883545.5

to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop.*"* *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3rd Cir. 1993). Bankruptcy courts consider a number of factors in determining whether cause exists to extend the deadline to assume or reject unexpired leases of non-residential real property, including:

  (i)  whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization that may be proposed by the debtor;

  (ii)  whether the case is complex and involves large numbers of leases;

  (iii)  whether the lessor continues to receive postpetition rental payments; and

  (iv)  whether or not the debtor has had sufficient time to intelligently appraise each leases' value to a plan of reorganization.

*See South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760-61 (2d Cir. 1996) (considering the complexity of the debtors' cases and the number of leases the debtors were required to evaluate); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *accord Channel Home Ctrs.*, 989 F.2d at 689 (noting that "it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating").

  14.  The application of these factors demonstrates that cause exists to extend the Assumption/Rejection Deadline in these Chapter 11 Cases. First, the Real Property Leases are important assets of the Debtors' estates, and the ability to assume or reject the Real Property Leases is necessarily of importance to the Debtors' efforts to maximize the value of their estates for the benefit of all stakeholders. Second, these Chapter 11 Cases are unquestionably large and complex. Among other things, these cases involve hundreds of Debtors with operations and

creditors throughout the United States.  The Current Post-Petition Management team therefore still needs time to consider the utility of maintaining the Real Property Leases.  Finally, the extension requested herein should be granted to allow the Debtors to retain maximum flexibility given the need for additional time to discuss steps forward with the various interested parties.

15. Given the inherent fluidity in the operations of a large, complex enterprise such as that of the Debtors, circumstances may arise during the pendency of these Chapter 11 Cases that would cause the Debtors to re-evaluate the need to continue leasing a particular property.  In the absence of a further extension of the Assumption/Rejection Deadline, the Debtors could be forced to prematurely assume Real Property Leases that may later prove to be burdensome, which could give rise to large administrative expense claims against the Debtors' estates, thereby reducing potential recoveries to the Debtors' stakeholders.  Alternatively, the Debtors could be forced to prematurely reject certain Real Property Leases that ultimately could have benefited the Debtors' estates.

16. Moreover, the proposed extension of the Assumption/Rejection Deadline will not adversely affect the substantive rights of the counterparties to the Real Property Leases or any other party because the Debtors are obligated to continue to perform under the Leases pending their determination whether to ultimately assume or reject.  Accordingly, the Debtors submit that cause exists for an extension of time within which they may assume or reject the Real Property Leases, through and including July 2, 2018.

### NOTICE

17. The Debtors have provided notice of this Motion to:  (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the DIP Lender; (iv) counsel to the Unitholder Group; (v) counsel to the Noteholder Group; (vi) counsel to the SEC; (vii) the counterparties to

the Real Property Leases; and (viii) any party that has requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such further relief as the Court deems just and proper.

Dated:   March 7, 2018
           Wilmington, Delaware

*/s/ Allison S. Mielke*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Edmon L. Morton (No. 3856)
Ian J. Bambrick (No. 5455)
Allison S. Mielke (No. 5934)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253

*Counsel for the Debtors and Debtors in Possession*

-and-

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee
Michael L. Tuchin
David A. Fidler
Jonathan M. Weiss
1999 Avenue of the Stars
39th Floor
Los Angeles, California 90067
Tel:   (310) 407-4000
Fax:   (310) 407-9090

*Proposed Counsel for the Debtors and Debtors in Possession*

01:22883545.5