# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **WOODBRIDGE GROUP OF COMPANIES, LLC,** *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-12560 (KJC) <br><br> (Jointly Administered) |
| In re: <br><br> BELLFLOWER FUNDING, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 45-0620156 | Chapter 11 <br><br> Case No. 18-10507 (KJC) <br><br> (Joint Administration Requested) |
| In re: <br><br> WALL 123, LLC, <br><br> Debtor. <br><br> Tax I.D. No. N/A | Chapter 11 <br><br> Case No. 18-10508 (KJC) <br><br> (Joint Administration Requested) |

**DEBTORS' SECOND MOTION FOR ORDER (I) APPROVING JOINT ADMINISTRATION OF ADDITIONAL CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, (II) APPLYING ORDERS PREVIOUSLY ENTERED BY THE COURT TO THE CHAPTER 11 CASES OF THE ADDITIONAL DEBTORS, AND (III) GRANTING RELATED RELIEF**

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move the Court (this "Motion") for the entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), (i) directing the supplemental joint administration of the

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

chapter 11 cases of Bellflower Funding, LLC and Wall 123, LLC (together, the "Additional Debtors") with the administration of the chapter 11 cases of Woodbridge Group of Companies, LLC and its various direct and indirect debtor affiliates pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (ii) applying any and all orders previously entered by the Court in the chapter 11 cases of the Joint Debtors (as defined below) with equal force and effect to the Additional Debtors; and (iii) granting related relief.  In support of this Motion, the Joint Debtors submit the *Declaration of Bradley D. Sharp in Support of Debtors' Second Motion for Order (I) Approving Joint Administration of Additional Cases Pursuant to Rule 1015(B) of the Federal Rules of Bankruptcy Procedure, (II) Applying Orders Previously Entered by the Court to the Chapter 11 Cases of the Additional Debtors, and (III) Granting Related Relief* (the "Additional Debtors Declaration"), filed substantially contemporaneous herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The legal predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1 and the legal predicates cited in support

of all of the orders previously entered by the Court in the chapter 11 cases that are applicable to the Additional Debtors.

## STATUS OF THE CASE AND BACKGROUND

2. On December 4, 2017 (the "Initial Petition Date"), Woodbridge Group of Companies, LLC and 278 of its affiliates (the "Initial Debtors") each filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Initial Debtors' cases are being jointly administered pursuant to an order of the Court, dated December 5, 2017 [Docket No. 45].

3. On February 9, 2018 (the "Second Round Petition Date"), fourteen additional debtors (the "Second Round Debtors," and together with the Initial Debtors, the "Joint Debtors") filed voluntary chapter 11 petitions. The Second Round Debtors' cases are being jointly administered with those of the Initial Debtors pursuant to an order of the Court, dated February 13, 2018 [Docket No. 570].

4. On the date hereof, each of the Additional Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Third Round Petition Date").

5. Since the Initial Petition Date and the Second Round Petition Date, the Joint Debtors have continued to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 14, 2017, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 79].

7. On January 23, 2018, the Court held a hearing to resolve, among other matters, two motions to appoint a chapter 11 trustee, and entered an order approving the settlement

reached between the Initial Debtors and other parties in interest (the "Settlement Order").[2] Attached as Exhibit 1 to the Settlement Order was a term sheet enumerating the terms of the settlement (the "Joint Resolution"). By the terms of the Joint Resolution, the Initial Debtors' board of managers was to be reconstituted (the "New Board") and the formation of an ad hoc noteholder group (the "Noteholder Group") and an ad hoc unitholder group (the "Unitholder Group") was authorized. The Joint Resolution also permitted the non-debtor entities subject to the asset freeze order issued by the United States District Court for the Southern District of Florida (Case No. 17-24624-MGC) on December 20, 2017 [D.I. 13],[3] to come under the control of the New Board and under the jurisdiction of the Court's administration of the Initial Debtors' chapter 11 cases. Accordingly, the Joint Resolution was the catalyst for the Second Round Debtors and the Additional Debtors filing their chapter 11 cases.

8.  On March 8, 2018, the Additional Debtors came under the control of the New Board. The prospect of possibly selling the valuable assets of the Additional Debtors, coupled with the recent change in control, was the impetus behind the filing of the Additional Debtors' chapter 11 cases.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors seek entry of an order (i) directing the joint administration and consolidation of the chapter 11 cases of the Additional Debtors with the

---

[2] *Order, Pursuant to Sections 105(a) and 1102 of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Consensual Resolution of (A) Motion of the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates Pursuant to Section 1102(a)(2) of the Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders, (B) Emergency Motion of Official Committee of Unsecured Creditors for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, (C) Motion by the U.S. Securities and Exchange Commission for Order Directing the Appointment of a Chapter 11 Trustee, (D) Joinder of Additional Noteholders to Motion of the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates Pursuant to Section 1102(a)(2) of The Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders, and (E) Motion of the Ad Hoc Committee of Unitholders of Woodbridge Mortgage Investment Fund Entities Pursuant to 11 U.S.C. § 1102(a)(2) Directing Appointment of an Official Committee of Unitholders* [Docket No. 357].

[3] The above-referenced asset freeze was dissolved as to the Second Round Debtors explicitly implicated thereby on February 22, 2018 [D.I. 110].

jointly administered cases of the Joint Debtors for procedural purposes only; (ii) applying any and all orders that were previously entered by the Court in the chapter 11 cases of the Joint Debtors, which are applicable to the Additional Debtors, with equal force and effect to the Additional Debtors; and (iii) granting related relief.

10. Specifically, as to joint administration, the Debtors request that the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk of the Court") maintain one file and one docket for all of the jointly administered cases under the case number of Woodbridge Group of Companies, LLC and that the Clerk of the Court administer the cases under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

11. The Debtors also request that a docket entry, substantially similar to the following, be made on the docket of each of the Additional Debtors' chapter 11 cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Bellflower Funding, LLC (0156) and Wall 123, LLC (N/A) with those being jointly administered with the chapter 11 case of Woodbridge Group of Companies, LLC (3603). **The docket in the chapter 11 case of Woodbridge Group of Companies, LLC, Case No. 17-12560 (KJC), should be consulted for all matters affecting this case**.

12.  In addition, as to the previous orders entered by the Court in the Joint Debtors' chapter 11 cases, the Debtors request that any and all orders previously entered by the Court in the Joint Debtors' chapter 11 cases that are applicable to the Additional Debtors be deemed to extend and apply with equal force and effect to the chapter 11 cases of the Additional Debtors.

13.  With regard to the following orders, the Debtors request the following authority:

(a)  Utilities.  On February 27, 2018, the Court entered that certain *Amended Final Order (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* (the "Final Utilities Order") [Docket No. 661] granting in pertinent part the Joint Debtors' request to deposit $41,686.03 into the Adequate Assurance Deposit Account.[4]  In order to maintain uninterrupted utility services for the Additional Debtors, the Additional Debtors propose to deposit, within 20 days of the Third Round Petition Date, an additional Adequate Assurance Deposit of $3,000 (the "Additional Adequate Assurance Deposit"), which is equal to the estimated cost for two weeks of utility services for the Additional Debtors.  This Additional Adequate Assurance Deposit will permit the Debtors to maintain the Adequate Assurance Deposit Account with an amount that consistently provides the utility providers with a half-month deposit on account of such services.

(b)  Tax.  On December 5, 2017, the Court entered that certain *Order (I) Authorizing, but not Directing, the Debtors to Pay Certain Prepetition Taxes and Fees and (II) Granting Related Relief* (the "Tax Order") [Docket No. 47] granting in pertinent part, the Joint Debtors' request to pay all prepetition Taxes and Fees[5] that have accrued, but were not yet due and owing or were not paid in full, as of the Initial Petition Date, up to $1,860,000.  In order to stay current in the payment of assessed and undisputed Taxes and Fees of the Additional Debtors that were due as of the Third Round Petition Date, the Debtors request authority to make additional payments of up to $100,000 for prepetition Taxes and Fees associated with the Additional Debtors.

(c)  Insurance.  On December 5, 2017, the Court entered that certain *Order (A) Authorizing Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in connection with, Various Insurance Policies, and (B) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto* (the "Insurance Order") [Docket No. 50] granting in

---

[4]  As defined in the Final Utilities Order.
[5]  As defined in the Tax Order.

pertinent part the Joint Debtors' request to honor all of their prepetition Insurance Obligations[6] under or in connection with their Insurance Policies[7] in the ordinary course of their businesses. Because the Debtors believed they were current on their prepetition Insurance Obligations, the Insurance Order did not put a cap on the amount of prepetition Insurance Obligations that could be paid. However, the Additional Debtors believe that potentially $10,000 of prepetition Insurance Obligations is outstanding. As such, the Debtors request authority to make additional payments of up to $10,000 for prepetition Insurance Obligations associated with the Additional Debtors.

**BASIS FOR RELIEF**

14. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of chapter 11 cases upon the filing of a motion supported by a declaration establishing that joint administration of two or more pending cases will ease the administrative burden of the Court and the parties.

15. As set forth in the Additional Debtors Declaration, the Debtors' operations are interconnected and co-dependent, and share many of the same creditors and other parties in interest. Given the commercial and corporate relationships among the Debtors, joint administration of the Additional Debtors' chapter 11 cases with the Joint Debtors' chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in the Joint Debtors' chapter 11 cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Moreover, joint administration will also simplify supervision of the

---

[6] As defined in the Insurance Order.
[7] As defined in the Insurance Order.

administrative aspects of these cases by the U.S. Trustee and allow all parties in interest to monitor the Debtors' chapter 11 cases with greater ease and efficiency.

16.  Joint administration of the Debtors' chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors, because the Debtors seek only administrative, not substantive, consolidation of the Additional Debtors' estates with those of the Joint Debtors.  Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of the Additional Debtors' chapter 11 cases with those of the Joint Debtors.

17.  For these reasons, the Additional Debtors respectfully submit that the joint administration of these cases is appropriate and is in the best interests of all of the Debtors, their estates, their creditors, and all other parties in interest.

18.  Additionally, the Additional Debtors request that any and all orders previously entered by the Court in the Joint Debtors' chapter 11 cases that are applicable to the Additional Debtors be deemed to extend and apply with equal force and effect to the chapter 11 cases of the Additional Debtors.  Requiring the Additional Debtors to separately request the relief granted by the orders previously entered by the Court would be cumbersome and inefficient, wasting estate resources and the Court's time, when the Court has already found that the previously granted relief is proper.  Further, it is critical to the success of the Additional Debtors' efforts to maximize the value of their estates that, for instance, the Joint Debtors' claims, noticing, and balloting agent be able to represent the Additional Debtors in connection with the chapter 11 process.

19.  Similarly, it is critical to the success of the Additional Debtors' efforts to maximize the value of their estates that the Additional Debtors be permitted to deposit the Additional Adequate Assurance Deposit into Adequate Assurance Deposit Account and satisfy prepetition Taxes and Fees and Insurance Obligations up to the revised caps set forth above.  The

amounts of the prepetition obligations are relatively *de minimis* and, for the reasons set forth in the Debtors' insurance and tax motions, payment of those outstanding prepetition amounts is justified.  Similar arguments could be made for every one of the previously entered orders applicable to the Additional Debtors, and in each instance the basis for relief is as applicable to the Additional Debtors as it was for the Joint Debtors, which highlights the propriety of applying all of the previously entered applicable orders to the Additional Debtors.

20.    For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## NOTICE

21.    The Debtors have provided notice of this Motion to: (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the DIP lender; (vi) the Debtors' cash management banks; (vii) counsel to the Committee; (viii) counsel to the Noteholder Group; (ix) counsel to the Unitholder Group; and (x) all parties who have requested notice in the Debtors' chapter 11 cases pursuant to Local Rule 2002-1.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order and such other and further relief as is just and proper.

Dated: March 9, 2018
Wilmington, Delaware

*/s/ Ian J. Bambrick*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Edmon L. Morton (No. 3856)
Ian J. Bambrick (No. 5455)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253

*Counsel for the Debtors and Debtors in Possession*

-and-

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee
Michael L. Tuchin
David A. Fidler
Jonathan M. Weiss
1999 Avenue of the Stars
39th Floor
Los Angeles, California 90067
Tel: (310) 407-4000
Fax: (310) 407-9090

*Proposed Counsel for the Debtors and Debtors in Possession*