IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 17-12560 (KJC) |
| WOODBRIDGE GROUP OF COMPANIES LLC, *et al.*[1] | Jointly Administered |
| Debtors. | |

**MOTION OF THE AD HOC UNITHOLDERS' GROUP OF
WOODBRIDGE MORTGAGE INVESTMENT FUND ENTITIES
CLARIFYING THE REQUIREMENT FOR PROVIDING
ACCESS TO CONFIDENTIAL AND PRIVILEGED INFORMATION**

The Ad Hoc Unitholders' Group (the "Unitholders' Group") of Woodbridge Mortgage Investment Fund Entities (collectively, the "Funds" and, together with the other above-captioned debtors, collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this Motion (the "Motion") for an order clarifying the requirement under the Settlement Order (as defined herein) and section 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") to provide access to confidential and privileged information, and states as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 175 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603.  The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard, #100, Sherman Oaks, California 91423.  A complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses may be obtained on the website of the Debtors' claims and noticing agent at www.gardencitygroup.com/cases/WGC.

meaning of 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution.

2.  Venue of this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are sections 105(a), 107(b) and 1102(b)(3) of the Bankruptcy Code.

## BACKGROUND

4.  On December 4, 2017 (the "Petition Date"), the Debtors commenced these chapter 11 cases, and they continue to manage their properties and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5.  On December 14, 2017, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") consisting of three members. On January 23, 2018 (the "Formation Date"), this Court entered an Order (the "Settlement Order") [**Dkt. 357**] approving a Term Sheet settling certain motions of parties-in-interest in these cases, which Term Sheet provided, among other things, for the appointment of the Unitholders' Group to represent the holders of units issued by the Funds (the "Unitholders"). The members of the Unitholders' Group are Dr. Raymond Blackburn and Dr. Chris Pinney.

6.  On January 5, 2018, the Creditors' Committee filed a *Motion of the Official Committee of Unsecured Creditors For an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* (the "Committee 1102(b) Motion) [**Dkt. 227**], in which the Creditors' Committee sought an order clarifying that it did not have to provide creditors with access to confidential or privileged information and establishing a protocol (the "Creditor

2

Information Protocol") with respect to disseminating, and responding to requests for, information.  On January 24, 2018, this Court entered an order (the "Section 1102(b) Order") [**Dkt. 371**] granting the relief requested in the Committee 1102(b) Motion and approving implementation by the Creditors' Committee of the Creditor Information Protocol.

## RELIEF REQUESTED AND REASONS THEREFOR

7. By this Motion, the Unitholders' Group seeks entry of an order, effective as of the Formation Date, (i) clarifying that the Settlement Order, by virtue of section 1102(b)(3) of the Bankruptcy Code, does not require the Unitholders' Group to disseminate proprietary, non-public or otherwise confidential information ("Confidential Information") concerning the Debtors or information subject to attorney-client or other applicable privilege ("Privileged Information") to Unitholders and (ii) approving implementation of the Creditor Information Protocol by the Unitholders' Group to provide information to the Unitholders in accordance with section 1102(b)(3)(A) of the Bankruptcy Code.

8. Section 1102(b)(3)(A) of the Bankruptcy Code states, in relevant part, that a committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information to creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee; . . ."  11 U.S.C. § 1102(b)(3)(A).  Neither section 1102(b)(3)(A) nor the legislative history of the statutory provision indicate how a committee should provide access to information to its constituents, particularly if the information is confidential or privileged information.

9. As set forth in the Committee 1102(b) Motion, this lack of direction and specificity creates significant issues for debtors and committees, particularly with respect to proprietary, non-public confidential information protected under section 107 of the Bankruptcy

3

Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure and other applicable federal and state laws. Section 1102(b)(3)(A) also raises issues with respect to attorney-client privileged information (or information subject to other applicable privileges), the disclosure of which would hamper committees' efforts to obtain independent and unfettered advice from its professionals and other third parties.

10.     Like the Creditors' Committee, the Unitholders' Group submits that the relief requested herein will benefit (i) the Debtors, by protecting them from breaching their own confidentiality requirements while allowing them to share Confidential Information with the committees with whom they must coordinate and negotiate during these chapter 11 cases, (ii) the Unitholders' Group, by allowing it to function effectively without requiring it to breach confidentiality agreements to which it is, or may become, bound or risk losing privileges that protect information it may receive in carrying out its duties, and (iii) the Unitholders by ensuring the proper functioning of the chapter 11 process.

11.     The Unitholders' Group submits that it would be in the best interests of these Debtors and their estates, and would promote uniformity with respect to access to information among creditors, if this Court were to authorize the Unitholders' Group to implement the Creditor Information Protocol as the means for providing information to Unitholders in accordance with section 1102(b)(3) of the Bankruptcy Code.

12.     In addition, the Unitholders' Group, through its counsel, is in the process of establishing a website to provide non-confidential and non-privileged information to Unitholders, which the Unitholders' Group will maintain until the earlier of (i) dissolution of the Unitholders' Group; (ii) dismissal or conversion of these chapter 11 cases and (iii) further order of this Court. The website will provide general information regarding these chapter 11 cases,

4

posts of relevant pleadings and information necessary to access the Court's website and contact Unitholders' Group's counsel.

13.     Given the lack of clarity in section 1102(b)(3)(A) and the harm that would result from dissemination of Confidential Information and Privileged Information, the Unitholders' Group submits that this Court has the authority under sections 105(a), 107(b) and 1102(b)(3) of the Bankruptcy Code to grant the relief requested in this Motion, that sufficient cause exists to grant the relief requested, and that the relief requested is in the best interests of the Debtors and their estates.

## **NO PRIOR REQUEST**

14.     No previous motion for the relief requested herein has been made to this or any other court.

## **NOTICE**

15.     Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to the DIP Lender, (iv) counsel to the Official Committee of Unsecured Creditors, (v) counsel to the Ad Hoc Group of Noteholders and (vi) all parties who have entered an appearance or request for service of papers in these chapter 11 cases. The Unitholders' Group respectfully submits that, in light of the nature of the relief requested, no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Unitholders' Group respectfully requests that this Court enter an order, pursuant to sections 105(a), 107(b) and 1102(b)(3) of the Bankruptcy Code, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: March 19, 2018  
       Wilmington, Delaware

**VENABLE LLP**

*/s/ Jamie L. Edmonson*  
Jamie L. Edmonson (No. 4247)  
1201 N. Market Street, Suite 1400  
Wilmington, Delaware 19801  
Telephone:  302-298-3535  
Facsimile:   302-298-3550  
E-mail:      jledmonson@venable.com

-and-

Jeffrey S. Sabin (*pro hac admission pending*)  
1270 Avenue of the Americas  
New York, New York 10020  
Telephone:  212-307-5500  
Facsimile:   212-307-5598  
E-mail:      jssabin@venable.com