IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 17-12560 (KJC) |
| WOODBRIDGE GROUP OF COMPANIES LLC, et al.[1] | Jointly Administered |
| Debtors. | Re: Docket No. 777 ʇᵒ 7 |

## ORDER CLARIFYING THE REQUIREMENT FOR THE AD HOC UNITHOLDERS' GROUP TO PROVIDE ACCESS TO CONFIDENTIAL AND PRIVILEGD INFORMATION

Upon consideration of the *Motion Of The Ad Hoc Unitholders' Group of Woodbridge Mortgage Investment Fund Entities Clarifying The Requirement For Providing Access to Confidential and Privileged Information* (the "Motion)[2] filed by the Ad Hoc Unitholders' Group (the "Unitholders' Group") of Woodbridge Group of Companies LLC, *et al.*, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been good and sufficient notice thereof; and no objection to the Motion have been filed; and it appearing that the relief requested in the Motion is in the best interests of

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard, #100, Sherman Oaks, California 91423. A complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses may be obtained on the website of the Debtors' claims and noticing agent at www.gardencitygroup.com/cases/WGC.

[2] All capitalized terms not otherwise defined in this Order shall have the same meaning herein as ascribed to such terms in the Motion.

the Debtors, their estates and all other parties-in-interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion be and hereby is granted.

2. Pursuant to 11 U.S.C. § 1102(b)(3)(A), the Unitholders' Group shall not be required to provide access to any proprietary, non-public or otherwise confidential information ("Confidential Information") concerning the Debtors or any other entity to any Unitholder except as provided in this Order.

3. Pursuant to 11 U.S.C. § 1102(b)(3)(A), the Unitholders' Group shall not be required to provide access to any information subject to the attorney-client privilege (or any other applicable privilege or doctrine) ("Privileged Information") that the Unitholders' Group receives in connection with the Debtors' chapter 11 cases to any Unitholder. Nonetheless, the Unitholders' Group shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information and (b) the relevant privilege is held and controlled solely by the Unitholders' Group.

4. The Unitholders' Group shall implement the Creditor Information Protocol set forth in this Court's *Order Clarifying The Requirements To Provide Access To Confidential Or Privileged Information*, entered January 24, 2018 **[Dkt. 371]** (the "Section 1102(b) Order") to provide access to information to Unitholders in accordance with 11 U.S.C. § 1102(b)(3)(A).

5. The Unitholders' Group may establish and maintain a website as described in the Motion.

6. Nothing in this Order shall expand, restrict, affirm or deny the obligation, if any, of a committee to provide or deny access to any information concerning the Debtors to any party except as explicitly provided herein.

7. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: April 5, 2018
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge