**THIS DOCUMENT IS NOT A SOLICITATION OF VOTES ON THE PLAN. VOTES MAY NOT BE SOLICITED UNTIL THE BANKRUPTCY COURT HAS APPROVED A DISCLOSURE STATEMENT. THIS DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT YET BEEN APPROVED BY THE BANKRUPTCY COURT. ALL OF THE INFORMATION IN THIS PROPOSED DISCLOSURE STATEMENT IS SUBJECT TO CHANGE. THIS DISCLOSURE STATEMENT IS NOT AN OFFER TO SELL ANY SECURITIES AND IS NOT SOLICITING AN OFFER TO BUY ANY SECURITIES.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |

**DISCLOSURE STATEMENT FOR THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF WOODBRIDGE GROUP OF COMPANIES, LLC AND ITS AFFILIATED DEBTORS**

Dated: Wilmington, Delaware
         August 3, 2018

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Edmon L. Morton (No. 3856)
Ian J. Bambrick (No. 5455)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Whitman L. Holt (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Tel:    (310) 407-4000
Fax:    (310) 407-9090

*Counsel to the Debtors and Debtors in Possession*

---

[1]    The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses is attached to the Plan as **Exhibit 1**.

## DISCLAIMER

THIS DISCLOSURE STATEMENT PROVIDES INFORMATION REGARDING THE *FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF WOODBRIDGE GROUP OF COMPANIES, LLC AND ITS AFFILIATED DEBTORS*, WHICH BANKRUPTCY PLAN THE DEBTORS ARE SEEKING TO HAVE CONFIRMED BY THE BANKRUPTCY COURT. THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS INCLUDED FOR PURPOSES OF SOLICITING ACCEPTANCES TO, AND CONFIRMATION OF, THE PLAN AND MAY NOT BE RELIED ON FOR ANY OTHER PURPOSE. APPROVAL OF THIS DISCLOSURE STATEMENT DOES NOT CONSTITUTE A DETERMINATION OR RECOMMENDATION BY THE BANKRUPTCY COURT REGARDING THE FAIRNESS OR THE MERITS OF THE PLAN.

THIS DISCLOSURE STATEMENT CONTAINS SUMMARIES OF CERTAIN PROVISIONS OF THE PLAN, CERTAIN STATUTORY PROVISIONS, AND CERTAIN DOCUMENTS RELATING TO THE PLAN. IN THE EVENT OF ANY CONFLICT, INCONSISTENCY, OR DISCREPANCY BETWEEN THE TERMS AND PROVISIONS IN THE PLAN AND THIS DISCLOSURE STATEMENT, THE PLAN SHALL GOVERN FOR ALL PURPOSES. ALL HOLDERS OF CLAIMS SHOULD READ THIS DISCLOSURE STATEMENT AND THE PLAN IN THEIR ENTIRETY BEFORE VOTING ON THE PLAN.

THE STATEMENTS CONTAINED HEREIN HAVE BEEN MADE AS OF THE DATE HEREOF UNLESS OTHERWISE SPECIFIED. HOLDERS OF CLAIMS AND EQUITY INTERESTS REVIEWING THIS DISCLOSURE STATEMENT SHOULD NOT INFER AT THE TIME OF SUCH REVIEW THAT THERE HAVE BEEN NO CHANGES IN THE FACTS SET FORTH HEREIN. ALTHOUGH THE DEBTORS HAVE MADE AN EFFORT TO DISCLOSE WHERE CHANGES IN PRESENT CIRCUMSTANCES COULD REASONABLY BE EXPECTED TO AFFECT MATERIALLY THE RECOVERIES UNDER THE PLAN, THIS DISCLOSURE STATEMENT IS QUALIFIED TO THE EXTENT CERTAIN EVENTS DO OR DO NOT OCCUR.

THIS DISCLOSURE STATEMENT HAS BEEN PREPARED IN ACCORDANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE AND NOT NECESSARILY IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR ANY OTHER NON-BANKRUPTCY LAW. THIS DISCLOSURE STATEMENT HAS NOT BEEN APPROVED OR DISAPPROVED BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION (THE "SEC") OR ANY FEDERAL, STATE, LOCAL, OR FOREIGN REGULATORY AGENCY, NOR HAS THE SEC OR ANY OTHER SUCH AGENCY PASSED UPON THE ACCURACY OR ADEQUACY OF THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT. ALL PERSONS OR ENTITIES SHOULD EVALUATE THIS DISCLOSURE STATEMENT AND THE PLAN IN LIGHT OF THE SPECIFIC PURPOSE FOR WHICH THE DOCUMENTS WERE PREPARED.

THE DEBTORS MAKE STATEMENTS IN THIS DISCLOSURE STATEMENT THAT MAY BE CONSIDERED FORWARD-LOOKING STATEMENTS UNDER THE FEDERAL SECURITIES LAWS. STATEMENTS CONCERNING THESE AND OTHER MATTERS ARE NOT GUARANTEES AND REPRESENT THE DEBTORS' ESTIMATES AND ASSUMPTIONS ONLY AS OF THE DATE SUCH STATEMENTS WERE MADE AND INVOLVE KNOWN AND UNKNOWN RISKS, UNCERTAINTIES, AND OTHER UNKNOWN FACTORS THAT COULD IMPACT THE DEBTORS' PLAN OR DISTRIBUTIONS THEREUNDER. IN ADDITION TO STATEMENTS THAT EXPLICITLY DESCRIBE SUCH RISKS AND UNCERTAINTIES, READERS ARE URGED TO CONSIDER STATEMENTS LABELED WITH THE TERMS "BELIEVES," "BELIEF," "EXPECTS," "INTENDS," "ANTICIPATES," "PLANS," OR SIMILAR TERMS TO BE UNCERTAIN AND FORWARD-LOOKING. CREDITORS AND OTHER INTERESTED PARTIES SHOULD ALSO REVIEW THE SECTION OF THIS DISCLOSURE STATEMENT ENTITLED "RISK FACTORS" FOR A DISCUSSION OF CERTAIN FACTORS THAT MAY AFFECT THE PLAN AND DISTRIBUTIONS THEREUNDER.

**TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................................6

    A.      Overview of the Plan .................................................................6

    B.      Plan Voting Instructions and Procedures ...........................................11

II.     BACKGROUND REGARDING THE FRAUDULENT ENTERPRISE........................16

    A.      The Determination that Shapiro Operated the Prepetition Debtors as a Ponzi Scheme ..................................................................16

    B.      Debtors' Organizational Structure ...................................................18

    C.      Shapiro's Fundraising Scheme .......................................................19

    D.      Investor Funds Were Commingled and Cannot Be Traced to Particular Properties ...................................................................22

    E.      The Prepetition Debtors' Fraudulent Marketing and Sales Practices .................23

    F.      Prepetition Investigations and Litigation ...........................................28

    G.      Events Leading to the Bankruptcy Filing and Shapiro's Prepetition Installation of New Management ..................................28

    H.      The Debtors' Capital Structure ......................................................30

III.    THE CHAPTER 11 CASES .....................................................................32

    A.      First Day Orders and Initial Employment Applications .........................33

    B.      DIP Financing Motion ...............................................................33

    C.      Appointment of the Unsecured Creditors' Committee ..........................35

    D.      United States Trustee ................................................................35

    E.      Meeting of Creditors .................................................................35

    F.      Schedules, Statements of Financial Affairs, Claims Bar Dates, and Filed Claims ......................................................................36

    G.      Sierra Employment Motion..........................................................36

    H.      Motions for Appointment of Trustee and Official Committees and Consensual Resolution Thereof ................................................37

    I.      Tintarella Motion for Relief From Stay ...........................................40

    J.      Sales of Real Property................................................................41

    K.      Motion for Authority to Pay Third-Party Secured Debt .........................46

    L.      Rejection and Assumption of Executory Contracts and Unexpired Leases .........47

    M.      Consent Orders.......................................................................48

    N.      Extension of Exclusivity Periods ...................................................49

    O.      Additional Employment Orders .....................................................50

P.     Claims Trading..................................................................................51

Q.     SEC Action ......................................................................................51

R.     Postpetition Litigation......................................................................54

S.     Plan Term Sheet...............................................................................56

IV.     SUMMARY OF THE JOINT CHAPTER 11 PLAN ...................................................56

A.     Purpose and Effect of the Plan.........................................................57

B.     Comprehensive Compromise and Settlement Under the Plan............57

C.     Substantive Consolidation and Its Relationship to the Plan Treatment of Claims...........................................................................................67

D.     The Liquidation Trust, the Wind-Down Entity, and the Liquidation Analysis..........................................................................................68

E.     Estimated Recoveries for Holders of Note Claims, Unit Claims, and General Unsecured Claims ...............................................................69

F.     Treatment of Claims and Equity Interests .........................................75

G.     Acceptance or Rejection of Plan.......................................................83

H.     Implementation of the Plan...............................................................84

I.     Executory Contracts and Unexpired Leases .....................................100

J.     Conditions Precedent to the Effective Date .....................................102

K.     Certain Miscellaneous Provisions....................................................103

V.     RISK FACTORS ...........................................................................................109

A.     Parties May Object to the Plan's Classification of Claims and Equity Interests.......................................................................................110

B.     The Debtors May Not Be Able to Obtain Confirmation of the Plan ..................110

C.     The Conditions Precedent to the Effective Date of the Plan May Not Occur............................................................................................110

D.     Claims Estimation and Allowance of Claims ...................................110

E.     Potential Pursuit of Liquidation Trust Actions Against Creditors and Others..........................................................................................111

F.     Risks Regarding Real Estate...........................................................111

G.     Securities Law Considerations........................................................112

H.     Tax Considerations ........................................................................113

VI.     CONFIRMATION OF THE PLAN.....................................................................114

A.     The Confirmation Hearing..............................................................114

B.     Requirements for Confirmation of the Plan......................................114

| | | |
|---|---|---|
| C. | Best Interests of Creditors | 115 |
| D. | Feasibility | 116 |
| E. | Acceptance by Impaired Classes | 116 |
| F. | Confirmation Without Acceptance by All Impaired Classes | 117 |
| G. | Alternatives to Confirmation and Consummation of the Plan | 118 |
| VII. | CERTAIN SECURITIES LAW CONSEQUENCES OF THE PLAN | 118 |
| A. | General | 118 |
| B. | Exemption From Offer and Sale of Securities Act and Blue Sky Laws | 119 |
| C. | Exchange Act and other securities law compliance | 120 |
| VIII. | CERTAIN UNITED STATES FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN | 122 |
| A. | Certain U.S. Federal Income Tax Consequences of the Liquidation Trust | 124 |
| B. | Consequences to Holders of Claims Generally | 125 |
| C. | Consequences to Liquidation Trust Beneficiaries | 127 |
| D. | Withholding on Distributions, and Information Reporting | 129 |
| IX. | RECOMMENDATION | 130 |

## EXHIBITS & SCHEDULES

| | |
|---|---|
| EXHIBIT A | First Amended Joint Chapter 11 Plan of Liquidation |
| EXHIBIT B | Liquidation Analysis |
| EXHIBIT C | New Board of Managers Biographies |
| EXHIBIT D | Non-Exclusive Description of Preserved Liquidation Trust Actions |
| EXHIBIT E | Wind-Down Business Plan Summary |
| SCHEDULE 1 | Schedule of Excluded Parties |
| SCHEDULE 2 | Schedule of Non-Debtor Loan Note Claims |
| SCHEDULE 3 | Schedule of Principal Amounts and Prepetition Distributions |

---

**THE EXHIBITS AND SCHEDULES ATTACHED TO THIS DISCLOSURE STATEMENT
ARE INCORPORATED BY REFERENCE AS THOUGH FULLY SET FORTH HEREIN**

---

## **GENERAL OVERVIEW AND SUMMARY**

This disclosure statement (the "Disclosure Statement") describes in detail the historical background that led to the bankruptcy cases of Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, "Woodbridge" or the "Debtors"), explains what has happened in the months since the Debtors commenced their bankruptcy cases, and sets forth the treatment of creditors in the Debtors' proposed plan of liquidation (the "Plan"). This overview and summary highlights the main points discussed in the Disclosure Statement, and should be read in conjunction with the remainder of the Disclosure Statement. This general overview and summary is qualified by the express terms of the Plan.

### 1. **Historical Background of the Debtors**

These bankruptcy cases arise out of a massive, multi-year fraudulent scheme perpetrated by Robert Shapiro between (at least) 2012 and 2017.[2] As part of this fraud, Shapiro, through the Woodbridge entities, raised over one billion dollars from approximately 10,000 investors—as either Noteholders or Unitholders—and used approximately $368 million of new investor funds to pay existing investors—a typical characteristic of Ponzi schemes. Importantly, Shapiro, as described more fully below, is ***no longer involved*** in any capacity with the control of the Debtors or of these bankruptcy cases.

While he was in control of the prepetition Debtors, Shapiro deceived investors in order to obtain their money. He told investors that their money would be used to make high-interest loans to unrelated, third-party borrowers and gave Noteholders documents referencing a specific property for which their funds were allegedly being used. Shapiro also told Noteholders that their notes were backed by mortgages on those specific properties, which, if true, would typically mean that investors could recover their investments from the proceeds of a sale of that property.

In reality, these were lies on a massive scale. Investors' money was nearly entirely *not* used to make high-interest loans to unrelated, third-party borrowers, and investors' money was *not* used for the specific property that may have been identified in any particular investor's documentation from the prepetition Debtors. Instead, Shapiro created disguised affiliates to which money was "loaned," which entities had no ability to service debt. Shapiro further took nearly all of the investors' money and commingled it into one central bank account. The funds used for property purchases from this central, pooled account generally cannot be traced to any particular Woodbridge "fund" entity or its investors. Moreover and unfortunately, payments from that central, pooled account were not used only for property purchases. Shapiro also used investor money to pay approximately $64.5 million in commissions to sales agents who sold these fraudulent "investments" and used investor money to pay at least $21.2 million for Shapiro's personal benefit (including, for example, purchasing luxury items, travel, wine, and the

---

[2]   Pursuant to the Plan Term sheet, the Plan will acknowledge and admit that the Debtors operated as a Ponzi scheme since at least August 2012 , which scheme was discovered no later than December 2017 when the SEC unsealed its action against Robert Shapiro and others and alleged facts evidencing such Ponzi scheme. To the extent that the Court does not confirm the Plan, the Debtors and each of the three "Committees" reserve all of their respective rights (and/or defenses) respecting the characterization and the ramifications of the massive fraud upon investors and other creditors.

like). Additionally and critically, in the absence of any meaningful cash inflows into the prepetition Debtors from sources other than investors, Shapiro and the prepetition Debtors, which he controlled, used approximately $368 million of new investor funds to pay "interest" and "principal" to existing investors.

By late 2017, Shapiro was being investigated by the United States Securities and Exchange Commission (the "SEC") and numerous state regulatory agencies. As a result, Shapiro found it difficult to raise new investor money. As Shapiro's use of funds reflects, the prepetition Debtors were reliant on money from new investors to make the payments promised to existing investors. When new investments dried up, the prepetition Debtors could no longer make these payments to existing investors, and therefore Shapiro's web of deceit quickly unraveled.

## 2. **Debtors' Bankruptcy Cases**

Shapiro hired new outside managers for the prepetition Debtors on or about December 1, 2017, who commenced the many of the Debtors' bankruptcy cases on December 4, 2017. On December 14, 2017, the Office of the United States Trustee formed the Official Committee of Unsecured Creditors (the "Unsecured Creditors' Committee").

On December 20, 2017, the SEC filed a complaint in Florida federal court against Shapiro and his affiliates, including the Debtors, detailing much of the massive fraud perpetrated by Shapiro prepetition. The SEC asked the Florida court to appoint a receiver who would displace the Debtors' management in these bankruptcy cases, but the court declined to immediately act on this request in light of the Debtors' pending bankruptcy cases.

On December 28, 2017, the Unsecured Creditors' Committee filed a motion seeking appointment of a chapter 11 trustee to replace the Debtors' management team, arguing that the team was "hand-picked by Shapiro, and ha[d] done his bidding both before and after the filing of these cases." The SEC later made a similar request, arguing that the new "independent" management team was "completely aligned [with Shapiro] in controlling this bankruptcy."

Around this time, certain groups of Noteholders and a group of Unitholders sought appointment of official committees of Noteholders and Unitholders, respectively. One of the Noteholder groups actively opposed the trustee motions, expressing concern that such appointment, without official representation for Noteholders, could set in motion a series of events that could ultimately prove harmful to Noteholders' interests in the cases.

On January 23, 2018, following several days of evidentiary hearings on the trustee motions, the Debtors, the Unsecured Creditors' Committee, the SEC, as well as groups of Noteholders and Unitholders, reached a settlement of the trustee motions and the motions for appointment of official Noteholder and Unitholder committees. The settlement provided, among other things:

**I.** A new board of managers—with no ties whatsoever to Shapiro—was formed to govern the Debtors (the "New Board").

**II.** The New Board was empowered to select a chief executive officer or chief restructuring officer—and shortly thereafter selected and employed individuals for both of those positions.

**III.** The New Board was empowered to select new counsel for the Debtors—and, upon consultation with the SEC, in mid-February did select new bankruptcy co-counsel.

**IV.** Noteholders were permitted to form a single six-to-nine-member fiduciary Noteholder committee to advocate for the interests of Noteholders in the cases (the "Noteholder Committee"), with a professional fee budget, to be funded by the Debtors, through January 1, 2019.

**V.** Unitholders were permitted to form a single one-to-two-member fiduciary Unitholder committee to advocate for the interests of Unitholders in the cases (the "Unitholder Committee"), with a professional fee budget, to be funded by the Debtors, through January 1, 2019.

Beginning in at least late January 2018, Shapiro had and still has no control over the Debtors whatsoever. Instead, the Debtors were, and are, managed by a new and independent board of managers and new management, none of whom had any prior involvement with Shapiro.

The Debtors and their new management and advisors have worked diligently with all of the creditor representatives—the Unsecured Creditors' Committee, the Noteholder Committee, and the Unitholder Committee—to ensure that investors can recover as much money as possible, and that the Debtors' funds are not squandered by years of litigation between and among the Debtors' creditor constituencies.

Ultimately, the Debtors and all of these creditor constituencies reached a settlement— which settlement is fully described in the Disclosure Statement and is embodied in the accompanying Plan. The settlement recognizes certain unfortunate realities: that Shapiro ran a fraudulent scheme (which the Plan will acknowledge and admit was operated as a Ponzi scheme), that he did not use investor money as he claimed he would, that he misrepresented the nature of the security provided to Noteholders, and that he did not take appropriate legal steps to protect the Noteholders' interests with respect to any such security.

### 3. Debtors' Proposed Bankruptcy Plan

The Debtors deeply regret these realities, and they have worked diligently to maximize investor recoveries. To that end, the Plan provides for the creation of two entities: (i) a Wind-Down Entity, which will own many of the Debtors' assets (including the Debtors' real properties) and will sell those assets to generate cash, and (ii) a Liquidation Trust, which will own the Wind-Down Entity and receive cash generated by the Wind-Down Entity and will distribute that (and other) cash to creditors (including to investors). The Liquidation Trust will also own litigation claims against third parties and may generate cash through prosecution or settlement of those claims. However, the estimated recoveries to creditors set forth below and in the Disclosure Statement do not take into account potential proceeds of these litigation claims because they are unpredictable and highly contingent.

Critically, the Debtors have ensured that creditors have indirect control over the decisions that will be made by the Liquidation Trust. The proposed Liquidation Trustee, Mr. Michael Goldberg, was the SEC's designee to, and is a current member of, the Debtors' New Board of Managers, and he was unanimously selected to be the Liquidation Trustee by the Unsecured

Creditors' Committee, the Noteholder Committee, and the Unitholder Committee. In addition, the Liquidation Trust Supervisory Board will consist of five members—three selected by the Unsecured Creditors' Committee, and one each selected by the Noteholder Committee and the Unitholder Committee.

Cash will be distributed by the Liquidation Trust to Noteholders, Unitholders, and other creditors both up-front and over time (as the Wind-Down Entity sells properties). Noteholders, Holders of General Unsecured Claims, and Unitholders initially will be paid at the same time by each receiving Class A Liquidation Trust Interests that entitle them to cash distributions. But, the settlement addresses the disputes regarding whether the Units actually are "claims," or instead are "equity" (ownership interests) in the Debtors (in which case Unitholders could be entitled to be paid nothing), and whether the Notes are validly secured (either directly or indirectly) by the subject real properties. Rather than spend significant time and money litigating these very complicated issues, the parties negotiated and settled upon allowance of claims for Unitholders at a 27.5% discount as compared to Noteholders' claims. Thus, Unitholders will initially receive 72.5% of what Noteholders receive in terms of relative distributions against their respective net investments. This aspect of the settlement is accomplished by affording Noteholders Class A Liquidation Trust Interests for 100% of their Net Note Claims and affording Unitholders Class A Liquidation Trust Interests for only 72.5% of their Net Unit Claims. (Unitholders also get Class B Liquidation Trust Interests for the other 27.5% of their Net Unit Claims, so that if there is more money available after payment of the Net Note Claims, Allowed General Unsecured Claims, and Net Unit Claims represented by the Class A Liquidation Trust Interests, then Unitholders will receive cash distributions on their Class B Liquidation Trust Interests until the remaining Net Unit Claims are paid.)[3]

Further, the Plan provides for "substantive consolidation" of all Woodbridge Fund Debtors (*i.e.*, the ones that raised money from investors) into one entity and all other Debtors (including those that own the subject real properties) into a second entity in order to effectuate the distributions explained above. Substantive consolidation generally refers to the pooling of assets and liabilities of several entities. In other words, if Entity A holds $100 of assets and owes $0 of liabilities, and Entity B holds $0 of assets and owes $100 of liabilities, and if those two entities are substantively consolidated, the resulting entity will hold $100 of assets and owe $100 of liabilities.

The Plan also incorporates a "netting" mechanism where distributions of Liquidation Trust Interests will be made based on the Net Note Claim or the Net Unit Claim. These net amounts are calculated based on the Outstanding Principal Amount of a Note Claim or a Unit Claim, *minus* the aggregate amount of all Prepetition Distributions received by the claimholder. As discussed further in the Disclosure Statement, the Plan provides for this "netting" because of the conclusion that the Debtors operated as a Ponzi scheme (as acknowledged in the Plan and if approved by the Court), in which case any Prepetition Distributions to Noteholders or Unitholders (representing, for example, purported interest) could be avoided and recovered for

---

[3] Noteholders and Unitholders also are afforded on their Ballots the opportunity to elect to become Contributing Claimants, and have such amounts increased by multiplying them by the Contributing Claimants Enhancement Multiplier (i.e., 105%), as more fully described in Section I.A.2 hereof.

the benefit of other investors under state and federal "fraudulent transfer" laws. Based on their books and records, the Debtors have prepared a "Schedule of Principal Amounts and Prepetition Distributions" (a copy of which is attached to the Disclosure Statement) that lists the Debtors' calculation of the Net Note Claims and the Net Unit Claims. The specific amounts applicable to you are set forth in your Ballot. If you agree with the net claim amounts set forth in your Ballot, then you do not need to take any action with respect to that item of the Ballot and will have agreed to (and have Allowed Claims based on) the amounts set forth in the Schedule of Principal Amounts and Prepetition Distribution. If you disagree with the net claim amounts set forth in the Schedule of Principal Amounts and Prepetition Distributions, then you have the option to check a box on your Ballot and dispute such amount. **If you check this box on your Ballot, this may significantly delay the timing of Distributions (if any) to you. The Debtors reserve all rights to object to the validity, amount, or any other aspect of any Claim held by a Disputing Claimant who disputes the amounts set forth on their Ballot. In addition, the Debtors reserve any Liquidation Trust Actions that may exist regarding the particular Disputing Claimant, all of which the Liquidation Trust may determine to pursue against the particular Disputing Claimant as part of post-confirmation litigation relating to the correct Net Note Claim or Net Unit Claim amounts and related matters.**

The Debtors estimate the following recoveries for Noteholders and Unitholders (and general unsecured creditors) under the Plan:

| Class 3 | Standard Note Claims | 60%-70% of Net Amounts |
|---------|----------------------|------------------------|
| Class 4 | General Unsecured Claims | 60%-70% of Allowed Amounts |
| Class 5 | Unit Claims | 40%-50% of Net Amounts |
| Class 6 | Non-Debtor Loan Note Claims | 60%-70% of Net Amounts[4] |

\*      \*      \*

The Debtors deeply regret these circumstances, and understand the precarious financial position that many investors are in as a result of Shapiro's fraudulent scheme and its sudden collapse last December. However, the Debtors believe that the settlement described above and reflected in the Plan, which is the result of extensive negotiations with significant investor input, represents the best outcome of these unfortunate circumstances, and importantly, provides the best prospect for investors to receive distributions as soon as possible.

---

[4]    Although a higher recovery is theoretically possible if the Bankruptcy Court ultimately finds that any of these Noteholders are secured by a properly perfected, unavoidable, and enforceable security interest, the Debtors do not believe such an outcome is likely. Instead, the Debtors believe that all Noteholders currently classified in Class 6 will ultimately be reclassified into Class 3, either on a consensual basis or after litigation.

# I.   INTRODUCTION

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code (the "Bankruptcy Code"), in connection with the solicitation of votes on the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors*, dated as of August 3, 2018 (as amended, modified, or supplemented from time to time pursuant to its terms, the "Plan"). A copy of the Plan is attached hereto as **Exhibit A**.[5]

The purpose of this Disclosure Statement is to enable Creditors whose Claims are Impaired under the Plan and who are entitled to vote on the Plan to make an informed decision when exercising their right to accept or reject the Plan. This Disclosure Statement sets forth certain information regarding the Debtors' prepetition operating and financial history, their reasons for seeking protection under chapter 11 of the Bankruptcy Code, the course of these Chapter 11 Cases, and the anticipated orderly liquidation of the Estate Assets. This Disclosure Statement also describes certain terms and provisions of the Plan, certain effects of Confirmation of the Plan, certain risk factors associated with the Plan, and the manner in which Distributions will be made under the Plan. In addition, this Disclosure Statement discusses the confirmation process and the voting and election procedures that Creditors entitled to vote under the Plan must follow for their votes to be counted.

## A.   Overview of the Plan

### 1.   General Structure of the Plan

A bankruptcy plan is a vehicle for satisfying the rights of holders of claims against and equity interests in a debtor. Consummation of a plan is the overriding purpose of a chapter 11 case. Upon confirmation and effectiveness, a plan becomes binding on the debtor and all of its creditors and equity interest holders.

In these Chapter 11 Cases, the Plan contemplates a liquidation of each of the Debtors and is therefore referred to as a "plan of liquidation." The Debtors' assets largely consist of 189 real properties (as of the date of this Disclosure Statement), Cash, and the Liquidation Trust Actions under the Plan. The Liquidation Trust Actions include, but are not limited to, causes of action, claims, remedies, or rights that may be brought by or on behalf of the Debtors or the Estates under chapter 5 of the Bankruptcy Code and related statutes or common law, as well as any other claims, rights, or causes of action held by the Debtors' Estates. The estimated recoveries to creditors set forth in this Disclosure Statement do not take into account potential proceeds of the Liquidation Trust Actions because they are unpredictable and highly contingent. Among other things, although the Debtors believe that strong litigation claims may exist, the ability to collect any judgment on those claims remains unknown at this time.

---

[5]   All capitalized terms used but not defined herein shall have the meanings provided to such terms in the Plan. The summary of the Plan provided herein is qualified in its entirety by reference to the Plan. In the case of any inconsistency between the summary herein and the Plan, the Plan shall govern.

The Plan provides for the creation of a Liquidation Trust and a Wind-Down Entity, as well as the appointment of a Liquidation Trustee and a Wind-Down CEO, who will administer and liquidate all remaining property of the Debtors and their Estates, subject to the supervision and oversight of the Liquidation Trust Supervisory Board and the Wind-Down Board, respectively, all as described more fully in Section IV.D of this Disclosure Statement. The Plan also provides for Distributions to be made to certain Holders of Administrative Claims, Professional Fee Claims, Priority Tax Claims, DIP Claims, Other Secured Claims, Priority Claims, Note Claims (both Standard Note Claims and Non-Debtor Loan Note Claims), General Unsecured Claims, Unit Claims, and potentially Subordinated Claims, and for the funding of the Liquidation Trust and the Wind-Down Entity. The Plan also provides for two levels of substantive consolidation as of the Effective Date—(i) of all of the Fund Debtors into Woodbridge Mortgage Investment Fund 1, LLC ("Fund 1"), and (ii) of all of the Other Debtors into Woodbridge Group of Companies, LLC.  Finally, the Plan provides for the cancellation of all Equity Interests in the Debtors, the dissolution and wind-up of the affairs of the Debtors, and the administration of any remaining assets of the Debtors' Estates by the Liquidation Trustee or the Wind-Down CEO, as applicable.

**THE DEBTORS BELIEVE THAT THE PLAN IS FAIR AND EQUITABLE, WILL MAXIMIZE RECOVERIES TO CREDITORS, AND IS IN THE BEST INTERESTS OF THE DEBTORS AND THEIR CONSTITUENTS. FOR THESE REASONS, THE DEBTORS URGE HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO TIMELY RETURN THEIR BALLOTS AND TO VOTE TO <u>ACCEPT</u> THE PLAN.**

**THE PLAN IS THE PRODUCT OF EXTENSIVE NEGOTIATION WITH, AND IS SUPPORTED BY, ALL THREE OF THE COMMITTEES APPOINTED IN THE CHAPTER 11 CASES, WHO WILL BE PROVIDING THEIR OWN STATEMENT SIMILARLY URGING HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO TIMELY RETURN THEIR BALLOTS AND TO VOTE TO <u>ACCEPT</u> THE PLAN.**

### 2.    Material Terms of the Plan

The following is a general overview of certain material terms of the Plan:

• All Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, Allowed DIP Claims, Allowed Other Secured Claims, and Allowed Priority Claims will be paid or otherwise satisfied in full as required by the Bankruptcy Code, unless otherwise agreed to by the Holders of such Claims and the Liquidation Trustee or the Wind-Down Entity, as applicable.

• Holders of Allowed Standard Note Claims will receive one (1) Class A Liquidation Trust Interest for each $75.00 of Net Note Claims held by the applicable Noteholder with respect to its Allowed Note Claims. (If such calculation otherwise would result in such Holder receiving a fractional Class A Liquidation Trust Interest, the amount will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). Distributions of Cash on account of the Class A Liquidation Trust Interests will be made in accordance with the Liquidation Trust Interests Waterfall, including an initial Distribution of Cash to Holders of Class A

Liquidation Trust Interests targeted to be made by December 31, 2018 (after the Plan Effective Date) from the Initial Distribution Fund, which is Cash in a range targeted at $42.5 to $85.0 million in the aggregate.

- Holders of Allowed General Unsecured Claims will receive one (1) Class A Liquidation Trust Interest for each $75.00 of Allowed General Unsecured Claims held by the applicable Creditor with respect to its Allowed General Unsecured Claims. (If such calculation otherwise would result in such Holder receiving a fractional Class A Liquidation Trust Interest, the amount will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). Distributions of Cash on account of the Class A Liquidation Trust Interests will be made in accordance with the Liquidation Trust Interests Waterfall, including an initial Distribution of Cash to Holders of Class A Liquidation Trust Interests targeted to be made by December 31, 2018 (after the Plan Effective Date) from the Initial Distribution Fund, which is Cash in a range targeted at $42.5 to $85.0 million in the aggregate.

- Holders of Allowed Unit Claims will receive 72.5% of one (1) Class A Liquidation Trust Interests and 27.5% of one (1) Class B Liquidation Trust Interest for each $75.00 of Net Unit Claims held by the applicable Unitholder with respect to its Allowed Unit Claims. (If such calculation otherwise would result in such Holder receiving a fractional Liquidation Trust Interest any resulting fractional Liquidation Trust Interests will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). Distributions of Cash on account of the Class A Liquidation Trust Interests and Class B Liquidation Trust Interests will be made in accordance with the Liquidation Trust Interests Waterfall, including an initial Distribution of Cash to Holders of Class A Liquidation Trust Interests targeted to be made by December 31, 2018 (after the Plan Effective Date) from the Initial Distribution Fund, which is Cash in a range targeted at $42.5 to $85.0 million in the aggregate.

- Holders of Allowed Non-Debtor Loan Note Claims[6] who prevail through litigation that they hold a valid and perfected Secured Claim will receive Cash from the Liquidation Trust in the amount of such Holder's Allowed Claim to the extent such Allowed Claim is a Secured Claim, with post-Confirmation interest thereon at the applicable contract rate, and any Holder of such Allowed Claim shall release (and by the Confirmation Order shall be deemed to release) all Liens against any Estate Assets. All other Holders of these Claims will be reclassified into Class 3 and their Claims will be treated as if such Claims had always been part of Class 3. **In order to avoid the need for significant litigation expense and delay, the Debtors encourage all recipients of a Class 6 Ballot to choose to have their Claims reclassified in Class 3 pursuant to the procedures set forth in the Disclosure Statement Order and Class 6 Ballot.**

- Holders of Allowed Subordinated Claims will retain a residual right to receive Cash that remains in the Liquidation Trust after the final administration of all Liquidation Trust

---

[6]   A Schedule of Non-Debtor Loan Note Claims is attached hereto as **Schedule 2**.

Assets and the complete satisfaction of all senior payment rights within the Liquidation Trust Interests Waterfall.

- As of the Effective Date, all Equity Interests in the Debtors shall be deemed void, cancelled, and of no further force and effect. On and after the Effective Date, Holders of Equity Interests shall not be entitled to, and shall not receive or retain any property or interest in property under the Plan on account of such Equity Interests.

- In accordance with sections 3.4, 3.6, and 3.7 of the Plan, each Noteholder and Unitholder may agree, by electing on its Ballot, to assign to the Liquidation Trust all Causes of Action that any Noteholder or Unitholder has against any Person that is not a Released Party and that are related in any way to the Debtors. The relative share of Liquidation Trust recoveries for any such electing Noteholder (to the extent its Claims are ultimately treated as part of Class 3) or Unitholder will be enhanced by having the amount that otherwise would be its Net Note Claim or Net Unit Claim increased by multiplying it by the Contributing Claimants Enhancement Multiplier (*i.e.*, 105%). Noteholders and Unitholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

- In accordance with Section 5.8 of the Plan, subject to the rights of Allowed Other Secured Claims and the reservations set forth in such Section 5.8, the Fund Debtors will be substantively consolidated into Woodbridge Mortgage Investment Fund 1, LLC and the Other Debtors will be substantively consolidated into Woodbridge Group of Companies, LLC.

- Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however*, that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by (a) the Liquidation Trust as to any Collateral that is Cash and (b) otherwise, the Wind-Down Entity.

- The Liquidation Trust will be created to (a) most effectively and efficiently pursue the Liquidation Trust Actions (including the Contributed Claims) for the collective benefit of all the Liquidation Trust Beneficiaries, (b) to own the Wind-Down Entity and receive the net proceeds of real estate sales, and (c) to pay Distributions, in accordance with the Plan, to Noteholders, Holders of General Unsecured Claims, and Unitholders in respect of their Liquidation Trust Interests.

3.    **Summary of Treatment of Claims and Equity Interests Under the Plan**

The table below summarizes the classification and treatment of Claims and Equity Interests under the Plan.

**THE PROJECTED RECOVERIES FOR NOTE CLAIMS, GENERAL UNSECURED CLAIMS, AND UNIT CLAIMS SET FORTH IN THE TABLE BELOW ARE ESTIMATES ONLY AND ACTUAL RECOVERIES MAY DIFFER. FOR A COMPLETE DESCRIPTION OF THE DEBTORS' CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS, REFERENCE SHOULD BE MADE TO THE PLAN.**

| CLASS | DESCRIPTION | IMPAIRED/ UNIMPAIRED | PROJECTED RECOVERY |
|-------|-------------|----------------------|--------------------|
| None | Administrative Claims | Unimpaired | 100% |
| None | Professional Fee Claims | Unimpaired | 100% |
| None | Priority Tax Claims | Unimpaired | 100% |
| None | DIP Claims | Unimpaired | 100% |
| Class 1 | Other Secured Claims | Unimpaired | 100% |
| Class 2 | Priority Claims | Unimpaired | 100% |
| Class 3 | Standard Note Claims | Impaired | 60%-70%[7] |
| Class 4 | General Unsecured Claims | Impaired | 60%-70%[8] |
| Class 5 | Unit Claims | Impaired | 40%-50%[9] |

---

[7]    Estimated recoveries for Class 3, Class 4, and Class 5 were projected based on the Debtors' Wind-Down Business Plan and projections regarding anticipated disposition of assets, which were developed in consultation with the Committees and are based upon the total amount of Filed and Scheduled Claims to date (reduced as to Class 3 Standard Note Claims and Class 5 Unit Claims by the Prepetition Distributions). Estimated recoveries will be affected by, among other things, the ultimate pool of Allowed Claims in each such Class, including any potential decrease in each such pool as a result of any potential future objections to Filed or Scheduled Claims, resolutions of Claims of Disputing Claimants, the amount of Wind-Down Expenses and Liquidation Trust Expenses, and the recoveries realized from the Wind-Down Assets and the Liquidation Trust Assets. In estimating recoveries, the Debtors, based on consultation with the Committees, have not included projected recoveries, if any, that may be generated on account of Liquidation Trust Actions, as such recoveries are unpredictable and collectability is unknown at this time.

[8]    See footnote 7 above.

[9]    See footnote 7 above.

| CLASS | DESCRIPTION | IMPAIRED/ UNIMPAIRED | PROJECTED RECOVERY |
|-------|-------------|---------------------|--------------------|
| Class 6 | Non-Debtor Loan Note Claims | Impaired | 60%-70%[10] |
| Class 7 | Subordinated Claims | Impaired (deemed to reject) | 0% |
| Class 8 | Equity Interests | Impaired (deemed to reject) | 0% |

**THE DEBTORS BELIEVE THAT THE PLAN PROVIDES THE BEST RECOVERIES POSSIBLE FOR HOLDERS OF CLAIMS AGAINST THE DEBTORS AND THUS STRONGLY RECOMMEND THAT YOU VOTE TO <u>ACCEPT</u> THE PLAN. THE PLAN IS SUPPORTED BY THE UNSECURED CREDITORS' COMMITTEE, THE NOTEHOLDER COMMITTEE, AND THE UNITHOLDER COMMITTEE.**

B.     **Plan Voting Instructions and Procedures**

1.     **Voting Rights**

Under the Bankruptcy Code, only classes of claims or interests that are "impaired" and that are not deemed as a matter of law to have rejected a plan under Bankruptcy Code section 1126 are entitled to vote to accept or reject such plan. Any class that is "unimpaired" is not entitled to vote to accept or reject a plan and is conclusively presumed to have accepted such plan. As set forth in Bankruptcy Code section 1124, a class is "impaired" if the legal, equitable, or contractual rights attaching to the claims or equity interests of that class are modified or altered by the proposed plan. Holders of claims or interests within an impaired class are entitled to vote to accept or reject a plan if such claims or interests are "allowed" under Bankruptcy Code section 502.

Under the Bankruptcy Code, acceptance of a plan by a class of claims is determined by calculating the number and the amount of allowed claims voting to accept such plan. Acceptance by a class of claims requires more than one-half of the number of total allowed claims voting in the class to vote in favor of the plan and at least two-thirds in dollar amount of the total allowed claims voting in the class to vote in favor of the plan; only those non-insider holders that actually vote to accept or reject the plan are counted for purposes of determining whether these dollar and number thresholds are met. Thus, a Class of Claims will have voted to accept the Plan only if two-thirds in amount and a majority in number that actually vote cast their Ballots in favor of acceptance.

---

[10]     See footnote 7 above. Although a higher recovery is theoretically possible if the Bankruptcy Court ultimately finds that any of these Noteholders are secured by a properly perfected, unavoidable, and enforceable security interest, the Debtors do not believe such an outcome is likely.  Instead, the Debtors believe that all Noteholders currently classified in Class 6 will ultimately be reclassified into Class 3, either on a consensual basis or after litigation.

Pursuant to the Plan, Claims in Class 3, Class 4, Class 5, and Class 6 are Impaired by, and entitled to receive a Distribution under, the Plan, and only the Holders of Claims in those Classes that are Allowed Claims or have been deemed allowed for voting purposes are entitled to vote to accept or reject the Plan. Only Holders of Claims in Class 3, Class 4, Class 5, or Class 6 as of the dates specific in the Disclosure Statement Order (the "Voting Record Date") may vote to accept or reject the Plan. For Holders of Claims in Classes 1, 2, 4, and 7, **August 21, 2018** shall be the Voting Record Date. For Holders of Claims in Classes 3, 5, and 6, **December 4, 2017** shall be the Voting Record Date.

Pursuant to the Plan, Claims in Class 1 and Class 2 are Unimpaired by the Plan, and such Holders are deemed to have accepted the Plan and are therefore not entitled to vote on the Plan.

The Debtors have determined not to solicit the votes of Holders of any Subordinated Claims in Class 7, and such Holders shall be deemed to have rejected the Plan and, therefore, such Holders are not entitled to vote on the Plan. Pursuant to the Plan, Equity Interests in Class 8 will not receive or retain any property under the Plan on account of such Equity Interests, and are therefore deemed to reject the Plan and are not entitled to vote on the Plan.

## 2.    Solicitation Materials

The Debtors, with the approval of the Bankruptcy Court, have engaged Garden City Group, LLC (the "Voting Agent") to serve as the voting agent to process and tabulate Ballots and to generally oversee the voting process. The following materials constitute the solicitation package (the "Solicitation Package"):

- This Disclosure Statement, including the Plan and all other Exhibits and Schedules thereto;

- The Bankruptcy Court order approving this Disclosure Statement (the "Disclosure Statement Order") (excluding exhibits);

- The notice of, among other things, (i) the date, time, and place of the hearing to consider Confirmation of the Plan and related matters and (ii) the deadline for filing objections to Confirmation of the Plan (the "Confirmation Hearing Notice");

- One or more Ballots, to be used in voting to accept or to reject the Plan and, in the case of holders of Notes and Units, to elect to contribute claims to the Liquidation Trust, and applicable instructions with respect thereto (the "Voting Instructions");

- A pre-addressed, postage pre-paid return envelope;

- The Schedule of Principal Amounts and Prepetition Distributions (only for Creditors in Class 3, Class 5, or, potentially, Class 6), which is attached hereto as **Schedule 3**, which sets forth the Principal Amounts and Prepetition Distributions that, absent timely objection properly made as described in the Ballot, will drive the specific Distributions that Noteholders or Unitholders will receive pursuant to the Class 3 and Class 5 treatment provisions of the Plan; and

- Such other materials as the Bankruptcy Court may direct or approve.

The Debtors, through the Voting Agent, will distribute the Solicitation Package in accordance with the Disclosure Statement Order. The Solicitation Package is also available without charge at the Debtors' restructuring website at http://cases.gardencitygroup.com/wgc/.

On or before the date that is seven (7) days prior to the Voting Deadline (defined below), the Debtors will File a Plan Supplement. As the Plan Supplement is updated or otherwise modified, it will be made available without charge at the Debtors' restructuring website at http://cases.gardencitygroup.com/wgc/.

If you are the Holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Ballot or your Ballot is damaged or illegible, or if you have any questions concerning voting procedures, you should contact the Voting Agent by writing to:

Woodbridge Group of Companies, LLC
c/o Garden City Group
P.O. Box 10545
Dublin, Ohio 43017-0208
Toll Free: 1-888-735-7613
Email: WGCInfo@choosegcg.com

If your Claim is subject to a pending claim objection and you wish to vote on the Plan, you must File a motion pursuant to Bankruptcy Rule 3018 with the Bankruptcy Court for the temporary allowance of your Claim for voting purposes and your Claim or portion thereof, as applicable, must be temporarily allowed by the Bankruptcy Court for voting purposes by the Voting Deadline or you will not be entitled to vote to accept or reject the Plan.

**THE DEBTORS AND THE LIQUIDATION TRUST, AS APPLICABLE, RESERVE THE RIGHT, THROUGH THE CLAIM OBJECTION PROCESS, TO OBJECT TO OR SEEK TO DISALLOW OR SUBORDINATE ANY CLAIM FOR DISTRIBUTION PURPOSES, EXCEPT AS MAY BE EXPRESSLY PROVIDED OTHERWISE IN THE PLAN OR CONFIRMATION ORDER.**

### 3.    Voting Instructions and Procedures

As set forth in the Disclosure Statement Order, all votes to accept or reject the Plan must be cast by using the Ballots enclosed with the Solicitation Packages or otherwise provided by the Debtors or the Voting Agent. No votes other than ones using such Ballots will be counted, except to the extent the Bankruptcy Court orders otherwise. The Bankruptcy Court has fixed the Voting Record Date for the determination of the Holders of Claims who are entitled to (a) receive a copy of this Disclosure Statement and all of the related materials and (b) vote to accept or reject the Plan.

After carefully reviewing the Plan, this Disclosure Statement, and the detailed instructions accompanying your Ballot, you are asked to indicate your acceptance or rejection of the Plan by voting in favor of or against the Plan on the accompanying Ballot.

**The deadline to vote on the Plan is October 8, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")**. In order for your vote to be counted, your Ballot must be properly completed in accordance with the Voting Instructions on the Ballot, and actually received no later than the Voting Deadline at the following address:

**By Regular Mail:**

Woodbridge Group of Companies, LLC
c/o Garden City Group
P.O. Box 10545
     Dublin, Ohio 43017-0208
**Overnight Courier, or Hand Delivery, to:**

Woodbridge Group of Companies, LLC
c/o Garden City Group
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

Only the Holders of Allowed Claims or Claims that are deemed allowed for purposes of voting on the Plan in Class 3, Class 4, Class 5, or Class 6 as of the Voting Record Date are entitled to vote to accept or reject the Plan, and they may do so by completing the appropriate Ballots and returning those Ballots in the envelope provided to the Voting Agent so as to be actually received by the Voting Agent by the Voting Deadline. Each Holder of a Claim must vote its entire Claim either to accept or to reject the Plan and may not split such vote. The Ballots will clearly indicate the appropriate return address. It is important to follow the specific Voting Instructions provided on each Ballot.

Unless otherwise provided in the Voting Instructions accompanying the Ballots, the following Ballots will not be counted in determining whether the Plan has been accepted or rejected:

•     Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

•     Any Ballot received after the Voting Deadline, except if the Debtors have granted an extension of the Voting Deadline with respect to such Ballot in writing, or by order of the Bankruptcy Court;

•     Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

•     Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

•     Any Ballot cast by a Person that does not hold a Claim in the voting Class; and

•     Any Ballot that is not signed or does not contain an original signature.

The Ballots also permit each Holder of a Class 3 Claim, Class 5 Claim, or a Class 6 Claim to elect to assign its Contributed Claims to the Liquidation Trust. By electing such option on its Ballot, the applicable Noteholder or Unitholder agrees that, subject to the occurrence of the Effective Date and the formation of the Liquidation Trust, it will be deemed to have, among other things, assigned its Contributed Claims to the Liquidation Trust. Pursuant to the Plan, "Contributed Claims" are all Causes of Action of any Noteholder or Unitholder that is a Contributing Claimant (a) against any Person that is not a Released Party and (b) related in any way to the Debtors, their predecessors, their respective affiliates, or any Excluded Parties. For the avoidance of doubt, "Contributed Claims" do not include the Note Claims or Unit Claims being asserted against any Debtor that are held, respectively, by Noteholders and Unitholders. The relative share of Liquidation Trust recoveries for any such electing Class 3 Noteholder or Class 5 Unitholder (or Holder of a Class 6 Non-Debtor Note Claim that has its Claim reclassified into Class 3 under the Plan) will be enhanced by having the amount that otherwise would be its Net Note Claim or Net Unit Claim increased by multiplying it by the Contributing Claimants Enhancement Multiplier (*i.e.*, 105%). Noteholders and Unitholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote or elections by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan. In the case where multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot. Any party who has delivered a properly completed Ballot for the acceptance or rejection of the Plan that wishes to withdraw such acceptance or rejection rather than changing its vote may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline.

**ALL BALLOTS ARE ACCOMPANIED BY VOTING INSTRUCTIONS. IT IS IMPORTANT THAT THE HOLDER OF A CLAIM ENTITLED TO VOTE FOLLOW THE SPECIFIC INSTRUCTIONS PROVIDED WITH EACH BALLOT.**

If you have any questions about (a) the procedure for voting your Claim or making elections on your Ballot, (b) the Solicitation Package that you have received, or (c) the amount of your Claim, or if you wish to obtain, at your own expense (unless otherwise specifically required by Bankruptcy Rule 3017(d)), an additional copy of the Plan, this Disclosure Statement, or any appendices, schedules, or exhibits to such documents, please contact the Voting Agent at the address specified above. Copies of the Plan, Disclosure Statement, and other documents Filed in these Chapter 11 Cases may be obtained free of charge at the Debtors' restructuring website at http://cases.gardencitygroup.com/wgc/. Documents Filed in these Chapter 11 Cases may also be

examined between the hours of 8:00 a.m. and 4:00 p.m., prevailing Eastern Time, Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

The Voting Agent will process and tabulate Ballots for the Classes entitled to vote to accept or reject the Plan and will File a voting report (the "Voting Report") on or before October 19, 2018. The Voting Report will, among other things, describe every Ballot that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

**THE DEBTORS URGE HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO TIMELY RETURN THEIR BALLOTS AND TO VOTE TO <u>ACCEPT</u> THE PLAN BY THE VOTING DEADLINE.**

### 4. Confirmation Hearing and Deadline for Objections to Confirmation

Objections to Confirmation of the Plan must be Filed and served on the Debtors and certain other entities, all in accordance with the Confirmation Hearing Notice, so that such objections are actually received by no later than **October 8, 2018 at 4:00 p.m.** (prevailing Eastern Time). Unless objections to Confirmation of the Plan are timely served and Filed in compliance with the Disclosure Statement Order, they may not be considered by the Bankruptcy Court. For further information, refer to Section VI of this Disclosure Statement, "Confirmation of the Plan."

## II.   <u>BACKGROUND REGARDING THE FRAUDULENT ENTERPRISE</u>

### A.   The Determination that Shapiro Operated the Prepetition Debtors as a Ponzi Scheme

The Debtors are part of a group of affiliated entities (collectively, the "Woodbridge Entities") formed by, and formerly controlled by, Robert Shapiro ("Shapiro"). The Debtors believe that Shapiro used the prepetition Debtors to perpetrate a massive Ponzi scheme.[11] Specifically, the Debtors believe[12] that:

---

[11]   The description of the Ponzi scheme set forth in this section is drawn almost exclusively from the factual background set forth in the SEC's *Motion by the U.S. Securities and Exchange Commission for Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 157] (the "SEC Trustee Motion") and the SEC's *Memorandum of Law in Support of* Ex Parte *Emergency Motion for Asset Freeze and Other Relief*, filed in the Florida District Court in the lawsuit *Securities and Exchange Commission v. Robert Shapiro, et al.*, Case No. 17-24624 (S.D. Fl. 2017), which were prepared and filed based on the SEC's extensive factual investigation and forensic analysis of the Debtors.

[12]   Pursuant to the Plan Term sheet, the Plan will acknowledge and admit that the Debtors operated as a Ponzi scheme since at least August 2012 , which scheme was discovered no later than December 2017 when the SEC unsealed its action against Robert Shapiro and others and alleged facts evidencing such Ponzi scheme. To the extent that the Court does not confirm the Plan, the Debtors and each of the three "Committees" reserve all of their respective rights (and/or defenses) respecting the characterization and the ramifications of the massive fraud upon investors and other creditors.

01:23482975.1

(i) beginning no later than July 2012 through December 1, 2017, Shapiro used his web of more than 275 limited liability companies, including the prepetition Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billion from over 10,000 unsuspecting investors nationwide,

(ii) because Shapiro had no other significant sources of cash inflows to pay interest and principal to existing investors, he used $368 million of new investor funds to pay false "returns" to existing investors, and

(iii) Shapiro also used investor money to pay approximately $64.5 million in commissions to sales agents that sold these fraudulent "investments" to Noteholders and Unitholders, and used approximately $21.2 million of investor money for Shapiro's personal benefit and the benefit of his related entities or family members. For example, Shapiro charged at least approximately $9 million dollars on credit cards which were paid for nearly entirely by one or more prepetition Debtor. In fact, about 99% of the payments made toward those credit cards were derived from the prepetition Debtors. Shapiro charged personal items, including extravagant travel expenses, luxury brand items, and furnishings. For example, Shapiro used investor funds on at least the following: (i) $200,000 at Four Seasons Hotels and Ritz Carlton Hotels, (ii) $34,000 on limousine services, (iii) $1.6 million on home furnishings, (iv) $1.4 million on luxury retail purchases like Louis Vuitton and Chanel, (v) $600,000 on political contributions, (vi) $400,000 on jewelry purchases, and (vii) $308,000 on wine. In addition to the credit card charges, Shapiro spent additional investor funds as follows: (i) $3.1 million for chartering private planes, (ii) $1.2 million in alimony to his ex-wife, (iii) $340,000 in luxury automobiles, and (iv) $130,000 on country club fees. The prepetition Debtors and Shapiro also paid nearly $1 million to a rare coin and precious metal firm, purportedly for client gifts.

Shapiro's scheme involved <u>outright deception</u> of Noteholders and Unitholders. Shapiro raised money from Noteholders and Unitholders under the <u>false premise</u> that such funds would be used to make real estate-related loans to unrelated third-party borrowers at favorable loan-to-value ratios, with such unrelated third-party borrowers being required to make regular monthly interest payments to the prepetition Debtors—which monthly interest payments were the supposed source of monthly returns to the prepetition Debtors' investors. In reality, however, Shapiro overwhelmingly did not use investors' funds to make loans to unrelated third-party borrowers. Instead, Shapiro created disguised affiliates—the PropCos and MezzCos—to whom money was "loaned" (i.e., evidenced by documents, but without any ability to trace particular funds to a particular PropCo or MezzCo). Having no cash or source of cash (other than the projected proceeds of sale of properties of the PropCos), the PropCos and MezzCos had no ability to service their debts' contractual periodic interest obligations, and only uncertain means to redeem principal or pay interest in arrears.

Because the prepetition Debtors loaned money overwhelmingly to affiliates with no ability to service debt, the prepetition Debtors generated nearly no cash flows from any operations. From July 11, 2012 through September 30, 2017, the prepetition Debtors generated only approximately $13.7 million in interest payments from unaffiliated third-party borrowers. As early as the third quarter of 2012 (the first quarter in which there were funds received from

investors), WGC did not generate sufficient income for operating expenses, investor interest payments, and investor redemptions.   Until the first quarter of 2013, WGC utilized a cash balance carried over from the activities of Woodbridge Structured Funding, LLC ("WSF") and funds received from other Shapiro-related entities to fund the cash flow deficits.[13] Beginning in the second quarter of 2013, WGC had continuing deficits in each quarter and the only source of funds available to fund the deficits was new investor funds. This deficit grew to more than $250 million as of September 2017.  As of April 28, 2017, out of $736 million in loans outstanding, $718 million (98%) were due from prepetition Debtor-affiliated entities. These "borrowers" were not making interest payments and the prepetition Fund Debtors simply recorded interest income for book purposes only.

Importantly, as noted above, Shapiro is no longer in control of the Debtors and no longer has any involvement whatsoever with the Debtors.   The Plan described by this Disclosure Statement has been formulated by the Debtors' new management and advisors, all of whom are completely independent of Shapiro, and has been developed in close consultation with numerous creditor and investor constituencies, as described below.

## B.    Debtors' Organizational Structure

The Woodbridge Entities are all directly or indirectly owned by RS Protection Trust ("RS Trust"), an irrevocable trust settled under Nevada law, of which Shapiro is the trustee. Members of Shapiro's family are the sole beneficiaries of RS Trust. An organization chart of the Woodbridge Entities is attached as Exhibit A to the *Declaration of Lawrence R. Perkins in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 12].

The Debtors organizational structure broadly consisted of three "silos."

- First, Woodbridge Group of Companies, LLC ("WGC") was the principal operating company of the enterprise and held the primary distributing bank account for the Woodbridge Entities. WGC managed contractual relationships with the architects, contractors, and construction companies engaged in the development of the Woodbridge Entities' real properties.

- Second, WMF Management, LLC ("WMF") managed the Debtors' retail fundraising operation. WMF directly owned seven fund entities (collectively, the "Fund Debtors"[14]).  As described in more detail below, the Fund Debtors, prepetition, fraudulently raised money from thousands of retail investors by selling Notes and Units.

---

[13]    WSF was in the business of purchasing structured settlements, annuity, and lottery payments, and it raised money from investors to buy the annuity streams at a discount. The investor would then purportedly receive the payment stream.

[14]    The Fund Debtors are the following Debtors: (i) Woodbridge Mortgage Investment Fund 1, LLC ("Fund 1"); (ii) Woodbridge Mortgage Investment Fund 2, LLC ("Fund 2"); (iii) Woodbridge Mortgage Investment Fund 3, LLC ("Fund 3"); (iv) Woodbridge Mortgage Investment Fund 3A, LLC ("Fund 3A"); (v) Woodbridge Mortgage Investment Fund 4, LLC ("Fund 4"); (vi) Woodbridge Commercial Bridge Loan Fund 1, LLC ("Bridge Loan Fund 1"); and (vii) Woodbridge Commercial Bridge Loan Fund 2, LLC ("Bridge Loan Fund 2").

- Third, the Woodbridge Entities include a network of over 200 special purpose vehicle entities that hold real properties (the "PropCos"), 152 of which are Debtors, nearly all of which hold an individual real property asset. Most of the PropCos are, in turn, wholly owned by related special purpose vehicle entities (the "MezzCos"), the sole assets of which are the equity of the PropCos; a total of 138 MezzCos are Debtors.

Shapiro was formerly, but is no longer, the president of WGC. Shapiro previously maintained sole operational control over WGC and its affiliated entities—most, but not all, of which are Debtors. Historically, there was no board of directors or any other executives with decision-making authority, and Shapiro maintained absolute control over the entities' day-to-day operations. WGC was the principal operating company of Shapiro's businesses and employed over 140 people in offices in six states. Shapiro identified the properties underlying the entities' investments, approved every real estate purchase, selected the amount and type of investments sold, determined sales agents' commissions, and calculated the company's potential profits. Shapiro had sole signature authority over all of the Debtors' bank accounts.

## C.    Shapiro's Fundraising Scheme

The prepetition Debtors sold investors two primary products, a five-year private placement security (*i.e.*, Units) and a twelve to eighteen month promissory note security called First Position Commercial Mortgages or "FPCMs" (*i.e.*, Notes),[15] which, the prepetition Debtors claimed, were based on the purported revenues the prepetition Debtors purportedly would receive from issuing short-term loans to unrelated third-party property owners. As explained herein, none of this was remotely true—the prepetition Debtors did not make these short-term loans to third-party property owners, and instead created disguised affiliates to whom money was "loaned," which had no ability to service debt.

### 1.    Units

During the period from August 2012 through December 1, 2017, prepetition Debtor WMF offered Units (the "Unit Offerings") through the prepetition Fund Debtors, which were purported mortgage investment funds and bridge loan funds, pursuant to purported exemptions under Rules 506(b) and (c) of Regulation D of the Securities Act, collectively seeking to raise at least $435 million from investors. WMF admits it ultimately raised at least $226 million from nearly 1,583 Unitholders.

The prepetition Debtors purportedly limited each of the Unit Offerings to accredited investors with a $50,000 minimum subscription and provided for a five-year term with a 6% to 10% aggregate annual return paid monthly and a 2% "accrued preferred dividend." At the end of the five-year term, Unitholders would also be entitled to a distribution based on the prepetition Debtors' profits. In the offering memoranda for each of the Unit Offerings, the prepetition

---

[15]    The prepetition Debtors also sold "acquisition and development" (or "A&D") and "mezzanine" promissory note securities, which were similar in structure to FPCMs but with different maturities, interest, and collateral. For purposes of the Plan and this Disclosure Statement, all of these promissory note securities are referred to as "Notes."

Debtors represented to investors that their funds would be used for real estate acquisitions and investments. The Unit Offerings, in effect, were purported to be investments into pooled notes. For example, the offering memoranda stated, "[t]he Company plans to use the net proceeds from this offering to invest in first mortgages." The prepetition Debtors and Shapiro used Unitholders' funds to purchase at least 193 residential and commercial properties located primarily in Los Angeles, California, and Aspen, Colorado.

## 2.    Notes

During the period from August 2012 through December 1, 2017, the prepetition Debtors issued Notes to pools of private investors who each contributed at least $25,000.[16] Many of these pools contained 40 or more investors. As described in more detail below, the prepetition Debtors had a double-barreled placement strategy, including a sizeable direct sales force, and a national network of purportedly independent sales agents; the direct salespeople and members of the agent network received rates of compensation for the placement of Notes far in excess of the compensation typically offered for placing (legitimate) low-risk fixed income securities. The prepetition Debtors and sales agents told investors that the prepetition Debtors were making short-term loans, between $1 million and $100 million, to bona-fide third-party commercial property borrowers at high rates of interest, approximately 11%-15%, secured by a first-position mortgage on the property. The prepetition Debtors and sales agents promised Noteholders 5% to 8% annual interest paid monthly with a return of their principal at the end of their note's term and assigned each investor a pro rata portion of the applicable prepetition Fund Debtor's putative first-position lien interest in the underlying property. The prepetition Debtors (and intentionally or not, the sales agents) misled investors by stating that the prepetition Debtors would receive the spread between what the underlying borrowers paid the prepetition Debtors and what the prepetition Debtors were paying the investors. The prepetition Debtors falsely represented on their website and in sales materials (delivered onward, in the case of sales agent placements) that they provided loan-to-value ratios of approximately 60-70%, ensuring that the "properties that secure the mortgages are worth considerably more than the loans themselves at closing." The prepetition Debtors also falsely assured investors that, at the end of the one-year term, the underlying borrower was obligated to repay the applicable prepetition Fund Debtor the principal amount of the loan and, if it defaulted, the prepetition Fund Debtor could (and would) foreclose on the property to recover the amount owed.

Each of the Notes was evidenced by an individual promissory note issued pursuant to a loan agreement (individually, a "Noteholder Loan Agreement"). Pursuant to the terms of each Noteholder Loan Agreement, each Noteholder lent a fixed amount to an individual prepetition Fund Debtor for the stated purpose of partially funding a single one of three types of secured loans from such prepetition Fund Debtor to an unrelated third-party borrower.  According to the documents created by or at the direction of Shapiro, with respect to each real property (which were actually owned not by unrelated third-party borrowers, but by disguised affiliates—the PropCos), up to three purportedly secured loans were created: (i) a loan from a prepetition Fund Debtor to a PropCo purportedly secured by a first lien mortgage on such property (referred to as

---

[16]    In some cases it appears certain "brokers" of Notes created special purpose vehicles to permit private investors of less than $25,000 to aggregate their investments to attain minimum purchase levels.

"senior" loans or "FPCMs"), (ii) a loan from the same prepetition Fund Debtor to the same PropCo purportedly secured by a second lien mortgage on such property (referred to as "development" or "acquisition and development" loans), and (iii) a mezzanine loan from the same prepetition Fund Debtor to the MezzCo that owns the sole membership interest in such PropCo, purportedly secured by a pledge of that MezzCo's ownership interest in the PropCo.

Under each Noteholder Loan Agreement, the applicable prepetition Fund Debtor effected a putative assignment in favor of the applicable Noteholders of the prepetition Fund Debtor's right, title, and interest in and to (i) the indebtedness held by the prepetition Fund Debtor issued by a particular MezzCo or PropCo, (ii) the promissory note evidencing such indebtedness, (iii) the mortgage or deed of trust securing such indebtedness (in the case of PropCo loans) or the pledge and security agreement securing the mezzanine loan (in the case of a MezzCo loan), and (iv) related title insurance policies in connection with such loan (collectively, the "Purported Noteholder Collateral"). Further, in connection with each Note, the applicable prepetition Fund Debtor entered into two related putative assignment documents: *first*, an assignment of promissory note, pursuant to which the prepetition Fund Debtor assigned to the Noteholder (without negotiating or delivering physical possession of the underlying documents) the prepetition Fund Debtor's right, title, interest, claims, or rights in (i) the promissory note reflecting its loan to the applicable PropCo or MezzCo, and (ii) the related mortgage or deed of trust held by the applicable PropCo, or the related pledge and security agreement held by the applicable MezzCo, together with related rights, documents, accounts, and proceeds thereto; and *second*, a collateral assignment, pursuant to which the prepetition Fund Debtor assigned to the Noteholder its right, title, and interest in and to the same underlying documents, proceeds therefrom, rights thereunder, and documents related thereto. The effect of these documents, the prepetition Debtors asserted at that time, was to ensure that Noteholders were secured by the property purportedly backing their loan.

However, the Debtors believe that the transactions described in the Notes and the related loan documents are vastly different than the transactions that actually occurred. The documents generated by or at the direction of Shapiro are based on the fiction that the prepetition Fund Debtors actually loaned specific funds to unrelated third parties at favorable loan-to-value ratios and that those third parties would pay interest and principal to the prepetition Fund Debtors (or else the prepetition Fund Debtors would foreclose on the properties). In reality, almost no money at all flowed directly from the prepetition Fund Debtors to unrelated third parties. Rather, Shapiro created disguised affiliates (the PropCos and MezzCos) to which money was loaned with no ability to service debt. The PropCos and MezzCos purchased real properties, but had no source of cash to make monthly interest payments—thus leaving the prepetition Debtors without any significant source of revenue to pay investors' periodic interest, and relying upon proceeds of property sales (inherently uncertain as to both time and amount) to pay principal or arrears of interest. Shapiro also directed the prepetition Debtors to use the funds raised from the investors for a variety of other purposes—including, but not limited to, overhead, commissions to brokers, personal expenses, and repayment of old investors using funds invested by new investors.

The prepetition Debtors did have one segment, known as "Riverdale," which originated loans to unrelated third parties. Riverdale described itself as offering private money commercial financing to borrowers in need of alternative financing for real property purchases and refinances. Riverdale's model was to lend up to 65% of appraised value, and typically priced

loans at 4%-6% origination fees plus interest of 12% per annum for a 12-month term with such loans secured by the underlying real property. The loans were funded by a prepetition Fund Debtor and then sometimes sold to third parties shortly after origination. For loans retained by the prepetition Debtors that were non-performing, the lending prepetition Debtor (a prepetition Fund Debtor) generally assigned the right to foreclose on the particular property to a different prepetition Debtor, and any foreclosures were thus brought in the name of the assignee prepetition Debtor (rather than the lending prepetition Fund Debtor). Currently, the portfolio of loans originated by Riverdale consist of the following four categories: (i) performing loans, consisting of one (1) loan with a balance of $373,989 as of July 31, 2018; (ii) non-performing (defaulted) loans, consisting of two (2) loans with a balance of $ 625,172 as of July 31, 2018; (iii) loans that are in default where the Debtors have commenced foreclosure proceedings on the subject property, consisting of 17 loans with a balance of $17,993,655 as of July 31, 2018; and (iv) loans where the Debtors have completed foreclosing on the subject property, which properties are now owned by Debtors, consisting of 18 properties with an estimated value ranging between $7,339,440 and $11,801,940. Unless the Holders of such Claims elect otherwise during the balloting process, Claims of Noteholders arising from the "Riverdale" segment are initially classified under the Plan in Class 6 (Non-Debtor Loan Note Claims) to the extent set forth in the Schedule of Non-Debtor Loan Note Claims (attached hereto as **Schedule 2**).

### D. Investor Funds Were Commingled and Cannot Be Traced to Particular Properties

The funds that were invested by Noteholders and Unitholders were almost immediately commingled with funds of the various other prepetition Debtors. Even though the underlying loan documents reference a loan by a specific prepetition Fund Debtor to the applicable PropCo, the funds for property purchases typically originated from a commingled account and generally cannot be traced to any particular prepetition Debtor. In almost every single case, WGC—rather than any prepetition Fund Debtor or PropCo—was the only source of funds used to purchase or develop a property. Moreover, in many instances the price to purchase or develop a property had little or no relationship to the amount of money that was nominally received by the particular PropCo or to the amount of money that same PropCo promised to repay. For example, with respect to the prepetition Debtors' property known as the "Owlwood Estate," one of the prepetition Debtors purchased such property in September 2016 for $90 million. Prepetition Fund Debtors made three loans nominally in respect of the Owlwood Estate, in the aggregate amount of $112 million—well above the purchase price of the property. In other words, had this been a (structurally) legitimate financing of the Owlwood Estate, it would have been almost 125% financed, which is contrary to the favorable loan-to-value ratios touted by Shapiro. In addition, there is evidence that, on certain occasions, Shapiro issued Notes in respect of properties that the prepetition Debtors never actually acquired, including properties at 778 Sarbonne Road in Los Angeles and 53 Huron Street in Brooklyn. Nevertheless, the PropCos and MezzCos purported to grant liens and security interests to the prepetition Fund Debtors to secure "loans" that the prepetition Fund Debtors did not actually make. Another example concerns the property at 800 Stradella Road in Los Angeles, where Shapiro issued about $24.7 million in "first-lien" Notes for the stated purpose of funding a $26 million prepetition Fund Debtor-to-PropCo loan that was never made (the PropCo instead took a $26 million loan from the third-party seller of the property at the time of acquisition).

E.        **The Prepetition Debtors' Fraudulent Marketing and Sales Practices**

Investors often received a one-page description of the key terms of the Notes, a list of FAQs, and perfunctory examples of the supposed collateral properties, including a graphic that summarized the Notes as follows:



The core premise of this pitch—that there would be "property owner[s] mak[ing] payments to Woodbridge"—was false. Virtually all the loans were made to WGC affiliates (*i.e.*, the PropCos and MezzCos), who earned no revenue and made no (and were unable to make any) payments.

The Noteholders played no role in selecting or analyzing the underlying properties and, unless requested, were not provided the prepetition Debtors' purported due diligence regarding the property. Shapiro instructed WGC's Managing Director of Investments ("Head of Sales") to fund certain Noteholders' securities prior to any underlying property actually being purchased.[17] Many of the Noteholders were retired and approximately 2,600 investors used their Individual Retirement Accounts ("IRAs") to fund their investments. And to work around the exclusion of assets such as Notes by many custodians of conventional IRAs, the prepetition Debtors

---

[17]    When questioned by the SEC staff during the course of its investigation, the Head of Sales refused to answer any questions, asserting his rights under the Fifth Amendment to the Constitution.

developed and executed a strategy for investors to create and fund IRAs with more liberal custodians, or to create "self-directed" IRAs which would in turn fund limited liability companies that could buy Notes without any custodial oversight. Recognizing this, the Head of Sales told Shapiro that "most people are placing their life savings and retirement funds into these investments."

WGC maintained an internal team of approximately 30 sales agents, led by the Head of Sales, responsible for soliciting Unitholders. Shapiro provided frequent, often daily, requirements to the Head of Sales of the number ("we need to raise 45 million in the next 39 days") and type ("I need $5 million in [Unitholders] in the next 2 weeks") of investments that needed to be sold. To ensure compliance with these demands, Shapiro would either threaten his employees with termination or promise bonuses. Shapiro called for daily sales updates from the Head of Sales, who in turn requested additional amounts and types of securities to sell from Shapiro.

The prepetition Debtors also relied on a nationwide network of hundreds of purportedly "independent" external sales agents to solicit prospective Noteholders. These sales agents were typically very-small-firm or solo-practitioner wealth managers or investment consultants, some with state or SEC registration as investment advisers, some without any registration. It does not appear that any firm of broker-dealers or any larger wealth management firm was involved in placing Notes, though there appear to be instances where individuals associated with such firms may have done so.

Rather than facilitating these external sales agents' independent scrutiny of the investment opportunity and development of materials regarding the investment opportunity suitable to their specific needs, the prepetition Debtors required the sales agents to provide prospective Noteholders only the information and sales materials that the prepetition Debtors provided them for dissemination to Noteholders. As such, the external sales agents solicited the general public through marketing materials created, and in many cases paid for, by the prepetition Debtors, which were disseminated via television commercials, radio ads and talk shows, newspaper ads, social media, newsletters, internet websites, YouTube videos, and in-person gatherings.

The prepetition Debtors did not require or evaluate whether the Noteholders were "sophisticated," "accredited," or otherwise had any particular financial acumen. Indeed, instructions from a company providing the prepetition Debtors with leads on potential investors remarked that leads that are followed up within 20 minutes of generation are "where your sales team will find the majority of low hanging, easiest to harvest fruit."

In numerous marketing materials sent to Noteholders, the prepetition Debtors described this investment as "low risk," "simpler," "safe," and "conservative" and stated that investor returns were generated by underlying borrowers' interest payments. The prepetition Debtors also posted these documents online and instructed external sales agents to direct their clients to the company's website to view them. As an example of a sales pitch, in August 2017, a WGC salesperson pitched a husband and wife over the telephone for more than 45 minutes to invest and stated:

It's a very good vehicle. ***One of the – the greatest things about it is that we're lending and not purchasing the properties*** and that we're lending at low loan to value ratios so there's enough equity in those properties to protect us against a market downturn or protect us from a property owner defaulting, so that if we do have to foreclose, there's enough equity there for us to be able to profit.

(emphasis added). The salesperson was attempting to convince this husband and wife to invest $500,000.

The prepetition Debtors did not disclose or inform investors that several of their in-house sales agents had been previously censured or barred by the SEC, FINRA, or state securities regulators, and that they put external sales agents on their network without regard for any disciplinary history or current state or federal registration.  None of the prepetition Debtors' in-house sales force had a current SEC or FINRA registration in effect.

The prepetition Debtors compensated their external sales agents at a 9% wholesale rate, and the agents in turn offered the Notes to their investor clients at 5% to 8% annual interest—the sales agent received a commission equivalent to the difference. The prepetition Debtors paid external sales agents at least $64.5 million in commissions through this arrangement for soliciting funding for these sham investments.   This compensation vastly exceeded the commissions payable for placement of the same face amount of legitimate low-risk fixed-income securities.   External sales agents may also have collected "wrap" or other asset-based fees *in addition* to the compensation paid by the prepetition Debtors.

The solicitation of Unit purchases as a victim's first Woodbridge investment generally followed the lines of the solicitation of a Note investment described above, including false disclosures, absence of suitability determinations, and excessive sales compensation.   In addition, the prepetition Debtors maintained a very active program for investors to convert, or "roll," their investments *from* Notes *to* Units, which benefited Shapiro's fraudulent scheme because Units had a much longer term and thus extended the time frame for soliciting new investments from victims to handle the notional maturity of an investment.

Shapiro demanded that the Head of Sales and his internal sales team continuously seek to move Noteholders into one of the Unit Offerings. The prepetition Debtors' internal sales team solicited each Noteholder approximately 90 days after they invested to "move your loan from the First Position Mortgage . . . even if your term hasn't expired yet—to our higher-return Mortgage Investment Fund." The prepetition Debtors threatened to terminate their relationship with external sales agents who would not permit them to contact the sales agents' clients about moving from the Notes to the Units. Aggressive solicitation was encouraged, as for example, on March 4, 2016, the Head of Sales celebrated with his sales team that "even without being able to fund due to lack of inventory we funded over 37 million in [Notes] and 6 million in [Units]!!!!!!! By far our biggest month to date!!!!!" and congratulated his sales team, stating "WE ARE WINNERS!!!!" The prepetition Debtors successfully convinced 90% of the Noteholders to re-enroll when terms became due, thus avoiding having to pay large returns of principal.

The prepetition Debtors persisted in their issuance of fraudulent securities despite extensive pre-bankruptcy regulatory action.   Despite being barred from soliciting and selling

Notes in numerous states (a result of the investigations described in Section II.F below), the prepetition Debtors continued to do so at an alarming rate. After cease and desist orders were entered in Massachusetts, Pennsylvania, Texas, and Arizona, the prepetition Debtors nonetheless raised approximately $3.2 million, $2.6 million, $2.3 million, and $900,000, respectively, from investors in those states. WGC's internal sales agents misrepresented the dispositions of these regulatory actions to external sales agents, claiming the prepetition Debtors were "exonerated of any wrongdoing or fraudulent activity." Moreover, on a sales-pitch call in July 2017 (during the course of the SEC's ongoing investigation), a WGC salesperson falsely told a financial planner, "The SEC looked into us. We passed with flying colors," touting that the product the prepetition Debtors were offering had a "zero default rate in anything we've had to offer."

Shapiro hired a public relations firm to manipulate internet search engine results so that investors who looked up the prepetition Debtors would not see the state regulatory orders filed against the companies. Also, at Shapiro's specific instructions, WGC made a series of negligible charitable donations with the sole purpose of generating a stream of positive press releases to push these regulatory actions off the front page of internet search results relating to the prepetition Debtors.

Indeed, prior to their bankruptcy filings, the prepetition Debtors created two new private placement offerings, "Fund 5" and "Bridge Loan Fund 3," and the website promised "New Product Coming Soon!" The prepetition Debtors were attempting to transition investors into a new product called a Co-Lending Opportunity ("CLO"). The CLO mirrors the Notes in every material respect save one—the CLO's term is for 9 months. In email communications, Shapiro and the Head of Sales contended that this small change ensured that the CLO was not a security and that the prepetition Debtors could circumvent the states' regulatory agencies. Instead of disclosing this product to state regulators and ensuring that the terms of the new offering allayed their legitimate concerns, Shapiro and the Head of Sales decided to "switch first then settle quietly [with Colorado and California]."

Despite the prepetition Debtors representing that the claimed interest payments in the Notes emanated from bona-fide third party borrowers, almost all of the purported "borrowers" were PropCos and MezzCos—prepetition Debtors ultimately owned and controlled by the RS Trust. In practice, Shapiro directed the prepetition Debtors to use the funds raised from the Unit Offerings to purchase residential real estate, create a self-owned PropCo to hold title to each property, and then issue Notes to investors based on the value of the underlying property. The prepetition Debtors further falsely reassured investors, telling them not to worry about the risk of a (non-existent) third-party borrower failing to make its loan payments because the prepetition Debtors would continue to pay the investor their interest payments. For example, in a Frequently Asked Question brochure for the Notes, WGC stated the following:

Q: If the borrower does not make their payments to Woodbridge will I be informed?

A: This question is actually irrelevant, because Woodbridge would continue to make monthly payments to you … and may or may not inform you of the underlying non-payment. As long as Woodbridge continues to make regular payments to you, there would be no reason to be concerned.

Assertions such as these by the prepetition Debtors led investors to believe their investments were safe no matter how the "borrower" performed. To support the misrepresentations, the prepetition Debtors and Shapiro provided Noteholders with the promissory notes between the underlying borrowers and the prepetition Fund Debtors. However, the prepetition Debtors did not disclose that the "borrowers" were in virtually all cases affiliated PropCos that earned no revenue—and did not even have bank accounts—and had no ability to make the interest or other payments the prepetition Fund Debtors needed to receive so they could, in turn, make payments to the Noteholders. Hence, in reality, the claimed interest "payments to Woodbridge" demonstrated in the prepetition Debtors' "three circles" brochure, referenced above, did not exist.

Shapiro and RS Trust made every effort to hide the fact that most of the third-party borrowers and owners of the underlying properties were actually Shapiro and his family. None of the publicly available documentation indicated that RS Trust was the ultimate owner of the PropCos and MezzCos purportedly doing the borrowing. Indeed, as early as 2014, a high-ranking WGC employee under Shapiro's direction specifically instructed WGC's Registered Agent to not include any member/manager information on the Certificates of Formation for certain LLCs.[18] And when an investor asked Shapiro point blank for the name of the borrower his investment was being lent to, Shapiro responded that the prepetition Debtors do not provide borrowers' names because it is "not the way to do business" and "we don't want people pestering them."

In April 2017, when one potential financial planner being pitched by a WGC salesperson pointed out his suspicion of this incestuous structure on a recorded sales pitch call, a WGC "quality assurance personnel" member alerted the Head of Sales stating that, "[External Sales Agent] seems to know an awful lot about our business model... He also knows Bob [Shapiro] owns Sturmer Pippin,[19] stating Woodbridge is loaning money to ourselves."

Similarly, Unitholders were told that their returns were generated by these "loans" as well as the prepetition Debtors' property development. First, as with Noteholders, the prepetition Debtors did not disclose to Unitholders that the purported interest payments required by the promissory notes underlying the Notes were non-existent. Second, the prepetition Debtors failed to tell Unitholders that the profits from the development of properties were wholly inadequate to generate the promised returns. Indeed, there was no material source of cash inflows in the prepetition Debtors' entire enterprise to pay interest and maturing Units and Notes.

---

[18]   Given that the corporate filings were predominantly in Delaware, with extremely limited public information, the SEC was forced to subpoena over two-hundred individual LLCs controlled by Shapiro, and then was forced to file a subpoena enforcement action in district court to obtain these documents after the LLCs did not respond to those subpoenas. The SEC received these formation documents pursuant to stipulated Court Order. *See SEC v. 235 Limited Liability Companies*, 17-mc-23986 (S.D. Fla.). In addition, the SEC was forced to file a separate subpoena enforcement action to obtain, among other items, the company emails of Shapiro and Woodbridge's Controller. *See SEC v. Woodbridge Group of Companies, LLC*, 17- mc-22665 (S.D. Fla.).

[19]   Sturmer Pippin, LLC is the PropCo which owns the Owlwood Estate in Beverly Hills, California. The prepetition Debtors touted Owlwood in Note investor promotions.  Owlwood is further discussed above.

F.      **Prepetition Investigations and Litigation**

In the years leading up to the Initial Petition Date, the prepetition Debtors faced a variety of inquiries from state and federal regulators. In particular, in or around September of 2016, the SEC began investigating certain of the prepetition Debtors (and certain non-debtor affiliates) in connection with possible securities law violations, including the alleged offer and sale of unregistered securities, the sale of securities by unregistered brokers, and the commission of fraud in connection with the offer, purchase, and sale of securities. As of the Initial Petition Date, certain discovery-related disputes regarding administrative subpoenas issued by the SEC were proceeding before the District Court for the Southern District of Florida, but the SEC had not yet asserted any claims against any of the prepetition Debtors or their affiliates. Subsequent to the Initial Petition Date, the SEC commenced the SEC Action (as defined below) against, among other defendants, Shapiro, RS Trust, and the Debtors. The SEC Action is discussed further in Section III.Q below.

In addition to the SEC investigation, certain of the prepetition Debtors received information requests from state securities regulators in approximately 25 states. As of the Initial Petition Date, regulators in eight states had filed civil or administrative actions against one or more of the prepetition Debtors and certain of their sales agents, alleging they have engaged in the unregistered offering of securities in their respective jurisdictions and have unlawfully acted as unregistered investment advisors or broker-dealers. Five states—Massachusetts, Texas, Arizona, Pennsylvania, and Michigan—entered permanent cease and desist orders against one or more of the prepetition Debtors related to their alleged unregistered sale of securities. Several of these inquiries were resolved prior to the Initial Petition Date through settlements, which included the entry of consent orders. As discussed in more detail in Section III.M.1 below, certain of the Debtors entered into a consent order with California during the Chapter 11 Cases, and the Debtors also obtained Bankruptcy Court approval of an expedited process for seeking approval of consent orders going forward, resulting in entry into certain additional consent orders.

One or more Debtors are also defendants in several prepetition lawsuits not involving securities regulation, including, but not limited to, an employment discrimination lawsuit titled *Kaila Alana Loyola v. Woodbridge Structured Funding LLC, Robert Shapiro, Lianna Balayan, Diana Balayan, Does 1-25*, pending in Los Angeles Superior Court, which lawsuit is currently in the discovery phase.

G.      **Events Leading to the Bankruptcy Filing and Shapiro's Prepetition Installation of New Management**

In late 2017, Shapiro's fraudulent scheme unraveled. As federal and state investigations intensified and unfavorable press reports began to emerge, the prepetition Debtors found it increasingly difficult to raise new capital from investors. As noted above, in classic Ponzi scheme fashion, the prepetition Debtors were reliant on funds from new investors to make the payments promised to existing Unitholders and Noteholders. When new investment dried up, the inability to make required Notes and Units servicing payments became inevitable; indeed, the prepetition Debtors were unable to make the December 1, 2017 interest and principal payments due on the Notes.

With the securities investigations ramping up and a bankruptcy filing imminent, Shapiro installed a new team to commence the Chapter 11 Cases and manage the Debtors during their pendency. To accomplish this, on December 1, 2017, Shapiro, acting as trustee of RS Trust, directly or indirectly owned each of the prepetition Debtors, removed himself (and his affiliates) as manager of all the Initial Debtors and appointed Beilinson Advisory Group, LLC ("BAG"). Shapiro was also removed as an officer of each of the prepetition Debtors for which he previously served in such capacity.

To effectuate the prepetition transfer of management authority, Shapiro created a new entity, WGC Independent Manager, LLC ("WGCIM"), of which RS Trust was made the sole member. RS Trust appointed BAG as the sole manager of WGCIM. BAG is a financial restructuring and hospitality advisory group that specializes in assisting distressed companies. The terms of BAG's appointment as manager of WGCIM were set forth in an engagement letter dated as of December 1, 2017. *See* Docket No. 12, Exh. F. The engagement letter provides, among other things, that WGC would pay BAG no less than $40,000 per month for an initial 12-month term regardless of whether WGC uses the services of BAG during the entire period. *See id.*

Shapiro, acting in his capacity as trustee of RS Trust, then exercised RS Trust's ownership rights over certain of the prepetition Debtors to execute a written consent (the "Management Consent") removing himself and his affiliates as manager of certain of such Debtors and appointing WGCIM as replacement manager. Following the execution of the Management Consent, a second consent was executed removing Shapiro from his capacity as an officer of each entity controlled by WGCIM. Also on December 1, 2017, BAG, following its appointment as manager of WGCIM, engaged SierraConstellation Partners LLC ("Sierra") to provide the services of Lawrence Perkins, the founder and Chief Executive Officer of Sierra, as Chief Restructuring Officer for WGCIM (the "Initial CRO").

Although WGCIM was established to be an "independent" manager of the Debtors, WGCIM's organizational documents provided that Shapiro, through RS Trust, had the ability to remove BAG (or any subsequent manager of WGCIM) with or without cause, subject to certain notice periods. *See* Docket No. 12, Exh. F. After the Initial Petition Date, the SEC expressed concern about Shapiro's control over WGCIM, and the Debtors modified the provision to allow Shapiro to remove the manager of WGCIM only for cause. *See* Docket No. 84.

On the same day they were appointed, BAG and the Initial CRO, on behalf of the Debtors entered into the following agreements with Shapiro or entities controlled by him (copies of which are available at Docket No. 12):

- Transition Services Agreement: Pursuant to a *Transition Services Agreement* (the "Transition Services Agreement"), WGC agreed to pay WFS Holding Co., LLC ("WFS Holding"), an entity then controlled by Shapiro, $175,000 for consulting services. The Transition Services Agreement purports to provide for, among other things, certain consulting services to be provided by Shapiro, "as an agent of Consultant." As described below, following the appointment of the New Board, the Bankruptcy Court entered an order authorizing the Debtors to reject the Transition Services Agreement.  The Debtors, under prior management, paid

$175,000 to WFS Holding prepetition under the Transition Services Agreement. No other amounts were paid.

- Forbearance Agreement: The Debtors entered into a *Forbearance Agreement*, pursuant to which, among other things, Shapiro was permitted to continue to occupy certain of the Debtors' real properties during the Chapter 11 Cases.

- Contribution Agreement: Shapiro, through RS Trust, and WGC entered into a *Membership Interest Contribution Agreement*, pursuant to which, among other things, Shapiro purportedly ceded legal authority over certain Woodbridge Entities while obtaining the right to recover certain proceeds from each sale of certain assets "as an advance on distributions." The Debtors believe this agreement is not enforceable.

- Residential Lease Agreements: Shapiro's wife, as tenant, and certain Debtors, as landlord, entered into four *Residential Lease Agreements* on December 1, 2017 in respect of several real properties in California and Colorado. The Debtors and Ms. Shapiro have executed a stipulation terminating such leases, which has been approved by the Bankruptcy Court. *See* Docket No. 1690.

On the next business day, December 4, 2017, the 279 Initial Debtors (as defined below) filed their voluntary chapter 11 bankruptcy petitions.

### H.    The Debtors' Capital Structure

#### 1.    Assets

The Debtors' principal assets consist of a portfolio of 189 real properties, ranging in estimated value from approximately $50,000 to over $100,000,000 per property. These properties are in various stages of development or renovation. The Debtors' assets also include Cash on hand of approximately $24.7 million (as of July 31, 2018). The Debtors also own a portfolio of third party loans and real estate owned (or "REO") properties in various jurisdictions, with an estimated book value of approximately $10 million to $20 million.

In addition, the Debtors believe they possess Causes of Action against, among others, Shapiro, Shapiro's affiliates, and others related to, among other things, their prepetition conduct or receipt of funds from the Debtors prior to the Petition Date. Under the Plan, all such Causes of Action (and other Causes of Action, including any Contributed Claims), as well as Avoidance Actions, will be preserved and vest in the Liquidation Trust as Liquidation Trust Actions. Attached hereto as **Exhibit D** is a non-exclusive analysis of the Liquidation Trust Actions that are being preserved under the Plan.

Aside from the foregoing, the Debtors are unaware of any other material assets.

## 2.      Liabilities

### (a)      Secured Debt

As discussed in greater detail in Section III(b) below, certain Debtors borrowed a debtor-in-possession loan from Hankey Capital, LLC, secured by first-position priming liens in real property owned by certain of the Debtors.  As of July 31, 2018, the balance owed on this loan was approximately $49 million.

The Internal Revenue Service (the "IRS") has imposed a lien on the Debtors' real property located at 4030 Longridge Avenue, Sherman Oaks, California, purportedly to secure an approximately $6 million tax liability owed to the IRS by Robert Shapiro.  Although the liability is owed by Mr. Shapiro (not the Debtors) and the property is owned by the Debtors (and not Mr. Shapiro), the IRS has alleged that the Debtors are liable for Mr. Shapiro's tax debt on an alter ego basis and/or a nominee theory.  The Debtors are investigating the legal bases for the IRS's position, and reserve all rights in connection therewith.

As discussed above, in connection with the fraudulent scheme, certain of the PropCos and MezzCos granted purported liens and security interests to the Fund Debtors to secure the repayment of funds purportedly loaned by the Fund Debtors to such PropCos and MezzCos for the purchase of particular properties (which liens and security interests were putatively assigned to Noteholders as part of the Purported Noteholder Collateral). In reality, due to the commingling discussed above, the Debtors believe they have no ability to trace the funds for property purchases to any particular Fund Debtor. Accordingly, as an integral component of the global settlement embodied in the Plan, any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date.

Certain Noteholders assert or have asserted that they hold valid, perfected security interests in (i) certain of the Debtors' real properties, or (ii) the Purported Noteholder Collateral. As an initial matter, the Debtors believe the extinguishment of Intercompany Claims and Intercompany Liens between the Fund Debtors, on the one hand, and PropCos and MezzCos, on the other hand, renders this argument moot, as any assertion by Noteholders to security interests is premised on the existence and enforceability of the Intercompany Liens.

However, even were such Intercompany Liens not extinguished, the Debtors believe that a Noteholder's particular funds cannot be traced to the purchase of a particular Fund Debtor's indebtedness and that none of the Noteholders' security interests in the Purported Noteholder Collateral are properly perfected under applicable state law, which the Debtors believe is Article 9 of the Delaware Commercial Code.  Specifically, (i) the Debtors have confirmed that no Noteholder is in physical possession of any Purported Noteholder Collateral, *see* DEL. CODE ANN. tit. 6, § 9-313(a), and (ii) based on the Debtors' investigation, no UCC-1 financing statement was filed in Delaware on behalf of any Noteholder with respect to any of the Purported Noteholder Collateral, *see id.* § 9-312(a).  Pursuant to the settlement embodied in the *Summary Plan Term Sheet*, dated as of March 22, 2018 [Docket No. 828] (the "Plan Term Sheet") and in

the Plan, both the Noteholder Committee and the Unsecured Creditors' Committee agreed to support the terms of the Plan, pursuant to which the Standard Note Claims will receive treatment reflecting a compromise of the foregoing issues.

The Debtors are unaware of any other material secured indebtedness.[20]

**(b)      Unsecured Debt**

As of the Petition Date, the Debtors were collectively indebted to (i) approximately 9,331 Noteholders, with a cumulative total Outstanding Principal Amount of Notes of approximately $750 million and (ii) approximately 1,583 Unitholders, with a cumulative total Outstanding Principal Amount of Units of $226 million.[21]

The Debtors generally estimate that Allowed General Unsecured Claims against the Debtors should total between approximately $5 million and approximately $30 million. This estimate, however, does not account for the fact that certain Creditors have asserted amounts in their proofs of claim that exceed the amounts that the Debtors believe should be Allowed. Thus, the total amount of Allowed General Unsecured Claims may greatly exceed or fall short of the estimates set forth herein.

Creditors and interested parties should review the Debtors' Schedules (defined below) Filed with the Bankruptcy Court for more complete information concerning the nature and amount of the Debtors' liabilities as of the Petition Date.

**(c)      Equity Interests**

The Debtors' organization structure is described in Section II.A above. As noted, all of the Debtors are directly or indirectly owned by RS Trust. Under the Plan, as of the Effective Date, all Equity Interests shall be deemed void, cancelled, and of no further force and effect. On and after the Effective Date, Holders of Equity Interests shall not be entitled to, and shall not receive or retain any property or interest in property under the Plan on account of such Equity Interests.

**III.      THE CHAPTER 11 CASES**

On December 4, 2017 (the "Initial Petition Date"), 279 of the Debtors (the "Initial Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Subsequently, a total of 27 additional Debtors (the "Additional Debtors") filed voluntary chapter 11 petitions on the following dates: (i) February 9, 2018 (14 Additional Debtors); (ii) March 9, 2018 (two Additional Debtors);

---

[20]   As discussed in section III.K below, the Debtors previously owed secured indebtedness to three third-party lenders in connection with three of their properties—805 Nimes Place, 25085 Ashley Ridge Road, and 800 Stradella Road.  As discussed below, that indebtedness has been fully repaid during these Cases.

[21]   In the event the Plan is not confirmed, all parties' rights are reserved, including, without limitation, (i) as to Noteholders, the proper characterization of any asserted security interests, and (ii) as to Unitholders, the proper characterization of the Units.

(iii) March 23, 2018 (seven Additional Debtors); and (iv) March 27, 2018 (four Additional Debtors). The Chapter 11 Cases are being jointly administered under the case caption *In re Woodbridge Group of Companies, LLC, et al.*, Case No. 17-12560 (KJC) (Bankr. D. Del.). An immediate effect of commencement of the Chapter 11 Cases was the imposition of the automatic stay under Bankruptcy Code section 362(a), which, with limited exceptions, enjoins the commencement or continuation of all collection efforts by Creditors, the enforcement of liens against property of the Debtors, and the continuation of litigation against the Debtors during the pendency of the Chapter 11 Cases. The automatic stay will remain in effect, unless modified by the Bankruptcy Court, until the Effective Date.

## A.      First Day Orders and Initial Employment Applications

On or about the Initial Petition Date, the Debtors Filed certain "first day" motions and applications with the Bankruptcy Court seeking certain immediate relief to aid in the efficient administration of these Chapter 11 Cases and to facilitate the Debtors' transition to debtor-in-possession status. The Bankruptcy Court held a hearing on these first-day motions on December 5, 2017, with a subsequent hearing scheduled for January 10, 2018, with respect to certain of the "first day" motions. In connection with these hearings, the Bankruptcy Court entered a series of customary "first day" and "second day" orders. *See* Docket Nos. 46, 47, 48, 49, 50, 51, 53, 54, 259, 261, 275, 295, 296 & 723.

Shortly after the Initial Petition Date, the Debtors filed applications to employ Gibson, Dunn & Crutcher ("Gibson Dunn") and Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as bankruptcy co-counsel. *See* Docket Nos. 119 & 122. The Debtors also filed an application to employ Homer Bonner Jacobs PA as special litigation counsel in connection with the SEC Action (as defined below). The Bankruptcy Court entered orders for each of the applications. *See* Docket Nos. 358, 359 & 361. As discussed below, following the appointment of the New Board (as defined below), the Debtors retained Klee, Tuchin, Bogdanoff & Stern LLP ("KTBS") to replace Gibson Dunn as bankruptcy co-counsel, although Gibson Dunn agreed to continue to provide services to the Debtors for a transition period of approximately sixty (60) days with respect to discrete pressing matters on which Gibson Dunn had already expended substantial efforts and about which Gibson Dunn had significant institutional knowledge.  That transition period has since ended, and Gibson Dunn is no longer providing any services to the Debtors.

## B.      DIP Financing Motion

On the Initial Petition Date, the Debtors Filed a motion (the "DIP Motion") seeking interim and final orders authorizing the Debtors to, among other things, (i) borrow up to $100 million (with $25 million to be available on an interim basis) (the "DIP Loan") in postpetition financing from Hankey Capital, LLC (the "DIP Lender"); (ii) grant priming liens and security interests to the DIP Lender to secure the applicable Debtors' obligations under the DIP Loan; (iii) subject to the terms and conditions set forth in the DIP Motion, use the DIP Lender's cash collateral; and (iv) provide adequate protection to the holders of alleged prepetition liens. *See* Docket No. 22.

On December 6, 2017, the Bankruptcy Court entered its first interim order on the DIP Motion, authorizing the Debtors to, among other things, borrow up to $6 million for the period from the Initial Petition Date through the date of the further interim hearing set for December 21, 2017. *See* Docket No. 59. On December 21, 2017, the Bankruptcy Court entered its second interim order on the DIP Motion, which, among other things, increased the interim borrowing limit to $25 million for the period from the Initial Petition Date through the date of the further hearing set for January 10, 2018, which hearing was subsequently adjourned to January 18, 2018. *See* Docket Nos. 130 & 246. On January 23, 2018, the Bankruptcy Court entered its third interim order on the DIP Motion, which, among other things, increased the interim borrowing limit to $44 million for the period from the Initial Petition Date through the date of the further hearing set for February 13, 2018. *See* Docket No. 363. On February 13, 2018, the Bankruptcy Court entered its fourth interim order on the DIP Motion, which, among other things, increased the interim borrowing limit to $56 million for the period from the Initial Petition Date through the date of the final hearing set for March 7, 2018 (the "Final DIP Hearing"). *See* Docket No. 572.

In advance of the Final DIP Hearing and following months of extensive negotiations with the Unsecured Creditors' Committee, the Noteholder Committee, the Unitholder Committee, the SEC, and the United States Trustee, the Debtors Filed a form of proposed final order that resolved the concerns of all major constituencies with respect to the DIP Motion. Following the Final DIP Hearing, the Bankruptcy Court entered an order overruling the objections to the DIP Motion filed by various noteholders and granting the DIP Motion on a final basis. *See* Docket No. 724 (the "Final DIP Order").

The Final DIP Order entered by the Bankruptcy Court contains various important features, including:[22]

- Authorization for the Debtors to borrow up to $100 million from the DIP Lender;

- Approval of the DIP Loan Documents between the Debtors and the DIP Lender;

- The grant of a priming security interest and lien on the Collateral, which includes 28 parcels of real estate owned by 27 obligors set forth in the DIP Loan Agreement;

- Authorization for the Debtors to use the DIP Lender's Cash Collateral (as defined in the Final DIP Order), subject to the conditions set forth in the Final DIP Order;

- The grant of "conditional" adequate protection to the Noteholders believed to assert liens or interests in the DIP Lender's Collateral, including, among other forms of adequate protection: (i) conditional adequate protection liens on 12 Adequate Protection Properties not included within the DIP Lender's Collateral; and (ii) the establishment of an adequate protection reserve to be funded with a specified percentage of the net proceeds from the sale, if any, of any property that constitutes an Adequate Protection Property;

---

[22] Capitalized terms used but not otherwise defined in this summary of the Final DIP Order shall have the meanings ascribed to them in the Final DIP Order.

- Carve-outs providing for the payment of certain expenses incurred during the Chapter 11 Cases, including amounts that may be payable to professionals retained by the Debtors and the Committees;

- Certain Events of Default provisions setting forth the DIP Lender's rights upon the occurrence thereof; and

- Standard waivers of certain provisions of the Bankruptcy Code, including under Bankruptcy Code sections 506(c) and 552, as well as adequate protection liens granted to the DIP Lender on certain Estate Assets.

On May 14, 2018, the Debtors and the DIP Lender entered into that certain *Amendment Number One to Senior Secured Debtor in Possession Loan and Security Agreement* (the "First DIP Amendment"), by which the Debtors and the DIP Lender agreed to amend the DIP Loan Agreement to (i) permit the Debtors to re-pay and re-borrow from the DIP Loan and (ii) clarify provisions regarding mechanics' liens.  Notice of the amendment was filed with the Court on May 21, 2018, and an order approving the First DIP Amendment was entered by the Court on May 31, 2018. *See* Docket No. 1892.

### C.      Appointment of the Unsecured Creditors' Committee

On December 14, 2017, the U.S. Trustee appointed the Unsecured Creditors' Committee in these Chapter 11 Cases. *See* Docket No. 79. The initial members of the Unsecured Creditors' Committee were G3 Group LA, Inc., Ronald E. Myrick Sr., and John J. O'Neill. Unfortunately, Mr. Myrick passed away on March 27, 2018. On April 3, 2018, Mr. Myrick's widow, Lynn Myrick, was appointed as Mr. Myrick's replacement on the Unsecured Creditors' Committee. *See* Docket No. 883. Counsel to the Unsecured Creditors' Committee is Pachulski Stang Ziehl & Jones LLP, and the financial advisor to the Unsecured Creditors' Committee is FTI Consulting, Inc. In addition, the Unsecured Creditors' Committee retained Berger Singerman LLP to serve as special counsel for any and all matters related to the SEC Action (as defined below). *See* Docket No. 322.

### D.      United States Trustee

Timothy J. Fox, Esq. is the trial attorney for the Office of the United States Trustee in connection with these Chapter 11 Cases. The Debtors and the Committees have worked cooperatively to address concerns and comments from the U.S. Trustee's office during these Chapter 11 Cases.

### E.      Meeting of Creditors

The initial meeting of creditors under Bankruptcy Code section 341(a) was held on January 11, 2018, at the J. Caleb Boggs Federal Building, 844 King St., Room 2112, Wilmington, Delaware 19801. At the initial meeting of creditors, the U.S. Trustee and creditors asked questions of a representative of the Debtors. At the conclusion of the initial meeting, the U.S. Trustee announced that a further meeting of creditors under Bankruptcy Code section 341(a) shall be held after the Filing of the Debtors' Schedules (as defined and described below). A continued meeting of creditors took place on May 10, 2018 at 9:00 a.m.

F.    **Schedules, Statements of Financial Affairs, Claims Bar Dates, and Filed Claims**

On December 14, 2017, the Debtors Filed the *Debtors' Motion for an Order Extending the Time Within Which the Debtors Must File Their Schedules of Assets and Liabilities and Statement of Financial Affairs* [Docket No. 80] (the "Initial Extension Motion"). On January 9, 2018, the Bankruptcy Court entered an order granting the Initial Extension Motion and setting a deadline of February 15, 2018 for the Debtors to File their Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules"). *See* Docket No. 260. In light of, among other things, the appointment of the New Board (as defined below), on February 14, 2018, the Debtors Filed a motion for a further extension of the deadline to File their Schedules and their first periodic report required under Bankruptcy Rule 2015.3 (together with the Schedules, the "Financial Reports"). *See* Docket No. 582 (the "Second Extension Motion"). On March 5, 2018, the Bankruptcy Court entered an order granting the Second Extension Motion and, among other things, extending the deadline for the Debtors to File their Financial Reports to April 16, 2018. *See* Docket No. 700.

On April 15 and 16, 2018, the Debtors Filed their Schedules. A Creditor whose Claim is set forth in the Schedules and not identified as contingent, unliquidated, or disputed may, but need not, file a proof of claim to be entitled to participate in the Chapter 11 Cases or to receive a Distribution under the Plan.[23]

The Bankruptcy Court established (i) June 19, 2018 at 5:00 p.m. (prevailing Eastern Time) as the deadline (or "bar date") for Creditors (other than governmental units) to File proofs of claim against the Debtors (including Claims arising under section 503(b)(9) of the Bankruptcy Code); and (ii) as to each Debtor, 5:00 p.m. (prevailing Eastern Time) on the date that is 180 days after such Debtor's Petition Date as the deadline for any governmental unit (as such term is defined in Bankruptcy Code section 101(27)) to File proofs of claim against the Debtors. *See* Docket No. 911.

As of July 9, 2018, approximately 9,611 proofs of claim appear on the official claims register, although some of those claims have been withdrawn or superseded by other claims. The Debtors have not completed claim reconciliation work and do not anticipate doing so before the Effective Date of the Plan.

G.    **Sierra Employment Motion**

On December 19, 2017, the Debtors Filed the *Debtors' Motion for Entry of an Order Pursuant to Section 363 of the Bankruptcy Code Authorizing (I) the Engagement Letter Between the Debtors and SierraConstellation Partners LLC and (II) Debtors' Employment of Lawrence R. Perkins as Chief Restructuring Officer Nunc Pro Tunc to the Petition Date* [Docket No. 102] (the "Sierra Employment Motion"), pursuant to which the Debtors sought, among other things,

---

[23]    A Creditor claiming to hold a prepetition Claim who neither files a proof of claim nor has its Claim set forth in the Schedules as being other than contingent, unliquidated or disputed, and whose Claim is not expressly Allowed under the Plan or in the Confirmation Order, has no right to payment or Distribution under the Plan.

approval of the engagement letter with Sierra and authority to employ Mr. Perkins as the Initial CRO.

On January 23, 2018, the Bankruptcy Court held a hearing to consider, among other things, the Sierra Employment Motion. The Bankruptcy Court stated that it was prepared to enter an order approving the Sierra Employment Motion, but on modified terms, as set forth on the record at the hearing. On that same date, the Bankruptcy Court entered its order granting the Sierra Employment Motion. *See* Docket No. 367.

As discussed in more detail in Section III.H below, pursuant to the Joint Resolution the New Board selected a new CEO and CRO to replace Sierra and the Initial CRO, and Sierra subsequently transitioned out of its role in the Chapter 11 Cases.

### H.   Motions for Appointment of Trustee and Official Committees and Consensual Resolution Thereof

On December 28, 2017, the Unsecured Creditors' Committee Filed the *Emergency Motion of Official Committee of Unsecured Creditors for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104* [Docket No. 150] (the "Committee Trustee Motion"), through which it sought the appointment of a chapter 11 trustee pursuant to Bankruptcy Code section 1104. The Unsecured Creditors' Committee asserted in the Committee Trustee Motion that "cause" existed for the appointment of a trustee because, among other reasons, the Initial CRO and BAG were "hand-picked by Shapiro, and have done his bidding both before and after the filing of these cases." The Unsecured Creditors' Committee asserted that "any appearance of independence is illusory" and "these so-called 'independent' parties have not shown that they are acting in the best interest of creditors." The Unsecured Creditors' Committee further argued that appointment of a chapter 11 trustee was "critically urgent" because the SEC was, at that time, seeking appointment of a receiver over the Debtors in the SEC Action; the Unsecured Creditors' Committee asserted that, in contrast to a receiver, appointment of a chapter 11 trustee would better enable the Debtors to fully realize the value of their real estate assets.

On January 2, 2018, the SEC Filed the SEC Trustee Motion (together with the Committee Trustee Motion, the "Trustee Motions"). Similar to the Unsecured Creditors' Committee, the SEC argued in the SEC Trustee Motion that the Initial CRO and new "independent" management team were "completely aligned [with Shapiro] in controlling this bankruptcy." The SEC argued that "[a]s the architect of this billion-dollar fraud, Robert Shapiro should not have any voice – let alone be the sole voice – of who serves as fiduciary" and that "he should be barred, per se, from selecting the team to run these debtors-in-possession."

Separate from the Trustee Motions, on December 18, 2017, the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates (the "Ad Hoc Noteholder Committee") Filed a motion seeking appointment of an official committee of holders of Notes pursuant to Bankruptcy Code section 1102(a)(2). *See* Docket No. 85 (the "Noteholder Committee Appointment Motion"). Additionally, on January 8, 2018, the Ad Hoc Committee of Unitholders (the "Ad Hoc Unitholder Committee") Filed a motion seeking appointment of an official committee of holders of Units pursuant to Bankruptcy Code section

1102(a)(2). *See* Docket No. 250 (the "Unitholder Committee Appointment Motion" and, together with the Noteholder Committee Appointment Motion, the "Committee Appointment Motions").

On January 8, 2018, the Debtors and the Ad Hoc Noteholder Committee objected to both of the Trustee Motions. *See* Docket Nos. 240 & 245. On January 10, 2018 and January 18, 2018, the Bankruptcy Court held an evidentiary hearing on the Trustee Motions.

On or about January 23, 2018, prior to any ruling by the Bankruptcy Court on the Trustee Motions, and following extensive negotiations, the Debtors, the Unsecured Creditors' Committee, the SEC, the Ad Hoc Noteholder Committee, and the Ad Hoc Unitholder Committee entered into a term sheet that resolved, among other things, the Trustee Motions and the Committee Appointment Motions. *See* Docket No. 357-1 (the "Joint Resolution"). On January 23, 2018, the Bankruptcy Court entered an order approving the Joint Resolution. *See* Docket No. 357 (the "Joint Resolution Order"). The Joint Resolution and the Joint Resolution Order include, among other provisions, the following key provisions:

- The Debtors' board of managers was reconstituted as a three-person board (the "New Board"), consisting of Richard Nevins, M. Freddie Reiss, and Michael Goldberg, biographies of whom are attached hereto as **Exhibit C**.

- Shapiro shall not have any removal rights with respect to New Board members, unless otherwise ordered by the Bankruptcy Court.

- The New Board was empowered to select as soon as practicable a CEO or CRO, subject to the consent of the Unsecured Creditors' Committee and the SEC.

- The New Board was given a seven-day period within which to notify the SEC of its intent to select new counsel for the Debtors or to continue to retain Gibson Dunn and Young Conaway, subject to the SEC's consent, which was not to be unreasonably withheld.

- The parties agreed that employees of Sierra were to transition out of their roles in Debtor matters unless the New Board and newly appointed CEO/CRO concluded that some or all of the Sierra personnel should continue working on such matters, subject to the Unsecured Creditors' Committee's and the SEC's reasonable consent as to any continuing role of Sierra personnel.

- Subject to the SEC staff's ability to obtain authorization from the SEC Commissioner (which has since been obtained), the SEC agreed to dismiss the pending request for a receiver (in the SEC Action) over any entity under the control of the New Board, as discussed in more detail in Section III.Q below.

- Again subject to the SEC Commissioner's authorization, the Debtors and the SEC agreed to request entry of certain orders in the SEC Action, as discussed in more detail in Section III.Q below.

- In settlement of the Unitholder Committee Appointment Motion, the holders of Units were permitted to form a single 1-2 member Unitholder committee (*i.e.*, the

Unitholder Committee), with an all-in professional budget not to exceed $1.5 million (since increased to $2.1 million) through January 1, 2019. The Unitholder Committee was tasked with, not to duplicate the efforts of the Unsecured Creditors Committee or the Noteholder Committee, among other things, litigating or negotiating (a) whether the Unitholders should be treated as creditors or equity security holders in the Chapter 11 Cases; and (b) whether substantive consolidation is in the best interests of the Unitholders.

• In settlement of the Noteholder Committee Appointment Motion, the holders of Notes were permitted to form a single 6-9 member Noteholder committee (*i.e.*, the Noteholder Committee), with an all-in professional budget not to exceed $2.25 million through January 1, 2019. The Noteholder Committee was tasked with, not to duplicate the efforts of the Unsecured Creditors' Committee or the Unitholder Committee, among other things, litigating or negotiating any aspects of Noteholder treatment in the Chapter 11 Cases, focused primarily on (i) whether Noteholders are secured, and, if so, whether substantive consolidation of the Debtors' estates is in the best interests of the Noteholders; and (ii) traditional secured creditor protections such as adequate protection for the Noteholders upon sales of properties and the use of sale proceeds.

• The Noteholder Committee and the Unitholder Committee shall, among other things, (i) be considered fiduciaries of their respective constituencies, (ii) have the rights to participate in the formulation of a chapter 11 plan, (iii) retain professionals pursuant to Bankruptcy Court order and such professionals shall file fee applications with the Bankruptcy Court, and (iv) be granted regular access to the Debtors' advisors in a manner consistent with that typically granted to official statutory committees.

On February 2, 2018, the Noteholder Committee filed its *Notice of Formation of Ad Hoc Noteholder Group Pursuant to January 23, 2018, Order [D.I. 357]* [Docket No. 470]. The current members of the Noteholder Committee are Dr. Michael Weiner, Jane & Harry Breyer, Richard Carli, Jay Beynon, Kathleen Washko, Ali Heidari Saeid, Marc Fruchter, David Ellingson, and Richard Doss. [*See* Docket No. 1707]. The Bankruptcy Court granted the Noteholder Committee's applications to retain Drinker Biddle & Reath LLP as its counsel and Conway MacKenzie, Inc. and Dundon Advisers LLC as its financial advisors. *See* Docket Nos. 914, 915 & 1699.

The Unitholder Committee is comprised of two members: Dr. Raymond C. Blackburn and Dr. Chris C. Pinney. The Bankruptcy Court granted the Unitholder Committee's application to retain Venable LLP as its counsel. *See* Docket No. 719.

As authorized by the Joint Resolution, the New Board selected Frederick Chin to serve as the Chief Executive Officer of WGC Independent Manager LLC, manager of the Debtors. On February 7, 2018, the Debtors Filed a motion to employ Mr. Chin pursuant to Bankruptcy Code sections 105(a) and 363(b). *See* Docket No. 514 (the "CEO Employment Motion"). As set forth in greater detail in the CEO Employment Motion, Mr. Chin has extensive consulting and restructuring experience and has led, operated, and advised underperforming and high-growth

real estate companies. Mr. Chin's employment letter provides for, among other things, a base salary of $110,000 per month, less applicable tax withholdings. On March 8, 2018, the Bankruptcy Court entered an order granting the CEO Employment Motion.

Under the direction of the New Board, on February 7, 2018, the Debtors Filed a motion to retain and employ Development Specialists, Inc. ("DSI") as the Debtors' restructuring advisor and to designate Bradley D. Sharp as their Chief Restructuring Officer ("CRO"). *See* Docket No. 512 (the "DSI Employment Motion"). As set forth in greater detail in the DSI Employment Motion, DSI is a well-established provider of management consulting and financial advisory services, including turnaround consulting and financial restructuring, and Mr. Sharp has over 20 years of experience in providing crisis management and consulting services. DSI shall be compensated on an hourly basis, subject to the terms and conditions of the engagement letter between DSI and the Debtors and the Bankruptcy Court's order authorizing the Debtors to employ DSI. *See* Docket No. 573.

Additionally, the Debtors, under the direction of the New Board, elected to retain new bankruptcy counsel to represent them in the Chapter 11 Cases with Young Conaway Stargatt & Taylor LLP. The Debtors retained KTBS, a boutique Los-Angeles-based firm focusing on corporate finance, mergers and acquisitions, and corporate and municipal restructurings. Greater detail regarding KTBS's qualifications and the terms of its retention are set forth in the Debtors' application to employ KTBS [Docket No. 657], which was granted by the Bankruptcy Court on March 16, 2018 [Docket No. 767]. Gibson Dunn continued to represent the Debtors as bankruptcy counsel during the period in which KTBS transitioned into this role. Gibson Dunn's transition role has since ended and Gibson Dunn is no longer rendering services to the Debtors.

After the appointment of the New Board, the Debtors also filed applications to retain Province, Inc. as operational and financial advisors [Docket No. 692], Berkeley Research Group, LLC as tax advisors [Docket No. 717], and Glaser Weil Fink Howard Avchen & Shapiro LLP as special real estate and land use counsel [Docket No. 1604]. Each of those applications was granted by the Bankruptcy Court. *See* Docket Nos. 835, 836 & 1738.

## I.    Tintarella Motion for Relief From Stay

On February 8, 2018, Tintarella LLC ("Tintarella") filed a motion for stay relief [Docket No. 529], alleging that its interests in property located at 800 Stradella Road, Los Angeles, California 90077 (the "Stradella Property") were not adequately protected such that cause existed to lift the automatic stay. After negotiations, the Debtors and Tintarella reached an agreement, whereby Tintarella agreed to allow the Debtors to commence certain work on the Stradella Property so that the Debtors may work toward preservation of certain entitlements, and the Debtors agreed to make certain payments to Tintarella as adequate protection, including a one-time "cure payment" of $901,866.68, and monthly interest payments, beginning April 1, 2018, of $260,000 per month. *See* Docket No. 720. The Debtors subsequently satisfied all amounts owing to Tintarella pursuant to the Court's order authorizing the Debtors to pay third-party secured debt (*see* section III.K below). Accordingly, on May 31, 2018, Tintarella withdrew its motion for relief from stay as moot. *See* Docket No. 1890.

J.      **Sales of Real Property**

During the Chapter 11 Cases, the Debtors have sought to maximize the value of their Estates by methodically and opportunistically selling several parcels of real property owned by the Estates, in each case subject to Bankruptcy Court approval. As of the date hereof, the Debtors have filed the following motions to sell real property pursuant to Bankruptcy Code section 363:

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 8692 Franklin Avenue, Los Angeles, California Property Owned by the Debtors in Fee Simple Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 458]. The Bankruptcy Court granted this motion on February 13, 2018. *See* Docket No. 574;

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 11541 Blucher Avenue, Granada Hills, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 713]. The Bankruptcy Court granted this motion on March 28, 2018. *See* Docket No. 844.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 180 Saddleback Lane, Snowmass Village, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 760]. The Bankruptcy Court granted this motion on April 3, 2018. *See* Docket No. 893.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 24025 Hidden Ridge Road, Calabasas, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 762]. The Bankruptcy Court granted this motion on April 3, 2018. *See* Docket No. 894.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 810 Sarbonne Road, Los Angeles, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 929]. The Bankruptcy Court granted this motion on May 1, 2018. *See* Docket No. 1700.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 2362 Apollo Drive, Los Angeles, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 931]. The Bankruptcy Court granted this motion on April 27, 2018. *See* Docket No. 1669.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 432 Crystal Canyon Drive, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the*

*Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 933]. The Bankruptcy Court granted this motion on April 27, 2018. *See* Docket No. 1670.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 883 Perry Ridge Road, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 935]. The Bankruptcy Court granted this motion on April 27, 2018. *See* Docket No. 1671.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 158A Seeburg Circle, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 937]. The Bankruptcy Court granted this motion on April 27, 2018. *See* Docket No. 1672.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 171 Sopris Mesa Drive, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 939]. The Bankruptcy Court granted this motion on April 27, 2018. *See* Docket No. 1673.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 238 Sundance Trail, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 941]. The Bankruptcy Court granted this motion on April 27, 2018. *See* Docket No. 1674.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 1061 Two Creeks Drive, Snowmass Village, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 943]. The Bankruptcy Court granted this motion on May 1, 2018. *See* Docket No. 1701.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 25085 Ashley Ridge Road, Hidden Hills, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1262]. The Bankruptcy Court granted this motion on May 2, 2018. *See* Docket No. 1708.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 215 N. 12th Street, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related*

*Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1770]. The Bankruptcy Court granted this motion on June 1, 2018. *See* Docket No. 1906.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 995 & 981 Cowen Drive, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1772]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1911.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of Lot C-1 and 446 Diamond A Ranch Road, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1774]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1912.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 809 Grand Avenue, Glenwood Springs, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1776]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1913.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 747 Davis Road, Stockbridge, Georgia Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1778]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1914.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 403 and 417 Crystal Canyon Drive, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1780]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1915.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 302 Wildflower Road, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1785]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1916.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 14115 Moorpark Street #212, Sherman Oaks, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief*

[Docket No. 1788]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1917.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 780 E. Valley Road, Unit C-126, Basalt, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1790]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1918.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 342 and 368 River Bend Way, Glenwood Springs, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1792]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1919.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 63 Sweetgrass Drive, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1794]. The Bankruptcy Court granted this motion on June 4, 2018. *See* Docket No. 1920.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 26 Saddlehorn Court, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1996]. The Bankruptcy Court granted this motion on July 6, 2018. *See* Docket No. 2111.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 180 A Seeburg Circle, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 1998]. The Bankruptcy Court granted this motion on July 6, 2018. *See* Docket No. 2112.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 108 W. Diamond A Ranch Road, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2001]. The Bankruptcy Court granted this motion on July 6, 2018. *See* Docket No. 2113.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 15655 Woodvale Road, Encino, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No.

2008]. The Bankruptcy Court granted this motion on July 6, 2018. *See* Docket No. 2114.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 800 Stradella Road, Los Angeles, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2010]. The Bankruptcy Court granted this motion on July 6, 2018. *See* Docket No. 2115.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 14112 Roscoe Blvd., Panorama City, California Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2012]. The Bankruptcy Court granted this motion on July 6, 2018. *See* Docket No. 2116.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 201 Main Street, Carbondale, Colorado Property (Units 101, 102, 202, 203, 204, 303)Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2071]. The Bankruptcy Court granted this motion on July 19, 2018. *See* Docket No. 2201.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 90 Primrose Road, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2196]. The Bankruptcy Court granted this motion on July 24, 2018. *See* Docket No. 2225.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 328 Crystal Canyon Drive, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2135]. The Bankruptcy Court granted this motion on July 26, 2018. *See* Docket No. 2242.

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 831 Grand Avenue, Glenwood Springs, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2169].

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 32 Fenwick Court, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2189].

- *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 350 Market Street, #301-312, Basalt, Colorado Property Owned by the Debtors Free and*

01:23482975.1

171456.1                                                45

*Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2192].

• *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 59 Rivers Bend, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2256].

• *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 67 Aspen Glo Lane, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2258].

• *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 345 Branding Lane, Snowmass, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2260].

• *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 360 Rivers Bend, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2262].

• *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of Lot 26, Spur Ridge Road, Snowmass Village, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving the Related Purchase Agreement; and (III) Granting Related Relief* [Docket No. 2264].

The Debtors intend to continue marketing certain of the real properties owned by the Estates and may sell additional properties prior to the Effective Date, subject to Bankruptcy Court approval.

### K.    Motion for Authority to Pay Third-Party Secured Debt

On April 10, 2018, the Debtors Filed the *Debtors' Motion for Entry of an Order (I) Authorizing Payment of Third-Party Secured Debt and (II) Granting Related Relief* [Docket No. 924] (the "Third-Party Secured Debt Motion"), pursuant to which the Debtors sought entry of an order authorizing, but not directing, them to pay in full the secured indebtedness (the "Third-Party Secured Debt") owed to three third-party lenders in connection with three of their properties. Specifically, three of the PropCos—Bishop White Investments, LLC, Craven Investments, LLC, and Grand Midway Investments, LLC—were obligated on third-party notes issued by those PropCos to 805 Nimes Place, LLC (a $20 million note secured by real property at 805 Nimes Place—the "Nimes Place Note"), Ashley Land, LLC (a $4 million note secured by real property at 25085 Ashley Ridge Road—the "Ashley Ridge Note"), and Tintarella, LLC (a $26 million note secured by real property at 800 Stradella Road—the "Stradella Road Note"), respectively.  The Debtors believe that payment of the Third-Party Secured Debt was an exercise

of sound business judgment in light of, among other things, the potential savings to the Estates in interest payments (including possible default interest), legal fees, late fees, or other charges potentially accruing postpetition in connection with such obligations.  The Third-Party Secured Debt Motion was approved by the Court on April 27, 2018.  *See* Docket No. 1668.  The Debtors subsequently paid in full the Stradella Road Note and the Ashley Ridge Note, and, after Court approval of a stipulation with the lender in respect of 805 Nimes Place (*see* Motion at Docket No. 1751 and Order at Docket No 1903), paid in full the Nimes Place Note.

## L.    Rejection and Assumption of Executory Contracts and Unexpired Leases

### 1.    Rejection of Transition Services Agreement

On February 28, 2018, the Debtors Filed a motion to reject the Transition Services Agreement between WGC and WFS Holding, an entity then controlled by Shapiro. *See* Docket No. 673. Following the appointment of the New Board, the Debtors determined that Shapiro's consulting services were not necessary, beneficial, or appropriate, and that there was no justification for paying him any consulting fees, much less the $175,000 per month called for under the Transition Services Agreement. On March 19, 2018, the Bankruptcy Court entered an order granting the motion to reject the TSA. *See* Docket No. 778.

### 2.    Rejection of Other Executory Contracts and Unexpired Leases

During the Chapter 11 Cases, the Debtors have rejected certain executory contracts and unexpired leases pursuant to Bankruptcy Code section 365:

- On January 31, 2018, the Debtors Filed a motion to reject the lease relating to their former headquarters at 14225 Ventura Boulevard, Suite 100, Sherman Oaks, California. *See* Docket No. 448. On February 20, 2018, the Bankruptcy Court entered an order granting the motion. *See* Docket No. 621.

- On February 28, 2018, the Debtors Filed their first omnibus motion to reject certain executory contracts and unexpired leases that the Debtors determined, in their sound business judgment, did not provide value to the Estates. *See* Docket No. 674. On March 27, 2018, the Bankruptcy Court entered an order granting the motion. *See* Docket No. 834 (the "First Omnibus Rejection Order"). A schedule of the contracts and leases that were rejected pursuant to the First Omnibus Rejection Order is annexed as Schedule 1 to the First Omnibus Rejection Order.

- On March 7, 2018, the Debtors Filed a motion, pursuant to Bankruptcy Code section 365(d)(4), to extend the deadline to assume or reject unexpired leases of nonresidential property under which any of the Debtors is a lessee by 90 days, through and including July 2, 2018. *See* Docket No. 712. On March 27, 2018, the Bankruptcy Court entered an order granting the motion and extending such deadline through and including July 2, 2018. *See* Docket No. 831.

- On March 28, 2018, the Debtors Filed their second omnibus motion to reject certain executory contracts and unexpired leases that the Debtors determined, in their sound business judgment, did not provide value to the Estates. *See* Docket

No. 853. On April 23, 2018, the Bankruptcy Court entered an order granting the motion. *See* Docket No. 1608 (the "<u>Second Omnibus Rejection Order</u>"). A schedule of the contracts and leases that were rejected pursuant to the Second Omnibus Rejection Order is annexed as Schedule 1 to the Second Omnibus Rejection Order.

• On April 27, 2018, the Debtors Filed their third omnibus motion to reject certain executory contracts and unexpired leases that the Debtors determined, in their sound business judgment, did not provide value to the Estates. *See* Docket No. 1681. On May 15, 2018, the Bankruptcy Court entered an order granting the motion. *See* Docket No. 1784 (the "<u>Third Omnibus Rejection Order</u>"). A schedule of the contracts and leases that were rejected pursuant to the Third Omnibus Rejection Order is annexed as Schedule 1 to the Third Omnibus Rejection Order.

• On June 15, 2018, the Debtors Filed their fourth omnibus motion to reject certain executory contracts and unexpired leases that the Debtors determined, in their sound business judgment, did not provide value to the Estates. *See* Docket No. 1986. On July 6, 2018, the Bankruptcy Court entered an order granting the motion. *See* Docket No. 2110 (the "<u>Fourth Omnibus Rejection Order</u>"). A schedule of the contracts and leases that were rejected pursuant to the Third Omnibus Rejection Order is annexed as Schedule 1 to the Fourth Omnibus Rejection Order.

• On July 31, 2018, the Debtors Filed their fifth omnibus motion to reject certain executory contracts and unexpired leases that the Debtors determined, in their sound business judgment, did not provide value to the Estates. *See* Docket No. 2272.

**M.    Consent Orders**

**1.    Motion for Approval of California Consent Order**

On February 21, 2018, the Debtors Filed the *Debtors' Motion for Entry of an Order, Pursuant to Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, Authorizing and Approving the Debtors' Entry into a Consent Order with California with Respect to the Offer or Sale of Securities* [Docket No. 639] (the "<u>California Consent Order Motion</u>"). Pursuant to the California Consent Order Motion, the Debtors sought Bankruptcy Court authorization for certain of the Debtors (the "<u>Woodbridge Respondents,</u>" as more specifically defined in the California Consent Order Motion) to enter into a proposed consent order (the "<u>California Consent Order</u>") with the Department of Business Oversight of the State of California ("<u>California</u>"). Shapiro and one of his non-debtor affiliates are also parties to the California Consent Order. The California Consent Order provides, among other things, that the Woodbridge Respondents (and the other respondents) are ordered to, among other things, desist and refrain from offering or selling securities in California unless and until qualification has been made under applicable law. The California Consent Order also contains numerous recitals setting forth California's allegations regarding alleged violations of California corporate and securities law, which allegations were neither admitted nor denied by the Woodbridge Respondents in the California Consent Order. On

March 8, 2018, the Bankruptcy Court entered an order granting the California Consent Order Motion. *See* Docket No. 721.

## 2.    Motion for Expedited Procedures Regarding Consent Orders

On March 15, 2018, the Debtors Filed the *Debtors' Motion for Entry of an Order Setting Expedited Procedures for the Approval of Certain Consent Orders* [Docket No. 753] (the "Consent Order Procedures Motion"), pursuant to which the Debtors sought entry of an order setting expedited procedures for the approval of consent orders with certain state regulatory agencies so long as the consent orders meet certain parameters, thereby avoiding the need for the Debtors to seek to shorten notice with respect to each individual motion for approval of a future consent order. Among other parameters, any consent order subject to the Consent Order Procedures Motion shall not provide for the payment by the Debtors of monetary penalties, disgorgement, or restitution. As a general matter, the consent orders that are anticipated to be agreed to via the expedited procedures will prohibit the Debtors from unlawfully offering or selling securities—something that the Debtors have no intention of doing anyway.

On April 3, 2018, the Bankruptcy Court entered an order granting the Consent Order Procedures Motion [Docket No. 888] (the "Consent Order Procedures Order"). The Consent Order Procedures Order provides that after the Debtors, the Committees, and the applicable agency have agreed to a consent order, the Debtors shall file such consent order and serve it on certain notice parties. If no objection is received within five days of such filing, the Debtors are authorized to submit an order to the Bankruptcy Court under certification of counsel approving the Debtors' entry into the applicable consent order.

As of the date hereof, the Debtors have entered into consent orders with regulatory agencies for the States of Colorado, Idaho, Oregon, and Michigan pursuant to the procedures set forth in the Consent Order Procedures Order. *See* Docket Nos. 1782, 1783, 1851 & 2253.

## N.    Extension of Exclusivity Periods

On March 15, 2018, the Debtors Filed the *Debtors' Motion for Entry of an Order, Pursuant to Section 1121(d) of the Bankruptcy Code, Extending the Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* [Docket No. 754] (the "Exclusivity Motion"). In light of, among other things, the change in the Debtors' management pursuant to the Joint Resolution, the Debtors requested 90-day extensions of the Debtors' exclusive periods to (i) file a proposed chapter 11 plan (the "Plan Period"), and (ii) solicit acceptances of the plan without competing plan filings (the "Solicitation Period"). On April 3, 2018, the Bankruptcy Court entered an order granting the Exclusivity Motion and extending (i) the Plan Period for each Debtor to July 2, 2018, and (ii) the Solicitation Period for each Debtor to September 4, 2018. *See* Docket No. 889.

On May 18, 2018, the Noteholder Plaintiffs (as defined below) filed a motion seeking to terminate the Debtors' exclusive periods (the "Exclusivity Termination Motion") and filed an accompanying motion to shorten notice with respect to the Exclusivity Termination Motion in order to set the Exclusivity Termination Motion for hearing on June 5, 2018. *See* Docket Nos.

1833 & 1834.  The Court denied the motion to shorten notice, instead setting the Exclusivity Termination Motion for hearing on July 10, 2018.  *See* Docket No. 1849.

On June 29, 2018, the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Section 1121(d) of the Bankruptcy Code, Extending the Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* [Docket No. 2065] (the "Second Exclusivity Motion"), seeking to further extend the Plan Period and the Solicitation Period, each by approximately 120 days.  On July 17, 2018, the Bankruptcy Court entered an order granting the Second Exclusivity Motion and extending (i) the Plan Period for each Debtor to October 30, 2018, and (ii) the Solicitation Period for each Debtor to January 2, 2019. *See* Docket No. 2180.

### O.    Additional Employment Orders

On and after the Initial Petition Date, the Debtors Filed various motions and applications to retain professionals and to streamline the administration of the Chapter 11 Cases. The Bankruptcy Court entered the following orders granting the foregoing motions and applications:

- Order Authorizing the Retention and Employment of Garden City Group, LLC as Administrative Advisor for the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 327(a) and 330, *Nunc Pro Tunc* to the Petition Date [Docket No. 274];

- Order Authorizing the Employment and Payment of Professionals Used in the Ordinary Course of Business [Docket No. 296];

- Order Pursuant to 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Retain Expert Consultant *Nunc Pro Tunc* as of December 18, 2017 [Docket No. 360];

- Order Authorizing the Employment and Retention of Homer Bonner Jacobs PA as Special Litigation Counsel to the Debtors and Debtors in Possession *Nunc Pro Tunc* to Petition Date [Docket No. 361];

- Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Employment and Retention of Province, Inc. as Operational and Financial Advisors to the Debtors *Nunc Pro Tunc* to February 1, 2018 [Docket No. 835];

- Order Authorizing the Retention and Employment of Berkeley Research Group, LLC as Tax Advisors to the Debtors and Debtors in Possession, *Nunc Pro Tunc* to February 15, 2018 [Docket No. 836];

- Order Authorizing the Debtors to Retain and Employ Glaser Weil Fink Howard Avchen & Shapiro LLP as Special Real Estate and Land Use Counsel *Nunc Pro Tunc* to March 22, 2018 [Docket No. 1738];

In addition, the Committees Filed applications to retain professionals and the Bankruptcy Court entered the following orders granting such applications:

- Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to December 14, 2017 [Docket No. 320];

- Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors [Docket No. 321];

- Order Pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Berger Singerman LLP as Special Counsel for the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to December 26, 2017 [Docket No. 322];

- Order Authorizing and Approving the Retention of Venable LLP as Counsel to the Fiduciary Committee of Unitholders *Nunc Pro Tunc* to January 23, 2018 [Docket No. 719];

- Order Authorizing the Employment and Retention of Conway Mackenzie, Inc. as Financial Advisor for the Ad Hoc Noteholder Group [Docket No. 914];

- Order Authorizing the Employment and Retention of Drinker Biddle & Reath LLP as Counsel for the Ad Hoc Noteholder Group [Docket No. 915];

- Order Authorizing the Employment and Retention of Dundon Advisers LLC as Financial Advisor for the Ad Hoc Noteholder Group [Docket No. 1699];

### P.    Claims Trading

On April 3, 2018, Contrarian Funds, LLC ("Contrarian") filed a *Motion for Authority to Acquire Promissory Notes Against the Debtors* [Docket No. 890] (the "Trading Motion").  By the Trading Motion, Contrarian sought authority to acquire all rights, title, and interest in the Notes against the Debtors without further order of the Court and without obtaining prior consent from the Debtors.  Approximately two weeks, later, on April 16, 2018, the Debtors filed their *Objection to Proof of Claim No. 1216 Asserted by Putative Transferee Contrarian Funds, LLC, etc.* [Docket No. 1563] (the "Contrarian Objection"), pursuant to which the Debtors sought entry of an order disallowing and expunging a proof of claim filed by Contrarian, which claim was based on Notes that Contrarian had purportedly acquired from Noteholders Elissa and Joseph Berlinger, on account of anti-assignment language in the underlying Notes.  The Contrarian Objection was heard on June 5, 2018, and, on June 20, 2018, the Court entered an order sustaining the Contrarian Objection [Docket No. 2016] and issued an opinion and order finding that, among other things, the anti-assignment language in the Notes is legally valid [Docket Nos. 2014 & 2016].  Contrarian filed a notice of appeal on July 3, 2018 [Docket No. 2078].

### Q.    SEC Action

On December 20, 2017, the SEC filed a complaint (the "SEC Complaint") against, among other parties, Shapiro, WGC, WMF, Woodbridge Structured Funding, LLC ("WSF"), the Fund Debtors, and hundreds of PropCo and MezzCo Debtors. The case is pending in the U.S.

District Court for the Southern District of Florida (the "District Court") as Case No. 1:17-cv-24624-MGC (the "SEC Action").

The SEC alleges that Shapiro and his affiliates, including the Debtor defendants, committed numerous securities law violations. The SEC Complaint contains 10 counts. Count I alleges sales of unregistered securities in violation of Section 5 of the Securities Act of 1933, 15 U.S.C. §§ 77a *et seq.* (the "Securities Act"), against Shapiro, WGC, WMF, WSF, and the Fund Debtors. Counts III and VI allege that Shapiro, WGC, WMF, WSF, and the Fund Debtors made material misstatements or omissions in connection with the sale of securities in violation of Section 17(a)(2) of the Securities Act and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.* (the "Exchange Act"). Counts II, IV, V, and VII are against all defendants, alleging participation in a "scheme" to defraud investors in violation of Sections 17(a)(1) and (a)(2) of the Securities Act and Section 10(b) of the Exchange Act. Count VIII seeks to hold Shapiro and RS Trust liable under Section 20(a) of the Exchange Act as "control persons" for the alleged Exchange Act fraud violations of the various entities under their control. Count IX asserts broker-dealer registration violations against WGC and WSF under Section 15(a)(1) of the Exchange Act, and Count X asserts that Shapiro "aided and abetted" WGC's and WSF's broker-dealer registration violations.

The SEC Complaint prays for the following relief:

(i)     A permanent injunction enjoining all defendants from further violations of the securities laws they are alleged to have violated;

(ii)    An asset freeze of the assets of Shapiro, RS Trust, and other non-debtor entities until further order of the District Court;

(iii)   Appointment of a receiver over the corporate defendants (including the Debtors);

(iv)    Issuance of an order enjoining and restraining Shapiro and RS Trust from destroying, concealing, or otherwise rendering illegible any of the books, records, documents, correspondence, accounts, statements, files and other property of or pertaining to any defendant that refer or relate to the acts or courses of conduct alleged in the SEC Complaint;

(v)     Issuance of an order directing Shapiro and RS Trust to provide an accounting of all assets and liabilities, including all monies and real properties directly or indirectly received from investors and all uses of investor funds;

(vi)    Disgorgement by all defendants of "all ill-gotten gains or proceeds received from investors as a result of the acts and/or courses of conduct complained of herein, with prejudgment interest;" and

(vii)   Civil money penalties pursuant to Section 20(d) of Securities Act and 21(d) of Exchange Act against all defendants.

Concurrently with the filing of the SEC Complaint, the SEC filed an emergency *ex parte* motion (the "Asset Freeze Motion") to freeze temporarily and, after a hearing, for the duration of

01:23482975.1

the SEC Action, the assets of Shapiro, RS Trust, and the (then) non-debtor corporate defendants. The Asset Freeze Motion also sought an order requiring Shapiro and RS Trust to provide a sworn accounting and prohibiting them from destroying records. The day the Asset Freeze Motion was filed, the District Court entered an order (the "Asset Freeze Order") setting a "show cause" hearing for December 29, 2017, and temporarily freezing the assets of Shapiro, RS Trust, and the (then) non-debtor corporate defendants. The Asset Freeze Order was subsequently extended by the District Court. As of the date hereof, the Asset Freeze Order remains in effect, although none of the Debtors are subject to the Asset Freeze Order.

On the same date it filed the SEC Complaint and the Asset Freeze Motion, the SEC filed a motion to appoint a receiver over all defendants in the SEC Action except Shapiro (the "Receivership Motion"). The SEC argued that the appointment of a receiver over the debtor entities was not barred by the automatic stay because the SEC was enforcing its police and regulatory powers, as permitted under Bankruptcy Code section 362(b)(4). On December 28, 2017, the Debtors initiated an adversary proceeding in the Bankruptcy Court, Adv. Proc. No. 17-51891-KJC (the "Receivership Adversary"), seeking, among other things, a declaratory judgment that the SEC Action and the Receivership Motion should be and are subject to the automatic stay, as well as a preliminary injunction barring the continued prosecution of the SEC Action. As part of the Joint Resolution, the SEC withdrew the Receivership Motion without prejudice and the Debtors voluntarily dismissed the Receivership Adversary. The SEC has indicated that it will re-file the Receivership Motion as against RS Trust and certain non-debtor entities, but not against the Debtors.

Pursuant to the Joint Resolution, on February 16, 2018, the Debtor defendants filed an unopposed motion to extend the deadline to file their answer or motion to dismiss the SEC Complaint to April 23, 2018. The Bankruptcy Court granted the unopposed extension motion.

On April 16, 2018, the Debtor defendants entered into that certain *Consent of Debtor Defendants* (the "SEC Consent") with the SEC and consented to the entry of that certain *Judgment as to Debtor Defendants* (the "SEC Judgment"). Pursuant to the SEC Consent and SEC Judgment, without admitting or denying the allegations of the SEC Complaint, the Debtor defendants agree to the entry of the SEC Judgment, which provides that, among other things: (i) the Debtor defendants will be permanently enjoined from violations of certain sections of the Securities Act and the Exchange Act; (ii) upon motion of the SEC, the District Court will determine whether it is appropriate to order disgorgement and/or a civil penalty against the Debtor defendants and, if so, the amount of any such disgorgement and/or civil penalty; and (iii) in connection with any hearing regarding disgorgement and/or a civil penalty, *inter alia*, the Debtor defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the SEC Complaint and the Debtor defendants may not challenge the validity of the SEC Consent or SEC Judgment. The SEC Consent and SEC Judgment also provide that the Debtor defendants agree that the District Court will retain jurisdiction over the matter for the purpose of enforcing the terms of the SEC Judgment, and that the Bankruptcy Court will continue to maintain jurisdiction over all such matters to which the Bankruptcy Court has jurisdiction over in the Chapter 11 Cases. On May 1, 2018, the Bankruptcy Court approved the Debtors' entry into the SEC Consent and SEC Judgment. *See* Docket No. 1702. Accordingly, on May 21, 2018, the District Court entered the SEC Judgment against the Debtor defendants in the SEC Action.

The Debtors have reached an agreement in principle with the SEC staff to resolve the disgorgement and civil penalty claims asserted by the SEC against the Debtors in the SEC Action.  The agreement remains subject to Commission and Bankruptcy Court approvals, but the Debtors and SEC staff will submit the agreement for consideration in an effort to obtain those approvals prior to the Confirmation Hearing.  If the agreement is approved, the SEC will dismiss its civil penalty claims against the Debtors.  In addition, the Debtors will consent to a final judgment in the SEC Action, which sets disgorgement in the amount of $892,173,765, but the disgorgement will be deemed satisfied by the Liquidation Trust formed pursuant to the Debtors' Plan becoming obligated to make distributions of substantially all of the net proceeds (taking into account the costs of administration of the Liquidation Trust and the Wind-Down Entity) from the disposition of the Estates' assets (distributions of net proceeds to general unsecured creditors shall be permitted) to investors pursuant to a confirmed Chapter 11 plan, provided that the SEC did not file a timely objection to the plan.  The Debtors and SEC staff have been working to resolve any issues that the staff may have with the Plan, and the Debtors do not anticipate the SEC filing any objection to the Plan.  To provide sufficient time for the proposed agreement to be approved, the Debtors, Unsecured Creditors' Committee, Noteholder Committee, and Unitholder Committee have agreed to extend the SEC Bar Date to October 26, 2018.  If the agreement is approved and the conditions to disgorgement satisfaction occur, then the SEC will not file any proofs of claim against the Debtors or their Estates.  Further, the agreement would moot any issues concerning treatment of the SEC's claims in the Chapter 11 Cases.  In light of the agreement in principle, the SEC will not be voting on the Plan.

At a status conference in the SEC Action on May 16, 2018, the SEC announced that it had reached terms of settlement with the non-debtor defendants (but did not, at that time, disclose those terms).  Accordingly, on May 21, 2018, the District Court entered an order administratively closing the SEC Action, and instructing the parties to file settlement documentation on or before August 17, 2018.

### R.    Postpetition Litigation

The Debtors and other parties in interest have commenced four adversary proceedings related to the Chapter 11 Cases and the Unsecured Creditors' Committee has sought to commence a fifth, each of which are described below.

### 1.    Receivership Adversary

As noted in Section III.Q above, the Debtors initiated the Receivership Adversary to, among other things, enjoin the SEC from prosecuting the SEC Action and the Receivership Motion. Pursuant to the Joint Resolution, the Debtors voluntarily dismissed the Receivership Adversary on February 2, 2018.

### 2.    Noteholder Declaratory Relief Adversary

On March 27, 2018, a group of Noteholders (the "Noteholder Plaintiffs") filed an adversary proceeding in the Bankruptcy Court, Adv. Proc. No. 18-50371-KJC (the "Noteholder Declaratory Relief Adversary"), seeking a declaratory judgment that they hold valid, perfected, first-priority liens against the real property located at 141 South Carolwood Drive, Holmby Hills,

California (the "Owlwood Estate"), or, alternatively, that the Noteholder Plaintiffs hold a constructive trust over or equitable lien against the Owlwood Estate. On June 18, 2018, the Debtors filed a motion to dismiss the Noteholder Declaratory Relief Adversary. On July 17, 2018, the Noteholder Plaintiffs filed an amended complaint. The Debtors will again move to dismiss the amended complaint.

### 3.   Comerica Declaratory Relief Adversary

On April 4, 2018, Comerica Bank ("Comerica") filed an adversary proceeding in the Bankruptcy Court, Adv. Proc. No. 18-50382-KJC (the "Comerica Adversary") against five parties who are currently plaintiffs in pending class action lawsuits (the "Class Action Plaintiffs") against Comerica related to the Debtors' Ponzi scheme. Comerica seeks, among other things, a declaratory judgment that the claims brought by the Class Action Plaintiffs are derivative claims that belong to the Debtors. Comerica filed a motion for a preliminary injunction to enjoin the class actions from moving forward. *See* Adv. Docket No. 3. After a hearing on May 15, 2018, the Court entered an order that, among other things, enjoined and stayed the continued prosecution of the class actions. *See* Adv. Docket No. 21.

### 4.   Committee Lien Avoidance Adversary

On April 9, 2018, the Unsecured Creditors' Committee Filed the *Motion of Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 1103(c), and 1109(b) for Entry of an Order Granting Leave, Standing, and Authority to Prosecute Certain Causes of Action on Behalf of Certain Debtors and Their Estates* [Docket No. 920] (the "Committee Standing Motion"), pursuant to which it sought entry of an order granting the Unsecured Creditors' Committee leave and standing to initiate an adversary proceeding (the "Lien Avoidance Adversary") seeking to avoid the liens and security interests purportedly granted to the Fund Debtors by the MezzCo and PropCo Debtors. The potential bases for avoidance of such liens and security interests are described in more detail in Section IV.B.1 below. The Unsecured Creditors' Committee asserted that it was the proper party to bring such causes of action because they involve intercompany liens and obligations among the Debtors, and thus the Unsecured Creditors' Committee's pursuit of such causes of action would avoid any actual or potential conflict of interest. On April 24, 2018, the Noteholder Plaintiffs filed an opposition to the Committee Standing Motion. *See* Docket No. 1625.

### 5.   Comerica WFS Adversary

On April 26, 2018, Comerica filed an adversary proceeding in the Bankruptcy Court, Adv. Proc. No. 18-50414-KJC (the "WFS Adversary") against WFS Holding, seeking declaratory and injunctive relief relating to a California Superior Court action filed by WFS Holding against Comerica styled *WFS Holding Co., LLC v., Comerica Bank, et al.*, Civ. Case No. BC699929, filed on March 28, 2018 (the "WFS Superior Court Action"). Both the WFS Adversary and the WFS Superior Court Action stem from a bank account opened by WFS Holding at Comerica on November 20, 2017, in which account both WFS Holding and the Debtors have claimed an interest. Accordingly, by the WFS Adversary, Comerica has sought declaratory relief to determine the parties' respective rights and responsibilities relative to the disputed account, injunctive relief to enjoin the WFS Superior Court Action, and interpleader to

determine the rightful owner of the funds in the disputed account. On May 23, 2018, based on a dismissal by WFS Holding of the WFS Superior Court Action, Comerica dismissed the WFS Adversary. *See* Adv. Docket No. 9.

### S.      Plan Term Sheet

Following the appointment of the New Board, the preferred path of the New Board, the Debtors, and their professionals was to build consensus with key constituencies and reach an agreement that would provide for a prompt and orderly path out of bankruptcy for the Debtors and would conserve the Estates' resources for the benefit of all Creditors.

To that end, KTBS hosted several all-day negotiating sessions at its offices in Los Angeles. First, on March 8, 2018, KTBS hosted a full-day meeting attended by counsel for the Debtors, the Unsecured Creditors' Committee, the Noteholder Committee, the Unitholder Committee, and the SEC. Then, during the week of March 19, 2018, KTBS hosted three all-day meetings attended by the parties and their professionals. At these meetings, the parties engaged in extensive debate and discussion regarding, among other things, key legal issues in the Chapter 11 Cases, including, among other things, (i) whether the Notes are secured by valid, perfected security interests, (ii) the relative rights and treatment of holders of Notes and Units, and (iii) whether substantive consolidation of the Estates is warranted under the circumstances. Certain of the parties also circulated detailed "position papers" regarding such topics.

The negotiations were ultimately fruitful, as they culminated with the signing of a *Summary Plan Term Sheet*, dated as of March 22, 2018 [Docket No. 828] (the "Plan Term Sheet"). The Plan Term Sheet memorialized a broad agreement in principle by and among the Debtors, the Unsecured Creditors' Committee, the Noteholder Committee, and the Unitholder Committee regarding the fundamental terms of a chapter 11 plan, while providing a basis for further discussion regarding the specific details of the plan and related transaction, which details remained subject to further review, comment, and final approval by the parties.

Following execution of the Plan Term Sheet, the parties continued to extensively negotiate the open details of the potential plan. After many weeks of further discussion and negotiations with the Committees, the Debtors finalized and filed the Plan, which substantially incorporates and expands upon the Plan Term Sheet.

### IV.      SUMMARY OF THE FIRST AMENDED JOINT CHAPTER 11 PLAN

This section provides a summary of the structure and means for implementation of the Plan and the classification and treatment of Claims and Equity Interests under the Plan and is qualified in its entirety by reference to the Plan (as well as the exhibits thereto and definitions therein).

The statements contained in this Disclosure Statement do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein, and reference is made to the Plan and to such documents for the full and complete statement of such terms and provisions.

The Plan itself and the documents referred to therein control the actual treatment of Claims against and Equity Interests in the Debtors under the Plan and will, upon the occurrence of the Effective Date, be binding on all Holders of Claims against and Equity Interests in the Debtors, the Debtors' Estates, all parties receiving property under the Plan, and other parties in interest. In the event of any conflict, inconsistency, or discrepancy between this Disclosure Statement and the Plan, the Confirmation Order, the Plan Supplement, or any other operative document, the terms of the Plan, Confirmation Order, Plan Supplement, or such other operative document, as applicable, shall govern and control; *provided* that, in any event, the terms of (1) the Confirmation Order and then (2) the Plan, inclusive of any Plan Supplement, in that order, shall govern and control over all other related documents.

## A.      Purpose and Effect of the Plan

Chapter 11 is the chapter of the Bankruptcy Code primarily used for business reorganization. Under chapter 11, a debtor is authorized to reorganize its business for the benefit of its constituents. Chapter 11 also specifically allows a debtor to formulate and consummate a plan of liquidation. *See* 11 U.S.C. § 1129(a)(11). A plan of liquidation sets forth the means for satisfying claims against and equity interests in a debtor. Confirmation of a plan of liquidation by a bankruptcy court makes that plan binding on the debtor and any creditor of or interest holder in the debtor, whether or not such creditor or interest holder (i) is impaired under or has accepted the plan or (ii) receives or retains any property under the plan.

The Plan provides for the distribution of the proceeds of the liquidation of all Estate Assets to various Creditors as contemplated under the Plan and for the wind-up the Debtors' corporate affairs. More specifically, the Plan provides for the creation and funding of a Liquidation Trust and a Wind-Down Entity (which will be wholly owned by the Liquidation Trust) to administer and liquidate all remaining property of the Debtors, including (i) any real properties owned by the Debtors immediately prior to the Effective Date and (ii) the Liquidation Trust Actions.

Under the Plan, Claims against, and Equity Interests in, the Debtors are divided into Classes according to their relative seniority and other criteria. If the Plan is confirmed by the Bankruptcy Court and consummated, the Claims and Equity Interests of the various Classes will be treated in accordance with the provisions in the Plan for each such Class and the Liquidation Trust or Wind-Down Entity, as applicable, will make Distributions as provided in the Plan. A general description of the Classes of Claims and Equity Interests created under the Plan, the treatment of those Classes under the Plan, and the property to be distributed under the Plan are described below.

## B.      Comprehensive Compromise and Settlement Under the Plan

Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Liens, and Causes of Action

against any Debtor. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable.

The Debtors believe that the comprehensive compromise and settlement to be effected by the Plan is appropriate for several reasons and intend to request that the Bankruptcy Court approve that comprehensive compromise and settlement contemporaneously with the Confirmation Hearing. In particular, this comprehensive compromise and settlement is a critical component of the Plan and is designed to provide a resolution of myriad disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years of protracted litigation to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

Among those many disputed issues that will be resolved through the Plan are the following complex matters, any one of which could be the subject of years of expensive, complicated, and uncertain litigation.

### 1.    Nature of the Claims Asserted by the Noteholders

A significant dispute exists regarding whether the Noteholders hold, directly or indirectly, any valid and enforceable lien or other security interest on any Estate Assets, not subject to avoidance.  This dispute involves complex legal issues; however, in brief, the issue involves the assertion by certain Noteholders that they hold valid and enforceable security interests, not subject to avoidance, in either or both of (i) the particular parcel of real property identified on their loan documentation provided to them by the Debtors, or (ii) the allegedly secured promissory notes from the applicable MezzCo or PropCo to the applicable FundCo.  The Debtors believe there are legal problems with this assertion, as described in more detail in this section.  *First*, as a technical matter, the Debtors believe the steps legally necessary to "perfect" any such security interest in favor of a Noteholder have not been taken such that any such security interest would be avoidable.[24]   And *second*, as a more fundamental matter, the unfortunate reality that Shapiro did *not* use investor funds as he promised (*i.e.*, that he commingled all funds, rather than using a particular Noteholder's money for the particular property or loan to an alleged third-party borrower that was referenced on such Noteholder's documents) creates legal hurdles for the Noteholders' claim to secured status.

In contrast to Shapiro's representations, the Debtors believe that as a legal matter, the Noteholders do not have valid, enforceable security interests in the Purported Noteholder Collateral that could withstand utilization of the "strong arm" avoidance powers, described below. In particular, as noted above, the Debtors believe the steps necessary to perfect any such security interests under Article 9 of the Delaware Commercial Code were not taken on behalf of the Noteholders. Specifically, (i) the Debtors have confirmed that no Noteholder is in physical

---

[24]   A "perfected" security interest or lien is one that is enforceable, against other creditors as well as subsequent owners of the collateral, by virtue of satisfaction of the requirements of applicable state law.

possession of any Purported Noteholder Collateral, *see* DEL. CODE ANN. tit. 6, § 9-313(a), and (ii) based on the Debtors' investigation, no UCC-1 financing statement was filed in Delaware on behalf of any Noteholder with respect to any of the Purported Noteholder Collateral, *see id.* § 9-312(a). The Debtors believe these facts would ultimately allow for a determination that any asserted security interests in the Purported Noteholder Collateral or on any other Estate Assets are subject to avoidance under Bankruptcy Code section 544(a), which provides that an estate representative may utilize "strong arm" powers to avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by certain creditors under applicable nonbankruptcy law. Among other things, these "strong arm" powers permit avoidance of asserted security interests that were not properly perfected in accordance with applicable nonbankruptcy law. Although the Debtors believe they would prevail in any such avoidance litigation, so utilizing the "strong arm" powers could necessitate commencement of a separate adversary proceeding against each Noteholder who asserts a security interest, which could be detrimental to all victims of Woodbridge's fraudulent scheme by causing the additional hardships, costs and delays attendant to litigation.

Apart from the technical question whether any Noteholder has an enforceable security interest is the more fundamental question whether any of the asserted intercompany loans and related liens and security interests purportedly granted to the Fund Debtors by the MezzCo and PropCo Debtors are enforceable in the Chapter 11 Cases. This fundamental question is raised by the Unsecured Creditors' Committee's proposed Lien Avoidance Adversary and it implicates a variety of complex sub-issues that the Bankruptcy Court (and additional courts on appeal) would need to resolve, including:

- Are the promissory notes issued to the Fund Debtors enforceable obligations as a matter of applicable state law despite the facts that, in many cases, no loan proceeds whatsoever were provided directly from the Fund Debtors to the applicable MezzCo and PropCo Debtors and the amount of the obligations were not correlated with the actual funds received? If these obligations are unenforceable against the MezzCo and PropCo Debtors under applicable law for any reason other than because such claims are contingent or unmatured, then the Intercompany Claims held by the Fund Debtors would be subject to disallowance under Bankruptcy Code section 502(b)(1). The absence of allowed claims of the Fund Debtors would in turn mean that the associated Liens asserted by the Fund Debtors would be voided by Bankruptcy Code section 506(d).

- Are either the purported obligations of the applicable MezzCo and PropCo Debtors to the Fund Debtors or the associated Liens avoidable as "constructive" fraudulent transfers under Bankruptcy Code section 548(a)(1)(B) or as constructively voidable transactions under applicable nonbankruptcy law and Bankruptcy Code section 544(b)? Generally, an obligation and security interest may be avoided in bankruptcy if the debtor received less than a reasonably equivalent value in exchange for such obligation or transfer and was in one of several forms of financial distress at the relevant time. To the extent a particular MezzCo or PropCo Debtor did not receive reasonably equivalent value in exchange for liens and obligations that it created in favor of a Fund Debtor while

it was insolvent, those liens and obligations could be avoided in the Chapter 11 Cases.

- Are either the purported obligations of the applicable MezzCo and PropCo Debtors to the Fund Debtors or the associated Liens avoidable as "actual" fraudulent transfers under Bankruptcy Code section 548(a)(1)(A) or as actually voidable transactions under applicable nonbankruptcy law and Bankruptcy Code section 544(b)? Generally, an obligation and security interest may be avoided in bankruptcy if the debtor made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted. Although courts often look to certain "badges of fraud" when determining whether a given transfer or obligation was associated with the required debtor intent, the case law also recognizes a "Ponzi scheme presumption" that imputes such intent when a transfer or obligation was part of the perpetuation of a Ponzi scheme. *See, e.g., Ritchie Capital Mgmt., LLC v. Stoebner*, 779 F.3d 857, 861-62 (8th Cir. 2015); *Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, 9-11 (S.D.N.Y. 2007); *In re DBSI, Inc.*, 477 B.R. 504, 510 (Bankr. D. Del. 2012). As such, to the extent that the transactions between the MezzCo and PropCo Debtors and the Fund Debtors furthered a Ponzi scheme, those transactions could potentially be avoided as actual fraudulent transfers or voidable transactions.

- Are there other forms of interests between any given MezzCo and PropCo Debtor and any given Fund Debtor? For example, even though a particular Fund Debtor may contend that it is the only Person with an interest in a particular MezzCo or PropCo, other Fund Debtors could potentially assert equitable liens or other rights and remedies against that same MezzCo or PropCo on the theory that some portion of the other Fund Debtors' funds were part of the commingled pool that facilitated purchase of the underlying real property. If such interests were recognized in favor of other Fund Debtors, then there could be further disputes about the extent to which those interests are senior to or on parity with the interests of the Fund Debtor that had a more formalized relationship with the same MezzCo or PropCo.

These are all highly complex issues that could require the devotion of substantial professional and judicial resources to resolve with finality. The key point that bears emphasis is that any vulnerability in the Intercompany Claims or Intercompany Liens asserted by the Fund Debtors against the applicable MezzCos or the PropCos ultimately moots the secondary disputes about whether the associated Noteholders have perfected security interests; if the Purported Noteholder Collateral is invalid, void, or otherwise unenforceable, then it ultimately is irrelevant whether any Noteholder has a security interest regarding such an invalid, void, or unenforceable item.

The Plan's comprehensive compromise and settlement resolves this issue by providing that any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any

Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date. As a result of this elimination of such Intercompany Claims and Intercompany Liens, there is no further need to litigate about whether any given Noteholder has a perfected security interest or not, nor about whether any given Noteholder has any specialized interest in any particular property (a very limited exception to this statement exits for the Noteholders with Non-Debtor Loan Note Claims, which will retain the ability to litigate whether they have enforceable security interests regarding the applicable non-debtor loans, although the Debtors do not believe any of these parties will ultimately prevail in such litigation).

By resolving the intercompany rights between the Fund Debtors and the Other Debtors in a fashion that recognizes that the Fund Debtors ultimately should have some economic interest in the Other Debtors (whether through unsecured Claims for reimbursement asserted against WGC or directly through asserted Claims against the PropCos and MezzCos), the Plan avoids the substantial costs and uncertainty of litigation while providing what are anticipated to be substantial recoveries for all the economic stakeholders of the Fund Debtors (*i.e.*, the Noteholders and the Unitholders).

Solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor, so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by (a) the Liquidation Trust as to any Collateral that is Cash and (b) otherwise, the Wind-Down Entity. The Debtors are presently aware of only one non-debtor Lien (asserted by the IRS against the Debtors' property at 4030 Longridge Avenue, Sherman Oaks, California) as to which this issue is likely to be relevant.

## 2.    Nature of the Claims Asserted by the Unitholders

Another significant dispute exists regarding whether the Unitholders hold "claims" or "equity securities" in the Chapter 11 Cases and the extent to which, if any, any "claims" of the Unitholders are subject to subordination under Bankruptcy Code section 510(b).

Under the Bankruptcy Code, there is a fundamental distinction between a "debt," which is the liability of a debtor on a "claim" (*i.e.*, a right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment), on the one hand, and an "equity" interest or "equity security," on the other hand. *See* 11 U.S.C. §§ 101(5), (12) & (17); 1129(b)(2)(B) & (C). It is not always easy to determine whether a particular instrument creates debt or equity, and the case law has developed a complex, multi-factor test to guide the analysis. *See, e.g., Cohen v. KB Mezzanine Fund II, LP (In re Submicron Sys. Corp.)*, 432 F.3d 448, 454-59 (3d Cir. 2006); *Walnut Creek Mining Co. v. Cascade Inv., LLC (In re Optim Energy, LLC)*, 527 B.R. 169, 174-75 (D. Del. 2015); *United States v. State St. Bank & Trust Co.*, 520 B.R. 29, 72-79 (Bankr. D. Del. 2014); *Autobacs Strauss, Inc. v. Autobacs Seven Co. (In re Autobacs Strauss, Inc.)*, 473 B.R. 525, 572-23 (Bankr. D. Del. 2012).

Here, the Unitholders would maintain that they hold "claims" against, or "debt" of, the Fund Debtors based on a combination of reasons, including (i) an interpretation of the applicable

governing documents whereby Units constitute convertible debt, which for the first five years gives rise to an unsecured claim and, if not repaid in full in five years, converts into equity; (ii) Unitholders received monthly interest checks, not dividends, and received from the Debtors 1099-INT tax forms characterizing these payments as interest income for each annual period prepetition; (iii) the Units were recorded on the Debtors' books and records as a liability and treated as a liability in the Debtors' tax returns; and (iv) other relevant indicia of intent support characterization of the Units as debt rather than as equity. Moreover, the Unitholders could point to other cases involving Ponzi schemes where all investors have been treated as similarly-situated victims, albeit in contexts other than distributions under a chapter 11 plan. *See, e.g.*, *Perkins v. Haines*, 661 F.3d 623, 628-29 (11th Cir. 2011); *Donell v. Kowell*, 533 F.3d 762, 771 (9th Cir. 2007); *SEC v. Infinity Grp.*, 226 Fed. App'x 217, 219 (3d Cir. 2007); *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 88-89 (2d Cir. 2002); *SIPC v. Bernard L. Madoff Inv. Secs.*, 496 B.R. 744, 761 (Bankr. S.D.N.Y. 2013). Other parties in interest would strenuously dispute these contentions and maintain that the Units are in fact only equity interests in the Fund Debtors. The outcome of these disputes is highly uncertain.

Moreover, even if the Unitholders do hold "claims" against the Fund Debtors, parties in interest could assert that such claims are subject to statutory subordination under Bankruptcy Code section 510(b). Section 510(b) provides that, "[f]or the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor . . . shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security." 11 U.S.C. § 510(b). Thus, if Unitholders have claims for fraud or similar remedies against the Fund Debtors relating to their purchase of Units, those claims could potentially be subject to subordination. Unitholders, however, would argue that section 510(b) is inapplicable to them because their claims would be based on principles of "restitution" in a Ponzi scheme scenario, rather than claims for "rescission" or "damages." *See generally, e.g.*, *In re Tribune Co.*, 464 B.R. 126, 197 (Bankr. D. Del. 2011). The Unitholders could further contend that public policy dictates that Ponzi investments be treated as restitution claims from the beginning, bestowing creditor status on the investor at the outset and entitling the investor to recover the money illegally transferred to the Ponzi operator and nothing more, which removes all such claims from the policy purpose undergirding section 510(b). There is no case law resolving similar issues in this particular context, which again raises the prospect for significant and lengthy litigation, all with a highly uncertain result.

The Plan resolves the disputes about the nature of the Unitholders' claims by affording Unitholders 72.5% of the Class A Liquidation Trust Interests that Noteholders receive for their respective net investments (for Net Unit Claims versus Net Note Claims). Put another way, a 27.5% discount is applied to Unitholders' Net Unit Claims in calculating their receipt of Class A Liquidation Trust Interests relative to the calculation of what Noteholders get for their Net Note Claims. This reduced recovery for Unitholders effectuates a compromise of all the possible disputes that could be raised about the nature and priority of the Unitholders' rights (and certain of the Noteholders' rights) in the Chapter 11 Cases. Nevertheless, Unitholders also receive for their Net Unit Claims the Class B Liquidation Trust Interests, which are to be paid next in priority in the Liquidation Trust Interests Waterfall after Class A Liquidation Trust Interests until the full 27.5% discounted portion of Unitholders' Net Unit Claims are paid in full. Thus, the compromise preserves the prospect for Unitholders to eventually recapture the settlement discount if sufficient funds are generated through the overall liquidation of the Debtors' Assets.

### 3.    Substantive Consolidation Issues

Substantive consolidation is a construct of federal common law, emanating from equity, which treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities, save for inter-entity liabilities, which are erased. *See, e.g.*, *In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005). In the Third Circuit, bankrupt entities can be substantively consolidated either on a consensual basis under a chapter 11 plan, or on a non-consensual basis if (i) prepetition they disregarded entity separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity or (ii) postpetition their assets and liabilities are so scrambled that separating them is prohibitive and harms all creditors. *See id.* at 210.

In these Chapter 11 Cases, a compelling argument could be made for complete substantive consolidation of all the Debtors. Although creditors generally may not have treated all of the Debtors as one legal entity, there is very substantial scrambling and commingling of assets and liabilities among the Debtors. Without limitation, the Debtors believe it is impossible to trace the flow of funds between any given Fund Debtor and any given PropCo or MezzCo since all of the proceeds received were commingled and distributed by WGC without regard to corporate formalities, which results in what would likely be just the hopeless entanglement that warrants substantive consolidation of all the Debtors. Moreover, the Chapter 11 Cases are unique and present an issue that was not present in *Owens Corning*—the perpetration of a fraudulent scheme by a common corporate enterprise, one that in the process did not keep accurate records of the thousands of intercompany transactions that have occurred, making an unscrambling of the enterprise's accounts impossible—but that has justified substantive consolidation in other cases. *See, e.g.*, *In re Bonham*, 229 F.3d 750, 764-65 (9th Cir. 2000) (consolidating entities in Ponzi scheme case); *In re DBSI, Inc.*, Case No. 08-12687, ECF No. 5924 (Bankr. D. Del. Jan. 19, 2010) (same); *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789, ECF No. 252 (Bankr. S.D.N.Y. June 10, 2009) (same). Put differently, the particular facts and circumstances of these Chapter 11 Cases present unique arguments about whether and to what extent substantive consolidation is warranted.

The Plan resolves these issues by effectuating a two-tier substantive consolidation. *First*, all of the Other Debtors will be substantively consolidated into WGC, which was essentially the hub of operations for all of the PropCos, MezzCos, and Other Debtors that were not Fund Debtors. This consolidation is warranted because of the substantial commingling of affairs and assets of the Other Debtors, but also is anticipated to be overwhelmingly if not entirely consensual insofar as all of the Persons that have direct creditor relationships with any of the Other Debtors—which includes the Fund Debtors, but ***not*** the Noteholders and Unitholders that are only investors in the Fund Debtors—will consent to the consolidation of the Other Debtors. *Second*, the Fund Debtors will be substantively consolidated into Fund 1, which recognizes that formalities among and between the Fund Debtors, including regarding the funding of particular PropCos and MezzCos, were not strictly observed and that the Noteholders and Unitholders have common interests among themselves as defrauded investors. Moreover, the Fund Debtors generally have a commonality of interest in respect of their rights against the Other Debtors, and WGC in particular, insofar as funds from the Fund Debtors generally provided funding into the Other Debtors. This proposed substantive consolidation is the result of careful analysis and key stakeholder negotiation regarding ownership, operational entanglements, and creditor

expectations based on creditor' prepetition dealings with two primary debtor groups (*i.e.*, the Fund Debtors and the Other Debtors), which makes it an appropriate element of a comprehensive plan settlement. *See, e.g.*, *In re Abeinsa Holding, Inc.*, 562 B.R. 265, 279-81 (Bankr. D. Del. 2016).

### 4.      Ponzi Scheme Issues

Additional disputes and possible litigation could arise regarding whether the Debtors were operating a Ponzi scheme, when that scheme began, and the implications of such conduct.

The Debtors believe the facts demonstrate that (i) beginning no later than July 2012 through December 1, 2017, Robert H. Shapiro used his web of more than 275 limited liability companies, including the Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billion from over 8,400 unsuspecting investors nationwide; (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors; and (iii) the Ponzi scheme was discovered in December 2017. As an integral component of the settlements embodied in the Plan, the Debtors will seek corresponding findings in the Confirmation Order.

Following a judicial determination that the Debtors were operating a Ponzi scheme, any payments of "interest" or other consideration that was transferred from any Person to a Noteholder or a Unitholder on account of its Notes or Units, as applicable, during the period before the Petition Date, including in respect of holders of Notes that were converted to Units or vice versa, but typically ***excluding*** payments representing the return of or repayment of principal owed on a Note or a Unit, could potentially be avoided and recovered as an "actual" fraudulent transfer. *See, e.g.*, *Perkins v. Haines*, 661 F.3d 623, 627 (11th Cir. 2011); *Donell v. Kowell*, 533 F.3d 762, 770-72 (9th Cir. 2008); *AFI Holding, Inc. v. Mackenzie*, 525 F.3d 700, 708-09 (9th Cir. 2008); *Geltzer v. Barish (In re Geltzer)*, 502 B.R. 760, 770 (Bankr. S.D.N.Y. 2013); *Fisher v. Sellis (In re Lake States Commodities, Inc.)*, 253 B.R. 866, 871-72 (Bankr. N.D. Ill. 2000). Because avoidance litigation would be a further hardship on the victims of Woodbridge's fraudulent scheme, and to eliminate the significant litigation expense and inefficiency associated with seeking recovery from Noteholders and Unitholders of prepetition distributions on account of interest or the like (that would ultimately only reduce the aggregate amount available for distribution on account of allowable claims), the Plan incorporates a netting mechanism that will account for any Prepetition Distribution received by a Noteholder or Unitholder when calculating the Net Note Claim and Net Unit Claim amounts that will in turn drive the specific Distributions that such Noteholder or Unitholder will receive under the Plan. The Schedule of Principal Amounts and Prepetition Distributions, attached hereto as **Schedule 3**, sets forth the specific amounts that the Debtors intend to use for these purposes, subject to the possibility that a given Noteholder or Unitholder may choose to dispute those amounts and thereby become a Disputing Claimant under the Plan.

### 5.     Plan Releases

The Plan proposes to provide general releases from the Debtors, the Estates, and other Releasing Parties[25] in favor of the Released Parties (which include the Debtors, the New Board, the Committees, and certain specified Related Parties). The Debtors are unaware of any viable Causes of Action against the Released Parties. Moreover, the Debtors believe that the Released Parties have provided many valuable contributions to the progress of the Chapter 11 Cases, including stewarding the Debtors through the bankruptcy process, negotiating and implementing settlements with various parties, pursuing Confirmation of the Plan, and otherwise preserving Estate Assets for the benefit of all stakeholders. In light of these different contributions, the Debtors believe the releases and exculpations as part of the overall compromise and settlement embodied by the Plan are fair, equitable, reasonable, and well within the boundaries permitted by law. For the avoidance of doubt, the Excluded Parties—a non-exclusive list of which is included as **Schedule 1**—are *not* receiving releases under the Plan.

\*     \*     \*

In sum, the Plan is a vehicle for the near-term resolution of the myriad complex legal issues and disputes that have arisen in the Chapter 11 Cases. The proposed Plan resolves several major issues that would otherwise have to be judicially determined through lengthy, expensive, and inherently uncertain litigation. There are colorable arguments on both sides of each of the foregoing issues, and the outcome of any litigation regarding such issues is necessarily uncertain. Moreover, if such issues were litigated, it could be years before Holders of Notes, Units, and General Unsecured Claims received distributions, if any, from the Estates. In contrast, the Plan provides a mechanism for significant Distributions to be made to these Creditors in a timely and orderly fashion.

Furthermore, the Debtors are strongly of the view that all elements of the comprehensive compromise and settlement to be effected under the Plan are superior to the disorderly and uncertain alternatives. The terms of the global resolution under the Plan were heavily negotiated by the Debtors and the three Committees, each of which acted at arm's length and had the benefit of sophisticated external advisers.

Under these circumstances, the Debtors believe that the Plan's holistic treatment of the Note Claims, General Unsecured Claims, and Unit Claims, its substantive consolidation of the Debtors into a Remaining Debtor, and the various releases provided under the Plan represent a fair and reasonable result that satisfies the standards for approval under Bankruptcy Rule 9019, which approval the Debtors intend to seek contemporaneously with Plan confirmation. After all, "[t]he federal courts have a well-established policy of encouraging settlement to promote judicial economy and limit the waste of judicial resources." *Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc*., 523 F. Supp. 2d 376, 384 (S.D.N.Y. 2007); *see also,*

---

[25]     The Releasing Parties other than the Debtors and their Estates include "any Person exercising or seeking to exercise any rights of the Estates (but solely in that capacity), including each of the Committees (but not their individual members), the Wind-Down CEO, the Liquidation Trustee, the Remaining Debtors Manager, and any other successor to the Debtors or any other estate representative that is or could be appointed or selected pursuant to Bankruptcy Code section 1123(b)(3) or otherwise."

*e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27-28 (1994) (discussing the general utility of settlement vis-à-vis judicial economy). The force of this established federal policy is particularly acute in the bankruptcy context, where compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Indeed, in order to "minimize litigation and expedite the administration of the bankruptcy estate 'compromises are favored in bankruptcy.'" *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. rev. 1993)); *see also In re Penn. Cent. Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Culmtech, Ltd.*, 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990). This is particularly true when a settlement helps to timely resolve a bankruptcy case, which is a matter of significant public importance.[26]

The decision to approve a proposed settlement is committed to the discretion of the bankruptcy court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). In exercising that discretion, the Third Circuit has stated that courts should consider "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393; *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006); *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243 (D. Del. 1998). The proponent of a settlement is ***not*** required to demonstrate "that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'" *In re World Health*, 344 B.R. at 296 (internal citations and quotation marks omitted); *see also, e.g.*, *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (Sotomayor, J.) ("[I]n assessing the fairness of the settlement, a judge does not have to be convinced that the settlement is the best possible compromise or that the parties have maximized their recovery"); *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) ("[T]he court does not have to be convinced that the settlement is the best possible compromise.").

Here, the Debtors are firmly of the view that consideration of the *Martin* factors demonstrates that the terms of the comprehensive compromise and settlement to be effected by the Plan are fair and reasonable, and that its approval is in the best interests of the Estates and all stakeholders. The Debtors will provide further evidence and argument supporting approval of

---

[26] *See, e.g.*, *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015) ("[E]xpedition is always an important consideration in bankruptcy."); *Katchen v. Landy*, 382 U.S. 323, 328-29 (1966) (describing longstanding recognition "that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period'" (quoting *Ex parte Christy*, 44 U.S. (3 How.) 292, 312 (1845))); *Wiswall v. Campbell*, 93 U.S. (3 Otto) 347, 350-51 (1876) (emphasizing how "[p]rompt action is everywhere required by law," and that this principle requires quick resolutions of claims against a bankruptcy estate, as "[w]ithout it there can be no dividend"); *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 346-47 (1875) (discussing how "[i]t is obviously one of the purposes of the Bankrupt law, that there should be a speedy disposition of the bankrupt's assets," which is a goal "only second in importance to securing equality of distribution"); *Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94, 98 (3d Cir. 1988) (highlighting how "issues central to the progress of the bankruptcy petition, those likely to affect the distribution of the debtor's assets, or the relationship among the creditors, should be resolved quickly" (citation and quotation marks omitted)).

this comprehensive compromise and settlement, including the elements detailed above, at the Confirmation Hearing.

### C.    Substantive Consolidation and Its Relationship to the Plan Treatment of Claims

Although the Plan contemplates a two-tier substantive consolidation of all the Debtors into Remaining Debtors, the ultimate Distributions that will be made pursuant to the Plan will be paid by the Liquidation Trust. The Wind-Down Entity has been structured to generally be a successor to the Other Debtors by acting as the estate representative and administrator for all the Wind-Down Assets, which largely consist of the real property and Cash owned by WGC, the PropCos, and the additional Other Debtors. All residual value in the Wind-Down Entity is to be remitted to the Liquidation Trust, including through the quarterly remittance of Cash to the Liquidation Trust.  In turn, the Liquidation Trust will ultimately distribute to the Holders of Liquidation Trust Interests (*i.e.*, former Noteholders, former Unitholders, and Holders of General Unsecured Claims) the remitted value from the Wind-Down Entity, along with the proceeds of the Liquidation Trust Actions and certain Cash on hand at the Liquidation Trust, net of payments to Holders of certain administrative, secured or priority claims. This structure gives effect to the substantive consolidation contemplated by the Plan but also continues to reflect the economic reality as among the Other Debtors, the Fund Debtors, and the Noteholders and Unitholders.

Consistent with the substantive consolidation contemplated by the Plan and in order to reduce administrative costs, on the Effective Date, each of the Debtors other than the Remaining Debtors will be dissolved automatically without the need for any corporate action or approval, without the need for any corporate filings, and without the need for any other or further actions to be taken on behalf of such dissolving Debtor or any other Person or any payments to be made in connection therewith, and the Chapter 11 Cases for all Debtors other than the Remaining Debtors will be deemed closed and no further fees in respect of such closed cases will thereafter accrue or be payable to any Person. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

The substantive consolidation effected pursuant to the Plan shall not affect, without limitation, (i) the Debtors', the Wind-Down Entity's, or the Liquidation Trust's defenses to any Claim or Cause of Action, including the ability to assert any counterclaim; (ii) the Debtors', the Wind-Down Entity's, or the Liquidation Trust's setoff or recoupment rights; (iii) requirements for any third party to establish mutuality prior to substantive consolidation in order to assert a right of setoff against the Debtors, the Wind-Down Entity, or the Liquidation Trust; or (iv) distributions to the Debtors, the Estates, the Wind-Down Entity, or the Liquidation Trust out of any insurance policies or proceeds of such policies.

The Disclosure Statement and the Plan shall be deemed to be a motion requesting that the Bankruptcy Court approve the substantive consolidation contemplated by the Plan. Unless an objection to the proposed substantive consolidation is made in writing by any Creditor purportedly affected by such substantive consolidation on or before the deadline to object to confirmation of the Plan, or such other date as may be fixed by the Bankruptcy Court, the substantive consolidation contemplated by the Plan may be approved by the Bankruptcy Court at

01:23482975.1

the Confirmation Hearing. In the event any such objections are timely filed, a hearing with respect thereto shall be scheduled by the Bankruptcy Court, which hearing may, but need not, be the Confirmation Hearing.

If the Bankruptcy Court determines that substantive consolidation of any given Debtors in the manner requested is not appropriate, then the Debtors may request that the Bankruptcy Court otherwise confirm the Plan and approve the treatment of and Distributions to the different Classes under the Plan on an adjusted basis (including on a Debtor-by-Debtor basis), in the Debtors' reasonable discretion, after consultation with each of the Committees. Furthermore, the Debtors reserve their right, in the Debtors' reasonable discretion, after consultation with each of the Committees, to seek confirmation of the Plan without implementing substantive consolidation of any given Debtor or in a different manner, and to request that the Bankruptcy Court approve the treatment of and Distributions to any given Class under the Plan on an adjusted basis (including a Debtor-by-Debtor basis); and (ii) after consultation with each of the Committees, to seek to substantively consolidate all Debtors into Woodbridge Group of Companies, LLC if all Impaired Classes entitled to vote on the Plan vote to accept the Plan.

### D.    The Liquidation Trust, the Wind-Down Entity, and the Liquidation Analysis

The Plan contemplates the creation of a Liquidation Trust, which will be the sole equity holder of the Wind-Down Entity. All Wind-Down Assets will vest in the Wind-Down Entity, which will be administered by the Wind-Down CEO, subject to the supervision and oversight of the Wind-Down Board and the Liquidation Trustee. The Wind-Down Board will initially consist of Richard Nevins, M. Freddie Reiss, and the Wind-Down CEO (which will be Frederick Chin or his successor). The Wind-Down CEO will proceed to liquidate the Wind-Down Assets, which consist primarily of the real property owned by the Debtors, in an orderly fashion. On a quarterly basis, the Wind-Down Entity will remit Cash to the Liquidation Trust. The Liquidation Trust will pursue, as appropriate, the Liquidation Trust Actions, consistent with the terms of the Plan and the Liquidation Trust Agreement.  In addition to receiving remittances received from the Wind-Down Entity, the Liquidation Trust also will be funded with certain other Cash for Creditors, the Liquidation Trust Seed Funding, and any Cash it may generate by prosecuting the Liquidation Trust Actions. The Liquidation Trust will make Distributions of Cash to Creditors, including an initial Distribution of Available Cash to the Liquidation Trust Beneficiaries (that is, Noteholders, Holders of General Unsecured Claims and Unitholders in respect of their Liquidation Trust Interests) pursuant to the Liquidation Trust Interest Waterfall, with such initial Distribution targeted to occur before December 31, 2018. Thereafter, the Liquidation Trust also may make, in its discretion, periodic Distributions of additional Available Cash to the Liquidation Trust Beneficiaries at any time following the Effective Date.

### 1.    Business Plan for the Wind-Down Entity

Following the Effective Date, the Wind-Down Entity will own and administer the Wind-Down Assets in accordance with the Plan and the Wind-Down Governance Agreement. The realization of proceeds from the Wind-Down Assets will be for the ultimate benefit of the Liquidation Trust (and thus the Liquidation Trust Beneficiaries) given the Liquidation Trust's 100% ownership interest in the Wind-Down Entity and the requirement that the Wind-Down Entity remit Cash on a quarterly basis to the Liquidation Trust.

Mr. Frederick Chin, who serves as the Chief Executive Officer of WGC Independent Manager LLC, manager of the Debtors, and is the proposed Wind-Down CEO, has developed a business plan regarding the Wind-Down Assets (the "Wind-Down Business Plan"), which Wind-Down Business Plan Mr. Chin anticipates continuing to effectuate after the Effective Date. A summary of the Wind-Down Business Plan is attached hereto as **Exhibit E**. It is possible that the Wind-Down Business Plan may be revised, modified, or substantially changed based on the facts and circumstances that exist after the Effective Date. Nevertheless, the Wind-Down Entity must advise the Liquidation Trust regarding any change in course of the Wind-Down Business Plan, and if there is an unresolvable dispute between the Wind-Down Entity and the Liquidation Trust regarding any change of course, no action will be taken regarding such material matter absent an order of the Bankruptcy Court.

2.    <strong>Liquidation Analysis and Summary Thereof</strong>

The liquidation process will be administered by the Liquidation Trust and the Wind-Down Entity. The net proceeds of this liquidation process have been estimated in the liquidation analysis attached hereto as **Exhibit B** (the "Liquidation Analysis"). As set forth in the current Liquidation Analysis:

- The Debtors estimate an ultimate range of aggregate recoveries from sales of real property and other Wind-Down Assets in the range of $521 million to $583 million, net of operating and other expenses through the end of the Liquidation Analysis projection period.

- The Debtors have not ascribed any value to recoveries that may be realized by the Liquidation Trust in respect of any Liquidation Trust Actions, but the Liquidation Trust Actions may generate significant value.

- Based on the preceding, the Debtors anticipate that the Available Cash for ultimate payment of the Allowed Class 3 Claims, Allowed Class 4 Claims, and Allowed Class 5 Claims (after paying the anticipated unpaid Allowed Administrative Claims, Wind-Down Expenses, and Liquidation Trust Expenses) will total approximately $518 million to $579 million.

It is important to emphasize that the Liquidation Analysis relies on various assumptions and is subject to material modifications from time to time. If the Liquidation Analysis is revised by the Debtors prior to the Confirmation Hearing, any such revision will be included in the Plan Supplement.

**E.    Estimated Recoveries for Holders of Note Claims, Unit Claims, and General Unsecured Claims**

The Debtors, based on consultation with the Committees, estimate that (i) Holders of Allowed Note Claims and Allowed General Unsecured Claims in these Chapter 11 Cases should recover approximately 60-70% of the total amount of their Net Note Claims or General

Unsecured Claims;[27] and (ii) Holders of Allowed Unit Claims should recover approximately 40-50% of the total amount of their Net Unit Claims.

The Debtors have calculated the foregoing ranges of projected recoveries taking into account three variables: (i) the total estimated amount of Note Claims, General Unsecured Claims, and Unit Claims, in accordance with Filed Claims and the Debtors' Schedules; (ii) for Notes and Units, the Debtors' records as reflected in the Schedule of Principal Amounts and Prepetition Distributions; and (iii) the total estimated amount of value expected to be available for Distributions to Liquidation Trust Beneficiaries in accordance with the Plan and the Liquidation Analysis.

It is important to emphasize that many factors will bear on the amount of Cash available for Distributions to Liquidation Trust Beneficiaries. The Cash available for Distributions consists or will consist primarily of (i) the Cash in the Estates on the Effective Date, *less* (x) the amounts necessary to fund the Professional Fee Reserve and (y) the Liquidation Trust Seed Funding; (ii) Cash realized after the Effective Date from the sale, collection, or other disposition of the Wind-Down Assets; and (iii) Cash realized by the Liquidation Trustee from the prosecution of the Liquidation Trust Actions. However, this Cash has been or will be reduced by, among other things, (i) the Distributions to be made under the Plan with respect to Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, Allowed DIP Claims, Allowed Other Secured Claims, and Allowed Priority Claims, as well as any Non-Debtor Loan Note Claims that are ultimately Allowed as Secured Claims; (ii) certain statutory and other fees payable in connection with the Chapter 11 Cases; and (iii) the Liquidation Trust Expenses and Wind-Down Expenses. Only after these amounts have been paid or reserved will there be any Available Cash available for periodic Distributions to be made to the Liquidation Trust Beneficiaries.

Solely for illustrative purposes and using purely hypothetical numbers, the following is a demonstration of how the terms of the Plan would affect five purely hypothetical stakeholders holding Claims in Classes 3, 4, and 5.  Solely for purposes of the following examples, the Debtors make the following assumptions:[28]

| | |
|---|---|
| Available Cash (for Claims in Classes 3, 4, and 5): | $600,000,000 |
| Outstanding Principal Amount of all Note Claims: | $800,000,000 |
| Total Prepetition Distributions received by Noteholders: | $100,000,000 |
| Total Net Note Claims: | $700,000,000 |
| Portion of Net Note Claims Paid with Class A Liquidation Trust Interests: | $700,000,000 |

---

[27]   This estimate assumes that Holders hold their Claims through the Effective Date and do not sell any of their Class A Liquidating Trust Interests.

[28]   The figures used in these examples are purely hypothetical and were chosen solely for simplicity and comparison sake and are not intended to be reflective of every possible scenario.

| | |
|---|---|
| Outstanding Principal Amount of all Unit Claims: | $125,000,000 |
| Total Prepetition Distributions received by Unitholders: | $ 25,000,000 |
| Total Net Unit Claims: | $100,000,000 |
| Portion of Net Unit Claim Paid: | |
| (a) with receipt of Class A Liquidation Trust Interests: | $ 72,500,000 |
| (b) with receipt of Class B Liquidation Trust Interests: | $ 27,500,000 |
| Total General Unsecured Claims | $10,000,000 |
| Portion of General Unsecured Claims Paid with Class A Liquidation Trust Interests: | $10,000,000 |
| Denominators for Distributions: | |
| (a) with respect to Class A Liquidation Trust Interests: | $782,500,000 |
| (b) with respect to Class B Liquidation Trust Interests: | $ 27,500,000 |

For purposes of this illustrative example, the hypothetical investors and their recoveries under the Plan are as follows:

| | | |
|---|---|---|
| "Noteholder A" is the Holder of a Note Claim in the Outstanding Principal Amount of $200,000. Noteholder A did not receive any Prepetition Distributions. | According to the Plan's formula for distribution of Class A Liquidation Trust Interests and the Liquidation Trust Interests Waterfall, Noteholder A would be entitled to its pro rata share of the Available Cash, calculated by multiplying Available Cash of $600,000,000 by approximately 0.026%. The 0.026% percentage is determined by dividing the $200,000 Net Note Claim of Noteholder A by the Class A Liquidation Trust Interests denominator of $782,500,000. | The resulting Distribution is $153,354, representing a recovery of 76.7% of both the Noteholder's Outstanding Principal Amount and the Noteholder's Net Note Claim. |

| | | |
|---|---|---|
| "Noteholder B" is the Holder of a Note Claim in the Outstanding Principal Amount of $200,000. Noteholder B received Prepetition Distributions in the amount of $50,000. | According to the Plan's formula for distribution of Class A Liquidation Trust Interests and the Liquidation Trust Interests Waterfall, Noteholder B would be entitled to its pro rata share of the Available Cash, calculated by multiplying Available Cash of $600,000,000 by approximately 0.019%. The 0.019% percentage is determined by dividing the $150,000 Net Note Claim of Noteholder B by the Class A Liquidation Trust Interests denominator of $782,500,000. | The resulting Distribution is $115,015, representing a recovery of 57.5% of the Noteholder's Outstanding Principal Amount and 76.7% of the Noteholder's Net Note Claim. |
| "Unitholder C" is the Holder of a Unit Claim in the Outstanding Principal Amount of $200,000. Unitholder C did not receive any Prepetition Distributions. | According to the Plan's formula for distribution of Class A Liquidation Trust Interests and the Liquidation Trust Interests Waterfall, Unitholder C would be entitled to its pro rata share of the Available Cash, calculated by multiplying Available Cash of $600,000,000 by approximately 0.019%. The 0.19% amount is determined by dividing $145,000 (which is the $200,000 Net Unit Claim of Unitholder C multiplied by the 72.5% settlement discount factor that determines its Class A Liquidation Trust Interests) by the Class A Liquidation Trust Interests denominator of $782,500,000. (Nothing is to be distributed to Unitholder C with respect to the Class B Liquidation Trust Interests of Unitholder C because Available Cash of $600,000,000 was less than $782,500,000, which is the full amount (without interest) of Net Note Claims and Net Unit Claims.) | The resulting Distribution is $111,182, representing a recovery of 55.5% of both the Unitholder's Outstanding Principal Amount and the Unitholder's Net Unit Claim. |

| | | |
|---|---|---|
| "Unitholder D" is the Holder of a Unit Claim in the Outstanding Principal Amount of $200,000. Unitholder D received Prepetition Distributions in the amount of $50,000. | According to the Plan's formula for distribution of Class A Liquidation Trust Interests and the Liquidation Trust Interests Waterfall, Unitholder D would be entitled to its pro rata share of the Available Cash, calculated by multiplying Available Cash of $600,000,000 by approximately 0.014%. The 0.14% amount is determined by dividing $108,750 (which is the $150,000 Net Unit Claim of Unitholder D multiplied by the 72.5% settlement discount factor that determines its Class A Liquidation Trust Interests) by the Class A Liquidation Trust Interests denominator of $782,500,000.  (Nothing is to be distributed to Unitholder D with respect to the Class B Liquidation Trust Interests of Unitholder D because Available Cash of $600,000,000 was less than $782,500,000, which is the full amount (without interest) of Net Note Claims and Net Unit Claims.) | The resulting Distribution is $83,386 representing a recovery of 41.7% of the Unitholder's Outstanding Principal Amount and 55.5% of the Unitholder's Net Unit Claim. |
| "General Unsecured Creditor E" is the Holder of a General Unsecured Claim in the Allowed amount of $50,000. | According to the Plan's formula for distribution of Class A Liquidation Trust Interests and the Liquidation Trust Interests Waterfall, General Unsecured Creditor E would be entitled to its pro rata share of the Available Cash, calculated by multiplying Available Cash of $600,000,000 by approximately 0.006%.  The 0.006% percentage is determined by dividing the $50,000 General Unsecured Claim of General Unsecured Creditor E by the Class A Liquidation Trust Interests denominator of $782,500,000. | The resulting Distribution is $38,338, representing a recovery of 76.7% of the Creditors' General Unsecured Claim. |

The following chart summarizes the foregoing analysis:

| Investor | Outstanding Principal Amount | Prepetition Distributions | Net Unit Claim x 72.5% Discount Factor or Net Note Claim or General Unsecured Claim | Recovery ($) | Recovery (% of Outstanding Principal Amount) | Recovery (% of Net Note Claim or Net Unit Claim) |
|---|---|---|---|---|---|---|
| Noteholder A | $200,000 | | $200,000 | $153,354 | 76.7% | 76.7% |
| Noteholder B | $200,000 | $50,000 | $150,000 | $115,015 | 57.5% | 76.7% |
| Unitholder C | $200,000 | | $145,000 | $111,182 | 55.5% | 55.5% |
| Unitholder D | $200,000 | $50,000 | $108,750 | $84,466 | 41.7% | 55.5% |
| General Unsecured Creditor E | $50,000 | | $50,000 | $38,388 | 76.7% | n/a |

**F.      Treatment of Claims and Equity Interests**

**1.      Unclassified Claims**

**(a)      Administrative Claims**

Except as otherwise provided for in the Plan, and subject to the requirements of the Plan, on or as soon as reasonably practicable after the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which an Administrative Claim becomes an Allowed Administrative Claim, the Holder of such Allowed Administrative Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Administrative Claim, (a) Cash equal to the unpaid portion of such Allowed Administrative Claim or (b) such other less favorable treatment as to which such Holder and the Liquidation Trust shall have agreed upon in writing.

**(b)      Professional Fee Claims**

Professional Fee Claims shall be paid as set forth in Section 11.2 of the Plan.

**(c)      Priority Tax Claims**

In full satisfaction, settlement, and release of and in exchange for such Claims, Allowed Priority Tax Claims shall be paid, at the Liquidation Trust's option, as follows: (a) Cash equal to the unpaid portion of such Allowed Priority Tax Claim on the later of the Effective Date and thirty (30) calendar days following the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim; (b) in regular installment payments in Cash over a period not exceeding five (5) years after the Petition Date, plus interest on the unpaid portion thereof at the rate determined under applicable nonbankruptcy law as of the calendar month in which the Effective Date occurs (provided that such election shall be without prejudice to the right to prepay any such Allowed Priority Tax Claim in full or in part without penalty); or (c) such other treatment as to which the Holder of an Allowed Priority Tax Claim and the Liquidation Trust shall have agreed upon in writing.

**(d)      DIP Claims**

Subject to the DIP Orders, on the Effective Date, the DIP Claims shall be deemed to be Allowed in the full amount due and owing under the DIP Facility as of the Effective Date, if any. On the Effective Date, any outstanding DIP Claims shall be indefeasibly paid in full in Cash and the Debtors' rights and obligations under the DIP Facility shall be cancelled.

**2.      Class 1: Other Secured Claims**

Class 1 consists of all Other Secured Claims. Class 1 is Unimpaired under the Plan.

The legal, equitable, and contractual rights of Holders of Allowed Class 1 Claims are unaltered by the Plan, and, notwithstanding substantive consolidation of the Debtors and vesting of the Wind-Down Assets in the Wind-Down Entity, the Liens of the Holders of Allowed Class 1 Claims will continue to attach to their respective Collateral, provided that all such Claims shall remain subject to any and all defenses, counterclaims, and setoff or recoupment rights with respect thereto. Unless the Wind-Down Entity and the Holder of an Allowed Class 1 Claim agree to other treatment, on or as soon as is reasonably practicable after the Effective Date, each Holder of an Allowed Class 1 Claim shall receive, at the Wind-Down Entity's option: (i) Cash from the Wind-Down Entity in the Allowed amount of such Holder's Allowed Class 1 Claim; or (ii) the return by the Wind-Down Entity of the Collateral securing such Allowed Class 1 Claim, without representation or warranty by any Person (and without recourse against any Person regarding such Other Secured Claim); or (iii) (A) the cure of any default, other than a default of the kind specified in Bankruptcy Code section 365(b)(2), that Bankruptcy Code section 1124(2) requires to be cured, with respect to such Holder's Allowed Class 1 Claim, without recognition of any default rate of interest or similar penalty or charge, and upon such cure, no default shall exist; (B) the reinstatement of the maturity of such Allowed Class 1 Claim as the maturity existed before any default, without recognition of any default rate of interest or similar penalty or charge; and (C) retention of its unaltered legal, equitable, and contractual rights with respect to such Allowed Class 1 Claim, including through the retention of any associated Lien on the Collateral securing such Allowed Class 1 Claim.

The Bankruptcy Court shall retain jurisdiction and power to determine the amount necessary to satisfy any Allowed Class 1 Claim for which treatment is elected under clause (i) or clause (iii) of the immediately foregoing paragraph. With respect to any Allowed Class 1 Claim for which treatment is elected under clause (i), any Holder of such Allowed Class 1 Claim shall release (and by the Confirmation Order shall be deemed to release) all Liens against any Estate Assets. Notwithstanding anything else in the Plan, the Holders of Allowed Class 1 Claims will have no right to receive any Distribution from, or otherwise share in, any of the Liquidation Trust Assets.

### 3.    Class 2: Priority Claims

Class 2 consists of all Priority Claims. Class 2 is Unimpaired under the Plan.

On, or as soon as reasonably practicable after, the later of (i) the Effective Date and (ii) the date on which a Priority Claim becomes payable pursuant to and as specified by an order of the Bankruptcy Court, the Holder of such Allowed Priority Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Priority Claim, either (a) Cash from the Liquidation Trust equal to the unpaid portion of such Allowed Priority Claim or (b) such other less favorable treatment from the Liquidation Trust to which such Holder and the Liquidation Trust shall have agreed upon in writing.

### 4.    Class 3: Standard Note Claims

Class 3 consists of all Standard Note Claims, as well as those Non-Debtor Loan Note Claims that are reclassified in Class 3 pursuant to Section 3.7 of the Plan. Class 3 is Impaired under the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Class 3 Claims will receive on or as soon as reasonably practicable after the Effective Date, one (1) Class A Liquidation Trust Interest for each $75.00 of Net Note Claims held by the applicable Noteholder with respect to its Allowed Note Claims (any resulting fractional Class A Liquidation Trust Interests will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). As set forth more fully in Section 5.4.10 of the Plan, subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests will be made by the Liquidation Trust in accordance with the Liquidation Trust Interests Waterfall.

The treatment of the Standard Note Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Noteholder may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the Liquidation Trust by making the Ballot election described below).

Each Holder of a Standard Note Claim may agree, by electing on its Ballot, to contribute its Contributed Claims to the Liquidation Trust. By electing such option on its Ballot, the Noteholder agrees that, subject to the occurrence of the Effective Date and the formation of the Liquidation Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the Liquidation Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize such contribution. The relative share of Liquidation Trust recoveries for any so electing Noteholder in respect of its Class 3 Claim will be enhanced by having the amount that otherwise would be its Net Note Claim increased by the Contributing Claimants Enhancement Multiplier. Noteholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

### 5.    Class 4: General Unsecured Claims

Class 4 consists of all General Unsecured Claims. Class 4 is Impaired under the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Class 4 Claims will receive on or as soon as reasonably practicable after the Effective Date, one (1) Class A Liquidation Trust Interest for each $75.00 of Allowed General Unsecured Claims held by the applicable Creditor (any resulting fractional Class A Liquidation Trust Interests will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). As set forth more fully in Section 5.4.10 of the Plan, subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests will be made by the Liquidation Trust in accordance with the Liquidation Trust Interests Waterfall.

### 6.    Class 5: Unit Claims

Class 5 consists of all Unit Claims. Class 5 is Impaired under the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Unit Claims will receive on or as soon as reasonably practicable after the Effective Date, 0.725 Class A Liquidation Trust Interests and 0.275 Class B Liquidation Trust Interests for each $75.00 of Net Unit Claims held by the applicable Unitholder with respect to its Allowed Unit Claims (any resulting fractional Class A Liquidation Trust Interests or Class B Liquidation Trust Interests will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). As set forth more fully in Section 5.4.10 of the Plan, subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests and the Class B Liquidation Trust Interests will be made by the Liquidation Trust in accordance with the Liquidation Trust Interests Waterfall.

The treatment of the Unit Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Unitholder may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the Liquidation Trust by making the Ballot election described below).

Each Holder of a Unit Claim may agree, by electing on its Ballot, to contribute its Contributed Claims to the Liquidation Trust. By electing such option on its Ballot, the Unitholder agrees that, subject to the occurrence of the Effective Date and the formation of the Liquidation Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the Liquidation Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize such contribution. The relative share of Liquidation Trust recoveries for any so electing Unitholder will be enhanced by having the amount that otherwise would be its Net Unit Claim increased by the Contributing Claimants Enhancement Multiplier. Unitholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

### 7.    Class 6: Non-Debtor Loan Note Claims

Class 6 consists of all Non-Debtor Loan Note Claims. Class 6 is Impaired under the Plan.

The Debtors dispute that any Non-Debtor Loan Note Claim is actually secured by a perfected Lien, and no Class 6 Claim will be Allowed in any respect under the Plan. Instead, the Liquidation Trust may litigate against any Disputing Claimant holding a Non-Debtor Loan Note Claim (i) any disputes about the secured or unsecured status, amount, and priority of such Non-Debtor Loan Note Claim; (ii) any Liquidation Trust Actions that may exist against such Noteholder; and (iii) any other matters pertaining to such Noteholder's rights vis-à-vis the Debtors or the Estates. In order to settle and avoid such potential litigation, each Class 6 Ballot will provide an opportunity for the applicable Noteholder to affirmatively consent to reclassification of its Claim as a Class 3 Claim, whereupon (a) such Claim will be treated as if such Claim had always been part of Class 3 and based on the applicable amounts in the Schedule of Principal Amounts and Prepetition Distributions, to which amounts the applicable Noteholder will have agreed and be bound; and (b) the applicable Noteholder will have agreed to release (and by the Confirmation Order shall be deemed to release) all asserted Liens against any Estate Assets.

If the Bankruptcy Court determines in a Final Order that any given Holder of a Class 6 Claim holds a valid Secured Claim, then in full satisfaction, settlement, and release of and in exchange for such Claim, such Holder will receive on or as soon as is reasonably practicable after the date of such determination Cash from the Liquidation Trust in the amount of such Holder's Allowed Class 6 Claim to the extent such Allowed Claim is a Secured Claim, with post-Confirmation interest thereon at the applicable contract rate, and any Holder of such Allowed Class 6 Claim shall release (and by the Confirmation Order shall be deemed to release) all Liens against any Estate Assets.

If the Bankruptcy Court determines in a Final Order that any given Holder of a Class 6 Claim does not hold a valid Secured Claim, then in full satisfaction, settlement, and release of and in exchange for such Claim, such Claim shall automatically be reclassified as a Class 3 Claim and such Claim will be treated as if such Claim had always been part of Class 3 and based on the Outstanding Principal Amounts and Prepetition Distributions that are determined by the Bankruptcy Court regarding such Noteholder, including, if applicable, after taking into account any Liquidation Trust Actions that the Liquidation Trust may pursue against the particular Disputing Claimant (as to which all rights of the Liquidation Trust are reserved).

If the Liquidation Trust and any given Holder of a Class 6 Claim reach an agreement regarding the treatment of such Holder's Claim that eliminates the need for the Bankruptcy Court to make the determination contemplated by the preceding two paragraphs, then in full satisfaction, settlement, and release of and in exchange for such Claim, such Claim shall receive the treatment that is agreed between the Liquidation Trust and such Holder.

The treatment of the Non-Debtor Loan Note Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Noteholder may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the Liquidation Trust by making the Ballot election described below).

Each Holder of a Non-Debtor Loan Note Claim may agree, by electing on its Ballot, to contribute its Contributed Claims to the Liquidation Trust. By electing such option on its Ballot, the Noteholder agrees that, subject to the occurrence of the Effective Date and the formation of the Liquidation Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the Liquidation Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize such contribution. The relative share of Liquidation Trust recoveries for any so electing Noteholder, to the extent that its Claim is classified and treated as a Class 3 Claim, will be enhanced by having the amount that otherwise would be its Net Note Claim increased by the Contributing Claimants Enhancement Multiplier. Noteholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

### 8.       Class 7: Subordinated Claims

Class 7 consists of all Subordinated Claims. Class 7 is Impaired under the Plan.

The Holders of Allowed Subordinated Claims will retain a residual right to receive Cash that remains in the Liquidation Trust after the final administration of all Liquidation Trust Assets and the complete satisfaction of all senior payment rights within the Liquidation Trust Interests Waterfall. The Debtors have determined not to solicit the votes of the Holders of any Class 7 Claims, and such Holders shall be deemed to have rejected the Plan and, therefore, such Holders are not entitled to vote on the Plan.

### 9.       Class 8: Equity Interests

Class 8 consists of all Equity Interests. Class 8 is Impaired under the Plan.

As of the Effective Date, all Equity Interests shall be deemed void, cancelled, and of no further force and effect. On and after the Effective Date, Holders of Equity Interests shall not be entitled to, and shall not receive or retain any property or interest in property under the Plan on account of such Equity Interests. Class 8 is deemed to have rejected the Plan and, therefore, Holders of Equity Interests are not entitled to vote on the Plan.

### 10.       Special Provisions Regarding Insured Claims

(a)       Any Allowed General Unsecured Claim with respect to an Insured Claim shall be limited to the Uninsured Portion of such Claim, provided such Claims have been timely Filed by the applicable Claims Bar Date.

(b)       If there is insurance purchased by or otherwise applicable to the Debtors, any Person with rights against or under the applicable insurance policy, including the Wind-Down Entity, the Liquidation Trust, and Holders of Insured Claims, may pursue such rights.

(c)        Nothing in Section 3.10 of the Plan shall constitute a waiver of any Causes of Action the Debtors, the Estates, the Wind-Down Entity, or the Liquidation Trust may hold against any Person, including the Debtors' insurance carriers; and nothing in Section 3.10 of the Plan is intended to, shall, or shall be deemed to preclude any Holder of an Insured Claim from seeking or obtaining a distribution or other recovery from any insurer of the Debtors in addition to (but not in duplication of) any Distribution such Holder may receive under the Plan; provided, however, that the Debtors, the Wind-Down Entity, and the Liquidation Trust do not waive, and expressly reserve their rights to assert that any insurance coverage is property of the Estates to which they are entitled.

(d)        The Plan shall not expand the scope of, or alter in any other way, the rights and obligations of the Debtors' insurers under their policies, and the Debtors' insurers shall retain any and all defenses to coverage that such insurers may have, including the right to contest or litigate with any Person the existence, primacy, or scope of available coverage under any allegedly applicable policy. The Plan shall not operate as a waiver of any other Claims the Debtors' insurers have asserted or may assert in any proof of claim or of any objections or defenses to any such Claims.

## 11.    Comprehensive Settlement of Claims and Controversies

### (a)    Generally

Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor, including the Unsecured Creditors' Committee Action. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable. This comprehensive compromise and settlement is a critical component of the Plan and is designed to provide a resolution of myriad disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

### (b)    Implementing Settlement Elements

Pursuant to the comprehensive compromise and settlement negotiated by the Debtors and the Committees, the Plan effectuates, among other things, the following:

(a)    On the Effective Date, unless held by Excluded Parties or Disputing Claimants (in which case such Claims are Disputed Claims), all Class 3 Standard Note Claims and all Class 5 Unit Claims are deemed Allowed under the Plan as set forth in the Schedule of Principal Amounts and Prepetition Distributions;

(b)    To the extent, and only to the extent, a Claim is Allowed by subparagraph (a) above, the following Liquidation Trust Actions are waived and released as to the applicable Noteholder or Unitholder (that is not a Disputing Claimant): (i) Liquidation Trust Actions to avoid or recover a Prepetition Distribution with respect to the subject Allowed Claim and (ii) Liquidation Trust Actions to avoid or recover a Debtor's prepetition payment of consideration representing the return or repayment of the principal of any Note or any Unit (which consideration is applied as such prior to determining the Outstanding Principal Amount for the Notes or Units relevant to the applicable Allowed Claim);

(c)    In accordance with Section 5.8 of the Plan, subject to the rights of Allowed Other Secured Claims, the Fund Debtors will be substantively consolidated into Woodbridge Mortgage Investment Fund 1, LLC and the Other Debtors will be substantively consolidated into Woodbridge Group of Companies, LLC;

(d)    The Holders of Allowed Claims in Class 3 (Standard Note Claims), Class 4 (General Unsecured Claims), Class 5 (Unit Claims), and Class 6 (Non-Debtor Loan Note Claims) will receive the treatment provided for such Holders under the Plan;

(e)    The Liquidation Trust will be created to most effectively and efficiently pursue the Liquidation Trust Actions for the collective benefit of all the Liquidation Trust Beneficiaries (as well as to own the membership interests of the Wind-Down Entity, establish and hold the Distribution Reserves, and receive and distribute to Noteholders, Holders of General Unsecured Claims, and Unitholders holding Liquidation Trust Interests the net proceeds of the liquidation of Wind-Down Assets by the Wind-Down Entity remaining after payment of Wind-Down Expenses, Liquidation Trust Expenses, and certain other Claims, all in accordance with the Plan);

(f)    Findings will be sought in the Confirmation Order that (i) beginning no later than July 2012 through December 1, 2017, Robert H. Shapiro used his web of more than 275 limited liability companies, including the Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billion from over 8,400 unsuspecting investors nationwide; (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors; and (iii) the Ponzi scheme was discovered in December 2017; and

(g)     Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; provided, however, that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by, the Liquidation Trust as to any Collateral that is Cash and, otherwise, the Wind-Down Entity so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

### G.     Acceptance or Rejection of Plan

#### 1.     Impaired Class of Claims Entitled to Vote

Only the votes of Holders of Allowed Claims in Class 3, Class 4, Class 5, and Class 6 shall be solicited with respect to the Plan.

#### 2.     Acceptance by an Impaired Class

In accordance with Bankruptcy Code section 1126(c), and except as provided in Bankruptcy Code section 1126(e), the Holders of Claims in any Class entitled to vote on the Plan shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds (⅔) in dollar amount and more than one-half (½) in number of the Allowed Claims in such Class that have timely and properly voted to accept or reject the Plan.

#### 3.     Presumed Acceptances by Unimpaired Classes

Class 1 and Class 2 are Unimpaired under the Plan. Under Bankruptcy Code section 1126(f), the Holders of Claims in such Unimpaired Classes are conclusively presumed to have accepted the Plan, and, therefore, the votes of such Holders shall not be solicited.

#### 4.     Impaired Classes Deemed to Reject Plan

The Debtors have determined not to solicit the votes of Holders of any Claims in Class 7, and such Holders shall be deemed to have rejected the Plan and, therefore, such Holders are not entitled to vote on the Plan. Holders of Equity Interests in Class 8 are not entitled to receive or retain any property or interests in property under the Plan. Under Bankruptcy Code section 1126(g), such Holders are deemed to have rejected the Plan, and, therefore, the votes of such Holders shall not be solicited.

#### 5.     Modifications of Votes

Following the Voting Deadline, no Creditors entitled to vote on the Plan will be able to change their votes cast on the Plan or any attendant elections or preferences without the written consent of the Debtors, which consent may be given or withheld in the Debtors' reasonable discretion after consultation with each of the Committees.

6.      **Confirmation Pursuant to Bankruptcy Code Section 1129(b)**

Because at least one Impaired Class is deemed to have rejected the Plan, the Debtors will and hereby request confirmation of the Plan under Bankruptcy Code section 1129(b). The Debtors reserve the right to alter, amend, modify, revoke, or withdraw the Plan, the Plan Supplement, or any schedule or exhibit, including to amend or modify it to satisfy the requirements of Bankruptcy Code section 1129(b), if necessary.

7.      **Elimination of Vacant Classes**

Any Class of Claims or Equity Interests that does not contain, as of the date of the commencement of the Confirmation Hearing, a Holder of an Allowed Claim, or a Holder of a Claim temporarily allowed under Bankruptcy Rule 3018, shall be deemed deleted from the Plan for purposes of determining acceptance of the Plan by such Class under Bankruptcy Code section 1129(a)(8).

8.      **Severability of Joint Plan**

The Plan represents a joint plan comprised of individual plans for each of the Debtors. As further discussed in Section 11.6 of the Plan, the Debtors may alter, amend, or modify the Plan at or before the Confirmation Hearing, including to remove one or more Debtors from the Plan, in the Debtors' reasonable discretion after consultation with each of the Committees.

H.      **Implementation of the Plan**

1.      **Implementation of the Plan**

The Plan will be implemented by various acts and transactions as set forth in the Plan, including, among other things, the establishment of the Wind-Down Entity and the Liquidation Trust, the appointment of the Wind-Down CEO, the Liquidation Trustee, and the Remaining Debtors Manager, and the making of Distributions by the Liquidation Trust and, as applicable, the Wind-Down Entity in accordance with the Plan.

2.      **Streamlining of the Debtors' Corporate Affairs**

(a)      **Debtors' Existing Directors, Officers, and Managers**

On the Effective Date, each of the Debtors' existing directors, officers, and managers shall be terminated automatically without the need for any Corporate Action and without the need for any corporate or limited liability company filings, and shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated). On the Effective Date, the Wind-Down CEO shall succeed to all such powers as would have been applicable to the Debtors' officers and managers in respect of all Wind-Down Assets and the Liquidation Trustee shall succeed to all such powers as would have been applicable to the Debtors' officers and managers in respect of all Liquidation Trust Assets; *provided, however*, that the Wind-Down CEO and the Liquidation Trustee may continue to consult with or employ the Debtors' former directors, officers,

employees, and managers to the extent required to comply with applicable law or contractual provisions regarding the Debtors.

### (b)     The Remaining Debtors Pending the Closing of the Cases

Each Remaining Debtor shall continue in existence after the Effective Date as a post-Effective-Date entity for the purposes of ensuring, among other things, that Creditors will obtain the benefits of any allegedly transfer-restricted assets. Without the need for any Corporate Action and without the need for any corporate or limited liability company filings, (a) all Equity Interests of the Remaining Debtors issued and outstanding immediately before the Effective Date shall be automatically cancelled and extinguished on the Effective Date and (b) as of the Effective Date, new membership interests of each Remaining Debtor, representing all of the issued and outstanding membership interests of each such Remaining Debtor, shall be issued to the Liquidation Trust, which new membership interests so issued shall be deemed to have been offered and sold to the Liquidation Trust in reliance on the exemption from registration under the Securities Act afforded by section 4(a)(2) thereof. On and after the Effective Date, each Remaining Debtor will be a wholly-owned subsidiary of the Liquidation Trust, and the Liquidation Trust may expend with respect to such Remaining Debtor such amounts as the Liquidation Trust determines is appropriate, in its discretion. The sole manager of each Remaining Debtor shall be the Remaining Debtors Manager. The Remaining Debtors Manager's rights and powers with respect to operations, employment, compensation, indemnity, and exculpation as to each Remaining Debtor shall, to the greatest extent possible, be the same as its rights and powers as Liquidation Trustee in connection with the Liquidation Trust, and the Remaining Debtors Manager may take such steps as appropriate to maintain the good standing of the applicable Remaining Debtor. Until a Remaining Debtor is dissolved, all cash or property received by the Remaining Debtor, gross or net of any expenses of the Remaining Debtor incurred after the Effective Date, shall be transferred to the Liquidation Trust. Each Remaining Debtor (a) shall have the Liquidation Trust as its sole member and the Liquidation Trust shall be deemed to be admitted as a member of each Remaining Debtor on the Effective Date, (b) shall be treated as a disregarded entity for income tax purposes, (c) shall have a purpose consistent with the purpose of the Liquidation Trust as set forth in Section 5.4.4 of the Plan, and (d) shall be subject to the same limitations imposed on the Liquidation Trustee under the terms of the Plan and the Liquidation Trust Agreement.

### (c)     Dissolution of the Debtors

On the Effective Date, each of the Debtors other than the Remaining Debtors will be dissolved automatically without the need for any Corporate Action, without the need for any corporate or limited liability company filings, and without the need for any other or further actions to be taken by or on behalf of such dissolving Debtor or any other Person or any payments to be made in connection therewith; provided, however, that the Liquidation Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Debtors other than the Remaining Debtors. On and as of the earlier of the Closing Date and the date on which the Remaining Debtors Manager Files with the Bankruptcy Court a notice of dissolution as to a Remaining Debtor, such Remaining Debtor will be dissolved automatically without the need for any Corporate Action, without the need for any corporate or limited liability company filings, and without the need for any other or further actions to be taken

by or on behalf of such dissolving Remaining Debtor or any other Person or any payments to be made in connection therewith; provided, however, that the Liquidation Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Remaining Debtors.

### (d)    Corporate Documents and Corporate Authority

On the Effective Date, the certificates of incorporation, bylaws, operating agreements, and articles of organization, as applicable, of all the Debtors shall be deemed amended to the extent necessary to carry out the provisions of the Plan. The entry of the Confirmation Order shall constitute authorization for the Debtors, the Wind-Down CEO, the Liquidation Trustee, and the Remaining Debtors Manager, as applicable, to take or cause to be taken all actions (including, if applicable, Corporate Actions) necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act, or action under any applicable law, order, rule, or regulation.

### 3.    The Wind-Down Entity

### (a)    Appointments

(a)    On and after the Effective Date, the initial Wind-Down CEO shall become and serve as Wind-Down CEO. The compensation terms for the Wind-Down CEO will be set forth in a separate document to be Filed as part of the Plan Supplement.

(b)    On and after the Effective Date, the initial Wind-Down Board shall become and serve as Wind-Down Board. The compensation of the non-CEO members of the Wind-Down Board will be $20,000 per month for each calendar month of service during the first year after the Effective Date and $15,000 per month for each calendar month of service commencing after the first anniversary of the Effective Date.

### (b)    Creation and Governance of the Wind-Down Entity

On the Effective Date, the Wind-Down Entity and the Liquidation Trustee shall execute the Wind-Down Governance Agreement and shall take any other steps necessary to establish the Wind-Down Entity in accordance with the Plan. The Wind-Down Entity shall be governed by the Wind-Down Governance Agreement and administered by the Wind-Down CEO and the Wind-Down Board. The powers, rights, duties, and responsibilities of the Wind-Down CEO and the Wind-Down Board shall be specified in the Wind-Down Governance Agreement. The Wind-Down Entity shall hold, administer, and distribute the Wind-Down Assets in accordance with the provisions of the Plan and the Wind-Down Governance Agreement. The Wind-Down Entity (a) shall have the Liquidation Trust as its sole member and the Liquidation Trust shall be deemed to be admitted as a member of the Wind-Down Entity on the Effective Date, (b) shall be treated as a disregarded entity for income tax purposes, (c) shall have a purpose consistent with the purpose of the Liquidation Trust as set forth in Section 5.4.4 of the Plan, and (d) shall be subject to the same limitations imposed on the Liquidation Trustee under the terms of the Plan and the Liquidation Trust Agreement.

### (c)  Vesting of Wind-Down Assets

On the Effective Date, the Wind-Down Entity will be automatically vested with all of the Debtors' and the Estates' respective rights, title, and interest in and to all Wind-Down Assets, including any Debtor's or any Estate's associated rights, including any such rights to exercise and enforce rights and remedies of Holders of Non-Debtor Loan Note Claims regarding any loans or related interests as to which the lender was a Debtor and the underlying borrower actually is or actually was a Person that is not a Debtor as more fully set forth in Section 5.3.4(g) of the Plan. Except as specifically provided in the Plan or the Confirmation Order, the Wind-Down Assets shall automatically vest in the Wind-Down Entity free and clear of all Claims, Liens, or interests, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The Wind-Down Entity shall be the exclusive representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3)(B) regarding all Wind-Down Assets.

### (d)  Authority

Subject to the supervision of the Wind-Down Board and the provisions of the Wind-Down Governance Agreement, the Wind-Down CEO shall have the authority and right on behalf of each of the Debtors and their respective Estates, without the need for Bankruptcy Court approval (unless otherwise indicated), to carry out and implement all applicable provisions of the Plan for the ultimate benefit of the Liquidation Trust, including to:

(a)    retain, compensate, and employ professionals and other Persons to represent the Wind-Down Entity with respect to and in connection with its rights and responsibilities;

(b)    establish, maintain, and administer accounts of the Debtors as appropriate;

(c)    maintain, develop, improve, administer, operate, conserve, supervise, collect, settle, and protect the Wind-Down Assets (subject to the limitations described in the Plan or in the Wind-Down Governance Agreement);

(d)    sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the Wind-Down Assets or any part thereof or any interest therein, including through the formation on or after the Effective Date of any new or additional legal entities to be owned by the Wind-Down Entity to own and hold particular Wind-Down Assets separate and apart from any other Wind-Down Assets, upon such terms as the Wind-Down CEO determines to be necessary, appropriate, or desirable (subject to the limitations described in the Plan or in the Wind-Down Governance Agreement), including the consummation of any sale transaction for any Wind-Down Assets as to which an approval order was entered by the Bankruptcy Court before the Effective Date;

(e)    invest Cash of the Debtors and the Estates, including any Cash realized from the liquidation of the Wind-Down Assets, which investments, for the avoidance of doubt, will not be required to comply with Bankruptcy Code section 345(b);

(f)    negotiate, incur, and pay the Wind-Down Expenses, including in connection with the resolution and satisfaction of any Wind-Down Claim Expenses;

(g)      exercise and enforce all rights and remedies regarding any loans or related interests as to which the lender was a Debtor and the underlying borrower actually is or actually was a Person that is not a Debtor, including any such rights or remedies that any Debtor or any Estate was entitled to exercise or enforce prior to the Effective Date on behalf of a Holder of a Non-Debtor Loan Note Claim, and including rights of collection, foreclosure, and all other rights and remedies arising under any promissory note, mortgage, deed of trust, or other document with such underlying borrower or under applicable law;

(h)      comply with the Plan, exercise the Wind-Down CEO's rights, and perform the Wind-Down CEO's obligations; and

(i)      exercise such other powers as deemed by the Wind-Down CEO to be necessary and proper to implement the provisions of the Plan.

To the extent necessary to give full effect to its administrative rights and duties under the Plan, the Wind-Down CEO shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) an appropriate corporate or limited liability company officer or manager of each of the Debtors under any applicable nonbankruptcy law and (ii) a "trustee" of each of the Debtors under Bankruptcy Code sections 704 and 1106.

## (e)      Relationship With the Liquidation Trust

(a)      On the Effective Date, all of the membership interests in the Wind-Down Entity will be issued to the Liquidation Trust. The Liquidation Trust will at all times be the sole and exclusive owner of the Wind-Down Entity, and the Wind-Down Entity will not issue any equity interests to any other Person.

(b)      Commencing on the first Business Day that is no longer than thirty (30) calendar days after the quarter-end of the first full calendar quarter following the Effective Date and continuing on the first Business Day that is no longer than thirty (30) calendar days after each calendar quarter-end thereafter, the Wind-Down Entity will remit to the Liquidation Trust as of such quarter-end any Cash in excess of its budgeted reserve for ongoing operations, other anticipated Wind-Down Expenses, and its other Plan obligations (subject to more specific provisions as may be set forth in the Wind-Down Governance Agreement).

(c)      The Wind-Down Entity shall advise the Liquidation Trust regarding the status of the affairs of the Wind-Down Entity on at least a monthly basis and shall reasonably make available to the Liquidation Trust such information as is necessary for any reporting by the Liquidation Trust.

(d)      The Wind-Down Entity shall advise the Liquidation Trust regarding any material actions by the Wind-Down Board, including the sale of any property prior to entering into a contract of sale or the change in course of the business plan agreed to as part of the Plan. If there is any disagreement between the Wind-Down Entity and the Liquidation Trust as to a material matter, in the first instance the Wind-Down Entity and the Liquidation Trust shall seek to resolve their dispute regarding such material matter. In the event the Wind-Down Entity and the Liquidation Trust cannot resolve the dispute, then no action will be taken regarding such material matter absent an order of the Bankruptcy Court.

(e)    The Liquidation Trust will have all additional rights regarding the Wind-Down Entity as are set forth in the Wind-Down Governance Agreement, including that the Wind-Down Entity shall not be entitled to encumber, invest, or gift any of its assets or make asset acquisitions except as and to the extent permitted by the Wind-Down Governance Agreement.

### (f)    Removal or Resignation of the Wind-Down CEO

The Wind-Down CEO may be removed for cause by the Wind-Down Board. The Wind-Down CEO may resign by giving not less than thirty (30) calendar days' prior notice thereof in a notice Filed in the Chapter 11 Cases.

### (g)    Successor Wind-Down CEO

At any time that Frederick Chin is no longer the Wind-Down CEO, the Wind-Down Board will select a replacement Wind-Down CEO, subject to the approval of such replacement by the Liquidation Trust.

### (h)    Removal or Resignation of Wind-Down Board Members

A member of the Wind-Down Board may be removed for cause by the Liquidation Trust. A member of the Wind-Down Board may resign by giving not less than thirty (30) calendar days' prior notice thereof to the other members of the Wind-Down Board.

### (i)    Successor Wind-Down Board Members

At any time that there is a vacancy on the Wind-Down Board, the Liquidation Trust will select a replacement Wind-Down Board member.

### (j)    Termination of the Wind-Down CEO and Dissolution of the Wind-Down Entity

Following the sale or other disposition of all the Wind-Down Assets, the Wind-Down CEO's role as Wind-Down CEO shall be terminated, the Wind-Down Entity shall be dissolved, and the Wind-Down Board shall authorize and direct that the Wind-Down CEO file a certificate of cancellation to terminate the existence of the Wind-Down Entity.

### (k)    Indemnification

The Wind-Down Entity and the Liquidation Trust shall indemnify the Wind-Down Indemnified Parties for, and shall defend and hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred without gross negligence or willful misconduct on the part of the Wind-Down Indemnified Parties (which gross negligence or willful misconduct, if any, must be determined by a final, non-appealable order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Wind-Down Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or the Wind-Down Governance Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not

inconsistent therewith, will be conclusively deemed not to constitute gross negligence or willful misconduct. In addition, the Wind-Down Entity and the Liquidation Trust shall, to the fullest extent permitted by law, indemnify, defend, and hold harmless the Wind-Down Indemnified Parties, from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Wind-Down Entity or the implementation or administration of the Plan if the Wind-Down Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Wind-Down Entity. To the extent the Liquidation Trust indemnifies, defends, and holds harmless any Wind-Down Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidation Trust in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Liquidation Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in Section 5.3.11 of the Plan shall be paid by the Wind-Down Entity or Liquidation Trust, as applicable.

(l)    **Insurance**

The Wind-Down Entity shall be authorized, but not required, to obtain any insurance coverages deemed to be reasonably necessary, as a Wind-Down Expense and after taking into account any insurance that may have separately been obtained by the Liquidation Trust, for itself and its respective agents, including coverage with respect to the liabilities, duties, and obligations of the Wind-Down Board and the Wind-Down CEO, which insurance coverage may, at the sole discretion of the Wind-Down Board, be extended for a reasonable period after the termination of the Wind-Down Governance Agreement.

(m)    **Control Provision**

To the extent there is any inconsistency between the Plan as it relates to the Wind-Down Entity and the Wind-Down Governance Agreement, the Plan shall control.

4.    **Liquidation Trust**

(a)    **Appointments**

(a)    On and after the Effective Date, the initial Liquidation Trustee shall become and serve as Liquidation Trustee. The Liquidation Trustee will receive (i) base compensation at an hourly rate of $550 per hour for 2018, with 10% rate raises commencing at the beginning of calendar years 2019 and 2020; (ii) incentive compensation as determined by the Liquidation Trust Supervisory Board; and (iii) reimbursement of reasonable expenses, as may be more specifically set forth in the Liquidation Trust Agreement.

(b)    On and after the Effective Date, the initial Liquidation Trust Supervisory Board shall begin to serve without further action. As may be more specifically set forth in the Liquidation Trust Agreement, the compensation payable to each member of the Liquidation Trust Supervisory Board for each calendar month of service shall be $10,000 monthly for the first twelve months from and after the Effective Date (counting the month of the Effective Date as the first calendar month even if it is a partial calendar month), $7,500 monthly for the thirteenth through twenty-fourth calendar months after the Effective Date, $5,000 monthly for

the twenty-fifth through thirty-sixth calendar months after the Effective Date, and $2,500 monthly for each calendar month thereafter until termination of the Liquidation Trust in accordance with the Plan (prorated as appropriate if a member commences his or her service other than on the first day of a month or terminates his or her service other than on the last day of a month), plus, in all instances, reimbursement of reasonable expenses.

### (b)      Creation and Governance of the Liquidation Trust

On the Effective Date, the Liquidation Trustee shall execute the Liquidation Trust Agreement and shall take any other steps necessary to establish the Liquidation Trust in accordance with the Plan and the beneficial interests therein. For federal income tax purposes, the transfer of the assets to the Liquidation Trust will be treated as a sale or other disposition of assets (except for the assets transferred to the Disputed Ownership Fund as provided in Section 7.10 of the Plan) to the Liquidation Trust Beneficiaries in exchange for their claims in the Chapter 11 Cases. Any income or loss from the transfer of assets to the Liquidation Trust shall flow through to the ultimate taxpaying member of each Debtor who will be responsible to pay the tax liability, if any. For federal income tax purposes, the Liquidation Trust Beneficiaries shall be treated as the grantors of the Liquidation Trust and deemed to be the owners of the assets of the Liquidation Trust. The transfer of the Liquidation Trust Assets to the Liquidation Trust shall be deemed a transfer to the Liquidation Trust Beneficiaries by the Debtors, followed by a deemed transfer by such Liquidation Trust Beneficiaries to the Liquidation Trust. The Debtors, the Liquidation Trust Beneficiaries, and the Liquidation Trust will consistently report the valuation of the assets transferred to the Liquidation Trust. Such consistent valuations and revised reporting will be used for all federal income tax purposes. Income deductions, gain, or loss from the Liquidation Trust shall be reported to the beneficiaries of the Liquidation Trust in conjunction with the filing of the Liquidation Trust's income tax returns. Each Liquidation Trust Beneficiary shall report income, deductions, gain, or loss on such Liquidation Trust Beneficiary's income tax returns. The Liquidation Trust shall be governed by the Liquidation Trust Agreement and administered by the Liquidation Trustee. The powers, rights, and responsibilities of the Liquidation Trustee shall be specified in the Liquidation Trust Agreement. After an objection to a Disputed Claim is resolved or a Contingent Claim or Unliquidated Claim has been determined in whole or in part by a Final Order or by agreement, the Liquidation Trust Interests and/or Cash held in the Disputed Ownership Fund shall be transferred as described in Section 7.11 of the Plan.

### (c)      Vesting of Liquidation Trust Assets

On the Effective Date, the Liquidation Trust will be automatically vested with all of the Debtors' and the Estates' respective rights, title, and interest in and to all Liquidation Trust Assets. Except as specifically provided in the Plan or the Confirmation Order, the Liquidation Trust Assets shall automatically vest in the Liquidation Trust free and clear of all Claims, Liens, or interests subject only to the Liquidation Trust Interests and the Liquidation Trust Expenses, as provided for in the Liquidation Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all Liquidation Trust

Assets. The Liquidation Trust shall hold and distribute the Liquidation Trust Assets in accordance with the provisions of the Plan and the Liquidation Trust Agreement.

### (d)    Purpose of the Liquidation Trust

The Liquidation Trust shall be established for the purpose of pursuing or liquidating the Liquidation Trust Assets and making Distributions to the Liquidation Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

### (e)    Authority

Subject to the supervision of the Liquidation Trust Supervisory Board, the Liquidation Trustee shall have the authority and right on behalf of the Debtors and the Estates and without the need for Bankruptcy Court approval (in each case, unless otherwise provided in the Plan) to carry out and implement all applicable provisions of the Plan, including to:

(a)    review, reconcile, compromise, settle, or object to Claims and resolve such objections as set forth in the Plan, free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules;

(b)    calculate and make Distributions and calculate and establish reserves under and in accordance with the Plan;

(c)    retain, compensate, and employ professionals and other Persons to represent the Liquidation Trustee with respect to and in connection with its rights and responsibilities;

(d)    establish, maintain, and administer documents and accounts of the Debtors as appropriate, which shall be segregated to the extent appropriate in accordance with the Plan;

(e)    maintain, conserve, collect, settle, and protect the Liquidation Trust Assets (subject to the limitations described in the Plan);

(f)    sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the Liquidation Trust Assets or any part thereof or interest therein upon such terms as the Liquidation Trustee determines to be necessary, appropriate, or desirable; provided, however, that the Liquidation Trustee shall not sell, transfer, or otherwise dispose of the Liquidation Trust's membership interests in the Wind-Down Entity without further approval of the Bankruptcy Court;

(g)    negotiate, incur, and pay the Liquidation Trust Expenses;

(h)    prepare and file any and all informational returns, reports, statements, returns, and other documents or disclosures relating to the Debtors that are required under the Plan, by any governmental unit, or by applicable law;

(i)    compile and maintain the official claims register, including for purposes of making initial and subsequent Distributions under the Plan;

01:23482975.1

(j)     take such actions as are necessary or appropriate to wind-down and dissolve the Remaining Debtors;

(k)     comply with the Plan, exercise the Liquidation Trustee's rights, and perform the Liquidation Trustee's obligations; and

(l)     exercise such other powers as deemed by the Liquidation Trustee to be necessary and proper to implement the Plan.

To the extent necessary to give full effect to its administrative rights and duties under the Plan, the Liquidation Trustee shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) an appropriate corporate or limited liability company officer or manager of each of the Debtors under any applicable nonbankruptcy law and (ii) a "trustee" of each of the Debtors under Bankruptcy Code sections 704 and 1106. The Liquidation Trust Supervisory Board will have all rights and powers of a corporate board appointed under Delaware law.

### (f)     Limitation of Liability

The Liquidation Trustee shall enjoy all of the rights, powers, immunities, and privileges applicable to a Bankruptcy Code chapter 7 trustee with respect to limitations of liability. The Liquidation Trustee may, in connection with the performance of its functions, in its sole and absolute discretion, consult with its attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such Persons, regardless of whether such advice or opinions were in writing. Notwithstanding such authority, the Liquidation Trustee shall be under no obligation to consult with any such attorneys, accountants, advisors, or agents, and its determination not to do so shall not result in the imposition of liability on the Liquidation Trustee unless such determination is based on willful misconduct, gross negligence, or fraud. Persons dealing with the Liquidation Trustee shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such Person in carrying out the terms of the Plan or the Liquidation Trust Agreement, and the Liquidation Trustee shall have no personal obligation to satisfy such liability.

### (g)     Indemnification

The Wind-Down Entity and the Liquidation Trust shall indemnify the Liquidation Trust Indemnified Parties for, and shall defend and hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred without gross negligence or willful misconduct on the part of the Liquidation Trust Indemnified Parties (which gross negligence or willful misconduct, if any, must be determined by a final, non-appealable order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Liquidation Trust Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or the Liquidation Trust Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence or willful misconduct. In addition, the Wind-Down Entity and the Liquidation Trust shall, to the fullest

extent permitted by law, indemnify, defend, and hold harmless the Liquidation Trust Indemnified Parties, from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidation Trust, the Remaining Debtors, or the implementation or administration of the Plan if the Liquidation Trust Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Liquidation Trust or the Remaining Debtors. To the extent the Wind-Down Entity or the Liquidation Trust indemnifies, defends, and holds harmless any Liquidation Trust Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidation Trustee or the Remaining Debtors Manager in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Liquidation Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in Section 5.4.7 of the Plan shall be paid by the Wind-Down Entity or the Liquidation Trust, as applicable.

**(h)    Insurance**

The Liquidation Trustee shall be authorized, but not required, to obtain any insurance coverages deemed to be reasonably necessary, at the Liquidation Trust's sole expense, for itself, the Remaining Debtors Manager, and their respective agents, including coverage with respect to the liabilities, duties, and obligations of the Liquidation Trustee and the Remaining Debtors Manager, which insurance coverage may, at the sole discretion of the Liquidation Trustee, be extended for a reasonable period after the termination of the Liquidation Trust.

**(i)    Tax Reporting**

(a)    The Liquidation Trust shall timely file tax returns for the Liquidation Trust treating the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

(b)    The Liquidation Trust shall be responsible for timely payment of all taxes (if any) imposed on and payable by the Liquidation Trust, the Remaining Debtors, or any Liquidation Trust Assets.

(c)    The Liquidation Trust shall distribute such tax-related notices, beneficiary statements, and information returns, as applicable, to the applicable Holders of Allowed Claims as are required by applicable law or that the Liquidation Trustee determines are otherwise necessary or desirable.

(d)    The Liquidation Trust is authorized to file a request for expedited determination under Bankruptcy Code section 505(b) for any tax returns filed with respect to the Debtors.

**(j)    Distributions to Liquidation Trust Beneficiaries**

(a)    The Liquidation Trust will make an initial Distribution of Available Cash from the Initial Distribution Fund to the Liquidation Trust Beneficiaries pursuant to the Liquidation Trust Interests Waterfall, with such initial Distribution targeted to occur before December 31, 2018.

(b)     The Liquidation Trust, in the Liquidation Trustee's discretion, may make periodic Distributions of additional Cash to the Liquidation Trust Beneficiaries at any time following the Effective Date, provided that such Distributions are otherwise permitted under, and not inconsistent with, the Liquidation Trust Interests Waterfall, the other terms of the Plan, the Liquidation Trust Agreement, and applicable law.

(c)     No later than (i) the first Business Day that is at least 180 calendar days after the Effective Date and (ii) the last Business Day of each subsequent 180-calendar-day period after the Effective Date until the Closing Date, the Liquidation Trustee shall calculate the Distributions that could potentially be made to the Liquidation Trust Beneficiaries based on the amount of then-available Available Cash and, based on such calculation, promptly thereafter may make Distributions, if any, of the amount so determined.

### (k)     Cash Investments

The Liquidation Trustee may invest Cash of the Liquidation Trust, including any earnings thereon or proceeds therefrom, any Cash realized from the liquidation of the Liquidation Trust Assets, or any Cash that is remitted to the Liquidation Trust from the Wind-Down Entity, which investments, for the avoidance of doubt, will not be required to comply with Bankruptcy Code section 345(b); provided, however, that such investments must be investments that are permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.

### (l)     Registration and Transfer of the Liquidation Trust Interests

(a)     The record holders of the Liquidation Trust Interests shall be recorded and set forth in a registry maintained by, or at the direction of, the Liquidation Trustee expressly for such purpose. Such obligation may be satisfied by the Liquidation Trust's retention of an institutional transfer agent for the maintenance of such registry, and notwithstanding anything to the contrary contained in this paragraph, the Liquidation Trust may, in connection with any Exchange Act Registration with respect to the Class A Liquidation Trust Interests, in its discretion cause the Class A Liquidation Trust Interests to be issued in book entry form.

(b)     Upon their issuance as of the Effective Date, and thereafter until the effectiveness of an Exchange Act Registration of the Class A Liquidation Trust Interests, the Class A Liquidation Trust Interests will be subject to restrictions on transfer under the Liquidation Trust Agreement, which restrictions shall prohibit the Class A Liquidation Trust Interests from being certificated or transferable except by operation of law or by will or the laws of descent and distribution, in each case following written notice to the Liquidation Trust. Upon the effectiveness of an Exchange Act Registration of the Class A Liquidation Trust Interests, such transfer restrictions under the Liquidation Trust Agreement shall terminate and the Class A Liquidation Trust Interests may be transferable by the Holders thereof to the extent otherwise permissible under applicable law. The Liquidation Trust shall use its commercially reasonable best efforts to cause an Exchange Act Registration of the Class A Liquidation Trust Interests to become effective, and for the Class A Liquidation Trust Interests to be quoted with an OTC ticker symbol, as soon as reasonably practicable after the Effective Date, but in no event shall the

Liquidation Trust file an Exchange Act registration statement any later than may be required under section 12(g) of the Exchange Act or the rules and regulations promulgated thereunder.

(c)    Upon their issuance as of the Effective Date, and thereafter until (i) the effectiveness of an Exchange Act Registration of the Class B Liquidation Trust Interests or (ii) the good faith determination by the Liquidation Trustee, in its discretion, that termination of the transfer restrictions under the Liquidation Trust Agreement would not require the Class B Liquidation Trust Interests to be registered under section 12(g) of the Exchange Act, the Class B Liquidation Trust Interests will be subject to restrictions on transfer under the Liquidation Trust Agreement, which restrictions shall prohibit the Class B Liquidation Trust Interests from being certificated or transferable except by operation of law or by will or the laws of descent and distribution, in each case following written notice to the Liquidation Trust. Upon (i) the effectiveness of an Exchange Act Registration of the Class B Liquidation Trust Interests or (ii) the good faith determination by the Liquidation Trustee, in its discretion, that termination of the transfer restrictions under the Liquidation Trust Agreement would not require the Class B Liquidation Trust Interests to be registered under section 12(g) of the Exchange Act, such transfer restrictions under the Liquidation Trust Agreement shall terminate and the Class B Liquidation Trust Interests may be transferable by the Holders thereof to the extent otherwise permissible under applicable law; provided, however, that the Liquidation Trust shall not be under any obligation (and does not currently intend) to make any effort to cause the Class B Liquidation Trust Interests to be registered under the Exchange Act or otherwise to facilitate the trading of, or the development of any trading market for, the Class B Liquidation Trust Interests.

### (m)    Exemption

To the extent the Liquidation Trust Interests are deemed to be "securities," the issuance of such interests under the Plan are exempt, pursuant to Bankruptcy Code section 1145, from registration under the Securities Act and any applicable state and local laws requiring registration of securities.

### (n)    Contribution of Contributed Claims

On the Effective Date, all Contributed Claims will be irrevocably contributed to the Liquidation Trust and shall thereafter be Liquidation Trust Actions for all purposes. No Person may rely on the absence of a specific reference in the Plan, the Confirmation Order, the Liquidation Trust Agreement, or the Disclosure Statement to any Contributed Claims against such Person as any indication that the Liquidation Trust will not pursue any and all available Contributed Claims against such Person. The objection to the Allowance of any Claims will not in any way limit the ability or the right of the Liquidation Trust to assert, commence, or prosecute any Contributed Claims. Nothing contained in the Plan, the Confirmation Order, the Liquidation Trust Agreement, or the Disclosure Statement will be deemed to be a waiver, release, or relinquishment of any Contributed Claims that the Contributing Claimants had immediately prior to the Effective Date. The Liquidation Trust shall have, retain, reserve, and be entitled to assert all Contributed Claims fully as if the Contributed Claims had not been contributed to the Liquidation Trust in accordance with the Plan and the Liquidation Trust Agreement. For the avoidance of doubt, (a) the Contributed Claims shall not include the rights of any of the Contributing Claimants to receive the Distributions, if any, to which they are entitled

under the Plan; (b) the Contributed Claims shall not include any Causes of Action against any of the Released Parties; and (c) in the exercise of its reasonable discretion and in accordance with the Liquidation Trust Agreement, the Liquidation Trust shall not be obligated to pursue all or any given Contributed Claims.

**(o)    Pursuit and Resolution of Liquidation Trust Actions**

The Liquidation Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants, may, and will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all Liquidation Trust Actions without any further order of the Bankruptcy Court, except as otherwise provided in the Liquidation Trust Agreement. From and after the Effective Date, the Liquidation Trust, in accordance with Bankruptcy Code section 1123(b)(3), shall serve as a representative of the Estates with respect to any and all Liquidation Trust Actions that were Estate Assets and shall retain and possess the right to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all Liquidation Trust Actions in any court or other tribunal.

**(p)    Termination of the Liquidation Trust**

The Liquidation Trustee and the Liquidation Trust shall be discharged or terminated, as the case may be, at such time as: (a) the Liquidation Trustee determines that the pursuit of additional Liquidation Trust Actions is not likely to yield sufficient additional proceeds to justify further pursuit of such Liquidation Trust Actions and (b) all Distributions required to be made by the Liquidation Trust to the Holders of Allowed Claims and to the Liquidation Trust Beneficiaries under the Plan and the Liquidation Trust Agreement have been made, but in no event shall the Liquidation Trust be terminated later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, unless a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Liquidation Trust Assets. Upon termination of the Liquidation Trust, any remaining Liquidation Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the Liquidation Trustee to the American Bankruptcy Institute Endowment Fund.

**(q)    Control Provision**

To the extent there is any inconsistency between the Plan as it relates to the Liquidation Trust and the Liquidation Trust Agreement, the Plan shall control.

**5.    Preservation of Privileges and Defenses**

The actions taken by the Debtors, the Wind-Down Entity, the Liquidation Trust, the Remaining Debtors, or any of their respective Related Parties in connection with the Plan shall

not be (or be deemed to be) a waiver of any privilege or defense of the Debtors, the Wind-Down Entity, the Liquidation Trust, or the Remaining Debtors, as applicable, including any attorney-client privilege or work-product doctrine. Notwithstanding any Debtors providing any privileged information related to any Liquidation Trust Actions to the Liquidation Trustee, the Liquidation Trust, the Wind-Down CEO, the Wind-Down Entity, the Remaining Debtors Manager, the Remaining Debtors, or any Person associated with any of the foregoing, such privileged information shall be without waiver in recognition of the joint, common, or successor interest in prosecuting the Liquidation Trust Actions and shall remain privileged. The Wind-Down Entity and the Liquidation Trust each shall retain the right to waive its own privileges. Only the Liquidation Trustee shall have the right to waive the attorney-client privilege, work-product doctrine, or other protections as to the Debtors, the Remaining Debtors, and the Liquidation Trust.

### 6. Preservation of Rights of Action

#### (a) Maintenance of Avoidance Actions and Causes of Action

Except as otherwise provided in the Plan or the Confirmation Order, from and after the Effective Date, the Liquidation Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, all as Liquidation Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases. The Liquidation Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants, may, and will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the Liquidation Trust Actions without notice to or approval from the Bankruptcy Court. In accordance with the Plan, and pursuant to Bankruptcy Code section 363 and Bankruptcy Rule 9019, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the Liquidation Trust may compromise and settle Liquidation Trust Actions.

#### (b) Preservation of All Liquidation Trust Actions Not Expressly Settled or Released

The failure to specifically identify in the Disclosure Statement or the Plan any potential or existing Avoidance Actions or Causes of Action as a Liquidation Trust Action is not intended to and shall not limit the rights of the Liquidation Trust to pursue any such Avoidance Actions or Causes of Action. Unless a Liquidation Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including the Confirmation Order), the Debtors expressly reserve such Liquidation Trust Action for later resolution by the Liquidation Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). As such, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim

preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches will apply to any such Avoidance Actions or Causes of Action upon or after Confirmation of the Plan based on the Disclosure Statement, the Plan, or the Confirmation Order, except when such Avoidance Actions or Causes of Action have been expressly released. In addition, the right to pursue or adopt any claims alleged in any lawsuit in which any Debtor, the Liquidation Trust, or the Wind-Down Entity is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released Party, including the plaintiffs or co-defendants in such lawsuits

### 7.    Cancellation of Instruments

Except to the extent necessary to give effect to the treatment of any Holder of an Allowed Class 1 Claim pursuant to Section 3.2 of the Plan and except with respect to any executory contracts and unexpired leases that are assumed and assigned to the Wind-Down Entity under the Plan or otherwise assumed and assigned pursuant to a Final Order, any agreement, bond, certificate, contract, indenture, lease, note, security, warrant, or other instrument or document evidencing or creating any indebtedness or obligation of the Debtors shall be deemed cancelled on the Effective Date, and all Liens, mortgages, pledges, grants, trusts, and other interests relating thereto shall be automatically cancelled, and all obligations of the Debtors thereunder or in any way related thereto shall be discharged.

### 8.    Substantive Consolidation

(a)    Entry of the Confirmation Order shall constitute the approval, pursuant to Bankruptcy Code sections 105(a), 541, 1123, and 1129, of the substantive consolidation of the Debtors in the manner set forth in Section 3.11.2(c) of the Plan. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

(b)    The substantive consolidation effected pursuant to the Plan shall not affect, without limitation, (i) the Debtors', the Wind-Down Entity's, or the Liquidation Trust's defenses to any Claim or Cause of Action, including the ability to assert any counterclaim; (ii) the Debtors', the Wind-Down Entity's, or the Liquidation Trust's setoff or recoupment rights; (iii) requirements for any third party to establish mutuality prior to substantive consolidation in order to assert a right of setoff against the Debtors, the Wind-Down Entity, or the Liquidation Trust; or (iv) distributions to the Debtors, the Estates, the Wind-Down Entity, or the Liquidation Trust out of any insurance policies or proceeds of such policies.

(c)    The Disclosure Statement and the Plan shall be deemed to be a motion requesting that the Bankruptcy Court approve the substantive consolidation contemplated by the Plan. Unless an objection to the proposed substantive consolidation is made in writing by any Creditor purportedly affected by such substantive consolidation on or before the deadline to object to confirmation of the Plan, or such other date as may be fixed by the Bankruptcy Court, the substantive consolidation contemplated by the Plan may be approved by the Bankruptcy Court at the Confirmation Hearing. In the event any such objections are timely filed, a hearing with respect thereto shall be scheduled by the Bankruptcy Court, which hearing may, but need not, be the Confirmation Hearing.

(d)      If the Bankruptcy Court determines that substantive consolidation of any given Debtors is not appropriate, then the Debtors may request that the Bankruptcy Court otherwise confirm the Plan and approve the treatment of and Distributions to the different Classes under the Plan on an adjusted, Debtor-by-Debtor basis. Furthermore, the Debtors reserve their rights (i) to seek confirmation of the Plan without implementing substantive consolidation of any given Debtor, and, in the Debtors' reasonable discretion after consultation with each of the Committees, to request that the Bankruptcy Court approve the treatment of and Distributions to any given Class under the Plan on an adjusted, Debtor-by-Debtor basis; and (ii) after consultation with each of the Committees, to seek to substantively consolidate all Debtors into Woodbridge Group of Companies, LLC if all Impaired Classes entitled to vote on the Plan vote to accept the Plan.

## I.      Executory Contracts and Unexpired Leases

### 1.      Assumption of Certain Executory Contracts and Unexpired Leases

#### (a)      Assumption of Agreements

On the Effective Date, the Debtors shall assume all executory contracts and unexpired leases that are listed on the Schedule of Assumed Agreements and shall assign such contracts and leases to the Wind-Down Entity.

The Debtors reserve the right to amend the Schedule of Assumed Agreements at any time prior to the Effective Date, in the Debtors' reasonable discretion after consultation with each of the Committees, (i) to delete any executory contract or unexpired lease and provide for its rejection under the Plan or otherwise, or (ii) to add any executory contract or unexpired lease and provide for its assumption and assignment under the Plan. The Debtors will provide notice of any amendment to the Schedule of Assumed Agreements to the party or parties to those agreements affected by the amendment.

Unless otherwise specified on the Schedule of Assumed Agreements, each executory contract and unexpired lease listed or to be listed therein shall include any and all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument, or other document is also listed on the Schedule of Assumed Agreements.

The Confirmation Order will constitute a Bankruptcy Court order approving the assumption and assignment, on the Effective Date, of all executory contracts and unexpired leases identified on the Schedule of Assumed Agreements.

#### (b)      Cure Payments

Any amount that must be paid under Bankruptcy Code section 365(b)(1) to cure a default under and compensate the non-debtor party to an executory contract or unexpired lease to be assumed under the Plan is identified as the "Cure Payment" on the Schedule of Assumed Agreements. Unless the parties mutually agree to a different date, such payment shall be made in Cash within ten (10) Business Days following the later of: (i) the Effective Date and (ii) entry of

a Final Order resolving any disputes regarding (A) the amount of any Cure Payment, (B) the ability of the Wind-Down Entity to provide "adequate assurance of future performance" within the meaning of Bankruptcy Code section 365 with respect to a contract or lease to be assumed, to the extent required, or (C) any other matter pertaining to assumption and assignment.

Pending the Bankruptcy Court's ruling on any such dispute, the executory contract or unexpired lease at issue shall be deemed assumed by the Debtors and assigned to the Wind-Down Entity, unless otherwise agreed by the parties or ordered by the Bankruptcy Court.

### (c)      Objections to Assumption/Cure Payment Amounts

Any Person that is a party to an executory contract or unexpired lease that will be assumed and assigned under the Plan and that objects to such assumption or assignment (including the proposed Cure Payment) must File with the Bankruptcy Court and serve on parties entitled to notice a written statement and, if applicable, a supporting declaration stating the basis for its objection. This statement and, if applicable, declaration must be Filed and served on or before the deadline established by the Disclosure Statement Order. Any Person that fails to timely File and serve such a statement and, if applicable, a declaration shall be deemed to waive any and all objections to the proposed assumption and assignment (including the proposed Cure Payment) of its contract or lease.

In the absence of a timely objection by a Person that is a party to an executory contract or unexpired lease, the Confirmation Order shall constitute a conclusive determination regarding the amount of any cure and compensation due under the applicable executory contract or unexpired lease, as well as a conclusive finding that the Wind-Down Entity has demonstrated adequate assurance of future performance with respect to such executory contract or unexpired lease, to the extent required.

### (d)      Resolution of Claims Relating to Assumed Contracts and Leases

Payment of the Cure Payment established under the Plan, by the Confirmation Order, or by any other order of the Bankruptcy Court, with respect to an assumed and assigned executory contract or unexpired lease, shall be deemed to satisfy, in full, any prepetition or postpetition arrearage or other Claim (including any Claim asserted in a Filed proof of claim or listed on the Schedules) with respect to such contract or lease (irrespective of whether the Cure Payment is less than the amount set forth in such proof of claim or the Schedules). Upon the tendering of the Cure Payment, any such Filed or Scheduled Claim shall be disallowed with prejudice, without further order of the Bankruptcy Court or action by any Person.

### 2.      Rejection of Executory Contracts and Unexpired Leases

### (a)      Rejected Agreements

On the Effective Date all executory contracts and unexpired leases of the Debtors shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors, (ii) executory contracts and unexpired leases that are set forth in the Schedule of Assumed Agreements, and (iii) any agreement, obligation, security

interest, transaction, or similar undertaking that the Debtors believe is not executory or a lease, but that is later determined by the Bankruptcy Court to be an executory contract or unexpired lease that is subject to assumption or rejection under Bankruptcy Code section 365. For the avoidance of doubt, executory contracts and unexpired leases that have been previously assumed or assumed and assigned pursuant to an order of the Bankruptcy Court shall not be affected by the Plan. The Confirmation Order will constitute a Bankruptcy Court order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

**(b)      Rejection Claims Bar Date**

Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the Rejection Claims Bar Date. Any such Rejection Claims that are not timely Filed and served will be forever disallowed, barred, and unenforceable, and Persons holding such Claims will not receive and be barred from receiving any Distributions on account of such untimely Claims. If one or more Rejection Claims are timely Filed pursuant to the Plan, the Liquidation Trust may object to any Rejection Claim on or prior to the Claim Objection Deadline. For the avoidance of doubt, the Rejection Claims Bar Date established by the Plan does not alter any rejection claims bar date established by a prior order of the Bankruptcy Court with respect to any executory contract or unexpired leases that was previously rejected in these Chapter 11 Cases.

**J.      Conditions Precedent to the Effective Date**

**1.      Conditions to the Effective Date**

The occurrence of the Effective Date shall not occur and the Plan shall not be consummated unless and until each of the following conditions has been satisfied or duly waived pursuant to Section 9.2 of the Plan:

(i)      the Bankruptcy Court shall have entered the Confirmation Order;

(ii)      the Confirmation Order shall not be subject to any stay;

(iii)      all governmental and material third-party approvals and consents necessary in connection with the transactions contemplated by the Plan, if any, shall have been obtained and be in full force and effect;

(iv)      all actions and all agreements, instruments, or other documents necessary to implement the terms and provisions of the Plan are effected or executed and delivered, as applicable; and

(v)      the Professional Fee Reserve is funded pursuant to Section 11.2 of the Plan.

### 2.   Waiver of Conditions to the Effective Date

The conditions to the Effective Date set forth in clauses (iii) and (iv) above may be waived in writing by the Debtors, in the Debtors' reasonable discretion after consultation with each of the Committees, at any time without further order.

### 3.   Effect of Non-Occurrence of Conditions to the Effective Date

If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with Sections 9.1 and 9.2 of the Plan, upon notification Filed by the Debtors with the Bankruptcy Court, (i) the Confirmation Order shall be vacated; (ii) no Distributions shall be made; (iii) the Debtors, the Estates, and all Creditors shall be restored to the status quo as of the day immediately preceding the Confirmation Hearing as though the Confirmation Order was not entered; and (iv) all of the Debtors' and the Estates' obligations with respect to Claims shall remain unchanged and nothing contained in the Plan shall constitute a waiver or release of any Causes of Action by or against the Debtors, the Estates, or any other Person or prejudice in any manner the rights, claims, or defenses of the Debtors, the Estates, or any other Person.

### 4.   Notice of the Effective Date

Promptly after the occurrence of the Effective Date, the Liquidation Trust or its agents shall mail or cause to be mailed to all Creditors a notice that informs such Creditors of (i) entry of the Confirmation Order and the resulting confirmation of the Plan; (ii) the occurrence of the Effective Date; (iii) the assumption, assignment, and rejection of executory contracts and unexpired leases pursuant to the Plan, as well as the deadline for the filing of resulting Rejection Claims; (iv) the deadline established under the Plan for the filing of Administrative Claims; and (v) such other matters as the Liquidation Trustee finds appropriate.

### K.   Certain Miscellaneous Provisions

### 1.   Administrative Claims

**Subject to the last sentence of this paragraph, all requests for payment of an Administrative Claim must be Filed with the Bankruptcy Court no later than the Administrative Claims Bar Date. In the event of an objection to Allowance of an Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. THE FAILURE TO FILE A MOTION REQUESTING ALLOWANCE OF AN ADMINISTRATIVE CLAIM ON OR BEFORE THE ADMINISTRATIVE CLAIMS BAR DATE, OR THE FAILURE TO SERVE SUCH MOTION TIMELY AND PROPERLY, SHALL RESULT IN THE ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND DISALLOWED WITHOUT FURTHER ORDER OF THE BANKRUPTCY COURT. IF FOR ANY REASON ANY SUCH ADMINISTRATIVE CLAIM IS INCAPABLE OF BEING FOREVER BARRED AND DISALLOWED, THEN THE HOLDER OF SUCH CLAIM SHALL IN NO EVENT HAVE RECOURSE TO ANY PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN. Postpetition statutory tax claims shall not be subject to any Administrative Claims Bar Date.**

### 2.    Professional Fee Claims

All final requests for payment of Professional Fee Claims pursuant to Bankruptcy Code sections 327, 328, 330, 331, 363, 503(b), or 1103 must be made by application Filed with the Bankruptcy Court and served on counsel to the Liquidation Trust and counsel to the U.S. Trustee no later than forty-five (45) calendar days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be Filed and served on counsel to the Liquidation Trust, counsel to the U.S. Trustee, and the requesting Professional on or before the date that is twenty-one (21) calendar days after the date on which the applicable application was served (or such longer period as may be allowed by order of the Bankruptcy Court or by agreement with the requesting Professional). All Professional Fee Claims shall be paid by the Liquidation Trust to the extent approved by order of the Bankruptcy Court within five (5) Business Days after entry of such order. On the Effective Date, the Liquidation Trust shall establish the Professional Fee Reserve. The Professional Fee Reserve shall vest in the Liquidation Trust and shall be maintained by the Liquidation Trust in accordance with the Plan. The Liquidation Trust shall fully fund the Professional Fee Reserve on the Effective Date in an amount that is agreed upon by the Debtors and each of the Committees prior to the Confirmation Hearing and that approximates the total projected amount of unpaid Professional Fee Claims on the Effective Date. If the Debtors and the Committees are unable to agree on an amount by which the Professional Fee Reserve is to be funded, then any of those parties may submit the issue to the Bankruptcy Court, which, following notice and a hearing, shall fix the amount of the required funding. All Professional Fee Claims that have not previously been paid, otherwise satisfied, or withdrawn shall be paid from the Professional Fee Reserve. Any excess funds in the Professional Fee Reserve shall be released to the Liquidation Trust to be used for other purposes consistent with the Plan. For the avoidance of doubt, the Professional Fee Reserve is an estimate and shall not be construed as a cap on the Liquidation Trust's obligation to pay in full Allowed Professional Fee Claims.

### 3.    Payment of Statutory Fees

All fees payable pursuant to 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid by the Debtors on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by the Liquidation Trust. Notwithstanding the foregoing: (i) for the Remaining Debtors, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of all Estate Assets being distributed to the Liquidation Trust and the Wind-Down Entity on the Effective Date in the Chapter 11 Cases of the Remaining Debtors; (ii) for all other Debtors, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of disbursements (if any) made by such Debtors prior to the Effective Date; and (iii) quarterly fees for each quarter after the quarter in which the Effective Date occurs will be $325.00 for any Remaining Debtors through the entry of the Final Decree for any of the Remaining Debtors or the dismissal or conversion of the Chapter 11 Cases regarding the Remaining Debtors. Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

### 4.      Post-Effective Date Reporting

(a)      Beginning the first quarter-end following the Effective Date and continuing on each quarter-end thereafter until the Closing Date, within thirty (30) calendar days after the end of such period, the Liquidation Trust shall File quarterly reports with the Bankruptcy Court. Each quarterly report shall contain a cash flow statement which shall show Distributions by Class during the prior quarter, an unaudited balance sheet, the terms of any settlement of an individual Claim in an amount greater than $100,000, the terms of any litigation settlement where the Cause of Action or the Liquidation Trust Action was greater than $100,000 or the settlement is for more than $100,000, the terms of any sale of Estate Assets where the proceeds of such sale are $100,000 or greater, and such other information as the Liquidation Trust determines is material.

(b)      Until the effectiveness of an Exchange Act Registration for the Class A Liquidation Trust Interests, the Liquidation Trust shall, as soon as practicable after the end of each calendar year and upon termination of the Liquidation Trust, provide or make available a written report and account to the Holders of Liquidation Trust Interests, which report and account sets forth (i) the assets and liabilities of the Liquidation Trust at the end of such calendar year or upon termination and the receipts and disbursements of the Liquidation Trust for such calendar year or period, and (ii) changes in the Liquidation Trust Assets and actions taken by the Liquidation Trustee in the performance of its duties under the Plan or the Liquidation Trust Agreement that the Liquidation Trustee determines in its discretion may be relevant to Holders of Liquidation Trust Interests, such as material changes or actions that, in the opinion of the Liquidation Trustee, may have a material effect on the Liquidation Trust Assets that were not previously reported. The Liquidation Trust may provide or make available to Holders of Liquidation Trust Interests similar reports for such interim periods during the calendar year as the Liquidation Trustee deems advisable. So long as no Exchange Act Registration for the Class A Liquidation Trust Interests shall have become effective, such reports may be provided or made available to the Holders of Liquidation Trust Interests, in the discretion of the Liquidation Trustee, by any reasonable means, including U.S. mail, electronic transmission, display on IntraLinks or a similar virtual data room to which Holders shall have access, or publication to a publicly-available website or by press release distributed via a generally recognized business news service.

(c)      Following the effectiveness of an Exchange Act Registration for the Class A Liquidation Trust Interests, the Liquidation Trust shall provide or make available to the Holders of Liquidation Trust Interests, either by publication to a publicly-available website or by press release distributed via a generally recognized business news service, copies of all current reports on Form 8-K, quarterly reports on Form 10-Q, and annual reports on Form 10-K that may be required to be filed by the Liquidation Trust with the SEC under the Exchange Act, which copies are to be so provided or made available promptly after such filing.

### 5.      Dissolution of the Committees

Each of the Committees shall be automatically dissolved on the Effective Date and, on the Effective Date, each member of the Committees (including each Related Party thereof) and each Professional retained by any of the Committees shall be released and discharged from all rights, duties, responsibilities, and obligations arising from, or related to, the Debtors, their

membership on any of the Committees, the Plan, or the Chapter 11 Cases, except with respect to (a) any matters concerning any Professional Fee Claims held or asserted by any Professional retained by any of the Committees; and (b) the right of former Noteholder Committee and Unitholder Committee members to select a successor Noteholder Committee or Unitholder Committee designee, respectively, on the Liquidation Trust Supervisory Board.

### 6.    Modifications and Amendments

(a)    In the Debtors' reasonable discretion after consultation with each of the Committees, the Debtors may alter, amend, or modify the Plan under Bankruptcy Code section 1127(a) at any time at or prior to the conclusion of the Confirmation Hearing. All alterations, amendments, or modifications to the Plan must comply with Bankruptcy Code section 1127. The Debtors shall provide parties in interest with notice of such amendments or modifications as may be required by the Bankruptcy Rules or order of the Bankruptcy Court. A Creditor that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified, or clarified, if the proposed alteration, amendment, modification, or clarification does not materially and adversely change the treatment of the Claim of such Creditor.

(b)    After entry of the Confirmation Order and prior to substantial consummation (as defined in Bankruptcy Code section 1101(2)) of the Plan, the Debtors or the Liquidation Trust, as applicable, may, under Bankruptcy Code section 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or to reconcile any inconsistencies in the Plan, the Disclosure Statement approved with respect to the Plan, or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan. Such proceedings must comply with Bankruptcy Code section 1127. To the extent required, prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or an order of the Bankruptcy Court. A Creditor that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified, or clarified, if the proposed alteration, amendment, modification, or clarification does not materially and adversely change the treatment of the Claim of such Creditor.

### 7.    Severability of Plan Provisions

If, at or before the Confirmation Hearing, the Bankruptcy Court holds that any Plan term or provision is invalid, void, or unenforceable, the Bankruptcy Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision. That term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated. The Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with Section 11.7 of the Plan, is valid and enforceable under its terms.

8. **Compromises and Settlements**

From and after the Effective Date, the Liquidation Trust may compromise and settle disputes about any Claims or about any Liquidation Trust Actions, without any further approval by the Bankruptcy Court. Until the Effective Date, the Debtors expressly reserve the right to compromise and settle (subject to the approval of the Bankruptcy Court) Claims against them or any Avoidance Actions and Causes of Action belonging to the Estates.

9. **Binding Effect of Plan**

Upon the Effective Date, Bankruptcy Code section 1141 shall become applicable with respect to the Plan and the Plan shall be binding on all Persons to the fullest extent permitted by Bankruptcy Code section 1141(a). Confirmation of the Plan binds each Holder of a Claim or Equity Interest to all the terms and conditions of the Plan, whether or not such Holder's Claim or Equity Interest is Allowed, whether or not such Holder holds a Claim or Equity Interest that is in a Class that is Impaired under the Plan, and whether or not such Holder has accepted the Plan.

10. **Non-Discharge of the Debtors; Injunction**

**In accordance with Bankruptcy Code section 1141(d)(3)(A), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Equity Interests against the Debtors. As such, no Person holding a Claim or an Equity Interest may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Person under the Plan. As of the Effective Date, all Persons are precluded and barred from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.**

11. **Releases and Related Matters**

**(a)      On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined in a Final Order to have constituted actual fraud or willful misconduct; provided, however, that nothing in Section 11.11 of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.**

(b)     Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in Section 11.11 of the Plan; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

(c)     Notwithstanding any provision in the Plan to the contrary or an abstention from voting on the Plan, no provision of the Plan, or any order confirming the Plan, (i) releases any non-debtor Person from any Cause of Action of the SEC; or (ii) enjoins, limits, impairs, or delays the SEC from commencing or continuing any Causes of Action, proceedings, or investigations against any non-debtor Person in any forum.

## 12.     Exculpation and Limitation of Liability

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan; provided, however, that nothing in Section 11.12 of the Plan shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order; and provided, further, that the exculpation provisions of Section 11.12 of the Plan shall not apply to acts or omissions constituting actual fraud or willful misconduct by such Exculpated Party as determined by a Final Order. For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute actual fraud or willful misconduct unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation, and in all respects, the Exculpated Parties shall be entitled to rely on the written advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by Section 11.12 of the Plan.

## 13.     Term of Injunctions or Stays

Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in the Chapter 11 Cases under Bankruptcy Code sections 105 or 362 or otherwise, and extant as of the Confirmation Hearing (excluding any injunctions or stays contained in or arising

from the Plan or the Confirmation Order), shall remain in full force and effect through and inclusive of the Effective Date.

### 14. Revocation, Withdrawal, or Non-Consummation

The Debtors reserve the right to revoke or withdraw the Plan at any time prior to the Confirmation Hearing and to File subsequent plans. If the Debtors revoke or withdraw the Plan prior to the Confirmation Hearing, or if the Effective Date does not occur, then (a) the Plan shall be null and void in all respects; and (b) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims against, or any Equity Interests in, any Debtor, or any Causes of Action by or against any Debtor or any other Person, (ii) prejudice in any manner the rights of any Debtor or any other Person in any further proceedings involving a Debtor, or (iii) constitute an admission of any sort by any Debtor or any other Person.

### 15. Exemption From Transfer Taxes

Pursuant to Bankruptcy Code section 1146, the vesting of the Liquidation Trust Assets in the Liquidation Trust, the vesting of the Wind-Down Assets in the Wind-Down Entity, the issuance, transfer, or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust, lien, pledge, or other security interest, or the making or assignment of any lease or sublease, or making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

### 16. Good Faith

Confirmation of the Plan shall constitute a conclusive determination that: (a) the Plan, and all the transactions and settlements contemplated thereby, have been proposed in good faith and in compliance with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules; and (b) the solicitation of acceptances or rejections of the Plan has been in good faith and in compliance with all applicable provisions of the Bankruptcy Code, and the Bankruptcy Rules, and, in each case, that the Debtors and all Related Parties have acted in good faith in connection therewith.

### 17. Conflicts

In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, any other order entered in the Chapter 11 Cases, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence; provided, however, that the Confirmation Order shall control and take precedence in the event of any inconsistency between the Confirmation Order, any provision of the Plan, and any of the foregoing documents.

## V.    RISK FACTORS

Prior to voting on the Plan, each Holder of a Claim entitled to vote should consider carefully the risk factors described below, as well as all other information contained in this

Disclosure Statement, including the exhibits hereto. These risk factors should not be regarded as the only risks involved in connection with the Plan and its implementation.

### A.   Parties May Object to the Plan's Classification of Claims and Equity Interests

Bankruptcy Code section 1122 provides that a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests in such class. The Debtors believe that the classification of the Claims and Equity Interests under the Plan complies with this requirement. Nevertheless, there can be no assurance that the Bankruptcy Court will reach the same conclusion.

### B.   The Debtors May Not Be Able to Obtain Confirmation of the Plan

With regard to any proposed plan, the Debtors may not receive the requisite acceptances to confirm a plan. In the event that votes with respect to Claims in the Classes entitled to vote are received in number and amount sufficient to enable the Bankruptcy Court to confirm the Plan, the Debtors intend to seek Confirmation of the Plan by the Bankruptcy Court. If the requisite acceptances are not received, the Debtors may not be able to obtain Confirmation of the Plan. Even if the requisite acceptances of a proposed plan are received, the Bankruptcy Court still might not confirm the Plan as proposed if the Bankruptcy Court finds that any of the statutory requirements for confirmation under Bankruptcy Code section 1129 have not been met.

If the Plan is not confirmed by the Bankruptcy Court, there can be no assurance that any alternative plan would be on terms as favorable to any Holders of Claims as the terms of the Plan. In addition, there can be no assurance that the Debtors will be able to successfully develop, prosecute, confirm, and consummate an alternative plan that is acceptable to the Bankruptcy Court and the Debtors' creditors.

### C.   The Conditions Precedent to the Effective Date of the Plan May Not Occur

As more fully set forth in the Plan, the Effective Date is subject to several conditions precedent. There can be no assurance that any or all of such conditions will be satisfied (or waived). If such conditions precedent are not met or waived, the Effective Date will not occur. Accordingly, even if the Plan is confirmed by the Bankruptcy Court, there can be no assurance that the Effective Date will occur.

### D.   Claims Estimation and Allowance of Claims

There can be no assurance that the estimated Claim amounts set forth in this Disclosure Statement are correct, and the actual amount of Allowed Claims may differ significantly from the estimates. The estimated amounts are subject to certain risks, uncertainties, and assumptions. Should one or more of these risks or uncertainties materialize, or should underlying assumptions prove incorrect, the actual amount of Allowed Claims may vary from those estimated herein.

Distributions to Holders of Allowed Class 3, Class 4, and Class 5 Claims will be affected by the pool of Allowed Claims in each respective Class. Upon completion of further analysis of Filed Claims, which will likely lead to Claims objection litigation and related matters, the total

amount of Claims that ultimately become Allowed Claims in each of the foregoing Classes may differ from the Debtors' estimates, which are reflected in this Disclosure Statement, and such difference could be material. As a result, the amount of Distributions that may be received by a particular Holder of an Allowed Claim may be either adversely or favorably affected by the aggregate amount of Class 3, Class 4, or Class 5 Claims ultimately Allowed.

### E.    Potential Pursuit of Liquidation Trust Actions Against Creditors and Others

In accordance with Bankruptcy Code section 1123(b), after the Effective Date, the Liquidation Trustee shall have and retain and may enforce any Liquidation Trust Actions. Accordingly, a Holder of a Claim may be subject to one or more such Liquidation Trust Actions being asserted against it.

The failure to specifically identify in the Disclosure Statement or the Plan any potential or existing Avoidance Actions or Causes of Action as a Liquidation Trust Action is not intended to and shall not limit the rights of the Liquidation Trust to pursue any such Avoidance Actions or Causes of Action. The Debtors expressly reserve all Avoidance Actions and Causes of Action, other than those Avoidance Actions and Causes of Action that are expressly waived, relinquished, released, compromised, or settled in the Plan, pursuant to the Confirmation Order, or pursuant to any other order of the Bankruptcy Court, as Liquidation Trust Actions for later adjudication, and no preclusion doctrine (including the doctrines of res judicata, collateral estoppel, judicial estoppel, equitable estoppel, issue preclusion, claim preclusion, and laches) shall apply to such Avoidance Actions or Causes of Action as Liquidation Trust Actions on or after the Effective Date.

Moreover, no Person may rely on the absence of a specific reference in the Plan, the Confirmation Order, the Liquidation Trust Agreement, or the Disclosure Statement to any Contributed Claims against such Person as any indication that the Liquidation Trust will not pursue any and all available Contributed Claims against such Person. The objection to the Allowance of any Claims will not in any way limit the ability or the right of the Liquidation Trust to assert, commence, or prosecute any Contributed Claims. Nothing contained in the Plan, the Confirmation Order, the Liquidation Trust Agreement, or the Disclosure Statement will be deemed to be a waiver, release, or relinquishment of any Contributed Claims which the Contributing Claimants had immediately prior to the Effective Date. The Liquidation Trust shall have, retain, reserve, and be entitled to assert all Contributed Claims fully as if the Contributed Claims had not been contributed to the Liquidation Trust in accordance with the Plan and the Liquidation Trust Agreement.

Without limiting the generality of the preceding two paragraphs and associated reservations, the Debtors note that all parties in interest should review **Exhibit D**, which is a non-exclusive analysis of the Liquidation Trust Actions that are being preserved under the Plan.

### F.    Risks Regarding Real Estate

The Plan relies, in large part, on the Wind-Down Entity generating proceeds from real estate sales to produce Cash for remittance to the Liquidation Trust for distribution to creditors. In the event that sales are delayed, costs incurred with respect to real property prior to sale

exceed estimates, or markets decline due to economic conditions or other constraints, payments may be correspondingly delayed.

The Wind-Down Entity's ability to monetize the Wind-Down Assets is subject to certain risks associated with the real estate industry in general, including: local, national, and international economic conditions; the supply and demand for properties, particularly high-end properties of the sort owned by the Debtors; the financial conditions for tenants, buyers, and sellers of properties; changes in interest rates; changes in environmental laws or regulations, planning laws and other governmental roles and fiscal and monetary policies; changes in real property tax rates and related tax deductions; negative developments in the economy that depress travel and retail activity; uninsured casualties; force majeure acts, terrorist events, under-insured or uninsurable losses; and other factors that are beyond the reasonable control of the Wind-Down Entity. In addition, real estate assets are subject to long-term cyclical trends that can give rise to significant volatility in values. Real estate investing and development may be subject to a higher degree of market risk because of concentration in a specific industry, sector, or geographic sector; here, most of the Wind-Down Assets are located in the greater Los Angeles area. Real estate investments may be subject to other general and specific risks, including declines in the value of real estate generally, risks related to general and economic conditions, changes in the value of the comparable properties, and defaults by real estate borrowers within the particular market or the broader economy.

Also, a variety of work is projected to be undertaken with respect to the real estate to be sold, the cost of which is not susceptible to precise determination.  Unexpected conditions at the properties, weather, labor issues and a variety of other variables may affect the actual cost of the projected work being undertaken and thus affect, potentially adversely, the net proceeds of the sales of the real estate.

## G.    Securities Law Considerations

There are several material securities law considerations, risks, and uncertainties associated with consummation of the Plan. Holders of Claims, Holders of Equity Interests, and other interested parties should read carefully the discussion set forth in Article VII for a discussion of certain U.S. federal income tax consequences of the transactions contemplated under the Plan.

Holders of Claims or Equity Interests should consult their own advisors regarding any securities law consequences of the treatment of their Claims or Equity Interests under the Plan.

Under the terms of the Liquidation Trust Agreement, the Liquidation Trust Interests initially will be uncertificated and subject to the Transfer Restrictions as set forth in the Liquidation Trust Agreement.  Under the Transfer Restrictions, the Liquidation Trust Interests cannot be assigned or transferred by any holder thereof other than by will or intestate succession upon the death of such holder or otherwise by operation of law.  Accordingly, unless and until the Transfer Restrictions lapse or are terminated, Holders of Allowed Class 3 Claims, Allowed Class 4 Claims, or Allowed Class 5 Claims will be subject to substantial restrictions on their ability to sell or otherwise dispose of their Liquidation Trust Interests and should be prepared to retain their Liquidation Trust Interests.

The Transfer Restrictions applicable to Class A Liquidation Trust Interests are not expected to lapse or be terminated until such time as such Class A Liquidation Trust Interests are effectively registered under the Exchange Act. Although the Liquidation Trust is required to use its commercially reasonable best efforts to register, and under the Exchange Act may become required to register, the Class A Liquidation Trust Interests, no assurance can be given that the Liquidation Trust will be able to satisfy all applicable requirements for such Exchange Act registration. The Transfer Restrictions applicable to the Class B Liquidation Trust Interests are not expected to lapse or be terminated.

The Liquidation Trust may, by reason of the amount of its total assets and the number of the holders of record of its Liquidation Trust Interests as of the last day of its first fiscal year, become subject to the registration requirements of the Exchange Act. It is likely that the Liquidation Trust will need to seek relief from or modification of certain technical requirements of the Exchange Act (such as the filing of pre-Effective Date financial information of the Debtors), which the Liquidation Trust intends to do in connecion with such registration. While the Debtors have been advised that such relief and modifications have been granted by the SEC in the past with respect to other liquidation trusts formed in connection with chapter 11 bankruptcies, such relief and modification have not yet been obtained with respect to the Liquidation Trust and no assurance can be given that such relief or modification will become available. If the Liquidation Trust becomes required to register and fails to do so in accordance with the requirements of the Exchange Act, it may become subject to civil fines, injunctive relief or other disciplinary action on the part of the SEC.

In the event that the Liquidation Trust successfully registers the Class A Liquidation Trust Interests or other class of equity securities under Section 12(g) of the Exchange Act, the Liquidation Trust is expected to become a reporting issuer under such act. Accordingly, at such time the Liquidation Trust will be required to prepare and timely file, as and when required, quarterly reports on Form 10-Q, annual reports on Form 10-K, and current report on Form 8-K. Additionally, at such time the Liquidation Trust is expected to become subject to all other requirements applicable to an issuer with a class of equity securities registered under Section 12(g). Although such registration of the Class A Liquidation Trust Interests and the following termination or modification of the Transfer Restrictions may increase the liquidity of such Liquidation Trust Interests, such registration and the Liquidation Trust's compliance with such regulations will impose substantial costs on the Liquidation Trust, and thereby may reduce Distributions made in respect of Beneficial Interests to the holders thereof.

### H.     Tax Considerations

There are several material income tax considerations, risks, and uncertainties associated with consummation of the Plan. Holders of Claims, Holders of Equity Interests, and other interested parties should read carefully the discussion set forth in Article VIII for a discussion of certain U.S. federal income tax consequences of the transactions contemplated under the Plan.

# VI.   CONFIRMATION OF THE PLAN

## A.   The Confirmation Hearing

Bankruptcy Code section 1128(a) requires the Bankruptcy Court, after notice, to hold a hearing regarding Confirmation of the Plan. Bankruptcy Code section 1128(b) provides that any party in interest may object to Confirmation of the Plan.

The Bankruptcy Court has scheduled the Confirmation Hearing to commence on **October 24, 2018, at 10:00 a.m.** (prevailing Eastern Time), before the Honorable Kevin J. Carey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801. The Confirmation Hearing Notice, which sets forth the time and date of the Confirmation Hearing, has been included along with this Disclosure Statement. The Confirmation Hearing may be adjourned from time to time without further notice except for an announcement of the adjourned date made at the Confirmation Hearing or any adjournment thereof.

Objections to Confirmation of the Plan must be Filed and served so that they are actually received by no later than **October 8, 2018, at 4:00 p.m.** (prevailing Eastern Time). **Unless objections to Confirmation of the Plan are timely served and Filed in compliance with the Disclosure Statement Order, they may not be considered by the Bankruptcy Court**.

## B.   Requirements for Confirmation of the Plan

Among the requirements for the Confirmation of the Plan is that the Plan (i) is accepted by all Impaired Classes of Claims, or, if rejected by an Impaired Class of Claims, that the Plan "does not discriminate unfairly" and is "fair and equitable" as to such Impaired Class of Claims; (ii) is feasible; and (iii) is in the "best interests" of Holders of Claims.

At the Confirmation Hearing, the Bankruptcy Court will determine whether the Plan satisfies the requirements of Bankruptcy Code section 1129. The Debtors believe that: (i) the Plan satisfies or will satisfy all of the necessary statutory requirements of chapter 11 of the Bankruptcy Code; (ii) the Debtors have complied or will have complied with all of the necessary requirements of chapter 11 of the Bankruptcy Code; and (iii) the Plan has been proposed in good faith. More specifically, the Debtors believe that the Plan satisfies or will satisfy the following applicable Confirmation requirements of Bankruptcy Code section 1129:

• The Plan complies with the applicable provisions of the Bankruptcy Code.

• The Debtors have complied with the applicable provisions of the Bankruptcy Code.

• The Plan has been proposed in good faith and not by any means forbidden by law.

• Any payment made or promised under the Plan for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been disclosed to the Bankruptcy Court, and any such payment: (1) made before the Confirmation of the Plan is reasonable; or (2) is subject to

the approval of the Bankruptcy Court as reasonable, if it is to be fixed after Confirmation of the Plan.

- Either each Holder of a Claim in an Impaired Class of Claims has accepted the Plan, or each such Holder will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated on the Effective Date of the Plan under chapter 7 of the Bankruptcy Code.

- The Classes of Claims that are entitled to vote on the Plan will have accepted the Plan, or at least one Class of Impaired Claims will have accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in that Class, and the plan does not "discriminate unfairly" and is "fair and equitable" with respect to each Class of Claims that is impaired under, and has not accepted, the Plan.

- Except to the extent a different treatment is agreed to, the Plan provides that all Allowed Administrative Claims and Allowed Priority Claims will be paid in full on the Effective Date, or as soon thereafter as is reasonably practicable.

- All accrued and unpaid fees of the type described in 28 U.S.C. § 1930, including the fees of the U.S. Trustee, will be paid through the Effective Date.

## C.    Best Interests of Creditors

Often called the "best interests of creditors" test, Bankruptcy Code section 1129(a)(7) requires that a bankruptcy court find, as a condition to confirmation of a chapter 11 plan, that the plan provides, with respect to each impaired class, that each holder of a claim or an interest in such class either (i) has accepted the plan or (ii) will receive or retain under the plan property of a value that is not less than the amount that such holder would receive or retain if the debtor liquidated under chapter 7 on the effective date of the plan.

The Plan is a plan of liquidation. The costs of liquidation under chapter 7 of the Bankruptcy Code would include the fees payable to a chapter 7 trustee, and the fees that would be payable to additional attorneys and other professionals that such a trustee may engage.

Conversion to chapter 7 of the Bankruptcy Code would mean the establishment of a new claims bar date, which could result in new General Unsecured Claims, Note Claims, or Unit Claims being asserted against the Estates, thereby diluting the recoveries of other Holders of Allowed Claims.

Significantly, the benefits of the Plan Term Sheet, the terms of which are substantially incorporated into the Plan, are available only under the Plan. The Plan embodies a comprehensive, extensively negotiated settlement and compromise of myriad novel and complex legal and factual issues, including, among other things, (i) whether the Notes are unsecured claims or are secured by valid, perfected security interests in property of the Estates, (ii) whether the Units are debt or equity interests, (iii) whether any of the Debtors have valid or enforceable Intercompany Claims or Intercompany Liens against Estate Assets owned by other Debtors, and (iv) whether substantive consolidation of the Debtors' Estates is warranted under the

circumstances. In the event of conversion, the chapter 7 trustee, Noteholders, Unitholders, and Holders of General Unsecured Claims would have to confront the pursuit of extensive litigation to resolve these and other issues, or would need to try to negotiate an alternative settlement, all without the benefit of committee representation for Creditors. This process would be extremely time-consuming and costly, and would reduce and delay any recoveries available for Creditors of the Estates.

In addition, a chapter 7 trustee likely would act quickly to sell or otherwise monetize the Wind-Down Assets, including because (i) a chapter 7 trustee probably would not have adequate staffing or funding to dispose of the Debtors' real property over an extended period of time, and (ii) a chapter 7 trustee would need to seek authorization to operate the Debtors' remaining business, which is relief that should be granted only "for a limited period" in any event, *see* 11 U.S.C. § 721. In light of, among other things, the limited universe of potential buyers for luxury residential properties, such a forced sale by a chapter 7 trustee would likely ultimately result in significantly lower recoveries from the sale of the Wind-Down Assets, as set forth in the Liquidation Analysis.

On balance, the Debtors believe that a chapter 7 trustee would be less likely to maximize the value available from all the Estate Assets and would be unable to obtain the benefits of the compromises and settlements available under the Plan. Therefore, the Debtors believe that confirmation of the Plan will provide each Holder of a General Unsecured Claim, Note Claim, or Unit Claim with an equal or greater recovery than such Holder would receive pursuant to the liquidation of the Debtors under chapter 7 of the Bankruptcy Code.

**D.     Feasibility**

Bankruptcy Code section 1129(a)(11) requires that confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, or any successor to the Debtors (unless such liquidation or reorganization is proposed in the plan). This requirement is satisfied as the Plan specifically proposes a liquidation and the Debtors believe the Debtors' Cash and any additional proceeds from the Wind-Down Assets and the Liquidation Trust Assets will be sufficient to allow the Wind-Down Entity and the Liquidation Trustee, as applicable, to make all payments required to be made under the Plan. Accordingly, the Debtors believe that the Plan is feasible.

**E.     Acceptance by Impaired Classes**

The Bankruptcy Code requires, as a condition to confirmation, that, except as described in the following section, each class of claims or interests that is impaired under a plan accept the plan. A class that is not "impaired" under a plan is deemed to have accepted the plan and, therefore, solicitation of acceptances with respect to such class is not required.

A class is "impaired" unless a plan: (a) leaves unaltered the legal, equitable, and contractual rights to which the claim or the interest entitles the holder of such claim or interest; or (b) cures any default, reinstates the original terms of such obligation, compensates the holder for certain damages or losses, as applicable, and does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

Bankruptcy Code section 1126(c) defines acceptance of a plan by a class of impaired claims as acceptance by holders of at least two-thirds in dollar amount and more than one-half in number of allowed claims in that class, counting only those claims held by creditors that actually voted to accept or reject the plan. Thus, a Class of Impaired Claims will have voted to accept the Plan only if two-thirds in amount and a majority in number actually voting cast their Ballots in favor of acceptance.

### F.     Confirmation Without Acceptance by All Impaired Classes

Bankruptcy Code section 1129(b) allows a bankruptcy court to confirm a plan even if all impaired classes have not accepted that plan, *provided* that the plan has been accepted by at least one impaired class of claims, determined without including the acceptance of the plan by any insider. Notwithstanding an impaired class's rejection or deemed rejection of the plan, such plan will be confirmed, at the plan proponent's request, in a procedure commonly known as "cramdown," so long as the plan does not "discriminate unfairly" and is "fair and equitable" with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

To the extent that any Impaired Class rejects the Plan or is deemed to have rejected the Plan, the Debtors will request Confirmation of the Plan under Bankruptcy Code section 1129(b). The Debtors reserve the right to alter, amend, modify, revoke, or withdraw the Plan, the Plan Supplement, or any schedule or exhibit, including to amend or modify it to satisfy the requirements of Bankruptcy Code section 1129(b), if necessary.

### 1.     No Unfair Discrimination

The "unfair discrimination" test applies to classes of claims or interests that reject or are deemed to have rejected a plan and that are of equal priority with another class of claims or interests that is receiving different treatment under such plan. The test does not require that the treatment of such classes of claims or interests be the same or equivalent, but that such treatment be "fair" under the circumstances. In general, bankruptcy courts consider whether a plan discriminates unfairly in its treatment of classes of claims of equal rank (*e.g.*, classes of the same legal character). Bankruptcy courts will take into account various factors in determining whether a plan discriminates unfairly, and, accordingly, a plan could treat two classes of unsecured creditors differently without unfairly discriminating against either class. The Debtors submit that if the Debtors are required to "cramdown" the Plan pursuant to Bankruptcy Code section 1129(b), the Plan is structured such that it does not "discriminate unfairly" against any rejecting Class.

### 2.     Fair and Equitable Test

The "fair and equitable" test applies to classes that reject or are deemed to have rejected a plan and are of different priority and status vis-à-vis another class (*e.g.*, secured versus unsecured claims, or unsecured claims versus equity interests), and includes the general requirement that no class of claims receive more than 100% of the amount of the allowed claims in such class, including interest. As to the rejecting class, the test sets different standards depending on the type of claims or interests in such rejecting class. The Debtors submit that if the Debtors are required

to "cramdown" the Plan pursuant to Bankruptcy Code section 1129(b), the Plan is structured such that the applicable "fair and equitable" standards are met.

### G.    Alternatives to Confirmation and Consummation of the Plan

The Debtors believe that the Plan affords Holders of Claims the potential for a materially better realization on the Estate Assets than a chapter 7 liquidation, and, therefore, is in the best interests of all such Holders. If, however, the requisite acceptances of the voting Classes of Claims are not received, or no Plan is confirmed and consummated, the theoretical alternatives include: (a) formulation of an alternative chapter 11 plan or plans, or (b) liquidation of the Debtors under chapter 7 of the Bankruptcy Code.

If the requisite acceptances are not received or if the Plan is not confirmed, the Debtors or another party in interest could attempt to formulate and propose a different plan or plans. The Debtors believe that the Plan enables Creditors to realize the greatest possible value under the circumstances, and, as compared to any alternative plan, has the greatest chance to be confirmed and consummated.

The Chapter 11 Cases may also be converted to cases under chapter 7 of the Bankruptcy Code, pursuant to which a statutory trustee would be elected or appointed to complete the liquidation of the Estate Assets for distribution to Creditors in accordance with the priorities established by the Bankruptcy Code. As described above, the Debtors believe that the Plan will provide each Holder of an Allowed Note Claim, Allowed Unit Claim, or Allowed General Unsecured Claim with an equal or greater recovery than it would receive pursuant to liquidation of the Debtors under chapter 7 of the Bankruptcy Code.

## VII.    CERTAIN SECURITIES LAW CONSEQUENCES OF THE PLAN

### A.    General

#### 1.    Status as Securities

The Plan provides for the establishment of the Liquidating Trust and for the issuance of beneficial interests therein issued in respect of Allowed Class 3 Note Claims and Allowed Class 5 Unit Claims.  In general, beneficial interests in trusts may sometimes be subject to regulation under applicable non-bankruptcy law, including federal and state securities laws.  As discussed below, the Debtors believe that the beneficial interests in the Liquidation Trust (the "Beneficial Interests") will either (a) not constitute "securities" or (b) will be issued in compliance with such federal and state securities laws.

#### 2.    Transfer Restrictions on Beneficial Interests

Under the terms of the Liquidation Trust Agreement, the Beneficial Interests initially will be uncertificated and subject to transfer restrictions set forth in the Liquidation Trust Agreement (the "Transfer Restrictions").  Under the Transfer Restrictions, the Beneficial Interests cannot be assigned or transferred by any holder thereof other than by will or intestate succession upon the death of such holder or otherwise by operation of law.

The Transfer Restrictions will be effective upon issuance of the Beneficial Interests on the Effective Date of the Plan and will remain in effect during the initial and any renewal term of the Liquidation Trust unless sooner terminated or modified by the Liquidation Trustee in accordance with the Liquidation Trust Agreement.  Under the Liquidation Trust Agreement, the Liquidation Trustee will use its commercially reasonable best efforts to file with the SEC, as soon as reasonably practicable following the Effective Date of the Plan, but in no event later than may be required under section 12(g) of the Exchange Act or the rules and regulations promulgated thereunder, a registration statement on Form 10 for the purpose of registering the Beneficial Interests under Section 12(g) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") and to cause the Beneficial Interests to be accepted for trading on the Over-the-Counter Bulletin Board (OTCBB) or other organized trading market in the United States.  Upon the effectiveness of the Form 10 and the acceptance of the Beneficial Interests for trading on such a market, the Liquidation Trustee shall amend the Liquidation Trust Agreement to terminate or modify the Transfer Restrictions as necessary to permit trading of the Beneficial Interests and shall promptly give notice of such amendment to the holders of record of the Beneficial Interests as of the effective date thereof, which notice will include a copy of the amendment and a summary description of the termination or modification of the Transfer Restrictions effected thereby and the terms, conditions, and effective date of such termination or modification.  Under the Liquidation Trust Agreement, the Liquidation Trustee will give any such notice of termination or modification of the Transfer Restrictions reasonably promptly after the effectiveness of the Form 10 and the acceptance of the Beneficial Interests for trading on the Over-the-Counter Bulletin Board (OTCBB).

## B.  Exemption From Offer and Sale of Securities Act and Blue Sky Laws

### 1.  Issuance of Beneficial Interests under Plan

Unless an exemption is available, the offer and sale of a security generally is subject to registration with the SEC under Section 5 of the Securities Act of 1933, as amended (the "Securities Act").  The Debtors have been informally advised by the SEC that the Beneficial Interests, regardless of whether they are certificated and/or non-transferable, may be considered "securities" within the definition of Section 2(11) of the Securities Act at the time of their issuance.

In the event that the Beneficial Interests are deemed to constitute securities, section 1145(a)(1) of the Bankruptcy Code exempts the offer and sale of securities under a plan of reorganization from registration under the Securities Act and state securities laws and regulations ("Blue Sky Laws") if three principal requirements are satisfied:

1.    the securities are offered and sold under a plan of reorganization and are securities of the debtor, of an affiliate of the debtor participating in a joint plan with the debtor, or of a successor to the debtor under the plan;

2.    the recipients of the securities hold a pre-petition or administrative claim against the debtor or an interest in the debtor; and

3.     the securities are issued entirely in exchange for recipient's claim against or interest in the debtor, or principally in such exchange and partly for cash or property.

If and to the extent that the Beneficial Interests may constitute securities, the Debtors believe that the Beneficial Interests, which are being issued in respect of Allowed Class 3 Note Claims and Allowed Class 5 Unit Claims, will qualify as securities "of the debtor … or of a successor to the debtor" pursuant to section 1145(a)(1). In addition, the Beneficial Interests will be issued entirely in exchange for such Claims and Interests. Thus, the Debtors believe that the issuance of the Beneficial Interests pursuant to the Plan will satisfy the applicable requirements of section 1145(a)(1) of the Bankruptcy Code, and that such issuance should be exempt from registration under the Securities Act and any applicable Blue Sky Law.

The Debtors believe that its reliance upon the foregoing exemption in respect of the issuance of the Beneficial Interests is consistent with positions taken by the SEC with respect to similar transactions and arrangements by other debtors in possession. However, the Debtors have not sought any "no-action" letter by the SEC with respect to any such matters, and therefore no assurance can be given regarding the availability of any exemptions from registration with respect to any securities, if any, issued pursuant to the Plan.

### 2.     Resale of Beneficial Interests After Plan Effective Date

As discussed above, during the continuation of the Transfer Restrictions, the Beneficial Interests cannot be assigned or transferred by any holder thereof other than by will or intestate succession upon the death of such holder or otherwise by operation of law. Under the Liquidation Trust Agreement, the Liquidation Trustee will terminate or modify the Transfer Restrictions as necessary following the effectiveness of the registration of the Beneficial Interests under Section 12(g) of the Exchange Act and the acceptance of the Beneficial Interests for quotation on the Over-the-Counter Bulletin Board (OTCBB) or other organized over-the-counter trading market in the United States. If the Transfer Restrictions are so terminated or modified, the Beneficial Interests may become transferable to the extent otherwise permissible under applicable law. However, no assurance can be given that the Liquidation Trustee will be successful in causing the registration of the Beneficial Interests or their acceptance for trading on any such organized trading market. None of the Debtors, the Liquidation Trust, or Wind-Down Entity will be obliged to, and it is expected that none of them will, seek the listing of any Beneficial Interest on any national stock exchange such as the NYSE, NASDAQ Stock Market, or NASDAQ National Market.

### C.     Exchange Act and other securities law compliance

### 1.     Exchange Act Compliance

Section 12(g) of the Exchange Act, and the Exchange Act rules and regulations promulgated thereunder, requires a company to register a class of equity securities pursuant to the Exchange Act unless, on the last day of such company's most recent fiscal year, (i) the company had total assets not exceeding $10.0 million and (ii) the class of equity securities was held of record by fewer than 2,000 persons and fewer than 500 of those persons were not "accredited investors" as defined under the securities laws. Such registration must be effected by

the filing of a registration statement within 120 days after the last day of the company's most recent fiscal year in which both such conditions (i) and (ii) are satisfied. The Debtors have been informally advised by the SEC that the Class A Liquidation Trust Interests, regardless of whether they are certificated and/or non-transferable, constitute equity securities subject to the registration requirement of Section 12(g) of the Exchange Act provided that the total assets of the Liquidation Trust and the number of its holders of record exceed the specified limits. Accordingly, based on the Liquidation Trust's anticipated total assets and number of holders of record of Class A Liquidation Trust Interests as of the last day of its first (partial) fiscal year, the Debtors currently expect that the Liquidation Trust, will be required to register the Class A Liquidation Trust Interests under the Exchange Act within 120 days thereafter.  It is anticipated that there will be fewer than 2,000 holders of record of Class B Liquidation Trust Interests and, as such, the Liquidation Trust currently does not intend to make any effort to cause the Class B Liquidation Trust Interests to be registered under the Exchange Act.  To the extent that the total assets of the Liquidation Trust and the number of the holders of record of Class B Liquidation Trust Interests as of the last day of the Liquidation Trust's fiscal year exceeds the specified limits under the Exchange Act, the Liquidation Trust shall take any and all steps as may be necessary to comply with the Exchange Act and the rules and regulations promulgated thereunder.

As discussed above, during the continuation of the Transfer Restrictions, the Beneficial Interests cannot be assigned or transferred by any holder thereof other than by will or intestate succession upon the death of such holder or otherwise by operation of law.   Under the Liquidation Trust Agreement, the Liquidation Trustee will terminate or modify the Transfer Restrictions as necessary following the effectiveness of the registration of the Beneficial Interests under Section 12(g) of the Exchange Act and the acceptance of the Beneficial Interests for trading on the Over-the-Counter Bulletin Board (OTCBB) or other organized trading market in the United States.  If the Transfer Restrictions are so terminated or modified, the Beneficial Interests may become transferable under the Liquidation Trust Agreement to the extent otherwise permissible under applicable law.  In such case, the Beneficial Interests may be permitted to be represented by certificates and/or may become transferable.  However, no assurance can be given regarding these matters.

If the Beneficial Interests are successfully registered as one or more classes of equity securities under Section 12(g) of the Exchange Act, the Liquidation Trust will become subject to regulation under the Exchange Act.  Such regulation will include periodic reporting such as the filing of annual reports on Form 10-K and quarterly reports on Form 10-Q, current reporting of certain material events on Form 8-K, proxy statements, and disclosures regarding various other events affecting the Liquidation Trust, such as mergers, acquisitions, tender offers, and changes in beneficial ownership.  Although such registration of the Beneficial Interests and the following termination or modification of the Transfer Restrictions may benefit Noteholders and Unitholders by increasing the liquidity of their Liquidation Trust Interests, such registration and the Liquidiation Trust's compliance with such regulations will impose substantial costs on the Liquidation Trust, and thereby may reduce Distributions made in respect of Beneficial Interests to the holders thereof.

## VIII.    CERTAIN UNITED STATES FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN

**THE FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN ARE COMPLEX. ALL HOLDERS OF CLAIMS AGAINST THE DEBTORS SHOULD CONSULT WITH THEIR OWN TAX ADVISORS AS TO THE PARTICULAR TAX CONSEQUENCES TO THEM OF THE TRANSACTIONS CONTEMPLATED BY THE PLAN, INCLUDING THE APPLICABILITY AND EFFECT OF ANY STATE, LOCAL, OR FOREIGN TAX LAWS AND OF ANY CHANGE IN APPLICABLE TAX LAWS.**

This discussion is provided for informational purposes only, and is based on provisions of the Internal Revenue Code of 1986, as amended (the "IRC"), Treasury Regulations promulgated thereunder, judicial authorities, and current administrative rulings and practice, all as in effect on the date hereof. Due to the complexity of certain aspects of the Plan, the lack of applicable legal precedent, the possibility of changes in the law, the differences in the nature of the Claims (including Claims within the same Class) and Equity Interests, the holder's status and method of accounting (including holders within the same Class) and the potential for disputes as to legal and factual matters with the IRS, the tax consequences described herein are subject to significant uncertainties. No legal opinions have been requested from counsel with respect to any of the tax aspects of the Plan and no rulings have been or will be requested from the IRS with respect to the any of the issues discussed below. Further, legislative, judicial or administrative changes may occur, perhaps with retroactive effect, which could affect the accuracy of the statements and conclusions set forth below as well as the tax consequences to the holders of Claims and Equity Interests. Any such changes or interpretations may be retroactive and could significantly, and adversely, affect the United States federal income tax consequences of the Plan.

The following summary does not address the U.S. federal income tax consequences to the Holders of Claims not entitled to vote to accept or reject the Plan. In addition, to the extent that the following discussion relates to the consequences to Holders of Claims entitled to vote to accept or reject the Plan, it is limited to Holders that are United States persons within the meaning of the IRC. For purposes of the following discussion, a "United States person" is any of the following:

• An individual who is a citizen or resident of the United States;

• A corporation created or organized under the laws of the United States or any state or political subdivision thereof;

• An estate, the income of which is subject to federal income taxation regardless of its source; or

• A trust that (a) is subject to the primary supervision of a United States court and which has one or more United States fiduciaries who have the authority to control all substantial decisions of the trust, or (b) has a valid election in effect under applicable Treasury Regulations to be treated as a United States person.

This discussion does not address all aspects of U.S. federal income taxation that may be relevant to a particular Holder in light of its particular facts and circumstances, or to certain types

of Holders subject to special treatment under the IRC. Examples of Holders subject to special treatment under the IRC are governmental entities and entities exercising governmental authority, foreign companies, persons who are not citizens or residents of the United States, banks and certain other financial institutions, broker-dealers, insurance companies, tax-exempt organizations, real estate investment trusts, small business investment companies, regulated investment companies, persons that have a functional currency other than the U.S. dollar, and persons holding Claims that are a hedge against, or that are hedged against, currency risk or that are part of a straddle, constructive sale, or conversion transaction. This discussion does not address the tax consequences to holders of Claims who did not acquire such Claims at the issue price on original issue.  No aspect of foreign, state, local or estate and gift taxation is addressed.

The tax treatment of Holders of Claims and the character, amount, and timing of income, gain, or loss recognized as a consequence of the Plan and the Distributions provided for by the Plan may vary, depending upon the following factors, among others: (i) whether the Claim or portion thereof constitutes a Claim for principal or interest; (ii) the type of consideration, if any, received by the Holder in exchange for the Claim, and whether the Holder receives Distributions under the Plan in more than one taxable year; (iii) whether the Holder is a citizen or resident of the United States for tax purposes, is otherwise subject to U.S. federal income tax on a net basis, or falls into any special class of taxpayers, such as those that are excluded from this discussion as noted above; (iv) the manner in which the Holder acquired the Claim; (v) the length of time that the Claim has been held; (vi) whether the Claim was acquired at a discount; (vii) whether the Holder has taken a bad debt deduction or a worthless securities deduction with respect to the Claim or any portion thereof in the current or prior taxable years; (viii) whether the Holder has previously included in gross income accrued but unpaid interest with respect to the Claim; (ix) the method of tax accounting of the Holder; (x) whether the Claim is an installment obligation for U.S. federal income tax purposes; and (xi) whether the "market discount" rules apply to the Holder. Therefore, each Holder should consult such Holder's own tax advisor for tax advice with respect to that Holder's particular situation and circumstances, and the particular tax consequences to such Holder of the transactions contemplated by the Plan.

A significant amount of time may elapse between the date of the Disclosure Statement and the receipt of a final Distribution under the Plan. Events occurring after the date of the Disclosure Statement, such as new or additional tax legislation, court decisions, or administrative changes, could affect the U.S. federal income tax consequences of the Plan and the transactions contemplated thereunder. No representations are being made regarding the particular tax consequences of the confirmation or implementation of the Plan as to any Holder of a Claim. This discussion is not binding upon the IRS or other taxing authorities. No assurance can be given that the IRS or another authority would not assert, or that a court would not sustain, a different position from any discussed herein.

The following discussion generally assumes that the Plan will be treated as a plan of liquidation of the Debtors for U.S. federal income tax purposes, and that all Distributions to Holders of Claims will be taxed accordingly.

**THE FOLLOWING DISCUSSION IS INTENDED ONLY AS A SUMMARY OF CERTAIN U.S. FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN, AND IS NOT A SUBSTITUTE FOR CAREFUL TAX PLANNING WITH A TAX**

PROFESSIONAL. THE FOLLOWING DISCUSSION IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT TAX ADVICE. THE TAX CONSEQUENCES ARE IN MANY CASES UNCERTAIN AND MAY VARY DEPENDING ON A HOLDER'S PARTICULAR CIRCUMSTANCES. ACCORDINGLY, EACH HOLDER IS STRONGLY URGED TO CONSULT SUCH HOLDER'S INDEPENDENT TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL, AND FOREIGN INCOME TAX CONSEQUENCES OF THE PLAN.

### A.    Certain U.S. Federal Income Tax Consequences of the Liquidation Trust

Under the terms of the Plan, the Liquidation Trust Assets will be transferred to the Liquidation Trust in a taxable disposition.  Any income or gain from the transfer of assets to the Liquidation Trust shall flow through to the ultimate taxpaying owner or member of the transferring Debtor who will be responsible to pay any resulting tax liability.  The tax consequences of the Plan, however, are subject to many uncertainties due to the complexity of the Plan and the lack of interpretative authority regarding certain changes in the tax law. Uncertainties with regard to federal income tax consequences of the Plan also arise due to the inherent nature of estimates of value that will impact  the determination of the amount of income or gain from the transfer of assets to the Liquidation Trust.  As of the Effective Date, the Liquidation Trust shall be established for the benefit of all Liquidation Trust Beneficiaries.  The Liquidation Trustee will make a good faith valuation of the Liquidation Trust Assets.  All parties (including, without limitation, the Liquidation Trustee and the Liquidation Trust Beneficiaries) must consistently use such valuation for all federal income tax purposes.  Allocations of taxable income of the Liquidation Trust (other than taxable income allocable to a Distribution Reserve) among Liquidation Trust Beneficiaries shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Liquidation Trust had distributed all of its assets (valued at their tax book value, and other than assets allocable to a Distribution Reserve) to the holders of the beneficial interests in the Liquidation Trust, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidation Trust.  Similarly, taxable loss of the Liquidation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a distribution in liquidation of the remaining Liquidation Trust Assets.  The tax book value of the Liquidation Trust Assets for this purpose shall be equal to the fair market value of the Liquidation Trust Assets on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Liquidation Trustee of an IRS private letter ruling if the Liquidation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidation Trustee), the Liquidation Trustee will (a) elect to treat any Liquidation Trust Assets allocable to a Distribution Reserve (a reserve for amounts and Liquidation Trust Interests retained on account of, Contingent Claims, Disputed Claims or Unliquidated Claims) as a "disputed ownership fund" governed by Treasury Regulation Section 1.468B-9, and (b) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  Accordingly, the Distribution Reserves will be subject to tax annually on a separate entity basis on any net income earned with respect to the Liquidation Trust Assets in such reserves, and all distributions

from such reserves will be treated as received by holders in respect of their Claims as if distributed by the Debtors. All parties (including, without limitation, the Liquidation Trustee and the holders of beneficial interests in the Liquidation Trust) will be required to report for tax purposes consistently with the foregoing.

The Liquidation Trust is intended to qualify as a liquidation trust for federal income tax purposes. In general, a Liquidation Trust is not a separate taxable entity but rather is treated for federal income tax purposes as a "grantor" trust (i.e., a pass-through entity). The IRS, in Revenue Procedure 94-45, 1994-28 I.R.B. 124, set forth the general criteria for obtaining an IRS ruling as to the grantor trust status of a liquidation trust under a chapter 11 plan. The Liquidation Trust has been structured with the intention of complying with such general criteria. Pursuant to the Plan, and in conformity with Revenue Procedure 94-45, all parties (including the Liquidation Trustee and the holders of beneficial interests in the Liquidation Trust) are required to treat for federal income tax purposes, the Liquidation Trust as a grantor trust of which the holders of Liquidation Trust Interests are the owners and grantors. Although the following discussion assumes that the Liquidation Trust would be so treated for federal income tax purposes, no ruling has been requested from the IRS concerning the tax status of the Liquidation Trust as a grantor trust. Accordingly, there can be no assurance that the IRS would not take a contrary position to the classification of the Liquidation Trust as a grantor trust. If the IRS were to challenge successfully such classification, the federal income tax consequences to the Liquidation Trust and the holders of Liquidation Trust Interests could vary from those discussed herein, and, thus, there could be less Available Cash than projected, resulting in lower recoveries for holders of Liquidation Trust Interests (Noteholders, Holders of General Unsecured Claims, and Unitholders).

The Liquidation Trust will create a single member Delaware limited liability company (the Wind-Down Entity) to facilitate administration of the assets to be liquidated. The Wind-Down Entity (a) shall have the Liquidation Trust as its sole member, (b) shall be treated as a disregarded entity for income tax purposes, (c) shall have a purpose consistent with the purpose of the Liquidation Trust as set forth in Section 5.4.4 of the Plan, and (d) shall be subject to the same limitations imposed on the Liquidation Trustee under the terms of the Plan and the Liquidation Trust Agreement. Consequently, the existence of, and the activities conducted by, the Wind-Down Entity should not alter the federal income tax treatment of the Liquidation Trust or the Liquidation Trust Beneficiaries.

## B.    Consequences to Holders of Claims Generally

In general, each holder of an Allowed Claim will recognize gain or loss in an amount equal to the difference between (i) the "amount realized" by such holder in satisfaction of its Claim, and (ii) such holder's adjusted tax basis in such Claim (which, for certain Liquidation Trust Beneficiaries, could be impacted by the Debtors' filing of amended IRS Forms 1099 for the Liquidation Trust Beneficiaries with respect to the 2017 calendar year in accordance with a determination that the Debtors were operating a Ponzi scheme and any amounts paid by the Debtors to such Liquidation Trust Beneficiaries in 2017 were not in fact taxable income). The "amount realized" by a holder will equal the sum of cash and the aggregate fair market value of the property received by such holder pursuant to the Plan (such as a holder's undivided beneficial interest in the assets transferred to the Liquidation Trust). Where gain or loss is

recognized by a holder in respect of its Allowed Claim, the character of such gain or loss (*i.e.*, long-term or short-term capital, or ordinary income) will be determined by a number of factors including the tax status of the holder, whether the Claim constituted a capital asset in the hands of the holder and how long it had been held, whether the Claim was originally issued at a discount or acquired at a market discount and whether and to what extent the holder had previously claimed a bad debt deduction or theft loss in respect of the Claim.

Generally, a Holder of an Allowed Claim will realize gain or loss on the exchange under the Plan of its Allowed Claim for Cash or other property, in an amount equal to the difference between (i) the sum of the amount of any Cash and the fair market value on the date of the exchange of any other property received by the Holder, and (ii) the adjusted tax basis of the Allowed Claim exchanged therefor (other than basis attributable to accrued but unpaid interest previously included in the Holder's taxable income). It is possible that any loss, or a portion of any gain, realized by a Holder of a Claim may have to be deferred until all of the Distributions to such Holder are received.

When gain or loss is recognized by a Holder, such gain or loss may be long-term capital gain or loss if the Claim disposed of is a capital asset in the hands of the Holder and has been held for more than one year. Each Holder of an Allowed Claim should consult its own tax advisor to determine whether gain or loss recognized by such Holder will be long-term capital gain or loss and the specific tax effect thereof on such Holder.

A Holder of an Allowed Claim who receives, in respect of the Holder's Allowed Claim, an amount that is less than that Holder's tax basis in such Allowed Claim may be entitled to a bad debt deduction under IRC section 166(a). The rules governing the character, timing, and amount of a bad debt deduction place considerable emphasis on the facts and circumstances of the holder, the obligor, and the instrument with respect to which a deduction is claimed. Holders of Allowed Claims, therefore, are urged to consult their own tax advisors with respect to the ability to take a bad debt deduction. A Holder that has previously recognized a loss or deduction in respect of that Holder's Allowed Claim may be required to include in gross income (as ordinary income) any amounts received under the Plan to the extent such amounts exceed the Holder's adjusted basis in such Allowed Claim.

Holders of Allowed Claims who were not previously required to include any accrued but unpaid interest with respect to an Allowed Claim may be treated as receiving taxable interest income to the extent any consideration they receive under the Plan is allocable to such interest. A Holder previously required to include in gross income any accrued but unpaid interest with respect to an Allowed Claim may be entitled to recognize a deductible loss to the extent such interest is not satisfied under the Plan.

A Holder of an Allowed Claim constituting an installment obligation for tax purposes may be required to currently recognize any gain remaining with respect to such obligation if, pursuant to the Plan, the obligation is considered to be satisfied at other than at face value or distributed, transmitted, sold or otherwise disposed of within the meaning of IRC section 453B.

Holders of Disallowed Claims will not receive any Distribution as part of the Plan. Accordingly, because such a Holder may receive an amount that is less than that Holder's tax

basis in such Claim, such Holder may be entitled to a bad debt deduction under IRC section 166(a). The rules governing the character, timing, and amount of a bad debt deduction place considerable emphasis on the facts and circumstances of the holder, the obligor, and the instrument with respect to which a bad debt deduction is claimed. Holders of Disallowed Claims, therefore, are urged to consult their own tax advisors with respect to the ability to take a bad debt deduction.

### C.    Consequences to Liquidation Trust Beneficiaries

After the Effective Date, any amount that a Liquidation Trust Beneficiary (as a Holder of a Liquidation Trust Interest) receives as a distribution from the Liquidation Trust in respect of its beneficial interest in the Liquidation Trust should not be included, for federal income tax purposes, in the Holder's amount realized in respect of its Allowed Claim but should be separately treated as a distribution received in respect of such Holder's beneficial interest in the Liquidation Trust.  In general, a Holder's aggregate tax basis in its undivided beneficial interest in the assets transferred to the Liquidation Trust will equal the fair market value of such undivided beneficial interest as of the Effective Date and the Holder's holding period in such assets will begin the day following the Effective Date.  Distributions to any Holder of an Allowed Claim will be allocated first to the original principal portion of such Claim as determined for federal tax purposes, and then, to the extent the consideration exceeds such amount, to the remainder of such Claim.  However, there is no assurance that the IRS will respect such allocation for federal income tax purposes.

For all federal income tax purposes, all parties (including the Liquidation Trustee and the holders of beneficial interests in the Liquidation Trust) shall treat the transfer of the Liquidation Trust Assets to the Liquidation Trust, in accordance with the terms of the Plan, as a transfer of those assets directly to the Holders of Allowed Claims (and, with respect to the Contingent Claims, Disputed Claims and Unliquidated Claims, to the Distribution Reserve) followed by the transfer of such assets by such Holders to the Liquidation Trust.  Consistent therewith, all parties shall treat the Liquidation Trust as a grantor trust of which such Holders are to be the owners and grantors.  Thus, such Holders (and any subsequent Holders of interests in the Liquidation Trust) shall be treated as the direct owners of an undivided beneficial interest in the assets of the Liquidation Trust.  Accordingly, each Holder of a beneficial interest in the Liquidation Trust will be required to report on its federal income tax return(s) the Holder's allocable share of all income, gain, loss, deduction or credit recognized or incurred by the Liquidation Trust.  The Liquidation Trust's taxable income will be allocated to the Holders of beneficial interests in the Liquidation Trust in accordance with each such Holder's pro rata share of the beneficial interests in the Liquidation Trust Assets.  The character of items of income, deduction and credit to any Holder and the ability of such Holder to benefit from any deductions or losses may depend on the particular situation of such Holder.  The federal income tax reporting obligation of a Holder of a beneficial interest in the Liquidation Trust is not dependent upon the Liquidation Trust distributing any cash or other proceeds. Therefore, a Holder of a beneficial interest in the Liquidation Trust may incur a federal income tax liability regardless of the fact that the Liquidation Trust has not made, or will not make, any concurrent or subsequent distributions to the Holder.  If a Holder incurs a federal tax liability but does not receive distributions commensurate with the taxable income allocated to it in respect of its beneficial interests in the Liquidation Trust, the Holder may be allowed a subsequent or offsetting loss.

The Liquidation Trustee will file with the IRS returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulations section 1.671-4(a). The Liquidation Trustee will also send to each Holder of a beneficial interest in the Liquidation Trust a separate statement setting forth the Holder's share of items of income, gain, loss, deduction or credit and will instruct the Holder to report such items on its federal income tax return. Events subsequent to the date of this Disclosure Statement, such as the enactment of additional tax legislation, could also change the federal income tax consequences of the Plan and the transactions contemplated thereunder.

A Liquidation Trust Beneficiary who is a victim of a Ponzi scheme might be entitled to claim a loss dependent on its individual circumstances. Such losses that arise out of property used in a trade or business or a transaction entered into for profit are deductible in the year in which the loss is sustained and in an amount not to exceed the adjusted tax basis of the property involved. A theft loss generally cannot be deducted in a tax year to the extent that there are reasonable prospects of a recovery of some or all of the loss. In that event, the deduction is postponed until it can be ascertained with reasonable certainty the likelihood and amount of any reimbursement that will be received. The loss generally must be deducted in the first year a reasonable prospect of recovery no longer exists, and cannot be claimed in any subsequent year. The reasonable prospect of reimbursement rule applies only to that part of the loss for which reimbursement is available. However, in 2009, the IRS issued Rev. Proc. 2009-20, 2009-14 I.R.B. 735, to provide an optional safe harbor treatment for taxpayers that experienced losses in certain investment arrangements discovered to be fraudulent and in which a lead figure has been charged with a crime. Under these safe harbor provisions, a qualified investor may deduct 95% of qualified investment in the discovery year if the qualified investor does not pursue any potential third-party recovery. A 75% deduction is available in the discovery year if a qualified investor is pursuing or intends to pursue any potential third-party recovery. The details for qualification for the safe harbor deduction are set forth in Rev. Proc. 2009-20.

In 2011, the IRS issued Rev. Proc. 2011-58, 2011-58 I.R.B. 849, which modified the provisions of Rev. Proc. 2009-20. Under Rev. Proc. 2011-58, the safe harbor provisions of Rev. Proc. 2009-20 may be utilized if a lead figure, or an associated entity involved in the specified fraudulent arrangement, was the subject of one or more civil complaints or similar documents that a state or federal governmental entity filed with a court or in an administrative agency enforcement proceeding, and:

(a)    The civil complaint or similar documents together allege facts that comprise substantially all of the elements of a specified fraudulent arrangement conducted by the lead figure;

(b)    The death of the lead figure precludes a charge by indictment, information, or criminal complaint against that lead figure; and

(c)    A receiver or trustee was appointed with respect to the arrangement or assets of the arrangement were frozen.

A strict reading of Rev. Proc. 2011-58 would require that, unless the lead figure's death precludes the filing of a criminal indictment or criminal complaint, there must be an indictment

or criminal complaint filed against the lead figure in order for safe harbor rules of Rev. Proc. 2009-20 to be available to victims of a Ponzi scheme.  To date, no lead figure has been charged with a crime or is deceased, so the necessary prerequisites for the safe harbor for a deduction in 2017 do not appear to have been satisfied. The Revenue Procedures simply provide a safe harbor, however, and there might be individual circumstances outside the safe harbor that warrant a Liquidation Trust Beneficiary taking a position that the theft loss occurred with respect to the 2017 taxable year.  Liquidation Trust Beneficiaries should consult with their own tax advisors to determine if a theft loss deduction is permissible, as well as the timing, amount, and applicable limitations for any such theft loss deduction.

### D.    Withholding on Distributions, and Information Reporting

All Distributions to Holders of Allowed Claims under the Plan and any Distributions to the holders of beneficial interests in the Liquidation Trust are subject to any applicable tax withholding, including employment tax withholding. *See* Plan Section 7.14.  Under U.S. federal income tax law, interest, dividends, and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable withholding rate (currently 30%). Backup withholding generally applies if the payment recipient (i) fails to furnish the recipient's social security number or other taxpayer identification number; (ii) furnishes an incorrect taxpayer identification number; (iii) fails to properly report interest or dividends; or (iv) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the taxpayer's identification number provided is the recipient's correct taxpayer identification number and that such recipient is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax. Certain Persons are exempt from backup withholding, including, in certain circumstances, corporations and financial institutions.

In addition, a Holder of an Allowed Claim that is a not a U.S. entity may be subject to additional withholding, depending on, among other things, the particular type of income and whether the type of income is subject to a lower treaty rate. As to certain Claims, it is possible that withholding may be required with respect to distributions by the Debtor making such Distribution or by the Liquidation Trust, as applicable, even if no withholding would have been required if payment was made prior to the Chapter 11 Cases. A non-U.S. Holder may also be subject to other adverse consequences in connection with the implementation of the Plan. As discussed above, the foregoing discussion of the U.S. federal income tax consequences of the Plan does not generally address the consequences to non-U.S. Holders. Non-U.S. Holders are urged to consult their own tax advisors regarding potential withholding on Distributions under the Plan.

In addition, Treasury Regulations generally require disclosure by a taxpayer on its U.S. federal income tax return of certain types of transactions in which the taxpayer participated, including, among other types of transactions, certain transactions that result in the taxpayer's claiming a loss in excess of specified thresholds. Holders are urged to consult their own tax advisors regarding these Treasury Regulations and whether the transactions contemplated by the Plan would be subject to these Treasury Regulations and require disclosure on the Holder's tax returns.

01:23482975.1

## IX.    <u>RECOMMENDATION</u>

The Debtors believe that confirmation and implementation of the Plan are the best alternative under the circumstances and urge all Impaired Creditors entitled to vote on the Plan to vote in favor of and support confirmation of the Plan.

Dated: August 3, 2018                  Respectfully submitted,


**WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL.**


By:      */s/ Bradley D. Sharp*
                Name:  Bradley D. Sharp
                Title: Chief Restructuring Officer
                        WGC Independent Manager, LLC

## **EXHIBIT A**

### **Joint Chapter 11 Plan of Liquidation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| | (Jointly Administered) |
| Debtors. | |

## FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF WOODBRIDGE GROUP OF COMPANIES, LLC AND ITS AFFILIATED DEBTORS

Dated: Wilmington, Delaware
August 3, 2018

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Edmon L. Morton (No. 3856)
Ian J. Bambrick (No. 5455)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253

-and-

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Whitman L. Holt (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Tel:    (310) 407-4000
Fax:    (310) 407-9090

*Counsel to the Debtors and Debtors in Possession*

---

[1]    The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses is attached hereto as **Exhibit 1**.

# INTRODUCTION[2]

The Debtors hereby propose this Plan, which provides for the resolution of the outstanding Claims and Equity Interests asserted against the Debtors. Reference is made to the Disclosure Statement for (i) a discussion of the Debtors' history, businesses, properties, results of operations, and financial projections; (ii) a summary and analysis of this Plan; and (iii) certain related matters, including risk factors relating to the consummation of this Plan and Distributions to be made under this Plan. The Debtors are the proponents of the Plan within the meaning of Bankruptcy Code section 1129.

All Holders of Claims who are entitled to vote on the Plan are encouraged to read the Plan and the Disclosure Statement in their entirety before voting to accept or reject the Plan. Subject to certain restrictions and requirements set forth in Bankruptcy Code section 1127, Bankruptcy Rule 3019, and Sections 11.6 and 11.14 of the Plan, the Debtors reserve the right to alter, amend, modify, revoke, or withdraw the Plan prior to its substantial consummation.

No solicitation materials, other than the Disclosure Statement and related materials transmitted therewith, have been approved for use in soliciting acceptances and rejections of this Plan. Nothing in the Plan should be construed as constituting a solicitation of acceptances of the Plan unless and until the Disclosure Statement has been approved and distributed to Holders of Claims to the extent required by Bankruptcy Code section 1125.

ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ CAREFULLY THE DISCLOSURE STATEMENT (INCLUDING ALL EXHIBITS AND SCHEDULES THERETO) AND THE PLAN, EACH IN ITS ENTIRETY, BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

## ARTICLE I

## DEFINED TERMS AND RULES OF INTERPRETATION

For purposes of the Plan, except as expressly provided or unless the context otherwise requires:

(a)    all Defined Terms shall have the meanings ascribed to them in this Article I of the Plan;

(b)    any term used in the Plan that is not a Defined Term, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules, as applicable;

(c)    whenever the context requires, terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine;

---

[2]    Capitalized terms used in this Introduction have the meanings ascribed to those terms in Article I below.

(d)      any reference in the Plan to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that such agreement or document shall be substantially in such form or substantially on such terms and conditions;

(e)      any reference in the Plan to an existing document, instrument, or exhibit means such document, instrument, or exhibit as it may have been or may be amended, modified, or supplemented from time to time;

(f)      any reference to a specific Person includes any successors or lawful assigns of such Person, and all rights, benefits, interests, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, trustee, liquidator, rehabilitator, conservator, successor, or lawful assign of such Person;

(g)      unless otherwise indicated, the phrase "under the Plan" and similar words or phrases refer to the Plan in its entirety rather than to only a particular portion of the Plan;

(h)      unless otherwise specified, all references in the Plan to sections, articles, schedules, and exhibits are references to sections, articles, schedules, and exhibits of or to the Plan;

(i)      the words "herein," "hereof," "hereto," "hereunder," "herewith," and other words of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan;

(j)      whenever the Plan uses the word "including," such reference shall be deemed to mean "including, without limitation,";

(k)      captions and headings to articles and sections are intended to be a part of the Plan;

(l)      whenever the Plan provides that a document or thing must be "acceptable" or "satisfactory" to any Person, such requirement shall in each case be subject to a reasonableness qualifier;

(m)      the definition given to any term or provision in the Plan supersedes and controls any different meaning that may be given to that term or provision in the Disclosure Statement, on any Ballot, or in any other document other than the Confirmation Order; and

(n)      all other rules of construction set forth in Bankruptcy Code section 102 and in the Bankruptcy Rules shall apply.

The following Defined Terms shall have the respective meanings specified below:

**1.1      Administrative Claim:** A Claim (other than a Professional Fee Claim, but, for the avoidance of doubt, including Ordinary Course Professional Fee Claims) arising under Bankruptcy Code sections 503(b), 507(a)(2), 507(b), or 1114(e)(2), to the extent not previously paid, otherwise satisfied, or withdrawn, including (a) all fees and charges assessed against the Estates under chapter 123 of title 28 of the United States Code and (b) all Section 503(b)(9) Claims.

**1.2**    **Administrative Claims Bar Date:** The last date by which any Person must File a request for payment of an Administrative Claim, which date shall be the first Business Day that is at least thirty-five (35) calendar days after the Effective Date, or, alternatively, such earlier date as is set by the Bankruptcy Court with the consent of the Liquidation Trust. For the avoidance of doubt, postpetition statutory tax claims shall not be subject to any Administrative Claims Bar Date. For the further avoidance of doubt, the Claims Bar Date for Section 503(b)(9) Claims was the General Claims Bar Date.

**1.3**    **Allowed**, **Allowed Claim**, or **Allowed [ ] Claim:**

    (a)    with respect to a Claim arising prior to the Petition Date (including a Section 503(b)(9) Claim):

        (i)    either (A) a proof of claim was timely Filed by the applicable Claims Bar Date, or (B) a proof of claim is deemed timely Filed either as a result of such Claim being Scheduled or by a Final Order; and

        (ii)    either (A) the Claim is not a Contingent Claim, a Disputed Claim, an Unliquidated Claim, or a Disallowed Claim; or (B) the Claim is expressly allowed by a Final Order or under the Plan;

    (b)    with respect to a Claim arising on or after the Petition Date (excluding a Section 503(b)(9) Claim), a Claim that has been allowed by a Final Order or under the Plan.

Unless otherwise specified in the Plan or by a Final Order, an "Allowed Administrative Claim" or "Allowed Claim" shall not, for any purpose under the Plan, include interest, penalties, fees, or late charges on such Administrative Claim or Claim from and after the Petition Date. Moreover, any portion of a Claim that is satisfied, released, or waived during the Chapter 11 Cases is not an Allowed Claim. For the avoidance of doubt, any and all Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court shall not be considered "Allowed Claims" hereunder.

**1.4**    **Available Cash:** All Cash held by the Debtors on the Effective Date or by the Wind-Down Entity, the Liquidation Trust, or the Remaining Debtors on or after the Effective Date; in each case, after payment, allocation, or reserve in accordance with the Plan for: (a) unpaid or unutilized amounts for either Wind-Down Expenses or Liquidation Trust Funding; and (b) any post-Confirmation reserve requirements of the Wind-Down Entity in connection with the Plan, any agreements, or any Bankruptcy Court orders. For the avoidance of doubt, other than to the extent required by Section 3.7 of the Plan, any Cash that has been reserved on or before the Effective Date in respect of any Noteholders under the DIP Orders, including amounts reserved in respect of adequate protection pursuant to section 3.1.2.4 of the Final DIP Order or any orders approving the sale of a Debtor's property, no longer will be treated as reserved on such basis on and after the Effective Date.

**1.5**    **Avoidance Actions:** Any and all causes of action, claims, remedies, or rights that may be brought by or on behalf of the Debtors or the Estates under Bankruptcy Code sections 542, 544, 547, 548, 549, 550, 551, or 553, or under related state or federal statutes, or pursuant to any

theory or cause of action under common law, regardless whether such action has been commenced prior to the Effective Date.

**1.6**    **Ballot:** The ballot form distributed to each Holder of a Claim entitled to vote to accept or reject the Plan.

**1.7**    **Bankruptcy Code:** Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as the same may be amended from time to time to the extent applicable to the Chapter 11 Cases.

**1.8**    **Bankruptcy Court:** The United States Bankruptcy Court for the District of Delaware, or in the event such court ceases to exercise jurisdiction over any Chapter 11 Case, such other court or adjunct thereof that exercises jurisdiction over such Chapter 11 Case in lieu of the United States Bankruptcy Court for the District of Delaware.

**1.9**    **Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure promulgated by the Supreme Court of the United States under 28 U.S.C. § 2075, as the same may be amended from time to time to the extent applicable to the Chapter 11 Cases.

**1.10**    **Business Day:** Any day other than a Saturday, a Sunday, a "legal holiday" (as defined in Bankruptcy Rule 9006(a)), or any other day on which commercial banks in New York, New York are required or authorized to close by law or executive order.

**1.11**    **Cash:** Cash and cash equivalents, including bank deposits, wire transfers, checks representing good funds, and legal tender of the United States of America or instrumentalities thereof.

**1.12**    **Causes of Action:** Any and all claims, rights, actions, causes of action, liabilities, obligations, suits, debts, remedies, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, rights of setoff, third-party claims, subordination claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and cross claims, damages, or judgments whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, foreseen or unforeseen, asserted or unasserted, existing or hereafter arising, in law, at equity, by statute, whether for tort, fraud, contract, or otherwise.

**1.13**    **Chapter 11 Cases:** The voluntary chapter 11 bankruptcy cases commenced by the Debtors, which are being jointly administered under the case caption *In re Woodbridge Group of Companies, LLC, et al.*, Case No. 17-12560 (KJC) (Bankr. D. Del.).

**1.14**    **Claim:** Any "claim," as defined in Bankruptcy Code section 101(5), against any of the Debtors or against any property of the Debtors.

**1.15**    **Claim Objection Deadline:** Subject to extension as set forth in Section 8.2 of the Plan, the date that is the first Business Day that is at least 180 calendar days after the Effective Date. For the avoidance of doubt, the Claim Objection Deadline may be extended one or more times by the Bankruptcy Court.

**1.16**    **Claims Agent:** Garden City Group, LLC, the Debtors' court-appointed claims, noticing, and balloting agent.

**1.17**    **Claims Bar Date:** As applicable, the Administrative Claims Bar Date, the General Claims Bar Date, the Governmental Claims Bar Date, the SEC Bar Date, any Supplemental Bar Date, or the Rejection Claims Bar Date.

**1.18**    **Class:** A category of Claims or Equity Interests designated pursuant to the Plan, or any subclass thereof.

**1.19**    **Class A Liquidation Trust Interests:** The Liquidation Trust Interests to be distributed to the Noteholders, the Holders of General Unsecured Claims, and the Unitholders under the Plan.

**1.20**    **Class B Liquidation Trust Interests:** The Liquidation Trust Interests to be distributed to the Unitholders under the Plan.

**1.21**    **Closing Date:** The date on which all of the Chapter 11 Cases have been closed in accordance with Section 11.21 of the Plan.

**1.22**    **Collateral:** Any Estate Asset that is subject to a Lien to secure the payment or performance of a Claim, which Lien is perfected and not subject to avoidance under the Bankruptcy Code or otherwise invalid or unenforceable under the Bankruptcy Code or applicable nonbankruptcy law.

**1.23**    **Committees:** Collectively, the Noteholder Committee, the Unitholder Committee, and the Unsecured Creditors' Committee.

**1.24**    **Confirmation:** Entry by the Bankruptcy Court of the Confirmation Order.

**1.25**    **Confirmation Hearing:** The hearing or hearings held by the Bankruptcy Court to consider confirmation of the Plan as required by Bankruptcy Code section 1128(a), as such hearing may be continued from time to time.

**1.26**    **Confirmation Order:** The order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code section 1129 in a form reasonably acceptable to each of the Committees.

**1.27**    **Contingent Claim:** Any Claim that is Scheduled or Filed as contingent.

**1.28**    **Contributed Claims:** All Causes of Action that a Noteholder or Unitholder has against any Person that is not a Released Party and that are related in any way to the Debtors, their predecessors, their respective affiliates, or any Excluded Parties, including (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of any Notes or Units; (b) all Causes of Action for unlawful dividend, fraudulent conveyance, fraudulent transfer, voidable transaction, or other avoidance claims under state or federal law; (c) all Causes of Action based on, arising out of, or related to the misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (d) all Causes of Action based on, arising out of, or related to any failure to disclose, or actual or attempted cover up or obfuscation of, any of the conduct described in the Disclosure Statement, including in respect of any alleged fraud related thereto.

**1.29** **Contributing Claimants:** The Noteholders and the Unitholders that elect on their Ballots to contribute Contributed Claims to the Liquidation Trust.

**1.30** **Contributing Claimants Enhancement Multiplier:** 105%.

**1.31** **Corporate Action:** Any action, approval, authorization, decision, or other act of any kind that would be necessary on the part of any Person for any corporation, limited liability company, or other Person to in turn act.

**1.32** **Creditor:** Any Holder of a Claim.

**1.33** **Cure Payment:** The payment of Cash or the distribution of other property (as the parties may agree or the Bankruptcy Court may order) that is necessary to cure any and all defaults under an executory contract or unexpired lease so that such contract or lease may be assumed, or assumed and assigned, pursuant to Bankruptcy Code section 1123(b)(2).

**1.34** **Debtor** or **Debtors:** Individually and collectively, each of the entities listed on **Exhibit 1** hereto, as the same may be amended from time to time.

**1.35** **Defined Term:** Any capitalized term that is defined in this Article I of the Plan.

**1.36** **DIP Agent:** Hankey Capital, LLC in its capacity as agent under the DIP Facility, or its successor thereunder.

**1.37** **DIP Claims:** Any and all Claims held by any DIP Lenders or the DIP Agent arising from or in connection with the DIP Loan Documents or the DIP Orders.

**1.38** **DIP Facility:** That certain $100 million senior secured superpriority debtor-in-possession financing facility provided by the DIP Lenders on the terms of, and subject to the conditions set forth in, the DIP Loan Agreement and the DIP Orders.

**1.39** **DIP Lenders:** Any lenders under the DIP Facility, solely in their capacity as such.

**1.40** **DIP Loan Agreement:** That certain Loan and Security Agreement dated as of December 7, 2017, as amended, restated, modified, supplemented, or replaced from time to time in accordance with its terms, by and among certain specified Debtors, the DIP Lenders, and the DIP Agent.

**1.41** **DIP Loan Documents:** The DIP Loan Agreement and any amendments, modifications, supplements thereto, as well as any related notes, certificates, agreements, security agreements, documents, and instruments (including any amendments, restatements, supplements, or modifications of any of the foregoing) related to or executed in connection with the DIP Loan Agreement.

**1.42** **DIP Orders:** Collectively, the Final DIP Order and the preceding interim orders entered by the Bankruptcy Court authorizing the applicable Debtors to enter into the DIP Loan Agreement and access the DIP Facility.

**1.43** **Disallowed Claim:** Any Claim that (a) is not Scheduled, or is listed thereon as contingent, unliquidated, disputed, or in an amount equal to zero, and whose Holder failed to timely File a

proof of claim by the applicable Claims Bar Date (unless late filing was permitted by a Bankruptcy Court order), but excluding any Claim that is expressly Allowed by a Final Order or under the Plan; or (b) has been disallowed pursuant to an order of the Bankruptcy Court.

**1.44** **Disclosure Statement:** That certain disclosure statement relating to the Plan, including all exhibits and schedules thereto, as approved by the Bankruptcy Court pursuant to Bankruptcy Code section 1125, as it subsequently may be amended, modified, or supplemented by the Debtors.

**1.45** **Disclosure Statement Order:** The order approving the Disclosure Statement, authorizing the Debtors to solicit acceptances of the Plan, and establishing certain related procedures and deadlines.

**1.46** **Disputed Claim:** Any Claim:

(a) that is disputed in whole or in part under the Plan; or

(b) that is asserted by any of the Excluded Parties or any Disputing Claimant, which are Disputed Claims in their entirety and, as such, will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order; or

(c) that

(i) is not expressly Allowed by a Final Order or under the Plan; and

(ii) as to which a proof of claim is Filed or is deemed Filed as a result of such Claim being Scheduled; and

(iii) as to which either:

(1) an objection or request for estimation or subordination (A) has been timely Filed within the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or a Final Order under which the applicable period of limitation has expired, and (B) has not been denied by a Final Order or withdrawn; or

(2) the Claim Objection Deadline has not passed as to such Claim (unless the Liquidation Trust has determined that it will not object to such Claim).

**1.47** **Disputing Claimant:** Either (a) a Noteholder or Unitholder (other than an Excluded Party) that has disputed the amounts set forth for such Creditor in the Schedule of Principal Amounts and Prepetition Distributions pursuant to the procedures set forth in the Disclosure Statement Order and applicable Ballot; or (b) a Noteholder holding a Non-Debtor Loan Note Claim that has not elected to have such Claim reclassified in Class 3 pursuant to the procedures set forth in the Disclosure Statement Order and applicable Ballot.

**1.48**    **Distribution:** Any initial or subsequent issuance, payment, or transfer of consideration made under the Plan.

**1.49**    **Distribution Date:** Any date on which a Distribution is made.

**1.50**    **Distribution Record Date:** The record date for determining entitlement of Holders of Claims to receive Distributions under the Plan, which date shall be the Effective Date.

**1.51**    **Distribution Reserve:** One or more reserves in respect of Contingent Claims, Disputed Claims, or Unliquidated Claims established under the Plan for Liquidation Trust Interests distributable under the Plan with respect to such Claims and amounts payable under the Plan with respect to such Claims or on account of such reserved Liquidation Trust Interests.

**1.52**    **Effective Date:** The date that is the first Business Day on which each condition set forth in Article IX of the Plan has been satisfied or waived as set forth therein.

**1.53**    **Equity Interests:** All previously issued and outstanding common stock, preferred stock, membership interests, or other ownership interests in any of the Debtors outstanding immediately prior to the Effective Date, including restricted stock, treasury stock, and all options, warrants, calls, rights, puts, awards, commitments, appreciation rights, or any other agreements of any character to convert, exchange, exercise for, or otherwise receive any such common stock, preferred stock, membership interests, or other ownership interests. For the avoidance of doubt, the Unit Claims are not defined, classified, or treated as Equity Interests under the Plan as a result of the comprehensive settlement and compromise to be effected under the Plan.

**1.54**    **Estate Assets:** Collectively, (a) any and all right, title, and interest of the Debtors and the Estates in and to property of whatever type or nature, including their books and records and all Avoidance Actions and Causes of Action, as of the Effective Date; and (b) any assets contributed to or recovered by the Liquidation Trust or the Wind-Down Entity on or after the Effective Date.

**1.55**    **Estates:** The chapter 11 estates of the Debtors created by Bankruptcy Code section 541(a).

**1.56**    **Exchange Act:** The Securities Exchange Act of 1934, as amended.

**1.57**    **Exchange Act Registration:** Registration of the Class A Liquidation Trust Interests or the Class B Liquidation Trust Interests, as the case may be, as a class of equity securities under the Exchange Act.

**1.58**    **Excluded Parties:** Any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the marketing or sale of Notes or Units, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the marketing or sale of Notes or Units, including those Persons identified on the Schedule of Excluded Parties.

**1.59**    **Exculpated Parties:** Collectively, (a) the Debtors, (b) the New Board, (c) the Committees, and (d) each of the preceding's respective Related Parties; *provided, however*, that the Exculpated Parties shall not include any Excluded Party.

**1.60**    **File**, **Filed**, or **Filing:** Duly and properly filed with the Bankruptcy Court and reflected on the docket of the Chapter 11 Cases, except with respect to proofs of claim that must be filed with the Claims Agent, in which case "File" or "Filed" means duly and properly filed with the Claims Agent and reflected on the official claims register maintained by the Claims Agent.

**1.61**    **Final Decree:** An order entered pursuant to Bankruptcy Code section 350, Bankruptcy Rule 3022, and Local Rule 5009-1 closing the Chapter 11 Cases for the Remaining Debtors.

**1.62**    **Final DIP Order:** That certain *Final Order on Debtors' Motion for Entry of Interim and Final Orders (I) Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, and 552 Authorizing Debtors to (A) Obtain Postpetition Secured Financing, (B) Use Cash Collateral, (C) Grant Adequate Protection to Prepetition Secured Parties; (II) Modifying the Automatic Stay; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and 4001(C); and (IV Granting Related Relief*, entered on March 8, 2018 [Docket No. 724].

**1.63**    **Final Order:** An order or judgment of the Bankruptcy Court entered on the docket of the Chapter 11 Cases:

> (a)    that has not been reversed, rescinded, stayed, modified, or amended;
>
> (b)    that is in full force and effect; and
>
> (c)    with respect to which (i) the time to appeal or to seek review, rehearing, remand, or a writ of certiorari has expired and as to which no timely filed appeal or petition for review, rehearing, remand, or writ of certiorari is pending; or (ii) any such appeal or petition has been dismissed or resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, remand, or a writ of certiorari was sought.

For the avoidance of doubt, no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Bankruptcy Code section 502(j), Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or Bankruptcy Rules 9023 or 9024 may be or has been filed with respect to such order.

**1.64**    **Fund Debtors:** Collectively, Woodbridge Mortgage Investment Fund 1, LLC, Woodbridge Mortgage Investment Fund 2, LLC, Woodbridge Mortgage Investment Fund 3, LLC, Woodbridge Mortgage Investment Fund 3a, LLC, Woodbridge Mortgage Investment Fund 4, LLC, Woodbridge Commercial Bridge Loan Fund 1, LLC, and Woodbridge Commercial Bridge Loan Fund 2, LLC.

**1.65**    **General Claims Bar Date:** June 19, 2018.

**1.66**    **General Unsecured Claim:** Any unsecured, non-priority Claim asserted against any of the Debtors or the Estates that is not a Note Claim, Subordinated Claim, or Unit Claim including, for the avoidance of doubt, all Rejection Claims, but excluding (a) any Claims arising from any executory contracts or unexpired leases that are assumed during the Chapter 11 Cases and (b) any vendor or other Claims satisfied in the ordinary course of business, as critical-vendor Claims, or pursuant to any other order of the Bankruptcy Court.

**1.67** **Governmental Claims Bar Date:** With respect to each applicable Debtor and other than the SEC Bar Date (if applicable), the date that is set forth in **Exhibit I** to the Bar Date Notice attached to the *Order Establishing Deadlines for Filing Proofs of Claim and Proofs of Interest and Approving the Form and Manner of Notice Thereof* [Docket No. 911].

**1.68** **Holder:** The Person that is the owner of record of a Claim, Equity Interest, or Liquidation Trust Interest, as applicable.

**1.69** **Impaired:** Any Class of Claims or Equity Interests that is impaired within the meaning of Bankruptcy Code section 1124.

**1.70** **Initial Distribution Fund:** Cash in a target range of $42.5 – $85.0 million.

**1.71** **Insured Claim:** Any Claim or portion of a Claim (other than a Claim held by an employee of the Debtors for workers' compensation coverage under the workers' compensation program applicable in the particular state in which the employee is employed by the Debtors) that is insured under the Debtors' insurance policies, but only to the extent of such coverage.

**1.72** **Intercompany Claim:** A Claim of one Debtor against another Debtor.

**1.73** **Intercompany Lien:** A Lien securing an Intercompany Claim.

**1.74** **Lien:** Any lien, security interest, pledge, title retention agreement, encumbrance, leasehold, charge, mortgage, or hypothecation to secure payment of a debt or performance of an obligation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

**1.75** **Liquidation Trust:** A liquidation trust established on the Effective Date for the benefit of the Liquidation Trust Beneficiaries in accordance with the terms of the Plan and the Liquidation Trust Agreement.

**1.76** **Liquidation Trust Actions:** Collectively, all Avoidance Actions and Causes of Action held by the Debtors or the Estates and any Causes of Action that are contributed to the Liquidation Trust as Contributed Claims, in each case as against any Person that is not a Released Party.

**1.77** **Liquidation Trust Agreement:** The agreement substantially in the form Filed in the Plan Supplement and reasonably acceptable to each of the Committees establishing and delineating the terms and conditions of the Liquidation Trust, including the rights and duties of the Liquidation Trustee and the Liquidation Trust Supervisory Board.

**1.78** **Liquidation Trust Assets:** Collectively, (a) the Liquidation Trust Actions, (b) the Liquidation Trust Funding, (c) 100% of the membership interests in the Wind-Down Entity and the Remaining Debtors (and all proceeds and distributions from such entities), (d) Available Cash as of the Effective Date and Available Cash that is possessed by or turned over to the Liquidation Trust after the Effective Date, and (e) other non-real-estate-related assets or entities that may be transferred or otherwise provided, directly or indirectly, to or for the benefit of the

Debtors (after the Petition Date but before the Effective Date) or the Liquidation Trust (on or after the Effective Date) by any Person.

**1.79    Liquidation Trust Beneficiary:** Each Holder of a Liquidation Trust Interest. Liquidation Trust Interests are to be Distributed to Holders of Allowed Note Claims, Allowed General Unsecured Claims, and Allowed Unit Claims in accordance with Sections 3.4, 3.5, and 3.6 of the Plan.

**1.80    Liquidation Trust Expenses:** Any and all reasonable fees, costs, and expenses incurred by the Liquidation Trustee not inconsistent with the Plan or the Liquidation Trust Agreement, including the maintenance or disposition of the Liquidation Trust Assets (including Liquidation Trustee fees, indemnity reserves, attorneys' fees, the fees of professionals, and other Persons retained by the Liquidation Trustee, personnel-related expenses, and any taxes imposed on the Liquidation Trust or in respect of the Liquidation Trust Assets), and any other expenses incurred or otherwise payable in accordance with the Liquidation Trust Agreement.

**1.81    Liquidation Trust Funding:** The Liquidation Trust Seed Funding, any cash collateral or reserves extant as of the Effective Date regarding any Non-Debtor Loan Note Claims, and all Cash required (a) to make payments in accordance with the Plan to Administrative Claims, Professional Fee Claims, Priority Tax Claims, DIP Claims, and Priority Claims; or (b) to fund any other unfunded post-Confirmation reserve requirements of the Liquidation Trust (including Distribution Reserves) in connection with the Plan, any agreements, or any Bankruptcy Court orders. For the avoidance of doubt, other than to the extent required by Section 3.7 of the Plan, any Cash that has been reserved in respect of any Noteholders under the DIP Orders, including amounts reserved in respect of adequate protection pursuant to section 3.1.2.4 of the Final DIP Order or any orders approving the sale of a Debtor's property, no longer will be treated as reserved on such basis on and after the Effective Date.

**1.82    Liquidation Trust Indemnified Parties:** The Liquidation Trustee, the Liquidation Trust Supervisory Board, the Remaining Debtors Manager, and their respective Related Parties, each in their respective capacity as such.

**1.83    Liquidation Trust Interests:** Together, the Class A Liquidation Trust Interests and the Class B Liquidation Trust Interests.

**1.84    Liquidation Trust Interests Waterfall:** On each Distribution Date, the Liquidation Trust shall distribute its Available Cash as follows:

    a.    The Liquidation Trust shall distribute Available Cash to each Holder of Class A Liquidation Trust Interests Pro Rata based on such Holder's number of Class A Liquidation Trust Interests until the aggregate amount of all Distributions made pursuant to this clause on account of the Class A Liquidation Trust Interests equals the product of (i) the total number of all Class A Liquidation Trust Interests and (ii) $75.00;

    b.    Thereafter, the Liquidation Trust shall distribute Available Cash to each Holder of Class B Liquidation Trust Interests Pro Rata based on such Holder's number of Class B Liquidation Trust Interests until the aggregate amount of all Distributions made pursuant to this clause on account of the Class B Liquidation Trust Interests equals the product of (i) the total number of all Class B Liquidation Trust Interests and (ii) $75.00;

c.     Thereafter, the Liquidation Trust shall distribute Available Cash to each Holder of a Liquidation Trust Interest (whether a Class A Liquidation Trust Interest or a Class B Liquidation Trust Interest) Pro Rata based on such Holder's number of Liquidation Trust Interests until the aggregate amount of all Distributions made pursuant to this clause on account of the Liquidation Trust Interests equals an amount equivalent to interest, at a per annum fixed rate of 10%, compounded annually, accrued on the aggregate principal amount of all Net Note Claims, Allowed General Unsecured Claims, and Net Unit Claims outstanding from time to time on or after the first Petition Date (December 4, 2017), treating each Distribution of Available Cash made after the Effective Date pursuant to the immediately preceding two subparagraphs as reductions of such principal amount; and

d.     Thereafter, the Liquidation Trust shall distribute Available Cash Pro Rata to the Holders of Allowed Subordinated Claims until such Claims are paid in full, including interest, at a per annum fixed rate of 10% or such higher rate as may be specified in any consensual agreement or order relating to a given Holder, compounded annually, accrued on the principal amount of each Allowed Subordinated Claim outstanding from time to time on or after the first Petition Date (December 4, 2017).

**1.85    Liquidation Trust Seed Funding:** Cash in the amount of $5.0 million.

**1.86    Liquidation Trust Supervisory Board:** A supervisory board for the Liquidation Trust, whose initial members shall be identified at or before the Confirmation Hearing and shall be selected as follows: three (3) individuals nominated by the Unsecured Creditors' Committee, one (1) individual nominated by the Noteholder Committee, and one (1) individual nominated by the Unitholder Committee. If any member of the Liquidation Trust Supervisory Board selected by the Unsecured Creditors' Committee is no longer available for any reason, then the remaining member(s) selected by the Unsecured Creditors' Committee shall select the replacement member(s). If a member of the Liquidation Trust Supervisory Board selected by either the Noteholder Committee or the Unitholder Committee is no longer available for any reason, then the available former members of the Noteholder Committee or Unitholder Committee, as applicable, shall be requested to, and may, select a replacement; *provided, however*, that if no former members of the Noteholder Committee or the Unitholder Committee, as applicable, are reasonably available and willing to make the selection, then the remaining members of the Liquidation Trust Supervisory Board shall select the replacement member(s).

**1.87    Liquidation Trustee:** Michael Goldberg and any successor thereto appointed pursuant to the Liquidation Trust Agreement, which successor appointment will require approval of the Liquidation Trust Supervisory Board (and, in the case of the proposed removal and replacement of Michael Goldberg, a determination by the Bankruptcy Court that "cause" exists for such removal and replacement using the standard under Bankruptcy Code section 1104 made after notice of such proposed removal and replacement has been provided to the SEC), in each case acting in the capacity as trustee of the Liquidation Trust.

**1.88    Local Rules:** The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, as amended from time to time.

**1.89    Net Note Claims:** The Outstanding Principal Amount of the Note Claims held by a particular Noteholder, *minus* the aggregate amount of all Prepetition Distributions received by such Noteholder; provided that, solely as to those Noteholders that are Contributing Claimants,

the resulting difference shall be multiplied by the Contributing Claimants Enhancement Multiplier.

**1.90** **Net Unit Claims:** The Outstanding Principal Amount of the Unit Claims held by a particular Unitholder, *minus* the aggregate amount of all Prepetition Distributions received by such Unitholder; provided that, solely as to those Unitholders that are Contributing Claimants, the resulting difference shall be multiplied by the Contributing Claimants Enhancement Multiplier.

**1.91** **New Board:** The "New Board" as defined in and approved by that certain order entered by the Bankruptcy Court on January 23, 2018 [Docket No. 357].

**1.92** **Non-Compensatory Penalty Claims:** Any Claim, secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, to the extent such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the Holder of such Claim.

**1.93** **Non-Debtor Loan Note Claims:** Any Note Claims that are or were purportedly secured by an unreleased assignment or other security interest in any loans or related interests as to which the lender was a Debtor and the underlying borrower actually is or actually was a Person that is not a Debtor to the extent set forth in the Schedule of Non-Debtor Loan Note Claims. The loans to Persons that are not Debtors were made as part of the Debtors' "Riverdale" segment, as described further in the Disclosure Statement.

**1.94** **Note Claims:** Any and all Claims of a Person holding Notes that arise from or in connection with any Notes.

**1.95** **Noteholder:** A given holder of one or more Notes, after aggregating holdings common to a beneficial natural person owner, natural person joint tenants including after dissolution of marriage by divorce or otherwise, or such holder's estate, as applicable.

**1.96** **Noteholder Committee:** The Official Ad Hoc Committee of Noteholders appointed in the Chapter 11 Cases as of February 1, 2018, as it may be reconstituted from time to time.

**1.97** **Notes:** Any and all investments, interests, or other rights with respect to any of the Fund Debtors that were styled, marketed, or sold as "notes," "mortgages," or "loans."

**1.98** **Ordinary Course Professional:** Any Ordinary Course Professional, as that term is defined in the *Order Authorizing the Employment and Payment of Professionals Used in the Ordinary Course of Business* [Docket No. 296].

**1.99** **Ordinary Course Professional Fee Claim:** A Claim of an Ordinary Course Professional for compensation or reimbursement of costs and expenses relating to services provided during the period from the Petition Date through and including the Effective Date.

**1.100** **Other Debtors:** All Debtors other than the Fund Debtors.

**1.101** **Other Secured Claims:** Any Secured Claims that are not DIP Claims.

**1.102   Outstanding Principal Amount:** When used in reference to a Note Claim, an amount equal to the aggregate principal balance outstanding as of the Petition Date on the Notes held by the applicable Noteholder; when used in reference to a Unit Claim, an amount equal to the aggregate principal balance outstanding as of the Petition Date on the Units held by the applicable Unitholder, in each case excluding any purportedly accrued prepetition interest and before reduction for any Prepetition Distributions.

**1.103   Person:** Any person or organization created or recognized by law, including any association, company, cooperative, corporation, entity, estate, fund, individual, joint stock company, joint venture, limited liability company, partnership, trust, trustee, unincorporated organization, government or any political subdivision thereof, or any other entity or organization of whatever nature.

**1.104   Petition Date:** (a) December 4, 2017, when used in reference to the 279 Debtors that Filed their voluntary chapter 11 petitions for relief in the Bankruptcy Court on such date; (b) February 9, 2018, when used in reference to the fourteen Debtors that Filed their voluntary chapter 11 petitions for relief in the Bankruptcy Court on such date; (c) March 9, 2018, when used in reference to the two Debtors that Filed their voluntary chapter 11 petitions for relief in the Bankruptcy Court on such date; (d) March 23, 2018, when used in reference to the seven Debtors that Filed their voluntary chapter 11 petitions for relief in the Bankruptcy Court on such date; and (e) March 27, 2018, when used in reference to the four Debtors that Filed their voluntary chapter 11 petitions for relief in the Bankruptcy Court on such date.

**1.105   Plan:** This *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* and all exhibits thereto, including the Plan Supplement, as the same may be amended, modified, or supplemented in the Debtors' reasonable discretion after consultation with each of the Committees.

**1.106   Plan Supplement:** The ancillary documents regarding the implementation and effectuation of the Plan, which will be Filed on or before the date that is seven (7) calendar days prior to the Voting Deadline, as such documents may be amended and supplemented prior to the Confirmation Hearing in the Debtors' reasonable discretion after consultation with each of the Committees.

**1.107   Prepetition Distribution:** Any consideration, whether or not denominated as "interest," that was transferred at any time prior to the Petition Date from any Person to a Noteholder or a Unitholder on account of any Notes or Units, as applicable, but excluding consideration representing the return or repayment of the principal of any Note or any Unit (which consideration is applied as such prior to determining the Outstanding Principal Amount for the applicable Notes or Units). Unless excluded by the preceding sentence, such consideration shall include any transfers on account of Notes that were converted to Units or Units that were converted to Notes and shall include any transfers, whether or not denominated as "interest," on account of Notes or Units held at any time even if such Unit or Note had been paid or was otherwise no longer existing as of the Petition Date.

**1.108   Priority Claim:** A Claim that is entitled to priority under Bankruptcy Code section 507(a), other than an Administrative Claim and a Priority Tax Claim.

**1.109  Priority Tax Claim:** A Claim that is entitled to priority under Bankruptcy Code section 507(a)(8).

**1.110  Professional:** Any professional (other than an Ordinary Course Professional) employed in the Chapter 11 Cases pursuant to Bankruptcy Code sections 327, 328, 1103, or 1104 or any professional or other Person (in each case, other than an Ordinary Course Professional) seeking compensation or reimbursement of expenses in connection with the Chapter 11 Cases pursuant to Bankruptcy Code section 503(b)(3) or 503(b)(4).

**1.111  Professional Fee Claim:** A Claim of a Professional for compensation or reimbursement of costs and expenses (or of members of any of the Committees for reimbursement of expenses) relating to services provided during the period from the Petition Date through and including the Effective Date.

**1.112  Professional Fee Reserve:** The reserve established and funded by the Liquidation Trust pursuant to Section 11.2 of the Plan to provide sufficient funds to satisfy in full all unpaid Allowed Professional Fee Claims.

**1.113  Pro Rata:** Proportionately so that the ratio of (a) the amount of consideration distributed on account of a particular Allowed Claim or Liquidation Trust Interest to (b) the amount or number of that Allowed Claim or Liquidation Trust Interest, is the same as the ratio of (x) the amount of consideration available for Distribution on account of, as applicable, all Allowed Claims in the Class in which the particular Allowed Claim is included or all applicable Liquidation Trust Interests (*e.g.*, all Liquidation Trust Interests, all Class A Liquidation Trust Interests, or all Class B Liquidation Trust Interests) to (y) as applicable, the amount of all Allowed Claims of that Class or the number of applicable Liquidation Trust Interests, as adjusted to take into account any applicable Distribution Reserves.

**1.114  Rejection Claim:** Any Claim for monetary damages as a result of the rejection of any prepetition executory contract or unexpired lease, whether rejected pursuant to the Confirmation Order or otherwise.

**1.115  Rejection Claims Bar Date:** To the extent not previously established by prior order of the Bankruptcy Court, the first Business Day that is at least thirty (30) calendar days after the Effective Date.

**1.116  Related Parties:** Collectively, all of the respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, managers, members, officers, partners, predecessors, principals, professional persons, representatives, and successors of the reference Person; *provided, however*, that the Debtors' Related Parties will be limited to the following Persons: the employees who are employed by the Debtors on the Effective Date; Richard Nevins; Michael Goldberg; M. Freddie Reiss; Frederick Chin; Bradley D. Sharp; Development Specialists, Inc.; Berkeley Research Group LLC; Klee, Tuchin, Bogdanoff & Stern LLP; Young Conaway Stargatt & Taylor LLP; Glaser Weil Fink Howard Avchen & Shapiro LLP; Homer Bonner Jacobs; Musick, Peeler & Garrett LLP; Province, Inc.; and Garden City Group, LLC.

**1.117**  **Released Parties:** Collectively, (a) the Debtors, (b) the New Board, (c) the Committees, and (d) each of the preceding's respective Related Parties; *provided, however*, that the Released Parties shall not include any Excluded Party.

**1.118**  **Releasing Parties:** Collectively, (a) the Debtors, (b) the Estates, and (c) any Person exercising or seeking to exercise any rights of the Estates (but solely in that capacity), including each of the Committees (but not their individual members), the Wind-Down CEO, the Liquidation Trustee, the Remaining Debtors Manager, and any other successor to the Debtors or any other estate representative that is or could be appointed or selected pursuant to Bankruptcy Code section 1123(b)(3) or otherwise.

**1.119**  **Remaining Debtors:** Woodbridge Group of Companies, LLC and Woodbridge Mortgage Investment Fund 1, LLC.

**1.120**  **Remaining Debtors Manager:** The Liquidation Trustee, acting in the capacity as manager of the Remaining Debtors.

**1.121**  **Schedule of Assumed Agreements:** The schedule of those certain executory contracts and unexpired leases that the Debtors have determined, in the Debtors' reasonable discretion after consultation with each of the Committees, the Debtors may assume and assign on the Effective Date. The initial Schedule of Assumed Agreements will be Filed as part of the initial Plan Supplement, but remains subject to any modifications that may be made prior to the Effective Date pursuant to Section 6.1.1 of the Plan.

**1.122**  **Schedule of Excluded Parties:** A non-exclusive schedule to the Disclosure Statement that lists certain of the Excluded Parties.

**1.123**  **Schedule of Non-Debtor Loan Note Claims:** A schedule to the Disclosure Statement that lists the Noteholders holding Non-Debtor Loan Note Claims as well as the relevant portions of the Schedule of Principal Amounts and Prepetition Distributions applicable to such Non-Debtor Loan Note Claims.

**1.124**  **Schedule of Principal Amounts and Prepetition Distributions:** A schedule to the Disclosure Statement that indicates both the Outstanding Principal Amount and the Prepetition Distributions for each Noteholder and Unitholder that is not an Excluded Party.

**1.125**  **Scheduled:** Set forth in the Schedules.

**1.126**  **Schedules:** The Schedules of Assets and Liabilities Filed by the Debtors on April 15, 2018 as Docket Nos. 1269-1561, and on April 16, 2018 as Docket Nos. 1564-1576 & 1578, as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009.

**1.127**  **SEC:** The U.S. Securities and Exchange Commission.

**1.128**  **SEC Bar Date:** The date or dates that have been established by Bankruptcy Court order regarding the deadline for Filing of Claims by the SEC, as may be extended by subsequent Bankruptcy Court order. *See* Docket Nos. 1829 & 2273.

**1.129**   **Section 503(b)(9) Claim:** A Claim arising under Bankruptcy Code section 503(b)(9) for the value of any goods received by the Debtors within twenty (20) calendar days before the Petition Date and that were sold to the Debtors in the ordinary course of their business.

**1.130**   **Secured Claim:** A Claim that is secured by a valid, perfected, and enforceable Lien on property in which the Debtors or the Estates have an interest, which Lien is valid, perfected, and enforceable under applicable law and not subject to avoidance under the Bankruptcy Code or applicable nonbankruptcy law. A Claim is a Secured Claim only to the extent of the value of the Holder's interest in the Debtors' interest in the Collateral or to the extent of the amount subject to setoff against a Cause of Action held by the Debtors, whichever is applicable, and as determined under Bankruptcy Code section 506(a). To the extent that the value of such interest in the Debtors' interest in the subject Collateral or the amount subject to setoff against a Cause of Action held by the Debtors (as applicable) is less than the amount of the Claim which has the benefit of such security or is supported by such setoff right, such portion of the Claim is unsecured and shall be treated as a General Unsecured Claim unless, in any such case, the Class of which the Secured Claim is a part makes a valid and timely election in accordance with Bankruptcy Code section 1111(b) to have such Claim(s) treated as a Secured Claim to the extent Allowed. For the avoidance of doubt, Intercompany Claims and the Standard Note Claims are not defined, classified, or treated as Secured Claims under the Plan as a result of the comprehensive settlement and compromise to be effected under the Plan.

**1.131**   **Securities Act:** The Securities Act of 1933, as amended.

**1.132**   **Standard Note Claim:** Any Note Claim that is not a Non-Debtor Loan Note Claim.

**1.133**   **Subordinated Claim:** Collectively, (a) any Non-Compensatory Penalty Claims and (b) any other Claim that is subordinated to General Unsecured Claims, Note Claims, or Unit Claims pursuant to Bankruptcy Code section 510, a Final Order, or by consent of the Creditor holding such Claim.

**1.134**   **Supplemental Bar Date:** Any "Supplemental Bar Date" as defined and established by the *Order Establishing Deadlines for Filing Proofs of Claim and Proofs of Interest and Approving the Form and Manner of Notice Thereof* [Docket No. 911].

**1.135**   **Unimpaired:** Any Class of Claims that is not impaired within the meaning of Bankruptcy Code section 1124.

**1.136**   **Uninsured Portion:** The portion of any Insured Claim, if any, that is not insured under the Debtors' insurance policies or that is beyond the extent of such coverage.

**1.137**   **Unit Claims:** Any and all Claims of a Person holding Units that arise from or in connection with any Units.

**1.138**   **Unitholder:** A given holder of one or more Units, after aggregating holdings common to a beneficial natural person owner, natural person joint tenants including after dissolution of marriage by divorce or otherwise, or such holder's estate, as applicable.

**1.139**   **Unitholder Committee:** The Official Ad Hoc Committee of Unitholders appointed in the Chapter 11 Cases as of January 23, 2018, as it may be reconstituted from time to time.

**1.140** **Units:** Any and all investments, interests, or other rights with respect to any of the Fund Debtors that were styled, marketed, or sold as "units."

**1.141** **Unliquidated Claim:** Any Claim that is Scheduled as unliquidated or that was Filed in an unliquidated amount.

**1.142** **Unsecured Creditors' Committee:** The official committee of unsecured creditors, as contemplated under Bankruptcy Code section 1102, which was appointed in the Chapter 11 Cases as of December 14, 2017, as it may be reconstituted from time to time.

**1.143** **Unsecured Creditors' Committee Action:** The motion Filed by the Unsecured Creditors' Committee [Docket No. 920] seeking leave, standing, and authority to prosecute certain Causes of Action on behalf of certain Debtors and their Estates, the draft complaint attached thereto, and any adversary proceeding that is subsequently commenced based on such motion or draft complaint.

**1.144** **U.S. Trustee:** The Office of the United States Trustee for the District of Delaware.

**1.145** **Voting Deadline:** The date and time by which all Ballots to accept or reject the Plan must be received in order to be counted under the Disclosure Statement Order.

**1.146** **Wind-Down Assets:** Collectively, (a) all Estate Assets other than the Liquidation Trust Assets and (b) other real-estate-related assets or entities that may be transferred or otherwise provided, directly or indirectly, to or for the benefit of the Debtors (after the Petition Date but before the Effective Date) or the Wind-Down Entity (on or after the Effective Date) by any Person.

**1.147** **Wind-Down Board:** The board of directors of the Wind-Down Entity, which will initially consist of Richard Nevins, M. Freddie Reiss, and the Wind-Down CEO.

**1.148** **Wind-Down CEO:** Frederick Chin or his successor.

**1.149** **Wind-Down Claim Expenses:** All Cash required to make payments in accordance with the Plan to Holders of Other Secured Claims and to counterparties to executory contracts and unexpired leases that are assumed and assigned to the Wind-Down Entity under the Plan or otherwise assumed and assigned pursuant to a Final Order.

**1.150** **Wind-Down Entity:** A Delaware limited liability company established on the Effective Date and named "Woodbridge Wind-Down Entity LLC" in which all Wind-Down Assets will be vested and administered by the Wind-Down CEO, subject to the supervision and oversight of the Wind-Down Board and the Liquidation Trustee.

**1.151** **Wind-Down Expenses:** Any and all reasonable fees, costs, and expenses incurred by the Wind-Down Entity not inconsistent with the Plan or the Wind-Down Governance Agreement, including (i) any administrative fees; (ii) attorneys' or other professionals' fees and expenses of the Wind-Down Entity; (iii) insurance fees or premiums; (iv) taxes; (v) escrow expenses; (vi) costs associated with any maintenance, liquidation, and administration as part of the wind down of the Debtors; (vii) Wind-Down Claim Expenses; and (viii) costs to maintain, develop, improve, or insure any Wind-Down Assets while they are held for sale or otherwise liquidated,

and any other expenses incurred or otherwise payable in accordance with the Wind-Down Governance Agreement.

**1.152   Wind-Down Governance Agreement:** An agreement substantially in the form Filed in the Plan Supplement and reasonably acceptable to each of the Committees delineating the rights of the Liquidation Trust and the Liquidation Trust Supervisory Board based on the Liquidation Trust's 100% ownership of the Wind-Down Entity.

**1.153   Wind-Down Indemnified Parties:** The Wind-Down CEO, the Wind-Down Board, and their respective Related Parties, each in their respective capacity as such.

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

**2.1   Summary and Classification of Claims.** This Section classifies Claims – except for Administrative Claims, Professional Fee Claims, Priority Tax Claims, and DIP Claims, which are not classified – for all purposes, including confirmation, Distributions, and voting. A Claim is classified in a particular Class only to the extent that the Claim falls within the Class description. To the extent that part of a Claim falls within a different Class description, that part of the Claim is classified in that different Class. The following table summarizes the Classes of Claims under the Plan:

| CLASS | DESCRIPTION | IMPAIRED/ UNIMPAIRED | VOTING STATUS |
|-------|-------------|----------------------|---------------|
| None | Administrative Claims | Unimpaired | Not Entitled to Vote |
| None | Professional Fee Claims | Unimpaired | Not Entitled to Vote |
| None | Priority Tax Claims | Unimpaired | Not Entitled to Vote |
| None | DIP Claims | Unimpaired | Not Entitled to Vote |
| Class 1 | Other Secured Claims[3] | Unimpaired | Not Entitled to Vote (deemed to accept) |
| Class 2 | Priority Claims | Unimpaired | Not Entitled to Vote (deemed to accept) |
| Class 3 | Standard Note Claims | Impaired | Entitled to Vote |
| Class 4 | General Unsecured Claims | Impaired | Entitled to Vote |

---

[3]   For voting purposes and to comply with Bankruptcy Code section 1122(a), each Allowed Other Secured Claim shall be deemed to be in its own subclass (unless such Holder shares the same Lien on Collateral with a different Holder of another Other Secured Claim, in which case such Claims shall be deemed to be included together in the same subclass).

| CLASS | DESCRIPTION | IMPAIRED/ UNIMPAIRED | VOTING STATUS |
|-------|-------------|----------------------|---------------|
| Class 5 | Unit Claims | Impaired | Entitled to Vote |
| Class 6 | Non-Debtor Loan Note Claims | Impaired | Entitled to Vote |
| Class 7 | Subordinated Claims | Impaired | Not Entitled to Vote (deemed to reject) |
| Class 8 | Equity Interests | Impaired | Not Entitled to Vote (deemed to reject) |

**NOTWITHSTANDING ANY OTHER TERM OR PROVISION OF THE PLAN, NO DISTRIBUTIONS WILL BE MADE ON ACCOUNT OF ANY CLAIM THAT IS NOT AN ALLOWED CLAIM AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY CLAIM THAT IS A DISALLOWED CLAIM.**

**2.2     Classification & Voting Controversies.**

(a)     If a controversy arises regarding whether any Claim is properly classified under the Plan, then the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.

(b)     If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the Holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

## ARTICLE III

### TREATMENT OF CLAIMS AND EQUITY INTERESTS

**3.1     Unclassified Claims.**

**3.1.1     Administrative Claims.** Except as otherwise provided for herein, and subject to the requirements of the Plan, on or as soon as reasonably practicable after the later of (i) the Effective Date and (ii) thirty (30) calendar days following the date on which an Administrative Claim becomes an Allowed Administrative Claim, the Holder of such Allowed Administrative Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Administrative Claim, (a) Cash equal to the unpaid portion of such Allowed Administrative Claim or (b) such other less favorable treatment as to which such Holder and the Liquidation Trust shall have agreed upon in writing.

**3.1.2     Professional Fee Claims.** Professional Fee Claims shall be paid as set forth in Section 11.2 of the Plan.

**3.1.3    Priority Tax Claims.** In full satisfaction, settlement, and release of and in exchange for such Claims, Allowed Priority Tax Claims shall be paid, at the Liquidation Trust's option, as follows: (a) Cash equal to the unpaid portion of such Allowed Priority Tax Claim on the later of the Effective Date and thirty (30) calendar days following the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim; (b) in regular installment payments in Cash over a period not exceeding five (5) years after the Petition Date, plus interest on the unpaid portion thereof at the rate determined under applicable nonbankruptcy law as of the calendar month in which the Effective Date occurs (*provided* that such election shall be without prejudice to the right to prepay any such Allowed Priority Tax Claim in full or in part without penalty); or (c) such other treatment as to which the Holder of an Allowed Priority Tax Claim and the Liquidation Trust shall have agreed upon in writing.

**3.1.4    DIP Claims.** Subject to the DIP Orders, on the Effective Date, the DIP Claims shall be deemed to be Allowed in the full amount due and owing under the DIP Facility as of the Effective Date, if any. On the Effective Date, any outstanding DIP Claims shall be indefeasibly paid in full in Cash and the Debtors' rights and obligations under the DIP Facility shall be cancelled.

**3.2    Class 1: Other Secured Claims.**

Class 1 consists of all Other Secured Claims. Class 1 is Unimpaired under the Plan.

The legal, equitable, and contractual rights of Holders of Allowed Class 1 Claims are unaltered by the Plan, and, notwithstanding substantive consolidation of the Debtors and vesting of the Wind-Down Assets in the Wind-Down Entity, the Liens of the Holders of Allowed Class 1 Claims will continue to attach to their respective Collateral, provided that all such Claims shall remain subject to any and all defenses, counterclaims, and setoff or recoupment rights with respect thereto. Unless the Wind-Down Entity and the Holder of an Allowed Class 1 Claim agree to other treatment, on or as soon as is reasonably practicable after the Effective Date, each Holder of an Allowed Class 1 Claim shall receive, at the Wind-Down Entity's option: (i) Cash from the Wind-Down Entity in the Allowed amount of such Holder's Allowed Class 1 Claim; or (ii) the return by the Wind-Down Entity of the Collateral securing such Allowed Class 1 Claim, without representation or warranty by any Person (and without recourse against any Person regarding such Other Secured Claim); or (iii) (A) the cure of any default, other than a default of the kind specified in Bankruptcy Code section 365(b)(2), that Bankruptcy Code section 1124(2) requires to be cured, with respect to such Holder's Allowed Class 1 Claim, without recognition of any default rate of interest or similar penalty or charge, and upon such cure, no default shall exist; (B) the reinstatement of the maturity of such Allowed Class 1 Claim as the maturity existed before any default, without recognition of any default rate of interest or similar penalty or charge; and (C) retention of its unaltered legal, equitable, and contractual rights with respect to such Allowed Class 1 Claim, including through the retention of any associated Lien on the Collateral securing such Allowed Class 1 Claim.

The Bankruptcy Court shall retain jurisdiction and power to determine the amount necessary to satisfy any Allowed Class 1 Claim for which treatment is elected under clause (i) or clause (iii) of the immediately foregoing paragraph. With respect to any Allowed Class 1 Claim for which treatment is elected under clause (i), any Holder of such Allowed Class 1 Claim shall release (and by the Confirmation Order shall be deemed to release) all Liens against any Estate

Assets. Notwithstanding anything else in the Plan, the Holders of Allowed Class 1 Claims will have no right to receive any Distribution from, or otherwise share in, any of the Liquidation Trust Assets.

### 3.3    Class 2: Priority Claims.

Class 2 consists of all Priority Claims. Class 2 is Unimpaired under the Plan.

On, or as soon as reasonably practicable after, the later of (i) the Effective Date and (ii) the date on which a Priority Claim becomes payable pursuant to and as specified by an order of the Bankruptcy Court, the Holder of such Allowed Priority Claim shall receive, in full satisfaction, settlement, and release of and in exchange for such Allowed Priority Claim, either (a) Cash from the Liquidation Trust equal to the unpaid portion of such Allowed Priority Claim or (b) such other less favorable treatment from the Liquidation Trust to which such Holder and the Liquidation Trust shall have agreed upon in writing.

### 3.4    Class 3: Standard Note Claims.

Class 3 consists of all Standard Note Claims, as well as those Non-Debtor Loan Note Claims that are reclassified in Class 3 pursuant to Section 3.7 of the Plan. Class 3 is Impaired under the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Class 3 Claims will receive on or as soon as reasonably practicable after the Effective Date, one (1) Class A Liquidation Trust Interest for each $75.00 of Net Note Claims held by the applicable Noteholder with respect to its Allowed Note Claims (any resulting fractional Class A Liquidation Trust Interests will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). As set forth more fully in Section 5.4.10 of the Plan, subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests will be made by the Liquidation Trust in accordance with the Liquidation Trust Interests Waterfall.

The treatment of the Standard Note Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Noteholder may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the Liquidation Trust by making the Ballot election described below).

Each Holder of a Standard Note Claim may agree, by electing on its Ballot, to contribute its Contributed Claims to the Liquidation Trust. By electing such option on its Ballot, the Noteholder agrees that, subject to the occurrence of the Effective Date and the formation of the Liquidation Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the Liquidation Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize such contribution. The relative share of Liquidation Trust recoveries for any so electing Noteholder in respect of its Class 3 Claim will be enhanced by having the amount that otherwise would be its Net Note Claim increased by the Contributing Claimants Enhancement Multiplier. Noteholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

**3.5**     **Class 4: General Unsecured Claims.**

Class 4 consists of all General Unsecured Claims. Class 4 is Impaired under the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Class 4 Claims will receive on or as soon as reasonably practicable after the Effective Date, one (1) Class A Liquidation Trust Interest for each $75.00 of Allowed General Unsecured Claims held by the applicable Creditor (any resulting fractional Class A Liquidation Trust Interests will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). As set forth more fully in Section 5.4.10 of the Plan, subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests will be made by the Liquidation Trust in accordance with the Liquidation Trust Interests Waterfall.

**3.6**     **Class 5: Unit Claims.**

Class 5 consists of all Unit Claims. Class 5 is Impaired under the Plan.

In full satisfaction, settlement, and release of and in exchange for such Claims, the Holders of Allowed Unit Claims will receive on or as soon as reasonably practicable after the Effective Date, 0.725 Class A Liquidation Trust Interests and 0.275 Class B Liquidation Trust Interests for each $75.00 of Net Unit Claims held by the applicable Unitholder with respect to its Allowed Unit Claims (any resulting fractional Class A Liquidation Trust Interests or Class B Liquidation Trust Interests will be rounded to the nearest hundredth of such Liquidation Trust Interest with five thousandths thereof rounded up to the next hundredth). As set forth more fully in Section 5.4.10 of the Plan, subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests and the Class B Liquidation Trust Interests will be made by the Liquidation Trust in accordance with the Liquidation Trust Interests Waterfall.

The treatment of the Unit Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Unitholder may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the Liquidation Trust by making the Ballot election described below).

Each Holder of a Unit Claim may agree, by electing on its Ballot, to contribute its Contributed Claims to the Liquidation Trust. By electing such option on its Ballot, the Unitholder agrees that, subject to the occurrence of the Effective Date and the formation of the Liquidation Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the Liquidation Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize such contribution. The relative share of Liquidation Trust recoveries for any so electing Unitholder will be enhanced by having the amount that otherwise would be its Net Unit Claim increased by the Contributing Claimants Enhancement Multiplier. Unitholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

**3.7**    **Class 6: Non-Debtor Loan Note Claims.**

Class 6 consists of all Non-Debtor Loan Note Claims. Class 6 is Impaired under the Plan.

The Debtors dispute that any Non-Debtor Loan Note Claim is actually secured by a perfected Lien, and no Class 6 Claim will be Allowed in any respect under the Plan. Instead, the Liquidation Trust may litigate against any Disputing Claimant holding a Non-Debtor Loan Note Claim (i) any disputes about the secured or unsecured status, amount, and priority of such Non-Debtor Loan Note Claim; (ii) any Liquidation Trust Actions that may exist against such Noteholder; and (iii) any other matters pertaining to such Noteholder's rights vis-à-vis the Debtors or the Estates. In order to settle and avoid such potential litigation, each Class 6 Ballot will provide an opportunity for the applicable Noteholder to affirmatively consent to reclassification of its Claim as a Class 3 Claim, whereupon (a) such Claim will be treated as if such Claim had always been part of Class 3 and based on the applicable amounts in the Schedule of Principal Amounts and Prepetition Distributions, to which amounts the applicable Noteholder will have agreed and be bound; and (b) the applicable Noteholder will have agreed to release (and by the Confirmation Order shall be deemed to release) all asserted Liens against any Estate Assets.

If the Bankruptcy Court determines in a Final Order that any given Holder of a Class 6 Claim holds a valid Secured Claim, then in full satisfaction, settlement, and release of and in exchange for such Claim, such Holder will receive on or as soon as is reasonably practicable after the date of such determination Cash from the Liquidation Trust in the amount of such Holder's Allowed Class 6 Claim to the extent such Allowed Claim is a Secured Claim, with post-Confirmation interest thereon at the applicable contract rate, and any Holder of such Allowed Class 6 Claim shall release (and by the Confirmation Order shall be deemed to release) all Liens against any Estate Assets.

If the Bankruptcy Court determines in a Final Order that any given Holder of a Class 6 Claim does not hold a valid Secured Claim, then in full satisfaction, settlement, and release of and in exchange for such Claim, such Claim shall automatically be reclassified as a Class 3 Claim and such Claim will be treated as if such Claim had always been part of Class 3 and based on the Outstanding Principal Amounts and Prepetition Distributions that are determined by the Bankruptcy Court regarding such Noteholder, including, if applicable, after taking into account any Liquidation Trust Actions that the Liquidation Trust may pursue against the particular Disputing Claimant (as to which all rights of the Liquidation Trust are reserved).

If the Liquidation Trust and any given Holder of a Class 6 Claim reach an agreement regarding the treatment of such Holder's Claim that eliminates the need for the Bankruptcy Court to make the determination contemplated by the preceding two paragraphs, then in full satisfaction, settlement, and release of and in exchange for such Claim, such Claim shall receive the treatment that is agreed between the Liquidation Trust and such Holder.

The treatment of the Non-Debtor Loan Note Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Noteholder may have against any Person that is not a Released Party (including those rights that may be included in the Contributed Claims and contributed to the Liquidation Trust by making the Ballot election described below).

Each Holder of a Non-Debtor Loan Note Claim may agree, by electing on its Ballot, to contribute its Contributed Claims to the Liquidation Trust. By electing such option on its Ballot, the Noteholder agrees that, subject to the occurrence of the Effective Date and the formation of the Liquidation Trust, it will be deemed, without further action, (i) to have contributed its Contributed Claims to the Liquidation Trust and (ii) to have agreed to execute any documents reasonably requested to memorialize such contribution. The relative share of Liquidation Trust recoveries for any so electing Noteholder, to the extent that its Claim is classified and treated as a Class 3 Claim, will be enhanced by having the amount that otherwise would be its Net Note Claim increased by the Contributing Claimants Enhancement Multiplier. Noteholders also may choose to make such election because aggregating all Contributed Claims and similar Liquidation Trust Actions may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.

**3.8    Class 7: Subordinated Claims.**

Class 7 consists of all Subordinated Claims. Class 7 is Impaired under the Plan.

The Holders of Allowed Subordinated Claims will retain a residual right to receive Cash that remains in the Liquidation Trust after the final administration of all Liquidation Trust Assets and the complete satisfaction of all senior payment rights within the Liquidation Trust Interests Waterfall. The Debtors have determined not to solicit the votes of the Holders of any Class 7 Claims, and such Holders shall be deemed to have rejected the Plan and, therefore, such Holders are not entitled to vote on the Plan.

**3.9    Class 8: Equity Interests.**

Class 8 consists of all Equity Interests. Class 8 is Impaired under the Plan.

As of the Effective Date, all Equity Interests shall be deemed void, cancelled, and of no further force and effect. On and after the Effective Date, Holders of Equity Interests shall not be entitled to, and shall not receive or retain any property or interest in property under the Plan on account of such Equity Interests. Class 8 is deemed to have rejected the Plan and, therefore, Holders of Equity Interests are not entitled to vote on the Plan.

**3.10    Special Provisions Regarding Insured Claims.**

(a)    Any Allowed General Unsecured Claim with respect to an Insured Claim shall be limited to the Uninsured Portion of such Claim, provided such Claims have been timely Filed by the applicable Claims Bar Date.

(b)    If there is insurance purchased by or otherwise applicable to the Debtors, any Person with rights against or under the applicable insurance policy, including the Wind-Down Entity, the Liquidation Trust, and Holders of Insured Claims, may pursue such rights.

(c)    Nothing in this Section 3.10 shall constitute a waiver of any Causes of Action the Debtors, the Estates, the Wind-Down Entity, or the Liquidation Trust may hold against any Person, including the Debtors' insurance carriers; and nothing in this Section 3.10 is intended to, shall, or shall be deemed to preclude any Holder of an Insured Claim from seeking or obtaining a

distribution or other recovery from any insurer of the Debtors in addition to (but not in duplication of) any Distribution such Holder may receive under the Plan; *provided, however*, that the Debtors, the Wind-Down Entity, and the Liquidation Trust do not waive, and expressly reserve their rights to assert that any insurance coverage is property of the Estates to which they are entitled.

(d)     The Plan shall not expand the scope of, or alter in any other way, the rights and obligations of the Debtors' insurers under their policies, and the Debtors' insurers shall retain any and all defenses to coverage that such insurers may have, including the right to contest or litigate with any Person the existence, primacy, or scope of available coverage under any allegedly applicable policy. The Plan shall not operate as a waiver of any other Claims the Debtors' insurers have asserted or may assert in any proof of claim or of any objections or defenses to any such Claims.

**3.11    Comprehensive Settlement of Claims and Controversies.**

**3.11.1    Generally.** Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor, including the Unsecured Creditors' Committee Action. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Bankruptcy Court's finding that all such compromises or settlements are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable. This comprehensive compromise and settlement is a critical component of the Plan and is designed to provide a resolution of myriad disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors.

**3.11.2    Implementing Settlement Elements.** Pursuant to the comprehensive compromise and settlement negotiated by the Debtors and the Committees, the Plan effectuates, among other things, the following:

(a)     On the Effective Date, unless held by Excluded Parties or Disputing Claimants (in which case such Claims are Disputed Claims), all Class 3 Standard Note Claims and all Class 5 Unit Claims are deemed Allowed under the Plan as set forth in the Schedule of Principal Amounts and Prepetition Distributions;

(b)     To the extent, and only to the extent, a Claim is Allowed by subparagraph (a) above, the following Liquidation Trust Actions are waived and released as to the applicable Noteholder or Unitholder (that is not a Disputing Claimant): (i) Liquidation Trust Actions to avoid or recover a Prepetition Distribution with respect to the subject Allowed Claim and (ii) Liquidation Trust Actions to avoid or recover a Debtor's prepetition payment of consideration representing the return or repayment of the principal of any Note or any Unit (which consideration is applied as such prior to determining the

Outstanding Principal Amount for the Notes or Units relevant to the applicable Allowed Claim);

(c)      In accordance with Section 5.8 of the Plan, subject to the rights of Allowed Other Secured Claims, the Fund Debtors will be substantively consolidated into Woodbridge Mortgage Investment Fund 1, LLC and the Other Debtors will be substantively consolidated into Woodbridge Group of Companies, LLC;

(d)      The Holders of Allowed Claims in Class 3 (Standard Note Claims), Class 4 (General Unsecured Claims), Class 5 (Unit Claims), and Class 6 (Non-Debtor Loan Note Claims) will receive the treatment provided for such Holders under the Plan;

(e)      The Liquidation Trust will be created to most effectively and efficiently pursue the Liquidation Trust Actions for the collective benefit of all the Liquidation Trust Beneficiaries (as well as to own the membership interests of the Wind-Down Entity, establish and hold the Distribution Reserves, and receive and distribute to Noteholders, Holders of General Unsecured Claims, and Unitholders holding Liquidation Trust Interests the net proceeds of the liquidation of Wind-Down Assets by the Wind-Down Entity remaining after payment of Wind-Down Expenses, Liquidation Trust Expenses, and certain other Claims, all in accordance with the Plan);

(f)      Findings will be sought in the Confirmation Order that (i) beginning no later than July 2012 through December 1, 2017, Robert H. Shapiro used his web of more than 275 limited liability companies, including the Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billion from over 8,400 unsuspecting investors nationwide; (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors; and (iii) the Ponzi scheme was discovered in December 2017; and

(g)      Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be extinguished immediately before the Effective Date with no separate recovery on account of any such Claims and any Intercompany Liens that could be asserted by one Debtor regarding any Estate Assets owned by another Debtor will be deemed released and discharged on the Effective Date; *provided, however,* that solely with respect to any Secured Claim of a non-debtor as to which the associated Lien would be junior to any Intercompany Lien, the otherwise released Intercompany Claim and associated Intercompany Lien will be preserved for the benefit of, and may be asserted by, the Liquidation Trust as to any Collateral that is Cash and, otherwise, the Wind-Down Entity so as to retain the relative priority and seniority of such Intercompany Claim and associated Intercompany Lien.

## ARTICLE IV

### ACCEPTANCE OR REJECTION OF THE PLAN

**4.1      Impaired Class of Claims Entitled to Vote.** Only the votes of Holders of Allowed Claims in Class 3, Class 4, Class 5, and Class 6 shall be solicited with respect to the Plan.

**4.2     Acceptance by an Impaired Class.** In accordance with Bankruptcy Code section 1126(c), and except as provided in Bankruptcy Code section 1126(e), the Holders of Claims in any Class entitled to vote on the Plan shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds (⅔) in dollar amount and more than one-half (½) in number of the Allowed Claims in such Class that have timely and properly voted to accept or reject the Plan.

**4.3     Presumed Acceptances by Unimpaired Classes.** Class 1 and Class 2 are Unimpaired under the Plan. Under Bankruptcy Code section 1126(f), the Holders of Claims in such Unimpaired Classes are conclusively presumed to have accepted the Plan, and, therefore, the votes of such Holders shall not be solicited.

**4.4     Impaired Classes Deemed to Reject Plan.** The Debtors have determined not to solicit the votes of Holders of any Claims in Class 7, and such Holders shall be deemed to have rejected the Plan and, therefore, such Holders are not entitled to vote on the Plan. Holders of Equity Interests in Class 8 are not entitled to receive or retain any property or interests in property under the Plan. Under Bankruptcy Code section 1126(g), such Holders are deemed to have rejected the Plan, and, therefore, the votes of such Holders shall not be solicited.

**4.5     Modifications of Votes.** Following the Voting Deadline, no Creditors entitled to vote on the Plan will be able to change their votes cast on the Plan or any attendant elections or preferences without the written consent of the Debtors, which consent may be given or withheld in the Debtors' reasonable discretion after consultation with each of the Committees.

**4.6     Confirmation Pursuant to Bankruptcy Code Section 1129(b).** Because at least one Impaired Class is deemed to have rejected the Plan, the Debtors will and hereby request confirmation of the Plan under Bankruptcy Code section 1129(b). The Debtors reserve the right to alter, amend, modify, revoke, or withdraw the Plan, the Plan Supplement, or any schedule or exhibit, including to amend or modify it to satisfy the requirements of Bankruptcy Code section 1129(b), if necessary.

**4.7     Elimination of Vacant Classes.** Any Class of Claims or Equity Interests that does not contain, as of the date of the commencement of the Confirmation Hearing, a Holder of an Allowed Claim, or a Holder of a Claim temporarily allowed under Bankruptcy Rule 3018, shall be deemed deleted from the Plan for purposes of determining acceptance of the Plan by such Class under Bankruptcy Code section 1129(a)(8).

**4.8     Severability of Joint Plan.** This Plan represents a joint plan comprised of individual plans for each of the Debtors. As further discussed in Section 11.6 of the Plan, the Debtors may alter, amend, or modify this Plan at or before the Confirmation Hearing, including to remove one or more Debtors from this Plan, in the Debtors' reasonable discretion after consultation with each of the Committees.

## ARTICLE V

## IMPLEMENTATION OF THE PLAN

**5.1     Implementation of the Plan.** The Plan will be implemented by various acts and transactions as set forth in the Plan, including, among other things, the establishment of the Wind-Down Entity and the Liquidation Trust, the appointment of the Wind-Down CEO, the

Liquidation Trustee, and the Remaining Debtors Manager, and the making of Distributions by the Liquidation Trust and, as applicable, the Wind-Down Entity in accordance with the Plan.

**5.2     Streamlining of the Debtors' Corporate Affairs.**

   **5.2.1     Debtors' Existing Directors, Officers, and Managers.** On the Effective Date, each of the Debtors' existing directors, officers, and managers shall be terminated automatically without the need for any Corporate Action and without the need for any corporate or limited liability company filings, and shall have no ongoing rights against or obligations to the Debtors or the Estates, including under any applicable prepetition agreements (all of which will be deemed terminated). On the Effective Date, the Wind-Down CEO shall succeed to all such powers as would have been applicable to the Debtors' officers and managers in respect of all Wind-Down Assets and the Liquidation Trustee shall succeed to all such powers as would have been applicable to the Debtors' officers and managers in respect of all Liquidation Trust Assets; *provided, however*, that the Wind-Down CEO and the Liquidation Trustee may continue to consult with or employ the Debtors' former directors, officers, employees, and managers to the extent required to comply with applicable law or contractual provisions regarding the Debtors.

   **5.2.2     The Remaining Debtors Pending the Closing of the Cases.** Each Remaining Debtor shall continue in existence after the Effective Date as a post-Effective-Date entity for the purposes of ensuring, among other things, that Creditors will obtain the benefits of any allegedly transfer-restricted assets. Without the need for any Corporate Action and without the need for any corporate or limited liability company filings, (a) all Equity Interests of the Remaining Debtors issued and outstanding immediately before the Effective Date shall be automatically cancelled and extinguished on the Effective Date and (b) as of the Effective Date, new membership interests of each Remaining Debtor, representing all of the issued and outstanding membership interests of each such Remaining Debtor, shall be issued to the Liquidation Trust, which new membership interests so issued shall be deemed to have been offered and sold to the Liquidation Trust in reliance on the exemption from registration under the Securities Act afforded by section 4(a)(2) thereof. On and after the Effective Date, each Remaining Debtor will be a wholly-owned subsidiary of the Liquidation Trust, and the Liquidation Trust may expend with respect to such Remaining Debtor such amounts as the Liquidation Trust determines is appropriate, in its discretion. The sole manager of each Remaining Debtor shall be the Remaining Debtors Manager. The Remaining Debtors Manager's rights and powers with respect to operations, employment, compensation, indemnity, and exculpation as to each Remaining Debtor shall, to the greatest extent possible, be the same as its rights and powers as Liquidation Trustee in connection with the Liquidation Trust, and the Remaining Debtors Manager may take such steps as appropriate to maintain the good standing of the applicable Remaining Debtor. Until a Remaining Debtor is dissolved, all cash or property received by the Remaining Debtor, gross or net of any expenses of the Remaining Debtor incurred after the Effective Date, shall be transferred to the Liquidation Trust. Each Remaining Debtor (a) shall have the Liquidation Trust as its sole member and the Liquidation Trust shall be deemed to be admitted as a member of each Remaining Debtor on the Effective Date, (b) shall be treated as a disregarded entity for income tax purposes, (c) shall have a purpose consistent with the purpose of the Liquidation Trust as set forth in Section 5.4.4 of the Plan, and (d) shall be subject to the same limitations imposed on the Liquidation Trustee under the terms of this Plan and the Liquidation Trust Agreement.

**5.2.3    Dissolution of the Debtors.** On the Effective Date, each of the Debtors other than the Remaining Debtors will be dissolved automatically without the need for any Corporate Action, without the need for any corporate or limited liability company filings, and without the need for any other or further actions to be taken by or on behalf of such dissolving Debtor or any other Person or any payments to be made in connection therewith; *provided, however*, that the Liquidation Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Debtors other than the Remaining Debtors. On and as of the earlier of the Closing Date and the date on which the Remaining Debtors Manager Files with the Bankruptcy Court a notice of dissolution as to a Remaining Debtor, such Remaining Debtor will be dissolved automatically without the need for any Corporate Action, without the need for any corporate or limited liability company filings, and without the need for any other or further actions to be taken by or on behalf of such dissolving Remaining Debtor or any other Person or any payments to be made in connection therewith; *provided, however*, that the Liquidation Trust may in its discretion file any certificates of cancellation as may be appropriate in connection with dissolution of any Remaining Debtors.

**5.2.4    Corporate Documents and Corporate Authority.** On the Effective Date, the certificates of incorporation, bylaws, operating agreements, and articles of organization, as applicable, of all the Debtors shall be deemed amended to the extent necessary to carry out the provisions of the Plan. The entry of the Confirmation Order shall constitute authorization for the Debtors, the Wind-Down CEO, the Liquidation Trustee, and the Remaining Debtors Manager, as applicable, to take or cause to be taken all actions (including, if applicable, Corporate Actions) necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act, or action under any applicable law, order, rule, or regulation.

**5.3    The Wind-Down Entity.**

**5.3.1    Appointments.**

(a)    On and after the Effective Date, the initial Wind-Down CEO shall become and serve as Wind-Down CEO. The compensation terms for the Wind-Down CEO will be set forth in a separate document to be Filed as part of the Plan Supplement.

(b)    On and after the Effective Date, the initial Wind-Down Board shall become and serve as Wind-Down Board. The compensation of the non-CEO members of the Wind-Down Board will be $20,000 per month for each calendar month of service during the first year after the Effective Date and $15,000 per month for each calendar month of service commencing after the first anniversary of the Effective Date.

**5.3.2    Creation and Governance of the Wind-Down Entity.** On the Effective Date, the Wind-Down Entity and the Liquidation Trustee shall execute the Wind-Down Governance Agreement and shall take any other steps necessary to establish the Wind-Down Entity in accordance with the Plan. The Wind-Down Entity shall be governed by the Wind-Down Governance Agreement and administered by the Wind-Down CEO and the Wind-Down Board. The powers, rights, duties, and responsibilities of the Wind-Down CEO and the Wind-Down Board shall be specified in the Wind-Down Governance Agreement. The Wind-Down Entity shall hold, administer, and distribute the Wind-Down Assets in accordance with the provisions of

the Plan and the Wind-Down Governance Agreement. The Wind-Down Entity (a) shall have the Liquidation Trust as its sole member and the Liquidation Trust shall be deemed to be admitted as a member of the Wind-Down Entity on the Effective Date, (b) shall be treated as a disregarded entity for income tax purposes, (c) shall have a purpose consistent with the purpose of the Liquidation Trust as set forth in Section 5.4.4 of the Plan, and (d) shall be subject to the same limitations imposed on the Liquidation Trustee under the terms of this Plan and the Liquidation Trust Agreement.

**5.3.3    Vesting of Wind-Down Assets.** On the Effective Date, the Wind-Down Entity will be automatically vested with all of the Debtors' and the Estates' respective rights, title, and interest in and to all Wind-Down Assets, including any Debtor's or any Estate's associated rights, including any such rights to exercise and enforce rights and remedies of Holders of Non-Debtor Loan Note Claims regarding any loans or related interests as to which the lender was a Debtor and the underlying borrower actually is or actually was a Person that is not a Debtor as more fully set forth in Section 5.3.4(g) of the Plan. Except as specifically provided in the Plan or the Confirmation Order, the Wind-Down Assets shall automatically vest in the Wind-Down Entity free and clear of all Claims, Liens, or interests, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The Wind-Down Entity shall be the exclusive representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3)(B) regarding all Wind-Down Assets.

**5.3.4    Authority.** Subject to the supervision of the Wind-Down Board and the provisions of the Wind-Down Governance Agreement, the Wind-Down CEO shall have the authority and right on behalf of each of the Debtors and their respective Estates, without the need for Bankruptcy Court approval (unless otherwise indicated), to carry out and implement all applicable provisions of the Plan for the ultimate benefit of the Liquidation Trust, including to:

(a)    retain, compensate, and employ professionals and other Persons to represent the Wind-Down Entity with respect to and in connection with its rights and responsibilities;

(b)    establish, maintain, and administer accounts of the Debtors as appropriate;

(c)    maintain, develop, improve, administer, operate, conserve, supervise, collect, settle, and protect the Wind-Down Assets (subject to the limitations described herein or in the Wind-Down Governance Agreement);

(d)    sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the Wind-Down Assets or any part thereof or any interest therein, including through the formation on or after the Effective Date of any new or additional legal entities to be owned by the Wind-Down Entity to own and hold particular Wind-Down Assets separate and apart from any other Wind-Down Assets, upon such terms as the Wind-Down CEO determines to be necessary, appropriate, or desirable (subject to the limitations described herein or in the Wind-Down Governance Agreement), including the consummation of any sale transaction for any Wind-Down Assets as to which an approval order was entered by the Bankruptcy Court before the Effective Date;

(e)    invest Cash of the Debtors and the Estates, including any Cash realized from the liquidation of the Wind-Down Assets, which investments, for the avoidance of doubt, will not be required to comply with Bankruptcy Code section 345(b);

(f)    negotiate, incur, and pay the Wind-Down Expenses, including in connection with the resolution and satisfaction of any Wind-Down Claim Expenses;

(g)    exercise and enforce all rights and remedies regarding any loans or related interests as to which the lender was a Debtor and the underlying borrower actually is or actually was a Person that is not a Debtor, including any such rights or remedies that any Debtor or any Estate was entitled to exercise or enforce prior to the Effective Date on behalf of a Holder of a Non-Debtor Loan Note Claim, and including rights of collection, foreclosure, and all other rights and remedies arising under any promissory note, mortgage, deed of trust, or other document with such underlying borrower or under applicable law;

(h)    comply with the Plan, exercise the Wind-Down CEO's rights, and perform the Wind-Down CEO's obligations; and

(i)    exercise such other powers as deemed by the Wind-Down CEO to be necessary and proper to implement the provisions of the Plan.

To the extent necessary to give full effect to its administrative rights and duties under the Plan, the Wind-Down CEO shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) an appropriate corporate or limited liability company officer or manager of each of the Debtors under any applicable nonbankruptcy law and (ii) a "trustee" of each of the Debtors under Bankruptcy Code sections 704 and 1106.

### 5.3.5    Relationship with the Liquidation Trust.

(a)    On the Effective Date, all of the membership interests in the Wind-Down Entity will be issued to the Liquidation Trust. The Liquidation Trust will at all times be the sole and exclusive owner of the Wind-Down Entity, and the Wind-Down Entity will not issue any equity interests to any other Person.

(b)    Commencing on the first Business Day that is no longer than thirty (30) calendar days after the quarter-end of the first full calendar quarter following the Effective Date and continuing on the first Business Day that is no longer than thirty (30) calendar days after each calendar quarter-end thereafter, the Wind-Down Entity will remit to the Liquidation Trust as of such quarter-end any Cash in excess of its budgeted reserve for ongoing operations, other anticipated Wind-Down Expenses, and its other Plan obligations (subject to more specific provisions as may be set forth in the Wind-Down Governance Agreement).

(c)    The Wind-Down Entity shall advise the Liquidation Trust regarding the status of the affairs of the Wind-Down Entity on at least a monthly basis and shall reasonably make available to the Liquidation Trust such information as is necessary for any reporting by the Liquidation Trust.

(d)    The Wind-Down Entity shall advise the Liquidation Trust regarding any material actions by the Wind-Down Board, including the sale of any property prior to entering into a contract of sale or the change in course of the business plan agreed to as part of the Plan. If there is any disagreement between the Wind-Down Entity and the Liquidation Trust as to a material matter, in the first instance the Wind-Down Entity and the Liquidation Trust shall seek to resolve

their dispute regarding such material matter. In the event the Wind-Down Entity and the Liquidation Trust cannot resolve the dispute, then no action will be taken regarding such material matter absent an order of the Bankruptcy Court.

(e)    The Liquidation Trust will have all additional rights regarding the Wind-Down Entity as are set forth in the Wind-Down Governance Agreement, including that the Wind-Down Entity shall not be entitled to encumber, invest, or gift any of its assets or make asset acquisitions except as and to the extent permitted by the Wind-Down Governance Agreement.

**5.3.6    Removal or Resignation of the Wind-Down CEO.** The Wind-Down CEO may be removed for cause by the Wind-Down Board. The Wind-Down CEO may resign by giving not less than thirty (30) calendar days' prior notice thereof in a notice Filed in the Chapter 11 Cases.

**5.3.7    Successor Wind-Down CEO.** At any time that Frederick Chin is no longer the Wind-Down CEO, the Wind-Down Board will select a replacement Wind-Down CEO, subject to the approval of such replacement by the Liquidation Trust.

**5.3.8    Removal or Resignation of Wind-Down Board Members.** A member of the Wind-Down Board may be removed for cause by the Liquidation Trust. A member of the Wind-Down Board may resign by giving not less than thirty (30) calendar days' prior notice thereof to the other members of the Wind-Down Board.

**5.3.9    Successor Wind-Down Board Members.** At any time that there is a vacancy on the Wind-Down Board, the Liquidation Trust will select a replacement Wind-Down Board member.

**5.3.10    Termination of the Wind-Down CEO and Dissolution of the Wind-Down Entity.** Following the sale or other disposition of all the Wind-Down Assets, the Wind-Down CEO's role as Wind-Down CEO shall be terminated, the Wind-Down Entity shall be dissolved, and the Wind-Down Board shall authorize and direct that the Wind-Down CEO file a certificate of cancellation to terminate the existence of the Wind-Down Entity.

**5.3.11    Indemnification.** The Wind-Down Entity and the Liquidation Trust shall indemnify the Wind-Down Indemnified Parties for, and shall defend and hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred without gross negligence or willful misconduct on the part of the Wind-Down Indemnified Parties (which gross negligence or willful misconduct, if any, must be determined by a final, non-appealable order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Wind-Down Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or the Wind-Down Governance Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence or willful misconduct. In addition, the Wind-Down Entity and the Liquidation Trust shall, to the fullest extent permitted by law, indemnify, defend, and hold harmless the Wind-Down Indemnified Parties, from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the

Wind-Down Entity or the implementation or administration of the Plan if the Wind-Down Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Wind-Down Entity. To the extent the Liquidation Trust indemnifies, defends, and holds harmless any Wind-Down Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidation Trust in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Liquidation Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in this Section 5.3.11 shall be paid by the Wind-Down Entity or Liquidation Trust, as applicable.

**5.3.12  Insurance.** The Wind-Down Entity shall be authorized, but not required, to obtain any insurance coverages deemed to be reasonably necessary, as a Wind-Down Expense and after taking into account any insurance that may have separately been obtained by the Liquidation Trust, for itself and its respective agents, including coverage with respect to the liabilities, duties, and obligations of the Wind-Down Board and the Wind-Down CEO, which insurance coverage may, at the sole discretion of the Wind-Down Board, be extended for a reasonable period after the termination of the Wind-Down Governance Agreement.

**5.3.13  Control Provision.** To the extent there is any inconsistency between the Plan as it relates to the Wind-Down Entity and the Wind-Down Governance Agreement, the Plan shall control.

## 5.4     Liquidation Trust.

### 5.4.1  Appointments.

(a)     On and after the Effective Date, the initial Liquidation Trustee shall become and serve as Liquidation Trustee. The Liquidation Trustee will receive (i) base compensation at an hourly rate of $550 per hour for 2018, with 10% rate raises commencing at the beginning of calendar years 2019 and 2020; (ii) incentive compensation as determined by the Liquidation Trust Supervisory Board; and (iii) reimbursement of reasonable expenses, as may be more specifically set forth in the Liquidation Trust Agreement.

(b)     On and after the Effective Date, the initial Liquidation Trust Supervisory Board shall begin to serve without further action. As may be more specifically set forth in the Liquidation Trust Agreement, the compensation payable to each member of the Liquidation Trust Supervisory Board for each calendar month of service shall be $10,000 monthly for the first twelve months from and after the Effective Date (counting the month of the Effective Date as the first calendar month even if it is a partial calendar month), $7,500 monthly for the thirteenth through twenty-fourth calendar months after the Effective Date, $5,000 monthly for the twenty-fifth through thirty-sixth calendar months after the Effective Date, and $2,500 monthly for each calendar month thereafter until termination of the Liquidation Trust in accordance with the Plan (prorated as appropriate if a member commences his or her service other than on the first day of a month or terminates his or her service other than on the last day of a month), plus, in all instances, reimbursement of reasonable expenses.

**5.4.2   Creation and Governance of the Liquidation Trust.** On the Effective Date, the Liquidation Trustee shall execute the Liquidation Trust Agreement and shall take any other steps necessary to establish the Liquidation Trust in accordance with the Plan and the beneficial

interests therein. For federal income tax purposes, the transfer of the assets to the Liquidation Trust will be treated as a sale or other disposition of assets (except for the assets transferred to the Disputed Ownership Fund as provided in Section 7.10 of the Plan) to the Liquidation Trust Beneficiaries in exchange for their claims in the Chapter 11 Cases. Any income or loss from the transfer of assets to the Liquidation Trust shall flow through to the ultimate taxpaying member of each Debtor who will be responsible to pay the tax liability, if any. For federal income tax purposes, the Liquidation Trust Beneficiaries shall be treated as the grantors of the Liquidation Trust and deemed to be the owners of the assets of the Liquidation Trust. The transfer of the Liquidation Trust Assets to the Liquidation Trust shall be deemed a transfer to the Liquidation Trust Beneficiaries by the Debtors, followed by a deemed transfer by such Liquidation Trust Beneficiaries to the Liquidation Trust. The Debtors, the Liquidation Trust Beneficiaries, and the Liquidation Trust will consistently report the valuation of the assets transferred to the Liquidation Trust. Such consistent valuations and revised reporting will be used for all federal income tax purposes. Income deductions, gain, or loss from the Liquidation Trust shall be reported to the beneficiaries of the Liquidation Trust in conjunction with the filing of the Liquidation Trust's income tax returns. Each Liquidation Trust Beneficiary shall report income, deductions, gain, or loss on such Liquidation Trust Beneficiary's income tax returns. The Liquidation Trust shall be governed by the Liquidation Trust Agreement and administered by the Liquidation Trustee. The powers, rights, and responsibilities of the Liquidation Trustee shall be specified in the Liquidation Trust Agreement. After an objection to a Disputed Claim is resolved or a Contingent Claim or Unliquidated Claim has been determined in whole or in part by a Final Order or by agreement, the Liquidation Trust Interests and/or Cash held in the Disputed Ownership Fund shall be transferred as described in Section 7.11 of the Plan.

**5.4.3    Vesting of Liquidation Trust Assets.** On the Effective Date, the Liquidation Trust will be automatically vested with all of the Debtors' and the Estates' respective rights, title, and interest in and to all Liquidation Trust Assets. Except as specifically provided in the Plan or the Confirmation Order, the Liquidation Trust Assets shall automatically vest in the Liquidation Trust free and clear of all Claims, Liens, or interests subject only to the Liquidation Trust Interests and the Liquidation Trust Expenses, as provided for in the Liquidation Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax. The Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all Liquidation Trust Assets. The Liquidation Trust shall hold and distribute the Liquidation Trust Assets in accordance with the provisions of the Plan and the Liquidation Trust Agreement.

**5.4.4    Purpose of the Liquidation Trust.** The Liquidation Trust shall be established for the purpose of pursuing or liquidating the Liquidation Trust Assets and making Distributions to the Liquidation Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

**5.4.5    Authority.** Subject to the supervision of the Liquidation Trust Supervisory Board, the Liquidation Trustee shall have the authority and right on behalf of the Debtors and the Estates and without the need for Bankruptcy Court approval (in each case, unless otherwise provided in the Plan) to carry out and implement all applicable provisions of the Plan, including to:

(a)      review, reconcile, compromise, settle, or object to Claims and resolve such objections as set forth in the Plan, free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules;

(b)      calculate and make Distributions and calculate and establish reserves under and in accordance with the Plan;

(c)      retain, compensate, and employ professionals and other Persons to represent the Liquidation Trustee with respect to and in connection with its rights and responsibilities;

(d)      establish, maintain, and administer documents and accounts of the Debtors as appropriate, which shall be segregated to the extent appropriate in accordance with the Plan;

(e)      maintain, conserve, collect, settle, and protect the Liquidation Trust Assets (subject to the limitations described herein);

(f)      sell, liquidate, transfer, assign, distribute, abandon, or otherwise dispose of the Liquidation Trust Assets or any part thereof or interest therein upon such terms as the Liquidation Trustee determines to be necessary, appropriate, or desirable; *provided, however*, that the Liquidation Trustee shall not sell, transfer, or otherwise dispose of the Liquidation Trust's membership interests in the Wind-Down Entity without further approval of the Bankruptcy Court;

(g)      negotiate, incur, and pay the Liquidation Trust Expenses;

(h)      prepare and file any and all informational returns, reports, statements, returns, and other documents or disclosures relating to the Debtors that are required under the Plan, by any governmental unit, or by applicable law;

(i)      compile and maintain the official claims register, including for purposes of making initial and subsequent Distributions under the Plan;

(j)      take such actions as are necessary or appropriate to wind-down and dissolve the Remaining Debtors;

(k)      comply with the Plan, exercise the Liquidation Trustee's rights, and perform the Liquidation Trustee's obligations; and

(l)      exercise such other powers as deemed by the Liquidation Trustee to be necessary and proper to implement the Plan.

To the extent necessary to give full effect to its administrative rights and duties under the Plan, the Liquidation Trustee shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) an appropriate corporate or limited liability company officer or manager of each of the Debtors under any applicable nonbankruptcy law and (ii) a "trustee" of each of the Debtors under Bankruptcy Code sections 704 and 1106. The Liquidation Trust Supervisory Board will have all rights and powers of a corporate board appointed under Delaware law.

**5.4.6   Limitation of Liability.** The Liquidation Trustee shall enjoy all of the rights, powers, immunities, and privileges applicable to a Bankruptcy Code chapter 7 trustee with respect to limitations of liability. The Liquidation Trustee may, in connection with the performance of its functions, in its sole and absolute discretion, consult with its attorneys, accountants, advisors, and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such Persons, regardless of whether such advice or opinions were in writing. Notwithstanding such authority, the Liquidation Trustee shall be under no obligation to consult with any such attorneys, accountants, advisors, or agents, and its determination not to do so shall not result in the imposition of liability on the Liquidation Trustee unless such determination is based on willful misconduct, gross negligence, or fraud. Persons dealing with the Liquidation Trustee shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such Person in carrying out the terms of the Plan or the Liquidation Trust Agreement, and the Liquidation Trustee shall have no personal obligation to satisfy such liability.

**5.4.7   Indemnification.** The Wind-Down Entity and the Liquidation Trust shall indemnify the Liquidation Trust Indemnified Parties for, and shall defend and hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost, or expense (including the reasonable fees and expenses of their respective professionals) incurred without gross negligence or willful misconduct on the part of the Liquidation Trust Indemnified Parties (which gross negligence or willful misconduct, if any, must be determined by a final, non-appealable order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Liquidation Trust Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or the Liquidation Trust Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence or willful misconduct. In addition, the Wind-Down Entity and the Liquidation Trust shall, to the fullest extent permitted by law, indemnify, defend, and hold harmless the Liquidation Trust Indemnified Parties, from and against and with respect to any and all liabilities, losses, damages, claims, costs, and expenses, including attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidation Trust, the Remaining Debtors, or the implementation or administration of the Plan if the Liquidation Trust Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Liquidation Trust or the Remaining Debtors. To the extent the Wind-Down Entity or the Liquidation Trust indemnifies, defends, and holds harmless any Liquidation Trust Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Liquidation Trustee or the Remaining Debtors Manager in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Liquidation Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in this Section 5.4.7 shall be paid by the Wind-Down Entity or the Liquidation Trust, as applicable.

**5.4.8   Insurance.** The Liquidation Trustee shall be authorized, but not required, to obtain any insurance coverages deemed to be reasonably necessary, at the Liquidation Trust's sole expense, for itself, the Remaining Debtors Manager, and their respective agents, including coverage with respect to the liabilities, duties, and obligations of the Liquidation Trustee and the Remaining Debtors Manager, which insurance coverage may, at the sole discretion of the

Liquidation Trustee, be extended for a reasonable period after the termination of the Liquidation Trust.

### 5.4.9    Tax Reporting.

(a)    The Liquidation Trust shall timely file tax returns for the Liquidation Trust treating the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

(b)    The Liquidation Trust shall be responsible for timely payment of all taxes (if any) imposed on and payable by the Liquidation Trust, the Remaining Debtors, or any Liquidation Trust Assets.

(c)    The Liquidation Trust shall distribute such tax-related notices, beneficiary statements, and information returns, as applicable, to the applicable Holders of Allowed Claims as are required by applicable law or that the Liquidation Trustee determines are otherwise necessary or desirable.

(d)    The Liquidation Trust is authorized to file a request for expedited determination under Bankruptcy Code section 505(b) for any tax returns filed with respect to the Debtors.

### 5.4.10   Distributions to Liquidation Trust Beneficiaries.

(a)    The Liquidation Trust will make an initial Distribution of Available Cash from the Initial Distribution Fund to the Liquidation Trust Beneficiaries pursuant to the Liquidation Trust Interests Waterfall, with such initial Distribution targeted to occur before December 31, 2018.

(b)    The Liquidation Trust, in the Liquidation Trustee's discretion, may make periodic Distributions of additional Cash to the Liquidation Trust Beneficiaries at any time following the Effective Date, provided that such Distributions are otherwise permitted under, and not inconsistent with, the Liquidation Trust Interests Waterfall, the other terms of the Plan, the Liquidation Trust Agreement, and applicable law.

(c)    No later than (i) the first Business Day that is at least 180 calendar days after the Effective Date and (ii) the last Business Day of each subsequent 180-calendar-day period after the Effective Date until the Closing Date, the Liquidation Trustee shall calculate the Distributions that could potentially be made to the Liquidation Trust Beneficiaries based on the amount of then-available Available Cash and, based on such calculation, promptly thereafter may make Distributions, if any, of the amount so determined.

### 5.4.11   Cash Investments. The Liquidation Trustee may invest Cash of the Liquidation Trust, including any earnings thereon or proceeds therefrom, any Cash realized from the liquidation of the Liquidation Trust Assets, or any Cash that is remitted to the Liquidation Trust from the Wind-Down Entity, which investments, for the avoidance of doubt, will not be required to comply with Bankruptcy Code section 345(b); *provided, however*, that such investments must be investments that are permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.

**5.4.12  Registration and Transfer of the Liquidation Trust Interests.**

(a)     The record holders of the Liquidation Trust Interests shall be recorded and set forth in a registry maintained by, or at the direction of, the Liquidation Trustee expressly for such purpose. Such obligation may be satisfied by the Liquidation Trust's retention of an institutional transfer agent for the maintenance of such registry, and notwithstanding anything to the contrary contained in this paragraph, the Liquidation Trust may, in connection with any Exchange Act Registration with respect to the Class A Liquidation Trust Interests, in its discretion cause the Class A Liquidation Trust Interests to be issued in book entry form.

(b)     Upon their issuance as of the Effective Date, and thereafter until the effectiveness of an Exchange Act Registration of the Class A Liquidation Trust Interests, the Class A Liquidation Trust Interests will be subject to restrictions on transfer under the Liquidation Trust Agreement, which restrictions shall prohibit the Class A Liquidation Trust Interests from being certificated or transferable except by operation of law or by will or the laws of descent and distribution, in each case following written notice to the Liquidation Trust. Upon the effectiveness of an Exchange Act Registration of the Class A Liquidation Trust Interests, such transfer restrictions under the Liquidation Trust Agreement shall terminate and the Class A Liquidation Trust Interests may be transferable by the Holders thereof to the extent otherwise permissible under applicable law. The Liquidation Trust shall use its commercially reasonable best efforts to cause an Exchange Act Registration of the Class A Liquidation Trust Interests to become effective, and for the Class A Liquidation Trust Interests to be quoted with an OTC ticker symbol, as soon as reasonably practicable after the Effective Date, but in no event shall the Liquidation Trust file an Exchange Act registration statement any later than may be required under section 12(g) of the Exchange Act or the rules and regulations promulgated thereunder.

(c)     Upon their issuance as of the Effective Date, and thereafter until (i) the effectiveness of an Exchange Act Registration of the Class B Liquidation Trust Interests or (ii) the good faith determination by the Liquidation Trustee, in its discretion, that termination of the transfer restrictions under the Liquidation Trust Agreement would not require the Class B Liquidation Trust Interests to be registered under section 12(g) of the Exchange Act, the Class B Liquidation Trust Interests will be subject to restrictions on transfer under the Liquidation Trust Agreement, which restrictions shall prohibit the Class B Liquidation Trust Interests from being certificated or transferable except by operation of law or by will or the laws of descent and distribution, in each case following written notice to the Liquidation Trust. Upon (i) the effectiveness of an Exchange Act Registration of the Class B Liquidation Trust Interests or (ii) the good faith determination by the Liquidation Trustee, in its discretion, that termination of the transfer restrictions under the Liquidation Trust Agreement would not require the Class B Liquidation Trust Interests to be registered under section 12(g) of the Exchange Act, such transfer restrictions under the Liquidation Trust Agreement shall terminate and the Class B Liquidation Trust Interests may be transferable by the Holders thereof to the extent otherwise permissible under applicable law; *provided, however*, that the Liquidation Trust shall not be under any obligation (and does not currently intend) to make any effort to cause the Class B Liquidation Trust Interests to be registered under the Exchange Act or otherwise to facilitate the trading of, or the development of any trading market for, the Class B Liquidation Trust Interests.

**5.4.13  Exemption.** To the extent the Liquidation Trust Interests are deemed to be "securities," the issuance of such interests under the Plan are exempt, pursuant to Bankruptcy

Code section 1145, from registration under the Securities Act and any applicable state and local laws requiring registration of securities.

     **5.4.14  <u>Contribution of Contributed Claims</u>.** On the Effective Date, all Contributed Claims will be irrevocably contributed to the Liquidation Trust and shall thereafter be Liquidation Trust Actions for all purposes. No Person may rely on the absence of a specific reference in the Plan, the Confirmation Order, the Liquidation Trust Agreement, or the Disclosure Statement to any Contributed Claims against such Person as any indication that the Liquidation Trust will not pursue any and all available Contributed Claims against such Person. The objection to the Allowance of any Claims will not in any way limit the ability or the right of the Liquidation Trust to assert, commence, or prosecute any Contributed Claims. Nothing contained in the Plan, the Confirmation Order, the Liquidation Trust Agreement, or the Disclosure Statement will be deemed to be a waiver, release, or relinquishment of any Contributed Claims that the Contributing Claimants had immediately prior to the Effective Date. The Liquidation Trust shall have, retain, reserve, and be entitled to assert all Contributed Claims fully as if the Contributed Claims had not been contributed to the Liquidation Trust in accordance with the Plan and the Liquidation Trust Agreement. For the avoidance of doubt, (a) the Contributed Claims shall not include the rights of any of the Contributing Claimants to receive the Distributions, if any, to which they are entitled under the Plan; (b) the Contributed Claims shall not include any Causes of Action against any of the Released Parties; and (c) in the exercise of its reasonable discretion and in accordance with the Liquidation Trust Agreement, the Liquidation Trust shall not be obligated to pursue all or any given Contributed Claims.

     **5.4.15  <u>Pursuit and Resolution of Liquidation Trust Actions</u>.** The Liquidation Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants, may, and will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw any and all Liquidation Trust Actions without any further order of the Bankruptcy Court, except as otherwise provided in the Liquidation Trust Agreement. From and after the Effective Date, the Liquidation Trust, in accordance with Bankruptcy Code section 1123(b)(3), shall serve as a representative of the Estates with respect to any and all Liquidation Trust Actions that were Estate Assets and shall retain and possess the right to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all Liquidation Trust Actions in any court or other tribunal.

     **5.4.16  <u>Termination of the Liquidation Trust</u>.** The Liquidation Trustee and the Liquidation Trust shall be discharged or terminated, as the case may be, at such time as: (a) the Liquidation Trustee determines that the pursuit of additional Liquidation Trust Actions is not likely to yield sufficient additional proceeds to justify further pursuit of such Liquidation Trust Actions and (b) all Distributions required to be made by the Liquidation Trust to the Holders of Allowed Claims and to the Liquidation Trust Beneficiaries under the Plan and the Liquidation Trust Agreement have been made, but in no event shall the Liquidation Trust be terminated later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six (6) months before the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, unless a favorable letter ruling from the Internal Revenue

Service that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Liquidation Trust Assets. Upon termination of the Liquidation Trust, any remaining Liquidation Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the Liquidation Trustee to the American Bankruptcy Institute Endowment Fund.

**5.4.17  Control Provision.** To the extent there is any inconsistency between the Plan as it relates to the Liquidation Trust and the Liquidation Trust Agreement, the Plan shall control.

**5.5  Preservation of Privileges and Defenses.** The actions taken by the Debtors, the Wind-Down Entity, the Liquidation Trust, the Remaining Debtors, or any of their respective Related Parties in connection with the Plan shall not be (or be deemed to be) a waiver of any privilege or defense of the Debtors, the Wind-Down Entity, the Liquidation Trust, or the Remaining Debtors, as applicable, including any attorney-client privilege or work-product doctrine. Notwithstanding any Debtors providing any privileged information related to any Liquidation Trust Actions to the Liquidation Trustee, the Liquidation Trust, the Wind-Down CEO, the Wind-Down Entity, the Remaining Debtors Manager, the Remaining Debtors, or any Person associated with any of the foregoing, such privileged information shall be without waiver in recognition of the joint, common, or successor interest in prosecuting the Liquidation Trust Actions and shall remain privileged. The Wind-Down Entity and the Liquidation Trust each shall retain the right to waive its own privileges. Only the Liquidation Trustee shall have the right to waive the attorney-client privilege, work-product doctrine, or other protections as to the Debtors, the Remaining Debtors, and the Liquidation Trust.

**5.6  Preservation of Rights of Action.**

**5.6.1  Maintenance of Avoidance Actions and Causes of Action.** Except as otherwise provided in the Plan or the Confirmation Order, from and after the Effective Date, the Liquidation Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, any and all of the Debtors' or Estates' Causes of Action and Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, all as Liquidation Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases. The Liquidation Trust, as a successor in interest to the Debtors, the Estates, and the Contributing Claimants, may, and will have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants to, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the Liquidation Trust Actions without notice to or approval from the Bankruptcy Court. In accordance with the Plan, and pursuant to Bankruptcy Code section 363 and Bankruptcy Rule 9019, without any further notice to or action, order, or approval of the Bankruptcy Court, from and after the Effective Date, the Liquidation Trust may compromise and settle Liquidation Trust Actions.

**5.6.2  Preservation of All Liquidation Trust Actions Not Expressly Settled or Released.** The failure to specifically identify in the Disclosure Statement or the Plan any potential or existing Avoidance Actions or Causes of Action as a Liquidation Trust Action is not intended to and shall not limit the rights of the Liquidation Trust to pursue any such Avoidance

Actions or Causes of Action. Unless a Liquidation Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including the Confirmation Order), the Debtors expressly reserve such Liquidation Trust Action for later resolution by the Liquidation Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). As such, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches will apply to any such Avoidance Actions or Causes of Action upon or after Confirmation of the Plan based on the Disclosure Statement, the Plan, or the Confirmation Order, except when such Avoidance Actions or Causes of Action have been expressly released. In addition, the right to pursue or adopt any claims alleged in any lawsuit in which any Debtor, the Liquidation Trust, or the Wind-Down Entity is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released Party, including the plaintiffs or co-defendants in such lawsuits.

**5.7**    **Cancellation of Instruments.** Except to the extent necessary to give effect to the treatment of any Holder of an Allowed Class 1 Claim pursuant to Section 3.2 of the Plan and except with respect to any executory contracts and unexpired leases that are assumed and assigned to the Wind-Down Entity under the Plan or otherwise assumed and assigned pursuant to a Final Order, any agreement, bond, certificate, contract, indenture, lease, note, security, warrant, or other instrument or document evidencing or creating any indebtedness or obligation of the Debtors shall be deemed cancelled on the Effective Date, and all Liens, mortgages, pledges, grants, trusts, and other interests relating thereto shall be automatically cancelled, and all obligations of the Debtors thereunder or in any way related thereto shall be discharged.

**5.8**    **Substantive Consolidation.**

(a)    Entry of the Confirmation Order shall constitute the approval, pursuant to Bankruptcy Code sections 105(a), 541, 1123, and 1129, of the substantive consolidation of the Debtors in the manner set forth in Section 3.11.2(c) of the Plan. Notwithstanding such substantive consolidation, however, fees payable pursuant to 28 U.S.C. § 1930 shall be due and payable by each individual Debtor through the Effective Date.

(b)    The substantive consolidation effected pursuant to the Plan shall not affect, without limitation, (i) the Debtors', the Wind-Down Entity's, or the Liquidation Trust's defenses to any Claim or Cause of Action, including the ability to assert any counterclaim; (ii) the Debtors', the Wind-Down Entity's, or the Liquidation Trust's setoff or recoupment rights; (iii) requirements for any third party to establish mutuality prior to substantive consolidation in order to assert a right of setoff against the Debtors, the Wind-Down Entity, or the Liquidation Trust; or (iv) distributions to the Debtors, the Estates, the Wind-Down Entity, or the Liquidation Trust out of any insurance policies or proceeds of such policies.

(c)    The Disclosure Statement and the Plan shall be deemed to be a motion requesting that the Bankruptcy Court approve the substantive consolidation contemplated by the Plan. Unless an objection to the proposed substantive consolidation is made in writing by any Creditor purportedly affected by such substantive consolidation on or before the deadline to object to confirmation of the Plan, or such other date as may be fixed by the Bankruptcy Court, the

substantive consolidation contemplated by the Plan may be approved by the Bankruptcy Court at the Confirmation Hearing. In the event any such objections are timely filed, a hearing with respect thereto shall be scheduled by the Bankruptcy Court, which hearing may, but need not, be the Confirmation Hearing.

(d)    If the Bankruptcy Court determines that substantive consolidation of any given Debtors is not appropriate, then the Debtors may request that the Bankruptcy Court otherwise confirm the Plan and approve the treatment of and Distributions to the different Classes under the Plan on an adjusted, Debtor-by-Debtor basis. Furthermore, the Debtors reserve their rights (i) to seek confirmation of the Plan without implementing substantive consolidation of any given Debtor, and, in the Debtors' reasonable discretion after consultation with each of the Committees, to request that the Bankruptcy Court approve the treatment of and Distributions to any given Class under the Plan on an adjusted, Debtor-by-Debtor basis; and (ii) after consultation with each of the Committees, to seek to substantively consolidate all Debtors into Woodbridge Group of Companies, LLC if all Impaired Classes entitled to vote on the Plan vote to accept the Plan.

## ARTICLE VI

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1    Assumption of Certain Executory Contracts and Unexpired Leases.**

### 6.1.1    Assumption of Agreements.

On the Effective Date, the Debtors shall assume all executory contracts and unexpired leases that are listed on the Schedule of Assumed Agreements and shall assign such contracts and leases to the Wind-Down Entity.

The Debtors reserve the right to amend the Schedule of Assumed Agreements at any time prior to the Effective Date, in the Debtors' reasonable discretion after consultation with each of the Committees, (i) to delete any executory contract or unexpired lease and provide for its rejection under the Plan or otherwise, or (ii) to add any executory contract or unexpired lease and provide for its assumption and assignment under the Plan. The Debtors will provide notice of any amendment to the Schedule of Assumed Agreements to the party or parties to those agreements affected by the amendment.

Unless otherwise specified on the Schedule of Assumed Agreements, each executory contract and unexpired lease listed or to be listed therein shall include any and all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument, or other document is also listed on the Schedule of Assumed Agreements.

The Confirmation Order will constitute a Bankruptcy Court order approving the assumption and assignment, on the Effective Date, of all executory contracts and unexpired leases identified on the Schedule of Assumed Agreements.

### 6.1.2    Cure Payments.

Any amount that must be paid under Bankruptcy Code section 365(b)(1) to cure a default under and compensate the non-debtor party to an executory contract or unexpired lease to be assumed under the Plan is identified as the "Cure Payment" on the Schedule of Assumed Agreements. Unless the parties mutually agree to a different date, such payment shall be made in Cash within ten (10) Business Days following the later of: (i) the Effective Date and (ii) entry of a Final Order resolving any disputes regarding (A) the amount of any Cure Payment, (B) the ability of the Wind-Down Entity to provide "adequate assurance of future performance" within the meaning of Bankruptcy Code section 365 with respect to a contract or lease to be assumed, to the extent required, or (C) any other matter pertaining to assumption and assignment.

Pending the Bankruptcy Court's ruling on any such dispute, the executory contract or unexpired lease at issue shall be deemed assumed by the Debtors and assigned to the Wind-Down Entity, unless otherwise agreed by the parties or ordered by the Bankruptcy Court.

### 6.1.3    Objections to Assumption/Cure Payment Amounts.

Any Person that is a party to an executory contract or unexpired lease that will be assumed and assigned under the Plan and that objects to such assumption or assignment (including the proposed Cure Payment) must File with the Bankruptcy Court and serve on parties entitled to notice a written statement and, if applicable, a supporting declaration stating the basis for its objection. This statement and, if applicable, declaration must be Filed and served on or before the deadline established by the Disclosure Statement Order. Any Person that fails to timely File and serve such a statement and, if applicable, a declaration shall be deemed to waive any and all objections to the proposed assumption and assignment (including the proposed Cure Payment) of its contract or lease.

In the absence of a timely objection by a Person that is a party to an executory contract or unexpired lease, the Confirmation Order shall constitute a conclusive determination regarding the amount of any cure and compensation due under the applicable executory contract or unexpired lease, as well as a conclusive finding that the Wind-Down Entity has demonstrated adequate assurance of future performance with respect to such executory contract or unexpired lease, to the extent required.

### 6.1.4    Resolution of Claims Relating to Assumed Contracts and Leases. Payment of the Cure Payment established under the Plan, by the Confirmation Order, or by any other order of the Bankruptcy Court, with respect to an assumed and assigned executory contract or unexpired lease, shall be deemed to satisfy, in full, any prepetition or postpetition arrearage or other Claim (including any Claim asserted in a Filed proof of claim or listed on the Schedules) with respect to such contract or lease (irrespective of whether the Cure Payment is less than the amount set forth in such proof of claim or the Schedules). Upon the tendering of the Cure Payment, any such Filed or Scheduled Claim shall be disallowed with prejudice, without further order of the Bankruptcy Court or action by any Person.

## 6.2    Rejection of Executory Contracts and Unexpired Leases.

### 6.2.1    Rejected Agreements. On the Effective Date all executory contracts and unexpired leases of the Debtors shall be rejected except for (i) executory contracts and unexpired

leases that have been previously assumed or rejected by the Debtors, (ii) executory contracts and unexpired leases that are set forth in the Schedule of Assumed Agreements, and (iii) any agreement, obligation, security interest, transaction, or similar undertaking that the Debtors believe is not executory or a lease, but that is later determined by the Bankruptcy Court to be an executory contract or unexpired lease that is subject to assumption or rejection under Bankruptcy Code section 365. For the avoidance of doubt, executory contracts and unexpired leases that have been previously assumed or assumed and assigned pursuant to an order of the Bankruptcy Court shall not be affected by the Plan. The Confirmation Order will constitute a Bankruptcy Court order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

 **6.2.2** **Rejection Claims Bar Date.** Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the Rejection Claims Bar Date. Any such Rejection Claims that are not timely Filed and served will be forever disallowed, barred, and unenforceable, and Persons holding such Claims will not receive and be barred from receiving any Distributions on account of such untimely Claims. If one or more Rejection Claims are timely Filed pursuant to the Plan, the Liquidation Trust may object to any Rejection Claim on or prior to the Claim Objection Deadline. For the avoidance of doubt, the Rejection Claims Bar Date established by the Plan does not alter any rejection claims bar date established by a prior order of the Bankruptcy Court with respect to any executory contract or unexpired leases that was previously rejected in these Chapter 11 Cases.

## ARTICLE VII

## PROVISIONS GOVERNING DISTRIBUTIONS

**7.1** **Timing of Distributions for Allowed Claims.** Except as otherwise provided herein or as ordered by the Bankruptcy Court, all Distributions to Holders of Allowed Claims as of the applicable Distribution Date shall be made on or as soon as practicable after the applicable Distribution Date; *provided, however*, that the Liquidation Trustee, in its discretion, may defer Distributions to a given Holder of Liquidation Trust Interests (other than the final Distribution) if the amount available for Distribution to such Holder is not at least $250. Distributions on account of Claims that first become Allowed Claims after the applicable Distribution Date shall be made pursuant to Section 8.4 of the Plan and on the day selected by the Liquidation Trustee. Distributions made as soon as reasonably practicable after the Effective Date or such other date set forth herein shall be deemed to have been made on such date.

**7.2**    **Calculating Distributions and Related Matters.** The Liquidation Trust shall undertake in its reasonable discretion to make in accordance with the Plan all calculations of Available Cash, Net Note Claims, Net Unit Claims, and of other amounts for or relating to Distributions for Holders of Allowed Claims to be made from the Liquidation Trust or the Wind-Down Entity or for reserves for Holders of Contingent Claims, Disputed Claims, and Unliquidated Claims to be established by the Liquidation Trust, and may establish and holdback from Distributions reasonable reserves for other contingencies. When calculating Distributions (and amounts to hold in Distribution Reserves) with respect to Unit Claims and Note Claims that are to be treated as Class 3 Claims under the Plan, the Outstanding Principal Amounts and Prepetition Distributions to be utilized by the Liquidation Trust shall be as set forth in the Schedule of Principal Amounts and Prepetition Distributions or as determined pursuant to the following section.

**7.3**    **Application of the Schedule of Principal Amounts and Prepetition Distributions.** For any Noteholder or Unitholder that is not a Disputing Claimant, all Distributions and reserves shall be made or established based on the applicable amounts in the Schedule of Principal Amounts and Prepetition Distributions. For any Unitholder that is a Disputing Claimant or any Noteholder that is a Disputing Claimant holding Note Claims that are to be treated as Class 3 Claims under the Plan, in connection with a calculation by the Liquidation Trust for a Distribution or to establish reserves, unless otherwise provided in a Bankruptcy Court order, all calculations with respect to such Disputing Claimant shall be made based on the aggregate claim amounts asserted by the Disputing Claimant in the applicable proof of claim or, if no proof of claim was Filed by the Disputing Claimant, reflected in the Schedules, or, for Unliquidated Claims, as estimated in the reasonable discretion of the Liquidation Trust, and all such Liquidation Trust Interests and Cash shall be held in a Distribution Reserve unless and until (i) the Liquidation Trust and the particular Disputing Claimant agree regarding the Outstanding Principal Amounts and Prepetition Distributions to utilize or (ii) a Final Order establishes such Outstanding Principal Amounts and Prepetition Distributions, including, if applicable, after taking into account any Liquidation Trust Actions that the Liquidation Trust may pursue against the particular Disputing Claimant (as to which all rights of the Liquidation Trust are reserved).

**7.4**    **Interest and Other Amounts Regarding Claims.** Except to the extent provided (i) in Bankruptcy Code section 506(b) and Allowed by a Final Order or otherwise agreed, (ii) in the Plan, or (iii) in the Confirmation Order, postpetition interest shall not accrue or be paid on any Claims, and no Holder of an Allowed Claim shall be entitled to interest, penalties, fees, or late charges accruing or chargeable on any Claim from and after the Petition Date.

**7.5**    **Distributions by Liquidation Trustee or Wind-Down CEO as Disbursing Agent.** The Liquidation Trustee or Wind-Down CEO shall serve as the disbursing agent under the Plan with respect to Distributions required pursuant to the Plan to be paid by, respectively, the Liquidation Trust or the Wind-Down Entity. The Liquidation Trustee and Wind-Down CEO shall not be required to give any bond or surety or other security for the performance of any duties as disbursing agent.

**7.6**    **Means of Cash Payment.** Cash payments under the Plan shall be made, at the option and in the sole discretion of the Liquidation Trustee, by (i) checks drawn on or (ii) wire transfer, electronic funds transfer, or ACH from a domestic bank. Cash payments to foreign Creditors may be made, at the option and in the sole discretion of the Liquidation Trustee by such means as are necessary or customary in a particular foreign jurisdiction. Cash payments made pursuant to the Plan in the form of checks shall be null and void if not cashed within 180 calendar days of the date of the issuance thereof. Requests for reissuance of any check within 180 calendar days of the date of the issuance thereof shall be made directly to the Liquidation Trustee.

**7.7**    **Form of Currency for Distributions.** All Distributions under the Plan shall be made in U.S. Dollars. Where a Claim has been denominated in foreign currency on a proof of claim, the Allowed amount of such Claim shall be calculated in U.S. Dollars based upon the currency conversion rate in place as of the Petition Date and in accordance with Bankruptcy Code section 502(b).

**7.8**    **Fractional Distributions.** Notwithstanding anything in the Plan to the contrary, no payment of fractional cents shall be made pursuant to the Plan. Whenever any payment of a fraction of a cent under the Plan would otherwise be required, the actual Distribution made shall reflect a rounding of such fraction to the nearest whole penny (up or down), with half cents or more being rounded up and fractions less than half of a cent being rounded down.

**7.9**    **De Minimis Distributions.** Notwithstanding anything in the Plan to the contrary, the Liquidation Trust and the Wind-Down Entity shall not be required to distribute, and shall not distribute, Cash or other property to the Holder of any Allowed Claim if the amount of Cash or other property to be distributed on account of such Claim on any given Distribution Date is less than $10.00, and such amount shall be distributed to other Creditors on such Distribution Date in accordance with the terms of the Plan. Any Holder of an Allowed Claim on account of which the amount of Cash or other property to be distributed on any given Distribution Date is less than $10.00 shall be forever barred from asserting any Claim with respect to such eliminated Distribution against any Estate Assets.

**7.10**    **No Distributions With Respect to Certain Claims.** Notwithstanding anything in the Plan to the contrary, no Distributions or other consideration of any kind shall be made on account of any Contingent Claim, Disputed Claim, or Unliquidated Claim unless and until such Claim becomes an Allowed Claim, and then only to the extent that such Claim becomes an Allowed Claim and as provided under the Plan for such Allowed Claim. Nonetheless, in undertaking the calculations concerning Allowed Claims under the Plan, including the determination of Distributions due to the Holders of Allowed Claims, each Contingent Claim, Disputed Claim, or Unliquidated Claim shall be treated as if it were an Allowed Claim (which, for Unliquidated Claims, shall mean they shall be treated as if Allowed in such amounts as determined in the reasonable discretion of the Liquidation Trust), except that if the Bankruptcy Court estimates the likely portion of such a Claim to be Allowed or authorized or the Bankruptcy Court or the Holder of such Claim and the Liquidation Trustee otherwise determine the amount or number that would constitute a sufficient reserve for such a Claim, such amount or number as determined by the Bankruptcy Court or by agreement of the Holder of such Claim and the Liquidation Trustee shall be used with respect to such Claim. Distributions due in respect of a Contingent Claim, Disputed Claim, or Unliquidated Claim shall be held in reserve by the Liquidation Trust in one or more Distribution Reserves. The Liquidation Trust will elect to treat

any Distribution Reserve as a "Disputed Ownership Fund," pursuant to Treasury Regulation section 1.468B-9(c)(2)(ii). As outlined in this election, Creditors holding such Claims are not treated as transferors of the money or property transferred to the "Disputed Ownership Fund." For federal income tax purposes, a "Disputed Ownership Fund" is treated as the owner of all assets that it holds. A "Disputed Ownership Fund" is treated as a C corporation for purposes of the Internal Revenue Code. A "Disputed Ownership Fund" must file all required income and information tax returns and make all tax payments.

**7.11    Distributions and Transfers Upon Resolution of Contingent Claims, Disputed Claims, or Unliquidated Claims.** After an objection to a Disputed Claim is resolved or a Contingent Claim or Unliquidated Claim has been determined in whole or in part by a Final Order or by agreement, an amount of Liquidation Trust Interests and/or Cash held in the Disputed Ownership Fund corresponding to the amount of any resulting Allowed Claim (and/or any applicable Net Note Claim or Net Unit Claim with respect thereto) shall be transferred, net of any tax payable by the Disputed Ownership Fund with respect to the transfer, in a taxable transaction to the Holder of the formerly Contingent Claim, Disputed Claim, or Unliquidated Claim. Upon each such resolution of a Claim against the Disputed Ownership Fund and such transfer with respect to any resulting Allowed Claim, (i) any remaining Liquidation Trust Interests in the Disputed Ownership Fund that had been held with respect to such formerly Contingent Claim, Disputed Claim, or Unliquidated Claim prior to its resolution shall be cancelled; and (ii) any remaining Cash in the Disputed Ownership Fund that had been held with respect to such formerly Contingent Claim, Disputed Claim, or Unliquidated Claim prior to its resolution shall be transferred, net of any tax payable by the Disputed Ownership Fund with respect to such transfers, for use as follows, provided that such Cash transfers shall be treated as a taxable transfer by the Disputed Ownership Fund and to the recipients of such Cash. Such remaining Cash may be utilized for payment, allocation, or reserve in accordance with the Plan for (a) unpaid or unutilized amounts for either Wind-Down Expenses or Liquidation Trust Funding or (b) any post-Confirmation reserve requirements of the Wind-Down Entity in connection with the Plan, any agreements, or any Bankruptcy Court orders. To the extent any such remaining Cash is not so utilized, it shall become Available Cash for distribution to the Holders of Liquidation Trust Interests (including each Holder of Liquidation Trust Interests to the extent it obtains an Allowed Claim as a result of resolution of a formerly Contingent Claim, Disputed Claim, or Unliquidated Claim) in a manner reasonably allocated by the Liquidation Trust so that all Holders of Liquidation Trust Interests will receive Cash in proportion to their Liquidation Trust Interests, net of any tax payable by the Disputed Ownership Fund with respect to the respective transfers.

**7.12    Delivery of Distributions.** Distributions in respect of Liquidation Trust Interests shall be made to Holders of Liquidation Trust Interests as of the record date set for such Distribution. Distributions to Holders of Liquidation Trust Interests or Allowed Claims that have not been converted to Liquidation Trust Interests shall be made (a) at the addresses set forth in the proofs of claim Filed by such Holders, (b) at the addresses reflected in the Schedules if no proof of claim has been Filed, or (c) at the addresses set forth in any written notices of address changes delivered to the Claims Agent or the Liquidation Trustee. If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder shall be made unless and until the Liquidation Trustee is notified of such Holder's then-current address. The responsibility to provide the Claims Agent or the Liquidation Trustee with a current address of a Holder of Liquidation Trust Interests or Claims shall always be the responsibility of such Holder. Amounts

in respect of undeliverable Distributions made by the Liquidation Trustee shall be held in trust on behalf of the Holder of the Liquidation Trust Interest or Claim to which they are payable by the Liquidation Trustee until the earlier of the date that such undeliverable Distributions are claimed by such Holder and 180 calendar days after the date the undeliverable Distributions were made.

**7.13** **Application of Distribution Record Date & Other Transfer Restrictions.** At the close of business on the Distribution Record Date, the claims registers for all Claims shall be closed, and there shall be no further changes in the record holders of any Claims. Except as provided herein, the Liquidation Trust, the Wind-Down Entity, and each of their respective Related Parties shall have no obligation to recognize any putative transfer of Claims occurring after the Distribution Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the claims registers as of the close of business on the Distribution Record Date irrespective of the number of Distributions to be made under the Plan to such Persons or the date of such Distributions. In addition, the Liquidation Trust and each of its Related Parties shall have no obligation to recognize any putative transfer of Notes or Units occurring at any time prior to the Effective Date to which the Debtors did not expressly consent and shall be entitled instead to recognize and deal for all purposes hereunder with only the Holder of particular Notes or Units as reflected on the Debtors' books and records for purposes of effecting Distributions of Liquidation Trust Interests. Nothing in this Section 7.13 is intended to or will impair or limit (i) the transferability of any Liquidation Trust Interests once such Liquidation Trust Interests have been Distributed to the record holders of Allowed Note Claims, Allowed General Unsecured Claims, and Allowed Unit Claims or (ii) the right of Holders at the record dates established from time to time regarding Liquidation Trust Interests to receive all Distributions in respect of such Liquidation Trust Interests when any Distributions are made.

**7.14** **Withholding, Payment, and Reporting Requirements Regarding Distributions.** All Distributions under the Plan shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions shall be subject to any such withholding, payment, and reporting requirements. The Liquidation Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements, including, to the extent such information is not already available to the Liquidation Trust, requiring each Holder of a Liquidation Trust Interest or Claim to provide an executed current Form W-9, Form W-8, or similar tax form as a prerequisite to receiving a Distribution. Notwithstanding any other provision of the Plan, (a) each Holder of a Liquidation Trust Interest or an Allowed Claim that is to receive a Distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such Distribution, and including, in the case of any Holder of a Disputed Claim that has become an Allowed Claim, any tax obligation that would be imposed on the Liquidation Trust in connection with such Distribution; and (b) no Distribution shall be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has made arrangements reasonably satisfactory to the Liquidation Trust for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed in connection with such Distribution.

**7.15** **Defenses and Setoffs.** On and after the Effective Date, the Wind-Down Entity and the Liquidation Trust, as applicable, shall have all of the Debtors' and the Estates' rights under

Bankruptcy Code section 558. Nothing under the Plan shall affect the rights and defenses of the Debtors, the Estates, the Wind-Down Entity, or the Liquidation Trust in respect of any Claim, including all rights in respect of legal and equitable objections, defenses, setoffs, or recoupment against such Claims. Accordingly, the Liquidation Trust may, but shall not be required to, set off against any Claim or any Allowed Claim, and the payments or other Distributions to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever that the Debtors, the Estates, the Wind-Down Entity, or the Liquidation Trust, as applicable, may have against the Holder of such Claim; *provided, however*, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such claim or rights that may exist against such Holder.

**7.16**    **Allocation of Distributions.** All Distributions received under the Plan by Holders of Liquidation Trust Interests and Claims shall be deemed to be allocated first to the principal amount of such Claim, or the Claim to which the applicable Liquidation Trust Interest relates, as determined for United States federal income tax purposes, and then to accrued interest, if any, with respect to such Claim.

**7.17**    **Joint Distributions.** The Liquidation Trustee may, in its sole discretion, make Distributions jointly to any Holder of a Claim and any other Person that the Liquidation Trustee has determined to have an interest in such Claim.

**7.18**    **Forfeiture of Distributions.** If the Holder of a Claim fails to cash a check payable to it within the time period set forth in Section 7.6, fails to claim an undeliverable Distribution within the time limit set forth in Section 7.12, or fails to complete and return to the Liquidation Trustee the appropriate Form W-8 or Form W-9 within 180 calendar days after a request for the completion and return of the appropriate form pursuant to Section 7.14 (or such later time as approved by a Bankruptcy Court order), then such Holder shall be deemed to have forfeited its right to any reserved and future Distributions under the Plan. Any such forfeited Distributions shall be deemed Available Cash for all purposes, notwithstanding any federal or state escheat laws to the contrary.

## ARTICLE VIII

## PROCEDURES FOR RESOLVING DISPUTED, CONTINGENT, AND UNLIQUIDATED CLAIMS AND DISTRIBUTIONS WITH RESPECT THERETO

**8.1**    **Objections to and Resolution of Disputed Claims, Including Any Claims of Excluded Parties or Disputing Claimants.** From and after the Effective Date, the Liquidation Trust shall have the exclusive authority to compromise, resolve, and Allow any Disputed Claim without the need to obtain approval from the Bankruptcy Court, and any agreement entered into by the Liquidation Trust with respect to the Allowance of any Claim shall be conclusive evidence and a final determination of the Allowance of such Claim; *provided, however*, that, under the Plan, all Claims, including Note Claims or Unit Claims, asserted by any of the Excluded Parties or any Disputing Claimant are Disputed Claims in their entirety and will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order.

**8.2**    **Claim Objections.** All objections to Claims (other than Professional Fee Claims, which shall be governed by Section 11.2 of the Plan, but including any Claims of Excluded Parties or

Disputing Claimants) shall be Filed by the Liquidation Trust on or before the Claim Objection Deadline, which date may be extended on presentment of an order to the Bankruptcy Court by the Liquidation Trust prior to the expiration of such period and without need for notice or hearing. The Claim Objection Deadline shall be automatically extended as provided by Local Rule 9006-2 upon the Filing of a proposed form of order by the Liquidation Trust requesting an extension of the Claim Objection Deadline. If a timely objection has not been Filed to a proof of claim or the Schedules have not been amended with respect to a Claim that was Scheduled by the Debtors but was not Scheduled as contingent, unliquidated, or disputed, then the Claim to which the proof of claim or Scheduled Claim relates will be treated as an Allowed Claim.

**8.3     Estimation of Certain Claims.** The Liquidation Trust may, at any time, move for a Bankruptcy Court order estimating any Contingent Claim, Disputed Claim, or Unliquidated Claim pursuant to Bankruptcy Code section 502(c), regardless of whether the Debtors have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction and power to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection. The estimated amount of any Claim so determined by the Bankruptcy Court shall constitute the maximum recovery that the Holder thereof may recover after the ultimate liquidation of its Claim, irrespective of the actual amount that is ultimately Allowed. All of the aforementioned Claims objection, estimation, and resolution procedures are cumulative and are not necessarily exclusive of one another.

**8.4     Distributions Following Allowance.** Once a Contingent Claim, a Disputed Claim, or an Unliquidated Claim becomes an Allowed Claim, in whole or in part, including pursuant to the Plan, the Liquidation Trust shall distribute from the applicable Distribution Reserves to the Holder thereof the Distributions, if any, to which such Holder is then entitled under the Plan. Such Distributions, if any, shall be made on the next Distribution Date after the date on which the order or judgment allowing any such Claim becomes a Final Order or on which the Claim otherwise becomes an Allowed Claim, or, if there is no applicable Distribution Date, then within ninety (90) calendar days after the date on which the Claim becomes an Allowed Claim. Unless otherwise specifically provided in the Plan or allowed by a Final Order, no interest shall be paid on Contingent Claims, Disputed Claims, or Unliquidated Claims that later become Allowed Claims.

**8.5     Disposition of Assets in Reserves After Disallowance.** After an objection to a Disputed Claim is sustained or a Contingent Claim or Unliquidated Claim has been determined in whole or in part by a Final Order or by agreement, such that the Contingent Claim, Disputed Claim, or Unliquidated Claim is a Disallowed Claim in whole or in part, any Cash held in an applicable Distribution Reserve in respect of the particular Claim in excess of the Distributions due on account of any resulting Allowed Claim shall be used or distributed in a manner consistent with the Plan and any reserved Liquidation Trust Interests shall be cancelled.

## ARTICLE IX

## CONDITIONS PRECEDENT TO THE EFFECTIVE DATE

**9.1** **Conditions to the Effective Date.** The occurrence of the Effective Date shall not occur and the Plan shall not be consummated unless and until each of the following conditions has been satisfied or duly waived pursuant to Section 9.2 of the Plan:

(i)      the Bankruptcy Court shall have entered the Confirmation Order;

(ii)     the Confirmation Order shall not be subject to any stay;

(iii)    all governmental and material third-party approvals and consents necessary in connection with the transactions contemplated by the Plan, if any, shall have been obtained and be in full force and effect;

(iv)     all actions and all agreements, instruments, or other documents necessary to implement the terms and provisions of the Plan are effected or executed and delivered, as applicable; and

(v)      the Professional Fee Reserve is funded pursuant to Section 11.2 of the Plan.

**9.2** **Waiver of Conditions to the Effective Date.** The conditions to the Effective Date set forth in clauses (iii) and (iv) of Section 9.1 of the Plan may be waived in writing by the Debtors, in the Debtors' reasonable discretion after consultation with each of the Committees, at any time without further order.

**9.3** **Effect of Non-Occurrence of Conditions to the Effective Date.** If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with Sections 9.1 and 9.2 of the Plan, upon notification Filed by the Debtors with the Bankruptcy Court, (i) the Confirmation Order shall be vacated; (ii) no Distributions shall be made; (iii) the Debtors, the Estates, and all Creditors shall be restored to the *status quo* as of the day immediately preceding the Confirmation Hearing as though the Confirmation Order was not entered; and (iv) all of the Debtors' and the Estates' obligations with respect to Claims shall remain unchanged and nothing contained in the Plan shall constitute a waiver or release of any Causes of Action by or against the Debtors, the Estates, or any other Person or prejudice in any manner the rights, claims, or defenses of the Debtors, the Estates, or any other Person.

**9.4** **Notice of the Effective Date.** Promptly after the occurrence of the Effective Date, the Liquidation Trust or its agents shall mail or cause to be mailed to all Creditors a notice that informs such Creditors of (i) entry of the Confirmation Order and the resulting confirmation of the Plan; (ii) the occurrence of the Effective Date; (iii) the assumption, assignment, and rejection of executory contracts and unexpired leases pursuant to the Plan, as well as the deadline for the filing of resulting Rejection Claims; (iv) the deadline established under the Plan for the filing of Administrative Claims; and (v) such other matters as the Liquidation Trustee finds appropriate.

## ARTICLE X

## RETENTION OF JURISDICTION AND POWER

**10.1    Scope of Retained Jurisdiction and Power.** Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, and except as otherwise ordered by the Bankruptcy Court, the Bankruptcy Court shall retain jurisdiction and power over all matters arising in, arising under, or related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including jurisdiction and power to do the following:

(a)    except as otherwise Allowed pursuant to the Plan or in the Confirmation Order, Allow, classify, determine, disallow, establish the priority or secured or unsecured status of, estimate, limit, liquidate, or subordinate any Claim, in whole or in part, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the allowance or priority of Claims;

(b)    hear and determine all applications for compensation and reimbursement of expenses of Professionals under the Plan or under Bankruptcy Code sections 327, 328, 330, 331, 363, 503(b), 1103, and 1129(a)(4);

(c)    hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to which a Debtor may be liable, including, if necessary, the nature or amount of any required cure or the liquidation or allowance of any Claims arising therefrom;

(d)    effectuate performance of and payments under the provisions of the Plan and enforce remedies on any default under the Plan;

(e)    hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases, including the Liquidation Trust Actions, and with respect to the Plan;

(f)    enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created, executed, or contemplated in connection with the Plan, the Disclosure Statement, or the Confirmation Order;

(g)    hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements, documents, or instruments executed in connection with the Plan, or to maintain the integrity of the Plan following consummation;

(h)    consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

(i)    issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement of the Plan or the Confirmation Order;

(j)     enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

(k)     hear and determine any matters arising in connection with or relating to the Plan, the Plan Supplement, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with any of the foregoing documents and orders;

(l)     enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings associated with the Plan or otherwise entered in connection with the Chapter 11 Cases (whether or not any or all of the Chapter 11 Cases have been closed);

(m)     except as otherwise limited herein, recover all Estate Assets, wherever located;

(n)     hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 346, 505, and 1146;

(o)     hear and determine all disputes involving the existence, nature, or scope of the Debtors' discharge;

(p)     hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, the Bankruptcy Code and title 28 of the United States Code;

(q)     resolve any cases, controversies, suits, or disputes related to the Wind-Down Entity, the Wind-Down CEO, the Liquidation Trust, the Liquidation Trustee, the Remaining Debtors, or the Remaining Debtors Manager; and

(r)     enter a final decree closing the Chapter 11 Cases of the Remaining Debtors.

**10.2     <u>Reserved Rights to Seek Bankruptcy Court Approval</u>.** Notwithstanding any provision of the Plan allowing an act to be taken without Bankruptcy Court approval, the Liquidation Trustee and the Wind-Down Entity shall have the right to submit to the Bankruptcy Court any question or questions regarding which either of them may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidation Trust or the Wind-Down Entity, including the administration, distribution, or proposed sale of any of the Liquidation Trust Assets or any of the Wind-Down Assets. The Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or disapprove any such proposed action upon motion Filed by the Liquidation Trust or the Wind-Down Entity, as applicable.

**10.3     <u>Non-Exercise of Jurisdiction</u>.** If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in Section 10.1 of the Plan, the provisions of this Article X shall have no effect on, and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to, such matter.

# ARTICLE XI

## MISCELLANEOUS PROVISIONS

**11.1    Administrative Claims.** Subject to the last sentence of this Section 11.1, all requests for payment of an Administrative Claim must be Filed with the Bankruptcy Court no later than the Administrative Claims Bar Date. In the event of an objection to Allowance of an Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. **THE FAILURE TO FILE A MOTION REQUESTING ALLOWANCE OF AN ADMINISTRATIVE CLAIM ON OR BEFORE THE ADMINISTRATIVE CLAIMS BAR DATE, OR THE FAILURE TO SERVE SUCH MOTION TIMELY AND PROPERLY, SHALL RESULT IN THE ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND DISALLOWED WITHOUT FURTHER ORDER OF THE BANKRUPTCY COURT. IF FOR ANY REASON ANY SUCH ADMINISTRATIVE CLAIM IS INCAPABLE OF BEING FOREVER BARRED AND DISALLOWED, THEN THE HOLDER OF SUCH CLAIM SHALL IN NO EVENT HAVE RECOURSE TO ANY PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN.** Postpetition statutory tax claims shall not be subject to any Administrative Claims Bar Date.

**11.2    Professional Fee Claims.** All final requests for payment of Professional Fee Claims pursuant to Bankruptcy Code sections 327, 328, 330, 331, 363, 503(b), or 1103 must be made by application Filed with the Bankruptcy Court and served on counsel to the Liquidation Trust and counsel to the U.S. Trustee no later than forty-five (45) calendar days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be Filed and served on counsel to the Liquidation Trust, counsel to the U.S. Trustee, and the requesting Professional on or before the date that is twenty-one (21) calendar days after the date on which the applicable application was served (or such longer period as may be allowed by order of the Bankruptcy Court or by agreement with the requesting Professional). All Professional Fee Claims shall be paid by the Liquidation Trust to the extent approved by order of the Bankruptcy Court within five (5) Business Days after entry of such order. On the Effective Date, the Liquidation Trust shall establish the Professional Fee Reserve. The Professional Fee Reserve shall vest in the Liquidation Trust and shall be maintained by the Liquidation Trust in accordance with the Plan. The Liquidation Trust shall fully fund the Professional Fee Reserve on the Effective Date in an amount that is agreed upon by the Debtors and each of the Committees prior to the Confirmation Hearing and that approximates the total projected amount of unpaid Professional Fee Claims on the Effective Date. If the Debtors and the Committees are unable to agree on an amount by which the Professional Fee Reserve is to be funded, then any of those parties may submit the issue to the Bankruptcy Court, which, following notice and a hearing, shall fix the amount of the required funding. All Professional Fee Claims that have not previously been paid, otherwise satisfied, or withdrawn shall be paid from the Professional Fee Reserve. Any excess funds in the Professional Fee Reserve shall be released to the Liquidation Trust to be used for other purposes consistent with the Plan. For the avoidance of doubt, the Professional Fee Reserve is an estimate and shall not be construed as a cap on the Liquidation Trust's obligation to pay in full Allowed Professional Fee Claims.

**11.3    Payment of Statutory Fees.** All fees payable pursuant to 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid by the Debtors on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by

the Liquidation Trust. Notwithstanding the foregoing: (i) for the Remaining Debtors, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of all Estate Assets being distributed to the Liquidation Trust and the Wind-Down Entity on the Effective Date in the Chapter 11 Cases of the Remaining Debtors; (ii) for all other Debtors, quarterly fees for the quarter in which the Effective Date occurs will be calculated on the basis of disbursements (if any) made by such Debtors prior to the Effective Date; and (iii) quarterly fees for each quarter after the quarter in which the Effective Date occurs will be $325.00 for any Remaining Debtors through the entry of the Final Decree for any of the Remaining Debtors or the dismissal or conversion of the Chapter 11 Cases regarding the Remaining Debtors. Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

**11.4   <u>Post-Effective-Date Reporting</u>.**

(a)     Beginning the first quarter-end following the Effective Date and continuing on each quarter-end thereafter until the Closing Date, within thirty (30) calendar days after the end of such period, the Liquidation Trust shall File quarterly reports with the Bankruptcy Court. Each quarterly report shall contain a cash flow statement which shall show Distributions by Class during the prior quarter, an unaudited balance sheet, the terms of any settlement of an individual Claim in an amount greater than $100,000, the terms of any litigation settlement where the Cause of Action or the Liquidation Trust Action was greater than $100,000 or the settlement is for more than $100,000, the terms of any sale of Estate Assets where the proceeds of such sale are $100,000 or greater, and such other information as the Liquidation Trust determines is material.

(b)     Until the effectiveness of an Exchange Act Registration for the Class A Liquidation Trust Interests, the Liquidation Trust shall, as soon as practicable after the end of each calendar year and upon termination of the Liquidation Trust, provide or make available a written report and account to the Holders of Liquidation Trust Interests, which report and account sets forth (i) the assets and liabilities of the Liquidation Trust at the end of such calendar year or upon termination and the receipts and disbursements of the Liquidation Trust for such calendar year or period, and (ii) changes in the Liquidation Trust Assets and actions taken by the Liquidation Trustee in the performance of its duties under the Plan or the Liquidation Trust Agreement that the Liquidation Trustee determines in its discretion may be relevant to Holders of Liquidation Trust Interests, such as material changes or actions that, in the opinion of the Liquidation Trustee, may have a material effect on the Liquidation Trust Assets that were not previously reported. The Liquidation Trust may provide or make available to Holders of Liquidation Trust Interests similar reports for such interim periods during the calendar year as the Liquidation Trustee deems advisable. So long as no Exchange Act Registration for the Class A Liquidation Trust Interests shall have become effective, such reports may be provided or made available to the Holders of Liquidation Trust Interests, in the discretion of the Liquidation Trustee, by any reasonable means, including U.S. mail, electronic transmission, display on IntraLinks or a similar virtual data room to which Holders shall have access, or publication to a publicly-available website or by press release distributed via a generally recognized business news service.

(c)     Following the effectiveness of an Exchange Act Registration for the Class A Liquidation Trust Interests, the Liquidation Trust shall provide or make available to the Holders of Liquidation Trust Interests, either by publication to a publicly-available website or by press

release distributed via a generally recognized business news service, copies of all current reports on Form 8-K, quarterly reports on Form 10-Q, and annual reports on Form 10-K that may be required to be filed by the Liquidation Trust with the SEC under the Exchange Act, which copies are to be so provided or made available promptly after such filing.

**11.5    Dissolution of the Committees.** Each of the Committees shall be automatically dissolved on the Effective Date and, on the Effective Date, each member of the Committees (including each Related Party thereof) and each Professional retained by any of the Committees shall be released and discharged from all rights, duties, responsibilities, and obligations arising from, or related to, the Debtors, their membership on any of the Committees, the Plan, or the Chapter 11 Cases, except with respect to (a) any matters concerning any Professional Fee Claims held or asserted by any Professional retained by any of the Committees; and (b) the right of former Noteholder Committee and Unitholder Committee members to select a successor Noteholder Committee or Unitholder Committee designee, respectively, on the Liquidation Trust Supervisory Board.

**11.6    Modifications and Amendments.**

(a)    In the Debtors' reasonable discretion after consultation with each of the Committees, the Debtors may alter, amend, or modify the Plan under Bankruptcy Code section 1127(a) at any time at or prior to the conclusion of the Confirmation Hearing. All alterations, amendments, or modifications to the Plan must comply with Bankruptcy Code section 1127. The Debtors shall provide parties in interest with notice of such amendments or modifications as may be required by the Bankruptcy Rules or order of the Bankruptcy Court. A Creditor that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified, or clarified, if the proposed alteration, amendment, modification, or clarification does not materially and adversely change the treatment of the Claim of such Creditor.

(b)    After entry of the Confirmation Order and prior to substantial consummation (as defined in Bankruptcy Code section 1101(2)) of the Plan, the Debtors or the Liquidation Trust, as applicable, may, under Bankruptcy Code section 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or to reconcile any inconsistencies in the Plan, the Disclosure Statement approved with respect to the Plan, or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan. Such proceedings must comply with Bankruptcy Code section 1127. To the extent required, prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or an order of the Bankruptcy Court. A Creditor that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified, or clarified, if the proposed alteration, amendment, modification, or clarification does not materially and adversely change the treatment of the Claim of such Creditor.

**11.7    Severability of Plan Provisions.** If, at or before the Confirmation Hearing, the Bankruptcy Court holds that any Plan term or provision is invalid, void, or unenforceable, the Bankruptcy Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision. That term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the Plan's remaining terms and provisions will remain

in full force and effect and will in no way be affected, impaired, or invalidated. The Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with this Section 11.7, is valid and enforceable under its terms.

**11.8**    **Compromises and Settlements.** From and after the Effective Date, the Liquidation Trust may compromise and settle disputes about any Claims or about any Liquidation Trust Actions, without any further approval by the Bankruptcy Court. Until the Effective Date, the Debtors expressly reserve the right to compromise and settle (subject to the approval of the Bankruptcy Court) Claims against them or any Avoidance Actions and Causes of Action belonging to the Estates.

**11.9**    **Binding Effect of Plan.** Upon the Effective Date, Bankruptcy Code section 1141 shall become applicable with respect to the Plan and the Plan shall be binding on all Persons to the fullest extent permitted by Bankruptcy Code section 1141(a). Confirmation of the Plan binds each Holder of a Claim or Equity Interest to all the terms and conditions of the Plan, whether or not such Holder's Claim or Equity Interest is Allowed, whether or not such Holder holds a Claim or Equity Interest that is in a Class that is Impaired under the Plan, and whether or not such Holder has accepted the Plan.

**11.10**    **Non-Discharge of the Debtors; Injunction. In accordance with Bankruptcy Code section 1141(d)(3)(A), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Equity Interests against the Debtors. As such, no Person holding a Claim or an Equity Interest may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Person under the Plan. As of the Effective Date, all Persons are precluded and barred from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, Equity Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.**

**11.11**    **Releases and Related Matters.**

**(a)**    **On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Cases, or the Plan, except for acts or omissions that are determined in a Final Order to have constituted actual fraud or willful misconduct; *provided, however*, that nothing in this Section 11.11 shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order.**

(b)    Entry of the Confirmation Order shall constitute (i) the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases set forth in this Section 11.11; and (ii) the Bankruptcy Court's findings that such releases are (1) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims, (2) in the best interests of the Debtors, the Estates, and any Holders of Claims that are Releasing Parties, (3) fair, equitable, and reasonable, (4) given and made after due notice and opportunity for hearing, and (5) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties.

(c)    Notwithstanding any provision herein to the contrary or an abstention from voting on the Plan, no provision of the Plan, or any order confirming the Plan, (i) releases any non-debtor Person from any Cause of Action of the SEC; or (ii) enjoins, limits, impairs, or delays the SEC from commencing or continuing any Causes of Action, proceedings, or investigations against any non-debtor Person in any forum.

**11.12**    **Exculpation and Limitation of Liability.** On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan; *provided, however*, that nothing in this Section 11.12 shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order; and *provided, further*, that the exculpation provisions of this Section 11.12 shall not apply to acts or omissions constituting actual fraud or willful misconduct by such Exculpated Party as determined by a Final Order. For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute actual fraud or willful misconduct unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation, and in all respects, the Exculpated Parties shall be entitled to rely on the written advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by this Section 11.12 of the Plan.

**11.13**    **Term of Injunctions or Stays.** Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays in the Chapter 11 Cases under Bankruptcy Code sections 105 or 362 or otherwise, and extant as of the Confirmation Hearing (excluding any injunctions or stays contained in or arising from the Plan or the Confirmation Order), shall remain in full force and effect through and inclusive of the Effective Date.

**11.14**    **Revocation, Withdrawal, or Non-Consummation.** The Debtors reserve the right to revoke or withdraw the Plan at any time prior to the Confirmation Hearing and to File

subsequent plans. If the Debtors revoke or withdraw the Plan prior to the Confirmation Hearing, or if the Effective Date does not occur, then (a) the Plan shall be null and void in all respects; and (b) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims against, or any Equity Interests in, any Debtor, or any Causes of Action by or against any Debtor or any other Person, (ii) prejudice in any manner the rights of any Debtor or any other Person in any further proceedings involving a Debtor, or (iii) constitute an admission of any sort by any Debtor or any other Person.

**11.15    Exemption from Transfer Taxes.** Pursuant to Bankruptcy Code section 1146, the vesting of the Liquidation Trust Assets in the Liquidation Trust, the vesting of the Wind-Down Assets in the Wind-Down Entity, the issuance, transfer, or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust, lien, pledge, or other security interest, or the making or assignment of any lease or sublease, or making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

**11.16    Computation of Time.** In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**11.17    Transactions on Business Days.** If the Effective Date or any other date on which a transaction may occur under the Plan shall occur on a day that is not a Business Day, any transactions or other actions contemplated by the Plan to occur on such day shall instead occur on the next succeeding Business Day.

**11.18    Good Faith.** Confirmation of the Plan shall constitute a conclusive determination that: (a) the Plan, and all the transactions and settlements contemplated thereby, have been proposed in good faith and in compliance with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules; and (b) the solicitation of acceptances or rejections of the Plan has been in good faith and in compliance with all applicable provisions of the Bankruptcy Code, and the Bankruptcy Rules, and, in each case, that the Debtors and all Related Parties have acted in good faith in connection therewith.

**11.19    Governing Law.** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), (a) the laws of the State of Delaware shall govern the construction and implementation of the Plan and (except as may be provided otherwise in any such agreements, documents, or instruments) any agreements, documents, and instruments executed in connection with the Plan and (b) the laws of the state of incorporation or formation of each Debtor shall govern corporate or limited liability company governance matters with respect to such Debtor; in each case without giving effect to the principles of conflicts of law thereof. Any applicable nonbankruptcy law that would prohibit, limit, or otherwise restrict implementation of the Plan based on (i) the commencement of the Chapter 11 Cases, (ii) the appointment of the Liquidation Trustee or the Wind-Down CEO or the Remaining Debtors Manager, (iii) the wind down of the Debtors, (iv) the liquidation of some or all of the Liquidation Trust Assets or the Wind-Down Assets, or (v) any other act or action to be done pursuant to or contemplated by the Plan is superseded and rendered inoperative by the Plan and federal bankruptcy law.

**11.20   Notices.** Following the Effective Date, all pleadings and notices Filed in the Chapter 11 Cases shall be served solely on (a) the Liquidation Trust and its counsel, (b) the U.S. Trustee, (c) any Person whose rights are affected by the applicable pleading or notice, and (d) any Person Filing a specific request for notices and papers on and after the Effective Date.

**11.21   Final Decree.** Upon the Liquidation Trustee's determination that all Claims have been Allowed, disallowed, expunged, or withdrawn and that all Wind-Down Assets and Liquidation Trust Assets have been liquidated, abandoned, or otherwise administered, the Liquidation Trust shall move for the entry of the Final Decree with respect to the Remaining Debtors. On entry of the Final Decree, the Wind-Down CEO, the Wind-Down Board, the Liquidation Trustee, the Liquidation Trust Supervisory Board, the Remaining Debtors Manager, and their respective Related Parties, in each case to the extent not previously discharged by the Bankruptcy Court, shall be deemed discharged and have no further duties or obligations to any Person.

**11.22   Closing of Certain Chapter 11 Cases.** On the Effective Date, the Chapter 11 Cases for all Debtors other than the Remaining Debtors will be deemed closed and no further fees in respect of such closed cases will thereafter accrue or be payable to any Person. As soon as practicable after the Effective Date, the Liquidation Trust shall submit a separate order to the Bankruptcy Court under certification of counsel closing the Chapter 11 Cases for all Debtors other than the Remaining Debtors. The Liquidation Trust may at any point File a motion to close the Chapter 11 Case for either of the Remaining Debtors.

**11.23   Additional Documents.** On or before the Effective Date, the Debtors may File with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Debtors, the Wind-Down Entity, and the Liquidation Trust, as applicable, and all Holders receiving Distributions pursuant to the Plan and all other parties in interest may, from time to time, prepare, execute, and deliver any agreements or documents and take any other acts as may be necessary or advisable to effectuate the provisions and intent of the Plan.

**11.24   Conflicts with the Plan.** In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, any other order entered in the Chapter 11 Cases, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence; *provided, however*, that the Confirmation Order shall control and take precedence in the event of any inconsistency between the Confirmation Order, any provision of the Plan, and any of the foregoing documents.

[remainder of page intentionally left blank]

## ARTICLE XII

### REQUEST FOR CONFIRMATION AND RECOMMENDATION

**12.1    Request for Confirmation.** The Debtors request confirmation of the Plan in accordance with Bankruptcy Code section 1129.

**12.2    Recommendation.** The Debtors believe that confirmation and implementation of the Plan are the best alternative under the circumstances and urge all Impaired Creditors entitled to vote on the Plan to vote in favor of and support confirmation of the Plan.

Respectfully submitted,

**WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL.**

By:    */s/ Bradley D. Sharp*
        Name:  Bradley D. Sharp
        Title:  Chief Restructuring Officer
                WGC Independent Manager, LLC

# Exhibit 1

**List of the Debtors**

Exhibit 1

| | Debtor Name | Tax ID (Last Four Digits) | Address |
|---|---|---|---|
| 1 | 215 North 12th Street, LLC | 3105 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 2 | 695 Buggy Circle, LLC | 4827 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 3 | Addison Park Investments, LLC | 5888 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 4 | Anchorpoint Investments, LLC | 5530 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 5 | Arborvitae Investments, LLC | 3426 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 6 | Archivolt Investments, LLC | 8542 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 7 | Arlington Ridge Investments, LLC | 8879 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 8 | Arrowpoint Investments, LLC | 7069 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 9 | Baleroy Investments, LLC | 9851 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 10 | Basswood Holding, LLC | 2784 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 11 | Bay Village Investments, LLC | 3221 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 12 | Bear Brook Investments, LLC | 3387 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 13 | Beech Creek Investments, LLC | 0963 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 14 | Bellflower Funding, LLC | 0156 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 15 | Bishop White Investments, LLC | 8784 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 16 | Black Bass Investments, LLC | 0884 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 17 | Black Locust Investments, LLC | 3159 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 18 | Blazingstar Funding, LLC | 3953 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 19 | Bluff Point Investments, LLC | 6406 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 20 | Bowman Investments, LLC | 9670 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 21 | Bramley Investments, LLC | 9020 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 22 | Brise Soleil Investments, LLC | 9998 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 23 | Broadsands Investments, LLC | 2687 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 24 | Brynderwen Investments, LLC | 6305 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 25 | Buggy Circle Holdings, LLC | 0850 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 26 | Cablestay Investments, LLC | 3442 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 27 | Cannington Investments, LLC | 4303 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 28 | Carbondale Doocy, LLC | 3616 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 29 | Carbondale Glen Lot A-5, LLC | 0728 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 30 | Carbondale Glen Lot D-22, LLC | 1907 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 31 | Carbondale Glen Lot E-24, LLC | 4987 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 32 | Carbondale Glen Lot GV-13, LLC | 6075 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 33 | Carbondale Glen Lot L-2, LLC | 1369 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 34 | Carbondale Glen Lot SD-14, LLC | 5515 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 35 | Carbondale Glen Lot SD-23, LLC | 4775 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 36 | Carbondale Glen Mesa Lot 19, LLC | 6376 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

| | Debtor Name | Tax ID (Last Four Digits) | Address |
|---|---|---|---|
| 37 | Carbondale Glen River Mesa, LLC | 6926 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 38 | Carbondale Glen Sundance Ponds, LLC | 0113 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 39 | Carbondale Glen Sweetgrass Vista, LLC | 7510 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 40 | Carbondale Peaks Lot L-1, LLC | 6563 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 41 | Carbondale Spruce 101, LLC | 6126 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 42 | Carbondale Sundance Lot 15, LLC | 1131 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 43 | Carbondale Sundance Lot 16, LLC | 0786 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 44 | Castle Pines Investments, LLC | 4123 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 45 | Centershot Investments, LLC | 9391 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 46 | Chaplin Investments, LLC | 3215 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 47 | Chestnut Investments, LLC | 9809 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 48 | Chestnut Ridge Investments, LLC | 3815 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 49 | Clover Basin Investments, LLC | 8470 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 50 | Coffee Creek Investments, LLC | 9365 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 51 | Craven Investments, LLC | 0994 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 52 | Crossbeam Investments, LLC | 2940 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 53 | Crowfield Investments, LLC | 4030 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 54 | Crystal Valley Holdings, LLC | 4942 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 55 | Crystal Woods Investments, LLC | 2816 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 56 | Cuco Settlement, LLC | 1418 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 57 | Daleville Investments, LLC | 2915 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 58 | Deerfield Park Investments, LLC | 2296 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 59 | Derbyshire Investments, LLC | 3735 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 60 | Diamond Cove Investments, LLC | 9809 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 61 | Dixville Notch Investments, LLC | 0257 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 62 | Dogwood Valley Investments, LLC | 5898 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 63 | Dollis Brook Investments, LLC | 4042 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 64 | Donnington Investments, LLC | 2744 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 65 | Doubleleaf Investments, LLC | 7075 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 66 | Drawspan Investments, LLC | 5457 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 67 | Eldredge Investments, LLC | 1579 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 68 | Elstar Investments, LLC | 3731 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 69 | Emerald Lake Investments, LLC | 2276 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 70 | Fieldpoint Investments, LLC | 2405 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 71 | Franconia Notch Investments, LLC | 7325 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 72 | Frog Rock Investments, LLC | 0623 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

|     | Debtor Name | Tax ID (Last Four Digits) | Address |
|-----|-------------|---------------------------|---------|
| 73  | Gateshead Investments, LLC | 1537 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 74  | Glenn Rich Investments, LLC | 7350 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 75  | Goose Rocks Investments, LLC | 5453 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 76  | Goosebrook Investments, LLC | 3737 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 77  | Graeme Park Investments, LLC | 8869 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 78  | Grand Midway Investments, LLC | 1671 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 79  | Gravenstein Investments, LLC | 2195 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 80  | Green Gables Investments, LLC | 1347 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 81  | Grenadier Investments, LLC | 1772 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 82  | Grumblethorpe Investments, LLC | 9318 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 83  | H10 Deerfield Park Holding Company, LLC | 8117 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 84  | H11 Silk City Holding Company, LLC | 5002 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 85  | H12 White Birch Holding Company, LLC | 9593 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 86  | H13 Bay Village Holding Company, LLC | 8917 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 87  | H14 Dixville Notch Holding Company, LLC | 5633 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 88  | H15 Bear Brook Holding Company, LLC | 0030 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 89  | H16 Monadnock Holding Company, LLC | 3391 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 90  | H17 Pemigewasset Holding Company, LLC | 9026 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 91  | H18 Massabesic Holding Company, LLC | 0852 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 92  | H19 Emerald Lake Holding Company, LLC | 1570 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 93  | H2 Arlington Ridge Holding Company, LLC | 9930 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 94  | H20 Bluff Point Holding Company, LLC | 7342 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 95  | H21 Summerfree Holding Company, LLC | 4453 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 96  | H22 Papirovka Holding Company, LLC | 8821 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 97  | H23 Pinova Holding Company, LLC | 0307 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 98  | H24 Stayman Holding Company, LLC | 0527 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 99  | H25 Elstar Holding Company, LLC | 3243 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 100 | H26 Gravenstein Holding Company, LLC | 4323 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 101 | H27 Grenadier Holding Company, LLC | 2590 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 102 | H28 Black Locust Holding Company, LLC | 6941 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 103 | H29 Zestar Holding Company, LLC | 4093 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 104 | H30 Silver Maple Holding Company, LLC | 9953 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 105 | H31 Addison Park Holding Company, LLC | 0775 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 106 | H32 Arborvitae Holding Company, LLC | 7525 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 107 | H33 Hawthorn Holding Company, LLC | 4765 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 108 | H35 Hornbeam Holding Company, LLC | 5290 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

Exhibit 1

| | Debtor Name | Tax ID (Last Four Digits) | Address |
|---|---|---|---|
| 109 | H36 Sturmer Pippin Holding Company, LLC | 1256 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 110 | H37 Idared Holding Company, LLC | 3378 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 111 | H38 Mutsu Holding Company, LLC | 5889 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 112 | H39 Haralson Holding Company, LLC | 0886 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 113 | H4 Pawtuckaway Holding Company, LLC | 9299 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 114 | H40 Bramley Holding Company, LLC | 7162 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 115 | H41 Grumblethorpe Holding Company, LLC | 0106 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 116 | H43 Lenni Heights Holding Company, LLC | 7951 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 117 | H44 Green Gables Holding Company, LLC | 2248 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 118 | H46 Beech Creek Holding Company, LLC | 0050 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 119 | H47 Summit Cut Holding Company, LLC | 6912 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 120 | H49 Bowman Holding Company, LLC | 1694 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 121 | H5 Chestnut Ridge Holding Company, LLC | 5244 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 122 | H50 Sachs Bridge Holding Company, LLC | 3049 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 123 | H51 Old Carbon Holding Company, LLC | 1911 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 124 | H52 Willow Grove Holding Company, LLC | 2112 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 125 | H53 Black Bass Holding Company, LLC | 3505 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 126 | H54 Seven Stars Holding Company, LLC | 8432 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 127 | H55 Old Maitland Holding Company, LLC | 3887 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 128 | H56 Craven Holding Company, LLC | 1344 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 129 | H58 Baleroy Holding Company, LLC | 1881 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 130 | H59 Rising Sun Holding Company, LLC | 5554 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 131 | H6 Lilac Meadow Holding Company, LLC | 4921 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 132 | H60 Moravian Holding Company, LLC | 3179 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 133 | H61 Grand Midway Holding Company, LLC | 4835 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 134 | H64 Pennhurst Holding Company, LLC | 1251 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 135 | H65 Thornbury Farm Holding Company, LLC | 7454 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 136 | H66 Heilbron Manor Holding Company, LLC | 7245 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 137 | H68 Graeme Park Holding Company, LLC | 2736 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 138 | H7 Dogwood Valley Holding Company, LLC | 7002 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 139 | H70 Bishop White Holding Company, LLC | 6161 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 140 | H74 Imperial Aly Holding Company, LLC | 7948 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 141 | H76 Diamond Cove Holding Company, LLC | 0315 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 142 | H8 Melody Lane Holding Company, LLC | 4011 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 143 | H9 Strawberry Fields Holding Company, LLC | 4464 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 144 | Hackmatack Investments, LLC | 8293 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

| | Debtor Name | Tax ID (Last Four Digits) | Address |
|---|---|---|---|
| 145 | Haffenburg Investments, LLC | 1472 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 146 | Haralson Investments, LLC | 8946 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 147 | Harringworth Investments, LLC | 5770 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 148 | Hawthorn Investments, LLC | 3463 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 149 | Hazelpoint Investments, LLC | 3824 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 150 | Heilbron Manor Investments, LLC | 7818 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 151 | Hollyline Holdings, LLC | 4412 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 152 | Hollyline Owners, LLC | 2556 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 153 | Hornbeam Investments, LLC | 9532 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 154 | Idared Investments, LLC | 7643 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 155 | Imperial Aly Investments, LLC | 7940 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 156 | Ironsides Investments, LLC | 2351 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 157 | Kirkstead Investments, LLC | 3696 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 158 | Lenni Heights Investments, LLC | 6691 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 159 | Lilac Meadow Investments, LLC | 4000 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 160 | Lilac Valley Investments, LLC | 7274 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 161 | Lincolnshire Investments, LLC | 0533 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 162 | Lonetree Investments, LLC | 5194 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 163 | Longbourn Investments, LLC | 2888 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 164 | M10 Gateshead Holding Company, LLC | 8924 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 165 | M11 Anchorpoint Holding Company, LLC | 1946 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 166 | M13 Cablestay Holding Company, LLC | 9809 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 167 | M14 Crossbeam Holding Company, LLC | 3109 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 168 | M15 Doubleleaf Holding Company, LLC | 9523 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 169 | M16 Kirkstead Holding Company, LLC | 8119 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 170 | M17 Lincolnshire Holding Company, LLC | 9895 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 171 | M19 Arrowpoint Holding Company, LLC | 4378 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 172 | M22 Drawspan Holding Company, LLC | 0325 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 173 | M24 Fieldpoint Holding Company, LLC | 6210 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 174 | M25 Centershot Holding Company, LLC | 2128 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 175 | M26 Archivolt Holding Company, LLC | 6436 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 176 | M27 Brise Soleil Holding Company, LLC | 2821 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 177 | M28 Broadsands Holding Company, LLC | 9424 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 178 | M29 Brynderwen Holding Company, LLC | 0685 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 179 | M31 Cannington Holding Company, LLC | 0667 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 180 | M32 Dollis Brook Holding Company, LLC | 2873 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

| | Debtor Name | Tax ID (Last Four Digits) | Address |
|---|---|---|---|
| 181 | M33 Harringworth Holding Company, LLC | 7830 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 182 | M34 Quarterpost Holding Company, LLC | 2780 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 183 | M36 Springline Holding Company, LLC | 0908 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 184 | M37 Topchord Holding Company, LLC | 2131 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 185 | M38 Pemberley Holding Company, LLC | 1154 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 186 | M39 Derbyshire Holding Company, LLC | 6509 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 187 | M40 Longbourn Holding Company, LLC | 3893 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 188 | M41 Silverthorne Holding Company, LLC | 6930 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 189 | M43 White Dome Holding Company, LLC | 1327 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 190 | M44 Wildernest Holding Company, LLC | 7546 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 191 | M45 Clover Basin Holding Company, LLC | 6677 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 192 | M46 Owl Ridge Holding Company, LLC | 0546 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 193 | M48 Vallecito Holding Company, LLC | 0739 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 194 | M49 Squaretop Holding Company, LLC | 4325 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 195 | M5 Stepstone Holding Company, LLC | 1473 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 196 | M50 Wetterhorn Holding Company, LLC | 9936 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 197 | M51 Coffee Creek Holding Company, LLC | 2745 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 198 | M53 Castle Pines Holding Company, LLC | 3398 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 199 | M54 Lonetree Holding Company, LLC | 2356 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 200 | M56 Haffenburg Holding Company, LLC | 3780 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 201 | M57 Ridgecrest Holding Company, LLC | 2759 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 202 | M58 Springvale Holding Company, LLC | 6656 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 203 | M60 Thunder Basin Holding Company, LLC | 4560 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 204 | M61 Mineola Holding Company, LLC | 8989 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 205 | M62 Sagebrook Holding Company, LLC | 5717 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 206 | M63 Crowfield Holding Company, LLC | 7092 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 207 | M67 Mountain Spring Holding Company, LLC | 5385 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 208 | M68 Goosebrook Holding Company, LLC | 9434 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 209 | M70 Pinney Holding Company, LLC | 1495 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 210 | M71 Eldredge Holding Company, LLC | 6338 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 211 | M72 Daleville Holding Company, LLC | 8670 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 212 | M73 Mason Run Holding Company, LLC | 5691 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 213 | M74 Varga Holding Company, LLC | 2322 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 214 | M75 Riley Creek Holding Company, LLC | 7226 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 215 | M76 Chaplin Holding Company, LLC | 9267 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 216 | M77 Frog Rock Holding Company, LLC | 1849 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

Exhibit 1

| | Debtor Name | Tax ID (Last Four Digits) | Address |
|---|---|---|---|
| 217 | M79 Chestnut Holding Company, LLC | 0125 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 218 | M80 Hazelpoint Holding Company, LLC | 2703 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 219 | M83 Mt. Holly Holding Company, LLC | 7897 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 220 | M85 Glenn Rich Holding Company, LLC | 7844 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 221 | M86 Steele Hill Holding Company, LLC | 8312 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 222 | M87 Hackmatack Hills Holding Company, LLC | 9583 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 223 | M88 Franconia Notch Holding Company, LLC | 8184 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 224 | M89 Mount Washington Holding Company, LLC | 8012 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 225 | M9 Donnington Holding Company, LLC | 7114 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 226 | M90 Merrimack Valley Holding Company, LLC | 0547 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 227 | M91 Newville Holding Company, LLC | 6748 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 228 | M92 Crystal Woods Holding Company, LLC | 5806 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 229 | M93 Goose Rocks Holding Company, LLC | 5189 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 230 | M94 Winding Road Holding Company, LLC | 8229 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 231 | M95 Pepperwood Holding Company, LLC | 3660 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 232 | M96 Lilac Valley Holding Company, LLC | 0412 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 233 | M97 Red Wood Holding Company, LLC | 2190 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 234 | M99 Ironsides Holding Company, LLC | 8261 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 235 | Mason Run Investments, LLC | 0644 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 236 | Massabesic Investments, LLC | 6893 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 237 | Melody Lane Investments, LLC | 0252 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 238 | Merrimack Valley Investments, LLC | 7307 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 239 | Mineola Investments, LLC | 9029 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 240 | Monadnock Investments, LLC | 3513 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 241 | Moravian Investments, LLC | 6854 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 242 | Mount Washington Investments, LLC | 2061 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 243 | Mountain Spring Investments, LLC | 3294 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 244 | Mt. Holly Investments, LLC | 7337 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 245 | Mutsu Investments, LLC | 8020 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 246 | Newville Investments, LLC | 7973 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 247 | Old Carbon Investments, LLC | 6858 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 248 | Old Maitland Investments, LLC | 9114 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 249 | Owl Ridge Investments, LLC | 8792 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 250 | Papirovka Investments, LLC | 5472 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 251 | Pawtuckaway Investments, LLC | 3152 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 252 | Pemberley Investments, LLC | 9040 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

|     | Debtor Name | Tax ID (Last Four Digits) | Address |
|-----|-------------|---------------------------|---------|
| 253 | Pemigewasset Investments, LLC | 6827 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 254 | Pennhurst Investments, LLC | 7313 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 255 | Pepperwood Investments, LLC | 7950 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 256 | Pinney Investments, LLC | 0132 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 257 | Pinova Investments, LLC | 3468 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 258 | Quarterpost Investments, LLC | 4802 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 259 | Red Woods Investments, LLC | 6065 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 260 | Ridgecrest Investments, LLC | 9696 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 261 | Riley Creek Investments, LLC | 0214 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 262 | Rising Sun Investments, LLC | 6846 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 263 | Sachs Bridge Investments, LLC | 8687 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 264 | Sagebrook Investments, LLC | 1464 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 265 | Seven Stars Investments, LLC | 6994 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 266 | Silk City Investments, LLC | 1465 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 267 | Silver Maple Investments, LLC | 9699 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 268 | Silverleaf Funding, LLC | 9877 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 269 | Silverthorne Investments, LLC | 8840 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 270 | Springline Investments, LLC | 7321 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 271 | Springvale Investments, LLC | 6181 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 272 | Squaretop Investments, LLC | 4466 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 273 | Stayman Investments, LLC | 9090 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 274 | Steele Hill Investments, LLC | 7340 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 275 | Stepstone Investments, LLC | 7231 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 276 | Strawberry Fields Investments, LLC | 0355 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 277 | Sturmer Pippin Investments, LLC | 6686 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 278 | Summerfree Investments, LLC | 1496 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 279 | Summit Cut Investments, LLC | 0876 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 280 | Thornbury Farm Investments, LLC | 3083 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 281 | Thunder Basin Investments, LLC | 7057 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 282 | Topchord Investments, LLC | 4007 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 283 | Vallecito Investments, LLC | 8552 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 284 | Varga Investments, LLC | 7136 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 285 | Wall 123, LLC | Not yet obtained | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 286 | Wetterhorn Investments, LLC | 0171 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 287 | White Birch Investments, LLC | 1555 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 288 | White Dome Investments, LLC | 2729 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

|  | Debtor Name | Tax ID (Last Four Digits) | Address |
|---|---|---|---|
| 289 | Whiteacre Funding, LLC | 2998 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 290 | Wildernest Investments, LLC | 1375 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 291 | Willow Grove Investments, LLC | 6588 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 292 | Winding Road Investments, LLC | 8169 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 293 | WMF Management, LLC | 9238 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 294 | Woodbridge Capital Investments, LLC | 6081 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 295 | Woodbridge Commercial Bridge Loan Fund 1, LLC | 8318 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 296 | Woodbridge Commercial Bridge Loan Fund 2, LLC | 3649 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 297 | Woodbridge Group of Companies, LLC | 3603 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 298 | Woodbridge Investments, LLC | 8557 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 299 | Woodbridge Mezzanine Fund 1, LLC | 2753 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 300 | Woodbridge Mortgage Investment Fund 1, LLC | 0172 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 301 | Woodbridge Mortgage Investment Fund 2, LLC | 7030 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 302 | Woodbridge Mortgage Investment Fund 3, LLC | 9618 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 303 | Woodbridge Mortgage Investment Fund 3A, LLC | 8525 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 304 | Woodbridge Mortgage Investment Fund 4, LLC | 1203 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 305 | Woodbridge Structured Funding, LLC | 3593 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |
| 306 | Zestar Investments, LLC | 3233 | 14140 Ventura Blvd., #302, Sherman Oaks, CA 91423 |

# **EXHIBIT B**

**Liquidation Analysis**

**Woodbridge Group of Companies, LLC, et al.**
**Projected Liquidation Analysis**

Notes to Projected Liquidation Analysis:

As further discussed in the Disclosure Statement, while generally presented with numerical specificity, this Liquidation Analysis is based on a variety of assumptions and estimates which, although considered reasonable by the Debtors, may not be realized and are inherently subject to significant economic, financial, legal, and other uncertainties and contingencies, future events that are unknown at this time, and actions of other parties that are unknown and beyond the control of the Debtors. Uncertainties and contingencies include, without limitation, uncertainties in valuations of Assets, changes in values of Assets, success in marketing and sale of Estate Assets, and settlements or adjudications of Liquidation Trust Actions and Claims objections under the Plan or in a chapter 7 case that may be materially better or worse than projected. In addition, new information may also be discovered concerning Estate Assets and allowable Claims. While an attempt has been made to provide estimates of recoveries to Creditors based on current information, the ultimate recovery to General Unsecured Creditors, Noteholders, and Unitholders may be significantly different than projected and this Liquidation Analysis should not be relied on as a guarantee or other assurance of the actual results that will occur. The estimated Allowed Claim amounts in each Class set forth in the Liquidation Analysis are only the Debtors' current estimates of Allowed Claims at the conclusion of the Claim objection process, are subject to change after further review and analysis and adjudication or other resolution of the Claims, and should not be relied on as representing agreement of the Debtors or any other party to the amounts set forth.

| | Note | Estimated Principal Claim | Estimated Allowed Claim, Net* | Plan Recoveries | | Estimated Allowed Claim, Net* | Base Case Chapter 7 Recoveries | |
| | | | | Amount | Recovery % | | Amount | Recovery % |
|---|---|---|---|---|---|---|---|---|
| Cash | [1] | | | $105,390,304 | | | $105,390,304 | |
| Wind-Down Assets, Net | [2] | | | 496,452,414 | | | 311,493,029 | |
| Liquidation Trust Assets, Net | [3] | | | - | | | - | |
| **Total Assets** | | | | **601,842,718** | | | **416,883,333** | |
| Liquidation Trust Costs | | | | (8,605,225) | | | - | |
| Chapter 11 Administrative Claims | [4] | | - | - | - | - | - | - |
| Chapter 11 Professional Fee Claims | [5] | | $7,142,346 | (7,142,346) | 100.0% | $6,642,346 | (6,642,346) | 100.0% |
| Chapter 7 Professional Fee Claims | | | --- | --- | --- | 12,877,665 | (12,877,665) | 100.0% |
| DIP Claims | [6] | | - | - | - | - | - | - |
| **Net Assets Available for Creditors** | | | | **586,095,147** | | | **397,363,322** | |
| Priority Tax Claims | [7] | | 430,784 | (430,784) | 100.0% | 430,784 | (430,784) | 100.0% |
| Class 1: Other Secured Claims | [8] | | 6,600,000 | (6,600,000) | 100.0% | 6,600,000 | (6,600,000) | 100.0% |
| Class 2: Priority Claims | [9] | | 1,172 | (1,172) | 100.0% | 1,172 | (1,172) | 100.0% |
| **Net Assets Available for Classes 3-6** | | | | **$579,063,191** | | | **$390,331,366** | |
| Class 3: Standard Note Claims | [10] | 757,359,936 | 694,627,940 | 473,620,187 | 68.2% | 694,627,940 | 317,944,689 | 45.8% |
| Class 4: General Unsecured Claims | [11] | | 30,000,000 | 20,454,987 | 68.2% | 33,500,000 | 15,333,600 | 45.8% |
| Class 5: Unit Claims | [12] | 212,194,892 | 171,926,068 | 84,988,017 | 49.4% | 171,926,068 | 57,053,076 | 33.2% |
| Class 6: Non-Debtor Loan Note Claims | [13] | | - | - | - | - | - | - |
| **Recoveries for Classes 3-6** | [14] | | | **$579,063,191** | | | **$390,331,366** | |

---

* Net of Prepetition Distributions.  Note, however, that treatment to reduce these Claims by Prepetition Distributions may not occur in a chapter 7.

**Woodbridge Group of Companies, LLC, et al.**
**Projected Liquidation Analysis**

Notes to Projected Liquidation Analysis:

As further discussed in the Disclosure Statement, while generally presented with numerical specificity, this Liquidation Analysis is based on a variety of assumptions and estimates which, although considered reasonable by the Debtors, may not be realized and are inherently subject to significant economic, financial, legal, and other uncertainties and contingencies, future events that are unknown at this time, and actions of other parties that are unknown and beyond the control of the Debtors. Uncertainties and contingencies include, without limitation, uncertainties in valuations of Assets, changes in values of Assets, success in marketing and sale of Estate Assets, and settlements or adjudications of Liquidation Trust Actions and Claims objections under the Plan or in a chapter 7 case that may be materially better or worse than projected. In addition, new information may also be discovered concerning Estate Assets and allowable claims. While an attempt has been made to provide estimates of recoveries to Creditors based on current information, the ultimate recovery to General Unsecured Creditors, Noteholders, and Unitholders may be significantly different than projected and this Liquidation Analysis should not be relied on as a guarantee or other assurance of the actual results that will occur. The estimated Allowed Claim amounts in each Class set forth in the Liquidation Analysis are only the Debtors' current estimates of Allowed Claims at the conclusion of the Claim objection process, are subject to change after further review and analysis and adjudication or other resolution of the Claims, and should not be relied on as representing agreement of the Debtors or any other party to the amounts set forth.

| | Note | Estimated Principal Claim | Estimated Allowed Claim, Net* | Plan Recoveries | | Estimated Allowed Claim, Net* | Noteholder High Case [15] Chapter 7 Recoveries | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Amount | Recovery % | | Amount | Recovery % |
| Cash | [1] | | | $105,390,304 | | | $105,390,304 | |
| Wind-Down Assets, Net | [2] | | | 496,452,414 | | | 311,493,029 | |
| Liquidation Trust Assets, Net | [3] | | | - | | | - | |
| **Total Assets** | | | | **601,842,718** | | | **416,883,333** | |
| Liquidation Trust Costs | | | | (8,605,225) | | | - | |
| Chapter 11 Administrative Claims | [4] | | - | - | - | - | - | - |
| Chapter 11 Professional Fee Claims | [5] | | $7,142,346 | (7,142,346) | 100.0% | $6,642,346 | (6,642,346) | 100.0% |
| Chapter 7 Professional Fee Claims | | | --- | --- | --- | 12,877,665 | (12,877,665) | 100.0% |
| DIP Claims | [6] | | - | - | - | - | - | - |
| **Net Assets Available for Creditors** | | | | **586,095,147** | | | **397,363,322** | |
| Priority Tax Claims | [7] | | 430,784 | (430,784) | 100.0% | 430,784 | (430,784) | 100.0% |
| Class 1: Other Secured Claims | [8] | | 6,600,000 | (6,600,000) | 100.0% | 6,600,000 | (6,600,000) | 100.0% |
| Class 2: Priority Claims | [9] | | 1,172 | (1,172) | 100.0% | 1,172 | (1,172) | 100.0% |
| **Net Assets Available for Classes 3-6** | | | | **$579,063,191** | | | **$390,331,366** | |
| Class 3: Standard Note Claims | [10] | 757,359,936 | 694,627,940 | 473,620,187 | 68.2% | 694,627,940 | 390,331,366 | 56.2% |
| Class 4: General Unsecured Claims | [11] | | 30,000,000 | 20,454,987 | 68.2% | 33,500,000 | - | - |
| Class 5: Unit Claims | [12] | 212,194,892 | 171,926,068 | 84,988,017 | 49.4% | 171,926,068 | - | - |
| Class 6: Non-Debtor Loan Note Claims | [13] | | - | - | - | - | - | - |
| **Recoveries for Classes 3-6** | [14] | | | **$579,063,191** | | | **$390,331,366** | |

* Net of Prepetition Distributions.  Note, however, that treatment to reduce these Claims by Prepetition Distributions may not occur in a chapter 7.

**Woodbridge Group of Companies, LLC, et al.**
**Projected Liquidation Analysis**

Notes to Projected Liquidation Analysis:

As further discussed in the Disclosure Statement, while generally presented with numerical specificity, this Liquidation Analysis is based on a variety of assumptions and estimates which, although considered reasonable by the Debtors, may not be realized and are inherently subject to significant economic, financial, legal, and other uncertainties and contingencies, future events that are unknown at this time, and actions of other parties that are unknown and beyond the control of the Debtors. Uncertainties and contingencies include, without limitation, uncertainties in valuations of Assets, changes in values of Assets, success in marketing and sale of Estate Assets, and settlements or adjudications of Liquidation Trust Actions and Claims objections under the Plan or in a chapter 7 case that may be materially better or worse than projected. In addition, new information may also be discovered concerning Estate Assets and allowable claims. While an attempt has been made to provide estimates of recoveries to Creditors based on current information, the ultimate recovery to General Unsecured Creditors, Noteholders, and Unitholders may be significantly different than projected and this Liquidation Analysis should not be relied on as a guarantee or other assurance of the actual results that will occur. The estimated Allowed Claim amounts in each Class set forth in the Liquidation Analysis are only the Debtors' current estimates of Allowed Claims at the conclusion of the Claim objection process, are subject to change after further review and analysis and adjudication or other resolution of the Claims, and should not be relied on as representing agreement of the Debtors or any other party to the amounts set forth.

| | | | | Plan Recoveries | | | Unitholder High Case [16] | |
| | | | | | | | Chapter 7 Recoveries | |
| | Note | Estimated Principal Claim | Estimated Allowed Claim, Net* | Amount | Recovery % | Estimated Allowed Claim, Net* | Amount | Recovery % |
|---|---|---|---|---|---|---|---|---|
| Cash | [1] | | | $105,390,304 | | | $105,390,304 | |
| Wind-Down Assets, Net | [2] | | | 496,452,414 | | | 311,493,029 | |
| Liquidation Trust Assets, Net | [3] | | | - | | | - | |
| **Total Assets** | | | | **601,842,718** | | | **416,883,333** | |
| Liquidation Trust Costs | | | | (8,605,225) | | | - | |
| Chapter 11 Administrative Claims | [4] | | - | - | - | - | - | - |
| Chapter 11 Professional Fee Claims | [5] | | $7,142,346 | (7,142,346) | 100.0% | $6,642,346 | (6,642,346) | 100.0% |
| Chapter 7 Professional Fee Claims | | | --- | --- | --- | 12,877,665 | (12,877,665) | 100.0% |
| DIP Claims | [6] | | - | - | - | - | - | - |
| **Net Assets Available for Creditors** | | | | **586,095,147** | | | **397,363,322** | |
| Priority Tax Claims | [7] | | 430,784 | (430,784) | 100.0% | 430,784 | (430,784) | 100.0% |
| Class 1: Other Secured Claims | [8] | | 6,600,000 | (6,600,000) | 100.0% | 6,600,000 | (6,600,000) | 100.0% |
| Class 2: Priority Claims | [9] | | 1,172 | (1,172) | 100.0% | 1,172 | (1,172) | 100.0% |
| **Net Assets Available for Classes 3-6** | | | | **$579,063,191** | | | **$390,331,366** | |
| Class 3: Standard Note Claims | [10] | 757,359,936 | 694,627,940 | 473,620,187 | 68.2% | 694,627,940 | 301,243,114 | 43.4% |
| Class 4: General Unsecured Claims | [11] | | 30,000,000 | 20,454,987 | 68.2% | 33,500,000 | 14,528,129 | 43.4% |
| Class 5: Unit Claims | [12] | 212,194,892 | 171,926,068 | 84,988,017 | 49.4% | 171,926,068 | 74,560,122 | 43.4% |
| Class 6: Non-Debtor Loan Note Claims | [13] | | - | - | - | - | - | - |
| **Recoveries for Classes 3-6** | [14] | | | **$579,063,191** | | | **$390,331,366** | |

---

* Net of Prepetition Distributions.  Note, however, that treatment to reduce these Claims by Prepetition Distributions may not occur in a chapter 7.

**Woodbridge Group of Companies, LLC, et al.**
**Projected Liquidation Analysis**
**Additional Notes**

Notes:

[1]   Cash                          Projected cash of the Debtors as of November 30, 2018.

[2]   Wind-Down Assets,             This represents estimates for the net recoverable value of the
      Net                           Debtors' interests in the Wind-Down Assets that are
                                    described in the Disclosure Statement, net of liens, debt or
                                    other obligations, upkeep, development, and liquidation
                                    costs, and costs under the Plan or in chapter 7 other than fees
                                    and expenses relating to prosecuting Liquidation Trust
                                    Actions. As described in the Disclosure Statement, these
                                    assets include direct and indirect interests in real property or
                                    other assets.

                                    Numerous assumptions were made to arrive at the net equity
                                    value of the real estate and other assets relating to gross
                                    values, expenses and costs of liquidation, including items
                                    such as remaining payments due under promissory notes,
                                    operating expenses, and/or costs of sale. Information
                                    supporting the assumptions of value utilized may include
                                    recent offers to purchase particular assets, appraisals,
                                    comparable sales transactions, and other sources. Certain
                                    adjustments to value may also be incorporated in an attempt
                                    to arrive at a reasonable estimate of value to account for
                                    uncertainty related to ultimately achieving estimated net
                                    equity values due to lack of liquidity, incomplete
                                    information, potential disputes or other considerations.
                                    However, actual net recoveries may be materially higher or
                                    lower than projected.

                                    As noted above, the amounts realized for liquidation of
                                    Wind-Down Assets under the Plan and in a chapter 7 case
                                    are also net of estimated post-Effective Date management
                                    expenses and legal fees (other than fees relating to
                                    Liquidation Trust Actions). As discussed further in the
                                    Disclosure Statement, it is assumed that in a chapter 7
                                    liquidation a trustee will be appointed or selected and a new
                                    set of professionals will need to be employed (even if certain
                                    matters are handled by existing professionals) and this will
                                    result in material incremental professional fees as a result of
                                    (1) the amount of time and fees that will be required to

become familiar with the complex financial affairs of the Debtors as well as the remaining real property, LLC interests and other assets and analysis and resolution of claims, and (2) the need to address issues that are resolved under the Plan and otherwise may be the subject of litigation.

In addition to lower projected fees and costs under the Plan than in chapter 7, the Liquidation Analysis assumes a greater recovery from liquidation of Wind-Down Assets under the Plan than in chapter 7 based on the ability of management to execute the business plan, including continued development of real property, which will generate better results than under a liquidation with a chapter 7 trustee.

| | | |
|---|---|---|
| [3] | Liquidation Trust Assets, Net | Projecting litigation recoveries and costs with accuracy is particularly difficult due to the uncertainties arising from ongoing discovery in pending litigation, disputed legal issues, limited data regarding collectability and the possibility that certain litigation may be resolved through transfers of property in kind, which property itself may be difficult to accurately value. |
| | | This amount is separate from the costs of operating the Liquidation Trust which are reflected in Liquidation Trust Costs. |
| [4] | Chapter 11 Administrative Claims | This represents estimated unpaid Administrative Claims, which Claims generally are being paid in the ordinary course. |
| [5] | Chapter 11 Professional Fee Claims | This represents estimated unpaid fees and expenses of professionals and may be substantially higher if there is a contested confirmation hearing or other significant disputes prior to the occurrence of the Plan's Effective Date. |
| | | Projected Chapter 11 Professional Fee Claims are expected to be lower in chapter 7 than under the Plan due largely to the reduction in fees attributed to Plan confirmation efforts. |
| [6] | DIP Claims | This represents estimated unpaid DIP Claims. |
| [7] | Priority Tax Claims | Unsecured Priority Tax Claims include estimates of Allowed Claims of the City of Daytona Beach, City of Los Angeles Office of Finance, Connecticut Department of Revenue Services, Delaware Division of Corporations, Franchise Tax Board and New York City Department of Finance as set forth and subject to the qualifications in the Disclosure Statement. |

| [8] | Class 1: Other Secured Claims | Other Secured Claims represent estimates of amounts due for payment of Allowed Other Secured Claims. |
| [9] | Class 2: Priority Claims | Priority Claims include estimates of Allowed Priority Claims. |
| [10] | Class 3: Standard Note Claims | This represents estimates of the Note Claims, both gross Claims and net of Prepetition Distributions. Such amounts include reclassified Class 6 Claims. Recoveries to Class 3 are based on the Distribution of Cash from the Initial Distribution Fund and subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests in accordance with the Liquidation Trust Interests Waterfall.<br><br>While estimates of Allowed Note Claims are presented on a net basis in both scenarios, such net basis treatment may not actually occur in a chapter 7 case. |
| [11] | Class 4: General Unsecured Claims | This represents the high end estimate of Allowed General Unsecured Claims. Additional claims are reflected in a chapter 7 scenario to account for contract rejection damages that may not exist under the Plan because the subject contracts will likely be assumed and assigned to the Wind-Down Entity. It is assumed for purposes of the Chapter 7 Recoveries – Base Case scenario that the holders of General Unsecured Claims would receive the same recovery as holders of Note Claims under the Plan. |
| [12] | Class 5: Unit Claims | This represents estimates of the Unit Claims, both gross Claims and net of Prepetition Distributions. Recoveries to Class 5 are based on the Distribution of Cash from the Initial Distribution Fund and subsequent Distributions of Cash on account of the Class A Liquidation Trust Interests in accordance with the Liquidation Trust Interests Waterfall (based on the assumed aggregate value available for distribution, no Cash will be Distributed on account of the Class B Liquidation Trust Interests).<br><br>While estimates of Allowed Unit Claims are presented on a net basis in both scenarios, such net basis treatment may not actually occur in a chapter 7 case. |
| [13] | Class 6: Non-Debtor Loan Note Claims | It is assumed for purposes of this analysis that no Non-Debtor Loan Note Claims will be Allowed as Secured Claims, and thus all Class 6 Claims will instead be |

reclassified in Class 3 and receive the recoveries set forth for Class 3.

| [14] | Recoveries for Classes 3-6 | This represents the high end estimate of expected recoveries for Classes 3-6. |
| [15] | Noteholder High Case | This scenario makes the most favorable possible assumptions regarding the position of the Noteholders, including that the Note Claims could be allowable as Secured Claims, that the Units would not be treated as Claims, and that there would be no assets for Woodbridge Group of Companies to distribute. In this scenario, no Distributions are provided on account of General Unsecured Claims or Unit Claims, such that 100% of the net assets available for Creditors (other than Other Secured Claims and Priority Claims) are paid to the Noteholders.  This result – which is still less favorable for Noteholders than the projected recoveries under the Plan – would occur only after very substantial litigation, with attendant costs and delay.  The additional litigation expenses could be borne in large part by individual Noteholders and other parties in interest and thus are not reflected in the analysis. |
| [16] | Unitholder High Case | This scenario makes the most favorable possible assumptions regarding the position of the Unitholders, including that the Unit Claims are allowable as actual "Claims" (rather than as Equity Interests) and are ultimately able to participate ratably with the Note Claims.  In this scenario, all Distributions are made ratably among the holders of General Unsecured Claims, Note Claims, and Unit Claims.  This result – which is still less favorable for Unitholders than the projected recoveries under the Plan – would occur only after very substantial litigation, with attendant costs and delay.  The additional litigation expenses could be borne in large part by individual Unitholders and other parties in interest and thus are not reflected in the analysis. |

Global Note:  This analysis assumes that value would be distributed in a chapter 7 scenario after consolidating the Debtors in a fashion similar to the consolidation contemplated by the Plan, including because many of the factors that support the consolidation proposed by the Plan would be equally applicable in a chapter 7 case and because such a consolidated analysis allows for an apples-to-apples comparison between the Plan and a chapter 7 scenario.  While the Debtors believe this assumption is appropriate under the circumstances, other outcomes may result in a chapter 7 scenario, and any outcome would likely occur only after substantial litigation costs have been incurred.

# **EXHIBIT C**

**New Board of Managers Biographies**

## **EXHIBIT C-1**

**Michael I. Goldberg, Esq.**

## MICHAEL I. GOLDBERG

Michael Goldberg is the co-chair of Akerman LLP's Fraud & Recovery Practice Group, a comprehensive fraud management team focusing on Ponzi schemes and EB-5 fraud. He is also a partner in the Bankruptcy Practice Group and previously served as its chair. Mr. Goldberg has managed some of the largest Ponzi scheme liquidation recoveries in U.S. history. More recently he has developed a reputation for his work unraveling EB-5 fraud schemes. Mr. Goldberg has served as court-appointed receiver in many cases over the past two decades, helping victims maximize potential returns by identifying, securing, and monetizing potential assets as quickly and efficiently as possible.  Mr. Goldberg regularly lectures on Ponzi schemes, EB-5 fraud and receiverships and has written numerous articles on these topics.

- Mr. Goldberg obtained a J.D. from Boston University School of Law in 1990, *magna cum laude,* a M.B.A. from New York University in 1987 and a B.A. in history from Boston University in 1985.
- Mr. Goldberg is admitted to both the Florida and New York State bars and numerous federal courts.

Mr. Goldberg has received numerous honors and distinctions, including:

- *The Best Lawyers in America* 2015-2016, Named as "Lawyer of the Year" for Litigation-Bankruptcy and Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law in Fort Lauderdale in 2018 and Lawyer of the Year" for Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization Law in Miami in 2013.
- *Chambers USA* 2006-2017, Ranked in Band 1 in Florida for Bankruptcy/Restructuring
- *Super Lawyers* Magazine 2010, Listed in Florida as a "Top 100 Lawyer"
- *BTI* 2007, Listed as a Client Service "All-Star"

Mr. Goldberg is regularly recommended to serve as receiver to district courts by the SEC in connection with SEC receivership cases and has served as a receiver for the SEC in approximately 20 cases in the past 20 years.  The following cases are currently active:

1.  *SEC v. Jay Construction Management, Inc. et al.,* Case No. 16-cv-213-01-GAYLES (U.S.D.C. S.D. Fla);
2.  *SEC v. Worldwide Entertainment, Inc*., Case No. 06-20975-HUCK (U.S.D.C. S.D. Fla);
3.  *SEC v. U.S. EB-5 Investments, LLC*, Case No. 15-62323-LENARD (U.S.D.C. S.D. Fla).

Mr. Goldberg has never had any business, social or other relationship with Robert Shapiro and has never had any investment in any entity associated with him or the Woodbridge Group. Akerman, LLP has never had a business relationship with Mr. Shapiro.

## **EXHIBIT C-2**

**Richard Nevins**

## RICHARD NEVINS

Richard Nevins is an independent financial advisor with over 30 years of financial experience as a senior investment banker and senior corporate officer.  In 1998 Mr. Nevins was a founder of the Jefferies & Company, Inc. financial restructuring practice. In 2004 he initiated the firm's restructuring practice in London.  He retired first in 2007 and then returned to Jefferies in 2008, finally retiring once again in 2011.  While retired from Jefferies Mr. Nevins has served as an independent director (or in some cases Manager) on many public and private boards of directors or managers.  He also served twice as an Interim CEO.  He was the Examiner in the Northwest Airlines bankruptcy. He currently serves on the board of Cadiz, Inc. (NASDQ CDZI).

Earlier in his career Mr. Nevins was a banker at Drexel Burnham and at Smith Barney. He has also had an independent advisory practice working with companies facing difficult financial challenges including acting as a CRO.

Mr. Nevins holds a Master of Business Administration from the Stanford Graduate School of Business and a Bachelor of Arts in Economics from the University of California, Riverside.

Mr. Nevins has never had any business or other relationship with Robert Shapiro and has never had any investment in any entity associated with him or the Woodbridge Group.

**EXHIBIT C-3**

**M. Freddie Reiss**

## M. FREDDIE REISS

M. Freddie Reiss retired from his position as Senior Managing Director in the FTI Corporate Finance/Restructuring ("FTI") practice in 2013, and thereafter served in a consulting capacity until December 31, 2017.  Prior to joining FTI Consulting, Mr. Reiss was a partner and west region leader at PricewaterhouseCoopers, where he co-founded the Business Restructuring Services Practice.

Mr. Reiss is a certified insolvency and restructuring advisor, a certified public accountant in New York and California, and a certified turnaround professional. He has over 30 years of experience in strategic planning, cash management, liquidation analysis, covenant negotiations, forensic accounting and valuation. Prior to his retirement, he specialized in advising on bankruptcies, reorganizations, business restructuring and providing expert witness testimony for underperforming companies, and also acted as interim management, a fiduciary and chief restructuring officer ("CRO") and trustee.

Mr. Reiss holds an M.B.A. from City College of New York's Baruch College and a B.B.A. from City College of New York's Bernard Baruch School of Business, and he has completed the Director Education and Certification Program at the John E. Anderson School of Management at UCLA. Mr. Reiss is a member of the American Institute of Certified Public Accountants and a Fellow of the American College of Bankruptcy, and in 2013 he was inducted into the Turnaround Management Association Hall of Fame.

Mr. Reiss currently serves as an Independent Director of Tennenbaum Capital Corp. (including as Chairman of the Governance and Compensation Committee, and as a member of the audit committee) and on the board of trustees for the Baruch College Fund.  Previously he was an independent board member for Contech Engineered Solutions and a member of the Board of Directors of Brentwood Country Club (including service as its President).

Mr. Reiss has never had any business, social or other relationship with Robert Shapiro and has never had any investment in any entity associated with him or the Woodbridge Group.

# EXHIBIT D

## Non-Exclusive Description of Preserved Liquidation Trust Actions

## EXHIBIT D TO DISCLOSURE STATEMENT
### (Non-Exclusive Description of Preserved Liquidation Trust Actions)[1]

a.  Pending Litigation

    i.   <u>Nature of Claims.</u>  Any and all Causes of Action that have been asserted or that may be asserted via amendment or otherwise in pending litigation, arbitration, and other proceedings with the Debtors, including, without limitation, adversary proceedings filed in connection with the Chapter 11 Cases and the litigations, arbitrations, and other proceedings referred to in the Debtors' Schedules and/or the Debtors' Statements of Financial Affairs ("<u>SOFAs</u>").[2]

    ii.   <u>Potential Defendants.</u>  The parties that have been named or may properly be named via amendment or otherwise as defendants in any pending litigation, arbitration, and other proceedings with the Debtors.

b.  Parties to Tolling Agreements

    i.   <u>Nature of Claims.</u>  Any and all Causes of Action that may be asserted against any Persons that are parties to a tolling agreement with a Debtor, including, without limitation, any and all such Persons identified in any of the Schedules or SOFAs.

    ii.   <u>Potential Defendants.</u>  The parties to tolling agreements with a Debtor as well as their alter egos, if any.

c.  Contract and Lease Claims

    i.   <u>Nature of Claims.</u>  Any and all Causes of Action based on contracts or leases, including, without limitation, loan agreements, between or among one or more of the Debtors and any contract or lease counterparty.  Such Causes of Action may include breach of contract, breach of the covenant of good faith and fair dealing, breach of warranty, fraud, reformation, rescission, and restitution.

    ii.   <u>Potential Defendants.</u>  Contract and lease counterparties and their alter egos, if any, including, without limitation, any and all such Persons identified in any of the Schedules or SOFAs.

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings set forth for those Defined Terms in the Plan.

[2]   For the avoidance of doubt, for purposes of this exhibit, the failure to identify any Person, document, or other item in the Schedules or SOFAs does not and shall not constitute a release, renunciation, abandonment, or disclaimer of any claim or defense against any Person.  For the further avoidance of doubt, nothing in this exhibit is intended to impair, amend, supersede, or modify in any way the releases and exculpations expressly provided by Sections 11.11 and 11.12 of the Plan or any other express release of claims that was in effect prior to the Effective Date.

d.  Avoidance Actions

    i.   <u>Nature of Claims.</u>  Any and all claims that constitute Avoidance Actions.

    ii.   <u>Potential Defendants.</u>  Vendors, lenders, other creditors, borrowers, Noteholders, Unitholders, current and former holders of Notes who have received prepetition distributions (including return of capital) by the Debtors in an amount that exceeds such holders' investment in the Debtors (including in respect of "net winner" litigation), current and former holders of Units who have received prepetition distributions (including return of capital) by the Debtors in an amount that exceeds such holders' investment in the Debtors (including in respect of "net winner" litigation), current and former holders of Notes and Units who have received prepetition distributions (including return of capital) by the Debtors in any amount and whose claims (including without limitation claims arising by reason of section 502(h) of the Bankruptcy Code), if any, based upon their current or former holdings of Notes and Units are not entitled to a *pari passu* distribution with other holders of Notes or Unit including without limitation by reason of subordination pursuant to section 510 of the Bankruptcy Code, investors, banks, equityholders, insiders, directors, officers, partners, principals, members, managers, non-debtor affiliates, employees, independent contractors, brokers, in-house and external sales agents, other agents, professionals, and counterparties, including, without limitation, any and all other Persons identified in any of the Schedules or SOFAs and all Excluded Parties and Disputing Claimants, as well as their alter egos, if any.

e.  Breach of Fiduciary Duty Claims

    i.   <u>Nature of Claims.</u>  Any and all Causes of Action for breach of duty by one acting in a fiduciary of similar capacity, whether based on intentional, willful, reckless or negligent conduct, including, without limitation, by act or omission.

    ii.   <u>Potential Defendants.</u>  Any Person who now is or has ever been an insider, director, officer, partner, principal, member, manager, non-debtor affiliate, employee, independent contractor, broker, in-house or external sales agent, other agent, professional, or other fiduciary of, for or in any of the Debtors, including, without limitation, all Excluded Parties, as well as their alter egos, if any.

f.  Claims for Negligent, Reckless and/or Intentional Misconduct, including, without limitation, malpractice

    i.   <u>Nature of Claims.</u>  Any and all Causes of Action based on negligent, reckless or intentional misconduct, including, without limitation, by act or omission.

    ii.   <u>Potential Defendants.</u>  Any Person who now is or has ever been an insider, director, officer, partner, principal, member, manager, non-debtor affiliate, employee, independent contractor, broker, in-house or external sales agent, other agent, professional, or other fiduciary or adviser of, for or in any of the Debtors, including, without limitation, all Excluded Parties, as well as their alter egos, if any.

g.  Claims Based on Strict Liability

    i.  <u>Nature of Claims.</u>  Any and all Causes of Action based on strict liability, whether related to the provision or purchase of real or personal property, a service, of any tangible or intangible property.

    ii.  <u>Potential Defendants.</u>  Any Person who now is or has ever sold, gifted, transferred or otherwise provided real or personal property, a service, or any tangible or intangible property to or for any of the Debtors, including, without limitation, all Excluded Parties, as well as their alter egos, if any.

h.  Equitable Subordination and Disallowance

    i.  <u>Nature of Claims.</u>  Any and all claims based on Bankruptcy Code §§ 502(j) and/or 510 and/or applicable local, state or federal law relating to the subordination or disallowance of claims or interests.

    ii.  <u>Potential Defendants.</u>  Any Person who has filed or who holds a Claim in any Debtor's bankruptcy case, who has asserted or asserts a Claim, or who is listed in the Schedules as holding a Claim that is disputed, contingent, or unliquidated, and any person or entity who holds an Interest in any of the Debtors, including, without limitation, all Excluded Parties and Disputing Claimants, as well as their alter egos, if any.

i.  Tax Refunds

    i.  <u>Nature of Claims.</u>  Any and all claims that the Debtors might have for tax refunds.

    ii.  <u>Potential Defendants.</u>  Any federal, state, local, or foreign taxing authority.

j.  Specific Claims Against Insiders and Their Related Parties

    i.  <u>Nature of Claims.</u>  Any and all claims relating to or arising out of or deriving from the following:

        (a)  the transfer of no less than $53 million to, or for the benefit of, Robert H. Shapiro or Persons associated with him, including, without limitation, amounts reimbursed by the Debtors for credit card charges or otherwise transferred for:

            •  hotels, including, without limitation, transfers made to Four Seasons Hotels, The London, Ritz Carlton, Seagate Hotel and Spa, Mr. C's Hotel, Ventanas Al Paraiso, Hotel Le Bristol, and Snowmass Ski Area

            •  travel expenses, including, without limitation, transfers made to United Airlines, Virgin America, American Airlines, Delta Airlines, and Hertz Rent-A-Car

- limousine services, including, without limitation, transfers made to Rocky Mountain Limo, and Lax Maria's Limo

- home furnishings, including, without limitation, transfers made to Roaring Fork Furniture, Flooring Liquidators & More, Angulo Custom Furnishing, Lowes, Restoration Hardware, Moda Italia Home Furnishing, Mitchell Litt Antiques, Christie's NY Auction, Aspen Design Room, Nest Furnishings & Con, Bed Bath & Beyond, and Custom Blind & Carpet

- luxury retail purchases, including, without limitation, transfers made to XIV Karats Ltd., Bvlgari, Louis Vuitton, Vhemier, Chanel, Jimmy Choo, Ermenegildo Zegna, Dolce & Gabbana, FarFetch, and Fendi

- meals and entertainment

- political contributions

- jewelry

- wine, including, without limitation, transfers made to Wine on the Way

- private plane charters

- alimony to Robert H. Shapiro's ex-wife

- luxury automobiles, including, without limitation, transfers made to O'Gara Coach Co. and Dirty Devil Customs Auto Body Shop

- country club fees

- rare coins and precious metals

- taxes and fees, including, without limitation transfer made to the United States Treasury, other taxing authorities, and fees paid to various courts

- utilities/telecommunications, including, without limitation, charges to utility companies and telecommunications companies, and including in respect of internet, telephones, security systems, and others

- storage/moving/courier, including, without limitation, transfers made to storage locations, moving companies and shipping companies, including FedEx, UPS and USPS

- spas and salons

- other retail, including, without limitation, transfers made for technology items (including at BestBuy and Apple), vitamins, liquor, cigars, flower,

clothing (including at Amazon, Nordstrom, and Target), beauty items, accessories, home décor, and office furniture and supplies

- real estate-related charges, including, without limitation, charges for locksmiths, home inspections, contractors, and real estate agents

- professional fees, including, without limitation, fees paid to law firms and accounting firms

- medical expenses, including, without limitation, transfers to doctors, hospitals, and veterinarians

- insurances payments

- groceries and pharmacies

- business expenses

- bank and service fees

(b)     to the extent not described above, the transfers to, or for the benefit, of the following Persons in no less than the following amounts:

- Robert H. Shapiro -- $15,572,108

- Moorpark Boca Funding, LLC -- $10,792,502

- Scott Schwartz / Up & Coming Capital LLC -- $1,319,320

- Jeri Shapiro -- $1,640,318

- 3X a Charm -- $1,286,425

- Schwartz Media Buying Company, LLC -- $17,788,045

- Joy Gravenhorst -- $155,000

- Riverdale Funding, LLC -- $4,600,518

- Carbondale Basalt Owners, LLC -- $781,000

- Carbondale Glen Owners, LLC -- $156,000

- Carbondale Glen Lot 18, LLC -- $100,000

(c)     the commissions paid to Woodbridge Realty of Colorado, LLC d/b/a Woodbridge Realty Unlimited and Woodbridge Luxury Homes of California, Inc. d/b/a Mercer Vine, Inc. plus all additional amounts transferred thereto;

(d)     the Transition Services Agreement, by and between Woodbridge Group of Companies, LLC and WFS Holding Co LLC, dated as of December 1, 2017;

(e)     the Membership Interest Contribution Agreement, by and among RS Protection Trust, Woodbridge Group of Companies, LLC, and Carbondale Doocy, LLC, dated as of December 1, 2017;

(f)     the Forbearance Agreement, by and among Jeri Shapiro, Emerald Lake Investments, LLC, H19 Emerald Lake Holding Company, LLC, Woodbridge Mortgage Investment Fund 3, LLC, Carbondale Glen River Mesa, LLC, Woodbridge Mortgage Investment Fund 1, LLC, Woodbridge Mortgage Investment Fund 3A, LLC, and WGC Independent Manager LLC, dated as of December 1, 2017;

(g)     the Subordination, Non-Disturbance, and Attornment Agreement, by and among Emerald Lake Investments, LLC, Jeri Shapiro, Woodbridge Mortgage Investment Fund 3, LLC, and WGC Independent Manager LLC, dated as of December 1, 2017;

(h)     the Subordination, Non-Disturbance, and Attornment Agreement, by and among Carbondale Glen River Mesa, LLC, Jeri Shapiro, Woodbridge Mortgage Investment Fund 1, LLC, Woodbridge Mortgage Investment Fund 3A, LLC, and WGC Independent Manager LLC, dated as of December 1, 2017; and

(i)     any and all other contracts and leases with the Debtors.

ii.     <u>Potential Defendants.</u>     Robert H. Shapiro, RS Protection Trust, Jeri Shapiro, Carbondale Glen Lot 18, LLC, Carbondale Glen Owners, LLC, Carbondale Basalt Owners, LLC, Woodbridge Realty of Colorado, LLC d/b/a Woodbridge Realty Unlimited, Woodbridge Luxury Homes of California, Inc. d/b/a Mercer Vine, Inc., Riverdale Funding, LLC, Schwartz Media Buying Company, LLC, WFS Holding Co., LLC, a/k/a WFS Holding Company, LLC, Scott Schwartz, Up & Coming Capital LLC, Moorpark Boca Funding, LLC, 3X a Charm, Joy Gravenhorst, each of the recipients of the transfers referenced in Section j.i.(a) hereof (whether or not specifically listed) and each of their respective equityholders, insiders, directors, officers, partners, principals, members, managers, trustees, trusts, affiliates, family members, estates, heirs, executors, administrators, transferees, successors, and assigns, including, without limitation, all Excluded Parties, as well as their alter egos, if any.

k.  All Other Causes of Action, Avoidance Actions, and Contributed Claims Against Excluded Parties

i.  <u>Nature of Claims.</u>  Any and all other Causes of Action, Avoidance Actions, and Contributed Claims that may exist as against any of the Excluded Parties, whatever the nature or theory, including, without limitation, (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of any Notes or Units; (b) all Causes of Action for unlawful dividend, fraudulent conveyance, fraudulent transfer, voidable transaction, or other avoidance claims under state or federal law; (c) all Causes of Action based on, arising out of, or related to the misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (d) all Causes of Action based on, arising out of, or related to any failure to disclose, or actual or attempted cover up or obfuscation of, any of the conduct described in the Disclosure Statement, including, without limitation, in respect of any alleged fraud related thereto.

ii.  <u>Potential Defendants.</u>  Any of the Excluded Parties.  This term is defined in the Plan as: Any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the marketing or sale of Notes or Units, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the marketing or sale of Notes or Units.  A non-exclusive schedule to the Disclosure Statement lists certain of the Excluded Parties, but any Person falling with the definition of Excluded Parties is a potential defendant, as well as their alter egos, if any.

l.  All Other Causes of Action, Avoidance Actions, and Contributed Claims Against Disputing Claimants

i.  <u>Nature of Claims.</u>  Any and all other Causes of Action, Avoidance Actions, and Contributed Claims that may exist as against any of the Disputing Claimants, whatever the nature or theory, including, without limitation, all Causes of Action for unlawful dividend, fraudulent conveyance, fraudulent transfer, voidable transaction, or other avoidance claims under state or federal law.

ii.  <u>Potential Defendants.</u>  Any of the Disputing Claimants, as well as their alter egos, if any.  This term is defined in the Plan as: Either (a) a Noteholder or Unitholder (other than an Excluded Party) that has disputed the amounts set forth for such Creditor in the Schedule of Principal Amounts and Prepetition Distributions pursuant to the procedures set forth in the Disclosure Statement Order and applicable Ballot; or (b) a Noteholder holding a Non-Debtor Loan Note Claim that has not elected to have such Claim reclassified in Class 3 pursuant to the procedures set forth in the Disclosure Statement Order and applicable Ballot.  The specific Disputing Claimants cannot be identified at this time as individual Noteholders and Unitholders themselves control whether or not they become Disputing Claimants during the balloting process.

**<u>EXHIBIT E</u>**

**Wind-Down Business Plan**

As of the Plan's Effective Date, the Wind-Down Entity will own real estate assets that include land suitable for the development of custom single-family homes, under construction homes that are expected to be completed over the next twenty-four (24) months, and new custom homes recently constructed and awaiting sale. The real estate assets are located predominately in the Los Angeles area of Southern California, with one house under renovation in New York City, two new custom homes under construction in the Snowmass area of Colorado, and several residential home sites in the Carbondale area of Colorado. The Wind-Down Entity also will have real estate interests in various U.S. cities, resulting from the Debtors' interests in "Riverdale," a former real estate lender segment that presently owns mortgages and foreclosed real estate relating to loans that were extended to non-debtor borrowers.

The business plan for the Wind-Down Entity is premised on the orderly disposition of its real estate assets through April 2021. Custom homes that are under construction as of the Plan's Effective Date will be completed and sold to third parties. Recently completed homes and certain land holdings suitable for residential development will also be sold to third parties. During the construction and disposition period, the Wind-Down Entity will incur construction costs, sales and marketing expenses, typical operating costs and will have working capital needs. The business plan contemplates that all assets will be sold by April 2021. Based on the various conditions and assumptions of the business plan, the estimated net recovery proceeds to the Liquidation Trust are expected to be approximately $521 to $583 million.

As of the date of the filing of the Disclosure Statement, the Debtors have consummated 33 property sales that have generated net sale proceeds of approximately $106.1 million. In addition, there are currently 16 properties in escrow that are projected to generate approximately $23.6 million in additional sale proceeds, presuming these sales close on their current terms. There are also 20 properties in Southern California that are presently listed for sale by various brokers in the aggregate amount of approximately $263 million. The Debtors expect that a majority of these properties will be sold during the pre-confirmation period, *i.e.*, prior to the end of 2018. Notwithstanding the foregoing, the ultimate closings of properties currently listed for sale are subject to market conditions and various external factors that are not within the Debtors' control, thus actual results may differ materially from these projections.

01:23482962.1

171324.2

**WOODBRIDGE**

**SUMMARY PROJECTED CASH FLOWS**

for the period February 1, 2018 through June 30, 2021

*($ in thousands, Undiscounted)*

| | TOTAL FUTURE CASH FLOW | TOTAL THROUGH CONFIRMATION (NOV-2018) | TOTAL POST CONFIRMATION (DEC-18 TO JUN-21) |
|---|---|---|---|
| **Final Exit Year** | 2021 | | |
| | | | |
| **Wind-Down Entity** | | | |
| Net Revenues | $843,117  (a) | $209,445 | $633,672 |
| Total Costs | (234,315)  (b) | (95,726) | (138,590) |
| DIP Financing, Net | (5,508)  (c) | (5,508) | 0 |
| Restructuring Costs | (53,071) | (45,929) | (7,142) |
| Liquidation Trust Board, D&O & Other | (4,410) | 0 | (4,410) |
| Liquidation Trust Funding | (5,000) | (5,000) | 0 |
| Cash/Working Capital | 43,109  (d) | 28,109 | 15,000 |
| Other Plan Disbursements | (1,252)  (e) | (432) | (820) |
| Net CF Available for Distribution to the Liquidation Trust | 582,668  (f) | 84,958 | 497,710 |
| | | | |
| **Liquidation Trust** | | | |
| Use of Liquidation Trust Seed Funding Cash | 5,000  (g) | 0 | 5,000 |
| Total Liquidation Trust Costs | (8,605)  (h) | 0 | (8,605) |
| Net Liquidation Trust Costs | (3,605) | 0 | (3,605) |
| | | | |
| **Net Recoveries** | $579,063 | $84,958  (i) | $494,105 |

(a)  Net of selling costs, prior seller carry, warranty reserves and asset sales reserves.

(b)  Includes project costs, property taxes, insurance, HOA, overhead and other costs.

(c)  DIP loan interest and fees.

(d)  Operating cash, including sales reserves.

(e)  Includes Priority Tax Claims, Class 1:  Other Secured Claims and Class 2:  Priority Claims not otherwise reflected above.

(f)  Net cash flow available for distribution to the Liquidation Trust (net of the Liquidation Trust Seed Funding of $5 million); does not include revenues or expenses of the Liquidation Trust.

(g)  Liquidation Trust Seed Funding from the Wind-Down Entity.

(h)  Includes Trustee, Board and other professional fees for the Trust.  Excludes litigation related costs and recoveries.

(i)  Projected amount available for the Liquidation Trust to distribute - high case scenario.

**WOODBRIDGE**

**SUMMARY POST CONFIRMATION CASH FLOWS**

for the period February 1, 2018 through June 30, 2021

*($ in thousands, Undiscounted)*

| | | | POST CONFIRMATION | | | |
|---|---|---|---|---|---|---|
| | **TOTAL POST CONFIRMATION** | | **Dec-18 2018** | **CY 2019** | **CY 2020** | **CY 2021** |
| **Final Exit Year** | 2021 | | | | | |
| **Wind-Down Entity** | | | | | | |
| Net Revenues | $633,672 | (a) | $11,382 | $268,276 | $222,725 | $131,290 |
| Total Costs | (138,590) | (b) | (12,269) | (92,510) | (29,684) | (4,126) |
| Restructuring Costs | (7,142) | | (3,613) | (3,529) | 0 | 0 |
| Liquidation Trust Board, D&O & Other | (4,410) | | 0 | (2,030) | (1,360) | (1,020) |
| Cash/Working Capital | 15,000 | (c) | 4,500 | (4,500) | 0 | 15,000 |
| Other Plan Disbursements | (820) | | | (820) | | |
| Net CF Available for Distribution to the Liquidation Trust | 497,710 | (d) | (0) | 164,886 | 191,680 | 141,144 |
| **Liquidation Trust** | | | | | | |
| Use of Liquidation Trust Seed Funding Cash | 5,000 | | 3,561 | 1,439 | 0 | 0 |
| Total Liquidation Trust Costs | (8,605) | | (3,561) | (2,895) | (2,149) | 0 |
| Net Liquidation Trust Costs | (3,605) | (e) | 0 | (1,456) | (2,149) | 0 |
| **Net Cash Flow after Liquidation Trust Costs** | $494,105 | | ($0) | $163,429 | $189,531 | $141,144 |

(a)  Net of selling costs, prior seller carry, warranty reserves and asset sales reserves.

(b)  Includes project costs, property taxes, insurance, HOA, overhead and other costs.

(c )  Beginning cash balance / working capital funding for Wind Down Entity.

(d)  Net cash flow available for distribution to the Liquidation Trust (net of the Liquidation Trust Seed Funding of $5 million); does not include revenues or expenses of the Liquidation Trust.

(e)  Includes Trustee, Board and other professional fees for the Trust.  Excludes litigation related costs and recoveries.

# **SCHEDULE 1**

## **Schedule of Excluded Parties**

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

Note:  Excluded Parties are any prepetition insider of any of the Debtors, any non-debtor affiliates of the Debtors or insider of any such non-debtor affiliates, any prepetition employee of any of the Debtors involved in any way in the marketing or sale of Notes or Units, and any other Person (including any "broker," salesperson, consultant, affiliated entity, or professional) involved in any way in the marketing or sale of Notes or Units, including those Persons identified on this Schedule.

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| 1336 LLC | 1336, LLC | AFFILIATE |
| 14068 DAVANA | 14068 DAVANA HOLDING COMPANY, LLC | AFFILIATE |
| 14068 DAVANA | 14068 DAVANA TERRACE, LLC | AFFILIATE |
| 14112 LLC | 14112, LLC | AFFILIATE |
| 1504 CAPITAL | 1504 CAPITAL INC. | BROKER |
| 15672 CASTLEWOODS | 15672 CASTLEWOODS DRIVE, LLC | AFFILIATE |
| 15672 CASTLEWOODS | 15672 CASTLEWOODS OWNERS, LLC | AFFILIATE |
| 15672 CASTLEWOODS | 15714 CASTLEWOODS DRIVE, LLC | AFFILIATE |
| 15672 CASTLEWOODS | 15714 CASTLEWOODS OWNERS, LLC | AFFILIATE |
| 1579 INVESTMENTS | 1579 INVESTMENTS LLC | INSIDER AFFILIATE |
| 204 DERBY | 204 DERBY AVE, LLC | AFFILIATE |
| 3X A CHARM | 3X A CHARM LLC | INSIDER AFFILIATE |
| 8 FIGURES | 8 FIGURES LLC | AFFILIATE |
| 8020 CONSULTING | 8020 CONSULTING | OTHER |
| A PLUS | A PLUS HOLDINGS, LLC | AFFILIATE |
| A TEAM APPROACH | A TEAM APPROACH LLC | BROKER |
| ABACA | YOLANDA DINO ABACA | BROKER |
| ABRAHAM | MICHAEL ABRAHAM | BROKER |
| ABRAHAM | WILLIAM ABRAHAM | BROKER |
| ABRAMOWITZ | SIDNEY ABRAMOWITZ | BROKER |
| ACACIA CIRCLE | ACACIA CIRCLE, LLC | AFFILIATE |
| ACEVEDO | IVAN ACEVEDO - NOW DEVON MASON | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| ACEVEDO | MICHAEL ACEVEDO | BROKER |
| ACME DIVERSIFIED | ACME DIVERSIFIED HOLDINGS, LLC | AFFILIATE |
| ACME NOW | ACME NOW, LLC | AFFILIATE |
| ACOSTA | PRISCILLA ACOSTA | BROKER |
| ACTIS | JAMES ACTIS | BROKER |
| ACTIS | JIM ACTIS | BROKER |
| ADAMS EZ TAX | ADAMS EZ TAX LLC | BROKER |
| ADMINESTATE | ADMINESTATE CORPORATION-PETER RUTMAN | BROKER |
| ADVANCED STRATEGIES | ADVANCED STRATEGIES, INC. | BROKER |
| ADVISOR INK | ADVISOR INK | BROKER |
| AGENTS INSURANCE | AGENTS INSURANCE SALES & SERVICES INC. | BROKER |
| AGUILAR | ARMANDO AGUILAR | BROKER |
| AGUILAR | ARMANDO C AGUILAR SR. | BROKER |
| AGUILAR | ROMMEL E AGUILAR | BROKER |
| AHERN | JEFF AHERN | BROKER |
| AIO FINANCIAL | AIO FINANCIAL LLC | AFFILIATE |
| AKEBIA SQUARE | AKEBIA SQUARE FUNDING, LLC | AFFILIATE |
| ALDEN | JAMES GRAY ALDEN | BROKER |
| ALL MARK INSURANCE | ALL MARK INSURANCE SERVICES INC. | BROKER |
| ALLEN | DANIEL L ALLEN | BROKER |
| ALPHA & OMEGA | ALPHA & OMEGA FINANCIAL PARTNERS INC | BROKER |
| ALPHA WEALTH MGMT. | ALPHA WEALTH MANAGEMENT LLC | BROKER |
| ALPINE ROSE | ALPINE ROSE, LLC | AFFILIATE |
| ALSTON | ROBERT ALSTON | SALES EMPLOYEE |
| ALTERNATIVE INVESTMENT | ALTERNATIVE INVESTMENT CONSULTANTS LLC | BROKER |
| ALTERNATIVE PORTFOLIO | ALTERNATIVE PORTFOLIO SOLUTIONS LLC | BROKER |
| ALTUS RETIREMENT | ALTUS RETIREMENT SERVICES LLC | BROKER |
| AMARYLLIS CIRCLE | AMARYLLIS CIRCLE, LLC | AFFILIATE |
| AMBROSIA CIRCLE | AMBROSIA CIRCLE, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| AMERICA DIRECT | AMERICA DIRECT LLC | BROKER |
| AMERICAN ALTERNATIVE | AMERICAN ALTERNATIVE INVESTMENTS LLC | BROKER |
| AMERICAN INS SERVICES | AMERICAN INS SERVICES GROUP LLC | BROKER |
| AMERICAN NOTE | AMERICAN NOTE COMPANY, LLC | AFFILIATE |
| AMERICAN PROSPERITY | AMERICAN PROSPERITY | BROKER |
| AMERICAN RETIREMENT | AMERICAN RETIREMENT ADVISORS LLC | BROKER |
| AMERICAN RETIREMENT | AMERICAS RETIREMENT INCOME SOLUTIONS | BROKER |
| AMERITRUST ADVISOR | AMERITRUST ADVISOR | BROKER |
| AMNOCO HOLDINGS | AMNOCO HOLDINGS, LLC | AFFILIATE |
| ANCHOR FINANCIAL | ANCHOR FINANCIAL INC. | BROKER |
| ANDERSON | DEREK ANDERSON | BROKER |
| ANDERSON | GREG W ANDERSON | BROKER (INVESTOR) |
| ANDERSON | MAINSTAR-FBO DEREK M ANDERSON T2177226 | BROKER (INVESTOR) |
| ANDERSON | PAULETTE ANDERSON | BROKER |
| ANDREN FINANCIAL | ANDREN FINANCIAL INC. | BROKER |
| ANDREWS | C STEPHEN ANDREWS | BROKER |
| ANGELO | STEVE ANGELO | BROKER |
| ANNUA GROUP | ANNUA GROUP LLC | BROKER |
| ANNUITY ALTERNATIVES | ANNUITY ALTERNATIVES OF AMERICA LLC | BROKER |
| ANNUITY GROUP | THE ANNUITY GROUP LLC | BROKER |
| ARAGON | PHILIP C ARAGON | BROKER |
| ARBUCKLE MGMT. | ARBUCKLE MANAGEMENT, LLC | BROKER |
| ARCHSTONE | ARCHSTONE INVESTMENTS, LLC | AFFILIATE |
| ARELLANO | CHANO J ARELLANO | BROKER |
| ARIETTA | DENNIS J ARIETTA | BROKER |
| ARTAUD | EDNE ARTAUD | BROKER |
| ARTISTIC BUSINESS | ARTISTIC BUSINESS SERVICES, INC. | BROKER |
| ASH SQUARE | ASH SQUARE FUNDING, LLC | AFFILIATE |
| ASHBURTON WAY | ASHBURTON WAY INVESTMENTS, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| ASK FINANCIAL | ASK FINANCIAL INC. | BROKER |
| ASPEN CREEK | ASPEN CREEK WEALTH STRATEGIES INC. | BROKER |
| ASSET MANAGEMENT | ASSET MANAGEMENT CONSULTANTS INC. | BROKER |
| ASSET MANAGEMENT | ASSET MGMT-CARLTON PHILLIPS | BROKER |
| ASSOCIATED ADVISORS | ASSOCIATED ADVISORS GROUP INC. | BROKER |
| ASSOCIATED INSURANCE | ASSOCIATED INSURANCE GROUP | BROKER |
| ATALAYA CIRCLE | ATALAYA CIRCLE INVESTMENTS, LLC | AFFILIATE |
| ATLANTIC FINANCIAL | ATLANTIC FINANCIAL SERVICES | BROKER |
| ATLANTIC HOME | ATLANTIC HOME CAPITAL CORP. | AFFILIATE |
| ATLANTIS NATIONAL | ATLANTIS NATIONAL SERVICES, INC. | AFFILIATE |
| AUGUSTINE INSURANCE | AUGUSTINE INSURANCE | BROKER |
| AUSTIN | JIM L AUSTIN | BROKER |
| AUSTIN | LINDA & JIM AUSTIN | BROKER (INVESTOR) |
| AUSTIN | OVETA L AUSTIN | BROKER |
| AVALON EQUITY | AVALON EQUITY GROUP (DAVID WOLFSON) | BROKER |
| AZIS | JEFFREY A AZIS | BROKER |
| BABB FINANCIAL | BABB FINANCIAL GROUP | BROKER |
| BACHNER | JOEL C BACHNER | BROKER |
| BAILEY | SHAD BAILEY | BROKER |
| BAKER | DARIN BAKER | SALES EMPLOYEE |
| BALANCED FINANCIAL | BALANCED FINANCIAL INC. | BROKER |
| BALANCED FINANCIAL | BALANCED FINANCIAL-PAULETTE ANDERSON | BROKER |
| BALCOMB & GREEN | BALCOMB & GREEN PC | BROKER |
| BALDWIN | MICHAEL L BALDWIN | BROKER |
| BALL | PHILLIP "LARRY" BALL | BROKER |
| BALSON | BALSON INVESTMENTS LLC | BROKER |
| BANOR | BANOR ASSOCIATES LLC | BROKER |
| BARBER | BRETT BARBER | BROKER |
| BARNES | GLEN D BARNES | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| BARR | DAVID L BARR | BROKER |
| BARRETT | JOHN E BARRETT | BROKER |
| BARRIOS | ENRIQUE BARRIOS | BROKER |
| BARTHOLOMEW | BARTHOLOMEW & ASSOCIATES, INC. | BROKER |
| BASIC FINANCIAL | BASIC FINANCIAL SERVICES INC. | BROKER |
| BASSETTO | STEVEN A BASSETTO | BROKER |
| BASSWOOD | BASSWOOD FUNDING, LLC | AFFILIATE |
| BAUGHMAN | PROV. TR GP-FBO RICKY J BAUGHMAN IRA | BROKER (INVESTOR) |
| BAUGHMAN | RICKY J BAUGHMAN | BROKER |
| BAUMLER | JESSICA BAUMLER | BROKER |
| BCK HOLDINGS | BCK HOLDINGS | BROKER |
| BCM BENEFITS | BCM BENEFITS INC. | BROKER |
| BCS TRUST | BCS TRUST | BROKER |
| BEARBERRY SQUARE | BEARBERRY SQUARE FUNDING, LLC | AFFILIATE |
| BEARINGSIDE | BEARINGSIDE INVESTMENTS, LLC | AFFILIATE |
| BEAUCHAMPS | SALLY BEAUCHAMPS | SALES EMPLOYEE |
| BEDOYA | DIEGO BEDOYA | BROKER |
| BEEMAN LOTTERY | BEEMAN LOTTERY RECEIVABLE 1, LLC | AFFILIATE |
| BEEMAN STUDIO CITY | BEEMAN STUDIO CITY, LLC | AFFILIATE |
| BEILINSON | MARC BEILINSON | INSIDER |
| BELANGER | SHANE BELANGER | BROKER |
| BELLEVUE | HERNST BELLEVUE | SALES EMPLOYEE |
| BELLMIRE | BELLMIRE INVESTMENTS, LLC | AFFILIATE |
| BELMONT CONSULTING | BELMONT CONSULTING LLC-ANDREW LESNAK | BROKER |
| BENGE | LON E BENGE | BROKER |
| BENNETT | SHEILA BENNETT | BROKER |
| BENTLEY | JIM BENTLEY | BROKER |
| BENTLEY CAPITAL | BENTLEY CAPITAL GROUP, LLC | BROKER |
| BERG | WILLIAM J BERG | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| BERMAN | ROCHELLE BERMAN | BROKER |
| BERMAN | ROCHELLE BERMAN TR | BROKER (INVESTOR) |
| BERRY | DOROTHY BERRY | BROKER |
| BERTSCH | KIRK & JULIE BERTSCH | BROKER (INVESTOR) |
| BERTSCH | KIRK BERTSCH | BROKER |
| BERTSCH VACATION | BERTSCH VACATION HOMES LLC | BROKER (INVESTOR) |
| BERTUCCI GROUP | THE BERTUCCI GROUP, LLC | BROKER |
| BETHEL | DAN CHARLES BETHEL | BROKER |
| BETHEL | RICHARD BETHEL | BROKER (INVESTOR) |
| BETTER RETURNS | BETTER RETURNS LLC | BROKER |
| BETTER TOMORROW | BETTER TOMORROW FINANCIAL GROUP | BROKER |
| BEYER | JARED BEYER | SALES EMPLOYEE |
| BIRCHWOOD MANOR | BIRCHWOOD MANOR INVESTMENTS, LLC | AFFILIATE |
| BIRD | FLOYD W BIRD | BROKER (INVESTOR) |
| BIRNBAUM | DAVID BIRNBAUM | BROKER |
| BISCARDI | ROB BISCARDI | SALES EMPLOYEE |
| BISCARDI | ROBERT BISCARDI, JR. | BROKER |
| BITTERSWEET SQUARE | BITTERSWEET SQUARE FUNDING, LLC | AFFILIATE |
| BJORKLUND | DAVID A BJORKLUND | BROKER |
| BLACKBURN | CARMEN BLACKBURN | BROKER |
| BLACKMON | DARYL E BLACKMON | BROKER |
| BLANCHARD | THOMAS BLANCHARD | BROKER |
| BLANCHARD | THOMAS E BLANCHARD | BROKER |
| BLANKINGSHIP KEITH | BLANKINGSHIP KEITH, P.C. | BROKER |
| BLUE CHIPS STRATEGIES | BLUE CHIPS STRATEGIES INC. | BROKER |
| BLYTHE | BUFORD A BLYTHE | BROKER |
| BMAC FINANCIAL | BMAC FINANCIAL CORP. | BROKER |
| BOILING SPRING | BOILING SPRING INVESTMENTS, LLC | AFFILIATE |
| BONE FINANCIAL | BONE FINANCIAL GROUP INC. | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| BONIFACIO HILL | BONIFACIO HILL INVESTMENTS, LLC | AFFILIATE |
| BOOKSH | LARRY J BOOKSH JR. | BROKER |
| BOOKSH | PROV. TR GP-FBO L JR FOR C BOOKSH IRA | BROKER (INVESTOR) |
| BOTH HANDS | BOTH HANDS FINANCIAL GROUP LLC | BROKER |
| BOUCHARD | RONALD A BOUCHARD | BROKER |
| BOWERS | HAROLD JAMES BOWERS JR. | BROKER |
| BOWSTRING | BOWSTRING INVESTMENTS, LLC | AFFILIATE |
| BOXWOOD | BOXWOOD FUNDING, LLC | AFFILIATE |
| BOYLAN | JOHN BOYLAN | BROKER |
| BOYLAN GROUP | THE BOYLAN GROUP | BROKER |
| BP FINANCIAL | BP FINANCIAL SERVICES LLC | BROKER |
| BRAD CARRICO FINANCIAL | BRAD CARRICO FINANCIAL | BROKER |
| BRADFORD SOLUTIONS | BRADFORD SOLUTIONS | BROKER |
| BRADSHAW | RANCE BRADSHAW | BROKER |
| BRANCH | TRAVIS BRANCH | BROKER |
| BRANDENBURG | WILLIAM BRANDENBURG | BROKER |
| BRAVERMAN | BRUCE BRAVERMAN | BROKER |
| BRAY | RICK BRAY | BROKER |
| BRAYCO SALES | BRAYCO SALES INC-RICK BRAY | BROKER |
| BRECKENRIDGE | BRECKENRIDGE INVESTMENTS, LLC | AFFILIATE |
| BRECKENRIDGE | BRECKENRIDGE, LLC | AFFILIATE |
| BREIMAN | MARK BREIMAN | BROKER |
| BREWER | DIANE BREWER | BROKER |
| BRIDGE INSURANCE | BRIDGE INSURANCE & FINANCIAL INC. | BROKER |
| BROAD INSIGHTS | BROAD INSIGHTS 401K FBO J G WIGINTON III | BROKER (INVESTOR) |
| BROAD INSIGHTS | BROAD INSIGHTS LLC | BROKER |
| BROAD INSIGHTS | BROAD INSIGHTS LLC CASH BALANCE PLAN | BROKER (INVESTOR) |
| BROOKFIELD INSURANCE | BROOKFIELD INSURANCE PARTNERS | BROKER |
| BROOKS | RAYMOND E BROOKS | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| BROWN | EDMOND G BROWN | BROKER |
| BROWN | JAY BROWN | BROKER |
| BROWN | JAY N BROWN | BROKER |
| BROWN | JOSEPH BROWN | SALES EMPLOYEE |
| BROWN | LAMONT BROWN | BROKER |
| BROWN | REGINALD BROWN | BROKER |
| BROWNING | ROBERT BROWNING | BROKER |
| BRUNDAGE | DEB BRUNDAGE | BROKER |
| BRUNETTI | NANCY F BRUNETTI | BROKER |
| BRUNETTI | NANCY F BRUNETTI RT | BROKER (INVESTOR) |
| BTG ADVISORS | BTG ADVISORS LLC | BROKER |
| BULL RUN FINANCIAL | BULL RUN FINANCIAL GROUP LLC | BROKER |
| BURDETTE | DENVER BURDETTE | BROKER |
| BURKE | GARY L BURKE | BROKER |
| BURKE | PAULA BURKE | BROKER |
| BURKE | RANDY W BURKE | BROKER |
| BURKETT | MOSES BURKETT | BROKER |
| BURMAN | RICHARD A BURMAN | BROKER |
| BURNS | JOHN J & LORI A BURNS | BROKER (INVESTOR) |
| BURNS | JOHN J BURNS | BROKER |
| BURNS CAPITAL | BURNS CAPITAL INVESTMENT ADVISORS INC. | BROKER |
| BUSINESS GROWTH | BUSINESS GROWTH LLC | BROKER |
| BUSINESS STORE | THE BUSINESS STORE OF INSURANCE | BROKER |
| BUTLER | GREGG BUTLER | SALES EMPLOYEE |
| BUTLER | JOHN A BUTLER | BROKER |
| BUTLER | KIM BUTLER | BROKER |
| BUTLER | KIM BUTLER-PARTNERS PROSPERITY | BROKER |
| BUTLER | TERRY BUTLER | BROKER |
| BUTTELL | ANTHONY H BUTTELL | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| C EVERETT ENTERPRISES | C EVERETT ENTERPRISES | BROKER |
| CAIN | SYDNEY CAIN | BROKER |
| CAISSON | CAISSON INVESTMENTS, LLC | AFFILIATE |
| CALDER GROVE | CALDER GROVE INVESTMENTS, LLC | AFFILIATE |
| CALENDONIA CIRCLE | CALENDONIA CIRCLE INVESTMENTS, LLC | AFFILIATE |
| CALIFORNIA COMMERCIAL | CALIFORNIA COMMERCIAL LENDERS, LLC | AFFILIATE |
| CAMELOT INTERNATIONAL | CAMELOT INTERNATIONAL GROUP LLC | BROKER |
| CAMP | MARK CAMP | BROKER |
| CAMP | MARK L CAMP | BROKER |
| CAMPAGNA | CHRISTIE CAMPAGNA | SALES EMPLOYEE |
| CAMPBELL | JAMES CAMPBELL | BROKER |
| CAMPBELL FINANCIAL | CAMPBELL FINANCIAL CORP. | BROKER |
| CANTILEVER | CANTILEVER INVESTMENTS, LLC | AFFILIATE |
| CAPSTONE HOME & AUTO | CAPSTONE HOME AND AUTO LLC | BROKER |
| CAPUANO | FRANK CAPUANO | BROKER |
| CARAMADRE | JOHN CARAMADRE | BROKER (INVESTOR) |
| CARBAUGH | MICHAEL CARBAUGH | BROKER |
| CARBONDALE BASALT | CARBONDALE BASALT OWNERS, LLC | AFFILIATE |
| CARBONDALE GLEN | CARBONDALE GLEN LOT 18, LLC | AFFILIATE |
| CARBONDALE GLEN | CARBONDALE GLEN LOT E-15, LLC | AFFILIATE |
| CARBONDALE GLEN | CARBONDALE GLEN LOT E-38, LLC | AFFILIATE |
| CARBONDALE GLEN | CARBONDALE GLEN LOT E-8, LLC | AFFILIATE |
| CARBONDALE GLEN | CARBONDALE GLEN LOT GV-6, LLC | AFFILIATE |
| CARBONDALE GLEN | CARBONDALE GLEN LOT IS - 11, LLC | AFFILIATE |
| CARBONDALE GLEN | CARBONDALE GLEN OWNERS, LLC | AFFILIATE |
| CARBONDALE PRIMROSE | CARBONDALE PRIMROSE VENTURES, LLC | AFFILIATE |
| CARBONE | GEORGE R CARBONE | BROKER |
| CAROLINA SBA | CAROLINA SBA LLC | BROKER |
| CAROTA | RAYMOND CAROTA | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| CARPENTER | DENNIS CARPENTER, CFP | BROKER |
| CARR | GEORGE RICHARD CARR | BROKER |
| CARR | PROV. TR GP-FBO GEORGE CARR IRA | BROKER (INVESTOR) |
| CARR FINANCIALS | CARR FINANCIALS SERVICES INC. | BROKER |
| CARRICO | BRAD CARRICO | BROKER |
| CARRIER | LAURENT A CARRIER | BROKER (INVESTOR) |
| CARRIER | MAINSTAR-FBO LAURENT CARRIER | BROKER (INVESTOR) |
| CARTE BLANCHE | CARTE BLANCHE LTD LLC | BROKER |
| CARTER | GREGORY CARTER | BROKER |
| CARTER | ROBERT CARTER | BROKER |
| CASKEY | RON CASKEY | BROKER |
| CASPER FALLS | CASPER FALLS INVESTMENTS, LLC | AFFILIATE |
| CASTAGNA | PAUL CASTAGNA | BROKER |
| CHANEY FINANCIAL | CHANEY FINANCIAL GROUP LLC | BROKER |
| CHARTER INSURANCE | CHARTER INSURANCE BROKERAGE | BROKER |
| CHELTEN | R/L CHELTEN TTEE CHELTEN FT | BROKER (INVESTOR) |
| CHELTEN | RICHARD E & LINDA J CHELTEN | BROKER (INVESTOR) |
| CHELTEN | RICHARD E CHELTEN | BROKER |
| CHEN | AGUS & DEVI CHEN | BROKER (INVESTOR) |
| CHEN | AGUS CHEN | BROKER |
| CHEN | HUAN CHEN | BROKER |
| CHESSMAN | WADE CHESSMAN | BROKER |
| CHESSMAN WEALTH | CHESSMAN WEALTH STRATEGIES, INC. | BROKER |
| CHESTER | JEREMY CHESTER | BROKER |
| CHRIS DANTIN FINANCIAL | CHRIS DANTIN FINANCIAL SERVICES LLC | BROKER |
| CHRISTIANS | TAMARA CHRISTIANS | BROKER |
| CHRISTOPHER T WENDEL ENT. | CHRISTOPHER T WENDEL ENTERPRISES LLC | BROKER |
| CHURCH-KOEGEL | BROOK CHURCH-KOEGEL | SALES EMPLOYEE |
| CLANCY | DOUGLAS A CLANCY JR. | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| CLANCY | MAINSTAR-FBO DOUGLAS A CLANCY JR S2175394 | BROKER (INVESTOR) |
| CLEMATIS | CLEMATIS FUNDING, LLC | AFFILIATE |
| CLEMENTINA PARK | CLEMENTINA PARK INVESTMENTS, LLC | AFFILIATE |
| CLIFF PARK | CLIFF PARK INVESTMENTS, LLC | AFFILIATE |
| CLOCKWORK FINANCIAL | CLOCKWORK FINANCIAL LLC | BROKER |
| CLOUSE | JODI L CLOUSE | BROKER |
| COHEN | MARK A COHEN | BROKER |
| COLBY | KIM K COLBY | BROKER |
| COLDWELL BANKER | COLDWELL BANKER | BROKER |
| COLE | STUART COLE | BROKER |
| COLLIN PLUME | COLLIN PLUME INC. | BROKER |
| COMMADORE | MORGAN COMMADORE | SALES EMPLOYEE |
| CONCEPCION | R EDNA C CONCEPCION | BROKER |
| CONCORDIS GROUP | CONCORDIS GROUP | BROKER |
| CONIGLIONE | JOSEPH CONIGLIONE | BROKER |
| CONNEAUT LAKE | CONNEAUT LAKE INVESTMENTS, LLC | AFFILIATE |
| CONNELL | LEN CONNELL | BROKER |
| CONNELL | LEONARD CONNELL | BROKER |
| CONSUMER ADVOCATE | CONSUMER ADVOCATE INC | BROKER |
| CONSUMER ADVOCATE | THE CONSUMER ADVOCATE INC. | BROKER |
| COPPER SANDS | COPPER SANDS INVESTMENTS, LLC | AFFILIATE |
| CORNERSTONE RETIREMENT | CORNERSTONE RETIREMENT & INSURANCE SVC | BROKER |
| CORRELL | LONNIE H CORRELL | BROKER |
| COSSU | ANTHONY S COSSU | BROKER |
| COSSU | CLAUDE G COSSU | BROKER |
| COSSU | PROV. TR GP-FBO ANTHONY S COSSU IRA | BROKER (INVESTOR) |
| COSTA FINANCIAL | COSTA FINANCIAL | BROKER |
| COSTA FINANCIAL | COSTA FINANCIAL INSURANCE SERVICES | BROKER |
| COSTELLO | VICKIE A COSTELLO | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| COUNTYWIDE HEALTH | COUNTYWIDE HEALTH INSURANCE SERVICES | BROKER |
| COUSINET | JULIEN P COUSINET | BROKER |
| COX AGENCY | THE COX AGENCY INC | BROKER |
| CRAIG AGENCY | THE CRAIG AGENCY LLC | BROKER |
| CRESTMARK | CRESTMARK INVESTMENTS, LLC | AFFILIATE |
| CROSBY | DAVID CROSBY | SALES EMPLOYEE |
| CROSIER | JOHN REED CROSIER | BROKER |
| CROSIER FINANCIAL | CROSIER FINANCIAL INC. | BROKER |
| CROSSKEYS | CROSSKEYS INVESTMENTS, LLC | AFFILIATE |
| CROWE | MAINSTAR-FBO EDWARD K CROWE T2178394 | BROKER (INVESTOR) |
| CUNNINGHAM | MILES HENRY CUNNINGHAM JR. | BROKER |
| D & G FINANCIAL | D & G FINANCIAL SERVICES (GENE HILL) | BROKER |
| D & K PARTNERS | D & K PARTNERS | BROKER |
| D. H. BURDETTE & ASSOC. | D. H. BURDETTE & ASSOCIATES INC. | BROKER |
| DAFFODIL SQUARE | DAFFODIL SQUARE FUNDING, LLC | AFFILIATE |
| DAHLIA SQUARE | DAHLIA SQUARE FUNDING, LLC | AFFILIATE |
| DANDELION | DANDELION FUNDING, LLC | AFFILIATE |
| DANTIN | CHRIS A DANTIN SR. | BROKER (INVESTOR) |
| DARING TO DREAM | DARING TO DREAM INC DBA ADVISOR INK | BROKER |
| DARING TO DREAM | DARING TO DREAM, INC. | BROKER |
| DAUGHERTY | LYNN DAUGHERTY | BROKER |
| DAVANA OWNERS | DAVANA OWNERS, LLC | AFFILIATE |
| DAVANA SHERMAN OAKS | DAVANA SHERMAN OAKS OWNERS, LLC | AFFILIATE |
| DAVEGLO INVESTMENT | DAVEGLO INVESTMENT GROUP INC. | BROKER |
| DAVID M FOX DDS | DAVID M FOX DDS PC | BROKER |
| DAVID W SOUTHWELL CPA | DAVID W SOUTHWELL CPA PLLC | BROKER |
| DAVIDSON | LARRY L DAVIDSON | BROKER |
| DAVIDSON | PAT DAVIDSON | BROKER |
| DAVIES | BARBARA DAVIES | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| DAVIES | PROV. TR GP-FBO BARBARA DAVIES IRA | BROKER (INVESTOR) |
| DAVIN | MICHAEL E DAVIN | BROKER |
| DAVIS | ROBERT DAVIS | BROKER |
| DAVIS & COMPANY | DAVIS & COMPANY | BROKER |
| DAYSPRING ADVISORS | DAYSPRING ADVISORS GROUP | BROKER |
| DDI ADVISORY | DDI ADVISORY GROUP LLC | BROKER |
| DEANGELIS | JEFFREY DEANGELIS | SALES EMPLOYEE |
| DEATON | WILLIAM DEATON | BROKER |
| DEKTER | NEIL DEKTER | BROKER |
| DELCO | MICHAEL E DELCO | BROKER |
| DENNIS | TERRY A DENNIS | BROKER |
| DENSMORE | ALLAN DENSMORE | BROKER |
| DENSMORE | ALLEN DENSMORE | BROKER |
| DENTON WEALTH | DENTON WEALTH STRATEGIES LLC | BROKER |
| DESHURKO | BILL DeSHURKO | BROKER |
| DESREE NASH INC. | DESREE NASH INCORPORATED | BROKER |
| DEVON MASON INC.. | DEVON MASON INC. | BROKER |
| DEY | BRYAN DEY | BROKER |
| DG MARKETING | DG MARKETING INC. | BROKER |
| DH BURDETTE & ASSOC. | DH BURDETTE & ASSOCIATES INC. | BROKER |
| DHI | DHI LLC | BROKER |
| DIAZ | EDUARDO G DIAZ | BROKER |
| DIAZ RETIREMENT | DIAZ RETIREMENT CONSULTANTS | BROKER |
| DIEGO SPRINGS HLDGS. | DIEGO SPRINGS HOLDINGS INC. | INSIDER AFFILIATE/BROKER |
| DIEHL | DAVID P DIEHL | BROKER |
| DIETRICH | FRANK DIETRICH | BROKER |
| DIETRICH | FRANK K & CHRISTINE DIETRICH | BROKER (INVESTOR) |
| DIEZ | RONALD DIEZ | SALES EMPLOYEE |
| DIFIGLIO | ROSEMARY DIFIGLIO | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| DILLMAN | ROBERT DILLMAN | BROKER |
| DIRECT INSURANCE | DIRECT INSURANCE GROUP | INSIDER AFFILIATE |
| DIRECT INSURANCE SOURCE | DIRECT INSURANCE SOURCE, LLC | AFFILIATE |
| DIXMONT STATE | DIXMONT STATE INVESTMENTS, LLC | AFFILIATE |
| DIZON ENTERPRISES | DIZON ENTERPRISES LLC | BROKER |
| DL INVESTMENT | DL INVESTMENT GROUP LLC | INSIDER AFFILIATE |
| DMB SOTO INSURANCE | DMB SOTO INSURANCE SERVICES (MANUEL SOTO) | BROKER |
| DOHERTY | THOMAS DOHERTY | BROKER |
| DOHERTY | TOM DOHERTY | BROKER |
| DONETS | VLADIMIR DONETS | BROKER |
| DONSHIRE PLANNING | DONSHIRE PLANNING CORP-DON WOLFELD | BROKER |
| DOYLE | DRAYSON DOYLE | BROKER |
| DPO INSURANCE | DPO INSURANCE AGENCY, INC. | BROKER |
| DRAKE | DENNIS C DRAKE | BROKER |
| DUBEAU | JAMES E DUBEAU | BROKER |
| DUNBAR | ELIZABETH A DUNBAR | BROKER |
| DUNNE | GARY BURGESS DUNNE | BROKER |
| DURAND FINANCIAL | DURAND FINANCIAL INC. | BROKER |
| DURR | DONALD G DURR | BROKER |
| DVDO DESIGN | DVDO DESIGN, LLC | AFFILIATE |
| DVDO HOLDING | DVDO HOLDING COMPANY, LLC | AFFILIATE |
| DVORCHAK FINANCIAL | DVORCHAK FINANCIAL CORP. | BROKER |
| DWYER | THEODORE E DWYER | BROKER |
| EAGLE FINANCIAL | EAGLE FINANCIAL SOLUTIONS LLC | BROKER |
| EASTERLY | RICHARD EASTERLY | BROKER |
| EBC | EBC, INC | BROKER |
| EDU ADVISORS | EDU ADVISORS, LLC | BROKER |
| EDU WEALTH | EDU WEALTH ADVISORS LLC | BROKER |
| EDWARD K CROWE & ASSOC. | EDWARD K CROWE & ASSOCIATES LLC | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| EGAN | MICHAEL P EGAN | BROKER |
| EICHELBERGER | DONALD ANDREW EICHELBERGER | BROKER |
| EIFFERT | JIM EIFFERT | BROKER |
| ELFENBEIN | BRUCE ELFENBEIN | BROKER |
| ELITE RESOURCE | ELITE RESOURCE TEAM | BROKER |
| ELLIOTT GROUP | THE ELLIOTT GROUP FINANCIAL SERVICES | BROKER |
| ELLIS | KEITH ELLIS | BROKER |
| ELM CITY | ELM CITY INVESTMENTS, LLC | AFFILIATE |
| ELSASSER | SCOTT J ELSASSER | BROKER |
| ELY | BRADFORD K & MARY ELY | BROKER |
| ERNST | JOHN D ERNST | BROKER |
| ESCALANTE | PRISCILLA M ESCALANTE | BROKER |
| ESCE | PATRICK ESCE | BROKER |
| ESLAVA | MELANIE ESLAVA | SALES EMPLOYEE |
| ESMAIL | LAILA ESMAIL | BROKER |
| ESPIRITU | RONALDO G ESPIRITU | BROKER |
| ESTATE PROTECTION | ESTATE PROTECTION PLANNING CORP OF NJ | BROKER |
| EVANSEN | KENNETH EVANSEN | BROKER |
| EVERGREEN WAY | EVERGREEN WAY INVESTMENTS, LLC | AFFILIATE |
| EWELL | RICHARD SHANE EWELL | BROKER |
| EXECUTIVE FINANCIAL | EXECUTIVE FINANCIAL SERVICES | BROKER |
| FAGAN | JOHN FAGAN | BROKER |
| FAHEY | PHILLIP FAHEY | BROKER |
| FAISAL | MIR A FAISAL | BROKER |
| FAITHWAY FINANCIAL | FAITHWAY FINANCIAL SOLUTIONS LLC | BROKER |
| FALCONPOINT | FALCONPOINT UNLIMITED, LLC | AFFILIATE |
| FAMILY WEALTH | FAMILY WEALTH MGMT & RETIREMENT PLANNING | BROKER |
| FARMER | TOM FARMER | BROKER |
| FASO | ANTHONY J FASO | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| FEDER | ANDREW FEDER | BROKER |
| FEDERICO | JARED FEDERICO | BROKER |
| FELICIANO | YANITSHA M FELICIANO | BROKER |
| FERN SQUARE | FERN SQUARE FUNDING, LLC | AFFILIATE |
| FERNATT | FRED FERNATT | BROKER |
| FERWERDA | SANDRA FERWERDA | BROKER |
| FIC | FIC LLC | BROKER (INVESTOR) |
| FINANCIAL ASSURANCE | FINANCIAL ASSURANCE GROUP | BROKER |
| FIRM1130 | FIRM1130, LLC | BROKER |
| FIRST COMMERCIAL | FIRST COMMERCIAL FUNDING | BROKER |
| FISHER | TRAVIS A FISHER | BROKER |
| FLORIDA WEST | FLORIDA WEST HOMEBUYERS LLC | BROKER |
| FMT INVESTMENT | FMT INVESTMENT ADV | BROKER |
| FOOTHILL CL | FOOTHILL CL NOMINEE, LLC | AFFILIATE |
| FORD | JERROLD B FORD | BROKER |
| FORECAST FINANCIAL | FORECAST FINANCIAL GROUP LLC | BROKER |
| FORREST FINANCIAL | FORREST FINANCIAL LLC | BROKER |
| FOWLER | JAMES FOWLER JR. | BROKER |
| FOX | DAVID M FOX | BROKER |
| FOXRIDGE | FOXRIDGE INVESTMENTS, LLC | AFFILIATE |
| FRANKENBERG | GEORGE FRANKENBERG | BROKER |
| FRASER | ALEX FRASER | SALES EMPLOYEE |
| FREDETTE | LAUREN FREDETTE | BROKER |
| FREELAND | RICHARD A FREELAND | BROKER |
| FREELAND | RICHARD FREELAND | BROKER |
| FREIS | JON FREIS | OTHER |
| FRIEDMAN | BRAD FRIEDMAN | BROKER |
| FRISCH | SCHRAGA J FRISCH | BROKER |
| FRITTS | RICHARD FRITTS | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| FRITTS | SUNWEST TR RICHARD R FRITTS IRA | BROKER (INVESTOR) |
| FRONTIER ADVISORS | FRONTIER ADVISORS GROUP LLC | BROKER |
| FROUDE | JONATHAN FROUDE | BROKER |
| FULTON UNDERWOOD | FULTON UNDERWOOD, LLC | AFFILIATE |
| FUTURE BY DESIGN | FUTURE BY DESIGN LLC | BROKER |
| FUTURE PLANNING | FUTURE PLANNING LLC | BROKER |
| GABLES FINANCIAL | GABLES FINANCIAL PARTNERS (LUIS MENDEZ) | BROKER |
| GAGAZA | PATRICIA Y GAGAZA | BROKER |
| GAGAZA | ROY Y GAGAZA | BROKER |
| GAJAVADA | UMA GAJAVADA | SALES EMPLOYEE |
| GALYNSKY | LOUIS GALYNSKY | SALES EMPLOYEE |
| GANCZ | CHAIM GANCZ | BROKER |
| GANSLUCKNER | LAWRENCE R GANSLUCKNER | BROKER |
| GARDINA | JOE GARDINA | BROKER |
| GARDNER | STEPHEN GARDNER | BROKER (INVESTOR) |
| GARMAN | DAVID LEE GARMAN | BROKER |
| GATBONTON | PATRICK GATBONTON | SALES EMPLOYEE |
| GAULAN FINANCIAL | GAULAN FINANCIAL LLC | BROKER |
| GEN WEALTH | GEN WEALTH | BROKER |
| GENERAL & ASSOCIATES | THE GENERAL & ASSOCIATES LLC DBA TGA WLTH | BROKER |
| GEORGE | DANIEL R GEORGE | BROKER |
| GERBERA | GERBERA LLC-STACEY MAXTED | BROKER |
| GERMES | JOHN F GERMES | BROKER |
| GIBSON DUNN & CRUTCHER | GIBSON DUNN & CRUTCHER | OTHER |
| GILCHRIST | JAMES H GILCHRIST | BROKER |
| GILCHRIST | JOHN S GILCHRIST JR. | BROKER |
| GILCHRIST | MATTHEW GILCHRIST | BROKER |
| GINES | BARBARA A GINES | BROKER |
| GINSBERG | LANE GINSBERG | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| GLANZER | ESTHER GLANZER | BROKER |
| GLENHAVEN HEIGHTS | GLENHAVEN HEIGHTS INVESTMENTS, LLC | AFFILIATE |
| GLICK | STEVEN M GLICK | SALES EMPLOYEE |
| GLIWA | JEFFREY GLIWA | BROKER |
| GLOBAL ASSET | GLOBAL ASSET CONSULTANTS | BROKER |
| GLOBAL FINANCIAL | GLOBAL FINANCIAL NETWORX LLC | BROKER |
| GLOBAL LIFE | GLOBAL LIFE INS-MICHAEL ABRAHAM | BROKER |
| GLOBAL LIFE | GLOBAL LIFE INSURANCE SOLUTIONS LLC | BROKER |
| GLOW JEAN | GLOW JEAN LLC | BROKER |
| GOLD KING | GOLD KING INTERNATIONAL INC. | BROKER |
| GOLDEN GATE | GOLDEN GATE INVESTMENTS, LLC | AFFILIATE |
| GOLDEN MESA | GOLDEN MESA VENTURES, LLC | AFFILIATE |
| GOLDEN PRIMROSE | GOLDEN PRIMROSE VENTURES, LLC | AFFILIATE |
| GOLDFINE | MARK GOLDFINE | BROKER |
| GOLDFINGER | MARK GOLDFINGER | BROKER |
| GOLDMAN | DAVID GOLDMAN | SALES EMPLOYEE |
| GOLDMAN | MAINSTAR-FBO SHELDON GOLDMAN | BROKER (INVESTOR) |
| GOLDMAN | SHELDON LEWIS GOLDMAN | BROKER |
| GOLDMAN | THE SHELDON & JUDY GOLDMAN FT 07/14/94 | BROKER (INVESTOR) |
| GOLDMARK FINANCIAL | GOLDMARK FINANCIAL PLANNERS LLC | BROKER |
| GOLTZ | ANTONIA L OR LARRY V GOLTZ | BROKER (INVESTOR) |
| GOLTZ | LARRY V GOLTZ | BROKER |
| GOLTZ | PROV. TR GP-FBO LARRY GOLTZ IRA | BROKER (INVESTOR) |
| GONZALEZ | OLIMPO GONZALEZ | BROKER |
| GOODSPEED | JOHN GOODSPEED | BROKER |
| GOODSPEED | PROV. TR GP-FBO JOHN GOODSPEED IRA | BROKER (INVESTOR) |
| GORDON | CHARLES GORDON | BROKER |
| GORDON | JILL E GORDON | BROKER |
| GORDON | SPENCER GORDON | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| GRADDY | MARION D GRADDY (DANNY) | BROKER |
| GRADY | BRENDAN V GRADY | BROKER |
| GRAYWATER | GRAYWATER INVESTMENTS, LLC | AFFILIATE |
| GREAT SAND | GREAT SAND INVESTMENTS, LLC | AFFILIATE |
| GREATER MIRAMAR | GREATER MIRAMAR INSURANCE AGENCY INC. | BROKER |
| GREEN LINE FINANCIAL | GREEN LINE FINANCIAL SERVICES LLC | BROKER |
| GREEN PARTNERS | GREEN PARTNERS LLC | BROKER |
| GREEN PARTNERS | GREEN PARTNERS LLC DBA FMT INVESTMENT ADV | BROKER |
| GREENBERG | RICHARD GREENBERG | BROKER |
| GREENE FINANCIAL | GREENE FINANCIAL & INSURANCE SERVICES LTD | BROKER |
| GREENHILL | LORRAINE GREENHILL | BROKER |
| GREENHILL | RICHARD GREENHILL | BROKER |
| GREGOIRE | DEREK L GREGOIRE | BROKER |
| GREGORY FINANCIAL | GREGORY FINANCIAL SERVICES INC. | BROKER |
| GRESDORF | KLAUS GRESDORF | BROKER |
| GRIFFITH | KIRK T GRIFFITH | BROKER |
| GRIFFITH | MAINSTAR-FBO KIRK GRIFFITH TW003085 | BROKER (INVESTOR) |
| GRIGORIEFF | BILL J GRIGORIEFF | BROKER |
| GRILLS | DOUGLAS GRILLS | BROKER |
| GRINNELL | MICHAEL RICHARD GRINNELL | BROKER |
| GROUT | JON GROUT | BROKER |
| GRYPHON FINANCIAL | GRYPHON FINANCIAL SOLUTIONS | BROKER |
| GS METRO | GS METRO INVESTMENTS | OTHER |
| GS METROPOLITAN | GS METROPOLITAN INVESTMENTS, LLC | AFFILIATE |
| GUARDIAN INSURANCE | GUARDIAN INSURANCE & FINANCIAL SRVCS INC. | BROKER |
| GUDE | WILLIAM F GUDE | BROKER |
| GUERLAND | DAVID A GUERLAND | BROKER |
| GUILLIAMS | CALEB GUILLIAMS | BROKER |
| GUNTER | WILBURT F GUNTER | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| H1 SILVERBARON | H1 SILVERBARON HOLDING COMPANY, LLC | AFFILIATE |
| H2 ARLINGTON | H2 ARLINGTON HOLDING COMPANY, LLC | AFFILIATE |
| H3 EVERGREEN WAY | H3 EVERGREEN WAY HOLDING COMPANY, LLC | AFFILIATE |
| H34 PEARMAN | H34 PEARMAN HOLDING COMPANY, LLC | AFFILIATE |
| H42 HILLVIEW | H42 HILLVIEW HOLDING COMPANY, LLC | AFFILIATE |
| H45 HARMONY INN | H45 HARMONY INN HOLDING COMPANY, LLC | AFFILIATE |
| H48 IRONDALE INN | H48 IRONDALE INN HOLDING COMPANY, LLC | AFFILIATE |
| H57 CLIFF PARK | H57 CLIFF PARK HOLDING COMPANY, LLC | AFFILIATE |
| H62 HOLMESBURG | H62 HOLMESBURG HOLDING COMPANY, LLC | AFFILIATE |
| H63 DIXMONT STATE | H63 DIXMONT STATE HOLDING COMPANY, LLC | AFFILIATE |
| H67 POWEL HOUSE | H67 POWEL HOUSE HOLDING COMPANY, LLC | AFFILIATE |
| H69 CONNEAUT LAKE | H69 CONNEAUT LAKE HOLDING COMPANY, LLC | AFFILIATE |
| H71 CALENDONIA CIRCLE | H71 CALENDONIA CIRCLE HOLDING COMPANY, LLC | AFFILIATE |
| H72 CLEMENTINA PARK | H72 CLEMENTINA PARK HOLDING COMPANY, LLC | AFFILIATE |
| H73 GLENHAVEN HEIGHTS | H73 GLENHAVEN HEIGHTS HOLDING COMPANY, LLC | AFFILIATE |
| H75 PACIFIC HEIGHTS | H75 PACIFIC HEIGHTS HOLDING COMPANY, LLC | AFFILIATE |
| H77 NEW MONTGOMERY | H77 NEW MONTGOMERY HOLDING COMPANY, LLC | AFFILIATE |
| H78 INGLESIDE PATH | H78 INGLESIDE PATH HOLDING COMPANY, LLC | AFFILIATE |
| H79 ATALAYA CIRCLE | H79 ATALAYA CIRCLE HOLDING COMPANY, LLC | AFFILIATE |
| H80 JUNIPERO SERRA | H80 JUNIPERO SERRA HOLDING COMPANY, LLC | AFFILIATE |
| H81 GOLDEN GATE | H81 GOLDEN GATE HOLDING COMPANY, LLC | AFFILIATE |
| H82 VAN NESS | H82 VAN NESS HOLDING COMPANY, LLC | AFFILIATE |
| H83 OCTAVIA | H83 OCTAVIA HOLDING COMPANY, LLC | AFFILIATE |
| H83 SEACLIFF RUN | H83 SEACLIFF RUN HOLDING COMPANY, LLC | AFFILIATE |
| H84 HOLLY PARK | H84 HOLLY PARK HOLDING COMPANY, LLC | AFFILIATE |
| H85 BIRCHWOOD MANOR | H85 BIRCHWOOD MANOR HOLDING COMPANY, LLC | AFFILIATE |
| H86 BONIFACIO HILL | H86 BONIFACIO HILL HOLDING COMPANY, LLC | AFFILIATE |
| H87 COPPER SANDS | H87 COPPER SANDS HOLDING COMPANY, LLC | AFFILIATE |
| H88 ASHBURTON WAY | H88 ASHBURTON WAY HOLDING COMPANY, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| H89 VISTA VERDE | H89 VISTA VERDE HOLDING COMPANY, LLC | AFFILIATE |
| H90 HARBOR POINT | H90 HARBOR POINT HOLDING COMPANY, LLC | AFFILIATE |
| HAAS | HARRY EARL HAAS | BROKER |
| HABBIT | JASON HABBIT | BROKER |
| HAI | MUHAMMAD A HAI | SALES EMPLOYEE |
| HALLORAN SAGE | HALLORAN SAGE | OTHER |
| HAMM | WILLIAM E HAMM | BROKER |
| HAN | RAYMOND HAN | SALES EMPLOYEE |
| HANAH | GORDON HANAH | BROKER |
| HANNAH | GORDON HANNAH | BROKER |
| HANSBROUGH | RONALD HANSBROUGH | BROKER |
| HARBOR POINT | HARBOR POINT INVESTMENTS, LLC | AFFILIATE |
| HARLEAUX | CECIL J HARLEAUX JR | BROKER |
| HARLEM 136TH STREET | HARLEM 136TH STREET MORTGAGE LLC | AFFILIATE |
| HARMON | JANICE HARMON | BROKER |
| HARRIS | JOHN G HARRIS | BROKER |
| HARRIS FINANCIAL | HARRIS FINANCIAL MANAGEMENT | BROKER |
| HARRISON | ROY B HARRISON | BROKER |
| HARRISON | WILLIAM M & JUDITH HARRISON LT | BROKER (INVESTOR) |
| HARRISON | WILLIAM MASON HARRISON JR. | BROKER |
| HART | JOHN E HART | BROKER |
| HART | JOHN HART | BROKER (INVESTOR) |
| HART | MAINSTAR-FBO JOHN E HART | BROKER (INVESTOR) |
| HARVEY & COMPANIES | HARVEY & COMPANIES INC. | BROKER |
| HASKELL | ELIZABETH J HASKELL | BROKER |
| HAVENOR | FEI HAVENOR | BROKER |
| HAWARY | FADI EL HAWARY | SALES EMPLOYEE |
| HAWKINS | LEROY FRANKLIN HAWKINS | BROKER |
| HAYS | HAYS INVESTMENTS, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| HEANEY | JAMES S & MARIAN J HEANEY | BROKER |
| HEFEC | KAMI HEFEC | BROKER |
| HEFFRON | GREGORY A HEFFRON | BROKER |
| HELGESON | JAMES D HELGESON | BROKER |
| HELGESON | PROV. TR GP-FBO JAMES D HELGESON IRA | BROKER (INVESTOR) |
| HELGESON | THE HELGESON FT | BROKER (INVESTOR) |
| HENSON | ANTHONY HENSON | BROKER |
| HERITAGE CONSULTING | HERITAGE CONSULTING GR OH EMP 401K TR | BROKER (INVESTOR) |
| HERITAGE CONSULTING | HERITAGE CONSULTING GROUP OF OHIO | BROKER |
| HERITAGE INVEST | HERITAGE INVEST & RETIRE PLAN (CONCEPCION) | BROKER |
| HERRING | BERNARD D HERRING | BROKER |
| HERRING CONSULTING | HERRING CONSULTING & FINANCIAL GROUP | BROKER |
| HERVEY | ROLAND HERVEY | BROKER |
| HESS | JOSHUA D HESS | BROKER |
| HEYDARI | AMIR HEYDARI | BROKER (INVESTOR) |
| HIGHER GROUND | HIGHER GROUND FINANCIAL GROUP | BROKER |
| HILL | GENE HILL | BROKER |
| HILL | JOHN A HILL | BROKER |
| HILLVIEW | HILLVIEW INVESTMENTS, LLC | AFFILIATE |
| HIMES ASSET | HIMES ASSET PROTECTION LLC | BROKER (INVESTOR) |
| HINES ALTERNATIVES | HINES ALTERNATIVES, INC. | BROKER |
| HOFFMAN | ALAN HOFFMAN | BROKER |
| HOFFMAN | ALAN K HOFFMAN | BROKER |
| HOFMASTER | ROBERT E HOFMASTER | BROKER |
| HOLDEN HALL WEALTH | HOLDEN HALL WEALTH MANAGEMENT | BROKER |
| HOLLY PARK | HOLLY PARK INVESTMENTS, LLC | AFFILIATE |
| HOLMESBURG | HOLMESBURG INVESTMENTS, LLC | AFFILIATE |
| HOLZER | HENRY HOLZER | INSIDER |
| HOTCHKISS | JESSICA J HOTCHKISS | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| HOUSE 123 | HOUSE 123, LLC | AFFILIATE |
| HOWARD | GREG HOWARD | BROKER |
| HOWARD | GREGORY JOHN HOWARD | BROKER |
| HRUBY | ADAM K HRUBY | BROKER |
| HUGHES | CATHERINE HUGHES | BROKER |
| HURT & ASSOCIATES | HURT & ASSOCIATES FINANCIAL SERVICES | BROKER |
| HURWITZ | SEYMOUR I. HURWITZ | OTHER |
| HUSKINSON | ROSS A HUSKINSON | BROKER |
| HYATT | SUSANNA HYATT | BROKER |
| HYDRANGEA | HYDRANGEA FUNDING, LLC | AFFILIATE |
| iALT ENHANCED | iALT ENHANCED INCOME PORTFOLIO 1 LLC | BROKER (INVESTOR) |
| iALT PORTFOLIO MGMT. | iALT PORTFOLIO MANAGEMENT LLC | BROKER |
| ILD | ILD HOLDING COMPANY, LLC | AFFILIATE |
| IN STEP INVESTMENTS | IN STEP INVESTMENTS-PRESTON N TITUS | BROKER |
| INDEPENDENT CAPITAL | INDEPENDENT CAPITAL | BROKER |
| INGLESIDE PATH | INGLESIDE PATH INVESTMENTS, LLC | AFFILIATE |
| INNELLA | ROY INNELLA | BROKER |
| INNOVATIVE RETIREMENT | INNOVATIVE RETIREMENT STRATEGIES INC. | BROKER |
| INSURANCE INTELLIGENCE | INSURANCE INTELLIGENCE GROUP | BROKER |
| INSURANCE RESOURCES | INSURANCE RESOURCES INC (GOWAN THAMER) | BROKER |
| INSURANCE RESOURCES | INSURANCE RESOURCES INC, 401K PSP | BROKER (INVESTOR) |
| INSUREPRO - KOSSIAN | INSUREPRO - KOSSIAN | BROKER |
| INTEGRATED FINANCIAL | INTEGRATED FINANCIAL SOLUTIONS INC. | BROKER |
| INTEGRITY FINANCIAL | INTEGRITY FINANCIAL SERVICES INC. | BROKER |
| INTEGRITY FUNDING | INTEGRITY FUNDING - JAMES ACTIS | BROKER |
| INTEGRITY PLUS | INTEGRITY PLUS CONSULTING INC. | BROKER |
| INTER VIVOS | INTER VIVOS PLLC | BROKER |
| IPA AGENCY | IPA AGENCY LLC | BROKER |
| IRONBRIDGE ASSET | IRONBRIDGE ASSET FUND 1 LLC | INSIDER/BROKER AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| IRONBRIDGE ASSET | IRONBRIDGE ASSET FUND 2 LLC | INSIDER/BROKER AFFILIATE |
| IRONBRIDGE ASSET | IRONBRIDGE ASSET FUND LLC | INSIDER/BROKER AFFILIATE |
| IRONDALE INN | IRONDALE INN INVESTMENTS, LLC | AFFILIATE |
| IRWIN | DAVID GLENN IRWIN | BROKER |
| ISAAC | JOSEPH W ISAAC | BROKER |
| ISAACS | JOSEPH ISAACS | SALES EMPLOYEE |
| IVY CIRCLE | IVY CIRCLE, LLC | AFFILIATE |
| IVY LEAGUE COLLEGE | IVY LEAGUE COLLEGE PLANNING STRATEGIE INC. | BROKER |
| J CORDONNIER LLC | J CORDONNIER LLC | BROKER |
| JACKSON | MORGEN M JACKSON | BROKER (INVESTOR) |
| JAMES A KLOHN & ASSOC. | JAMES A KLOHN & ASSOC, PA. | BROKER |
| JAMES ALEXANDER INV. | JAMES ALEXANDER INVESTMENTS | BROKER |
| JAMISON | SHERRI JAMISON | BROKER |
| JANDT | GREG JANDT | SALES EMPLOYEE |
| JANDT | GREGORY JANDT | BROKER |
| JARAMILLO | JOHN JARAMILLO | BROKER |
| JARAMILLO | JOHN R JARAMILLO | BROKER |
| JARAMILLO | MARTHA S JARAMILLO | BROKER |
| JAY WEINSTEIN INC. | JAY WEINSTEIN INC. | BROKER |
| JEANRENAUD | HENRI & BARBARA JEANRENAUD | BROKER (INVESTOR) |
| JEANRENAUD | HENRI JEANRENAUD | BROKER |
| JEFF FORD ENTERPRISES | JEFF FORD ENTERPRISES INC. | BROKER (INVESTOR) |
| JEFFREY A AZIS CPA | JEFFREY A AZIS CPA PA | BROKER |
| JG WENTWORTH | JG WENTWORTH ORIGINATIONS | BROKER |
| JM FINANCIAL | JM FINANCIAL SOLUTIONS LLC | BROKER |
| JMI ASSOCIATES | JMI ASSOCIATES LLC | BROKER |
| JOHN R BURNS TRUST | JOHN R BURNS TRUST | BROKER (INVESTOR) |
| JOHNSON | BRETT JOHNSON | BROKER |
| JOHNSON | CAMERON JOHNSON | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| JOHNSON | GREGORY NEAL JOHNSON | BROKER |
| JOHNSON | MARLOWE ARNOLD JOHNSON | BROKER |
| JOHNSON | PAUL FREDRICK JOHNSON | BROKER |
| JOHNSTON | DAVID JOHNSTON | BROKER |
| JONES | EDWIN D JONES II | BROKER |
| JONES | JUDITH JONES | BROKER |
| JOOS | RICHARD MAURICE JOOS | BROKER |
| JORDAN | DON JORDAN | BROKER |
| JORDAN | W DONALD JORDAN | BROKER |
| JOSEPH RUBIN, INC. | JOSEPH RUBIN, INC. | BROKER |
| JP SNYDER INC | JP SNYDER INC | BROKER |
| JRH MARKETING INC. | JRH MARKETING INC | BROKER |
| JS EQUITY | JS EQUITY, LLC | AFFILIATE |
| JUNIPERO SERRA | JUNIPERO SERRA INVESTMENTS, LLC | AFFILIATE |
| KAGAN | ANDREW ROSS KAGAN | BROKER |
| KAGARISE | JERALD N KAGARISE | BROKER |
| KALAYJIAN OAKS & ASSOC. | KALAYJIAN OAKS & ASSOCIATES INC. | BROKER |
| KALINOWSKI | JAMES KALINOWSKI | BROKER |
| KAMVEST | KAMVEST LLC | BROKER |
| KANDRAVI | MICHAEL KANDRAVI | BROKER |
| KAPLAN | ALAN JAY KAPLAN | BROKER |
| KAPLAN | RUSSELL KAPLAN (BTG) | BROKER |
| KAPOLEI INSURANCE | KAPOLEI INSURANCE & ANNUITY CENTER LLC | BROKER |
| KAUFMAN | RICH KAUFMAN | BROKER |
| KAUFMAN | SEYMOUR KAUFMAN | BROKER (INVESTOR) |
| KAUFMAN | SEYMOUR KAUFMAN RT | BROKER (INVESTOR) |
| KBR FINANCIAL | KBR FINANCIAL MANAGEMENT | BROKER |
| KCG ENTERPRISES | KCG ENTERPRISES LLC | BROKER |
| KEELAN | JOHN H KEELAN | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| KELEDJIAN | DAVID KELEDJIAN | SALES EMPLOYEE |
| KELLEY | PROV. TR GP-FBO RICHARD H KELLEY IRA | BROKER (INVESTOR) |
| KELLEY | RICHARD H KELLEY | BROKER |
| KELLEY GOODWIN & ASSOC. | KELLEY GOODWIN & ASSOC | BROKER |
| KELLY | PROV. TR GP-FBO CHARLES KELLY | BROKER |
| KENDALL | MICHAEL L KENDALL | BROKER |
| KESEF GROUP | KESEF GROUP, LLC | BROKER |
| KHORASANIRAD | JESSICA KHORASANIRAD | BROKER |
| KIHNEL | CHARLES T KIHNEL | BROKER (INVESTOR) |
| KILZER | BARRY KILZER | BROKER |
| KIM | CHRISTIAN KIM | BROKER |
| KIM | JASON KIM | SALES EMPLOYEE |
| KING | JOHN CHRIS KING | BROKER |
| KING | PETE "D" KING | SALES EMPLOYEE |
| KITARE | LEIAH KITARE | BROKER (INVESTOR) |
| KITARE ENTERPRISES | KITARE ENTERPRISES | BROKER |
| KLAGER | ALBERT DAVID KLAGER | BROKER |
| KLAGER | PROV. TR GP-FBO ALBERT D KLAGER ROTH IRA | BROKER (INVESTOR) |
| KLEOS LIMITED | KLEOS LIMITED-TOM FARMER | BROKER |
| KLIMA | CYNTHIA KLIMA | BROKER |
| KLINE | LISA R KLINE | BROKER |
| KNOWLES | DONOVAN KNOWLES | SALES EMPLOYEE |
| KNOWLES FINANCIAL | KNOWLES FINANCIAL SYSTEMS | BROKER |
| KNOWLES FOUNDATION | KNOWLES FOUNDATION INC. | BROKER (INVESTOR) |
| KNOWLES SYSTEMS | KNOWLES SYSTEMS INC. | BROKER |
| KNOX | ROBERT J KNOX | BROKER |
| KNR CONSULTING | KNR CONSULTING GROUP | BROKER |
| KOCH | GREGORY A KOCH | BROKER (INVESTOR) |
| KOCH | MAINSTAR-FBO GREGORY KOCH SW003175 | BROKER (INVESTOR) |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| KOCH INSURANCE | KOCH INSURANCE BROKERS | BROKER |
| KOHL | JACOB KOHL | BROKER |
| KORETSKY | MICHAEL KORETSKY | BROKER |
| KORNACK | JOHN F KORNACK | BROKER |
| KORNBLUH | ALAN KORNBLUH | BROKER |
| KORNFELD | BARRY & FERNE KORNFELD | BROKER |
| KORNFELD | FERNE & BARRY KORNFELD | BROKER (INVESTOR) |
| KRAMER | FRED JACOBUS KRAMER | BROKER |
| KRONOS GLOBAL | KRONOS GLOBAL ADVISORS-FRED RANDHAHN | BROKER |
| L1 LUXURY | L1 LUXURY HOLDINGS, LLC | AFFILIATE |
| LACEY | LARRY LACEY | BROKER |
| LAMONT | JAMES LAMONT | BROKER |
| LANCE INSURANCE | LANCE INSURANCE & MARKETING SVCS LLC | BROKER |
| LANDING FINANCIAL | LANDING FINANCIAL GROUP INC. | BROKER |
| LANE FINANCIAL | LANE FINANCIAL STRATEGIES LLC | BROKER |
| LANGENBERG | GENE LANGENBERG | BROKER |
| LANGENBERG | ROBERT L LANGENBERG | BROKER |
| LANNY K MARKS & ASSOC. | LANNY K MARKS & ASSOCIATES INC. | BROKER |
| LAVENDER | LAVENDER FUNDING, LLC | AFFILIATE |
| LAVIN | FRANK LAVIN, CLU, CHFC, CFP | BROKER |
| LAW OFFCS - CHRIS. R. MILTON | LAW OFFICES OF CHRISTOPHER R. MILTON | BROKER |
| LAWLESS | JAMES D LAWLESS | BROKER |
| LAWLESS FINANCIAL | LAWLESS FINANCIAL | BROKER |
| LAX MARIA'S LIMO | LAX MARIA'S LIMO | BROKER |
| LDM & ASSOCIATES | LDM & ASSOCIATES INC | BROKER |
| LEAVENWORTH INS. | LEAVENWORTH INS DBA INSUREPRO - KOSSIAN | BROKER |
| LEDBETTER | WILLIAM CHASE LEDBETTER III | BROKER |
| LEGACY ADVISORY | LEGACY ADVISORY GROUP INC | BROKER |
| LEGACY FINANCIAL | LEGACY FINANCIAL NETWORK & RETIREMENT SRV | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| LEGACY FINANCIAL | LEGACY FINANCIAL STATEGIES & SOLUTIONS | BROKER |
| LEGACY INSURANCE | LEGACY INSURANCE & FINANCIAL SERVICES LLC | BROKER |
| LEGACY SETTLEMENT | LEGACY SETTLEMENT SVC | BROKER |
| LEGACYSMITH | LEGACYSMITH INC | BROKER |
| LEHMAN | SHELDON LEHMAN | BROKER |
| LEHMAN CAPITAL | LEHMAN CAPITAL ADVISORS | BROKER |
| LESNAK | ANDREW LESNAK | BROKER |
| LEVERETT | LEVERETT FUNDING, LLC | AFFILIATE |
| LEXTOR FINANCIAL | LEXTOR FINANCIAL | BROKER |
| LIBERTY SETTLEMENT | LIBERTY SETTLEMENT | BROKER |
| LIFE CO INSURANCE | LIFE CO INSURANCE SERVICES & RETIREMENT | BROKER |
| LIFE MADE SIMPLE | LIFE MADE SIMPLE INC. | BROKER |
| LIFE PLAN ADVISORS | LIFE PLAN ADVISORS INC. | BROKER |
| LIFECARE FUNDING | LIFECARE FUNDING SOLUTIONS LLC | BROKER |
| LIFESTYLE SHIELD | LIFESTYLE SHIELD LLC | BROKER |
| LIGHTHOUSE WEALTH | LIGHTHOUSE WEALTH MANAGEMENT | BROKER |
| LILAC CIRCLE | LILAC CIRCLE, LLC | AFFILIATE |
| LINDERMAN | ROBERT LINDERMAN | BROKER |
| LINDERMAN | ROBERT MARK LINDERMAN | BROKER |
| LITTLE | ERIC LITTLE | BROKER |
| LITTRELL | BARRY LITTRELL | BROKER |
| LIU | DERLIN LIU | BROKER |
| LOCKWOOD | LOCKWOOD INVESTMENTS, LLC | AFFILIATE |
| LOMBARDY | PATRICK J LOMBARDY | BROKER (INVESTOR) |
| LONGWORTH | CHRISTOPHER LONGWORTH | BROKER |
| LOOX | JOSEPH A LOOX | INSIDER/SALES EMPLOYEE |
| LOOX | JOSEPH LOOX | INSIDER/SALES EMPLOYEE |
| LOPEZ | PETER ANDRADE LOPEZ | BROKER |
| LORANG | JAMES LORANG | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| LORENC | MATTHEW LORENC | SALES EMPLOYEE |
| LOVELACE | JOSEPH LOVELACE | BROKER |
| LOVELAND FINANCIAL | LOVELAND FINANCIAL INC. | BROKER |
| LOWDEN | DAWN M LOWDEN | BROKER |
| LS EXCHANGE | LS EXCHANGE | BROKER |
| LTC PLANNING | LTC PLANNING INC. | BROKER |
| LUND | BRIAN LUND | BROKER |
| LUND-WERNER | DEBORAH A LUND-WERNER | BROKER |
| LUSTIG | CLARINDA COLE LUSTIG | BROKER |
| LUSTIG | HAROLD LUSTIG | BROKER |
| LUSTIG | IRA SVCS TR CO-CFBO HAROLD LUSTIG IRA | BROKER (INVESTOR) |
| LYNCH | JOHN J LYNCH | BROKER |
| LYONS | DAVID LYONS | BROKER |
| LYONS | PHILLIP C LYONS | BROKER |
| M1 ARCHSTONE | M1 ARCHSTONE HOLDING COMPANY, LLC | AFFILIATE |
| M12 BEARINGSIDE | M12 BEARINGSIDE HOLDING COMPANY, LLC | AFFILIATE |
| M18 TWIN PIER | M18 TWIN PIER HOLDING COMPANY, LLC | AFFILIATE |
| M2 CAISSON | M2 CAISSON HOLDING COMPANY, LLC | AFFILIATE |
| M20 BOWSTRING | M20 BOWSTRING HOLDING COMPANY, LLC | AFFILIATE |
| M21 CRESTMARK | M21 CRESTMARK HOLDING COMPANY, LLC | AFFILIATE |
| M23 SIGHTLINE | M23 SIGHTLINE HOLDING COMPANY, LLC | AFFILIATE |
| M3 CANTILEVER | M3 CANTILEVER HOLDING COMPANY, LLC | AFFILIATE |
| M30 CALDER GROVE | M30 CALDER GROVE HOLDING COMPANY, LLC | AFFILIATE |
| M35 SADDLEMOUNT | M35 SADDLEMOUNT HOLDING COMPANY, LLC | AFFILIATE |
| M4 SIDESPAR | M4 SIDESPAR HOLDING COMPANY, LLC | AFFILIATE |
| M42 ORCHARD MESA | M42 ORCHARD MESA HOLDING COMPANY, LLC | AFFILIATE |
| M47 BELLMIRE | M47 BELLMIRE HOLDING COMPANY, LLC | AFFILIATE |
| M52 LOCKWOOD | M52 LOCKWOOD HOLDING COMPANY, LLC | AFFILIATE |
| M55 GREAT SAND | M55 GREAT SAND HOLDING COMPANY, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| M59 CASPER FALLS | M59 CASPER FALLS HOLDING COMPANY, LLC | AFFILIATE |
| M6 TRESTLEWOOD | M6 TRESTLEWOOD HOLDING COMPANY, LLC | AFFILIATE |
| M64 HAYS | M64 HAYS HOLDING COMPANY, LLC | AFFILIATE |
| M65 PHILLIPSBURG | M65 PHILLIPSBURG HOLDING COMPANY, LLC | AFFILIATE |
| M66 WONDERVIEW | M66 WONDERVIEW HOLDING COMPANY, LLC | AFFILIATE |
| M69 FOXRIDGE | M69 FOXRIDGE HOLDING COMPANY, LLC | AFFILIATE |
| M7 BRECKENRIDGE | M7 BRECKENRIDGE HOLDING COMPANY, LLC | AFFILIATE |
| M78 GRAYWATER | M78 GRAYWATER HOLDING COMPANY, LLC | AFFILIATE |
| M8 CROSSKEYS | M8 CROSSKEYS HOLDING COMPANY, LLC | AFFILIATE |
| M81 BOILLING SPRING | M81 BOILLING SPRING HOLDING COMPANY, LLC | AFFILIATE |
| M82 WINNISQUAM | M82 WINNISQUAM HOLDING COMPANY, LLC | AFFILIATE |
| M84 PEMBROKE ACADEMY | M84 PEMBROKE ACADEMY HOLDING COMPANY, LLC | AFFILIATE |
| M98 ELM CITY | M98 ELM CITY HOLDING COMPANY, LLC | AFFILIATE |
| MACDONALD TAX | THE MacDONALD TAX & FINANCIAL GROUP INC. | BROKER |
| MACKENZIE | DONALD ANTHONY MACKENZIE | BROKER |
| MACKENZIE | TONY MACKENZIE | BROKER |
| MAGALLANES | ARTURO MAGALLANES | BROKER |
| MAIEWSKI | MARK A MAIEWSKI | BROKER |
| MAIEWSKI | PROV. TR GP-FBO MARK A MAIEWSKI INH IRA | BROKER (INVESTOR) |
| MAININI | STEVE P MAININI | BROKER |
| MALMSTEDT | ROSEMARY MALMSTEDT | BROKER |
| MANDELBAUM | HARRY MANDELBAUM | BROKER |
| MANDEVILLA CIRCLE | MANDEVILLA CIRCLE, LLC | AFFILIATE |
| MANHATTAN PROPERTY | MANHATTAN PROPERTY INVESTORS GROUP, LLC | AFFILIATE |
| MARKE & MARKE | MARKE & MARKE LLC | BROKER |
| MARKS | LANNY K. MARKS, CPA, CFP | BROKER |
| MARKS | LANNY MARKS | BROKER |
| MARNIE MCGRATH LLC | MARNIE MCGRATH LLC | BROKER |
| MARSHALL | MICHAEL & DENESE MARSHALL | BROKER (INVESTOR) |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| MARSHALL | MICHAEL J MARSHALL | BROKER |
| MARSHALL | PROV. TR GP-FBO MICHAEL J MARSHALL IRA | BROKER (INVESTOR) |
| MARTINEZ | ANTHONY MARTINEZ | BROKER |
| MARX | ALAN D MARX | BROKER |
| MASON | DEVON MASON | SALES EMPLOYEE |
| MASON | SEAN MASON | BROKER |
| MASTERPIECE GROUP | MASTERPIECE GROUP LLC | BROKER |
| MASZTAK | THOMAS MASZTAK | SALES EMPLOYEE |
| MATHERNE | BRANDI MATHERNE | BROKER |
| MATHERNE | JUSTIN MATHERNE | BROKER |
| MATHESON | DANIEL JAMES MATHESON | BROKER |
| MATHIES FINANCIAL | MATHIES FINANCIAL PARTNERS | BROKER |
| MATTE BLACK INC. | MATTE BLACK INC. | INSIDER AFFILIATE/BROKER |
| MAUGHAN ENTERPRISES | MAUGHAN ENTERPRISES-DARIN G | BROKER |
| MAXFIELD | EDWARD A MAXFIELD | BROKER |
| MAXTED | MAINSTAR-FBO STACEY R MAXTED T2176604 | BROKER (INVESTOR) |
| MAXTED | STACEY MAXTED | BROKER |
| MAXWELL FINANCIAL | MAXWELL FINANCIAL GROUP INC. | BROKER |
| MAYS | SHANOID A MAYS | BROKER |
| MCAULIFFE | JOHN MCAULIFFE | BROKER |
| MCCLURE | DAVID ROBERT MCCLURE | BROKER |
| McENERNEY | JOHN E McENERNEY | BROKER |
| MCGOVERN | MAINSTAR-FBO ROY MCGOVERN SW003762 | BROKER (INVESTOR) |
| MCGOVERN | ROY BURKE McGOVERN JR. | BROKER |
| MCGOVERN | ROY MCGOVERN | BROKER (INVESTOR) |
| MCGRAW CUSTOM FINANCIAL | McGRAW CUSTOM FINANCIAL SOLUTIONS | BROKER |
| MCGREAL | TERRENCE MCGREAL | SALES EMPLOYEE |
| MCGRIFF ALLIANCE | THE MCGRIFF ALLIANCE | BROKER |
| MCINTYRE | PAUL & COLLEEN McINTYRE | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| MCKNIGHT | ROBERT TERRY MCKNIGHT | BROKER |
| MCMAHAN | DARREN MCMAHAN | BROKER |
| MCNAMARA | JOHN J MCNAMARA | BROKER |
| MCTIER | MAHARI McTIER | BROKER |
| MEAD | OLGA M MEAD | BROKER |
| MEDWED | STEVEN MEDWED | BROKER |
| MELROSE INVESTMENT | MELROSE INVESTMENT CORP. | BROKER |
| MENDEZ | LUIS MENDEZ | BROKER |
| MENENDEZ | ELIAS C MENENDEZ DBA MENENDEZ FINANCIAL | BROKER |
| MENENDEZ FINANCIAL | MENENDEZ FINANCIAL | BROKER |
| MERCADO | HERNAN ALEXIS MORAN MERCADO | SALES EMPLOYEE |
| MERCADO | HERNAN MERCADO | BROKER |
| MERCER VINE | MERCER VINE INC. | INSIDER AFFILIATE |
| MERINO | PAUL MERINO | BROKER |
| MESA GLEN | MESA GLEN ENTERPRISES, LLC | AFFILIATE |
| MESA GLEN | MESA GLEN HOLDING COMPANY, LLC | AFFILIATE |
| MESQUITE | MESQUITE FUNDING, LLC | AFFILIATE |
| MICHAEL WEINER MD PA | MICHAEL WEINER MD PA PROFIT SHARING PLAN | BROKER (INVESTOR) |
| MID-ATLANTIC BROKERS | MID-ATLANTIC BROKERS INC. | BROKER |
| MID-ATLANTIC BROKERS | MID-ATLANTIC BROKERS-DENNIS DRAKE | BROKER |
| MIDLAND LOOP | MIDLAND LOOP ENTERPRISES, LLC | AFFILIATE |
| MIDLAND LOOP | MIDLAND LOOP LOAN, LLC | AFFILIATE |
| MIDWEST PRAIRIE FINANCIAL | MIDWEST PRAIRIE FINANCIAL INC. | BROKER |
| MIKULA | WAYNE MIKULA | BROKER |
| MILLAN | BENJAMIN MILLAN | BROKER |
| MILLER | RICHARD ANTHONY MILLER | BROKER |
| MILTON | CHRISTOPHER R. MILTON | BROKER |
| MINNICH | STEVEN HUGH MINNICH | BROKER |
| MISCHKE | JOSHUA P MISCHKE | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| MITCHELL | RUEL MITCHELL | BROKER |
| MMC FINANCIAL | MMC FINANCIAL SERVICES | BROKER |
| MONEY MANAGERS | MONEY MANAGERS INC. | BROKER |
| MONEYWORKS | MONEYWORKS, LLC | BROKER |
| MONTGOMERY WEALTH | MONTGOMERY WEALTH MGMT LLC-CURTIS POUYER | BROKER |
| MONTRIDGE INSURANCE | MONTRIDGE INSURANCE SERVICES | BROKER |
| MOORE | BRUCE MOORE | BROKER |
| MOORE | REGINALD R MOORE | BROKER |
| MOORE | ROBERT DUAYNE MOORE | BROKER |
| MOORPARK BOCA | MOORPARK BOCA FUNDING, LLC | AFFILIATE |
| MOORPARK STOVER | MOORPARK STOVER HOLDING CO, LLC | AFFILIATE |
| MORETZ WEALTH | MORETZ WEALTH MANAGEMENT LLC | BROKER |
| MORGAN | RUSSELL I MORGAN II | BROKER |
| MORRELL | ELIZABETH MORRELL | BROKER |
| MORRISON FINANCIAL | MORRISON FINANCIAL SERVICES LLC | BROKER |
| MOSLEY & ASSOCIATES | MOSLEY & ASSOCIATES | BROKER |
| MOSS | RODNEY B MOSS | BROKER |
| MOUNTAINWOOD | MOUNTAINWOOD CUSTOM HOMES OF CO., LLC | AFFILIATE |
| MP WEALTH | MP WEALTH MANAGEMENT LLC | BROKER |
| MSB CONSULTING | MSB CONSULTING GROUP-MARK BREIMAN | BROKER |
| MUELLER | ALISON MUELLER | BROKER |
| MUELLER ASSET | MUELLER ASSET STRATEGIES-ALISON MUELLER | BROKER |
| MUNOZ | MARC MUNOZ | BROKER |
| MURATORE | JOHN S MURATORE | BROKER |
| MY LOAN REALTY | MY LOAN REALTY AND FINANCIAL | BROKER |
| NAA INSURANCE | NAA INSURANCE AGENCY CORP. | BROKER |
| NACIREMA | NACIREMA INC | BROKER |
| NASH. | JAMES O NASH. | BROKER |
| NATIONAL CREDIT | NATIONAL CREDIT AND FINANCIAL SOLUTIONS | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| NATIONAL SUMMIT | NATIONAL SUMMIT GROUP | BROKER |
| NATIONS 1ST FINANCIAL | NATIONS 1ST FINANCIAL | BROKER |
| NATION'S FIRST FINANCIAL | NATION'S FIRST FINANCIAL | BROKER |
| NEASHAM | GLENN A NEASHAM | BROKER |
| NEBEKER | ERIK NEBEKER | BROKER |
| NEESER | THOMAS M NEESER | BROKER (INVESTOR) |
| NEGRON | MANUEL NEGRON-GEN WEALTH | BROKER |
| NEST EGG RETIREMENT | NEST EGG RETIREMENT SOLUTIONS | BROKER |
| NETTLETON | RICHARD NETTLETON | BROKER (INVESTOR) |
| NETTO | PRISCILA NETTO | BROKER |
| NEW MONTGOMERY | NEW MONTGOMERY INVESTMENTS, LLC | AFFILIATE |
| NICHOLS | DAVID NICHOLS | BROKER |
| NICHOLS COLLEGE FUNDING | NICHOLS COLLEGE FUNDING SOLUTIONS INC. | BROKER |
| NILOSEK | CHUCK NILOSEK | BROKER |
| NITTI | GLENN A NITTI | BROKER |
| NONINI FINANCIAL | NONINI FINANCIAL SERVICES | BROKER |
| OAKS | STEPHEN OAKS | BROKER |
| O'DELL | DAVID L O'DELL | BROKER |
| O'DONELL | DAVID O'DONELL | BROKER |
| OH | YONG CHAN OH | BROKER |
| OLD SECURITY FINANCIAL | OLD SECURITY FINANCIAL GROUP | BROKER |
| ONE RESOURCE | ONE RESOURCE GROUP | BROKER |
| O'NEILL | GERARD J O'NEILL | BROKER |
| ONESOURCE FINANCIAL | ONESOURCE FINANCIAL ADVISORS INC. | BROKER |
| ORCHARD MESA | ORCHARD MESA INVESTMENTS, LLC | AFFILIATE |
| ORCUTT | RICHARD DEAN ORCUTT | BROKER |
| ORCUTT | WILLIAM ORCUTT | BROKER |
| ORFIN | DANIEL P ORFIN | BROKER |
| ORTIZ | GERALD LANCE ORTIZ | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| OSTROVSKY | ALEX OSTROVSKY | BROKER |
| OWENS | ROGER L OWENS | BROKER |
| OWENS/LEPORE | ROGER OWENS & JENNIFER M LEPORE | BROKER (INVESTOR) |
| OXFORD | BARRY D OXFORD | BROKER |
| PACIFIC HEIGHTS | PACIFIC HEIGHTS INVESTMENTS, LLC | AFFILIATE |
| PALMATIER RETIREMENT | PALMATIER RETIREMENT & CNA SERVICES | BROKER |
| PANTALONE | STEPHEN A PANTALONE | BROKER |
| PARAMOUNT FINANCIAL | PARAMOUNT FINANCIAL SERVICES INC. | BROKER |
| PARCHAMI | AZAR PARCHAMI | BROKER (INVESTOR) |
| PARDI | CARMINE V PARDI | BROKER |
| PARKER | ERROL R PARKER | BROKER |
| PARSONS | ARIELLE PARSONS | BROKER |
| PARTNERS FOR PROSPERITY | PARTNERS FOR PROSPERITY LLC | BROKER |
| PARTNERS PROSPERITY | PARTNERS PROSPERITY | BROKER |
| PATEL | DIPAK PATEL | BROKER |
| PATEL | VIPINBHAI PATEL | BROKER |
| PATTON | LARIN GREGORY PATTON | BROKER |
| PAUL | HENRY PAUL | BROKER |
| PAULZAK | GARY PAULZAK | BROKER |
| PAYNE | ALBERT PAYNE | BROKER |
| PEACHTREE SETTLEMENT | PEACHTREE SETTLEMENT FUNDING | BROKER |
| PEARMAIN | PEARMAIN INVESTMENTS, LLC | AFFILIATE |
| PELLS | HARRY G PELLS | BROKER |
| PELTZ | CLAUDE PELTZ | BROKER (INVESTOR) |
| PEMBROKE ACADEMY | PEMBROKE ACADEMY INVESTMENTS, LLC | AFFILIATE |
| PENDYKOSKI | RICHARD PENDYKOSKI | BROKER |
| PENNER | DONALD PENNER | BROKER |
| PENRY | LAURA PENRY | BROKER |
| PEPLOWSKI | JOHN M & CAROLE L PEPLOWSKI | BROKER (INVESTOR) |

## Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
## Woodbridge Group of Companies, LLC and Its Affiliated Debtors
### Schedule 1 - Schedule of Excluded Parties

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| PEPLOWSKI | JOHN MICHAEL PEPLOWSKI | BROKER |
| PERKINS | LARRY PERKINS | INSIDER |
| PERRY | HERBERT W PERRY | BROKER |
| PERRY | HERMAN GRANT PERRY | BROKER |
| PERRY | PROV. TR GP-FBO HERBERT PERRY IRA | BROKER (INVESTOR) |
| PETERSON | DEVIN PETERSON | BROKER |
| PETRI | WALID L PETRI | BROKER |
| PHI BETA KAPITAL | PHI BETA KAPITAL, CORP. | BROKER |
| PHILLIPS | CARLTON SCOTT PHILLIPS | BROKER |
| PHILLIPS | SCOTT PHILLIPS | BROKER |
| PHILLIPSBURG | PHILLIPSBURG INVESTMENTS, LLC | AFFILIATE |
| PICHLIK | JEFFRY SCOTT PICHLIK | BROKER |
| PICKETT | MICHAEL J PICKETT | BROKER |
| PICKETT STRUCTURES | PICKETT STRUCTURES | BROKER |
| PINA | SHELLEY-ANN PINA | BROKER |
| PINEHURST CAPITAL | PINEHURST CAPITAL, INC. | BROKER |
| PITTSENBARGAR | BRETT PITTSENBARGAR | INSIDER/BROKER |
| PITTSENBARGAR | PROV. TR GP-FBO BRETT PITTSENBARGAR HSA | BROKER (INVESTOR) |
| PITTSENBARGAR | PROV. TR GP-FBO BRETT PITTSENBARGAR SOLO K | BROKER (INVESTOR) |
| PLAIN | HAL PLAIN | SALES EMPLOYEE |
| POLACIOS | MARIA POLACIOS-LAX MARIA'S LIMO DBA | BROKER |
| POLK | BRANDON POLK | BROKER |
| PONTREMOLI | RON & CAROL PONTREMOLI | BROKER (INVESTOR) |
| PONTREMOLI | RONALDO L PONTREMOLI | BROKER |
| POPPY CIRCLE | POPPY CIRCLE, LLC | AFFILIATE |
| PORTER | LEE PORTER JR. | BROKER |
| POSITION BENEFITS | POSITION BENEFITS LLC | BROKER |
| POUYER | CURTIS POUYER | BROKER |
| POWEL HOUSE | POWEL HOUSE INVESTMENTS, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| POWELL | FLOYD E POWELL | BROKER |
| POWELL | WARD POWELL | BROKER |
| POWER | CURTIS POWER | BROKER |
| POWERS | SCOTT POWERS | BROKER |
| PRACTICAL WEALTH | PRACTICAL WEALTH ADVISORS, LLC | BROKER |
| PRATER | MICHAEL DAVID PRATER | BROKER |
| PRECISE INVESTMENT | PRECISE INVESTMENT GROUP LLC | INSIDER AFFILIATE/BROKER |
| PRESERVATION WEALTH | PRESERVATION WEALTH ADVISORS | BROKER |
| PRESTIGE INSURANCE | PRESTIGE INSURANCE SERVICES | BROKER |
| PRESTIGE INSURANCE | PRESTIGE INSURANCE-LEN CONNELL | BROKER |
| PRESTIGE WEALTH | PRESTIGE WEALTH MANAGEMENT | BROKER |
| PRO WEALTH | PRO WEALTH INC. | BROKER |
| PROFECTUS FINANCIAL | PROFECTUS FINANCIAL & INSURANCE SERVICES | BROKER |
| PROGRESO | PROGRESO, LLC | BROKER |
| PTS FINANCIAL | PTS FINANCIAL SERVICES LLC | BROKER |
| PURO | ROSE M PURO | BROKER |
| QUE | DARREL D QUE | BROKER |
| QUEEN B SERVICES | QUEEN B SERVICES | BROKER |
| RAHAMAN | TIMOTHY RAHAMAN | BROKER |
| RAHIMI | AMIR RAHIMI | SALES EMPLOYEE |
| RAINES | JERRY D RAINES | BROKER |
| RAMOS | JOSEPH RAMOS | BROKER |
| RANDHAHN | FRED & KAREN RANDHAHN | BROKER (INVESTOR) |
| RANDLE | JESSE RANDLE | BROKER (INVESTOR) |
| RASAEI | KRISTIAN RASAEI | BROKER |
| RE ASSET PARTNERS | RE ASSET PARTNERS LLC | INSIDER AFFILIATE |
| REEVES | SYLVAN ROBIN & TINA D REEVES | BROKER (INVESTOR) |
| REEVES | SYLVAN ROBIN REEVES | BROKER |
| REID | DARRON T REID | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| REILLY | KENNETH J REILLY | BROKER |
| REISINGER | DAN REISINGER | BROKER |
| RELIANT FINANCIAL | RELIANT FINANCIAL GROUP INC. | BROKER |
| RELIANT GROUP 360 | RELIANT GROUP 360 CORP | BROKER |
| RELLORA | FROILAN RELLORA | BROKER |
| RENNINGER | SEAN P RENNINGER | SALES EMPLOYEE |
| RETIREMENT PLANNING | RETIREMENT PLANNING SOLUTIONS LLC | BROKER |
| RETIREMENT PLANNING | RETIREMENT PLANNING-GORDON HANAH | BROKER |
| RETIREMENT SERVICES | RETIREMENT SERVICES LLC-ALLEN DENSMORE | BROKER |
| RETIREMENT SPECIALTIES | RETIREMENT SPECIALTIES, INC - ALLAN DENSM | BROKER |
| REYNOSO | RAYMOND R REYNOSO | BROKER |
| RH PRINCIPLED INV. | RH PRINCIPLED INVESTMENTS | BROKER |
| RHS CAPITAL | RHS CAPITAL, LLC | AFFILIATE |
| RIBLETT | JACKIE L RIBLETT | BROKER |
| RICHARD C BROWN FINANCIAL | RICHARD C BROWN FINANCIAL SERVICES | BROKER |
| RICHARDS | KEVIN RICHARDS | BROKER (INVESTOR) |
| RICHARDSON | LLOYD B RICHARDSON | BROKER |
| RICHMOND WEALTH | RICHMOND WEALTH MANAGEMENT LLC | BROKER |
| RICKS | BRUCE & JEANIE RICKS | BROKER (INVESTOR) |
| RICKS | BRUCE RICKS | BROKER |
| RICKS | PROV. TR GP-FBO BRUCE RICKS IRA | BROKER (INVESTOR) |
| RINKOVSKY | PAULA RINKOVSKY | BROKER |
| RITCH | WILLIAM B RITCH | BROKER |
| RITCH | WILLIAM RITCH | BROKER |
| RIVERDALE FUNDING | RIVERDALE FUNDING LLC | AFFILIATE |
| ROBBINS | DONNA ROBBINS | BROKER |
| ROBBINS | LYNETTE ROBBINS | BROKER AFFILIATE |
| ROBBINS | WILLIAM G & DONNA J ROBBINS | BROKER (INVESTOR) |
| ROBERTS | AMANDA L ROBERTS | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| ROBERTS | RONALD ROBERTS | BROKER |
| ROBERTSON | RANDY ROBERTSON | SALES EMPLOYEE |
| ROBINSON | DONALD D ROBINSON | BROKER |
| ROBINSON | MICHAEL ROBINSON | BROKER |
| ROBINSON GROUP | ROBINSON GROUP INC. | BROKER |
| ROCKWELL | RICHARD DOW ROCKWELL | BROKER |
| ROGERS | DANA ROGERS | SALES EMPLOYEE |
| ROITFARB | DAVID ROITFARB | SALES EMPLOYEE |
| ROLAND FINANCIAL | ROLAND FINANCIAL LLC | BROKER |
| ROLNICK | MARVIN ROLNICK | BROKER |
| ROMINGER | LARRY & DONNA ROMINGER CO-TTEES 07/27/06 | BROKER (INVESTOR) |
| ROMINGER | LARRY ROMINGER | BROKER |
| RON SCHULZE FINANCIAL | RON SCHULZE FINANCIAL SERVICES, LLC | BROKER |
| ROSCOE | ROSCOE BLVD INVESTMENTS, LLC | AFFILIATE |
| ROSCOE | ROSCOE, LLC | AFFILIATE |
| ROSEBROUGH | JAMES A ROSEBROUGH JR. | BROKER |
| ROSEMAN | DANE ROSEMAN | INSIDER AFFILIATE/BROKER |
| ROSEMAN | DAYNE ROSEMAN | INSIDER/SALES EMPLOYEE |
| ROSERIDGE CONSULTING | ROSERIDGE CONSULTING LLC | BROKER |
| ROYSTON | ANNE L ROYSTON | BROKER |
| RUBIN | JOSEPH RUBIN | BROKER |
| RUNYAN | DAVID T RUNYAN | BROKER |
| RUOTOLO | EDWARD B RUOTOLO | BROKER |
| RUTMAN | PETER RUTMAN | BROKER |
| S C LIFE | S C LIFE AND ANNUITY INC. | BROKER |
| S D G INSURANCE | S D G INSURANCE AGENCY FINANCIAL SERVICES | BROKER |
| SAC ASPEN | SAC ASPEN ACQUISITION, LLC | AFFILIATE |
| SAC HOLDING | SAC HOLDING COMPANY OF ASPEN, LLC | AFFILIATE |
| SAC MANAGEMENT | SAC MANAGEMENT, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| SACHS FINANCIAL | SACHS FINANCIAL LLC | BROKER |
| SADDLEMOUNT | SADDLEMOUNT INVESTMENTS, LLC | AFFILIATE |
| SAFE MONEY | SAFE MONEY BROADCASTING LLC | BROKER |
| SAFE MONEY | SAFE MONEY INVESTING INC. | BROKER |
| SAFE MONEY | SAFE MONEY STRATEGIES INC. | BROKER |
| SAFETY OF PRINCIPLE | SAFETY OF PRINCIPLE, INC. | BROKER |
| SALLING | JAMES R SALLING JR. | BROKER |
| SALLING | JIM SALLING | BROKER |
| SALTWATER HARBOR | SALTWATER HARBOR FINANCIAL LLC | BROKER |
| SALVEMINI | JOSEPH D SALVEMINI | BROKER |
| SANDERS | LEVITT SANDERS | BROKER |
| SANDOVAL | YOLANDA A SANDOVAL | BROKER |
| SANTANA | JEFFERY J SANTANA | BROKER |
| SANTANA | JEFFREY SANTANA | SALES EMPLOYEE |
| SAOUD | AARON W SAOUD | BROKER |
| SAOUD | WILLIAM SAOUD | BROKER |
| SATCHER | EBONY SATCHER | BROKER |
| SAUCEDO | JUAN DE DIOS VACA SAUCEDO | BROKER |
| SAUNIG | MATTHEW SAUNIG | BROKER |
| SAXTON | ROBERT & JOANNE SAXTON | BROKER |
| SCHEER | GARY R SCHEER | BROKER |
| SCHLOSSER | FREDERICK D SCHLOSSER | BROKER |
| SCHMALZ | MATTHEW D SCHMALZ | BROKER |
| SCHNEIDER | MARTIN SCHNEIDER | BROKER (INVESTOR) |
| SCHOLL | DAVID A SCHOLL | BROKER |
| SCHOLLENBARGER | STEVEN LANE SCHOLLENBARGER | BROKER |
| SCHULZE | MAINSTAR-FBO ROBERT SCHULZE T2177596 | BROKER (INVESTOR) |
| SCHULZE | ROBERT & MARIA SCHULZE | BROKER (INVESTOR) |
| SCHULZE | ROBERT J SCHULZE | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| SCHULZE | RONALD U & VICTORIA A SCHULZE | BROKER (INVESTOR) |
| SCHULZE HOMAN FINANCIAL | SCHULZE HOMAN FINANCIAL GROUP LLC | BROKER |
| SCHWARTZ | JEROME H SCHWARTZ | BROKER (INVESTOR) |
| SCHWARTZ | JOSEPH SCHWARTZ | BROKER |
| SCHWARTZ | MATTHEW SCHWARTZ | INSIDER/SALES EMPLOYEE |
| SCHWARTZ | SCHWARTZ DIRECT MEDIA, LLC | AFFILIATE |
| SCHWARTZ | SCHWARTZ MEDIA BUYING COMPANY LLC | INSIDER AFFILIATE/BROKER (INVESTOR) |
| SCHWARTZ | SCHWARTZ MEDIA HOLDING, LLC | AFFILIATE |
| SCHWARTZ | SCOTT SCHWARTZ | INSIDER/SALES EMPLOYEE |
| SCOTT | GEORGE SCOTT | BROKER |
| SCOTT | JACK SCOTT | BROKER |
| SCOTT | RICK NEIL SCOTT | BROKER |
| SCOTT | STEVEN LEONARD SCOTT | BROKER |
| SDG INSURANCE | SDG INSURANCE AGENCY FINANCIAL SERVICES | BROKER |
| SEABURY | MARTHA SEABURY | BROKER |
| SEACLIFF RUN | SEACLIFF RUN INVESTMENTS, LLC | AFFILIATE |
| SEACOAST FINANCIAL | SEACOAST FINANCIAL GRP LLC | BROKER |
| SEARCHLIGHT FINANCIAL | SEARCHLIGHT FINANCIAL ADVISORS LLC | BROKER |
| SECOND FLIGHT | SECOND FLIGHT CONSULTANCY LLC | BROKER |
| SECURE FINANCIAL | SECURE FINANCIAL GROUP INC | BROKER |
| SECURED FUTURES | SECURED FUTURES FINANCIAL & INS SERV LTD | BROKER |
| SECURITY FINANCIAL | SECURITY FINANCIAL LLC | BROKER |
| SECURITY FIRST FINANCIAL | SECURITY FIRST FINANCIAL LLC | BROKER |
| SENIOR CIRCUIT | THE SENIOR CIRCUIT INC | BROKER |
| SESCO BENEFITS | SESCO BENEFITS SERVICE INC. | BROKER |
| SESNY | THOMAS & MARTHA SESNY | BROKER (INVESTOR) |
| SESNY | THOMAS A SESNY | BROKER |
| SESNY/SCHULTZ | THOMAS A SESNY & JAMES E SCHULTZ | BROKER (INVESTOR) |
| SETH | ROBERT T SETH | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| SEXTON ADVISORY | SEXTON ADVISORY GROUP INC. | BROKER |
| SFERAS | SAMUEL SFERAS | SALES EMPLOYEE |
| SFI | SFI | BROKER |
| SHAPIRO | JERI SHAPIRO | INSIDER |
| SHAPIRO | ROBERT SHAPIRO | INSIDER |
| SHARMA | DAVEN S SHARMA | BROKER |
| SHELBURNE MGMT. | SHELBURNE MANAGEMENT CO LLC | BROKER |
| SHEMTOB | LEONARD SHEMTOB | INSIDER/BROKER (INVESTOR) |
| SHENDEL | STEVE SHENDEL | BROKER |
| SHERIDAN | THERESA SHERIDAN | BROKER |
| SHERMAN OAKS | SHERMAN OAKS INTERIOR DESIGN GROUP, LLC | AFFILIATE |
| SHOEMAKER | DALEN M SHOEMAKER | BROKER |
| SHP FINANCIAL | SHP FINANCIAL LLC | BROKER |
| SHUMMON | SAMUEL A SHUMMON | BROKER |
| SIDESPAR | SIDESPAR INVESTMENTS, LLC | AFFILIATE |
| SIEGFRIED | KIRSTEN P SIEGFRIED | BROKER |
| SIERRA CONSTELLATION | SIERRA CONSTELLATION PARTNERS LLC | OTHER |
| SIGHTLINE | SIGHTLINE INVESTMENTS, LLC | AFFILIATE |
| SILVERBARON | SILVERBARON INVESTMENTS, LLC | AFFILIATE |
| SIMMONS | ADRIENNE SIMMONS | BROKER |
| SINGER | MICHAEL ANDREW SINGER | INSIDER/BROKER |
| SINGLETON | PROV. TR GP-FBO SHELDON SINGLETON IRA | BROKER (INVESTOR) |
| SINGLETON | SHELDON SINGLETON | BROKER |
| SJ FINANCIAL | SJ FINANCIAL SERVICES LLC | BROKER |
| SMARGIASSI | ROBERT A SMARGIASSI | BROKER |
| SMITH | ARNOLD SMITH | BROKER |
| SMITH | NICOLE R SMITH | BROKER |
| SMITH | PAUL SMITH | BROKER |
| SMITH | TRAVIS SMITH | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| SMITHSON FINANCIAL | SMITHSON FINANCIAL GROUP | BROKER |
| SNOOK | TARA K SNOOK | BROKER |
| SNYDER | OWEN D & LILLIE M SNYDER | BROKER (INVESTOR) |
| SNYDER | OWEN D SNYDER | BROKER |
| SOFFER | JOSHUA SOFFER | BROKER |
| SOHN | KIHO SOHN | BROKER |
| SORGENSTEIN | EDWARD SORGENSTEIN | BROKER |
| SORIANO | ARNEL V SORIANO | BROKER |
| SOTO | MANUEL SOTO | BROKER |
| SOULIER | CHRISTOPHER M SOULIER | BROKER |
| SOULIER | PROV. TR GP-FBO C M SOULIER ROTH IRA | BROKER (INVESTOR) |
| SOUTHERN FINANCIAL | SOUTHERN FINANCIAL GROUP INC | BROKER |
| SOUTHWELL | DAVID W SOUTHWELL | BROKER |
| SOUTHWEST FINANCIAL | SOUTHWEST FINANCIAL SERVICES, INC. | BROKER |
| SOUTHWESTERN MICHIGAN | SOUTHWESTERN MICHIGAN INSURANCE AGENCY PC | BROKER |
| SPAR | WILLIAM B SPAR | BROKER |
| SPAR | WILLIAM E SPAR | BROKER |
| SSI | SSI LLC | BROKER |
| STAHL | FREDERIC T STAHL | BROKER |
| STARLIGHT STARBRIGHT | STARLIGHT STARBRIGHT LLC | BROKER |
| STEAL YOUR FACE | STEAL YOUR FACE, LLP (BRAD FRIEDMAN) | BROKER |
| STEINER | RONALD E STEINER | BROKER |
| STEINER | RONALD STEINER | BROKER |
| STEPHANOPOULOS | GEORGE R STEPHANOPOULOS | OTHER |
| STEVENS | MORGAN STEVENS | BROKER |
| STILL WATERS FINANCIAL | STILL WATERS FINANCIAL SOLUTIONS INC. | BROKER |
| STL PROFESSIONAL | STL PROFESSIONAL SERVICES INT'L LLC | BROKER |
| STOHS | TIMOTHY P STOHS | BROKER |
| STONE | GENNETTE STONE | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| STONELION | STONELION, LLC | BROKER |
| STOVER REAL ESTATE | STOVER REAL ESTATE PARTNERS, LLC | AFFILIATE |
| STRATEGIC CHOICES | STRATEGIC CHOICES FINANCIAL INC. | BROKER |
| STRATEGIC FINANCIAL | STRATEGIC FINANCIAL PARTNERS | BROKER |
| STRICKER | JESSICA STRICKER | BROKER |
| STRICKLAND | IRA SVCS TR CO-CFBO KERRY K STRICKLAND | BROKER (INVESTOR) |
| STRICKLAND | KERRY K STRICKLAND | BROKER (INVESTOR) |
| STRUCTURED STRATEGIES | STRUCTURED STRATEGIES, LLC | BROKER |
| STUDENT SERVICES | STUDENT SERVICES INC. | BROKER |
| SUAREZ | JACQUELINE SUAREZ | BROKER |
| SUFFIELD | SUFFIELD FUNDING, LLC | AFFILIATE |
| SUNSOLUTIONS INSURANCE | SUNSOLUTIONS INSURANCE AGENCY LLC | BROKER |
| SURF CITY FINANCIAL | SURF CITY FINANCIAL GROUP | BROKER |
| SYCAMORE GROUP | SYCAMORE GROUP INC. | BROKER |
| SYNERGY FINANCIAL | SYNERGY FINANCIAL GROUP, INC. | BROKER |
| SYNERGY INVESTMENT | SYNERGY INVESTMENT SERVICES LLC | BROKER |
| TAFT | MIKEL TAFT | BROKER |
| TALBERT WEALTH | TALBERT WEALTH INC. | BROKER |
| TAMARA CHRISTIANS, INC. | TAMARA CHRISTIANS, INC. | BROKER |
| TAN | SUHIANTO TAN | BROKER (INVESTOR) |
| TANG | TINA TANG | BROKER |
| TANGIBLE ASSETS | TANGIBLE ASSETS INVESTMENTS LLC | BROKER |
| TANGUIS | LESTER G TANGUIS | BROKER (INVESTOR) |
| TANGUIS | PROV. TR GP-FBO LESTER G TANGUIS III IRA | BROKER (INVESTOR) |
| TASHVIGHI | ARASH TASHVIGHI | BROKER |
| TAVARES | KIM TAVARES | SALES EMPLOYEE |
| TAVARES | KIMBERLY TAVARES | BROKER |
| TAX SAVINGS | TAX SAVINGS SPECIALISTS LLC | BROKER |
| TEACHOUT | JOHN J TEACHOUT | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| TEACHOUT & ASSOCIATES | TEACHOUT AND ASSOCIATES INC. | BROKER |
| TEAM UP | TEAM UP LLC | BROKER |
| TEGRASURE | TEGRASURE LLC | BROKER |
| TERM BROKERS | TERM BROKERS LLC | BROKER |
| TERM PROVIDER FINANCIAL | TERM PROVIDER FINANCIAL SERVICES LLC | BROKER |
| TEXAS CO-LENDERS 01 | TEXAS CO-LENDERS 01, LLC | AFFILIATE |
| TGA WLTH | TGA WLTH | BROKER |
| THAMER | O GOWAN & JEANNE L THAMER | BROKER (INVESTOR) |
| THAMER | PROV. TR GP-FBO ORVILLE G THAMER IRA | BROKER (INVESTOR) |
| THOMAS | JOSEPH G THOMAS | BROKER |
| THOMAS | JOSEPH THOMAS | BROKER |
| THOMPSON | WARREN R THOMPSON | BROKER |
| THOMSON | MICHAEL EDWARD THOMSON | BROKER |
| THONG | VLCHETR THONG | BROKER |
| THORNGREN | CHARLES J THORNGREN | BROKER |
| THREE FOURTEEN CO. | THE THREE FOURTEEN COMPANY | BROKER |
| TILLINGHAST | TILLINGHAST INVESTMENTS, LLC | AFFILIATE |
| TIM SHAW FINANCIAL | TIM SHAW FINANCIAL CONSULTANTS LLC | BROKER |
| TITUS | PRESTON N TITUS | BROKER |
| TO THE MAX | TO THE MAX MARKETING INC. | BROKER |
| TOFTOY | STEPHEN K TOFTOY | BROKER |
| TOSI | ALEXANDER TOSI | BROKER (INVESTOR) |
| TRADEWIND SETTLEMENTS | TRADEWIND SETTLEMENTS LLC | BROKER |
| TRAGER, LLC | TRAGER LLC dba NATION'S FIRST FINANCIAL | BROKER |
| TRAGER, LLC | TRAGER, LLC | BROKER |
| TRAINA | DAVID TRAINA | BROKER |
| TRANQUIL FINANCIAL | TRANQUIL FINANCIAL SERVICES -ERIK NEBEKER | BROKER |
| TREISTMAN | EVA TREISTMAN | BROKER |
| TRESTLEWOOD | TRESTLEWOOD INVESTMENTS, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| TROST | JEROME CARL TROST | BROKER |
| TRUJILLO | MICHAEL A TRUJILLO | BROKER |
| TULLOS | JULIE R TULLOS | BROKER |
| TUNNELL | BRADLEY S TUNNELL | BROKER |
| TURNER | JOHN T TURNER | BROKER |
| TWEEDIA SQUARE | TWEEDIA SQUARE FUNDING, LLC | AFFILIATE |
| TWH ANNUITIES | TWH ANNUITIES & INSURANCE AGENCY INC. | BROKER |
| TWIN PIER | TWIN PIER INVESTMENTS, LLC | AFFILIATE |
| TYDINGS | BETTE TYDINGS | BROKER |
| U STREET | U STREET HOLDINGS, LLC | AFFILIATE |
| UNITED SENIORS | UNITED SENIORS MED CARE | BROKER |
| UNIVERSAL DEBT | UNIVERSAL DEBT SERVICES, INC. | AFFILIATE |
| UP & COMING CAPITAL | UP & COMING CAPITAL LLC | INSIDER AFFILIATE/BROKER |
| UP & COMING CAPITAL | UP AND COMING CAPITAL LLC | BROKER |
| UPPAL | KAREN UPPAL | BROKER |
| VA PROPERTIES | VA PROPERTIES, LLC | AFFILIATE |
| VALENCIA | PAUL VALENCIA | BROKER |
| VALENCIA FINANCIAL | VALENCIA FINANCIAL SERVICES LLC | BROKER |
| VALOR ENTERPRISES | VALOR ENTERPRISES INC. | BROKER |
| VAN HOUTEN | DANNY L VAN HOUTEN | BROKER |
| VAN NESS | VAN NESS INVESTMENTS, LLC | AFFILIATE |
| VANDEMARK | JOSHUA VANDEMARK | BROKER |
| VECTOR FINANCIAL | VECTOR FINANCIAL, LLC | BROKER |
| VERDEO FINANCIAL | VERDEO FINANCIAL | BROKER |
| VIATER | PETER P VIATER | BROKER |
| VIERNES | ELVIRA VIERNES | BROKER |
| VISTA VERDE | VISTA VERDE INVESTMENTS, LLC | AFFILIATE |
| WAIGHT | JOHN F WAIGHT | BROKER |
| WALKER | NICOLE WALKER | SALES EMPLOYEE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| WALL 1234 | WALL 1234, LLC | AFFILIATE |
| WALL 4321 | WALL 4321, LLC | AFFILIATE |
| WALTERS | ALLAN A WALTERS | BROKER |
| WAMPLER | BRIAN D & DIANE J WAMPLER | BROKER |
| WARD | ROBERT WARD | BROKER |
| WARREN | TONY WARREN | BROKER |
| WATSON | ANNA AND NELDON WATSON | BROKER |
| WATSON | NELDON & ANNA WATSON RLT DTD 09/07/10 | BROKER (INVESTOR) |
| WATSON | SHELBY L WATSON | BROKER |
| WATT | CHARLES R WATT | BROKER |
| WBF ENTERPRISES | WBF ENTERPRISES INC. | BROKER |
| WEALTH ADVOCATE | THE WEALTH ADVOCATE INVESTMENT GROUP | BROKER |
| WEALTH DESIGN | WEALTH DESIGN GROUP | BROKER |
| WEALTH INSURANCE | WEALTH INSURANCE NETWORK INC. | BROKER |
| WEALTH MANAGEMENT | WEALTH MANAGEMENT RESOURCES, LLC | BROKER |
| WEALTHSMART SOCIAL | WEALTHSMART SOCIAL INC. | BROKER |
| WEBER | THOMAS S WEBER | BROKER |
| WEINER | MICHAEL WEINER | BROKER |
| WEISBART | HARRY WEISBART | BROKER |
| WEISER | BARBARA & JAY WEISER | BROKER (INVESTOR) |
| WEISER | JAY R WEISER | BROKER |
| WEISS | JACOB WEISS | SALES EMPLOYEE |
| WEISS | RICH WEISS | BROKER |
| WELLER | RONNIE WELLER | BROKER |
| WENDEL | JEFFREY L & JODI M WENDEL | BROKER (INVESTOR) |
| WENDEL | JEFFREY WENDEL | BROKER |
| WENDEL | PROV. TR GP-FBO JEFFREY L WENDEL IRA | BROKER (INVESTOR) |
| WERMUTH | JOHN WERMUTH | BROKER (INVESTOR) |
| WEST 134TH STEET | WEST 134TH STREET INVESTMENTS, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| WEST 134TH STEET | WEST 134TH STREET, LLC | AFFILIATE |
| WESTROM | WILLIAM C WESTROM JR | BROKER |
| WFS HOLDING | WFS HOLDING CO LLC | AFFILIATE |
| WFS HOLDING | WFS HOLDING COMPANY, LLC | AFFILIATE |
| WGC INDEPENDENT | WGC INDEPENDENT MANAGER, LLC | AFFILIATE |
| WHITE | PAUL M WHITE | BROKER (INVESTOR) |
| WHYTE AND BROWNE | WHYTE AND BROWNE INC. | BROKER |
| WIENIEWITZ FINANCIAL | WIENIEWITZ FINANCIAL LLC | BROKER |
| WIGGS | RICK WIGGS | BROKER |
| WIGGS | RICKI DEAN WIGGS | BROKER |
| WILLIAMS | ANDRE M WILLIAMS | BROKER |
| WILLIAMS | DENISE MICHELE WILLIAMS | BROKER |
| WILLIAMS | JAMES E WILLIAMS | BROKER |
| WILLIAMS | JOHN WILLIAMS | BROKER |
| WILLIS | BARON T WILLIS | BROKER |
| WILSAVE INC. | WILSAVE INC | BROKER |
| WINDHAM | ANDREW WINDHAM | BROKER |
| WINNISQUAM | WINNISQUAM INVESTMENTS, LLC | AFFILIATE |
| WINTERCRESS | WINTERCRESS FUNDING, LLC | AFFILIATE |
| WIRKUS | PROV. TR GP-FBO RICHARD T WIRKUS IRA | BROKER (INVESTOR) |
| WIRKUS | RICHARD WIRKUS | BROKER |
| WISE | MARGARET WISE | BROKER |
| WISTERIA | WISTERIA FUNDING LLC | AFFILIATE |
| WITTMAN | PETER WITTMAN | BROKER |
| WOLFELD | DONALD & SHIRLEY WOLFELD | BROKER (INVESTOR) |
| WOLFF | GERALD M WOLFF | BROKER |
| WOLFSON | DAVID WOLFSON | BROKER |
| WONDERVIEW | WONDERVIEW INVESTMENTS, LLC | AFFILIATE |
| WOOD | GEORGE H WOOD | BROKER |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
| --- | --- | --- |
| WOOD | GREG WOOD | BROKER |
| WOOD | PROV. TR GP-FBO GREGORY J WOOD IRA | BROKER (INVESTOR) |
| WOOD WEALTH | WOOD WEALTH SOLUTIONS LLC (GREG WOOD) | BROKER |
| WOODBRIDGE | WOODBRIDGE BARIC PRE-SETTLEMENT INVESTMENTS, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE COMMERCIAL BRIDGE LOAN FUND 3, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE CONSTRUCTION LOAN FUND 1, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE CONSTRUCTION LOAN FUND 2, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE CROWDFUNDING 1, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE CUSTOM HOMES HOLDING, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE CUSTOM HOMES, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE FINANCIAL SERVICES, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE FUNDING GROUP, INC. | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE GUARANTEE HOLDING, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE GUARANTEE, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE LENDING FUND 1, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE LUXURY HOMES, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE MANAGEMENT COMPANY, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE MEZZANINE FUND 2, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE MORTGAGE INVESTMENT FUND 5, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE PRE-SETTLEMENT FUNDING 1, LP | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE PRE-SETTLEMENT FUNDING 2, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE PRE-SETTLEMENT FUNDING, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE REALTY OF COLORADO, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE SERVICING COMPANY, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE STRUCTURED FINANCING | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE STRUCTURED FUNDING OF FLORIDA, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE STRUCTURED SETTLEMENT INVESTMENTS, LLC | AFFILIATE |
| WOODBRIDGE | WOODBRIDGE WEALTH | AFFILIATE |
| WOODPORT NEWS | WOODPORT NEWS HOLDING COMPANY, LLC | AFFILIATE |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 1 - Schedule of Excluded Parties**

| Surname/Entity Name | Full Name | Type |
|---|---|---|
| WOODS | JOHN C WOODS | BROKER |
| WORCH FINANCIAL | WORCH FINANCIAL | BROKER |
| WRIGHT CAPITAL | WRIGHT CAPITAL GROUP | BROKER |
| WRIGHT FINANCIAL | WRIGHT FINANCIAL STRATEGIES INC. | BROKER |
| WUKIE | JAMES WUKIE | BROKER |
| WYRICK | ASHLEY RENEE WYRICK | BROKER |
| YAEGER | CHRISTOPHER YAEGER | BROKER |
| YAMATE-MORGAN | RICHARD I YAMATE-MORGAN | BROKER |
| YEADON | DAVID B & MARILYNN J YEADON RT | BROKER (INVESTOR) |
| YEADON | DAVID B YEADON | BROKER |
| YIN | LILY YIN | BROKER |
| YIN | PROV. TR GP-FBO QUN HONG YIN ROTH IRA | BROKER (INVESTOR) |
| YIN | QUN HONG YIN | BROKER (INVESTOR) |
| YIN | THE QUN HONG DOMISSY YIN LT | BROKER (INVESTOR) |
| ZABIELSKI | PATRICIA ZABIELSKI | BROKER |
| ZAYTI | MARK ZAYTI | BROKER |
| ZENG | HUI ZENG | BROKER (INVESTOR) |
| ZENG | MARK ZENG | BROKER |

Note:   This schedule is a working draft and subject to change by the Debtors prior to the Disclosure Statement Hearing based on the Debtors' ongoing review of
their books and records and the relevant facts. Without limitation, the Debtors reserve the right to remove certain parties on the basis that they are not
Excluded Parties and to add certain parties that are not presently identified as Excluded Parties to the schedule.

## **SCHEDULE 2**

**Schedule of Non-Debtor Loan Note Claims**

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 2 - Schedule of Non-Debtor Loan Note Claims**

| Surname/Entity Name | Full Name | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|
| ASH | ROBERTA K ASH RLT | 25,000.00 | 1,804.17 | 0.00 | 23,195.83 |
| BASSEN | SANDRA & IRA D BASSEN | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| BELLISTON | PROV. TR GP-FBO A BRENT BELLISTON IRA | 25,000.00 | 840.97 | 0.00 | 24,159.03 |
| BREYER | HARRY BREYER RLT | 200,000.00 | 13,363.92 | 0.00 | 186,636.08 |
| BURTON | LINDA G BURTON | 66,120.57 | 10,171.46 | 0.00 | 55,949.11 |
| CATHCART | JAMES & CAROLYN CATHCART | 30,000.00 | 1,985.00 | 0.00 | 28,015.00 |
| CLAYTON CAPITAL | CLAYTON CAPITAL INVESTMENTS CORP | 511,500.00 | 15,345.00 | 0.00 | 496,155.00 |
| COX | JOANNE COX | 25,000.00 | 1,260.38 | 0.00 | 23,739.62 |
| DOYLE | JUDITH C DOYLE LT DTD 07/31/09 | 100,000.00 | 1,137.51 | 0.00 | 98,862.49 |
| EVERS | CAITLIN A EVERS | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| FARMER | JOHNNY FARMER | 50,000.00 | 2,062.53 | 0.00 | 47,937.47 |
| FOROUZAN | BRIAN M FOROUZAN | 25,000.00 | 1,175.00 | 0.00 | 23,825.00 |
| GOLDBAUM | EDWARD & JENNIFER GOLDBAUM | 200,000.00 | 2,666.67 | 0.00 | 197,333.33 |
| GOODBURLET | MAINSTAR-FBO RICHARD GOODBURLET | 60,000.00 | 3,391.67 | 0.00 | 56,608.33 |
| GORDON | ALAN & MARLENE GORDON | 50,000.00 | 3,420.18 | 0.00 | 46,579.82 |
| GRIFFIN | DONALD GRIFFIN | 75,000.00 | 9,947.90 | 0.00 | 65,052.10 |
| GUDE | CHRISTOPHER P GUDE TR UAD 12/05/01 | 30,000.00 | 1,223.75 | 0.00 | 28,776.25 |
| HARRISON | GREGORY T & LINDA C HARRISON | 30,000.00 | 1,660.00 | 0.00 | 28,340.00 |
| HENRICH | ROBERT W HENRICH | 77,000.00 | 1,155.00 | 0.00 | 75,845.00 |
| HOLMES | JEFFREY & PATRICIA HOLMES | 50,000.00 | 3,783.33 | 0.00 | 46,216.67 |
| JARA GROUP II | JARA GROUP II LLC | 50,000.00 | 6,375.00 | 0.00 | 43,625.00 |
| KAUFMAN | DELBERT L KAUFMAN | 30,000.00 | 125.00 | 0.00 | 29,875.00 |
| LENNARTZ | PROV. TR GP-FBO DONALD W LENNARTZ IRA | 63,000.00 | 15,555.83 | 0.00 | 47,444.17 |
| LIFAVI | DANIEL J LIFAVI RT | 25,000.00 | 1,425.05 | 0.00 | 23,574.95 |
| MANNABERG-GOLDMAN | MAINSTAR-FBO E MANNABERG-GOLDMAN T2175405 | 25,000.00 | 2,291.67 | 0.00 | 22,708.33 |
| MAR | MAINSTAR-FBO MAY L MAR T2176303 | 25,134.62 | 1,052.16 | 0.00 | 24,082.46 |
| MARSHALL | MICHAEL MARSHALL | 25,000.00 | 262.50 | 0.00 | 24,737.50 |
| MASTROBERTE | ROBERT & BEVERLY MASTROBERTE | 40,000.00 | 4,255.00 | 0.00 | 35,745.00 |
| MCCAW | SCOTT MCCAW | 25,000.00 | 343.75 | 0.00 | 24,656.25 |
| MILLER | JOY MILLER | 100,000.00 | 0.00 | 0.00 | 100,000.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 2 - Schedule of Non-Debtor Loan Note Claims**

| Surname/Entity Name | Full Name | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|
| MONTOYA | CONSUELO B OR JOHN MONTOYA | 75,000.00 | 4,614.58 | 0.00 | 70,385.42 |
| MOSCOVITCH | THE MOSCOVITCH FAMILY IRREV TR | 100,000.00 | 0.00 | | 100,000.00 |
| MOSELEY | WILLIAM MOSELEY | 100,000.00 | 3,590.25 | 0.00 | 96,409.75 |
| NEWMARK | EVELYN & CARL NEWMARK TR | 100,000.00 | 6,822.87 | 0.00 | 93,177.13 |
| O'BRIEN | MARIE F O'BRIEN | 50,000.00 | 573.61 | 1,000.00 | 48,426.39 |
| PACAK | PACAK FT 11/22/03 VOJTECH & E PACAK TTEE | 50,000.00 | 7,045.15 | 0.00 | 42,954.85 |
| PHILLIPS | PROV. TR GP-FBO KIM PHILLIPS IRA | 92,000.00 | 4,740.56 | 0.00 | 87,259.44 |
| POULIOT | STEPHEN L POULIOT TR DTD 04/01/11 | 100,000.00 | 1,186.10 | 0.00 | 98,813.90 |
| RENTERIA | ADELA RENTERIA | 25,000.00 | 208.34 | 0.00 | 24,791.66 |
| ROSEWOOD CAPITAL | ROSEWOOD CAPITAL INVESTMENTS INC | 711,500.00 | 21,345.00 | 0.00 | 690,155.00 |
| SASSER | SASSER TESTAMENTARY TR FOR KENDYL CATHERS | 27,000.00 | 1,953.00 | 0.00 | 25,047.00 |
| SCHEINER | MORRIS & SYLVIA SCHEINER | 100,000.00 | 6,321.88 | 0.00 | 93,678.12 |
| SCHULTZ | PROV. TR GP-FBO STEVEN G SCHULTZ ROTH IRA | 42,000.00 | 1,288.00 | 0.00 | 40,712.00 |
| SHEMTOB | DAHLIA SHEMTOB | 85,000.00 | 13,231.67 | 0.00 | 71,768.33 |
| SKEEN | RICH SKEEN | 50,000.00 | 505.56 | 0.00 | 49,494.44 |
| SPAIN | TIMOTHY J SPAIN | 100,000.00 | 952.77 | 0.00 | 99,047.23 |
| STEBNER | WAYNE & SANDRA K STEBNER | 100,000.00 | 1,147.22 | 0.00 | 98,852.78 |
| STELZER-GRAV | VICKIE J STELZER-GRAV | 25,000.00 | 347.56 | 0.00 | 24,652.44 |
| TELLER | BARRY & KRISTINE TELLER | 30,000.00 | 162.50 | 0.00 | 29,837.50 |
| TOURNEY | JOHN A TOURNEY | 35,000.00 | 2,216.67 | 0.00 | 32,783.33 |
| WEST | TIM & LAUREN WEST | 105,000.00 | 12,512.50 | 0.00 | 92,487.50 |
| WOLFORD | LELAND WOLFORD | 100,000.00 | 3,622.24 | 0.00 | 96,377.76 |
| | TOTALS | $4,315,255.19 | $202,468.43 | $1,000.00 | $4,111,786.76 |

Note:  This schedule is a working draft and subject to change by the Debtors prior to the Disclosure Statement Hearing based on the Debtors' ongoing review of their books and records and the relevant facts.  Without limitation, the Debtors reserve the right to revise the amounts scheduled for any individual Noteholder, to remove certain parties on the basis that they are in fact Excluded Parties, and to add certain parties that are presently identified as potential Excluded Parties to the schedule.

# SCHEDULE 3

**Schedule of Principal Amounts and Prepetition Distributions**

171084.1

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| 29 PALMS METHODIST | 29 PALMS UNITED METHODIST | CLASS 3 | 65,000.00 | 3,899.81 | 0.00 | 61,100.19 |
| 4Z | 4Z LLC | CLASS 3 | 50,000.00 | 2,941.67 | 0.00 | 47,058.33 |
| 800 SOUTH FILLMORE | 800 SOUTH FILLMORE PARTNERSHIP | CLASS 3 | 30,000.00 | 519.17 | 0.00 | 29,480.83 |
| 83 DELAFIELD | 83 DELAFIELD ST LLC | CLASS 3 | 105,000.00 | 11,534.69 | 0.00 | 93,465.31 |
| A & C FITNESS | A & C FITNESS CORP | CLASS 3 | 50,000.00 | 3,114.55 | 0.00 | 46,885.45 |
| AASTRUP | VERNA L AASTRUP RT | CLASS 5 | 100,000.00 | 13,138.84 | 0.00 | 86,861.16 |
| ABADI | MAINSTAR-FBO PARHAM ABADI T2177573 | CLASS 3 | 59,000.00 | 1,448.77 | 1,000.00 | 56,551.23 |
| ABBOTT | THEODORE C & JOAN ANN ABBOTT | CLASS 3 | 50,000.00 | 5,781.25 | 0.00 | 44,218.75 |
| ABBOTT | TOM ABBOTT | CLASS 3 | 55,000.00 | 3,217.53 | 0.00 | 51,782.47 |
| ABEL | GARY S ABEL FLP | CLASS 5 | 250,000.00 | 46,944.37 | 0.00 | 203,055.63 |
| ABELSON | HORIZON TR CO-FBO SHARON R ABELSON IRA | CLASS 3 | 53,000.00 | 1,894.73 | 0.00 | 51,105.27 |
| ABERCROMBIE | PROV. TR GP-FBO SEAN P ABERCROMBIE IRA | CLASS 3 | 50,000.00 | 3,013.89 | 0.00 | 46,986.11 |
| ABPLANALP | CARL & GLORIA ABPLANALP | CLASS 3 | 50,000.00 | 756.93 | 0.00 | 49,243.07 |
| ABRAMCZYK | ABRAHAM & JULIE ABRAMCZYK | CLASS 3 | 61,000.00 | 2,613.30 | 0.00 | 58,386.70 |
| ABSTON | NELL J ABSTON | CLASS 3 | 250,000.00 | 22,118.01 | 0.00 | 227,881.99 |
| ACCARINO | MAINSTAR-FBO JOHN ACCARINO T2174553 | CLASS 3 | 181,000.00 | 23,826.61 | 0.00 | 157,173.39 |
| ACCARINO | MAINSTAR-FBO ROBIN ACCARINO | CLASS 3 | 85,500.00 | 8,407.50 | 0.00 | 77,092.50 |
| ACCIARDO | WILLIAM C ACCIARDO | CLASS 3 | 25,000.00 | 2,616.67 | 0.00 | 22,383.33 |
| ACKERMAN | GARY P ACKERMAN | CLASS 3 | 34,000.00 | 3,830.67 | 0.00 | 30,169.33 |
| ACKERMAN | HORIZON TR CO-FBO VON ACKERMAN IRA | CLASS 3 | 39,399.00 | 5,618.81 | 0.00 | 33,780.19 |
| ACKERMAN | PROV. TR GP-FBO GARY P ACKERMAN IRA | CLASS 3 | 42,500.00 | 4,473.13 | 0.00 | 38,026.87 |
| ACKERMAN | YVONNE ACKERMAN | CLASS 3 | 110,378.00 | 718.48 | 0.00 | 109,659.52 |
| ACOSTA | IRMA CURIEL ACOSTA | CLASS 3 | 126,000.00 | 245.00 | 0.00 | 125,755.00 |
| ACUNA | PROV. TR GP-FBO ALFRED ACUNA IRA | CLASS 3 | 30,000.00 | 860.00 | 0.00 | 29,140.00 |
| ADAM | DONALDA P ADAM | CLASS 3 | 35,000.00 | 2,186.49 | 0.00 | 32,813.51 |
| ADAMS | CELIA ADAMS | CLASS 3 | 25,000.00 | 416.68 | 0.00 | 24,583.32 |
| ADAMS | CORNELIA C ADAMS | CLASS 3 | 60,000.00 | 5,104.09 | 0.00 | 54,895.91 |
| ADAMS | E PETE ADAMS | CLASS 3 | 100,000.00 | 9,600.00 | 0.00 | 90,400.00 |
| ADAMS | EDWIN L & EVELYN L ADAMS | CLASS 3 | 263,000.00 | 55,307.98 | 0.00 | 207,692.02 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ADAMS | MAINSTAR-FBO REBECCA J ADAMS | CLASS 5 | 28,000.00 | 4,386.65 | 0.00 | 23,613.35 |
| ADAMS | PROV. TR GP-FBO CAROLYN M ADAMS IRA | CLASS 3 | 48,000.00 | 3,585.00 | 0.00 | 44,415.00 |
| ADAMS | PROV. TR GP-FBO THOMAS M ADAMS ROTH IRA | CLASS 3 | 50,000.00 | 5,895.84 | 0.00 | 44,104.16 |
| ADAMS | THE ADAMS FT | CLASS 3 | 250,000.00 | 16,679.90 | 0.00 | 233,320.10 |
| ADEN | JOHN L ADEN | CLASS 3 | 25,000.00 | 2,612.50 | 0.00 | 22,387.50 |
| ADRAGNA | VINCENT J & ELAINE F ADRAGNA | CLASS 3 | 30,000.00 | 1,182.64 | 0.00 | 28,817.36 |
| AEMC | THE AEMC TR | CLASS 3 | 38,000.00 | 6,065.27 | 0.00 | 31,934.73 |
| AGGARWAL | SANJIV AGGARWAL | CLASS 3 | 100,000.00 | 55.56 | 0.00 | 99,944.44 |
| AGREN | MARY E AGREN LT | CLASS 3 | 180,000.00 | 3,690.00 | 0.00 | 176,310.00 |
| AGUILAR | MAINSTAR-FBO ELEANOR AGUILAR | CLASS 3 | 173,708.00 | 10,436.96 | 0.00 | 163,271.04 |
| AGUINALDO | JULIAN AGUINALDO | CLASS 3 | 25,000.00 | 572.93 | 0.00 | 24,427.07 |
| AGUIRE | JOSEPH A & ANN-MARIE AGUIRE | CLASS 3 | 185,000.00 | 24,602.05 | 0.00 | 160,397.95 |
| AGUIRE | PROV. TR GP-FBO ANN-MARIE AGUIRE ROTH IRA | CLASS 3 | 40,000.00 | 4,496.77 | 0.00 | 35,503.23 |
| AGUIRE | PROV. TR GP-FBO JOSEPH A AGUIRE ROTH IRA | CLASS 3 | 33,500.00 | 3,028.13 | 0.00 | 30,471.87 |
| AICHELE | PROV. TR GP-FBO STEVEN L AICHELE IRA | CLASS 3 | 167,500.00 | 17,643.33 | 0.00 | 149,856.67 |
| AICHER | JOYCE LYNN AICHER | CLASS 3 | 25,000.00 | 1,336.08 | 0.00 | 23,663.92 |
| AIDEN PROPERTIES | AIDEN PROPERTIES LLC | CLASS 3 | 100,000.00 | 5,958.33 | 0.00 | 94,041.67 |
| AIELLO | MAINSTAR-FBO MICHAEL S AIELLO T2178261 | CLASS 3 | 49,000.00 | 503.61 | 0.00 | 48,496.39 |
| AIELLO | MICHAEL S AIELLO | CLASS 3 | 50,000.00 | 2,406.28 | 0.00 | 47,593.72 |
| AINSWORTH | PROV. TR GP-FBO DIANNA AINSWORTH IRA | CLASS 3 | 40,000.00 | 2,061.11 | 0.00 | 37,938.89 |
| AIRBORNE | ROYAL LAO AIRBORNE | CLASS 3 | 25,000.00 | 475.00 | 0.00 | 24,525.00 |
| AIU | ADRIAN & DREANA AIU | CLASS 3 | 150,000.00 | 2,241.67 | 0.00 | 147,758.33 |
| AJ EVERS | AJ EVERS & SONS | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| AKARD | PROV. TR GP-FBO GAIL D AKARD IRA | CLASS 3 | 425,000.00 | 12,365.16 | 0.00 | 412,634.84 |
| AKELLA | VENKATA KRISHNA AKELLA | CLASS 3 | 25,000.00 | 945.83 | 0.00 | 24,054.17 |
| AKERS | LIONEL & COYE AKERS | CLASS 3 | 160,000.00 | 2,755.57 | 0.00 | 157,244.43 |
| AKERS | PROV. TR GP-FBO CINDY L AKERS IRA | CLASS 3 | 30,000.00 | 2,697.92 | 0.00 | 27,302.08 |
| AKERS | PROV. TR GP-FBO CYNTHIA L AKERS IRA | CLASS 5 | 587,500.00 | 211,719.72 | 0.00 | 375,780.28 |
| AKIN | WILLIAM AKIN | CLASS 5 | 100,000.00 | 13,415.77 | 0.00 | 86,584.23 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ALARIO | NANCY ALARIO | CLASS 3 | 100,000.00 | 5,177.80 | 0.00 | 94,822.20 |
| ALBAN | ANDRES ALBAN RT | CLASS 3 | 200,000.00 | 23,599.81 | 0.00 | 176,400.19 |
| ALBAN | RONNIE ALBAN RT | CLASS 3 | 100,000.00 | 12,310.49 | 0.00 | 87,689.51 |
| ALBAN | RONNIE ALBAN RT | CLASS 5 | 100,000.00 | 12,310.49 | 0.00 | 87,689.51 |
| ALBANESE | FRANCIS L ALBANESE | CLASS 3 | 30,000.00 | 2,340.00 | 0.00 | 27,660.00 |
| ALBANESE | IRA SVCS TR CO-CFBO FRANCIS L ALBANESE | CLASS 3 | 31,586.72 | 3,316.60 | 0.00 | 28,270.12 |
| ALBANESE | PROV. TR GP-FBO RACHELLE ALBANESE ROTH IRA | CLASS 3 | 25,000.00 | 2,000.00 | 0.00 | 23,000.00 |
| ALBERTSON | CLIFFORD R ALBERTSON RLT | CLASS 3 | 50,000.00 | 1,067.72 | 0.00 | 48,932.28 |
| ALDER | JACQUELINE ALDER | CLASS 3 | 50,000.00 | 1,848.64 | 0.00 | 48,151.36 |
| ALDER | ROSEMARY ALDER | CLASS 3 | 100,000.00 | 25,921.77 | 0.00 | 74,078.23 |
| ALDERFER | BRIAN ALDERFER | CLASS 3 | 100,000.00 | 3,050.00 | 0.00 | 96,950.00 |
| ALDERFER | MAINSTAR-FBO BRIAN ALDERFER T2177541 | CLASS 3 | 99,000.00 | 3,003.00 | 0.00 | 95,997.00 |
| ALEM | MAINSTAR-FBO ATAOLLAH ALEM T2178058 | CLASS 3 | 31,884.00 | 305.12 | 0.00 | 31,578.88 |
| ALEXANDER | DARRALYN ALEXANDER | CLASS 3 | 50,000.00 | 8,886.21 | 0.00 | 41,113.79 |
| ALEXANDER | IRA SVCS TR CO-CFBO DAMON L ALEXANDER IRA | CLASS 3 | 75,000.00 | 2,589.58 | 0.00 | 72,410.42 |
| ALEXANDER | NICHOLAS E & KAY A ALEXANDER | CLASS 3 | 75,000.00 | 19,405.17 | 0.00 | 55,594.83 |
| ALEXANDER | PROV. TR GP-FBO DONNALOU ALEXANDER IRA | CLASS 3 | 52,750.00 | 3,465.38 | 0.00 | 49,284.62 |
| ALEXANDER | PROV. TR GP-FBO MICHAEL ALEXANDER IRA | CLASS 3 | 217,723.83 | 27,070.06 | 0.00 | 190,653.77 |
| ALEXANDER | PROV. TR GP-FBO NICHOLAS ALEXANDER IRA | CLASS 3 | 82,000.00 | 20,579.63 | 0.00 | 61,420.37 |
| ALEXANDER | PROV. TR GP-FBO RICKIE J ALEXANDER IRA | CLASS 3 | 63,500.00 | 4,171.60 | 0.00 | 59,328.40 |
| ALEXANDER | RICKIE J & DONNALOU ALEXANDER | CLASS 3 | 60,000.00 | 5,833.33 | 0.00 | 54,166.67 |
| ALEXANDER | THE ALEXANDER TR | CLASS 3 | 80,143.00 | 3,595.59 | 0.00 | 76,547.41 |
| ALEXANDER | THE ALEXANDER TR | CLASS 5 | 400,000.00 | 17,945.86 | 0.00 | 382,054.14 |
| ALFARO | PEDRO M & LUCILA ALFARO | CLASS 3 | 25,000.00 | 451.40 | 0.00 | 24,548.60 |
| ALFARO | PROV. TR GP-FBO AMBER D ALFARO INH IRA | CLASS 3 | 26,675.00 | 786.54 | 0.00 | 25,888.46 |
| ALFORD | FREDA C ALFORD | CLASS 3 | 100,000.00 | 8,509.67 | 0.00 | 91,490.33 |
| ALI | MYAH ALI | CLASS 3 | 75,000.00 | 0.00 | 0.00 | 75,000.00 |
| ALIREZ | SUNWEST TR ROBERT ALIREZ IRA | CLASS 3 | 95,809.57 | 12,745.37 | 0.00 | 83,064.20 |
| ALLEN | DAROLD N & MARGARET S ALLEN | CLASS 3 | 100,000.00 | 8,333.33 | 0.00 | 91,666.67 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ALLEN | EDINA ALLEN | CLASS 3 | 224,999.00 | 8,401.34 | 0.00 | 216,597.66 |
| ALLEN | ENOLA H & CLYDE ALLEN | CLASS 3 | 48,000.00 | 4,553.33 | 0.00 | 43,446.67 |
| ALLEN | KENNETH D ALLEN RT | CLASS 3 | 50,000.00 | 466.67 | 0.00 | 49,533.33 |
| ALLEN | MAINSTAR-FBO OWEN B ALLEN T2175899 | CLASS 3 | 125,000.00 | 6,475.69 | 0.00 | 118,524.31 |
| ALLEN | MARJORIE C ALLEN | CLASS 3 | 100,000.00 | 11,000.02 | 0.00 | 88,999.98 |
| ALLRED | KEVIN & MECHEL ALLRED | CLASS 3 | 200,000.00 | 3,000.00 | 0.00 | 197,000.00 |
| ALME | JOHN M & JEAN E ALME | CLASS 3 | 130,000.00 | 14,133.57 | 0.00 | 115,866.43 |
| ALME | JOHN M ALME | CLASS 3 | 50,000.00 | 5,505.00 | 0.00 | 44,495.00 |
| ALMEIDA | MAINSTAR-FBO PERRY E ALMEIDA | CLASS 3 | 27,600.00 | 1,498.83 | 0.00 | 26,101.17 |
| ALMEIDA | VICKI ALMEIDA | CLASS 3 | 46,000.00 | 575.00 | 0.00 | 45,425.00 |
| ALONSO | MILAGROS ALONSO | CLASS 3 | 66,000.00 | 2,276.08 | 0.00 | 63,723.92 |
| ALONSO | MYRIAM T ALONSO | CLASS 3 | 25,000.00 | 404.17 | 0.00 | 24,595.83 |
| ALSTRIN | FRANK & SUZANN M ALSTRIN | CLASS 3 | 50,000.00 | 4,622.10 | 0.00 | 45,377.90 |
| ALTENBERGER | JERRI L ALTENBERGER | CLASS 3 | 25,000.00 | 111.11 | 0.00 | 24,888.89 |
| ALTERNATIVE HEALTHY | ALTERNATIVE HEALTHY RESOURCES LLC | CLASS 3 | 150,000.00 | 4,925.00 | 0.00 | 145,075.00 |
| ALTMAN | NORMAN L ALTMAN RLTA | CLASS 3 | 40,000.00 | 4,291.62 | 0.00 | 35,708.38 |
| ALTMAN | SHIRLEY ALTMAN RTA | CLASS 3 | 25,000.00 | 3,621.06 | 0.00 | 21,378.94 |
| ALTOM | TODD ALTOM | CLASS 5 | 100,000.00 | 19,361.03 | 0.00 | 80,638.97 |
| ALVARADO | MARGARITA ALVARADO | CLASS 3 | 25,000.00 | 1,304.53 | 0.00 | 23,695.47 |
| ALVAREZ | MAINSTAR-FBO ROSEANN ALVAREZ T2176898 | CLASS 3 | 40,000.00 | 1,320.00 | 0.00 | 38,680.00 |
| ALVAREZ | THE TONY ALVAREZ LT DTD 05/02/05 | CLASS 3 | 100,000.00 | 1,642.37 | 0.00 | 98,357.63 |
| AMARO | PROV. TR GP-FBO WILLIAM M AMARO IRA | CLASS 5 | 100,000.00 | 14,222.15 | 0.00 | 85,777.85 |
| AMARO | WILLIAM M & PATRICIA A AMARO | CLASS 3 | 50,000.00 | 4,175.00 | 0.00 | 45,825.00 |
| AMARO | WILLIAM M & PATRICIA A AMARO RT | CLASS 5 | 50,000.00 | 4,388.92 | 0.00 | 45,611.08 |
| AMAYA | MAINSTAR-FBO INES AMAYA T2176489 | CLASS 3 | 80,900.00 | 3,759.60 | 0.00 | 77,140.40 |
| AMBERGER | JOHN M & DOROTHY A AMBERGER | CLASS 3 | 100,000.00 | 7,097.11 | 0.00 | 92,902.89 |
| AMBERGER | MAINSTAR-FBO CHARLOTTE AMBERGER T2174500 | CLASS 3 | 25,000.00 | 1,827.26 | 0.00 | 23,172.74 |
| AMBROSE | DENNIS L AMBROSE | CLASS 3 | 50,000.00 | 691.67 | 0.00 | 49,308.33 |
| AMBROSE | STEPHEN R AMBROSE | CLASS 3 | 425,000.00 | 83,510.01 | 0.00 | 341,489.99 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| AMDAHL | MAINSTAR-FBO LANI AMDAHL TW00349 | CLASS 3 | 141,500.00 | 5,901.73 | 0.00 | 135,598.27 |
| AMERICAN HEALTHCARE | AMERICAN HEALTHCARE SOLUTIONS INC | CLASS 3 | 100,000.00 | 133.34 | 0.00 | 99,866.66 |
| AMERICAN INT'L PROP. | AMERICAN INTERNATIONAL PROPERTIES INC | CLASS 3 | 400,000.00 | 48,504.30 | 0.00 | 351,495.70 |
| AMERICAN LEGION | AMERICAN LEGION POST 397 | CLASS 3 | 31,750.00 | 4,222.84 | 0.00 | 27,527.16 |
| AMERONGEN | PROV. TR GP-FBO K R VAN AMERONGEN IRA | CLASS 3 | 50,000.00 | 4,781.25 | 0.00 | 45,218.75 |
| AMERONGEN | PROV. TR GP-FBO KENNETH VAN AMERONGEN IRA | CLASS 3 | 132,000.00 | 4,424.97 | 0.00 | 127,575.03 |
| AMES | VERNON A AMES | CLASS 3 | 100,000.00 | 12,757.29 | 0.00 | 87,242.71 |
| AMICO/SHIELDS | PHILIP V AMICO & FRANCES J SHIELDS RLT | CLASS 3 | 100,000.00 | 1,684.02 | 0.00 | 98,315.98 |
| AMUNDSON | KAREN AMUNDSON | CLASS 3 | 25,000.00 | 1,203.09 | 0.00 | 23,796.91 |
| ANASTASIO | DAVID F & XUEYING LI ANASTASIO | CLASS 3 | 150,000.00 | 4,780.59 | 0.00 | 145,219.41 |
| ANASTASIO | DAVID F ANASTASIO | CLASS 3 | 100,000.00 | 7,216.67 | 0.00 | 92,783.33 |
| ANAYA | GOLDSTAR TR CO-FBO ROBERTO ANAYA JR IRA | CLASS 5 | 200,000.00 | 31,833.40 | 0.00 | 168,166.60 |
| ANAYA | MAINSTAR-FBO BRENDA ANAYA T2175655 | CLASS 3 | 55,000.00 | 5,035.07 | 0.00 | 49,964.93 |
| ANAYA | MAINSTAR-FBO ROBERTO ANAYA JR | CLASS 3 | 130,000.00 | 27,798.84 | 0.00 | 102,201.16 |
| ANCIL | SHELAGH S ANCIL | CLASS 3 | 108,000.00 | 756.00 | 0.00 | 107,244.00 |
| ANDERS MANAGEMENT | ANDERS MANAGEMENT LLC | CLASS 3 | 100,000.00 | 10,565.32 | 0.00 | 89,434.68 |
| ANDERSEN-JENSEN | CARL DAVID EDWARD ANDERSEN-JENSEN | CLASS 3 | 50,000.00 | 10,387.45 | 0.00 | 39,612.55 |
| ANDERSON | ANDERSON FRLT 09/25/07 | CLASS 3 | 25,000.00 | 2,945.83 | 0.00 | 22,054.17 |
| ANDERSON | ANGELA M ANDERSON | CLASS 3 | 150,000.00 | 4,975.00 | 0.00 | 145,025.00 |
| ANDERSON | C JOAN & MARK B ANDERSON | CLASS 3 | 350,000.00 | 4,151.38 | 0.00 | 345,848.62 |
| ANDERSON | CHARLES E & SHIRLEY J ANDERSON | CLASS 3 | 800,000.00 | 151,638.85 | 0.00 | 648,361.15 |
| ANDERSON | CHARLES E ANDERSON TR DTD 02/01/99 | CLASS 3 | 200,000.00 | 29,100.06 | 0.00 | 170,899.94 |
| ANDERSON | DARYL K ANDERSON | CLASS 3 | 25,000.00 | 1,941.03 | 0.00 | 23,058.97 |
| ANDERSON | DAVID & SANTA ANDERSON | CLASS 3 | 100,000.00 | 3,996.93 | 0.00 | 96,003.07 |
| ANDERSON | DONNA L ANDERSON | CLASS 3 | 50,000.00 | 5,699.25 | 0.00 | 44,300.75 |
| ANDERSON | EDWARD & DEBRA ANDERSON | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| ANDERSON | HORIZON TR CO-FBO CHARLES ANDERSON IRA | CLASS 3 | 300,000.00 | 42,783.33 | 0.00 | 257,216.67 |
| ANDERSON | HORIZON TR CO-FBO SHIRLEY J ANDERSON IRA | CLASS 3 | 80,000.00 | 11,446.73 | 0.00 | 68,553.27 |
| ANDERSON | INGEBORG ANDERSON | CLASS 3 | 125,000.00 | 12,734.86 | 0.00 | 112,265.14 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ANDERSON | IRA SVCS TR CO-CFBO ELISE ANDERSON IRA | CLASS 3 | 54,000.00 | 10,570.45 | 0.00 | 43,429.55 |
| ANDERSON | JOHN E & LORRAINE A ANDERSON FT 08/11/05 | CLASS 3 | 75,000.00 | 6,084.36 | 0.00 | 68,915.64 |
| ANDERSON | LORI ANDERSON | CLASS 3 | 25,000.00 | 1,191.63 | 0.00 | 23,808.37 |
| ANDERSON | MAINSTAR-FBO GALE ANDERSON TW004105 | CLASS 3 | 63,480.25 | 1,110.90 | 0.00 | 62,369.35 |
| ANDERSON | MAINSTAR-FBO H ROBERT ANDERSON T2178296 | CLASS 3 | 25,000.00 | 145.60 | 0.00 | 24,854.40 |
| ANDERSON | MAINSTAR-FBO JESSIE ANDERSON T2177495 | CLASS 3 | 50,000.00 | 821.15 | 0.00 | 49,178.85 |
| ANDERSON | MAINSTAR-FBO LELAND ANDERSON TW004113 | CLASS 3 | 90,000.00 | 1,295.00 | 0.00 | 88,705.00 |
| ANDERSON | MERVYN O & JEAN A ANDERSON | CLASS 3 | 50,000.00 | 1,083.33 | 0.00 | 48,916.67 |
| ANDERSON | PROV. TR GP-FBO DANIEL ANDERSON ROTH IRA | CLASS 3 | 65,000.00 | 3,872.92 | 0.00 | 61,127.08 |
| ANDERSON | PROV. TR GP-FBO JOHN D ANDERSON IRA | CLASS 5 | 150,000.00 | 44,900.00 | 0.00 | 105,100.00 |
| ANDERSON | PROV. TR GP-FBO KATHRYN ANDERSON ROTH IRA | CLASS 3 | 85,000.00 | 5,064.58 | 0.00 | 79,935.42 |
| ANDERSON | PROV. TR GP-FBO MOLLIE V ANDERSON IRA | CLASS 3 | 100,150.00 | 14,021.91 | 0.00 | 86,128.09 |
| ANDERSON | SIDNEY L & MARY ANN ANDERSON | CLASS 3 | 200,000.00 | 34,083.27 | 0.00 | 165,916.73 |
| ANDERSON | THE BRIELLE ANDERSON RT UTD 11/15/15 | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| ANDERSON/PODOLL | CONSTANCE ANDERSON & CATHERINE PODOLL | CLASS 3 | 75,000.00 | 0.00 | 0.00 | 75,000.00 |
| ANDERTON | NORD ANDERTON | CLASS 3 | 90,000.00 | 1,885.00 | 0.00 | 88,115.00 |
| ANDONIAN | LAUREL E ANDONIAN TR | CLASS 3 | 100,000.00 | 7,531.91 | 0.00 | 92,468.09 |
| ANDRALI | SHIVA SREENATH ANDRALI | CLASS 3 | 100,000.00 | 5,681.22 | 0.00 | 94,318.78 |
| ANDREW | AARON R ANDREW | CLASS 3 | 75,000.00 | 11,719.30 | 0.00 | 63,280.70 |
| ANDREWS | LEROY & LAUREL ANDREWS | CLASS 3 | 50,000.00 | 3,480.59 | 0.00 | 46,519.41 |
| ANDREWS | MARTIN F & JUDY A ANDREWS | CLASS 3 | 100,000.00 | 10,480.50 | 0.00 | 89,519.50 |
| ANDREWS | PROV. TR GP-FBO BRUCE H ANDREWS IRA | CLASS 3 | 164,000.00 | 32,763.55 | 0.00 | 131,236.45 |
| ANDREWS | PROV. TR GP-FBO ROY ANDREWS IRA | CLASS 5 | 65,000.00 | 21,901.88 | 0.00 | 43,098.12 |
| ANDRUSS | MAINSTAR-FBO ROBERT ANDRUSS | CLASS 3 | 106,500.00 | 10,117.50 | 0.00 | 96,382.50 |
| ANGEL | GEORGE ANGEL | CLASS 3 | 50,000.00 | 7,402.78 | 0.00 | 42,597.22 |
| ANGEL | GEORGE W & DONNA J ANGEL | CLASS 3 | 50,000.00 | 8,588.35 | 0.00 | 41,411.65 |
| ANGEL | GEORGE W & DONNA J ANGEL | CLASS 5 | 200,000.00 | 34,353.42 | 0.00 | 165,646.58 |
| ANICETE | MAINSTAR-FBO REBECCA ANICETE TW003953 | CLASS 3 | 100,000.00 | 3,363.89 | 0.00 | 96,636.11 |
| ANKENBAUER | MAINSTAR-FBO AUTUMN ANKENBAUER TW004077 | CLASS 3 | 27,000.00 | 337.50 | 0.00 | 26,662.50 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ANKENBRUCK | PROV. TR GP-FBO DAVID T ANKENBRUCK IRA | CLASS 3 | 50,000.00 | 8,958.33 | 0.00 | 41,041.67 |
| ANSON | MAINSTAR-FBO PHIL ANSON | CLASS 3 | 109,447.06 | 6,214.16 | 0.00 | 103,232.90 |
| ANSON | PHIL ANSON | CLASS 3 | 105,000.00 | 6,574.17 | 0.00 | 98,425.83 |
| ANSTEY-SCHMOLLER | AUDREY L ANSTEY-SCHMOLLER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| ANTELOPE WOMENS CTR | PROV. TR GP-FBO ANTELOPE WOMENS CTR IRA | CLASS 3 | 50,000.00 | 4,612.50 | 0.00 | 45,387.50 |
| ANTELOPE WOMENS CTR | PROV. TR GP-FBO ANTELOPE WOMENS CTR IRA | CLASS 5 | 50,000.00 | 4,612.50 | 0.00 | 45,387.50 |
| ANTHONY | ANDREW J ANTHONY | CLASS 3 | 100,000.00 | 5,434.76 | 0.00 | 94,565.24 |
| ANTHONY | MAINSTAR-FBO DENISE ANTHONY T2177156 | CLASS 3 | 26,500.00 | 585.21 | 0.00 | 25,914.79 |
| ANTHONY | NAVIN ANTHONY | CLASS 3 | 100,000.00 | 8,123.65 | 0.00 | 91,876.35 |
| ANTINK | PROV. TR GP-FBO SUZANNAH ANTINK IRA | CLASS 3 | 199,750.00 | 16,716.47 | 0.00 | 183,033.53 |
| ANTIOCH 16 | ANTIOCH 16 LLC | CLASS 3 | 100,000.00 | 952.77 | 0.00 | 99,047.23 |
| ANTIPOVA/TOKAR | LYUDMILA ANTIPOVA & ZINOVIY TOKAR | CLASS 3 | 25,000.00 | 654.17 | 0.00 | 24,345.83 |
| ANTONIO | EDWARD ANTONIO | CLASS 3 | 744,000.00 | 125,587.11 | 0.00 | 618,412.89 |
| ANTONIO | EDWARD ANTONIO | CLASS 5 | 120,000.00 | 20,255.99 | 0.00 | 99,744.01 |
| ANTONIO | IRA SVCS TR CO-CFBO ANDREW M ANTONIO IRA | CLASS 3 | 650,000.00 | 100,777.77 | 0.00 | 549,222.23 |
| ANTONIO | IRA SVCS TR CO-CFBO LITA N ANTONIO IRA | CLASS 3 | 93,000.00 | 6,386.00 | 0.00 | 86,614.00 |
| ANTONSON | JAMES W & MARLANE J ANTONSON | CLASS 3 | 105,000.00 | 17,456.25 | 0.00 | 87,543.75 |
| ANTONSON | LINDA L ANTONSON | CLASS 3 | 600,000.00 | 53,800.00 | 0.00 | 546,200.00 |
| ANTONY | ALUKAL K & JOLLY ANTONY | CLASS 3 | 100,000.00 | 4,716.66 | 0.00 | 95,283.34 |
| APANOVICH | CONNIE & DAVID APANOVICH | CLASS 5 | 100,000.00 | 24,027.68 | 0.00 | 75,972.32 |
| APANOVICH | CONNIE APANOVICH | CLASS 5 | 100,000.00 | 30,704.11 | 0.00 | 69,295.89 |
| APPEL | KATHY J & WAYNE B APPEL | CLASS 3 | 50,000.00 | 476.39 | 0.00 | 49,523.61 |
| APPEL | THE APPEL FT DTD 01/25/96 | CLASS 3 | 50,000.00 | 5,244.44 | 0.00 | 44,755.56 |
| APPLEGATE | THE MARILYN L APPLEGATE SPECIAL NEEDS TR | CLASS 5 | 200,000.00 | 79,903.50 | 0.00 | 120,096.50 |
| APPLETON | PROV. TR GP-FBO JOHN M APPLETON IRA | CLASS 3 | 372,000.00 | 102,279.36 | 0.00 | 269,720.64 |
| ARANDA | PROV. TR GP-FBO PETER J ARANDA IRA | CLASS 3 | 25,000.00 | 520.14 | 0.00 | 24,479.86 |
| ARANDA | PROV. TR GP-FBO SANDRA M ARANDA IRA | CLASS 3 | 50,000.00 | 1,040.28 | 0.00 | 48,959.72 |
| ARASTU | SAFDAR H ARASTU | CLASS 3 | 50,000.00 | 2,486.07 | 0.00 | 47,513.93 |
| ARBOGAST | MARION S ARBOGAST | CLASS 3 | 25,000.00 | 1,138.16 | 0.00 | 23,861.84 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ARCHIMEDE | JOHN D ARCHIMEDE | CLASS 3 | 25,000.00 | 533.33 | 0.00 | 24,466.67 |
| ARCHULETA | PROV. TR GP-FBO PERRY ARCHULETA IRA | CLASS 3 | 130,500.00 | 24,011.54 | 0.00 | 106,488.46 |
| ARCHULETA | PROV. TR GP-FBO PERRY ARCHULETA IRA | CLASS 5 | 200,000.00 | 36,799.29 | 0.00 | 163,200.71 |
| ARELLANO | FEDERICO & MARIA ARELLANO | CLASS 3 | 50,000.00 | 270.83 | 0.00 | 49,729.17 |
| ARENA | HILDA ARENA | CLASS 3 | 50,000.00 | 6,958.34 | 0.00 | 43,041.66 |
| ARENS | FRINEE ARENS | CLASS 3 | 70,000.00 | 106.94 | 0.00 | 69,893.06 |
| ARGUELLES | THE ARGUELLES FT DTD 02/16/01 | CLASS 3 | 60,000.00 | 3,750.00 | 0.00 | 56,250.00 |
| ARLETH | PROV. TR GP-FBO CECILE ARLETH IRA | CLASS 5 | 285,000.00 | 66,190.27 | 0.00 | 218,809.73 |
| ARLETH | THE ARLETH FT-CURTIS B ARLETH | CLASS 5 | 100,000.00 | 34,319.33 | 0.00 | 65,680.67 |
| ARLINE | KIMBERLY & ALFRED ARLINE | CLASS 3 | 200,000.00 | 5,833.35 | 0.00 | 194,166.65 |
| ARLINE | MAINSTAR-FBO ALFRED D ARLINE T2177324 | CLASS 3 | 207,941.01 | 5,296.72 | 0.00 | 202,644.29 |
| ARMATA | PROV. TR GP-FBO THOMAS A ARMATA IRA | CLASS 3 | 255,799.00 | 36,976.60 | 0.00 | 218,822.40 |
| ARMATA | THOMAS A & MARY L ARMATA | CLASS 3 | 30,000.00 | 3,360.00 | 0.00 | 26,640.00 |
| ARMENTROUT | JOHN ARMENTROUT | CLASS 3 | 150,000.00 | 13,747.20 | 0.00 | 136,252.80 |
| ARMSTRONG | BOYD A JR & BRENDA B ARMSTRONG | CLASS 3 | 75,000.00 | 14,711.07 | 0.00 | 60,288.93 |
| ARMSTRONG | DALE & DEBORAH ARMSTRONG | CLASS 3 | 275,000.00 | 12,860.04 | 0.00 | 262,139.96 |
| ARMSTRONG | MAINSTAR-FBO DAVID S ARMSTRONG T2174642 | CLASS 3 | 210,000.00 | 21,653.33 | 0.00 | 188,346.67 |
| ARMSTRONG | PATTI C & RICHARD B ARMSTRONG | CLASS 3 | 100,000.00 | 650.00 | 0.00 | 99,350.00 |
| ARN | CHARLES JR & ANN GAIL ARN FT | CLASS 3 | 25,000.00 | 935.74 | 0.00 | 24,064.26 |
| ARNDT | GARY ARNDT | CLASS 3 | 100,000.00 | 7,977.28 | 0.00 | 92,022.72 |
| ARNDT | GARY ARNDT | CLASS 5 | 200,000.00 | 15,954.56 | 0.00 | 184,045.44 |
| ARNDT | SAM ARNDT TR DTD 07/19/90 | CLASS 3 | 150,000.00 | 13,189.58 | 0.00 | 136,810.42 |
| ARNDT/RUTZ | GARY ARNDT & KENNETH D RUTZ | CLASS 5 | 100,000.00 | 9,527.74 | 0.00 | 90,472.26 |
| ARNESEN | STEIN ARNESEN | CLASS 3 | 300,000.00 | 7,250.00 | 0.00 | 292,750.00 |
| ARNETT | IRA SVCS TR CO-CFBO GERALD M ARNETT IRA | CLASS 3 | 32,000.00 | 976.00 | 0.00 | 31,024.00 |
| ARNI | RICK & KAREN ARNI | CLASS 5 | 100,000.00 | 9,905.50 | 0.00 | 90,094.50 |
| ARNOLD | EQUITY TRUST-FBO BERTA ARNOLD IRA | CLASS 5 | 125,000.00 | 75,133.60 | 0.00 | 49,866.40 |
| ARNOLD | JOEL T ARNOLD | CLASS 3 | 25,000.00 | 22,960.37 | 0.00 | 2,039.63 |
| ARNOLD | MAINSTAR-FBO JUDY ARNOLD T2178361 | CLASS 3 | 63,000.00 | 334.54 | 0.00 | 62,665.46 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ARNOLD | MICHAEL H & RITA A ARNOLD | CLASS 3 | 75,000.00 | 7,302.08 | 0.00 | 67,697.92 |
| ARNOLD | WILLIAM D ARNOLD FT | CLASS 5 | 200,000.00 | 57,819.12 | 0.00 | 142,180.88 |
| AROCHA | JOE AROCHA | CLASS 5 | 50,000.00 | 9,218.85 | 0.00 | 40,781.15 |
| ARQUILLA | MAINSTAR-FBO ANTONIO ARQUILLA TW004103 | CLASS 3 | 44,293.00 | 492.15 | 0.00 | 43,800.85 |
| ARRINGTON | LYDIA C ARRINGTON | CLASS 3 | 50,000.00 | 1,048.59 | 0.00 | 48,951.41 |
| ARTALONA | LOUIS & MAUREEN ARTALONA | CLASS 3 | 100,000.00 | 722.23 | 0.00 | 99,277.77 |
| ARTAUD | GUETSLINE J ARTAUD | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| ARUTA-NELSON | THE ARUTA-NELSON FT DTD 03/28/89 | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| ASAMOTO | WAYNE N & HYUN S ASAMOTO | CLASS 3 | 120,000.00 | 16,193.22 | 0.00 | 103,806.78 |
| ASATO | IRA SVCS TR CO-CFBO GARY ASATO IRA | CLASS 3 | 100,000.00 | 1,652.79 | 0.00 | 98,347.21 |
| ASEFA | WEBESHETE ASEFA | CLASS 3 | 50,000.00 | 583.34 | 0.00 | 49,416.66 |
| ASH | LARRY E & REBECCA R ASH | CLASS 5 | 100,000.00 | 23,333.24 | 0.00 | 76,666.76 |
| ASH | LARRY E ASH | CLASS 5 | 50,000.00 | 10,000.08 | 0.00 | 39,999.92 |
| ASH | LIBERTY TR CO-FBO LARRY ASH IRA | CLASS 5 | 150,000.00 | 46,014.31 | 0.00 | 103,985.69 |
| ASH | REBECCA R ASH | CLASS 5 | 50,000.00 | 20,791.86 | 0.00 | 29,208.14 |
| ASH | ROBERTA K ASH RLT | CLASS 3* | 25,000.00 | 1,804.17 | 0.00 | 23,195.83 |
| ASHE | PROV. TR GP-FBO VERNICE ASHE IRA | CLASS 3 | 25,000.00 | 1,286.46 | 0.00 | 23,713.54 |
| ASHMORE | BARBARA ANN ASHMORE | CLASS 3 | 70,000.00 | 5,514.45 | 0.00 | 64,485.55 |
| ASHMORE | PROV. TR GP-FBO PAUL E ASHMORE IRA | CLASS 3 | 200,000.00 | 22,566.67 | 0.00 | 177,433.33 |
| ASHWORTH | DAVID E ASHWORTH RLT | CLASS 3 | 400,000.00 | 5,425.00 | 0.00 | 394,575.00 |
| ASHWORTH | MAINSTAR-FBO DAVID E ASHWORTH T2177727 | CLASS 3 | 75,000.00 | 1,375.00 | 0.00 | 73,625.00 |
| ASHWORTH | MAINSTAR-FBO SETSUKO K ASHWORTH T2177994 | CLASS 3 | 280,000.00 | 2,955.55 | 0.00 | 277,044.45 |
| ASHWORTH/CARNAHAN | DAN R ASHWORTH & CYNTHIA CARNAHAN | CLASS 3 | 75,000.00 | 3,750.04 | 0.00 | 71,249.96 |
| ASIMOS | CHRISULA & GEORGE W ASIMOS | CLASS 3 | 100,000.00 | 11,916.58 | 0.00 | 88,083.42 |
| ASIMOS | CHRISULA ASIMOS | CLASS 3 | 30,000.00 | 2,175.00 | 0.00 | 27,825.00 |
| ASKEY | ROBERT J ASKEY | CLASS 5 | 50,000.00 | 7,129.20 | 0.00 | 42,870.80 |
| ASLETT | DONALD A ASLETT | CLASS 3 | 222,092.04 | 21,452.78 | 0.00 | 200,639.26 |
| ASTILL | MAINSTAR-FBO DANNY J ASTILL T2176901 | CLASS 3 | 64,000.00 | 2,289.78 | 0.00 | 61,710.22 |
| ASTILL | RILEY ASTILL | CLASS 3 | 156,000.00 | 6,560.67 | 0.00 | 149,439.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ASTON | MAINSTAR-FBO BRIAN ASTON T2176472 | CLASS 3 | 60,000.00 | 2,058.33 | 0.00 | 57,941.67 |
| ASTON | MAINSTAR-FBO LEESA ASTON T2176424 | CLASS 3 | 300,000.00 | 9,591.67 | 0.00 | 290,408.33 |
| ASTRERO | MAINSTAR-FBO OSCAR ASTRERO | CLASS 3 | 100,000.00 | 5,416.68 | 0.00 | 94,583.32 |
| ATHERTON | IRA SVCS TR CO-CFBO CAROL M ATHERTON IRA | CLASS 3 | 151,000.00 | 6,165.81 | 0.00 | 144,834.19 |
| ATKINS | ATKINS FAMILY IRREV TR | CLASS 3 | 190,000.00 | 12,158.30 | 0.00 | 177,841.70 |
| ATKINSON | PROV. TR GP-FBO PETER ATKINSON IRA | CLASS 3 | 80,061.79 | 1,199.81 | 0.00 | 78,861.98 |
| ATTEBERY | CYNTHIA ATTEBERY | CLASS 3 | 40,000.00 | 600.83 | 0.00 | 39,399.17 |
| AUBLE | RONALD L AUBLE | CLASS 3 | 50,000.00 | 476.39 | 0.00 | 49,523.61 |
| AUCOIN | PETER & ELIZABETH AUCOIN | CLASS 3 | 50,000.00 | 1,433.33 | 0.00 | 48,566.67 |
| AUDI | FRANCESCA & PASQUA AUDI | CLASS 3 | 150,000.00 | 1,050.00 | 0.00 | 148,950.00 |
| AUGASON | JEFFREY P & MICHELLE C AUGASON | CLASS 3 | 50,000.00 | 8,481.15 | 0.00 | 41,518.85 |
| AUGASON | JEFFREY P AUGASON | CLASS 3 | 100,000.00 | 17,013.84 | 0.00 | 82,986.16 |
| AUGER | JOHN H AUGER | CLASS 3 | 100,000.00 | 19,475.57 | 0.00 | 80,524.43 |
| AUGER | JOHN H AUGER | CLASS 5 | 400,000.00 | 77,902.27 | 0.00 | 322,097.73 |
| AUGUSTAD | ROSALIE L AUGUSTAD | CLASS 3 | 25,000.00 | 1,153.44 | 0.00 | 23,846.56 |
| AUSK | JAMES P & JO ARLENE AUSK JTWROS | CLASS 5 | 150,000.00 | 56,236.04 | 0.00 | 93,763.96 |
| AUSK | PROV. TR GP-FBO JO ARLENE AUSK IRA | CLASS 3 | 147,000.00 | 18,914.05 | 0.00 | 128,085.95 |
| AUSK | PROV. TR GP-FBO JOARLENE AUSK IRA | CLASS 5 | 72,000.00 | 15,320.00 | 0.00 | 56,680.00 |
| AUSTIN | LORI AUSTIN | CLASS 5 | 50,000.00 | 1,030.56 | 0.00 | 48,969.44 |
| AUSTIN | PROV. TR GP-FBO STEPHEN F AUSTIN IRA | CLASS 3 | 60,000.00 | 13,251.00 | 0.00 | 46,749.00 |
| AVERITTE | LELA AVERITTE | CLASS 3 | 50,000.00 | 5,366.73 | 0.00 | 44,633.27 |
| AVERY | CARYN AVERY | CLASS 3 | 250,000.00 | 24,500.00 | 0.00 | 225,500.00 |
| AVRAMIDES | PROV. TR GP-FBO GEORGE AVRAMIDES IRA | CLASS 3 | 67,728.00 | 9,734.46 | 0.00 | 57,993.54 |
| AVRAMIDES | PROV. TR GP-FBO LOIS AVRAMIDES IRA | CLASS 3 | 47,500.00 | 6,827.15 | 0.00 | 40,672.85 |
| AYERS | ALEXANDRA AYERS | CLASS 3 | 34,351.00 | 2,228.06 | 0.00 | 32,122.94 |
| AYERS | CYNTHIA AYERS | CLASS 5 | 111,000.00 | 4,822.33 | 0.00 | 106,177.67 |
| AYERS | MAINSTAR-FBO CYNTHIA AYERS R2177224 | CLASS 5 | 25,000.00 | 1,047.23 | 0.00 | 23,952.77 |
| AYERS | MAINSTAR-FBO CYNTHIA AYERS T2177223 | CLASS 5 | 125,000.00 | 4,958.33 | 0.00 | 120,041.67 |
| AYERS | MAINSTAR-FBO PAULA AYERS RW003317 | CLASS 3 | 39,546.19 | 2,732.62 | 0.00 | 36,813.57 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| AYOTTE | MICHAEL OR JOY AYOTTE JWROS | CLASS 5 | 140,000.00 | 60,340.06 | 0.00 | 79,659.94 |
| AYRES | CURTIS HAVEN & SHARON LEIGH AYRES | CLASS 3 | 160,000.00 | 4,433.36 | 0.00 | 155,566.64 |
| AZAR | NABIL & RANA AZAR | CLASS 3 | 150,000.00 | 9,656.25 | 0.00 | 140,343.75 |
| B MAYFIELD | B MAYFIELD HOLDINGS LLC | CLASS 5 | 212,764.00 | 48,193.24 | 0.00 | 164,570.76 |
| BAAR | MAINSTAR-FBO MARY K BAAR T2176411 | CLASS 3 | 80,000.00 | 3,080.00 | 0.00 | 76,920.00 |
| BAAR | MARY K BAAR | CLASS 3 | 160,000.00 | 8,389.34 | 0.00 | 151,610.66 |
| BABCOCK | TR FSBO AUDREY J BABCOCK | CLASS 3 | 27,500.00 | 2,250.81 | 0.00 | 25,249.19 |
| BACA | HILARIO & BRAULIA BACA | CLASS 3 | 30,000.00 | 0.00 | 0.00 | 30,000.00 |
| BACHELLER | THE BACHELLER FT DTD 08/27/90 KB TTEE | CLASS 3 | 50,000.00 | 3,750.00 | 0.00 | 46,250.00 |
| BACHOCHIN | ROBERT BACHOCHIN | CLASS 3 | 30,000.00 | 3,124.59 | 0.00 | 26,875.41 |
| BACKUS | IRA SVCS TR CO-CFBO LINDA BACKUS IRA | CLASS 3 | 315,000.00 | 34,426.52 | 0.00 | 280,573.48 |
| BACKUS | IRA SVCS TR CO-CFBO TIMOTHY D BACKUS IRA | CLASS 3 | 439,500.00 | 75,705.60 | 0.00 | 363,794.40 |
| BACKUS | IRA SVCS TR CO-CFBO TIMOTHY D BACKUS IRA | CLASS 5 | 200,000.00 | 34,450.78 | 0.00 | 165,549.22 |
| BAD RIV BAND | BAD RIV BAND LK SUP CHIPPEWA INDIANS | CLASS 3 | 2,500,000.00 | 346,875.00 | 0.00 | 2,153,125.00 |
| BADER | THE BADER TR DTD 02/01/17 | CLASS 3 | 200,000.00 | 1,216.67 | 0.00 | 198,783.33 |
| BAER | HARVEY D & GERALDINE BAER | CLASS 3 | 100,000.00 | 9,650.00 | 0.00 | 90,350.00 |
| BAGLIONE-MANLEY | ANGELA BAGLIONE-MANLEY | CLASS 3 | 25,000.00 | 558.33 | 0.00 | 24,441.67 |
| BAHIA | MICHAEL & JASMINE BAHIA | CLASS 5 | 50,000.00 | 25,206.22 | 0.00 | 24,793.78 |
| BAIDA | PROV. TR GP-FBO DORIENNE BAIDA IRA | CLASS 3 | 33,750.00 | 1,377.19 | 0.00 | 32,372.81 |
| BAILEY | ALLYN BAILEY | CLASS 3 | 100,000.00 | 402.78 | 0.00 | 99,597.22 |
| BAILEY | CATHY A BAILEY | CLASS 3 | 247,000.00 | 31,951.04 | 0.00 | 215,048.96 |
| BAILEY | CHARLES J & JAN A BAILEY | CLASS 3 | 100,000.00 | 17,033.33 | 0.00 | 82,966.67 |
| BAILEY | JAMES & PAULINE BAILEY | CLASS 3 | 50,000.00 | 5,828.60 | 0.00 | 44,171.40 |
| BAILEY | JIMMY E BAILEY | CLASS 3 | 50,000.00 | 791.66 | 0.00 | 49,208.34 |
| BAILEY | PROV. TR GP-FBO CHARLES J BAILEY IRA | CLASS 3 | 230,000.00 | 32,323.34 | 0.00 | 197,676.66 |
| BAILEY | PROV. TR GP-FBO JAN A BAILEY IRA | CLASS 3 | 42,332.00 | 5,546.08 | 0.00 | 36,785.92 |
| BAILEY | PROV. TR GP-FBO KIMBERLY A BAILEY IRA | CLASS 5 | 79,194.00 | 17,268.69 | 0.00 | 61,925.31 |
| BAILEY | PROV. TR GP-FBO REX BAILEY ROTH IRA | CLASS 3 | 59,000.00 | 8,287.24 | 0.00 | 50,712.76 |
| BAILEY | PROV. TR GP-FBO REX BAILEY ROTH IRA | CLASS 5 | 20,806.00 | 2,922.44 | 0.00 | 17,883.56 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BAILEY | SUNWEST TR WILLIAM B BAILEY IRA | CLASS 3 | 102,356.69 | 13,414.40 | 0.00 | 88,942.29 |
| BAIN | ANGUS BAIN | CLASS 3 | 100,000.00 | 5,958.37 | 0.00 | 94,041.63 |
| BAIRD | MARGIE POPLAWSKI BAIRD | CLASS 3 | 100,000.00 | 2,138.90 | 0.00 | 97,861.10 |
| BAKAY | DAVID BAKAY | CLASS 3 | 40,000.00 | 444.45 | 0.00 | 39,555.55 |
| BAKER | ALAN E & DESIREE D BAKER | CLASS 3 | 200,000.00 | 8,366.71 | 0.00 | 191,633.29 |
| BAKER | BAKER FT DTD 09/26/01 | CLASS 3 | 75,000.00 | 5,497.92 | 0.00 | 69,502.08 |
| BAKER | LAWRENCE BAKER | CLASS 5 | 100,000.00 | 22,272.00 | 0.00 | 77,728.00 |
| BAKER | MAINSTAR-FBO DEBORAH L BAKER T2176485 | CLASS 3 | 100,000.00 | 4,763.89 | 0.00 | 95,236.11 |
| BAKER | MARK BAKER | CLASS 3 | 100,000.00 | 13,067.26 | 0.00 | 86,932.74 |
| BAKER | MILTON BAKER FT | CLASS 3 | 50,000.00 | 1,034.71 | 0.00 | 48,965.29 |
| BAKER | PATRICIA BAKER | CLASS 3 | 25,000.00 | 72.22 | 0.00 | 24,927.78 |
| BAKER | PROV. TR GP-FBO BARRY BAKER IRA | CLASS 3 | 24,900.00 | 3,523.35 | 0.00 | 21,376.65 |
| BAKER | PROV. TR GP-FBO MARK BAKER INH IRA | CLASS 3 | 279,500.00 | 36,462.03 | 0.00 | 243,037.97 |
| BAKER | PROV. TR GP-FBO MISSY BAKER ROTH IRA | CLASS 3 | 25,000.00 | 1,557.29 | 0.00 | 23,442.71 |
| BAKER | PROV. TR GP-FBO ROBERT D BAKER IRA | CLASS 5 | 300,000.00 | 3,902.78 | 0.00 | 296,097.22 |
| BAKER | RICHARD ALLEN BAKER EST | CLASS 5 | 250,119.42 | 29,264.47 | 0.00 | 220,854.95 |
| BAKER | SANDRA C BAKER | CLASS 3 | 25,000.00 | 1,214.55 | 0.00 | 23,785.45 |
| BAKERSKY | MAINSTAR-FBO PETER BAKERSKY T2176996 | CLASS 3 | 200,000.00 | 4,722.23 | 0.00 | 195,277.77 |
| BAKKER | PROV. TR GP-FBO MANUELLA A BAKKER IRA | CLASS 3 | 345,715.70 | 28,300.67 | 0.00 | 317,415.03 |
| BALBO | PETER MICHAEL BALBO RLT | CLASS 3 | 200,000.00 | 28,252.62 | 0.00 | 171,747.38 |
| BALCAZAR | KIM BALCAZAR | CLASS 3 | 50,000.00 | 258.33 | 0.00 | 49,741.67 |
| BALDASSARO | PETER A BALDASSARO | CLASS 3 | 100,000.00 | 1,500.00 | 0.00 | 98,500.00 |
| BALDUCCI | MARIA & NICOLA BALDUCCI | CLASS 3 | 150,000.00 | 13,804.19 | 0.00 | 136,195.81 |
| BALDUCCI | MARIA & NICOLA BALDUCCI | CLASS 5 | 100,000.00 | 9,202.79 | 0.00 | 90,797.21 |
| BALDUCCI | PEGGY A BALDUCCI | CLASS 3 | 30,000.00 | 1,014.04 | 0.00 | 28,985.96 |
| BALDWIN | LISA BALDWIN | CLASS 3 | 25,000.00 | 18,315.42 | 0.00 | 6,684.58 |
| BALES | MICHAEL BALES | CLASS 3 | 100,000.00 | 5,059.72 | 0.00 | 94,940.28 |
| BALES | PROV. TR GP-FBO WILLIAM K BALES IRA | CLASS 3 | 415,000.00 | 17,845.00 | 0.00 | 397,155.00 |
| BALIKE | MAHESH BALIKE | CLASS 3 | 25,000.00 | 150.69 | 0.00 | 24,849.31 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BALLARD | CARISSE B BALLARD | CLASS 3 | 100,000.00 | 3,558.53 | 0.00 | 96,441.47 |
| BALLARD | MAINSTAR-FBO ROBERT BALLARD | CLASS 3 | 25,000.00 | 1,313.89 | 0.00 | 23,686.11 |
| BALLWEG | ALLAN M BALLWEG | CLASS 3 | 50,000.00 | 1,875.00 | 0.00 | 48,125.00 |
| BALMENTI | BEN & ELVIRA BALMENTI IT | CLASS 3 | 200,000.00 | 12,583.28 | 0.00 | 187,416.72 |
| BALMUTH | PROV. TR GP-FBO PEARL BALMUTH IRA | CLASS 3 | 76,500.00 | 6,553.64 | 0.00 | 69,946.36 |
| BALSAMO | CONNIE BALSAMO | CLASS 3 | 50,000.00 | 5,326.38 | 0.00 | 44,673.62 |
| BALZER | CAREY BALZER | CLASS 5 | 240,000.00 | 21,600.00 | 0.00 | 218,400.00 |
| BANCROFT | PROV. TR GP-FBO EILEEN R BANCROFT IRA | CLASS 3 | 51,854.00 | 8,504.06 | 0.00 | 43,349.94 |
| BANDES | CHESTER BANDES RT | CLASS 3 | 50,000.00 | 3,384.93 | 0.00 | 46,615.07 |
| BANE | PAUL BANE | CLASS 3 | 25,000.00 | 1,025.67 | 0.00 | 23,974.33 |
| BANKS | PROV. TR GP-FBO JANICE BANKS ICA | CLASS 3 | 40,000.00 | | 0.00 | 40,000.00 |
| BANTA | MAINSTAR-FBO GWEN BANTA SW003315 | CLASS 3 | 108,500.00 | 5,027.34 | 0.00 | 103,472.66 |
| BANUELOS | MAINSTAR-FBO MARTHA BANUELOS TW003993 | CLASS 3 | 50,579.91 | 1,327.72 | 0.00 | 49,252.19 |
| BANZHOFF | NANCY D & CHARLES K BANZHOFF | CLASS 3 | 50,000.00 | 1,662.52 | 0.00 | 48,337.48 |
| BAO/HE | HUIHONG BAO & SAI HE | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| BARANGAN | PACITA BARANGAN | CLASS 3 | 50,000.00 | 679.87 | 0.00 | 49,320.13 |
| BARBER | CAROL BARBER | CLASS 5 | 50,000.00 | 9,527.88 | 0.00 | 40,472.12 |
| BARBER | THE BETH BARBER LT DTD 12/01/97 | CLASS 3 | 130,000.00 | 13,552.48 | 0.00 | 116,447.52 |
| BARBIERI | PROV. TR GP-FBO JOSEPH BARBIERI III IRA | CLASS 5 | 119,000.00 | 41,476.72 | 0.00 | 77,523.28 |
| BARBOSA | LIONEL A & JUNE A BARBOSA | CLASS 5 | 100,000.00 | 15,666.61 | 0.00 | 84,333.39 |
| BARCELONA | THE BARCELONA FT | CLASS 3 | 100,000.00 | 4,482.43 | 0.00 | 95,517.57 |
| BARCHIE | THOMAS E & JOYCE E BARCHIE | CLASS 3 | 25,000.00 | 2,260.37 | 0.00 | 22,739.63 |
| BARCLAY | IAIN BARCLAY | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| BARDEN | JAMES A & CAROLYN L BARDEN | CLASS 3 | 100,000.00 | 5,033.33 | 0.00 | 94,966.67 |
| BARGER | SANDRA L BARGER | CLASS 3 | 100,000.00 | 9,044.49 | 0.00 | 90,955.51 |
| BARISCIANO | MAINSTAR-FBO MARIO BARISCIANO 1002783319 | CLASS 3 | 220,000.00 | 12,133.61 | 0.00 | 207,866.39 |
| BARKLEY | DWIGHT BARKLEY | CLASS 3 | 80,000.00 | 8,149.99 | 0.00 | 71,850.01 |
| BARKLEY | JEFFREY & COLLEEN BARKLEY | CLASS 3 | 50,000.00 | 1,141.67 | 0.00 | 48,858.33 |
| BARNABY | CAROLE E BARNABY | CLASS 3 | 68,400.00 | 5,004.60 | 0.00 | 63,395.40 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BARNABY | IRA SVCS TR CO-CFBO CAROL E BARNABY IRA | CLASS 3 | 34,000.00 | 2,431.00 | 0.00 | 31,569.00 |
| BARNATTAN | ELAINE BARNATTAN | CLASS 3 | 50,000.00 | 3,116.71 | 0.00 | 46,883.29 |
| BARNES | IRA SVCS TR CO-CFBO CHARLES L BARNES | CLASS 3 | 90,000.00 | 1,102.50 | 0.00 | 88,897.50 |
| BARNES | KARYTA L BARNES | CLASS 3 | 115,000.00 | 7,390.75 | 0.00 | 107,609.25 |
| BARNES | LAVINIA P BARNES | CLASS 3 | 220,000.00 | 21,200.00 | 0.00 | 198,800.00 |
| BARNES | MARLENE W & WILLIAM J BARNES | CLASS 3 | 50,000.00 | 1,991.67 | 0.00 | 48,008.33 |
| BARNES | MARY BARNES | CLASS 3 | 120,000.00 | 0.00 | 0.00 | 120,000.00 |
| BARNES | MICHAEL E BARNES | CLASS 3 | 100,000.00 | 8,076.31 | 0.00 | 91,923.69 |
| BARNES | PATRICIA BARNES | CLASS 3 | 85,000.00 | 2,698.84 | 0.00 | 82,301.16 |
| BARNES | PROV. TR GP-FBO SANDRA G BARNES IRA | CLASS 3 | 24,500.00 | 2,237.67 | 0.00 | 22,262.33 |
| BARNES | SHIRLEY M BARNES | CLASS 5 | 146,000.00 | 8,618.09 | 0.00 | 137,381.91 |
| BARNES | TYRUS M & WENDY B BARNES | CLASS 3 | 60,000.00 | 1,633.33 | 0.00 | 58,366.67 |
| BARNETT | MAINSTAR-FBO CHARLES R BARNETT | CLASS 3 | 108,000.00 | 4,191.00 | 0.00 | 103,809.00 |
| BARNETT | MAINSTAR-FBO RACHEL BARNETT R2177983 | CLASS 3 | 25,000.00 | 229.17 | 0.00 | 24,770.83 |
| BARNEY | PROV. TR GP-FBO DEAN BARNEY IRA | CLASS 3 | 42,500.00 | 708.33 | 0.00 | 41,791.67 |
| BARNICH | BRUCE & SHARI BARNICH | CLASS 3 | 50,000.00 | 958.32 | 0.00 | 49,041.68 |
| BARNUM | MARIA D BARNUM | CLASS 3 | 46,000.00 | 5,765.39 | 0.00 | 40,234.61 |
| BAROCH | PROV. TR GP-FBO DOROTHY F BAROCH IRA | CLASS 3 | 25,000.00 | 2,270.83 | 0.00 | 22,729.17 |
| BARON | JAMES E BARON | CLASS 3 | 100,000.00 | 1,209.73 | 0.00 | 98,790.27 |
| BARR | JOHN E BARR | CLASS 3 | 100,000.00 | 17,116.68 | 0.00 | 82,883.32 |
| BARR | MAINSTAR-FBO ALICE R BARR T2177319 | CLASS 3 | 380,000.00 | 10,386.67 | 0.00 | 369,613.33 |
| BARR | PROV. TR GP-FBO JOHN E BARR ROTH IRA | CLASS 3 | 175,400.00 | 25,970.67 | 0.00 | 149,429.33 |
| BARRACK | NASIM BARRACK | CLASS 3 | 50,000.00 | 4,744.40 | 0.00 | 45,255.60 |
| BARRAS | PROV. TR GP-FBO LISA BARRAS IRA | CLASS 3 | 20,000.00 | 1,835.00 | 0.00 | 18,165.00 |
| BARRAUGH | MAINSTAR-FBO WILLIAM BARRAUGH | CLASS 3 | 179,000.00 | 27,086.81 | 0.00 | 151,913.19 |
| BARRAUGH | MAINSTAR-FBO WILLIAM BARRAUGH | CLASS 5 | 100,000.00 | 15,132.29 | 0.00 | 84,867.71 |
| BARRETT | KYLER BARRETT | CLASS 3 | 35,000.00 | 735.01 | 0.00 | 34,264.99 |
| BARRETT | NANCY J BARRETT | CLASS 3 | 100,000.00 | 1,850.00 | 0.00 | 98,150.00 |
| BARRIAGE | LE ROY W & BETTY B BARRIAGE | CLASS 3 | 25,000.00 | 2,487.55 | 0.00 | 22,512.45 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BARRICKMAN | NORMAN & LILIANE BARRICKMAN RT 10/15/07 | CLASS 3 | 161,000.00 | 36,124.99 | 0.00 | 124,875.01 |
| BARRON | BARRON HOLDINGS LLC | CLASS 5 | 200,000.00 | 52,440.33 | 0.00 | 147,559.67 |
| BARROWS | DENNIS BARROWS | CLASS 3 | 200,000.00 | 8,918.09 | 0.00 | 191,081.91 |
| BARRY | FT OF AINA FAE BARRY | CLASS 3 | 75,000.00 | 2,145.83 | 0.00 | 72,854.17 |
| BARRY | JAMES L BARRY JR | CLASS 3 | 30,000.00 | 2,520.00 | 0.00 | 27,480.00 |
| BARRY | PROV. TR GP-FBO ANDREA L BARRY IRA | CLASS 3 | 30,000.00 | 1,400.00 | 0.00 | 28,600.00 |
| BARRY | THE RAY & KAREN BARRY FT 06/14/02 | CLASS 3 | 50,000.00 | 11,591.63 | 0.00 | 38,408.37 |
| BARSNESS | DONALD A BARSNESS | CLASS 3 | 150,000.00 | 10,643.07 | 1,000.00 | 138,356.93 |
| BARSNESS | JAMES A BARSNESS | CLASS 3 | 50,000.00 | 2,554.83 | 0.00 | 47,445.17 |
| BARTEL | CRAIG A BARTEL TR DTD 07/26/83 | CLASS 3 | 25,000.00 | 1,224.97 | 0.00 | 23,775.03 |
| BARTELL | ROBERT BARTELL | CLASS 3 | 100,000.00 | 7,888.90 | 0.00 | 92,111.10 |
| BARTELS | LUCILLE BARTELS | CLASS 3 | 25,000.00 | 600.71 | 0.00 | 24,399.29 |
| BARTO | JOHN M & SUSAN M BARTO | CLASS 3 | 50,000.00 | 6,837.57 | 0.00 | 43,162.43 |
| BARTON | DEBRA A BARTON | CLASS 3 | 50,000.00 | 7,680.64 | 0.00 | 42,319.36 |
| BASA | MANUEL & CRISTETA BASA | CLASS 3 | 25,000.00 | 1,503.52 | 0.00 | 23,496.48 |
| BASCI | PROV. TR GP-FBO JOHN BASCI SOLO K | CLASS 3 | 50,000.00 | 1,284.72 | 0.00 | 48,715.28 |
| BASHKOFF | BERNARD & ELEANOR N BASHKOFF RT | CLASS 3 | 200,000.00 | 13,654.13 | 0.00 | 186,345.87 |
| BASSEN | SANDRA & IRA D BASSEN | CLASS 3 | 100,000.00 | 1,283.33 | 0.00 | 98,716.67 |
| BASSEN | SANDRA & IRA D BASSEN | CLASS 3* | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| BASTIAN | LEONARD BASTIAN | CLASS 3 | 60,000.00 | 4,755.52 | 0.00 | 55,244.48 |
| BATE | MICHAEL K & MARY C BATE | CLASS 3 | 25,000.00 | 683.33 | 0.00 | 24,316.67 |
| BATEMAN | TODD H BATEMAN | CLASS 3 | 25,000.00 | 263.90 | 0.00 | 24,736.10 |
| BATES | MARLENE BATES | CLASS 3 | 120,000.00 | 8,017.11 | 0.00 | 111,982.89 |
| BATES | PROV. TR GP-FBO TONYCE BATES ROTH IRA | CLASS 3 | 29,350.00 | 194.04 | 0.00 | 29,155.96 |
| BATHORY | PROV. TR GP-FBO GEORGE L BATHORY IRA | CLASS 3 | 201,300.00 | 26,342.34 | 0.00 | 174,957.66 |
| BATTAGLIA | MAINSTAR-FBO CARMEN BATTAGLIA T2175302 | CLASS 3 | 199,664.60 | 15,742.65 | 0.00 | 183,921.95 |
| BATTERMAN | KURT BATTERMAN | CLASS 3 | 100,000.00 | 661.12 | 0.00 | 99,338.88 |
| BATTS | LUCIA J BATTS | CLASS 3 | 50,000.00 | 4,854.09 | 0.00 | 45,145.91 |
| BATUK | GREGORY BATUK | CLASS 3 | 60,000.00 | 5,500.00 | 0.00 | 54,500.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BATUK | MAINSTAR-FBO GREGORY BATUK T2174546 | CLASS 3 | 190,000.00 | 21,596.67 | 0.00 | 168,403.33 |
| BAUCK | KRISTINA BAUCK | CLASS 3 | 25,000.00 | 1,054.84 | 0.00 | 23,945.16 |
| BAUER | KENNETH W & LINDA S BAUER | CLASS 3 | 200,000.00 | 8,791.67 | 0.00 | 191,208.33 |
| BAUER | M LOUISE BAUER | CLASS 3 | 100,000.00 | 16,469.35 | 0.00 | 83,530.65 |
| BAUER | VALERIE BAUER | CLASS 3 | 25,000.00 | 1,000.67 | 0.00 | 23,999.33 |
| BAUER-HANSEN | DORIS A BAUER-HANSEN | CLASS 3 | 60,000.00 | 17,943.33 | 0.00 | 42,056.67 |
| BAUERLE | MICHAEL I & JILL M BAUERLE | CLASS 3 | 200,000.00 | 30,333.33 | 0.00 | 169,666.67 |
| BAUERLE | PROV. TR GP-FBO MICHAEL I BAUERLE IRA | CLASS 5 | 199,750.00 | 44,222.43 | 0.00 | 155,527.57 |
| BAUERLE | WILLIAM & MARCIA D BAUERLE | CLASS 5 | 100,000.00 | 11,494.48 | 0.00 | 88,505.52 |
| BAUMBACH | DOROTHY J BAUMBACH IT | CLASS 3 | 50,000.00 | 4,416.60 | 0.00 | 45,583.40 |
| BAUMGARN | ARLO & JEAN BAUMGARN | CLASS 3 | 25,000.00 | 465.29 | 0.00 | 24,534.71 |
| BAXTER | CRAIG & LAURA LEE BAXTER | CLASS 3 | 180,000.00 | 2,135.00 | 0.00 | 177,865.00 |
| BAXTER | LARRY D BAXTER | CLASS 3 | 300,000.00 | 7,916.67 | 0.00 | 292,083.33 |
| BAXTER | LAURA LEE & CRAIG BAXTER | CLASS 3 | 50,000.00 | 2,157.62 | 0.00 | 47,842.38 |
| BAXTER | PROV. TR GP-FBO CRAIG BAXTER IRA | CLASS 3 | 50,000.00 | 11,012.96 | 0.00 | 38,987.04 |
| BAXTER | PROV. TR GP-FBO CRAIG BAXTER IRA | CLASS 5 | 100,000.00 | 22,025.93 | 0.00 | 77,974.07 |
| BAXTER | RACHEL L BAXTER | CLASS 3 | 300,000.00 | 7,458.33 | 0.00 | 292,541.67 |
| BAY/BELLSTEDT | RIA BAY & OLAF BELLSTEDT | CLASS 3 | 100,000.00 | 12,647.08 | 1,000.00 | 86,352.92 |
| BAYLESS | MARGARET A BAYLESS | CLASS 3 | 150,000.00 | 4,725.00 | 0.00 | 145,275.00 |
| BAZZELL-MAY | PROV. TR GP-FBO ERICA BAZZELL-MAY INH IRA | CLASS 3 | 30,000.00 | 1,242.50 | 0.00 | 28,757.50 |
| BEACH | MARK S BEACH | CLASS 3 | 100,000.00 | 17,121.56 | 0.00 | 82,878.44 |
| BEACH | MICHELE BEACH | CLASS 5 | 250,000.00 | 73,568.39 | 0.00 | 176,431.61 |
| BEADLE | HERBERT R & JOELLEN BEADLE CO-TR 03/29/11 | CLASS 3 | 200,000.00 | 34,072.63 | 0.00 | 165,927.37 |
| BEADLE | HERBERT R & JOELLEN BEADLE CO-TR 03/29/11 | CLASS 5 | 100,000.00 | 17,036.32 | 0.00 | 82,963.68 |
| BEAL | JOSEPH & RUTH A BEAL | CLASS 3 | 50,000.00 | 6,005.52 | 0.00 | 43,994.48 |
| BEALL | BYRON BRUCE BEALL | CLASS 3 | 350,000.00 | 16,050.00 | 0.00 | 333,950.00 |
| BEARD | IRA SVCS TR CO-CFBO SANDRA L BEARD IRA | CLASS 3 | 48,000.00 | 1,857.33 | 0.00 | 46,142.67 |
| BEASLEY | DAN J & RUTH A BEASLEY | CLASS 3 | 100,000.00 | 5,433.33 | 0.00 | 94,566.67 |
| BEASLEY | MAINSTAR-FBO STEVEN E BEASLEY T2177320 | CLASS 3 | 104,423.83 | 1,724.67 | 0.00 | 102,699.16 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BEATTY | CAROLYN BEATTY | CLASS 3 | 30,000.00 | 91.67 | 0.00 | 29,908.33 |
| BEATTY | MAINSTAR-FBO KATHLEEN M BEATTY | CLASS 3 | 40,411.00 | 2,327.56 | 0.00 | 38,083.44 |
| BEATTY/REYNOLDS | SUSAN L BEATTY & CELIA L REYNOLDS | CLASS 3 | 50,000.00 | 1,770.32 | 0.00 | 48,229.68 |
| BEATY | WALES B & JOAN W BEATY | CLASS 3 | 300,000.00 | 6,719.44 | 0.00 | 293,280.56 |
| BEAU VISAGE | BEAU VISAGE INC | CLASS 3 | 60,000.00 | 11,671.62 | 0.00 | 48,328.38 |
| BEAULIEU | LYNDA BEAULIEU | CLASS 3 | 32,000.00 | 1,728.00 | 0.00 | 30,272.00 |
| BEAULIEU | PROV. TR GP-FBO DAVID R BEAULIEU IRA | CLASS 3 | 36,876.00 | 2,028.18 | 0.00 | 34,847.82 |
| BEAULIEU | PROV. TR GP-FBO LYNDA BEAULIEU IRA | CLASS 3 | 33,568.00 | 1,695.18 | 0.00 | 31,872.82 |
| BEAVER | JOHN BEAVER | CLASS 3 | 147,000.00 | 15,999.01 | 0.00 | 131,000.99 |
| BEAVER | MAINSTAR-FBO ROBERT W BEAVER T2177615 | CLASS 3 | 25,000.00 | 573.61 | 0.00 | 24,426.39 |
| BEAVER | PROV. TR GP-FBO JOHN BEAVER IRA | CLASS 3 | 107,045.00 | 10,032.50 | 0.00 | 97,012.50 |
| BECK | GUSTAVE J BECK | CLASS 3 | 30,000.00 | 3,406.67 | 0.00 | 26,593.33 |
| BECK | GUSTAVE J BECK | CLASS 5 | 100,000.00 | 11,355.56 | 0.00 | 88,644.44 |
| BECK | ROGER E BECK | CLASS 3 | 100,000.00 | 2,166.67 | 0.00 | 97,833.33 |
| BECK | STEVEN E & SHARON E BECK | CLASS 3 | 200,000.00 | 2,780.55 | 0.00 | 197,219.45 |
| BECK | TIMOTHY P & KAREN BECK | CLASS 3 | 425,000.00 | 8,761.12 | 0.00 | 416,238.88 |
| BECKER | JOHN C BECKER | CLASS 5 | 50,000.00 | 10,145.85 | 0.00 | 39,854.15 |
| BECKER | WILMA BECKER TR DTD 09/13/07 | CLASS 3 | 25,000.00 | 2,740.00 | 0.00 | 22,260.00 |
| BECKETT | ARCHIE R & DANI N BECKETT | CLASS 5 | 3,600,000.00 | 1,041,508.51 | 0.00 | 2,558,491.49 |
| BECKHEYER | 1995 CRAIG & CHERYL BECKHEYER RTAR 2006 | CLASS 5 | 50,000.00 | 18,000.15 | 0.00 | 31,999.85 |
| BECKMANN | DUANE BECKMANN LT DTD 12/12/07 | CLASS 5 | 650,000.00 | 175,021.29 | 0.00 | 474,978.71 |
| BECKS | LORI G BECKS | CLASS 3 | 30,000.00 | 500.00 | 0.00 | 29,500.00 |
| BECVAR | SUNWEST TR JOANN MARIE BECVAR IRA | CLASS 3 | 25,000.00 | 729.15 | 0.00 | 24,270.85 |
| BEEBE | THOMAS H & CYNTHIA M BEEBE | CLASS 3 | 100,000.00 | 4,802.75 | 0.00 | 95,197.25 |
| BEEDER | CAROLYN ANN BEEDER | CLASS 3 | 100,000.00 | 1,138.90 | 0.00 | 98,861.10 |
| BEEHLER | REBECCA BEEHLER | CLASS 3 | 140,000.00 | 0.00 | 0.00 | 140,000.00 |
| BEER | DAVID & LYNN BEER | CLASS 3 | 40,000.00 | 0.00 | 0.00 | 40,000.00 |
| BEERBAUM | JUDY & JAMES BEERBAUM | CLASS 3 | 50,000.00 | 1,825.00 | 0.00 | 48,175.00 |
| BEERS | BETTY L BEERS IRREV TR | CLASS 3 | 75,000.00 | 656.25 | 0.00 | 74,343.75 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BEERS | RANDY & MAYRA BEERS | CLASS 3 | 50,000.00 | 437.49 | 0.00 | 49,562.51 |
| BEESON | IRA SVCS TR CO-CFBO SANDRA BEESON | CLASS 3 | 80,000.00 | 1,577.76 | 0.00 | 78,422.24 |
| BEGGS | MARK S BEGGS | CLASS 3 | 240,000.00 | 10,890.00 | 0.00 | 229,110.00 |
| BEGLEY | MARY BEGLEY | CLASS 3 | 170,000.00 | 17,314.23 | 0.00 | 152,685.77 |
| BEKIROV | HUSEYIN BEKIROV | CLASS 3 | 200,000.00 | 18,080.50 | 0.00 | 181,919.50 |
| BEL AIR | THE BEL AIR CRUT | CLASS 3 | 50,000.00 | 3,394.52 | 0.00 | 46,605.48 |
| BELANGER | JOHN & DENECE BELANGER | CLASS 3 | 350,000.00 | 26,996.98 | 0.00 | 323,003.02 |
| BELANGER | JOHN & DENECE BELANGER | CLASS 5 | 250,000.00 | 19,283.56 | 0.00 | 230,716.44 |
| BELDT | PROV. TR GP-FBO RICHARD E BELDT IRA | CLASS 3 | 212,545.00 | 32,583.21 | 0.00 | 179,961.79 |
| BELDT | RICHARD E BELDT | CLASS 3 | 65,000.00 | 7,411.77 | 0.00 | 57,588.23 |
| BELIN | FURMAN L & BETTY A BELIN | CLASS 3 | 50,000.00 | 6,081.28 | 0.00 | 43,918.72 |
| BELIN | PROV. TR GP-FBO BETTY A BELIN IRA | CLASS 3 | 280,000.00 | 7,606.67 | 0.00 | 272,393.33 |
| BELIVEAU | TOM BELIVEAU | CLASS 5 | 120,000.00 | 65,433.20 | 0.00 | 54,566.80 |
| BELL | BRIAN BELL | CLASS 3 | 75,000.00 | 2,260.42 | 0.00 | 72,739.58 |
| BELL | MAINSTAR-FBO BRIAN BELL R2177645 | CLASS 3 | 46,725.00 | 1,008.48 | 0.00 | 45,716.52 |
| BELL | MAINSTAR-FBO BRIAN BELL T2177611 | CLASS 3 | 101,950.00 | 2,577.07 | 0.00 | 99,372.93 |
| BELL | MAINSTAR-FBO CAROL DIANE BELL T2178271 | CLASS 3 | 25,700.00 | 259.74 | 0.00 | 25,440.26 |
| BELL | MARY JANE BELL | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| BELL | MARY W BELL | CLASS 3 | 54,403.52 | 7,673.92 | 0.00 | 46,729.60 |
| BELL | SUNWEST TR EARL WOODROW BELL JR IRA | CLASS 3 | 200,000.00 | 7,616.67 | 0.00 | 192,383.33 |
| BELLACE | ANDREW BELLACE | CLASS 3 | 200,000.00 | 25,766.70 | 0.00 | 174,233.30 |
| BELLISTON | DIANE BELLISTON | CLASS 3 | 30,000.00 | 2,292.50 | 0.00 | 27,707.50 |
| BELLISTON | PROV. TR GP-FBO A BRENT BELLISTON IRA | CLASS 3 | 75,000.00 | 10,449.13 | 0.00 | 64,550.87 |
| BELLISTON | PROV. TR GP-FBO A BRENT BELLISTON IRA | CLASS 3* | 25,000.00 | 840.97 | 0.00 | 24,159.03 |
| BELMORE | DAVID & CAROLYN BELMORE LT | CLASS 5 | 100,000.00 | 26,083.83 | 0.00 | 73,916.17 |
| BELTRAN | RONALD W BELTRAN | CLASS 3 | 130,000.00 | 0.00 | 0.00 | 130,000.00 |
| BELTRANO | LANI BELTRANO | CLASS 3 | 25,000.00 | 1,288.91 | 0.00 | 23,711.09 |
| BEMIS | PROV. TR GP-FBO FRANCIS W BEMIS IRA | CLASS 5 | 50,000.00 | 9,083.33 | 0.00 | 40,916.67 |
| BENDA | MYRNA & ALEXANDER BENDA | CLASS 3 | 100,000.00 | 7,350.00 | 0.00 | 92,650.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BENDER | JOSEPH DEAN BENDER | CLASS 3 | 80,000.00 | 3,002.24 | 0.00 | 76,997.76 |
| BENDER | PROV. TR GP-FBO JANE BENDER IRA | CLASS 3 | 26,000.00 | 2,360.94 | 0.00 | 23,639.06 |
| BENDER | PROV. TR GP-FBO MILTON J BENDER ROTH IRA | CLASS 3 | 36,250.00 | 4,740.18 | 0.00 | 31,509.82 |
| BENE | PROV. TR GP-FBO STEVE MILLER DEF BENE IRA | CLASS 3 | 74,500.00 | 3,093.83 | 0.00 | 71,406.17 |
| BENE | PROV. TR GP-FBO V MORRISSEY BENE INH IRA | CLASS 3 | 141,713.00 | 12,392.51 | 0.00 | 129,320.49 |
| BENEDICT | GALEN A & FERN E BENEDICT | CLASS 3 | 160,000.00 | 1,617.77 | 0.00 | 158,382.23 |
| BENES | PROV. TR GP-FBO LLOYD BENES IRA | CLASS 3 | 522,000.00 | 84,745.20 | 0.00 | 437,254.80 |
| BENES | PROV. TR GP-FBO LLOYD BENES IRA | CLASS 5 | 200,000.00 | 32,469.42 | 0.00 | 167,530.58 |
| BENESSERE | MARIE BENESSERE | CLASS 3 | 250,000.00 | 29,166.60 | 0.00 | 220,833.40 |
| BENJAMIN | PROV. TR GP-FBO CURTIS L BENJAMIN IRA | CLASS 3 | 467,215.00 | 23,017.33 | 0.00 | 444,197.67 |
| BENNET | MAINSTAR-FBO MINA BENNET T2175007 | CLASS 3 | 115,000.00 | 12,994.98 | 0.00 | 102,005.02 |
| BENNETT | IRA SVCS TR CO-CFBO PATRICIA A BENNETT | CLASS 3 | 40,000.00 | 233.33 | 0.00 | 39,766.67 |
| BENNETT | JEAN L BENNETT | CLASS 5 | 70,000.00 | 22,799.92 | 0.00 | 47,200.08 |
| BENNETT | KEMP BENNETT | CLASS 3 | 50,000.00 | 534.72 | 0.00 | 49,465.28 |
| BENNETT | LINDA F BENNETT | CLASS 3 | 50,000.00 | 513.88 | 0.00 | 49,486.12 |
| BENNETT | PROV. TR GP-FBO KEITH BENNETT IRA | CLASS 3 | 100,000.00 | 2,416.67 | 0.00 | 97,583.33 |
| BENNETT | PROV. TR GP-FBO RUSSELL R BENNETT IRA | CLASS 5 | 200,000.00 | 52,666.67 | 0.00 | 147,333.33 |
| BENSMAN | HORIZON TR CO-FBO NANCY L BENSMAN IRA | CLASS 3 | 50,500.00 | 2,588.17 | 0.00 | 47,911.83 |
| BENSMAN | JEROME J & M J BENSMAN IRREV TR 10/08/13 | CLASS 3 | 50,000.00 | 340.28 | 0.00 | 49,659.72 |
| BENSMAN | WILLIAM A & NANCY L BENSMAN | CLASS 3 | 100,000.00 | 18,324.99 | 0.00 | 81,675.01 |
| BENSON | BRUCE H BENSON | CLASS 3 | 100,000.00 | 9,450.00 | 0.00 | 90,550.00 |
| BENSON | PATRICIA A BENSON | CLASS 3 | 85,000.00 | 956.25 | 0.00 | 84,043.75 |
| BENSON | PROV. TR GP-FBO PATRICIA A BENSON IRA | CLASS 3 | 55,700.00 | 3,578.73 | 0.00 | 52,121.27 |
| BENTLEY | BENTLEY FAMILY HOLDINGS LLC | CLASS 3 | 200,000.00 | 2,916.65 | 0.00 | 197,083.35 |
| BENTLEY | CHARLES BENTLEY | CLASS 3 | 100,000.00 | 24,594.35 | 0.00 | 75,405.65 |
| BENTLEY | MAINSTAR-FBO DENELLE C BENTLEY BT178433 | CLASS 3 | 355,000.00 | 246.53 | 0.00 | 354,753.47 |
| BENTLEY | MAINSTAR-FBO DENELLE C BENTLEY BT178434 | CLASS 3 | 592,000.00 | 493.33 | 0.00 | 591,506.67 |
| BENTON | JOYCE BENTON | CLASS 3 | 25,000.00 | 890.50 | 0.00 | 24,109.50 |
| BENVENUTTI | PROV. TR GP-FBO KEITH BENVENUTTI IRA | CLASS 5 | 358,000.00 | 70,524.44 | 0.00 | 287,475.56 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BERCUME | PROV. TR GP-FBO RAYMOND BERCUME IRA | CLASS 3 | 103,000.00 | 11,902.27 | 0.00 | 91,097.73 |
| BERDOLL | PROV. TR GP-FBO LARRY BERDOLL IRA | CLASS 3 | 80,000.00 | 20,624.96 | 0.00 | 59,375.04 |
| BERDOLL | PROV. TR GP-FBO LAWRENCE BERDOLL IRA | CLASS 5 | 100,000.00 | 23,194.44 | 0.00 | 76,805.56 |
| BERENBAUM | LUIZA & JACK BERENBAUM | CLASS 3 | 50,000.00 | 5,288.23 | 0.00 | 44,711.77 |
| BERG | CHRISTOPHER J BERG | CLASS 3 | 30,000.00 | 9,168.82 | 0.00 | 20,831.18 |
| BERG | THE BERG FAMILY 2012 LT DTD 06/21/12 | CLASS 3 | 220,575.00 | 7,822.43 | 0.00 | 212,752.57 |
| BERGADO | ROWENA A BERGADO RLT | CLASS 3 | 50,000.00 | 216.67 | 0.00 | 49,783.33 |
| BERGE | JEANETTE L BERGE | CLASS 3 | 59,000.00 | 2,319.41 | 0.00 | 56,680.59 |
| BERGER | MAINSTAR-FBO LESTER K BERGER T2176908 | CLASS 3 | 20,000.00 | 494.44 | 0.00 | 19,505.56 |
| BERGLUND | CAROL A BERGLUND LT DTD 03/31/16 | CLASS 3 | 100,000.00 | 1,888.90 | 0.00 | 98,111.10 |
| BERGLUND | KEITH W BERGLUND LT DTD 03/31/16 | CLASS 3 | 100,000.00 | 1,888.90 | 0.00 | 98,111.10 |
| BERGQUIST | PHILIP J BERGQUIST | CLASS 3 | 50,000.00 | 4,991.60 | 0.00 | 45,008.40 |
| BERK | WILLIAM BERK | CLASS 3 | 110,000.00 | 4,905.67 | 0.00 | 105,094.33 |
| BERKEN | PROV. TR GP-FBO THOMAS BERKEN IRA | CLASS 5 | 300,000.00 | 42,833.33 | 0.00 | 257,166.67 |
| BERLINGER | ELISSA K & JOSEPH W BERLINGER | CLASS 3 | 75,000.00 | 5,217.59 | 0.00 | 69,782.41 |
| BERMAN | ARNOLD R & HELEN G BERMAN | CLASS 3 | 25,000.00 | 2,291.60 | 0.00 | 22,708.40 |
| BERMAN | PROV. TR GP-FBO ARNOLD L BERMAN IRA | CLASS 3 | 794,274.04 | 141,683.42 | 0.00 | 652,590.62 |
| BERMAN | PROV. TR GP-FBO ARNOLD L BERMAN IRA | CLASS 5 | 265,154.08 | 47,298.46 | 0.00 | 217,855.62 |
| BERMAN | THE RITA J BERMAN TR | CLASS 3 | 55,000.00 | 4,352.60 | 0.00 | 50,647.40 |
| BERMON | RTA RHODA BERMON DTD 12/12/95 | CLASS 3 | 200,000.00 | 27,981.70 | 0.00 | 172,018.30 |
| BERNARD | MARYANN BERNARD | CLASS 3 | 75,000.00 | 5,578.15 | 0.00 | 69,421.85 |
| BERNARDY | LOUIS & SHIRLEY BERNARDY | CLASS 3 | 50,000.00 | 291.67 | 0.00 | 49,708.33 |
| BERNSTEIN | HELENE BERNSTEIN | CLASS 3 | 55,000.00 | 8,821.50 | 0.00 | 46,178.50 |
| BERNSTEIN | LAURA BERNSTEIN | CLASS 3 | 25,000.00 | 1,277.46 | 0.00 | 23,722.54 |
| BERRETT | GOLDEN BERRETT | CLASS 3 | 100,000.00 | 4,116.69 | 0.00 | 95,883.31 |
| BERRY | ARTHUR L BERRY | CLASS 3 | 25,000.00 | 1,154.17 | 0.00 | 23,845.83 |
| BERRY | DENNIS PAUL & SUSAN M BERRY | CLASS 3 | 40,000.00 | 1,472.75 | 0.00 | 38,527.25 |
| BERRY | JOHN BERRY | CLASS 3 | 55,000.00 | 4,663.95 | 0.00 | 50,336.05 |
| BERRY | PROV. TR GP-FBO TERESA D BERRY IRA | CLASS 5 | 200,000.00 | 36,444.44 | 0.00 | 163,555.56 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BERRY | THE BERRY LT | CLASS 5 | 310,000.00 | 93,240.36 | 0.00 | 216,759.64 |
| BERRY | TMICO-FBO HENRY S BERRY TRAD IRA | CLASS 5 | 195,000.00 | 43,658.41 | 0.00 | 151,341.59 |
| BERRY/COINER | ARTHUR L BERRY & CYNTHIA G COINER | CLASS 3 | 50,000.00 | 1,383.33 | 0.00 | 48,616.67 |
| BERRYHILL | DR PATRICK BERRYHILL TR 03/01/66 | CLASS 3 | 25,000.00 | 617.35 | 0.00 | 24,382.65 |
| BERTRAND | MAINSTAR-FBO NORMA J BERTRAND T2177515 | CLASS 3 | 47,000.00 | 522.22 | 0.00 | 46,477.78 |
| BERTSCH | JULIE BERTSCH | CLASS 3 | 25,000.00 | 638.91 | 0.00 | 24,361.09 |
| BERUBE | IRA SVCS TR CO-CFBO TERRY BERUBE IRA | CLASS 3 | 75,830.00 | 4,448.69 | 0.00 | 71,381.31 |
| BERWICK | IRA SVCS TR CO-CFBO JOHN M BERWICK IRA | CLASS 3 | 29,000.00 | 981.17 | 0.00 | 28,018.83 |
| BERWICK | JOHN M & KATHY J BERWICK | CLASS 3 | 25,000.00 | 1,210.41 | 0.00 | 23,789.59 |
| BESCHEN | MARY K BESCHEN TR DTD 09/24/07 | CLASS 3 | 50,000.00 | 612.51 | 0.00 | 49,387.49 |
| BESELER | DAVID DEAN & MELINDA CAY BESELER | CLASS 3 | 100,000.00 | 1,458.34 | 0.00 | 98,541.66 |
| BEST | MARY Z BEST | CLASS 3 | 25,000.00 | 103,688.06 | 0.00 | 0.00 ** |
| BEST | PROV. TR GP-FBO LOYAL A BEST IRA | CLASS 3 | 29,923.75 | 145.46 | 0.00 | 29,778.29 |
| BETH TORAH | BETH TORAH SYNAGOGUE | CLASS 3 | 25,000.00 | 1,300.00 | 0.00 | 23,700.00 |
| BETHEL CEMETERY | BETHEL CEMETERY | CLASS 3 | 125,000.00 | 10,312.50 | 0.00 | 114,687.50 |
| BETTERLEY | JEAN ANN BETTERLEY | CLASS 3 | 100,000.00 | 17,344.92 | 0.00 | 82,655.08 |
| BETTINGER | DAVID R & MARILYN BETTINGER | CLASS 3 | 700,000.00 | 62,943.75 | 0.00 | 637,056.25 |
| BETTINGER | DAVID R BETTINGER | CLASS 3 | 50,000.00 | 20,408.33 | 0.00 | 29,591.67 |
| BEVER | ALISON BEVER | CLASS 3 | 300,000.00 | 7,250.04 | 0.00 | 292,749.96 |
| BEYKE | KENNETH J BEYKE | CLASS 3 | 25,000.00 | 1,800.00 | 0.00 | 23,200.00 |
| BEYNON | JAY BEYNON FT DTD 10/23/98 | CLASS 3 | 500,000.00 | 0.00 | 0.00 | 500,000.00 |
| BEZDJIAN | RAFFIE S & ANDRALYNN O BEZDJIAN | CLASS 3 | 50,000.00 | 4,102.82 | 0.00 | 45,897.18 |
| BEZZINA | CHARLES & MARY ANNE BEZZINA | CLASS 3 | 50,000.00 | 1,633.33 | 0.00 | 48,366.67 |
| BEZZINA | CHRISTOPHER M BEZZINA | CLASS 3 | 60,000.00 | 8,766.71 | 0.00 | 51,233.29 |
| BICHT | CHARLES L BICHT JR | CLASS 3 | 15,000.00 | 458.33 | 0.00 | 14,541.67 |
| BICHT | JENNIFER L BICHT | CLASS 3 | 15,000.00 | 0.00 | 0.00 | 15,000.00 |
| BICKEL | WAYNE J & PHYLLIS A BICKEL | CLASS 3 | 25,000.00 | 1,695.83 | 0.00 | 23,304.17 |
| BICKLEY | PROV. TR GP-FBO GEORGE W BICKLEY IRA | CLASS 3 | 100,000.00 | 13,083.33 | 0.00 | 86,916.67 |
| BIERER | MAINSTAR-FBO DONALD L BIERER T2177363 | CLASS 3 | 110,000.00 | 3,379.44 | 0.00 | 106,620.56 |

### Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
### Woodbridge Group of Companies, LLC and Its Affliated Debtors
### Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BIERER | THOMAS E & MARGARET N BIERER | CLASS 3 | 50,000.00 | 5,566.67 | 0.00 | 44,433.33 |
| BIEVER | PROV. TR GP-FBO CANDI BIEVER IRA | CLASS 3 | 152,000.00 | 16,126.38 | 0.00 | 135,873.62 |
| BIGELOW | BRUCE A BIGELOW | CLASS 3 | 80,000.00 | 891.67 | 0.00 | 79,108.33 |
| BIGELOW | IRA SVCS TR CO-CFBO BRUCE A BIGELOW IRA | CLASS 3 | 78,000.00 | 2,660.73 | 0.00 | 75,339.27 |
| BIHN | PROV. TR GP-FBO GERALD J BIHN IRA | CLASS 3 | 70,000.00 | 7,340.28 | 0.00 | 62,659.72 |
| BILBO | DIANE BILBO | CLASS 3 | 30,000.00 | 1,197.08 | 0.00 | 28,802.92 |
| BILHEIMER | MAINSTAR-FBO CYNTHIA B BILHEIMER R2175765 | CLASS 3 | 23,000.00 | 1,472.00 | 0.00 | 21,528.00 |
| BILLS | PROV. TR GP-FBO RANDY BILLS IRA | CLASS 3 | 68,000.00 | 10,592.89 | 0.00 | 57,407.11 |
| BILLS | SUSAN BILLS | CLASS 3 | 25,000.00 | 2,516.72 | 0.00 | 22,483.28 |
| BILTZ | MAINSTAR-FBO JOHN L BILTZ T2178437 | CLASS 3 | 100,000.00 | 347.22 | 0.00 | 99,652.78 |
| BINGAMAN | ARIEL BINGAMAN | CLASS 3 | 33,000.00 | 6,621.04 | 0.00 | 26,378.96 |
| BINGAMAN | KATHLEEN D BINGAMAN | CLASS 3 | 28,000.00 | 0.00 | 0.00 | 28,000.00 |
| BINGHAM | DANIEL A BINGHAM | CLASS 3 | 200,000.00 | 0.00 | 0.00 | 200,000.00 |
| BINKERD | IRA SVCS TR CO-CFBO DAN BINKERD IRA | CLASS 3 | 47,000.00 | 4,085.80 | 0.00 | 42,914.20 |
| BINKERD | PROV. TR GP-FBO CATHY S BINKERD IRA | CLASS 5 | 165,000.00 | 16,461.00 | 0.00 | 148,539.00 |
| BINKERD | PROV. TR GP-FBO MICHAEL A BINKERD IRA | CLASS 3 | 609,100.00 | 58,960.11 | 0.00 | 550,139.89 |
| BINKERD | PROV. TR GP-FBO MICHAEL A BINKERD IRA | CLASS 5 | 200,000.00 | 19,359.75 | 0.00 | 180,640.25 |
| BINKLEY | PATRICIA BINKLEY | CLASS 3 | 75,000.00 | 2,150.00 | 0.00 | 72,850.00 |
| BINNS | PROV. TR GP-FBO BRUCE BINNS IRA | CLASS 3 | 100,000.00 | 16,800.00 | 0.00 | 83,200.00 |
| BIRCHFIELD | MAINSTAR-FBO JACK BIRCHFIELD T2176912 | CLASS 3 | 100,000.00 | 4,355.56 | 0.00 | 95,644.44 |
| BIRCHFIELD | MAINSTAR-FBO JACK BIRCHFIELD T2176912 | CLASS 5 | 300,000.00 | 13,066.67 | 0.00 | 286,933.33 |
| BIREBENT | PIERRE & NATHALIE PERRIER BIREBENT | CLASS 3 | 397,000.00 | 38,950.48 | 0.00 | 358,049.52 |
| BIRGENHEIR | MICHAEL R & LINDA G BIRGENHEIR | CLASS 5 | 129,000.00 | 33,196.64 | 0.00 | 95,803.36 |
| BIRKHOLZ | GAY LYN BIRKHOLZ | CLASS 3 | 100,000.00 | 1,208.33 | 0.00 | 98,791.67 |
| BIRKMEYER | JOHN BIRKMEYER | CLASS 3 | 42,000.00 | 1,073.33 | 0.00 | 40,926.67 |
| BIRNBRICH | ANTOINETTE BIRNBRICH | CLASS 3 | 25,000.00 | 479.17 | 0.00 | 24,520.83 |
| BIRNBRICH | THE ANTOINETTE BIRNBRICH RT DTD 08/29/16 | CLASS 3 | 28,000.00 | 1,473.93 | 0.00 | 26,526.07 |
| BIRRENKOTT | RANDY BIRRENKOTT | CLASS 3 | 112,000.00 | 3,397.32 | 0.00 | 108,602.68 |
| BIRRENKOTT | RICK BIRRENKOTT | CLASS 3 | 150,000.00 | 4,462.48 | 0.00 | 145,537.52 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BIRRENKOTT | RICK BIRRENKOTT | CLASS 5 | 100,000.00 | 2,974.99 | 0.00 | 97,025.01 |
| BISHOP | HORIZON TR CO-FBO RICHARD P BISHOP IRA | CLASS 3 | 25,000.00 | 3,359.88 | 0.00 | 21,640.12 |
| BISHOP | HORIZON TR CO-FBO RICHARD P BISHOP IRA | CLASS 5 | 200,000.00 | 26,879.04 | 0.00 | 173,120.96 |
| BISHOP | PROV. TR GP-FBO WADE BISHOP IRA | CLASS 5 | 293,000.00 | 85,843.34 | 0.00 | 207,156.66 |
| BITZ | CHRISTIAN HARTMUT RICHARD BITZ | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| BIXBY | JILL R BIXBY | CLASS 3 | 100,000.00 | 2,000.01 | 0.00 | 97,999.99 |
| BIXBY | MAINSTAR-FBO JILL R BIXBY T2175744 | CLASS 3 | 60,000.00 | 3,733.33 | 0.00 | 56,266.67 |
| BLACK | BLACK FRT DTD 05/05/04 | CLASS 3 | 370,000.00 | 59,828.16 | 0.00 | 310,171.84 |
| BLACK | BRENDA BLACK | CLASS 3 | 130,000.00 | 15,763.76 | 0.00 | 114,236.24 |
| BLACK | IRA SVCS TR CO-CFBO DONALD W BLACK IRA | CLASS 3 | 100,000.00 | 9,673.72 | 0.00 | 90,326.28 |
| BLACK | RODNEY BLACK | CLASS 3 | 1,142,000.00 | 205,935.17 | 6,125.91 | 929,938.92 |
| BLACK | RODNEY BLACK | CLASS 5 | 500,000.00 | 90,164.26 | 2,682.10 | 407,153.64 |
| BLACK | SUSAN BLACK | CLASS 5 | 50,000.00 | 15,416.79 | 0.00 | 34,583.21 |
| BLACKBURN | LARRY W BLACKBURN | CLASS 3 | 55,000.00 | 2,520.80 | 0.00 | 52,479.20 |
| BLACKBURN | MAINSTAR-FBO RAYMOND C BLACKBURN | CLASS 5 | 1,200,000.00 | 185,000.00 | 0.00 | 1,015,000.00 |
| BLACKBURN | RAYMOND C & CYDNEI K BLACKBURN | CLASS 5 | 3,100,000.00 | 589,083.25 | 0.00 | 2,510,916.75 |
| BLACKFORD | RICHARD D & SHERI L BLACKFORD | CLASS 5 | 300,000.00 | 33,050.05 | 0.00 | 266,949.95 |
| BLACKMAN | PROV. TR GP-FBO KATHERINE P BLACKMAN IRA | CLASS 3 | 74,500.00 | 7,116.82 | 0.00 | 67,383.18 |
| BLACKMORE | MAINSTAR-FBO DAVID BLACKMORE T2176496 | CLASS 3 | 99,950.00 | 4,747.63 | 0.00 | 95,202.37 |
| BLACKWELL | NANCY BLACKWELL | CLASS 3 | 50,000.00 | 1,258.33 | 0.00 | 48,741.67 |
| BLACKWELL | PROV. TR GP-FBO JAMES C BLACKWELL IRA | CLASS 3 | 151,000.00 | 2,517.02 | 0.00 | 148,482.98 |
| BLACKWELL | TMICO-FBO RICKY BLACKWELL TR IRA | CLASS 5 | 100,000.00 | 39,611.46 | 0.00 | 60,388.54 |
| BLAINE | MAINSTAR-FBO MELISSA BLAINE T2174689 | CLASS 3 | 225,000.00 | 21,402.00 | 0.00 | 203,598.00 |
| BLAIR | LAURA BLAIR | CLASS 3 | 61,150.00 | 4,188.78 | 0.00 | 56,961.22 |
| BLAIR | MAINSTAR-FBO LAURA BLAIR | CLASS 3 | 50,000.00 | 3,391.67 | 0.00 | 46,608.33 |
| BLAIWES | ROBIN BLAIWES | CLASS 3 | 100,000.00 | 15,389.34 | 0.00 | 84,610.66 |
| BLAKE | MAINSTAR-FBO SUSAN B BLAKE TW004168 | CLASS 3 | 46,500.00 | 245.42 | 0.00 | 46,254.58 |
| BLAKEMAN | BLAKEMAN PLUMBING & HEATING | CLASS 3 | 75,000.00 | 11,252.07 | 0.00 | 63,747.93 |
| BLAKEMAN | DAVID R BLAKEMAN DBA BLAKEMAN PROP | CLASS 3 | 50,000.00 | 7,501.37 | 0.00 | 42,498.63 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BLAKEMAN | DAVID R BLAKEMAN DBA S.E.S | CLASS 3 | 40,000.00 | 6,001.13 | 0.00 | 33,998.87 |
| BLAKEMAN | DAVID RAYMOND BLAKEMAN | CLASS 3 | 27,674.50 | 4,050.50 | 0.00 | 23,624.00 |
| BLAKEMAN | RANDY BLAKEMAN | CLASS 3 | 50,000.00 | 7,327.71 | 1,000.00 | 41,672.29 |
| BLAKLEY | MAINSTAR-FBO MACLOVIA BLAKLEY | CLASS 3 | 149,000.00 | 16,838.27 | 0.00 | 132,161.73 |
| BLAKLEY | MAINSTAR-FBO MACLOVIA BLAKLEY | CLASS 5 | 210,000.00 | 23,731.80 | 0.00 | 186,268.20 |
| BLAKNEY | KAREN BLAKNEY | CLASS 3 | 25,000.00 | 602.76 | 0.00 | 24,397.24 |
| BLANCHARD | STEVEN BLANCHARD | CLASS 3 | 50,000.00 | 6,927.07 | 0.00 | 43,072.93 |
| BLANCHARD | STEVEN BLANCHARD | CLASS 5 | 50,000.00 | 6,927.07 | 0.00 | 43,072.93 |
| BLANCO | DALE BLANCO | CLASS 3 | 150,000.00 | 21,003.56 | **0.00** | 128,996.44 |
| BLAND | PROV. TR GP-FBO PATRICIA BLAND IRA | CLASS 3 | 71,000.00 | 3,476.04 | 0.00 | 67,523.96 |
| BLASI | IRA SVCS TR CO-CFBO JERRY BLASI IRA | CLASS 3 | 75,000.00 | 8,179.17 | 0.00 | 66,820.83 |
| BLAVIN | MARLENA BLAVIN | CLASS 3 | 40,000.00 | 5,730.00 | 0.00 | 34,270.00 |
| BLAZEK | PROV. TR GP-FBO WILLIAM J BLAZEK IRA | CLASS 3 | 25,000.00 | 5,925.00 | 0.00 | 19,075.00 |
| BLEHM | DR KENNETH BLEHM | CLASS 3 | 705,000.00 | 155,051.32 | 0.00 | 549,948.68 |
| BLEHM | DR KENNETH BLEHM | CLASS 5 | 150,000.00 | 32,989.64 | 0.00 | 117,010.36 |
| BLEHM | GERALD A BLEHM | CLASS 3 | 75,000.00 | 1,267.36 | 0.00 | 73,732.64 |
| BLEILER | STEVEN & MARY BLEILER | CLASS 3 | 40,000.00 | 5,361.07 | 0.00 | 34,638.93 |
| BLENCH | SHERMAN BLENCH TR | CLASS 3 | 30,000.00 | 2,020.00 | 0.00 | 27,980.00 |
| BLEND | MICHAEL J & LESLY C BLEND | CLASS 3 | 50,000.00 | 1,066.67 | 0.00 | 48,933.33 |
| BLESSMAN | SANDRA E BLESSMAN | CLASS 3 | 30,000.00 | 1,262.08 | 0.00 | 28,737.92 |
| BLEVINS | JAMES DAVID & MELANIE ANN BLEVINS | CLASS 3 | 50,000.00 | 5,265.00 | 0.00 | 44,735.00 |
| BLEVINS | ORVILLE L & TARSHA JAN BLEVINS | CLASS 5 | 72,808.52 | 1,516.85 | 0.00 | 71,291.67 |
| BLEVINS | WILLIAM F BLEVINS | CLASS 3 | 200,000.00 | 22,136.04 | 0.00 | 177,863.96 |
| BLICKENDORF | HEATHER G BLICKENDORF | CLASS 3 | 240,000.00 | 46,781.02 | 0.00 | 193,218.98 |
| BLICKENDORF | PROV. TR GP-FBO CARL W BLICKENDORF IRA | CLASS 3 | 106,000.00 | 21,791.25 | 0.00 | 84,208.75 |
| BLICKENDORF | PROV. TR GP-FBO HEATHER BLICKENDORF IRA | CLASS 3 | 74,000.00 | 15,552.33 | 0.00 | 58,447.67 |
| BLIGHT | CHARLES C & SAYURI BLIGHT | CLASS 3 | 158,000.00 | 8,492.46 | 0.00 | 149,507.54 |
| BLIGHT | MAINSTAR-FBO SAYURI BLIGHT T2175982 | CLASS 3 | 105,000.00 | 5,089.58 | 0.00 | 99,910.42 |
| BLINDBURY | BLINDBURY FT DTD 04/11/91 | CLASS 3 | 50,000.00 | 505.56 | 0.00 | 49,494.44 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BLOCK | CARLA & NORMAN BLOCK | CLASS 3 | 150,000.00 | 32,394.89 | 0.00 | 117,605.11 |
| BLOCK | CARLA & NORMAN BLOCK | CLASS 5 | 50,000.00 | 10,798.30 | 0.00 | 39,201.70 |
| BLOOM | JEFFREY I BLOOM RT | CLASS 3 | 35,000.00 | 3,854.84 | 0.00 | 31,145.16 |
| BLOOM | LINDA & STEVEN BLOOM | CLASS 3 | 100,000.00 | 5,981.28 | 0.00 | 94,018.72 |
| BLOOM | MAINSTAR-FBO MARY BLOOM T2177459 | CLASS 3 | 62,810.08 | 1,789.06 | 0.00 | 61,021.02 |
| BLOOM | MARY BLOOM | CLASS 3 | 50,000.00 | 740.27 | 0.00 | 49,259.73 |
| BLUE | STEPHEN M & MARIE B BLUE FT | CLASS 3 | 100,000.00 | 2,643.03 | 0.00 | 97,356.97 |
| BLY | MARGARET A BLY | CLASS 3 | 200,000.00 | 2,261.12 | 0.00 | 197,738.88 |
| BLYTHE | SUSAN S BLYTHE | CLASS 3 | 100,000.00 | 4,216.67 | 0.00 | 95,783.33 |
| BOATWRIGHT | CONSTANCE E BOATWRIGHT | CLASS 3 | 200,000.00 | 11,300.00 | 0.00 | 188,700.00 |
| BOATWRIGHT | PROV. TR GP-FBO CONSTANCE BOATWRIGHT IRA | CLASS 3 | 27,780.00 | 1,673.75 | 0.00 | 26,106.25 |
| BOATZ | PROV. TR GP-FBO ALAN BOATZ IRA | CLASS 3 | 52,810.00 | 7,094.14 | 0.00 | 45,715.86 |
| BOBENCHIK | ROSLYN BOBENCHIK | CLASS 3 | 600,000.00 | 25,097.20 | 0.00 | 574,902.80 |
| BOCHENSKY | CHRISTINE M BOCHENSKY | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| BOCHNAK | IRA SVCS TR CO-CFBO BRUCE E BOCHNAK IRA | CLASS 3 | 310,000.00 | 29,449.32 | 0.00 | 280,550.68 |
| BOCKENSTETTE | MARK J & MARY KAY BOCKENSTETTE | CLASS 3 | 40,000.00 | 6,600.00 | 0.00 | 33,400.00 |
| BOCTOR | FRANZ BOCTOR | CLASS 3 | 25,000.00 | 1,489.63 | 0.00 | 23,510.37 |
| BODELIN | PROV. TR GP-FBO JACQUELINE M BODELIN IRA | CLASS 3 | 108,440.00 | 2,060.36 | 0.00 | 106,379.64 |
| BODELIN | ROBERT E & JACQUELINE M BODELIN | CLASS 3 | 50,000.00 | 958.33 | 0.00 | 49,041.67 |
| BODIN | MAINSTAR-FBO NICHOLAS BODIN | CLASS 5 | 85,000.00 | 14,993.03 | 0.00 | 70,006.97 |
| BODIN | NICHOLAS BODIN | CLASS 5 | 100,000.00 | 33,722.12 | 0.00 | 66,277.88 |
| BODIN | PROV. TR GP-FBO NICHOLAS BODIN IRA | CLASS 5 | 70,000.00 | 20,303.98 | 0.00 | 49,696.02 |
| BODINE | ROBERT W & BRADLEY W BODINE | CLASS 3 | 250,000.00 | 7,335.05 | 0.00 | 242,664.95 |
| BODMER | LELAND H BODMER | CLASS 3 | 25,000.00 | 1,319.48 | 0.00 | 23,680.52 |
| BOEDDEKER | JOHN JAY BOEDDEKER | CLASS 3 | 37,000.00 | 6,390.20 | 0.00 | 30,609.80 |
| BOEDDEKER | KELLY M BOEDDEKER | CLASS 3 | 25,000.00 | 1,375.82 | 0.00 | 23,624.18 |
| BOEDDEKER | KRISTINA J BOEDDEKER | CLASS 5 | 100,000.00 | 11,432.88 | 0.00 | 88,567.12 |
| BOEDDEKER | PROV. TR GP-FBO JOHN J BOEDDEKER IRA | CLASS 3 | 131,000.00 | 16,659.11 | 0.00 | 114,340.89 |
| BOEDEKER | THE KENNETH & ROSANNE BOEDEKER RLT | CLASS 3 | 50,000.00 | 6,800.00 | 0.00 | 43,200.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BOEHM | RUSSELL W & TERRY BLAKE BOEHM | CLASS 3 | 350,000.00 | 45,422.17 | 0.00 | 304,577.83 |
| BOEHM | RUSSELL W BOEHM | CLASS 3 | 50,000.00 | 10,033.36 | 1,000.00 | 38,966.64 |
| BOELTER | DOUGLAS L & SHEILA A BOELTER | CLASS 5 | 500,000.00 | 97,222.30 | 0.00 | 402,777.70 |
| BOGAN | PROV. TR GP-FBO GINGER BOGAN IRA | CLASS 3 | 59,500.00 | 7,589.56 | 0.00 | 51,910.44 |
| BOGARD | LINDA L BOGARD | CLASS 3 | 50,000.00 | 6,650.06 | 0.00 | 43,349.94 |
| BOGGS | PROV. TR GP-FBO JERRY LEE BOGGS IRA | CLASS 3 | 174,000.00 | 12,416.83 | 0.00 | 161,583.17 |
| BOGGS | PROV. TR GP-FBO MICHELLE BOGGS IRA | CLASS 3 | 64,300.00 | 22,391.13 | 0.00 | 41,908.87 |
| BOGGS | PROV. TR GP-FBO MICHELLE BOGGS IRA | CLASS 5 | 160,000.00 | 55,716.65 | 0.00 | 104,283.35 |
| BOGHOSIAN | THE BEATRICE A BOGHOSIAN RLT | CLASS 3 | 225,000.00 | 60,427.05 | 0.00 | 164,572.95 |
| BOHLANDER | ROBERT F BOHLANDER | CLASS 3 | 25,000.00 | 631.96 | 0.00 | 24,368.04 |
| BOICE | THE GEORGE D & LORRAINE BOICE JOINT LT | CLASS 5 | 100,000.00 | 15,638.83 | 0.00 | 84,361.17 |
| BOLDUC | ANN M BOLDUC | CLASS 3 | 60,000.00 | 2,182.50 | 0.00 | 57,817.50 |
| BOLGEN | MARK D BOLGEN | CLASS 3 | 200,000.00 | 2,722.23 | 0.00 | 197,277.77 |
| BOLLENBERG | VIVIEN BOLLENBERG | CLASS 3 | 150,000.00 | 9,916.63 | 0.00 | 140,083.37 |
| BOLON | MAINSTAR-FBO FRANK BOLON T2175281 | CLASS 3 | 220,265.27 | 15,701.91 | 0.00 | 204,563.36 |
| BOLTZ | JULIANNE BOLTZ | CLASS 3 | 25,000.00 | 444.46 | 0.00 | 24,555.54 |
| BOLTZ | RONALD O & JOHN M BOLTZ | CLASS 3 | 40,000.00 | 938.91 | 0.00 | 39,061.09 |
| BOLYARD | IRA SVCS TR CO-CFBO GREGORY BOLYARD IRA | CLASS 3 | 119,415.00 | 5,181.30 | 0.00 | 114,233.70 |
| BOLYARD | IRA SVCS TR CO-CFBO LOIS BOLYARD IRA | CLASS 3 | 49,000.00 | 1,395.09 | 0.00 | 47,604.91 |
| BOMSTA | ZACK D BOMSTA | CLASS 3 | 250,000.00 | 4,000.00 | 0.00 | 246,000.00 |
| BONAS | PROV. TR GP-FBO KEVIN BONAS IRA | CLASS 3 | 67,000.00 | 1,795.97 | 0.00 | 65,204.03 |
| BONCARO | PHILIP J BONCARO SR | CLASS 3 | 25,000.00 | 821.51 | 0.00 | 24,178.49 |
| BONETSKY | PROV. TR GP-FBO HENYA BONETSKY IRA | CLASS 3 | 60,000.00 | 575.00 | 0.00 | 59,425.00 |
| BONNELL | CATHERINE F BONNELL IRREV TR | CLASS 3 | 200,000.00 | 8,866.67 | 0.00 | 191,133.33 |
| BONO | CHERIE L BONO RT 12/02/05 | CLASS 3 | 50,000.00 | 7,466.67 | 0.00 | 42,533.33 |
| BONO | PROV. TR GP-FBO CHERIE BONO IRA | CLASS 3 | 150,000.00 | 18,345.00 | 0.00 | 131,655.00 |
| BOOKS | CHRISTOPHER M & ANN M BOOKS | CLASS 3 | 300,000.00 | 4,061.10 | 0.00 | 295,938.90 |
| BOOR | CAROLE BOOR | CLASS 3 | 25,000.00 | 1,203.09 | 0.00 | 23,796.91 |
| BOOR | GARY & BARB BOOR | CLASS 3 | 25,000.00 | 191.67 | 0.00 | 24,808.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BOOR | MARK A BOOR | CLASS 3 | 235,000.00 | 9,479.15 | 0.00 | 225,520.85 |
| BOOTH | ELIZABETH BOOTH | CLASS 3 | 25,000.00 | 364.58 | 0.00 | 24,635.42 |
| BOOTH | PAUL E BOOTH | CLASS 3 | 40,000.00 | 994.46 | 0.00 | 39,005.54 |
| BOOTH | THE BOOTH TR | CLASS 3 | 100,000.00 | 2,500.02 | 0.00 | 97,499.98 |
| BOOTHE | CLAY BOOTHE | CLASS 3 | 27,000.00 | 351.00 | 0.00 | 26,649.00 |
| BORCHELT | BENJAMIN M & NICOLE R BORCHELT | CLASS 3 | 150,000.00 | 28,129.71 | 0.00 | 121,870.29 |
| BORCHERT | SHERRY BORCHERT | CLASS 3 | 50,000.00 | 213.89 | 0.00 | 49,786.11 |
| BORGES-PRATER | PROV. TR GP-FBO MARY BORGES-PRATER IRA | CLASS 3 | 159,000.00 | 40,178.97 | 0.00 | 118,821.03 |
| BORIS/BURBA | JAN BORIS & NANCY L BURBA | CLASS 3 | 95,000.00 | 5,108.21 | 0.00 | 89,891.79 |
| BORNE | THERESA A & RONALD L BORNE | CLASS 3 | 50,000.00 | 33,415.23 | 0.00 | 16,584.77 |
| BOROS | MAINSTAR-FBO STEPHEN R BOROS TW003191 | CLASS 3 | 25,000.00 | 3,281.00 | 0.00 | 21,719.00 |
| BOROS | MAINSTAR-FBO STEPHEN R BOROS TW003191 | CLASS 5 | 115,000.00 | 15,092.59 | 0.00 | 99,907.41 |
| BOROUJERDI | HASSAN BOROUJERDI MD INC DBP TR | CLASS 3 | 250,000.00 | 2,812.51 | 0.00 | 247,187.49 |
| BORREGGINE | PROV. TR GP-FBO LOUIS V BORREGGINE IRA | CLASS 3 | 236,970.00 | 40,251.94 | 0.00 | 196,718.06 |
| BORYS | DANIEL F & JOANN T BORYS | CLASS 3 | 300,000.00 | 110,350.75 | 0.00 | 189,649.25 |
| BORYS | DANIEL F & JOANN T BORYS | CLASS 5 | 100,000.00 | 36,783.58 | 0.00 | 63,216.42 |
| BOSICK | PROV. TR GP-FBO MICHAEL C BOSICK IRA | CLASS 3 | 339,683.60 | 57,352.93 | 0.00 | 282,330.67 |
| BOSLEY | MAINSTAR-FBO BARRY BOSLEY T2177591 | CLASS 3 | 25,000.00 | 378.47 | 0.00 | 24,621.53 |
| BOSMA | HORIZON TR CO-FBO JANE BOSMA IRA | CLASS 3 | 49,800.00 | 2,552.25 | 0.00 | 47,247.75 |
| BOSMA | JANE M BOSMA | CLASS 3 | 100,000.00 | 16,545.42 | 0.00 | 83,454.58 |
| BOSO | MAINSTAR-FBO EDWIN BOSO | CLASS 3 | 253,169.48 | 16,719.73 | 0.00 | 236,449.75 |
| BOSO | MAINSTAR-FBO PEGGY BOSO TW003892 | CLASS 3 | 250,000.00 | 11,093.75 | 0.00 | 238,906.25 |
| BOST | IRA SVCS TR CO-CFBO CLYDE R BOST | CLASS 3 | 30,000.00 | 1,590.00 | 1,000.00 | 27,410.00 |
| BOST | IRA SVCS TR CO-CFBO SELENA K BOST IRA | CLASS 3 | 35,500.00 | 2,402.17 | 0.00 | 33,097.83 |
| BOST | PROV. TR GP-FBO TIMOTHY J BOST IRA | CLASS 3 | 133,000.00 | 16,780.17 | 0.00 | 116,219.83 |
| BOST | TIMOTHY J BOST | CLASS 5 | 50,000.00 | 11,235.60 | 0.00 | 38,764.40 |
| BOSTIC | WALTER E & MEREDITH M BOSTIC | CLASS 3 | 200,000.00 | 17,785.66 | 0.00 | 182,214.34 |
| BOSTIC | WALTER E & MEREDITH M BOSTIC | CLASS 5 | 100,000.00 | 8,892.83 | 0.00 | 91,107.17 |
| BOSTWICK | GEORGE I & MARILYN L BOSTWICK | CLASS 3 | 45,529.00 | 7,274.60 | 0.00 | 38,254.40 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BOSTWICK | PROV. TR GP-FBO GEORGE I BOSTWICK IRA | CLASS 3 | 40,000.00 | 7,542.56 | 0.00 | 32,457.44 |
| BOTCHIS/HAWTHORNE | ELIZABETH BOTCHIS & JENNIFER HAWTHORNE | CLASS 3 | 100,000.00 | 3,214.98 | 0.00 | 96,785.02 |
| BOTCHIS/HAWTHORNE | ELIZABETH BOTCHIS & JENNIFER HAWTHORNE | CLASS 5 | 60,000.00 | 1,928.99 | 0.00 | 58,071.01 |
| BOTELLO | CATHERINE BOTELLO | CLASS 3 | 300,000.00 | 208.33 | 0.00 | 299,791.67 |
| BOTTARO | DONALD A & FLORENCE H BOTTARO | CLASS 3 | 275,000.00 | 13,059.02 | 0.00 | 261,940.98 |
| BOTTASS | MAINSTAR-FBO CHERYL J BOTTASS BT175635 | CLASS 3 | 230,611.54 | 11,393.26 | 0.00 | 219,218.28 |
| BOTTENFIELD | IRA SVCS TR CO-CFBO JOY BOTTENFIELD | CLASS 3 | 199,000.00 | 1,299.03 | 0.00 | 197,700.97 |
| BOTWINICK | FRANCINE & ROBERT BOTWINICK | CLASS 3 | 125,000.00 | 5,156.25 | 0.00 | 119,843.75 |
| BOTWINICK | PROV. TR GP-FBO RANDY C BOTWINICK SEP IRA | CLASS 3 | 500,363.84 | 45,043.76 | 0.00 | 455,320.08 |
| BOTWINICK | RANDY C BOTWINICK | CLASS 3 | 473,000.00 | 27,056.30 | 0.00 | 445,943.70 |
| BOUCHER | ROBERT & SIMONE BOUCHER | CLASS 3 | 25,000.00 | 1,573.27 | 0.00 | 23,426.73 |
| BOUDREAUX | SUSAN BOUDREAUX | CLASS 3 | 50,000.00 | 1,025.00 | 0.00 | 48,975.00 |
| BOUGHTON | BRUCE BOUGHTON | CLASS 3 | 175,000.00 | 2,625.00 | 0.00 | 172,375.00 |
| BOURGEOIS | IRA SVCS TR CO-CFBO KIMBERLY F BOURGEOIS | CLASS 3 | 32,000.00 | 5,084.37 | 0.00 | 26,915.63 |
| BOURGEOIS | THE EWELL P & BETTY L BOURGEOIS RT | CLASS 3 | 100,000.00 | 10,913.16 | 0.00 | 89,086.84 |
| BOUSUM | GAIL SUSAN BOUSUM | CLASS 3 | 50,000.00 | 211.81 | 0.00 | 49,788.19 |
| BOWEN | KRISTIN BOWEN | CLASS 3 | 110,000.00 | 1,775.28 | 0.00 | 108,224.72 |
| BOWEN | RICHARD BOWEN | CLASS 3 | 50,000.00 | 1,205.57 | 0.00 | 48,794.43 |
| BOWEN | WILLIAM BOWEN | CLASS 3 | 60,000.00 | 1,500.00 | 0.00 | 58,500.00 |
| BOWER | JOHN R & SANDRA K BOWER | CLASS 3 | 150,000.00 | 22,749.97 | 0.00 | 127,250.03 |
| BOWERS | BOWERS FT | CLASS 3 | 53,000.00 | 10,513.10 | 0.00 | 42,486.90 |
| BOWERS | DANIEL W & DARYL L BOWERS | CLASS 3 | 94,500.00 | 35,910.32 | 0.00 | 58,589.68 |
| BOWERS | DAVID & MAE BOWERS | CLASS 3 | 25,000.00 | 659.74 | 0.00 | 24,340.26 |
| BOWERS | HERSHEY & FREDA BOWERS | CLASS 3 | 1,400,000.00 | 39,599.27 | 0.00 | 1,360,400.73 |
| BOWERS | LEE A BOWERS | CLASS 3 | 65,000.00 | 1,119.43 | 0.00 | 63,880.57 |
| BOWERS | ROBERT L BOWERS | CLASS 3 | 100,000.00 | 6,791.67 | 0.00 | 93,208.33 |
| BOWERS | ROY & EDITH BOWERS | CLASS 3 | 55,000.00 | 1,173.33 | 0.00 | 53,826.67 |
| BOWLES | SCOT D & ANDREA L BOWLES | CLASS 5 | 100,000.00 | 13,194.39 | 0.00 | 86,805.61 |
| BOWMAN | IRA SVCS TR CO-CFBO JAMES P BOWMAN | CLASS 3 | 154,500.00 | 2,781.00 | 0.00 | 151,719.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BOWMAN | LUKE M BOWMAN | CLASS 3 | 225,000.00 | 26,040.19 | 0.00 | 198,959.81 |
| BOXSTEIN | GERALD BOXSTEIN | CLASS 3 | 25,000.00 | 2,215.80 | 0.00 | 22,784.20 |
| BOXSTEIN | THE GERALD BOXSTEIN TR 1991 | CLASS 3 | 25,000.00 | 1,208.33 | 0.00 | 23,791.67 |
| BOYCE | RICHARD A BOYCE | CLASS 3 | 25,000.00 | 733.33 | 0.00 | 24,266.67 |
| BOYD | JOSEPH P BOYD | CLASS 3 | 100,000.00 | 6,650.00 | 0.00 | 93,350.00 |
| BOYD | RANDELL L BOYD | CLASS 5 | 100,000.00 | 24,055.46 | 0.00 | 75,944.54 |
| BOYDSTUN | JAMES BOYDSTUN | CLASS 3 | 40,000.00 | 2,880.00 | 0.00 | 37,120.00 |
| BOYETT | DORIS BOYETT | CLASS 3 | 71,921.51 | 1,108.78 | 0.00 | 70,812.73 |
| BOYLE | PROV. TR GP-FBO JOAN E BOYLE IRA | CLASS 3 | 125,000.00 | 17,010.39 | 0.00 | 107,989.61 |
| BOYLE | PROV. TR GP-FBO STEPHEN M BOYLE IRA | CLASS 3 | 71,000.00 | 8,974.16 | 0.00 | 62,025.84 |
| BOYLE | STEPHEN & JOAN BOYLE | CLASS 3 | 70,000.00 | 9,936.17 | 0.00 | 60,063.83 |
| BRACKMAN | JAMES R & KATHLEEN A BRACKMAN | CLASS 5 | 50,000.00 | 3,644.48 | 0.00 | 46,355.52 |
| BRACKMAN | JAMES R BRACKMAN | CLASS 3 | 100,000.00 | 952.77 | 0.00 | 99,047.23 |
| BRACKMAN | VERNON BRACKMAN | CLASS 3 | 30,000.00 | 30.00 | 0.00 | 29,970.00 |
| BRADFORD | ELIZABETH L BRADFORD | CLASS 3 | 150,000.00 | 7,843.75 | 0.00 | 142,156.25 |
| BRADFORD | JAMES & RUTHANNE BRADFORD | CLASS 3 | 25,000.00 | 45.14 | 0.00 | 24,954.86 |
| BRADFORD | VERA & BRYAN BRADFORD | CLASS 3 | 100,000.00 | 10,268.11 | 0.00 | 89,731.89 |
| BRADLEY | PROV. TR GP-FBO STEPHEN J BRADLEY IRA | CLASS 3 | 488,000.00 | 86,519.70 | 0.00 | 401,480.30 |
| BRADLEY | SALLY SUE BRADLEY | CLASS 3 | 25,000.00 | 302.09 | 0.00 | 24,697.91 |
| BRADLEY | STANLEY J BRADLEY | CLASS 3 | 25,000.00 | 2,897.80 | 0.00 | 22,102.20 |
| BRAGADO | MARIPAZ BRAGADO | CLASS 3 | 50,000.00 | 833.33 | 0.00 | 49,166.67 |
| BRAGADO | MILAGROS BRAGADO | CLASS 3 | 150,000.00 | 2,250.00 | 0.00 | 147,750.00 |
| BRAGG | YOLANDA BRAGG | CLASS 3 | 50,000.00 | 1,144.43 | 0.00 | 48,855.57 |
| BRAKER | ROBERT CHARLES BRAKER | CLASS 3 | 40,000.00 | 2,152.25 | 0.00 | 37,847.75 |
| BRANCKE | JOHN S BRANCKE RT | CLASS 3 | 390,000.00 | 41,941.19 | 0.00 | 348,058.81 |
| BRAND | LEO J BRAND II | CLASS 3 | 25,000.00 | 1,345.83 | 0.00 | 23,654.17 |
| BRAND | PAUL A BRAND | CLASS 3 | 25,000.00 | 83.33 | 0.00 | 24,916.67 |
| BRANDEBERY | MARY LOU & DAVID KENT BRANDEBERY | CLASS 3 | 200,000.00 | 24,783.33 | 0.00 | 175,216.67 |
| BRANDT | MAINSTAR-FBO CHERYL BRANDT | CLASS 3 | 51,800.00 | 5,503.75 | 0.00 | 46,296.25 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BRANNAN | PROV. TR GP-FBO JAMES RUSSELL BRANNAN IRA | CLASS 3 | 50,000.00 | 6,323.56 | 0.00 | 43,676.44 |
| BRANTLEY | PROV. TR GP-FBO SUSAN E BRANTLEY IRA | CLASS 3 | 49,000.00 | 7,015.17 | 0.00 | 41,984.83 |
| BRANTNER | THE BRANTNER FT 02/07/01 | CLASS 3 | 65,000.00 | 7,056.08 | 0.00 | 57,943.92 |
| BRAUN | GILBERT E BRAUN | CLASS 3 | 180,000.00 | 8,097.50 | 0.00 | 171,902.50 |
| BRAUN | JOHN M BRAUN JR | CLASS 3 | 100,000.00 | 10,883.67 | 0.00 | 89,116.33 |
| BRAUN | TMICO-FBO ARLIN D BRAUN TRAD IRA #0015649 | CLASS 5 | 400,000.00 | 90,889.04 | 0.00 | 309,110.96 |
| BRAUN | TMICO-FBO SARA L BRAUN IRA | CLASS 5 | 100,000.00 | 20,072.36 | 0.00 | 79,927.64 |
| BRAY | CHARLES E & LESLIE C BRAY | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| BRAZEE | ROBERT P BRAZEE | CLASS 3 | 75,000.00 | 7,312.50 | 0.00 | 67,687.50 |
| BREMER | RICHARD R & CATHARINE E BREMER | CLASS 3 | 50,000.00 | 9,007.46 | 0.00 | 40,992.54 |
| BREMNER | BRUCE B & TREVA A BREMNER | CLASS 3 | 200,000.00 | 4,688.90 | 0.00 | 195,311.10 |
| BREMSON | LEE BREMSON | CLASS 3 | 100,000.00 | 6,234.03 | 0.00 | 93,765.97 |
| BREMSON | NATALIE L & DAVID B BREMSON | CLASS 3 | 50,000.00 | 3,248.74 | 0.00 | 46,751.26 |
| BREMSON | PROV. TR GP-FBO DAVID BREMSON IRA | CLASS 3 | 241,552.21 | 15,858.57 | 0.00 | 225,693.64 |
| BRENDSAL | PROV. TR GP-FBO SUSAN BRENDSAL IRA | CLASS 5 | 123,000.00 | 45,343.89 | 0.00 | 77,656.11 |
| BRENNAN | LOIS BRENNAN | CLASS 3 | 45,000.00 | 6,173.83 | 0.00 | 38,826.17 |
| BRENNAN | LOIS BRENNAN | CLASS 5 | 50,000.00 | 6,859.82 | 0.00 | 43,140.18 |
| BRENNAN | THE PHUONGANH NGUYEN BRENNAN RLT | CLASS 3 | 200,000.00 | 10,700.00 | 0.00 | 189,300.00 |
| BRENNER | MAINSTAR-FBO LANNY L BRENNER T2177753 | CLASS 3 | 427,353.81 | 10,137.78 | 0.00 | 417,216.03 |
| BRENSDAL | PROV. TR GP-FBO LAWRENCE E BRENSDAL IRA | CLASS 5 | 69,600.00 | 21,691.96 | 0.00 | 47,908.04 |
| BRENTON | PROV. TR GP-FBO JAMES & SHEILA BRENTON ICA | CLASS 3 | 30,000.00 | 4,775.00 | 0.00 | 25,225.00 |
| BREWER | BARBARA K BREWER | CLASS 3 | 50,000.00 | 8,361.20 | 0.00 | 41,638.80 |
| BREWER | GAYLE M & JOSEPH F BREWER | CLASS 3 | 40,000.00 | 2,294.41 | 0.00 | 37,705.59 |
| BREWER | PROV. TR GP-FBO BARBARA BREWER INH IRA | CLASS 3 | 50,600.00 | 4,024.00 | 0.00 | 46,576.00 |
| BREYER | HARRY BREYER RLT | CLASS 3 | 2,400,000.00 | 153,102.78 | 3,000.00 | 2,243,897.22 |
| BREYER | HARRY BREYER RLT | CLASS 3* | 200,000.00 | 13,363.92 | 0.00 | 186,636.08 |
| BREYER | JANE & HARRY BREYER | CLASS 3 | 50,000.00 | 2,946.55 | 0.00 | 47,053.45 |
| BREYER | KERMIT R BREYER | CLASS 3 | 100,000.00 | 16,682.33 | 0.00 | 83,317.67 |
| BREYER | MARY KAY BREYER | CLASS 3 | 25,000.00 | 2,300.00 | 0.00 | 22,700.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BRIDGES | BARRY B BRIDGES | CLASS 3 | 35,000.00 | 3,800.36 | 0.00 | 31,199.64 |
| BRIDGES | PROV. TR GP-FBO PAULA L BRIDGES IRA | CLASS 3 | 207,000.00 | 29,091.12 | 0.00 | 177,908.88 |
| BRIEL | PROV. TR GP-FBO JEFFREY M BRIEL IRA | CLASS 5 | 200,000.00 | 31,927.70 | 0.00 | 168,072.30 |
| BRIGHT | PROV. TR GP-FBO WILLIAM BRIGHT IRA | CLASS 3 | 59,896.41 | 10,909.73 | 0.00 | 48,986.68 |
| BRIM | RONALD E & KATHERINE H BRIM | CLASS 3 | 80,000.00 | 5,853.33 | 0.00 | 74,146.67 |
| BRINATI | WILLIAM J BRINATI TR DTD 01/21/10 | CLASS 3 | 50,000.00 | 7,916.67 | 0.00 | 42,083.33 |
| BRINDLE | BRINDLE FRLT | CLASS 3 | 50,000.00 | 612.51 | 0.00 | 49,387.49 |
| BRINGLE | KENNETH W BRINGLE | CLASS 3 | 50,000.00 | 2,991.67 | 0.00 | 47,008.33 |
| BRINK | JANET P BRINK RT 01/19/94-JANET BRINK TR | CLASS 5 | 50,000.00 | 14,916.78 | 0.00 | 35,083.22 |
| BRINK | MAINSTAR-FBO JANET P BRINK T1127700 | CLASS 3 | 27,561.16 | 5,627.03 | 0.00 | 21,934.13 |
| BRINK | MAINSTAR-FBO ROGER W BRINK T1127800 | CLASS 3 | 114,854.47 | 23,261.90 | 0.00 | 91,592.57 |
| BRINK | ROGER W & JANET P BRINK | CLASS 3 | 200,000.00 | 41,502.83 | 0.00 | 158,497.17 |
| BRINK | ROGER W & JANET P BRINK | CLASS 5 | 100,000.00 | 20,751.41 | 0.00 | 79,248.59 |
| BRINK | ROGER W BRINK RT 01/19/94-ROGER BRINK TR | CLASS 5 | 50,000.00 | 14,916.78 | 0.00 | 35,083.22 |
| BRINKERHOFF | CHRIS BRINKERHOFF | CLASS 3 | 210,000.00 | 11,200.00 | 0.00 | 198,800.00 |
| BRINTNALL | CHRISTINE M & TIMOTHY PETER BRINTNALL | CLASS 3 | 25,000.00 | 2,722.96 | 0.00 | 22,277.04 |
| BRINTNALL | HORIZON TR CO-FBO CHRISTINE M BRINTNALL | CLASS 3 | 53,100.00 | 918.93 | 0.00 | 52,181.07 |
| BRITTON | KENT BRITTON | CLASS 3 | 80,000.00 | 10,466.62 | 0.00 | 69,533.38 |
| BRITTON | PROV. TR GP-FBO KENT R BRITTON IRA | CLASS 3 | 125,000.00 | 33,241.80 | 0.00 | 91,758.20 |
| BRITTON | PROV. TR GP-FBO KENT R BRITTON IRA | CLASS 5 | 500,000.00 | 132,967.19 | 0.00 | 367,032.81 |
| BROAD | GOLDSTAR TR CO-FBO MAAME B BROAD IRA | CLASS 5 | 100,000.00 | 13,847.22 | 0.00 | 86,152.78 |
| BROADWAY | HOLLY A BROADWAY | CLASS 3 | 100,000.00 | 12,166.66 | 0.00 | 87,833.34 |
| BROADWELL | MAINSTAR-FBO WALTER B BROADWELL T2178323 | CLASS 3 | 160,000.00 | 866.67 | 0.00 | 159,133.33 |
| BROADWELL | MARY JANE BROADWELL TR UAD 07/15/11 | CLASS 3 | 50,000.00 | 3,722.17 | 0.00 | 46,277.83 |
| BROADWELL | WALTER & MARY JANE BROADWELL | CLASS 3 | 25,000.00 | 1,861.17 | 0.00 | 23,138.83 |
| BROCK/JORDAN | GLADYS BROCK & PAMELA JORDAN | CLASS 3 | 30,000.00 | 518.76 | 0.00 | 29,481.24 |
| BROCKMAN | PROV. TR GP-FBO LINDA J BROCKMAN IRA | CLASS 3 | 80,000.00 | 8,511.11 | 0.00 | 71,488.89 |
| BROCKSON | APRIL BROCKSON | CLASS 3 | 200,000.00 | 4,066.67 | 0.00 | 195,933.33 |
| BRODAHL | DIANE IRENE BRODAHL | CLASS 3 | 100,000.00 | 3,604.11 | 0.00 | 96,395.89 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BRODIE | PAULA BRODIE RT-EVAN BRODIE TTEE | CLASS 5 | 500,000.00 | 158,222.41 | 0.00 | 341,777.59 |
| BRODIE | PROV. TR GP-FBO EVAN BRODIE IRA | CLASS 5 | 725,000.00 | 238,319.34 | 0.00 | 486,680.66 |
| BRODIE | THE EVAN BRODIE RT | CLASS 5 | 975,000.00 | 245,458.03 | 0.00 | 729,541.97 |
| BRODNAN | CAROL A BRODNAN | CLASS 5 | 50,000.00 | 7,083.39 | 0.00 | 42,916.61 |
| BRODNAN | CAROL ANN BRODNAN | CLASS 5 | 267,451.88 | 47,780.53 | 0.00 | 219,671.35 |
| BROERS | JULIANA & JOHN W BROERS | CLASS 3 | 25,000.00 | 1,594.41 | 0.00 | 23,405.59 |
| BROOKS | DEE DEE BROOKS | CLASS 3 | 60,000.00 | 4,183.33 | 0.00 | 55,816.67 |
| BROOKS | INEZ BROOKS | CLASS 3 | 300,000.00 | 55,416.67 | 0.00 | 244,583.33 |
| BROOKS | MAINSTAR-FBO DEE DEE BROOKS R2178298 | CLASS 3 | 50,000.00 | 748.61 | 0.00 | 49,251.39 |
| BROOKS | MARY M BROOKS FT | CLASS 3 | 100,000.00 | 233.33 | 0.00 | 99,766.67 |
| BROOKS | MICHAEL BROOKS | CLASS 3 | 200,000.00 | 37,000.72 | 0.00 | 162,999.28 |
| BROOKS | ROSS BROOKS | CLASS 3 | 37,500.00 | 331.25 | 0.00 | 37,168.75 |
| BROSKI | CAROLINE BROSKI | CLASS 3 | 80,000.00 | 4,863.75 | 0.00 | 75,136.25 |
| BROTMAN | SUSAN J BROTMAN DECL OF TR 06/10/05 | CLASS 3 | 50,000.00 | 6,620.53 | 0.00 | 43,379.47 |
| BROUSSARD | BRENDA KAY BROUSSARD | CLASS 3 | 150,000.00 | 17,975.00 | 0.00 | 132,025.00 |
| BROUSSEAU | GERI BROUSSEAU | CLASS 3 | 50,000.00 | 3,391.67 | 0.00 | 46,608.33 |
| BROUSSEAU | SUNWEST TR CHARLES BROUSSEAU IRA | CLASS 3 | 447,000.00 | 57,541.32 | 0.00 | 389,458.68 |
| BROUSSEAU | SUNWEST TR CHARLES BROUSSEAU IRA | CLASS 5 | 150,000.00 | 19,309.17 | 0.00 | 130,690.83 |
| BROUWER | GERARD J & ROSE LEE BROUWER RLT 09/30/98 | CLASS 3 | 30,000.00 | 1,700.00 | 0.00 | 28,300.00 |
| BROWER | ELAINE BROWER LT DTD 10/01/03 | CLASS 3 | 280,000.00 | 43,144.80 | 0.00 | 236,855.20 |
| BROWER | PROV. TR GP-FBO ROY BROWER IRA | CLASS 5 | 158,650.00 | 27,668.06 | 0.00 | 130,981.94 |
| BROWER | PROV. TR GP-FBO ROY BROWER SEP IRA | CLASS 5 | 109,171.24 | 21,954.77 | 0.00 | 87,216.47 |
| BROWER | PROV. TR GP-FBO THERESA BROWER IRA | CLASS 3 | 92,830.78 | 13,670.59 | 0.00 | 79,160.19 |
| BROWN | ALAN K BROWN | CLASS 3 | 50,000.00 | 7,725.00 | 0.00 | 42,275.00 |
| BROWN | ALBERT J BROWN | CLASS 3 | 50,000.00 | 602.78 | 0.00 | 49,397.22 |
| BROWN | BETTY JO BROWN | CLASS 3 | 100,000.00 | 913.89 | 0.00 | 99,086.11 |
| BROWN | CHARLOTTE A BROWN | CLASS 3 | 25,000.00 | 1,354.21 | 0.00 | 23,645.79 |
| BROWN | CRAIG & SANDRA BROWN | CLASS 5 | 100,000.00 | 32,117.85 | 0.00 | 67,882.15 |
| BROWN | DR ANDREA & DARRELL BROWN | CLASS 5 | 200,000.00 | 27,500.05 | 0.00 | 172,499.95 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BROWN | ELAINE BROWN | CLASS 3 | 200,000.00 | 21,709.67 | 0.00 | 178,290.33 |
| BROWN | HARLEY CLYDE & ELOISE DEROUEN BROWN | CLASS 3 | 25,000.00 | 48.61 | 0.00 | 24,951.39 |
| BROWN | HELEN LOUISE BROWN | CLASS 3 | 30,000.00 | 1,295.00 | 0.00 | 28,705.00 |
| BROWN | HORIZON TR CO-FBO MELINDA S BROWN IRA | CLASS 3 | 58,202.00 | 5,024.77 | 1,000.00 | 52,177.23 |
| BROWN | IRA SVCS TR CO-CFBO LLOYD G BROWN | CLASS 3 | 69,000.00 | 617.17 | 0.00 | 68,382.83 |
| BROWN | JAMES F BROWN | CLASS 3 | 100,000.00 | 15,483.33 | 0.00 | 84,516.67 |
| BROWN | JEFFREY J & MELINDA S BROWN | CLASS 3 | 50,000.00 | 5,102.04 | 0.00 | 44,897.96 |
| BROWN | JESSE BROWN | CLASS 3 | 50,000.00 | 3,743.10 | 0.00 | 46,256.90 |
| BROWN | JESSICA BROWN | CLASS 3 | 25,000.00 | 2,328.42 | 0.00 | 22,671.58 |
| BROWN | JOE D & LAVADA C BROWN | CLASS 3 | 50,000.00 | 4,592.93 | 0.00 | 45,407.07 |
| BROWN | JOHN J BROWN | CLASS 3 | 50,000.00 | 1,058.33 | 0.00 | 48,941.67 |
| BROWN | JOSHUA BROWN | CLASS 3 | 25,000.00 | 524.99 | 0.00 | 24,475.01 |
| BROWN | MAINSTAR-FBO ALISA M BROWN T2178345 | CLASS 3 | 308,000.00 | 1,989.17 | 0.00 | 306,010.83 |
| BROWN | MAINSTAR-FBO CHARLOTTE A BROWN T2176088 | CLASS 3 | 32,733.81 | 1,618.51 | 0.00 | 31,115.30 |
| BROWN | MAINSTAR-FBO TERRY BROWN TW003697 | CLASS 3 | 148,400.55 | 6,585.27 | 0.00 | 141,815.28 |
| BROWN | MICHAEL J BROWN | CLASS 3 | 25,000.00 | 5,204.23 | 0.00 | 19,795.77 |
| BROWN | NORMAN BROWN | CLASS 3 | 50,000.00 | 1,266.66 | 0.00 | 48,733.34 |
| BROWN | PHYLLIS R & JACK L BROWN | CLASS 3 | 100,000.00 | 19,208.01 | 0.00 | 80,791.99 |
| BROWN | PROV. TR GP-FBO MICHAEL J BROWN IRA | CLASS 3 | 50,000.00 | 8,958.75 | 0.00 | 41,041.25 |
| BROWN | R KEITH BROWN | CLASS 3 | 150,000.00 | 22,675.00 | 0.00 | 127,325.00 |
| BROWN | RICHARD BROWN | CLASS 3 | 100,000.00 | 2,663.91 | 0.00 | 97,336.09 |
| BROWN | ROSE BROWN | CLASS 3 | 50,000.00 | 527.77 | 0.00 | 49,472.23 |
| BROWN | THOMAS R & JANE E BROWN | CLASS 3 | 59,000.00 | 7,447.36 | 0.00 | 51,552.64 |
| BROWN/DOMINGUEZ | CONNIE M BROWN & RONALD DOMINGUEZ JR | CLASS 3 | 25,000.00 | 1,534.77 | 0.00 | 23,465.23 |
| BROWNELL | MAINSTAR-FBO MERRY BROWNELL T2177630 | CLASS 3 | 49,975.00 | 820.78 | 0.00 | 49,154.22 |
| BROWNING | MICHAEL BROWNING | CLASS 3 | 200,000.00 | 12,458.30 | 0.00 | 187,541.70 |
| BROWNSHER | KENNETH J BROWNSHER | CLASS 3 | 100,000.00 | 9,112.50 | 0.00 | 90,887.50 |
| BRUCATO | GRACE BRUCATO | CLASS 3 | 100,000.00 | 18,758.21 | 0.00 | 81,241.79 |
| BRUCE | IRA SVCS TR CO-CFBO HOWARD W BRUCE IRA | CLASS 5 | 400,000.00 | 35,888.86 | 0.00 | 364,111.14 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BRUCE | JONATHAN D BRUCE | CLASS 3 | 25,000.00 | 2,413.27 | 0.00 | 22,586.73 |
| BRUCKERT | SANDRA M BRUCKERT | CLASS 3 | 200,000.00 | 0.00 | 0.00 | 200,000.00 |
| BRUEGGEN | GREG BRUEGGEN | CLASS 3 | 50,000.00 | 464.41 | 0.00 | 49,535.59 |
| BRUGGINK | PROV. TR GP-FBO GAYLE A R BRUGGINK IRA | CLASS 3 | 100,000.00 | 2,555.56 | 0.00 | 97,444.44 |
| BRUGGINK | PROV. TR GP-FBO GAYLE R BRUGGINK ROTH IRA | CLASS 3 | 40,000.00 | 1,000.00 | 0.00 | 39,000.00 |
| BRUGOS | MICHAEL J & SHARON KAY BRUGOS | CLASS 3 | 100,000.00 | 16,492.41 | 0.00 | 83,507.59 |
| BRUNER | PROV. TR GP-FBO GLENN A BRUNER IRA | CLASS 3 | 200,000.00 | 29,525.00 | 0.00 | 170,475.00 |
| BRUNK | THE BRUNK FLT DTD 07/22/92 | CLASS 3 | 20,000.00 | 3,606.67 | 0.00 | 16,393.33 |
| BRUNNER | PROV. TR GP-FBO LANCE BRUNNER IRA | CLASS 3 | 25,000.00 | 4,206.25 | 0.00 | 20,793.75 |
| BRUNO | TONY BRUNO | CLASS 5 | 100,000.00 | 31,333.25 | 0.00 | 68,666.75 |
| BRUNS | DANIEL R & JANE A BRUNS | CLASS 5 | 100,000.00 | 13,060.44 | 0.00 | 86,939.56 |
| BRUNS | TRINA M BRUNS | CLASS 3 | 35,000.00 | 1,196.88 | 0.00 | 33,803.12 |
| BRUNS | WILLIAM L BRUNS | CLASS 3 | 100,000.00 | 25,603.46 | 0.00 | 74,396.54 |
| BRUNSON | PROV. TR GP-FBO MICHAEL L BRUNSON SEP IRA | CLASS 3 | 35,000.00 | 1,174.45 | 0.00 | 33,825.55 |
| BRUNSON | PROV. TR GP-FBO WENDY BRUNSON IRA | CLASS 3 | 30,000.00 | 2,080.00 | 0.00 | 27,920.00 |
| BRUNSWICK | DEAN BRUNSWICK | CLASS 3 | 25,000.00 | 2,812.50 | 0.00 | 22,187.50 |
| BRUNSWICK | MAINSTAR-FBO BARBARA BRUNSWICK T2178183 | CLASS 3 | 211,809.01 | 1,029.63 | 0.00 | 210,779.38 |
| BRUSSEAU | WILLIAM BRUSSEAU & JOAN METCALFE-BRUSSEAU | CLASS 3 | 50,000.00 | 576.38 | 0.00 | 49,423.62 |
| BRYAN | PAUL E & CONNIE E BRYAN | CLASS 3 | 33,700.00 | 575.72 | 0.00 | 33,124.28 |
| BRYAN | SHIRLEY A BRYAN | CLASS 5 | 50,000.00 | 9,708.35 | 0.00 | 40,291.65 |
| BRYAN | WENDELL E & NANCY J BRYAN | CLASS 3 | 50,000.00 | 8,291.67 | 0.00 | 41,708.33 |
| BRYAN | WENDELL E BRYAN | CLASS 3 | 25,000.00 | 3,355.25 | 0.00 | 21,644.75 |
| BRYNIARSKI | IRA SVCS TR CO-CFBO MAREK BRYNIARSKI | CLASS 3 | 54,450.00 | 5,653.75 | 0.00 | 48,796.25 |
| BRZOSKA | MAINSTAR-FBO RICHARD W BRZOSKA T2175263 | CLASS 3 | 115,000.00 | 9,777.50 | 0.00 | 105,222.50 |
| BRZOWSKY | MAINSTAR-FBO GINA BRZOWSKY TW003950 | CLASS 3 | 100,000.00 | 2,716.67 | 0.00 | 97,283.33 |
| BTJ | THE BTJ TR DTD 10/13/15 | CLASS 5 | 250,000.00 | 48,263.81 | 0.00 | 201,736.19 |
| BUBP | BRIAN F BUBP | CLASS 3 | 65,000.00 | 14,616.64 | 0.00 | 50,383.36 |
| BUCCI | PROV. TR GP-FBO DEBI BUCCI IRA | CLASS 3 | 74,000.00 | 3,471.61 | 0.00 | 70,528.39 |
| BUCCI | PROV. TR GP-FBO JOSEPH J BUCCI IRA | CLASS 3 | 49,077.00 | 2,367.97 | 0.00 | 46,709.03 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BUCHANAN | DOROTHY L & GEORGE M BUCHANAN RLT | CLASS 3 | 25,000.00 | 1,641.67 | 0.00 | 23,358.33 |
| BUCHANAN | KELLY BUCHANAN | CLASS 3 | 284,000.00 | 21,431.84 | 0.00 | 262,568.16 |
| BUCHANAN | LEE W & CONNIE R BUCHANAN | CLASS 5 | 200,000.00 | 22,277.82 | 0.00 | 177,722.18 |
| BUCK | JAY BUCK | CLASS 3 | 120,000.00 | 14,420.00 | 0.00 | 105,580.00 |
| BUCK | KELLY BUCK | CLASS 3 | 100,000.00 | 325.00 | 0.00 | 99,675.00 |
| BUCK | MAINSTAR-FBO SAMUEL BUCK | CLASS 3 | 24,000.00 | 2,290.00 | 0.00 | 21,710.00 |
| BUCKNER | LEROY BUCKNER | CLASS 3 | 50,000.00 | 8,860.03 | 0.00 | 41,139.97 |
| BUDZ | ROBERT S & MARION T BUDZ | CLASS 3 | 90,000.00 | 11,480.00 | 0.00 | 78,520.00 |
| BUELL | IRA SVCS TR CO-CFBO MURPHY M BUELL IRA | CLASS 3 | 345,916.71 | 19,853.28 | 0.00 | 326,063.43 |
| BUELNA | MARIE M BUELNA | CLASS 3 | 60,000.00 | 6,216.67 | 0.00 | 53,783.33 |
| BUFALO | DOUG BUFALO | CLASS 3 | 30,000.00 | 70.00 | 0.00 | 29,930.00 |
| BUFFORD | BETTY & BERNARD BUFFORD | CLASS 3 | 30,000.00 | 829.17 | 0.00 | 29,170.83 |
| BUFORD | PROV. TR GP-FBO SARAH BUFORD IRA | CLASS 5 | 98,500.00 | 40,220.67 | 0.00 | 58,279.33 |
| BUFORD | PROV. TR GP-FBO WILLIAM BUFORD IRA | CLASS 5 | 245,000.00 | 100,041.83 | 0.00 | 144,958.17 |
| BUFORD | WILLIAM H & SARAH N BUFORD | CLASS 5 | 200,000.00 | 86,347.38 | 0.00 | 113,652.62 |
| BUKOWSKI | KAREN BUKOWSKI | CLASS 3 | 130,000.00 | 3,322.24 | 0.00 | 126,677.76 |
| BULLOCK | WAYNE L BULLOCK | CLASS 3 | 25,000.00 | 79.17 | 0.00 | 24,920.83 |
| BUNCK | THE BUNCK FLT DTD 10/06/09 | CLASS 3 | 50,000.00 | 1,358.33 | 0.00 | 48,641.67 |
| BUNDRANT | MAINSTAR-FBO TERRY BUNDRANT | CLASS 3 | 46,000.00 | 3,986.66 | 0.00 | 42,013.34 |
| BUNDRANT | TERRY BUNDRANT | CLASS 3 | 58,000.00 | 3,620.56 | 0.00 | 54,379.44 |
| BUNDY | KEVIN & LORI BUNDY | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| BUONO | THE BUONO TR DTD 11/11/89 | CLASS 3 | 100,000.00 | 3,444.44 | 0.00 | 96,555.56 |
| BURCHAM | RICHARD & SHERLYN M BURCHAM | CLASS 3 | 25,000.00 | 1,561.52 | 0.00 | 23,438.48 |
| BURCKHOLTER | JOYCE BURCKHOLTER | CLASS 3 | 100,000.00 | 1,126.39 | 0.00 | 98,873.61 |
| BUREAU | MARILYN BUREAU | CLASS 3 | 50,000.00 | 5,983.33 | 0.00 | 44,016.67 |
| BURGARDT | BURGARDT FAMILY IRREV TR | CLASS 3 | 60,000.00 | 1,241.67 | 0.00 | 58,758.33 |
| BURGE | WARREN BURGE | CLASS 3 | 100,000.00 | 8,866.67 | 0.00 | 91,133.33 |
| BURGESON | WILLIAM BURGESON | CLASS 3 | 100,000.00 | 1,500.01 | 0.00 | 98,499.99 |
| BURGESS | PROV. TR GP-FBO DAVID BURGESS IRA | CLASS 3 | 37,440.00 | 3,650.40 | 0.00 | 33,789.60 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BURGHARDT | GORDON M BURGHARDT | CLASS 3 | 25,000.00 | 1,260.38 | 0.00 | 23,739.62 |
| BURKE | KAREN BURKE | CLASS 3 | 84,000.00 | 17,068.37 | 0.00 | 66,931.63 |
| BURKETT | MAINSTAR-FBO DOUGLAS R BURKETT T2177406 | CLASS 3 | 48,500.00 | 994.25 | 0.00 | 47,505.75 |
| BURKETT | ROBERT N BURKETT | CLASS 3 | 200,000.00 | 3,972.21 | 0.00 | 196,027.79 |
| BURKHOLDER | CHARLES L & PATRICIA J BURKHOLDER | CLASS 5 | 100,000.00 | 1,861.10 | 0.00 | 98,138.90 |
| BURLAGE | REBECCA V BURLAGE | CLASS 3 | 47,150.00 | 44,678.54 | 0.00 | 2,471.46 |
| BURNETT | BURNETT FAMILY IRREV TR | CLASS 3 | 88,000.00 | 220.00 | 0.00 | 87,780.00 |
| BURNEY | PROV. TR GP-FBO HELEN BURNEY IRA | CLASS 3 | 325,000.00 | 8,709.72 | 0.00 | 316,290.28 |
| BURNINGHAM | MAINSTAR-FBO KELLY BURNINGHAM T2177103 | CLASS 3 | 60,000.00 | 1,726.67 | 0.00 | 58,273.33 |
| BURNS | DANIEL T & AICIA R BURNS | CLASS 5 | 500,000.00 | 80,972.29 | 0.00 | 419,027.71 |
| BURNS | MAINSTAR-FBO CINDY L BURNS T2176508 | CLASS 3 | 80,700.00 | 5,267.92 | 0.00 | 75,432.08 |
| BURNS | MARY K BURNS | CLASS 5 | 500,000.00 | 97,638.97 | 0.00 | 402,361.03 |
| BURNS | RALPH E BURNS | CLASS 3 | 50,000.00 | 1,073.23 | 0.00 | 48,926.77 |
| BURROWS | KIM & TAMMY BURROWS FT | CLASS 3 | 250,000.00 | 1,500.00 | 0.00 | 248,500.00 |
| BURT | DIANE T BURT | CLASS 3 | 140,000.00 | 3,033.32 | 0.00 | 136,966.68 |
| BURT | MAINSTAR-FBO DAVID EUGENE BURT T2176584 | CLASS 3 | 471,000.00 | 9,655.50 | 0.00 | 461,344.50 |
| BURT | SHARON BURT | CLASS 3 | 150,000.00 | 6,472.92 | 0.00 | 143,527.08 |
| BURT | STEVEN BURT | CLASS 3 | 75,000.00 | 4,506.25 | 0.00 | 70,493.75 |
| BURTON | LINDA G BURTON | CLASS 3 | 100,000.00 | 13,663.22 | 0.00 | 86,336.78 |
| BURTON | LINDA G BURTON | CLASS 3* | 66,120.57 | 10,171.46 | 0.00 | 55,949.11 |
| BURTON | LINDA G BURTON | CLASS 5 | 50,000.00 | 6,831.61 | 0.00 | 43,168.39 |
| BURTON | PROV. TR GP-FBO CAMERON BURTON INH IRA | CLASS 3 | 28,320.00 | 1,526.13 | 0.00 | 26,793.87 |
| BURYLO | IRA SVCS TR CO-CFBO DIANE BURYLO IRA | CLASS 3 | 33,000.00 | 3,124.92 | 0.00 | 29,875.08 |
| BUSCHE/BANKS | MATTHEW T BUSCHE & TAMRA BANKS | CLASS 3 | 53,000.00 | 20,029.16 | 0.00 | 32,970.84 |
| BUSCHER | MAINSTAR-FBO GABRIELE D BUSCHER T2178274 | CLASS 3 | 100,000.00 | 952.77 | 0.00 | 99,047.23 |
| BUSH | BUSH FT DTD 06/13/07 | CLASS 3 | 50,000.00 | 2,935.34 | 0.00 | 47,064.66 |
| BUSHNELL | ELSWORTH L & SUSAN M BUSHNELL | CLASS 3 | 31,700.00 | 3,618.87 | 0.00 | 28,081.13 |
| BUSSE | HELMUT W & RENATA BUSSE | CLASS 3 | 100,000.00 | 650.00 | 0.00 | 99,350.00 |
| BUTCHER | BILL & SUMIKO BUTCHER | CLASS 3 | 67,000.00 | 4,857.50 | 0.00 | 62,142.50 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| BUTERA | CHARLES & BETH BUTERA | CLASS 3 | 100,000.00 | 5,163.85 | 0.00 | 94,836.15 |
| BUTLER | KATHLEEN BUTLER | CLASS 3 | 25,000.00 | 1,868.11 | 0.00 | 23,131.89 |
| BUTLER | PROV. TR GP-FBO ASTA BUTLER ROTH IRA | CLASS 3 | 33,000.00 | 1,599.57 | 0.00 | 31,400.43 |
| BUTNER/MCMAHON | RYAN BUTNER & MARY MCMAHON | CLASS 3 | 410,000.00 | 56,727.88 | 0.00 | 353,272.12 |
| BYARS | TESSA LYN & ZACHARY JOSEPH BYARS | CLASS 3 | 75,000.00 | 1,784.71 | 0.00 | 73,215.29 |
| BYE | WILLIAM H BYE | CLASS 3 | 50,000.00 | 2,624.96 | 0.00 | 47,375.04 |
| BYRNES | PATRICIA M BYRNES | CLASS 3 | 75,000.00 | 14,100.00 | 0.00 | 60,900.00 |
| BYRNES | RANDY C BYRNES | CLASS 3 | 50,000.00 | 13,760.55 | 0.00 | 36,239.45 |
| BYRUM | JUDITH ANN BYRUM | CLASS 3 | 210,000.00 | 35,877.97 | 0.00 | 174,122.03 |
| C&H GROUP | THE C&H GROUP | CLASS 3 | 25,000.00 | 2,283.33 | 0.00 | 22,716.67 |
| CABATANA | MAINSTAR-FBO MATERNA B CABATANA T2178508 | CLASS 3 | 82,000.00 | 284.72 | 0.00 | 81,715.28 |
| CABLE | PROV. TR GP-FBO THOMAS M CABLE IND C A | CLASS 5 | 263,432.00 | 65,250.36 | 0.00 | 198,181.64 |
| CABLE | PROV. TR GP-FBO WILLIAM A CABLE ICA | CLASS 3 | 84,987.00 | 12,704.56 | 0.00 | 72,282.44 |
| CABLE | PROV. TR GP-FBO WILLIAM A CABLE ICA | CLASS 5 | 205,000.00 | 30,645.10 | 0.00 | 174,354.90 |
| CABRAL | PATRICIA S CABRAL | CLASS 3 | 50,000.00 | 979.15 | 0.00 | 49,020.85 |
| CABRAL | PROV. TR GP-FBO DAVID CABRAL IRA | CLASS 3 | 27,115.00 | 1,938.72 | 0.00 | 25,176.28 |
| CADA | BRIAN CADA | CLASS 3 | 25,000.00 | 567.53 | 0.00 | 24,432.47 |
| CADA | BRIAN CADA | CLASS 5 | 120,000.00 | 2,724.14 | 0.00 | 117,275.86 |
| CADDICK | HELEN G & CHARLES K CADDICK | CLASS 3 | 200,000.00 | 5,094.42 | 0.00 | 194,905.58 |
| CADMUS | ANDREA CADMUS | CLASS 3 | 25,000.00 | 1,055.58 | 0.00 | 23,944.42 |
| CADY | HORIZON TR CO-FBO DONALD R CADY IRA | CLASS 3 | 49,643.04 | 5,415.26 | 0.00 | 44,227.78 |
| CAFARELLA | CAROLE & HERBERT CAFARELLA | CLASS 3 | 100,000.00 | 12,228.58 | 0.00 | 87,771.42 |
| CAHILL | LILLY & JOSEPH CAHILL | CLASS 3 | 50,000.00 | 447.23 | 0.00 | 49,552.77 |
| CAIN | ROXANNE T CAIN | CLASS 3 | 473,259.02 | 47,490.24 | 0.00 | 425,768.78 |
| CAINE | MARK E CAINE | CLASS 3 | 100,000.00 | 10,343.75 | 0.00 | 89,656.25 |
| CALAMARI | MAINSTAR-FBO PAUL CALAMARI | CLASS 3 | 61,351.00 | 3,758.59 | 0.00 | 57,592.41 |
| CALAME | JERALD D CALAME | CLASS 5 | 50,000.00 | 13,993.10 | 0.00 | 36,006.90 |
| CALAMIA | FRANK C CALAMIA | CLASS 3 | 25,000.00 | 403.13 | 0.00 | 24,596.87 |
| CALAMIA | THE PHILLIP & LINDA CALAMIA TR 01/13/16 | CLASS 3 | 25,000.00 | 403.13 | 0.00 | 24,596.87 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CALDARELLA | SANDRA J CALDARELLA | CLASS 3 | 200,000.00 | 7,187.55 | 0.00 | 192,812.45 |
| CALDWELL | RICHARD A CALDWELL | CLASS 3 | 167,000.00 | 528.83 | 0.00 | 166,471.17 |
| CALHOUN | NICKY L CALHOUN | CLASS 3 | 50,000.00 | 1,625.00 | 0.00 | 48,375.00 |
| CALHOUN | PROV. TR GP-FBO CAREY L CALHOUN IRA | CLASS 3 | 27,000.00 | 2,451.75 | 0.00 | 24,548.25 |
| CALIMER | VINSON D & JULIE L CALIMER | CLASS 3 | 50,000.00 | 2,070.86 | 0.00 | 47,929.14 |
| CALLAGHAN | CALLAGHAN PUMP & CONTROLS INC | CLASS 3 | 50,000.00 | 5,072.92 | 0.00 | 44,927.08 |
| CALLAHAN | CALLAHAN IRREV DYNASTY TR UTD 08/18/99 | CLASS 3 | 75,000.00 | 3,250.00 | 0.00 | 71,750.00 |
| CALLAHAN | HELEN CALLAHAN | CLASS 3 | 100,000.00 | 3,854.15 | 0.00 | 96,145.85 |
| CAM TECH | CAM TECH (US) INC PPT | CLASS 3 | 83,284.64 | 0.00 | 0.00 | 83,284.64 |
| CAMC | CAMC LLC | CLASS 3 | 50,000.00 | 12,912.50 | 0.00 | 37,087.50 |
| CAMERON | LEONARD & SANDRA CAMERON | CLASS 3 | 559,013.00 | 5,776.48 | 0.00 | 553,236.52 |
| CAMERON | MICHAEL J CAMERON | CLASS 3 | 25,000.00 | 858.33 | 0.00 | 24,141.67 |
| CAMIGI | LAURENCE E CAMIGI | CLASS 3 | 100,000.00 | 14,145.81 | 0.00 | 85,854.19 |
| CAMIGI | LAURENCE E CAMIGI | CLASS 5 | 300,000.00 | 42,437.44 | 0.00 | 257,562.56 |
| CAMP | GLENN S CAMP | CLASS 3 | 50,000.00 | 9,057.25 | 0.00 | 40,942.75 |
| CAMP | PATRICIA L & KENNETH MICHAEL CAMP | CLASS 3 | 80,000.00 | 9,224.51 | 0.00 | 70,775.49 |
| CAMP | PROV. TR GP-FBO SUSAN W CAMP IRA | CLASS 3 | 70,000.00 | 2,773.75 | 0.00 | 67,226.25 |
| CAMP | RANDALL M CAMP | CLASS 3 | 50,000.00 | 7,786.11 | 0.00 | 42,213.89 |
| CAMP | RUTH CAMP PERSONAL CARE TR | CLASS 3 | 157,000.00 | 24,249.67 | 0.00 | 132,750.33 |
| CAMPBELL | CAMPBELL FAMILY IRREV TR | CLASS 3 | 65,000.00 | 7,535.37 | 0.00 | 57,464.63 |
| CAMPBELL | CAMPBELL FT DTD 10/30/02 | CLASS 3 | 50,000.00 | 2,663.16 | 0.00 | 47,336.84 |
| CAMPBELL | CAROLYN J CAMPBELL | CLASS 3 | 60,000.00 | 20,823.56 | 0.00 | 39,176.44 |
| CAMPBELL | CLAYTON CAMPBELL | CLASS 3 | 25,000.00 | 1,555.60 | 0.00 | 23,444.40 |
| CAMPBELL | DWIGHT W & SANDRA M CAMPBELL | CLASS 3 | 60,000.00 | 3,089.17 | 0.00 | 56,910.83 |
| CAMPBELL | MAINSTAR-FBO LAWRENCE CAMPBELL T2175801 | CLASS 3 | 100,000.00 | 6,966.67 | 0.00 | 93,033.33 |
| CAMPBELL | MAINSTAR-FBO MICHAEL J CAMPBELL | CLASS 3 | 270,000.00 | 17,710.00 | 0.00 | 252,290.00 |
| CAMPBELL | MAINSTAR-FBO SARAH CAMPBELL T2177144 | CLASS 3 | 25,000.00 | 750.57 | 0.00 | 24,249.43 |
| CAMPBELL | NORINE E CAMPBELL | CLASS 3 | 31,707.00 | 1,009.37 | 0.00 | 30,697.63 |
| CAMPBELL | PROV. TR GP-FBO BRIAN E CAMPBELL IRA | CLASS 5 | 100,000.00 | 15,833.33 | 0.00 | 84,166.67 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CAMPBELL | PROV. TR GP-FBO MARK G CAMPBELL IRA | CLASS 3 | 46,450.00 | 2,895.38 | 0.00 | 43,554.62 |
| CAMPBELL | PROV. TR GP-FBO R BRET & J CAMPBELL ICA | CLASS 3 | 100,000.00 | 11,862.23 | 0.00 | 88,137.77 |
| CAMPBELL | PROV. TR GP-FBO R BRET & J CAMPBELL ICA | CLASS 5 | 99,500.00 | 11,802.91 | 0.00 | 87,697.09 |
| CAMPBELL | THE JOHN L CAMPBELL INTERVIVOS DECL OF TR | CLASS 3 | 200,000.00 | 10,240.71 | 0.00 | 189,759.29 |
| CAMPBELL | THE JOHN L CAMPBELL INTERVIVOS DECL OF TR | CLASS 5 | 100,000.00 | 5,120.35 | 0.00 | 94,879.65 |
| CAMPEA | DANIEL CAMPEA | CLASS 3 | 234,935.86 | 17,032.86 | 0.00 | 217,903.00 |
| CAMPITIELLO | ANTHONY & CAMILLE CAMPITIELLO | CLASS 3 | 125,000.00 | 19,688.12 | 0.00 | 105,311.88 |
| CAMPOLO | RICHARD & NANCY R CAMPOLO LT 03/04/04 | CLASS 3 | 125,000.00 | 16,284.43 | 0.00 | 108,715.57 |
| CANDEL | DAVE & VICKIE CANDEL | CLASS 3 | 50,000.00 | 2,290.29 | 0.00 | 47,709.71 |
| CANFIELD | DALLAS CANFIELD | CLASS 3 | 175,000.00 | 5,547.77 | 0.00 | 169,452.23 |
| CANNADA | ANGELA CANNADA | CLASS 3 | 25,000.00 | 516.67 | 0.00 | 24,483.33 |
| CANNON | EVELYN I CANNON | CLASS 3 | 25,000.00 | 836.05 | 0.00 | 24,163.95 |
| CANNON | EVELYN I CANNON | CLASS 5 | 184,847.53 | 6,181.69 | 0.00 | 178,665.84 |
| CANTER | SUNWEST TR BILLIE S CANTER IRA | CLASS 3 | 570,500.00 | 26,090.24 | 0.00 | 544,409.76 |
| CANTERO | MAINSTAR-FBO RICHARD CANTERO | CLASS 5 | 100,000.00 | 9,974.96 | 0.00 | 90,025.04 |
| CANTIN | MICHAEL & ANNETTE CANTIN | CLASS 3 | 80,000.00 | 301.49 | 0.00 | 79,698.51 |
| CANTLIN | MAINSTAR-FBO JOHN CANTLIN T2177763 | CLASS 3 | 118,000.00 | 2,183.00 | 0.00 | 115,817.00 |
| CANYON CREEK | CANYON CREEK 401K PLAN | CLASS 5 | 100,000.00 | 11,999.95 | 0.00 | 88,000.05 |
| CAP INVESTMENTS | CAP INVESTMENTS INC | CLASS 3 | 50,000.00 | 1,425.00 | 0.00 | 48,575.00 |
| CAPITAO | YULIA CAPITAO | CLASS 3 | 60,000.00 | 408.33 | 0.00 | 59,591.67 |
| CAPRA | ROBERT E CAPRA | CLASS 3 | 50,000.00 | 5,733.28 | 0.00 | 44,266.72 |
| CAPRA | SUZANNE B & MICHAEL E CAPRA | CLASS 3 | 50,000.00 | 3,733.33 | 0.00 | 46,266.67 |
| CAPSHAW | INA LEA CAPSHAW RLT SANDRA PERKO TTEE | CLASS 3 | 265,000.00 | 16,172.40 | 0.00 | 248,827.60 |
| CARAMADRE | ANNE O & PAULA ROSE CARAMADRE | CLASS 3 | 25,000.00 | 788.22 | 0.00 | 24,211.78 |
| CARAMADRE | ANNE O & VINCENT A CARAMADRE | CLASS 3 | 26,000.00 | 346.66 | 0.00 | 25,653.34 |
| CARAVELLA | PETER J & JUDITH L CARAVELLA | CLASS 3 | 200,000.00 | 4,938.90 | 0.00 | 195,061.10 |
| CARB | ALLAN N & THERESA CARB | CLASS 3 | 100,000.00 | 4,355.53 | 0.00 | 95,644.47 |
| CARBONE | VINCENT M & SHERRY L CARBONE | CLASS 3 | 100,000.00 | 2,966.67 | 0.00 | 97,033.33 |
| CARDOSI | PROV. TR GP-FBO THOMAS CARDOSI IRA | CLASS 5 | 200,000.00 | 86,831.07 | 0.00 | 113,168.93 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CARIAGA | DAISY CARUNUNGA CARIAGA | CLASS 3 | 25,000.00 | 576.41 | 0.00 | 24,423.59 |
| CARLI | MICHAEL CARLI & CHRISTINA BROLIN-CARLI | CLASS 3 | 100,000.00 | 12,588.89 | 0.00 | 87,411.11 |
| CARLI | PROV. TR GP-FBO LOIS M CARLI ROTH IRA | CLASS 3 | 70,000.00 | 7,233.68 | 0.00 | 62,766.32 |
| CARLI | PROV. TR GP-FBO RICHARD J CARLI IRA | CLASS 3 | 430,000.00 | 16,154.16 | 0.00 | 413,845.84 |
| CARLI | RICHARD J & LOIS M CARLI | CLASS 3 | 575,000.00 | 57,277.98 | 0.00 | 517,722.02 |
| CARLON | KATHLEEN CARLON FT | CLASS 3 | 100,000.00 | 1,805.57 | 0.00 | 98,194.43 |
| CARLON | MAINSTAR-FBO EUGENE CARLON T2176805 | CLASS 3 | 49,500.00 | 1,476.75 | 0.00 | 48,023.25 |
| CARLSON | EMMA W CARLSON TR DTD 09/24/90 | CLASS 3 | 50,000.00 | 5,138.15 | 0.00 | 44,861.85 |
| CARLSON | THE GERALD L CARLSON LT | CLASS 3 | 25,000.00 | 489.60 | 0.00 | 24,510.40 |
| CARLSON | THE JACQUELINE M CARLSON 2006 TR | CLASS 3 | 25,000.00 | 1,641.67 | 0.00 | 23,358.33 |
| CARLSON | VERNE W & AMANDA CARLSON | CLASS 3 | 200,000.00 | 27,885.41 | 0.00 | 172,114.59 |
| CARLTON | CARLTON YEAR 2016 LFT | CLASS 3 | 300,000.00 | 0.00 | 0.00 | 300,000.00 |
| CARLTON | VIRGIL LEE CARLTON | CLASS 3 | 60,000.00 | 1,325.00 | 0.00 | 58,675.00 |
| CARLUCCI/MULLIGAN | ROSE V CARLUCCI & KATHLEEN MULLIGAN | CLASS 3 | 100,000.00 | 5,066.67 | 0.00 | 94,933.33 |
| CARMOSINO | VINCENT J JR & LINDA A CARMOSINO | CLASS 3 | 100,000.00 | 5,027.82 | 0.00 | 94,972.18 |
| CARNEGIE | HORIZON TR CO-FBO MARY L CARNEGIE IRA | CLASS 3 | 180,000.00 | 11,203.34 | 0.00 | 168,796.66 |
| CARNEY | KATHRYN M CARNEY | CLASS 3 | 23,380.66 | 1,409.34 | 0.00 | 21,971.32 |
| CARNEY | MAINSTAR-FBO DANIEL CARNEY | CLASS 3 | 108,000.00 | 7,035.00 | 0.00 | 100,965.00 |
| CARPENTER | IRA SVCS TR CO-CFBO JOHN H CARPENTER IRA | CLASS 3 | 29,000.00 | 896.60 | 0.00 | 28,103.40 |
| CARPENTER | TMICO-FBO JUDY B CARPENTER IRA | CLASS 5 | 100,000.00 | 29,477.93 | 0.00 | 70,522.07 |
| CARR | MAINSTAR-FBO PENI CARR | CLASS 3 | 300,000.00 | 30,752.08 | 0.00 | 269,247.92 |
| CARR | THOMAS L CARR RT | CLASS 3 | 25,000.00 | 277.78 | 0.00 | 24,722.22 |
| CARRANO | VINCENT CARRANO RLT 11/27/13 | CLASS 3 | 30,000.00 | 6,395.00 | 0.00 | 23,605.00 |
| CARRIE | BETTE J CARRIE | CLASS 3 | 100,000.00 | 133.33 | 0.00 | 99,866.67 |
| CARRIER | PROV. TR GP-FBO MICHAEL A CARRIER IRA | CLASS 3 | 99,555.00 | 11,797.27 | 0.00 | 87,757.73 |
| CARRIGAN | YONG C CARRIGAN | CLASS 3 | 100,000.00 | 10,111.62 | 0.00 | 89,888.38 |
| CARRIS | BARBARA S CARRIS | CLASS 3 | 50,000.00 | 2,100.00 | 0.00 | 47,900.00 |
| CARRIS | CRAIG K CARRIS | CLASS 3 | 200,000.00 | 19,883.33 | 0.00 | 180,116.67 |
| CARRISH | JEFFREY J CARRISH | CLASS 3 | 100,000.00 | 10,945.84 | 1,000.00 | 88,054.16 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CARROLL | CARROLL FT DTD 06/07/96 | CLASS 3 | 250,000.00 | 1,416.67 | 0.00 | 248,583.33 |
| CARROLL | GREGORY D CARROLL | CLASS 5 | 50,000.00 | 12,459.85 | 0.00 | 37,540.15 |
| CARROLL | J/B CARROLL IN TR FOR G D & R J CARROLL | CLASS 5 | 50,000.00 | 4,500.03 | 0.00 | 45,499.97 |
| CARROLL | JEAN & BOBBY CARROLL | CLASS 3 | 60,000.00 | 7,990.00 | 0.00 | 52,010.00 |
| CARROLL | PROV. TR GP-FBO JEAN CARROLL IRA | CLASS 3 | 99,000.00 | 13,417.25 | 0.00 | 85,582.75 |
| CARROUGHER | CLINTON J CARROUGHER | CLASS 3 | 25,000.00 | 427.77 | 0.00 | 24,572.23 |
| CARSON | GREGORY A & VIVIAN E CARSON | CLASS 3 | 60,000.00 | 1,970.00 | 0.00 | 58,030.00 |
| CARSON | JOHN & SHIRLEY CARSON LT | CLASS 5 | 100,000.00 | 13,222.17 | 0.00 | 86,777.83 |
| CARSON | SUNWEST TR SHIRLEY CARSON IRA | CLASS 3 | 230,000.00 | 17,081.67 | 0.00 | 212,918.33 |
| CARSWELL | BEATRICE CARSWELL | CLASS 3 | 30,000.00 | 29.17 | 0.00 | 29,970.83 |
| CARTER | MAINSTAR-FBO DAVID C CARTER | CLASS 3 | 53,741.03 | 2,430.29 | 0.00 | 51,310.74 |
| CARTER | MORINE CARTER | CLASS 3 | 50,000.00 | 801.39 | 0.00 | 49,198.61 |
| CARTER | PROV. TR GP-FBO SUSAN CARTER IRA | CLASS 3 | 99,270.00 | 2,079.16 | 0.00 | 97,190.84 |
| CARTER | STEVE & SHERRY CARTER | CLASS 3 | 75,000.00 | 67.71 | 0.00 | 74,932.29 |
| CARUSO | ANTHONY F CARUSO SR | CLASS 3 | 25,000.00 | 3,520.94 | 0.00 | 21,479.06 |
| CARUTHERS | BAMBI SIMONE CARUTHERS | CLASS 3 | 29,700.00 | 1,583.64 | 0.00 | 28,116.36 |
| CARUTHERS | MAINSTAR-FBO BAMBI S CARUTHERS R2176328 | CLASS 3 | 48,000.00 | 1,694.00 | 0.00 | 46,306.00 |
| CARVAJAL | PROV. TR GP-FBO ADRIAN CARVAJAL IRA | CLASS 3 | 41,192.00 | 3,149.42 | 0.00 | 38,042.58 |
| CARVER | AUDREY CARVER IRREV TR | CLASS 3 | 75,000.00 | 1,656.25 | 0.00 | 73,343.75 |
| CASALE | MARY J CASALE | CLASS 3 | 186,864.87 | 29,947.56 | 0.00 | 156,917.31 |
| CASE | JAMES R CASE | CLASS 3 | 215,000.00 | 36,534.32 | 0.00 | 178,465.68 |
| CASE | NANCY M CASE TR DTD 04/11/17 | CLASS 3 | 80,000.00 | 9,198.01 | 0.00 | 70,801.99 |
| CASE/HOFFMAN | NANCY M CASE & JEFFREY J HOFFMAN | CLASS 3 | 320,000.00 | 34,376.14 | 0.00 | 285,623.86 |
| CASEY | MICHAEL H CASEY | CLASS 3 | 50,000.00 | 11,425.00 | 0.00 | 38,575.00 |
| CASEY | PROV. TR GP-FBO MICHAEL CASEY IRA | CLASS 3 | 37,000.00 | 3,604.42 | 0.00 | 33,395.58 |
| CASH | IRA SVCS TR CO-CFBO RAE A CASH ROTH IRA | CLASS 3 | 25,000.00 | 849.31 | 0.00 | 24,150.69 |
| CASH | ROBERT D CASH | CLASS 3 | 200,000.00 | 11,555.53 | 0.00 | 188,444.47 |
| CASHING | PROV. TR GP-FBO RELIABLE CHK CASHING IRA | CLASS 5 | 250,000.00 | 9,597.23 | 0.00 | 240,402.77 |
| CASHMAN | STEPHEN CASHMAN | CLASS 3 | 25,000.00 | 587.50 | 0.00 | 24,412.50 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CASHMAN | THE MARY JUNE MILLS CASHMAN RT DTD 1997 | CLASS 3 | 50,000.00 | 491.67 | 0.00 | 49,508.33 |
| CASIFORA | ALBERTO & CARLOS CASIFORA | CLASS 3 | 50,000.00 | 1,820.81 | 0.00 | 48,179.19 |
| CASLER | PROV. TR GP-FBO REBA L CASLER IRA | CLASS 3 | 152,000.00 | 3,065.34 | 0.00 | 148,934.66 |
| CASORIA | ANTHONY C CASORIA | CLASS 3 | 50,000.00 | 2,979.13 | 0.00 | 47,020.87 |
| CASSIDY | PROV. TR GP-FBO ROBERT CASSIDY IRA | CLASS 3 | 99,500.00 | 5,348.13 | 0.00 | 94,151.87 |
| CASSIDY | ROBERT T CASSIDY | CLASS 3 | 350,000.00 | 22,779.61 | 0.00 | 327,220.39 |
| CASSINA | MARINO T & MERRILY C CASSINA | CLASS 3 | 110,000.00 | 3,726.27 | 0.00 | 106,273.73 |
| CASTANEDA | JANET & CARLOS CASTANEDA | CLASS 3 | 200,000.00 | 29,941.93 | 0.00 | 170,058.07 |
| CASTANEDA | JANET & CARLOS CASTANEDA | CLASS 5 | 200,000.00 | 29,941.93 | 0.00 | 170,058.07 |
| CASTANEDA | JANET CASTANEDA | CLASS 3 | 100,000.00 | 13,088.46 | 1,000.00 | 85,911.54 |
| CASTANEDA | PROV. TR GP-FBO CARLOS A CASTANEDA IRA | CLASS 5 | 159,086.00 | 12,589.62 | 0.00 | 146,496.38 |
| CASTANEDA | PROV. TR GP-FBO JANET L CASTANEDA IRA | CLASS 5 | 100,000.00 | 12,055.56 | 0.00 | 87,944.44 |
| CASTELLANI | THE CASTELLANI FLT | CLASS 3 | 100,000.00 | 3,055.58 | 0.00 | 96,944.42 |
| CASTELLANOS | FRANCISCO A & MARTHA D CASTELLANOS | CLASS 3 | 100,000.00 | 2,015.29 | 0.00 | 97,984.71 |
| CASTIGLIONE | PAUL J CASTIGLIONE | CLASS 3 | 200,000.00 | 38,933.45 | 0.00 | 161,066.55 |
| CASTIGLIONE | PAUL J CASTIGLIONE JR | CLASS 3 | 50,000.00 | 3,020.83 | 0.00 | 46,979.17 |
| CASTIGLIONE | PROV. TR GP-FBO KAREN A CASTIGLIONE IRA | CLASS 3 | 65,000.00 | 11,147.50 | 1,000.00 | 52,852.50 |
| CASTIGLIONE | PROV. TR GP-FBO PAUL J CASTIGLIONE IRA | CLASS 3 | 84,000.00 | 11,547.67 | 0.00 | 72,452.33 |
| CASTRO | IRA SVCS TR CO-CFBO HELEN A CASTRO IRA | CLASS 3 | 344,000.00 | 29,428.92 | 0.00 | 314,571.08 |
| CASTRO | THE HELEN CASTRO FLT 08/06/14 | CLASS 3 | 150,000.00 | 14,375.00 | 0.00 | 135,625.00 |
| CATHCART | JAMES & CAROLYN CATHCART | CLASS 3* | 30,000.00 | 1,985.00 | 0.00 | 28,015.00 |
| CATO | STEPHEN & JACKLYN CATO | CLASS 5 | 110,000.00 | 54,974.41 | 0.00 | 55,025.59 |
| CAUDILL | MAINSTAR-FBO WANDA G CAUDILL T2177398 | CLASS 3 | 182,570.50 | 5,442.84 | 0.00 | 177,127.66 |
| CAUSTRASA | CAUSTRITA TR DTD 10/06/11 | CLASS 3 | 100,000.00 | 894.44 | 0.00 | 99,105.56 |
| CAVASOS | MAINSTAR-FBO RAYNALDO CAVASOS | CLASS 3 | 144,500.00 | 8,589.72 | 0.00 | 135,910.28 |
| CAVE | PROV. TR GP-FBO DONALD L CAVE JR IRA | CLASS 3 | 88,600.00 | 2,347.90 | 0.00 | 86,252.10 |
| CAWLEY | RAYMOND J CAWLEY LT UAD 05/13/09 | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| CAWLEY | THE JUDITH A CAWLEY LT DTD 05/13/09 | CLASS 3 | 200,000.00 | 3,608.33 | 0.00 | 196,391.67 |
| CECIL | RICHARD CECIL | CLASS 3 | 25,000.00 | 122.22 | 0.00 | 24,877.78 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CECKA | BRUCE W CECKA | CLASS 3 | 46,000.00 | 1,137.24 | 0.00 | 44,862.76 |
| CECKA | MAINSTAR-FBO MARY M CECKA T2178300 | CLASS 3 | 50,000.00 | 187.50 | 0.00 | 49,812.50 |
| CELIZ | MARIA NECINA CELIZ | CLASS 3 | 25,000.00 | 1,050.02 | 0.00 | 23,949.98 |
| CENDEJAS | THE CENDEJAS LT UTD 10/31/95 | CLASS 3 | 66,000.00 | 3,477.00 | 0.00 | 62,523.00 |
| CENSOPLANO | MAINSTAR-FBO JOSEPH M CENSOPLANO T2175654 | CLASS 3 | 26,274.86 | 1,339.29 | 0.00 | 24,935.57 |
| CENTORE | MAINSTAR-FBO MARJORIE CENTORE | CLASS 3 | 52,000.00 | 5,460.04 | 0.00 | 46,539.96 |
| CENTRONE | PROV. TR GP-FBO ROBERT CENTRONE IRA | CLASS 3 | 29,000.00 | 8,779.02 | 0.00 | 20,220.98 |
| CENTRONE | PROV. TR GP-FBO ROBERT CENTRONE IRA | CLASS 5 | 194,452.47 | 58,865.60 | 0.00 | 135,586.87 |
| CENTRONE | PROV. TR GP-FBO THERESA CENTRONE IRA | CLASS 3 | 107,000.00 | 15,719.94 | 0.00 | 91,280.06 |
| CENTRONE | ROBERT J & THERESA CENTRONE | CLASS 3 | 105,000.00 | 30,884.58 | 0.00 | 74,115.42 |
| CEPULKOWSKI | FRANK O CEPULKOWSKI | CLASS 3 | 125,000.00 | 11,615.94 | 0.00 | 113,384.06 |
| CERNA | THOMAS J & SANDRA M CERNA | CLASS 3 | 25,000.00 | 618.07 | 0.00 | 24,381.93 |
| CETOLA | DARLENE CETOLA PA | CLASS 3 | 50,000.00 | 808.33 | 0.00 | 49,191.67 |
| CF INVESTMENTS | CF INVESTMENTS | CLASS 5 | 200,000.00 | 6,288.90 | 0.00 | 193,711.10 |
| CHABAD CENTER | CHABAD CENTER OF NORTH WESTERN NJ | CLASS 5 | 100,000.00 | 15,474.93 | 0.00 | 84,525.07 |
| CHACON | ADELA MARIE CHACON | CLASS 3 | 55,000.00 | 4,858.33 | 0.00 | 50,141.67 |
| CHADWELL | MAINSTAR-FBO KAREN L CHADWELL | CLASS 3 | 100,151.78 | 4,728.00 | 0.00 | 95,423.78 |
| CHADWICK | BARBARA CHADWICK | CLASS 3 | 50,000.00 | 1,374.98 | 0.00 | 48,625.02 |
| CHAFFIN | PROV. TR GP-FBO CYNTHIA CHAFFIN IRA | CLASS 3 | 130,000.00 | 18,369.01 | 0.00 | 111,630.99 |
| CHALLENDER | DEBORAH CHALLENDER | CLASS 3 | 200,000.00 | 3,819.46 | 0.00 | 196,180.54 |
| CHALLENDER | PROV. TR GP-FBO DEBORAH L CHALLENDER IRA | CLASS 3 | 184,000.00 | 8,320.89 | 0.00 | 175,679.11 |
| CHAMBERS | CAROL & ARVIN CHAMBERS | CLASS 3 | 25,000.00 | 291.67 | 0.00 | 24,708.33 |
| CHAMPLEY | IRA SVCS TR CO-CFBO THOMAS CHAMPLEY IRA | CLASS 3 | 100,000.00 | 42,964.94 | 0.00 | 57,035.06 |
| CHANDLER | MADOLYN J CHANDLER | CLASS 3 | 31,391.79 | 828.40 | 0.00 | 30,563.39 |
| CHANDLER | MAINSTAR-FBO ALLEN K CHANDLER T2176448 | CLASS 3 | 100,000.00 | 2,069.44 | 0.00 | 97,930.56 |
| CHANDLER | MAINSTAR-FBO JANALIE CHANDLER T2178449 | CLASS 3 | 158,300.00 | 246.24 | 0.00 | 158,053.76 |
| CHANDLEY | CHARLES A CHANDLEY | CLASS 3 | 100,000.00 | 1,850.00 | 0.00 | 98,150.00 |
| CHANEY | MAINSTAR-FBO SANDRA K CHANEY T2177895 | CLASS 3 | 145,000.00 | 1,651.39 | 0.00 | 143,348.61 |
| CHANG | CHAN-NAN & CHIU-CHIANG CHANG | CLASS 3 | 50,000.00 | 2,520.87 | 0.00 | 47,479.13 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CHANG | DAVID CHANG | CLASS 3 | 100,000.00 | 2,194.46 | 0.00 | 97,805.54 |
| CHANG | MAINSTAR-FBO DIANA CHANG | CLASS 3 | 79,000.00 | 3,729.46 | 0.00 | 75,270.54 |
| CHANG | SHENYAH & CHING-PI CHANG | CLASS 3 | 50,000.00 | 1,948.58 | 0.00 | 48,051.42 |
| CHANG | SHENYAH CHANG | CLASS 3 | 50,000.00 | 2,694.40 | 0.00 | 47,305.60 |
| CHANG/CHEN | TAM CHANG & MEI-SHE CHEN | CLASS 3 | 100,000.00 | 6,058.35 | 0.00 | 93,941.65 |
| CHAPLIN | PROV. TR GP-FBO THEODORE S CHAPLIN IRA | CLASS 3 | 30,000.00 | 3,835.08 | 0.00 | 26,164.92 |
| CHARBONEAU | SUSAN CHARBONEAU | CLASS 3 | 85,000.00 | 5,575.18 | 0.00 | 79,424.82 |
| CHARBONEAU | SUSAN CHARBONEAU | CLASS 5 | 50,000.00 | 3,279.51 | 0.00 | 46,720.49 |
| CHARTER OAK | THE CHARTER OAK WOMAN'S CLUB | CLASS 3 | 25,000.00 | 69.44 | 0.00 | 24,930.56 |
| CHASE | SUNWEST TR LAUREL C CHASE IRA | CLASS 3 | 281,103.99 | 35,169.11 | 0.00 | 245,934.88 |
| CHASE FINANCIAL | CHASE FINANCIAL LLC | CLASS 3 | 100,000.00 | 3,538.91 | 0.00 | 96,461.09 |
| CHATHAM | HOOD III & LAURA R CHATHAM | CLASS 5 | 200,000.00 | 51,888.99 | 0.00 | 148,111.01 |
| CHATHAM | IRA SVCS TR CO-CFBO ROBERT H CHATHAM III | CLASS 3 | 47,000.00 | 10,948.19 | 0.00 | 36,051.81 |
| CHATHAM | IRA SVCS TR CO-CFBO ROBERT H CHATHAM III | CLASS 5 | 200,000.00 | 46,588.03 | 0.00 | 153,411.97 |
| CHATHAM | PROV. TR GP-FBO JOHN CHATHAM IRA | CLASS 3 | 100,000.00 | 2,177.78 | 0.00 | 97,822.22 |
| CHATNANI | HARESH CHATNANI | CLASS 3 | 60,000.00 | 3,512.24 | 0.00 | 56,487.76 |
| CHAVEZ | SUNWEST TR JUDY CHAVEZ IRA | CLASS 3 | 95,000.00 | 6,396.67 | 0.00 | 88,603.33 |
| CHAYKIN | MAINSTAR-FBO RICHARD J CHAYKIN | CLASS 3 | 268,000.00 | 13,225.05 | 0.00 | 254,774.95 |
| CHAYKOVSKY | NATALYA CHAYKOVSKY | CLASS 3 | 50,000.00 | 4,812.50 | 0.00 | 45,187.50 |
| CHEATHAM | NORMA E CHEATHAM | CLASS 3 | 25,000.00 | 1,725.75 | 0.00 | 23,274.25 |
| CHEATHAM | PROV. TR GP-FBO CAROL CHEATHAM IRA | CLASS 5 | 83,000.00 | 13,833.33 | 0.00 | 69,166.67 |
| CHEATHAM | PROV. TR GP-FBO PATRICIA CHEATHAM IRA | CLASS 5 | 63,000.00 | 10,500.00 | 0.00 | 52,500.00 |
| CHEN | HUIXIAN CHEN | CLASS 3 | 100,000.00 | 11,183.33 | 0.00 | 88,816.67 |
| CHEN | TED B CHEN | CLASS 3 | 40,000.00 | 2,738.94 | 0.00 | 37,261.06 |
| CHEN | YEN HSU CHEN | CLASS 3 | 350,000.00 | 42,458.50 | 0.00 | 307,541.50 |
| CHENOWETH | THE CHENOWETH LT DTD 04/17/14 | CLASS 3 | 101,192.00 | 6,257.04 | 0.00 | 94,934.96 |
| CHERELSTEIN | GLORIA A CHERELSTEIN | CLASS 3 | 25,000.00 | 1,483.33 | 0.00 | 23,516.67 |
| CHERNOFF | MELVIN CHERNOFF RLT | CLASS 3 | 50,000.00 | 4,799.96 | 0.00 | 45,200.04 |
| CHERRY | MYRA C CHERRY | CLASS 3 | 75,000.00 | 8,625.00 | 0.00 | 66,375.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CHEW | THE DEREK & LINDA CHEW FT DTD 07/13/11 | CLASS 3 | 25,000.00 | 2,639.52 | 0.00 | 22,360.48 |
| CHI | BOYAN CHI | CLASS 3 | 25,000.00 | 1,190.95 | 0.00 | 23,809.05 |
| CHIN | JENNY CHIN | CLASS 3 | 50,000.00 | 2,513.23 | 0.00 | 47,486.77 |
| CHIN | MAINSTAR-FBO VUI-TING CHIN | CLASS 3 | 25,000.00 | 1,029.17 | 0.00 | 23,970.83 |
| CHIRAS | KATHLEEN CHIRAS | CLASS 3 | 327,495.00 | 29,248.75 | 0.00 | 298,246.25 |
| CHIRCO | GEROME CHIRCO | CLASS 3 | 25,000.00 | 1,020.16 | 0.00 | 23,979.84 |
| CHIRIKOS | TONY G & ANN M CHIRIKOS | CLASS 3 | 50,000.00 | 8,944.40 | 0.00 | 41,055.60 |
| CHIVERS | DARRIS CHIVERS | CLASS 5 | 55,000.00 | 1,627.08 | 0.00 | 53,372.92 |
| CHIVERS | MAINSTAR-FBO DARRIS CHIVERS TW004012 | CLASS 5 | 99,400.00 | 2,623.05 | 0.00 | 96,776.95 |
| CHOATE-PIERCE | LANA CHOATE-PIERCE | CLASS 5 | 165,000.00 | 38,275.33 | 0.00 | 126,724.67 |
| CHOI | INJOON C CHOI | CLASS 3 | 50,000.00 | 3,266.67 | 0.00 | 46,733.33 |
| CHONO | MAINSTAR-FBO DIANE F CHONO T2177431 | CLASS 3 | 41,500.00 | 885.33 | 0.00 | 40,614.67 |
| CHOPP | MAINSTAR-FBO SHARON CHOPP | CLASS 3 | 47,000.00 | 4,149.07 | 0.00 | 42,850.93 |
| CHOQUETTE | CYNTHIA A CHOQUETTE | CLASS 3 | 90,000.00 | 19,344.51 | 0.00 | 70,655.49 |
| CHOQUETTE | PROV. TR GP-FBO CYNTHIA A CHOQUETTE IRA | CLASS 3 | 130,000.00 | 18,200.41 | 0.00 | 111,799.59 |
| CHOQUETTE | PROV. TR GP-FBO KENNETH J CHOQUETTE IRA | CLASS 3 | 58,000.00 | 992.44 | 0.00 | 57,007.56 |
| CHOU | HORIZON TR CO-FBO HWAI-NAN CHOU IRA | CLASS 3 | 50,000.00 | 3,083.33 | 0.00 | 46,916.67 |
| CHOW | ROSY CHOW | CLASS 3 | 25,000.00 | 1,538.24 | 0.00 | 23,461.76 |
| CHOW | THERESA CHOW | CLASS 3 | 25,000.00 | 1,538.24 | 0.00 | 23,461.76 |
| CHRISTENSEN | CHRISTENSEN LIVESTOCK CO LLP | CLASS 3 | 1,000,000.00 | 73,888.97 | 0.00 | 926,111.03 |
| CHRISTENSEN | MAINSTAR-FBO LON CHRISTENSEN T2176470 | CLASS 3 | 83,350.00 | 4,080.68 | 0.00 | 79,269.32 |
| CHRISTENSEN | MIKE P & COLLEEN H CHRISTENSEN | CLASS 3 | 218,000.00 | 6,358.31 | 0.00 | 211,641.69 |
| CHRISTIAN | ERIC D CHRISTIAN | CLASS 3 | 25,000.00 | 4,204.17 | 0.00 | 20,795.83 |
| CHRISTIAN | GABRIEL CHRISTIAN | CLASS 3 | 25,000.00 | 406.26 | 0.00 | 24,593.74 |
| CHRISTIAN | PROV. TR GP-FBO LUISE CHRISTIAN IRA | CLASS 3 | 27,842.06 | 3,016.22 | 0.00 | 24,825.84 |
| CHRISTIANSEN | GARY W CHRISTIANSEN | CLASS 3 | 100,000.00 | 18,099.95 | 0.00 | 81,900.05 |
| CHU | MAINSTAR-FBO RACHEL LEEANN CHU R2178251 | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| CHU | RACHEL LEEANN CHU | CLASS 3 | 50,000.00 | 1,205.57 | 0.00 | 48,794.43 |
| CHU | RONALD & MARSHA CHU | CLASS 3 | 25,000.00 | 180.56 | 0.00 | 24,819.44 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CHUANG | KEN & ADA CHUANG | CLASS 3 | 150,000.00 | 7,500.00 | 0.00 | 142,500.00 |
| CHUANG | SUSAN & THOMAS CHUANG | CLASS 3 | 100,000.00 | 4,958.33 | 0.00 | 95,041.67 |
| CHUBKA | MICHAEL CHUBKA | CLASS 3 | 25,000.00 | 406.86 | 0.00 | 24,593.14 |
| CHUN | PROV. TR GP-FBO CYNTHIA M CHUN IRA | CLASS 3 | 186,200.00 | 16,569.73 | 0.00 | 169,630.27 |
| CHUN | PROV. TR GP-FBO DOUGLAS G CHUN IRA | CLASS 3 | 531,200.00 | 50,684.85 | 0.00 | 480,515.15 |
| CHUNG | THE CHUNG LT DTD 09/28/04 | CLASS 3 | 147,000.00 | 8,575.00 | 0.00 | 138,425.00 |
| CHURCH | GEORGE & PATRICIA CHURCH RT RSTD 07/08/16 | CLASS 3 | 100,000.00 | 28,216.71 | 0.00 | 71,783.29 |
| CHWALOWSKI | FRANK & PENNIE CHWALOWSKI | CLASS 3 | 50,000.00 | 1,676.97 | 0.00 | 48,323.03 |
| CICERO | MATTHEW CICERO | CLASS 3 | 50,000.00 | 3,685.36 | 1,000.00 | 45,314.64 |
| CICERO | SANDRA CICERO | CLASS 3 | 50,000.00 | 2,447.92 | 0.00 | 47,552.08 |
| CIPRIANO | BRIAN CIPRIANO | CLASS 3 | 45,000.00 | 0.00 | 0.00 | 45,000.00 |
| CIRRITO | CAROLYN CIRRITO | CLASS 3 | 50,000.00 | 8,518.04 | 0.00 | 41,481.96 |
| CLAARVILLE | CLAARVILLE INC | CLASS 3 | 50,000.00 | 3,655.56 | 0.00 | 46,344.44 |
| CLABAUGH | HUGH CLABAUGH | CLASS 3 | 40,000.00 | 994.46 | 0.00 | 39,005.54 |
| CLANTON | AMERICAN EST&TR FBO SOPHIE CLANTON | CLASS 5 | 100,000.00 | 56,999.79 | 0.00 | 43,000.21 |
| CLANTON | PROV. TR GP-FBO CAROL E CLANTON IRA | CLASS 3 | 32,000.00 | 4,936.00 | 0.00 | 27,064.00 |
| CLAPP | GLORIA J CLAPP | CLASS 3 | 50,000.00 | 1,312.48 | 0.00 | 48,687.52 |
| CLAPP | JEFFREY & KAREN CLAPP | CLASS 3 | 60,000.00 | 3,790.00 | 0.00 | 56,210.00 |
| CLAPPER | FRANCIS & DOROTHY CLAPPER | CLASS 5 | 103,000.00 | 34,676.52 | 0.00 | 68,323.48 |
| CLAPPER | PROV. TR GP-FBO FRANCIS K CLAPPER IRA | CLASS 5 | 114,000.00 | 29,355.00 | 0.00 | 84,645.00 |
| CLARK | CARL & DELLA CLARK | CLASS 3 | 125,000.00 | 14,000.06 | 0.00 | 110,999.94 |
| CLARK | DAVID & BRENDA CLARK | CLASS 3 | 100,000.00 | 100.00 | 0.00 | 99,900.00 |
| CLARK | DONNA CLARK | CLASS 3 | 50,000.00 | 3,441.67 | 0.00 | 46,558.33 |
| CLARK | EQUITY TRUST-FBO KATHLEEN PAGE CLARK IRA | CLASS 5 | 100,000.00 | 49,158.81 | 0.00 | 50,841.19 |
| CLARK | HORACE J & CAROLE CLARK RT DTD 10/27/93 | CLASS 3 | 80,000.00 | 3,756.67 | 0.00 | 76,243.33 |
| CLARK | JERRY B CLARK SR | CLASS 3 | 100,000.00 | 27,833.33 | 0.00 | 72,166.67 |
| CLARK | MADELINE CLARK | CLASS 3 | 100,000.00 | 1,680.57 | 0.00 | 98,319.43 |
| CLARK | MAINSTAR-FBO CYNTHIA CLARK T2176329 | CLASS 3 | 100,000.00 | 5,389.89 | 0.00 | 94,610.11 |
| CLARK | MAINSTAR-FBO DONNA CLARK T2175756 | CLASS 3 | 21,000.00 | 1,085.00 | 0.00 | 19,915.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CLARK | MAINSTAR-FBO JOHN J CLARK T2176400 | CLASS 3 | 50,000.00 | 1,883.33 | 0.00 | 48,116.67 |
| CLARK | PROV. TR GP-FBO DOUGLAS CLARK IRA | CLASS 3 | 308,000.00 | 28,233.33 | 0.00 | 279,766.67 |
| CLARK | PROV. TR GP-FBO KATHLEEN PAGE CLARK IRA | CLASS 5 | 100,000.00 | 31,387.09 | 0.00 | 68,612.91 |
| CLARK | PROV. TR GP-FBO LESLIE CLARK IRA | CLASS 3 | 49,760.00 | 3,599.31 | 0.00 | 46,160.69 |
| CLARK | RALPH E CLARK JR | CLASS 3 | 50,000.00 | 466.67 | 0.00 | 49,533.33 |
| CLARK | RONALD D & MARY LOU CLARK | CLASS 3 | 200,000.00 | 21,341.65 | 0.00 | 178,658.35 |
| CLARK | THOMAS A CLARK | CLASS 5 | 54,763.90 | 14,722.81 | 0.00 | 40,041.09 |
| CLARKE | PROV. TR GP-FBO SHARON CLARKE IRA | CLASS 3 | 223,000.00 | 4,429.03 | 0.00 | 218,570.97 |
| CLAUSEN | CLAUSEN FT DTD 03/14/96 | CLASS 3 | 100,000.00 | 6,733.33 | 0.00 | 93,266.67 |
| CLAVERIA | IRENE CLAVERIA FLP | CLASS 3 | 50,000.00 | 6,154.24 | 0.00 | 43,845.76 |
| CLAVERIA | RICHARD CLAVERIA MD APC PENSION PL & TR | CLASS 3 | 50,000.00 | 12,045.98 | 0.00 | 37,954.02 |
| CLAYTON | CLAYTON FT | CLASS 3 | 25,000.00 | 2,320.29 | 0.00 | 22,679.71 |
| CLAYTON | PROV. TR GP-FBO JIMMY M CLAYTON IRA | CLASS 3 | 60,000.00 | 6,250.00 | 0.00 | 53,750.00 |
| CLAYTON | TERRY L & CATHY M CLAYTON | CLASS 3 | 100,000.00 | 12,733.33 | 0.00 | 87,266.67 |
| CLAYTON CAPITAL | CLAYTON CAPITAL INVESTMENTS CORP | CLASS 3 | 2,626,777.81 | 55,456.31 | 0.00 | 2,571,321.50 |
| CLAYTON CAPITAL | CLAYTON CAPITAL INVESTMENTS CORP | CLASS 3* | 511,500.00 | 15,345.00 | 0.00 | 496,155.00 |
| CLEAVES | CLEAVES FT 1992 | CLASS 3 | 75,000.00 | 443.33 | 0.00 | 74,556.67 |
| CLEMENS | MAINSTAR-FBO RONALD L CLEMENS T2177915 | CLASS 3 | 100,000.00 | 2,100.00 | 0.00 | 97,900.00 |
| CLEMENS | RONALD L & HEIDI M CLEMENS | CLASS 3 | 50,000.00 | 1,876.41 | 0.00 | 48,123.59 |
| CLEMENT/CAMPBELL | JUDY J CLEMENT & TERRI CAMPBELL | CLASS 3 | 50,000.00 | 1,826.40 | 0.00 | 48,173.60 |
| CLEMENTS | SUE CLEMENTS | CLASS 5 | 100,000.00 | 35,138.76 | 0.00 | 64,861.24 |
| CLENNAN | WARREN R CLENNAN | CLASS 3 | 25,000.00 | 150.00 | 0.00 | 24,850.00 |
| CLIFTON | KAREN S CLIFTON | CLASS 3 | 50,000.00 | 183.33 | 0.00 | 49,816.67 |
| CLIFTON | MAINSTAR-FBO JESSICA CLIFTON T2177751 | CLASS 3 | 116,500.00 | 1,747.50 | 0.00 | 114,752.50 |
| CLIFTON | MICHAEL C & LINDA J CLIFTON | CLASS 3 | 45,000.00 | 2,487.50 | 0.00 | 42,512.50 |
| CLINE | FLOYD CLINE | CLASS 3 | 100,000.00 | 22,449.16 | 0.00 | 77,550.84 |
| CLINE/DUBOIS | SARAH CLINE & BRUCE DUBOIS | CLASS 3 | 160,000.00 | 4,441.67 | 0.00 | 155,558.33 |
| CLINTON | LYNDA T CLINTON | CLASS 3 | 150,000.00 | 31,845.83 | 0.00 | 118,154.17 |
| CLOONAN | RUTH CLOONAN | CLASS 3 | 50,000.00 | 7,463.12 | 0.00 | 42,536.88 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CLOSE | DAVID M CLOSE | CLASS 3 | 50,000.00 | 1,986.14 | 0.00 | 48,013.86 |
| CLOUSE | ROGER & NANCY CLOUSE | CLASS 3 | 100,000.00 | 3,674.98 | 0.00 | 96,325.02 |
| CLOWER | JANE A & BLAINE JR CLOWER | CLASS 3 | 50,000.00 | 3,509.69 | 0.00 | 46,490.31 |
| CLUNE | LINUS J & SANDRA A CLUNE | CLASS 3 | 55,000.00 | 6,371.16 | 0.00 | 48,628.84 |
| CLUNE | RANDOLPH A CLUNE | CLASS 3 | 80,000.00 | 18,622.55 | 347.83 | 61,029.62 |
| CLUNE | RANDOLPH A CLUNE | CLASS 5 | 150,000.00 | 34,917.28 | 652.17 | 114,430.55 |
| COALE | MAINSTAR-FBO LLOYD H COALE JR T2177231 | CLASS 3 | 54,900.00 | 1,392.33 | 0.00 | 53,507.67 |
| COATE | CHARLES L COATE | CLASS 3 | 150,000.00 | 31,811.04 | 0.00 | 118,188.96 |
| COBANE | IRA SVCS TR CO-CFBO PEGGY J COBANE IRA | CLASS 3 | 100,000.00 | 5,516.67 | 0.00 | 94,483.33 |
| COBIAN | MARCO ANTONIO COBIAN | CLASS 3 | 30,000.00 | 75.00 | 0.00 | 29,925.00 |
| COBLAR | HORIZON TR CO-FBO ROBERT COBLAR IRA | CLASS 5 | 160,000.00 | 26,577.71 | 0.00 | 133,422.29 |
| COBLAR | HORIZON TR CO-FBO ROBERT COBLAR ROTH IRA | CLASS 3 | 60,000.00 | 1,411.67 | 0.00 | 58,588.33 |
| COBLAR | KATHLEEN & ROBERT COBLAR | CLASS 3 | 100,000.00 | 4,366.67 | 0.00 | 95,633.33 |
| COCKROFT | ROGER COCKROFT | CLASS 3 | 50,000.00 | 523.85 | 0.00 | 49,476.15 |
| CODY | KATHLEEN S CODY | CLASS 5 | 41,000.00 | 3,086.42 | 0.00 | 37,913.58 |
| CODY | MAINSTAR-FBO KATHLEEN S CODY T2176549 | CLASS 5 | 211,274.00 | 16,080.30 | 0.00 | 195,193.70 |
| COE | FREDERICK V COE | CLASS 3 | 75,000.00 | 23,163.43 | 0.00 | 51,836.57 |
| COFFEY | JAMES M COFFEY | CLASS 3 | 150,000.00 | 6,854.17 | 0.00 | 143,145.83 |
| COFFEY/COURNOYER | JAMES M COFFEY & WENDY COURNOYER | CLASS 3 | 300,000.00 | 40,950.00 | 0.00 | 259,050.00 |
| COFFEY/GODINEZ | VICTOR COFFEY III & EVANGELINE GODINEZ | CLASS 5 | 600,000.00 | 127,016.73 | 0.00 | 472,983.27 |
| COFFMAN | CLYDE & JANINE COFFMAN | CLASS 3 | 30,000.00 | 1,865.00 | 0.00 | 28,135.00 |
| COFFMAN | DAVID LEE COFFMAN | CLASS 5 | 100,000.00 | 12,944.39 | 0.00 | 87,055.61 |
| COGSWELL | LYNN B COGSWELL | CLASS 5 | 700,000.00 | 271,208.27 | 0.00 | 428,791.73 |
| COGSWELL | PROV. TR GP-FBO SAMUEL B COGSWELL IRA | CLASS 3 | 54,700.00 | 5,732.11 | 0.00 | 48,967.89 |
| COHAN | HENRY F COHAN LT | CLASS 3 | 250,000.00 | 19,262.84 | 0.00 | 230,737.16 |
| COHEN | ALMA COHEN | CLASS 3 | 50,000.00 | 775.00 | 0.00 | 49,225.00 |
| COHEN | GEORGE & RUTH COHEN RT UAD OCT 2003 | CLASS 3 | 55,000.00 | 1,950.32 | 0.00 | 53,049.68 |
| COHEN | PAUL & SHELDON S COHEN | CLASS 3 | 50,000.00 | 1,471.51 | 0.00 | 48,528.49 |
| COHEN | PAUL COHEN | CLASS 3 | 75,000.00 | 2,586.79 | 0.00 | 72,413.21 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| COHEN | PROV. TR GP-FBO MARTIN V COHEN IRA | CLASS 3 | 100,000.00 | 29,097.16 | 0.00 | 70,902.84 |
| COHEN | PROV. TR GP-FBO MARTIN V COHEN IRA | CLASS 5 | 300,000.00 | 87,291.49 | 0.00 | 212,708.51 |
| COHEN | THE MURIEL COHEN FT | CLASS 3 | 41,000.00 | 615.00 | 0.00 | 40,385.00 |
| COHN | HARRY S COHN RLT | CLASS 3 | 100,000.00 | 18.06 | 0.00 | 99,981.94 |
| COKER | TMICO-FBO TEDDY S COKER TRAD IRA | CLASS 5 | 58,937.50 | 13,064.59 | 0.00 | 45,872.91 |
| COLANGELO | LILIO COLANGELO | CLASS 3 | 85,000.00 | 3,050.83 | 0.00 | 81,949.17 |
| COLANTUONO | ELIZABETH A COLANTUONO RLT | CLASS 3 | 50,000.00 | 4,617.48 | 0.00 | 45,382.52 |
| COLBERT | LOUISE F COLBERT | CLASS 3 | 28,000.00 | 2,643.60 | 0.00 | 25,356.40 |
| COLE | ELSA HURLBUT COLE TR | CLASS 3 | 100,000.00 | 24,188.89 | 0.00 | 75,811.11 |
| COLE | IRA SVCS TR CO-CFBO LORI A COLE IRA | CLASS 3 | 33,500.00 | 735.12 | 0.00 | 32,764.88 |
| COLE | JANE COLE TTEE THE JANE COLE RTA 07/31/15 | CLASS 3 | 25,000.00 | 3,679.17 | 0.00 | 21,320.83 |
| COLE | WALTER G COLE JR | CLASS 3 | 25,000.00 | 33.33 | 0.00 | 24,966.67 |
| COLEMAN | DELORES COLEMAN | CLASS 3 | 50,000.00 | 2,161.84 | 0.00 | 47,838.16 |
| COLEMAN | GENEVIEVE COLEMAN | CLASS 3 | 300,000.00 | 2,847.17 | 0.00 | 297,152.83 |
| COLEMAN | PROV. TR GP-FBO JERRY WAYNE COLEMAN IRA | CLASS 3 | 28,500.00 | 7,076.48 | 0.00 | 21,423.52 |
| COLEMAN | PROV. TR GP-FBO MATTHEW COLEMAN IRA | CLASS 3 | 98,000.00 | 4,344.67 | 0.00 | 93,655.33 |
| COLEMAN | PROV. TR GP-FBO NAFEES COLEMAN IRA | CLASS 3 | 73,000.00 | 4,035.28 | 0.00 | 68,964.72 |
| COLEN | ROBERT E COLEN RT DTD 03/13/97 | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| COLINA | THE SAMUEL & AMY COLINA LT | CLASS 3 | 50,000.00 | 236.11 | 0.00 | 49,763.89 |
| COLLA | ANTONIO L COLLA | CLASS 3 | 200,000.00 | 11,552.75 | 0.00 | 188,447.25 |
| COLLIANDER | MAINSTAR-FBO RAVONA COLLIANDER TW00004081 | CLASS 3 | 47,302.68 | 947.37 | 0.00 | 46,355.31 |
| COLLIER | JANIS COLLIER | CLASS 3 | 100,000.00 | 2,099.99 | 0.00 | 97,900.01 |
| COLLINGS | GLENNA W COLLINGS | CLASS 3 | 35,000.00 | 169.17 | 0.00 | 34,830.83 |
| COLLINS | CONSTANCE A COLLINS | CLASS 3 | 50,000.00 | 525.00 | 0.00 | 49,475.00 |
| COLLINS | JERRY W COLLINS | CLASS 3 | 44,707.00 | 1,069.24 | 0.00 | 43,637.76 |
| COLLINS | MAINSTAR-FBO TENITA COLLINS T2177383 | CLASS 3 | 58,000.00 | 394.73 | 0.00 | 57,605.27 |
| COLLINS | MARY ANN COLLINS | CLASS 3 | 50,000.00 | 505.56 | 0.00 | 49,494.44 |
| COLLINS | MICHAEL W & ALICIA L COLLINS | CLASS 5 | 900,000.00 | 179,127.77 | 0.00 | 720,872.23 |
| COLORADO PIONEER | COLORADO PIONEER TR DTD 06/23/17 | CLASS 3 | 50,000.00 | 982.79 | 0.00 | 49,017.21 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| COLSON | BETTY J COLSON IRREV TR | CLASS 3 | 60,000.00 | 3,750.00 | 0.00 | 56,250.00 |
| COLSON | IRA SVCS TR CO-FBO NEAL A COLSON IRA | CLASS 3 | 47,000.00 | 1,802.35 | 0.00 | 45,197.65 |
| COLSON | MAINSTAR-FBO CAROL A COLSON T2178159 | CLASS 3 | 101,000.00 | 656.50 | 0.00 | 100,343.50 |
| COLTRIN BROTHERS | COLTRIN BROTHERS LLC | CLASS 3 | 200,000.00 | 1,666.67 | 0.00 | 198,333.33 |
| COLUMBUS MEDICAL | COLUMBUS MEDICAL EQUIPMENT INC | CLASS 3 | 500,000.00 | 9,027.76 | 0.00 | 490,972.24 |
| COMBINE DIST | COMBINE DIST/JJAZ PSP JAY MILLER TTE | CLASS 5 | 50,000.00 | 22,194.63 | 0.00 | 27,805.37 |
| COMBS | BILLY E & LYNN B COMBS | CLASS 3 | 109,000.00 | 3,482.64 | 0.00 | 105,517.36 |
| COMBS | GREGORY MICHAEL COMBS | CLASS 3 | 75,000.00 | 1,188.47 | 0.00 | 73,811.53 |
| COMER | THOMAS L COMER | CLASS 3 | 100,000.00 | 1,050.00 | 0.00 | 98,950.00 |
| COMER | VICKY S COMER | CLASS 3 | 70,000.00 | 106.94 | 0.00 | 69,893.06 |
| COMINOS | HARRY COMINOS | CLASS 3 | 25,000.00 | 1,638.16 | 0.00 | 23,361.84 |
| COMMINS | KARLA SCHMIDT COMMINS TR | CLASS 3 | 200,000.00 | 3,333.32 | 0.00 | 196,666.68 |
| CONAWAY | DIANE CONAWAY | CLASS 3 | 30,000.00 | 670.00 | 0.00 | 29,330.00 |
| CONCASCIA | PROV. TR GP-FBO MICHAEL CONCASCIA IRA | CLASS 3 | 53,300.00 | 614.43 | 0.00 | 52,685.57 |
| CONE | MAINSTAR-FBO PATRICIA CONE T2177417 | CLASS 3 | 50,000.00 | 1,686.41 | 0.00 | 48,313.59 |
| CONG MYAD LYAD | CONG MYAD LYAD INC | CLASS 3 | 50,000.00 | 2,744.41 | 0.00 | 47,255.59 |
| CONG. BYRUCH MOUSHE | CONGREGATION BYRUCH MOUSHE INC | CLASS 5 | 150,000.00 | 16,041.67 | 0.00 | 133,958.33 |
| CONG. IMERI ZVI | CONGREGATION IMERI ZVI | CLASS 5 | 100,000.00 | 12,555.51 | 0.00 | 87,444.49 |
| CONG. KEREN V'YOEL | CONGREGATION KEREN V'YOEL MOISHE | CLASS 5 | 400,000.00 | 0.00 | 0.00 | 400,000.00 |
| CONK | WALTER R & ELIZABETH J CONK | CLASS 3 | 50,000.00 | 1,701.36 | 0.00 | 48,298.64 |
| CONKLIN | PROV. TR GP-FBO DONNA CONKLIN IRA | CLASS 3 | 90,000.00 | 14,070.00 | 0.00 | 75,930.00 |
| CONLEY | JAMES MICHAEL & ELIZABETH ANN CONLEY | CLASS 3 | 200,000.00 | 27,997.16 | 0.00 | 172,002.84 |
| CONMY | KAREN CONMY | CLASS 3 | 75,000.00 | 4,637.50 | 0.00 | 70,362.50 |
| CONMY | PROV. TR GP-FBO KAREN CONMY IRA | CLASS 3 | 52,700.00 | 3,043.43 | 0.00 | 49,656.57 |
| CONNELLY | JAMES C & PATRICIA A CONNELLY | CLASS 3 | 29,000.00 | 1,769.77 | 0.00 | 27,230.23 |
| CONNER | BRENDA C CONNER | CLASS 5 | 400,000.00 | 57,083.28 | 0.00 | 342,916.72 |
| CONNER | CONNER LT DTD 04/16/07 | CLASS 3 | 250,000.00 | 26,340.93 | 0.00 | 223,659.07 |
| CONNER | CONNER LT DTD 04/16/07 | CLASS 5 | 550,000.00 | 57,950.05 | 0.00 | 492,049.95 |
| CONNER | MARTHA CONNER | CLASS 3 | 97,428.90 | 2,138.00 | 0.00 | 95,290.90 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CONNOLLY | KRIS L & SHARON R CONNOLLY | CLASS 3 | 50,000.00 | 2,680.52 | 0.00 | 47,319.48 |
| CONNOLLY | PROV. TR GP-FBO DENNIS J CONNOLLY IRA | CLASS 3 | 100,000.00 | 11,122.23 | 0.00 | 88,877.77 |
| CONNOR | PROV. TR GP-FBO SHARON H CONNOR IRA | CLASS 3 | 127,000.00 | 19,338.50 | 0.00 | 107,661.50 |
| CONNORS | CHARLES C & TRACY V CONNORS | CLASS 3 | 371,000.00 | 27,254.24 | 0.00 | 343,745.76 |
| CONNORS | PROV. TR GP-FBO CHARLES C CONNORS IRA | CLASS 3 | 320,000.00 | 22,642.33 | 0.00 | 297,357.67 |
| CONNORS | PROV. TR GP-FBO TRACY V CONNORS IRA | CLASS 3 | 60,000.00 | 5,426.67 | 0.00 | 54,573.33 |
| CONSTANTINI | THE ANTHONY G CONSTANTINI RT DTD 5/24/13 | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| CONSTAS | NICK CONSTAS | CLASS 5 | 300,000.00 | 68,986.07 | 0.00 | 231,013.93 |
| CONTI | SHIRLEY E CONTI | CLASS 3 | 40,000.00 | 7,165.52 | 0.00 | 32,834.48 |
| CONTRACT BUYING SERV | CONTRACT BUYING SERVICES INC | CLASS 3 | 43,640.00 | 12,873.78 | 0.00 | 30,766.22 |
| CONTRERAS | MALENA CONTRERAS | CLASS 3 | 50,000.00 | 9,612.50 | 0.00 | 40,387.50 |
| CONWAY | EDWARD CONWAY | CLASS 3 | 60,000.00 | 2,699.59 | 0.00 | 57,300.41 |
| CONWAY | EDWARD CONWAY RT | CLASS 3 | 100,000.00 | 3,566.67 | 0.00 | 96,433.33 |
| CONWAY | JEAN & EDWARD CONWAY RT | CLASS 3 | 60,000.00 | 2,560.00 | 0.00 | 57,440.00 |
| COODY | JEANETTE COODY | CLASS 3 | 27,000.00 | 285.00 | 0.00 | 26,715.00 |
| COOK | ALMA M COOK | CLASS 3 | 100,000.00 | 4,098.63 | 0.00 | 95,901.37 |
| COOK | CURTIS R & DEBORAH E COOK | CLASS 5 | 200,000.00 | 74,111.32 | 0.00 | 125,888.68 |
| COOK | CURTIS R COOK | CLASS 3 | 300,000.00 | 49,631.18 | 1,360.55 | 249,008.27 |
| COOK | CURTIS R COOK | CLASS 5 | 700,000.00 | 115,806.09 | 3,174.61 | 581,019.30 |
| COOK | DAVE E COOK | CLASS 3 | 75,000.00 | 4,782.60 | 0.00 | 70,217.40 |
| COOK | JAMES M COOK | CLASS 3 | 125,000.00 | 4,985.78 | 0.00 | 120,014.22 |
| COOK | MAINSTAR-FBO JAMES R COOK | CLASS 3 | 25,000.00 | 2,692.71 | 0.00 | 22,307.29 |
| COOK | PROV. TR GP-FBO CURTIS R COOK IRA | CLASS 3 | 150,000.00 | 7,500.00 | 0.00 | 142,500.00 |
| COOK | PROV. TR GP-FBO DEBORAH E COOK IRA | CLASS 3 | 85,000.00 | 4,214.58 | 0.00 | 80,785.42 |
| COOK | WILLIAM M COOK | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| COOKE-ZDEB | NANCY J COOKE-ZDEB | CLASS 3 | 100,000.00 | 1,666.67 | 0.00 | 98,333.33 |
| COON | MAINSTAR-FBO LOIS COON T2178322 | CLASS 3 | 50,000.00 | 340.28 | 0.00 | 49,659.72 |
| COON | MAINSTAR-FBO PAUL W COON T2177158 | CLASS 3 | 56,600.00 | 1,749.88 | 0.00 | 54,850.12 |
| COON | MAINSTAR-FBO SARAH L COON | CLASS 3 | 28,000.00 | 2,512.62 | 0.00 | 25,487.38 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| COON | SARAH L COON | CLASS 3 | 100,000.00 | 9,163.24 | 0.00 | 90,836.76 |
| COOPER | BLAIR B COOPER | CLASS 3 | 70,000.00 | 14,035.01 | 0.00 | 55,964.99 |
| COOPER | COOPER LT 07/27/00 | CLASS 3 | 50,000.00 | 6,258.33 | 0.00 | 43,741.67 |
| COOPER | DARYL L & CYNTHIA E COOPER | CLASS 3 | 50,000.00 | 5,166.66 | 0.00 | 44,833.34 |
| COOPER | DONALD M COOPER | CLASS 5 | 50,000.00 | 7,513.94 | 0.00 | 42,486.06 |
| COOPER | FRANK & KAROLYN COOPER | CLASS 3 | 150,000.00 | 2,775.00 | 0.00 | 147,225.00 |
| COOPER | KAREN L COOPER | CLASS 3 | 140,000.00 | 13,346.62 | 0.00 | 126,653.38 |
| COOPER | MAINSTAR-FBO DONALD M COOPER T2175043 | CLASS 5 | 1,966,608.00 | 196,608.45 | 0.00 | 1,769,999.55 |
| COOPER | PROV. TR GP-FBO DARYL COOPER IRA | CLASS 3 | 50,000.00 | 5,441.67 | 0.00 | 44,558.33 |
| COOPER | WILMA COOPER | CLASS 3 | 36,000.00 | 2,203.50 | 1,000.00 | 32,796.50 |
| COOPRIDER | CHARLES E COOPRIDER | CLASS 3 | 250,000.00 | 36,473.58 | 0.00 | 213,526.42 |
| COPELAND | COPELAND FAMILY IRREV TR | CLASS 3 | 150,000.00 | 2,812.50 | 0.00 | 147,187.50 |
| COPELAND | MINDY R COPELAND | CLASS 3 | 60,000.00 | 7,412.50 | 0.00 | 52,587.50 |
| COPELAND | PROV. TR GP-FBO MINDY R COPELAND IRA | CLASS 3 | 111,000.00 | 21,178.48 | 0.00 | 89,821.52 |
| COPELAND | VIRGINIA COPELAND | CLASS 3 | 25,000.00 | 1,037.99 | 0.00 | 23,962.01 |
| CORBETT | JOE CORBETT | CLASS 5 | 50,000.00 | 9,347.23 | 0.00 | 40,652.77 |
| CORBETT | JOSEPH MICHAEL CORBETT RLT DTD 03/29/04 | CLASS 5 | 200,000.00 | 12,944.47 | 0.00 | 187,055.53 |
| CORBETT | RAY & EDITH CORBETT | CLASS 3 | 25,000.00 | 600.00 | 0.00 | 24,400.00 |
| CORBETT | ROWENA CORBETT | CLASS 5 | 50,000.00 | 10,027.86 | 0.00 | 39,972.14 |
| CORDER | PROV. TR GP-FBO MALINDA CORDER IRA | CLASS 3 | 27,771.00 | 3,657.05 | 0.00 | 24,113.95 |
| CORDONNIER | MAINSTAR-FBO JEREMY CORDONNIER T2177482 | CLASS 3 | 41,807.33 | 1,275.12 | 0.00 | 40,532.21 |
| CORDONNIER | MAINSTAR-FBO SHERRY CORDONNIER | CLASS 3 | 75,852.07 | 4,635.40 | 0.00 | 71,216.67 |
| CORDONNIER | SHERRY CORDONNIER | CLASS 3 | 25,000.00 | 1,973.57 | 0.00 | 23,026.43 |
| CORKHILL | PROV. TR GP-FBO ANDREA M CORKHILL ICA | CLASS 3 | 25,000.00 | 739.58 | 0.00 | 24,260.42 |
| CORNELIUS | DARLENE CORNELIUS | CLASS 3 | 100,000.00 | 2,690.29 | 0.00 | 97,309.71 |
| CORNELIUS | DONALD CORNELIUS | CLASS 3 | 100,000.00 | 10,526.45 | 0.00 | 89,473.55 |
| CORNELY | CINTRA CORNELY | CLASS 3 | 30,000.00 | 3,385.00 | 0.00 | 26,615.00 |
| CORNERSTONE GROWTH | CORNERSTONE GROWTH | CLASS 3 | 50,000.00 | 3,004.20 | 0.00 | 46,995.80 |
| CORNETT | IRA SVCS TR CO-CFBO NATALIE M CORNETT IRA | CLASS 3 | 147,000.00 | 8,706.49 | 0.00 | 138,293.51 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CORPMAN-ELANE | LINDA CORPMAN-ELANE | CLASS 3 | 35,000.00 | 1,696.49 | 0.00 | 33,303.51 |
| CORRAO | DEBORAH C CORRAO | CLASS 3 | 175,000.00 | 8,395.52 | 0.00 | 166,604.48 |
| CORREA | MIGUEL G CORREA | CLASS 3 | 100,000.00 | 17,655.40 | 0.00 | 82,344.60 |
| CORREA | OLGA CORREA | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| CORREA | PROV. TR GP-FBO MIGUEL G CORREA IRA | CLASS 3 | 389,500.00 | 41,986.79 | 0.00 | 347,513.21 |
| CORRELL | JAMES W & JOY A CORRELL FT | CLASS 3 | 350,000.00 | 50,877.64 | 0.00 | 299,122.36 |
| CORRELL | SONDRA B CORRELL | CLASS 3 | 100,000.00 | 2,916.69 | 0.00 | 97,083.31 |
| CORRIGAN | PROV. TR GP-FBO VICKI M CORRIGAN IRA | CLASS 3 | 135,000.00 | 26,250.00 | 0.00 | 108,750.00 |
| CORSI | JANIS & JESSE CORSI | CLASS 3 | 35,000.00 | 2,652.53 | 0.00 | 32,347.47 |
| CORTES | FLORIS & MICHAEL J CORTES | CLASS 3 | 25,000.00 | 2,093.98 | 0.00 | 22,906.02 |
| CORTEZ | MAINSTAR-FBO MANUEL C CORTEZ T2177097 | CLASS 3 | 21,200.00 | 561.80 | 0.00 | 20,638.20 |
| CORVI | PROV. TR GP-FBO MARION CORVI IRA | CLASS 3 | 100,000.00 | 2,255.56 | 0.00 | 97,744.44 |
| CORVO | CATERINA CORVO | CLASS 3 | 30,000.00 | 2,325.00 | 1,000.00 | 26,675.00 |
| COSH | DOROTHY J COSH | CLASS 3 | 30,000.00 | 3,474.17 | 0.00 | 26,525.83 |
| COSNER | BRENDA COSNER | CLASS 3 | 50,000.00 | 4,666.72 | 0.00 | 45,333.28 |
| COSS | STEPHEN T COSS | CLASS 3 | 25,000.00 | 427.77 | 0.00 | 24,572.23 |
| COSSU | JESSIE JOANN COSSU | CLASS 3 | 100,000.00 | 4,629.13 | 0.00 | 95,370.87 |
| COSTA | CHARLES D & PAMELA L COSTA | CLASS 5 | 50,000.00 | 24,883.32 | 0.00 | 25,116.68 |
| COSTA | PROV. TR GP-FBO ANDREW COSTA IHN IRA | CLASS 3 | 60,000.00 | 1,500.00 | 0.00 | 58,500.00 |
| COSTA | PROV. TR GP-FBO ANDREW COSTA SEP IRA | CLASS 5 | 52,000.00 | 13,000.00 | 0.00 | 39,000.00 |
| COSTA | PROV. TR GP-FBO WENDY COSTA SEP IRA | CLASS 5 | 52,000.00 | 13,000.00 | 0.00 | 39,000.00 |
| COSTA | THE COSTA LT UA 02/01/80 | CLASS 3 | 200,000.00 | 133.33 | 0.00 | 199,866.67 |
| COSTANZA | LOUIS J & JOYCE A COSTANZA | CLASS 3 | 40,000.00 | 4,711.20 | 0.00 | 35,288.80 |
| COTECCHIA | ALAN COTECCHIA | CLASS 5 | 200,000.00 | 73,623.80 | 0.00 | 126,376.20 |
| COTTEN | CLAY M COTTEN | CLASS 3 | 50,000.00 | 1,408.33 | 0.00 | 48,591.67 |
| COTTER | JAMES R & DONNA K COTTER | CLASS 3 | 50,000.00 | 6,650.04 | 0.00 | 43,349.96 |
| COUGHLIN | RICHARD C COUGHLIN | CLASS 3 | 150,000.00 | 2,875.00 | 0.00 | 147,125.00 |
| COUGLE | IRA SVCS TR CO-CFBO TRACI COUGLE IRA | CLASS 3 | 25,000.00 | 2,337.48 | 0.00 | 22,662.52 |
| COURTNEY | CHRIS & DONNA COURTNEY | CLASS 3 | 76,000.00 | 1,678.35 | 0.00 | 74,321.65 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| COURTNEY | FRANKIE J & ROY L COURTNEY | CLASS 3 | 100,000.00 | 366.67 | 0.00 | 99,633.33 |
| COURTNEY | ROBERT L COURTNEY | CLASS 3 | 200,000.00 | 4,433.34 | 0.00 | 195,566.66 |
| COURTNEY | SUNWEST TR ROY COURTNEY IRA | CLASS 3 | 50,000.00 | 239.82 | 0.00 | 49,760.18 |
| COVELESKIE | COVELESKIE FT | CLASS 3 | 50,000.00 | 4,200.00 | 0.00 | 45,800.00 |
| COVELESKIE | MAINSTAR-FBO BARBARA COVELESKIE T2175580 | CLASS 3 | 33,000.00 | 1,511.30 | 0.00 | 31,488.70 |
| COVELESKIE | MAINSTAR-FBO ROGER W COVELESKIE T2175579 | CLASS 3 | 29,000.00 | 580.23 | 0.00 | 28,419.77 |
| COVELO | MAINSTAR-FBO DOMENICK V COVELO T2177232 | CLASS 3 | 100,000.00 | 2,383.33 | 0.00 | 97,616.67 |
| COVENTRY | MAINSTAR-FBO VIRGINIA M COVENTRY | CLASS 3 | 28,186.47 | 1,522.07 | 0.00 | 26,664.40 |
| COVER | GLENNA COVER | CLASS 3 | 130,000.00 | 6,420.53 | 0.00 | 123,579.47 |
| COVER | JOSEPH P COVER | CLASS 3 | 25,000.00 | 1,354.21 | 0.00 | 23,645.79 |
| COVINGTON | IRA SVCS TR CO-CFBO TERRY L COVINGTON IRA | CLASS 3 | 138,000.00 | 3,660.83 | 0.00 | 134,339.17 |
| COWLEY | SUNWEST TR NEIL T COWLEY IRA | CLASS 3 | 329,000.00 | 19,527.98 | 0.00 | 309,472.02 |
| COWSER | SUNWEST TR DANIEL J COWSER IRA | CLASS 3 | 80,000.00 | 0.00 | 0.00 | 80,000.00 |
| COX | DAVID M & MARGARET K COX | CLASS 3 | 50,000.00 | 991.68 | 0.00 | 49,008.32 |
| COX | JAMES G COX | CLASS 5 | 50,000.00 | 3,604.76 | 0.00 | 46,395.24 |
| COX | JOANNE COX | CLASS 3* | 25,000.00 | 1,260.38 | 0.00 | 23,739.62 |
| COX | JOYCE M COX | CLASS 3 | 25,000.00 | 2,208.33 | 0.00 | 22,791.67 |
| COX | MAINSTAR-FBO KENNETH J COX | CLASS 3 | 69,300.00 | 7,114.80 | 0.00 | 62,185.20 |
| COX | MAINSTAR-FBO MARGARET K COX | CLASS 3 | 85,715.67 | 4,583.40 | 0.00 | 81,132.27 |
| COX | MAINSTAR-FBO THOMAS I COX TW003360 | CLASS 3 | 25,000.00 | 2,175.00 | 0.00 | 22,825.00 |
| COX | PROV. TR GP-FBO MIKEL A COX IRA | CLASS 5 | 349,243.00 | 52,201.54 | 0.00 | 297,041.46 |
| COX | PROV. TR GP-FBO WILLIAM A COX IRA | CLASS 3 | 218,800.00 | 5,980.54 | 0.00 | 212,819.46 |
| COX | RONALD L COX TR 03/10/80 | CLASS 3 | 75,000.00 | 3,953.47 | 0.00 | 71,046.53 |
| COYLE | GINNY L COYLE | CLASS 3 | 25,000.00 | 855.84 | 0.00 | 24,144.16 |
| COYNE | RUSSELL J COYNE | CLASS 3 | 250,000.00 | 0.00 | 0.00 | 250,000.00 |
| COZZIE | MAINSTAR-FBO JAMES W COZZIE T2175237 | CLASS 3 | 100,000.00 | 7,625.02 | 0.00 | 92,374.98 |
| CRACCHIOLO | SAMUEL & DEBORAH CRACCHIOLO | CLASS 3 | 100,000.00 | 1,616.67 | 0.00 | 98,383.33 |
| CRADY | RAYMOND J & JUDY L CRADY | CLASS 3 | 50,000.00 | 3,354.11 | 0.00 | 46,645.89 |
| CRAFF/BORDA | MELBA CRAFF & JORGE BORDA | CLASS 3 | 70,000.00 | 183.75 | 0.00 | 69,816.25 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CRAIG | MARTHA ELLEN CRAIG | CLASS 3 | 43,000.00 | 8,946.27 | 0.00 | 34,053.73 |
| CRAIG | NICOLE SPINA CRAIG | CLASS 3 | 70,000.00 | 4,148.45 | 0.00 | 65,851.55 |
| CRAIG | PROV. TR GP-FBO MARTHA E CRAIG ROTH IRA | CLASS 3 | 81,000.00 | 13,786.40 | 0.00 | 67,213.60 |
| CRAIG/KESTEN | BARBARA CRAIG & GREG KESTEN | CLASS 3 | 25,000.00 | 2,470.87 | 0.00 | 22,529.13 |
| CRAIGHEAD | ANGELA & EUGENE CRAIGHEAD | CLASS 3 | 100,000.00 | 7,563.85 | 0.00 | 92,436.15 |
| CRAIGIE | PROV. TR GP-FBO DONALD F CRAIGIE IRA | CLASS 5 | 100,000.00 | 28,988.89 | 0.00 | 71,011.11 |
| CRAMER | DAVID D CRAMER | CLASS 3 | 50,000.00 | 1,263.90 | 0.00 | 48,736.10 |
| CRAWFORD | ALYSSA M CRAWFORD TR | CLASS 3 | 25,000.00 | 1,904.91 | 0.00 | 23,095.09 |
| CRAWFORD | NICOLE E CRAWFORD TR | CLASS 3 | 25,000.00 | 1,961.51 | 0.00 | 23,038.49 |
| CRAWFORD | WILLIAM DEAN & LINDA SUE CRAWFORD | CLASS 3 | 200,000.00 | 16,666.56 | 0.00 | 183,333.44 |
| CRAYTON | CURLEE A CRAYTON | CLASS 3 | 200,000.00 | 25,083.23 | 0.00 | 174,916.77 |
| CREAMER | JOHN M & DOROTHY L CREAMER | CLASS 3 | 250,000.00 | 14,805.51 | 0.00 | 235,194.49 |
| CREATIONS IN LUCITE | CREATIONS IN LUCITE INC | CLASS 5 | 50,000.00 | 2,030.57 | 0.00 | 47,969.43 |
| CREEVY | SCOTT K & SALLY J CREEVY | CLASS 3 | 57,000.00 | 294.50 | 0.00 | 56,705.50 |
| CREEVY | SCOTT K CREEVY | CLASS 3 | 100,000.00 | 12,700.00 | 0.00 | 87,300.00 |
| CREISSEN | THOMAS J CREISSEN | CLASS 3 | 150,000.00 | 14,601.42 | 0.00 | 135,398.58 |
| CRESPIN | MARIE CRESPIN | CLASS 3 | 25,000.00 | 1,489.62 | 0.00 | 23,510.38 |
| CRETELLA | CAROLINA CRETELLA | CLASS 3 | 200,000.00 | 8,097.29 | 0.00 | 191,902.71 |
| CRETIN | MAINSTAR-FBO TIMOTHY CRETIN | CLASS 3 | 91,000.00 | 8,814.33 | 0.00 | 82,185.67 |
| CREWS | ROYCE D CREWS | CLASS 3 | 30,000.00 | 533.33 | 0.00 | 29,466.67 |
| CRIPE | ADELE CAREY CRIPE TR | CLASS 3 | 50,000.00 | 423.60 | 0.00 | 49,576.40 |
| CROAL | PROV. TR GP-FBO EDWARD C CROAL, JR IRA | CLASS 5 | 57,000.00 | 13,711.67 | 0.00 | 43,288.33 |
| CROMER | MAINSTAR-FBO BYRON CROMER TW004021 | CLASS 3 | 75,000.00 | 1,779.17 | 0.00 | 73,220.83 |
| CRONIN | PROV. TR GP-FBO DANA LYNN CRONIN IRA | CLASS 3 | 25,000.00 | 375.00 | 0.00 | 24,625.00 |
| CROSBY | GABRIELLA B CROSBY | CLASS 3 | 50,000.00 | 41.67 | 0.00 | 49,958.33 |
| CROSBY | LORIN & GABRIELLA B CROSBY | CLASS 3 | 85,000.00 | 2,224.17 | 0.00 | 82,775.83 |
| CROSS | CLARENCE W CROSS JR | CLASS 3 | 125,000.00 | 1,458.33 | 0.00 | 123,541.67 |
| CROSSAN | RICHARD W CROSSAN TR | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| CROUCH | MARK C CROUCH | CLASS 3 | 15,000.00 | 272.50 | 0.00 | 14,727.50 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CROWDER | PROV. TR GP-FBO JAMES CROWDER IRA | CLASS 3 | 48,989.06 | 5,603.80 | 0.00 | 43,385.26 |
| CROWE | MAINSTAR-FBO JAMES CROWE T2177044 | CLASS 5 | 400,000.00 | 16,288.89 | 0.00 | 383,711.11 |
| CROWE | RICHARD & BEVERLY CROWE | CLASS 3 | 65,000.00 | 2,426.67 | 0.00 | 62,573.33 |
| CROWELL | MARGUERITE CROWELL | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| CROWLEY | JACQUELINE M CROWLEY FT | CLASS 3 | 150,000.00 | 4,468.41 | 0.00 | 145,531.59 |
| CROWN 12 SERVICES | CROWN 12 SERVICES INC | CLASS 3 | 100,000.00 | 736.11 | 0.00 | 99,263.89 |
| CROWSON | TIFFANY CROWSON | CLASS 3 | 136,000.00 | 18,305.25 | 0.00 | 117,694.75 |
| CRUICKSHANK | GORDON S CRUICKSHANK | CLASS 3 | 25,000.00 | 2,566.61 | 0.00 | 22,433.39 |
| CRUICKSHANK | PROV. TR GP-FBO GORDON S CRUICKSHANK IRA | CLASS 3 | 46,000.00 | 2,990.00 | 0.00 | 43,010.00 |
| CRUM | MAINSTAR-FBO MELVIN L CRUM | CLASS 3 | 102,010.00 | 6,562.64 | 0.00 | 95,447.36 |
| CRUMP | RANDELL & EDETTE CRUMP | CLASS 3 | 50,000.00 | 2,574.34 | 0.00 | 47,425.66 |
| CRUTCHER | DEBORAH D CRUTCHER | CLASS 3 | 140,000.00 | 7,991.62 | 0.00 | 132,008.38 |
| CRUZ | ELIZABETH CRUZ | CLASS 3 | 50,000.00 | 602.78 | 0.00 | 49,397.22 |
| CRUZ | PROV. TR GP-FBO JOSE CRUZ IRA | CLASS 3 | 100,000.00 | 1,209.73 | 0.00 | 98,790.27 |
| CRUZ | PROV. TR GP-FBO JOSE CRUZ IRA | CLASS 5 | 100,000.00 | 1,209.73 | 0.00 | 98,790.27 |
| CRUZ | PROV. TR GP-FBO MAYRA CRUZ IRA | CLASS 3 | 100,000.00 | 1,302.78 | 0.00 | 98,697.22 |
| CSANADI | STEVEN CSANADI | CLASS 3 | 100,000.00 | 12,154.16 | 0.00 | 87,845.84 |
| CUCHETTI | WENDELL R CUCHETTI | CLASS 3 | 90,000.00 | 13,343.37 | 0.00 | 76,656.63 |
| CUDDY | PROV. TR GP-FBO MUFFET FOY CUDDY IRA | CLASS 3 | 50,000.00 | 855.56 | 0.00 | 49,144.44 |
| CULLIGAN | PROV. TR GP-FBO JO A CULLIGAN IRA | CLASS 3 | 25,000.00 | 568.57 | 0.00 | 24,431.43 |
| CULOTTA | ROSEMARY CULOTTA | CLASS 3 | 55,000.00 | 935.00 | 0.00 | 54,065.00 |
| CULVER | GENE M & KYLE L CULVER | CLASS 3 | 70,000.00 | 9,138.36 | 0.00 | 60,861.64 |
| CUMMER | INGRID CUMMER | CLASS 3 | 170,000.00 | 19,583.28 | 0.00 | 150,416.72 |
| CUMMINGS | JANE W CUMMINGS EXEMPT TR U/A 09/07/94 | CLASS 3 | 75,000.00 | 1,191.67 | 0.00 | 73,808.33 |
| CUMMINGS | JANE W CUMMINGS LT DTD 04/13/00 | CLASS 3 | 50,000.00 | 794.44 | 0.00 | 49,205.56 |
| CUMMINGS | LESTER H CUMMINGS JR | CLASS 3 | 75,000.00 | 9,472.34 | 0.00 | 65,527.66 |
| CUMMINGS | MAINSTAR-FBO MARLENE CUMMINGS | CLASS 3 | 54,490.00 | 7,680.81 | 0.00 | 46,809.19 |
| CUMMINGS | MAINSTAR-FBO TERESSA CUMMINGS T2176326 | CLASS 3 | 92,286.34 | 3,276.16 | 0.00 | 89,010.18 |
| CUMMINGS | MELISSA M & LESTER CUMMINGS III | CLASS 3 | 100,000.00 | 18,166.67 | 0.00 | 81,833.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| CUNARD | ROBERT D CUNARD | CLASS 3 | 50,000.00 | 6,742.57 | 0.00 | 43,257.43 |
| CUNARD | ROBERT D CUNARD | CLASS 5 | 100,000.00 | 13,485.15 | 0.00 | 86,514.85 |
| CUNNINGHAM | CUNNINGHAM LT | CLASS 3 | 300,000.00 | 7,233.33 | 0.00 | 292,766.67 |
| CUNNINGHAM | MAINSTAR-FBO TERENCE CUNNINGHAM T2177457 | CLASS 3 | 250,000.00 | 7,243.06 | 0.00 | 242,756.94 |
| CUNNINGHAM | THE GARY & ELOISE CUNNINGHAM LT | CLASS 3 | 175,000.00 | 15,609.15 | 0.00 | 159,390.85 |
| CURLER | PROV. TR GP-FBO THOMAS A CURLER IRA | CLASS 3 | 50,000.00 | 979.17 | 0.00 | 49,020.83 |
| CURRENCE | MAINSTAR-FBO DOROTHY R CURRENCE T2176223 | CLASS 3 | 300,000.00 | 24,556.13 | 0.00 | 275,443.87 |
| CURRIE | PAMELA CURRIE | CLASS 3 | 50,000.00 | 2,040.97 | 0.00 | 47,959.03 |
| CURRIE | PROV. TR GP-FBO MARGUERITE A CURRIE IRA | CLASS 3 | 100,000.00 | 5,608.37 | 0.00 | 94,391.63 |
| CURRY | MAXINE CURRY | CLASS 3 | 25,000.00 | 8,919.99 | 0.00 | 16,080.01 |
| CURTIS | CAROL A CURTIS | CLASS 3 | 200,000.00 | 2,100.00 | 1,000.00 | 196,900.00 |
| CURTIS | CURTIS FT DTD 07/01/03 | CLASS 3 | 400,000.00 | 36,586.00 | 0.00 | 363,414.00 |
| CURTIS | HORIZON TR CO-FBO ALFRED CURTIS ROTH IRA | CLASS 5 | 440,000.00 | 48,013.87 | 0.00 | 391,986.13 |
| CURTIS | STEVE D CURTIS | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| CUSHMAN | PATRICIA CUSHMAN | CLASS 3 | 55,000.00 | 927.44 | 0.00 | 54,072.56 |
| CUSTER | MAINSTAR-FBO ROGER CUSTER | CLASS 3 | 52,000.00 | 4,590.43 | 0.00 | 47,409.57 |
| CUSTRED | CUSTRED FT | CLASS 3 | 100,000.00 | 763.89 | 0.00 | 99,236.11 |
| CUTHBERTSON | CAROL CUTHBERTSON | CLASS 3 | 25,000.00 | 375.50 | 0.00 | 24,624.50 |
| CUTSAIL | MARY CUTSAIL | CLASS 3 | 25,000.00 | 781.27 | 0.00 | 24,218.73 |
| CYGAN | THOMAS F & PATRICIA M CYGAN | CLASS 3 | 70,000.00 | 11,073.31 | 0.00 | 58,926.69 |
| CYR | ALBERT G CYR TR | CLASS 3 | 100,000.00 | 5,424.97 | 0.00 | 94,575.03 |
| CYR | PAUL CYR | CLASS 3 | 100,000.00 | 3,425.00 | 0.00 | 96,575.00 |
| DADEY | KATHLEEN A DADEY | CLASS 3 | 25,000.00 | 1,392.40 | 0.00 | 23,607.60 |
| DAGATE | PROV. TR GP-FBO DAVID DAGATE ROTH IRA | CLASS 3 | 95,400.00 | 1,094.45 | 0.00 | 94,305.55 |
| DAGUE | PROV. TR GP-FBO MICHAEL M DAGUE IRA | CLASS 3 | 152,550.00 | 12,026.03 | 0.00 | 140,523.97 |
| DAHLEN | CRAIG M DAHLEN | CLASS 3 | 25,000.00 | 279.17 | 0.00 | 24,720.83 |
| DAHLKAMP | THOMAS R DAHLKAMP | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| DAHMS | PROV. TR GP-FBO WILLIAM R DAHMS IRA | CLASS 5 | 250,000.00 | 46,388.89 | 0.00 | 203,611.11 |
| DAILEY | NANCY L DAILEY | CLASS 3 | 93,213.00 | 4,054.81 | 0.00 | 89,158.19 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DAILEY | PROV. TR GP-FBO DONALD LEONARD DAILEY IRA | CLASS 3 | 73,500.00 | 23,373.49 | 0.00 | 50,126.51 |
| DALEY | PROV. TR GP-FBO BEVERLY DALEY IRA | CLASS 3 | 103,171.00 | 11,065.58 | 0.00 | 92,105.42 |
| DALEY | TMICO-FBO RONALD E DALEY TRAD IRA | CLASS 5 | 75,000.00 | 23,354.13 | 0.00 | 51,645.87 |
| DALTON | IRA SVCS TR CO-CFBO BRADLEY DALTON IRA | CLASS 3 | 59,750.00 | 6,106.19 | 0.00 | 53,643.81 |
| DAMMANN | MAINSTAR-FBO ALEEN DAMMANN | CLASS 5 | 44,000.00 | 7,076.69 | 0.00 | 36,923.31 |
| DAMMANN | PROV. TR GP-FBO WALTER DAMMANN IRA | CLASS 5 | 115,000.00 | 26,865.27 | 0.00 | 88,134.73 |
| DAMON | PROV. TR GP-FBO DAVID W DAMON IRA | CLASS 3 | 100,000.00 | 3,495.14 | 0.00 | 96,504.86 |
| DANEK | EDUARD & IVETA DANEK | CLASS 3 | 150,000.00 | 13,591.67 | 0.00 | 136,408.33 |
| DANIEL | FREDERICK A DANIEL | CLASS 3 | 25,000.00 | 854.19 | 0.00 | 24,145.81 |
| DANIELS | MAINSTAR-FBO MARTHA L DANIELS T2178446 | CLASS 3 | 29,700.00 | 128.70 | 0.00 | 29,571.30 |
| DANIELS | PROV. TR GP-FBO BRADLEY D DANIELS IRA | CLASS 5 | 100,000.00 | 36,611.11 | 0.00 | 63,388.89 |
| DANISH | IRA SVCS TR CO-CFBO DONNA L DANISH IRA | CLASS 3 | 138,000.00 | 7,958.29 | 0.00 | 130,041.71 |
| DANNER | AMERICAN EST&TR FBO EVELYN J DANNER | CLASS 5 | 100,000.00 | 44,444.29 | 0.00 | 55,555.71 |
| DANON | LAURA DANON | CLASS 3 | 30,000.00 | 370.00 | 0.00 | 29,630.00 |
| DANON | LAURA DANON 2009 RT | CLASS 3 | 40,000.00 | 3,073.00 | 0.00 | 36,927.00 |
| DANTIN | IRA SVCS TR CO-CFBO DEBORAH M DANTIN SEP | CLASS 3 | 177,000.00 | 1,548.75 | 0.00 | 175,451.25 |
| DANTIN | JOHN KEITH DANTIN | CLASS 3 | 100,000.00 | 2,080.55 | 0.00 | 97,919.45 |
| DARBY | CAROL A DARBY | CLASS 3 | 50,000.00 | 3,308.35 | 0.00 | 46,691.65 |
| DARDARIS | MAINSTAR-FBO LINDA DARDARIS | CLASS 3 | 125,000.00 | 15,795.17 | 0.00 | 109,204.83 |
| DARDARIS | MAINSTAR-FBO LINDA DARDARIS | CLASS 5 | 125,000.00 | 15,795.17 | 0.00 | 109,204.83 |
| DAUGHERTY | GLENIAL LEE DAUGHERTY LT DTD 11/30/06 | CLASS 3 | 50,000.00 | 3,308.33 | 0.00 | 46,691.67 |
| DAUGHERTY | IRA SVCS TR CO-CFBO ROY DAUGHERTY | CLASS 3 | 25,000.00 | 19.44 | 0.00 | 24,980.56 |
| DAUGHERTY | PROV. TR GP-FBO JAMES&SUSAN DAUGHERTY ICA | CLASS 5 | 50,000.00 | 15,791.82 | 0.00 | 34,208.18 |
| DAUS | IRA SVCS TR CO-CFBO CHARLES P DAUS IRA | CLASS 3 | 30,000.00 | 1,229.58 | 0.00 | 28,770.42 |
| DAVALATH | MEGHA & SHYLAJA DAVALATH | CLASS 3 | 60,000.00 | 3,282.50 | 0.00 | 56,717.50 |
| DAVENPORT | JOYCE E DAVENPORT | CLASS 3 | 30,000.00 | 2,158.33 | 0.00 | 27,841.67 |
| DAVENPORT | MAINSTAR-FBO ROY D DAVENPORT | CLASS 3 | 73,000.00 | 2,821.66 | 0.00 | 70,178.34 |
| DAVEY | DANA R DAVEY | CLASS 3 | 50,000.00 | 2,313.91 | 0.00 | 47,686.09 |
| DAVEY | HORIZON TR CO-FBO NANCY A DAVEY IRA | CLASS 3 | 150,406.00 | 10,323.72 | 0.00 | 140,082.28 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DAVEY | HOWARD D DAVEY | CLASS 3 | 100,000.00 | 3,338.57 | 0.00 | 96,661.43 |
| DAVEY | MAYBELLE S DAVEY | CLASS 3 | 33,000.00 | 5,231.42 | 0.00 | 27,768.58 |
| DAVEY | PROV. TR GP-FBO MAYBELLE S DAVEY IRA | CLASS 3 | 116,596.58 | 18,373.68 | 0.00 | 98,222.90 |
| DAVEZAC | THE DAVEZAC FT | CLASS 3 | 100,000.00 | 2,152.79 | 0.00 | 97,847.21 |
| DAVIDOW | PEARL DAVIDOW | CLASS 3 | 50,000.00 | 16,720.29 | 0.00 | 33,279.71 |
| DAVIDOWITZ | SETH LOREN DAVIDOWITZ | CLASS 3 | 400,000.00 | 14,133.35 | 0.00 | 385,866.65 |
| DAVIDOWSKI | SANDRA L DAVIDOWSKI | CLASS 3 | 50,000.00 | 2,051.41 | 0.00 | 47,948.59 |
| DAVIDSON | LAWRENCE B DAVIDSON | CLASS 3 | 60,000.00 | 7,627.51 | 0.00 | 52,372.49 |
| DAVIES | PROV. TR GP-FBO BRIAN DAVIES IRA | CLASS 3 | 26,000.00 | 1,785.33 | 0.00 | 24,214.67 |
| DAVIS | DAVID DAVIS | CLASS 3 | 250,000.00 | 1,565.28 | 0.00 | 248,434.72 |
| DAVIS | DORIS DEANNA DAVIS RLT DTD 07/19/07 | CLASS 3 | 100,000.00 | 2,383.33 | 0.00 | 97,616.67 |
| DAVIS | IRA SVCS TR CO-CFBO VONDA MARIE DAVIS | CLASS 3 | 200,000.00 | 3,600.00 | 0.00 | 196,400.00 |
| DAVIS | JUNE DAVIS | CLASS 3 | 25,000.00 | 1,243.09 | 0.00 | 23,756.91 |
| DAVIS | MAINSTAR-FBO ROBERT KEITH DAVIS T2175960 | CLASS 3 | 106,310.70 | 6,205.12 | 0.00 | 100,105.58 |
| DAVIS | MARION I DAVIS | CLASS 3 | 100,000.00 | 4,405.58 | 0.00 | 95,594.42 |
| DAVIS | MARY L DAVIS | CLASS 3 | 30,000.00 | 591.25 | 0.00 | 29,408.75 |
| DAVIS | PHILIP W & CYNTHIA M DAVIS | CLASS 3 | 100,000.00 | 9,058.38 | 0.00 | 90,941.62 |
| DAVIS | PIERRE L DAVIS | CLASS 3 | 25,000.00 | 329.17 | 0.00 | 24,670.83 |
| DAVIS | PROV. TR GP-FBO CHRISTINE K DAVIS ICA | CLASS 3 | 95,000.00 | 7,084.10 | 0.00 | 87,915.90 |
| DAVIS | PROV. TR GP-FBO CHRISTINE K DAVIS IRA | CLASS 3 | 81,000.00 | 5,469.75 | 0.00 | 75,530.25 |
| DAVIS | RALEIGH BRITTE & SYLVIA V DAVIS | CLASS 5 | 80,000.00 | 15,888.97 | 0.00 | 64,111.03 |
| DAVIS | RICHARD MORGAN & CAROL ALBRIGHT DAVIS | CLASS 3 | 50,000.00 | 1,104.15 | 0.00 | 48,895.85 |
| DAVIS | STEVEN J & KATHLEEN N DAVIS TR | CLASS 5 | 200,000.00 | 33,066.72 | 0.00 | 166,933.28 |
| DAWSON | DAVID W DAWSON | CLASS 3 | 150,000.00 | 13,641.76 | 1,000.00 | 135,358.24 |
| DAWSON | ELIZABETH & ROBERT DAWSON | CLASS 3 | 100,000.00 | 8,604.24 | 0.00 | 91,395.76 |
| DAWSON | KERRY DAWSON | CLASS 3 | 60,000.00 | 4,308.33 | 0.00 | 55,691.67 |
| DAY | FRED J & ANN A DAY | CLASS 3 | 25,000.00 | 952.76 | 0.00 | 24,047.24 |
| DDM LAND | DDM LAND LLC | CLASS 3 | 50,000.00 | 2,716.67 | 0.00 | 47,283.33 |
| DE | JHARNA DE | CLASS 3 | 113,000.00 | 2,419.68 | 0.00 | 110,580.32 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DE JONG | DE JONG FRLT 05/27/03 | CLASS 3 | 200,000.00 | 29,166.56 | 0.00 | 170,833.44 |
| DE LEON | ALFRED ALEXANDER & MAYRA PENA DE LEON | CLASS 3 | 40,000.00 | 6,227.50 | 0.00 | 33,772.50 |
| DE LOS SANTOS | CHERLYN DE LOS SANTOS | CLASS 3 | 30,000.00 | 1,579.17 | 0.00 | 28,420.83 |
| DE MESA | THE ANGELICA ABACA DE MESA TR | CLASS 3 | 100,000.00 | 5,041.63 | 0.00 | 94,958.37 |
| DE MESA | THE MARTIN LANTIN DE MESA FT | CLASS 3 | 100,000.00 | 5,041.63 | 1,000.00 | 93,958.37 |
| DE MESA | THE MICHAEL A DE MESA TR | CLASS 3 | 100,000.00 | 5,041.63 | 0.00 | 94,958.37 |
| DE SILVA | EDMUND & COLOMBA DE SILVA | CLASS 5 | 75,000.00 | 1,595.83 | 0.00 | 73,404.17 |
| DE VRIES | THE SISSY DE VRIES TR DTD 06/07/06 | CLASS 3 | 50,000.00 | 791.66 | 0.00 | 49,208.34 |
| DEADWOOD PROPERTY | DEADWOOD PROPERTY LLC | CLASS 3 | 196,141.56 | 9,153.27 | 0.00 | 186,988.29 |
| DEAK | ELIZABETH & STEVEN DEAK | CLASS 3 | 80,000.00 | 4,766.63 | 0.00 | 75,233.37 |
| DEAN | MAINSTAR-FBO CYNTHIA A DEAN T2176378 | CLASS 3 | 27,000.00 | 922.50 | 0.00 | 26,077.50 |
| DEAN | MAINSTAR-FBO FRANK M S DEAN | CLASS 3 | 56,248.00 | 2,887.40 | 0.00 | 53,360.60 |
| DEANGIO | MAINSTAR-FBO GARY M DEANGIO T2178299 | CLASS 3 | 33,000.00 | 142.08 | 0.00 | 32,857.92 |
| DEARMOND | DEARMOND RLT DTD 06/19/04 | CLASS 3 | 50,000.00 | 1,459.39 | 0.00 | 48,540.61 |
| DEARMOND | PROV. TR GP-FBO SUSAN DEARMOND IRA | CLASS 3 | 124,270.00 | 6,810.55 | 0.00 | 117,459.45 |
| DEARS | NORA GOMEZ-DEARS & ROLAND D DEARS | CLASS 3 | 25,000.00 | 301.38 | 0.00 | 24,698.62 |
| DECAMP | RONALD DECAMP | CLASS 3 | 65,000.00 | 4,416.66 | 0.00 | 60,583.34 |
| DECKER | PROV. TR GP-FBO SHARON M DECKER IRA | CLASS 5 | 234,000.00 | 39,553.28 | 0.00 | 194,446.72 |
| DECOCK | UNA KAY DECOCK | CLASS 3 | 25,000.00 | 1,958.37 | 0.00 | 23,041.63 |
| DEEP SOUTH HOME | DEEP SOUTH HOME MEDICAL EQUIPMENT | CLASS 3 | 100,000.00 | 6,031.24 | 0.00 | 93,968.76 |
| DEERE | JOHN DEERE | CLASS 5 | 100,000.00 | 9,227.72 | 0.00 | 90,772.28 |
| DEFORD | MAINSTAR-FBO KATHLEEN A DEFORD T2177416 | CLASS 3 | 68,500.00 | 1,217.78 | 0.00 | 67,282.22 |
| DEFRANCESCO | JOSEPH & MARIA DEFRANCESCO | CLASS 3 | 75,000.00 | 654.17 | 0.00 | 74,345.83 |
| DEGRACA | HORIZON TR CO-FBO DAVID J DEGRACA IRA | CLASS 3 | 64,100.00 | 6,694.84 | 0.00 | 57,405.16 |
| DEGRANDPRE | HORIZON TR CO-FBO BYRNE DEGRANDPRE IRA | CLASS 3 | 70,800.00 | 9,779.25 | 0.00 | 61,020.75 |
| DEHAAN | KRISTYN JO DEHAAN | CLASS 3 | 75,000.00 | 7,050.00 | 0.00 | 67,950.00 |
| DEHAVEN/FORMAN | RICHARD DEHAVEN & CAROL ANN FORMAN | CLASS 3 | 100,000.00 | 1,500.00 | 0.00 | 98,500.00 |
| DEHNEL | PROV. TR GP-FBO KRIS DEHNEL IRA | CLASS 5 | 62,300.00 | 15,488.47 | 0.00 | 46,811.53 |
| DEHNERT | PROV. TR GP-FBO STEPHEN DEHNERT IRA | CLASS 3 | 59,500.00 | 1,229.67 | 0.00 | 58,270.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DEITCH | PROV. TR GP-FBO GERALD DEITCH IRA | CLASS 3 | 98,500.00 | 16,567.15 | 0.00 | 81,932.85 |
| DEITSCH | ROBIN W DEITSCH | CLASS 3 | 160,000.00 | 23,075.38 | 0.00 | 136,924.62 |
| DEJARLAIS | MAINSTAR-FBO JAMES DEJARLAIS T2174907 | CLASS 3 | 100,000.00 | 12,083.32 | 0.00 | 87,916.68 |
| DEJARNETT | PROV. TR GP-FBO FRANCES DEJARNETT IRA | CLASS 5 | 200,000.00 | 43,880.60 | 0.00 | 156,119.40 |
| DEKTER | MAINSTAR-FBO SUSAN DEKTER BT176824 | CLASS 3 | 50,000.00 | 1,576.39 | 0.00 | 48,423.61 |
| DEL GIORNO | MARIAN J & PETER S DEL GIORNO | CLASS 3 | 100,000.00 | 7,810.45 | 0.00 | 92,189.55 |
| DELAGRAVE | BETTY & DONALD DELAGRAVE | CLASS 3 | 100,000.00 | 11,211.00 | 0.00 | 88,789.00 |
| DELAIR | JAMES W & JUDITH S DELAIR | CLASS 3 | 50,000.00 | 1,025.00 | 0.00 | 48,975.00 |
| DELAP | ANN W DELAP | CLASS 3 | 297,000.00 | 36,388.78 | 0.00 | 260,611.22 |
| DELAROSA | IRA SVCS TR CO-CFBO ROBERT L DELAROSA | CLASS 3 | 50,000.00 | 573.61 | 0.00 | 49,426.39 |
| DELAVEGA | ALFONSO & ISIDORA DELAVEGA | CLASS 3 | 25,000.00 | 404.17 | 0.00 | 24,595.83 |
| DELAWARE ASSOC. | DELAWARE ASSOCIATION OF REALTORS INC | CLASS 3 | 50,000.00 | 1,208.33 | 0.00 | 48,791.67 |
| DELEO | PROV. TR GP-FBO MICHAEL E DELEO IRA | CLASS 3 | 95,000.00 | 8,708.33 | 0.00 | 86,291.67 |
| DeLEON | DANIEL DeLEON JR | CLASS 5 | 150,000.00 | 61,875.54 | 0.00 | 88,124.46 |
| DELLINGER | THOMAS E DELLINGER | CLASS 3 | 25,000.00 | 496.54 | 0.00 | 24,503.46 |
| DELL'OREFICE | VINCENT & MARY JO DELL'OREFICE | CLASS 5 | 50,000.00 | 18,666.84 | 0.00 | 31,333.16 |
| DELMENDO | ALBERTO G DELMENDO | CLASS 3 | 40,000.00 | 3,522.19 | 0.00 | 36,477.81 |
| DELORENZO | FRANK J DELORENZO JR | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| DELORENZO | MAINSTAR-FBO FRANK DELORENZO JR R2178536 | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| DELTERGO | ANTHONY M DELTERGO | CLASS 3 | 25,000.00 | 2,312.50 | 0.00 | 22,687.50 |
| DELUCA/VALE | PHYLLIS ANNE DELUCA & KAMI ROSE VALE | CLASS 3 | 170,000.00 | 3,211.10 | 0.00 | 166,788.90 |
| DEMANGE | EDWARD J & SUSAN M DEMANGE | CLASS 3 | 75,000.00 | 3,861.46 | 0.00 | 71,138.54 |
| DEMAREST | KENNETH C DEMAREST | CLASS 3 | 25,000.00 | 6,216.67 | 0.00 | 18,783.33 |
| DEMARIA | AGNES DEMARIA | CLASS 3 | 50,000.00 | 4,658.76 | 1,000.00 | 44,341.24 |
| DEMARS | STEPHANIE DEMARS | CLASS 3 | 25,000.00 | 1,037.50 | 0.00 | 23,962.50 |
| DEMEL | DOLORES DEMEL | CLASS 3 | 25,000.00 | 1,149.62 | 0.00 | 23,850.38 |
| DEMEL | RANDY G DEMEL | CLASS 3 | 50,000.00 | 2,701.75 | 0.00 | 47,298.25 |
| DEMING | SHEVAN DEMING | CLASS 3 | 65,000.00 | 4,571.67 | 0.00 | 60,428.33 |
| DEMKO | STEPHEN J DEMKO | CLASS 3 | 50,804.36 | 1,291.25 | 0.00 | 49,513.11 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DEMPSEY | GEORGE S DEMPSEY | CLASS 3 | 200,000.00 | 4,180.54 | 0.00 | 195,819.46 |
| DENFELD | DIANE DENFELD | CLASS 3 | 25,000.00 | 3,684.72 | 0.00 | 21,315.28 |
| DENFELD | DIANE DENFELD | CLASS 5 | 100,000.00 | 14,738.87 | 0.00 | 85,261.13 |
| DENIRO | PROV. TR GP-FBO DOROTHY A DENIRO IRA | CLASS 3 | 50,000.00 | 1,250.00 | 0.00 | 48,750.00 |
| DENIS | SHIRLEY R DENIS | CLASS 3 | 80,000.00 | 5,866.67 | 0.00 | 74,133.33 |
| DENISON | JULIA H DENISON | CLASS 3 | 50,000.00 | 1,432.31 | 0.00 | 48,567.69 |
| DENISON | STANLEY & JOAN DENISON DEC OF TR 02/28/02 | CLASS 3 | 100,000.00 | 944.45 | 0.00 | 99,055.55 |
| DENKOVICH | IRA SVCS TR CO-CFBO LINDA DENKOVICH IRA | CLASS 3 | 171,000.00 | 6,457.51 | 0.00 | 164,542.49 |
| DENKOVICH | PETER P JR & LINDA DENKOVICH | CLASS 3 | 100,000.00 | 6,916.67 | 0.00 | 93,083.33 |
| DENTZ | ARLENE F & MARVIN DENTZ | CLASS 3 | 25,000.00 | 2,720.89 | 0.00 | 22,279.11 |
| DEPROSPERIS | MAINSTAR-FBO PETER M DEPROSPERIS TW003861 | CLASS 3 | 100,000.00 | 3,986.11 | 0.00 | 96,013.89 |
| DERAKHSHANDEH | SHERI DERAKHSHANDEH | CLASS 3 | 100,000.00 | 72.22 | 0.00 | 99,927.78 |
| D'ERAMO | ANTONINO & MARISA D'ERAMO | CLASS 5 | 550,000.00 | 185,738.55 | 0.00 | 364,261.45 |
| DERAS | MAINSTAR-FBO JORGE M DERAS TW003879 | CLASS 3 | 60,000.00 | 2,814.29 | 0.00 | 57,185.71 |
| DERENZIS | CATHERINE M DERENZIS | CLASS 3 | 25,000.00 | 854.19 | 0.00 | 24,145.81 |
| DERESSE | PROV. TR GP-FBO ABEBECH DERESSE IRA | CLASS 3 | 38,120.00 | 979.47 | 0.00 | 37,140.53 |
| DEROSA | PROV. TR GP-FBO LINDA A DEROSA IRA | CLASS 3 | 116,850.00 | 1,168.51 | 0.00 | 115,681.49 |
| DERRICK | BENNIE A DERRICK | CLASS 3 | 25,000.00 | 1,225.73 | 0.00 | 23,774.27 |
| DERRICK | DAVID L DERRICK | CLASS 3 | 480,000.00 | 8,540.27 | 0.00 | 471,459.73 |
| DESAI | ANGELINE C N & SURESHCHANDRA N DESAI | CLASS 3 | 100,000.00 | 4,300.00 | 0.00 | 95,700.00 |
| DESALVO | GAIL E & JOHN J DESALVO | CLASS 3 | 100,000.00 | 4,125.00 | 0.00 | 95,875.00 |
| DESANTIS | BKD SOLO 401K TR FBO KARI A DESANTIS | CLASS 3 | 100,000.00 | 3,719.46 | 0.00 | 96,280.54 |
| DESANTIS | BKD SOLO 401K TR FBO ROBERT L DESANTIS | CLASS 3 | 100,000.00 | 3,719.46 | 0.00 | 96,280.54 |
| DESELLEMS | MAINSTAR-FBO RANDY DESELLEMS | CLASS 3 | 112,000.00 | 10,048.92 | 0.00 | 101,951.08 |
| DESIDERIO | MARIE DESIDERIO | CLASS 3 | 15,000.00 | 257.63 | 0.00 | 14,742.37 |
| DESIDERIO | PROV. TR GP-FBO MARIE DESIDERIO IRA | CLASS 3 | 200,000.00 | 5,266.67 | 0.00 | 194,733.33 |
| DESOUZA | PROV. TR GP-FBO BEVERLY ANN DESOUZA IRA | CLASS 3 | 127,100.00 | 19,589.67 | 0.00 | 107,510.33 |
| DETTLOFF | KAREN & NORMAN DETTLOFF | CLASS 3 | 25,000.00 | 2,404.17 | 0.00 | 22,595.83 |
| DEUTSCH | HORIZON TR CO-FBO MARTHA J DEUTSCH IRA | CLASS 3 | 75,826.00 | 2,779.21 | 0.00 | 73,046.79 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DEUTSCH | IRA SVCS TR CO-CFBO ROGER DEUTSCH IRA | CLASS 5 | 85,000.00 | 14,315.25 | 0.00 | 70,684.75 |
| DEWALD | BRUCE DEWALD | CLASS 3 | 40,000.00 | 5,719.21 | 0.00 | 34,280.79 |
| DEWALD | PROV. TR GP-FBO BRUCE DEWALD ROTH IRA | CLASS 3 | 19,000.00 | 1,464.84 | 0.00 | 17,535.16 |
| DEWALD | PROV. TR GP-FBO MARIELA DEWALD ROTH IRA | CLASS 3 | 19,500.00 | 1,478.75 | 0.00 | 18,021.25 |
| DEWEY | ROBERT & GRETCHEN H DEWEY | CLASS 5 | 50,000.00 | 999.99 | 0.00 | 49,000.01 |
| DEWITT | DONALD J & JANE A DEWITT | CLASS 3 | 40,000.00 | 2,603.29 | 0.00 | 37,396.71 |
| DEWITT | ELMER DEWITT | CLASS 5 | 50,000.00 | 1,583.34 | 0.00 | 48,416.66 |
| DEWITT | PROV. TR GP-FBO DONALD J DEWITT IRA | CLASS 3 | 80,000.00 | 4,766.67 | 0.00 | 75,233.33 |
| DEXTER | MAINSTAR-FBO LETICIA DEXTER T2175191 | CLASS 3 | 50,000.00 | 4,375.00 | 0.00 | 45,625.00 |
| DEZELICH | NICHOLAS & VIRGINIA DEZELICH | CLASS 3 | 100,000.00 | 1,850.00 | 0.00 | 98,150.00 |
| DI GANGI | EDEL DI GANGI | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| DIAL | DONNA D DIAL | CLASS 3 | 50,000.00 | 11,883.28 | 0.00 | 38,116.72 |
| DIAL | PROV. TR GP-FBO DONNA D DIAL IRA | CLASS 3 | 70,000.00 | 11,215.56 | 0.00 | 58,784.44 |
| DIAMOND | SANDRA A & MARVIN DIAMOND | CLASS 3 | 100,000.00 | 2,139.57 | 0.00 | 97,860.43 |
| DIAZ | BARRY DIAZ | CLASS 5 | 120,000.00 | 14,027.78 | 0.00 | 105,972.22 |
| DIAZ | ISRAEL & NILDA DIAZ | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| DIAZ | MAINSTAR-FBO SERGIO R DIAZ T2175098 | CLASS 3 | 91,500.00 | 3,353.08 | 0.00 | 88,146.92 |
| DIAZ | SERGIO R & ALINA M DIAZ | CLASS 3 | 50,000.00 | 691.67 | 0.00 | 49,308.33 |
| DIAZ | SERGIO R DIAZ | CLASS 3 | 81,000.00 | 1,856.25 | 0.00 | 79,143.75 |
| DIAZ | SINDO DIAZ | CLASS 3 | 250,000.00 | 51,330.66 | 0.00 | 198,669.34 |
| DICAMILLO | JUDITH A DICAMILLO | CLASS 3 | 75,000.00 | 1,089.32 | 0.00 | 73,910.68 |
| DICKSON | HARVEY DICKSON | CLASS 3 | 25,000.00 | 309.03 | 0.00 | 24,690.97 |
| DIDIER | CERT OF TR ROBERT & SHIRLEY DIDIER JT IT | CLASS 3 | 68,600.00 | 11,384.69 | 0.00 | 57,215.31 |
| DIDIER | ROBERT J & SHIRLEY DIDIER JRLT 10/30/13 | CLASS 3 | 25,000.00 | 6,705.03 | 0.00 | 18,294.97 |
| DIEHL | PROV. TR GP-FBO CAROLYN DIEHL IRA | CLASS 3 | 175,000.00 | 17,718.75 | 0.00 | 157,281.25 |
| DIETZ | RUTH U & PETER R DIETZ | CLASS 3 | 30,000.00 | 1,484.17 | 0.00 | 28,515.83 |
| DIFIGLIO | ANTHONY & ANITA DIFIGLIO | CLASS 3 | 300,000.00 | 36,788.84 | 0.00 | 263,211.16 |
| DIFIGLIO | JOSEPH L DIFIGLIO SR | CLASS 3 | 200,000.00 | 28,121.87 | 0.00 | 171,878.13 |
| DIFIGLIO | JOSEPH L DIFIGLIO SR | CLASS 5 | 200,000.00 | 28,121.87 | 0.00 | 171,878.13 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DIGGS | DIANE M DIGGS | CLASS 3 | 80,000.00 | 0.00 | 0.00 | 80,000.00 |
| DIGIROLAMO | MAINSTAR-FBO S DIGIROLAMO TW003728 | CLASS 3 | 31,160.00 | 1,973.47 | 0.00 | 29,186.53 |
| DILDA-ROSS | THE DILDA-ROSS RT | CLASS 3 | 25,000.00 | 312.51 | 0.00 | 24,687.49 |
| DILETTERA | DAVID & AURA DILETTERA | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| DILLEY | JAN DILLEY | CLASS 3 | 30,000.00 | 1,433.33 | 0.00 | 28,566.67 |
| DILLMAN | DOLORES H DILLMAN | CLASS 3 | 60,000.00 | 3,931.15 | 0.00 | 56,068.85 |
| DIMACALI | REYNALDO DIMACALI | CLASS 3 | 50,000.00 | 6,470.15 | 0.00 | 43,529.85 |
| DIMAIO | JOHN DIMAIO | CLASS 3 | 165,000.00 | 30,359.12 | 0.00 | 134,640.88 |
| DIMAIO | PROV. TR GP-FBO JOAN DIMAIO IRA | CLASS 3 | 60,000.00 | 10,900.00 | 0.00 | 49,100.00 |
| DIMARCO | ISABELLA DIMARCO | CLASS 3 | 100,000.00 | 9,761.06 | 0.00 | 90,238.94 |
| DIMITRIOV | PROV. TR GP-FBO SANDRA M DIMITRIOV IRA | CLASS 3 | 50,000.00 | 1,250.00 | 0.00 | 48,750.00 |
| DIPAOLA | KATHLEEN DIPAOLA | CLASS 3 | 48,000.00 | 3,592.00 | 0.00 | 44,408.00 |
| DIPOLITO | VITA DIPOLITO IRREV TR | CLASS 3 | 50,000.00 | 902.76 | 0.00 | 49,097.24 |
| DIRKS | DELMER C & ISABEL DIRKS | CLASS 5 | 150,000.00 | 28,083.33 | 0.00 | 121,916.67 |
| DIRKSEN | MARJORIE DIRKSEN | CLASS 3 | 30,000.00 | 0.00 | 0.00 | 30,000.00 |
| DIRLAM | JASPER N DIRLAM RT | CLASS 3 | 25,000.00 | 1,454.13 | 0.00 | 23,545.87 |
| DIRUSSO | ELISEO & KATHLEEN DIRUSSO | CLASS 3 | 100,000.00 | 1,216.67 | 0.00 | 98,783.33 |
| DISCHLER | BRIAN T & MARY J DISCHLER | CLASS 3 | 400,000.00 | 21,159.70 | 0.00 | 378,840.30 |
| DISMUKE | RON K DISMUKE | CLASS 3 | 35,000.00 | 186.67 | 0.00 | 34,813.33 |
| DISSELER | PROV. TR GP-FBO KATHRYN DISSELER IRA | CLASS 3 | 64,777.00 | 1,946.01 | 0.00 | 62,830.99 |
| DITSWORTH | GLENN A DITSWORTH | CLASS 3 | 103,000.00 | 4,646.42 | 0.00 | 98,353.58 |
| DIVAN | MAINSTAR-FBO ROY A DIVAN T2176943 | CLASS 3 | 400,000.00 | 17,750.00 | 0.00 | 382,250.00 |
| DIXIE DOWNS RESORT | DIXIE DOWNS RESORT INC | CLASS 3 | 30,000.00 | 2,704.17 | 0.00 | 27,295.83 |
| DIXON | PROV. TR GP-FBO ROBERT DIXON IRA | CLASS 3 | 90,000.00 | 3,600.00 | 0.00 | 86,400.00 |
| DJIJI | CHARLOTTE DJIJI | CLASS 3 | 100,000.00 | 7,853.13 | 0.00 | 92,146.87 |
| DLASK | IRA SVCS TR CO-CFBO DENNIS DLASK IRA | CLASS 3 | 189,800.00 | 13,271.07 | 0.00 | 176,528.93 |
| DLASK | IRA SVCS TR CO-CFBO MARIA DLASK IRA | CLASS 3 | 124,700.00 | 8,168.65 | 0.00 | 116,531.35 |
| DLMC | DLMC INC | CLASS 3 | 69,500.00 | 5,822.75 | 0.00 | 63,677.25 |
| DOBBINS | PROV. TR GP-FBO TIM M DOBBINS IRA | CLASS 3 | 40,000.00 | 2,444.44 | 0.00 | 37,555.56 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DOCHERTY | IRA SVCS TR CO-CFBO MERRY DOCHERTY IRA | CLASS 3 | 171,500.00 | 17,061.54 | 0.00 | 154,438.46 |
| DOCKEN | RODNEY DOCKEN | CLASS 3 | 35,000.00 | 471.52 | 0.00 | 34,528.48 |
| DODGE | IRA SVCS TR CO-CFBO CLAUDIA DODGE IRA | CLASS 3 | 88,000.00 | 5,634.49 | 0.00 | 82,365.51 |
| DOEKSEN | WILBUR A & LOIS R DOEKSEN | CLASS 3 | 100,000.00 | 17,483.33 | 0.00 | 82,516.67 |
| DOERMANN | PROV. TR GP-FBO JEFF DOERMANN IRA | CLASS 5 | 76,400.00 | 7,249.51 | 0.00 | 69,150.49 |
| DOERR | ROGER C DOERR RT DTD 05/31/12 | CLASS 5 | 100,000.00 | 88,148.75 | 0.00 | 11,851.25 |
| DOGGETT | PROV. TR GP-FBO WILLIAM D DOGGETT JR IRA | CLASS 5 | 91,000.00 | 23,533.61 | 0.00 | 67,466.39 |
| DOHRMANN | PROV. TR GP-FBO ANN DOHRMANN IRA | CLASS 3 | 254,000.00 | 10,794.72 | 0.00 | 243,205.28 |
| DOI | PROV. TR GP-FBO DAVID T DOI IRA | CLASS 5 | 104,576.44 | 29,244.58 | 0.00 | 75,331.86 |
| DOLAN | MAINSTAR-FBO STEPHEN DOLAN T2174547 | CLASS 3 | 176,000.00 | 8,945.32 | 0.00 | 167,054.68 |
| DOLAN | MAINSTAR-FBO STEPHEN DOLAN T2174547 | CLASS 5 | 115,000.00 | 5,844.95 | 0.00 | 109,155.05 |
| DOLAN | STEPHEN DOLAN & DEBORAH MAGARO-DOLAN | CLASS 5 | 135,000.00 | 17,115.27 | 0.00 | 117,884.73 |
| DOLECEK | RICHARD DEAN DOLECEK | CLASS 3 | 400,000.00 | 63,271.00 | 0.00 | 336,729.00 |
| DOMES | INEZ DOMES | CLASS 3 | 100,000.00 | 3,206.16 | 0.00 | 96,793.84 |
| DOMINGUEZ | PROV. TR GP-FBO LINDA A DOMINGUEZ ICA | CLASS 3 | 200,000.00 | 500.00 | 0.00 | 199,500.00 |
| DOMINO | PROV. TR GP-FBO SAMUEL DOMINO JR ROTH IRA | CLASS 3 | 52,770.00 | 11,171.82 | 0.00 | 41,598.18 |
| DOMINO | PROV. TR GP-FBO SAMUEL DOMINO JR ROTH IRA | CLASS 5 | 215,000.00 | 45,517.16 | 0.00 | 169,482.84 |
| DOMINO | SAMUEL J DOMINO JR | CLASS 3 | 100,000.00 | 16,520.08 | 6,606.01 | 76,873.91 |
| DONAHOE | LINDA LOUISE DONAHOE | CLASS 3 | 125,000.00 | 7,795.83 | 0.00 | 117,204.17 |
| DONALDSON | MAYME J DONALDSON | CLASS 3 | 150,000.00 | 23,275.00 | 0.00 | 126,725.00 |
| DONALDSON | PROV. TR GP-FBO GLADENE H DONALDSON IRA | CLASS 3 | 69,500.00 | 4,459.58 | 0.00 | 65,040.42 |
| DONATELLI | DARLENE D DONATELLI | CLASS 3 | 75,000.00 | 711.79 | 0.00 | 74,288.21 |
| DONATELLI | GERALD & KATHLEEN DONATELLI | CLASS 3 | 40,000.00 | 813.33 | 0.00 | 39,186.67 |
| DONDIEGO | LORI DONDIEGO | CLASS 3 | 25,000.00 | 270.83 | 0.00 | 24,729.17 |
| DONE | PROV. TR GP-FBO CLYDE DONE IRA | CLASS 3 | 610,000.00 | 18,943.89 | 0.00 | 591,056.11 |
| DONIS | CLAIRE DONIS | CLASS 3 | 25,000.00 | 5,366.03 | 0.00 | 19,633.97 |
| DONNELLY | PATTI DONNELLY | CLASS 3 | 50,000.00 | 4,333.37 | 0.00 | 45,666.63 |
| DOOHAN/CROUSE | MICHAEL J DOOHAN & JULIE D CROUSE | CLASS 3 | 200,000.00 | 45,658.32 | 0.00 | 154,341.68 |
| DOOLEY | THOMAS M & LISA M DOOLEY | CLASS 3 | 75,000.00 | 3,900.00 | 0.00 | 71,100.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DOOLITTLE | IRA SVCS TR CO-CFBO MICHAEL DOOLITTLE IRA | CLASS 3 | 155,800.00 | 16,152.91 | 0.00 | 139,647.09 |
| DOOLITTLE | IRA SVCS TR CO-CFBO MICHAEL DOOLITTLE IRA | CLASS 5 | 248,000.00 | 25,711.94 | 0.00 | 222,288.06 |
| DORFMAN | PROV. TR GP-FBO HOWARD DORFMAN IRA | CLASS 5 | 105,837.74 | 10,514.29 | 0.00 | 95,323.45 |
| DORKO | ROSEMARY DORKO | CLASS 3 | 25,000.00 | 3,524.42 | 0.00 | 21,475.58 |
| DORLAND | SHIRLEY DORLAND | CLASS 3 | 85,000.00 | 1,877.10 | 0.00 | 83,122.90 |
| DORMAGEN | JACKIE DORMAGEN | CLASS 5 | 200,000.00 | 42,333.42 | 0.00 | 157,666.58 |
| DORMAGEN | PROV. TR GP-FBO JOSEPH S DORMAGEN IRA | CLASS 5 | 300,000.00 | 54,416.67 | 0.00 | 245,583.33 |
| DORSCH | STEVE & GRACE LEE DORSCH | CLASS 5 | 100,000.00 | 26,388.79 | 0.00 | 73,611.21 |
| DORSETT | CAROLYN DORSETT | CLASS 3 | 50,000.00 | 1,079.18 | 0.00 | 48,920.82 |
| DORY | PROV. TR GP-FBO TIMOTHY DORY IRA | CLASS 3 | 88,000.00 | 674.67 | 0.00 | 87,325.33 |
| DOSECK | PROV. TR GP-FBO THOMAS R DOSECK IRA | CLASS 3 | 40,000.00 | 9,753.36 | 0.00 | 30,246.64 |
| DOSECK | THOMAS R & KAREN M DOSECK | CLASS 5 | 100,000.00 | 16,108.63 | 0.00 | 83,891.37 |
| DOSS | RICHARD DOSS | CLASS 3 | 60,000.00 | 7,000.00 | 0.00 | 53,000.00 |
| DOST | DOST FT | CLASS 3 | 190,000.00 | 18,498.69 | 0.00 | 171,501.31 |
| DOUGAN | KATHRYN JACKSON DOUGAN | CLASS 3 | 30,000.00 | 1,581.67 | 0.00 | 28,418.33 |
| DOUGLAS | MARY DOUGLAS | CLASS 3 | 49,946.58 | 1,348.56 | 0.00 | 48,598.02 |
| DOUGLAS | CLAY & LAURA DOUGLAS | CLASS 3 | 25,000.00 | 1,466.67 | 0.00 | 23,533.33 |
| DOW | CHARLES L & KAREN S DOW | CLASS 3 | 60,000.00 | 3,473.33 | 0.00 | 56,526.67 |
| DOWDELL | MAINSTAR-FBO DAVID DOWDELL TW004052 | CLASS 3 | 60,000.00 | 258.33 | 0.00 | 59,741.67 |
| DOWDEN | JOHN R & NANCY L DOWDEN JRTA DTD 11/15/95 | CLASS 3 | 88,000.00 | 4,371.40 | 0.00 | 83,628.60 |
| DOWDY | TIMOTHY W DOWDY | CLASS 5 | 100,000.00 | 18,505.44 | 0.00 | 81,494.56 |
| DOWNEY | HORIZON TR CO-FBO KEVIN J DOWNEY IRA | CLASS 3 | 53,824.24 | 5,176.07 | 0.00 | 48,648.17 |
| DOWNING | MARY DOWNING | CLASS 3 | 20,000.00 | 1,026.67 | 0.00 | 18,973.33 |
| DOX | PROV. TR GP-FBO HECTOR A DOX IRA | CLASS 3 | 25,000.00 | 5,309.40 | 0.00 | 19,690.60 |
| DOX | PROV. TR GP-FBO HECTOR A DOX IRA | CLASS 5 | 384,000.00 | 81,552.41 | 0.00 | 302,447.59 |
| DOYAL | IRA SVCS TR CO-CFBO SHELLIA L DOYAL IRA | CLASS 3 | 30,000.00 | 2,730.00 | 0.00 | 27,270.00 |
| DOYLE | JUDITH C DOYLE LT DTD 07/31/09 | CLASS 3* | 100,000.00 | 1,137.51 | 0.00 | 98,862.49 |
| DOYLE | MICHELLE R DOYLE | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| DOYLE | PROV. TR GP-FBO JAMES J DOYLE IRA | CLASS 3 | 50,000.00 | 9,033.28 | 0.00 | 40,966.72 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DOYLEFAM | DOYLEFAM LLC | CLASS 3 | 50,000.00 | 3,791.71 | 0.00 | 46,208.29 |
| DRAGO | MAINSTAR-FBO JOSEPH DRAGO | CLASS 3 | 50,000.00 | 5,505.53 | 0.00 | 44,494.47 |
| DRAKER | PROV. TR GP-FBO DEBBIE L DRAKER IRA | CLASS 3 | 35,000.00 | 3,191.81 | 0.00 | 31,808.19 |
| DRAPER | LEWIS A & ERNA J DRAPER | CLASS 3 | 50,000.00 | 3,361.46 | 0.00 | 46,638.54 |
| DRAPER & MCGINLEY | DRAPER & MCGINLEY PA RETIREMENT PLAN | CLASS 3 | 25,000.00 | 1,107.61 | 0.00 | 23,892.39 |
| DRENGUBA | DONALD J & DAWN DRENGUBA | CLASS 3 | 25,000.00 | 829.17 | 0.00 | 24,170.83 |
| DRESWICK/STERRETT | EDWARD DRESWICK & BETH STERRETT | CLASS 3 | 100,000.00 | 6,097.22 | 0.00 | 93,902.78 |
| DRESWICK/STERRETT | EDWARD DRESWICK & BETH STERRETT | CLASS 5 | 100,000.00 | 6,097.22 | 0.00 | 93,902.78 |
| DRINKER | RICHARD JR & FRANCES DRINKER | CLASS 3 | 25,000.00 | 2,428.79 | 0.00 | 22,571.21 |
| DRISCOL | MAINSTAR-FBO STEVE DRISCOL | CLASS 3 | 125,000.00 | 13,972.21 | 0.00 | 111,027.79 |
| DRISCOLL | GEORGE MICHAEL & MARYELLEN R DRISCOLL | CLASS 5 | 200,000.00 | 50,355.69 | 0.00 | 149,644.31 |
| DROEMER | DANIEL R & MILDRED K DROEMER | CLASS 5 | 50,000.00 | 48,675.18 | 0.00 | 1,324.82 |
| DROUIN | RICHARD DROUIN | CLASS 3 | 80,000.00 | 13,210.01 | 0.00 | 66,789.99 |
| DRUMM | MICHAEL P DRUMM | CLASS 3 | 100,000.00 | 1,486.12 | 0.00 | 98,513.88 |
| DRUMMOND | MAINSTAR-FBO NANCY J DRUMMOND T2174859 | CLASS 3 | 103,200.00 | 9,388.10 | 0.00 | 93,811.90 |
| DRURY | DRURY IRREV TR DTD 06/25/09 | CLASS 3 | 150,000.00 | 3,095.86 | 0.00 | 146,904.14 |
| DRUTZ | ALLAN DRUTZ | CLASS 3 | 25,000.00 | 445.83 | 0.00 | 24,554.17 |
| DRYDEN | GREGORY G DRYDEN | CLASS 3 | 40,000.00 | 5,776.67 | 0.00 | 34,223.33 |
| DUAN | XUEMEI DUAN | CLASS 3 | 25,000.00 | 364.58 | 0.00 | 24,635.42 |
| DUBE | KAREN & MARCEL R DUBE JR | CLASS 3 | 50,000.00 | 166.67 | 0.00 | 49,833.33 |
| DUBIN | BARRIE & LARRY DUBIN | CLASS 3 | 25,000.00 | 308.33 | 0.00 | 24,691.67 |
| DUBOIS | BRUCE & CINDY & AMANDA M DUBOIS | CLASS 3 | 80,000.00 | 4,428.34 | 0.00 | 75,571.66 |
| DUBOIS | PROV. TR GP-FBO WALLACE DUBOIS IRA | CLASS 5 | 50,000.00 | 17,500.14 | 0.00 | 32,499.86 |
| DUDA | ALLAN & RENEE DUDA | CLASS 3 | 60,000.00 | 11,636.73 | 0.00 | 48,363.27 |
| DUDDLESTON | DEBRA S DUDDLESTON | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| DUEMIG | JOSEPH G & THERESA M DUEMIG | CLASS 3 | 50,000.00 | 2,433.33 | 0.00 | 47,566.67 |
| DUENNEBEIL | ROXANNE & PETER DUENNEBEIL LT | CLASS 3 | 146,000.00 | 12,030.52 | 0.00 | 133,969.48 |
| DUENNEBEIL | ROXANNE & PETER DUENNEBEIL LT | CLASS 5 | 100,000.00 | 8,240.08 | 0.00 | 91,759.92 |
| DUENNEBEIL | ROXANNE SMITH DUENNEBEIL | CLASS 3 | 200,000.00 | 31,723.43 | 0.00 | 168,276.57 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DUES | RICHARD L & SHARON A DUES TR | CLASS 3 | 25,000.00 | 8,146.89 | 0.00 | 16,853.11 |
| DUFF | PATRICIA DUFF | CLASS 3 | 25,000.00 | 687.50 | 0.00 | 24,312.50 |
| DUGAS | IRA SVCS TR CO-FBO LOIS DUGAS IRA | CLASS 3 | 28,750.00 | 2,760.00 | 0.00 | 25,990.00 |
| DUGGER | CHRISTINE DUGGER | CLASS 3 | 30,000.00 | 3,255.00 | 0.00 | 26,745.00 |
| DUGGER | ILEEN M DUGGER IRREV TR | CLASS 3 | 50,000.00 | 1,686.81 | 0.00 | 48,313.19 |
| DUHAMEL | IRA SVCS TR CO-CFBO MARILYN DUHAMEL ROTH | CLASS 3 | 63,000.00 | 3,696.88 | 0.00 | 59,303.12 |
| DUHON | LARRY DUHON | CLASS 3 | 50,000.00 | 1,066.67 | 0.00 | 48,933.33 |
| DUISENBERG | KENNETH & JULIE DUISENBERG | CLASS 3 | 150,000.00 | 0.00 | 0.00 | 150,000.00 |
| DUKART | PROV. TR GP-FBO TERRY DUKART IRA | CLASS 5 | 67,200.00 | 20,477.33 | 0.00 | 46,722.67 |
| DUKE | BILLY DUKE | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| DUKE | MAINSTAR-FBO SALLY DIANE DUKE T2175706 | CLASS 3 | 55,000.00 | 3,202.23 | 0.00 | 51,797.77 |
| DULDULAO | MAINSTAR-FBO GUILLERMO DULDULAO TW003373 | CLASS 3 | 50,000.00 | 3,498.59 | 0.00 | 46,501.41 |
| DULLARY | ERIKA M DULLARY | CLASS 3 | 25,000.00 | 597.24 | 0.00 | 24,402.76 |
| DUMLER | MARTIN P DUMLER | CLASS 3 | 125,000.00 | 20,462.72 | 0.00 | 104,537.28 |
| DUNAWAY | GARY F DUNAWAY | CLASS 5 | 100,000.00 | 44,610.97 | 0.00 | 55,389.03 |
| DUNAWAY | NANCY A DUNAWAY | CLASS 5 | 100,000.00 | 34,347.51 | 0.00 | 65,652.49 |
| DUNAWAY | TMICO-FBO GARY F DUNAWAY IRA | CLASS 5 | 126,137.00 | 30,390.34 | 0.00 | 95,746.66 |
| DUNAWAY | TMICO-FBO NANCY DUNAWAY IRA | CLASS 5 | 123,627.00 | 24,465.18 | 0.00 | 99,161.82 |
| DUNBAR | PROV. TR GP-FBO RANDY L DUNBAR IRA | CLASS 5 | 80,000.00 | 14,814.44 | 0.00 | 65,185.56 |
| DUNCAN | LARRY A DUNCAN | CLASS 3 | 50,000.00 | 1,408.33 | 0.00 | 48,591.67 |
| DUNCAN | NEW DIRECTION-FBO DAN DUNCAN IRA | CLASS 3 | 150,000.00 | 19,425.82 | 0.00 | 130,574.18 |
| DUNCAN HOLDINGS | DUNCAN HOLDINGS LLC | CLASS 3 | 100,000.00 | 213.89 | 0.00 | 99,786.11 |
| DUNLAP | CHARLES A & ROSE DUNLAP | CLASS 3 | 50,000.00 | 4,861.77 | 0.00 | 45,138.23 |
| DUNN | CHERYL LEA DUNN RT DTD 11/18/14 | CLASS 3 | 40,000.00 | 5,963.33 | 0.00 | 34,036.67 |
| DUNN | MAINSTAR-FBO GERARD C DUNN | CLASS 3 | 250,000.00 | 30,083.63 | 0.00 | 219,916.37 |
| DUNN | WILLIAM W & LAVONNE A DUNN | CLASS 3 | 120,000.00 | 7,650.83 | 0.00 | 112,349.17 |
| DUNNE | ALISON DUNNE | CLASS 3 | 100,000.00 | 19,933.43 | 0.00 | 80,066.57 |
| DUNNE | THE JOHN J & BETTY L DUNNE FT | CLASS 3 | 300,000.00 | 9,333.33 | 0.00 | 290,666.67 |
| DUNNING | PROV. TR GP-FBO STEVEN L DUNNING IRA | CLASS 3 | 163,000.00 | 19,148.45 | 0.00 | 143,851.55 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| DUPONT | MAINSTAR-FBO KAY M DUPONT | CLASS 3 | 50,000.00 | 2,680.56 | 0.00 | 47,319.44 |
| DUPPER | HAROLD T DUPPER LT | CLASS 3 | 50,000.00 | 6,983.66 | 0.00 | 43,016.34 |
| DUPPER | HAROLD T DUPPER LT | CLASS 5 | 50,000.00 | 6,983.66 | 0.00 | 43,016.34 |
| DURYEA | DWIGHT J & KATHLEEN C DURYEA | CLASS 5 | 200,000.00 | 4,055.56 | 0.00 | 195,944.44 |
| DURYEA | KATHLEEN C & DWIGHT J DURYEA | CLASS 3 | 475,000.00 | 50,156.89 | 0.00 | 424,843.11 |
| DUSENBURY | JOSEPH F & ELAINE S DUSENBURY RLT | CLASS 3 | 25,000.00 | 1,498.65 | 0.00 | 23,501.35 |
| DUSSERRE | MAINSTAR-FBO JOANNE DUSSERRE T2148666 | CLASS 3 | 50,000.00 | 456.95 | 0.00 | 49,543.05 |
| DUVALL | MAINSTAR-FBO LINDA DUVALL | CLASS 5 | 83,350.00 | 7,339.43 | 0.00 | 76,010.57 |
| DYCKMAN | MICHAEL & GILDA DYCKMAN LT | CLASS 3 | 25,000.00 | 2,216.62 | 0.00 | 22,783.38 |
| DYKMAN | FEN DYKMAN | CLASS 5 | 150,000.00 | 46,466.71 | 0.00 | 103,533.29 |
| DYSLIN | LARRY G & ELAINE C DYSLIN | CLASS 3 | 50,000.00 | 602.78 | 0.00 | 49,397.22 |
| DYSLIN | MARK R & MAGDALENA L DYSLIN | CLASS 3 | 50,000.00 | 602.78 | 0.00 | 49,397.22 |
| DZIALO | MAINSTAR-FBO KATHRYN DZIALO | CLASS 3 | 93,000.00 | 6,848.42 | 0.00 | 86,151.58 |
| DZIALO | PROV. TR GP-FBO RICHARD DZIALO IRA | CLASS 3 | 50,000.00 | 244.45 | 0.00 | 49,755.55 |
| DZUBAY | JOHN R DZUBAY SNT | CLASS 3 | 100,000.00 | 10,398.66 | 0.00 | 89,601.34 |
| DZUBAY | MARK P & JILL R DZUBAY | CLASS 3 | 233,630.00 | 18,600.19 | 2,000.00 | 213,029.81 |
| EACOCK | PROV. TR GP-FBO DEBORAH EACOCK ROTH IRA | CLASS 3 | 109,500.00 | 2,755.75 | 0.00 | 106,744.25 |
| EARLE | SUNWEST TR THOMAS EARLE IRA | CLASS 3 | 154,000.00 | 42,161.06 | 0.00 | 111,838.94 |
| EARLE | SUNWEST TR YVONNE EARLE IRA | CLASS 3 | 32,000.00 | 34,344.94 | 0.00 | 0.00 ** |
| EARTHMAN | EVERETT E & CATHERINE I EARTHMAN | CLASS 3 | 100,000.00 | 20,699.98 | 0.00 | 79,300.02 |
| EASTERHAUS | RALPH & BEVERLY EASTERHAUS | CLASS 3 | 35,000.00 | 5,274.32 | 0.00 | 29,725.68 |
| EASTRIDGE | EASTRIDGE FAMILY IRREV TR | CLASS 3 | 118,000.00 | 901.39 | 0.00 | 117,098.61 |
| EAT INSURANCE | EAT INSURANCE LLC | CLASS 3 | 250,000.00 | 15,125.00 | 0.00 | 234,875.00 |
| EATHERTON | PROV. TR GP-FBO DEBORAH P EATHERTON IRA | CLASS 3 | 63,000.00 | 11,798.32 | 0.00 | 51,201.68 |
| EBACH | THERESA D EBACH | CLASS 3 | 35,000.00 | 3,727.50 | 0.00 | 31,272.50 |
| EBERLE | MARLENE & PETER EBERLE | CLASS 3 | 75,000.00 | 4,150.00 | 0.00 | 70,850.00 |
| EDABURN | RICHARD ORVAL EDABURN | CLASS 3 | 120,000.00 | 8,816.67 | 0.00 | 111,183.33 |
| EDDAN RESTR. SALES | THE EDDAN RESTRUCTURED SALES TR | CLASS 3 | 1,000,000.00 | 4,166.67 | 0.00 | 995,833.33 |
| EDDY | BYRON T II & TWILA J EDDY | CLASS 3 | 100,000.00 | 13,590.93 | 0.00 | 86,409.07 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| EDDY | PROV. TR GP-FBO CELESTE & GERALD EDDY ICA | CLASS 3 | 98,000.00 | 11,057.67 | 0.00 | 86,942.33 |
| EDDY | WAYNE EDDY | CLASS 3 | 100,000.00 | 3,188.87 | 0.00 | 96,811.13 |
| EDGE | THELMA M EDGE FT | CLASS 3 | 25,000.00 | 687.48 | 0.00 | 24,312.52 |
| EDMOND | ROBIN ANN EDMOND | CLASS 3 | 25,000.00 | 267.36 | 0.00 | 24,732.64 |
| EDWARDS | DENISE B EDWARDS | CLASS 3 | 43,000.00 | 551.83 | 0.00 | 42,448.17 |
| EDWARDS | GINA & DAVID J EDWARDS | CLASS 3 | 50,000.00 | 1,408.33 | 0.00 | 48,591.67 |
| EDWARDS | HORIZON TR CO-FBO DAVID EDWARDS ROTH IRA | CLASS 5 | 98,000.00 | 8,302.81 | 0.00 | 89,697.19 |
| EDWARDS | JEAN S EDWARDS TR DTD 01/08/09 | CLASS 3 | 50,000.00 | 4,514.65 | 0.00 | 45,485.35 |
| EDWARDS | PROV. TR GP-FBO HARRY P EDWARDS IRA | CLASS 5 | 170,000.00 | 52,652.89 | 0.00 | 117,347.11 |
| EGBERT | LINDA A EGBERT 2009 RT 04/16/09 | CLASS 3 | 50,000.00 | 9,006.77 | 0.00 | 40,993.23 |
| EHRHART | ROBERT C & SUSAN K EHRHART | CLASS 3 | 35,000.00 | 2,792.91 | 0.00 | 32,207.09 |
| EICHELBERGER | DARLENE ELLEN EICHELBERGER | CLASS 3 | 100,000.00 | 6,277.83 | 0.00 | 93,722.17 |
| EICHHORN | KARIN EICHHORN | CLASS 3 | 30,000.00 | 570.00 | 0.00 | 29,430.00 |
| EICHMAN | J LAVERNE & ALMA A EICHMAN | CLASS 3 | 100,000.00 | 2,741.65 | 0.00 | 97,258.35 |
| EICHOLTZ | JEAN M EICHOLTZ | CLASS 3 | 120,000.00 | 1,100.00 | 0.00 | 118,900.00 |
| EICKHOLTZ | RICHARD A & PATRICIA A EICKHOLTZ | CLASS 5 | 200,000.00 | 16,972.16 | 0.00 | 183,027.84 |
| EIFFERT | VICKIE EIFFERT | CLASS 3 | 25,000.00 | 1,361.14 | 0.00 | 23,638.86 |
| ELCESS | PROV. TR GP-FBO CHERYL ELCESS IRA | CLASS 3 | 76,000.00 | 5,689.44 | 0.00 | 70,310.56 |
| ELCESS | PROV. TR GP-FBO JOSEPH A ELCESS IRA | CLASS 3 | 40,000.00 | 3,150.00 | 0.00 | 36,850.00 |
| ELCHONESS | NANCY ELCHONESS | CLASS 3 | 130,000.00 | 4,233.29 | 0.00 | 125,766.71 |
| ELDRIDGE | IRA SVCS TR CO-CFBO SCOTT ELDRIDGE IRA | CLASS 3 | 22,500.00 | 2,375.00 | 0.00 | 20,125.00 |
| ELEY | BRUCE W ELEY RT DTD 04/14/16 | CLASS 3 | 460,000.00 | 37,347.03 | 0.00 | 422,652.97 |
| ELIA | WILLIAM ELIA | CLASS 3 | 100,000.00 | 13,184.67 | 0.00 | 86,815.33 |
| ELLER | MAINSTAR-FBO PAUL N ELLER T2177404 | CLASS 3 | 45,000.00 | 1,356.25 | 0.00 | 43,643.75 |
| ELLINGSON | THE ELLINGSON RT DTD 06/13/03 | CLASS 3 | 100,000.00 | 4,083.33 | 0.00 | 95,916.67 |
| ELLIOTT | ALBERT & MARIAN ELLIOTT LT 05/29/03 | CLASS 3 | 200,000.00 | 26,298.67 | 0.00 | 173,701.33 |
| ELLIS | CARMAN R & JILL E ELLIS | CLASS 3 | 25,000.00 | 2,968.75 | 0.00 | 22,031.25 |
| ELLIS | PROV. TR GP-FBO KEITH W ELLIS IRA | CLASS 5 | 63,500.00 | 21,360.84 | 0.00 | 42,139.16 |
| ELLIS | PROV. TR GP-FBO THOMAS W ELLIS IRA | CLASS 3 | 65,765.00 | 8,139.80 | 0.00 | 57,625.20 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ELSBECKER | THOMAS C & AMY J ELSBECKER | CLASS 5 | 200,000.00 | 39,000.08 | 0.00 | 160,999.92 |
| ELSON | MARGARET RAE ELSON IRREV TR | CLASS 3 | 75,000.00 | 1,708.33 | 0.00 | 73,291.67 |
| ELVAS | ANTHONY & DOLORES A ELVAS | CLASS 3 | 135,000.00 | 17,033.62 | 0.00 | 117,966.38 |
| ELVAS | PROV. TR GP-FBO ANTHONY ELVAS IRA | CLASS 3 | 59,714.00 | 5,808.84 | 0.00 | 53,905.16 |
| EMAHISER | JAMES B EMAHISER RT 05/13/15 | CLASS 3 | 100,000.00 | 14,372.22 | 0.00 | 85,627.78 |
| EMAHISER | NANCY L EMAHISER RT 05/13/15 | CLASS 3 | 100,000.00 | 14,279.78 | 0.00 | 85,720.22 |
| EMFINGER | PROV. TR GP-FBO GENEE EMFINGER IRA | CLASS 5 | 72,000.00 | 13,060.00 | 0.00 | 58,940.00 |
| EMMONS | IRA SVCS TR CO-CFBO DENISE EMMONS IRA | CLASS 3 | 86,000.00 | 2,892.96 | 0.00 | 83,107.04 |
| ENDERSON RANCH | ENDERSON RANCH LLC | CLASS 5 | 250,000.00 | 37,323.56 | 0.00 | 212,676.44 |
| ENDRIZZI | PROV. TR GP-FBO ERNEST E ENDRIZZI IRA | CLASS 3 | 89,500.00 | 18,168.56 | 0.00 | 71,331.44 |
| ENFINGER | WILLIE D ENFINGER | CLASS 3 | 50,000.00 | 2,858.33 | 0.00 | 47,141.67 |
| ENGBRECHT | NANTANAPORN ENGBRECHT | CLASS 3 | 30,000.00 | 491.67 | 0.00 | 29,508.33 |
| ENGEL | DIANE ENGEL | CLASS 3 | 100,000.00 | 12,366.67 | 0.00 | 87,633.33 |
| ENGELBERT | MAINSTAR-FBO DAVID ENGELBERT T2175594 | CLASS 3 | 105,000.00 | 8,033.33 | 0.00 | 96,966.67 |
| ENGH | MYRNA A ENGH | CLASS 3 | 250,000.00 | 22,420.08 | 0.00 | 227,579.92 |
| ENGLAND | ADAM ENGLAND | CLASS 3 | 25,000.00 | 1,200.67 | 0.00 | 23,799.33 |
| ENGLE | KEITH J & MARIE L ENGLE JTROS | CLASS 5 | 200,000.00 | 77,166.40 | 0.00 | 122,833.60 |
| ENGLEMAN | HORIZON TR CO-FBO STEVEN D ENGLEMAN ROTH | CLASS 3 | 100,000.00 | 3,849.98 | 0.00 | 96,150.02 |
| ENGLEMAN | STEVEN DALE & SHERRY LYNN ENGLEMAN | CLASS 3 | 50,000.00 | 6,166.61 | 0.00 | 43,833.39 |
| ENGLUND | CHARLES E ENGLUND | CLASS 3 | 50,000.00 | 6,530.52 | 1,000.00 | 42,469.48 |
| ENGROFF | IVY ENGROFF | CLASS 3 | 27,562.50 | 3,101.13 | 0.00 | 24,461.37 |
| ENOMOTO | MAINSTAR-FBO REIKO J ENOMOTO T2176575 | CLASS 3 | 43,000.00 | 972.28 | 0.00 | 42,027.72 |
| ENRICI | KAREN ENRICI | CLASS 3 | 82,000.00 | 3,562.64 | 0.00 | 78,437.36 |
| ENRIQUEZ | MAINSTAR-FBO PATRICK ENRIQUEZ T2177470 | CLASS 3 | 485,000.00 | 9,942.50 | 0.00 | 475,057.50 |
| ENRIQUEZ | VINCENT, MERCEDES & PATRICK ENRIQUEZ | CLASS 3 | 660,000.00 | 13,301.66 | 0.00 | 646,698.34 |
| ENSLOW | RICHARD & CAROL ENSLOW | CLASS 3 | 100,000.00 | 7,016.67 | 0.00 | 92,983.33 |
| ENTINE | JEFFREY ENTINE | CLASS 5 | 250,000.00 | 25,138.85 | 0.00 | 224,861.15 |
| ENTINE | OLIVER ANDREW ENTINE 1984 TR | CLASS 3 | 1,550,000.00 | 310,563.08 | 1,792.25 | 1,237,644.67 |
| ENTINE | OLIVER ANDREW ENTINE 1984 TR | CLASS 5 | 1,550,000.00 | 310,563.08 | 1,792.25 | 1,237,644.67 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ENTINE | PROV. TR GP-FBO GERALD ENTINE IRA | CLASS 5 | 239,000.00 | 51,429.66 | 0.00 | 187,570.34 |
| ENTINE | THE GERALD ENTINE 1988 FT | CLASS 5 | 1,418,524.70 | 632,246.89 | 10,588.24 | 775,689.57 |
| ENTINE | VICTORIA ENTINE 1984 TR | CLASS 3 | 900,000.00 | 239,693.31 | 4,399.16 | 655,907.53 |
| ENTINE | VICTORIA ENTINE 1984 TR | CLASS 5 | 200,000.00 | 53,265.18 | 977.59 | 145,757.23 |
| EQUITY SOLUTIONS | EQUITY SOLUTIONS GROUP INC | CLASS 3 | 75,000.00 | 958.32 | 0.00 | 74,041.68 |
| EREBIA | MARTHA EREBIA | CLASS 3 | 35,000.00 | 822.50 | 0.00 | 34,177.50 |
| ERGEMLIDZE | PROV. TR GP-FBO TATYANA ERGEMLIDZE IRA | CLASS 3 | 26,000.00 | 1,111.50 | 0.00 | 24,888.50 |
| ERICKSON | LANA LAVERNE ERICKSON | CLASS 3 | 50,000.00 | 900.00 | 0.00 | 49,100.00 |
| ERICKSON | PROV. TR GP-FBO JOHN LEROY ERICKSON IRA | CLASS 3 | 299,750.00 | 36,806.14 | 0.00 | 262,943.86 |
| ERICKSON | PROV. TR GP-FBO MICHAEL J ERICKSON IRA | CLASS 5 | 50,000.00 | 11,263.89 | 0.00 | 38,736.11 |
| ERICKSON | THE LT OF D E & JOAN ERICKSON | CLASS 3 | 200,000.00 | 20,233.33 | 0.00 | 179,766.67 |
| ERLEY | CAROL ERLEY | CLASS 3 | 285,000.00 | 1,578.96 | 0.00 | 283,421.04 |
| ERNST | SHERYL ERNST | CLASS 3 | 50,000.00 | 4,194.38 | 0.00 | 45,805.62 |
| ERTEL | PROV. TR GP-FBO LORI J ERTEL IRA | CLASS 3 | 50,000.00 | 9,284.72 | 2,267.57 | 38,447.71 |
| ERWIN | JAMES E ERWIN | CLASS 3 | 75,000.00 | 19,964.57 | 0.00 | 55,035.43 |
| ERWIN | JAMES E ERWIN | CLASS 5 | 75,000.00 | 19,964.57 | 0.00 | 55,035.43 |
| ERWIN | WILLIAM & MARIAN JO ERWIN | CLASS 3 | 50,000.00 | 1,333.31 | 0.00 | 48,666.69 |
| ESCALANTE | ARMANDO J ESCALANTE | CLASS 3 | 250,000.00 | 180.56 | 0.00 | 249,819.44 |
| ESLAVA | IRA SVCS TR CO-CFBO MILDRED D ESLAVA | CLASS 3 | 40,000.00 | 2,881.66 | 2,000.00 | 35,118.34 |
| ESLINGER | PROV. TR GP-FBO STEPHEN R ESLINGER IRA | CLASS 3 | 32,300.00 | 436.05 | 0.00 | 31,863.95 |
| ESPIRITU | MAINSTAR-FBO APRIL J V ESPIRITU R2178118 | CLASS 3 | 30,000.00 | 540.00 | 0.00 | 29,460.00 |
| ESPIRITU | MAINSTAR-FBO MARIA T V ESPIRITU R2178342 | CLASS 3 | 25,000.00 | 2,019.41 | 0.00 | 22,980.59 |
| ESPOSITO | JOSEPH P ESPOSITO | CLASS 3 | 25,000.00 | 659.74 | 0.00 | 24,340.26 |
| ESTEPHAN | MAINSTAR-FBO ELIE ESTEPHAN | CLASS 3 | 66,700.00 | 3,909.86 | 0.00 | 62,790.14 |
| ESTES | YOSHIKO Y ESTES | CLASS 3 | 73,000.00 | 2,286.30 | 0.00 | 70,713.70 |
| ETMAN | PROV. TR GP-FBO LYNN R ETMAN IRA | CLASS 3 | 61,180.00 | 4,088.86 | 0.00 | 57,091.14 |
| ETMAN | THE ETMAN FT DTD 04/21/98 | CLASS 3 | 240,000.00 | 32,576.27 | 0.00 | 207,423.73 |
| EULBERG | RICHARD & PAULA EULBERG | CLASS 3 | 25,000.00 | 513.90 | 0.00 | 24,486.10 |
| EVANS | CLINTON & JUDY EVANS | CLASS 3 | 100,000.00 | 22,166.70 | 0.00 | 77,833.30 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| EVANS | DOUGLAS E SR & DONNA EVANS | CLASS 3 | 75,000.00 | 3,083.97 | 0.00 | 71,916.03 |
| EVANS | ESTHER & EUGENE EVANS | CLASS 3 | 300,000.00 | 7,704.87 | 0.00 | 292,295.13 |
| EVANS | HUNTER M EVANS | CLASS 3 | 100,000.00 | 19,790.39 | 0.00 | 80,209.61 |
| EVANS | PROV. TR GP-FBO JOHN C EVANS IRA | CLASS 3 | 42,000.00 | 5,069.17 | 0.00 | 36,930.83 |
| EVANS | SANDRA EVANS | CLASS 3 | 25,000.00 | 1,237.47 | 0.00 | 23,762.53 |
| EVANS | TMICO-FBO KIRBY L EVANS, TRAD IRA | CLASS 5 | 100,204.00 | 25,329.24 | 0.00 | 74,874.76 |
| EVENER | ALBERT K EVENER | CLASS 3 | 22,000.00 | 165.00 | 0.00 | 21,835.00 |
| EVERS | CAITLIN A EVERS | CLASS 3* | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| EVERS | DANIEL J & MARLEEN M EVERS | CLASS 3 | 80,000.00 | 10,066.67 | 0.00 | 69,933.33 |
| EVERS | DAVID G & BARBARA A EVERS | CLASS 3 | 250,000.00 | 34,660.32 | 0.00 | 215,339.68 |
| EVERS | MARJORIE D EVERS | CLASS 3 | 109,000.00 | 6,040.39 | 0.00 | 102,959.61 |
| EVERS | ROLAND JAY & MARJORIE D EVERS | CLASS 3 | 178,000.00 | 11,055.81 | 0.00 | 166,944.19 |
| EVERS DAIRY | EVERS DAIRY | CLASS 3 | 1,200,000.00 | 185,346.62 | 0.00 | 1,014,653.38 |
| EVERTS | LINDA & RON EVERTS | CLASS 3 | 75,000.00 | 10,472.30 | 0.00 | 64,527.70 |
| EVERTS | LOGAN EVERTS | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| EWING | THE EWING FT | CLASS 3 | 100,000.00 | 1,333.33 | 0.00 | 98,666.67 |
| EXCEL | THE EXCEL RT 05/01/06 E M GARVIN GRANTOR | CLASS 3 | 100,000.00 | 1,194.42 | 0.00 | 98,805.58 |
| EXELBY | PROV. TR GP-FBO ALLEN J EXELBY IRA | CLASS 3 | 45,000.00 | 8,050.00 | 0.00 | 36,950.00 |
| EXLER | PHYLLIS EXLER | CLASS 3 | 80,000.00 | 7,765.00 | 0.00 | 72,235.00 |
| EXLER | PROV. TR GP-FBO PHYLLIS E EXLER IRA | CLASS 3 | 86,830.00 | 4,938.46 | 0.00 | 81,891.54 |
| FABBRO | LEWIS FABBRO JR | CLASS 3 | 30,000.00 | 204.17 | 0.00 | 29,795.83 |
| FACKELDY | JOHN FACKELDY | CLASS 3 | 50,000.00 | 3,215.23 | 0.00 | 46,784.77 |
| FACKENTHALL | WILLIAM & LOREEN FACKENTHALL | CLASS 3 | 50,000.00 | 1,416.65 | 0.00 | 48,583.35 |
| FACQUE | JOHN FACQUE | CLASS 3 | 25,000.00 | 1,246.56 | 0.00 | 23,753.44 |
| FAFALAK | PROV. TR GP-FBO LAWRENCE FAFALAK IRA | CLASS 3 | 60,000.00 | 6,060.00 | 0.00 | 53,940.00 |
| FAGAN | JOHN HAROLD III & JOHN HAROLD IV FAGAN | CLASS 3 | 25,000.00 | 2,753.54 | 0.00 | 22,246.46 |
| FAGAN | R JAMES & C ANITA FAGAN TR 12/01/14 | CLASS 3 | 180,000.00 | 20,031.19 | 0.00 | 159,968.81 |
| FAIRBANKS | MAINSTAR-FBO PAULINE FAIRBANKS T2177091 | CLASS 3 | 95,712.44 | 2,259.88 | 0.00 | 93,452.56 |
| FAIRBOURNE | JOSEPH P & RACHEL B FAIRBOURNE | CLASS 3 | 50,000.00 | 233.33 | 0.00 | 49,766.67 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FAIRCHILD | PATRICIA L FAIRCHILD | CLASS 3 | 51,000.00 | 629.00 | 0.00 | 50,371.00 |
| FAIRCHILD | PAULA A FAIRCHILD | CLASS 3 | 200,000.00 | 40,872.06 | 0.00 | 159,127.94 |
| FAITH | DEAN FAITH | CLASS 5 | 100,000.00 | 25,249.90 | 0.00 | 74,750.10 |
| FAIVRE | LOUISE C FAIVRE | CLASS 3 | 100,000.00 | 2,833.35 | 0.00 | 97,166.65 |
| FAJARDO | JOSE & ROSARIO FAJARDO | CLASS 3 | 85,000.00 | 6,835.66 | 0.00 | 78,164.34 |
| FALCON | MAINSTAR-FBO NANCY FALCON T2177405 | CLASS 3 | 100,000.00 | 2,366.67 | 0.00 | 97,633.33 |
| FALKENBERG | KEN FALKENBERG RT UA DTD 01/17/92 | CLASS 3 | 100,000.00 | 12,283.32 | 0.00 | 87,716.68 |
| FALKENSTEIN | CARLA FALKENSTEIN | CLASS 3 | 65,000.00 | 7,488.04 | 0.00 | 57,511.96 |
| FALLER | CHAD FALLER | CLASS 3 | 25,000.00 | 1,691.67 | 0.00 | 23,308.33 |
| FALLON | PROV. TR GP-FBO JANICE FALLON IRA | CLASS 3 | 80,000.00 | 14,800.00 | 0.00 | 65,200.00 |
| FAMER | STEPHEN & HEIDI FAMER | CLASS 3 | 25,000.00 | 369.44 | 0.00 | 24,630.56 |
| FANCHIER/ALBRIGHT | HALLIE FANCHIER & KAREN ALBRIGHT | CLASS 3 | 27,500.00 | 568.33 | 0.00 | 26,931.67 |
| FANNIN | ELEANOR L FANNIN | CLASS 3 | 70,000.00 | 1,243.04 | 0.00 | 68,756.96 |
| FANTON | JOHN F FANTON | CLASS 3 | 50,000.00 | 3,502.76 | 0.00 | 46,497.24 |
| FARASH | IRENE FARASH | CLASS 3 | 100,000.00 | 6,102.81 | 0.00 | 93,897.19 |
| FARLEY | JAMES & CHARLOTTE FARLEY | CLASS 3 | 250,000.00 | 5,638.88 | 0.00 | 244,361.12 |
| FARLOW | PROV. TR GP-FBO CAROL A FARLOW ROTH IRA | CLASS 5 | 52,500.00 | 9,479.17 | 0.00 | 43,020.83 |
| FARLOW | PROV. TR GP-FBO CAROL ANN FARLOW IRA | CLASS 5 | 174,548.12 | 45,338.92 | 0.00 | 129,209.20 |
| FARMER | JOHNNY FARMER | CLASS 3 | 25,000.00 | 239.59 | 0.00 | 24,760.41 |
| FARMER | JOHNNY FARMER | CLASS 3* | 50,000.00 | 2,062.53 | 0.00 | 47,937.47 |
| FARMER | MAINSTAR-FBO TONY C FARMER T2177365 | CLASS 3 | 69,630.00 | 1,528.00 | 0.00 | 68,102.00 |
| FARNSWORTH | MAINSTAR-FBO ANDREA FARNSWORTH T2177595 | CLASS 3 | 67,325.15 | 899.54 | 0.00 | 66,425.61 |
| FARRALL | LYNDA FARRALL | CLASS 3 | 25,000.00 | 326.40 | 0.00 | 24,673.60 |
| FARRELL | CASEY M & RHONDA R FARRELL | CLASS 3 | 75,000.00 | 1,765.56 | 0.00 | 73,234.44 |
| FARRELL | LARRY & LINDA L FARRELL | CLASS 3 | 25,000.00 | 1,695.83 | 0.00 | 23,304.17 |
| FARRELL | MAINSTAR-FBO JEANETTE FARRELL | CLASS 5 | 41,000.00 | 5,546.40 | 0.00 | 35,453.60 |
| FARRELL | MICHAEL J FARRELL | CLASS 5 | 200,000.00 | 42,499.83 | 0.00 | 157,500.17 |
| FARRELL | PROV. TR GP-FBO LINDA L FARRELL IRA | CLASS 3 | 49,240.00 | 2,661.70 | 0.00 | 46,578.30 |
| FARRELL | PROV. TR GP-FBO MICHAEL FARRELL IRA | CLASS 5 | 100,000.00 | 37,277.68 | 0.00 | 62,722.32 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FARRELL | THOMAS & JEANETTE FARRELL TA | CLASS 5 | 172,000.00 | 48,261.36 | 0.00 | 123,738.64 |
| FARRELLY | VERONICA & JOSEPH FARRELLY | CLASS 3 | 39,378.00 | 5,999.74 | 0.00 | 33,378.26 |
| FARRIOR | HELEN H FARRIOR | CLASS 3 | 25,000.00 | 420.15 | 0.00 | 24,579.85 |
| FARROW | AMY L FARROW | CLASS 3 | 50,000.00 | 2,138.91 | 0.00 | 47,861.09 |
| FARWICK | PROV. TR GP-FBO SCOTT FARWICK ROTH IRA | CLASS 3 | 80,500.00 | 15,692.58 | 0.00 | 64,807.42 |
| FASCHING | PETER M & SUE E FASCHING | CLASS 3 | 75,000.00 | 5,991.18 | 0.00 | 69,008.82 |
| FASCHING | PETER M & SUE E FASCHING | CLASS 5 | 200,000.00 | 15,976.48 | 0.00 | 184,023.52 |
| FATE | MARY FATE | CLASS 3 | 100,000.00 | 680.55 | 0.00 | 99,319.45 |
| FATTAL | ODETTE FATTAL | CLASS 3 | 25,000.00 | 496.54 | 0.00 | 24,503.46 |
| FAUCHEUX | PROV. TR GP-FBO BEVERLY FAUCHEUX INH IRA | CLASS 3 | 90,000.00 | 10,558.67 | 0.00 | 79,441.33 |
| FAUDEL | KURT FAUDEL | CLASS 3 | 175,000.00 | 16,677.71 | 0.00 | 158,322.29 |
| FAUGHN | DENNIS L & DEBORAH K FAUGHN | CLASS 3 | 50,000.00 | 3,055.51 | 0.00 | 46,944.49 |
| FAULKNER | PROV. TR GP-FBO PRISCILLA FAULKNER IRA | CLASS 5 | 210,000.00 | 66,554.69 | 0.00 | 143,445.31 |
| FAULTERSACK | MAINSTAR-FBO DAVID FAULTERSACK | CLASS 3 | 59,538.68 | 2,492.35 | 0.00 | 57,046.33 |
| FAUSETT | ALICE FAUSETT | CLASS 3 | 50,000.00 | 2,031.97 | 0.00 | 47,968.03 |
| FAUSETT | THE ALICE M FAUSETT LT DTD 05/25/06 | CLASS 3 | 215,000.00 | 3,693.08 | 0.00 | 211,306.92 |
| FAVATA | BETTINA FAVATA | CLASS 3 | 70,000.00 | 15,427.86 | 0.00 | 54,572.14 |
| FAVATA | BETTINA FAVATA | CLASS 5 | 50,000.00 | 11,019.90 | 0.00 | 38,980.10 |
| FAVATA | PROV. TR GP-FBO BETTINA FAVATA IRA | CLASS 5 | 88,000.00 | 25,630.00 | 0.00 | 62,370.00 |
| FAVATA | ROCCO FAVATA | CLASS 3 | 120,000.00 | 31,181.41 | 0.00 | 88,818.59 |
| FAVATA | ROCCO FAVATA | CLASS 5 | 345,000.00 | 89,646.56 | 0.00 | 255,353.44 |
| FAWCETT | MAINSTAR-FBO STEVE L FAWCETT | CLASS 3 | 60,000.00 | 5,973.33 | 0.00 | 54,026.67 |
| FAZEKAS | BELA K & MARIA FAZEKAS | CLASS 3 | 75,000.00 | 7,878.54 | 0.00 | 67,121.46 |
| FAZEKAS | BELA K & MARIA FAZEKAS TR 03/31/97 | CLASS 3 | 125,000.00 | 10,526.41 | 0.00 | 114,473.59 |
| FEADOR | EMIL C & ARTHUR P FEADOR | CLASS 3 | 250,000.00 | 40,945.90 | 0.00 | 209,054.10 |
| FEADOR | EMIL C FEADOR | CLASS 3 | 250,000.00 | 43,461.91 | 0.00 | 206,538.09 |
| FEDDERS | GERALD D FEDDERS | CLASS 3 | 25,000.00 | 716.67 | 0.00 | 24,283.33 |
| FEDERER | MARCIA T FEDERER | CLASS 3 | 75,000.00 | 4,895.83 | 0.00 | 70,104.17 |
| FEDYNA | PAUL M & ELLEN FEDYNA | CLASS 3 | 100,000.00 | 7,055.53 | 0.00 | 92,944.47 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FEILNER | ROSE FEILNER | CLASS 3 | 125,000.00 | 18,037.42 | 0.00 | 106,962.58 |
| FEISEE | PROV. TR GP-FBO SEDDIGHEH FEISEE IRA | CLASS 3 | 125,909.00 | 758.95 | 0.00 | 125,150.05 |
| FEIST | ADAM M & MARY A FEIST | CLASS 3 | 200,000.00 | 41,162.87 | 0.00 | 158,837.13 |
| FEIST | ADAM M & MARY A FEIST | CLASS 5 | 100,000.00 | 20,581.43 | 0.00 | 79,418.57 |
| FEIST | THE FEIST LT | CLASS 3 | 100,000.00 | 11,580.55 | 0.00 | 88,419.45 |
| FEISTHAMEL | ANTHONY J FEISTHAMEL | CLASS 3 | 30,000.00 | 7,515.00 | 0.00 | 22,485.00 |
| FEISTHAMEL | PROV. TR GP-FBO ANTHONY FEISTHAMEL IRA | CLASS 3 | 28,000.00 | 1,351.77 | 0.00 | 26,648.23 |
| FEISTHAMEL | PROV. TR GP-FBO ANTHONY FEISTHAMEL JR IRA | CLASS 5 | 132,000.00 | 44,110.01 | 0.00 | 87,889.99 |
| FELCHER | DENNIS S FELCHER RT DTD 10/27/88 | CLASS 3 | 200,000.00 | 52,871.56 | 0.00 | 147,128.44 |
| FELDMAN | LORI & LLOYD FELDMAN | CLASS 3 | 65,000.00 | 8,626.03 | 0.00 | 56,373.97 |
| FELDMAN | MARTIN FELDMAN | CLASS 3 | 50,000.00 | 3,548.60 | 0.00 | 46,451.40 |
| FELGER | ROXY J FELGER | CLASS 3 | 100,000.00 | 18,066.67 | 0.00 | 81,933.33 |
| FELLER | RICHARD L FELLER | CLASS 3 | 1,000,000.00 | 81,341.75 | 0.00 | 918,658.25 |
| FELTON | CAROL FELTON | CLASS 3 | 50,000.00 | 2,572.89 | 0.00 | 47,427.11 |
| FELTON | MICHAEL D FELTON | CLASS 3 | 75,000.00 | 6,852.05 | 0.00 | 68,147.95 |
| FELTZ | PROV. TR GP-FBO RITA I FELTZ IRA | CLASS 3 | 82,000.00 | 4,806.11 | 0.00 | 77,193.89 |
| FENDER | PROV. TR GP-FBO DANIEL FENDER IRA | CLASS 3 | 119,481.60 | 21,148.25 | 0.00 | 98,333.35 |
| FENDER | PROV. TR GP-FBO SHARON L FENDER IRA | CLASS 3 | 120,000.00 | 19,680.00 | 0.00 | 100,320.00 |
| FENG | GINGER FENG | CLASS 3 | 25,000.00 | 1,419.41 | 0.00 | 23,580.59 |
| FENG | MAINSTAR-FBO GINGER FENG T2176422 | CLASS 3 | 25,000.00 | 1,400.00 | 0.00 | 23,600.00 |
| FERBER | PROV. TR GP-FBO SUSAN FERBER IRA | CLASS 3 | 30,443.00 | 2,983.41 | 0.00 | 27,459.59 |
| FERCH | MAINSTAR-FBO DAVID LYNN FERCH | CLASS 3 | 77,280.03 | 3,837.17 | 0.00 | 73,442.86 |
| FERGUSON | FERGUSON LT DTD 11/14/96 | CLASS 3 | 25,000.00 | 1,025.00 | 0.00 | 23,975.00 |
| FERGUSON | MAUREEN L FERGUSON | CLASS 3 | 30,000.00 | 1,545.00 | 0.00 | 28,455.00 |
| FERNANDES | DEIRDRE P & BENJAMIN F FERNANDES | CLASS 3 | 223,000.00 | 3,868.07 | 0.00 | 219,131.93 |
| FERNANDES | DOMINGOS FERNANDES | CLASS 3 | 41,027.72 | 2,098.66 | 0.00 | 38,929.06 |
| FERNANDES | JUDITH FERNANDES | CLASS 5 | 90,971.72 | 8,737.44 | 0.00 | 82,234.28 |
| FERNANDES | MAINSTAR-FBO DOMINGOS FERNANDES | CLASS 3 | 301,405.73 | 14,873.54 | 0.00 | 286,532.19 |
| FERNANDES | MAINSTAR-FBO JOY S FERNANDES T2177889 | CLASS 3 | 224,000.00 | 3,826.67 | 0.00 | 220,173.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FERNANDES | MAINSTAR-FBO JUDITH FERNANDES | CLASS 3 | 40,087.86 | 1,978.22 | 0.00 | 38,109.64 |
| FERNANDEZ | LUIS FERNANDEZ | CLASS 3 | 200,000.00 | 1,133.33 | 0.00 | 198,866.67 |
| FERNANDEZ | STEPHANIE FERNANDEZ | CLASS 3 | 150,000.00 | 1,779.18 | 0.00 | 148,220.82 |
| FERNANDO | SUSITH R FERNANDO | CLASS 3 | 25,000.00 | 809.66 | 0.00 | 24,190.34 |
| FERRARA | IRA SVCS TR CO-CFBO DENISE M FERRARA IRA | CLASS 3 | 80,000.00 | 7,271.22 | 0.00 | 72,728.78 |
| FERRARI | LOUIS & JANIS FERRARI | CLASS 3 | 450,000.00 | 7,421.88 | 0.00 | 442,578.12 |
| FERRARO | ANTHONY R FERRARO LT | CLASS 3 | 230,000.00 | 9,055.84 | 0.00 | 220,944.16 |
| FERRARO | ESTHER C FERRARO | CLASS 3 | 40,000.00 | 846.67 | 0.00 | 39,153.33 |
| FERRIELL | PROV. TR GP-FBO KATHY O FERRIELL IRA | CLASS 3 | 39,000.00 | 3,010.58 | 0.00 | 35,989.42 |
| FERRIELL | PROV. TR GP-FBO MICHAEL S FERRIELL IRA | CLASS 3 | 309,000.00 | 42,756.04 | 0.00 | 266,243.96 |
| FERRIS | ELIZABETH M FERRIS | CLASS 3 | 99,023.18 | 4,951.20 | 0.00 | 94,071.98 |
| FERRIS | MICHAEL FERRIS | CLASS 3 | 50,000.00 | 2,000.00 | 0.00 | 48,000.00 |
| FERTITTA | MATTHEW FERTITTA | CLASS 3 | 26,189.77 | 400.11 | 0.00 | 25,789.66 |
| FERTITTA | SALVATORE FERTITTA | CLASS 3 | 62,208.97 | 768.96 | 0.00 | 61,440.01 |
| FETTER | JACK L FETTER | CLASS 3 | 50,000.00 | 6,575.04 | 0.00 | 43,424.96 |
| FETTER | MAINSTAR-FBO ROBERT E FETTER T2177228 | CLASS 3 | 498,000.00 | 16,724.50 | 0.00 | 481,275.50 |
| FETTING | DENNIS E & PEGGY L FETTING JLT 10/08/09 | CLASS 3 | 50,000.00 | 1,811.80 | 0.00 | 48,188.20 |
| FHR | FHR INC | CLASS 3 | 700,000.00 | 0.00 | 0.00 | 700,000.00 |
| FICILI | ANTHONY & LYNDA FICILI | CLASS 3 | 50,000.00 | 7,888.84 | 0.00 | 42,111.16 |
| FIELD | AW FIELD LT DTD 07/10/09 | CLASS 3 | 100,000.00 | 2,294.43 | 0.00 | 97,705.57 |
| FIELD | FIELD TR B DTD 03/16/09 | CLASS 3 | 100,000.00 | 2,294.43 | 0.00 | 97,705.57 |
| FIELD | PROV. TR GP-FBO DIANE M FIELD IRA | CLASS 3 | 140,400.00 | 15,382.17 | 0.00 | 125,017.83 |
| FIELD | RICHARD M & KIMBERLY G FIELD | CLASS 3 | 300,000.00 | 57,787.31 | 0.00 | 242,212.69 |
| FIELD | RICHARD M & KIMBERLY G FIELD | CLASS 5 | 100,000.00 | 19,262.44 | 0.00 | 80,737.56 |
| FIER | ROBERT H FIER | CLASS 3 | 200,000.00 | 29,611.09 | 0.00 | 170,388.91 |
| FIER | ROBERT H FIER | CLASS 5 | 100,000.00 | 14,805.54 | 0.00 | 85,194.46 |
| FIERLE | PROV. TR GP-FBO KAYE FIERLE IRA | CLASS 3 | 60,000.00 | 315.00 | 0.00 | 59,685.00 |
| FIERLE | THE ROBERT G & KAYE L FIERLE RLT | CLASS 3 | 50,000.00 | 982.79 | 0.00 | 49,017.21 |
| FILGER | GLENN E FILGER | CLASS 3 | 100,000.00 | 7,016.67 | 0.00 | 92,983.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FILKINS | KATHLEEN CORY FILKINS | CLASS 3 | 110,000.00 | 19,570.76 | 0.00 | 90,429.24 |
| FILLIATER | JOSHUA A & ERIN FILLIATER | CLASS 3 | 200,000.00 | 466.67 | 0.00 | 199,533.33 |
| FILLINGER | MAINSTAR-FBO RICHARD FILLINGER | CLASS 3 | 186,000.00 | 17,747.50 | 0.00 | 168,252.50 |
| FILLINGER | RICHARD J & SUE C FILLINGER | CLASS 3 | 25,000.00 | 2,680.58 | 0.00 | 22,319.42 |
| FILLINGER | MAINSTAR-FBO SUE FILLINGER | CLASS 3 | 71,000.00 | 7,391.90 | 0.00 | 63,608.10 |
| FINAL FRONTIER | FINAL FRONTIER VENTURES LLC | CLASS 3 | 800,000.00 | 105,830.38 | 0.00 | 694,169.62 |
| FINAL FRONTIER | FINAL FRONTIER VENTURES LLC | CLASS 5 | 500,000.00 | 66,143.98 | 0.00 | 433,856.02 |
| FINDLEY | RICHARD FINDLEY | CLASS 3 | 80,000.00 | 2,463.96 | 0.00 | 77,536.04 |
| FINE | GLORIA & FREDERICK FINE | CLASS 3 | 25,000.00 | 4,254.89 | 0.00 | 20,745.11 |
| FINEBERG | THE BERNARD & SYLVIA FINEBERG LT | CLASS 3 | 60,000.00 | 4,399.95 | 0.00 | 55,600.05 |
| FINEBERG-MILLER | PROV. TR GP-FBO SHEILA FINEBERG-MILLER IRA | CLASS 3 | 70,000.00 | 2,333.33 | 0.00 | 67,666.67 |
| FINKELDEY | MEGAN ROSE FINKELDEY RT 02/05/14 | CLASS 3 | 60,000.00 | 10,326.30 | 0.00 | 49,673.70 |
| FINKENBINE | SANDRA S FINKENBINE SUPP TR | CLASS 3 | 50,000.00 | 3,493.00 | 0.00 | 46,507.00 |
| FINLEY | IRA SVCS TR CO-CFBO COLLEEN K FINLEY IRA | CLASS 3 | 90,000.00 | 7,320.00 | 0.00 | 82,680.00 |
| FINNELL/BROWN | HERBERT FINNELL & GEORGEANNE BROWN | CLASS 3 | 25,000.00 | 617.35 | 0.00 | 24,382.65 |
| FINNEY | DARRELL M FINNEY | CLASS 3 | 100,000.00 | 21,250.05 | 0.00 | 78,749.95 |
| FINNEY | PROV. TR GP-FBO DARRELL M FINNEY IRA | CLASS 3 | 269,184.15 | 36,575.67 | 0.00 | 232,608.48 |
| FINNEY | RUTH ANN FINNEY | CLASS 3 | 50,000.00 | 4,482.21 | 0.00 | 45,517.79 |
| FINNEY | RUTH ANN FINNEY | CLASS 5 | 200,000.00 | 17,928.85 | 0.00 | 182,071.15 |
| FIORE | JAMES FIORE | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| FIRESTACK | MAINSTAR-FBO VICKI FIRESTACK T2177464 | CLASS 3 | 25,716.00 | 566.47 | 0.00 | 25,149.53 |
| FIRMISS | JOHN T FIRMISS | CLASS 3 | 100,000.00 | 16,552.14 | 0.00 | 83,447.86 |
| FIRST CAPITAL PACIFIC | FIRST CAPITAL PACIFIC | CLASS 3 | 300,000.00 | 14,327.08 | 0.00 | 285,672.92 |
| FISCHER | ARTHUR J & REGINA M FISCHER | CLASS 3 | 105,000.00 | 19,770.26 | 0.00 | 85,229.74 |
| FISCHER | IRENE FISCHER | CLASS 3 | 165,000.00 | 18,684.31 | 0.00 | 146,315.69 |
| FISCHER | PROV. TR GP-FBO REGINA FISCHER IRA | CLASS 3 | 267,001.00 | 51,573.48 | 0.00 | 215,427.52 |
| FISCHER | PROV. TR GP-FBO REGINA FISCHER IRA | CLASS 5 | 200,000.00 | 38,631.68 | 0.00 | 161,368.32 |
| FISCHER | RITA FISCHER TR | CLASS 3 | 25,000.00 | 4,170.74 | 0.00 | 20,829.26 |
| FISHEL | IRA SVCS TR CO-CFBO MICHAEL D FISHEL IRA | CLASS 3 | 100,000.00 | 5,766.67 | 0.00 | 94,233.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FISHER | CHANA FISHER | CLASS 5 | 100,000.00 | 25,319.64 | 0.00 | 74,680.36 |
| FISHER | MAINSTAR-FBO MARK FISHER | CLASS 3 | 149,801.00 | 7,406.83 | 0.00 | 142,394.17 |
| FISHER | MAINSTAR-FBO ROBERT M FISHER T2176537 | CLASS 3 | 50,000.00 | 2,070.84 | 0.00 | 47,929.16 |
| FISHER | PAMELA D & JOHN E FISHER | CLASS 3 | 25,000.00 | 1,781.25 | 0.00 | 23,218.75 |
| FISHER | ROGER L & LOIS P FISHER | CLASS 3 | 100,000.00 | 300.00 | 0.00 | 99,700.00 |
| FISHER | SUNWEST TR RALPH D FISHER IRA | CLASS 3 | 100,000.00 | 1,600.00 | 0.00 | 98,400.00 |
| FISHER | MAINSTAR-FBO JOHN FISHER | CLASS 3 | 25,000.00 | 1,291.67 | 0.00 | 23,708.33 |
| FISHMAN | JESSICA H & DOUGLAS S FISHMAN | CLASS 3 | 80,000.00 | 6,810.00 | 0.00 | 73,190.00 |
| FITCH | JEFFERY FITCH | CLASS 3 | 60,000.00 | 1,608.33 | 0.00 | 58,391.67 |
| FITCH | MARK R FITCH | CLASS 3 | 200,000.00 | 8,788.91 | 0.00 | 191,211.09 |
| FITE | PROV. TR GP-FBO GARY LEE FITE IRA | CLASS 3 | 900,000.00 | 35,350.00 | 0.00 | 864,650.00 |
| FITE | THE GARY LEE FITE RT DTD 10/13/09 | CLASS 3 | 2,000,000.00 | 104,416.61 | 0.00 | 1,895,583.39 |
| FITZGERALD | CHARLES FITZGERALD | CLASS 3 | 50,000.00 | 2,076.44 | 0.00 | 47,923.56 |
| FITZPATRICK | PAULA A FITZPATRICK | CLASS 3 | 25,000.00 | 2,343.82 | 0.00 | 22,656.18 |
| FITZPATRICK | PROV. TR GP-FBO KAREN FITZPATRICK IRA | CLASS 3 | 29,294.00 | 2,515.22 | 0.00 | 26,778.78 |
| FLAIL | MAINSTAR-FBO LUCILLE E FLAIL | CLASS 3 | 30,000.00 | 2,291.67 | 0.00 | 27,708.33 |
| FLAIL | MAINSTAR-FBO ROBERT J FLAIL | CLASS 3 | 25,000.00 | 2,587.50 | 0.00 | 22,412.50 |
| FLANAGAN | PROV. TR GP-FBO K K FLANAGAN INH IRA | CLASS 3 | 32,666.66 | 762.24 | 0.00 | 31,904.42 |
| FLANINGAN | PROV. TR GP-FBO JACK W FLANINGAN IRA | CLASS 3 | 53,000.00 | 11,223.75 | 0.00 | 41,776.25 |
| FLANINGAN | PROV. TR GP-FBO REBECCA D FLANINGAN IRA | CLASS 5 | 68,000.00 | 9,765.55 | 0.00 | 58,234.45 |
| FLATTEN | IRA SVCS TR CO-CFBO BARBARA FLATTEN IRA | CLASS 3 | 199,617.00 | 19,113.43 | 0.00 | 180,503.57 |
| FLATTEN | IRA SVCS TR CO-CFBO BARBARA FLATTEN ROTH | CLASS 3 | 21,672.87 | 2,075.09 | 0.00 | 19,597.78 |
| FLAX | THE FLAX FRT DTD 07/27/95 | CLASS 3 | 525,000.00 | 7,722.25 | 0.00 | 517,277.75 |
| FLECK | JOHN R & SHELBY FLECK | CLASS 3 | 25,000.00 | 63.19 | 0.00 | 24,936.81 |
| FLEGAL | RONALD W FLEGAL | CLASS 3 | 25,000.00 | 423.62 | 0.00 | 24,576.38 |
| FLEISCHER | BETH R & LYNN FLEISCHER | CLASS 3 | 50,000.00 | 2,371.85 | 0.00 | 47,628.15 |
| FLEISCHER | PROV. TR GP-FBO SHULAMITH FLEISCHER IRA | CLASS 3 | 40,263.85 | 4,782.45 | 0.00 | 35,481.40 |
| FLEISCHER | SHULAMITH & GABRIELLE FLEISCHER | CLASS 3 | 25,000.00 | 3,056.24 | 0.00 | 21,943.76 |
| FLEMING | DONALD W & HEIDI K FLEMING | CLASS 3 | 25,000.00 | 604.17 | 0.00 | 24,395.83 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FLEMING | HOWARD C & NORMA L FLEMING | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| FLEMING | PROV. TR GP-FBO HOWARD C FLEMING IRA | CLASS 3 | 488,500.00 | 55,388.66 | 0.00 | 433,111.34 |
| FLEMING | PROV. TR GP-FBO JOSEPH H FLEMING INH IRA | CLASS 3 | 228,623.00 | 18,296.20 | 0.00 | 210,326.80 |
| FLEMING | PROV. TR GP-FBO NORMA L FLEMING IRA | CLASS 3 | 236,000.00 | 22,616.67 | 0.00 | 213,383.33 |
| FLETCHER | DANNY C & DEBRA M FLETCHER | CLASS 3 | 55,000.00 | 3,454.27 | 0.00 | 51,545.73 |
| FLETCHER | HAROLD & HAZEL FLETCHER | CLASS 3 | 100,000.00 | 2,002.77 | 0.00 | 97,997.23 |
| FLETCHER | JOHN FLETCHER | CLASS 3 | 62,250.00 | 7,366.27 | 0.00 | 54,883.73 |
| FLETCHER | KENT A & PATRICIA S FLETCHER | CLASS 3 | 100,000.00 | 2,722.25 | 0.00 | 97,277.75 |
| FLETCHER | PROV. TR GP-FBO JAMES L FLETCHER IRA | CLASS 3 | 175,000.00 | 20,990.77 | 0.00 | 154,009.23 |
| FLIGER-BAILEY | SUNWEST TR KATHLEEN L FLIGER-BAILEY IRA | CLASS 3 | 70,100.00 | 10,243.56 | 0.00 | 59,856.44 |
| FLIKKIE | MAINSTAR-FBO JOHN FLIKKIE | CLASS 3 | 200,000.00 | 12,633.33 | 0.00 | 187,366.67 |
| FLINT | PROV. TR GP-FBO NANCY J FLINT IRA | CLASS 5 | 150,000.00 | 18,958.33 | 0.00 | 131,041.67 |
| FLITTON | MAINSTAR-FBO KENNETH FLITTON T2177557 | CLASS 3 | 64,608.89 | 1,213.21 | 0.00 | 63,395.68 |
| FLORENCE | GERTRUDE LYNN FLORENCE | CLASS 3 | 50,000.00 | 3,544.41 | 0.00 | 46,455.59 |
| FLORENCE | IRA SVCS TR CO-CFBO DONALD FLORENCE ROTH | CLASS 3 | 31,000.00 | 5,104.62 | 0.00 | 25,895.38 |
| FLORES | LAURA E & DANIEL FLORES | CLASS 3 | 25,000.00 | 1,364.63 | 0.00 | 23,635.37 |
| FLORES | SYLVIA M FLORES | CLASS 3 | 100,000.00 | 3,604.58 | 0.00 | 96,395.42 |
| FLORES | THE FLORES FT | CLASS 3 | 75,000.00 | 1,968.75 | 0.00 | 73,031.25 |
| FLORES | VICTOR M FLORES | CLASS 3 | 28,000.00 | 369.45 | 0.00 | 27,630.55 |
| FLOURNOY | RICKY TODD FLOURNOY | CLASS 5 | 50,000.00 | 2,527.80 | 0.00 | 47,472.20 |
| FLOWERS | MAINSTAR-FBO STEVEN L FLOWERS | CLASS 3 | 246,500.00 | 26,868.50 | 0.00 | 219,631.50 |
| FLOWERS | STEVEN L & VIRGINIA A FLOWERS | CLASS 3 | 250,000.00 | 21,551.42 | 0.00 | 228,448.58 |
| FLOYD | PROV. TR GP-FBO ROBERT E FLOYD IRA | CLASS 3 | 100,137.95 | 6,008.28 | 0.00 | 94,129.67 |
| FLOYD | PROV. TR GP-FBO STEPHEN D FLOYD IRA | CLASS 5 | 75,000.00 | 11,162.50 | 0.00 | 63,837.50 |
| FLYING V | PROV. TR GP-FBO THE FLYING V TR ICA | CLASS 3 | 30,000.00 | 1,597.50 | 0.00 | 28,402.50 |
| FLYNN | MAINSTAR-FBO SHARRON FLYNN | CLASS 3 | 100,000.00 | 6,388.90 | 0.00 | 93,611.10 |
| FLYNN | SHARLA K & ROY D FLYNN | CLASS 3 | 25,000.00 | 2,291.67 | 0.00 | 22,708.33 |
| FODOR | MAINSTAR-FBO JAMES FODOR T2176917 | CLASS 3 | 1,099,000.00 | 36,284.38 | 0.00 | 1,062,715.62 |
| FODOR | MAINSTAR-FBO JAMES FODOR T2176917 | CLASS 5 | 1,000,000.00 | 33,015.81 | 0.00 | 966,984.19 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FOLEY | MARGARET A FOLEY | CLASS 3 | 25,000.00 | 7,951.66 | 0.00 | 17,048.34 |
| FOLEY | MELVA CHERYL FOLEY | CLASS 3 | 43,000.00 | 2,191.85 | 0.00 | 40,808.15 |
| FOLEY | MICHAEL R FOLEY | CLASS 3 | 50,000.00 | 8,208.33 | 0.00 | 41,791.67 |
| FOLLETT | KEVIN & KAREN FOLLETT | CLASS 3 | 150,000.00 | 23,570.72 | 0.00 | 126,429.28 |
| FOLSE | RAY C & JANIE N FOLSE | CLASS 3 | 175,000.00 | 46,075.00 | 0.00 | 128,925.00 |
| FOLTZ | HOWARD & PATRICIA FOLTZ | CLASS 3 | 25,000.00 | 900.02 | 0.00 | 24,099.98 |
| FONG | LEIGHTON & EILEEN FONG | CLASS 3 | 25,000.00 | 399.40 | 0.00 | 24,600.60 |
| FONTANA | PROV. TR GP-FBO MICHELE D FONTANA IRA | CLASS 3 | 100,000.00 | 5,443.99 | 0.00 | 94,556.01 |
| FONTANA | PROV. TR GP-FBO MICHELE FONTANA IRA | CLASS 3 | 50,000.00 | 14,967.33 | 0.00 | 35,032.67 |
| FONTANESE | CAROL FONTANESE | CLASS 3 | 100,000.00 | 9,850.00 | 0.00 | 90,150.00 |
| FONTANEZ | IRA SVCS TR CO-CFBO LOUIS A FONTANEZ ROTH | CLASS 3 | 73,000.00 | 2,056.18 | 0.00 | 70,943.82 |
| FONTANEZ | LOUIS A & KATHERINE A FONTANEZ | CLASS 3 | 90,000.00 | 3,025.07 | 0.00 | 86,974.93 |
| FOOTE | IRA SVCS TR CO-CFBO AMY ANN FOOTE IRA | CLASS 3 | 34,500.00 | 2,001.00 | 0.00 | 32,499.00 |
| FORBES | LINDA R FORBES | CLASS 3 | 25,000.00 | 463.04 | 0.00 | 24,536.96 |
| FORBING | MARIA E FORBING | CLASS 3 | 30,000.00 | 4,030.00 | 0.00 | 25,970.00 |
| FORBING | PROV. TR GP-FBO PERCY FORBING IRA | CLASS 3 | 79,004.00 | 8,173.62 | 0.00 | 70,830.38 |
| FORD | ANN HARDIN FORD RT | CLASS 3 | 650,000.00 | 14,083.33 | 0.00 | 635,916.67 |
| FORD | BARRY & SHARI FORD | CLASS 3 | 120,000.00 | 8,175.00 | 0.00 | 111,825.00 |
| FORD | CHALLIS & CARLENE FORD | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| FORD | CHALLIS D FORD | CLASS 3 | 70,000.00 | 3,048.91 | 0.00 | 66,951.09 |
| FORD | DALE M & PAULA K FORD | CLASS 3 | 150,000.00 | 4,511.16 | 0.00 | 145,488.84 |
| FORD | DOUGLAS K FORD | CLASS 3 | 140,000.00 | 18,973.95 | 0.00 | 121,026.05 |
| FORD | FORD TR | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| FORD | IRENE FORD | CLASS 3 | 75,000.00 | 312.50 | 0.00 | 74,687.50 |
| FORD | KATHLEEN FORD | CLASS 3 | 50,000.00 | 4,708.33 | 0.00 | 45,291.67 |
| FORD | MAINSTAR-FBO MARK C FORD | CLASS 3 | 87,490.00 | 8,204.62 | 0.00 | 79,285.38 |
| FORD | RANDALL LEON FORD IT | CLASS 3 | 500,000.00 | 78,833.33 | 0.00 | 421,166.67 |
| FORD | THE BRUCE & KATHLEEN FORD TR | CLASS 3 | 25,000.00 | 691.67 | 0.00 | 24,308.33 |
| FORD | WAYNE FORD | CLASS 3 | 50,000.00 | 4,682.71 | 0.00 | 45,317.29 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FOREST | SUE A & WAYNE M FOREST | CLASS 3 | 50,000.00 | 2,808.33 | 0.00 | 47,191.67 |
| FOREST HOME | FOREST HOME HOLDINGS LLC | CLASS 3 | 200,000.00 | 20,423.67 | 0.00 | 179,576.33 |
| FORGIONE | MAINSTAR-FBO LORETTA M FORGIONE T2177815 | CLASS 3 | 50,000.00 | 576.39 | 0.00 | 49,423.61 |
| FORINGTON | MARY LEA FORINGTON | CLASS 3 | 200,000.00 | 1,330.55 | 0.00 | 198,669.45 |
| FORMICHELLA | BARBARA C FORMICHELLA | CLASS 3 | 25,000.00 | 883.35 | 0.00 | 24,116.65 |
| FORNEFELD | MAINSTAR-FBO JOSEPH E FORNEFELD | CLASS 3 | 200,000.00 | 25,233.31 | 0.00 | 174,766.69 |
| FORNEFELD | MAINSTAR-FBO JOSEPH E FORNEFELD | CLASS 5 | 100,000.00 | 12,616.65 | 0.00 | 87,383.35 |
| FOROUZAN | BRIAN M FOROUZAN | CLASS 3 | 50,000.00 | 20,720.87 | 0.00 | 29,279.13 |
| FOROUZAN | BRIAN M FOROUZAN | CLASS 3* | 25,000.00 | 1,175.00 | 0.00 | 23,825.00 |
| FORREST | GARY A & JANICE K FORREST | CLASS 3 | 50,000.00 | 3,616.71 | 0.00 | 46,383.29 |
| FORTENBERRY | REBECCA A FORTENBERRY | CLASS 3 | 25,000.00 | 1,084.69 | 0.00 | 23,915.31 |
| FORTKAMP | PROV. TR GP-FBO JOHN H FORTKAMP IRA | CLASS 3 | 25,000.00 | 28,050.03 | 0.00 | 0.00 ** |
| FORTUNATO | ALICE COLE FORTUNATO | CLASS 3 | 25,000.00 | 4,107.64 | 0.00 | 20,892.36 |
| FORTUNE | LEONARD FORTUNE | CLASS 3 | 300,000.00 | 40,432.21 | 0.00 | 259,567.79 |
| FORTUNE | LEONARD FORTUNE | CLASS 5 | 300,000.00 | 40,432.21 | 0.00 | 259,567.79 |
| FOSTER | BETTY FOSTER | CLASS 3 | 250,000.00 | 33,066.67 | 0.00 | 216,933.33 |
| FOSTER | VICI R FOSTER | CLASS 3 | 25,000.00 | 1,236.15 | 0.00 | 23,763.85 |
| FOSTER | WAYNE R & EUGENIA W FOSTER | CLASS 3 | 50,000.00 | 791.66 | 0.00 | 49,208.34 |
| FOUNTAIN | JAMES EDWARD FOUNTAIN | CLASS 3 | 100,000.00 | 13,127.77 | 0.00 | 86,872.23 |
| FOUTS | SONYA A FOUTS | CLASS 3 | 100,000.00 | 1,111.12 | 0.00 | 98,888.88 |
| FOWLER | MAINSTAR-FBO JEANNIE FOWLER T2176015 | CLASS 3 | 330,000.00 | 21,005.83 | 0.00 | 308,994.17 |
| FOWLER | ROYCE L & DORA A FOWLER | CLASS 5 | 50,000.00 | 22,027.98 | 0.00 | 27,972.02 |
| FOWLES | MAINSTAR-FBO DEBORAH C FOWLES | CLASS 3 | 26,200.00 | 3,693.09 | 0.00 | 22,506.91 |
| FOX | IRA SVCS TR CO-CFBO WILLIAM J FOX IRA | CLASS 3 | 25,000.00 | 1,566.67 | 0.00 | 23,433.33 |
| FOX | PROV. TR GP-FBO CHRIS FOX IRA | CLASS 3 | 225,000.00 | 30,729.17 | 0.00 | 194,270.83 |
| FOX | PROV. TR GP-FBO JOSEPH A FOX IRA | CLASS 3 | 440,200.00 | 10,124.60 | 0.00 | 430,075.40 |
| FOX | PROV. TR GP-FBO PAULA I FOX IRA | CLASS 3 | 389,000.00 | 8,372.00 | 0.00 | 380,628.00 |
| FOX | ROBERT A FOX | CLASS 5 | 350,000.00 | 105,388.99 | 0.00 | 244,611.01 |
| FOX/COOPER | ROBERT A FOX & DARBY H COOPER | CLASS 5 | 100,000.00 | 24,944.64 | 0.00 | 75,055.36 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FRADELLA | CELESTINA & RAYMOND FRADELLA | CLASS 3 | 95,000.00 | 5,778.10 | 0.00 | 89,221.90 |
| FRALEIGH | ALBERT S & JEAN L FRALEIGH 2011 DEC OF TR | CLASS 3 | 100,000.00 | 5,026.36 | 0.00 | 94,973.64 |
| FRAME | RICHARD & AMY FRAME | CLASS 3 | 200,000.00 | 22,166.54 | 0.00 | 177,833.46 |
| FRAME | RICHARD & CAROL FRAME | CLASS 3 | 75,000.00 | 2,975.62 | 0.00 | 72,024.38 |
| FRAME | RUSSELL FRAME | CLASS 3 | 105,000.00 | 2,041.67 | 0.00 | 102,958.33 |
| FRANCIS | MURPHY FRANCIS LT | CLASS 3 | 25,000.00 | 68.17 | 0.00 | 24,931.83 |
| FRANCIS | PEGGY JO FRANCIS | CLASS 3 | 50,000.00 | 9,164.31 | 0.00 | 40,835.69 |
| FRANCK | DENNIS FRANCK | CLASS 3 | 100,000.00 | 18,088.98 | 0.00 | 81,911.02 |
| FRANCK | PROV. TR GP-FBO DENNIS FRANCK IRA | CLASS 3 | 107,679.00 | 16,845.78 | 0.00 | 90,833.22 |
| FRANCOMANO | PASQUALE & LAVANA J FRANCOMANO | CLASS 3 | 60,000.00 | 10,152.83 | 0.00 | 49,847.17 |
| FRANDINA | MAINSTAR-FBO CHRISTINE FRANDINA | CLASS 3 | 61,000.00 | 3,766.75 | 0.00 | 57,233.25 |
| FRANKEL | HARRY & DORIS FRANKEL TR | CLASS 3 | 50,000.00 | 7,679.16 | 0.00 | 42,320.84 |
| FRANKLIN | BASIL V FRANKLIN JR | CLASS 3 | 25,000.00 | 204.17 | 0.00 | 24,795.83 |
| FRANKLIN | MAINSTAR-FBO BASIL V FRANKLIN JR T2178382 | CLASS 3 | 205,000.00 | 1,537.50 | 0.00 | 203,462.50 |
| FRANKLIN | PROV. TR GP-FBO VELMA FRANKLIN IRA | CLASS 3 | 62,559.42 | 9,200.42 | 0.00 | 53,359.00 |
| FRANKS | CLAYSON & AGNES FRANKS | CLASS 3 | 50,000.00 | 12,136.53 | 0.00 | 37,863.47 |
| FRANKS | JACQUELINE FRANKS | CLASS 3 | 200,000.00 | 17,541.67 | 0.00 | 182,458.33 |
| FRANTZ | STEVEN FRANTZ | CLASS 3 | 25,000.00 | 3,583.33 | 0.00 | 21,416.67 |
| FRANZ/WOHRLE | LOLA JEAN FRANZ & RONALD D WOHRLE | CLASS 3 | 100,000.00 | 1,683.33 | 0.00 | 98,316.67 |
| FRANZER | RUTH M FRANZER | CLASS 3 | 25,000.00 | 3,482.75 | 0.00 | 21,517.25 |
| FRANZESE | ANTHONY FRANZESE | CLASS 5 | 200,000.00 | 30,944.50 | 0.00 | 169,055.50 |
| FRASURE | PROV. TR GP-FBO RON FRASURE IRA | CLASS 3 | 25,000.00 | 2,765.97 | 0.00 | 22,234.03 |
| FRAWLEY | MILDRED M FRAWLEY TR 03/10/11 | CLASS 3 | 200,000.00 | 25,500.00 | 0.00 | 174,500.00 |
| FRAY | JENNIFER FRAY | CLASS 3 | 50,000.00 | 1,425.00 | 0.00 | 48,575.00 |
| FRAZER | PROV. TR GP-FBO THOMAS H FRAZER IRA | CLASS 3 | 27,077.00 | 1,071.24 | 0.00 | 26,005.76 |
| FRAZER | THOMAS H FRAZER RT DTD 08/20/09 | CLASS 3 | 120,000.00 | 7,020.00 | 0.00 | 112,980.00 |
| FRAZIER | JOHN M FRAZIER | CLASS 3 | 53,000.00 | 7,105.01 | 0.00 | 45,894.99 |
| FRAZIER | PROV. TR GP-FBO PENNY L FRAZIER IRA | CLASS 3 | 44,000.00 | 5,236.00 | 0.00 | 38,764.00 |
| FRECHETTE | DANIEL E FRECHETTE | CLASS 3 | 25,000.00 | 1,532.36 | 0.00 | 23,467.64 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FREDERICK | PROV. TR GP-FBO JOHN FREDERICK IRA | CLASS 3 | 135,000.00 | 31,177.50 | 0.00 | 103,822.50 |
| FREDERICK | SUNWEST TR BRIAN A FREDERICK IRA | CLASS 3 | 185,000.00 | 23,243.34 | 0.00 | 161,756.66 |
| FREDERIKSEN | PERRY & JILLEENE FREDERIKSEN | CLASS 3 | 60,000.00 | 3,107.50 | 0.00 | 56,892.50 |
| FREDETTE | JOSEPH & BARBARA FREDETTE | CLASS 3 | 25,000.00 | 1,298.65 | 0.00 | 23,701.35 |
| FREDRICK | PATRICIA FREDRICK | CLASS 3 | 25,000.00 | 1,691.67 | 0.00 | 23,308.33 |
| FREDRICK | TODD A & MARY C FREDRICK | CLASS 3 | 50,000.00 | 2,933.33 | 0.00 | 47,066.67 |
| FREDRICKS | JUDY L FREDRICKS | CLASS 3 | 50,000.00 | 5,264.54 | 0.00 | 44,735.46 |
| FREDRICKSON | KENNETH G FREDRICKSON | CLASS 5 | 106,298.50 | 18,959.88 | 0.00 | 87,338.62 |
| FREDRICKSON | PROV. TR GP-FBO KENNETH G FREDRICKSON IRA | CLASS 5 | 193,801.50 | 34,579.90 | 0.00 | 159,221.60 |
| FREEBURG | GARY L & DENISE J FREEBURG | CLASS 3 | 62,600.00 | 11,001.89 | 0.00 | 51,598.11 |
| FREED | PAULA FREED | CLASS 3 | 55,000.00 | 4,775.83 | 0.00 | 50,224.17 |
| FREEDLAND | MARIA FREEDLAND | CLASS 3 | 50,000.00 | 208.33 | 0.00 | 49,791.67 |
| FREEDMAN | ANTHONY FREEDMAN | CLASS 3 | 100,000.00 | 6,733.33 | 0.00 | 93,266.67 |
| FREEDMAN | SONIA FREEDMAN | CLASS 3 | 25,000.00 | 677.10 | 0.00 | 24,322.90 |
| FREEMAN | HARRIS & MARION FREEMAN | CLASS 3 | 100,000.00 | 2,166.67 | 0.00 | 97,833.33 |
| FREIDEL | PROV. TR GP-FBO ELIZABETH FREIDEL IRA | CLASS 3 | 84,600.00 | 747.30 | 0.00 | 83,852.70 |
| FREIDEL | PROV. TR GP-FBO JOHN W FREIDEL IRA | CLASS 3 | 105,900.00 | 5,974.17 | 0.00 | 99,925.83 |
| FRENCH | DONALD R FRENCH | CLASS 3 | 50,000.00 | 1,420.84 | 0.00 | 48,579.16 |
| FRENCH | MAINSTAR-FBO MARGARET D FRENCH T2175709 | CLASS 3 | 69,463.00 | 4,966.62 | 0.00 | 64,496.38 |
| FRERICHS | LORALEI F FRERICHS | CLASS 3 | 70,628.50 | 4,139.68 | 0.00 | 66,488.82 |
| FRERICHS | MAINSTAR-FBO LORALEI F FRERICHS | CLASS 3 | 40,070.43 | 2,487.70 | 0.00 | 37,582.73 |
| FRERICHS | PROV. TR GP-FBO RUSS FRERICHS ROTH IRA | CLASS 3 | 100,000.00 | 23,100.04 | 0.00 | 76,899.96 |
| FRERICHS | PROV. TR GP-FBO RUSS FRERICHS ROTH IRA | CLASS 5 | 50,000.00 | 11,550.02 | 0.00 | 38,449.98 |
| FRERICHS | PROV. TR GP-FBO SALLY FRERICHS ROTH IRA | CLASS 5 | 50,000.00 | 15,430.57 | 0.00 | 34,569.43 |
| FRESHWATER | RICHARD ELLIS FRESHWATER | CLASS 3 | 50,000.00 | 223.61 | 0.00 | 49,776.39 |
| FREY | JOSEPH R & SHIRLEY I FREY | CLASS 3 | 50,000.00 | 6,295.54 | 0.00 | 43,704.46 |
| FREY | JOSEPH R & SHIRLEY I FREY | CLASS 5 | 100,000.00 | 12,591.08 | 0.00 | 87,408.92 |
| FREY | LARRY E & CINDY P FREY | CLASS 3 | 40,000.00 | 1,845.52 | 0.00 | 38,154.48 |
| FREY | LEONARD L & KATHRYN S FREY | CLASS 3 | 100,000.00 | 2,833.33 | 0.00 | 97,166.67 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FREY | PROV. TR GP-FBO RICHARD M FREY IRA | CLASS 5 | 200,000.00 | 60,611.12 | 0.00 | 139,388.88 |
| FREY | RICHARD M & ROXANE J FREY | CLASS 3 | 175,000.00 | 20,191.37 | 0.00 | 154,808.63 |
| FREYTAG | DONALD E FREYTAG | CLASS 3 | 30,000.00 | 533.33 | 0.00 | 29,466.67 |
| FRIE | PROV. TR GP-FBO RAYMOND J FRIE IRA | CLASS 3 | 60,000.00 | 7,600.00 | 0.00 | 52,400.00 |
| FRIE | PROV. TR GP-FBO SUSAN H FRIE IRA | CLASS 3 | 129,000.00 | 15,554.95 | 0.00 | 113,445.05 |
| FRIED | DORIS A FRIED | CLASS 5 | 104,000.00 | 41,426.85 | 0.00 | 62,573.15 |
| FRIED | IRA SVCS TR CO-CFBO CHAIM FRIED IRA | CLASS 5 | 100,000.00 | 22,875.21 | 0.00 | 77,124.79 |
| FRIEDBERG | BORIS FRIEDBERG | CLASS 5 | 300,000.00 | 114,848.53 | 0.00 | 185,151.47 |
| FRIEDBERG | BORIS FRIEDBERG 2004 RT | CLASS 5 | 300,000.00 | 37,027.64 | 0.00 | 262,972.36 |
| FRIEDMAN | CAROL & MARTIN FRIEDMAN | CLASS 3 | 150,000.00 | 13,774.96 | 0.00 | 136,225.04 |
| FRIEDMAN | PROV. TR GP-FBO JOYCE E FRIEDMAN IRA | CLASS 3 | 85,000.00 | 19,165.10 | 0.00 | 65,834.90 |
| FRIEDMAN | PROV. TR GP-FBO JOYCE E FRIEDMAN IRA | CLASS 5 | 100,000.00 | 22,547.18 | 0.00 | 77,452.82 |
| FRIEHAUF | DUANE FRIEHAUF | CLASS 3 | 50,000.00 | 6,882.70 | 0.00 | 43,117.30 |
| FRIEND | JOYCE E FRIEND | CLASS 3 | 27,500.00 | 30.56 | 0.00 | 27,469.44 |
| FRIEND | LYNNE FRIEND | CLASS 3 | 1,750,000.00 | 241,488.92 | 0.00 | 1,508,511.08 |
| FRIENDS TRAVIS FISHER | FRIENDS OF TRAVIS FISHER HOUSE | CLASS 3 | 1,000,000.00 | 5,125.26 | 0.00 | 994,874.74 |
| FRIGEN | IRA SVCS TR CO-CFBO DAVID A FRIGEN | CLASS 3 | 35,000.00 | 231.39 | 0.00 | 34,768.61 |
| FRINK | DELORES FRINK | CLASS 5 | 50,000.00 | 9,743.17 | 0.00 | 40,256.83 |
| FRISHMAN | AUSTIN M FRISHMAN RLT | CLASS 3 | 75,000.00 | 4,962.53 | 0.00 | 70,037.47 |
| FRITZLER | PROV. TR GP-FBO GARY FRITZLER ROTH IRA | CLASS 3 | 27,491.00 | 4,540.60 | 0.00 | 22,950.40 |
| FRITZSCHE | HORIZON TR CO-FBO THOMAS A FRITZSCHE IRA | CLASS 3 | 25,000.00 | 2,036.40 | 0.00 | 22,963.60 |
| FRIZZA | WANDA FRIZZA | CLASS 3 | 85,000.00 | 3,987.70 | 0.00 | 81,012.30 |
| FROHWEIN | DANIEL FROHWEIN | CLASS 3 | 50,000.00 | 7,265.66 | 0.00 | 42,734.34 |
| FROHWEIN | DANIEL FROHWEIN RT | CLASS 3 | 25,000.00 | 140.63 | 0.00 | 24,859.37 |
| FROHWEIN | PROV. TR GP-FBO JOHN FROHWEIN IRA | CLASS 3 | 286,656.66 | 45,328.98 | 0.00 | 241,327.68 |
| FROHWEIN | THE BEVERLY FROHWEIN RT | CLASS 3 | 240,000.00 | 27,190.00 | 0.00 | 212,810.00 |
| FROHWEIN | THE JOHN FROHWEIN RT | CLASS 3 | 450,000.00 | 61,880.12 | 0.00 | 388,119.88 |
| FROMME | HARVEY DENNIS & DIANNE FROMME | CLASS 3 | 50,000.00 | 2,437.54 | 0.00 | 47,562.46 |
| FRONTERA | PROV. TR GP-FBO CHARLES FRONTERA IRA | CLASS 3 | 137,856.00 | 11,510.98 | 0.00 | 126,345.02 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| FROST | MAINSTAR-FBO RYAN FROST T2178355 | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| FRUCHTER | IRA SVCS TR CO-CFBO MARC A FRUCHTER IRA | CLASS 3 | 150,000.00 | 5,958.31 | 0.00 | 144,041.69 |
| FRUEHAN | MAINSTAR-FBO ANNETTE FRUEHAN | CLASS 3 | 159,791.66 | 8,588.80 | 0.00 | 151,202.86 |
| FRUITHANDLER | THE EILEEN GREENBERG FRUITHANDLER LT | CLASS 3 | 50,000.00 | 9,672.92 | 0.00 | 40,327.08 |
| FRY | PROV. TR GP-FBO LANA L FRY IRA | CLASS 3 | 49,500.00 | 16,559.50 | 0.00 | 32,940.50 |
| FU | TSUN-SEN & MITZI FU | CLASS 3 | 200,000.00 | 15,919.53 | 0.00 | 184,080.47 |
| FUCCI | THE FUCCI FT DTD 12/19/88 | CLASS 3 | 50,000.00 | 2,673.57 | 0.00 | 47,326.43 |
| FUCHS | THE JOHN J & JANE A FUCHS RLT | CLASS 3 | 150,000.00 | 12,221.02 | 0.00 | 137,778.98 |
| FUENTES | ELLEN FUENTES RLT | CLASS 3 | 100,000.00 | 2,266.67 | 0.00 | 97,733.33 |
| FUESTING | MICHAEL L & KATHY S FUESTING | CLASS 3 | 100,000.00 | 11,216.67 | 0.00 | 88,783.33 |
| FULLENKAMP | ROMAN N & MARLENE E FULLENKAMP | CLASS 3 | 100,000.00 | 36,266.82 | 0.00 | 63,733.18 |
| FULLENKAMP | STEVEN M & MELINDA D FULLENKAMP | CLASS 3 | 50,000.00 | 8,006.40 | 0.00 | 41,993.60 |
| FULTON | HORIZON TR CO-FBO BRET R FULTON IRA | CLASS 5 | 400,000.00 | 47,444.39 | 0.00 | 352,555.61 |
| FUQUA | LISA E FUQUA | CLASS 3 | 300,000.00 | 6,291.66 | 0.00 | 293,708.34 |
| FURFARI | JAMES C & AMY S FURFARI | CLASS 5 | 100,000.00 | 17,083.29 | 0.00 | 82,916.71 |
| FURMAN | KATHLEEN D FURMAN IRREV SPEC NEEDS TR | CLASS 3 | 400,000.00 | 107,913.91 | 0.00 | 292,086.09 |
| FURNESS | VIRGINIA R FURNESS | CLASS 5 | 150,000.00 | 34,883.33 | 0.00 | 115,116.67 |
| FURST | BRONIA FURST | CLASS 3 | 25,000.00 | 963.86 | 0.00 | 24,036.14 |
| G & A CAPITAL | G & A CAPITAL HOLDINGS LLC | CLASS 3 | 55,000.00 | 2,530.00 | 0.00 | 52,470.00 |
| GABA | DEMETRIO B GABA | CLASS 3 | 25,000.00 | 1,239.62 | 0.00 | 23,760.38 |
| GABAYLO | DOREEN Y GABAYLO | CLASS 3 | 50,000.00 | 27.78 | 0.00 | 49,972.22 |
| GABBITAS | DON S & CHERYL GABBITAS | CLASS 3 | 100,000.00 | 2,184.74 | 0.00 | 97,815.26 |
| GABERLAVAGE/SOTERIOU | STANLEY GABERLAVAGE & DOROTHY SOTERIOU | CLASS 3 | 200,000.00 | 12,636.17 | 0.00 | 187,363.83 |
| GABLE | PROV. TR GP-FBO JAMES L GABLE IRA | CLASS 3 | 100,000.00 | 7,611.11 | 0.00 | 92,388.89 |
| GABLEHOUSE | DARREL G & JANET L GABLEHOUSE | CLASS 3 | 100,000.00 | 24,602.76 | 0.00 | 75,397.24 |
| GAFFNEY | PROV. TR GP-FBO ROBERT F GAFFNEY IRA | CLASS 5 | 250,000.00 | 80,319.17 | 0.00 | 169,680.83 |
| GAINEY | MAINSTAR-FBO BONITA GAINEY T2174706 | CLASS 3 | 94,000.00 | 8,903.86 | 0.00 | 85,096.14 |
| GAIONI | JOHN M GAIONI | CLASS 3 | 50,000.00 | 12,951.33 | 0.00 | 37,048.67 |
| GALAN | SUNWEST TR FRANCISCO A GALAN IRA | CLASS 3 | 50,000.00 | 14,027.31 | 0.00 | 35,972.69 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GALAN | SUNWEST TR FRANCISCO A GALAN IRA | CLASS 5 | 265,000.00 | 74,344.76 | 0.00 | 190,655.24 |
| GALANIS | PETER & MARY ELLEN GALANIS | CLASS 5 | 100,000.00 | 26,136.57 | 0.00 | 73,863.43 |
| GALANTI | LESLIE GALANTI | CLASS 3 | 271,000.00 | 18,179.61 | 0.00 | 252,820.39 |
| GALANTI | MAINSTAR-FBO LESLIE GALANTI T2176944 | CLASS 3 | 115,000.00 | 2,906.94 | 0.00 | 112,093.06 |
| GALBREATH | GALBREATH FT DTD 10/18/02 | CLASS 3 | 25,000.00 | 4.17 | 0.00 | 24,995.83 |
| GALE | MAINSTAR-FBO GEORGE T GALE JR T2176556 | CLASS 3 | 88,945.00 | 2,211.27 | 0.00 | 86,733.73 |
| GALE | MAINSTAR-FBO MICHELE L GALE T2177548 | CLASS 3 | 33,414.00 | 736.04 | 0.00 | 32,677.96 |
| GALLAGHER | CHRISTINA B GALLAGHER | CLASS 3 | 80,000.00 | 8,916.67 | 0.00 | 71,083.33 |
| GALLAGHER | IRA SVCS TR CO-CFBO C GALLAGHER ROTH IRA | CLASS 3 | 53,000.00 | 1,431.00 | 0.00 | 51,569.00 |
| GALLAGHER | IRA SVCS TR CO-CFBO CHRISTINA B GALLAGHER | CLASS 3 | 59,800.00 | 6,209.23 | 0.00 | 53,590.77 |
| GALLAGHER | PROV. TR GP-FBO VIRGINIA M GALLAGHER IRA | CLASS 5 | 85,000.00 | 28,906.77 | 0.00 | 56,093.23 |
| GALLAMORE | PROV. TR GP-FBO RICHARD P GALLAMORE IRA | CLASS 3 | 100,000.00 | 7,033.33 | 0.00 | 92,966.67 |
| GALLMOYER | MAINSTAR-FBO GARY GALLMOYER TW003347 | CLASS 3 | 226,000.00 | 26,551.92 | 0.00 | 199,448.08 |
| GALLMOYER | MAINSTAR-FBO GARY GALLMOYER TW003347 | CLASS 5 | 177,000.00 | 20,795.08 | 0.00 | 156,204.92 |
| GALLMOYER | MAINSTAR-FBO GWEN GALLMOYER TW003361 | CLASS 3 | 35,000.00 | 2,258.92 | 0.00 | 32,741.08 |
| GALLMOYER | MAINSTAR-FBO GWEN GALLMOYER TW003361 | CLASS 5 | 33,000.00 | 2,129.83 | 0.00 | 30,870.17 |
| GALVEZ | MAINSTAR-FBO THRIFINIA GALVEZ | CLASS 3 | 27,060.02 | 1,597.29 | 0.00 | 25,462.73 |
| GAMA | PROV. TR GP-FBO GLEN A GAMA IRA | CLASS 3 | 128,329.00 | 5,627.34 | 0.00 | 122,701.66 |
| GAMBOA | ESTELA G GAMBOA | CLASS 3 | 50,000.00 | 588.20 | 0.00 | 49,411.80 |
| GAMBOCORTO | MAINSTAR-FBO FRANK GAMBOCORTO | CLASS 5 | 50,000.00 | 7,902.04 | 0.00 | 42,097.96 |
| GANGADHARAN | GEETHA GANGADHARAN | CLASS 3 | 40,000.00 | 105.56 | 0.00 | 39,894.44 |
| GANS | LANNING R GANS FT DTD 11/14/13 | CLASS 5 | 200,000.00 | 9,077.79 | 0.00 | 190,922.21 |
| GANSTER | GLENNA & JOHN GANSTER JTWROS | CLASS 5 | 200,000.00 | 58,889.01 | 0.00 | 141,110.99 |
| GANSTER | GLENNA S GANSTER | CLASS 3 | 100,000.00 | 23,903.71 | 0.00 | 76,096.29 |
| GANSTER | GLENNA S GANSTER | CLASS 5 | 500,000.00 | 119,518.56 | 0.00 | 380,481.44 |
| GANSTER | JOHN M GANSTER | CLASS 3 | 150,000.00 | 36,844.34 | 0.00 | 113,155.66 |
| GARBER | EUGENE GARBER | CLASS 3 | 100,000.00 | 7,252.74 | 0.00 | 92,747.26 |
| GARBER | JAN S GARBER | CLASS 3 | 25,000.00 | 3,690.98 | 0.00 | 21,309.02 |
| GARCIA | FELIPE & CRUZ R GARCIA | CLASS 3 | 200,000.00 | 10,888.85 | 0.00 | 189,111.15 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GARCIA | MAINSTAR-FBO SELINA R GARCIA T2176765 | CLASS 3 | 43,550.00 | 1,463.76 | 0.00 | 42,086.24 |
| GARCIA | PROV. TR GP-FBO LEAH R GARCIA IRA | CLASS 3 | 55,000.00 | 4,850.69 | 0.00 | 50,149.31 |
| GARCIA | RACHELE GARCIA | CLASS 3 | 30,000.00 | 535.00 | 0.00 | 29,465.00 |
| GARCIA | RONALD GARCIA & M HERNANDORENA-GARCIA | CLASS 3 | 150,000.00 | 9,036.81 | 0.00 | 140,963.19 |
| GARDEN CITY MASONIC | GARDEN CITY MASONIC F&AM #587 | CLASS 3 | 50,000.00 | 8,683.49 | 0.00 | 41,316.51 |
| GARDNER | PROV. TR GP-FBO RICHARD D GARDNER IRA | CLASS 3 | 25,000.00 | 750.00 | 0.00 | 24,250.00 |
| GARDNER | PROV. TR GP-FBO RICHARD GARDNER ROTH IRA | CLASS 3 | 25,000.00 | 978.28 | 0.00 | 24,021.72 |
| GARGALA | CARLA GARGALA | CLASS 3 | 35,000.00 | 3,317.60 | 0.00 | 31,682.40 |
| GARGALA | IRA SVCS TR CO-CFBO JOHN E GARGALA IRA | CLASS 3 | 25,000.00 | 1,754.17 | 0.00 | 23,245.83 |
| GARLINGHOUSE | KENT A & DONNA J GARLINGHOUSE | CLASS 3 | 40,000.00 | 3,626.71 | 0.00 | 36,373.29 |
| GARLINGHOUSE | PROV. TR GP-FBO DONNA J GARLINGHOUSE R I | CLASS 3 | 21,000.00 | 3,565.33 | 0.00 | 17,434.67 |
| GARLINGHOUSE | PROV. TR GP-FBO KENT A GARLINGHOUSE R I | CLASS 3 | 28,500.00 | 4,838.67 | 0.00 | 23,661.33 |
| GARNER | LYNN THOMAS GARNER JR | CLASS 3 | 50,000.00 | 11,990.27 | 0.00 | 38,009.73 |
| GAROUTTE | MAINSTAR-FBO JEFFREY S GAROUTTE | CLASS 3 | 100,000.00 | 21,408.39 | 0.00 | 78,591.61 |
| GARREPY | STEPHANIE GARREPY | CLASS 3 | 100,000.00 | 13,850.00 | 0.00 | 86,150.00 |
| GARRETT | PROV. TR GP-FBO RANDAL K GARRETT IRA | CLASS 3 | 246,750.00 | 31,090.51 | 0.00 | 215,659.49 |
| GARRETT | R & M GARRETT FLP | CLASS 3 | 75,000.00 | 2,493.75 | 0.00 | 72,506.25 |
| GARRETT | RANDAL K & BRENDA R GARRETT | CLASS 3 | 25,000.00 | 2,863.13 | 0.00 | 22,136.87 |
| GARROULD | GARROULD FT | CLASS 3 | 57,324.02 | 3,980.83 | 0.00 | 53,343.19 |
| GARROULD | PROV. TR GP-FBO GEORGE GARROULD IRA | CLASS 3 | 38,500.00 | 1,130.94 | 0.00 | 37,369.06 |
| GARTNER | PAMELA J GARTNER | CLASS 3 | 40,000.00 | 1,094.46 | 0.00 | 38,905.54 |
| GARZA | EVA GARZA | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| GARZIA | PROV. TR GP-FBO JOHN GARZIA IRA | CLASS 3 | 78,750.00 | 2,690.99 | 0.00 | 76,059.01 |
| GASSER | LINDA D GASSER | CLASS 5 | 60,000.00 | 23,566.68 | 0.00 | 36,433.32 |
| GATES | ELVIN W & PAULETTE A GATES | CLASS 3 | 50,000.00 | 1,001.40 | 0.00 | 48,998.60 |
| GATLIN | MARCIA A GATLIN | CLASS 3 | 30,000.00 | 1,845.83 | 0.00 | 28,154.17 |
| GATTIS | PROV. TR GP-FBO TROY GATTIS IRA | CLASS 3 | 225,000.00 | 23,846.08 | 0.00 | 201,153.92 |
| GATTON | HORIZON TR CO-FBO SCOTT A GATTON TRAD IRA | CLASS 3 | 25,496.00 | 114.73 | 0.00 | 25,381.27 |
| GAUTHIER | WANDA G GAUTHIER | CLASS 3 | 50,000.00 | 3,150.00 | 0.00 | 46,850.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GAUTIER/CORIOLAN | ERNST GAUTIER & MARIE ANDREE CORIOLAN | CLASS 3 | 25,000.00 | 1,408.37 | 0.00 | 23,591.63 |
| GAWLIK | PROV. TR GP-FBO RICHARD M GAWLIK IRA | CLASS 3 | 164,550.00 | 22,683.39 | 0.00 | 141,866.61 |
| GAWLIK | RICHARD M & BETTY GAWLIK | CLASS 3 | 88,000.00 | 5,676.00 | 0.00 | 82,324.00 |
| GAYLER | TOMMYE E GAYLER | CLASS 3 | 255,000.00 | 43,137.02 | 0.00 | 211,862.98 |
| GEARY | WENDELL L GEARY | CLASS 3 | 25,000.00 | 1,548.97 | 0.00 | 23,451.03 |
| GEDDES | MAINSTAR-FBO JOHN GEDDES | CLASS 5 | 75,000.00 | 8,408.31 | 0.00 | 66,591.69 |
| GEHM | LOWELL & PATRICIA GEHM | CLASS 3 | 25,000.00 | 25.00 | 0.00 | 24,975.00 |
| GEIER | DONALD I GEIER | CLASS 3 | 50,000.00 | 1,033.33 | 0.00 | 48,966.67 |
| GEIGER | VERA GEIGER | CLASS 3 | 75,000.00 | 3,916.67 | 0.00 | 71,083.33 |
| GEILENKIRCHEN | PROV. TR GP-FBO DEAN GEILENKIRCHEN IRA | CLASS 3 | 25,570.00 | 5,888.63 | 0.00 | 19,681.37 |
| GEILENKIRCHEN | PROV. TR GP-FBO DEAN GEILENKIRCHEN IRA | CLASS 5 | 459,500.00 | 105,820.27 | 0.00 | 353,679.73 |
| GEISE | EVELYN GEISE | CLASS 3 | 200,000.00 | 4,615.28 | 0.00 | 195,384.72 |
| GEISE | LARRY & PATRICIA GEISE | CLASS 3 | 50,000.00 | 398.61 | 0.00 | 49,601.39 |
| GEISSLER | RACHELLE GEISSLER | CLASS 3 | 133,385.40 | 3,757.04 | 0.00 | 129,628.36 |
| GELDZAHLER | SEYMOUR GELDZAHLER | CLASS 3 | 125,000.00 | 12,378.52 | 0.00 | 112,621.48 |
| GELLER | ELIZABETH M GELLER TR | CLASS 3 | 750,000.00 | 35,234.38 | 0.00 | 714,765.62 |
| GELLER | SIDNEY H GELLER TR | CLASS 3 | 700,000.00 | 32,885.42 | 0.00 | 667,114.58 |
| GENERAL AIR/HEATING | GENERAL AIR CONDITIONING & HEATING DBPP | CLASS 3 | 100,000.00 | 819.45 | 0.00 | 99,180.55 |
| GENNARO | MARIAN E GENNARO RT | CLASS 3 | 250,000.00 | 9,021.22 | 0.00 | 240,978.78 |
| GENT | BARBARA J GENT | CLASS 3 | 50,000.00 | 341.67 | 0.00 | 49,658.33 |
| GEORGE | B DIANE GEORGE | CLASS 3 | 135,000.00 | 2,025.00 | 0.00 | 132,975.00 |
| GEORGE | MAINSTAR-FBO KATHERINE GEORGE T2176905 | CLASS 3 | 99,000.00 | 3,902.42 | 0.00 | 95,097.58 |
| GEORGE | MAINSTAR-FBO KATHERINE GEORGE T2176905 | CLASS 5 | 300,000.00 | 11,825.50 | 0.00 | 288,174.50 |
| GEORGE | MAINSTAR-FBO SHERRIE GEORGE T2177878 | CLASS 3 | 29,000.00 | 310.14 | 0.00 | 28,689.86 |
| GEORGE | TINA A GEORGE | CLASS 3 | 40,000.00 | 2,213.36 | 0.00 | 37,786.64 |
| GERARDI | JOSIANE & FRANK GERARDI | CLASS 3 | 340,000.00 | 33,203.65 | 0.00 | 306,796.35 |
| GERBER | WILLIAM GERBER | CLASS 3 | 45,000.00 | 0.00 | 0.00 | 45,000.00 |
| GEREN | JANELLE GEREN | CLASS 3 | 66,575.65 | 3,206.76 | 0.00 | 63,368.89 |
| GERHARD | DAVID GERHARD | CLASS 3 | 50,000.00 | 6,000.00 | 0.00 | 44,000.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GERHARD | DAVID OR JEAN GERHARD | CLASS 3 | 50,000.00 | 7,575.00 | 0.00 | 42,425.00 |
| GERHARD | MAINSTAR-FBO DAVID GERHARD T2175188 | CLASS 3 | 37,500.00 | 2,900.67 | 0.00 | 34,599.33 |
| GERHARD | MAINSTAR-FBO DAVID S GERHARD | CLASS 3 | 49,600.00 | 6,324.00 | 0.00 | 43,276.00 |
| GERHARD | MAINSTAR-FBO JEAN GERHARD T2176583 | CLASS 3 | 32,700.00 | 1,584.13 | 0.00 | 31,115.87 |
| GERHARDT | PROV. TR GP-FBO ANNETTE L GERHARDT IRA | CLASS 5 | 50,000.00 | 8,486.11 | 0.00 | 41,513.89 |
| GERLACH | GERLACH FAMILY IRREV TR | CLASS 3 | 240,000.00 | 4,566.67 | 0.00 | 235,433.33 |
| GERMAN CHRISTIAN | GERMAN CHRISTIAN CHURCH OF SAN FRANCISCO | CLASS 3 | 50,000.00 | 10,208.25 | 0.00 | 39,791.75 |
| GERRARD | PROV. TR GP-FBO JACK A GERRARD IRA | CLASS 3 | 115,800.00 | 6,118.10 | 0.00 | 109,681.90 |
| GERRITSON | JEFFREY GERRITSON | CLASS 3 | 100,000.00 | 7,910.03 | 0.00 | 92,089.97 |
| GERSDORF | KLAUS & CECELIA GERSDORF | CLASS 3 | 200,000.00 | 24,626.67 | 0.00 | 175,373.33 |
| GERSDORF | PROV. TR GP-FBO KLAUS GERSDORF IRA | CLASS 3 | 146,250.00 | 6,354.74 | 0.00 | 139,895.26 |
| GERSTENFELD | MARK & ANITA GERSTENFELD | CLASS 3 | 25,000.00 | 50.00 | 0.00 | 24,950.00 |
| GERTMAN | PROV. TR GP-FBO MICHAEL GERTMAN IRA | CLASS 3 | 175,000.00 | 12,055.56 | 0.00 | 162,944.44 |
| GESINK | PROV. TR GP-FBO JOEL A GESINK IRA | CLASS 3 | 50,000.00 | 9,666.60 | 0.00 | 40,333.40 |
| GETTINGER | PROV. TR GP-FBO JODY A GETTINGER IRA | CLASS 3 | 70,750.00 | 8,827.67 | 0.00 | 61,922.33 |
| GG FAMILY | GG FAMILY TR | CLASS 3 | 150,000.00 | 20,837.50 | 0.00 | 129,162.50 |
| GHANTA | RAVI GHANTA | CLASS 3 | 50,000.00 | 3,651.42 | 0.00 | 46,348.58 |
| GHILE | MULUGETA M GHILE | CLASS 3 | 75,000.00 | 7,935.74 | 0.00 | 67,064.26 |
| GHYSELINCK | JOHN D GHYSELINCK | CLASS 3 | 50,000.00 | 1,108.34 | 0.00 | 48,891.66 |
| GIACOLETTI | GIACOLETTI FT DTD 02/01/85 | CLASS 3 | 100,000.00 | 4,025.69 | 0.00 | 95,974.31 |
| GIALKETSIS | KAYLEE GIALKETSIS | CLASS 3 | 50,000.00 | 5,722.17 | 0.00 | 44,277.83 |
| GIAMMARCO | PAUL & MARGARET GIAMMARCO | CLASS 3 | 25,000.00 | 733.33 | 0.00 | 24,266.67 |
| GIBSON | HERBERT R & KAY M GIBSON | CLASS 3 | 100,000.00 | 3,107.60 | 0.00 | 96,892.40 |
| GIBSON | PROV. TR GP-FBO BRADLEY S GIBSON IRA | CLASS 3 | 139,000.00 | 14,567.97 | 0.00 | 124,432.03 |
| GIBSON | PROV. TR GP-FBO GREGORY A GIBSON IRA | CLASS 3 | 50,000.00 | 8,414.50 | 0.00 | 41,585.50 |
| GIBSON | PROV. TR GP-FBO TODD GIBSON IRA | CLASS 3 | 55,000.00 | 4,587.92 | 0.00 | 50,412.08 |
| GIBSON | RLT OF EMMETT & S L GIBSON DTD 01/15/08 | CLASS 3 | 100,000.00 | 1,350.00 | 0.00 | 98,650.00 |
| GIDDENS | MAINSTAR-FBO STEVE GIDDENS | CLASS 3 | 60,229.28 | 2,861.73 | 0.00 | 57,367.55 |
| GIDDENS | STEVE GIDDENS | CLASS 3 | 35,000.00 | 1,577.46 | 0.00 | 33,422.54 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GIENGER | GERALD D & ANN C GIENGER | CLASS 3 | 200,000.00 | 38,399.96 | 0.00 | 161,600.04 |
| GIFT | JEFFREY A GIFT | CLASS 3 | 25,000.00 | 855.54 | 0.00 | 24,144.46 |
| GILAM | VIRGILIA B GILAM | CLASS 3 | 40,000.00 | 705.57 | 0.00 | 39,294.43 |
| GILBERT | BARRY A & KATHI D GILBERT | CLASS 3 | 50,000.00 | 1,018.21 | 0.00 | 48,981.79 |
| GILBERT | NORMAN & DONNA GILBERT | CLASS 3 | 125,000.00 | 23,491.73 | 0.00 | 101,508.27 |
| GILBERT | PAUL GILBERT | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| GILBERT | PROV. TR GP-FBO DONNA M GILBERT IRA | CLASS 3 | 150,000.00 | 7,718.75 | 0.00 | 142,281.25 |
| GILBERT | PROV. TR GP-FBO LEE GILBERT ROTH IRA | CLASS 3 | 49,100.00 | 1,669.40 | 0.00 | 47,430.60 |
| GILBO | IRA SVCS TR CO-CFBO WALTER H GILBO | CLASS 5 | 119,000.00 | 4,660.85 | 0.00 | 114,339.15 |
| GILBREATH | BERNICE GILBREATH | CLASS 3 | 50,000.00 | 3,666.63 | 0.00 | 46,333.37 |
| GILL | MAINSTAR-FBO UPKAR GILL T2177337 | CLASS 3 | 98,363.51 | 2,117.55 | 0.00 | 96,245.96 |
| GILLEN | CANDICE L GILLEN | CLASS 3 | 50,000.00 | 479.16 | 0.00 | 49,520.84 |
| GILLEN | CORT D GILLEN | CLASS 3 | 25,000.00 | 3,330.60 | 0.00 | 21,669.40 |
| GILLEN | MAINSTAR-FBO SUSAN L GILLEN T2177528 | CLASS 3 | 100,000.00 | 1,722.23 | 0.00 | 98,277.77 |
| GILLESPIE | IRA SVCS TR CO-CFBO MICHAEL A GILLESPIE | CLASS 3 | 95,000.00 | 4,132.50 | 0.00 | 90,867.50 |
| GILMAN | BRUCE GILMAN | CLASS 3 | 485,000.00 | 377.22 | 0.00 | 484,622.78 |
| GILMORE | BOBBIE T GILMORE | CLASS 3 | 45,000.00 | 331.25 | 0.00 | 44,668.75 |
| GINGRICH | MAINSTAR-FBO GARRETT GINGRICH | CLASS 3 | 90,000.00 | 5,268.75 | 0.00 | 84,731.25 |
| GINSBURG | IRENE GINSBURG | CLASS 3 | 75,000.00 | 7,004.21 | 0.00 | 67,995.79 |
| GIOVACHINO | JOAN & LOUIS GIOVACHINO RT DTD 12/30/07 | CLASS 3 | 50,000.00 | 768.04 | 0.00 | 49,231.96 |
| GIRVAN | MAINSTAR-FBO PATRICIA-ANN GIRVAN T2175885 | CLASS 3 | 115,700.00 | 6,784.72 | 0.00 | 108,915.28 |
| GIUNTA | G JOSEPH GIUNTA | CLASS 3 | 25,000.00 | 2,652.86 | 0.00 | 22,347.14 |
| GLADFELTER | DAVID & ANNE GLADFELTER | CLASS 3 | 25,000.00 | 341.67 | 0.00 | 24,658.33 |
| GLASER/FEELEY | DEATTRA S GLASER & ABBYE HOPE FEELEY | CLASS 3 | 80,000.00 | 0.00 | 0.00 | 80,000.00 |
| GLASS | HARRY J II & SHIRLEE N GLASS | CLASS 3 | 100,000.00 | 15,980.61 | 0.00 | 84,019.39 |
| GLASS | LEON GLASS | CLASS 5 | 100,000.00 | 9,819.44 | 0.00 | 90,180.56 |
| GLASS | ROBERT V GLASS JR | CLASS 3 | 25,000.00 | 468.76 | 0.00 | 24,531.24 |
| GLASSMIRE | PROV. TR GP-FBO LEWIS L GLASSMIRE JR IRA | CLASS 3 | 40,000.00 | 5,251.11 | 0.00 | 34,748.89 |
| GLATT | THE GLATT FT DTD 06/17/98 | CLASS 3 | 50,000.00 | 466.67 | 0.00 | 49,533.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GLAZE | IRA SVCS TR CO-CFBO JUDITH A GLAZE | CLASS 3 | 46,500.00 | 984.25 | 0.00 | 45,515.75 |
| GLEINN | RICHARD J & PHYLLIS A GLEINN | CLASS 3 | 60,000.00 | 4,873.33 | 0.00 | 55,126.67 |
| GLIEBE | MAINSTAR-FBO SUSAN D GLIEBE | CLASS 3 | 101,500.00 | 7,057.17 | 0.00 | 94,442.83 |
| GLOBAL PARTNERS | GLOBAL PARTNERS USA INC | CLASS 3 | 300,000.00 | 2,654.17 | 0.00 | 297,345.83 |
| GLUPKER | MAINSTAR-FBO SANDRA GLUPKER T2176644 | CLASS 3 | 229,000.00 | 6,718.88 | 0.00 | 222,281.12 |
| GOBELI | NELLIE A GOBELI | CLASS 3 | 25,000.00 | 1,413.24 | 0.00 | 23,586.76 |
| GOBER | SHARON L GOBER | CLASS 3 | 50,000.00 | 2,683.33 | 0.00 | 47,316.67 |
| GOCKE | VINCENT J GOCKE LT DTD 12/11/91 | CLASS 3 | 60,000.00 | 10,116.66 | 0.00 | 49,883.34 |
| GODDARD | CAROL W GODDARD | CLASS 3 | 27,900.00 | 1,329.13 | 0.00 | 26,570.87 |
| GODFREY | HORIZON TR CO-FBO ROBERT J GODFREY IRA | CLASS 3 | 170,000.00 | 20,961.15 | 0.00 | 149,038.85 |
| GODFREY | PROV. TR GP-FBO GODFREY FT ICA | CLASS 3 | 60,000.00 | 3,595.00 | 0.00 | 56,405.00 |
| GODSEY | STEVE M GODSEY | CLASS 3 | 50,000.00 | 7.29 | 0.00 | 49,992.71 |
| GODWIN | ANN G GODWIN | CLASS 3 | 75,000.00 | 4,572.92 | 0.00 | 70,427.08 |
| GOEDECKE | MAINSTAR-FBO PHILLIP GOEDECKE | CLASS 3 | 325,000.00 | 39,759.69 | 0.00 | 285,240.31 |
| GOELLNER | CRAIG R & JANELLE M GOELLNER | CLASS 3 | 75,000.00 | 8,887.50 | 1,000.00 | 65,112.50 |
| GOERS | PROV. TR GP-FBO SHARON G GOERS IRA | CLASS 3 | 262,000.00 | 9,567.50 | 0.00 | 252,432.50 |
| GOETTER | TONY P & WENDY K GOETTER | CLASS 3 | 250,000.00 | 40,791.97 | 0.00 | 209,208.03 |
| GOETZ | EILEEN GOETZ RLT UDT 04/04/12 | CLASS 3 | 50,000.00 | 409.72 | 0.00 | 49,590.28 |
| GOFF | NANCY GOFF | CLASS 3 | 50,000.00 | 2,991.67 | 0.00 | 47,008.33 |
| GOLDBAUM | EDWARD & JENNIFER GOLDBAUM | CLASS 3* | 200,000.00 | 2,666.67 | 0.00 | 197,333.33 |
| GOLDBERG | IVAN GOLDBERG | CLASS 3 | 75,000.00 | 2,073.58 | 0.00 | 72,926.42 |
| GOLDBERG | LESLIE GOLDBERG | CLASS 3 | 435,921.59 | 44,935.67 | 1,000.00 | 389,985.92 |
| GOLDBERG | MARC & SUSAN GOLDBERG JRTA DTD 03/15/05 | CLASS 3 | 100,000.00 | 2,644.43 | 0.00 | 97,355.57 |
| GOLDBERG | PROV. TR GP-FBO LESLIE GOLDBERG IRA | CLASS 5 | 125,504.53 | 16,350.45 | 0.00 | 109,154.08 |
| GOLDBERG | RICHARD S GOLDBERG RLT | CLASS 3 | 85,000.00 | 3,625.00 | 0.00 | 81,375.00 |
| GOLDEN | IRA SVCS TR CO-CFBO SAMUEL E GOLDEN IRA | CLASS 3 | 109,000.00 | 2,770.44 | 0.00 | 106,229.56 |
| GOLDEN | MAINSTAR-FBO DIANE GOLDEN T2176712 | CLASS 3 | 60,000.00 | 2,117.50 | 0.00 | 57,882.50 |
| GOLDEN | PROV. TR GP-FBO MARILYN W GOLDEN IRA | CLASS 3 | 34,650.00 | 2,656.50 | 0.00 | 31,993.50 |
| GOLDEN | PROV. TR GP-FBO MICHAEL J GOLDEN IRA | CLASS 3 | 37,150.00 | 2,848.17 | 0.00 | 34,301.83 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GOLDER-POTTKOTTER | GOLDER-POTTKOTTER POST 6515 | CLASS 3 | 165,000.00 | 22,855.37 | 0.00 | 142,144.63 |
| GOLDFINGER | STEVEN H GOLDFINGER | CLASS 3 | 100,000.00 | 20,583.35 | 1,000.00 | 78,416.65 |
| GOLDING | CHRISTIAN D & DINAH B GOLDING | CLASS 3 | 200,000.00 | 9,935.54 | 0.00 | 190,064.46 |
| GOLDMAN | DORIS GOLDMAN | CLASS 3 | 50,000.00 | 4,433.29 | 0.00 | 45,566.71 |
| GOLDMAN | MAINSTAR-FBO BONNIE S GOLDMAN | CLASS 3 | 57,460.43 | 5,206.57 | 0.00 | 52,253.86 |
| GOLDMAN | PHYLLIS F GOLDMAN | CLASS 3 | 30,000.00 | 3,138.33 | 0.00 | 26,861.67 |
| GOLDSBERRY | DEWEY M & BARBARA A GOLDSBERRY | CLASS 5 | 160,000.00 | 36,311.02 | 0.00 | 123,688.98 |
| GOLDSTEIN | ADELE & DAVID GOLDSTEIN | CLASS 3 | 25,000.00 | 18,372.57 | 0.00 | 6,627.43 |
| GOLDSTEIN | ARLENE & IRA GOLDSTEIN | CLASS 3 | 50,000.00 | 3,659.72 | 0.00 | 46,340.28 |
| GOLDSTEIN | THE DAVID & ADELE GOLDSTEIN IPT DTD 03/16/17 | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| GOLDSTEIN | THE DAVID & ADELE GOLDSTEIN IRREV TR | CLASS 3 | 25,000.00 | 270.84 | 0.00 | 24,729.16 |
| GOMES | DAVID & NAIDA GOMES LT | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| GOMEZ | MAINSTAR-FBO SHEILA GOMEZ T2178170 | CLASS 3 | 40,000.00 | 366.66 | 0.00 | 39,633.34 |
| GOMEZ | MARCO GOMEZ | CLASS 3 | 25,000.00 | 1,295.83 | 0.00 | 23,704.17 |
| GOMEZ | RICARDO & BERTHA GOMEZ | CLASS 3 | 50,000.00 | 3,841.67 | 0.00 | 46,158.33 |
| GONCZ | ROBERT & ANN GONCZ | CLASS 3 | 104,000.00 | 2,740.08 | 0.00 | 101,259.92 |
| GONNAM | RUSSELL W GONNAM | CLASS 3 | 50,000.00 | 3,033.37 | 0.00 | 46,966.63 |
| GONNAM | MAINSTAR-FBO GAIL G GONNAM | CLASS 3 | 106,500.00 | 4,711.15 | 0.00 | 101,788.85 |
| GONZALES | CELERINA B GONZALES | CLASS 3 | 50,000.00 | 6,436.22 | 0.00 | 43,563.78 |
| GONZALES | MAINSTAR-FBO JERRY GONZALES T2176596 | CLASS 3 | 150,000.00 | 7,583.33 | 0.00 | 142,416.67 |
| GONZALES | MAINSTAR-FBO MARK GONZALES TW003792 | CLASS 3 | 25,000.00 | 545.14 | 0.00 | 24,454.86 |
| GONZALES | ROQUE & ELVIRA GONZALES | CLASS 3 | 260,000.00 | 3,033.33 | 0.00 | 256,966.67 |
| GONZALEZ | ENGLISH GONZALEZ | CLASS 3 | 135,000.00 | 3,803.33 | 0.00 | 131,196.67 |
| GONZALEZ | ROSALIA C GONZALEZ | CLASS 3 | 25,000.00 | 973.93 | 0.00 | 24,026.07 |
| GONZALEZ | SALLY GONZALEZ | CLASS 5 | 150,000.00 | 13,658.46 | 0.00 | 136,341.54 |
| GONZALEZ | TERESITA & FELIX GONZALEZ | CLASS 3 | 91,000.00 | 1,961.57 | 0.00 | 89,038.43 |
| GONZALEZ/DEBERNARDIS | ROBERT GONZALEZ & ADELAYNE M DEBERNARDIS | CLASS 3 | 50,000.00 | 506.94 | 0.00 | 49,493.06 |
| GONZALEZ/GOMBOSUREN | JUAN GONZALEZ & TUNGALAG GOMBOSUREN | CLASS 3 | 100,000.00 | 527.78 | 0.00 | 99,472.22 |
| GOODBURLET | MAINSTAR-FBO RICHARD GOODBURLET | CLASS 3* | 60,000.00 | 3,391.67 | 0.00 | 56,608.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GOODBURLET | MAINSTAR-FBO RICHARD R GOODBURLET | CLASS 3 | 135,000.00 | 7,725.00 | 0.00 | 127,275.00 |
| GOODBURLET | RICHARD J GOODBURLET | CLASS 3 | 77,000.00 | 4,513.01 | 0.00 | 72,486.99 |
| GOODMAN | PROV. TR GP-FBO TODD W GOODMAN IRA | CLASS 3 | 35,000.00 | 2,109.72 | 0.00 | 32,890.28 |
| GOODMAN | THE GOODMAN FT DTD 09/17/91 | CLASS 3 | 25,000.00 | 358.80 | 0.00 | 24,641.20 |
| GOODMAN/HURTUBISE | RICHARD T GOODMAN & JOHN S HURTUBISE | CLASS 3 | 300,000.00 | 11,137.55 | 0.00 | 288,862.45 |
| GOODWIN | PROV. TR GP-FBO BRUCE R GOODWIN IRA | CLASS 3 | 44,500.00 | 1,479.63 | 0.00 | 43,020.37 |
| GOODWIN | PROV. TR GP-FBO JULIE GOODWIN IRA | CLASS 3 | 331,002.71 | 39,004.21 | 0.00 | 291,998.50 |
| GOODWYN | EVERETTE & MARLENE GOODWYN LT 07/11/03 | CLASS 3 | 25,000.00 | 148.96 | 0.00 | 24,851.04 |
| GOODY | KUMIKO GOODY | CLASS 3 | 137,450.00 | 7,544.47 | 0.00 | 129,905.53 |
| GOODYKE | RONALD & SHARON GOODYKE | CLASS 3 | 50,000.00 | 1,550.00 | 0.00 | 48,450.00 |
| GORDON | ALAN & MARLENE GORDON | CLASS 3 | 150,000.00 | 10,920.28 | 0.00 | 139,079.72 |
| GORDON | ALAN & MARLENE GORDON | CLASS 3* | 50,000.00 | 3,420.18 | 0.00 | 46,579.82 |
| GORDON | ELIZABETH GORDON FT | CLASS 3 | 50,000.00 | 2,943.02 | 0.00 | 47,056.98 |
| GORDON | ESTELLE GORDON | CLASS 3 | 50,000.00 | 6,822.92 | 0.00 | 43,177.08 |
| GORDON | PROV. TR GP-FBO MARIGENE GORDON IRA | CLASS 3 | 100,250.00 | 2,506.25 | 0.00 | 97,743.75 |
| GORMAN | JOSEPH P & RITA L GORMAN | CLASS 3 | 30,000.00 | 710.00 | 0.00 | 29,290.00 |
| GORNICK | CAROLYN D GORNICK | CLASS 3 | 40,000.00 | 2,940.00 | 0.00 | 37,060.00 |
| GOSDEN | HIROYUKI GOSDEN | CLASS 3 | 25,000.00 | 891.27 | 0.00 | 24,108.73 |
| GOTHBERG | GOTHBERG FLT DTD 12/12/08 | CLASS 3 | 50,000.00 | 583.34 | 0.00 | 49,416.66 |
| GOTOWKA | PETER B & BARBARA A GOTOWKA | CLASS 3 | 50,000.00 | 3,153.38 | 0.00 | 46,846.62 |
| GOTTLEIB | MARY GOTTLEIB TR | CLASS 3 | 60,000.00 | 10,013.46 | 0.00 | 49,986.54 |
| GOUDE | DONNA GOUDE | CLASS 3 | 212,535.00 | 17,247.63 | 0.00 | 195,287.37 |
| GOUGH | MARGARET A GOUGH | CLASS 3 | 75,000.00 | 3,795.18 | 0.00 | 71,204.82 |
| GOUGH | PROV. TR GP-FBO MARGARET A GOUGH IRA | CLASS 3 | 305,200.00 | 23,442.83 | 0.00 | 281,757.17 |
| GOULET | JOHN & JANE GOULET | CLASS 3 | 100,000.00 | 11,777.60 | 0.00 | 88,222.40 |
| GOURDIER | LESLIE J & IRENE J GOURDIER | CLASS 3 | 75,000.00 | 10,208.33 | 0.00 | 64,791.67 |
| GOWDY | LLOYD GOWDY | CLASS 3 | 366,000.00 | 19,120.64 | 0.00 | 346,879.36 |
| GOWER | CAROLINE GOWER | CLASS 3 | 58,000.00 | 3,834.41 | 0.00 | 54,165.59 |
| GOYENECHEA | RAYMOND GOYENECHEA | CLASS 3 | 60,000.00 | 0.00 | 0.00 | 60,000.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GRABINSKI | PROV. TR GP-FBO JEANNIE M GRABINSKI IRA | CLASS 3 | 50,000.00 | 384.38 | 0.00 | 49,615.62 |
| GRABISCH | ALAN GRABISCH RT | CLASS 3 | 300,000.00 | 66,149.42 | 0.00 | 233,850.58 |
| GRABISCH | ALAN GRABISCH RT | CLASS 5 | 500,000.00 | 110,249.04 | 0.00 | 389,750.96 |
| GRABISCH | GRABISCH FAMILY PARTNERSHIP | CLASS 3 | 100,000.00 | 1,847.21 | 0.00 | 98,152.79 |
| GRADY | LESLIE N & JEANETTE M GRADY | CLASS 3 | 100,000.00 | 4,916.70 | 0.00 | 95,083.30 |
| GRAFF | JASON GRAFF | CLASS 3 | 25,000.00 | 2,615.22 | 0.00 | 22,384.78 |
| GRAHAM | DOUGLAS F GRAHAM | CLASS 5 | 200,000.00 | 39,583.18 | 0.00 | 160,416.82 |
| GRAHAM | MARK E GRAHAM | CLASS 3 | 100,000.00 | 5,741.70 | 0.00 | 94,258.30 |
| GRAHAM | PROV. TR GP-FBO DIANE M GRAHAM IRA | CLASS 3 | 60,000.00 | 5,653.34 | 0.00 | 54,346.66 |
| GRAHAM | RON GRAHAM | CLASS 3 | 25,000.00 | 504.90 | 0.00 | 24,495.10 |
| GRAINGER | RICHARD T GRAINGER | CLASS 3 | 26,000.00 | 766.66 | 0.00 | 25,233.34 |
| GRAMLING | STEVEN GUESS GRAMLING | CLASS 3 | 25,000.00 | 1,241.35 | 0.00 | 23,758.65 |
| GRAMS | ADV. IRA SVC-FBO ROBERT D GRAMS IRA | CLASS 3 | 60,000.00 | 4,508.33 | 0.00 | 55,491.67 |
| GRAMS | LESIA GRAMS | CLASS 5 | 394,300.00 | 118,427.12 | 0.00 | 275,872.88 |
| GRANDES | MARTHA GRANDES | CLASS 3 | 50,000.00 | 854.15 | 0.00 | 49,145.85 |
| GRANT | LESCA L GRANT | CLASS 3 | 100,000.00 | 15,983.33 | 0.00 | 84,016.67 |
| GRASMUGG | FRANK J GRASMUGG | CLASS 3 | 200,000.00 | 20,668.11 | 0.00 | 179,331.89 |
| GRASS | WILLIAM GRASS | CLASS 5 | 200,000.00 | 56,575.83 | 0.00 | 143,424.17 |
| GRASSO/KLIER | CATHERINE GRASSO & ROBERT KLIER | CLASS 3 | 30,000.00 | 1,845.83 | 0.00 | 28,154.17 |
| GRATOPP | WILLIAM GRATOPP | CLASS 5 | 50,000.00 | 11,722.32 | 0.00 | 38,277.68 |
| GRAU | RUDOLF & YVONNE GRAU | CLASS 3 | 50,000.00 | 687.51 | 0.00 | 49,312.49 |
| GRAVENS | BETTY L GRAVENS TA DTD 04/15/96 | CLASS 3 | 100,000.00 | 6,482.13 | 0.00 | 93,517.87 |
| GRAVENS | ROBERT E GRAVENS TA DTD 04/15/96 | CLASS 3 | 100,000.00 | 6,482.13 | 0.00 | 93,517.87 |
| GRAVES | MAINSTAR-FBO WILLIAM GRAVES T2177274 | CLASS 3 | 83,231.39 | 2,191.76 | 0.00 | 81,039.63 |
| GRAY | LINDA L GRAY | CLASS 5 | 178,950.58 | 61,468.74 | 0.00 | 117,481.84 |
| GRAY | PROV. TR GP-FBO DAVID GRAY IRA | CLASS 3 | 25,000.00 | 758.34 | 0.00 | 24,241.66 |
| GRAYBILL | MAINSTAR-FBO CLAUDE W GRAYBILL T2177682 | CLASS 3 | 25,000.00 | 361.11 | 0.00 | 24,638.89 |
| GRAYSON | MAINSTAR-FBO ROGER GRAYSON TW003809 | CLASS 3 | 93,000.00 | 3,211.08 | 0.00 | 89,788.92 |
| GREEN | ANSON A GREEN | CLASS 3 | 25,000.00 | 2,320.83 | 0.00 | 22,679.17 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GREEN | ANSON GREEN JR | CLASS 3 | 25,000.00 | 951.42 | 0.00 | 24,048.58 |
| GREEN | EDWIN MILBURN GREEN | CLASS 3 | 50,000.00 | 2,618.02 | 0.00 | 47,381.98 |
| GREEN | MAINSTAR-FBO LOUISE M GREEN | CLASS 3 | 264,000.00 | 17,952.00 | 0.00 | 246,048.00 |
| GREEN | MARLENE GREEN | CLASS 3 | 50,000.00 | 888.88 | 0.00 | 49,111.12 |
| GREEN | MAXINE L & DON A GREEN | CLASS 3 | 50,000.00 | 1,191.67 | 0.00 | 48,808.33 |
| GREEN | PROV. TR GP-FBO ANN J GREEN INH IRA | CLASS 3 | 32,666.67 | 762.22 | 0.00 | 31,904.45 |
| GREEN | PROV. TR GP-FBO GEORGE E GREEN IRA | CLASS 3 | 271,500.00 | 6,071.04 | 0.00 | 265,428.96 |
| GREENBERG | HAROLD E & AUDREY C GREENBERG | CLASS 3 | 25,000.00 | 375.00 | 0.00 | 24,625.00 |
| GREENBERG | PROV. TR GP-FBO HARRIS GREENBERG IRA | CLASS 3 | 35,000.00 | 1,921.11 | 0.00 | 33,078.89 |
| GREENE | JULIE L GREENE | CLASS 3 | 100,000.00 | 7,561.12 | 0.00 | 92,438.88 |
| GREENE | MAINSTAR-FBO MICHAEL R GREENE | CLASS 5 | 307,000.00 | 35,816.66 | 0.00 | 271,183.34 |
| GREENE | ROBERT G GREENE | CLASS 3 | 25,000.00 | 2,325.00 | 0.00 | 22,675.00 |
| GREENFIELD | PHILIP GREENFIELD RLT | CLASS 3 | 50,000.00 | 659.73 | 0.00 | 49,340.27 |
| GREENHUT | DAVID G GREENHUT | CLASS 3 | 100,000.00 | 4,965.24 | 0.00 | 95,034.76 |
| GREENLEAF | J & B GREENLEAF TTEES OF THE GREENLEAF FT | CLASS 3 | 50,000.00 | 1,888.87 | 0.00 | 48,111.13 |
| GREENLEAF | MAINSTAR-FBO JON GREENLEAF T2176438 | CLASS 3 | 50,000.00 | 2,733.34 | 0.00 | 47,266.66 |
| GREENSPAN | DEANNA GREENSPAN | CLASS 3 | 80,000.00 | 1,106.67 | 0.00 | 78,893.33 |
| GREENWOOD | FLORENCE GREENWOOD | CLASS 3 | 40,000.00 | 3,397.50 | 0.00 | 36,602.50 |
| GREENWOOD | MAINSTAR-FBO GARY GREENWOOD TW003637 | CLASS 5 | 90,000.00 | 6,457.50 | 0.00 | 83,542.50 |
| GREENWOOD | W KENNETH GREENWOOD FT | CLASS 3 | 400,000.00 | 43,602.12 | 0.00 | 356,397.88 |
| GREENWOOD | W KENNETH GREENWOOD FT | CLASS 5 | 200,000.00 | 21,801.06 | 0.00 | 178,198.94 |
| GREGOR | PROV. TR GP-FBO KATHRYN T GREGOR IRA | CLASS 3 | 29,000.00 | 9,803.61 | 0.00 | 19,196.39 |
| GREGORY | MELVIN W GREGORY | CLASS 5 | 200,000.00 | 23,777.82 | 0.00 | 176,222.18 |
| GREGORY | PROV. TR GP-FBO TERRENCE GREGORY IRA | CLASS 3 | 388,000.00 | 18,591.66 | 0.00 | 369,408.34 |
| GREMILLION | SHARON B GREMILLION | CLASS 3 | 50,000.00 | 6,465.21 | 0.00 | 43,534.79 |
| GRESS | CAROL S GRESS | CLASS 5 | 100,000.00 | 31,166.55 | 0.00 | 68,833.45 |
| GRESS | MARCUS F & CAROL S GRESS | CLASS 5 | 103,800.00 | 25,431.00 | 0.00 | 78,369.00 |
| GRIECO | JULIUS GRIECO MD LT DTD 09/10/88 | CLASS 3 | 250,000.00 | 3,458.33 | 0.00 | 246,541.67 |
| GRIFFIN | DONALD GRIFFIN | CLASS 3 | 100,000.00 | 16,383.96 | 0.00 | 83,616.04 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GRIFFIN | DONALD GRIFFIN | CLASS 3* | 75,000.00 | 9,947.90 | 0.00 | 65,052.10 |
| GRIFFIN | FRANK P GRIFFIN JR | CLASS 3 | 100,000.00 | 7,583.33 | 0.00 | 92,416.67 |
| GRIFFIN | JOHN R & GWENDOLYN S GRIFFIN | CLASS 3 | 75,000.00 | 0.00 | 0.00 | 75,000.00 |
| GRIFFIN | MAINSTAR-FBO RAY A GRIFFIN | CLASS 3 | 100,000.00 | 7,875.00 | 0.00 | 92,125.00 |
| GRIFFIN | MAINSTAR-FBO WARREN A GRIFFIN T2175317 | CLASS 3 | 25,430.28 | 1,744.80 | 0.00 | 23,685.48 |
| GRIFFIN | RAY A & MARY E GRIFFIN LT DTD 04/08/04 | CLASS 3 | 100,000.00 | 8,672.18 | 0.00 | 91,327.82 |
| GRIFFIS | PROV. TR GP-FBO CAROLYN P GRIFFIS IRA | CLASS 3 | 38,100.00 | 2,489.20 | 0.00 | 35,610.80 |
| GRIFFITH | EVAN B GRIFFITH SR LT | CLASS 5 | 90,000.00 | 20,500.00 | 0.00 | 69,500.00 |
| GRIFFITH | EVAN GRIFFITH | CLASS 5 | 100,000.00 | 12,083.29 | 0.00 | 87,916.71 |
| GRIFFITH | PROV. TR GP-FBO CAROLA N GRIFFITH IRA | CLASS 3 | 301,000.00 | 17,140.17 | 0.00 | 283,859.83 |
| GRIFFITH | PROV. TR GP-FBO WILLIAM H GRIFFITH IRA | CLASS 3 | 100,000.00 | 37,343.88 | 0.00 | 62,656.12 |
| GRIFFITH | WILLIAM H & BETTY J GRIFFITH | CLASS 3 | 100,000.00 | 20,173.57 | 0.00 | 79,826.43 |
| GRIFFITH | WILLIAM H & BETTY J GRIFFITH | CLASS 5 | 100,000.00 | 20,173.57 | 0.00 | 79,826.43 |
| GRIFFITHS | MAINSTAR-FBO CARAMAY GRIFFITHS | CLASS 3 | 30,000.00 | 979.17 | 0.00 | 29,020.83 |
| GRIGGS | MARTY F GRIGGS | CLASS 3 | 100,000.00 | 5,700.00 | 0.00 | 94,300.00 |
| GRIGGS | SUSAN L GRIGGS | CLASS 3 | 60,000.00 | 16,907.02 | 0.00 | 43,092.98 |
| GRIGGS | THE ANDREA GRIGGS LT OF 2000 | CLASS 3 | 60,000.00 | 4,641.43 | 0.00 | 55,358.57 |
| GRIGORIEFF | PROV. TR GP-FBO DIANA S GRIGORIEFF IRA | CLASS 3 | 28,661.04 | 3,214.01 | 0.00 | 25,447.03 |
| GRIGSBY | EDNA M GRIGSBY | CLASS 5 | 100,000.00 | 30,833.21 | 0.00 | 69,166.79 |
| GRIGSBY | KAREN P GRIGSBY | CLASS 3 | 200,000.00 | 27,698.61 | 0.00 | 172,301.39 |
| GRIGSBY | KAREN P GRIGSBY | CLASS 5 | 200,000.00 | 27,698.61 | 0.00 | 172,301.39 |
| GRINDSTAFF | PROV. TR GP-FBO MARCUS & LYNDA GRINDSTAFF IRA | CLASS 5 | 50,000.00 | 13,194.45 | 0.00 | 36,805.55 |
| GRINNELL | ROBERT GRINNELL TTEE/GRINNELL TR 04/13/03 | CLASS 3 | 50,000.00 | 1,679.15 | 0.00 | 48,320.85 |
| GRINWIS | MICHAEL & PAULA GRINWIS | CLASS 3 | 150,000.00 | 5,833.33 | 0.00 | 144,166.67 |
| GRITTERS | CHARITO CESARINA ARQUILLANO GRITTERS | CLASS 3 | 100,000.00 | 9,333.28 | 0.00 | 90,666.72 |
| GRITTON/FERRIN | REBECCA E GRITTON & DEBORAH M FERRIN | CLASS 3 | 25,000.00 | 704.88 | 0.00 | 24,295.12 |
| GRONAU | E G GRONAU | CLASS 3 | 50,000.00 | 1,715.25 | 0.00 | 48,284.75 |
| GRONEMEYER | PROV. TR GP-FBO RICHARD GRONEMEYER IRA | CLASS 3 | 25,000.00 | 229.17 | 0.00 | 24,770.83 |
| GRONEMEYER | RICHARD A & JANET R GRONEMEYER JTA | CLASS 3 | 63,000.00 | 4,725.00 | 0.00 | 58,275.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GRONKE | MAINSTAR-FBO JACK A GRONKE SR T2175508 | CLASS 3 | 100,000.00 | 7,058.35 | 0.00 | 92,941.65 |
| GROODY | WILLIAM M GROODY | CLASS 3 | 105,000.00 | 19,108.74 | 0.00 | 85,891.26 |
| GROSCHOPF | JOHN L GROSCHOPF IRREV TR | CLASS 3 | 80,000.00 | 4,044.40 | 0.00 | 75,955.60 |
| GROSEK | DAVID B GROSEK | CLASS 3 | 100,000.00 | 2,116.67 | 0.00 | 97,883.33 |
| GROSJEAN | NADINE ANN GROSJEAN | CLASS 3 | 100,000.00 | 2,000.00 | 0.00 | 98,000.00 |
| GROSS | DANIEL G & LINDA A GROSS | CLASS 3 | 100,000.00 | 4,694.47 | 0.00 | 95,305.53 |
| GROSS | NADINE GROSS | CLASS 3 | 25,000.00 | 985.23 | 0.00 | 24,014.77 |
| GROSS | PAUL S GROSS | CLASS 3 | 125,000.00 | 15,383.33 | 0.00 | 109,616.67 |
| GROSS | PROV. TR GP-FBO LAUREN G GROSS ROTH IRA | CLASS 3 | 53,226.00 | 2,575.14 | 0.00 | 50,650.86 |
| GROSS | PROV. TR GP-FBO ROBERT GROSS JR ROTH IRA | CLASS 3 | 48,425.00 | 6,736.52 | 0.00 | 41,688.48 |
| GROSS | PROV. TR GP-FBO ROBERT GROSS JR ROTH IRA | CLASS 5 | 97,000.00 | 13,493.90 | 0.00 | 83,506.10 |
| GROSS | PROV. TR GP-FBO ROBERT L GROSS JR IRA | CLASS 3 | 75,107.00 | 3,071.05 | 0.00 | 72,035.95 |
| GROSS | PROV. TR GP-FBO ROBERT L GROSS JR ROTH IRA | CLASS 3 | 39,453.00 | 0.00 | 0.00 | 39,453.00 |
| GROSS | ROBERT L GROSS | CLASS 3 | 70,000.00 | 8,646.63 | 0.00 | 61,353.37 |
| GROSS | ROBERT L JR & LAUREN G GROSS | CLASS 3 | 55,000.00 | 8,247.55 | 0.00 | 46,752.45 |
| GROSS | VINCENT J & ALFREDA M GROSS | CLASS 3 | 36,200.00 | 36.20 | 0.00 | 36,163.80 |
| GROSSE/HAUGHEY | DENNIS M GROSSE & JODIE A HAUGHEY | CLASS 3 | 30,000.00 | 1,155.00 | 0.00 | 28,845.00 |
| GROVES | PROV. TR GP-FBO ALFRED GROVES IRA | CLASS 3 | 71,000.00 | 7,384.01 | 0.00 | 63,615.99 |
| GROVES | PROV. TR GP-FBO RHONDA N GROVES IRA | CLASS 3 | 49,500.00 | 4,109.94 | 0.00 | 45,390.06 |
| GROVES | PROV. TR GP-FBO SCOTT A GROVES IRA | CLASS 3 | 139,400.00 | 16,879.11 | 0.00 | 122,520.89 |
| GROVES | PROV. TR GP-FBO SCOTT A GROVES IRA | CLASS 5 | 200,000.00 | 24,216.80 | 0.00 | 175,783.20 |
| GROVES | SCOTT A & RHONDA N GROVES | CLASS 5 | 100,000.00 | 16,177.73 | 0.00 | 83,822.27 |
| GRUBE | ALLEN D & JEAN M GRUBE | CLASS 3 | 175,000.00 | 26,663.18 | 0.00 | 148,336.82 |
| GRUBER | PROV. TR GP-FBO JOSEPH J GRUBER IRA | CLASS 3 | 33,361.00 | 7,354.61 | 1,595.42 | 24,410.97 |
| GRUBER | PROV. TR GP-FBO JOSEPH J GRUBER IRA | CLASS 5 | 200,000.00 | 44,091.06 | 9,564.58 | 146,344.36 |
| GRUBER | THE JOE GRUBER TR DTD 08/16/10 | CLASS 3 | 300,000.00 | 60,544.03 | 0.00 | 239,455.97 |
| GRUBER | THE JOE GRUBER TR DTD 08/16/10 | CLASS 5 | 550,000.00 | 110,997.38 | 0.00 | 439,002.62 |
| GU/LIAO | ANREN GU & JIALUN LIAO | CLASS 3 | 25,000.00 | 2,215.21 | 0.00 | 22,784.79 |
| GUALTIERI/CHING | ROBERT A GUALTIERI & WEN CHING | CLASS 3 | 25,000.00 | 1,516.67 | 0.00 | 23,483.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GUARDIAN ANGEL MGT | GUARDIAN ANGEL MANAGEMENT LLC | CLASS 5 | 200,000.00 | 31,038.79 | 0.00 | 168,961.21 |
| GUBLER | MICHAEL GUBLER | CLASS 3 | 200,000.00 | 14,618.78 | 0.00 | 185,381.22 |
| GUDAITIS | KENNETH & WANIE GUDAITIS | CLASS 3 | 54,000.00 | 882.00 | 0.00 | 53,118.00 |
| GUDAITIS | MAINSTAR-FBO KENNETH GUDAITIS TW004133 | CLASS 3 | 20,311.40 | 272.51 | 0.00 | 20,038.89 |
| GUDAITIS | MAINSTAR-FBO WANIE GUDAITIS TW004132 | CLASS 3 | 25,176.29 | 406.32 | 0.00 | 24,769.97 |
| GUDE | CHRISTOPHER P GUDE TR UAD 12/05/01 | CLASS 3* | 30,000.00 | 1,223.75 | 0.00 | 28,776.25 |
| GUELDEN | BRUCE N GUELDEN | CLASS 3 | 50,000.00 | 6,573.65 | 0.00 | 43,426.35 |
| GUERTIN | LAURIE GUERTIN | CLASS 3 | 50,000.00 | 3,312.50 | 0.00 | 46,687.50 |
| GUIBERSON | FRANCIS L & SUSAN K GUIBERSON | CLASS 3 | 160,000.00 | 23,056.82 | 0.00 | 136,943.18 |
| GUIDONE | ANTHONY V GUIDONE | CLASS 3 | 115,000.00 | 6,676.43 | 0.00 | 108,323.57 |
| GUIDRY | PROV. TR GP-FBO DONALD R GUIDRY IRA | CLASS 3 | 25,343.00 | 573.92 | 0.00 | 24,769.08 |
| GUIDRY | PROV. TR GP-FBO KAREN T GUIDRY IRA | CLASS 3 | 25,343.00 | 573.92 | 0.00 | 24,769.08 |
| GUILFOYLE | PROV. TR GP-FBO MATTHEW GUILFOYLE IRA | CLASS 3 | 48,113.61 | 2,646.25 | 0.00 | 45,467.36 |
| GUILLEN | SONIA GUILLEN | CLASS 3 | 50,000.00 | 1,083.33 | 0.00 | 48,916.67 |
| GUILLORY | BRENDA GUILLORY | CLASS 5 | 300,000.00 | 98,749.48 | 0.00 | 201,250.52 |
| GUINANE | PROV. TR GP-FBO MICHAEL P GUINANE IRA | CLASS 3 | 161,900.00 | 35,099.34 | 0.00 | 126,800.66 |
| GUINLE | IRA SVCS TR CO-CFBO MICHAEL GUINLE IRA | CLASS 5 | 100,000.00 | 41,520.77 | 0.00 | 58,479.23 |
| GUINN | STACY C & CHRISTIANE E GUINN | CLASS 3 | 100,000.00 | 10,815.33 | 0.00 | 89,184.67 |
| GULDEN | THE GULDEN TR DTD 12/18/90 | CLASS 3 | 100,000.00 | 2,306.93 | 0.00 | 97,693.07 |
| GULLATT | HERMAN P GULLATT | CLASS 5 | 400,000.00 | 87,457.32 | 0.00 | 312,542.68 |
| GULLATT | THE JOYCE EVELYN GULLATT TR | CLASS 5 | 100,000.00 | 15,500.12 | 0.00 | 84,499.88 |
| GULLIFER | MARK & TAMMY GULLIFER | CLASS 3 | 200,000.00 | 6,273.94 | 1,000.00 | 192,726.06 |
| GUNNOE | MAINSTAR-FBO BETTY K GUNNOE T2174717 | CLASS 3 | 102,742.10 | 25,965.04 | 0.00 | 76,777.06 |
| GURRIES | THE LAURA ALBERTA GURRIES LT | CLASS 3 | 30,000.00 | 2,085.00 | 0.00 | 27,915.00 |
| GURSKY | HOWARD I & BEVERLY GURSKY | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| GUSTAFSON | AMANDA GUSTAFSON | CLASS 3 | 50,000.00 | 3,587.42 | 0.00 | 46,412.58 |
| GUTHRIE | PROV. TR GP-FBO LAWRENCE GUTHRIE ICA | CLASS 3 | 455,000.00 | 31,394.80 | 0.00 | 423,605.20 |
| GUTIERREZ | ERMELINDA GUTIERREZ | CLASS 3 | 25,000.00 | 281.26 | 0.00 | 24,718.74 |
| GUTIERREZ | PROV. TR GP-FBO DAVID O GUTIERREZ IRA | CLASS 3 | 149,750.00 | 15,737.71 | 0.00 | 134,012.29 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| GUTIERREZ | THE GUTIERREZ FT | CLASS 3 | 50,000.00 | 145.83 | 0.00 | 49,854.17 |
| GWALTNEY | JACK D GWALTNEY | CLASS 3 | 25,000.00 | 1,694.50 | 0.00 | 23,305.50 |
| GWALTNEY | JACK D GWALTNEY LT | CLASS 3 | 101,000.00 | 3,439.40 | 0.00 | 97,560.60 |
| GYURE | JENNIE & JOSEPH GYURE | CLASS 3 | 100,000.00 | 8,413.16 | 0.00 | 91,586.84 |
| H&N MANAGEMENT | H&N MANAGEMENT GROUP INC | CLASS 3 | 50,000.00 | 2,220.81 | 0.00 | 47,779.19 |
| HAAK | IRA SVCS TR CO-CFBO KAREN S HAAK IRA | CLASS 3 | 260,000.00 | 18,720.00 | 0.00 | 241,280.00 |
| HAAK | IRA SVCS TR CO-CFBO ROBERT G HAAK IRA | CLASS 3 | 34,000.00 | 2,448.00 | 0.00 | 31,552.00 |
| HAAS | JUDITH & BRUCE HAAS | CLASS 3 | 90,000.00 | 7,797.47 | 0.00 | 82,202.53 |
| HAAS | MAINSTAR-FBO SANDRA K HAAS T2173467 | CLASS 3 | 99,000.00 | 55.00 | 0.00 | 98,945.00 |
| HABERSTROH | ERIC E & VIRGINIA M HABERSTROH | CLASS 3 | 400,000.00 | 31,458.32 | 0.00 | 368,541.68 |
| HABERSTROH | MAINSTAR-FBO V B HABERSTROH T2177845 | CLASS 3 | 75,000.00 | 1,618.75 | 0.00 | 73,381.25 |
| HACHMANN | SHIRLEY A & STAN J HACHMANN | CLASS 3 | 25,000.00 | 3,461.79 | 1,000.00 | 20,538.21 |
| HACK | JANE A HACK RT DTD 05/30/07 | CLASS 5 | 130,000.00 | 9,800.06 | 0.00 | 120,199.94 |
| HACKER | HORIZON TR CO-FBO BARRY M HACKER IRA | CLASS 3 | 25,000.00 | 1,550.00 | 0.00 | 23,450.00 |
| HACKMAN | EDNA R HACKMAN | CLASS 3 | 120,000.00 | 5,848.33 | 0.00 | 114,151.67 |
| HACKMAN | JOHN D HACKMAN | CLASS 3 | 50,000.00 | 2,436.84 | 0.00 | 47,563.16 |
| HADDOCK/BRADY | BETSY S HADDOCK & KIMBERLY L BRADY | CLASS 3 | 80,000.00 | 1,746.67 | 0.00 | 78,253.33 |
| HADLEY | DONALD R II & BERNITA L HADLEY | CLASS 3 | 100,000.00 | 17,700.00 | 0.00 | 82,300.00 |
| HADLEY | RONALD EUGENE HADLEY | CLASS 3 | 200,000.00 | 22,915.96 | 0.00 | 177,084.04 |
| HAEN | JAMES A HAEN | CLASS 3 | 50,000.00 | 944.43 | 0.00 | 49,055.57 |
| HAENDEL | THE HAENDEL TR DTD 06/14/02 | CLASS 3 | 100,000.00 | 8,391.67 | 0.00 | 91,608.33 |
| HAEUSER | KARLA A HAEUSER | CLASS 3 | 100,000.00 | 4,405.58 | 0.00 | 95,594.42 |
| HAGER | FRANS C L & MARILYN K HAGER | CLASS 3 | 90,000.00 | 9,555.00 | 0.00 | 80,445.00 |
| HAGGERTY | DAWN HAGGERTY | CLASS 3 | 26,000.00 | 1,805.50 | 0.00 | 24,194.50 |
| HAGGERTY | MARY & THOMAS HAGGERTY | CLASS 3 | 75,000.00 | 17,956.97 | 0.00 | 57,043.03 |
| HAGGERTY | MARY & THOMAS HAGGERTY | CLASS 5 | 100,000.00 | 23,942.63 | 0.00 | 76,057.37 |
| HAGGERTY | PROV. TR GP-FBO THOMAS HAGGERTY IRA | CLASS 3 | 29,712.20 | 6,011.22 | 0.00 | 23,700.98 |
| HAGGERTY | PROV. TR GP-FBO THOMAS HAGGERTY IRA | CLASS 5 | 118,250.00 | 23,923.71 | 0.00 | 94,326.29 |
| HAIGAZIAN | MAINSTAR-FBO LOIS A HAIGAZIAN TW003934 | CLASS 3 | 50,000.00 | 1,802.08 | 0.00 | 48,197.92 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HAIMOVITCH | THE LARRY HAIMOVITCH TR | CLASS 3 | 200,000.00 | 13,441.04 | 0.00 | 186,558.96 |
| HAINES | EILEEN M HAINES | CLASS 3 | 50,000.00 | 4,696.05 | 0.00 | 45,303.95 |
| HAJAS | BARBARA & ROBERT J HAJAS | CLASS 3 | 138,000.00 | 5,505.15 | 0.00 | 132,494.85 |
| HALE | NATALIE HALE | CLASS 3 | 25,000.00 | 1,605.59 | 0.00 | 23,394.41 |
| HALES | MICHAEL & CYNTHIA HALES | CLASS 3 | 72,000.00 | 1,068.00 | 0.00 | 70,932.00 |
| HALEY | PROV. TR GP-FBO JANICE F HALEY IRA | CLASS 5 | 212,000.00 | 49,172.22 | 0.00 | 162,827.78 |
| HALIM | USAMA SABRY AWAD HALIM | CLASS 5 | 1,200,000.00 | 46,665.53 | 0.00 | 1,153,334.47 |
| HALL | HAROLD & LENDIA G HALL | CLASS 3 | 30,000.00 | 1,388.33 | 0.00 | 28,611.67 |
| HALL | PAMELA JEAN HALL | CLASS 3 | 75,000.00 | 5,629.17 | 0.00 | 69,370.83 |
| HALL | PAMELA S HALL | CLASS 3 | 100,000.00 | 15,345.07 | 0.00 | 84,654.93 |
| HALL | PROV. TR GP-FBO ROBERT M HALL IRA | CLASS 5 | 250,000.00 | 67,361.18 | 0.00 | 182,638.82 |
| HALL | RONA S HALL RT U/A 02/18/15 | CLASS 5 | 250,000.00 | 79,127.18 | 0.00 | 170,872.82 |
| HALLE | MAINSTAR-FBO RAYMOND O HALLE T2178654 | CLASS 3 | 106,000.00 | 103.06 | 0.00 | 105,896.94 |
| HALLECK | DONNA J HALLECK IRREV TR DTD 09/24/09 | CLASS 3 | 25,000.00 | 1,129.17 | 0.00 | 23,870.83 |
| HALLERAN | MARGARET HALLERAN | CLASS 3 | 25,000.00 | 3,312.21 | 0.00 | 21,687.79 |
| HALLERAN | MARGARET HALLERAN | CLASS 5 | 50,000.00 | 6,624.43 | 0.00 | 43,375.57 |
| HALLIDAY | ANN HALLIDAY | CLASS 3 | 60,000.00 | 4,445.00 | 0.00 | 55,555.00 |
| HALPERN/WHITE | RICHARD A HALPERN & CHRISTINA A WHITE | CLASS 5 | 50,000.00 | 10,708.42 | 0.00 | 39,291.58 |
| HAMER | ROBYN GORDON HAMER | CLASS 3 | 50,000.00 | 2,924.97 | 0.00 | 47,075.03 |
| HAMI | PROV. TR GP-FBO AMJAD A HAMI IRA | CLASS 3 | 59,441.00 | 3,903.30 | 0.00 | 55,537.70 |
| HAMILTON | CATHERINE N HAMILTON RT | CLASS 3 | 24,000.00 | 1,445.17 | 0.00 | 22,554.83 |
| HAMILTON | JOSEPH E HAMILTON JR | CLASS 3 | 100,000.00 | 833.34 | 0.00 | 99,166.66 |
| HAMILTON | MAINSTAR-FBO CORIE D HAMILTON T2177572 | CLASS 3 | 68,900.00 | 1,460.30 | 0.00 | 67,439.70 |
| HAMILTON | SUNWEST TR SHERRY HAMILTON IRA | CLASS 3 | 175,000.00 | 47,155.93 | 0.00 | 127,844.07 |
| HAMILTON | SUNWEST TR SHERRY HAMILTON IRA | CLASS 5 | 226,500.00 | 61,033.25 | 0.00 | 165,466.75 |
| HAMM | JAMES HAMM | CLASS 3 | 275,000.00 | 16,835.31 | 0.00 | 258,164.69 |
| HAMMETT | KAREN MARIE HAMMETT | CLASS 3 | 40,000.00 | 460.00 | 0.00 | 39,540.00 |
| HAMRICK | HAMRICK LT DTD 08/23/05 | CLASS 3 | 121,500.00 | 6,885.00 | 0.00 | 114,615.00 |
| HAMSTAD | MARVIN HAMSTAD TR DTD 06/20/02 | CLASS 3 | 40,000.00 | 7,575.00 | 0.00 | 32,425.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HANA | HENRY DANIEL HANA | CLASS 3 | 50,000.00 | 1,090.26 | 0.00 | 48,909.74 |
| HANAK | PROV. TR GP-FBO GARY HANAK IRA | CLASS 3 | 36,700.00 | 6,673.28 | 0.00 | 30,026.72 |
| HANCE | JAMES & BRENDA HANCE | CLASS 3 | 200,000.00 | 800.00 | 0.00 | 199,200.00 |
| HANCOCK | KAREN KANG HANCOCK | CLASS 3 | 85,000.00 | 11,095.68 | 0.00 | 73,904.32 |
| HANCOCK | KAREN KANG HANCOCK | CLASS 5 | 100,000.00 | 13,053.75 | 0.00 | 86,946.25 |
| HANCOCK | KENNETH R HANCOCK IRREV TR U/A/D 01/24/95 | CLASS 3 | 80,000.00 | 6,332.73 | 0.00 | 73,667.27 |
| HANCOCK | RICHARD HANCOCK | CLASS 3 | 30,000.00 | 1,618.75 | 0.00 | 28,381.25 |
| HANCOCK | RICHARD K HANCOCK IRREV TR U/A/D 01/24/95 | CLASS 3 | 80,000.00 | 5,431.07 | 0.00 | 74,568.93 |
| HANDEL | SUNWEST TR MARK HANDEL IRA | CLASS 3 | 134,000.00 | 34,795.23 | 0.00 | 99,204.77 |
| HANDOWSKI | ROBERT HANDOWSKI | CLASS 3 | 124,000.00 | 4,601.27 | 0.00 | 119,398.73 |
| HANLON | THE HANLON RFT DTD 05/06/14 | CLASS 3 | 80,000.00 | 10,091.61 | 0.00 | 69,908.39 |
| HANLY | SAMUEL J HANLY | CLASS 3 | 50,000.00 | 3,666.61 | 0.00 | 46,333.39 |
| HANNA | DAVID L & GYL E HANNA | CLASS 3 | 300,000.00 | 104,801.53 | 654.55 | 194,543.92 |
| HANNA | DAVID L & GYL E HANNA | CLASS 5 | 250,000.00 | 87,334.60 | 545.45 | 162,119.95 |
| HANNA | DAVID L & GYL E HANNA RLT | CLASS 3 | 100,000.00 | 10,088.94 | 0.00 | 89,911.06 |
| HANNA | DENNIS & PHYLLIS HANNA | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| HANNA | ELLIE HANNA | CLASS 3 | 25,000.00 | 1,304.54 | 0.00 | 23,695.46 |
| HANNABASS | PROV. TR GP-FBO GARY L HANNABASS IRA | CLASS 3 | 50,330.00 | 3,278.44 | 0.00 | 47,051.56 |
| HANNABASS | PROV. TR GP-FBO WANDA S HANNABASS IRA | CLASS 3 | 42,270.00 | 2,753.42 | 0.00 | 39,516.58 |
| HANSELKA | REINHARD HANSELKA | CLASS 3 | 300,000.00 | 47,524.90 | 0.00 | 252,475.10 |
| HANSEN | DON LEON & LISA HANSEN | CLASS 3 | 50,000.00 | 2,508.36 | 0.00 | 47,491.64 |
| HANSEN | ERIC & REBECCA HANSEN | CLASS 3 | 50,000.00 | 3,093.72 | 1,000.00 | 45,906.28 |
| HANSEN | PROV. TR GP-FBO RANDY HANSEN IRA | CLASS 3 | 48,768.32 | 1,007.88 | 0.00 | 47,760.44 |
| HANSEN | THE FRED & ANN HANSEN FT | CLASS 3 | 25,000.00 | 357.65 | 0.00 | 24,642.35 |
| HANSEN | VICTORIA L HANSEN | CLASS 3 | 25,000.00 | 475.71 | 0.00 | 24,524.29 |
| HANSON | ELIZABETH J HANSON | CLASS 3 | 80,000.00 | 1,372.22 | 0.00 | 78,627.78 |
| HANSON | MARK A HANSON DDS PA PSP | CLASS 3 | 100,000.00 | 6,041.71 | 0.00 | 93,958.29 |
| HANSON/LEWIS | TIMOTHY E HANSON & MAERENE LEWIS | CLASS 3 | 50,000.00 | 6,243.65 | 285.71 | 43,470.64 |
| HANSON/LEWIS | TIMOTHY E HANSON & MAERENE LEWIS | CLASS 5 | 125,000.00 | 15,609.13 | 714.29 | 108,676.58 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HANWELL | FRED & LORRAINE HANWELL | CLASS 3 | 35,000.00 | 12,147.96 | 0.00 | 22,852.04 |
| HARASHEH | TERES HARASHEH | CLASS 3 | 100,000.00 | 2,216.66 | 0.00 | 97,783.34 |
| HARBERT | PROV. TR GP-FBO DAVID L HARBERT IRA | CLASS 5 | 50,000.00 | 13,097.23 | 0.00 | 36,902.77 |
| HARBUCK | CONRAD & JODY HARBUCK | CLASS 3 | 90,000.00 | 2,961.25 | 0.00 | 87,038.75 |
| HARDEE | PROV. TR GP-FBO WILLIAM HARDEE IRA | CLASS 3 | 230,000.00 | 19,387.50 | 0.00 | 210,612.50 |
| HARDER | GARY L HARDER | CLASS 3 | 150,000.00 | 24,174.25 | 0.00 | 125,825.75 |
| HARDESTY | GERALD W & SUSAN R HARDESTY | CLASS 3 | 25,000.00 | 8,261.95 | 0.00 | 16,738.05 |
| HARDESTY | GERALD W & SUSAN R HARDESTY | CLASS 5 | 100,000.00 | 33,047.78 | 0.00 | 66,952.22 |
| HARDIN | DAVID K & JILL R HARDIN | CLASS 3 | 75,000.00 | 8,587.50 | 0.00 | 66,412.50 |
| HARDING | JOEL D & CANDICE M HARDING | CLASS 3 | 100,000.00 | 24,366.90 | 0.00 | 75,633.10 |
| HARDISON | CHARLES DAVID JR & LIXIA ZHENG HARDISON | CLASS 3 | 50,000.00 | 527.77 | 0.00 | 49,472.23 |
| HARDISON | JOYCE A HARDISON | CLASS 3 | 25,000.00 | 2,060.94 | 0.00 | 22,939.06 |
| HARDISON | LIXIA ZHENG HARDISON | CLASS 3 | 50,000.00 | 416.66 | 0.00 | 49,583.34 |
| HARDISON | PATRICIA ANN HARDISON | CLASS 3 | 50,000.00 | 262.50 | 0.00 | 49,737.50 |
| HARDT | THE JON & MARGARET A HARDT LT | CLASS 5 | 400,000.00 | 16,594.47 | 0.00 | 383,405.53 |
| HARDY | GARY L & JOANN C HARDY | CLASS 3 | 50,000.00 | 7,633.33 | 0.00 | 42,366.67 |
| HARDY | PHILLIP H HARDY | CLASS 3 | 310,000.00 | 38,057.89 | 0.00 | 271,942.11 |
| HARER | JOSEPH H HARER FT | CLASS 3 | 100,000.00 | 4,541.70 | 0.00 | 95,458.30 |
| HARKINS | PROV. TR GP-FBO LAURA HARKINS IRA | CLASS 3 | 79,000.00 | 4,707.08 | 0.00 | 74,292.92 |
| HARLAN | STEPHEN D HARLAN | CLASS 3 | 100,000.00 | 3,358.35 | 0.00 | 96,641.65 |
| HARLESS | MAINSTAR-FBO JUNE L HARLESS T2176003 | CLASS 3 | 80,000.00 | 7,682.23 | 0.00 | 72,317.77 |
| HARMEL | CHERYL RUTH HARMEL | CLASS 3 | 75,000.00 | 10,516.32 | 0.00 | 64,483.68 |
| HARMON | CLARENCE HARMON | CLASS 3 | 55,295.60 | 5,317.63 | 0.00 | 49,977.97 |
| HARMON | HARMON FRLT | CLASS 3 | 25,000.00 | 1,816.67 | 0.00 | 23,183.33 |
| HARMON | HARMON FRT | CLASS 3 | 25,000.00 | 3,504.23 | 0.00 | 21,495.77 |
| HARMON | HARMON FT | CLASS 3 | 50,000.00 | 2,490.31 | 0.00 | 47,509.69 |
| HARMON | IRA SVCS TR CO-CFBO CLARENCE E HARMON IRA | CLASS 3 | 110,000.00 | 9,863.33 | 0.00 | 100,136.67 |
| HAROLD | HORIZON TR CO-FBO MARLENE A HAROLD IRA | CLASS 3 | 97,169.00 | 9,932.78 | 0.00 | 87,236.22 |
| HARPE | G ALAN HARPE | CLASS 3 | 50,000.00 | 312.50 | 0.00 | 49,687.50 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HARPER | MAINSTAR-FBO WAYNE A HARPER T2175619 | CLASS 3 | 113,600.00 | 8,588.18 | 0.00 | 105,011.82 |
| HARPER | SCOTT E & ROBIN P HARPER | CLASS 5 | 75,000.00 | 15,166.67 | 0.00 | 59,833.33 |
| HARPER | STEVEN G HARPER | CLASS 5 | 100,000.00 | 3,166.66 | 0.00 | 96,833.34 |
| HARPER | WILMA F HARPER | CLASS 3 | 30,000.00 | 3,020.00 | 0.00 | 26,980.00 |
| HARRIS | CARL J & ALICE A HARRIS | CLASS 3 | 138,000.00 | 4,734.17 | 0.00 | 133,265.83 |
| HARRIS | HIA SOLO 401K TR FBO CHAD HARRIS | CLASS 3 | 31,225.00 | 2,919.57 | 0.00 | 28,305.43 |
| HARRIS | LILA J HARRIS | CLASS 3 | 25,000.00 | 1,256.56 | 0.00 | 23,743.44 |
| HARRIS | MAINSTAR-FBO CHARLES S HARRIS T2176165 | CLASS 3 | 399,000.00 | 23,674.00 | 0.00 | 375,326.00 |
| HARRIS | MAINSTAR-FBO SANDRA HARRIS TW003998 | CLASS 3 | 50,000.00 | 996.52 | 0.00 | 49,003.48 |
| HARRIS | PATRICIA D HARRIS | CLASS 3 | 50,000.00 | 5,044.39 | 0.00 | 44,955.61 |
| HARRIS | PROV. TR GP-FBO GLYN HARRIS IRA | CLASS 3 | 99,000.00 | 2,078.50 | 0.00 | 96,921.50 |
| HARRIS | PROV. TR GP-FBO HELEN A HARRIS IRA | CLASS 3 | 100,000.00 | 28,222.32 | 0.00 | 71,777.68 |
| HARRIS | PROV. TR GP-FBO KIMBERLY M HARRIS IRA | CLASS 3 | 118,000.00 | 29,260.00 | 0.00 | 88,740.00 |
| HARRIS-BROOKS | MAINSTAR-FBO DONNA HARRIS-BROOKS TW003195 | CLASS 3 | 23,000.00 | 1,452.83 | 0.00 | 21,547.17 |
| HARRISON | GREGORY T & LINDA C HARRISON | CLASS 3 | 30,000.00 | 985.00 | 0.00 | 29,015.00 |
| HARRISON | GREGORY T & LINDA C HARRISON | CLASS 3* | 30,000.00 | 1,660.00 | 0.00 | 28,340.00 |
| HARRISON | MAINSTAR-FBO JEFFREY H HARRISON T2177415 | CLASS 3 | 86,200.00 | 1,968.23 | 0.00 | 84,231.77 |
| HARRISON | ROSEMARY HARRISON | CLASS 3 | 25,000.00 | 336.82 | 0.00 | 24,663.18 |
| HARRISON | THE JEFFREY H HARRISON TR | CLASS 3 | 100,000.00 | 4,459.75 | 0.00 | 95,540.25 |
| HARRY | HERBERT S & KAREN HARRY | CLASS 3 | 200,000.00 | 3,466.67 | 0.00 | 196,533.33 |
| HARRY | STEVEN S & ANN L HARRY | CLASS 3 | 100,000.00 | 31,683.93 | 0.00 | 68,316.07 |
| HARRY | STEVEN S HARRY | CLASS 3 | 50,000.00 | 12,810.97 | 0.00 | 37,189.03 |
| HARSH | THE HARSH TR DTD 08/16/06 | CLASS 3 | 100,000.00 | 3,397.19 | 0.00 | 96,602.81 |
| HART | ALFRED J & AIDA X HART R&A RLT 06/18/13 | CLASS 3 | 225,000.00 | 33,876.85 | 0.00 | 191,123.15 |
| HART | ALFRED J & AIDA X HART R&A RLT 06/18/13 | CLASS 5 | 150,000.00 | 22,584.57 | 0.00 | 127,415.43 |
| HART | CHRISTINA L & KEVIN P HART | CLASS 3 | 370,000.00 | 51,336.21 | 0.00 | 318,663.79 |
| HART | JANET R HART RT | CLASS 3 | 128,960.43 | 1,139.15 | 0.00 | 127,821.28 |
| HART | PROV. TR GP-FBO JEANNE L HART IRA | CLASS 3 | 226,000.00 | 73,864.68 | 0.00 | 152,135.32 |
| HARTE | STEVE T HARTE | CLASS 3 | 35,000.00 | 262.50 | 0.00 | 34,737.50 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HARTE | THE HARTE IRREV TR | CLASS 3 | 30,000.00 | 483.73 | 0.00 | 29,516.27 |
| HARTER | MARK E HARTER | CLASS 3 | 125,000.00 | 30,123.35 | 448.06 | 94,428.59 |
| HARTLEY | MAINSTAR-FBO SUE HARTLEY | CLASS 3 | 25,000.00 | 1,170.83 | 0.00 | 23,829.17 |
| HARTMAN | ANNETTE M HARTMAN | CLASS 3 | 50,000.00 | 4,026.36 | 0.00 | 45,973.64 |
| HARTMAN | MATTHEW & CAITLIN HARTMAN | CLASS 3 | 25,000.00 | 62.50 | 0.00 | 24,937.50 |
| HARTNER | JOHN G HARTNER | CLASS 3 | 89,000.00 | 12,778.98 | 0.00 | 76,221.02 |
| HART'S METHODIST | HART'S UNITED METHODIST CHURCH | CLASS 3 | 100,000.00 | 2,516.67 | 0.00 | 97,483.33 |
| HARUGUCHI | JAMES HARUGUCHI | CLASS 3 | 100,000.00 | 9,663.86 | 0.00 | 90,336.14 |
| HARUGUCHI | MAINSTAR-FBO JAMES HARUGUCHI T2174680 | CLASS 3 | 100,000.00 | 11,583.31 | 0.00 | 88,416.69 |
| HARUGUCHI | MAINSTAR-FBO SHARYL HARUGUCHI T2175434 | CLASS 3 | 238,000.00 | 17,177.49 | 0.00 | 220,822.51 |
| HARVEY | BETTY LOU HARVEY | CLASS 3 | 100,000.00 | 1,772.20 | 0.00 | 98,227.80 |
| HARVEY | BETTY LOU HARVEY TR DTD 04/10/96 | CLASS 3 | 260,000.00 | 64,051.42 | 0.00 | 195,948.58 |
| HARVEY | HORIZON TR CO-FBO DEBRA HARVEY IRA | CLASS 5 | 300,000.00 | 38,500.00 | 0.00 | 261,500.00 |
| HARVEY | IRA SVCS TR CO-CFBO LINDA HARVEY | CLASS 3 | 60,000.00 | 1,150.00 | 0.00 | 58,850.00 |
| HARVEY | JON C & DEBRA A HARVEY | CLASS 5 | 550,000.00 | 41,333.34 | 0.00 | 508,666.66 |
| HARVEY | PROV. TR GP-FBO BETTY LOU HARVEY ROTH IRA | CLASS 3 | 116,834.37 | 27,949.26 | 0.00 | 88,885.11 |
| HARWAT | PROV. TR GP-FBO SHARON L HARWAT IRA | CLASS 3 | 143,000.00 | 139.03 | 0.00 | 142,860.97 |
| HASH-STRUTHERS | BONNIE J HASH-STRUTHERS | CLASS 3 | 190,000.00 | 31,733.18 | 0.00 | 158,266.82 |
| HASKETT | MAINSTAR-FBO JAMES T HASKETT | CLASS 3 | 75,000.00 | 7,228.10 | 0.00 | 67,771.90 |
| HASKINS | JODI HASKINS | CLASS 3 | 200,000.00 | 10,083.29 | 0.00 | 189,916.71 |
| HASLAM | PATRICK & SUSAN HASLAM | CLASS 3 | 100,000.00 | 3,171.58 | 0.00 | 96,828.42 |
| HASSELGREN | HERBERT HASSELGREN | CLASS 3 | 160,000.00 | 15,380.78 | 0.00 | 144,619.22 |
| HASSELQUIST | LOLA I HASSELQUIST | CLASS 3 | 25,000.00 | 704.88 | 0.00 | 24,295.12 |
| HASTING | D KEVIN & MARTHA E HASTING JRT | CLASS 3 | 50,000.00 | 9,743.36 | 0.00 | 40,256.64 |
| HASTINGS | DANIEL J & SUSAN L HASTINGS | CLASS 3 | 50,000.00 | 2,955.59 | 0.00 | 47,044.41 |
| HATCH | BRUCE WILLIAM & ERLINDA P HATCH | CLASS 3 | 40,000.00 | 600.00 | 0.00 | 39,400.00 |
| HATTIG | ROBERT & PATSY HATTIG | CLASS 3 | 25,000.00 | 90.28 | 0.00 | 24,909.72 |
| HAU | BETTY HAU | CLASS 3 | 25,000.00 | 513.90 | 0.00 | 24,486.10 |
| HAUG | CONRAD & ELLEN HAUG | CLASS 3 | 50,000.00 | 515.28 | 0.00 | 49,484.72 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HAUGEN | DONALD E HAUGEN | CLASS 3 | 63,914.99 | 1,113.17 | 0.00 | 62,801.82 |
| HAUGHT/LAROCCO | DORIS G HAUGHT & BRENDA C LAROCCO | CLASS 3 | 75,000.00 | 3,895.83 | 0.00 | 71,104.17 |
| HAUPT | PROV. TR GP-FBO ANNE K HAUPT ROTH IRA | CLASS 3 | 44,830.00 | 3,869.70 | 0.00 | 40,960.30 |
| HAUPT | PROV. TR GP-FBO RONALD G HAUPT ROTH IRA | CLASS 3 | 45,800.00 | 3,787.63 | 0.00 | 42,012.37 |
| HAUPT | RONALD G & ANNE K HAUPT | CLASS 3 | 150,000.00 | 13,586.02 | 0.00 | 136,413.98 |
| HAUSER | THOMAS C & ELLEN R HAUSER | CLASS 3 | 525,000.00 | 54,157.78 | 0.00 | 470,842.22 |
| HAUSMAN | MAINSTAR-FBO ELSIE W HAUSMAN | CLASS 3 | 100,000.00 | 4,598.61 | 0.00 | 95,401.39 |
| HAWKINS | JIMMY L & LINDA K HAWKINS | CLASS 3 | 125,000.00 | 29,003.40 | 0.00 | 95,996.60 |
| HAWKINS | JOSEPH H & JOAN S HAWKINS | CLASS 3 | 200,000.00 | 1,966.67 | 0.00 | 198,033.33 |
| HAWLEY | PROV. TR GP-FBO STEVEN R HAWLEY IRA | CLASS 3 | 25,000.00 | 24.31 | 0.00 | 24,975.69 |
| HAWTHORNE/BOTCHIS | JENNIFER HAWTHORNE & ELIZABETH BOTCHIS | CLASS 3 | 50,000.00 | 2,347.26 | 0.00 | 47,652.74 |
| HAWTHORNE/BOTCHIS | JENNIFER HAWTHORNE & ELIZABETH BOTCHIS | CLASS 5 | 60,000.00 | 2,816.72 | 0.00 | 57,183.28 |
| HAYDEN | MAINSTAR-FBO MARY HAYDEN T2176190 | CLASS 3 | 73,901.00 | 2,669.17 | 0.00 | 71,231.83 |
| HAYDEN | MAINSTAR-FBO RICHARD HAYDEN | CLASS 3 | 25,000.00 | 1,300.00 | 0.00 | 23,700.00 |
| HAYES | DAVID M HAYES | CLASS 3 | 50,000.00 | 4,125.01 | 0.00 | 45,874.99 |
| HAYES | PROV. TR GP-FBO KEVIN J HAYES IRA | CLASS 3 | 93,500.00 | 10,653.95 | 0.00 | 82,846.05 |
| HAYNES | HAYNES FT | CLASS 5 | 850,000.00 | 74,847.19 | 0.00 | 775,152.81 |
| HAYNES | PROV. TR GP-FBO STEVEN D HAYNES IRA | CLASS 3 | 100,000.00 | 21,487.49 | 0.00 | 78,512.51 |
| HAYNES | PROV. TR GP-FBO STEVEN D HAYNES IRA | CLASS 5 | 100,000.00 | 21,487.49 | 0.00 | 78,512.51 |
| HAYNES | SANDRA B HAYNES RLT | CLASS 3 | 470,000.00 | 87,855.03 | 0.00 | 382,144.97 |
| HAYNES | SANDRA B HAYNES RLT | CLASS 5 | 636,153.40 | 118,913.36 | 0.00 | 517,240.04 |
| HAYS | JUDITH HAYS | CLASS 3 | 150,000.00 | 2,216.67 | 0.00 | 147,783.33 |
| HAZARD | CYNTHIA HAZARD | CLASS 3 | 51,000.00 | 325.83 | 0.00 | 50,674.17 |
| HAZELRIGG | BRIAN HAZELRIGG | CLASS 3 | 80,000.00 | 4,180.04 | 0.00 | 75,819.96 |
| HAZELTON/FREED | DONALD G HAZELTON & CONNIE A FREED | CLASS 3 | 75,000.00 | 6,820.48 | 0.00 | 68,179.52 |
| HAZEN | HAZEN FAMILY IRREV TR | CLASS 3 | 300,000.00 | 4,250.00 | 0.00 | 295,750.00 |
| HAZZARD | LLOYD CECIL HAZZARD | CLASS 3 | 35,390.31 | 0.00 | 0.00 | 35,390.31 |
| HEAD | PROV. TR GP-FBO GINA MARIE HEAD IRA | CLASS 5 | 77,000.00 | 18,501.39 | 0.00 | 58,498.61 |
| HEAD | PROV. TR GP-FBO TONY D HEAD TRAD IRA | CLASS 3 | 50,000.00 | 15,326.36 | 0.00 | 34,673.64 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HEALTH CORE | HEALTH CORE TR AMENDED 10/30/03 | CLASS 3 | 25,000.00 | 3,471.96 | 0.00 | 21,528.04 |
| HEALTH CORE | HEALTH CORE TR AMENDED 10/30/03 | CLASS 5 | 300,000.00 | 41,663.47 | 0.00 | 258,336.53 |
| HEARN | SHERMAN HEARN | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| HEBERT | RONALD R E HEBERT | CLASS 3 | 100,000.00 | 10,583.33 | 0.00 | 89,416.67 |
| HECHT | KEVIN W HECHT | CLASS 3 | 50,000.00 | 12,794.35 | 0.00 | 37,205.65 |
| HECHTMAN | MAINSTAR-FBO BURL HECHTMAN T176616 | CLASS 3 | 200,000.00 | 10,111.11 | 0.00 | 189,888.89 |
| HECHTMAN | MAINSTAR-FBO MAX HECHTMAN T2176617 | CLASS 3 | 25,000.00 | 1,103.47 | 0.00 | 23,896.53 |
| HECK | RICKY L & SHAWNA R HECK | CLASS 3 | 650,000.00 | 20,242.38 | 0.00 | 629,757.62 |
| HECKER | SHEILA O HECKER | CLASS 3 | 50,000.00 | 4,121.65 | 0.00 | 45,878.35 |
| HECKLER | ALVIN & BEVERLY HECKLER | CLASS 3 | 50,000.00 | 2,069.45 | 0.00 | 47,930.55 |
| HECKMAN | PROV. TR GP-FBO HAROLD E HECKMAN IRA | CLASS 5 | 500,000.00 | 76,305.60 | 0.00 | 423,694.40 |
| HEDRICKS | NANCY C HEDRICKS | CLASS 3 | 50,000.00 | 1,732.33 | 0.00 | 48,267.67 |
| HEENEY | CYNTHIA M HEENEY RT DTD 10/16/15 | CLASS 3 | 150,000.00 | 7,204.17 | 0.00 | 142,795.83 |
| HEFFELFINGER | PHILLIP HEFFELFINGER | CLASS 3 | 50,000.00 | 3,225.00 | 0.00 | 46,775.00 |
| HEGER | PROV. TR GP-FBO THOMAS J HEGER IRA | CLASS 3 | 99,500.00 | 6,603.27 | 0.00 | 92,896.73 |
| HEGER | WILLIAM & ANNA HEGER | CLASS 3 | 200,000.00 | 2,454.16 | 0.00 | 197,545.84 |
| HEIER | PROV. TR GP-FBO KELLIE L HEIER IRA | CLASS 3 | 99,750.00 | 14,197.75 | 0.00 | 85,552.25 |
| HEIMBUCK | MICHAEL D & MARY KAY HEIMBUCK | CLASS 3 | 300,000.00 | 65,480.47 | 0.00 | 234,519.53 |
| HEIMBUCK | MICHAEL D & MARY KAY HEIMBUCK | CLASS 5 | 125,000.00 | 27,283.53 | 0.00 | 97,716.47 |
| HEIMERL | HEIMERL FAMILY IRREV TR | CLASS 3 | 150,000.00 | 7,729.17 | 0.00 | 142,270.83 |
| HEIN | EDWIN L HEIN | CLASS 3 | 25,000.00 | 2,813.97 | 0.00 | 22,186.03 |
| HEINSOHN | KATHY HEINSOHN | CLASS 3 | 50,000.00 | 1,291.65 | 0.00 | 48,708.35 |
| HEINSOHN | SUSAN J HEINSOHN IRREV TR | CLASS 3 | 160,000.00 | 8,733.38 | 0.00 | 151,266.62 |
| HEINZ | DOLORES F HEINZ EST | CLASS 3 | 200,000.00 | 1,833.34 | 0.00 | 198,166.66 |
| HEIPP | MANFRED HEIPP | CLASS 3 | 50,000.00 | 1,133.33 | 0.00 | 48,866.67 |
| HEISTERKAMP | GREG & JANE HEISTERKAMP | CLASS 3 | 25,000.00 | 1,661.41 | 1,000.00 | 22,338.59 |
| HEISTERKAMP | MAX G & ASHLEY J HEISTERKAMP | CLASS 3 | 25,000.00 | 1,359.69 | 0.00 | 23,640.31 |
| HEITKAMP | DOUGLAS R & JANET C HEITKAMP | CLASS 3 | 35,000.00 | 6,309.65 | 1,000.00 | 27,690.35 |
| HEITKAMP | JOSEPH A & ESTHER A HEITKAMP | CLASS 3 | 50,000.00 | 2,700.00 | 0.00 | 47,300.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HEJTMANEK | BERNICE L HEJTMANEK | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| HELGESON | DAN & BETTY HELGESON TR DTD 09/26/06 | CLASS 3 | 97,100.00 | 23,127.20 | 0.00 | 73,972.80 |
| HELGESON | PROV. TR GP-FBO STAN HELGESON IRA | CLASS 5 | 65,380.00 | 5,433.79 | 0.00 | 59,946.21 |
| HELLER | RICHARD B HELLER | CLASS 3 | 100,000.00 | 5,000.04 | 0.00 | 94,999.96 |
| HELLER | WILLIAM HELLER | CLASS 3 | 30,000.00 | 410.00 | 0.00 | 29,590.00 |
| HELLMANN | FREDERICK L HELLMANN | CLASS 3 | 40,000.00 | 2,972.28 | 0.00 | 37,027.72 |
| HELLMANN | JOAN HELLMANN | CLASS 3 | 40,000.00 | 2,170.20 | 0.00 | 37,829.80 |
| HELLSTROM | JUSTIN HELLSTROM | CLASS 3 | 30,000.00 | 8,381.67 | 0.00 | 21,618.33 |
| HELLUMS | DON HELLUMS | CLASS 3 | 50,000.00 | 4,816.19 | 0.00 | 45,183.81 |
| HELLUMS | DON HELLUMS | CLASS 5 | 100,000.00 | 9,632.37 | 0.00 | 90,367.63 |
| HELLUMS | MAINSTAR-FBO DON HELLUMS T2175254 | CLASS 5 | 616,824.75 | 74,722.94 | 0.00 | 542,101.81 |
| HELMAN/ADLER/LEDERER | JUNE HELMAN & A ADLER & B LEDERER | CLASS 3 | 150,000.00 | 1,854.17 | 0.00 | 148,145.83 |
| HELMUTH | PAUL HELMUTH | CLASS 3 | 25,000.00 | 975.72 | 0.00 | 24,024.28 |
| HELSON | ROBERT R HELSON | CLASS 3 | 75,000.00 | 5,791.67 | 0.00 | 69,208.33 |
| HELTON | TIMOTHY J & MEREDITH T HELTON | CLASS 3 | 400,000.00 | 29,111.12 | 0.00 | 370,888.88 |
| HELVEY | CONNIE J HELVEY | CLASS 3 | 50,000.00 | 10,166.75 | 0.00 | 39,833.25 |
| HELVEY | DENNIS D HELVEY | CLASS 3 | 125,000.00 | 25,416.50 | 0.00 | 99,583.50 |
| HELVEY | PROV. TR GP-FBO DENNIS D HELVEY IRA | CLASS 5 | 153,000.00 | 47,395.04 | 0.00 | 105,604.96 |
| HEMANN | THOMAS R & MARY K HEMANN | CLASS 3 | 50,000.00 | 8,316.67 | 0.00 | 41,683.33 |
| HEMMELGARN | DAVID J & ANITA M HEMMELGARN | CLASS 3 | 200,000.00 | 19,313.81 | 0.00 | 180,686.19 |
| HENDERSHOT | WARREN M & DOROTHY L HENDERSHOT | CLASS 3 | 115,000.00 | 7,954.17 | 0.00 | 107,045.83 |
| HENDERSON | ALEXANDER P HENDERSON | CLASS 3 | 100,000.00 | 9,061.06 | 0.00 | 90,938.94 |
| HENDERSON | MICHAEL J & YURIKO K HENDERSON | CLASS 3 | 100,000.00 | 5,275.00 | 0.00 | 94,725.00 |
| HENDERSON | NICHOLE HENDERSON | CLASS 3 | 30,251.20 | 221.85 | 0.00 | 30,029.35 |
| HENDERSON | PROV. TR GP-FBO ALEXANDER HENDERSON IRA | CLASS 3 | 186,575.00 | 16,325.31 | 0.00 | 170,249.69 |
| HENDERSON | PROV. TR GP-FBO GENEVIEVE C HENDERSON IRA | CLASS 3 | 100,000.00 | 5,039.59 | 0.00 | 94,960.41 |
| HENDERSON | PROV. TR GP-FBO GENEVIEVE C HENDERSON IRA | CLASS 5 | 100,000.00 | 5,039.59 | 0.00 | 94,960.41 |
| HENDERSON | YURIKO K & MICHAEL J HENDERSON | CLASS 3 | 50,000.00 | 2,141.66 | 0.00 | 47,858.34 |
| HENDRIX | SUNWEST TR DONALD HENDRIX IRA | CLASS 3 | 200,000.00 | 37,233.33 | 0.00 | 162,766.67 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HENKEL | BENJAMIN G & SHELLEY A HENKEL | CLASS 3 | 125,000.00 | 6,640.63 | 0.00 | 118,359.37 |
| HENNESSEE | DAVID ALDEN HENNESSEE | CLASS 3 | 100,000.00 | 7,833.29 | 0.00 | 92,166.71 |
| HENNESSEE | DAVID HENNESSEE | CLASS 3 | 25,000.00 | 1,203.09 | 0.00 | 23,796.91 |
| HENNESSEE | ETHELRINE P HENNESSEE | CLASS 3 | 30,000.00 | 820.83 | 0.00 | 29,179.17 |
| HENNIG | PROV. TR GP-FBO BRIGITTE HENNIG IRA | CLASS 3 | 52,938.00 | 9,997.91 | 0.00 | 42,940.09 |
| HENNIG | PROV. TR GP-FBO HORST D HENNIG IRA | CLASS 3 | 52,937.00 | 9,967.70 | 0.00 | 42,969.30 |
| HENNIGH | JACK HENNIGH & SUSAN WHITMORE-HENNIGH | CLASS 3 | 100,000.00 | 638.89 | 0.00 | 99,361.11 |
| HENRICH | ROBERT W HENRICH | CLASS 3* | 77,000.00 | 1,155.00 | 0.00 | 75,845.00 |
| HENRY | DIANE D HENRY | CLASS 5 | 250,000.00 | 76,597.10 | 0.00 | 173,402.90 |
| HENRY | IRA SVCS TR CO-CFBO DUANE G HENRY IRA | CLASS 3 | 200,000.00 | 5,005.55 | 0.00 | 194,994.45 |
| HENRY | MARIE D HENRY | CLASS 5 | 89,000.00 | 20,544.23 | 0.00 | 68,455.77 |
| HENRY | ROBERT & LAURETTA HENRY RLT DTD 10/19/04 | CLASS 3 | 50,000.00 | 41.67 | 0.00 | 49,958.33 |
| HENRY | WILLIAM D HENRY | CLASS 3 | 750,000.00 | 130,981.85 | 0.00 | 619,018.15 |
| HENRY | WILLIAM D HENRY | CLASS 5 | 400,000.00 | 69,856.99 | 0.00 | 330,143.01 |
| HENSCHEL | JAMES & LEONORE HENSCHEL | CLASS 3 | 100,000.00 | 3,163.91 | 0.00 | 96,836.09 |
| HENSLEIGH | JAMES HENSLEIGH | CLASS 3 | 60,000.00 | 12,670.00 | 0.00 | 47,330.00 |
| HENSON | IRA SVCS TR CO-CFBO PATSY I HENSON | CLASS 3 | 75,000.00 | 1,225.00 | 0.00 | 73,775.00 |
| HERBERS | JAMES L HERBERS | CLASS 3 | 25,000.00 | 253.48 | 0.00 | 24,746.52 |
| HERCZOG | HERCZOG FT | CLASS 3 | 950,000.00 | 50,072.95 | 0.00 | 899,927.05 |
| HERCZOG | RICHARD HERCZOG | CLASS 3 | 50,000.00 | 2,635.45 | 0.00 | 47,364.55 |
| HERCZOG | THE RICHARD & MICHELLE HERCZOG FT | CLASS 3 | 50,000.00 | 534.72 | 0.00 | 49,465.28 |
| HERDOCIA | PROV. TR GP-FBO JULIO HERDOCIA IRA | CLASS 3 | 104,400.00 | 10,601.67 | 0.00 | 93,798.33 |
| HERENDEEN | IRA SVCS TR CO-CFBO PHYLLIS L HERENDEEN | CLASS 3 | 55,900.00 | 503.10 | 0.00 | 55,396.90 |
| HERKLOTZ | CAROL HERKLOTZ | CLASS 3 | 40,000.00 | 1,517.22 | 0.00 | 38,482.78 |
| HERLONG | IRA SVCS TR CO-CFBO MARIANNE HERLONG IRA | CLASS 3 | 50,000.00 | 3,281.25 | 0.00 | 46,718.75 |
| HERLONG | MARIANNE HERLONG | CLASS 3 | 60,000.00 | 4,125.00 | 0.00 | 55,875.00 |
| HERMAN | PROV. TR GP-FBO TODD HERMAN SEP IRA | CLASS 3 | 89,000.00 | 8,149.48 | 0.00 | 80,850.52 |
| HERMANSEN | DAVID HERMANSEN | CLASS 3 | 400,000.00 | 18,272.25 | 3,000.00 | 378,727.75 |
| HERMANSEN | PROV. TR GP-FBO DAVID HERMANSEN IRA | CLASS 3 | 159,764.00 | 14,815.58 | 0.00 | 144,948.42 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HERMANSEN | PROV. TR GP-FBO DAVID HERMANSEN IRA | CLASS 5 | 100,000.00 | 9,273.42 | 0.00 | 90,726.58 |
| HERMITTE | JOEL P HERMITTE | CLASS 3 | 90,000.00 | 9,798.75 | 0.00 | 80,201.25 |
| HERN | CYNTHIA HERN | CLASS 3 | 50,000.00 | 1,097.21 | 0.00 | 48,902.79 |
| HERRERA | DAVID HERRERA | CLASS 5 | 100,000.00 | 21,999.91 | 0.00 | 78,000.09 |
| HERRICK | ALAN HERRICK | CLASS 3 | 50,000.00 | 4,591.67 | 0.00 | 45,408.33 |
| HERRINGTON | PAUL R & KAY HERRINGTON FT | CLASS 3 | 75,000.00 | 4,260.42 | 0.00 | 70,739.58 |
| HERRMANN | WILLIAM N & JILL A HERRMANN | CLASS 3 | 125,000.00 | 20,995.78 | 0.00 | 104,004.22 |
| HERTVIK | JOHN HERTVIK JR | CLASS 3 | 215,000.00 | 6,073.05 | 0.00 | 208,926.95 |
| HESPEN | JEAN M & ROBERT K HESPEN | CLASS 5 | 500,000.00 | 84,827.36 | 10,588.24 | 404,584.40 |
| HESS | BILL C HESS | CLASS 3 | 60,000.00 | 2,483.34 | 0.00 | 57,516.66 |
| HESS | CAROL A HESS | CLASS 3 | 30,000.00 | 8,773.55 | 2,267.57 | 18,958.88 |
| HESS | IRA SVCS TR CO-CFBO LYNDALL R HESS IRA | CLASS 3 | 26,000.00 | 538.04 | 0.00 | 25,461.96 |
| HESS/RAPPA | VERNON R HESS & DEBBI RAPPA | CLASS 3 | 30,000.00 | 350.00 | 0.00 | 29,650.00 |
| HETTINGER | ROBERT & MARTHA HETTINGER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| HEWETT | SCOTT HEWETT | CLASS 3 | 75,000.00 | 781.25 | 0.00 | 74,218.75 |
| HEWLETT | DIXON W HEWLETT TR U/A/D 04/09/15 | CLASS 3 | 25,000.00 | 3,119.85 | 0.00 | 21,880.15 |
| HEYDARI | SANAZ HEYDARI | CLASS 3 | 25,000.00 | 2,641.67 | 0.00 | 22,358.33 |
| HEYDEN | TIMOTHY L VANDER HEYDEN | CLASS 3 | 40,000.00 | 422.23 | 0.00 | 39,577.77 |
| HICKEY | EDWARD S JR & VALERIE A HICKEY | CLASS 5 | 1,500,000.00 | 281,114.56 | 0.00 | 1,218,885.44 |
| HICKS | B MATTHEW & LISA L HICKS | CLASS 5 | 400,000.00 | 159,010.89 | 0.00 | 240,989.11 |
| HICKS | MICHAEL HICKS | CLASS 3 | 75,000.00 | 6,988.06 | 0.00 | 68,011.94 |
| HICKS | MICHAEL HICKS | CLASS 5 | 100,000.00 | 9,317.41 | 0.00 | 90,682.59 |
| HICKS | PATRICIA A HICKS | CLASS 3 | 30,000.00 | 862.50 | 0.00 | 29,137.50 |
| HICOCK | KATHERINE HICOCK | CLASS 3 | 30,000.00 | 2,852.50 | 0.00 | 27,147.50 |
| HIDDEN TREASURE | HIDDEN TREASURE CHRISTIAN SCHOOL | CLASS 3 | 300,000.00 | 9,950.00 | 0.00 | 290,050.00 |
| HIGGENBOTHAM | HENRY H HIGGENBOTHAM | CLASS 3 | 250,000.00 | 7,375.00 | 0.00 | 242,625.00 |
| HIGGS | PROV. TR GP-FBO RONALD HIGGS IRA | CLASS 5 | 100,000.00 | 14,472.23 | 0.00 | 85,527.77 |
| HIGGS | PROV. TR GP-FBO WINNIE HIGGS IRA | CLASS 5 | 100,000.00 | 14,000.00 | 0.00 | 86,000.00 |
| HIGH | KEITH M HIGH | CLASS 3 | 25,000.00 | 1,616.67 | 0.00 | 23,383.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HIGH | PROV. TR GP-FBO MARCELLA J HIGH IRA | CLASS 3 | 25,000.00 | 5,187.55 | 0.00 | 19,812.45 |
| HIGINBOTHAM | LARRY HIGINBOTHAM | CLASS 3 | 80,000.00 | 6,760.00 | 0.00 | 73,240.00 |
| HIGINBOTHAM | LARRY L & VAN STEVEN HIGINBOTHAM | CLASS 3 | 250,000.00 | 37,750.63 | 0.00 | 212,249.37 |
| HILARIO | ETHEL M HILARIO | CLASS 3 | 25,000.00 | 618.07 | 0.00 | 24,381.93 |
| HILBERT | STEVEN F & MARY B HILBERT | CLASS 5 | 200,000.00 | 39,055.63 | 0.00 | 160,944.37 |
| HILDERLEY | MARK HILDERLEY | CLASS 3 | 75,000.00 | 419.79 | 0.00 | 74,580.21 |
| HILL | BARBARA M HILL | CLASS 3 | 25,000.00 | 6,024.95 | 281.69 | 18,693.36 |
| HILL | DENNIS HILL | CLASS 3 | 60,000.00 | 9,593.37 | 0.00 | 50,406.63 |
| HILL | DONALD R HILL | CLASS 3 | 25,000.00 | 1,294.76 | 0.00 | 23,705.24 |
| HILL | IDA M HILL | CLASS 3 | 140,000.00 | 27.22 | 0.00 | 139,972.78 |
| HILL | JAY & LUEDDA HILL | CLASS 3 | 30,000.00 | 120.00 | 0.00 | 29,880.00 |
| HILL | JIMMY E HILL | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| HILL | KYLE D & GINA R HILL | CLASS 3 | 100,000.00 | 7,176.43 | 0.00 | 92,823.57 |
| HILL | KYLE HILL | CLASS 3 | 50,000.00 | 4,544.49 | 0.00 | 45,455.51 |
| HILL | LAWRENCE R HILL TR DTD 09/30/94 | CLASS 3 | 150,000.00 | 8,531.25 | 0.00 | 141,468.75 |
| HILL | MARVIN HILL | CLASS 3 | 100,000.00 | 24,935.64 | 0.00 | 75,064.36 |
| HILL | OLEN E & CHARLENE HILL | CLASS 3 | 180,000.00 | 22,390.00 | 0.00 | 157,610.00 |
| HILL | PROV. TR GP-FBO DENNIS HILL IRA | CLASS 3 | 62,000.00 | 14,265.24 | 0.00 | 47,734.76 |
| HILL | PROV. TR GP-FBO MARVIN HILL IRA | CLASS 5 | 104,500.00 | 39,082.93 | 0.00 | 65,417.07 |
| HILL | PROV. TR GP-FBO SHELLEY HILL IRA | CLASS 3 | 75,000.00 | 5,241.67 | 0.00 | 69,758.33 |
| HILL | RJK HILL FT | CLASS 3 | 50,000.00 | 3,666.63 | 0.00 | 46,333.37 |
| HILLBERG | JANICE & DONALD HILLBERG | CLASS 3 | 100,000.00 | 350.00 | 0.00 | 99,650.00 |
| HILLER | DAVID & MARGARET HILLER | CLASS 3 | 30,000.00 | 3,161.67 | 0.00 | 26,838.33 |
| HINES | BOBBY & CHRISTINE HINES LT 10/16/06 | CLASS 5 | 50,000.00 | 15,033.37 | 2,267.57 | 32,699.06 |
| HINES | BOBBY & CHRISTINE HINES TBT ENTIRETIES | CLASS 5 | 300,000.00 | 107,541.80 | 0.00 | 192,458.20 |
| HINES | HINES RET SOLO 401K FBO BOBBY D HINES JR | CLASS 5 | 100,000.00 | 22,878.39 | 2,267.57 | 74,854.04 |
| HINES | HINES RET SOLO 401K FBO CHRISTINE HINES | CLASS 5 | 110,000.00 | 24,009.56 | 2,267.57 | 83,722.87 |
| HINES | KELLI L HINES | CLASS 3 | 25,000.00 | 7,459.67 | 2,752.50 | 14,787.83 |
| HINKLEY | THE PATRICIA D HINKLEY LT | CLASS 5 | 600,000.00 | 104,110.88 | 0.00 | 495,889.12 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HINRICHS | DAVID HINRICHS & DEBORAH PRICE-HINRICHS | CLASS 3 | 40,000.00 | 3,433.29 | 0.00 | 36,566.71 |
| HINSCH | HERBERT & TONI A HINSCH | CLASS 3 | 25,000.00 | 1,283.33 | 0.00 | 23,716.67 |
| HINSON | ALICE P HINSON | CLASS 3 | 60,000.00 | 2,190.83 | 0.00 | 57,809.17 |
| HINTON | MAINSTAR-FBO HEATHER HINTON BT177098 | CLASS 3 | 99,100.00 | 1,899.42 | 0.00 | 97,200.58 |
| HIPSKIND | NICHOLAS & SANDRA HIPSKIND | CLASS 3 | 50,000.00 | 2,322.26 | 0.00 | 47,677.74 |
| HIRNIKEL | DANIEL HIRNIKEL | CLASS 3 | 50,000.00 | 604.17 | 0.00 | 49,395.83 |
| HIROTA | IRA SVCS TR CO-CFBO JOHANNA HIROTA IRA | CLASS 3 | 25,000.00 | 1,341.64 | 0.00 | 23,658.36 |
| HIROTA | JOHANNA HIROTA | CLASS 3 | 50,000.00 | 1,059.73 | 0.00 | 48,940.27 |
| HISKO | STANLEY & KERRY ANN HISKO | CLASS 5 | 250,000.00 | 34,201.58 | 0.00 | 215,798.42 |
| HITCHENS | PROV. TR GP-FBO LINDA G HITCHENS IRA | CLASS 3 | 95,000.00 | 11,847.80 | 0.00 | 83,152.20 |
| HITCHENS | PROV. TR GP-FBO LINDA G HITCHENS IRA | CLASS 5 | 100,000.00 | 12,471.37 | 0.00 | 87,528.63 |
| HOADLEY | PROV. TR GP-FBO MARY HOADLEY IRA | CLASS 3 | 50,000.00 | 3,354.16 | 0.00 | 46,645.84 |
| HOAG | PROV. TR GP-FBO DONNA D HOAG IRA | CLASS 3 | 103,275.00 | 5,761.88 | 0.00 | 97,513.12 |
| HOCHBERG | IRENE HOCHBERG | CLASS 3 | 50,000.00 | 2,638.85 | 0.00 | 47,361.15 |
| HOCHBERG | MAINSTAR-FBO SUSAN HOCHBERG T2178305 | CLASS 3 | 99,400.00 | 541.18 | 0.00 | 98,858.82 |
| HOCHHAUSER | BARBARA & ABRAHAM HOCHHAUSER | CLASS 3 | 175,000.00 | 20,233.80 | 0.00 | 154,766.20 |
| HOCHHEIMER | RONALD M & PATRICIA A HOCHHEIMER | CLASS 3 | 25,000.00 | 2,762.50 | 0.00 | 22,237.50 |
| HOCK | SARAH HOCK | CLASS 3 | 90,000.00 | 1,522.50 | 0.00 | 88,477.50 |
| HOCKMAN | MAINSTAR-FBO BETTY HOCKMAN R2177312 | CLASS 3 | 27,000.00 | 1,120.50 | 0.00 | 25,879.50 |
| HOCKMAN | MAINSTAR-FBO BETTY HOCKMAN T2177311 | CLASS 3 | 72,000.00 | 2,988.00 | 0.00 | 69,012.00 |
| HOCKMAN | MAINSTAR-FBO MICHAEL HOCKMAN R2177255 | CLASS 3 | 30,000.00 | 1,245.00 | 0.00 | 28,755.00 |
| HOCKMAN | MAINSTAR-FBO MICHAEL HOCKMAN T2177256 | CLASS 3 | 53,500.00 | 2,220.25 | 0.00 | 51,279.75 |
| HODDINOTT | WILLIAM S II & BONNIE L HODDINOTT | CLASS 3 | 25,000.00 | 14,200.44 | 0.00 | 10,799.56 |
| HODGE | JOHN E & LYNN W HODGE | CLASS 3 | 349,330.00 | 23,293.76 | 0.00 | 326,036.24 |
| HODNE | MAINSTAR-FBO RUTH HODNE T2177455 | CLASS 3 | 42,000.00 | 574.00 | 0.00 | 41,426.00 |
| HODNE | THOMAS T & RUTH HODNE | CLASS 3 | 60,000.00 | 1,410.00 | 0.00 | 58,590.00 |
| HOEGEMEYER | THE HOEGEMEYER FT | CLASS 3 | 25,000.00 | 1,750.00 | 0.00 | 23,250.00 |
| HOEM | MIDLAND NL-FBO EDWARD HOEM | CLASS 5 | 50,000.00 | 21,954.55 | 0.00 | 28,045.45 |
| HOERNER | MAINSTAR-FBO JEFFREY D HOERNER T2175149 | CLASS 3 | 52,500.00 | 3,834.17 | 0.00 | 48,665.83 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HOFF | GLEN & KATHRYN HOFF | CLASS 3 | 50,000.00 | 8,978.50 | 0.00 | 41,021.50 |
| HOFF | PROV. TR GP-FBO KATHRYN I HOFF IRA | CLASS 5 | 303,678.59 | 93,380.57 | 0.00 | 210,298.02 |
| HOFFMAN | HOFFMAN FT | CLASS 3 | 250,000.00 | 1,375.00 | 0.00 | 248,625.00 |
| HOFFMAN | JOHN & REBECCA HOFFMAN | CLASS 3 | 50,000.00 | 2,051.41 | 0.00 | 47,948.59 |
| HOFFMAN | JUNE M HOFFMAN | CLASS 3 | 40,000.00 | 861.13 | 0.00 | 39,138.87 |
| HOFFMAN | PAUL D & MARY F HOFFMAN | CLASS 3 | 100,000.00 | 5,288.91 | 0.00 | 94,711.09 |
| HOFFMAN | RICHARD S & DENISE C HOFFMAN | CLASS 3 | 40,000.00 | 420.00 | 0.00 | 39,580.00 |
| HOFFMAN | ROBERT HOFFMAN | CLASS 3 | 40,000.00 | 377.78 | 0.00 | 39,622.22 |
| HOFFMAN | THEODORE & PATRICIA HOFFMAN | CLASS 3 | 195,000.00 | 13,786.59 | 0.00 | 181,213.41 |
| HOFMANN | IRA SVCS TR CO-CFBO CAROL HOFMANN | CLASS 3 | 177,500.00 | 1,479.16 | 0.00 | 176,020.84 |
| HOFTIEZER/BUNKERS | ELAINE HOFTIEZER & JENNIFER BUNKERS | CLASS 3 | 25,000.00 | 1,312.54 | 0.00 | 23,687.46 |
| HOGANSON | VICKY F HOGANSON | CLASS 3 | 50,000.00 | 5,092.33 | 0.00 | 44,907.67 |
| HOGG | MIRIAM L HOGG | CLASS 3 | 100,000.00 | 2,083.35 | 0.00 | 97,916.65 |
| HOKANSON | RUSSELL KENT & DORIS LEONE HOKANSON | CLASS 3 | 125,000.00 | 7,266.67 | 0.00 | 117,733.33 |
| HOKANSON | THE RUSSELL & DORIS HOKANSON LT | CLASS 3 | 100,000.00 | 3,783.33 | 0.00 | 96,216.67 |
| HOKE | THE JOHN NEVIN HOKE RT U/A/D 01/19/16 | CLASS 3 | 40,000.00 | 1,733.36 | 0.00 | 38,266.64 |
| HOLBERT | CURTIS E & ELIZABETH A HOLBERT | CLASS 3 | 200,000.00 | 3,750.01 | 0.00 | 196,249.99 |
| HOLBROOK | FRED J & BESSIE B HOLBROOK | CLASS 3 | 490,000.00 | 10,200.00 | 0.00 | 479,800.00 |
| HOLBROOK | PROV. TR GP-FBO KENNETH L HOLBROOK IRA | CLASS 3 | 180,000.00 | 22,727.77 | 0.00 | 157,272.23 |
| HOLDEN | MAINSTAR-FBO KIMBERLY F HOLDEN T2178162 | CLASS 3 | 86,839.00 | 796.03 | 0.00 | 86,042.97 |
| HOLDEN | WILLIAM L HOLDEN JR | CLASS 3 | 240,000.00 | 29,367.05 | 1,000.00 | 209,632.95 |
| HOLDENER | FRED R & HELEN I HOLDENER | CLASS 3 | 200,000.00 | 8,027.84 | 0.00 | 191,972.16 |
| HOLEWINSKI | KATHLEEN A HOLEWINSKI | CLASS 3 | 25,000.00 | 458.35 | 0.00 | 24,541.65 |
| HOLLAND | BETTY B HOLLAND LT UTD 02/20/98 | CLASS 3 | 175,000.00 | 21,227.11 | 0.00 | 153,772.89 |
| HOLLAND | MARIA T HOLLAND | CLASS 3 | 575,000.00 | 67,200.31 | 0.00 | 507,799.69 |
| HOLLAND | PROV. TR GP-FBO MARIA T HOLLAND IRA | CLASS 3 | 58,880.00 | 6,602.88 | 0.00 | 52,277.12 |
| HOLLAND | SAMUEL GENE HOLLAND | CLASS 5 | 300,000.00 | 20,095.84 | 2,000.00 | 277,904.16 |
| HOLLER | MAINSTAR-FBO PETER D HOLLER R2178065 | CLASS 3 | 50,000.00 | 911.11 | 0.00 | 49,088.89 |
| HOLLER | MAINSTAR-FBO PETER D HOLLER T2176546 | CLASS 3 | 25,159.00 | 1,425.67 | 0.00 | 23,733.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HOLLEY | HORACE P HOLLEY JR | CLASS 3 | 90,000.00 | 3,204.22 | 0.00 | 86,795.78 |
| HOLLIDAY | KAREN & NOEL HOLLIDAY | CLASS 3 | 30,000.00 | 745.00 | 0.00 | 29,255.00 |
| HOLLINGSWORTH | MAINSTAR-FBO C HOLLINGSWORTH T2176325 | CLASS 3 | 373,000.00 | 11,759.86 | 0.00 | 361,240.14 |
| HOLLOWAY | MABEL HOLLOWAY | CLASS 3 | 100,000.00 | 1,069.45 | 0.00 | 98,930.55 |
| HOLLOWAY | RONALD W & MARY C HOLLOWAY | CLASS 3 | 100,000.00 | 5,041.71 | 0.00 | 94,958.29 |
| HOLLOWELL | PAUL M HOLLOWELL | CLASS 3 | 100,000.00 | 5,337.53 | 0.00 | 94,662.47 |
| HOLLY | PROV. TR GP-FBO JIMMY HOLLY IRA | CLASS 3 | 180,000.00 | 31,794.38 | 0.00 | 148,205.62 |
| HOLMAN | MARK & KATHY HOLMAN | CLASS 3 | 50,000.00 | 604.16 | 0.00 | 49,395.84 |
| HOLMES | DAVID & PEGGY HOLMES | CLASS 3 | 100,000.00 | 388.89 | 0.00 | 99,611.11 |
| HOLMES | DELORES J HOLMES | CLASS 3 | 70,000.00 | 3,486.36 | 0.00 | 66,513.64 |
| HOLMES | JEFFREY & PATRICIA HOLMES | CLASS 3 | 250,000.00 | 15,036.87 | 0.00 | 234,963.13 |
| HOLMES | JEFFREY & PATRICIA HOLMES | CLASS 3* | 50,000.00 | 3,783.33 | 0.00 | 46,216.67 |
| HOLMES | NANCY H & STEPHEN F HOLMES | CLASS 3 | 99,650.00 | 16,331.32 | 0.00 | 83,318.68 |
| HOLSTEAD | THE HOLSTEAD TR DTD 02/16/16 | CLASS 3 | 60,000.00 | 9,386.62 | 990.00 | 49,623.38 |
| HOLZAPFEL | PROV. TR GP-FBO REX HOLZAPFEL IRA | CLASS 3 | 26,400.00 | 2,268.93 | 0.00 | 24,131.07 |
| HOLZAPFEL | PROV. TR GP-FBO VICTORIA HOLZAPFEL IRA | CLASS 3 | 53,000.00 | 4,555.06 | 0.00 | 48,444.94 |
| HOLZMANN | THEODORE W & DIANE K HOLZMANN | CLASS 3 | 25,000.00 | 665.96 | 0.00 | 24,334.04 |
| HOLZWARTH | COLLIN K HOLZWARTH | CLASS 3 | 50,000.00 | 7,275.01 | 0.00 | 42,724.99 |
| HOMAN | DANIEL L & BRENDA L HOMAN RLT | CLASS 3 | 166,500.00 | 23,871.56 | 0.00 | 142,628.44 |
| HOMAN | DANIEL L & BRENDA L HOMAN RLT | CLASS 5 | 50,000.00 | 7,168.64 | 0.00 | 42,831.36 |
| HOMAN | GREGORY MARK & JANE MARIE HOMAN | CLASS 3 | 50,000.00 | 1,432.31 | 0.00 | 48,567.69 |
| HOMAN | PROV. TR GP-FBO MICHELE R HOMAN IRA | CLASS 5 | 100,000.00 | 35,361.00 | 0.00 | 64,639.00 |
| HOMAN | RICK J & CATHLEEN J HOMAN | CLASS 3 | 210,000.00 | 36,605.03 | 0.00 | 173,394.97 |
| HOMAN | RICK J & CATHLEEN J HOMAN | CLASS 5 | 216,500.00 | 37,738.04 | 0.00 | 178,761.96 |
| HOMAN | THE RYAN & JANELLE HOMAN RT DTD 03/22/16 | CLASS 3 | 25,000.00 | 460.41 | 0.00 | 24,539.59 |
| HOMOLA | PAUL J & MARIA D HOMOLA | CLASS 3 | 50,000.00 | 6,358.33 | 0.00 | 43,641.67 |
| HONIG | PAUL HONIG | CLASS 3 | 35,000.00 | 488.54 | 0.00 | 34,511.46 |
| HONIG | PAUL HONIG RLT 04/19/99/PAUL HONIG | CLASS 3 | 265,000.00 | 45,873.61 | 0.00 | 219,126.39 |
| HONIG | PAUL HONIG RLT 04/19/99/PAUL HONIG | CLASS 5 | 100,000.00 | 17,310.80 | 0.00 | 82,689.20 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HONIG | PROV. TR GP-FBO CARLA HONIG IRA | CLASS 3 | 382,669.02 | 30,088.33 | 0.00 | 352,580.69 |
| HONIG | PROV. TR GP-FBO CARLA HONIG IRA | CLASS 5 | 150,000.00 | 11,794.13 | 0.00 | 138,205.87 |
| HONIG | PROV. TR GP-FBO PAUL HONIG IRA | CLASS 3 | 57,281.91 | 7,799.30 | 0.00 | 49,482.61 |
| HONIG | PROV. TR GP-FBO PAUL HONIG IRA | CLASS 5 | 100,000.00 | 13,615.64 | 0.00 | 86,384.36 |
| HONMA/ORTIZ | MAILE K HONMA & SHARON LYNN ORTIZ | CLASS 3 | 26,000.00 | 1,154.81 | 0.00 | 24,845.19 |
| HOOD | KEN R & KENDRA J HOOD | CLASS 3 | 50,000.00 | 3,158.33 | 0.00 | 46,841.67 |
| HOOD | MAINSTAR-FBO TERRY C HOOD | CLASS 3 | 42,016.31 | 2,696.05 | 0.00 | 39,320.26 |
| HOOD | MICHAEL HOUSTON HOOD | CLASS 5 | 80,000.00 | 32,186.23 | 0.00 | 47,813.77 |
| HOOI | KOK KING & EFINA HOOI | CLASS 3 | 50,000.00 | 1,100.00 | 0.00 | 48,900.00 |
| HOOKS | THE HOOKS FLT, ROY & ROSE HOOKS | CLASS 5 | 300,000.00 | 107,708.21 | 0.00 | 192,291.79 |
| HOOPER | GARY CLIFTON HOOPER | CLASS 3 | 110,000.00 | 5,092.12 | 0.00 | 104,907.88 |
| HOPE | ROSE-ELLEN HOPE | CLASS 3 | 75,000.00 | 14,383.96 | 0.00 | 60,616.04 |
| HOPKINS | THE STEPHEN D HOPKINS TR | CLASS 5 | 50,000.00 | 17,402.94 | 0.00 | 32,597.06 |
| HOPSON | KENNETH M & NANCY K HOPSON RLT 04/28/11 | CLASS 3 | 25,000.00 | 1,470.83 | 0.00 | 23,529.17 |
| HORN | JAMES R HORN | CLASS 3 | 50,000.00 | 5,285.37 | 0.00 | 44,714.63 |
| HORN | MAINSTAR-FBO ELIZABETH J HORN | CLASS 3 | 78,218.25 | 4,623.57 | 0.00 | 73,594.68 |
| HORNADAY | ALAN L & MARY L HORNADAY | CLASS 3 | 100,000.00 | 5,283.33 | 0.00 | 94,716.67 |
| HORNBAKER | MARY E HORNBAKER | CLASS 3 | 150,000.00 | 4,987.50 | 0.00 | 145,012.50 |
| HORNER | CRAIG W & MARIANNE HORNER | CLASS 3 | 50,000.00 | 2,121.50 | 0.00 | 47,878.50 |
| HORNER | CRAIG W HORNER DDS PC PSP | CLASS 3 | 50,000.00 | 2,121.50 | 0.00 | 47,878.50 |
| HORNER | MARIANNE DRUVA HORNER TR | CLASS 3 | 50,000.00 | 1,433.33 | 0.00 | 48,566.67 |
| HORNFECK | IRA SVCS TR CO-CFBO TERESA C HORNFECK IRA | CLASS 3 | 160,000.00 | 18,515.89 | 0.00 | 141,484.11 |
| HORNFECK | TERESA C HORNFECK | CLASS 3 | 510,000.00 | 97,250.88 | 0.00 | 412,749.12 |
| HORNING | ALLEN & MARY HORNING | CLASS 3 | 135,000.00 | 30,819.26 | 1,255.79 | 102,924.95 |
| HORNING | ALLEN & MARY HORNING | CLASS 5 | 60,000.00 | 13,697.45 | 558.13 | 45,744.42 |
| HORNING | PROV. TR GP-FBO ALLEN HORNING IRA | CLASS 5 | 80,000.00 | 10,533.33 | 0.00 | 69,466.67 |
| HORNING | PROV. TR GP-FBO MARY E HORNING IRA | CLASS 5 | 95,699.00 | 6,512.85 | 0.00 | 89,186.15 |
| HORNUNG | BRIAN J & JULIE A HORNUNG | CLASS 3 | 25,000.00 | 1,538.92 | 0.00 | 23,461.08 |
| HORNUNG | EDWARD J & ARLENE F HORNUNG JRT | CLASS 3 | 25,000.00 | 1,295.18 | 0.00 | 23,704.82 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HORST | HELEN & CHESTER HORST | CLASS 3 | 30,000.00 | 683.33 | 0.00 | 29,316.67 |
| HORST | RALPH HORST | CLASS 3 | 100,000.00 | 4,459.75 | 0.00 | 95,540.25 |
| HORTON | WILLIAM H HORTON | CLASS 3 | 25,000.00 | 943.04 | 0.00 | 24,056.96 |
| HORVATH | IRA SVCS TR CO-CFBO MARGO HORVATH | CLASS 3 | 120,000.00 | 2,712.50 | 0.00 | 117,287.50 |
| HORWOOD | DOUG & MARION HORWOOD | CLASS 3 | 125,000.00 | 13,901.32 | 0.00 | 111,098.68 |
| HOSKING | DONNA J HOSKING | CLASS 3 | 70,000.00 | 816.67 | 0.00 | 69,183.33 |
| HOTTOVY | PROV. TR GP-FBO TODD HOTTOVY IRA | CLASS 3 | 25,000.00 | 2,812.50 | 0.00 | 22,187.50 |
| HOUCHIN | RICHARD & MARY HOUCHIN | CLASS 3 | 100,000.00 | 6,116.67 | 0.00 | 93,883.33 |
| HOUDEK | ROBERT HOUDEK | CLASS 3 | 35,000.00 | 1,272.66 | 0.00 | 33,727.34 |
| HOUDEN | TIMOTHY S HOUDEN LT UAD 05/02/02 | CLASS 3 | 100,000.00 | 7,758.29 | 0.00 | 92,241.71 |
| HOULIHAN | PROV. TR GP-FBO ROBERT K HOULIHAN IRA | CLASS 3 | 100,000.00 | 13,702.81 | 0.00 | 86,297.19 |
| HOUSER | PROV. TR GP-FBO DAVID HOUSER IRA | CLASS 3 | 50,000.00 | 379.17 | 0.00 | 49,620.83 |
| HOUSTON | DOUGLAS H & LISA D HOUSTON | CLASS 5 | 100,000.00 | 28,464.09 | 0.00 | 71,535.91 |
| HOVE | MICHAEL H & BRENDA K HOVE | CLASS 3 | 100,000.00 | 9,305.72 | 0.00 | 90,694.28 |
| HOVEN | PROV. TR GP-FBO DAN HOVEN IRA | CLASS 3 | 72,190.00 | 3,831.95 | 0.00 | 68,358.05 |
| HOWARD | BARBARA HOWARD | CLASS 5 | 100,000.00 | 36,374.86 | 0.00 | 63,625.14 |
| HOWARD | NINA HOWARD | CLASS 3 | 25,000.00 | 586.82 | 0.00 | 24,413.18 |
| HOWARD | PROV. TR GP-FBO LINDA JANE HOWARD IRA | CLASS 3 | 54,535.00 | 1,092.21 | 0.00 | 53,442.79 |
| HOWARD | WILLIAM MOSS HOWARD | CLASS 3 | 85,000.00 | 4,295.00 | 0.00 | 80,705.00 |
| HOWDEN | IRA SVCS TR CO-CFBO KATHLEEN P HOWDEN | CLASS 3 | 48,600.00 | 7,464.50 | 0.00 | 41,135.50 |
| HOWDEN | IRA SVCS TR CO-CFBO KENNETH R HOWDEN IRA | CLASS 3 | 60,200.00 | 9,598.17 | 0.00 | 50,601.83 |
| HOWDEN | IRA SVCS TR CO-CFBO RODNEY K HOWDEN | CLASS 3 | 302,500.00 | 27,078.03 | 0.00 | 275,421.97 |
| HOWE | ROBERT W HOWE A/E RT AMND 02/07/02 | CLASS 3 | 115,000.00 | 26,807.69 | 0.00 | 88,192.31 |
| HOWELL | JOE C HOWELL | CLASS 5 | 136,808.98 | 10,679.32 | 0.00 | 126,129.66 |
| HOWELL | PROV. TR GP-FBO ERIC & JULIE HOWELL ICA | CLASS 5 | 50,000.00 | 16,541.82 | 0.00 | 33,458.18 |
| HOWELL | PROV. TR GP-FBO JAMES HOWELL IRA | CLASS 3 | 29,310.00 | 1,841.65 | 0.00 | 27,468.35 |
| HOWELL | PROV. TR GP-FBO JANIS A HOWELL IRA | CLASS 3 | 100,000.00 | 7,784.44 | 0.00 | 92,215.56 |
| HOYER | IRA SVCS TR CO-CFBO KIRSTEN HOYER IRA | CLASS 5 | 100,000.00 | 17,777.71 | 0.00 | 82,222.29 |
| HOYER | KIRSTEN HOYER | CLASS 5 | 100,000.00 | 13,138.84 | 0.00 | 86,861.16 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HOYING | DAVID HOYING | CLASS 3 | 50,000.00 | 1,263.90 | 0.00 | 48,736.10 |
| HRIN | BETTY J HRIN | CLASS 3 | 50,000.00 | 5,834.48 | 0.00 | 44,165.52 |
| HRIN | BETTY J HRIN | CLASS 5 | 100,000.00 | 11,668.97 | 0.00 | 88,331.03 |
| HRONEK | DOUGLAS HRONEK | CLASS 3 | 200,000.00 | 31,882.03 | 0.00 | 168,117.97 |
| HRONEK | THE HRONEK FT | CLASS 3 | 299,700.00 | 49,987.65 | 0.00 | 249,712.35 |
| HRUBY | JAMES HRUBY | CLASS 3 | 50,000.00 | 3,150.00 | 0.00 | 46,850.00 |
| HRUBY | MAINSTAR-FBO JAMES HRUBY | CLASS 3 | 144,000.00 | 8,034.00 | 0.00 | 135,966.00 |
| HSU | HSU FT DTD 10/17/98 | CLASS 3 | 50,000.00 | 5,493.12 | 0.00 | 44,506.88 |
| HU | YUNGANG HU | CLASS 3 | 200,000.00 | 6,439.70 | 0.00 | 193,560.30 |
| HUA | WAYNE HUA | CLASS 3 | 25,000.00 | 1,812.50 | 1,000.00 | 22,187.50 |
| HUANG | ERIC HUANG | CLASS 3 | 25,000.00 | 829.17 | 0.00 | 24,170.83 |
| HUANG | HUNG-CHANG W HUANG | CLASS 3 | 25,000.00 | 1,306.21 | 0.00 | 23,693.79 |
| HUBBARD | BILLY D HUBBARD | CLASS 5 | 100,000.00 | 40,916.51 | 0.00 | 59,083.49 |
| HUBBARD | HARRY HUBBARD | CLASS 3 | 50,000.00 | 4,440.29 | 0.00 | 45,559.71 |
| HUBBARD | MAINSTAR-FBO JON P HUBBARD T2178168 | CLASS 3 | 89,500.00 | 713.51 | 0.00 | 88,786.49 |
| HUBCHIK | GORDON HUBCHIK | CLASS 3 | 50,000.00 | 5,201.35 | 0.00 | 44,798.65 |
| HUBER | BEATRIZ G & DIANA HUBER | CLASS 5 | 100,000.00 | 2,027.77 | 0.00 | 97,972.23 |
| HUBER | BEATRIZ G HUBER TR | CLASS 3 | 60,000.00 | 1,380.00 | 0.00 | 58,620.00 |
| HUBER | DIANA L HUBER LT U/A DTD 04/12/04 | CLASS 3 | 33,174.00 | 0.00 | 0.00 | 33,174.00 |
| HUBER | LINDA & ROBERT HUBER JR | CLASS 3 | 25,000.00 | 1,380.21 | 0.00 | 23,619.79 |
| HUBER | MAUREEN HUBER | CLASS 3 | 50,000.00 | 152.78 | 0.00 | 49,847.22 |
| HUBER/KURUPAS | BEATRIZ HUBER & DEBORAH KURUPAS | CLASS 3 | 50,000.00 | 350.00 | 0.00 | 49,650.00 |
| HUDDLESTON | IRA SVCS TR CO-CFBO RICHARD B HUDDLESTON | CLASS 3 | 101,000.00 | 4,850.78 | 0.00 | 96,149.22 |
| HUDSON | EDWARD HUDSON | CLASS 3 | 100,000.00 | 3,448.59 | 0.00 | 96,551.41 |
| HUDSON | NANCY HUDSON TTEE LU HUDSON FT 02/27/91 | CLASS 3 | 125,000.00 | 8,999.97 | 0.00 | 116,000.03 |
| HUDSON | PROV. TR GP-FBO MARK HUDSON IRA | CLASS 3 | 92,500.00 | 4,443.71 | 0.00 | 88,056.29 |
| HUELSMAN | GERALD L & BETTY HUELSMAN | CLASS 3 | 25,000.00 | 489.60 | 0.00 | 24,510.40 |
| HUEY | GLENN C HUEY | CLASS 3 | 110,000.00 | 7,250.87 | 0.00 | 102,749.13 |
| HUEY | PROV. TR GP-FBO MONIKA L HUEY IRA | CLASS 3 | 62,500.00 | 5,302.08 | 0.00 | 57,197.92 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HUFF | SUSAN HUFF | CLASS 3 | 40,000.00 | 994.46 | 0.00 | 39,005.54 |
| HUFF | THE ERIN & JONATHAN HUFF RT DTD 08/19/16 | CLASS 3 | 50,000.00 | 2,130.59 | 0.00 | 47,869.41 |
| HUFFMAN | CINDY & RANDALL HUFFMAN | CLASS 3 | 25,000.00 | 1,453.51 | 0.00 | 23,546.49 |
| HUFFMAN | RANDALL E & KELLY J HUFFMAN | CLASS 3 | 200,000.00 | 23,624.87 | 0.00 | 176,375.13 |
| HUGGINS | HARVEY A HUGGINS | CLASS 3 | 25,000.00 | 166.67 | 0.00 | 24,833.33 |
| HUGHES | JANTZEN & BETTY JEAN HUGHES | CLASS 3 | 100,000.00 | 3,166.67 | 0.00 | 96,833.33 |
| HUGHES | LINDA M HUGHES RT DTD 01/15/04 | CLASS 3 | 120,000.00 | 2,400.00 | 0.00 | 117,600.00 |
| HUGHES | SONIA M & JAMES J HUGHES | CLASS 3 | 100,000.00 | 7,305.56 | 0.00 | 92,694.44 |
| HUIZING | LORETTA & THOMAS HUIZING | CLASS 3 | 50,000.00 | 9,143.02 | 0.00 | 40,856.98 |
| HULL | DEBORAH & GARY HULL | CLASS 3 | 40,000.00 | 111.11 | 0.00 | 39,888.89 |
| HULL | JOSEPH C HULL | CLASS 5 | 950,000.00 | 233,411.03 | 0.00 | 716,588.97 |
| HULL | NORMAN F HULL JR | CLASS 3 | 50,000.00 | 2,643.09 | 0.00 | 47,356.91 |
| HULL | WESLEY F HULL | CLASS 3 | 50,000.00 | 18,018.93 | 0.00 | 31,981.07 |
| HULL | WESLEY F HULL | CLASS 5 | 500,000.00 | 180,189.28 | 0.00 | 319,810.72 |
| HULLINGER | PROV. TR GP-FBO BENNY HULLINGER IRA | CLASS 3 | 236,000.00 | 23,728.75 | 0.00 | 212,271.25 |
| HULTMAN | CAROL MAE HULTMAN | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| HULTMAN | MARY HULTMAN | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| HUMBER | DEBORAH HUMBER | CLASS 3 | 25,000.00 | 1,287.50 | 0.00 | 23,712.50 |
| HUMBERT | GREGORY HUMBERT | CLASS 3 | 100,000.00 | 3,055.58 | 0.00 | 96,944.42 |
| HUMBERT | MAINSTAR-FBO DANA HUMBERT TW004165 | CLASS 3 | 107,600.00 | 669.51 | 0.00 | 106,930.49 |
| HUMBERT | MAX & SHELIA HUMBERT | CLASS 3 | 1,519,500.00 | 281,419.04 | 0.00 | 1,238,080.96 |
| HUMPHRIES | MERVIN G & MARY HUMPHRIES | CLASS 3 | 75,000.00 | 4,075.69 | 1,000.00 | 69,924.31 |
| HUNG | MAINSTAR-FBO RONNIE HUNG T2176224 | CLASS 3 | 525,000.00 | 37,759.86 | 0.00 | 487,240.14 |
| HUNG | MAINSTAR-FBO SUSANNA HUNG T2177355 | CLASS 3 | 72,000.00 | 2,226.00 | 0.00 | 69,774.00 |
| HUNKINS | CHARLENE & RICHARD HUNKINS | CLASS 3 | 100,000.00 | 5,555.60 | 0.00 | 94,444.40 |
| HUNT | KEVIN HUNT | CLASS 3 | 500,000.00 | 88,734.00 | 0.00 | 411,266.00 |
| HUNT | MAINSTAR-FBO SHERYL A HUNT T2177259 | CLASS 3 | 69,200.00 | 2,906.35 | 0.00 | 66,293.65 |
| HUNT | PROV. TR GP-FBO RUSSELL H HUNT IRA | CLASS 3 | 104,000.00 | 5,588.86 | 0.00 | 98,411.14 |
| HUNT | SUSAN HUNT | CLASS 3 | 40,000.00 | 1,333.36 | 0.00 | 38,666.64 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| HUNT | TERRENCE D & MARY L HUNT | CLASS 3 | 40,000.00 | 6,766.67 | 0.00 | 33,233.33 |
| HUNTEMAN | LOUIS & GERALDINE HUNTEMAN | CLASS 3 | 30,000.00 | 350.00 | 0.00 | 29,650.00 |
| HUNTER | GARY HUNTER | CLASS 3 | 100,000.00 | 2,638.91 | 0.00 | 97,361.09 |
| HUNTER | KENNETH HUNTER | CLASS 3 | 45,000.00 | 1,478.13 | 0.00 | 43,521.87 |
| HUNTER | MAINSTAR-FBO KELLI HUNTER | CLASS 3 | 500,000.00 | 39,111.11 | 0.00 | 460,888.89 |
| HUNTER | ROBERT A HUNTER | CLASS 5 | 50,000.00 | 9,966.67 | 0.00 | 40,033.33 |
| HURLBURT | ALLEN F & ANN M HURLBURT | CLASS 3 | 25,000.00 | 3,360.91 | 0.00 | 21,639.09 |
| HURLBURT | ALLEN F & ANN M HURLBURT | CLASS 5 | 100,000.00 | 13,443.66 | 0.00 | 86,556.34 |
| HURLEY | PROV. TR GP-FBO ROBERT HURLEY INH IRA | CLASS 3 | 60,000.00 | 4,137.50 | 0.00 | 55,862.50 |
| HURTADO | RICARDO HURTADO | CLASS 5 | 80,000.00 | 14,942.28 | 0.00 | 65,057.72 |
| HUSEMAN | MARTHA C HUSEMAN | CLASS 3 | 50,000.00 | 2,784.68 | 0.00 | 47,215.32 |
| HUSH | MONA HUSH | CLASS 3 | 70,000.00 | 6,222.29 | 0.00 | 63,777.71 |
| HUSSMANN | MAINSTAR-FBO ANNETTE HUSSMANN | CLASS 3 | 79,000.00 | 10,862.50 | 1,000.00 | 67,137.50 |
| HUSTED | PROV. TR GP-FBO MICHAEL P HUSTED IRA | CLASS 3 | 50,000.00 | 15,509.21 | 0.00 | 34,490.79 |
| HUTCHINSON | MAINSTAR-FBO NINA HUTCHINSON TW003852 | CLASS 3 | 72,000.00 | 2,184.00 | 0.00 | 69,816.00 |
| HUTCHINSON | NINA & EDWARD HUTCHINSON | CLASS 3 | 25,000.00 | 1,534.77 | 0.00 | 23,465.23 |
| HUTTO | BOB D & RUTH S HUTTO | CLASS 3 | 50,000.00 | 3,636.03 | 0.00 | 46,363.97 |
| HUTTO | GREGORY HUTTO | CLASS 3 | 25,000.00 | 1,813.15 | 0.00 | 23,186.85 |
| HUTTON | IRA SVCS TR CO-CFBO HAROLD D HUTTON IRA | CLASS 3 | 25,000.00 | 1,421.91 | 0.00 | 23,578.09 |
| HUWE | MICHAEL HUWE | CLASS 3 | 50,000.00 | 6,619.55 | 0.00 | 43,380.45 |
| HWANG | THE 1987 HWANG LT DTD 03/12/87 | CLASS 3 | 25,000.00 | 414.33 | 0.00 | 24,585.67 |
| HYDE | CONSTANCE HYDE | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| HYDE | NANCY HYDE | CLASS 3 | 55,000.00 | 2,572.04 | 0.00 | 52,427.96 |
| HYKES | AMOS & FRANCES HYKES | CLASS 3 | 125,000.00 | 3,887.51 | 0.00 | 121,112.49 |
| HYLAND | RICHARD HYLAND JR | CLASS 3 | 80,000.00 | 898.33 | 0.00 | 79,101.67 |
| HYMAS | DOUGLAS & PATRICIA HYMAS | CLASS 3 | 85,000.00 | 276.25 | 0.00 | 84,723.75 |
| HYMEL | PROV. TR GP-FBO BRETT C HYMEL IRA | CLASS 5 | 59,000.00 | 13,783.06 | 0.00 | 45,216.94 |
| HYSICK | JIM M & SHEILA O HYSICK | CLASS 3 | 50,000.00 | 6,591.74 | 0.00 | 43,408.26 |
| IACOVINO | MICHAEL A & ELIZABETH E IACOVINO | CLASS 3 | 250,000.00 | 6,145.85 | 0.00 | 243,854.15 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| IANNELLA | FRANK D IANNELLA RT 10/19/04 | CLASS 3 | 50,000.00 | 6,386.15 | 0.00 | 43,613.85 |
| IC AVIATION | IC AVIATION | CLASS 3 | 50,000.00 | 3,858.33 | 0.00 | 46,141.67 |
| ICE NINE | ICE NINE INC | CLASS 3 | 54,000.00 | 157.50 | 0.00 | 53,842.50 |
| IDDINS | BRENDA IDDINS | CLASS 3 | 50,000.00 | 2,991.67 | 0.00 | 47,008.33 |
| ILIFFE | AMY ILIFFE | CLASS 3 | 65,000.00 | 3,596.67 | 0.00 | 61,403.33 |
| INENDINO | MAINSTAR-FBO ANTHONY D INENDINO T2175470 | CLASS 3 | 69,000.00 | 6,406.14 | 0.00 | 62,593.86 |
| INENDINO | MAINSTAR-FBO ANTHONY D INENDINO T2175470 | CLASS 5 | 100,000.00 | 9,284.25 | 0.00 | 90,715.75 |
| INGEBRIGTSEN | BARBARA LEE INGEBRIGTSEN | CLASS 3 | 100,000.00 | 11,999.99 | 0.00 | 88,000.01 |
| INJEYAN | MAINSTAR-FBO HAGOP INJEYAN T2178622 | CLASS 3 | 100,000.00 | 111.11 | 0.00 | 99,888.89 |
| INMAN | RICHARD H INMAN | CLASS 3 | 150,000.00 | 9,100.00 | 0.00 | 140,900.00 |
| INOUYE | ROBERT M INOUYE | CLASS 3 | 25,000.00 | 402.79 | 0.00 | 24,597.21 |
| INSURANCE EDUC. | INSURANCE EDUCATIONAL FOUNDATION | CLASS 5 | 500,000.00 | 54,076.20 | 0.00 | 445,923.80 |
| INZER | PROV. TR GP-FBO ROBERT W INZER IRA | CLASS 5 | 518,950.00 | 55,805.17 | 0.00 | 463,144.83 |
| IOOF SUMMUNDUWOT | IOOF SUMMUNDUWOT LODGE 3 | CLASS 3 | 25,000.00 | 354.18 | 0.00 | 24,645.82 |
| IPOLITO | DOUGLAS IPOLITO | CLASS 3 | 50,000.00 | 7,500.00 | 0.00 | 42,500.00 |
| IPOLITO | PROV. TR GP-FBO DOUGLAS P IPOLITO IRA | CLASS 5 | 142,000.00 | 50,173.14 | 0.00 | 91,826.86 |
| IRION | MAINSTAR-FBO PENNY J IRION T2178364 | CLASS 3 | 64,000.00 | 71.11 | 0.00 | 63,928.89 |
| IRISH | TODD S IRISH | CLASS 3 | 80,000.00 | 2,457.79 | 0.00 | 77,542.21 |
| IRWIN | MAINSTAR-FBO JAMES A IRWIN RW003414 | CLASS 3 | 52,000.00 | 6,188.00 | 0.00 | 45,812.00 |
| IRWIN | MAINSTAR-FBO JAMES IRWIN | CLASS 3 | 150,000.00 | 16,087.50 | 0.00 | 133,912.50 |
| IRWIN | R THOMAS & CHRISTINE IRWIN RT | CLASS 3 | 50,000.00 | 3,472.17 | 0.00 | 46,527.83 |
| IRWIN | SUSAN ROWAN IRWIN | CLASS 3 | 31,955.00 | 5,148.27 | 0.00 | 26,806.73 |
| ISA | PROV. TR GP-FBO DAVID ISA IRA | CLASS 3 | 100,000.00 | 4,895.83 | 0.00 | 95,104.17 |
| ISAACS | ROBERT & EVA M ISAACS | CLASS 3 | 30,000.00 | 458.33 | 0.00 | 29,541.67 |
| ISGRO | GIUSEPPE & ROSA ISGRO | CLASS 3 | 25,000.00 | 558.33 | 0.00 | 24,441.67 |
| ISHAM | PETER M & AMI ISHAM | CLASS 5 | 200,000.00 | 1,222.22 | 0.00 | 198,777.78 |
| ISHAM | PROV. TR GP-FBO AMI ISHAM IRA | CLASS 5 | 80,400.00 | 2,769.33 | 0.00 | 77,630.67 |
| ISHAM | PROV. TR GP-FBO PETER M ISHAM IRA | CLASS 5 | 26,000.00 | 895.56 | 0.00 | 25,104.44 |
| ISRAEL | TERRI ISRAEL | CLASS 3 | 50,000.00 | 3,990.23 | 0.00 | 46,009.77 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ISRAEL | VIVIANNE ISRAEL | CLASS 3 | 270,000.00 | 41,881.98 | 0.00 | 228,118.02 |
| ISSER | IRWIN ISSER | CLASS 3 | 275,000.00 | 32,906.35 | 0.00 | 242,093.65 |
| ISZLER | MORRIS E & DONNA F ISZLER | CLASS 3 | 200,000.00 | 29,942.89 | 0.00 | 170,057.11 |
| ITZOE | TED ITZOE | CLASS 3 | 25,000.00 | 1,612.50 | 0.00 | 23,387.50 |
| IVEY | PROV. TR GP-FBO CHRISTY IVEY IRA | CLASS 3 | 60,000.00 | 1,280.00 | 0.00 | 58,720.00 |
| IWASAKI | RONALD SEIJI & SHERRY KATHRYN IWASAKI | CLASS 3 | 25,000.00 | 1,408.37 | 0.00 | 23,591.63 |
| JABLONSKI | PROV. TR GP-FBO WILLIAM JABLONSKI IRA | CLASS 3 | 40,631.00 | 4,286.58 | 0.00 | 36,344.42 |
| JACKAMORE | ELAINE JACKAMORE | CLASS 3 | 25,000.00 | 18.06 | 0.00 | 24,981.94 |
| JACKSON | ERIC JACKSON | CLASS 3 | 100,000.00 | 5,414.63 | 0.00 | 94,585.37 |
| JACKSON | MAINSTAR-FBO BARBARA C JACKSON T2174408 | CLASS 3 | 37,500.00 | 3,718.75 | 0.00 | 33,781.25 |
| JACKSON | MAINSTAR-FBO THERESA R JACKSON | CLASS 3 | 108,000.00 | 4,950.00 | 0.00 | 103,050.00 |
| JACKSON | MICHAEL C JACKSON | CLASS 3 | 35,700.00 | 1,372.47 | 0.00 | 34,327.53 |
| JACKSON | PROV. TR GP-FBO LISA M JACKSON ROTH IRA | CLASS 3 | 67,000.00 | 6,872.21 | 0.00 | 60,127.79 |
| JACKSON | PROV. TR GP-FBO MICHAEL C JACKSON IRA | CLASS 3 | 214,300.00 | 8,775.13 | 0.00 | 205,524.87 |
| JACKSON | PROV. TR GP-FBO MITCHELL A JACKSON IRA | CLASS 3 | 60,000.00 | 9,089.02 | 0.00 | 50,910.98 |
| JACKSON | PROV. TR GP-FBO MITCHELL JACKSON ROTH IRA | CLASS 3 | 76,000.00 | 7,431.95 | 0.00 | 68,568.05 |
| JACKSON | THE JACKSON FT DTD 02/26/03 | CLASS 3 | 100,000.00 | 916.67 | 0.00 | 99,083.33 |
| JACOB | JOANNE C JACOB | CLASS 3 | 50,000.00 | 833.33 | 0.00 | 49,166.67 |
| JACOB | MAINSTAR-FBO VIRGINIA JACOB T2174527 | CLASS 3 | 142,000.00 | 14,282.84 | 0.00 | 127,717.16 |
| JACOBS | JERALD H JACOBS | CLASS 3 | 300,000.00 | 34,789.10 | 0.00 | 265,210.90 |
| JACOBS | PROV. TR GP-FBO PAZ JACOBS IRA | CLASS 5 | 74,250.00 | 11,735.63 | 0.00 | 62,514.37 |
| JACOBS | PROV. TR GP-FBO ROBERT JACOBS IRA | CLASS 5 | 90,000.00 | 14,625.00 | 0.00 | 75,375.00 |
| JACOBSEN | DINA & RANDALL JACOBSEN | CLASS 3 | 25,000.00 | 322.93 | 0.00 | 24,677.07 |
| JACOBSON | DAN GREGORY & DEANNA LOUISE JACOBSON | CLASS 3 | 100,000.00 | 3,783.33 | 0.00 | 96,216.67 |
| JACOBSON | EDWIN L & MARLYS J JACOBSON | CLASS 3 | 75,000.00 | 3,262.50 | 0.00 | 71,737.50 |
| JACOBSON | LARRY & MARILYN JACOBSON | CLASS 3 | 60,000.00 | 2,090.00 | 0.00 | 57,910.00 |
| JACOBSON | THE NAOMI JACOBSON RT DTD 11/18/15 | CLASS 5 | 645,000.00 | 179,120.00 | 0.00 | 465,880.00 |
| JACOBUS | PROV. TR GP-FBO SALLY A JACOBUS IRA | CLASS 3 | 232,873.00 | 9,213.05 | 0.00 | 223,659.95 |
| JACOBY | JACK JACOBY | CLASS 3 | 150,000.00 | 8,908.34 | 0.00 | 141,091.66 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| JAFFE | ELIZABETH A & MICHAEL L JAFFE | CLASS 3 | 100,000.00 | 8,974.86 | 0.00 | 91,025.14 |
| JAGANNATHAN | JAYANTI JAGANNATHAN | CLASS 3 | 25,000.00 | 1,936.80 | 0.00 | 23,063.20 |
| JAH REAL ESTATE | JAH REAL ESTATE LLC | CLASS 3 | 100,000.00 | 3,958.33 | 0.00 | 96,041.67 |
| JAHNA | PENELOPE JAHNA | CLASS 3 | 25,000.00 | 520.85 | 0.00 | 24,479.15 |
| JAIME | MAINSTAR-FBO DAN JAIME S2177979 | CLASS 3 | 25,000.00 | 304.17 | 0.00 | 24,695.83 |
| JAJA CAPITAL | JAJA CAPITAL LLC | CLASS 3 | 75,000.00 | 4,837.50 | 0.00 | 70,162.50 |
| JAKOBS | ANGELA & WAYNE JAKOBS | CLASS 3 | 25,000.00 | 1,489.62 | 0.00 | 23,510.38 |
| JAKOBS | PROV. TR GP-FBO WAYNE JAKOBS IRA | CLASS 3 | 50,000.00 | 252.78 | 0.00 | 49,747.22 |
| JAN | LAWRENCE & CAROLYN JAN | CLASS 3 | 25,000.00 | 86.81 | 0.00 | 24,913.19 |
| JANDT | BETTY OR GREG JANDT | CLASS 3 | 50,000.00 | 10,201.45 | 0.00 | 39,798.55 |
| JANIESCH | ADV. IRA SVC-FBO DARLENE JANIESCH IRA | CLASS 3 | 39,000.00 | 715.00 | 0.00 | 38,285.00 |
| JANIESCH | PROV. TR GP-FBO JAMES JANIESCH IRA | CLASS 3 | 205,000.00 | 36,878.30 | 0.00 | 168,121.70 |
| JANIESCH | PROV. TR GP-FBO JAMES JANIESCH IRA | CLASS 5 | 100,000.00 | 17,989.41 | 0.00 | 82,010.59 |
| JANOW | JAN JANOW | CLASS 3 | 98,000.00 | 12,789.47 | 0.00 | 85,210.53 |
| JANSEN | MAINSTAR-FBO JAMES G JANSEN T2177860 | CLASS 3 | 75,000.00 | 1,052.08 | 0.00 | 73,947.92 |
| JANSSEN | PROV. TR GP-FBO EDWARD JANSSEN IRA | CLASS 3 | 35,000.00 | 449.16 | 0.00 | 34,550.84 |
| JARA GROUP II | JARA GROUP II LLC | CLASS 3 | 1,902,877.00 | 435,062.21 | 6,338.48 | 1,461,476.31 |
| JARA GROUP II | JARA GROUP II LLC | CLASS 3* | 50,000.00 | 6,375.00 | 0.00 | 43,625.00 |
| JARA GROUP II | JARA GROUP II LLC | CLASS 5 | 100,000.00 | 22,863.39 | 333.10 | 76,803.51 |
| JARAMILLO | LUIS A JARAMILLO | CLASS 3 | 200,000.00 | 24,738.88 | 0.00 | 175,261.12 |
| JARAMILLO | VICTOR S JARAMILLO | CLASS 3 | 100,000.00 | 12,604.17 | 0.00 | 87,395.83 |
| JARDINE/SHIPLEY | REED F JARDINE & SHAROLYN SHIPLEY | CLASS 3 | 64,311.00 | 2,293.79 | 0.00 | 62,017.21 |
| JARUS | JANICE JARUS | CLASS 3 | 50,000.00 | 583.33 | 0.00 | 49,416.67 |
| JASKO | PROV. TR GP-FBO JOHN T JASKO IRA | CLASS 3 | 107,500.00 | 11,411.79 | 0.00 | 96,088.21 |
| JAVELOV | PROV. TR GP-FBO MARGO JAVELOV IRA | CLASS 3 | 100,000.00 | 6,961.11 | 0.00 | 93,038.89 |
| JBJ FARM | JBJ FARM LLC | CLASS 3 | 75,000.00 | 14,990.75 | 0.00 | 60,009.25 |
| JDH FINANCIAL | JDH FINANCIAL SERVICES INC | CLASS 3 | 60,000.00 | 15,966.67 | 0.00 | 44,033.33 |
| JEFF THE GEEK | JEFF THE GEEK LLC | CLASS 3 | 100,000.00 | 3,500.00 | 0.00 | 96,500.00 |
| JEFFERSON | MAINSTAR-FBO CASSANDRA JEFFERSON | CLASS 3 | 25,000.00 | 1,241.32 | 0.00 | 23,758.68 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| JEFFREY | RONALD JEFFREY | CLASS 3 | 120,000.00 | 8,203.33 | 0.00 | 111,796.67 |
| JEHLEN | PROV. TR GP-FBO DAVID JEHLEN IRA | CLASS 3 | 47,000.00 | 3,231.25 | 0.00 | 43,768.75 |
| JEHLEN | PROV. TR GP-FBO FRANCES JEHLEN IRA | CLASS 3 | 51,500.00 | 3,540.63 | 0.00 | 47,959.37 |
| JELKE | RICHARD & ELISABETH JELKE | CLASS 3 | 200,000.00 | 9,688.87 | 0.00 | 190,311.13 |
| JENISCH | JUDY M & GERALD L JENISCH | CLASS 3 | 25,000.00 | 541.67 | 0.00 | 24,458.33 |
| JENKINS | BUDDY JENKINS | CLASS 3 | 100,000.00 | 8,616.67 | 0.00 | 91,383.33 |
| JENKINS | MAINSTAR-FBO BETTY J JENKINS T2175662 | CLASS 3 | 100,000.00 | 7,534.01 | 0.00 | 92,465.99 |
| JENKINS | MAINSTAR-FBO RICHARD J JENKINS T2175305 | CLASS 3 | 100,000.00 | 9,044.44 | 0.00 | 90,955.56 |
| JENKINS | MARK D JENKINS | CLASS 3 | 50,000.00 | 9,399.94 | 0.00 | 40,600.06 |
| JENKS | DANIEL A JENKS & LEONIE G ALLAN-JENKS | CLASS 3 | 150,000.00 | 8,020.83 | 0.00 | 141,979.17 |
| JENKS | PROV. TR GP-FBO JACK JENKS IRA | CLASS 3 | 37,000.00 | 5,714.56 | 0.00 | 31,285.44 |
| JENKS-LATOUR | DEBRA JENKS-LATOUR | CLASS 3 | 30,000.00 | 4,327.50 | 0.00 | 25,672.50 |
| JENNINGS | HORIZON TR CO-FBO PATRICIA M JENNINGS IRA | CLASS 3 | 50,000.00 | 5,255.51 | 0.00 | 44,744.49 |
| JERVE | IRA SVCS CO-CFBO BRUCE D JERVE IRA | CLASS 5 | 50,000.00 | 7,191.02 | 2,000.00 | 40,808.98 |
| JERVE | JEROME B & DONNA M JERVE JLT | CLASS 3 | 110,000.00 | 8,144.41 | 0.00 | 101,855.59 |
| JERVE | THE BRUCE D & MARLYS JERVE TR | CLASS 5 | 50,000.00 | 7,833.38 | 0.00 | 42,166.62 |
| JERZAK | PHILLIP C JERZAK | CLASS 3 | 200,000.00 | 14,065.24 | 0.00 | 185,934.76 |
| JESSMATT | JESSMATT LLC | CLASS 3 | 100,000.00 | 13,228.54 | 0.00 | 86,771.46 |
| JESSMATT | JESSMATT LLC | CLASS 5 | 250,000.00 | 33,071.36 | 0.00 | 216,928.64 |
| JESUALE | DAVID L JESUALE FT | CLASS 3 | 305,000.00 | 1,985.34 | 0.00 | 303,014.66 |
| JEVREMOV | THE JEVREMOV FT DTD 11/06/99 | CLASS 3 | 25,000.00 | 1,491.66 | 0.00 | 23,508.34 |
| JGW | JGW TR | CLASS 5 | 50,000.00 | 5,305.60 | 0.00 | 44,694.40 |
| JILEK | DANIEL G JILEK | CLASS 5 | 200,000.00 | 19,319.52 | 0.00 | 180,680.48 |
| JILEK | GEORGE D JILEK | CLASS 5 | 75,000.00 | 6,774.33 | 0.00 | 68,225.67 |
| JINGUJI | MAINSTAR-FBO MEGHAN H JINGUJI R2177711 | CLASS 3 | 18,300.00 | 189.10 | 0.00 | 18,110.90 |
| JINGUJI | MAINSTAR-FBO TAD K JINGUJI R2177712 | CLASS 3 | 40,500.00 | 607.50 | 0.00 | 39,892.50 |
| JJCC | PROV. TR GP-FBO JJCC INC RET PLN 160501071 | CLASS 3 | 195,000.00 | 26,108.33 | 0.00 | 168,891.67 |
| JOACHIM | IRIS M JOACHIM TR | CLASS 3 | 30,000.00 | 2,200.00 | 0.00 | 27,800.00 |
| JODHPURKAR | JEETENDRA & MADHAVI JODHPURKAR | CLASS 3 | 25,000.00 | 4,762.58 | 0.00 | 20,237.42 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| JOE | HORIZON TR CO-FBO ARNOLD D JOE TRAD IRA | CLASS 3 | 49,400.00 | 576.34 | 0.00 | 48,823.66 |
| JOHANNSEN | ROGER & EDNA MAE JOHANNSEN RT | CLASS 3 | 25,000.00 | 2,131.19 | 0.00 | 22,868.81 |
| JOHANSEN | PROV. TR GP-FBO ERIC E JOHANSEN IRA | CLASS 3 | 301,000.00 | 8,369.47 | 0.00 | 292,630.53 |
| JOHNNY LONGBOATS | JOHNNY LONGBOATS INC | CLASS 3 | 100,000.00 | 8,490.28 | 0.00 | 91,509.72 |
| JOHNSON | ARLENE & MICHAEL JOHNSON | CLASS 3 | 150,000.00 | 22,331.58 | 0.00 | 127,668.42 |
| JOHNSON | EILEEN G JOHNSON | CLASS 3 | 50,000.00 | 4,262.56 | 0.00 | 45,737.44 |
| JOHNSON | GEORGE M JOHNSON | CLASS 3 | 125,000.00 | 1,536.46 | 0.00 | 123,463.54 |
| JOHNSON | ISAAC JOHNSON JR | CLASS 5 | 100,000.00 | 33,805.46 | 0.00 | 66,194.54 |
| JOHNSON | JAMES E JOHNSON LT | CLASS 3 | 135,000.00 | 12,216.16 | 0.00 | 122,783.84 |
| JOHNSON | JAMES JOHNSON | CLASS 3 | 1,000,000.00 | 94,570.36 | 0.00 | 905,429.64 |
| JOHNSON | JULIE JOHNSON | CLASS 3 | 50,000.00 | 7,725.00 | 0.00 | 42,275.00 |
| JOHNSON | KEITH JOHNSON | CLASS 3 | 60,000.00 | 210.00 | 0.00 | 59,790.00 |
| JOHNSON | KENNETH H & MARY L JOHNSON | CLASS 3 | 112,000.00 | 9,778.18 | 0.00 | 102,221.82 |
| JOHNSON | KENT N JOHNSON | CLASS 3 | 150,000.00 | 20,038.51 | 0.00 | 129,961.49 |
| JOHNSON | KENT N JOHNSON | CLASS 5 | 100,000.00 | 13,359.01 | 0.00 | 86,640.99 |
| JOHNSON | MAINSTAR-FBO BARBARA A JOHNSON | CLASS 3 | 104,000.00 | 5,952.55 | 0.00 | 98,047.45 |
| JOHNSON | MAINSTAR-FBO JANET JOHNSON RW003506 | CLASS 3 | 52,211.57 | 3,492.82 | 0.00 | 48,718.75 |
| JOHNSON | MAINSTAR-FBO KENNETH H JOHNSON | CLASS 3 | 25,966.15 | 1,974.15 | 0.00 | 23,992.00 |
| JOHNSON | MAINSTAR-FBO LINDA JOHNSON TW003399 | CLASS 3 | 150,000.00 | 13,604.16 | 0.00 | 136,395.84 |
| JOHNSON | MAINSTAR-FBO MARY L JOHNSON | CLASS 3 | 24,003.21 | 1,824.92 | 0.00 | 22,178.29 |
| JOHNSON | MAINSTAR-FBO RICHARD JOHNSON RW003507 | CLASS 3 | 79,713.56 | 5,319.96 | 0.00 | 74,393.60 |
| JOHNSON | MARILYN JOHNSON | CLASS 3 | 220,000.00 | 20,631.16 | 0.00 | 199,368.84 |
| JOHNSON | MITCHELL W & VICTORIA M JOHNSON | CLASS 3 | 100,000.00 | 4,225.71 | 0.00 | 95,774.29 |
| JOHNSON | PROV. TR GP-FBO ALVIN F JOHNSON IRA | CLASS 3 | 150,000.00 | 32,112.84 | 0.00 | 117,887.16 |
| JOHNSON | PROV. TR GP-FBO GILBERT R JOHNSON IRA | CLASS 3 | 97,004.94 | 9,282.83 | 0.00 | 87,722.11 |
| JOHNSON | PROV. TR GP-FBO MITCHELL JOHNSON ROTH IRA | CLASS 3 | 38,956.00 | 1,778.99 | 0.00 | 37,177.01 |
| JOHNSON | PROV. TR GP-FBO PATRICIA JOHNSON IRA | CLASS 3 | 25,000.00 | 663.19 | 0.00 | 24,336.81 |
| JOHNSON | PROV. TR GP-FBO ROGER D JOHNSON IRA | CLASS 3 | 500,000.00 | 38,680.56 | 0.00 | 461,319.44 |
| JOHNSON | RICHARD E JOHNSON SR | CLASS 3 | 150,000.00 | 13,700.00 | 0.00 | 136,300.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| JOHNSON | SUE B JOHNSON | CLASS 5 | 200,000.00 | 67,055.32 | 0.00 | 132,944.68 |
| JOHNSON | SUNWEST TR WANDA D JOHNSON INH IRA | CLASS 3 | 112,000.00 | 16,912.00 | 0.00 | 95,088.00 |
| JOHNSON | TRAVIS JOHNSON | CLASS 5 | 100,000.00 | 8,094.41 | 0.00 | 91,905.59 |
| JOHNSON | WALLACE D & BARBARA A JOHNSON | CLASS 3 | 100,000.00 | 9,525.00 | 0.00 | 90,475.00 |
| JOHNSTON | DEBRA & DEAN JOHNSTON | CLASS 3 | 25,000.00 | 1,498.65 | 0.00 | 23,501.35 |
| JOHNSTON | HEATHER JOHNSTON | CLASS 3 | 125,000.00 | 1,509.69 | 0.00 | 123,490.31 |
| JOHNSTON | THE VICTOR D JOHNSTON SPENDTHRIFT TR | CLASS 3 | 97,000.00 | 0.00 | 0.00 | 97,000.00 |
| JOHNSTON | VICTOR D JOHNSTON LIFE INSURANCE TR | CLASS 3 | 116,000.00 | 0.00 | 0.00 | 116,000.00 |
| JOLLEY | MAINSTAR-FBO MICHAEL T JOLLEY T2177094 | CLASS 3 | 66,450.00 | 2,185.47 | 0.00 | 64,264.53 |
| JOLLEY | MAINSTAR-FBO SUSAN JOLLEY | CLASS 3 | 62,650.00 | 8,912.00 | 0.00 | 53,738.00 |
| JONES | BRAD JONES | CLASS 3 | 40,000.00 | 811.12 | 9,000.00 | 30,188.88 |
| JONES | ETHEL M JONES | CLASS 3 | 50,000.00 | 1,034.71 | 0.00 | 48,965.29 |
| JONES | FLOYD JONES | CLASS 3 | 250,000.00 | 26,236.07 | 0.00 | 223,763.93 |
| JONES | JAMES A JONES | CLASS 5 | 100,000.00 | 13,527.72 | 0.00 | 86,472.28 |
| JONES | MAINSTAR-FBO COLLEEN JONES TW004096 | CLASS 3 | 203,000.00 | 3,157.78 | 0.00 | 199,842.22 |
| JONES | MAINSTAR-FBO GLEN JONES T2175822 | CLASS 3 | 31,504.00 | 1,798.36 | 0.00 | 29,705.64 |
| JONES | MAINSTAR-FBO LUCRICIA PAT JONES T2175821 | CLASS 3 | 35,300.77 | 2,015.09 | 0.00 | 33,285.68 |
| JONES | MAINSTAR-FBO MICHAIL R JONES TW003723 | CLASS 3 | 40,000.00 | 2,195.55 | 0.00 | 37,804.45 |
| JONES | MAINSTAR-FBO ROBERT JONES TW004097 | CLASS 3 | 147,000.00 | 4,402.22 | 0.00 | 142,597.78 |
| JONES | MAINSTAR-FBO WILLIE A JONES T2178204 | CLASS 3 | 26,000.00 | 70.78 | 0.00 | 25,929.22 |
| JONES | MAINSTAR-FBO WILLIE L JONES JR T2178239 | CLASS 3 | 95,000.00 | 950.00 | 0.00 | 94,050.00 |
| JONES | PAUL JONES | CLASS 3 | 25,000.00 | 559.04 | 0.00 | 24,440.96 |
| JONES | PAULENIA A JONES | CLASS 3 | 115,000.00 | 5,686.15 | 0.00 | 109,313.85 |
| JONES | PROV. TR GP-FBO DWAUNE B JONES IRA | CLASS 3 | 100,000.00 | 3,822.22 | 0.00 | 96,177.78 |
| JONES | PROV. TR GP-FBO GERRY B JONES IRA | CLASS 5 | 60,000.00 | 15,133.33 | 0.00 | 44,866.67 |
| JONES | ROBERT B JONES | CLASS 3 | 100,000.00 | 1,527.79 | 0.00 | 98,472.21 |
| JONES | ROY DONALD & MARTHA L JONES | CLASS 3 | 100,000.00 | 2,864.57 | 0.00 | 97,135.43 |
| JONES | RUBY HALL JONES | CLASS 5 | 50,000.00 | 18,958.50 | 0.00 | 31,041.50 |
| JONES | SAUNDRA SUE JONES | CLASS 3 | 60,000.00 | 15,612.47 | 0.00 | 44,387.53 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| JONES | STEVEN S JONES | CLASS 3 | 100,000.00 | 15,516.67 | 0.00 | 84,483.33 |
| JONES | SUNWEST TR JEFFREY M JONES IRA | CLASS 3 | 60,000.00 | 5,946.49 | 0.00 | 54,053.51 |
| JONES | T J JONES | CLASS 5 | 50,000.00 | 22,152.96 | 0.00 | 27,847.04 |
| JONES | TERESA JONES | CLASS 3 | 100,000.00 | 3,847.16 | 0.00 | 96,152.84 |
| JONES | THE JONES TR UDT DTD 06/02/90 | CLASS 5 | 75,000.00 | 14,581.25 | 0.00 | 60,418.75 |
| JONES | THOMAS A & MARY K JONES | CLASS 3 | 80,000.00 | 7,406.73 | 0.00 | 72,593.27 |
| JORDAN | CONSTANCE F JORDAN RT UAD 10/16/17 | CLASS 3 | 30,000.00 | 3,710.00 | 0.00 | 26,290.00 |
| JORDAN | CURTIS JORDAN | CLASS 3 | 60,000.00 | 4,660.00 | 0.00 | 55,340.00 |
| JORDAN | GERALD W & LYNNE M JORDAN | CLASS 3 | 25,000.00 | 2,358.33 | 0.00 | 22,641.67 |
| JORDAN | MAINSTAR-FBO JAMES JORDAN | CLASS 3 | 30,000.00 | 1,830.00 | 0.00 | 28,170.00 |
| JORDAN | MAINSTAR-FBO PATRICIA JORDAN T2178156 | CLASS 3 | 28,500.00 | 297.78 | 0.00 | 28,202.22 |
| JORDAN | PROV. TR GP-FBO CONSTANCE JORDAN IRA | CLASS 3 | 168,214.00 | 15,521.39 | 0.00 | 152,692.61 |
| JORDAN | PROV. TR GP-FBO FREDDIE N JORDAN IRA | CLASS 3 | 73,609.00 | 12,551.85 | 0.00 | 61,057.15 |
| JORGENSON | BRUCE JORGENSON | CLASS 5 | 400,000.00 | 39,583.40 | 0.00 | 360,416.60 |
| JORGENSON | VICKIE JORGENSON | CLASS 3 | 90,000.00 | 15,148.61 | 0.00 | 74,851.39 |
| JOSE | DAVID JOSE | CLASS 3 | 90,000.00 | 5,596.25 | 0.00 | 84,403.75 |
| JOSE | MAINSTAR-FBO DAVID JOSE | CLASS 3 | 106,360.30 | 6,288.55 | 0.00 | 100,071.75 |
| JOSEPH | HOWARD & BONNIE JOSEPH | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| JOSHUA | JOSHUA A JOSHUA | CLASS 3 | 225,000.00 | 12,635.36 | 0.00 | 212,364.64 |
| JOSHUA | LINDA H JOSHUA | CLASS 3 | 100,000.00 | 8,438.84 | 0.00 | 91,561.16 |
| JOSHUA | MAINSTAR-FBO MELANIE S JOSHUA T2176847 | CLASS 3 | 213,415.06 | 7,314.11 | 0.00 | 206,100.95 |
| JOSHUA | MELANIE SULHA JOSHUA | CLASS 3 | 200,000.00 | 14,155.60 | 0.00 | 185,844.40 |
| JOURDAIN | MAINSTAR-FBO DWIGHT JOURDAIN SR T2175249 | CLASS 3 | 154,000.00 | 11,669.76 | 0.00 | 142,330.24 |
| JOY | RONALD E JOY | CLASS 5 | 200,000.00 | 48,027.59 | 0.00 | 151,972.41 |
| JOYCE | ELAINE JOYCE | CLASS 3 | 75,000.00 | 8,214.62 | 0.00 | 66,785.38 |
| JOYCE | ELAINE JOYCE | CLASS 5 | 50,000.00 | 5,476.42 | 0.00 | 44,523.58 |
| JOYNER | PROV. TR GP-FBO CRAIG JOYNER IRA | CLASS 3 | 80,000.00 | 1,613.33 | 0.00 | 78,386.67 |
| JUANILLO-DAHL | PROV. TR GP-FBO ERLINDA JUANILLO-DAHL IRA | CLASS 3 | 100,000.00 | 1,916.67 | 0.00 | 98,083.33 |
| JUE | WILLIAM & ELIZABETH JUE | CLASS 3 | 100,000.00 | 3,353.79 | 0.00 | 96,646.21 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| JULIAN | DIANA C JULIAN | CLASS 3 | 50,000.00 | 3,225.00 | 0.00 | 46,775.00 |
| JUNG | ERNA M JUNG SURVIVORS TR DTD 07/26/96 | CLASS 3 | 150,000.00 | 1,137.50 | 0.00 | 148,862.50 |
| JUNK | MARY LEE JUNK | CLASS 3 | 60,000.00 | 2,875.00 | 0.00 | 57,125.00 |
| JURICEK | MICHAEL J & CHARLENE J JURICEK | CLASS 3 | 70,000.00 | 1,205.56 | 0.00 | 68,794.44 |
| JURNEY | PAULINE JURNEY | CLASS 3 | 50,000.00 | 4,583.40 | 0.00 | 45,416.60 |
| JUTTE | PROV. TR GP-FBO JAMES L JUTTE IRA | CLASS 3 | 25,000.00 | 1,695.83 | 0.00 | 23,304.17 |
| JUTTE | PROV. TR GP-FBO RONALD J JUTTE IRA | CLASS 3 | 255,000.00 | 48,916.79 | 0.00 | 206,083.21 |
| KADILE | HERMENEGILDO M MD & ASUNCION M KADILE | CLASS 3 | 60,000.00 | 9,944.00 | 0.00 | 50,056.00 |
| KAFFENBERGER | THE KAFFENBERGER FLT DTD 08/19/16 | CLASS 5 | 250,000.00 | 48,138.81 | 0.00 | 201,861.19 |
| KAGGERUD | SUNWEST TR WILLIAM KAGGERUD IRA | CLASS 3 | 66,000.00 | 16,016.00 | 0.00 | 49,984.00 |
| KAGGERUD | WILLIAM KAGGERUD | CLASS 3 | 70,000.00 | 13,850.06 | 0.00 | 56,149.94 |
| KAHLE | PROV. TR GP-FBO ALLISON KAHLE IRA | CLASS 3 | 33,209.00 | 2,147.52 | 0.00 | 31,061.48 |
| KAHN | ETHEL KAHN | CLASS 3 | 100,000.00 | 12,199.91 | 0.00 | 87,800.09 |
| KAINAYA | RITA KAINAYA | CLASS 3 | 50,000.00 | 894.11 | 0.00 | 49,105.89 |
| KAISER | BRAD L & MARIA L KAISER | CLASS 3 | 350,000.00 | 49,204.25 | 0.00 | 300,795.75 |
| KAISER | DAVID & JANEEN KAISER | CLASS 3 | 50,000.00 | 3,772.26 | 0.00 | 46,227.74 |
| KAISER | PROV. TR GP-FBO DAVID L KAISER ROTH IRA | CLASS 3 | 69,900.00 | 9,883.13 | 0.00 | 60,016.87 |
| KAISER | PROV. TR GP-FBO JANEEN KAISER IRA | CLASS 5 | 50,000.00 | 5,097.22 | 0.00 | 44,902.78 |
| KALAFARSKI/PARSONS | LOIS A KALAFARSKI & LINDA B PARSONS | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| KALECHSTEIN | LISA KALECHSTEIN | CLASS 3 | 20,000.00 | 361.68 | 0.00 | 19,638.32 |
| KAMIN | KAMIN FT UTD 04/10/98 | CLASS 3 | 80,000.00 | 5,566.66 | 0.00 | 74,433.34 |
| KAMMES | ROBERT E KAMMES | CLASS 3 | 25,000.00 | 1,651.04 | 0.00 | 23,348.96 |
| KAMPMAN | ROGER KAMPMAN | CLASS 3 | 130,000.00 | 8,927.00 | 0.00 | 121,073.00 |
| KANE | MAINSTAR-FBO MICHAEL KANE | CLASS 3 | 403,000.00 | 25,619.16 | 0.00 | 377,380.84 |
| KANOWSKI | PROV. TR GP-FBO PATRICIA M KANOWSKI IRA | CLASS 3 | 100,000.00 | 13,363.31 | 0.00 | 86,636.69 |
| KAPADIA | MANJULA KAPADIA | CLASS 3 | 150,000.00 | 3,609.38 | 0.00 | 146,390.62 |
| KAPLAN | ADELE KAPLAN | CLASS 3 | 50,000.00 | 4,083.33 | 0.00 | 45,916.67 |
| KAPLAN | EDWARD S KAPLAN R/A RTA DTD 11/19/15 | CLASS 3 | 50,000.00 | 2,250.00 | 0.00 | 47,750.00 |
| KAPLAN | EDWARD S KAPLAN RTA DTD 08/02/04 | CLASS 3 | 50,000.00 | 9,511.04 | 0.00 | 40,488.96 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KAPLAN | RICHARD D KAPLAN | CLASS 3 | 425,000.00 | 11,856.25 | 0.00 | 413,143.75 |
| KAPLAN | ROBERT KAPLAN | CLASS 3 | 200,000.00 | 10,222.23 | 0.00 | 189,777.77 |
| KAPLAN | SUSAN R KAPLAN | CLASS 3 | 1,000,000.00 | 19,886.79 | 0.00 | 980,113.21 |
| KAPLAN | TATYANA KAPLAN | CLASS 3 | 25,000.00 | 1,180.18 | 0.00 | 23,819.82 |
| KAPLANIS | PROV. TR GP-FBO PAUL T KAPLANIS IRA | CLASS 5 | 75,000.00 | 22,154.17 | 0.00 | 52,845.83 |
| KARAS | MARY L KARAS LT | CLASS 3 | 50,000.00 | 3,377.74 | 0.00 | 46,622.26 |
| KARLOW | MARTIN P KARLOW | CLASS 3 | 100,000.00 | 27,340.59 | 0.00 | 72,659.41 |
| KARLOW | MARTIN P KARLOW | CLASS 5 | 400,000.00 | 109,362.34 | 0.00 | 290,637.66 |
| KARLOW | PROV. TR GP-FBO MARTIN P KARLOW IRA | CLASS 3 | 286,076.00 | 40,936.56 | 0.00 | 245,139.44 |
| KARNEGIE | VIVIAN B & BENJAMIN G KARNEGIE | CLASS 3 | 100,000.00 | 416.67 | 0.00 | 99,583.33 |
| KARNEGIE/SCHNEIDER | BENJAMIN G KARNEGIE & VIVIAN B SCHNEIDER | CLASS 3 | 100,000.00 | 5,316.67 | 0.00 | 94,683.33 |
| KARPINSKI | MICHAL KARPINSKI | CLASS 3 | 130,000.00 | 18,982.67 | 0.00 | 111,017.33 |
| KARPOV | ALEXANDRE KARPOV | CLASS 5 | 50,000.00 | 15,027.90 | 0.00 | 34,972.10 |
| KASHYAP | KASHYAP LT DTD 05/16/08 | CLASS 3 | 50,000.00 | 2,726.36 | 0.00 | 47,273.64 |
| KASTNING | FREDERICK KASTNING | CLASS 3 | 50,000.00 | 9,833.39 | 0.00 | 40,166.61 |
| KAT AUTOMOTIVE | KAT AUTOMOTIVE LEASING CORP | CLASS 3 | 55,000.00 | 2,443.88 | 0.00 | 52,556.12 |
| KATUSHA | KATHY KATUSHA | CLASS 3 | 105,000.00 | 8,642.26 | 0.00 | 96,357.74 |
| KATZ | JUDITH KATZ | CLASS 3 | 25,000.00 | 1,662.50 | 0.00 | 23,337.50 |
| KATZ | MARSHA KATZ | CLASS 3 | 50,000.00 | 6,819.03 | 0.00 | 43,180.97 |
| KATZ | MARSHA KATZ | CLASS 5 | 200,000.00 | 27,276.12 | 0.00 | 172,723.88 |
| KATZ | MARVIN A & JOAN L KATZ RLT | CLASS 3 | 25,000.00 | 2,029.17 | 0.00 | 22,970.83 |
| KATZ | STEPHEN KATZ #30-99446601411 | CLASS 5 | 275,000.00 | 36,041.72 | 0.00 | 238,958.28 |
| KATZ | STEVE KATZ | CLASS 3 | 100,000.00 | 2,202.79 | 0.00 | 97,797.21 |
| KATZ | YORAM KATZ | CLASS 3 | 85,000.00 | 212.50 | 0.00 | 84,787.50 |
| KAUFMAN | DAVID KAUFMAN | CLASS 5 | 100,000.00 | 4,556.94 | 1,000.00 | 94,443.06 |
| KAUFMAN | DELBERT L KAUFMAN | CLASS 3 | 90,000.00 | 20,387.70 | 0.00 | 69,612.30 |
| KAUFMAN | DELBERT L KAUFMAN | CLASS 3* | 30,000.00 | 125.00 | 0.00 | 29,875.00 |
| KAUFMAN | JONATHAN KAUFMAN | CLASS 3 | 195,000.00 | 26,595.86 | 0.00 | 168,404.14 |
| KAUFMAN | SARAH KAUFMAN RLT | CLASS 3 | 100,000.00 | 14,999.94 | 0.00 | 85,000.06 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KAUFMAN | SARAH KAUFMAN RT | CLASS 5 | 1,250,000.00 | 466,588.53 | 0.00 | 783,411.47 |
| KAUFMAN | THE KAUFMAN FT DTD 02/10/12 | CLASS 3 | 150,000.00 | 9,958.34 | 0.00 | 140,041.66 |
| KAUP | GERALD M & LORRAINE M KAUP | CLASS 3 | 60,000.00 | 17,709.97 | 0.00 | 42,290.03 |
| KAYF | KAYF FT DTD 10/12/11 | CLASS 3 | 50,000.00 | 3,361.06 | 0.00 | 46,638.94 |
| KAZEL | IRA SVCS TR CO-CFBO DAVID KAZEL | CLASS 5 | 150,000.00 | 3,333.33 | 0.00 | 146,666.67 |
| KAZEMINY | ASSAD JOHN KAZEMINY | CLASS 3 | 50,000.00 | 433.33 | 0.00 | 49,566.67 |
| KEAN | MAINSTAR-FBO DAVID K KEAN TW003961 | CLASS 5 | 50,000.00 | 2,141.66 | 0.00 | 47,858.34 |
| KEARNEY | MAINSTAR-FBO JAMES KEARNEY T2178109 | CLASS 3 | 122,221.57 | 1,408.94 | 0.00 | 120,812.63 |
| KEEFER | BART & COLLEEN KEEFER FT | CLASS 3 | 60,000.00 | 6,398.75 | 0.00 | 53,601.25 |
| KEEFER | IRA SVCS TR CO-CFBO BART B KEEFER IRA | CLASS 3 | 175,000.00 | 11,200.00 | 0.00 | 163,800.00 |
| KEEFER | MARIE KEEFER | CLASS 3 | 25,000.00 | 440.99 | 0.00 | 24,559.01 |
| KEEHNAST | KIRK & CAROL KEEHNAST | CLASS 3 | 40,000.00 | 10,015.63 | 0.00 | 29,984.37 |
| KEELAN | IRA SVCS TR CO-CFBO ANN KEELAN IRA | CLASS 3 | 291,000.00 | 10,444.39 | 0.00 | 280,555.61 |
| KEENE | LOUISE D KEENE TTEE F/T WJ & LK KEENE TR | CLASS 3 | 242,000.00 | 16,007.42 | 0.00 | 225,992.58 |
| KEENE | LOUISE D KEENE TTEE OF THE B T/U KEENE TR | CLASS 3 | 137,000.00 | 10,046.63 | 0.00 | 126,953.37 |
| KEEPFER | ERNEST KEEPFER | CLASS 3 | 50,000.00 | 3,146.55 | 0.00 | 46,853.45 |
| KEIGHER | TALI KEIGHER | CLASS 3 | 25,000.00 | 425.00 | 0.00 | 24,575.00 |
| KEITH | JOHN KEITH | CLASS 3 | 50,000.00 | 7,014.54 | 0.00 | 42,985.46 |
| KEITH | MYONG C KEITH | CLASS 3 | 30,000.00 | 3,116.25 | 0.00 | 26,883.75 |
| KEITH | PROV. TR GP-FBO JOHN C KEITH IRA | CLASS 3 | 575,000.00 | 111,108.42 | 0.00 | 463,891.58 |
| KEITH G | KEITH G LLC | CLASS 3 | 100,000.00 | 755.56 | 0.00 | 99,244.44 |
| KELEPECZ | DOLLY KELEPECZ | CLASS 3 | 75,000.00 | 1,429.17 | 0.00 | 73,570.83 |
| KELLAM | JOAN E KELLAM | CLASS 3 | 200,000.00 | 7,472.28 | 0.00 | 192,527.72 |
| KELLER | BRAD A & CYNTHIA F KELLER | CLASS 3 | 25,000.00 | 97.22 | 0.00 | 24,902.78 |
| KELLER | DOUGLAS E KELLER 08/23/84 TR | CLASS 3 | 120,000.00 | 1,435.00 | 0.00 | 118,565.00 |
| KELLER | KATHLEEN KELLER | CLASS 3 | 25,000.00 | 2,234.31 | 0.00 | 22,765.69 |
| KELLER | KAY M KELLER | CLASS 3 | 30,000.00 | 233.33 | 0.00 | 29,766.67 |
| KELLER | MAINSTAR-FBO BRAD A KELLER T2178484 | CLASS 3 | 267,481.28 | 208.04 | 0.00 | 267,273.24 |
| KELLER | MARIANNE KELLER | CLASS 3 | 300,000.00 | 19,825.00 | 0.00 | 280,175.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KELLER | PROV. TR GP-FBO ROBERT D KELLER IRA | CLASS 3 | 124,750.00 | 20,472.86 | 0.00 | 104,277.14 |
| KELLER | RONALD E & CAROLYN J KELLER | CLASS 3 | 25,000.00 | 9,521.47 | 200.00 | 15,278.53 |
| KELLER | RONALD E & CAROLYN J KELLER | CLASS 5 | 100,000.00 | 38,085.90 | 800.00 | 61,114.10 |
| KELLER | S&R KELLER FT | CLASS 3 | 140,000.00 | 3,986.09 | 0.00 | 136,013.91 |
| KELLERSBERGER | KENT & BEVERLY KELLERSBERGER | CLASS 3 | 25,000.00 | 375.01 | 0.00 | 24,624.99 |
| KELLERSBERGER | KENT KELLERSBERGER | CLASS 3 | 25,000.00 | 802.11 | 0.00 | 24,197.89 |
| KELLERSBERGER | MAINSTAR-FBO KENT KELLERSBERGER T2177589 | CLASS 3 | 73,024.01 | 1,054.79 | 0.00 | 71,969.22 |
| KELLEY | DAVID KELLEY TR DTD 07/16/13 | CLASS 3 | 210,000.00 | 30,754.38 | 0.00 | 179,245.62 |
| KELLEY | ELIZABETH KELLEY | CLASS 3 | 35,000.00 | 5,363.75 | 0.00 | 29,636.25 |
| KELLEY | MAINSTAR-FBO JACQUELYN KELLEY T2176953 | CLASS 3 | 128,826.00 | 3,714.48 | 0.00 | 125,111.52 |
| KELLEY | MICHAEL KELLEY | CLASS 3 | 25,000.00 | 3,831.25 | 1,000.00 | 20,168.75 |
| KELLEY | MICHELE KELLEY | CLASS 3 | 30,000.00 | 4,140.00 | 0.00 | 25,860.00 |
| KELLEY-WINDERS | ANNA FAYE KELLEY-WINDERS | CLASS 3 | 40,000.00 | 7,937.77 | 0.00 | 32,062.23 |
| KELLEY-WINDERS | PROV. TR GP-FBO ANNA F KELLEY-WINDERS IRA | CLASS 5 | 149,000.00 | 38,781.39 | 0.00 | 110,218.61 |
| KELLY | GERALD & ELIZABETH KELLY | CLASS 3 | 250,000.00 | 14,950.00 | 0.00 | 235,050.00 |
| KELLY | GROVER O & WILMA J KELLY LT | CLASS 3 | 100,000.00 | 14,136.82 | 0.00 | 85,863.18 |
| KELLY | JOHN K & SHEILA A KELLY | CLASS 5 | 60,000.00 | 27,146.85 | 0.00 | 32,853.15 |
| KELLY | LIONEL KELLY | CLASS 3 | 80,000.00 | 5,739.98 | 0.00 | 74,260.02 |
| KELLY | LORRAINE & WAYNE KELLY | CLASS 3 | 25,000.00 | 118.06 | 0.00 | 24,881.94 |
| KELLY | PROV. TR GP-FBO JAMES A KELLY IRA | CLASS 3 | 25,000.00 | 1,967.02 | 0.00 | 23,032.98 |
| KELLY | PROV. TR GP-FBO JOHN K KELLY IRA | CLASS 3 | 249,500.00 | 51,376.33 | 0.00 | 198,123.67 |
| KELLY | PROV. TR GP-FBO SHARON P KELLY IRA | CLASS 3 | 125,000.00 | 13,252.89 | 0.00 | 111,747.11 |
| KELLY | PROV. TR GP-FBO SHEILA S KELLY IRA | CLASS 3 | 201,286.52 | 19,021.57 | 0.00 | 182,264.95 |
| KELLY | ROSEMARY KELLY | CLASS 3 | 250,000.00 | 3,308.33 | 0.00 | 246,691.67 |
| KELSEY | JACQUE W & DONNA M KELSEY | CLASS 3 | 150,000.00 | 6,378.46 | 0.00 | 143,621.54 |
| KEMP | CAROLE C KEMP | CLASS 3 | 125,000.00 | 6,093.71 | 0.00 | 118,906.29 |
| KEMP | PROV. TR GP-FBO DAVID A KEMP IRA | CLASS 3 | 256,255.00 | 5,922.87 | 0.00 | 250,332.13 |
| KEMPE | DELAINE KEMPE RT DTD 01/04/12 | CLASS 3 | 150,000.00 | 18,777.70 | 0.00 | 131,222.30 |
| KENADY | ALISON J KENADY | CLASS 3 | 100,000.00 | 11,361.01 | 422.54 | 88,216.45 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KENADY | JASON KENADY | CLASS 5 | 100,000.00 | 15,811.70 | 422.54 | 83,765.76 |
| KENDALL | INGE KENDALL | CLASS 3 | 500,000.00 | 347.22 | 0.00 | 499,652.78 |
| KENDALL | ROBERT J KENDALL | CLASS 3 | 500,000.00 | 30,601.98 | 0.00 | 469,398.02 |
| KENNA | KAREN KENNA | CLASS 3 | 260,000.00 | 36,360.00 | 0.00 | 223,640.00 |
| KENNAIR | ANNA KENNAIR | CLASS 3 | 100,000.00 | 22,450.00 | 0.00 | 77,550.00 |
| KENNAIR | BARBARA KENNAIR | CLASS 3 | 75,000.00 | 11,612.50 | 0.00 | 63,387.50 |
| KENNEDY | HORIZON TR CO-FBO PAUL C KENNEDY IRA | CLASS 3 | 78,283.54 | 9,011.30 | 0.00 | 69,272.24 |
| KENNEDY | JACK I JR & MARNA G KENNEDY | CLASS 3 | 50,000.00 | 2,735.38 | 0.00 | 47,264.62 |
| KENNEDY | JOHN KENNEDY | CLASS 3 | 50,000.00 | 534.72 | 0.00 | 49,465.28 |
| KENNEDY | MAINSTAR-FBO BRIAN KENNEDY | CLASS 3 | 79,736.36 | 4,914.86 | 2,000.00 | 72,821.50 |
| KENNEDY | PROV. TR GP-FBO JOAN E KENNEDY IRA | CLASS 3 | 55,000.00 | 12,411.10 | 0.00 | 42,588.90 |
| KENNEY-PICKARD | PROV. TR GP-FBO C KENNEY-PICKARD IRA | CLASS 3 | 72,000.00 | 250.00 | 0.00 | 71,750.00 |
| KENT | PHILIP & KAY KENT | CLASS 3 | 38,034.59 | 4,718.57 | 0.00 | 33,316.02 |
| KENT | PROV. TR GP-FBO PHILIP KENT IRA | CLASS 3 | 58,342.88 | 9,703.52 | 0.00 | 48,639.36 |
| KEOGH | ADELE F KEOGH FT | CLASS 3 | 25,000.00 | 2,327.54 | 0.00 | 22,672.46 |
| KEOGH | JOHN & ADELE KEOGH FT DTD 09/22/88 | CLASS 3 | 25,000.00 | 1,218.37 | 0.00 | 23,781.63 |
| KEOWN | WILMA KEOWN | CLASS 3 | 192,854.78 | 0.00 | 0.00 | 192,854.78 |
| KEPLER | PROV. TR GP-FBO LEAH F KEPLER IRA | CLASS 3 | 41,980.00 | 4,820.70 | 0.00 | 37,159.30 |
| KEREN YESOMIM | KEREN YESOMIM INC | CLASS 3 | 50,000.00 | 3,000.00 | 0.00 | 47,000.00 |
| KERNIER/NEBUS | HELENA KERNIER & LINDA NEBUS | CLASS 5 | 150,000.00 | 68,082.05 | 0.00 | 81,917.95 |
| KERSTING | HORIZON TR CO-FBO MARK KERSTING IRA | CLASS 3 | 54,900.00 | 8,474.94 | 0.00 | 46,425.06 |
| KERSTING | HORIZON TR CO-FBO MARK KERSTING IRA | CLASS 5 | 360,000.00 | 55,573.41 | 0.00 | 304,426.59 |
| KERSTING | THE DIANNE KERSTING LT 02/03/00 | CLASS 5 | 50,000.00 | 9,125.07 | 0.00 | 40,874.93 |
| KERSTING | THE MARK KERSTING LT 02/03/00 | CLASS 5 | 50,000.00 | 9,125.07 | 0.00 | 40,874.93 |
| KESLING | PROV. TR GP-FBO JACKWAYS D KESLING INH IRA | CLASS 3 | 1,134,500.00 | 259,714.23 | 0.00 | 874,785.77 |
| KESSEL | KURT KESSEL | CLASS 3 | 25,000.00 | 7,294.66 | 0.00 | 17,705.34 |
| KESSLER | LORETTA & SYDNEY KESSLER | CLASS 3 | 75,000.00 | 862.50 | 0.00 | 74,137.50 |
| KESSLER | MAINSTAR-FBO STEPHEN J KESSLER | CLASS 3 | 50,000.00 | 2,268.75 | 0.00 | 47,731.25 |
| KESTER | THE JAMES & RHONDA KESTER LT DTD 12/15/03 | CLASS 3 | 100,000.00 | 10,418.70 | 0.00 | 89,581.30 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KESZLER | KESZLER FT | CLASS 3 | 100,000.00 | 4,550.00 | 0.00 | 95,450.00 |
| KETCHAM | THE KETCHAM LT DTD 04/16/13 | CLASS 3 | 70,000.00 | 4,095.00 | 0.00 | 65,905.00 |
| KETCHESON | ROGER & LINDA KETCHESON | CLASS 3 | 100,000.00 | 3,400.00 | 0.00 | 96,600.00 |
| KEYSER | ARLENE J KEYSER | CLASS 3 | 225,000.00 | 16,362.50 | 0.00 | 208,637.50 |
| KEYSER | SHIRLEY M KEYSER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| KHAN | MARIAMA R KHAN LT | CLASS 3 | 51,000.00 | 1,810.50 | 0.00 | 49,189.50 |
| KICHERER | PROV. TR GP-FBO NANCY E KICHERER IRA | CLASS 3 | 606,900.00 | 9,353.50 | 0.00 | 597,546.50 |
| KIHNEL | DANIEL P KIHNEL | CLASS 3 | 50,000.00 | 10,895.91 | 0.00 | 39,104.09 |
| KILE | JACK L & ROSE ANN KILE | CLASS 3 | 225,000.00 | 2,850.00 | 0.00 | 222,150.00 |
| KILLENS | THOMAS W KILLENS | CLASS 3 | 25,000.00 | 135.42 | 0.00 | 24,864.58 |
| KIM | PROV. TR GP-FBO DANNY KIM IRA | CLASS 3 | 250,000.00 | 4,208.33 | 0.00 | 245,791.67 |
| KIMBER | KATHRYN BEATRICE KIMBER | CLASS 3 | 30,000.00 | 1,300.00 | 0.00 | 28,700.00 |
| KINARD | PROV. TR GP-FBO JOHN KINARD IRA | CLASS 5 | 174,000.00 | 42,982.22 | 0.00 | 131,017.78 |
| KING | BRUCE E & LINDA K KING | CLASS 3 | 250,000.00 | 5,291.67 | 0.00 | 244,708.33 |
| KING | CAROL R KING | CLASS 3 | 47,000.00 | 1,024.84 | 0.00 | 45,975.16 |
| KING | DONNIE R & PAMELA P KING | CLASS 3 | 25,000.00 | 625.00 | 0.00 | 24,375.00 |
| KING | EDWARD M & LUCY L KING | CLASS 3 | 60,000.00 | 4,390.00 | 0.00 | 55,610.00 |
| KING | JOEL H & BARBARA KING | CLASS 3 | 25,000.00 | 375.00 | 0.00 | 24,625.00 |
| KING | KENNETH KING | CLASS 3 | 50,000.00 | 6,861.00 | 0.00 | 43,139.00 |
| KING | LINDA KING | CLASS 3 | 25,000.00 | 1,153.44 | 0.00 | 23,846.56 |
| KING | MAINSTAR-FBO JOEL H KING T2178455 | CLASS 3 | 275,000.00 | 740.28 | 0.00 | 274,259.72 |
| KING | MAINSTAR-FBO JOHN KING | CLASS 3 | 36,000.00 | 1,782.00 | 0.00 | 34,218.00 |
| KING | MAVIS L J KING | CLASS 3 | 25,000.00 | 1,264.20 | 0.00 | 23,735.80 |
| KING | PROV. TR GP-FBO LARRY A KING IRA | CLASS 3 | 44,000.00 | 5,706.30 | 0.00 | 38,293.70 |
| KING | PROV. TR GP-FBO LINDA KING IRA | CLASS 3 | 31,325.39 | 2,210.15 | 0.00 | 29,115.24 |
| KING | PROV. TR GP-FBO MARY C KING IRA | CLASS 3 | 43,500.00 | 7,086.87 | 0.00 | 36,413.13 |
| KING | WILLIAM B KING | CLASS 3 | 240,000.00 | 24,857.49 | 0.00 | 215,142.51 |
| KING/DORFMAN | LINDA KING & HOWARD DORFMAN | CLASS 3 | 130,000.00 | 5,574.72 | 0.00 | 124,425.28 |
| KINGREN | ANGELA KINGREN | CLASS 3 | 50,000.00 | 4,763.94 | 0.00 | 45,236.06 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KINKEAD | JOSEPH C & VETA M KINKEAD | CLASS 3 | 26,000.00 | 534.63 | 0.00 | 25,465.37 |
| KINLEY | JUDY KINLEY | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| KINZER | KEVIN KINZER | CLASS 3 | 33,500.00 | 384.32 | 0.00 | 33,115.68 |
| KIPNIS | RONALD M KIPNIS | CLASS 3 | 50,000.00 | 5,289.52 | 0.00 | 44,710.48 |
| KIRCHMAN | ROBERT J & PAMELA N KIRCHMAN | CLASS 3 | 75,000.00 | 2,069.96 | 0.00 | 72,930.04 |
| KIRK | CARL E KIRK | CLASS 3 | 100,000.00 | 7,333.39 | 0.00 | 92,666.61 |
| KIRK | RICHARD D KIRK RLT | CLASS 3 | 50,000.00 | 3,202.05 | 0.00 | 46,797.95 |
| KIRK | SHARON WOLK KIRK RLT | CLASS 3 | 75,000.00 | 4,551.34 | 0.00 | 70,448.66 |
| KIRKBRIDE | DAN R & LYNN T KIRKBRIDE | CLASS 3 | 375,000.00 | 70,184.20 | 8,808.01 | 296,007.79 |
| KIRKBRIDE | JON H KIRKBRIDE | CLASS 3 | 200,000.00 | 33,290.15 | 0.00 | 166,709.85 |
| KIRKENDALL | JAMES G & LINDA L KIRKENDALL | CLASS 3 | 100,000.00 | 7,351.20 | 0.00 | 92,648.80 |
| KIRKENDALL | JOSEPH & ROSEMARY KIRKENDALL | CLASS 3 | 25,000.00 | 1,274.35 | 0.00 | 23,725.65 |
| KIRKLAND | IRA SVCS TR CO-CFBO WILLIAM KIRKLAND IRA | CLASS 5 | 250,000.00 | 45,391.36 | 0.00 | 204,608.64 |
| KIRKLAND | WILLIAM J KIRKLAND | CLASS 5 | 100,000.00 | 15,401.55 | 0.00 | 84,598.45 |
| KIRKPATRICK | KEITH KIRKPATRICK | CLASS 3 | 25,000.00 | 3,677.57 | 0.00 | 21,322.43 |
| KIRN | DOUGLAS J KIRN | CLASS 3 | 100,000.00 | 14,583.33 | 0.00 | 85,416.67 |
| KIRRIE | CHRISTOPHER N KIRRIE | CLASS 3 | 400,000.00 | 6,833.37 | 0.00 | 393,166.63 |
| KIRSCH | MAINSTAR-FBO NORMAN R KIRSCH T2178537 | CLASS 3 | 50,000.00 | 162.74 | 0.00 | 49,837.26 |
| KIRSCHENMANN | SUSAN A KIRSCHENMANN | CLASS 3 | 60,000.00 | 11,333.30 | 0.00 | 48,666.70 |
| KIRSTEN | GORDON E KIRSTEN | CLASS 3 | 78,000.00 | 3,562.00 | 0.00 | 74,438.00 |
| KIRSTEN | MAINSTAR-FBO GORDON E KIRSTEN | CLASS 3 | 65,000.00 | 2,665.00 | 0.00 | 62,335.00 |
| KIRSTEN | SHIRLEY & GORDON KIRSTEN | CLASS 3 | 200,000.00 | 10,600.00 | 0.00 | 189,400.00 |
| KIRSTEN | SHIRLEY KIRSTEN | CLASS 3 | 240,000.00 | 10,320.00 | 0.00 | 229,680.00 |
| KISER | LORENA M KISER | CLASS 3 | 25,000.00 | 2,096.82 | 0.00 | 22,903.18 |
| KISH | ELIZABETH KISH | CLASS 3 | 180,000.00 | 55,490.00 | 0.00 | 124,510.00 |
| KISKO | FRANK KISKO | CLASS 3 | 25,000.00 | 8,043.78 | 0.00 | 16,956.22 |
| KISS | STEPHEN & JUNE M KISS | CLASS 3 | 40,000.00 | 4,277.72 | 0.00 | 35,722.28 |
| KISSIL | VICTOR KISSIL | CLASS 3 | 36,000.00 | 2,310.00 | 0.00 | 33,690.00 |
| KISTENBERG | PROV. TR GP-FBO IRA KISTENBERG IRA | CLASS 3 | 184,500.00 | 10,486.13 | 0.00 | 174,013.87 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KITOWSKI | MAINSTAR-FBO DAVID KITOWSKI TW003880 | CLASS 3 | 58,574.00 | 1,386.25 | 0.00 | 57,187.75 |
| KIVETT | JOYLEE KIVETT | CLASS 3 | 55,000.00 | 2,434.80 | 0.00 | 52,565.20 |
| KIZEL | MARIE KIZEL | CLASS 3 | 75,000.00 | 312.51 | 0.00 | 74,687.49 |
| KLABACHA | MAINSTAR-FBO LINDA KLABACHA TW003784 | CLASS 3 | 118,000.00 | 5,113.33 | 0.00 | 112,886.67 |
| KLACKO | MYRA OLGA & WILLIAM G KLACKO | CLASS 3 | 50,000.00 | 2,032.13 | 0.00 | 47,967.87 |
| KLAFFKE | MARIANNE & JOHANNES KLAFFKE | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| KLAUSNER | CAROL KLAUSNER RLT/C KLAUSNER | CLASS 3 | 25,000.00 | 3,090.32 | 0.00 | 21,909.68 |
| KLEIN | IRA SVCS TR CO-CFBO ABRAHAM KLEIN | CLASS 3 | 25,000.00 | 462.50 | 0.00 | 24,537.50 |
| KLEIN | IRA SVCS TR CO-CFBO PESSY KLEIN | CLASS 3 | 25,000.00 | 462.50 | 0.00 | 24,537.50 |
| KLEIN | SHELDON KLEIN | CLASS 3 | 25,000.00 | 3,758.33 | 0.00 | 21,241.67 |
| KLEINPETER | IRA SVCS TR CO-CFBO LIONEL KLEINPETER IRA | CLASS 3 | 43,000.00 | 4,085.00 | 0.00 | 38,915.00 |
| KLEPFER | PROV. TR GP-FBO STEPHEN D KLEPFER IRA | CLASS 5 | 500,000.00 | 41,805.56 | 0.00 | 458,194.44 |
| KLIEBERT | ROY J & MARIE P KLIEBERT | CLASS 3 | 50,000.00 | 8,074.98 | 608.11 | 41,316.91 |
| KLINE | JOYCE A KLINE | CLASS 3 | 70,000.00 | 1,470.16 | 0.00 | 68,529.84 |
| KLINEMAN | MICHAEL S KLINEMAN | CLASS 3 | 50,000.00 | 476.39 | 0.00 | 49,523.61 |
| KLIPHUIS | FRITZ L KLIPHUIS | CLASS 3 | 100,000.00 | 9,972.92 | 0.00 | 90,027.08 |
| KLIPHUIS | FRITZ L KLIPHUIS | CLASS 5 | 100,000.00 | 9,972.92 | 0.00 | 90,027.08 |
| KLIPHUIS | MAINSTAR-FBO FRITZ L KLIPHUIS T2177142 | CLASS 3 | 125,000.00 | 5,754.63 | 0.00 | 119,245.37 |
| KLJUNICH | KATHY KLJUNICH | CLASS 3 | 40,000.00 | 550.00 | 0.00 | 39,450.00 |
| KLOPFENSTEIN | PROV. TR GP-FBO C A KLOPFENSTEIN IRA | CLASS 3 | 99,000.00 | 16,257.26 | 0.00 | 82,742.74 |
| KLOPFENSTEIN | PROV. TR GP-FBO TODD L KLOPFENSTEIN IRA | CLASS 3 | 131,500.00 | 24,505.08 | 0.00 | 106,994.92 |
| KLOPFENSTEIN | TODD L KLOPFENSTEIN | CLASS 5 | 100,000.00 | 32,683.28 | 0.00 | 67,316.72 |
| KLOSTERMAN | SUNWEST TR CRAIG L KLOSTERMAN IRA | CLASS 3 | 165,000.00 | 880.00 | 0.00 | 164,120.00 |
| KLOTZ | ELAINE G KLOTZ | CLASS 3 | 70,000.00 | 5,307.90 | 0.00 | 64,692.10 |
| KLUG | JAMES L & RITA M KLUG TR | CLASS 3 | 45,000.00 | 225.00 | 0.00 | 44,775.00 |
| KLUG | LEON J & LOIS L KLUG | CLASS 3 | 25,000.00 | 58.33 | 0.00 | 24,941.67 |
| KLUSEK | JOSEPH M KLUSEK | CLASS 3 | 80,000.00 | 0.00 | 0.00 | 80,000.00 |
| KNAPP | GEORGE & FERN KNAPP | CLASS 3 | 25,000.00 | 100.00 | 0.00 | 24,900.00 |
| KNAPP | ROSALYN R KNAPP | CLASS 3 | 50,000.00 | 513.88 | 0.00 | 49,486.12 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KNEE | HENRY C KNEE | CLASS 3 | 30,000.00 | 2,316.67 | 0.00 | 27,683.33 |
| KNELL | MARLYS C KNELL | CLASS 3 | 50,000.00 | 3,606.98 | 0.00 | 46,393.02 |
| KNIGHT | EMILY L KNIGHT | CLASS 3 | 100,000.00 | 16,350.05 | 1,000.00 | 82,649.95 |
| KNIGHT | MAINSTAR-FBO PATRICIA KNIGHT | CLASS 5 | 194,000.00 | 18,079.65 | 0.00 | 175,920.35 |
| KNIGHT | PROV. TR GP-FBO WILLIAM S KNIGHT IRA | CLASS 3 | 107,620.00 | 12,320.33 | 0.00 | 95,299.67 |
| KNITTER | GAIL I KNITTER LT DTD 11/10/11 | CLASS 3 | 75,000.00 | 2,715.79 | 0.00 | 72,284.21 |
| KNOCHE | MAINSTAR-FBO DAVID KNOCHE T2177049 | CLASS 3 | 42,000.00 | 1,148.00 | 0.00 | 40,852.00 |
| KNOCHE | MAINSTAR-FBO RUTH KNOCHE T2177050 | CLASS 3 | 60,000.00 | 1,630.00 | 0.00 | 58,370.00 |
| KNOPKE | JANE M KNOPKE | CLASS 3 | 25,000.00 | 2,722.28 | 0.00 | 22,277.72 |
| KNOWLES | MAINSTAR-FBO RONALD A KNOWLES TW004033 | CLASS 3 | 30,000.00 | 586.67 | 0.00 | 29,413.33 |
| KNOWLES | SALLY KNOWLES | CLASS 3 | 100,000.00 | 9,347.91 | 0.00 | 90,652.09 |
| KNOWLSON | THE KNOWLSON FT | CLASS 3 | 75,000.00 | 5,825.00 | 0.00 | 69,175.00 |
| KNUDSEN | KAREN KNUDSEN | CLASS 3 | 70,000.00 | 981.95 | 0.00 | 69,018.05 |
| KNUPP | WILLIAM KNUPP | CLASS 3 | 150,000.00 | 21,972.14 | 0.00 | 128,027.86 |
| KNUTH | PROV. TR GP-FBO DAVID N KNUTH IRA | CLASS 3 | 50,000.00 | 16,500.00 | 0.00 | 33,500.00 |
| KNUTH | PROV. TR GP-FBO MARILYN J KNUTH IRA | CLASS 3 | 59,000.00 | 19,568.33 | 0.00 | 39,431.67 |
| KNUTH | RALPH E KNUTH | CLASS 3 | 110,000.00 | 32,092.50 | 0.00 | 77,907.50 |
| KNUTSON | PAUL W KNUTSON | CLASS 3 | 50,000.00 | 4,209.77 | 0.00 | 45,790.23 |
| KNUTSON | SUNWEST TR AMY KNUTSON IRA | CLASS 3 | 29,500.00 | 3,495.75 | 0.00 | 26,004.25 |
| KOBANE | PROV. TR GP-FBO KENNETH KOBANE IRA | CLASS 3 | 200,000.00 | 1,361.11 | 0.00 | 198,638.89 |
| KOBETITSCH | LORI KOBETITSCH | CLASS 3 | 43,000.00 | 960.33 | 0.00 | 42,039.67 |
| KOBETITSCH | PROV. TR GP-FBO LORI A KOBETITSCH IRA | CLASS 3 | 22,824.56 | 498.34 | 0.00 | 22,326.22 |
| KOBETITSCH | ROBERT A & BARBARA A KOBETITSCH | CLASS 3 | 75,000.00 | 16,489.48 | 0.00 | 58,510.52 |
| KOBIN | JENNY REPASS KOBIN | CLASS 3 | 25,000.00 | 524.99 | 0.00 | 24,475.01 |
| KOBIN | PROV. TR GP-FBO JENNY REPASS KOBIN IRA | CLASS 3 | 30,000.00 | 402.50 | 0.00 | 29,597.50 |
| KOBOBEL | PROV. TR GP-FBO RODNEY KOBOBEL IRA | CLASS 5 | 62,775.00 | 11,439.00 | 0.00 | 51,336.00 |
| KOCH | JOHN D KOCH | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| KOCH | MAINSTAR-FBO SUSAN KOCH | CLASS 3 | 54,500.00 | 5,413.67 | 0.00 | 49,086.33 |
| KOCHANSKI | PROV. TR GP-FBO DONALD KOCHANSKI ROTH IRA | CLASS 3 | 50,000.00 | 9,805.56 | 0.00 | 40,194.44 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KOEHN | LARRY & SARAH KOEHN | CLASS 5 | 75,000.00 | 14,315.78 | 0.00 | 60,684.22 |
| KOEHN | MAINSTAR-FBO SARAH KOEHN | CLASS 5 | 125,000.00 | 19,791.69 | 0.00 | 105,208.31 |
| KOELLER | PROV. TR GP-FBO ROBIN KOELLER IRA | CLASS 5 | 160,000.00 | 6,195.56 | 0.00 | 153,804.44 |
| KOENCK | HORIZON TR CO-FBO LOWELL D KOENCK IRA | CLASS 3 | 76,000.00 | 4,350.94 | 0.00 | 71,649.06 |
| KOEPP/BROWNING | AARON KOEPP & LAURA BROWNING | CLASS 3 | 50,000.00 | 884.04 | 0.00 | 49,115.96 |
| KOERBER | JOAN KOERBER | CLASS 3 | 25,000.00 | 256.95 | 0.00 | 24,743.05 |
| KOESTERER | HORIZON TR CO-FBO JOHN L KOESTERER IRA | CLASS 3 | 25,000.00 | 165.27 | 0.00 | 24,834.73 |
| KOHL | GAIL KOHL | CLASS 3 | 25,000.00 | 658.33 | 0.00 | 24,341.67 |
| KOHLER | RICHARD G KOHLER RLT | CLASS 3 | 150,000.00 | 2,875.00 | 0.00 | 147,125.00 |
| KOLNIERZ | ABRAHAM KOLNIERZ 1999 TR | CLASS 3 | 25,000.00 | 586.82 | 0.00 | 24,413.18 |
| KOMPROOD | RONALD M KOMPROOD | CLASS 3 | 25,000.00 | 100.69 | 0.00 | 24,899.31 |
| KONCZEY | ALEXANDER C & MARGARET M KONCZEY | CLASS 5 | 70,000.00 | 13,638.92 | 0.00 | 56,361.08 |
| KONCZEY | ALEXANDER C KONCZEY | CLASS 5 | 50,000.00 | 4,708.37 | 0.00 | 45,291.63 |
| KONCZEY | PROV. TR GP-FBO CAROLINE KONCZEY IRA | CLASS 5 | 50,000.00 | 6,402.78 | 0.00 | 43,597.22 |
| KONOV | MAINSTAR-FBO RAMONA KONOV T2178521 | CLASS 3 | 50,000.00 | | 0.00 | 50,000.00 |
| KONRAD | DOUGLAS E & KATHLENE M KONRAD | CLASS 5 | 500,000.00 | 63,611.08 | 0.00 | 436,388.92 |
| KONSTANTINIDIS | ELEFTERIOS P & SANDRA H KONSTANTINIDIS | CLASS 3 | 50,000.00 | 1,430.54 | 0.00 | 48,569.46 |
| KOONS | KEVIN D & JULIE A KOONS | CLASS 5 | 100,000.00 | 5,151.41 | 0.00 | 94,848.59 |
| KOONS | NATHAN & TRISTAN KOONS | CLASS 3 | 100,000.00 | 816.67 | 0.00 | 99,183.33 |
| KOPP | LT OF WILLIAM S KOPP U/A DTD 05/12/05 | CLASS 3 | 80,000.00 | 7,970.02 | 0.00 | 72,029.98 |
| KORBITZ | MAINSTAR-FBO HOLLY M KORBITZ | CLASS 5 | 80,000.00 | 9,000.00 | 0.00 | 71,000.00 |
| KORBITZ | MAINSTAR-FBO THOMAS A KORBITZ | CLASS 5 | 89,500.00 | 10,068.75 | 0.00 | 79,431.25 |
| KORD | IRA SVCS TR CO-CFBO ERNESTINE KORD IRA | CLASS 3 | 24,000.00 | 1,440.00 | 0.00 | 22,560.00 |
| KORETSKY | ROSEANNE KORETSKY | CLASS 3 | 102,178.08 | 15,869.97 | 0.00 | 86,308.11 |
| KORNBLUM | DANIEL B KORNBLUM FT | CLASS 3 | 100,000.00 | 8,276.01 | 0.00 | 91,723.99 |
| KORNBLUM | DANIEL B KORNBLUM FT | CLASS 5 | 650,000.00 | 53,794.04 | 0.00 | 596,205.96 |
| KORNBLUM | ERIC D KORNBLUM | CLASS 5 | 100,000.00 | 10,116.63 | 0.00 | 89,883.37 |
| KORNBLUM | SETH N KORNBLUM | CLASS 5 | 100,000.00 | 9,177.69 | 0.00 | 90,822.31 |
| KORNFELD | MARILYN KORNFELD DECLAR OF TR 09/09/13 | CLASS 3 | 100,000.00 | 17,612.51 | 2,936.01 | 79,451.48 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KORNFELD | MARILYN KORNFELD DECLAR OF TR 09/09/13 | CLASS 5 | 50,000.00 | 8,806.26 | 1,468.00 | 39,725.74 |
| KORNRUMPF | RICHARD L KORNRUMPF | CLASS 3 | 40,000.00 | 2,246.67 | 0.00 | 37,753.33 |
| KORNUTH | CARLA D KORNUTH | CLASS 3 | 25,000.00 | 347.23 | 0.00 | 24,652.77 |
| KORTAN | HORIZON TR CO-FBO SHELLIE W-KORTAN IRA | CLASS 3 | 50,000.00 | 805.11 | 0.00 | 49,194.89 |
| KORTAN | KENNETH KORTAN & S WALKINGSHAW-KORTAN | CLASS 3 | 50,000.00 | 3,972.92 | 0.00 | 46,027.08 |
| KOS | DENNIS A KOS | CLASS 3 | 107,458.98 | 20,594.44 | 0.00 | 86,864.54 |
| KOS | DOLLY A KOS | CLASS 3 | 150,000.00 | 10,449.38 | 0.00 | 139,550.62 |
| KOS | PROV. TR GP-FBO DENNIS A KOS IRA | CLASS 3 | 69,396.02 | 13,835.43 | 0.00 | 55,560.59 |
| KOSARICK | FRANK E KOSARICK | CLASS 5 | 125,000.00 | 17,948.67 | 0.00 | 107,051.33 |
| KOSS | PROV. TR GP-FBO LISA L KOSS IRA | CLASS 3 | 158,000.00 | 33,683.29 | 12,047.99 | 112,268.72 |
| KOSS | PROV. TR GP-FBO LISA L KOSS IRA | CLASS 5 | 125,000.00 | 26,648.18 | 9,531.64 | 88,820.18 |
| KOTLER | THEODORE C KOTLER | CLASS 3 | 30,000.00 | 1,072.82 | 0.00 | 28,927.18 |
| KOVACS | IRA SVCS TR CO-CFBO BARBARA KOVACS IRA | CLASS 3 | 47,500.00 | 2,812.78 | 0.00 | 44,687.22 |
| KOVACS | IRA SVCS TR CO-CFBO DENNIS KOVACS IRA | CLASS 3 | 37,500.00 | 1,438.06 | 0.00 | 36,061.94 |
| KOVAL | TODD C & AMY L KOVAL | CLASS 3 | 50,000.00 | 4,488.58 | 0.00 | 45,511.42 |
| KOWALCZYK | MAINSTAR-FBO MARIAN D KOWALCZYK TW003346 | CLASS 3 | 100,000.00 | 8,850.00 | 0.00 | 91,150.00 |
| KOZAK | BEN S KOZAK | CLASS 3 | 145,000.00 | 4,560.07 | 0.00 | 140,439.93 |
| KOZAK | GEORGE H & LOIS M KOZAK | CLASS 3 | 105,000.00 | 1,769.38 | 0.00 | 103,230.62 |
| KOZAK | JAMES D & LYNNE S KOZAK | CLASS 3 | 100,000.00 | 2,950.00 | 0.00 | 97,050.00 |
| KOZAK | STEVEN G & SHARON A KOZAK | CLASS 3 | 127,000.00 | 3,189.08 | 0.00 | 123,810.92 |
| KOZEMCHAK | PATRICIA ANN KOZEMCHAK 2013 TR | CLASS 5 | 500,200.00 | 46,916.48 | 0.00 | 453,283.52 |
| KOZIN | THE EUGENE M KOZIN RT | CLASS 3 | 25,000.00 | 1,775.00 | 0.00 | 23,225.00 |
| KOZLOWSKI | ELIZABETH A KOZLOWSKI RLT | CLASS 3 | 50,000.00 | 2,488.87 | 0.00 | 47,511.13 |
| KOZLOWSKI | ELIZABETH KOZLOWSKI | CLASS 3 | 50,000.00 | 8,109.75 | 0.00 | 41,890.25 |
| KOZLOWSKI | MAINSTAR-FBO ELIZABETH KOZLOWSKI | CLASS 3 | 23,500.00 | 2,391.13 | 0.00 | 21,108.87 |
| KRABILL | ELIZABETH KRABILL | CLASS 3 | 33,000.00 | 25,722.01 | 0.00 | 7,277.99 |
| KRABILL | IRA SVCS TR CO-CFBO ROBERT KRABILL IRA | CLASS 3 | 190,629.87 | 18,432.38 | 107.44 | 172,090.05 |
| KRAEMER | GREGG A KRAEMER | CLASS 3 | 350,000.00 | 27,995.81 | 0.00 | 322,004.19 |
| KRAFT | JUDITH A & RAYMOND A KRAFT | CLASS 3 | 100,000.00 | 13,522.57 | 0.00 | 86,477.43 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KRAFT | JUDITH A & RAYMOND A KRAFT | CLASS 5 | 100,000.00 | 13,522.57 | 0.00 | 86,477.43 |
| KRAHN | PATRICIA & DONALD KRAHN | CLASS 3 | 125,000.00 | 14,089.39 | 0.00 | 110,910.61 |
| KRALJIC | JOHN & SHARI KRALJIC | CLASS 3 | 100,000.00 | 13,389.00 | 0.00 | 86,611.00 |
| KRALL | PROV. TR GP-FBO KENNETH R KRALL ROTH IRA | CLASS 3 | 50,000.00 | 4,137.50 | 0.00 | 45,862.50 |
| KRALL | PROV. TR GP-FBO SHARON R KRALL ROTH IRA | CLASS 3 | 50,000.00 | 3,963.43 | 0.00 | 46,036.57 |
| KRAMER | DARLENE KRAMER | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| KRAMER | SANFORD & BEVERLY KRAMER | CLASS 3 | 200,000.00 | 28,832.43 | 0.00 | 171,167.57 |
| KRANTZ | MAINSTAR-FBO MARK KRANTZ | CLASS 5 | 282,616.00 | 26,141.97 | 0.00 | 256,474.03 |
| KRANTZ | MARK KRANTZ | CLASS 5 | 435,000.00 | 42,607.89 | 1,000.00 | 391,392.11 |
| KRAUS | ROBERT & ZEDENA KRAUS | CLASS 3 | 100,000.00 | 10,377.71 | 0.00 | 89,622.29 |
| KRAUS | SHANNON L & LORI KRAUS | CLASS 3 | 100,000.00 | 111.11 | 0.00 | 99,888.89 |
| KRAUSE | LAWRENCE A & SHARON J KRAUSE | CLASS 3 | 30,000.00 | 275.00 | 0.00 | 29,725.00 |
| KRAUSS | ALLISON KRAUSS | CLASS 3 | 50,000.00 | 1,545.85 | 0.00 | 48,454.15 |
| KRAVITSKY | JOYCE D KRAVITSKY | CLASS 3 | 30,000.00 | 1,267.50 | 0.00 | 28,732.50 |
| KRAWIEC | MARIA KRAWIEC | CLASS 3 | 385,000.00 | 34,392.48 | 1,629.50 | 348,978.02 |
| KREMER | CHARLES E KREMER | CLASS 5 | 170,000.00 | 27,861.17 | 0.00 | 142,138.83 |
| KRESS | SHIRLEY J KRESS | CLASS 3 | 36,000.00 | 0.00 | 0.00 | 36,000.00 |
| KRICK | EDWARD & CAROL KRICK | CLASS 3 | 25,000.00 | 586.82 | 0.00 | 24,413.18 |
| KRISCHBAUM | RICHARD D & BETTY L KRISCHBAUM | CLASS 3 | 100,000.00 | 12,583.33 | 1,000.00 | 86,416.67 |
| KRISCHBAUM | ROBERT C KRISCHBAUM | CLASS 3 | 25,000.00 | 966.67 | 0.00 | 24,033.33 |
| KROL | MAINSTAR-FBO STEVEN KROL | CLASS 3 | 525,000.00 | 36,881.25 | 0.00 | 488,118.75 |
| KROL | PROV. TR GP-FBO STEVEN KROL IRA | CLASS 3 | 200,000.00 | 40,067.36 | 0.00 | 159,932.64 |
| KROL | RICHARD KROL | CLASS 3 | 25,000.00 | 155.55 | 0.00 | 24,844.45 |
| KROPP | BARBARA KROPP | CLASS 3 | 40,000.00 | 1,094.46 | 0.00 | 38,905.54 |
| KRUEGER | FREDRICK W KRUEGER TR U/T/D 11/23/99 | CLASS 3 | 100,000.00 | 4,676.42 | 0.00 | 95,323.58 |
| KRUEGER | KRAIG KRUEGER | CLASS 3 | 25,000.00 | 11,061.48 | 0.00 | 13,938.52 |
| KRUEGER | PROV. TR GP-FBO FREDRICK KRUEGER ROTH IRA | CLASS 5 | 79,271.32 | 4,205.79 | 0.00 | 75,065.53 |
| KRUMWEIDE | GARY & PAT KRUMWEIDE | CLASS 3 | 50,000.00 | 743.05 | 0.00 | 49,256.95 |
| KRUNING | SUSANA KRUNING | CLASS 3 | 135,000.00 | 3,457.50 | 0.00 | 131,542.50 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KRUPKA | JAMES & TIANYI KRUPKA | CLASS 5 | 312,583.33 | 103,397.85 | 0.00 | 209,185.48 |
| KRUPKA | PROV. TR GP-FBO JAMES KRUPKA IRA | CLASS 5 | 907,500.00 | 302,187.50 | 0.00 | 605,312.50 |
| KRUPKA | PROV. TR GP-FBO TIANYI KRUPKA IRA | CLASS 5 | 100,833.33 | 33,714.98 | 0.00 | 67,118.35 |
| KRUSE | MAINSTAR-FBO NEIL R KRUSE | CLASS 3 | 188,587.00 | 12,258.16 | 0.00 | 176,328.84 |
| KRZEMIEN | DAVID L KRZEMIEN | CLASS 3 | 30,000.00 | 816.67 | 0.00 | 29,183.33 |
| KUBOTA | JOAN C KUBOTA | CLASS 3 | 50,000.00 | 1,275.00 | 0.00 | 48,725.00 |
| KUBSH | THOMAS M KUBSH | CLASS 3 | 100,000.00 | 216.67 | 0.00 | 99,783.33 |
| KUEHN | DUWAYNE J & BARBARA A KUEHN | CLASS 3 | 450,000.00 | 17,045.86 | 0.00 | 432,954.14 |
| KUEHN | KEVIN J KUEHN | CLASS 3 | 100,000.00 | 4,218.07 | 0.00 | 95,781.93 |
| KUEHNERT | STEVEN G KUEHNERT | CLASS 5 | 110,000.00 | 25,119.73 | 0.00 | 84,880.27 |
| KUGELMAN | MORTON & FRANCYNE KUGELMAN | CLASS 3 | 160,000.00 | 19,443.37 | 0.00 | 140,556.63 |
| KUGELMAN | PROV. TR GP-FBO MORTON KUGELMAN IRA | CLASS 3 | 259,500.00 | 1,311.92 | 0.00 | 258,188.08 |
| KULASIK | JERRY E KULASIK | CLASS 3 | 60,061.44 | 5,325.47 | 0.00 | 54,735.97 |
| KULIGOWSKI | MAINSTAR-FBO STEPHEN KULIGOWSKI T2178368 | CLASS 3 | 114,600.00 | 318.33 | 0.00 | 114,281.67 |
| KULKARNI | PROV. TR GP-FBO UPENDRA & S KULKARNI ICA | CLASS 3 | 200,000.00 | 17,611.11 | 0.00 | 182,388.89 |
| KULP | WILLIS K KULP | CLASS 3 | 50,000.00 | 152.78 | 0.00 | 49,847.22 |
| KUMERFIELD | CRAIG E KUMERFIELD | CLASS 3 | 25,000.00 | 1,115.25 | 0.00 | 23,884.75 |
| KUNDERT | CORRIE KUNDERT | CLASS 3 | 200,000.00 | 13,608.31 | 0.00 | 186,391.69 |
| KUNDERT | MAINSTAR-FBO CORRIE KUNDERT | CLASS 3 | 300,000.00 | 20,355.55 | 0.00 | 279,644.45 |
| KUNKEL | DEBORAH KUNKEL | CLASS 3 | 25,000.00 | 1,500.00 | 0.00 | 23,500.00 |
| KUNTZ | RUTH ANN KUNTZ | CLASS 3 | 25,000.00 | 836.83 | 0.00 | 24,163.17 |
| KUO | JIMMY E & RACHEL JUICHEN KUO RT | CLASS 3 | 50,000.00 | 2,112.48 | 0.00 | 47,887.52 |
| KUPCZYK | PROV. TR GP-FBO LAWRENCE KUPCZYK IRA | CLASS 3 | 63,253.08 | 5,411.65 | 0.00 | 57,841.43 |
| KURASZ | RONALD J KURASZ | CLASS 3 | 30,000.00 | 3,801.00 | 0.00 | 26,199.00 |
| KURIEN | PROV. TR GP-FBO MIRA A KURIEN ROTH IRA | CLASS 3 | 50,000.00 | 11,069.44 | 0.00 | 38,930.56 |
| KURTZEBORN/WATSON | ADELAIDE KURTZEBORN & H WATSON-AUBUCHON | CLASS 3 | 100,000.00 | 1,000.00 | 0.00 | 99,000.00 |
| KUSH | MAINSTAR-FBO MIKE KUSH | CLASS 5 | 50,000.00 | 8,333.36 | 0.00 | 41,666.64 |
| KUYS | ANTHONY & VICKI KUYS | CLASS 3 | 200,000.00 | 8,283.36 | 0.00 | 191,716.64 |
| KWAN | DANIEL KWAN | CLASS 3 | 110,000.00 | 8,888.33 | 0.00 | 101,111.67 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| KWAN | KIMBERLY KWAN | CLASS 3 | 60,000.00 | 4,725.00 | 0.00 | 55,275.00 |
| KWAN | KRISTIN KWAN | CLASS 3 | 110,000.00 | 8,900.83 | 0.00 | 101,099.17 |
| KWAN | THE KWAN FT DTD 02/24/89 | CLASS 5 | 800,000.00 | 57,683.31 | 0.00 | 742,316.69 |
| KYLE | LESTER J JR & TERRI L KYLE | CLASS 3 | 20,000.00 | 338.88 | 0.00 | 19,661.12 |
| KYOVSKY | ROLAND J & RITA M KYOVSKY | CLASS 3 | 170,000.00 | 16,653.30 | 0.00 | 153,346.70 |
| KYPSON | GEORGE & IVA KYPSON | CLASS 3 | 175,000.00 | 6,729.16 | 0.00 | 168,270.84 |
| KYZER | ARLIE & BARBARA KYZER | CLASS 3 | 75,000.00 | 8,232.30 | 0.00 | 66,767.70 |
| L&L FORTNER | L&L FORTNER FT | CLASS 3 | 150,000.00 | 12,354.12 | 0.00 | 137,645.88 |
| L2D2 | L2D2 LLC | CLASS 3 | 175,000.00 | 27,603.31 | 3,425.34 | 143,971.35 |
| L2D2 | L2D2 LLC | CLASS 5 | 275,000.00 | 43,376.63 | 5,382.67 | 226,240.70 |
| LA BARGE | THE LA BARGE RLT 04/30/86 | CLASS 3 | 164,287.00 | 711.91 | 0.00 | 163,575.09 |
| LA ROCHE | LINDA LA ROCHE LT DTD 07/05/06 | CLASS 3 | 35,000.00 | 915.83 | 0.00 | 34,084.17 |
| LA ROCHELLE | LISE LA ROCHELLE | CLASS 3 | 100,000.00 | 12,751.07 | 0.00 | 87,248.93 |
| LACERRA | PROV. TR GP-FBO THOMAS LACERRA IRA | CLASS 3 | 100,000.00 | 5,002.78 | 0.00 | 94,997.22 |
| LACHANCE | JASON & ELIZABETH LACHANCE | CLASS 3 | 50,000.00 | 4,075.00 | 0.00 | 45,925.00 |
| LACLAIR | MONICA & LAWRENCE LACLAIR | CLASS 3 | 800,000.00 | 13,550.00 | 0.00 | 786,450.00 |
| LADBURY | BRADLEY J & WANDA K LADBURY | CLASS 3 | 130,000.00 | 12,386.57 | 0.00 | 117,613.43 |
| LADE | DOREEN L LADE | CLASS 3 | 100,000.00 | 9,116.63 | 1,000.00 | 89,883.37 |
| LADWIG | LADWIG FT | CLASS 3 | 100,000.00 | 7,262.50 | 0.00 | 92,737.50 |
| LAFFITE | CARLOS LAFFITE | CLASS 5 | 100,000.00 | 7,244.38 | 0.00 | 92,755.62 |
| LAGRANGE | THE MYRON R & CAROL L LAGRANGE RLT | CLASS 3 | 150,000.00 | 6,550.00 | 0.00 | 143,450.00 |
| LAGUD | BARBARA LAGUD | CLASS 3 | 25,000.00 | 333.34 | 0.00 | 24,666.66 |
| LAHOOTI | PROV. TR GP-FBO ETTIE LAHOOTI IRA | CLASS 3 | 100,000.00 | 7,200.00 | 0.00 | 92,800.00 |
| LAHR | JOHN M & MARY THERESE LAHR | CLASS 3 | 50,000.00 | 5,343.67 | 0.00 | 44,656.33 |
| LAICHE | ARLENE F LAICHE | CLASS 3 | 25,000.00 | 7,416.67 | 0.00 | 17,583.33 |
| LAICHE | KOLBY T LAICHE | CLASS 3 | 25,000.00 | 7,391.67 | 0.00 | 17,608.33 |
| LAKAMP | MAINSTAR-FBO DONNA S LAKAMP | CLASS 3 | 35,000.00 | 1,705.77 | 0.00 | 33,294.23 |
| LAKE | GREGORY LAKE | CLASS 3 | 65,000.00 | 2,325.58 | 0.00 | 62,674.42 |
| LAKER | BRENT R & JANELLE R LAKER | CLASS 3 | 115,000.00 | 14,267.53 | 0.00 | 100,732.47 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LAKER | CAMPBELL & IRIS LAKER | CLASS 5 | 100,000.00 | 37,888.77 | 0.00 | 62,111.23 |
| LAKSHMINARAYANAN | V LAKSHMINARAYANAN & V AIYER BHARDWAJ | CLASS 3 | 100,000.00 | 6,375.00 | 0.00 | 93,625.00 |
| LAM | ANDREW LAM | CLASS 3 | 25,000.00 | 114.59 | 0.00 | 24,885.41 |
| LAM | MAINSTAR-FBO FLORENCE LAM T2176673 | CLASS 3 | 100,000.00 | 4,958.34 | 0.00 | 95,041.66 |
| LAM | MAINSTAR-FBO LEO LAM R2176713 | CLASS 3 | 100,000.00 | 4,355.55 | 0.00 | 95,644.45 |
| LAMBERT | MICHAEL LAMBERT | CLASS 3 | 50,000.00 | 1,388.90 | 0.00 | 48,611.10 |
| LAMBERT/DARWENT | CAROL A LAMBERT & ANDREA F DARWENT | CLASS 3 | 100,000.00 | 2,760.40 | 0.00 | 97,239.60 |
| LAMBERTZ | MAINSTAR-FBO TOM L LAMBERTZ T2176351 | CLASS 3 | 194,713.00 | 6,679.73 | 0.00 | 188,033.27 |
| LAMCHEK | JOAQUIN & ROSALINA TSEN LAMCHEK RLT | CLASS 3 | 50,000.00 | 218.75 | 0.00 | 49,781.25 |
| LAMCHEK | MAINSTAR-FBO ROSALINA T LAMCHEK T2177286 | CLASS 3 | 88,252.48 | 1,642.47 | 0.00 | 86,610.01 |
| LAMKIE | THE RENEE J LAMKIE 1997 TR | CLASS 3 | 100,000.00 | 555.56 | 0.00 | 99,444.44 |
| LAMONICA | FILOMENA LAMONICA | CLASS 3 | 40,329.36 | 5,237.24 | 0.00 | 35,092.12 |
| LAMONTAGNE | GRACE LAMONTAGNE | CLASS 3 | 300,000.00 | 32,914.37 | 0.00 | 267,085.63 |
| LAMONTAGNE | GRACE LAMONTAGNE | CLASS 5 | 100,000.00 | 10,971.46 | 0.00 | 89,028.54 |
| LAMONTE | PETER W LAMONTE | CLASS 3 | 50,000.00 | 2,093.09 | 0.00 | 47,906.91 |
| LAMPHIER | JACK & BARBARA LAMPHIER | CLASS 3 | 100,000.00 | 5,291.62 | 0.00 | 94,708.38 |
| LANCASTER | PAMELA J LANCASTER | CLASS 3 | 301,000.00 | 39,662.43 | 705.88 | 260,631.69 |
| LANDMAN | LLOYD & NANCY LANDMAN | CLASS 5 | 50,000.00 | 9,059.82 | 0.00 | 40,940.18 |
| LANDMESSER | STEPHANIE LANDMESSER | CLASS 3 | 50,000.00 | 7,194.41 | 0.00 | 42,805.59 |
| LANDMESSER | STEPHANIE LANDMESSER | CLASS 5 | 100,000.00 | 14,388.81 | 0.00 | 85,611.19 |
| LANDRY | IRA SVCS TR CO-CFBO BLAIR LANDRY | CLASS 3 | 26,500.00 | 1,284.21 | 0.00 | 25,215.79 |
| LANDRY | PATRICIA A LANDRY | CLASS 3 | 50,000.00 | 2,708.33 | 0.00 | 47,291.67 |
| LANDSMAN | ROSALIND C LANDSMAN | CLASS 3 | 25,000.00 | 7,812.45 | 0.00 | 17,187.55 |
| LANDSMAN/GLICK | ROSALIND C LANDSMAN & JOYCE H GLICK | CLASS 3 | 25,000.00 | 1,527.04 | 0.00 | 23,472.96 |
| LANDUSKY | PAULA K LANDUSKY | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| LANDWEHR | DAVID P & BRENDA K LANDWEHR | CLASS 3 | 170,000.00 | 11,863.29 | 0.00 | 158,136.71 |
| LANDWEHR | MAINSTAR-FBO BRENDA LANDWEHR R2176543 | CLASS 3 | 50,000.00 | 3,916.67 | 0.00 | 46,083.33 |
| LANDWEHR | MAINSTAR-FBO DAVID P LANDWEHR R2176542 | CLASS 3 | 55,000.00 | 3,483.33 | 0.00 | 51,516.67 |
| LANE | JOHNNY L & CLAUDIA F LANE | CLASS 3 | 25,000.00 | 516.67 | 0.00 | 24,483.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LANE | PROV. TR GP-FBO KATHY LANE IRA | CLASS 3 | 90,810.00 | 7,597.55 | 0.00 | 83,212.45 |
| LANE | PROV. TR GP-FBO ROBERT LANE IRA | CLASS 3 | 28,400.00 | 2,357.52 | 0.00 | 26,042.48 |
| LANE | WILLIAM J & LINDA M CHISHOLM LANE | CLASS 3 | 75,000.00 | 8,026.08 | 0.00 | 66,973.92 |
| LANG | EDNA LANG | CLASS 3 | 50,000.00 | 3,322.19 | 0.00 | 46,677.81 |
| LANGDON | MAINSTAR-FBO NANCY LANGDON T2175830 | CLASS 3 | 37,200.00 | 2,583.33 | 0.00 | 34,616.67 |
| LANGDON | MAINSTAR-FBO ROBERT LANGDON T2175921 | CLASS 3 | 116,800.00 | 8,111.11 | 0.00 | 108,688.89 |
| LANGE | KELLY J LANGE | CLASS 3 | 400,000.00 | 65,431.77 | 0.00 | 334,568.23 |
| LANGE | KENNETH W & SANDRA S LANGE | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| LANGE | PROV. TR GP-FBO RICHARD H LANGE IRA | CLASS 5 | 100,000.00 | 20,500.00 | 0.00 | 79,500.00 |
| LANGENFELD | MARYANN LANGENFELD | CLASS 3 | 25,000.00 | 381.95 | 0.00 | 24,618.05 |
| LANGLAIS | ERNEST R & ESTELLA JUNE LANGLAIS | CLASS 3 | 49,750.00 | 6,873.82 | 0.00 | 42,876.18 |
| LANGLEY | ALICE LANGLEY | CLASS 5 | 140,000.00 | 15,419.36 | 0.00 | 124,580.64 |
| LANGSTON | IRA SVCS TR CO-CFBO KENT LANGSTON | CLASS 3 | 29,000.00 | 753.99 | 0.00 | 28,246.01 |
| LANIVICH | JULIE LANIVICH | CLASS 3 | 25,000.00 | 246.53 | 0.00 | 24,753.47 |
| LANNUM | LUCILLE M & KEITH R LANNUM | CLASS 3 | 148,000.00 | 0.00 | 0.00 | 148,000.00 |
| LANSER | JERRY & RUBY LANSER | CLASS 3 | 30,000.00 | 3,187.06 | 0.00 | 26,812.94 |
| LANSING | PROV. TR GP-FBO LISA C LANSING IRA | CLASS 3 | 25,000.00 | 1,040.27 | 0.00 | 23,959.73 |
| LANZ | JEFFERSON LANZ | CLASS 3 | 25,000.00 | 4,098.56 | 0.00 | 20,901.44 |
| LAPENSON | MAINSTAR-FBO RONNIE LAPENSON T2175865 | CLASS 3 | 107,888.48 | 7,385.03 | 0.00 | 100,503.45 |
| LAPLANTE | NELLIE LAPLANTE | CLASS 3 | 100,000.00 | 1,305.57 | 0.00 | 98,694.43 |
| LAPPAS | ANDREA LAPPAS | CLASS 3 | 45,000.00 | 822.50 | 0.00 | 44,177.50 |
| LAPPAS | VIRGINIA LAPPAS | CLASS 3 | 30,000.00 | 548.33 | 0.00 | 29,451.67 |
| LARKINS | LAWRENCE A & JULIE LARKINS | CLASS 3 | 75,000.00 | 13,716.58 | 0.00 | 61,283.42 |
| LARMER | ANDREW LARMER | CLASS 3 | 60,000.00 | 3,100.00 | 0.00 | 56,900.00 |
| LAROCHELLE | RICHARD LAROCHELLE | CLASS 3 | 50,000.00 | 2,293.03 | 0.00 | 47,706.97 |
| LARSEN | DORA P LARSEN | CLASS 3 | 60,000.00 | 2,600.00 | 0.00 | 57,400.00 |
| LARSEN | JAMES C LARSEN | CLASS 3 | 60,000.00 | 3,770.00 | 1,000.00 | 55,230.00 |
| LARSEN | SHIRLEY LARSEN | CLASS 3 | 550,000.00 | 42,202.08 | 0.00 | 507,797.92 |
| LARSON | NANCY & DOUGLAS LARSON | CLASS 3 | 200,000.00 | 24,364.56 | 0.00 | 175,635.44 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LARSON | PROV. TR GP-FBO KAREN LARSON IRA | CLASS 3 | 53,960.00 | 3,904.61 | 0.00 | 50,055.39 |
| LARSON | THE LARSON FT DTD 05/21/10 | CLASS 3 | 50,000.00 | 2,589.62 | 0.00 | 47,410.38 |
| LARWYN | THE LARWYN TR DTD 02/16/95 | CLASS 3 | 200,000.00 | 8,233.33 | 0.00 | 191,766.67 |
| LASHER | MAINSTAR-FBO BEVERLY LASHER T2178350 | CLASS 3 | 76,500.00 | 428.19 | 0.00 | 76,071.81 |
| LASHINE | CAROL N LASHINE | CLASS 3 | 70,000.00 | 13,113.45 | 0.00 | 56,886.55 |
| LATHAM | RICHARD & FRANCIS LATHAM | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| LATINI | ROBERT LATINI | CLASS 3 | 30,000.00 | 704.17 | 0.00 | 29,295.83 |
| LATKA | JUDY LATKA | CLASS 3 | 50,000.00 | 856.50 | 0.00 | 49,143.50 |
| LAURETANO | NICHOLAS LAURETANO | CLASS 3 | 75,000.00 | 3,953.13 | 0.00 | 71,046.87 |
| LAUT | WAYNE & MARY LAUT | CLASS 3 | 150,000.00 | 3,150.00 | 0.00 | 146,850.00 |
| LAUTEN | MAINSTAR-FBO RUSSELL JAMES LAUTEN | CLASS 3 | 200,000.00 | 10,450.00 | 0.00 | 189,550.00 |
| LAUTEN | RUSSELL JAMES LAUTEN | CLASS 3 | 80,000.00 | 4,055.52 | 0.00 | 75,944.48 |
| LAUTER | JOHN & PHYLLIS LAUTER | CLASS 5 | 50,000.00 | 7,472.28 | 0.00 | 42,527.72 |
| LAVIN | MAINSTAR-FBO LAUREL A LAVIN | CLASS 3 | 250,000.00 | 21,815.82 | 1,000.00 | 227,184.18 |
| LAWLESS | THE LAWLESS TR | CLASS 3 | 100,000.00 | 20,077.88 | 0.00 | 79,922.12 |
| LAWRENCE | BRANDON LAWRENCE | CLASS 3 | 35,000.00 | 367.50 | 0.00 | 34,632.50 |
| LAWRENCE | PROV. TR GP-FBO GARY H LAWRENCE IRA | CLASS 3 | 32,650.00 | 865.23 | 0.00 | 31,784.77 |
| LAWRENCE | PROV. TR GP-FBO PAMELA F LAWRENCE IRA | CLASS 3 | 33,054.00 | 482.04 | 0.00 | 32,571.96 |
| LAWRENCE | PROV. TR GP-FBO PAUL LAWRENCE IRA | CLASS 3 | 48,000.00 | 961.33 | 0.00 | 47,038.67 |
| LAWRENCE | ROXANNE V LAWRENCE RT DTD 06/16/08 | CLASS 3 | 50,000.00 | 986.10 | 0.00 | 49,013.90 |
| LAWTON | MAINSTAR-FBO JOHN LAWTON R2176452 | CLASS 3 | 50,000.00 | 1,924.66 | 0.00 | 48,075.34 |
| LAXTON | MAINSTAR-FBO NEAL LAXTON | CLASS 3 | 45,850.50 | 5,578.44 | 0.00 | 40,272.06 |
| LAY | SALLY A LAY | CLASS 3 | 50,000.00 | 3,104.18 | 0.00 | 46,895.82 |
| LAYTON | ROBERT LAYTON | CLASS 3 | 50,000.00 | 2,433.33 | 0.00 | 47,566.67 |
| LAZAR | GARY LAZAR | CLASS 3 | 216,000.00 | 11,952.00 | 0.00 | 204,048.00 |
| LAZINSKI | HENRY R LAZINSKI RLT | CLASS 3 | 30,000.00 | 1,995.00 | 0.00 | 28,005.00 |
| LE | PHAT TUAN LE | CLASS 5 | 100,000.00 | 19,891.56 | 0.00 | 80,108.44 |
| LE PLATT | MAINSTAR-FBO RICHARD LE PLATT | CLASS 3 | 235,000.00 | 17,860.00 | 0.00 | 217,140.00 |
| LEAKE | SANDRA A LEAKE TR DTD 06/08/93 | CLASS 3 | 25,000.00 | 1,489.62 | 0.00 | 23,510.38 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LEASURE | KEVIN & CHRISTINE LEASURE | CLASS 3 | 48,000.00 | 2,222.00 | 0.00 | 45,778.00 |
| LEBLANC | ERNEST G LEBLANC | CLASS 3 | 25,000.00 | 5,531.25 | 0.00 | 19,468.75 |
| LEBLANC | FREDERICK WARREN LEBLANC | CLASS 5 | 230,000.00 | 21,565.32 | 0.00 | 208,434.68 |
| LEBLANC | MAINSTAR-FBO ANNA N LEBLANC | CLASS 3 | 31,581.00 | 3,125.63 | 0.00 | 28,455.37 |
| LEBLANC | MAINSTAR-FBO FREDERICK LEBLANC T2174435 | CLASS 3 | 30,000.00 | 5,162.72 | 0.00 | 24,837.28 |
| LEBLANC | MAINSTAR-FBO FREDERICK LEBLANC T2174435 | CLASS 5 | 266,000.00 | 45,776.09 | 0.00 | 220,223.91 |
| LEBLANC | MAINSTAR-FBO JASON A LEBLANC | CLASS 3 | 31,446.82 | 1,938.35 | 0.00 | 29,508.47 |
| LEBLANC-RYAN | PROV. TR GP-FBO ROBERTA LEBLANC-RYAN IRA | CLASS 3 | 137,971.57 | 20,811.22 | 0.00 | 117,160.35 |
| LEBOEUF | MAINSTAR-FBO DAVIN LEBOEUF T2178310 | CLASS 3 | 200,000.00 | 155.56 | 0.00 | 199,844.44 |
| LECHMAN | CAROL LYNN LECHMAN LT DTD 08/12/91 | CLASS 3 | 900,000.00 | 35,784.68 | 0.00 | 864,215.32 |
| LECHNER | JENNIFER L & THOMAS P LECHNER | CLASS 3 | 50,000.00 | 4,183.34 | 0.00 | 45,816.66 |
| LECKLER | COURTNEY & MARILYN LECKLER | CLASS 3 | 80,000.00 | 7,142.08 | 0.00 | 72,857.92 |
| L'ECLUSE | STEVEN D & LYNN L'ECLUSE TR 04/16/96 | CLASS 3 | 50,000.00 | 3,658.33 | 0.00 | 46,341.67 |
| LECONTE | MICHAEL & JANICE LECONTE | CLASS 3 | 100,000.00 | 3,188.87 | 0.00 | 96,811.13 |
| LEDBETTER | DALE LEDBETTER TR | CLASS 3 | 25,000.00 | 1,625.00 | 0.00 | 23,375.00 |
| LEE | ANITA T LEE | CLASS 3 | 25,000.00 | 232.65 | 0.00 | 24,767.35 |
| LEE | BETTY & PAUL LEE | CLASS 3 | 125,000.00 | 6,627.04 | 0.00 | 118,372.96 |
| LEE | CAROL C LEE | CLASS 3 | 100,000.00 | 14,014.00 | 0.00 | 85,986.00 |
| LEE | CAROL L LEE | CLASS 3 | 60,000.00 | 18,899.86 | 0.00 | 41,100.14 |
| LEE | JONG LEE | CLASS 3 | 200,000.00 | 9,666.31 | 0.00 | 190,333.69 |
| LEE | MAINSTAR-FBO DAVID CHARLES LEE TW003939 | CLASS 3 | 41,000.00 | 1,609.25 | 0.00 | 39,390.75 |
| LEE | MAINSTAR-FBO JEAN LEE R2178053 | CLASS 3 | 90,000.00 | 1,277.50 | 0.00 | 88,722.50 |
| LEE | PROV. TR GP-FBO CAROL C LEE IRA | CLASS 3 | 137,450.00 | 2,291.52 | 0.00 | 135,158.48 |
| LEE | REAGAN W LEE | CLASS 3 | 200,000.00 | 11,631.87 | 0.00 | 188,368.13 |
| LEE | RICHARD Y LEE MD | CLASS 5 | 250,000.00 | 8,097.21 | 0.00 | 241,902.79 |
| LEE | ROBERT E & BETTY J LEE | CLASS 3 | 63,000.00 | 13,184.50 | 0.00 | 49,815.50 |
| LEE | ROSALINE T LEE | CLASS 3 | 100,000.00 | 6,255.02 | 1,200.00 | 92,544.98 |
| LEE | ROSALINE T LEE | CLASS 5 | 150,000.00 | 9,382.53 | 1,800.00 | 138,817.47 |
| LEE | WILLIAM & PATRICIA LEE TA 2009-1 08/06/09 | CLASS 3 | 25,000.00 | 1,236.15 | 0.00 | 23,763.85 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LEE-CARR | SHEILA LEE-CARR | CLASS 3 | 40,000.00 | 2,104.22 | 0.00 | 37,895.78 |
| LEENAN | LEENAN LLC | CLASS 3 | 45,000.00 | 4,922.50 | 0.00 | 40,077.50 |
| LEFKOWITZ | MICHAEL D LEFKOWITZ LT | CLASS 3 | 100,000.00 | 8,399.95 | 0.00 | 91,600.05 |
| LEGACY 1 | LEGACY 1 LLC | CLASS 3 | 360,000.00 | 33,412.58 | 0.00 | 326,587.42 |
| LEHMAN | GERALD R & BEVERLY S LEHMAN | CLASS 3 | 340,000.00 | 10,974.43 | 0.00 | 329,025.57 |
| LEHMAN | THOMAS E LEHMAN | CLASS 5 | 200,000.00 | 45,291.75 | 0.00 | 154,708.25 |
| LEHMAN | WILLIAM F LEHMAN | CLASS 5 | 50,000.00 | 16,250.13 | 0.00 | 33,749.87 |
| LEHMANN | MONIQUE LEHMANN | CLASS 3 | 150,000.00 | 2,888.85 | 0.00 | 147,111.15 |
| LEIBELSPERGER | DORENE K LEIBELSPERGER | CLASS 3 | 68,600.00 | 14,751.67 | 0.00 | 53,848.33 |
| LEIBELSPERGER | MAINSTAR-FBO DORENE LEIBELSPERGER | CLASS 3 | 36,400.00 | 7,479.17 | 0.00 | 28,920.83 |
| LEIBELSPERGER | MAINSTAR-FBO JOHN LEIBELSPERGER T2178266 | CLASS 3 | 50,000.00 | 375.00 | 0.00 | 49,625.00 |
| LEISURE | MAINSTAR-FBO EVERETT LEISURE T2176968 | CLASS 3 | 57,000.00 | 2,139.08 | 0.00 | 54,860.92 |
| LEITH | MAINSTAR-FBO CAROLE L LEITH R2178031 | CLASS 3 | 40,005.01 | 455.61 | 0.00 | 39,549.40 |
| LEMKE | VERNON A & RITA M LEMKE | CLASS 3 | 75,000.00 | 2,399.30 | 0.00 | 72,600.70 |
| LEMOINE | RONALD LEMOINE | CLASS 3 | 25,000.00 | 5,750.00 | 0.00 | 19,250.00 |
| LEMOINE | RONALD R & ALINE D LEMOINE | CLASS 3 | 25,000.00 | 8,212.50 | 235.29 | 16,552.21 |
| LEMOINE/DEROCHE | ALINE LEMOINE & ROY J DEROCHE III | CLASS 3 | 25,000.00 | 4,312.50 | 0.00 | 20,687.50 |
| LEMONS | W R LEMONS IRREV #2 LAURA A COPELAND | CLASS 3 | 50,000.00 | 841.67 | 0.00 | 49,158.33 |
| LEMONS | W R LEMONS IRREV SUBTR #3 FBO L J ROGERS | CLASS 3 | 50,000.00 | 850.00 | 0.00 | 49,150.00 |
| LEMPEREUR | KAREN M LEMPEREUR | CLASS 5 | 175,000.00 | 34,738.93 | 0.00 | 140,261.07 |
| LEMPEREUR | PROV. TR GP-FBO KAREN M LEMPEREUR IRA | CLASS 5 | 469,084.00 | 85,826.27 | 0.00 | 383,257.73 |
| LEMPEREUR/GEORGE | KAREN M LEMPEREUR & STEPHEN W GEORGE | CLASS 3 | 200,000.00 | 51,168.33 | 0.00 | 148,831.67 |
| LEMPEREUR/GEORGE | KAREN M LEMPEREUR & STEPHEN W GEORGE | CLASS 5 | 185,000.00 | 47,330.71 | 0.00 | 137,669.29 |
| LEMUS | MAINSTAR-FBO MOISES T LEMUS T2178008 | CLASS 3 | 100,000.00 | 487.96 | 0.00 | 99,512.04 |
| LENIHAN | MICHAEL J LENIHAN | CLASS 3 | 25,000.00 | 2,058.33 | 0.00 | 22,941.67 |
| LENNARTZ | DONALD W & LINDA L LENNARTZ | CLASS 3 | 95,000.00 | 16,816.00 | 0.00 | 78,184.00 |
| LENNARTZ | PROV. TR GP-FBO DANIEL R LENNARTZ IRA | CLASS 5 | 115,500.00 | 43,537.06 | 0.00 | 71,962.94 |
| LENNARTZ | PROV. TR GP-FBO DONALD W LENNARTZ IRA | CLASS 3* | 63,000.00 | 15,555.83 | 0.00 | 47,444.17 |
| LENNARTZ | PROV. TR GP-FBO LINDA L LENNARTZ IRA | CLASS 3 | 79,500.00 | 18,544.72 | 0.00 | 60,955.28 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LENNARTZ | PROV. TR GP-FBO THERESA L LENNARTZ IRA | CLASS 5 | 86,000.00 | 32,417.38 | 0.00 | 53,582.62 |
| LENSKY | WILLIAM & PAULA LENSKY | CLASS 3 | 40,000.00 | 393.33 | 0.00 | 39,606.67 |
| LENT | PROV. TR GP-FBO DAVID & NANCY LENT ICA | CLASS 3 | 150,000.00 | 18,177.08 | 0.00 | 131,822.92 |
| LENT | PROV. TR GP-FBO DAVID & NANCY LENT ICA | CLASS 5 | 50,000.00 | 6,059.03 | 0.00 | 43,940.97 |
| LENTNER | ADAM LENTNER | CLASS 3 | 200,000.00 | 3,291.69 | 0.00 | 196,708.31 |
| LENTZ | HORST K & MARIA F LENTZ | CLASS 3 | 50,000.00 | 3,508.34 | 0.00 | 46,491.66 |
| LEON | PROV. TR GP-FBO DANIEL DE LEON JR IRA | CLASS 5 | 63,500.00 | 9,313.33 | 0.00 | 54,186.67 |
| LEONARD | CARL LEONARD | CLASS 3 | 25,001.00 | 260.43 | 0.00 | 24,740.57 |
| LEONARD | PROV. TR GP-FBO EDWIN C LEONARD JR IRA | CLASS 3 | 125,000.00 | 23,151.80 | 8,808.01 | 93,040.19 |
| LEONG | MAE & KIN LEONG | CLASS 3 | 130,000.00 | 8,576.34 | 0.00 | 121,423.66 |
| LEONG | PROV. TR GP-FBO JEFFREY R LEONG IRA | CLASS 3 | 44,000.00 | 1,093.89 | 0.00 | 42,906.11 |
| LEPAGE | NORMAN J & CHERYL L LEPAGE | CLASS 3 | 200,000.00 | 4,200.01 | 0.00 | 195,799.99 |
| LEPPERT | CYNTHIA M LEPPERT | CLASS 3 | 72,000.00 | 3,439.28 | 0.00 | 68,560.72 |
| LERMAN | MARILYN & SAUL LERMAN | CLASS 3 | 80,000.00 | 9,885.01 | 1,000.00 | 69,114.99 |
| LERNER | PROV. TR GP-FBO NAUM LERNER IRA | CLASS 3 | 126,500.00 | 16,445.89 | 0.00 | 110,054.11 |
| LESSICK | HELEN M LESSICK | CLASS 3 | 25,000.00 | 253.48 | 0.00 | 24,746.52 |
| LESTER | KENNETH LESTER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| LETHIECQ | JEAN & CORONA LETHIECQ TR/JEAN LETHIECQ | CLASS 3 | 300,000.00 | 29,440.27 | 0.00 | 270,559.73 |
| LETNER | IRIS LETNER | CLASS 3 | 60,000.00 | 1,052.08 | 0.00 | 58,947.92 |
| LETTS | LOEL K & BARBARA JO LETTS | CLASS 5 | 100,000.00 | 16,791.77 | 0.00 | 83,208.23 |
| LEUNG/WONG | BARRY LEUNG & LILY WONG | CLASS 3 | 25,000.00 | 395.84 | 0.00 | 24,604.16 |
| LEVIN | HARRIET & LANNY LEVIN TR | CLASS 3 | 50,000.00 | 6,474.71 | 0.00 | 43,525.29 |
| LEVIN | HARRIET & LANNY LEVIN TR | CLASS 5 | 100,000.00 | 12,949.42 | 0.00 | 87,050.58 |
| LEVINE | MIRIAM LEVINE RLT DTD 06/03/98 | CLASS 3 | 35,000.00 | 3,970.37 | 0.00 | 31,029.63 |
| LEVY | FRANK H LEVY | CLASS 5 | 370,000.00 | 16,462.80 | 0.00 | 353,537.20 |
| LEVY | FRANK M LEVY | CLASS 3 | 75,000.00 | 2,941.67 | 0.00 | 72,058.33 |
| LEVY | MAINSTAR-FBO PATRICIA LEVY | CLASS 3 | 90,000.00 | 4,702.50 | 0.00 | 85,297.50 |
| LEVY | THE LEVY FT-RENE & PILAR LEVY TTES | CLASS 5 | 400,000.00 | 116,333.22 | 0.00 | 283,666.78 |
| LEW | MAINSTAR-FBO JAMES LEW TW003770 | CLASS 3 | 50,000.00 | 2,531.08 | 0.00 | 47,468.92 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LEW | SANDRA LEW | CLASS 3 | 100,000.00 | 1,402.79 | 0.00 | 98,597.21 |
| LEWAKOWSKI | PROV. TR GP-FBO KIM LEWAKOWSKI IRA | CLASS 3 | 42,500.00 | 15,440.49 | 0.00 | 27,059.51 |
| LEWINTER | HELEN & DANIEL LEWINTER | CLASS 3 | 240,000.00 | 7,919.50 | 0.00 | 232,080.50 |
| LEWIS | LISA S LEWIS | CLASS 3 | 200,000.00 | 1,866.67 | 0.00 | 198,133.33 |
| LEWIS | PROV. TR GP-FBO GERALD A LEWIS IRA | CLASS 3 | 222,400.00 | 27,641.63 | 0.00 | 194,758.37 |
| LEWIS | PROV. TR GP-FBO GERALD A LEWIS IRA | CLASS 5 | 50,000.00 | 6,214.39 | 0.00 | 43,785.61 |
| LEWIS | SHARI LEWIS | CLASS 3 | 50,000.00 | 3,687.44 | 0.00 | 46,312.56 |
| LEWIS/DORSEY | JAMES M LEWIS & ELIZABETH A DORSEY | CLASS 3 | 200,000.00 | 4,933.33 | 0.00 | 195,066.67 |
| L'HEUREUX | JEANNE JO L'HEUREUX | CLASS 3 | 50,000.00 | 2,475.03 | 0.00 | 47,524.97 |
| L'HEUREUX | JEANNE JO L'HEUREUX RT | CLASS 3 | 50,000.00 | 1,926.36 | 0.00 | 48,073.64 |
| LI | PING PING LI | CLASS 3 | 50,000.00 | 5,791.67 | 0.00 | 44,208.33 |
| LI | PROV. TR GP-FBO BRUCE LI IRA | CLASS 3 | 74,000.00 | 402.89 | 0.00 | 73,597.11 |
| LI | SILING LI | CLASS 3 | 25,000.00 | 1,949.26 | 0.00 | 23,050.74 |
| LIAO | MAINSTAR-FBO YUEHMING LIAO T2177667 | CLASS 3 | 53,000.00 | 999.64 | 0.00 | 52,000.36 |
| LIAUTAUD | GEORGES LIAUTAUD | CLASS 3 | 50,000.00 | 1,300.00 | 0.00 | 48,700.00 |
| LICHTLE | MARY & WILLIAM LICHTLE | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| LICKING | STEVEN B & MEGAN LICKING | CLASS 3 | 50,000.00 | 1,963.91 | 0.00 | 48,036.09 |
| LICKING | THE LICKING IRREV LIFE INSURANCE TR | CLASS 3 | 200,000.00 | 9,916.69 | 0.00 | 190,083.31 |
| LIEBERT | THE KIM & BETTY LIEBERT LT DTD 02/04/15 | CLASS 3 | 63,600.00 | 1,462.80 | 0.00 | 62,137.20 |
| LIEBZEIT | GARY L & FLORINE E LIEBZEIT | CLASS 3 | 25,000.00 | 1,256.56 | 0.00 | 23,743.44 |
| LIEOU | MONICA & ROBERT LIEOU | CLASS 3 | 50,000.00 | 5,822.17 | 0.00 | 44,177.83 |
| LIESE | KEITH D LIESE | CLASS 3 | 50,000.00 | 3,615.25 | 0.00 | 46,384.75 |
| LIFAVI | DANIEL J LIFAVI RT | CLASS 3 | 75,000.00 | 8,157.34 | 0.00 | 66,842.66 |
| LIFAVI | DANIEL J LIFAVI RT | CLASS 3* | 25,000.00 | 1,425.05 | 0.00 | 23,574.95 |
| LIFAVI | JOHN LIFAVI | CLASS 3 | 50,000.00 | 10,416.41 | 0.00 | 39,583.59 |
| LIGUORI | MARK LIGUORI | CLASS 3 | 25,000.00 | 5,055.46 | 0.00 | 19,944.54 |
| LIKENS | MAINSTAR-FBO DEBBIE K LIKENS TW003786 | CLASS 3 | 25,000.00 | 966.21 | 0.00 | 24,033.79 |
| LILLARD | JAMES H & CAROL J LILLARD | CLASS 5 | 100,000.00 | 32,749.89 | 0.00 | 67,250.11 |
| LILLARD | JANICE D LILLARD | CLASS 3 | 77,000.00 | 8,404.97 | 0.00 | 68,595.03 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LILLIE/MAULIN | RANDEL RALPH LILLIE & JANET GAIL MAULIN | CLASS 3 | 80,000.00 | 4,475.00 | 0.00 | 75,525.00 |
| LILLY | LYNDA K LILLY | CLASS 3 | 340,000.00 | 58,933.04 | 0.00 | 281,066.96 |
| LIM | MAINSTAR-FBO NATHANIEL LIM T2175381 | CLASS 3 | 50,000.00 | 2,076.39 | 0.00 | 47,923.61 |
| LIMA | FT OF JOSEPH & CAROL A LIMA | CLASS 3 | 55,000.00 | 3,208.94 | 0.00 | 51,791.06 |
| LIMATO | JAMESPAUL LIMATO | CLASS 3 | 185,000.00 | 2,440.96 | 0.00 | 182,559.04 |
| LIME | PROV. TR GP-FBO DANNY A LIME IRA | CLASS 3 | 83,750.00 | 4,494.58 | 0.00 | 79,255.42 |
| LIMP | JAMES R & SHIRLEY L LIMP | CLASS 3 | 100,000.00 | 2,583.33 | 0.00 | 97,416.67 |
| LINCOLN | WALTER B LINCOLN | CLASS 3 | 25,000.00 | 1,317.67 | 0.00 | 23,682.33 |
| LIND | DANIEL K & LISA M LIND | CLASS 3 | 200,000.00 | 29,066.67 | 0.00 | 170,933.33 |
| LIND | MAINSTAR-FBO WILLIAM LIND T2178236 | CLASS 3 | 22,704.19 | 52.98 | 0.00 | 22,651.21 |
| LIND | WILLIAM LIND | CLASS 3 | 25,000.00 | 304.17 | 0.00 | 24,695.83 |
| LINDE | MARILYN & JONAS LINDE | CLASS 3 | 185,000.00 | 35,814.51 | 0.00 | 149,185.49 |
| LINDEMANN | PROV. TR GP-FBO TIMOTHY LINDEMANN IRA | CLASS 3 | 90,000.00 | 5,448.03 | 0.00 | 84,551.97 |
| LINDEMANN | PROV. TR GP-FBO TIMOTHY LINDEMANN IRA | CLASS 5 | 100,000.00 | 6,053.36 | 0.00 | 93,946.64 |
| LINDENWALD | ROGER J LINDENWALD | CLASS 3 | 150,000.00 | 26,677.73 | 0.00 | 123,322.27 |
| LINDER | IRA SVCS TR CO-CFBO NORMAN LINDER | CLASS 3 | 50,000.00 | 4,116.67 | 0.00 | 45,883.33 |
| LINDGREN | DUANE & ARLYS LINDGREN | CLASS 3 | 200,000.00 | 6,958.33 | 0.00 | 193,041.67 |
| LINDSAY | JAMES & GERALDINE LINDSAY | CLASS 3 | 50,000.00 | 861.10 | 0.00 | 49,138.90 |
| LINDSELL | PROV. TR GP-FBO CHARLES LINDSELL IRA | CLASS 3 | 98,467.00 | 8,613.45 | 0.00 | 89,853.55 |
| LINDSEY | JUNE D LINDSEY | CLASS 3 | 1,000,000.00 | 77,500.00 | 0.00 | 922,500.00 |
| LINDSEY | WILLIAM E LINDSEY | CLASS 3 | 1,000,000.00 | 140,000.00 | 0.00 | 860,000.00 |
| LINDY & CINDY HLDGS. | LINDY & CINDY HOLDINGS LLC | CLASS 3 | 150,000.00 | 6,875.00 | 0.00 | 143,125.00 |
| LINEBACK | FRANCIS M & PHYLLIS A LINEBACK | CLASS 3 | 50,000.00 | 1,539.58 | 0.00 | 48,460.42 |
| LINES | BOBBY & RACHEL LINES | CLASS 3 | 100,000.00 | 9,514.32 | 0.00 | 90,485.68 |
| LINGBLOOM | PROV. TR GP-FBO JACK D LINGBLOOM IRA | CLASS 3 | 70,000.00 | 7,383.06 | 0.00 | 62,616.94 |
| LINK | CHRISTOPHER J LINK | CLASS 3 | 50,000.00 | 12,205.00 | 0.00 | 37,795.00 |
| LINK | EDWARD J & SHARON E LINK | CLASS 3 | 25,000.00 | 5,224.81 | 1,000.00 | 18,775.19 |
| LINK | MARILYN LINK | CLASS 3 | 50,000.00 | 456.95 | 0.00 | 49,543.05 |
| LINK | NICHOLAS J LINK | CLASS 3 | 50,000.00 | 12,205.00 | 0.00 | 37,795.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LINK | PROV. TR GP-FBO DELLA M LINK IRA | CLASS 3 | 131,000.00 | 29,566.78 | 1,000.00 | 100,433.22 |
| LINTHIA MGMT | LINTHIA MGMT DEFINED BENEFIT PLAN | CLASS 3 | 75,000.00 | 5,489.58 | 0.00 | 69,510.42 |
| LINVILLE | KIMBERLEY LINVILLE | CLASS 3 | 130,000.00 | 14,760.06 | 0.00 | 115,239.94 |
| LIPE | CAROL J LIPE | CLASS 3 | 110,089.34 | 568.80 | 0.00 | 109,520.54 |
| LIPE | CURTIS R LIPE | CLASS 3 | 25,000.00 | 180.56 | 0.00 | 24,819.44 |
| LIPPMAN | CAROLYN LIPPMAN | CLASS 3 | 120,000.00 | 2,520.83 | 0.00 | 117,479.17 |
| LIPPMAN | DAVID MYRON LIPPMAN RLT | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| LIPSITZ | IRA SVCS TR CO-CFBO MICHAEL LIPSITZ ROTH | CLASS 3 | 22,000.00 | 440.60 | 0.00 | 21,559.40 |
| LIPSITZ | IRA SVCS TR CO-CFBO MICHAEL S LIPSITZ | CLASS 3 | 220,000.00 | 4,436.67 | 0.00 | 215,563.33 |
| LIPSITZ | MICHAEL S LIPSITZ LT | CLASS 3 | 130,000.00 | 3,683.33 | 0.00 | 126,316.67 |
| LIPSITZ | ROBERT LIPSITZ | CLASS 3 | 50,000.00 | 1,208.33 | 0.00 | 48,791.67 |
| LISS | CAROLYN K & RAYMOND L LISS | CLASS 3 | 50,000.00 | 3,308.33 | 0.00 | 46,691.67 |
| LITT | BRIAN LITT | CLASS 3 | 50,000.00 | 9,682.00 | 0.00 | 40,318.00 |
| LITTLEFIELD | DAVID LITTLEFIELD | CLASS 5 | 60,000.00 | 9,027.46 | 0.00 | 50,972.54 |
| LITTLEFIELD | PROV. TR GP-FBO DAVID A LITTLEFIELD ROTH IRA | CLASS 3 | 34,464.00 | 4,820.63 | 0.00 | 29,643.37 |
| LITTLEFIELD | PROV. TR GP-FBO DAVID A LITTLEFIELD ROTH IRA | CLASS 5 | 136,763.00 | 19,129.63 | 0.00 | 117,633.37 |
| LITZENBERGER | SHANE & KATHRYN LITZENBERGER | CLASS 3 | 50,000.00 | 641.67 | 0.00 | 49,358.33 |
| LIU | YUAN LIU | CLASS 3 | 25,000.00 | 1,493.10 | 0.00 | 23,506.90 |
| LIVINGSTON | CHRISTINE LIVINGSTON | CLASS 3 | 25,000.00 | 541.67 | 0.00 | 24,458.33 |
| LIVINGSTON | MAINSTAR-FBO C LIVINGSTON TW003973 | CLASS 3 | 71,870.00 | 1,329.60 | 0.00 | 70,540.40 |
| LIVINGSTON ALUMNI | LIVINGSTON ALUMNI ASSOCIATION | CLASS 3 | 407,800.00 | 70,969.05 | 600.00 | 336,230.95 |
| LLEWELLYN | JEFFREY B LLEWELLYN | CLASS 3 | 50,000.00 | 2,879.83 | 0.00 | 47,120.17 |
| LLOYD | ALYSON LLOYD | CLASS 3 | 25,000.00 | 2,723.30 | 0.00 | 22,276.70 |
| LLOYD | CHRISTINE C LLOYD | CLASS 3 | 150,000.00 | 2,833.33 | 0.00 | 147,166.67 |
| LOCHTEFELD | JAMES A LOCHTEFELD | CLASS 3 | 2,000,000.00 | 480,593.41 | 0.00 | 1,519,406.59 |
| LOCHTEFELD | JAMES A LOCHTEFELD | CLASS 5 | 500,000.00 | 120,148.35 | 0.00 | 379,851.65 |
| LOCICERO | CAROL & JOHN LOCICERO | CLASS 3 | 45,000.00 | 4,909.55 | 0.00 | 40,090.45 |
| LOE | HARVEY H & KAREN K LOE | CLASS 3 | 100,000.00 | 16,416.67 | 0.00 | 83,583.33 |
| LOEWENSTEIN/RUSSELL | SHARONA LOEWENSTEIN & EDWARD RUSSELL | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LOFTUS | JOHN C & NANCY K LOFTUS | CLASS 5 | 100,000.00 | 6,527.75 | 0.00 | 93,472.25 |
| LOGAN | JEFFREY R LOGAN | CLASS 3 | 25,000.00 | 1,284.76 | 0.00 | 23,715.24 |
| LOGERO | BARBARA LOGERO | CLASS 3 | 500,000.00 | 26,825.00 | 0.00 | 473,175.00 |
| LOGERO | LARRY LOGERO | CLASS 3 | 200,000.00 | 12,880.65 | 1,000.00 | 186,119.35 |
| LOGERO | MAINSTAR-FBO BARBARA LOGERO T2177439 | CLASS 3 | 31,000.00 | 1,721.55 | 0.00 | 29,278.45 |
| LOGERO | PROV. TR GP-FBO BARBARA LOGERO IRA | CLASS 5 | 137,000.00 | 11,454.73 | 0.00 | 125,545.27 |
| LOGERO | PROV. TR GP-FBO LARRY E LOGERO IRA | CLASS 3 | 130,000.00 | 9,894.44 | 0.00 | 120,105.56 |
| LOGERO | PROV. TR GP-FBO LARRY LOGERO IRA | CLASS 5 | 2,250,000.00 | 189,375.00 | 0.00 | 2,060,625.00 |
| LOHSE | MAINSTAR-FBO ROBERT LOHSE | CLASS 3 | 35,000.00 | 1,705.77 | 0.00 | 33,294.23 |
| LO-HSUEH | MARGARET LO-HSUEH | CLASS 3 | 70,000.00 | 1,711.13 | 0.00 | 68,288.87 |
| LOMBARDO | ELIZABETH LOMBARDO RT | CLASS 3 | 160,000.00 | 0.00 | 0.00 | 160,000.00 |
| LOMBARDO | LYNN LOMBARDO | CLASS 3 | 140,000.00 | 17,325.63 | 0.00 | 122,674.37 |
| LONG | BESSIE D LONG | CLASS 3 | 25,000.00 | 1,520.83 | 0.00 | 23,479.17 |
| LONG | BETTY K LONG | CLASS 3 | 100,000.00 | 5,179.13 | 0.00 | 94,820.87 |
| LONG | EUGENE A & LINDA L LONG | CLASS 3 | 150,000.00 | 3,604.17 | 0.00 | 146,395.83 |
| LONG | GAIL M LONG SPEC NEEDS TR | CLASS 3 | 60,000.00 | 4,040.00 | 0.00 | 55,960.00 |
| LONG | JACQUELINE R LONG | CLASS 5 | 50,000.00 | 7,038.82 | 0.00 | 42,961.18 |
| LONG | JERRY C LONG | CLASS 3 | 25,000.00 | 1,520.83 | 0.00 | 23,479.17 |
| LONG | JERRY LONG | CLASS 3 | 40,000.00 | 15,937.66 | 0.00 | 24,062.34 |
| LONG | NORMAN G LONG | CLASS 3 | 100,000.00 | 12,593.73 | 0.00 | 87,406.27 |
| LONGACRE | MAINSTAR-FBO DIANE LONGACRE SW003166 | CLASS 3 | 34,700.00 | 3,686.91 | 0.00 | 31,013.09 |
| LONGO | PROV. TR GP-FBO ANDREW S LONGO IRA | CLASS 3 | 56,000.00 | 12,620.37 | 0.00 | 43,379.63 |
| LONGO | PROV. TR GP-FBO TERESA A LONGO IRA | CLASS 3 | 70,585.00 | 15,258.13 | 0.00 | 55,326.87 |
| LONGS PEAK VFW | LONGS PEAK VFW POST 2601 | CLASS 3 | 600,000.00 | 16,050.00 | 0.00 | 583,950.00 |
| LONSWAY | JOSEPH O LONSWAY | CLASS 3 | 40,000.00 | 2,691.07 | 0.00 | 37,308.93 |
| LONSWAY | LONSWAY FT | CLASS 3 | 270,000.00 | 21,790.05 | 0.00 | 248,209.66 |
| LONTO | BENJAMIN LONTO | CLASS 3 | 25,000.00 | 25.00 | 0.00 | 24,975.00 |
| LOO | RAYMOND & ROSE LOO | CLASS 3 | 50,000.00 | 2,360.45 | 0.00 | 47,639.55 |
| LOONEY | RONALD D LOONEY | CLASS 3 | 125,000.00 | 11,960.02 | 0.00 | 113,039.98 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LOPES | PROV. TR GP-FBO LISA LOPES IRA | CLASS 3 | 100,833.48 | 4,666.35 | 0.00 | 96,167.13 |
| LOPEZ | MAINSTAR-FBO CARMELO S-LOPEZ T2178052 | CLASS 3 | 300,000.00 | 4,750.00 | 0.00 | 295,250.00 |
| LOPEZ | MAINSTAR-FBO JESSICA J S-LOPEZ T2177840 | CLASS 3 | 325,000.00 | 5,145.83 | 0.00 | 319,854.17 |
| LOPEZ | PFL SOLO 401K TR FBO PABLO F LOPEZ | CLASS 3 | 25,000.00 | 437.49 | 0.00 | 24,562.51 |
| LOPEZ | THE JUANITA S LOPEZ TR DTD 09/11/12 | CLASS 3 | 25,000.00 | 1,256.56 | 0.00 | 23,743.44 |
| LOPINTO | IRA SVCS TR CO-CFBO FRANK LOPINTO IRA | CLASS 3 | 200,000.00 | 5,300.00 | 0.00 | 194,700.00 |
| LORE | CHRISTINE D LORE TR DTD 11/04/98 | CLASS 3 | 70,000.00 | 11,441.13 | 0.00 | 58,558.87 |
| LORIA/MAULEON | SAMSON LORIA & ERLINDA BLANCO MAULEON | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| LORIDON | JOHANN LORIDON | CLASS 3 | 100,000.00 | 1,805.57 | 0.00 | 98,194.43 |
| LORSHBOUGH | DAVID LORSHBOUGH | CLASS 3 | 100,000.00 | 14,716.67 | 0.00 | 85,283.33 |
| LOSSNER | GEORGE LOSSNER | CLASS 3 | 25,000.00 | 572.93 | 0.00 | 24,427.07 |
| LOUCK | KENNETH L LOUCK | CLASS 3 | 150,000.00 | 9,326.35 | 0.00 | 140,673.65 |
| LOUGHLIN | FRANCIS LOUGHLIN | CLASS 3 | 25,000.00 | 768.04 | 0.00 | 24,231.96 |
| LOUIS | FRED LOUIS | CLASS 3 | 175,000.00 | 1,118.06 | 0.00 | 173,881.94 |
| LOUIS | MAINSTAR-FBO FRED LOUIS TW0004020 | CLASS 3 | 100,000.00 | 1,250.00 | 0.00 | 98,750.00 |
| LOVE | PROV. TR GP-FBO AIMEE L LOVE IRA | CLASS 5 | 141,320.50 | 38,627.72 | 0.00 | 102,692.78 |
| LOVELAND | MAINSTAR-FBO DARREN LOVELAND T2177746 | CLASS 3 | 161,300.00 | 1,097.74 | 0.00 | 160,202.26 |
| LOVELESS | KATHLEEN WOOD LOVELESS | CLASS 3 | 500,000.00 | 68,230.49 | 0.00 | 431,769.51 |
| LOVELESS | PROV. TR GP-FBO KATHY WOOD LOVELESS IRA | CLASS 3 | 30,000.00 | 3,073.33 | 0.00 | 26,926.67 |
| LOVETRO | KATIE LOVETRO | CLASS 3 | 25,000.00 | 7,725.00 | 0.00 | 17,725.00 |
| LOVINGS | JAMES W LOVINGS | CLASS 3 | 50,000.00 | 11,095.78 | 0.00 | 38,904.22 |
| LOWE | DAVID F LOWE | CLASS 3 | 75,000.00 | 9,472.30 | 0.00 | 65,527.70 |
| LOWE | ROBERT F LOWE | CLASS 3 | 220,000.00 | 9,151.12 | 0.00 | 210,848.88 |
| LOWRY | JOSEPH A LOWRY | CLASS 3 | 50,000.00 | 683.33 | 0.00 | 49,316.67 |
| LOZNEANU | DOREL & ELIZABETH V LOZNEANU | CLASS 3 | 46,000.00 | 2,094.25 | 0.00 | 43,905.75 |
| LOZYNSKY | JOHN LOZYNSKY | CLASS 3 | 100,000.00 | 1,186.10 | 0.00 | 98,813.90 |
| LT MUHLENKAMP ENT. | LT MUHLENKAMP ENTERPRISES INC | CLASS 3 | 150,000.00 | 15,845.04 | 0.00 | 134,154.96 |
| LUBIN | HOWARD E LUBIN | CLASS 3 | 25,000.00 | 6,081.98 | 0.00 | 18,918.02 |
| LUCAS | EARL LUCAS | CLASS 3 | 25,000.00 | 4,122.13 | 0.00 | 20,877.87 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LUCAS | PROV. TR GP-FBO THOMAS J LUCAS IRA | CLASS 5 | 221,378.00 | 44,829.05 | 0.00 | 176,548.95 |
| LUCAS | THOMAS J & BARBARA A LUCAS | CLASS 3 | 400,000.00 | 61,808.85 | 0.00 | 338,191.15 |
| LUCCA | EILEEN P LUCCA | CLASS 3 | 27,250.00 | 2,861.21 | 0.00 | 24,388.79 |
| LUCE | MAINSTAR-FBO CATHERINE LUCE T2178459 | CLASS 3 | 54,200.00 | 139.27 | 0.00 | 54,060.73 |
| LUCERO | IRA SVCS TR CO-CFBO PHILLIP B LUCERO IRA | CLASS 3 | 25,000.00 | 855.53 | 0.00 | 24,144.47 |
| LUEHMANN | JAMES R LUEHMANN | CLASS 3 | 50,000.00 | 7,689.78 | 0.00 | 42,310.22 |
| LUEHMANN | JAMES R LUEHMANN | CLASS 5 | 201,557.62 | 30,998.65 | 0.00 | 170,558.97 |
| LUENGO | OSCAR DANIEL LUENGO | CLASS 3 | 50,000.00 | 750.00 | 0.00 | 49,250.00 |
| LUFT | JILL LUFT LT | CLASS 3 | 100,000.00 | 18,151.97 | 0.00 | 81,848.03 |
| LUKASIK | PROV. TR GP-FBO LINDA LUKASIK IRA | CLASS 3 | 85,709.61 | 5,696.12 | 0.00 | 80,013.49 |
| LUKE | ERIC LUKE | CLASS 3 | 50,000.00 | 2,148.59 | 0.00 | 47,851.41 |
| LUKE | TREVOR ERIC LUKE | CLASS 3 | 50,000.00 | 870.84 | 0.00 | 49,129.16 |
| LUMBARDY | STAN & DELILA LUMBARDY | CLASS 3 | 50,000.00 | 58.33 | 0.00 | 49,941.67 |
| LUNA | JUAN T & GLORIA A LUNA | CLASS 5 | 50,000.00 | 9,987.59 | 0.00 | 40,012.41 |
| LUND | MAINSTAR-FBO KENNETH LUND | CLASS 3 | 100,000.00 | 4,201.39 | 0.00 | 95,798.61 |
| LUNDEEN | LUNDEEN FT DTD 12/09/98 | CLASS 3 | 50,000.00 | 5,113.84 | 0.00 | 44,886.16 |
| LUNSFORD | PROV. TR GP-FBO J LEIGH LUNSFORD INH IRA | CLASS 3 | 100,000.00 | 10,830.56 | 0.00 | 89,169.44 |
| LUNSFORD | WILLIAM D & JUDITH D LUNSFORD | CLASS 3 | 45,000.00 | 21,945.77 | 0.00 | 23,054.23 |
| LUPI | FRANK J LUPI | CLASS 3 | 25,000.00 | 1,245.11 | 0.00 | 23,754.89 |
| LUPI | MAINSTAR-FBO KATHLEEN A LUPI | CLASS 3 | 131,000.00 | 11,877.33 | 0.00 | 119,122.67 |
| LURGIO | JOSEPH LURGIO | CLASS 3 | 25,000.00 | 1,241.29 | 0.00 | 23,758.71 |
| LUSK | SUSAN M & SCOTT W LUSK | CLASS 3 | 40,000.00 | 459.06 | 0.00 | 39,540.94 |
| LUTER | CLARA F LUTER | CLASS 3 | 43,300.00 | 2,002.69 | 0.00 | 41,297.31 |
| LUTTRELL | MAINSTAR-FBO ROBERT LUTTRELL | CLASS 3 | 49,014.11 | 2,029.32 | 0.00 | 46,984.79 |
| LUTZ | LAWRENCE & JUDITH LUTZ | CLASS 3 | 50,000.00 | 1,383.33 | 0.00 | 48,616.67 |
| LY | IRA SVCS TR CO-CFBO CHUC LY IRA | CLASS 3 | 80,000.00 | 6,493.33 | 0.00 | 73,506.67 |
| LYDON | WILLIAM F LYDON | CLASS 3 | 25,000.00 | 975.00 | 0.00 | 24,025.00 |
| LYLE | MAINSTAR-FBO JANET LYLE T2174650 | CLASS 3 | 266,500.00 | 29,346.27 | 0.00 | 237,153.73 |
| LYLE | PROV. TR GP-FBO KATHRYN LYLE IRA | CLASS 5 | 50,000.00 | 16,444.59 | 0.00 | 33,555.41 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| LYLE | RAYBOURNE E LYLE RLT | CLASS 3 | 25,000.00 | 875.03 | 0.00 | 24,124.97 |
| LYNCH | ALBERT M & FREDA B LYNCH | CLASS 3 | 100,000.00 | 10,887.57 | 0.00 | 89,112.43 |
| LYNCH | FREDA B & ALBERT M LYNCH SR | CLASS 5 | 100,000.00 | 2,444.44 | 0.00 | 97,555.56 |
| LYNCH | MARIANNE E LYNCH | CLASS 3 | 25,000.00 | 2,885.48 | 0.00 | 22,114.52 |
| LYNUM | ELTON LYNUM | CLASS 3 | 50,000.00 | 641.67 | 0.00 | 49,358.33 |
| LYON | LEE LYON | CLASS 3 | 31,000.00 | 355.64 | 0.00 | 30,644.36 |
| LYONS | ANNELIESE LYONS | CLASS 3 | 30,000.00 | 3,497.26 | 0.00 | 26,502.74 |
| LYONS | JOHN AND/OR ANNELIESE LYONS | CLASS 5 | 110,000.00 | 25,850.09 | 0.00 | 84,149.91 |
| LYONS | KENNETH & THERESA LYONS | CLASS 3 | 100,000.00 | 11,800.00 | 0.00 | 88,200.00 |
| LYONS | PROV. TR GP-FBO KENNETH LYONS IRA | CLASS 3 | 64,498.00 | 7,447.26 | 0.00 | 57,050.74 |
| LYONS | PROV. TR GP-FBO THERESA LYONS IRA | CLASS 3 | 42,241.00 | 4,887.64 | 0.00 | 37,353.36 |
| LYONS | ROBERT E LYONS | CLASS 3 | 46,000.00 | 2,035.90 | 0.00 | 43,964.10 |
| LYTLE | PROV. TR GP-FBO LINDA L LYTLE IRA | CLASS 5 | 200,000.00 | 83,861.16 | 0.00 | 116,138.84 |
| MA | GUANG M MA | CLASS 3 | 50,000.00 | 2,638.85 | 0.00 | 47,361.15 |
| MA | MAINSTAR-FBO GUANG M MA TW003508 | CLASS 3 | 73,921.25 | 3,798.74 | 0.00 | 70,122.51 |
| MACALISTER | MAINSTAR-FBO GORDON MACALISTER T2178203 | CLASS 3 | 60,000.00 | 645.83 | 0.00 | 59,354.17 |
| MACDONALD | CYNTHIA MACDONALD | CLASS 3 | 25,000.00 | 225.00 | 0.00 | 24,775.00 |
| MACDONALD | ROBERT J MACDONALD | CLASS 3 | 25,000.00 | 1,701.44 | 0.00 | 23,298.56 |
| MACE | IRA SVCS TR CO-CFBO JAMES M MACE IRA | CLASS 3 | 145,500.00 | 10,170.83 | 0.00 | 135,329.17 |
| MACE | JUNE MACE | CLASS 3 | 60,000.00 | 0.00 | 0.00 | 60,000.00 |
| MACEAU | MAINSTAR-FBO GREGORY A MACEAU T2174866 | CLASS 3 | 162,300.00 | 15,235.25 | 0.00 | 147,064.75 |
| MACEY | PROV. TR GP-FBO CHERYL A MACEY IRA | CLASS 3 | 203,000.00 | 3,039.44 | 0.00 | 199,960.56 |
| MACGUFFIN | MICHAEL H & LISA A MACGUFFIN | CLASS 3 | 50,000.00 | 1,604.16 | 0.00 | 48,395.84 |
| MACHADO | BARBEE MACHADO | CLASS 5 | 100,000.00 | 16,388.85 | 0.00 | 83,611.15 |
| MACIAS | HORIZON TR CO-FBO JUAN E MACIAS | CLASS 3 | 49,500.00 | 2,654.48 | 0.00 | 46,845.52 |
| MACINNES | PROV. TR GP-FBO ANITA R MACINNES IRA | CLASS 3 | 79,235.00 | 2,284.61 | 0.00 | 76,950.39 |
| MACKSON | MAINSTAR-FBO MURRAY MACKSON T2174257 | CLASS 3 | 100,000.00 | 11,452.41 | 0.00 | 88,547.59 |
| MACPHERSON | GARY S MACPHERSON | CLASS 3 | 60,000.00 | 610.00 | 0.00 | 59,390.00 |
| MADDEN | CLAIRE C MADDEN | CLASS 5 | 200,000.00 | 55,833.44 | 0.00 | 144,166.56 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MADDEN | THERESA MADDEN | CLASS 3 | 35,000.00 | 8,189.86 | 0.00 | 26,810.14 |
| MADDOCKS | KATHERYN A MADDOCKS | CLASS 3 | 25,000.00 | 2,946.49 | 0.00 | 22,053.51 |
| MADDOCKS | PROV. TR GP-FBO RALPH C MADDOCKS IRA | CLASS 3 | 27,000.00 | 922.62 | 0.00 | 26,077.38 |
| MADDOCKS | RALPH C & KATHERYN A MADDOCKS | CLASS 3 | 100,000.00 | 11,922.67 | 0.00 | 88,077.33 |
| MADDOCKS | RALPH MADDOCKS | CLASS 5 | 60,000.00 | 4,723.39 | 0.00 | 55,276.61 |
| MADSEN | PROV. TR GP-FBO STERLING MADSEN ICA | CLASS 5 | 513,436.09 | 61,489.02 | 0.00 | 451,947.07 |
| MADSEN-BUTTERS | PROV. TR GP-FBO DORI MADSEN-BUTTERS IRA | CLASS 5 | 100,000.00 | 22,722.22 | 0.00 | 77,277.78 |
| MAENNER | JILL MAENNER | CLASS 3 | 100,000.00 | 16,097.29 | 0.00 | 83,902.71 |
| MAGAGNA | JONE ELLE MAGAGNA | CLASS 3 | 50,000.00 | 2,490.31 | 0.00 | 47,509.69 |
| MAGARO | ANTOINETTE MAGARO | CLASS 3 | 25,000.00 | 1,462.50 | 0.00 | 23,537.50 |
| MAGARO | PROV. TR GP-FBO ANTOINETTE MAGARO IRA | CLASS 5 | 250,000.00 | 22,638.89 | 0.00 | 227,361.11 |
| MAGEE, | PROV. TR GP-FBO ROBERT C MAGEE, JR IRA | CLASS 3 | 76,000.00 | 14,703.89 | 0.00 | 61,296.11 |
| MAGIDOV CPA | MAGIDOV CPA FIRM AN ACCOUNTANCY CORP | CLASS 3 | 25,000.00 | 1,157.26 | 0.00 | 23,842.74 |
| MAGLUTA | ALFREDO & MARIA MAGLUTA | CLASS 3 | 50,000.00 | 138.89 | 0.00 | 49,861.11 |
| MAGNOTTI | MAINSTAR-FBO TERI L MAGNOTTI T2177864 | CLASS 3 | 272,000.00 | 3,588.89 | 0.00 | 268,411.11 |
| MAGRUM | DONNA MAGRUM | CLASS 3 | 140,000.00 | 11,955.56 | 0.00 | 128,044.44 |
| MAGUIRE | ALFRED PAUL MAGUIRE | CLASS 3 | 25,000.00 | 445.83 | 0.00 | 24,554.17 |
| MAHABIR | LYNETTE P & PAUL K MAHABIR | CLASS 5 | 200,000.00 | 10,744.80 | 0.00 | 189,255.20 |
| MAHANA | PROV. TR GP-FBO JANET MAHANA IRA | CLASS 3 | 59,500.00 | 4,363.33 | 0.00 | 55,136.67 |
| MAHLER | BRENDA S MAHLER | CLASS 3 | 130,000.00 | 15,660.71 | 0.00 | 114,339.29 |
| MAICKI | ALAN & RUTH MAICKI | CLASS 3 | 40,000.00 | 922.24 | 0.00 | 39,077.76 |
| MAICKI | ALAN D MAICKI | CLASS 3 | 50,000.00 | 3,999.94 | 0.00 | 46,000.06 |
| MAICKI | MAINSTAR-FBO ALAN MAICKI BT177141 | CLASS 3 | 32,728.12 | 718.20 | 0.00 | 32,009.92 |
| MAICKI | MAINSTAR-FBO ALAN MAICKI T2178556 | CLASS 3 | 221,000.00 | 0.00 | 0.00 | 221,000.00 |
| MAIERHAFER | LEON F & CAROL S MAIERHAFER | CLASS 3 | 50,000.00 | 48.61 | 0.00 | 49,951.39 |
| MAINE TSP HS DIST. | MAINE TSP HS DISTRICT EDU FOUNDATION | CLASS 3 | 100,000.00 | 12,908.33 | 1,000.00 | 86,091.67 |
| MAJESKE | PROV. TR GP-FBO RONALD F MAJESKE IRA | CLASS 5 | 240,000.00 | 22,171.35 | 0.00 | 217,828.65 |
| MAKELA | TIM & SHERRI MAKELA | CLASS 3 | 400,000.00 | 32,500.00 | 0.00 | 367,500.00 |
| MAKSIMOV | ZHANA MAKSIMOV | CLASS 3 | 50,000.00 | 1,756.92 | 0.00 | 48,243.08 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MALCOLM | YVONNE & MICHAEL MALCOLM | CLASS 3 | 50,000.00 | 302.08 | 0.00 | 49,697.92 |
| MALIANNI | ALFRED S & GAIL E MALIANNI RLT 03/27/14 | CLASS 5 | 1,500,000.00 | 728,633.55 | 0.00 | 771,366.45 |
| MALIG | MALIG FT | CLASS 3 | 125,000.00 | 6,043.42 | 0.00 | 118,956.58 |
| MALINOWSKI | PROV. TR GP-FBO RICH/ELIZ. MALINOWSKI ICA | CLASS 5 | 50,000.00 | 25,968.20 | 0.00 | 24,031.80 |
| MALINOWSKI | PROV. TR GP-FBO RICHARD MALINOWSKI IRA | CLASS 5 | 50,000.00 | 17,236.26 | 0.00 | 32,763.74 |
| MALLAH | MARLENE & MAURICE MALLAH RLT | CLASS 3 | 1,000,000.00 | 104,870.28 | 0.00 | 895,129.72 |
| MALLICK | SATYA MALLICK | CLASS 3 | 50,000.00 | 888.88 | 0.00 | 49,111.12 |
| MALLOY | EDWARD F MALLOY | CLASS 3 | 25,000.00 | 93.75 | 0.00 | 24,906.25 |
| MALONEY | JAMES J & CHERI MALONEY | CLASS 3 | 25,000.00 | 1,816.67 | 0.00 | 23,183.33 |
| MALONEY | PROV. TR GP-FBO JOE L MALONEY IRA | CLASS 3 | 63,219.00 | 7,965.60 | 0.00 | 55,253.40 |
| MALOOF | ROSE R MALOOF RLT DTD 09/23/99 | CLASS 3 | 150,000.00 | 6,201.34 | 0.00 | 143,798.66 |
| MALTBY | MAINSTAR-FBO CHARLES MALTBY | CLASS 3 | 25,000.00 | 1,900.69 | 0.00 | 23,099.31 |
| MALTESE | PATRICK L MALTESE | CLASS 3 | 100,000.00 | 20,394.26 | 0.00 | 79,605.74 |
| MALTZ | JUDITH M & ROBERT B MALTZ | CLASS 3 | 180,000.00 | 11,656.63 | 0.00 | 168,343.37 |
| MAMO | THE MAMO FT DTD 11/18/02 | CLASS 3 | 30,000.00 | 950.00 | 0.00 | 29,050.00 |
| MANDEVILLE | EARL MANDEVILLE | CLASS 3 | 140,000.00 | 7,641.67 | 0.00 | 132,358.33 |
| MANDEVILLE | MARK L & JENNIFER L MANDEVILLE | CLASS 3 | 100,000.00 | 14,746.63 | 0.00 | 85,253.37 |
| MANDUJANO | VITALINA RUIZ MANDUJANO | CLASS 3 | 30,000.00 | 250.00 | 0.00 | 29,750.00 |
| MANER | BUFORD ALONZO & GAIL T MANER | CLASS 3 | 100,000.00 | 11,788.94 | 0.00 | 88,211.06 |
| MANGIA | ANTHONY J MANGIA | CLASS 3 | 100,000.00 | 1,069.44 | 0.00 | 98,930.56 |
| MANLEY | DAVID S & JO ANN M MANLEY | CLASS 3 | 25,000.00 | 618.07 | 0.00 | 24,381.93 |
| MANNABERG-GOLDMAN | MAINSTAR-FBO E MANNABERG-GOLDMAN T2175405 | CLASS 3* | 25,000.00 | 2,291.67 | 0.00 | 22,708.33 |
| MANNING | D LEE & ELLEN MANNING | CLASS 3 | 25,000.00 | 1,489.62 | 0.00 | 23,510.38 |
| MANNING | MAINSTAR-FBO DANNY C MANNING TW004202 | CLASS 3 | 392,653.35 | 818.03 | 0.00 | 391,835.32 |
| MANNING | PROV. TR GP-FBO SYLVIA D MANNING IRA | CLASS 3 | 99,000.00 | 14,102.00 | 0.00 | 84,898.00 |
| MANNING | WILBER J JR & PHILLIS MANNING | CLASS 3 | 25,000.00 | 931.57 | 0.00 | 24,068.43 |
| MANNING/PRYOR | PHILLIS MANNING & VERNA PRYOR | CLASS 3 | 100,000.00 | 7,684.15 | 0.00 | 92,315.85 |
| MANNINO | JAMES & ELAINE MANNINO | CLASS 3 | 50,000.00 | 1,618.05 | 0.00 | 48,381.95 |
| MANNION | MAINSTAR-FBO MICHAEL MANNION T2177366 | CLASS 3 | 100,000.00 | 3,777.77 | 0.00 | 96,222.23 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MANNION | MICHAEL MANNION | CLASS 3 | 50,000.00 | 366.66 | 0.00 | 49,633.34 |
| MANUEL | LEIA A MANUEL | CLASS 3 | 60,000.00 | 1,525.83 | 0.00 | 58,474.17 |
| MANUEL | MANUEL FRLT DTD 02/07/03 | CLASS 3 | 200,000.00 | 9,697.21 | 0.00 | 190,302.79 |
| MANZO | RON MANZO | CLASS 3 | 100,000.00 | 1,833.33 | 0.00 | 98,166.67 |
| MAR | MAINSTAR-FBO MAY L MAR T2176303 | CLASS 3* | 25,134.62 | 1,052.16 | 0.00 | 24,082.46 |
| MARA | MAINSTAR-FBO THERON E MARA TW003751 | CLASS 3 | 85,000.00 | 3,603.05 | 0.00 | 81,396.95 |
| MARANO | ANTHONY MARANO | CLASS 3 | 50,000.00 | 2,799.99 | 0.00 | 47,200.01 |
| MARANUK | FLORENCE MARANUK | CLASS 3 | 246,897.03 | 56,620.76 | 0.00 | 190,276.27 |
| MARCHANTE | MARIE & JULIE M MARCHANTE | CLASS 3 | 50,000.00 | 8,374.30 | 0.00 | 41,625.70 |
| MARCHANTE | THE MARIE MARCHANTE FT 08/21/00 | CLASS 3 | 210,000.00 | 4,879.19 | 0.00 | 205,120.81 |
| MARCOTTE | MICHAEL F MARCOTTE | CLASS 5 | 100,000.00 | 19,555.71 | 0.00 | 80,444.29 |
| MARCOUX | IRA SVCS TR CO-CFBO JOHN L MARCOUX | CLASS 3 | 32,500.00 | 645.50 | 0.00 | 31,854.50 |
| MARCOUX | JOHN L MARCOUX | CLASS 3 | 100,000.00 | 4,062.50 | 0.00 | 95,937.50 |
| MARCOZZI | RENEE MARCOZZI | CLASS 3 | 25,000.00 | 239.59 | 0.00 | 24,760.41 |
| MARCUS | IRA SVCS TR CO-CFBO SHELDON M MARCUS IRA | CLASS 3 | 50,000.00 | 1,534.70 | 0.00 | 48,465.30 |
| MARCUS | SHELDON M MARCUS | CLASS 3 | 25,000.00 | 777.80 | 0.00 | 24,222.20 |
| MARES | MARIA E & LUIS A MARES | CLASS 3 | 50,000.00 | 806.95 | 0.00 | 49,193.05 |
| MARGITTAI | FRANK MARGITTAI | CLASS 3 | 100,000.00 | 2,291.68 | 0.00 | 97,708.32 |
| MARGITTAI | MAINSTAR-FBO KATHRYN I MARGITTAI T175941 | CLASS 3 | 300,000.00 | 11,479.16 | 0.00 | 288,520.84 |
| MARIE | LEAH MARIE | CLASS 3 | 50,000.00 | 4,903.33 | 0.00 | 45,096.67 |
| MARINE | MARINE 694373 LRT DTD 08/07/12 | CLASS 3 | 85,000.00 | 2,470.19 | 0.00 | 82,529.81 |
| MARION | JOYCE H MARION RLT | CLASS 3 | 60,000.00 | 5,455.11 | 0.00 | 54,544.89 |
| MARKER | PROV. TR GP-FBO CONRAD MARKER IRA | CLASS 3 | 133,500.00 | 6,408.00 | 0.00 | 127,092.00 |
| MARKERT | PROV. TR GP-FBO MICHAEL MARKERT IRA | CLASS 3 | 217,216.00 | 25,993.89 | 0.00 | 191,222.11 |
| MARKET VENTURES | MARKET VENTURES LLLP | CLASS 3 | 147,150.00 | 13,157.51 | 0.00 | 133,992.49 |
| MARKGRAF | FLORENCE G MARKGRAF RLT | CLASS 3 | 930,000.00 | 64,494.63 | 0.00 | 865,505.37 |
| MARKGRAF | TERRENCE D MARKGRAF | CLASS 3 | 195,000.00 | 13,234.08 | 0.00 | 181,765.92 |
| MARKOWITZ | PROV. TR GP-FBO MURRAY MARKOWITZ IRA | CLASS 3 | 120,000.00 | 21,340.00 | 0.00 | 98,660.00 |
| MARKOWITZ | THE MURRAY & LINDA MARKOWITZ RT | CLASS 3 | 120,000.00 | 18,685.00 | 0.00 | 101,315.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MARKS | NICOLE S MARKS | CLASS 3 | 25,000.00 | 1,647.88 | 0.00 | 23,352.12 |
| MARKS | PROV. TR GP-FBO RICHARD B MARKS IRA | CLASS 3 | 89,821.92 | 21,156.72 | 0.00 | 68,665.20 |
| MARKUM | MAINSTAR-FBO PATRICIA JAN MARKUM BT176486 | CLASS 3 | 58,230.00 | 2,148.44 | 0.00 | 56,081.56 |
| MARNELL | MAINSTAR-FBO PAUL MARNELL | CLASS 3 | 100,440.00 | 6,905.25 | 0.00 | 93,534.75 |
| MARQUAND | KERMIT W & NANCY R MARQUAND | CLASS 3 | 101,000.00 | 21,492.84 | 1,000.00 | 78,507.16 |
| MARQUAND | PROV. TR GP-FBO NANCY R MARQUAND ROTH IRA | CLASS 3 | 25,000.00 | 4,286.47 | 0.00 | 20,713.53 |
| MARS | JAMES MARS & ADRIENNE DRITZ-MARS | CLASS 3 | 60,000.00 | 3,141.67 | 0.00 | 56,858.33 |
| MARS | PATRICIA MARS | CLASS 3 | 40,000.00 | 3,095.51 | 0.00 | 36,904.49 |
| MARSH | JOHN ROBERT & LINDA MARSH | CLASS 3 | 25,000.00 | 909.00 | 0.00 | 24,091.00 |
| MARSH | RONNIE E MARSH | CLASS 3 | 80,000.00 | 0.00 | 0.00 | 80,000.00 |
| MARSHALL | ALVIN E MARSHALL | CLASS 3 | 50,000.00 | 150.00 | 0.00 | 49,850.00 |
| MARSHALL | CHRISTIAN T MARSHALL | CLASS 3 | 50,000.00 | 583.34 | 0.00 | 49,416.66 |
| MARSHALL | HAROLD C & PAMELA M MARSHALL | CLASS 5 | 75,000.00 | 24,500.04 | 0.00 | 50,499.96 |
| MARSHALL | HORIZON TR CO-FBO SARA L MARSHALL IRA | CLASS 3 | 200,000.00 | 19,866.63 | 0.00 | 180,133.37 |
| MARSHALL | MAINSTAR-FBO JOHN MARSHALL T2175753 | CLASS 3 | 116,833.68 | 7,341.06 | 0.00 | 109,492.62 |
| MARSHALL | MARILYN MARSHALL | CLASS 3 | 100,000.00 | 5,150.00 | 0.00 | 94,850.00 |
| MARSHALL | MICHAEL MARSHALL | CLASS 3* | 25,000.00 | 262.50 | 0.00 | 24,737.50 |
| MARSHALL | PROV. TR GP-FBO BEVERLY A MARSHALL IRA | CLASS 3 | 30,350.00 | 2,440.65 | 0.00 | 27,909.35 |
| MARSHALL | PROV. TR GP-FBO DENESE MARSHALL IRA | CLASS 3 | 40,000.00 | 9,573.22 | 0.00 | 30,426.78 |
| MARSHALL | PROV. TR GP-FBO DENESE MARSHALL IRA | CLASS 5 | 116,000.00 | 27,762.34 | 0.00 | 88,237.66 |
| MARSHALL | SARA L MARSHALL | CLASS 3 | 550,000.00 | 40,083.34 | 1,000.00 | 508,916.66 |
| MARSHALL | STEPHEN MARSHALL | CLASS 3 | 50,000.00 | 2,383.37 | 0.00 | 47,616.63 |
| MARSHALL | THE MARSHALL FRLT 03/26/15 | CLASS 3 | 250,000.00 | 52,422.01 | 0.00 | 197,577.99 |
| MARSHALL | THE MARSHALL FT UAD 05/26/14 CAM & CCM TT | CLASS 3 | 25,000.00 | 2,757.02 | 0.00 | 22,242.98 |
| MARSHALL | TMICO-FBO JOHN E MARSHALL IRA | CLASS 5 | 150,000.00 | 51,416.74 | 0.00 | 98,583.26 |
| MARSHALLS' RIVERBANK | MARSHALLS' RIVERBANK FARMS LTD | CLASS 3 | 30,000.00 | 3,433.33 | 0.00 | 26,566.67 |
| MARSTON | CHRISTOPHER & DANA LEE MARSTON | CLASS 3 | 134,000.00 | 2,144.00 | 0.00 | 131,856.00 |
| MARSTON | MAINSTAR-FBO BEATRICE MARSTON R2177236 | CLASS 3 | 8,600.00 | 169.13 | 0.00 | 8,430.87 |
| MARSTON | MAINSTAR-FBO LORRI BETH MARSTON T2177555 | CLASS 3 | 92,500.00 | 1,233.33 | 0.00 | 91,266.67 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MARSTON | MAINSTAR-FBO RICHARD MARSTON R2177237 | CLASS 3 | 8,800.00 | 173.07 | 0.00 | 8,626.93 |
| MARSTON | MAINSTAR-FBO RICHARD MARSTON T2176717 | CLASS 3 | 75,300.00 | 2,209.28 | 0.00 | 73,090.72 |
| MARTIN | ANSEL EARL & BARBARA MARTIN | CLASS 3 | 50,000.00 | 541.68 | 0.00 | 49,458.32 |
| MARTIN | BRIAN & ANITA MARTIN FT | CLASS 3 | 250,000.00 | 32,927.08 | 0.00 | 217,072.92 |
| MARTIN | CAROL E MARTIN | CLASS 3 | 50,000.00 | 2,114.60 | 0.00 | 47,885.40 |
| MARTIN | DONALD G & MARY ANN MARTIN | CLASS 3 | 100,000.00 | 1,402.79 | 0.00 | 98,597.21 |
| MARTIN | ETHEL L MARTIN | CLASS 3 | 55,000.00 | 1,739.36 | 0.00 | 53,260.64 |
| MARTIN | FRANCES & STEPHEN MARTIN | CLASS 3 | 30,000.00 | 1,684.58 | 0.00 | 28,315.42 |
| MARTIN | GRACE D MARTIN | CLASS 3 | 60,000.00 | 898.33 | 0.00 | 59,101.67 |
| MARTIN | GRAHAM MARTIN | CLASS 3 | 600,000.00 | 27,902.86 | 2,000.00 | 570,097.14 |
| MARTIN | IRA SVCS TR CO-CFBO LINDA L MARTIN IRA | CLASS 3 | 27,500.00 | 710.40 | 0.00 | 26,789.60 |
| MARTIN | IRA SVCS TR CO-CFBO RENEE MARTIN IRA | CLASS 3 | 29,500.00 | 2,109.25 | 0.00 | 27,390.75 |
| MARTIN | JAMES THOMAS & TERRI DENISE MARTIN | CLASS 3 | 150,000.00 | 12,843.10 | 0.00 | 137,156.90 |
| MARTIN | JERRY L & L JEAN MARTIN | CLASS 3 | 100,000.00 | 13,100.00 | 0.00 | 86,900.00 |
| MARTIN | KEDRON MARTIN | CLASS 3 | 50,000.00 | 1,054.17 | 0.00 | 48,945.83 |
| MARTIN | KEDRON MARTIN | CLASS 5 | 200,000.00 | 4,216.70 | 0.00 | 195,783.30 |
| MARTIN | KENT MARTIN | CLASS 3 | 100,000.00 | 3,208.38 | 0.00 | 96,791.62 |
| MARTIN | LINDA K MARTIN | CLASS 5 | 50,000.00 | 4,994.58 | 0.00 | 45,005.42 |
| MARTIN | MAINSTAR-FBO M L MARTIN T2177836 | CLASS 3 | 25,000.00 | 350.69 | 0.00 | 24,649.31 |
| MARTIN | MAINSTAR-FBO ROSE MARTIN T2174928 | CLASS 3 | 160,000.00 | 19,425.73 | 0.00 | 140,574.27 |
| MARTIN | MAINSTAR-FBO ROSE MARTIN T2174928 | CLASS 5 | 500,000.00 | 60,705.39 | 0.00 | 439,294.61 |
| MARTIN | MARTIN FT DTD 01/21/11 | CLASS 3 | 50,000.00 | 2,500.00 | 0.00 | 47,500.00 |
| MARTIN | PROV. TR GP-FBO ANNE MARIE MARTIN IRA | CLASS 5 | 90,000.00 | 29,180.00 | 0.00 | 60,820.00 |
| MARTIN | PROV. TR GP-FBO FRANCES MARTIN IRA | CLASS 3 | 58,453.01 | 2,575.18 | 0.00 | 55,877.83 |
| MARTIN | PROV. TR GP-FBO RANDALL S MARTIN ROTH IRA | CLASS 3 | 78,000.00 | 7,400.22 | 0.00 | 70,599.78 |
| MARTIN | PROV. TR GP-FBO RAYMOND C MARTIN IRA | CLASS 3 | 84,656.00 | 5,523.81 | 0.00 | 79,132.19 |
| MARTIN | RICHARD & GRETA MARTIN LT 11/01/99 | CLASS 3 | 81,464.13 | 205.92 | 0.00 | 81,258.21 |
| MARTIN | SCOTT E MARTIN | CLASS 3 | 70,000.00 | 245.00 | 0.00 | 69,755.00 |
| MARTIN | THOMAS PATRICK MARTIN | CLASS 3 | 50,000.00 | 7,377.76 | 0.00 | 42,622.24 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MARTIN | VIRGINIA MARTIN | CLASS 3 | 50,000.00 | 3,879.21 | 0.00 | 46,120.79 |
| MARTIN | W R MARTIN TTEE PRINCETON FINANCIAL 401K | CLASS 5 | 200,000.00 | 1,888.88 | 0.00 | 198,111.12 |
| MARTIN | ROSE MARTIN | CLASS 3 | 30,000.00 | 4,332.50 | 0.00 | 25,667.50 |
| MARTINEAU | IRINA & NICOLE M MARTINEAU | CLASS 3 | 50,000.00 | 1,875.00 | 2,000.00 | 46,125.00 |
| MARTINEZ | ERNEST A JR & STEPHANIE MARTINEZ JTWROS | CLASS 5 | 120,000.00 | 31,233.33 | 0.00 | 88,766.67 |
| MARTINEZ | GARY STEVEN MARTINEZ | CLASS 3 | 30,000.00 | 1,359.58 | 0.00 | 28,640.42 |
| MARTINEZ | GOLDSTAR TR CO-FBO PAUL H MARTINEZ IRA | CLASS 5 | 123,324.75 | 10,345.61 | 0.00 | 112,979.14 |
| MARTINEZ | MAINSTAR-FBO VIDAL MARTINEZ T2175136 | CLASS 3 | 153,875.00 | 16,057.09 | 0.00 | 137,817.91 |
| MARTINEZ | PAUL H & MARY ANN MARTINEZ JTWROS | CLASS 5 | 120,000.00 | 31,233.33 | 0.00 | 88,766.67 |
| MARTINEZ/BEUTLER | CYNTHIA S MARTINEZ & ROBERT JAY BEUTLER | CLASS 3 | 67,000.00 | 5,966.51 | 0.00 | 61,033.49 |
| MARTINOVICH | ANTHONY M & ANNA MARIE MARTINOVICH | CLASS 3 | 50,000.00 | 2,293.03 | 0.00 | 47,706.97 |
| MARTUZZO | JAMES M MARTUZZO | CLASS 3 | 25,000.00 | 166.67 | 0.00 | 24,833.33 |
| MARX | CATHERINE A MARX | CLASS 3 | 25,000.00 | 663.21 | 0.00 | 24,336.79 |
| MASBANJI | MASBANJI TR | CLASS 3 | 99,000.00 | 12,694.00 | 0.00 | 86,306.00 |
| MASLANICH | PROV. TR GP-FBO DAVID W MASLANICH IRA | CLASS 3 | 168,000.00 | 27,736.89 | 0.00 | 140,263.11 |
| MASON | GEORGE D & BARBARA A MASON | CLASS 3 | 50,000.00 | 10,612.56 | 0.00 | 39,387.44 |
| MASON | GEORGE E & ELLEN H MASON | CLASS 3 | 40,000.00 | 272.22 | 0.00 | 39,727.78 |
| MASON | MAINSTAR-FBO THOMAS MASON T2176814 | CLASS 3 | 86,543.71 | 2,675.64 | 0.00 | 83,868.07 |
| MASON | MARILYN L MASON | CLASS 3 | 400,000.00 | 10,815.25 | 0.00 | 389,184.75 |
| MASON | MICHAEL J MASON RT DTD 11/25/14 | CLASS 3 | 25,000.00 | 3,583.33 | 0.00 | 21,416.67 |
| MASON | MICHAEL MASON | CLASS 5 | 250,000.00 | 61,000.17 | 0.00 | 188,999.83 |
| MASON | PROV. TR GP-FBO MARILYN L MASON IRA | CLASS 3 | 50,500.00 | 5,244.98 | 0.00 | 45,255.02 |
| MASONIC MEMORIAL | MASONIC MEMORIAL TEMPLE INC | CLASS 3 | 50,000.00 | 1,325.00 | 0.00 | 48,675.00 |
| MASSARO | PAUL & SUSAN MASSARO | CLASS 3 | 30,000.00 | 2,892.32 | 0.00 | 27,107.68 |
| MASSELLA | PROV. TR GP-FBO ELIZABETH W MASSELLA IRA | CLASS 3 | 61,000.00 | 7,096.08 | 0.00 | 53,903.92 |
| MASSELLA | PROV. TR GP-FBO JOHN D MASSELLA IRA | CLASS 3 | 115,000.00 | 25,514.95 | 0.00 | 89,485.05 |
| MASSELLA | PROV. TR GP-FBO THOMAS MASSELLA SEP IRA | CLASS 3 | 56,000.00 | 5,959.11 | 0.00 | 50,040.89 |
| MASSEY | PROV. TR GP-FBO CHARLIE MASSEY IRA | CLASS 3 | 35,200.00 | 0.00 | 0.00 | 35,200.00 |
| MASSON | JAMES & GERALDINE MASSON | CLASS 3 | 30,000.00 | 3,986.67 | 0.00 | 26,013.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MASSON | PROV. TR GP-FBO JAMES H MASSON IRA | CLASS 3 | 53,349.00 | 10,794.16 | 0.00 | 42,554.84 |
| MASTON | ROY E III & CYNTHIA L MASTON | CLASS 5 | 50,000.00 | 7,604.98 | 0.00 | 42,395.02 |
| MASTROBERTE | ROBERT & BEVERLY MASTROBERTE | CLASS 3* | 40,000.00 | 4,255.00 | 0.00 | 35,745.00 |
| MATA CBL INV. | MATA CBL INVESTMENTS LLC | CLASS 3 | 35,000.00 | 461.80 | 0.00 | 34,538.20 |
| MATAALII | GLORIA MATAALII | CLASS 3 | 22,238.87 | 860.54 | 0.00 | 21,378.33 |
| MATALLII | MAINSTAR-FBO GLORIA MATALLII T2176906 | CLASS 3 | 56,000.00 | 0.00 | 0.00 | 56,000.00 |
| MATARRESE | THE TR OF ANTONY F MATARRESE | CLASS 3 | 200,000.00 | 4,999.98 | 0.00 | 195,000.02 |
| MATER | MAINSTAR-FBO CHRISTINE MATER T2175955 | CLASS 3 | 144,565.74 | 7,991.28 | 0.00 | 136,574.46 |
| MATHE | GAYLE & CHRISTOPHER MATHE | CLASS 3 | 25,000.00 | 741.67 | 0.00 | 24,258.33 |
| MATHEN | LALITHA & SANTOSH MATHEN | CLASS 3 | 50,000.00 | 9,981.27 | 0.00 | 40,018.73 |
| MATHEWS | JULIA MATHEWS | CLASS 3 | 70,000.00 | 1,438.90 | 0.00 | 68,561.10 |
| MATHIS | MAINSTAR-FBO MICHAEL S MATHIS T2177065 | CLASS 3 | 100,000.00 | 2,633.33 | 0.00 | 97,366.67 |
| MATHIS | MAINSTAR-FBO ROXANE MATHIS T2176307 | CLASS 3 | 56,000.00 | 1,814.92 | 0.00 | 54,185.08 |
| MATLOCK | FAYE D MATLOCK | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| MATOESIAN | DAVID H & JANET M MATOESIAN | CLASS 3 | 50,000.00 | 8,283.33 | 0.00 | 41,716.67 |
| MATTE | ADRIANNE S MATTE TR | CLASS 3 | 200,000.00 | 3,805.54 | 0.00 | 196,194.46 |
| MATTHEW | JAMES W MATTHEW | CLASS 3 | 100,000.00 | 725.00 | 4,000.00 | 95,275.00 |
| MATTHEWS | JOHN K MATTHEWS | CLASS 5 | 100,000.00 | 13,416.61 | 0.00 | 86,583.39 |
| MATTHEWS | PAUL E MATTHEWS DESCENDANTS TR | CLASS 3 | 80,000.00 | 770.01 | 0.00 | 79,229.99 |
| MATTHEWS | SUNWEST TR DORIS B MATTHEWS IRA | CLASS 3 | 100,000.00 | 16,016.67 | 0.00 | 83,983.33 |
| MATTHIES | JILL L MATTHIES | CLASS 3 | 100,000.00 | 14,920.34 | 0.00 | 85,079.66 |
| MATTHIES | TODD MATTHIES | CLASS 3 | 150,000.00 | 34,080.64 | 0.00 | 115,919.36 |
| MATTIS | DENNIS W & DIANE L MATTIS | CLASS 3 | 50,000.00 | 1,083.33 | 0.00 | 48,916.67 |
| MATTOX | JODI MATTOX | CLASS 3 | 25,000.00 | 1,545.83 | 0.00 | 23,454.17 |
| MATTOX | ROBERT F & BARBARA A MATTOX | CLASS 3 | 310,000.00 | 17,791.67 | 0.00 | 292,208.33 |
| MATZ | JOHN B MATZ RLT 08/05/16 | CLASS 3 | 80,000.00 | 14,445.04 | 0.00 | 65,554.96 |
| MAUST | PROV. TR GP-FBO EVAN D MAUST IRA | CLASS 3 | 50,000.00 | 12,675.00 | 0.00 | 37,325.00 |
| MAVITY | RITA J MAVITY | CLASS 3 | 75,000.00 | 2,028.11 | 0.00 | 72,971.89 |
| MAVRIDES | PROV. TR GP-FBO ROBIN R MAVRIDES IRA | CLASS 3 | 150,000.00 | 4,475.00 | 0.00 | 145,525.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MAXFIELD | WILLIAM R & NANCY L MAXFIELD | CLASS 3 | 100,000.00 | 24,354.01 | 0.00 | 75,645.99 |
| MAXFIELD | WILLIAM R & NANCY L MAXFIELD | CLASS 5 | 100,000.00 | 24,354.01 | 0.00 | 75,645.99 |
| MAXIM INSURANCE | PROV. TR GP-FBO MAXIM INSURANCE GROUP ICA | CLASS 5 | 1,735,000.00 | 117,830.48 | 0.00 | 1,617,169.52 |
| MAY | JOHN E MAY | CLASS 3 | 100,000.00 | 14,200.00 | 0.00 | 85,800.00 |
| MAY | KARA H MAY | CLASS 3 | 300,000.00 | 17,000.01 | 0.00 | 282,999.99 |
| MAY | MAY FRLT DTD 07/08/05 | CLASS 3 | 50,000.00 | 6,415.74 | 0.00 | 43,584.26 |
| MAY | PROV. TR GP-FBO GARY E MAY IRA | CLASS 3 | 121,250.00 | 17,349.94 | 0.00 | 103,900.06 |
| MAY | PROV. TR GP-FBO JAMIE C MAY IRA | CLASS 3 | 30,000.00 | 2,560.83 | 0.00 | 27,439.17 |
| MAY | RICHARD F MAY | CLASS 3 | 125,000.00 | 5,926.04 | 0.00 | 119,073.96 |
| MAYE | PROV. TR GP-FBO RITA H MAYE IRA | CLASS 3 | 24,535.00 | 1,091.81 | 0.00 | 23,443.19 |
| MAYEDA | ALAN MAYEDA | CLASS 3 | 150,000.00 | 7,508.33 | 0.00 | 142,491.67 |
| MAYEDA | DAVID MASAO MAYEDA | CLASS 3 | 600,000.00 | 8,700.00 | 0.00 | 591,300.00 |
| MAYER | EMILY MAYER | CLASS 3 | 50,000.00 | 722.21 | 0.00 | 49,277.79 |
| MAYER | PROV. TR GP-FBO JILL MAYER IRA | CLASS 3 | 50,000.00 | 3,558.33 | 0.00 | 46,441.67 |
| MAYFIELD | BRIAN MAYFIELD | CLASS 3 | 25,000.00 | 1,447.92 | 0.00 | 23,552.08 |
| MAYFIELD | BRUCE & SUSAN MAYFIELD | CLASS 3 | 55,000.00 | 7,385.95 | 0.00 | 47,614.05 |
| MAYFIELD | BURTON M & MARILYN M MAYFIELD | CLASS 3 | 165,000.00 | 14,399.01 | 0.00 | 150,600.99 |
| MAYFIELD | BURTON W MAYFIELD | CLASS 3 | 50,000.00 | 10,077.68 | 1,000.00 | 38,922.32 |
| MAYNER | GREGORY N & KATHLEEN M MAYNER | CLASS 3 | 100,000.00 | 6,041.67 | 0.00 | 93,958.33 |
| MAYO | JAMES E & AUDREY MAYO | CLASS 3 | 25,000.00 | 1,688.92 | 0.00 | 23,311.08 |
| MAYRAND | RODGER MAYRAND | CLASS 3 | 65,000.00 | 6,315.00 | 0.00 | 58,685.00 |
| MAZMANIAN | GEORGE G MAZMANIAN | CLASS 3 | 25,000.00 | 2,699.71 | 0.00 | 22,300.29 |
| MAZMANIAN | ROSE DESESA MAZMANIAN | CLASS 3 | 25,000.00 | 2,699.71 | 0.00 | 22,300.29 |
| MAZZOCCO | ANTHONY R MAZZOCCO | CLASS 3 | 100,000.00 | 16,140.34 | 0.00 | 83,859.66 |
| MAZZOLENI | EDWARD P & CLARICE MAZZOLENI TR | CLASS 3 | 50,000.00 | 1,720.85 | 0.00 | 48,279.15 |
| MCAFFEE | CHRISTY MCAFFEE | CLASS 3 | 30,000.00 | 1,585.83 | 0.00 | 28,414.17 |
| MCALLISTER | DIXIE L & JAMES E MCALLISTER | CLASS 3 | 600,000.00 | 24,861.10 | 0.00 | 575,138.90 |
| MCALLISTER | MARY MCALLISTER | CLASS 3 | 25,000.00 | 329.87 | 0.00 | 24,670.13 |
| MCANDREWS | THOMAS P MCANDREWS | CLASS 3 | 25,000.00 | 1,983.33 | 0.00 | 23,016.67 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MCARTHUR | DANIEL & DOROTHY MCARTHUR | CLASS 3 | 50,000.00 | 2,627.81 | 0.00 | 47,372.19 |
| MCARTHUR | MAINSTAR-FBO LINDA S MCARTHUR | CLASS 3 | 50,724.23 | 4,053.70 | 0.00 | 46,670.53 |
| MCAVOY | KRISTINE MCAVOY | CLASS 3 | 40,000.00 | 217.78 | 0.00 | 39,782.22 |
| MCBRIDE | ROBIN A MCBRIDE | CLASS 3 | 90,000.00 | 5,962.50 | 0.00 | 84,037.50 |
| MCCALL | MICHAEL & BOBBY SUE MCCALL | CLASS 3 | 302,000.00 | 33,663.62 | 0.00 | 268,336.38 |
| MCCALL | MICHAEL MCCALL | CLASS 3 | 50,000.00 | 982.79 | 0.00 | 49,017.21 |
| MCCALLUM | PROV. TR GP-FBO WILLIAM MCCALLUM IRA | CLASS 5 | 230,000.00 | 39,531.71 | 0.00 | 190,468.29 |
| MCCALLUM | WILLIAM & DEBRA ANN MCCALLUM | CLASS 5 | 180,000.00 | 17,596.67 | 0.00 | 162,403.33 |
| MCCANN | IRA SVCS TR CO-CFBO JOSEPH MCCANN IRA | CLASS 3 | 48,468.00 | 1,821.63 | 0.00 | 46,646.37 |
| MCCANN | LORRAINE J MCCANN | CLASS 3 | 500,000.00 | 29,871.53 | 1,000.00 | 469,128.47 |
| MCCANN | MARY MCCANN | CLASS 3 | 40,000.00 | 250.00 | 0.00 | 39,750.00 |
| MCCANN | PROV. TR GP-FBO LORRAINE J MCCANN IRA | CLASS 3 | 242,606.94 | 39,834.72 | 0.00 | 202,772.22 |
| MCCAREY | JAMES MCCAREY | CLASS 3 | 100,000.00 | 8,847.17 | 0.00 | 91,152.83 |
| MCCARROLL | CHRISTOPHER SHANE MCCARROLL | CLASS 3 | 50,000.00 | 3,045.85 | 0.00 | 46,954.15 |
| MCCARTHY | ALAN J MCCARTHY | CLASS 3 | 50,000.00 | 1,040.29 | 0.00 | 48,959.71 |
| MCCARTHY | JAMES J MCCARTHY | CLASS 5 | 50,000.00 | 7,625.06 | 0.00 | 42,374.94 |
| MCCARTHY | PROV. TR GP-FBO JAMES J MCCARTHY IRA | CLASS 5 | 200,111.12 | 39,459.99 | 0.00 | 160,651.13 |
| MCCARTNEY | PROV. TR GP-FBO MICHAEL MCCARTNEY IRA | CLASS 5 | 56,000.00 | 16,162.23 | 0.00 | 39,837.77 |
| MCCARTY | RICHARD & DOROTHY J MCCARTY | CLASS 3 | 25,000.00 | 2,830.28 | 0.00 | 22,169.72 |
| MCCAULEY | DANIEL & GLENDA CHERYL MCCAULEY | CLASS 5 | 100,000.00 | 2,079.81 | 0.00 | 97,920.19 |
| MCCAULEY | JOHN MCCAULEY | CLASS 5 | 50,000.00 | 12,083.43 | 0.00 | 37,916.57 |
| MCCAULEY | MAINSTAR-FBO DANIEL MCCAULEY | CLASS 5 | 500,000.00 | 66,083.30 | 0.00 | 433,916.70 |
| MCCAW | MAINSTAR-FBO SCOTT MCCAW T2178363 | CLASS 3 | 75,000.00 | 468.75 | 0.00 | 74,531.25 |
| MCCAW | SCOTT MCCAW | CLASS 3 | 25,000.00 | 343.75 | 0.00 | 24,656.25 |
| MCCAW | SCOTT MCCAW | CLASS 3* | 25,000.00 | 343.75 | 0.00 | 24,656.25 |
| MCCAW | YING MCCAW | CLASS 3 | 25,000.00 | 468.75 | 0.00 | 24,531.25 |
| MCCLAIN | PROV. TR GP-FBO MARY L MCCLAIN IRA | CLASS 3 | 100,000.00 | 22,667.52 | 0.00 | 77,332.48 |
| MCCLAIN | PROV. TR GP-FBO MARY L MCCLAIN IRA | CLASS 5 | 55,000.00 | 12,467.13 | 0.00 | 42,532.87 |
| McCLEAF | VIRGINIA McCLEAF RT | CLASS 5 | 100,000.00 | 34,014.17 | 0.00 | 65,985.83 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MCCLELLAN | GLENN II & CONSTANCE MCCLELLAN | CLASS 3 | 110,000.00 | 16,040.03 | 0.00 | 93,959.97 |
| MCCLELLAN | PROV. TR GP-FBO CONSTANCE MCCLELLAN IRA | CLASS 3 | 355,150.00 | 15,201.09 | 0.00 | 339,948.91 |
| MCCLELLAN | PROV. TR GP-FBO CONSTANCE MCCLELLAN ROTH IRA | CLASS 3 | 30,050.00 | 42,393.61 | 0.00 | 0.00 ** |
| MCCLINTIC | DOUGLAS A MCCLINTIC | CLASS 3 | 50,000.00 | 534.73 | 0.00 | 49,465.27 |
| MCCLOSKEY | BRYAN MCCLOSKEY | CLASS 3 | 25,000.00 | 1,175.00 | 0.00 | 23,825.00 |
| MCCLURG | MAINSTAR-FBO JEFFREY MCCLURG TW003631 | CLASS 3 | 90,000.00 | 3,286.25 | 0.00 | 86,713.75 |
| MCCLUSKEY | THE MCCLUSKEY FT | CLASS 3 | 50,000.00 | 4,033.33 | 0.00 | 45,966.67 |
| MCCOMAS | DAVID M MCCOMAS | CLASS 3 | 150,000.00 | 13,854.17 | 0.00 | 136,145.83 |
| MCCOMAS | PROV. TR GP-FBO DAVID M MCCOMAS IRA | CLASS 3 | 100,000.00 | 12,430.55 | 0.00 | 87,569.45 |
| MCCOMAS | PROV. TR GP-FBO DAVID M MCCOMAS IRA | CLASS 5 | 100,000.00 | 12,430.55 | 0.00 | 87,569.45 |
| MCCOMSEY | DONALD MCCOMSEY | CLASS 3 | 30,000.00 | 283.33 | 0.00 | 29,716.67 |
| MCCONNELL | JAMES M MCCONNELL | CLASS 3 | 250,000.00 | 36,958.43 | 0.00 | 213,041.57 |
| MCCONNELL | MCCONNELL CRT 08/94 UA 08/26/94 351934803 | CLASS 3 | 300,000.00 | 39,500.00 | 0.00 | 260,500.00 |
| MCCORMICK | JOHN J MCCORMICK | CLASS 3 | 60,000.00 | 7,309.20 | 0.00 | 52,690.80 |
| MCCORMICK | RAYFORD E MCCORMICK | CLASS 3 | 75,000.00 | 1,552.08 | 0.00 | 73,447.92 |
| MCCOY | CARLENE MCCOY | CLASS 3 | 55,000.00 | 825.01 | 0.00 | 54,174.99 |
| MCCOY | SUSAN RUPERT MCCOY | CLASS 3 | 28,000.00 | 497.79 | 0.00 | 27,502.21 |
| MCCRACKEN | JENNIFER B MCCRACKEN | CLASS 3 | 130,000.00 | 7,198.22 | 0.00 | 122,801.78 |
| MCCREADY | MAINSTAR-FBO KIM MCCREADY T2178044 | CLASS 3 | 49,500.00 | 300.78 | 0.00 | 49,199.22 |
| MCCREERY/LAMOND | GEORGIA MCCREERY & ANDREW LAMOND | CLASS 3 | 300,000.00 | 15,125.00 | 0.00 | 284,875.00 |
| McCULLY | TMICO-FBO JAMES M McCULLY TRAD IRA | CLASS 5 | 50,000.00 | 15,764.04 | 0.00 | 34,235.96 |
| MCCUTCHEON | PATRICIA E MCCUTCHEON | CLASS 3 | 50,000.00 | 4,816.47 | 0.00 | 45,183.53 |
| MCDERMAND | CHARLES & MARY ANN MCDERMAND | CLASS 3 | 300,000.00 | 10,725.00 | 0.00 | 289,275.00 |
| MCDERMOTT | PROV. TR GP-FBO MARK J MCDERMOTT IRA | CLASS 3 | 24,250.00 | 3,549.91 | 0.00 | 20,700.09 |
| MCDOLE | JAMES K & MALLIE V MCDOLE | CLASS 3 | 26,000.00 | 268.67 | 0.00 | 25,731.33 |
| MCDONALD | ALLAN MCDONALD | CLASS 3 | 50,000.00 | 1,374.98 | 0.00 | 48,625.02 |
| MCDONALD | JAMES A MCDONALD | CLASS 3 | 225,000.00 | 14,720.20 | 0.00 | 210,279.80 |
| MCDONALD | LARRY R MCDONALD | CLASS 5 | 200,000.00 | 27,111.16 | 0.00 | 172,888.84 |
| MCDONALD | MAINSTAR-FBO BOBBY C MCDONALD T2177755 | CLASS 3 | 119,903.54 | 151.54 | 0.00 | 119,752.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MCDONALD | STANLEY C & HOMEIRA M MCDONALD | CLASS 5 | 800,000.00 | 168,472.08 | 0.00 | 631,527.92 |
| MCDONALD | SUNWEST TR JAMES A MCDONALD ROTH IRA | CLASS 3 | 550,000.00 | 93,440.31 | 0.00 | 456,559.69 |
| MCDONALD | THE JAMES A MCDONALD RLT RST 08/01/10 | CLASS 3 | 150,000.00 | 28,670.83 | 0.00 | 121,329.17 |
| MCDONALD | VERONICA MCDONALD | CLASS 3 | 75,000.00 | 6,679.16 | 0.00 | 68,320.84 |
| MCDONOUGH | MAINSTAR-FBO EILEEN MCDONOUGH TW003096 | CLASS 3 | 25,000.00 | 3,313.14 | 0.00 | 21,686.86 |
| MCELHANEY | MICHAEL MCELHANEY | CLASS 5 | 51,000.00 | 12,891.67 | 0.00 | 38,108.33 |
| MCELHANEY | PROV. TR GP-FBO MICHAEL MCELHANEY IRA | CLASS 5 | 188,000.00 | 47,994.62 | 0.00 | 140,005.38 |
| MCELROY | ROBERT & DOROTHY D MCELROY | CLASS 3 | 310,000.00 | 21,338.81 | 0.00 | 288,661.19 |
| MCELROY | ROBERT ANTHONY & JACQUELINE P MCELROY | CLASS 3 | 25,000.00 | 2,258.33 | 0.00 | 22,741.67 |
| MCELWEE | DORIS R MCELWEE LT | CLASS 3 | 25,000.00 | 715.30 | 0.00 | 24,284.70 |
| MCFARLAND | PROV. TR GP-FBO CLAUDIA M MCFARLAND IRA | CLASS 3 | 46,000.00 | 7,687.11 | 0.00 | 38,312.89 |
| MCFARLAND | PROV. TR GP-FBO DAVID G MCFARLAND IRA | CLASS 3 | 100,000.00 | 5,041.67 | 0.00 | 94,958.33 |
| MCFOY | CRAIG A MCFOY | CLASS 3 | 700,000.00 | 90,766.68 | 0.00 | 609,233.32 |
| MCFOY | CRAIG A MCFOY | CLASS 5 | 300,000.00 | 38,900.00 | 0.00 | 261,100.00 |
| MCFOY | PROV. TR GP-FBO CRAIG A MCFOY IRA | CLASS 3 | 264,000.00 | 25,539.67 | 0.00 | 238,460.33 |
| MCFOY | PROV. TR GP-FBO TODD A MCFOY IRA | CLASS 3 | 248,500.00 | 17,223.25 | 0.00 | 231,276.75 |
| MCFOY | TODD A MCFOY | CLASS 3 | 500,000.00 | 102,814.88 | 0.00 | 397,185.12 |
| MCFOY | TODD A MCFOY | CLASS 5 | 300,000.00 | 61,688.93 | 0.00 | 238,311.07 |
| MCGAUGH | PAUL H & KRISTI C MCGAUGH | CLASS 3 | 100,000.00 | 11,311.16 | 0.00 | 88,688.84 |
| MCGILL | PATRICIA MCGILL | CLASS 5 | 150,000.00 | 32,750.00 | 0.00 | 117,250.00 |
| MCGINLEY | DAVID L & ALICE L MCGINLEY | CLASS 3 | 50,000.00 | 10,024.99 | 0.00 | 39,975.01 |
| MCGOVERN | JACQUELINE MCGOVERN | CLASS 3 | 218,000.00 | 7,596.07 | 0.00 | 210,403.93 |
| MCGOWAN | CAROLYN & JAMES MCGOWAN | CLASS 3 | 60,000.00 | 813.75 | 0.00 | 59,186.25 |
| MCGOWAN | MAINSTAR-FBO PAMELA MCGOWAN TW003093 | CLASS 3 | 198,000.00 | 21,708.52 | 0.00 | 176,291.48 |
| MCGOWAN | MAINSTAR-FBO ROBERT MCGOWAN TW003091 | CLASS 3 | 238,500.00 | 28,374.47 | 0.00 | 210,125.53 |
| MCGOWAN | ROBERT MCGOWAN | CLASS 3 | 50,000.00 | 6,450.00 | 0.00 | 43,550.00 |
| MCGRANN | JAMES P MCGRANN | CLASS 3 | 130,000.00 | 21,117.36 | 0.00 | 108,882.64 |
| MCGRORY | SHAWN MCGRORY | CLASS 3 | 65,000.00 | 7,262.54 | 0.00 | 57,737.46 |
| MCINNES | RONALD A & NANCY H MCINNES | CLASS 3 | 25,000.00 | 4,729.16 | 0.00 | 20,270.84 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MCINTIRE | DALE A MCINTIRE TR UAD 01/20/11 | CLASS 3 | 100,000.00 | 4,441.69 | 0.00 | 95,558.31 |
| MCINTYRE | DONALD & ROCHELLE MCINTYRE FT 07/18/01 | CLASS 3 | 400,000.00 | 55,555.65 | 0.00 | 344,444.35 |
| MCINTYRE | DONALD & ROCHELLE MCINTYRE FT 07/18/01 | CLASS 5 | 200,000.00 | 27,777.82 | 0.00 | 172,222.18 |
| MCINTYRE | IRA SVCS TR CO-CFBO TIMOTHY J MCINTYRE | CLASS 3 | 50,000.00 | 473.61 | 0.00 | 49,526.39 |
| MCINTYRE | IRA SVCS TR CO-CFBO TIMOTHY MCINTYRE IRA | CLASS 5 | 200,000.00 | 35,611.18 | 0.00 | 164,388.82 |
| MCINTYRE | THE JOHN F & GOLDA M MCINTYRE LT | CLASS 3 | 300,000.00 | 56,983.33 | 0.00 | 243,016.67 |
| MCKAY | GEORGE & JEANNETTE McKAY | CLASS 5 | 200,000.00 | 81,920.38 | 0.00 | 118,079.62 |
| MCKAY | PROV. TR GP-FBO MARK MCKAY IRA | CLASS 3 | 404,785.00 | 21,188.70 | 0.00 | 383,596.30 |
| MCKEE | IRA SVCS TR CO-CFBO AGNES B MCKEE | CLASS 3 | 105,000.00 | 2,530.67 | 0.00 | 102,469.33 |
| MCKEE | PROV. TR GP-FBO EVELYN M MCKEE IRA | CLASS 3 | 80,097.00 | 3,557.64 | 0.00 | 76,539.36 |
| MCKEEVER | PROV. TR GP-FBO MARTIN E MCKEEVER IRA | CLASS 3 | 77,000.00 | 10,688.17 | 0.00 | 66,311.83 |
| MCKELVEY | KATHERINE MCKELVEY | CLASS 3 | 77,000.00 | 3,362.33 | 0.00 | 73,637.67 |
| MCKENZIE | BRUCE J MCKENZIE | CLASS 3 | 50,000.00 | 24,683.67 | 0.00 | 25,316.33 |
| MCKENZIE | DARWIN K & LINDA S MCKENZIE LT | CLASS 3 | 25,000.00 | 358.80 | 0.00 | 24,641.20 |
| MCKENZIE | IRA SVCS TR CO-CFBO DONALD L MCKENZIE IRA | CLASS 3 | 50,000.00 | 3,145.83 | 0.00 | 46,854.17 |
| MCKENZIE | MAINSTAR-FBO GORDON R MCKENZIE | CLASS 3 | 400,000.00 | 20,166.67 | 0.00 | 379,833.33 |
| MCKIBBEN | PROV. TR GP-FBO RICHARD E MCKIBBEN IRA | CLASS 3 | 113,585.00 | 12,390.32 | 0.00 | 101,194.68 |
| MCKIBBEN | PROV. TR GP-FBO RICHARD E MCKIBBEN IRA | CLASS 5 | 118,000.00 | 12,871.93 | 0.00 | 105,128.07 |
| MCKIBBEN/BINGAMAN | JORETTA MCKIBBEN & DODIE BINGAMAN | CLASS 3 | 330,000.00 | 770.00 | 0.00 | 329,230.00 |
| MCKINNEY | LARRY H MCKINNEY | CLASS 3 | 30,000.00 | 416.67 | 0.00 | 29,583.33 |
| MCKINNEY | MAINSTAR-FBO BILL M MCKINNEY T2176827 | CLASS 3 | 270,000.00 | 17,730.00 | 0.00 | 252,270.00 |
| MCKINNEY | PROV. TR GP-FBO ROBERT MCKINNEY IRA | CLASS 3 | 78,163.00 | 10,574.64 | 0.00 | 67,588.36 |
| MCKINZIE | GARY L MCKINZIE RT 07/24/02 | CLASS 3 | 150,000.00 | 18,966.67 | 0.00 | 131,033.33 |
| MCKITRICK/SHURRUMB. | PAULINE MCKITRICK & LAUREN D SHURRUMBAUGH | CLASS 3 | 100,000.00 | 4,568.08 | 0.00 | 95,431.92 |
| MCLAUGHLIN | MAINSTAR-FBO JESSICA MCLAUGHLIN BT176868 | CLASS 3 | 64,000.00 | 1,575.37 | 0.00 | 62,424.63 |
| MCLAUGHLIN | THEDA P MCLAUGHLIN | CLASS 3 | 45,000.00 | 1,562.49 | 0.00 | 43,437.51 |
| MCLELLAN | MAINSTAR-FBO SHERRAY D MCLELLAN | CLASS 3 | 56,000.00 | 3,297.76 | 0.00 | 52,702.24 |
| MCLEMORE | THOMAS W MCLEMORE JR | CLASS 3 | 225,000.00 | 13,576.02 | 0.00 | 211,423.98 |
| MCLINDEN | MAINSTAR-FBO DANIEL J MCLINDEN T2176106 | CLASS 3 | 170,737.85 | 9,421.77 | 0.00 | 161,316.08 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MCLINDEN | MAINSTAR-FBO DANIEL J MCLINDEN T2176106 | CLASS 5 | 200,000.00 | 11,036.53 | 0.00 | 188,963.47 |
| MCLINDEN | MAINSTAR-FBO JEAN L MCLINDEN T2176544 | CLASS 3 | 43,726.70 | 1,050.66 | 0.00 | 42,676.04 |
| MCMAHAN | ADA SUE MCMAHAN | CLASS 3 | 25,000.00 | 3,383.21 | 0.00 | 21,616.79 |
| MCMAHON | PATRICK MCMAHON | CLASS 3 | 50,000.00 | 383.33 | 0.00 | 49,616.67 |
| MCMAHON | PROV. TR GP-FBO STEPHEN J MCMAHON IRA | CLASS 3 | 446,690.00 | 60,551.08 | 0.00 | 386,138.92 |
| MCMAHON | WILLIAM R & SANDY SUTER MCMAHON | CLASS 3 | 100,000.00 | 15,833.33 | 0.00 | 84,166.67 |
| MCMEEKIN | MARGARET K MCMEEKIN | CLASS 3 | 25,000.00 | 1,458.38 | 0.00 | 23,541.62 |
| MCMILLAN | PROV. TR GP-FBO WILLIAM J MCMILLAN IRA | CLASS 3 | 25,000.00 | 6,187.50 | 0.00 | 18,812.50 |
| MCMILLAN | PROV. TR GP-FBO WM & J MCMILLAN RT IRA | CLASS 3 | 30,000.00 | 4,733.33 | 0.00 | 25,266.67 |
| MCMILLIAN | GAYLE H MCMILLIAN | CLASS 3 | 30,000.00 | 1,946.67 | 0.00 | 28,053.33 |
| MCMULLIN | MAINSTAR-FBO GERALD B MCMULLIN TW003649 | CLASS 3 | 200,000.00 | 5,486.81 | 0.00 | 194,513.19 |
| MCMULLIN | MAINSTAR-FBO KELLY MCMULLIN TW003929 | CLASS 3 | 100,000.00 | 3,169.45 | 0.00 | 96,830.55 |
| MCNEELY | ROBERT & SHEILA MCNEELY | CLASS 3 | 100,000.00 | 8,708.33 | 0.00 | 91,291.67 |
| MCNINCH | WILLIAM MCNINCH | CLASS 3 | 25,000.00 | 4,562.50 | 0.00 | 20,437.50 |
| MCPADDEN | MAINSTAR-FBO DANIEL MCPADDEN JR T2177855 | CLASS 3 | 167,892.29 | 3,591.03 | 0.00 | 164,301.26 |
| MCPHERSON | EDWARD MCPHERSON | CLASS 3 | 50,000.00 | 2,789.55 | 0.00 | 47,210.45 |
| MCPHERSON | JENNIFER MCPHERSON | CLASS 3 | 95,000.00 | 11,343.12 | 0.00 | 83,656.88 |
| MCQUILLAN | CAROLE MCQUILLAN | CLASS 3 | 60,000.00 | 1,885.92 | 0.00 | 58,114.08 |
| MCQUISTON | TINA MCQUISTON | CLASS 5 | 100,000.00 | 21,166.58 | 0.00 | 78,833.42 |
| MCSHANE | PAUL MCSHANE | CLASS 3 | 50,000.00 | 694.43 | 0.00 | 49,305.57 |
| MCVEY | KRISTA MCVEY | CLASS 3 | 70,000.00 | 3,247.46 | 0.00 | 66,752.54 |
| McWILLIAMS | TMICO-FBO DAVID C McWILLIAMS TR IRA | CLASS 5 | 100,000.00 | 48,751.27 | 0.00 | 51,248.73 |
| MEAD | MARIBETH MEAD | CLASS 3 | 40,000.00 | 1,933.37 | 0.00 | 38,066.63 |
| MEADOWS | PROV. TR GP-FBO WADE MEADOWS JR IRA | CLASS 3 | 100,500.00 | 7,269.50 | 0.00 | 93,230.50 |
| MEADOWS-ROBERTS | MAINSTAR-FBO G MEADOWS-ROBERTS T2177009 | CLASS 3 | 55,645.00 | 1,429.77 | 0.00 | 54,215.23 |
| MEBANE | DORIS C MEBANE | CLASS 3 | 150,000.00 | 1,031.25 | 0.00 | 148,968.75 |
| MEDEIROS | JOHN MEDEIROS TR DTD 05/05/16 | CLASS 3 | 300,000.00 | 83,033.80 | 0.00 | 216,966.20 |
| MEDIA PARTNERS | MEDIA PARTNERS WORLDWIDE LLC | CLASS 3 | 50,000.00 | 3,211.08 | 0.00 | 46,788.92 |
| MEDINA | MAINSTAR-FBO CATHERINE MEDINA T2177884 | CLASS 3 | 170,000.00 | 859.44 | 0.00 | 169,140.56 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MEDINA | ROSA M MEDINA | CLASS 3 | 125,000.00 | 6,532.67 | 0.00 | 118,467.33 |
| MEEHAN | BARBARA B & KEVIN B MEEHAN | CLASS 3 | 60,000.00 | 5,930.46 | 0.00 | 54,069.54 |
| MEEHAN | KEVIN B & BARBARA B MEEHAN | CLASS 5 | 50,000.00 | 4,333.37 | 0.00 | 45,666.63 |
| MEHRHOFF | PROV. TR GP-FBO WILLIAM R MEHRHOFF IRA | CLASS 3 | 76,000.00 | 9,250.89 | 0.00 | 66,749.11 |
| MEHTA | NAVIN & NEELAM K MEHTA | CLASS 3 | 100,000.00 | 7,301.39 | 0.00 | 92,698.61 |
| MEIER | NORM MEIER | CLASS 3 | 400,000.00 | 11,567.62 | 0.00 | 388,432.38 |
| MEIER | NORM MEIER | CLASS 5 | 200,000.00 | 5,783.81 | 0.00 | 194,216.19 |
| MEINARDUS | PROV. TR GP-FBO PAUL R MEINARDUS IRA | CLASS 5 | 50,000.00 | 7,055.56 | 0.00 | 42,944.44 |
| MEKUS | REBECA MEKUS | CLASS 3 | 50,000.00 | 4,682.30 | 0.00 | 45,317.70 |
| MEKUS | THE MEKUS 2007 RT | CLASS 5 | 150,000.00 | 21,533.35 | 0.00 | 128,466.65 |
| MELBY | SHELLY MELBY | CLASS 3 | 100,000.00 | 1,902.79 | 0.00 | 98,097.21 |
| MELCHERT | THE MELCHERT FT DTD 03/18/05 | CLASS 3 | 50,000.00 | 3,439.26 | 0.00 | 46,560.74 |
| MELDRUM | MAINSTAR-FBO MICHAEL J MELDRUM T2178095 | CLASS 3 | 54,500.00 | 561.66 | 0.00 | 53,938.34 |
| MELLECKER | GEORGE & LYNNE MELLECKER | CLASS 3 | 75,000.00 | 4,635.42 | 0.00 | 70,364.58 |
| MELLOR | CHARLES E MELLOR | CLASS 3 | 60,000.00 | 4,508.33 | 0.00 | 55,491.67 |
| MELOGRANO | ALLISON & ANTHONY C MELOGRANO | CLASS 3 | 50,000.00 | 1,400.01 | 0.00 | 48,599.99 |
| MELOGRANO | ANTHONY C & GAIL L MELOGRANO | CLASS 3 | 50,000.00 | 1,438.85 | 0.00 | 48,561.15 |
| MELOSKY/TUCKER | JANICE F MELOSKY & THOMAS H TUCKER | CLASS 3 | 300,000.00 | 4,850.00 | 0.00 | 295,150.00 |
| MELOY | DONNA MELOY | CLASS 3 | 192,000.00 | 28,208.53 | 0.00 | 163,791.47 |
| MELOY | PROV. TR GP-FBO DONNA MELOY ROTH IRA | CLASS 3 | 123,000.00 | 15,053.00 | 0.00 | 107,947.00 |
| MELTON | LIBERTY TR CO-FBO LAURA D MELTON IRA | CLASS 5 | 100,000.00 | 40,249.86 | 0.00 | 59,750.14 |
| MENDONCA | THE 1993 RICHARD & GLORIA MENDONCA RT | CLASS 3 | 90,000.00 | 1,387.50 | 0.00 | 88,612.50 |
| MENDONCA | THE MENDONCA IRREV TR | CLASS 3 | 110,000.00 | 275.00 | 0.00 | 109,725.00 |
| MENDOZA | MAINSTAR-FBO ANGELO MENDOZA JR | CLASS 3 | 58,542.02 | 3,369.42 | 0.00 | 55,172.60 |
| MENG | CHING-YU MENG | CLASS 3 | 50,000.00 | 2,467.39 | 0.00 | 47,532.61 |
| MENOLD | BENJAMIN MENOLD CUST FOR MORGAN R MENOLD | CLASS 3 | 40,000.00 | 0.00 | 0.00 | 40,000.00 |
| MENTZER | IRA SVCS TR CO-CFBO JOYCE MENTZER IRA | CLASS 3 | 144,077.04 | 6,933.70 | 0.00 | 137,143.34 |
| MERCERUIO | JANICE MERCERUIO | CLASS 3 | 78,000.00 | 357.50 | 0.00 | 77,642.50 |
| MERCIER | RONALD H MERCIER | CLASS 3 | 30,000.00 | 9,034.50 | 0.00 | 20,965.50 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MERINO | THE CRIS B & CHUCHI E MERINO RLT | CLASS 3 | 50,000.00 | 279.86 | 0.00 | 49,720.14 |
| MERKER | PROV. TR GP-FBO JOHN P MERKER IRA | CLASS 3 | 450,245.00 | 86,869.90 | 0.00 | 363,375.10 |
| MERRICK | LARITA KAY MERRICK | CLASS 3 | 705,000.00 | 76,903.69 | 0.00 | 628,096.31 |
| MERRICK | LARITA KAY MERRICK | CLASS 5 | 80,000.00 | 8,726.66 | 0.00 | 71,273.34 |
| MERRILL | CINDY M & ROBERT D MERRILL | CLASS 3 | 25,000.00 | 13,492.31 | 0.00 | 11,507.69 |
| MERRILL | MAINSTAR-FBO DOROTHY MERRILL T2174478 | CLASS 3 | 50,000.00 | 2,700.30 | 0.00 | 47,299.70 |
| MERRION | RICHARD F MERRION LT | CLASS 3 | 25,000.00 | 1,237.50 | 0.00 | 23,762.50 |
| MERRITT | HORIZON TR CO-FBO JAMES MERRITT III ROTH | CLASS 5 | 34,967.21 | 2,389.40 | 0.00 | 32,577.81 |
| MERRITT | JAMES KING III & KATHY K MERRITT | CLASS 5 | 60,000.00 | 5,031.60 | 0.00 | 54,968.40 |
| MERRITT | LAWRENCE & JO ANN MERRITT | CLASS 5 | 200,000.00 | 14,444.47 | 0.00 | 185,555.53 |
| MERSON | BEVERLY J MERSON | CLASS 3 | 107,000.00 | 20,390.04 | 0.00 | 86,609.96 |
| MERTZ | PROV. TR GP-FBO SUSAN M MERTZ IRA | CLASS 3 | 166,000.00 | 27,924.57 | 0.00 | 138,075.43 |
| MESCHER | HAROLD J & PATRICIA V MESCHER | CLASS 3 | 50,000.00 | 10,877.67 | 1,764.71 | 37,357.62 |
| MESCHER | STEPHEN L & MARY E MESCHER | CLASS 5 | 100,000.00 | 23,273.89 | 0.00 | 76,726.11 |
| MESSENGER | PROV. TR GP-FBO KATHERINE MESSENGER IRA | CLASS 3 | 317,700.00 | 15,576.13 | 0.00 | 302,123.87 |
| MESSIMER | ALVA WENDELL MESSIMER | CLASS 3 | 25,000.00 | 225.34 | 0.00 | 24,774.66 |
| MESSIMER | MAINSTAR-FBO JOAN MESSIMER R2176129 | CLASS 3 | 61,280.00 | 1,389.01 | 0.00 | 59,890.99 |
| METTER | THE SALLI METTER LT 2016 | CLASS 3 | 25,000.00 | 333.68 | 0.00 | 24,666.32 |
| METZGER | DIANA F METZGER | CLASS 3 | 25,000.00 | 2,318.34 | 0.00 | 22,681.66 |
| MEYER | DENNIS R & PATRICIA A MEYER | CLASS 3 | 50,000.00 | 777.77 | 0.00 | 49,222.23 |
| MEYER | EDWARD G MEYER | CLASS 3 | 36,000.00 | 4,904.46 | 0.00 | 31,095.54 |
| MEYER | MICHAEL R MEYER | CLASS 3 | 25,000.00 | 5,187.55 | 0.00 | 19,812.45 |
| MEYERS | DON & PENNY MEYERS | CLASS 3 | 70,000.00 | 13,025.73 | 0.00 | 56,974.27 |
| MEYERS | MELISSA J MEYERS | CLASS 3 | 25,000.00 | 1,303.83 | 0.00 | 23,696.17 |
| MEYERS | MEYERS FT | CLASS 3 | 40,000.00 | 6.67 | 0.00 | 39,993.33 |
| MEYERS | SUSAN D MEYERS | CLASS 3 | 85,000.00 | 2,611.37 | 0.00 | 82,388.63 |
| MEYERSON | PAULA MEYERSON | CLASS 3 | 50,000.00 | 500.00 | 0.00 | 49,500.00 |
| MEYKA | PROV. TR GP-FBO BRIANNA L MEYKA IRA | CLASS 3 | 34,000.00 | 799.00 | 0.00 | 33,201.00 |
| MICELE | W MICHAEL & KAREN MICELE | CLASS 3 | 25,000.00 | 711.76 | 0.00 | 24,288.24 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MICHAEL | MARGARET F MICHAEL | CLASS 3 | 30,000.00 | 480.00 | 0.00 | 29,520.00 |
| MICHAELS | GREG & DEBBIE MICHAELS | CLASS 3 | 100,000.00 | 1,986.12 | 0.00 | 98,013.88 |
| MICHAELS | PROV. TR GP-FBO JANET MICHAELS IRA | CLASS 3 | 99,800.00 | 9,153.88 | 0.00 | 90,646.12 |
| MICHAELS | REBECCA MICHAELS | CLASS 3 | 50,000.00 | 1,076.37 | 0.00 | 48,923.63 |
| MICHAELS | WILLIAM D & DEBORAH L MICHAELS | CLASS 3 | 25,000.00 | 1,583.33 | 0.00 | 23,416.67 |
| MICHALAK | BONNIE J MICHALAK | CLASS 3 | 30,000.00 | 2,316.67 | 0.00 | 27,683.33 |
| MICHALSKI | JOHANNES MICHALSKI | CLASS 3 | 160,000.00 | 2,577.79 | 0.00 | 157,422.21 |
| MICHEL | HILDA & RAYMOND MICHEL | CLASS 3 | 600,000.00 | 65,258.28 | 0.00 | 534,741.72 |
| MICHEL | HILDA MICHEL | CLASS 3 | 100,000.00 | 6,770.83 | 0.00 | 93,229.17 |
| MICHEL | ROBERT MICHEL IT | CLASS 3 | 150,000.00 | 15,659.77 | 0.00 | 134,340.23 |
| MICHELS | DIANE & LARRY MICHELS | CLASS 5 | 100,000.00 | 28,209.25 | 0.00 | 71,790.75 |
| MICHELSEN | GERARD MICHELSEN | CLASS 3 | 50,000.00 | 6,772.98 | 0.00 | 43,227.02 |
| MICHELSON | PROV. TR GP-FBO GARY MICHELSON IRA | CLASS 5 | 250,000.00 | 50,625.00 | 0.00 | 199,375.00 |
| MICHNA | RICHARD & MELISSA MICHNA | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| MICHNA | RICHARD MICHNA | CLASS 3 | 50,000.00 | 11,365.38 | 0.00 | 38,634.62 |
| MICHOLLE | JOHN MICHOLLE | CLASS 3 | 35,000.00 | 6,783.36 | 0.00 | 28,216.64 |
| MICKELS | MAINSTAR-FBO SHAYNE MICKELS T2178362 | CLASS 3 | 32,000.00 | 149.33 | 0.00 | 31,850.67 |
| MICKSCH | MAINSTAR-FBO ALLAN MICKSCH | CLASS 5 | 195,000.00 | 31,362.50 | 0.00 | 163,637.50 |
| MIDASH | IRA SVCS TR CO-CFBO SANDRA MIDASH IRA | CLASS 3 | 208,000.00 | 28,669.58 | 0.00 | 179,330.42 |
| MIDASH | JOHN & SANDRA MIDASH | CLASS 5 | 200,000.00 | 44,222.06 | 0.00 | 155,777.94 |
| MIDDENDORF | CHARLES J & JANET L MIDDENDORF | CLASS 3 | 25,000.00 | 527.07 | 0.00 | 24,472.93 |
| MIDDENDORF | PROV. TR GP-FBO MIDDENDORF BLDRS-CMM IRA | CLASS 3 | 30,000.00 | 1,820.00 | 0.00 | 28,180.00 |
| MIDDENDORF | PROV. TR GP-FBO MIDDENDORF BLDRS-MAA IRA | CLASS 3 | 50,000.00 | 3,033.33 | 0.00 | 46,966.67 |
| MIDDENDORF | PROV. TR GP-FBO MITCHELL MIDDENDORF IRA | CLASS 3 | 93,000.00 | 13,682.54 | 0.00 | 79,317.46 |
| MIDDLETON | PAMELA R MIDDLETON | CLASS 3 | 65,000.00 | 1,220.81 | 0.00 | 63,779.19 |
| MIDDLETON | ROBERT L MIDDLETON JR | CLASS 3 | 25,000.00 | 1,422.19 | 0.00 | 23,577.81 |
| MIDDLETON | WILLIAM T & CONNEE B MIDDLETON | CLASS 3 | 100,000.00 | 5,013.89 | 0.00 | 94,986.11 |
| MIELKE | DEBORAH A MIELKE | CLASS 3 | 75,000.00 | 1,309.35 | 0.00 | 73,690.65 |
| MIGLIORE | JAY MIGLIORE | CLASS 3 | 100,000.00 | 270.83 | 0.00 | 99,729.17 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MIGNOSA | RICHARD & MARCELLA MIGNOSA | CLASS 5 | 50,000.00 | 4,822.39 | 0.00 | 45,177.61 |
| MIHALAK | MIHALAK FT | CLASS 3 | 100,000.00 | 11,583.42 | 0.00 | 88,416.58 |
| MIHALCZO | STEPHANIE C MIHALCZO | CLASS 3 | 40,000.00 | 7,865.39 | 0.00 | 32,134.61 |
| MIKHAIL | MIKHAIL TR DTD 11/05/91 | CLASS 3 | 50,000.00 | 1,184.04 | 0.00 | 48,815.96 |
| MIKKELSEN | NORMA J & JAMES N MIKKELSEN | CLASS 3 | 25,000.00 | 5,204.23 | 0.00 | 19,795.77 |
| MILANO | JOSEPH MILANO LEGACY TR | CLASS 3 | 150,000.00 | 25,850.39 | 0.00 | 124,149.61 |
| MILANO | PROV. TR GP-FBO ANTHONY J MILANO IRA | CLASS 3 | 107,256.00 | 13,703.46 | 0.00 | 93,552.54 |
| MILBRAND | JANET MILBRAND | CLASS 3 | 150,000.00 | 3,825.00 | 0.00 | 146,175.00 |
| RAN | ROBERT MILBRAND | CLASS 3 | 50,000.00 | 1,287.50 | 0.00 | 48,712.50 |
| MILES | IRA SVCS TR CO-CFBO LISA J MILES | CLASS 3 | 68,000.00 | 3,953.58 | 0.00 | 64,046.42 |
| MILES | LEE MILES | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| MILES | WILLIAM MILES | CLASS 3 | 400,000.00 | 21,823.27 | 0.00 | 378,176.73 |
| MILLER | BRUCE A & MAUREEN MILLER | CLASS 3 | 140,000.00 | 8,781.98 | 0.00 | 131,218.02 |
| MILLER | CHARLES A & MARIE E MILLER | CLASS 3 | 25,000.00 | 267.36 | 0.00 | 24,732.64 |
| MILLER | CHARLES H & JANELL J MILLER LT 03/12/12 | CLASS 3 | 100,000.00 | 8,482.27 | 1,000.00 | 90,517.73 |
| MILLER | DAVID & JOHNEE MILLER FT DTD 07/15/02 | CLASS 3 | 150,000.00 | 1,251.39 | 0.00 | 148,748.61 |
| MILLER | DUANE D MILLER | CLASS 5 | 100,000.00 | 33,666.56 | 0.00 | 66,333.44 |
| MILLER | GEORGE L & ESTHER J MILLER | CLASS 3 | 90,000.00 | 16,155.44 | 0.00 | 73,844.56 |
| MILLER | GERALD D & ELIZABETH M MILLER | CLASS 3 | 25,000.00 | 2,662.08 | 0.00 | 22,337.92 |
| MILLER | GLENN C & FELICITY K MILLER | CLASS 5 | 350,000.00 | 48,180.40 | 0.00 | 301,819.60 |
| MILLER | IRA SVCS TR CO-CFBO JOELLEN MILLER IRA | CLASS 3 | 50,000.00 | 3,965.21 | 0.00 | 46,034.79 |
| MILLER | IRA SVCS TR CO-CFBO LARRY L MILLER IRA | CLASS 3 | 85,000.00 | 2,727.07 | 0.00 | 82,272.93 |
| MILLER | IRA SVCS TR CO-CFBO WILLIAM J MILLER IRA | CLASS 3 | 54,000.00 | 1,530.00 | 0.00 | 52,470.00 |
| MILLER | JANE A MILLER | CLASS 3 | 25,000.00 | 1,061.78 | 0.00 | 23,938.22 |
| MILLER | JAY & ALYSE MILLER LT DTD 06/04/14 | CLASS 3 | 100,000.00 | 35,511.27 | 0.00 | 64,488.73 |
| MILLER | JEFFREY A & BRENDA G MILLER | CLASS 3 | 50,000.00 | 573.61 | 0.00 | 49,426.39 |
| MILLER | JENNIFER MILLER | CLASS 3 | 40,000.00 | 2,850.00 | 0.00 | 37,150.00 |
| MILLER | JOE & BRENDA MILLER | CLASS 3 | 25,000.00 | 45.14 | 0.00 | 24,954.86 |
| MILLER | JOY MILLER | CLASS 3* | 100,000.00 | 0.00 | 0.00 | 100,000.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MILLER | LOUIS S MILLER | CLASS 3 | 50,000.00 | 20,984.37 | 0.00 | 29,015.63 |
| MILLER | MAINSTAR-FBO DAVID R MILLER T2178374 | CLASS 3 | 200,000.00 | 469.45 | 0.00 | 199,530.55 |
| MILLER | MARLENA K MILLER | CLASS 3 | 100,000.00 | 7,194.40 | 0.00 | 92,805.60 |
| MILLER | MARY L MILLER | CLASS 3 | 106,000.00 | 6,312.86 | 0.00 | 99,687.14 |
| MILLER | PAUL & LUCY MILLER FAMILY IRREV TR | CLASS 3 | 360,000.00 | 7,400.00 | 0.00 | 352,600.00 |
| MILLER | PROV. TR GP-FBO CAROLYN S MILLER IRA | CLASS 3 | 123,000.00 | 21,315.67 | 0.00 | 101,684.33 |
| MILLER | PROV. TR GP-FBO DARRELL L MILLER IRA | CLASS 5 | 50,000.00 | 13,097.23 | 0.00 | 36,902.77 |
| MILLER | PROV. TR GP-FBO JOAN MILLER IRA | CLASS 3 | 128,058.00 | 7,196.15 | 0.00 | 120,861.85 |
| MILLER | PROV. TR GP-FBO KATHY A MILLER IRA | CLASS 3 | 31,700.00 | 2,288.75 | 1,000.00 | 28,411.25 |
| MILLER | PROV. TR GP-FBO MARLENA MILLER ROTH IRA | CLASS 3 | 131,000.00 | 9,144.53 | 0.00 | 121,855.47 |
| MILLER | PROV. TR GP-FBO STEPHEN W MILLER IRA | CLASS 5 | 156,000.00 | 40,252.50 | 0.00 | 115,747.50 |
| MILLER | PROV. TR GP-FBO STEVEN E MILLER IRA | CLASS 5 | 300,000.00 | 2,836.12 | 0.00 | 297,163.88 |
| MILLER | R T MILLER | CLASS 3 | 100,000.00 | 14,983.33 | 0.00 | 85,016.67 |
| MILLER | ROBERT D MILLER | CLASS 3 | 35,000.00 | 1,039.11 | 0.00 | 33,960.89 |
| MILLER | RONALD & LAURA MILLER | CLASS 3 | 100,000.00 | 1,965.63 | 0.00 | 98,034.37 |
| MILLER | SALLY MILLER | CLASS 3 | 150,000.00 | 1,200.00 | 0.00 | 148,800.00 |
| MILLER | STEPHANIE MILLER | CLASS 3 | 250,000.00 | 16,510.42 | 0.00 | 233,489.58 |
| MILLER | STEPHEN MILLER | CLASS 3 | 65,000.00 | 2,148.59 | 0.00 | 62,851.41 |
| MILLER | TED J & JANET L MILLER | CLASS 3 | 25,000.00 | 1,596.48 | 0.00 | 23,403.52 |
| MILLET | MAMIE W MILLET | CLASS 3 | 65,000.00 | 4,853.33 | 0.00 | 60,146.67 |
| MILLIGAN | ALVIN/MARGARET MILLIGAN RLT DTD 02/27/97 | CLASS 3 | 100,000.00 | 3,111.13 | 0.00 | 96,888.87 |
| MILLS | IRA SVCS TR CO-CFBO GEORGE MILLS IRA | CLASS 3 | 38,700.00 | 1,128.75 | 0.00 | 37,571.25 |
| MILLS | IRA SVCS TR CO-CFBO SHARI D MILLS IRA | CLASS 3 | 58,750.00 | 2,017.08 | 0.00 | 56,732.92 |
| MILLS | JEFFREY C & MERI LU MILLS | CLASS 3 | 260,000.00 | 43,514.12 | 0.00 | 216,485.88 |
| MILLS | MAINSTAR-FBO PAMELA JOY MILLS T2175634 | CLASS 3 | 54,400.00 | 3,408.35 | 0.00 | 50,991.65 |
| MILLSAP | KENNETH & JACQUELYN MILLSAP | CLASS 3 | 400,000.00 | 46,783.33 | 0.00 | 353,216.67 |
| MILLSAPPS | KAREN MILLSAPPS | CLASS 3 | 25,000.00 | 304.17 | 0.00 | 24,695.83 |
| MILLWARD | MAINSTAR-FBO KELLY A MILLWARD RW003655 | CLASS 3 | 34,961.46 | 1,538.31 | 0.00 | 33,423.15 |
| MILLWARD | MAINSTAR-FBO MICHAEL J MILLWARD RW003656 | CLASS 3 | 32,343.00 | 971.64 | 0.00 | 31,371.36 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MILLWARD | MICHAEL J & KELLY A MILLWARD | CLASS 3 | 25,660.00 | 1,317.19 | 0.00 | 24,342.81 |
| MILLYARD | MAINSTAR-FBO BRIAN MILLYARD | CLASS 5 | 775,650.00 | 130,352.29 | 0.00 | 645,297.71 |
| MILTON | ANDREW & ERIKA MILTON | CLASS 3 | 30,000.00 | 2,216.67 | 0.00 | 27,783.33 |
| MINCEY | ARMOND S MINCEY | CLASS 3 | 25,000.00 | 277.78 | 0.00 | 24,722.22 |
| MINETTI | LORRAINE J MINETTI RT DTD 06/02/97 | CLASS 3 | 100,000.00 | 17,344.92 | 0.00 | 82,655.08 |
| MINETTI | RICHARD H MINETTI RT DTD 06/02/97 | CLASS 3 | 141,000.00 | 26,786.08 | 0.00 | 114,213.92 |
| MINKUS | KATHLEEN M MINKUS | CLASS 3 | 350,000.00 | 6,368.04 | 0.00 | 343,631.96 |
| MINNICK | MAINSTAR-FBO RONEE MINNICK T2175855 | CLASS 3 | 383,200.00 | 13,722.33 | 0.00 | 369,477.67 |
| MINOR | MAINSTAR-FBO LORI MINOR TW004183 | CLASS 3 | 300,000.00 | 0.00 | 0.00 | 300,000.00 |
| MINSKI | CHESTER J & IRENE C MINSKI | CLASS 3 | 250,000.00 | 15,833.33 | 0.00 | 234,166.67 |
| MIRANDA | MICHAEL & MARY L MIRANDA | CLASS 3 | 200,000.00 | 26,404.18 | 0.00 | 173,595.82 |
| MIRANDA | MICHAEL & MARY L MIRANDA | CLASS 5 | 200,000.00 | 26,404.18 | 0.00 | 173,595.82 |
| MISHKIND | THE HOWARD D MISHKIND RT U/A/D 07/19/11 | CLASS 3 | 75,000.00 | 5,437.50 | 0.00 | 69,562.50 |
| MISHKIND | THE JANE R MISHKIND RT U/A/D 07/19/11 | CLASS 3 | 175,000.00 | 14,504.21 | 0.00 | 160,495.79 |
| MISNER | DOUGLAS A & LOIS A MISNER | CLASS 3 | 40,000.00 | 2,641.67 | 0.00 | 37,358.33 |
| MISPAGEL | MISPAGEL FT | CLASS 3 | 25,000.00 | 679.17 | 0.00 | 24,320.83 |
| MISPAGEL | WENDY A MISPAGEL | CLASS 3 | 50,000.00 | 1,191.67 | 0.00 | 48,808.33 |
| MITCHELL | BRYAN MITCHELL | CLASS 3 | 185,000.00 | 12,794.51 | 0.00 | 172,205.49 |
| MITCHELL | DELIA JUANITA MITCHELL | CLASS 5 | 200,000.00 | 14,583.28 | 0.00 | 185,416.72 |
| MITCHELL | EVERETT MITCHELL TR | CLASS 5 | 150,000.00 | 75,013.90 | 0.00 | 74,986.10 |
| MITCHELL | IRA SVCS TR CO-CFBO SCOTT E MITCHELL | CLASS 5 | 140,000.00 | 5,483.34 | 0.00 | 134,516.66 |
| MITCHELL | LORETTA M MITCHELL | CLASS 3 | 127,000.00 | 6,422.16 | 0.00 | 120,577.84 |
| MITCHELL | PROV. TR GP-FBO DEBORAH J MITCHELL IRA | CLASS 3 | 78,880.00 | 4,059.57 | 0.00 | 74,820.43 |
| MITCHELL | PROV. TR GP-FBO THOMAS G MITCHELL IRA | CLASS 3 | 89,000.00 | 4,228.14 | 0.00 | 84,771.86 |
| MITCHELL | PROV. TR GP-FBO WALTER E MITCHELL IRA | CLASS 3 | 312,500.00 | 4,947.92 | 0.00 | 307,552.08 |
| MITCHELL | STEPHEN R MITCHELL | CLASS 5 | 200,000.00 | 58,889.01 | 0.00 | 141,110.99 |
| MITCHELL | VIOLA MITCHELL TR | CLASS 5 | 150,000.00 | 75,013.90 | 0.00 | 74,986.10 |
| MIZUUCHI | MAINSTAR-FBO GARY M MIZUUCHI T2174550 | CLASS 3 | 310,000.00 | 28,888.64 | 0.00 | 281,111.36 |
| MJOLSNESS/BECK | GARY L MJOLSNESS & LINDA L BECK | CLASS 3 | 30,000.00 | 5,384.17 | 0.00 | 24,615.83 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MLG FARMS | MLG FARMS INC | CLASS 3 | 200,000.00 | 7,705.24 | 0.00 | 192,294.76 |
| MLGW | MLGW LLC | CLASS 3 | 200,000.00 | 29,882.60 | 0.00 | 170,117.40 |
| MOBLEY | PROV. TR GP-FBO DAVID W MOBLEY IRA | CLASS 3 | 100,000.00 | 14,608.33 | 0.00 | 85,391.67 |
| MODICA | GUY A MODICA SR | CLASS 3 | 50,000.00 | 4,000.00 | 0.00 | 46,000.00 |
| MOE | PROV. TR GP-FBO WILLIAM MOE IRA | CLASS 3 | 55,000.00 | 15,588.63 | 0.00 | 39,411.37 |
| MOE | PROV. TR GP-FBO WILLIAM MOE IRA | CLASS 5 | 100,000.00 | 28,342.95 | 0.00 | 71,657.05 |
| MOELLER | JOHN J MOELLER | CLASS 3 | 100,000.00 | 1,333.33 | 0.00 | 98,666.67 |
| MOELLER | PATRICIA MOELLER | CLASS 3 | 161,700.00 | 966.67 | 0.00 | 160,733.33 |
| MOELLER | PROV. TR GP-FBO MICHAEL E MOELLER IRA | CLASS 3 | 100,000.00 | 14,594.44 | 0.00 | 85,405.56 |
| MOELLER | PROV. TR GP-FBO MICHAEL E MOELLER IRA | CLASS 5 | 100,000.00 | 14,594.44 | 0.00 | 85,405.56 |
| MOFFATT | TERRY D MOFFATT | CLASS 3 | 25,000.00 | 1,112.50 | 0.00 | 23,887.50 |
| MOFFITT | IRA SVCS TR CO-CFBO KELLY MOFFITT | CLASS 3 | 273,800.00 | 4,643.20 | 0.00 | 269,156.80 |
| MOHAMED | AZIZA MOHAMED | CLASS 5 | 50,000.00 | 57,959.12 | 0.00 | 0.00 ** |
| MOHAMMED | SHAHEED MOHAMMED LT | CLASS 3 | 275,000.00 | 3,439.58 | 0.00 | 271,560.42 |
| MOHER | RICHARD MOHER | CLASS 3 | 50,000.00 | 3,749.94 | 0.00 | 46,250.06 |
| MOHR | DALE & SHEREE MOHR | CLASS 3 | 30,000.00 | 780.00 | 0.00 | 29,220.00 |
| MOHR | PROV. TR GP-FBO DUSTAN MOHR IRA | CLASS 3 | 93,000.00 | 12,042.85 | 0.00 | 80,957.15 |
| MOHS/HEMME | KAMELA MOHS & SHANNON L HEMME | CLASS 3 | 50,000.00 | 840.26 | 0.00 | 49,159.74 |
| MOJTABAI | MAINSTAR-FBO NADER MOJTABAI T2176167 | CLASS 3 | 399,988.00 | 16,799.50 | 0.00 | 383,188.50 |
| MOJTABAI | SHAHEEN MOJTABAI | CLASS 3 | 100,000.00 | 3,866.67 | 0.00 | 96,133.33 |
| MOLACEK | PROV. TR GP-FBO MICHAEL MOLACEK IRA | CLASS 3 | 526,900.00 | 52,153.07 | 0.00 | 474,746.93 |
| MOLINARI | THERESA MOLINARI | CLASS 3 | 55,000.00 | 1,090.82 | 0.00 | 53,909.18 |
| MOLITERNO | VIRGINIA M MOLITERNO RLT | CLASS 3 | 50,000.00 | 2,352.81 | 0.00 | 47,647.19 |
| MONACO | SUSAN L MONACO | CLASS 3 | 50,000.00 | 5,429.17 | 0.00 | 44,570.83 |
| MONAGHAN HOLDINGS | MONAGHAN HOLDINGS LLC | CLASS 3 | 400,000.00 | 22,757.12 | 0.00 | 377,242.88 |
| MONAGHAN HOLDINGS | MONAGHAN HOLDINGS LLC | CLASS 5 | 650,000.00 | 36,980.32 | 0.00 | 613,019.68 |
| MONAHAN | MONAHAN LT | CLASS 5 | 200,000.00 | 33,005.56 | 0.00 | 166,994.44 |
| MONAHAN | PROV. TR GP-FBO ANNE MONAHAN ROTH IRA | CLASS 5 | 50,000.00 | 13,522.55 | 0.00 | 36,477.45 |
| MONAHAN | PROV. TR GP-FBO JOHN MONAHAN ROTH IRA | CLASS 5 | 50,000.00 | 13,734.76 | 0.00 | 36,265.24 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MONARCA | JOSEPH S & DENISE B MONARCA | CLASS 3 | 25,000.00 | 871.20 | 0.00 | 24,128.80 |
| MONDIK | CLEO E MONDIK | CLASS 3 | 25,000.00 | 5,275.02 | 0.00 | 19,724.98 |
| MONEY | JOSEPH HAWLEY MONEY | CLASS 3 | 100,000.00 | 633.33 | 0.00 | 99,366.67 |
| MONGE | MONGE FT DTD 02/25/10 | CLASS 3 | 175,000.00 | 18,292.06 | 0.00 | 156,707.94 |
| MONN | REBECCA MONN | CLASS 3 | 30,000.00 | 0.00 | 0.00 | 30,000.00 |
| MONROE | JOHN & SUSAN MONROE | CLASS 3 | 150,000.00 | 2,004.17 | 0.00 | 147,995.83 |
| MONROE | TERRI MONROE | CLASS 3 | 50,000.00 | 1,175.00 | 0.00 | 48,825.00 |
| MONSON | ROBERT & JANICE MONSON | CLASS 3 | 125,000.00 | 7,770.83 | 0.00 | 117,229.17 |
| MONTAGUE | KENNETH A & VICTORIA J MONTAGUE | CLASS 5 | 100,000.00 | 21,091.63 | 0.00 | 78,908.37 |
| MONTERO | MAINSTAR-FBO MYRTA MONTERO | CLASS 3 | 35,750.00 | 5,375.80 | 0.00 | 30,374.20 |
| MONTES | MAINSTAR-FBO JOHN F MONTES T2176897 | CLASS 3 | 180,000.00 | 5,940.00 | 0.00 | 174,060.00 |
| MONTESANO | PROV. TR GP-FBO RONALD A MONTESANO IRA | CLASS 3 | 95,200.00 | 9,881.66 | 0.00 | 85,318.34 |
| MONTOYA | CONSUELO B OR JOHN MONTOYA | CLASS 3* | 75,000.00 | 4,614.58 | 0.00 | 70,385.42 |
| MONTREUIL | HAMILTON A MONTREUIL JR | CLASS 3 | 25,000.00 | 5,631.23 | 0.00 | 19,368.77 |
| MOODY | ERNEST MOODY | CLASS 3 | 60,000.00 | 840.00 | 0.00 | 59,160.00 |
| MOON | PROV. TR GP-FBO BARBARA A MOON IRA | CLASS 3 | 31,315.00 | 3,775.20 | 0.00 | 27,539.80 |
| MOON | PROV. TR GP-FBO ROBERT F MOON IRA | CLASS 3 | 160,000.00 | 19,537.78 | 0.00 | 140,462.22 |
| MOON | THE MOON RT | CLASS 3 | 225,000.00 | 27,220.63 | 0.00 | 197,779.37 |
| MOON | THE MOON RT | CLASS 5 | 250,000.00 | 30,245.14 | 0.00 | 219,754.86 |
| MOORE | ANN & BRUCE MOORE SR | CLASS 3 | 100,000.00 | 4,797.27 | 0.00 | 95,202.73 |
| MOORE | BARBARA D MOORE | CLASS 3 | 119,000.00 | 17,954.62 | 0.00 | 101,045.38 |
| MOORE | BOBBIE MOORE | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| MOORE | BRIAN & MICHELLE MOORE | CLASS 3 | 65,000.00 | 4,553.08 | 0.00 | 60,446.92 |
| MOORE | BRUCE MOORE | CLASS 5 | 125,000.00 | 6,597.24 | 0.00 | 118,402.76 |
| MOORE | DELTIS D & JUDITH KAY MOORE | CLASS 3 | 150,000.00 | 12,154.20 | 0.00 | 137,845.80 |
| MOORE | JOSEPH H & EDITH M MOORE | CLASS 3 | 25,000.00 | 1,194.48 | 0.00 | 23,805.52 |
| MOORE | MAINSTAR-FBO MICHAEL B MOORE T2177149 | CLASS 3 | 51,500.00 | 1,423.05 | 0.00 | 50,076.95 |
| MOORE | MILLARD MOORE SR | CLASS 3 | 125,000.00 | 12,420.23 | 0.00 | 112,579.77 |
| MOORE | PROV. TR GP-FBO DEREK R MOORE IRA | CLASS 3 | 25,000.00 | 2,863.04 | 0.00 | 22,136.96 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MOORE | PROV. TR GP-FBO DEREK R MOORE IRA | CLASS 5 | 160,000.00 | 18,323.43 | 0.00 | 141,676.57 |
| MOORE | PROV. TR GP-FBO DOROTHY A MOORE IRA | CLASS 5 | 55,000.00 | 8,402.78 | 0.00 | 46,597.22 |
| MOORE | PROV. TR GP-FBO JUDI MOORE IRA | CLASS 3 | 200,000.00 | 33,165.99 | 0.00 | 166,834.01 |
| MOORE | PROV. TR GP-FBO JUDI MOORE IRA | CLASS 5 | 200,000.00 | 33,165.99 | 0.00 | 166,834.01 |
| MOORE | PROV. TR GP-FBO RONALD E MOORE IRA | CLASS 3 | 39,500.00 | 13,976.61 | 0.00 | 25,523.39 |
| MOORE | PROV. TR GP-FBO RONALD E MOORE IRA | CLASS 5 | 50,000.00 | 17,691.91 | 0.00 | 32,308.09 |
| MOORE | PROV. TR GP-FBO WILLIAM J MOORE IRA | CLASS 5 | 499,500.00 | 55,231.57 | 0.00 | 444,268.43 |
| MOORE | RONALD H MOORE | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| MOORE | THOMAS A & PATRICIA W MOORE | CLASS 3 | 110,000.00 | 19,229.02 | 0.00 | 90,770.98 |
| MOORES | MERRY MOORES | CLASS 5 | 100,000.00 | 30,871.01 | 0.00 | 69,128.99 |
| MOORES | MICHAEL W MOORES | CLASS 5 | 400,000.00 | 106,673.69 | 0.00 | 293,326.31 |
| MOORES | TMICO-FBO MERRY MOORES IRA | CLASS 5 | 67,995.36 | 9,939.34 | 0.00 | 58,056.02 |
| MOORES | TMICO-FBO MICHAEL MOORES IRA | CLASS 5 | 63,485.37 | 11,268.55 | 0.00 | 52,216.82 |
| MOOS | GARY L MOOS | CLASS 3 | 50,000.00 | 7,863.34 | 0.00 | 42,136.66 |
| MOOSBRUGGER | CONNIE MOOSBRUGGER | CLASS 3 | 100,000.00 | 11,083.42 | 0.00 | 88,916.58 |
| MORALES | MAINSTAR-FBO MICHAEL R MORALES | CLASS 3 | 100,000.00 | 5,454.17 | 0.00 | 94,545.83 |
| MORAN | MAINSTAR-FBO MARILYN J MORAN | CLASS 3 | 30,000.00 | 1,825.00 | 0.00 | 28,175.00 |
| MORAN | MARY MORAN | CLASS 5 | 200,000.00 | 63,111.35 | 0.00 | 136,888.65 |
| MORANO | MONICA MORANO IRREV TR | CLASS 3 | 80,000.00 | 4,622.22 | 0.00 | 75,377.78 |
| MOREHOUSE | BERNADETTE MOREHOUSE | CLASS 3 | 80,000.00 | 1,626.67 | 0.00 | 78,373.33 |
| MORENO | JOSE MORENO RT | CLASS 3 | 100,000.00 | 4,965.24 | 0.00 | 95,034.76 |
| MORGAN | ALICE M MORGAN | CLASS 3 | 170,000.00 | 23,978.83 | 0.00 | 146,021.17 |
| MORGAN | BARBARA M MORGAN | CLASS 3 | 30,000.00 | 4,015.93 | 0.00 | 25,984.07 |
| MORGAN | DAVID MORGAN | CLASS 3 | 50,000.00 | 4,150.00 | 0.00 | 45,850.00 |
| MORGAN | LARRY MORGAN | CLASS 3 | 25,000.00 | 262.50 | 0.00 | 24,737.50 |
| MORGAN | MAINSTAR-FBO MICHAEL C MORGAN | CLASS 3 | 115,000.00 | 7,666.67 | 0.00 | 107,333.33 |
| MORGAN | MORGAN FT 08/17/95 HAROLD LEE MORGAN | CLASS 3 | 100,000.00 | 4,450.00 | 0.00 | 95,550.00 |
| MORGAN | THE DON MORGAN TR UTD 03/25/17 | CLASS 3 | 25,000.00 | 454.87 | 0.00 | 24,545.13 |
| MORGAN | ALAN M MORGAN | CLASS 3 | 350,000.00 | 11,982.68 | 0.00 | 338,017.32 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MORICE | IRA SVCS TR CO-CFBO ANTHONY P MORICE IRA | CLASS 3 | 34,000.00 | 1,671.67 | 0.00 | 32,328.33 |
| MORICE | IRA SVCS TR CO-CFBO TRUDY E MORICE IRA | CLASS 3 | 34,500.00 | 1,696.25 | 0.00 | 32,803.75 |
| MORONGO BASIN | MORONGO BASIN HUMANE SOCIETY | CLASS 3 | 150,000.00 | 14,055.63 | 0.00 | 135,944.37 |
| MOROSAN-PENZA | LAUNA MOROSAN-PENZA TR | CLASS 3 | 165,292.00 | 1,489.93 | 0.00 | 163,802.07 |
| MOROZOV | MIKHAIL MOROZOV TR | CLASS 3 | 400,000.00 | 10,613.90 | 0.00 | 389,386.10 |
| MORRILL | THE MORRILL FT | CLASS 3 | 25,000.00 | 20,166.57 | 0.00 | 4,833.43 |
| MORRIS | CHRISTEL MORRIS LT | CLASS 3 | 100,000.00 | 21,606.95 | 0.00 | 78,393.05 |
| MORRIS | DAVID E & SUSAN L MORRIS | CLASS 3 | 50,000.00 | 11,541.67 | 0.00 | 38,458.33 |
| MORRIS | IRA SVCS TR CO-CFBO JAMES D MORRIS IRA | CLASS 3 | 40,000.00 | 4,180.00 | 0.00 | 35,820.00 |
| MORRIS | MARGARET F MORRIS | CLASS 3 | 25,000.00 | 333.34 | 0.00 | 24,666.66 |
| MORRIS | ROSS K MORRIS | CLASS 3 | 50,000.00 | 3,375.00 | 0.00 | 46,625.00 |
| MORRIS | GEORGE & ELIZABETH MORRIS | CLASS 3 | 70,000.00 | 1,584.74 | 0.00 | 68,415.26 |
| MORRISSEY | MAINSTAR-FBO WILLIAM MORRISSEY T2177992 | CLASS 3 | 40,000.00 | 715.27 | 0.00 | 39,284.73 |
| MORRISSEY | MICHAEL J & VICKIE M MORRISSEY | CLASS 3 | 475,000.00 | 48,047.49 | 0.00 | 426,952.51 |
| MORRISSEY | PROV. TR GP-FBO MICHAEL J MORRISSEY IRA | CLASS 3 | 300,000.00 | 28,758.33 | 0.00 | 271,241.67 |
| MORROW | LOUIS & MURIEL MORROW FT | CLASS 3 | 30,000.00 | 607.50 | 0.00 | 29,392.50 |
| MORSCH | JEFFREY & MARY MORSCH LT 08/26/10 | CLASS 3 | 285,525.75 | 38,166.09 | 0.00 | 247,359.66 |
| MORTENSEN | GAYLYNN L MORTENSEN | CLASS 3 | 80,864.00 | 1,381.41 | 0.00 | 79,482.59 |
| MORTENSEN | MAINSTAR-FBO GAYLYNN L MORTENSEN T2177490 | CLASS 3 | 111,017.40 | 1,603.59 | 0.00 | 109,413.81 |
| MORTON | EDWIN MORTON | CLASS 3 | 100,000.00 | 15,930.98 | 0.00 | 84,069.02 |
| MOSCOVITCH | THE MOSCOVITCH FAMILY IRREV TR | CLASS 3 | 250,000.00 | 6,961.08 | 0.00 | 243,038.92 |
| MOSCOVITCH | THE MOSCOVITCH FAMILY IRREV TR | CLASS 3* | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| MOSELEY | WILLIAM MOSELEY | CLASS 3* | 100,000.00 | 3,590.25 | 0.00 | 96,409.75 |
| MOSHEIM | MARK J MOSHEIM | CLASS 3 | 100,000.00 | 5,283.33 | 0.00 | 94,716.67 |
| MOSHER | PROV. TR GP-FBO ROBERT R MOSHER IRA | CLASS 3 | 34,000.00 | 8,284.31 | 0.00 | 25,715.69 |
| MOSHER | PROV. TR GP-FBO ROBERT R MOSHER IRA | CLASS 5 | 160,000.00 | 38,985.01 | 0.00 | 121,014.99 |
| MOSHER | PROV. TR GP-FBO SUE M MOSHER IRA | CLASS 3 | 195,000.00 | 43,921.01 | 0.00 | 151,078.99 |
| MOSHER | PROV. TR GP-FBO SUE M MOSHER IRA | CLASS 5 | 259,000.00 | 58,336.10 | 0.00 | 200,663.90 |
| MOSHER | SUSAN M MOSHER | CLASS 3 | 89,300.00 | 10,304.58 | 0.00 | 78,995.42 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MOSIER | LINDA & TOM MOSIER | CLASS 3 | 66,000.00 | 3,707.82 | 0.00 | 62,292.18 |
| MOSLEY | MAINSTAR-FBO RUSSELL MOSLEY T2177192 | CLASS 3 | 37,315.95 | 1,400.39 | 0.00 | 35,915.56 |
| MOSSONI | MARK L & JODELL J MOSSONI | CLASS 3 | 75,000.00 | 5,687.45 | 0.00 | 69,312.55 |
| MOTES | KEVIN R & LORI A MOTES | CLASS 3 | 175,000.00 | 34,588.13 | 0.00 | 140,411.87 |
| MOTTA | PROV. TR GP-FBO LORI MOTTA IRA | CLASS 3 | 86,500.00 | 4,162.81 | 0.00 | 82,337.19 |
| MOTUS | PROV. TR GP-FBO GREGORY MOTUS IRA | CLASS 3 | 102,000.00 | 18,109.92 | 0.00 | 83,890.08 |
| MOULDER | MAINSTAR-FBO JOANNE MOULDER T2174578 | CLASS 3 | 32,000.00 | 3,191.98 | 0.00 | 28,808.02 |
| MOUW | DARLENE MOUW | CLASS 3 | 25,000.00 | 2,958.43 | 0.00 | 22,041.57 |
| MOWBRAY | THOMAS B MOWBRAY | CLASS 3 | 30,000.00 | 1,121.46 | 0.00 | 28,878.54 |
| MOWEN | BEVERLY J MOWEN | CLASS 3 | 25,000.00 | 659.74 | 0.00 | 24,340.26 |
| MOWEN | DONALD T MOWEN JR | CLASS 3 | 25,000.00 | 659.74 | 0.00 | 24,340.26 |
| MOWER | PROV. TR GP-FBO JUDITH D MOWER IRA | CLASS 3 | 88,000.00 | 4,972.00 | 0.00 | 83,028.00 |
| MOWERY | DEBORAH K MOWERY RT 09/17/04 | CLASS 3 | 100,000.00 | 16,246.46 | 0.00 | 83,753.54 |
| MOWERY | RICHARD & SANDRA MOWERY | CLASS 3 | 325,000.00 | 16,464.57 | 0.00 | 308,535.43 |
| MOYER | MAINSTAR-FBO DESIREE MOYER | CLASS 3 | 69,000.00 | 5,711.67 | 0.00 | 63,288.33 |
| MOYERS | MAINSTAR-FBO CAROL MOYERS | CLASS 3 | 100,000.00 | 4,965.27 | 0.00 | 95,034.73 |
| MPO INVESTMENT | MPO INVESTMENT TR | CLASS 5 | 100,000.00 | 29,244.36 | 0.00 | 70,755.64 |
| MRAZ | DENNIS E MRAZ RT | CLASS 3 | 250,000.00 | 39,563.81 | 0.00 | 210,436.19 |
| MROZ | MAINSTAR-FBO SHARON L MROZ T2177399 | CLASS 3 | 52,430.13 | 902.97 | 0.00 | 51,527.16 |
| MSDROTHIRACD | MSDROTHIRACD LLC | CLASS 3 | 50,000.00 | 1,599.27 | 0.00 | 48,400.73 |
| MSDROTHIRAJI | MSDROTHIRAJI LLC | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| MSDROTHIRAL | MSDROTHIRAL LLC | CLASS 3 | 25,000.00 | 1,599.27 | 0.00 | 23,400.73 |
| MSDROTHIRARE | MSDROTHIRARE LLC | CLASS 3 | 33,000.00 | 0.00 | 0.00 | 33,000.00 |
| MT CARMEL BAPTIST | MT CARMEL BAPTIST CHURCH | CLASS 3 | 33,396.04 | 2,744.04 | 0.00 | 30,652.00 |
| MUCKOM | JOSEPH MUCKOM | CLASS 3 | 50,000.00 | 5,124.45 | 0.00 | 44,875.55 |
| MUCKOM | MUCKOM TR DTD 08/08/16 | CLASS 3 | 50,000.00 | 525.00 | 0.00 | 49,475.00 |
| MUDREZOW | JENNIFER MUDREZOW | CLASS 3 | 25,000.00 | 1,331.63 | 0.00 | 23,668.37 |
| MUEHL | ROBERT H & ADAM R MUEHL | CLASS 3 | 100,000.00 | 4,155.53 | 0.00 | 95,844.47 |
| MUELLER | PATRICIA A MUELLER | CLASS 5 | 100,000.00 | 30,666.55 | 0.00 | 69,333.45 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MUENTER | PROV. TR GP-FBO CRAIG MUENTER IRA | CLASS 3 | 75,000.00 | 2,830.21 | 0.00 | 72,169.79 |
| MUFFYS | MUFFYS FRT | CLASS 3 | 50,000.00 | 1,183.33 | 0.00 | 48,816.67 |
| MUKHERJEE | AVIJIT & JASSY R MUKHERJEE | CLASS 3 | 100,000.00 | 5,225.66 | 0.00 | 94,774.34 |
| MULBERRY | PAMELA A MULBERRY | CLASS 3 | 100,000.00 | 1,583.34 | 0.00 | 98,416.66 |
| MULLEN | ADV. IRA SVC-FBO DEBORAH D MULLEN IRA | CLASS 3 | 150,000.00 | 5,133.33 | 0.00 | 144,866.67 |
| MULLEN | ROSEMARY T MULLEN | CLASS 3 | 250,000.00 | 3,090.27 | 0.00 | 246,909.73 |
| MULLIN | SANDRA MULLIN | CLASS 3 | 50,000.00 | 904.18 | 0.00 | 49,095.82 |
| MULLIN | THE MELANIE ANN MULLIN TR | CLASS 3 | 25,000.00 | 1,600.00 | 0.00 | 23,400.00 |
| MULLIN | TIMOTHY P MULLIN | CLASS 3 | 80,000.00 | 1,446.68 | 0.00 | 78,553.32 |
| MULLINS | LAURI K MULLINS | CLASS 5 | 50,000.00 | 10,986.20 | 0.00 | 39,013.80 |
| MULLINS | LIBERTY TR CO-FBO LAURI MULLINS IRA | CLASS 5 | 38,000.00 | 6,586.73 | 0.00 | 31,413.27 |
| MUMMERT | CLAIRE M MUMMERT | CLASS 3 | 50,000.00 | 3,166.67 | 0.00 | 46,833.33 |
| MUMMERT | GERALD E MUMMERT | CLASS 3 | 50,000.00 | 3,166.67 | 0.00 | 46,833.33 |
| MUNK | ELIZABETH K F MUNK | CLASS 3 | 200,000.00 | 12,199.97 | 0.00 | 187,800.03 |
| MUNOZ | GERSON MUNOZ | CLASS 3 | 60,000.00 | 966.67 | 0.00 | 59,033.33 |
| MUNOZ | PROV. TR GP-FBO ALBERT R MUNOZ IRA | CLASS 5 | 125,000.00 | 36,145.84 | 0.00 | 88,854.16 |
| MUNTON | PAMELA MUNTON | CLASS 3 | 70,000.00 | 5,238.33 | 0.00 | 64,761.67 |
| MURAD | ALBERT & ARLINE MURAD | CLASS 3 | 25,000.00 | 1,083.36 | 0.00 | 23,916.64 |
| MURDOCK | PROV. TR GP-FBO ROBERT L MURDOCK IRA | CLASS 3 | 130,000.00 | 2,065.56 | 0.00 | 127,934.44 |
| MURDOCK | ROBERT MURDOCK | CLASS 3 | 100,000.00 | 1,741.66 | 0.00 | 98,258.34 |
| MURILLO | JAKE MURILLO | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| MURPHY | FRANCIS PATRICK & PATRICIA J MURPHY | CLASS 3 | 200,000.00 | 11,883.33 | 0.00 | 188,116.67 |
| MURPHY | JAMES G & ROMA M MURPHY | CLASS 3 | 50,000.00 | 3,140.31 | 0.00 | 46,859.69 |
| MURPHY | JOHN T & JOAN F MURPHY LT | CLASS 3 | 50,000.00 | 9,816.85 | 0.00 | 40,183.15 |
| MURPHY | MAINSTAR-FBO DENNIS MICHAEL MURPHY | CLASS 3 | 339,000.00 | 16,469.75 | 0.00 | 322,530.25 |
| MURPHY | MAINSTAR-FBO KATHI MURPHY | CLASS 3 | 100,000.00 | 4,644.44 | 0.00 | 95,355.56 |
| MURPHY | MICHAEL T MURPHY | CLASS 3 | 200,000.00 | 12,933.33 | 0.00 | 187,066.67 |
| MURPHY | SUNWEST TR JAMES E MURPHY IRA | CLASS 3 | 550,000.00 | 62,364.01 | 0.00 | 487,635.99 |
| MURRAY | BRUCE A & SHERRY K MURRAY | CLASS 3 | 50,000.00 | 2,475.00 | 0.00 | 47,525.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| MURRAY | IVAN J MURRAY | CLASS 3 | 65,000.00 | 3,162.77 | 0.00 | 61,837.23 |
| MURRAY | MAINSTAR-FBO CHRISTOPHER MURRAY | CLASS 3 | 34,000.00 | 3,720.12 | 0.00 | 30,279.88 |
| MURRAY | MAINSTAR-FBO WANZA MURRAY T2178227 | CLASS 3 | 26,852.45 | 143.21 | 0.00 | 26,709.24 |
| MURRAY | MARIA MURRAY | CLASS 3 | 95,000.00 | 9,803.39 | 0.00 | 85,196.61 |
| MURRAY | MARIA R MURRAY SECOND IT C MURRAY TTEE | CLASS 3 | 380,000.00 | 39,786.03 | 0.00 | 340,213.97 |
| MURRAY | PAUL P & NOLA T MURRAY | CLASS 3 | 100,000.00 | 1,065.28 | 0.00 | 98,934.72 |
| MURRAY | PROV. TR GP-FBO NOEL C MURRAY ROTH IRA | CLASS 5 | 53,683.00 | 11,005.02 | 0.00 | 42,677.98 |
| MURRAY | PROV. TR GP-FBO REGINALD C MURRAY IRA | CLASS 3 | 389,000.00 | 14,868.45 | 0.00 | 374,131.55 |
| MURRAY | REGINALD C & NANCY A MURRAY | CLASS 3 | 100,000.00 | 4,133.35 | 0.00 | 95,866.65 |
| MUSUMECI | JOSEPH & ELIZABETH MUSUMECI | CLASS 3 | 50,000.00 | 3,194.39 | 0.00 | 46,805.61 |
| MUTHU | PROV. TR GP-FBO PRIYA MUTHU IRA | CLASS 3 | 25,000.00 | 3,485.42 | 0.00 | 21,514.58 |
| MYERS | CHARLES & PATRICIA MYERS | CLASS 3 | 90,000.00 | 2,802.50 | 0.00 | 87,197.50 |
| MYERS | GARY L & SHIRLEY A MYERS | CLASS 3 | 150,000.00 | 150.00 | 0.00 | 149,850.00 |
| MYERS | IRA SVCS TR CO-CFBO DEBRA G MYERS IRA | CLASS 3 | 325,000.00 | 8,576.41 | 0.00 | 316,423.59 |
| MYERS | IRA SVCS TR CO-CFBO DOUGLAS W MYERS IRA | CLASS 3 | 440,000.00 | 17,025.58 | 0.00 | 422,974.42 |
| MYERS | KAREN LEE MYERS | CLASS 3 | 50,000.00 | 6,104.07 | 0.00 | 43,895.93 |
| MYERS | MAINSTAR-FBO ALVIE E MYERS JR T2176649 | CLASS 3 | 102,784.44 | 1,670.25 | 0.00 | 101,114.19 |
| MYERS | NANCY L MYERS | CLASS 3 | 100,000.00 | 13,633.32 | 0.00 | 86,366.68 |
| MYERS | NELDA F MYERS | CLASS 3 | 100,000.00 | 5,331.91 | 0.00 | 94,668.09 |
| MYERS | PROV. TR GP-FBO CHERYL MYERS IRA | CLASS 5 | 70,000.00 | 9,631.25 | 0.00 | 60,368.75 |
| MYERS | PROV. TR GP-FBO DR CARL O MYERS IRA | CLASS 3 | 93,000.00 | 13,706.16 | 0.00 | 79,293.84 |
| MYERS | R LARRY & BONNIE L MYERS | CLASS 3 | 30,000.00 | 450.00 | 0.00 | 29,550.00 |
| MYRICK | MIDLAND-FBO RONALD MYRICK IRA #7445926 | CLASS 3 | 100,000.00 | 14,102.75 | 0.00 | 85,897.25 |
| MYRICK | THE ANDREW D MYRICK RT 2017 A MYRICK TTEE | CLASS 3 | 250,000.00 | 3,305.57 | 0.00 | 246,694.43 |
| MYRICK | THE RONALD E MYRICK SR RLT DTD 02/12/07 | CLASS 3 | 800,000.00 | 108,174.99 | 0.00 | 691,825.01 |
| NACHSIN | SYLVIA NACHSIN TR 12/24/97 | CLASS 3 | 350,000.00 | 16,362.48 | 0.00 | 333,637.52 |
| NADEY | MARGARET NADEY | CLASS 3 | 50,000.00 | 3,208.38 | 0.00 | 46,791.62 |
| NADZAN | MAINSTAR-FBO ELEANOR M NADZAN T2176206 | CLASS 3 | 131,500.00 | 6,248.07 | 0.00 | 125,251.93 |
| NAGA | KRANTHI KUMARI NAGA | CLASS 3 | 50,000.00 | 1,764.61 | 0.00 | 48,235.39 |

### Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
### Woodbridge Group of Companies, LLC and Its Affliated Debtors
### Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| NAGEL | PROV. TR GP-FBO TERRY NAGEL SEP IRA | CLASS 3 | 44,800.00 | 7,728.46 | 0.00 | 37,071.54 |
| NAGY | CATHERINE L NAGY | CLASS 3 | 50,000.00 | 3,472.17 | 0.00 | 46,527.83 |
| NAI | ALFRED NAI | CLASS 3 | 110,000.00 | 970.00 | 0.00 | 109,030.00 |
| NAIMAN | PROV. TR GP-FBO BERNARD A NAIMAN IRA | CLASS 3 | 300,000.00 | 83,997.23 | 0.00 | 216,002.77 |
| NAJAFI | SUNWEST TR ALI NAJAFI ROTH IRA | CLASS 3 | 57,143.00 | 4,499.99 | 0.00 | 52,643.01 |
| NAKATSUKA | PROV. TR GP-FBO JORDAN NAKATSUKA IRA | CLASS 3 | 367,000.00 | 15,258.03 | 0.00 | 351,741.97 |
| NANAVATY | HEMANT & MAMTA NANAVATY | CLASS 3 | 100,000.00 | 8,125.38 | 0.00 | 91,874.62 |
| NANTISTA | FRANK L & BARBARA A NANTISTA | CLASS 3 | 50,000.00 | 2,490.31 | 0.00 | 47,509.69 |
| NAPPI | FRANK & MARY NAPPI | CLASS 3 | 200,000.00 | 350.00 | 0.00 | 199,650.00 |
| NARKATES | PETER NARKATES | CLASS 3 | 75,000.00 | 7,437.50 | 1,000.00 | 66,562.50 |
| NASH | THE NASH FT DTD 09/15/14 | CLASS 3 | 50,000.00 | 986.10 | 0.00 | 49,013.90 |
| NASHAWATY | JOHN NASHAWATY | CLASS 3 | 50,000.00 | 2,536.15 | 0.00 | 47,463.85 |
| NATALE | JAMES K & GEORGIA A NATALE | CLASS 3 | 170,000.00 | 16,137.14 | 0.00 | 153,862.86 |
| NATE | GAYLEN & PAMALA NATE | CLASS 3 | 25,000.00 | 1,099.97 | 0.00 | 23,900.03 |
| NATIVIDAD | ED NATIVIDAD | CLASS 5 | 100,000.00 | 19,361.03 | 0.00 | 80,638.97 |
| NATIVIDAD | QUEST IRA FBO EDGARDO NATIVIDAD IR1398411 | CLASS 5 | 99,530.00 | 33,370.35 | 0.00 | 66,159.65 |
| NATTRESS | MARIANN NATTRESS | CLASS 3 | 25,000.00 | 9,002.83 | 0.00 | 15,997.17 |
| NATTRESS | MARY NATTRESS | CLASS 3 | 100,000.00 | 17,277.89 | 0.00 | 82,722.11 |
| NAUGHTON | PROV. TR GP-FBO GEORGE NAUGHTON IRA | CLASS 3 | 223,500.00 | 23,884.95 | 0.00 | 199,615.05 |
| NAY | LINDA NAY | CLASS 3 | 25,000.00 | 538.21 | 0.00 | 24,461.79 |
| NEAL | IRA SVCS TR CO-CFBO SUZANNE NEAL IRA | CLASS 3 | 123,000.00 | 10,728.34 | 0.00 | 112,271.66 |
| NEAL | LISA K NEAL | CLASS 3 | 50,000.00 | 1,633.33 | 0.00 | 48,366.67 |
| NEAL | MAINSTAR-FBO ANN M NEAL R2176839 | CLASS 3 | 100,000.00 | 2,736.11 | 0.00 | 97,263.89 |
| NEAL | MAINSTAR-FBO STEVEN A NEAL R2176834 | CLASS 3 | 100,000.00 | 2,736.11 | 0.00 | 97,263.89 |
| NEAL | SUNWEST TR SCOTT NEAL IRA | CLASS 3 | 50,000.00 | 4,826.31 | 0.00 | 45,173.69 |
| NEDBALEK | ROBERT L & ELIZABETH D NEDBALEK | CLASS 5 | 50,000.00 | 2,500.02 | 0.00 | 47,499.98 |
| NEDBALEK | ROBERT L NEDBALEK | CLASS 3 | 40,000.00 | 8,178.68 | 0.00 | 31,821.32 |
| NEEDHAM | AARON NEEDHAM | CLASS 3 | 250,000.00 | 4,025.00 | 0.00 | 245,975.00 |
| NEEDHAM | MAINSTAR-FBO PAUL B NEEDHAM T2178354 | CLASS 3 | 50,000.00 | 236.11 | 0.00 | 49,763.89 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| NEELAKANTIAH | BANGALORE P NEELAKANTIAH | CLASS 3 | 50,000.00 | 6,708.41 | 0.00 | 43,291.59 |
| NEGRONI | ANA NEGRONI | CLASS 3 | 106,847.42 | 9,816.66 | 0.00 | 97,030.76 |
| NEJMAN | GARY R NEJMAN | CLASS 3 | 25,000.00 | 385.43 | 0.00 | 24,614.57 |
| NELSON | CHAD & STACIA NELSON | CLASS 3 | 50,000.00 | 4,319.48 | 0.00 | 45,680.52 |
| NELSON | CHAD NELSON - IN TR FOR BRADEN NELSON | CLASS 3 | 25,000.00 | 3,062.50 | 0.00 | 21,937.50 |
| NELSON | JEFFREY L NELSON | CLASS 3 | 50,000.00 | 2,673.57 | 0.00 | 47,326.43 |
| NELSON | KARL NELSON | CLASS 3 | 150,000.00 | 17,550.07 | 0.00 | 132,449.93 |
| NELSON | MAINSTAR-FBO GREGORY D NELSON | CLASS 3 | 100,000.00 | 5,911.11 | 0.00 | 94,088.89 |
| NELSON | MAINSTAR-FBO MARY ELLEN NELSON R2177888 | CLASS 3 | 31,750.00 | 506.24 | 0.00 | 31,243.76 |
| NELSON | MAINSTAR-FBO TERRY NELSON T2178336 | CLASS 3 | 500,000.00 | 97.22 | 0.00 | 499,902.78 |
| NELSON | MAURICE E & THELMA L NELSON | CLASS 3 | 100,000.00 | 2,934.01 | 0.00 | 97,065.99 |
| NELSON | NELSON FLP | CLASS 5 | 2,375,000.00 | 455,643.48 | 0.00 | 1,919,356.52 |
| NELSON | PROV. TR GP-FBO HARRIET NELSON IRA | CLASS 5 | 75,000.00 | 24,229.09 | 0.00 | 50,770.91 |
| NELSON | PROV. TR GP-FBO THOMAS NELSON IRA | CLASS 5 | 75,000.00 | 24,229.09 | 0.00 | 50,770.91 |
| NELSON | RODGER NELSON | CLASS 3 | 50,000.00 | 902.76 | 0.00 | 49,097.24 |
| NELSON | VALENTINE R & MARC NELSON | CLASS 3 | 200,000.00 | 7,333.32 | 0.00 | 192,666.68 |
| NEMECEK | LOIS J & BARBARA J NEMECEK | CLASS 3 | 50,000.00 | 4,033.36 | 0.00 | 45,966.64 |
| NEMERGUT | JOHN & MARY ANNE NEMERGUT | CLASS 3 | 25,000.00 | 650.00 | 0.00 | 24,350.00 |
| NEPTUNES NET | NEPTUNES NET SEAFOOD INC PENSION PLAN TR | CLASS 3 | 189,000.00 | 2,152.50 | 0.00 | 186,847.50 |
| NERIL | MICHAEL NERIL | CLASS 3 | 300,000.00 | 43,605.19 | 0.00 | 256,394.81 |
| NERO | WILLIAM NERO | CLASS 3 | 50,000.00 | 3,200.00 | 0.00 | 46,800.00 |
| NESAW | FLORENCE & DOUGLAS H NESAW | CLASS 3 | 100,000.00 | 5,908.34 | 2,000.00 | 92,091.66 |
| NESENOFF | BERNARD & ELAINE NESENOFF | CLASS 3 | 50,000.00 | 9,198.05 | 0.00 | 40,801.95 |
| NESTO | WILLIAM NESTO | CLASS 3 | 384,021.85 | 10,807.74 | 0.00 | 373,214.11 |
| NETTO | CARLOS NETTO | CLASS 3 | 25,000.00 | 500.01 | 0.00 | 24,499.99 |
| NEUBAUER | RONALD NEUBAUER | CLASS 3 | 25,000.00 | 2,368.75 | 0.00 | 22,631.25 |
| NEUMANN | DIETER NEUMANN | CLASS 3 | 75,000.00 | 10,122.91 | 0.00 | 64,877.09 |
| NEUMANN | NEUMANN RT | CLASS 3 | 100,000.00 | 13,884.81 | 0.00 | 86,115.19 |
| NEUMANN | PETER L & DOROTHY NEUMANN | CLASS 3 | 25,000.00 | 2,916.67 | 0.00 | 22,083.33 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| NEUROTH | EUGENE L NEUROTH | CLASS 3 | 42,000.00 | 4,341.46 | 125.00 | 37,533.54 |
| NEUROTH | EUGENE L NEUROTH | CLASS 5 | 294,000.00 | 30,390.20 | 875.00 | 262,734.80 |
| NEUROTH | IRA SVCS TR CO-CFBO BRAD E NEUROTH IRA | CLASS 3 | 200,000.00 | 14,703.17 | 0.00 | 185,296.83 |
| NEUROTH | IRA SVCS TR CO-CFBO BRAD E NEUROTH IRA | CLASS 5 | 500,000.00 | 36,757.94 | 0.00 | 463,242.06 |
| NEVADOMSKI | JAMES NEVADOMSKI | CLASS 5 | 100,000.00 | 24,611.01 | 0.00 | 75,388.99 |
| NEW CASTLE REALTORS | THE NEW CASTLE CNTY BOARD OF REALTORS | CLASS 3 | 200,000.00 | 12,632.65 | 2,000.00 | 185,367.35 |
| NEW HOPE COMMUNITY | NEW HOPE COMMUNITY CHURCH | CLASS 3 | 75,000.00 | 6,944.68 | 0.00 | 68,055.32 |
| NEWELL | ELISABETH NEWELL | CLASS 3 | 110,000.00 | 4,455.00 | 0.00 | 105,545.00 |
| NEWELL | TERRY & JO ANN NEWELL | CLASS 3 | 335,000.00 | 0.00 | 0.00 | 335,000.00 |
| NEWLON | MAINSTAR-FBO JOHN NEWLON | CLASS 3 | 39,000.00 | 3,049.58 | 0.00 | 35,950.42 |
| NEWMAN | PROV. TR GP-FBO DONNA L NEWMAN IRA | CLASS 3 | 60,000.00 | 8,728.33 | 0.00 | 51,271.67 |
| NEWMARK | EVELYN & CARL NEWMARK TR | CLASS 3* | 100,000.00 | 6,822.87 | 0.00 | 93,177.13 |
| NEWTON | PROV. TR GP-FBO CHARLES A NEWTON IRA | CLASS 3 | 50,000.00 | 8,441.67 | 0.00 | 41,558.33 |
| NEWTON | PROV. TR GP-FBO DEBRA C NEWTON IRA | CLASS 3 | 25,000.00 | 4,220.83 | 0.00 | 20,779.17 |
| NGO | YEN NGO | CLASS 3 | 50,000.00 | 2,933.99 | 0.00 | 47,066.01 |
| NGUYEN | MAINSTAR-FBO KEN VAN NGUYEN R2177502 | CLASS 3 | 21,032.53 | 560.28 | 0.00 | 20,472.25 |
| NGUYEN | PROV. TR GP-FBO KEITH NGUYEN IRA | CLASS 3 | 210,000.00 | 35,650.06 | 0.00 | 174,349.94 |
| NIBLEY | VALYRIE R NIBLEY FT | CLASS 3 | 25,000.00 | 281.26 | 0.00 | 24,718.74 |
| NICHOLAS | VIRGINIA A NICHOLAS LT | CLASS 3 | 50,000.00 | 694.43 | 0.00 | 49,305.57 |
| NICHOLS | GALEN & SHIRLEY NICHOLS | CLASS 3 | 340,000.00 | 5,751.66 | 0.00 | 334,248.34 |
| NICHOLS | GEORGE E & NANNIE E NICHOLS | CLASS 3 | 25,000.00 | 24.31 | 0.00 | 24,975.69 |
| NICHOLS | JAMES A NICHOLS | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| NICHOLS | JOHN H & ZERALDA A NICHOLS | CLASS 3 | 250,000.00 | 11,998.11 | 0.00 | 238,001.89 |
| NICHOLS | MAINSTAR-FBO JODI NICHOLS | CLASS 3 | 44,500.00 | 2,922.17 | 0.00 | 41,577.83 |
| NICHOLS | MONICA NICHOLS | CLASS 3 | 397,400.00 | 27,232.47 | 0.00 | 370,167.53 |
| NICHOLS/BAILEY | KARL NICHOLS & BETTY ANN BAILEY | CLASS 3 | 100,000.00 | 15,233.33 | 0.00 | 84,766.67 |
| NICKOLS | MAINSTAR-FBO DEE A NICKOLS T2176339 | CLASS 3 | 90,300.00 | 2,382.92 | 0.00 | 87,917.08 |
| NICOLAY | THE HARRIET S NICOLAY SEPARATE PROP TR | CLASS 3 | 146,700.00 | 4,006.33 | 0.00 | 142,693.67 |
| NICOLE | JOYCE & PHIL NICOLE | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| NIEDBALSKI | BENJAMIN J & AARON NIEDBALSKI | CLASS 3 | 100,000.00 | 2,133.33 | 0.00 | 97,866.67 |
| NIELSEN | GLORIA NIELSEN | CLASS 3 | 25,000.00 | 406.26 | 0.00 | 24,593.74 |
| NIELSEN | JUSTIN NIELSEN | CLASS 3 | 25,000.00 | 1,020.81 | 0.00 | 23,979.19 |
| NIELSEN | LAURIE J NIELSEN | CLASS 5 | 400,000.00 | 109,350.03 | 0.00 | 290,649.97 |
| NIELSEN | VELMA NIELSEN | CLASS 3 | 50,000.00 | 944.43 | 0.00 | 49,055.57 |
| NIELSON | MAINSTAR-FBO DANIEL NIELSON | CLASS 3 | 27,582.92 | 3,070.92 | 0.00 | 24,512.00 |
| NIELSON | THE NIELSON FT | CLASS 5 | 50,000.00 | 8,333.40 | 0.00 | 41,666.60 |
| NIETFELD | CLETUS NIETFELD | CLASS 3 | 215,000.00 | 2,203.75 | 0.00 | 212,796.25 |
| NIETFELD | JOSEPH & MERDELLA NIETFELD RLT 07/19/94 | CLASS 3 | 50,000.00 | 388.89 | 0.00 | 49,611.11 |
| NIEVA | DIANA G NIEVA RLT | CLASS 3 | 25,000.00 | 2,316.67 | 0.00 | 22,683.33 |
| NIEVES | MARTA H NIEVES | CLASS 3 | 100,000.00 | 7,200.00 | 0.00 | 92,800.00 |
| NIEVES | MARTA H NIEVES | CLASS 5 | 100,000.00 | 7,200.00 | 0.00 | 92,800.00 |
| NILSEN | JEANNE H NILSEN | CLASS 3 | 125,000.00 | 32,404.21 | 0.00 | 92,595.79 |
| NIMMOW | EDMUND & VIRGINIA NIMMOW | CLASS 3 | 40,000.00 | 3,788.82 | 9,000.00 | 27,211.18 |
| NISHIZU | CLARENCE & HELEN NISHIZU TR DTD 06/01/74 | CLASS 3 | 50,000.00 | 2,663.16 | 0.00 | 47,336.84 |
| NISHIZU-SHIKATA | THE JEAN NISHIZU-SHIKATA TR DTD 05/18/05 | CLASS 3 | 100,000.00 | 3,275.67 | 0.00 | 96,724.33 |
| NITSCH | NORBERT C & WANDA B NITSCH | CLASS 3 | 100,000.00 | 2,516.67 | 0.00 | 97,483.33 |
| NITTMANN | MARY NITTMANN | CLASS 3 | 25,000.00 | 2,191.58 | 0.00 | 22,808.42 |
| NOBLE | CHARLES W & SUSAN M NOBLE | CLASS 3 | 25,000.00 | 2,062.47 | 0.00 | 22,937.53 |
| NOBLES | PROV. TR GP-FBO DONALD P NOBLES IRA | CLASS 3 | 88,400.00 | 12,818.00 | 0.00 | 75,582.00 |
| NOEL | RUBEN W JR & RITA A NOEL | CLASS 3 | 100,000.00 | 1,700.00 | 0.00 | 98,300.00 |
| NOFFSINGER/ROCHA | GARY JOSEPH NOFFSINGER & TAMERA ROCHA | CLASS 3 | 100,000.00 | 233.33 | 0.00 | 99,766.67 |
| NOGA | MICHAEL NOGA | CLASS 3 | 100,000.00 | 5,909.75 | 0.00 | 94,090.25 |
| NOGA | MICHAEL NOGA | CLASS 5 | 100,000.00 | 5,909.75 | 0.00 | 94,090.25 |
| NOLAN | LOGAN & SARRAH NOLAN | CLASS 3 | 40,000.00 | 1,138.91 | 0.00 | 38,861.09 |
| NOLL | MAINSTAR-FBO MARITA J NOLL R2175833 | CLASS 3 | 61,015.00 | 4,000.59 | 0.00 | 57,014.41 |
| NONNENMACHER | JOHN J & JENNIFER NONNENMACHER | CLASS 3 | 50,000.00 | 1,600.74 | 0.00 | 48,399.26 |
| NORDMAN | LINDA V & TIMOTHY NORDMAN | CLASS 3 | 100,000.00 | 3,316.67 | 0.00 | 96,683.33 |
| NORDMAN | PROV. TR GP-FBO LINDA V NORDMAN IRA | CLASS 3 | 139,000.00 | 4,587.00 | 0.00 | 134,413.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| NORDSTROM | MARY LOUISE NORDSTROM RLT UTD 05/09/03 | CLASS 3 | 45,000.00 | 5,947.50 | 0.00 | 39,052.50 |
| NORKEEN | PROV. TR GP-FBO ALICE S NORKEEN IRA | CLASS 3 | 287,039.00 | 43,559.18 | 0.00 | 243,479.82 |
| NORKEEN | PROV. TR GP-FBO ALICE S NORKEEN IRA | CLASS 5 | 154,200.00 | 23,400.40 | 0.00 | 130,799.60 |
| NORMAN | MAINSTAR-FBO DAVID C NORMAN | CLASS 3 | 84,000.00 | 9,520.00 | 0.00 | 74,480.00 |
| NORMAN E. TAPLIN | NORMAN E TAPLIN & ASSOC PA DEF BEN PLAN | CLASS 3 | 25,000.00 | 2,929.17 | 0.00 | 22,070.83 |
| NORMANDIN | PROV. TR GP-FBO SHARON C NORMANDIN IRA | CLASS 3 | 187,500.00 | 29,418.44 | 0.00 | 158,081.56 |
| NORRIS | ALBERT DAVID NORRIS | CLASS 3 | 100,000.00 | 7,088.91 | 0.00 | 92,911.09 |
| NORRIS | MAINSTAR-FBO RICHARD W NORRIS T2175920 | CLASS 3 | 145,900.00 | 10,091.42 | 0.00 | 135,808.58 |
| NORRIS | MAINSTAR-FBO SUZANNE N NORRIS | CLASS 3 | 40,100.00 | 2,472.83 | 0.00 | 37,627.17 |
| NORRIS | RICHARD W & SUZANNE N NORRIS | CLASS 3 | 254,000.00 | 18,235.06 | 0.00 | 235,764.94 |
| NORTHROP | NORTHROP FAMILY IRREV TR | CLASS 3 | 200,000.00 | 3,083.32 | 0.00 | 196,916.68 |
| NORTON | JOHN & TORRIE NORTON | CLASS 3 | 100,000.00 | 1,205.56 | 0.00 | 98,794.44 |
| NORTON | JOHN & TORRIE NORTON | CLASS 5 | 100,000.00 | 1,205.56 | 0.00 | 98,794.44 |
| NORTON | PROV. TR GP-FBO RENEE NORTON IRA | CLASS 3 | 60,000.00 | 3,660.83 | 0.00 | 56,339.17 |
| NOVAK | CONSTANCE ROSE NOVAK | CLASS 3 | 25,000.00 | 1,833.80 | 0.00 | 23,166.20 |
| NOVAK | MICHAEL G NOVAK | CLASS 3 | 65,000.00 | 2,268.13 | 0.00 | 62,731.87 |
| NOVAK | PROV. TR GP-FBO BOBBIE MARLENE NOVAK IRA | CLASS 5 | 275,000.00 | 87,821.54 | 0.00 | 187,178.46 |
| NOWACKI | JOHANNES A NOWACKI | CLASS 3 | 100,000.00 | 3,917.33 | 0.00 | 96,082.67 |
| NOWAK | HORIZON TR CO-FBO KENNETH J NOWAK IRA | CLASS 3 | 235,000.00 | 8,459.17 | 0.00 | 226,540.83 |
| NUFFER | PROV. TR GP-FBO GEORGE NUFFER IRA | CLASS 3 | 177,000.00 | 24,141.08 | 0.00 | 152,858.92 |
| NUFFER | PROV. TR GP-FBO VIRGINIA A NUFFER IRA | CLASS 3 | 73,000.00 | 10,006.72 | 0.00 | 62,993.28 |
| NUGENT | WILLIAM R & KAREN NUGENT | CLASS 3 | 300,000.00 | 29,583.33 | 0.00 | 270,416.67 |
| NUHN | JEFFREY L & WENDIE F PARSONS NUHN | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| NUNEZ | DANIEL NUNEZ | CLASS 3 | 26,388.00 | 236.03 | 0.00 | 26,151.97 |
| NUNEZ | ROGER A & STEPHANIE A NUNEZ | CLASS 3 | 25,000.00 | 1,141.67 | 0.00 | 23,858.33 |
| NUNEZ | THE NUNEZ TR DTD 06/15/96 | CLASS 3 | 30,000.00 | 550.00 | 0.00 | 29,450.00 |
| NUNLEY | JERRY ANN NUNLEY | CLASS 3 | 30,000.00 | 4,660.00 | 0.00 | 25,340.00 |
| NUSE | JUDITH NUSE | CLASS 3 | 25,000.00 | 336.82 | 0.00 | 24,663.18 |
| NUSZER | PHYLLIS J NUSZER | CLASS 3 | 50,000.00 | 4,621.59 | 0.00 | 45,378.41 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| NUYTS | MICHAEL NUYTS | CLASS 3 | 175,000.00 | 31,485.33 | 0.00 | 143,514.67 |
| NUYTS | THE MICHAEL NUYTS RT | CLASS 5 | 100,000.00 | 26,777.67 | 0.00 | 73,222.33 |
| NYE | MAINSTAR-FBO BEN NYE TW004050 | CLASS 3 | 34,185.96 | 684.66 | 0.00 | 33,501.30 |
| OASIS LODGE | OASIS LODGE NO 41 F&AM | CLASS 3 | 30,000.00 | 2,361.67 | 0.00 | 27,638.33 |
| OBENHAUS | DENISE KARLA OBENHAUS | CLASS 3 | 170,000.00 | 1,308.33 | 0.00 | 168,691.67 |
| OBERAITIS | RICHARD OBERAITIS | CLASS 3 | 65,000.00 | 9,480.12 | 0.00 | 55,519.88 |
| OBERG | KAREN W, BRUCE & DAVID W OBERG | CLASS 3 | 25,000.00 | 1,485.10 | 0.00 | 23,514.90 |
| OBERG | MAINSTAR-FBO WAYNE OBERG T2176471 | CLASS 3 | 145,000.00 | 7,401.04 | 0.00 | 137,598.96 |
| O'BRIEN | DAVID H & EUGENA M O'BRIEN | CLASS 3 | 200,000.00 | 33,540.35 | 0.00 | 166,459.65 |
| O'BRIEN | GREGORY JAMES O'BRIEN | CLASS 3 | 30,000.00 | 3,090.00 | 0.00 | 26,910.00 |
| O'BRIEN | MARIE F O'BRIEN | CLASS 3* | 50,000.00 | 573.61 | 1,000.00 | 48,426.39 |
| O'BRIEN | PATRICK W & DENISE L O'BRIEN | CLASS 3 | 450,000.00 | 64,933.33 | 0.00 | 385,066.67 |
| O'BRIEN | PROV. TR GP-FBO JAMES O'BRIEN IRA | CLASS 3 | 63,113.96 | 5,986.69 | 0.00 | 57,127.27 |
| O'BRIEN | SANDRA & JAMES J O'BRIEN | CLASS 3 | 100,000.00 | 7,829.12 | 0.00 | 92,170.88 |
| O'BRIEN | THE MARIE ELIZABETH O'BRIEN TR | CLASS 3 | 550,000.00 | 66,383.27 | 1,000.00 | 482,616.73 |
| OCHS | ALBERT OCHS | CLASS 3 | 80,000.00 | 6,400.00 | 0.00 | 73,600.00 |
| O'CONNELL | ROSEMARY O'CONNELL | CLASS 3 | 25,000.00 | 3,621.64 | 0.00 | 21,378.36 |
| O'CONNOR-CERAVOLO | MAINSTAR-FBO ELIZ O'CONNOR-CERAVOLO | CLASS 3 | 30,000.00 | 2,655.00 | 0.00 | 27,345.00 |
| ODEGARD | DUANE D ODEGARD TR DTD 03/21/02 | CLASS 5 | 950,000.00 | 286,183.25 | 0.00 | 663,816.75 |
| ODEGARD | LOREN M ODEGARD | CLASS 5 | 50,000.00 | 18,180.72 | 0.00 | 31,819.28 |
| ODEGARD | MARY K ODEGARD TR | CLASS 5 | 250,000.00 | 95,999.86 | 0.00 | 154,000.14 |
| ODEGARD | MICHAEL D ODEGARD | CLASS 5 | 50,000.00 | 17,972.37 | 0.00 | 32,027.63 |
| ODEGARD | PROV. TR GP-FBO MICHAEL D ODEGARD IRA | CLASS 5 | 53,000.00 | 17,328.24 | 0.00 | 35,671.76 |
| ODOM | ODOM TR DTD 10/27/15 | CLASS 3 | 38,000.00 | 2,264.12 | 0.00 | 35,735.88 |
| O'DONNELL | O'DONNELL R/A TR | CLASS 5 | 100,000.00 | 9,645.77 | 0.00 | 90,354.23 |
| OGAR | PROV. TR GP-FBO DENNISE OGAR IRA | CLASS 3 | 148,500.00 | 7,270.31 | 0.00 | 141,229.69 |
| OGBURN | SHIRLEY DAVIS OGBURN | CLASS 5 | 50,000.00 | 18,861.27 | 0.00 | 31,138.73 |
| OGBURN | WAYNE B OGBURN | CLASS 5 | 100,000.00 | 32,611.38 | 0.00 | 67,388.62 |
| OGDEN | MAINSTAR-FBO JOLENE OGDEN TW004198 | CLASS 3 | 54,788.13 | 152.19 | 0.00 | 54,635.94 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| OGDEN | MAINSTAR-FBO MARSHALL D OGDEN TW004199 | CLASS 3 | 588,780.92 | 1,635.50 | 0.00 | 587,145.42 |
| OGDEN | MARSHALL D OGDEN | CLASS 3 | 70,936.00 | 933.91 | 0.00 | 70,002.09 |
| OHLER | PROV. TR GP-FBO MILDRED E OHLER IRA | CLASS 3 | 53,177.00 | 3,459.52 | 0.00 | 49,717.48 |
| OHLSSON | JOHN & ALICIA OHLSSON | CLASS 3 | 75,000.00 | 1,830.52 | 0.00 | 73,169.48 |
| OIEN | MAINSTAR-FBO ANDREA L OIEN RW004163 | CLASS 3 | 55,000.00 | 426.90 | 0.00 | 54,573.10 |
| OIEN | MAINSTAR-FBO ANDREA L OIEN RW004163 | CLASS 5 | 50,000.00 | 388.10 | 0.00 | 49,611.90 |
| OLDENBURGH | ROGER OLDENBURGH | CLASS 3 | 50,000.00 | 3,569.39 | 0.00 | 46,430.61 |
| OLDHAM | ALICE OLDHAM | CLASS 3 | 25,000.00 | 762.86 | 0.00 | 24,237.14 |
| OLESEN | GARLAND E OLESEN | CLASS 3 | 25,000.00 | 451.40 | 0.00 | 24,548.60 |
| OLESZEK | GERALD OLESZEK | CLASS 3 | 450,000.00 | 11,916.63 | 0.00 | 438,083.37 |
| OLGUIN | JAMES OLGUIN | CLASS 3 | 30,000.00 | 745.83 | 0.00 | 29,254.17 |
| OLIN | IRENE OLIN TR DTD 02/25/98 | CLASS 3 | 135,000.00 | 11,474.12 | 0.00 | 123,525.88 |
| OLIN | PROV. TR GP-FBO IRENE OLIN IRA | CLASS 3 | 196,131.00 | 17,085.18 | 0.00 | 179,045.82 |
| OLIN | RODERICK S & JUDITH A OLIN | CLASS 3 | 25,000.00 | 991.67 | 0.00 | 24,008.33 |
| OLITO | PROV. TR GP-FBO GARY B OLITO IRA | CLASS 3 | 251,000.00 | 31,113.56 | 0.00 | 219,886.44 |
| OLIVARES | ROBERT T & JEAN A OLIVARES TR | CLASS 3 | 50,000.00 | 2,616.25 | 0.00 | 47,383.75 |
| OLIVER | THE OLIVER FT DTD 07/13/06 | CLASS 3 | 100,000.00 | 1,147.22 | 0.00 | 98,852.78 |
| OLIVERA | PROV. TR GP-FBO RAULIN OLIVERA IRA | CLASS 3 | 50,000.00 | 11,775.00 | 0.00 | 38,225.00 |
| OLIVEROS | CARLOS A OLIVEROS | CLASS 3 | 60,000.00 | 1,125.00 | 0.00 | 58,875.00 |
| OLKER | OLKER FT DONALD & THERESE TTEES 06/11/86 | CLASS 3 | 50,000.00 | 3,083.33 | 0.00 | 46,916.67 |
| OLLIGES | WILLIAM E OLLIGES RT UA 01/04/02 | CLASS 3 | 100,000.00 | 5,974.99 | 0.00 | 94,025.01 |
| OLSEN | DONALD M & LINDA K OLSEN | CLASS 3 | 100,000.00 | 1,739.36 | 0.00 | 98,260.64 |
| OLSEN | ODDBJORG OLSEN | CLASS 3 | 54,618.82 | 3,541.14 | 0.00 | 51,077.68 |
| OLSEN | ROBERT H & LUCENA J OLSEN | CLASS 3 | 200,000.00 | 8,934.31 | 0.00 | 191,065.69 |
| OLSON | AUDREY OLSON | CLASS 3 | 50,000.00 | 7,875.00 | 0.00 | 42,125.00 |
| OLSON | KAREN R & WILFORD O OLSON | CLASS 3 | 50,000.00 | 2,716.67 | 0.00 | 47,283.33 |
| OLSON | LENORE & WILLIAM OLSON | CLASS 3 | 500,000.00 | 82,487.44 | 1,000.00 | 416,512.56 |
| OLSON | LISA OLSON | CLASS 3 | 160,000.00 | 1,533.34 | 0.00 | 158,466.66 |
| O'MALLEY | MARGARET O'MALLEY | CLASS 3 | 40,000.00 | 3,480.00 | 0.00 | 36,520.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| OMAN | PROV. TR GP-FBO MICHAEL OMAN IRA | CLASS 3 | 79,000.00 | 9,401.00 | 0.00 | 69,599.00 |
| O'MELIA | CULLEY O'MELIA TR | CLASS 3 | 33,538.06 | 1,830.59 | 0.00 | 31,707.47 |
| OMG HOLDING | OMG HOLDING LLC | CLASS 3 | 50,000.00 | 1,787.50 | 0.00 | 48,212.50 |
| O'NEAL-POOLE | DEBORAH O'NEAL-POOLE | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| O'NEILL | JOHN J & JOAN E O'NEILL | CLASS 3 | 690,000.00 | 31,005.23 | 0.00 | 658,994.77 |
| ONESKO | MICHAEL & PATRICIA A ONESKO | CLASS 3 | 76,000.00 | 9,061.71 | 0.00 | 66,938.29 |
| ONESKO | PROV. TR GP-FBO DOUG E ONESKO IRA | CLASS 3 | 1,351,076.21 | 200,217.16 | 1,000.00 | 1,149,859.05 |
| ONESKO | PROV. TR GP-FBO KIM M ONESKO IRA | CLASS 3 | 895,000.00 | 108,995.40 | 0.00 | 786,004.60 |
| ONESKO | PROV. TR GP-FBO MICHAEL ONESKO IRA | CLASS 3 | 52,400.00 | 3,314.30 | 0.00 | 49,085.70 |
| ONESKO | PROV. TR GP-FBO PATRICIA A ONESKO IRA | CLASS 3 | 151,000.00 | 9,550.75 | 0.00 | 141,449.25 |
| ONLEY | TIMOTHY ONLEY | CLASS 3 | 30,000.00 | 503.77 | 0.00 | 29,496.23 |
| ONNINK | PATRICIA ONNINK | CLASS 3 | 150,000.00 | 7,131.94 | 0.00 | 142,868.06 |
| ONNINK | PAUL A ONNINK LT DTD 09/26/07 | CLASS 3 | 200,000.00 | 6,019.46 | 666.67 | 193,313.87 |
| ONNINK | PAUL A ONNINK LT DTD 09/26/07 | CLASS 5 | 100,000.00 | 3,009.73 | 333.33 | 96,656.94 |
| OPDENAKER | DAVID OPDENAKER | CLASS 3 | 50,000.00 | 659.71 | 0.00 | 49,340.29 |
| OPIELA | PROV. TR GP-FBO JOAN D OPIELA IRA | CLASS 3 | 223,300.00 | 19,166.58 | 0.00 | 204,133.42 |
| ORCHARD | BRUCE B ORCHARD | CLASS 3 | 42,000.00 | 2,059.17 | 0.00 | 39,940.83 |
| O'REILLY | LEO J & NORMA A O'REILLY | CLASS 3 | 25,000.00 | 430.57 | 0.00 | 24,569.43 |
| ORLINO | ELMO & RECHILDA ORLINO | CLASS 3 | 25,000.00 | 371.86 | 0.00 | 24,628.14 |
| ORMSBY | KEITH & BARBARA ORMSBY | CLASS 3 | 100,000.00 | 758.33 | 0.00 | 99,241.67 |
| O'ROURKE | LINDA O'ROURKE | CLASS 3 | 125,000.00 | 12,159.65 | 0.00 | 112,840.35 |
| ORRICK | ELIZABETH ORRICK | CLASS 3 | 105,000.00 | 9,852.50 | 0.00 | 95,147.50 |
| ORTA | MAINSTAR-FBO ENRIQUE ORTA T2177911 | CLASS 3 | 72,302.13 | 1,122.71 | 0.00 | 71,179.42 |
| ORTENZO | ALFRED J ORTENZO RT | CLASS 5 | 500,000.00 | 37,673.38 | 0.00 | 462,326.62 |
| ORTIZ | ISRAEL & ALBERTA ORTIZ | CLASS 5 | 100,000.00 | 15,930.48 | 0.00 | 84,069.52 |
| ORTIZ | MAINSTAR-FBO FRAIDELIAS ORTIZ T2177326 | CLASS 3 | 103,500.00 | 4,393.63 | 0.00 | 99,106.37 |
| OSAKI | JASON I OSAKI | CLASS 3 | 25,000.00 | 575.00 | 0.00 | 24,425.00 |
| OSBORNE | CRAIG OSBORNE | CLASS 3 | 30,000.00 | 128.33 | 0.00 | 29,871.67 |
| OSBORNE | EDWARD W OSBORNE | CLASS 3 | 100,000.00 | 3,309.68 | 0.00 | 96,690.32 |

### Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
### Woodbridge Group of Companies, LLC and Its Affliated Debtors
### Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| OSHIDAR | JAMIE OSHIDAR | CLASS 3 | 374,964.00 | 49,927.64 | 0.00 | 325,036.36 |
| OSIKA | JAMES E OSIKA | CLASS 3 | 35,000.00 | 880.83 | 0.00 | 34,119.17 |
| OSMUS | DORIS OSMUS TR 1 | CLASS 3 | 80,000.00 | 10,366.69 | 0.00 | 69,633.31 |
| OSMUS | PHIL D OSMUS TR 1 | CLASS 3 | 50,000.00 | 10,358.20 | 0.00 | 39,641.80 |
| OSMUS LAND | OSMUS LAND COMPANY LLC | CLASS 3 | 100,000.00 | 14,683.33 | 0.00 | 85,316.67 |
| OSTENDORFF/COOPER | ROBERT OSTENDORFF JR & SHIRLEY L COOPER | CLASS 3 | 100,000.00 | 1,361.12 | 0.00 | 98,638.88 |
| OSTERBAUER | ALAN OSTERBAUER | CLASS 3 | 350,000.00 | 2,041.67 | 0.00 | 347,958.33 |
| OSTERBAUER | RALPH F OSTERBAUER RT | CLASS 3 | 85,000.00 | 27,826.47 | 0.00 | 57,173.53 |
| OSTERHOLT | JEROME C & PATRICIA M OSTERHOLT | CLASS 3 | 40,000.00 | 3,406.65 | 0.00 | 36,593.35 |
| OSTERHOLT | MARIE T OSTERHOLT | CLASS 3 | 25,000.00 | 3,503.18 | 0.00 | 21,496.82 |
| OSTOYA | PROV. TR GP-FBO SOPHIA M OSTOYA IRA | CLASS 3 | 24,500.00 | 1,708.19 | 0.00 | 22,791.81 |
| O'SULLIVAN | PROV. TR GP-FBO TIMOTHY O'SULLIVAN ROTH | CLASS 3 | 57,000.00 | 8,547.00 | 0.00 | 48,453.00 |
| OTA | MAINSTAR-FBO MAY OTA | CLASS 3 | 27,900.00 | 1,376.79 | 0.00 | 26,523.21 |
| OTOLSKI | SUSAN OTOLSKI | CLASS 3 | 98,484.86 | 1,983.36 | 0.00 | 96,501.50 |
| O'TOOLE | JEAN O'TOOLE | CLASS 3 | 100,000.00 | 15,167.75 | 0.00 | 84,832.25 |
| O'TOOLE | JEAN O'TOOLE | CLASS 5 | 60,000.00 | 9,100.65 | 0.00 | 50,899.35 |
| OTT | IRA SVCS TR CO-CFBO ROBERT P OTT IRA | CLASS 3 | 39,000.00 | 1,508.00 | 0.00 | 37,492.00 |
| OTT | PROV. TR GP-FBO BARRY C OTT IRA | CLASS 5 | 200,000.00 | 32,333.33 | 0.00 | 167,666.67 |
| OTTAVIANO | OTTAVIANO LT DTD 05/16/13 | CLASS 3 | 150,000.00 | 12,625.00 | 0.00 | 137,375.00 |
| OTTERNESS | PROV. TR GP-FBO CARL A OTTERNESS IRA | CLASS 3 | 236,000.00 | 22,498.66 | 0.00 | 213,501.34 |
| OUELLETTE | DAVID P & CERICE M OUELLETTE | CLASS 3 | 125,000.00 | 3,568.05 | 0.00 | 121,431.95 |
| OURN | SARIM OURN | CLASS 3 | 25,000.00 | 83.33 | 0.00 | 24,916.67 |
| OWDEH | ORLAGH & MUHEEB OWDEH | CLASS 3 | 50,000.00 | 1,541.67 | 0.00 | 48,458.33 |
| OWEN | ROGER OWEN | CLASS 3 | 100,000.00 | 2,480.56 | 0.00 | 97,519.44 |
| OWEN | WILLIAM BRYAN OWEN | CLASS 3 | 25,000.00 | 322.93 | 0.00 | 24,677.07 |
| OWEN/TIBBETS | PHYLLIS OWEN & DANIEL C TIBBETS | CLASS 3 | 40,000.00 | 683.35 | 0.00 | 39,316.65 |
| OXLEY | MAINSTAR-FBO BRUCE OXLEY | CLASS 3 | 79,000.00 | 5,178.89 | 0.00 | 73,821.11 |
| OYLER | MEL OYLER | CLASS 3 | 25,000.00 | 962.50 | 0.00 | 24,037.50 |
| OZERSKY | MAINSTAR-FBO ALLAN OZERSKY T2175217 | CLASS 3 | 305,000.00 | 10,774.77 | 0.00 | 294,225.23 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| OZERSKY | MYRA OZERSKY | CLASS 3 | 70,000.00 | 5,076.47 | 0.00 | 64,923.53 |
| OZINGA | JOAN & ROGER L OZINGA | CLASS 3 | 25,000.00 | 3,227.44 | 0.00 | 21,772.56 |
| OZINGA | JOAN & ROGER L OZINGA | CLASS 5 | 100,000.00 | 12,909.77 | 0.00 | 87,090.23 |
| PACAK | PACAK FT 11/22/03 VOJTECH & E PACAK TTEE | CLASS 3 | 52,000.00 | 14,574.63 | 0.00 | 37,425.37 |
| PACAK | PACAK FT 11/22/03 VOJTECH & E PACAK TTEE | CLASS 3* | 50,000.00 | 7,045.15 | 0.00 | 42,954.85 |
| PACAK | PACAK FT 11/22/03 VOJTECH & E PACAK TTEE | CLASS 5 | 50,000.00 | 14,014.07 | 0.00 | 35,985.93 |
| PACHECO | MAINSTAR-FBO EDWARD PACHECO RW003751 | CLASS 3 | 41,000.00 | 1,081.94 | 0.00 | 39,918.06 |
| PACHECO | MARY N & EDWARD PACHECO | CLASS 3 | 32,000.00 | 1,525.37 | 0.00 | 30,474.63 |
| PACKER | SALLY & MARVIN PACKER LT APRIL 2007 | CLASS 3 | 50,000.00 | 8,047.85 | 0.00 | 41,952.15 |
| PACLEBAR | PROV. TR GP-FBO JOSEPH J PACLEBAR IRA | CLASS 5 | 300,000.00 | 63,055.56 | 0.00 | 236,944.44 |
| PACLEBAR | PROV. TR GP-FBO SUSANNE M PACLEBAR IRA | CLASS 5 | 300,000.00 | 63,055.56 | 0.00 | 236,944.44 |
| PACOLT | MARGARET A PACOLT | CLASS 3 | 25,000.00 | 1,250.04 | 0.00 | 23,749.96 |
| PADALECKI | JOYCE F PADALECKI | CLASS 5 | 150,000.00 | 16,250.00 | 0.00 | 133,750.00 |
| PADDOCK | KEN PADDOCK FT DATE 2001 | CLASS 3 | 35,000.00 | 707.79 | 0.00 | 34,292.21 |
| PADILLA | MAINSTAR-FBO GEORGE PADILLA T2175160 | CLASS 3 | 250,000.00 | 19,270.85 | 0.00 | 230,729.15 |
| PAGE-PRUDENTE | MAINSTAR-FBO J PAGE-PRUDENTE T2177937 | CLASS 3 | 41,000.00 | 512.50 | 0.00 | 40,487.50 |
| PAGOR | MAINSTAR-FBO RAYMOND J PAGOR T2176142 | CLASS 3 | 80,000.00 | 4,586.67 | 0.00 | 75,413.33 |
| PAJEVSKI | MAINSTAR-FBO MARTHA M PAJEVSKI | CLASS 3 | 94,000.00 | 4,446.72 | 0.00 | 89,553.28 |
| PAK | BYONG & SONY PAK | CLASS 3 | 50,000.00 | 6,652.04 | 0.00 | 43,347.96 |
| PAK | MAINSTAR-FBO BYONG PAK SW003367 | CLASS 3 | 160,000.00 | 10,713.31 | 0.00 | 149,286.69 |
| PALMER | BERTHA J PALMER | CLASS 3 | 75,000.00 | 9,591.60 | 0.00 | 65,408.40 |
| PALMER | CHARLES J PALMER | CLASS 3 | 46,000.00 | 9,828.90 | 0.00 | 36,171.10 |
| PALMER | PROV. TR GP-FBO CHARLES J PALMER IRA | CLASS 3 | 11,000.00 | 2,715.04 | 0.00 | 8,284.96 |
| PALMER | QUINTON PALMER | CLASS 3 | 50,000.00 | 1,888.87 | 0.00 | 48,111.13 |
| PALMINTERI | JOSEPH PALMINTERI | CLASS 3 | 25,000.00 | 2,668.69 | 0.00 | 22,331.31 |
| PALSHA | MAINSTAR-FBO AGNARDA D PALSHA T2176022 | CLASS 3 | 72,917.28 | 3,483.82 | 0.00 | 69,433.46 |
| PALSHA | MAINSTAR-FBO JOHN PALSHA T2176902 | CLASS 3 | 66,459.45 | 2,012.24 | 0.00 | 64,447.21 |
| PALTZER | JAMES A & HELEN L PALTZER | CLASS 3 | 400,000.00 | 11,208.33 | 0.00 | 388,791.67 |
| PANCARO | PROV. TR GP-FBO DEBRA L PANCARO IRA | CLASS 3 | 212,446.00 | 23,283.49 | 1,000.00 | 188,162.51 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PANCIS | JEFFREY PANCIS | CLASS 3 | 345,000.00 | 5,970.42 | 0.00 | 339,029.58 |
| PANKONIEN | KENNETH N PANKONIEN | CLASS 3 | 50,000.00 | 8,800.00 | 0.00 | 41,200.00 |
| PANORAMA VILLAGE | PANORAMA VILLAGE OF HEMET INC | CLASS 3 | 200,000.00 | 9,066.65 | 0.00 | 190,933.35 |
| PAPINI | EARL R PAPINI | CLASS 3 | 95,000.00 | 5,121.40 | 0.00 | 89,878.60 |
| PAQUIN | ROBERT M PAQUIN | CLASS 3 | 25,000.00 | 225.34 | 0.00 | 24,774.66 |
| PARADAY | ROGER K & ANITA M PARADAY | CLASS 3 | 50,000.00 | 1,091.67 | 0.00 | 48,908.33 |
| PARENT | DORIS R PARENT | CLASS 3 | 92,044.35 | 8,161.34 | 0.00 | 83,883.01 |
| PARENT | IRA SVCS TR CO-CFBO CHARMAINE PARENT | CLASS 3 | 29,000.00 | 2,692.17 | 0.00 | 26,307.83 |
| PARETS | EUGENE & ELEANOR PARETS LT DTD 12/12/91 | CLASS 3 | 25,000.00 | 931.92 | 0.00 | 24,068.08 |
| PARGAS | PROV. TR GP-FBO MARYANN PARGAS ICA | CLASS 3 | 223,000.00 | 30,228.89 | 0.00 | 192,771.11 |
| PARKER | BRUCE & GLORIA PARKER | CLASS 3 | 125,000.00 | 6,708.33 | 0.00 | 118,291.67 |
| PARKER | DOUG & EMMA PARKER | CLASS 3 | 21,200.00 | 2,696.47 | 0.00 | 18,503.53 |
| PARKER | ELLEN PARKER | CLASS 3 | 215,000.00 | 20,574.23 | 0.00 | 194,425.77 |
| PARKER | JAY GORDON & MARJORIE A PARKER | CLASS 3 | 300,000.00 | 24,256.96 | 0.00 | 275,743.04 |
| PARKER | JERRY L & MARY M PARKER | CLASS 5 | 150,000.00 | 25,819.45 | 0.00 | 124,180.55 |
| PARKER | MAINSTAR-FBO JACKIE D PARKER | CLASS 3 | 200,000.00 | 9,266.67 | 0.00 | 190,733.33 |
| PARKER | PARKER FT DTD 04/11/08 | CLASS 3 | 140,000.00 | 16,002.69 | 0.00 | 123,997.31 |
| PARKER | PHYLLIS A PARKER | CLASS 3 | 25,000.00 | 1,287.50 | 0.00 | 23,712.50 |
| PARKER | PROV. TR GP-FBO DOUGLAS PARKER IRA | CLASS 5 | 162,000.00 | 38,700.00 | 0.00 | 123,300.00 |
| PARKER | PROV. TR GP-FBO ROBYN R PARKER IRA | CLASS 3 | 87,000.00 | 3,277.00 | 0.00 | 83,723.00 |
| PARKINS | PROV. TR GP-FBO DOUGLAS W PARKINS IRA | CLASS 3 | 74,750.00 | 1,523.19 | 0.00 | 73,226.81 |
| PARKS | ANDREW J & MICHELLE E PARKS | CLASS 3 | 225,000.00 | 0.00 | 0.00 | 225,000.00 |
| PARKS | PROV. TR GP-FBO GREGORY T PARKS IRA | CLASS 3 | 54,000.00 | 3,591.00 | 0.00 | 50,409.00 |
| PARKS | WILLIAM & LINDA PARKS | CLASS 3 | 50,000.00 | 9,659.52 | 0.00 | 40,340.48 |
| PARMANTIER | LINDA S PARMANTIER | CLASS 3 | 100,000.00 | 6,611.16 | 0.00 | 93,388.84 |
| PARR | ERWIN S & KAREN P PARR | CLASS 3 | 60,000.00 | 4,400.00 | 0.00 | 55,600.00 |
| PARRINO | MAINSTAR-FBO SUSAN PARRINO T2177717 | CLASS 3 | 49,500.00 | 1,058.75 | 0.00 | 48,441.25 |
| PARRIS | THE PARRIS TR | CLASS 3 | 105,000.00 | 2,070.83 | 0.00 | 102,929.17 |
| PARROTT | PROV. TR GP-FBO DONALD PARROTT JR IRA | CLASS 3 | 155,000.00 | 21,318.74 | 1,000.00 | 132,681.26 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PARROTT | STANLEY & SOPHIA PARROTT | CLASS 3 | 75,000.00 | 3,805.19 | 0.00 | 71,194.81 |
| PARSLEY | BONNIE M PARSLEY | CLASS 3 | 50,000.00 | 1,764.61 | 0.00 | 48,235.39 |
| PARSONS | MAINSTAR-FBO JOHN PARSONS | CLASS 3 | 100,000.00 | 5,344.44 | 0.00 | 94,655.56 |
| PARSONS | RICHARD & MARCIA PARSONS JLT DTD 03/18/98 | CLASS 3 | 25,000.00 | 1,584.69 | 0.00 | 23,415.31 |
| PARTIN | PROV. TR GP-FBO ERIC J PARTIN IRA | CLASS 3 | 25,000.00 | 3,663.19 | 0.00 | 21,336.81 |
| PARULAN | CARLOS G PARULAN | CLASS 3 | 50,000.00 | 4,763.93 | 0.00 | 45,236.07 |
| PARVIN | STEVEN PARVIN | CLASS 3 | 30,000.00 | 580.00 | 0.00 | 29,420.00 |
| PASSIGLIA | CHRISTINE PASSIGLIA | CLASS 3 | 250,000.00 | 2,055.54 | 0.00 | 247,944.46 |
| PASSUT | IRA SVCS TR CO-CFBO BARBARA A PASSUT IRA | CLASS 3 | 100,000.00 | 16,391.69 | 0.00 | 83,608.31 |
| PASSUT | ROBERT C PASSUT | CLASS 3 | 40,000.00 | 5,427.88 | 0.00 | 34,572.12 |
| PASTER | KIMBERLY & BRADLEY PASTER | CLASS 5 | 300,000.00 | 33,666.67 | 0.00 | 266,333.33 |
| PASWATER | JAMES P PASWATER | CLASS 3 | 100,000.00 | 10,138.85 | 0.00 | 89,861.15 |
| PATE | CLAUDINE L PATE | CLASS 3 | 450,000.00 | 67,444.48 | 13,212.02 | 369,343.50 |
| PATE | DEAN R PATE | CLASS 3 | 275,000.00 | 7,104.17 | 0.00 | 267,895.83 |
| PATE | LOLITA M PATE | CLASS 3 | 15,000.00 | 815.00 | 0.00 | 14,185.00 |
| PATE | MAINSTAR-FBO LOLITA M PATE T2176233 | CLASS 3 | 42,000.00 | 3,227.14 | 0.00 | 38,772.86 |
| PATE | MAINSTAR-FBO LOLITA M PATE T2176233 | CLASS 5 | 100,000.00 | 7,683.67 | 0.00 | 92,316.33 |
| PATEL | C R PATEL | CLASS 3 | 25,000.00 | 1,465.32 | 0.00 | 23,534.68 |
| PATEL | CHINTAN & RUPAL PATEL | CLASS 3 | 25,000.00 | 506.96 | 0.00 | 24,493.04 |
| PATEL | INDRA & BHARATI PATEL | CLASS 3 | 400,000.00 | 59,898.29 | 0.00 | 340,101.71 |
| PATEL | INDRA PATEL | CLASS 3 | 50,000.00 | 4,080.51 | 0.00 | 45,919.49 |
| PATEL | JAYANTI M & SHOBHANA J PATEL | CLASS 5 | 100,000.00 | 29,858.23 | 0.00 | 70,141.77 |
| PATEL | MAHENDRA & NIRMALA PATEL | CLASS 3 | 125,000.00 | 9,315.26 | 0.00 | 115,684.74 |
| PATEL | MAHENDRA & NIRMALA PATEL | CLASS 5 | 125,000.00 | 9,315.26 | 0.00 | 115,684.74 |
| PATEL | MAINSTAR-FBO C R PATEL T2177656 | CLASS 3 | 100,000.00 | 1,947.92 | 0.00 | 98,052.08 |
| PATEL | MAINSTAR-FBO VIKRAM PATEL TW003472 | CLASS 3 | 86,000.00 | 6,612.68 | 0.00 | 79,387.32 |
| PATEL | MAINSTAR-FBO VIKRAM PATEL TW003472 | CLASS 5 | 650,000.00 | 49,979.58 | 0.00 | 600,020.42 |
| PATEL | PROV. TR GP-FBO BHARATI PATEL IRA | CLASS 3 | 93,000.00 | 15,658.86 | 0.00 | 77,341.14 |
| PATEL | PROV. TR GP-FBO INDRA PATEL IRA | CLASS 3 | 40,000.00 | 6,453.33 | 0.00 | 33,546.67 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PATEL | SHIVAM PATEL | CLASS 3 | 336,000.00 | 34,553.34 | 0.00 | 301,446.66 |
| PATEL | SUDHAKER & JYOTIKA PATEL | CLASS 3 | 150,000.00 | 2,799.94 | 0.00 | 147,200.06 |
| PATEL | VIKRAM PATEL | CLASS 3 | 300,000.00 | 38,359.04 | 0.00 | 261,640.96 |
| PATEL | VIKRAM PATEL | CLASS 5 | 900,000.00 | 115,077.11 | 0.00 | 784,922.89 |
| PATON | RICHARD & LINDA PATON | CLASS 3 | 30,000.00 | 3,400.00 | 0.00 | 26,600.00 |
| PATRIZIO | ANDREW J PATRIZIO SR | CLASS 3 | 33,000.00 | 1,960.29 | 0.00 | 31,039.71 |
| PATRY | MAINSTAR-FBO ELENA PATRY T2178292 | CLASS 3 | 107,000.00 | 856.00 | 0.00 | 106,144.00 |
| PATRY | MAINSTAR-FBO WILLIAM PATRY T2178291 | CLASS 3 | 60,000.00 | 520.00 | 0.00 | 59,480.00 |
| PATRY | WILLIAM & ELENA PATRY JRT DTD 08/19/09 | CLASS 3 | 230,000.00 | 2,261.67 | 0.00 | 227,738.33 |
| PATTEN | DENNIS C & KATHRYN M PATTEN | CLASS 3 | 250,000.00 | 35,360.58 | 0.00 | 214,639.42 |
| PATTERSON | ILENE G PATTERSON | CLASS 3 | 25,000.00 | 1,640.21 | 0.00 | 23,359.79 |
| PATTERSON | LARRY & JANICE PATTERSON LT | CLASS 3 | 25,000.00 | 2,099.95 | 0.00 | 22,900.05 |
| PATTON | CLIFFORD & BETTY PATTON | CLASS 3 | 25,000.00 | 1,936.12 | 0.00 | 23,063.88 |
| PATTON | THOMAS D & LINDA E PATTON | CLASS 3 | 70,000.00 | 2,338.68 | 0.00 | 67,661.32 |
| PAUL | PAUL, JOHN F RLT | CLASS 3 | 35,000.00 | 4,263.54 | 0.00 | 30,736.46 |
| PAUL | PROV. TR GP-FBO MICHAEL K PAUL IRA | CLASS 5 | 400,000.00 | 77,611.11 | 0.00 | 322,388.89 |
| PAUL | ROLF H G & ANITA M PAUL | CLASS 3 | 50,000.00 | 283.33 | 0.00 | 49,716.67 |
| PAVLICK | MAINSTAR-FBO CAROL PAVLICK T2176621 | CLASS 3 | 100,000.00 | 1,650.00 | 0.00 | 98,350.00 |
| PAVLOVSKY | VLADIMIR P & JANA PAVLOVSKY | CLASS 3 | 50,000.00 | 15,761.58 | 0.00 | 34,238.42 |
| PAYLO | MAINSTAR-FBO FRANCES PAYLO | CLASS 3 | 88,250.00 | 4,044.79 | 0.00 | 84,205.21 |
| PAYMER | GAIL P PAYMER RT DTD 02/23/01 | CLASS 3 | 85,000.00 | 10,781.28 | 0.00 | 74,218.72 |
| PAYNE | BARBARA O PAYNE | CLASS 3 | 95,000.00 | 7,175.63 | 0.00 | 87,824.37 |
| PAYNE | JOAN M PAYNE | CLASS 3 | 20,000.00 | 0.00 | 0.00 | 20,000.00 |
| PAYNE | THE KAREN JOY PAYNE LT DTD 12/28/06 | CLASS 3 | 50,000.00 | 909.71 | 0.00 | 49,090.29 |
| PAYTON | MAINSTAR-FBO MICHAEL C PAYTON TW003177 | CLASS 3 | 109,538.00 | 9,506.99 | 0.00 | 100,031.01 |
| PAZOUREK | MAINSTAR-FBO ANITA G PAZOUREK | CLASS 3 | 60,000.00 | 2,566.67 | 0.00 | 57,433.33 |
| PEACE | JAMES PEACE | CLASS 3 | 90,000.00 | 5,111.18 | 0.00 | 84,888.82 |
| PEACE | JAMES PEACE | CLASS 5 | 100,000.00 | 5,679.08 | 0.00 | 94,320.92 |
| PEACH | MAINSTAR-FBO ELAINE R PEACH BT175837 | CLASS 3 | 199,880.00 | 12,020.59 | 0.00 | 187,859.41 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PEACHEY | PROV. TR GP-FBO NORMAN R PEACHEY IRA | CLASS 5 | 100,000.00 | 6,911.11 | 0.00 | 93,088.89 |
| PEARCE | PROV. TR GP-FBO SHARON L PEARCE IRA | CLASS 3 | 30,000.00 | 503.75 | 0.00 | 29,496.25 |
| PEARSALL | CRAIG K PEARSALL | CLASS 3 | 225,000.00 | 20,281.25 | 0.00 | 204,718.75 |
| PEARSALL | PROV. TR GP-FBO CRAIG K PEARSALL IRA | CLASS 3 | 220,000.00 | 21,236.11 | 0.00 | 198,763.89 |
| PEARSON | LINDA M PEARSON | CLASS 3 | 170,000.00 | 46,355.81 | 0.00 | 123,644.19 |
| PEARSON | PROV. TR GP-FBO SANDRA M PEARSON IRA | CLASS 3 | 45,000.00 | 90.00 | 0.00 | 44,910.00 |
| PEASE | WILLIAM JR & JOYCE L PEASE | CLASS 3 | 25,000.00 | 4,805.53 | 0.00 | 20,194.47 |
| PEAVEY | MAINSTAR-FBO ABIGAIL PEAVEY T2177150 | CLASS 3 | 38,000.00 | 1,095.67 | 0.00 | 36,904.33 |
| PEAVEY | MAINSTAR-FBO WILLIAM PEAVEY T2177057 | CLASS 3 | 70,000.00 | 2,578.33 | 0.00 | 67,421.67 |
| PECK | GLORIA PECK | CLASS 3 | 60,000.00 | 4,270.00 | 0.00 | 55,730.00 |
| PECK-ZIRPOLO | SUSAN PECK-ZIRPOLO | CLASS 3 | 730,000.00 | 124,875.00 | 0.00 | 605,125.00 |
| PECO | VAL & TAMARA PECO | CLASS 3 | 150,000.00 | 4,456.27 | 0.00 | 145,543.73 |
| PECO | VAL PECO | CLASS 3 | 25,000.00 | 1,963.59 | 0.00 | 23,036.41 |
| PEDLER | JAMES S PEDLER | CLASS 3 | 25,000.00 | 114.59 | 0.00 | 24,885.41 |
| PEDRIN | SUZANNE A PEDRIN | CLASS 3 | 100,000.00 | 7,425.31 | 2,000.00 | 90,574.69 |
| PEICHEL | GILBERT & CHARLENE PEICHEL | CLASS 3 | 25,000.00 | 916.64 | 0.00 | 24,083.36 |
| PEICHEL | MAINSTAR-FBO GILBERT PEICHEL T2176648 | CLASS 3 | 116,000.00 | 3,786.11 | 0.00 | 112,213.89 |
| PEIFER | MAINSTAR-FBO DAVID M PEIFER SR | CLASS 3 | 61,700.00 | 4,490.39 | 0.00 | 57,209.61 |
| PEIGLER | IRENE A PEIGLER | CLASS 3 | 60,000.00 | 6,565.58 | 0.00 | 53,434.42 |
| PELL | MAINSTAR-FBO PENELOPE PELL TW004124 | CLASS 3 | 300,000.00 | 3,033.33 | 0.00 | 296,966.67 |
| PELTON | SHARON S PELTON | CLASS 3 | 166,476.68 | 27,212.97 | 0.00 | 139,263.71 |
| PELTON | TERRANCE LEE PELTON | CLASS 3 | 100,000.00 | 3,618.07 | 0.00 | 96,381.93 |
| PELTZ-PETOW | LILIAN PELTZ-PETOW | CLASS 3 | 25,000.00 | 2,066.71 | 0.00 | 22,933.29 |
| PELTZ-PETOW | PROV. TR GP-FBO LILIAN PELTZ-PETOW IRA | CLASS 3 | 25,215.00 | 710.78 | 0.00 | 24,504.22 |
| PELZ | KEVIN J PELZ | CLASS 3 | 43,000.00 | 38,197.71 | 0.00 | 4,802.29 |
| PELZ | PROV. TR GP-FBO STEVEN C PELZ IRA | CLASS 3 | 120,000.00 | 18,783.33 | 0.00 | 101,216.67 |
| PELZ | STEVEN PELZ | CLASS 3 | 275,000.00 | 56,502.02 | 0.00 | 218,497.98 |
| PELZMAN | EDNA M PELZMAN | CLASS 3 | 100,000.00 | 19,883.41 | 3,523.49 | 76,593.10 |
| PEMBERTON | PATRICIA PEMBERTON | CLASS 3 | 50,000.00 | 3,933.33 | 0.00 | 46,066.67 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PENCA | WILLIAM & NANCY PENCA | CLASS 3 | 25,000.00 | 1,361.35 | 0.00 | 23,638.65 |
| PENDAGAST | PROV. TR GP-FBO DONALD PENDAGAST IRA | CLASS 3 | 146,015.00 | 37,022.71 | 0.00 | 108,992.29 |
| PENDAGAST | PROV. TR GP-FBO DONALD PENDAGAST IRA | CLASS 5 | 100,000.00 | 25,355.42 | 0.00 | 74,644.58 |
| PENICK | DAVID L & MARGARET H PENICK | CLASS 3 | 100,000.00 | 23,237.93 | 0.00 | 76,762.07 |
| PENNINGTON | BOBBY PENNINGTON | CLASS 3 | 50,000.00 | 9,233.24 | 0.00 | 40,766.76 |
| PEPER | DARRELL E & SUSAN E PEPER | CLASS 3 | 200,000.00 | 24,366.67 | 0.00 | 175,633.33 |
| PEPPER | PROV. TR GP-FBO JOAN PEPPER IRA | CLASS 3 | 25,500.00 | 1,455.63 | 0.00 | 24,044.37 |
| PEPPERS | LEILA S & JEFFREY A PEPPERS | CLASS 3 | 25,000.00 | 737.80 | 0.00 | 24,262.20 |
| PERAGINE | SALVATORE PERAGINE | CLASS 3 | 50,000.00 | 104.17 | 0.00 | 49,895.83 |
| PERAGO | PROV. TR GP-FBO LARRY G PERAGO IRA | CLASS 3 | 83,000.00 | 9,550.14 | 0.00 | 73,449.86 |
| PEREA | PEREA LT DTD 10/11/94 | CLASS 3 | 100,000.00 | 6,786.07 | 0.00 | 93,213.93 |
| PEREIRA | ROBIN & NINA U PEREIRA | CLASS 3 | 200,000.00 | 5,722.22 | 0.00 | 194,277.78 |
| PERELLA | ANNE L PERELLA | CLASS 3 | 166,590.00 | 37,046.04 | 0.00 | 129,543.96 |
| PERELLA | PROV. TR GP-FBO ANNE L PERELLA INH IRA | CLASS 5 | 89,000.00 | 20,123.89 | 0.00 | 68,876.11 |
| PERELLA | PROV. TR GP-FBO ANNE L PERELLA IRA | CLASS 5 | 50,000.00 | 4,902.78 | 0.00 | 45,097.22 |
| PERERA | PROV. TR GP-FBO SWARNA PERERA IRA | CLASS 3 | 600,000.00 | 0.00 | 0.00 | 600,000.00 |
| PEREZ | IRA SVCS TR CO-CFBO CHRISTINE PEREZ ROTH | CLASS 3 | 25,000.00 | 1,385.42 | 0.00 | 23,614.58 |
| PEREZ | IRA SVCS TR CO-CFBO WILLIAM J PEREZ IRA | CLASS 3 | 50,000.00 | 2,770.83 | 0.00 | 47,229.17 |
| PEREZ-LIZANO | SUDY PEREZ-LIZANO | CLASS 3 | 40,000.00 | 1,634.89 | 0.00 | 38,365.11 |
| PERFETTI | PROV. TR GP-FBO THOMAS J PERFETTI IRA | CLASS 5 | 50,000.00 | 19,716.24 | 0.00 | 30,283.76 |
| PERFETTO | JOSEPH PERFETTO | CLASS 3 | 100,000.00 | 2,233.33 | 0.00 | 97,766.67 |
| PERKINS | SUSAN B & EDWIN H PERKINS | CLASS 3 | 100,000.00 | 13,416.67 | 0.00 | 86,583.33 |
| PERKO | COLLEEN M PERKO | CLASS 3 | 100,000.00 | 4,988.89 | 0.00 | 95,011.11 |
| PERKO | MARGARET L PERKO LT DTD 02/09/98 | CLASS 3 | 200,000.00 | 15,160.27 | 0.00 | 184,839.73 |
| PERLIN | PHYLLIS F PERLIN RT | CLASS 3 | 120,000.00 | 22,783.93 | 0.00 | 97,216.07 |
| PERLIN | PHYLLIS F PERLIN RT | CLASS 5 | 100,000.00 | 18,986.60 | 0.00 | 81,013.40 |
| PERLIN | THE LEON H PERLIN RTA DTD 12/12/06 | CLASS 3 | 261,558.00 | 92,812.93 | 0.00 | 168,745.07 |
| PERLIN | THE LEON H PERLIN RTA DTD 12/12/06 | CLASS 5 | 50,000.00 | 17,742.32 | 0.00 | 32,257.68 |
| PERNICK | MAINSTAR-FBO WARREN JAY PERNICK | CLASS 3 | 65,000.00 | 3,661.67 | 0.00 | 61,338.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PERRAS | SARAH F PERRAS | CLASS 3 | 25,000.00 | 1,566.02 | 0.00 | 23,433.98 |
| PERRETTA | ELEANOR PERRETTA | CLASS 3 | 75,000.00 | 10,023.66 | 0.00 | 64,976.34 |
| PERRONE | NICOLA PERRONE | CLASS 3 | 50,000.00 | 1,441.67 | 0.00 | 48,558.33 |
| PERRY | DOROTHY PERRY | CLASS 3 | 132,923.00 | 1,550.78 | 0.00 | 131,372.22 |
| PERRY | LEROY PERRY | CLASS 3 | 200,000.00 | 6,884.76 | 0.00 | 193,115.24 |
| PERRY | MAINSTAR-FBO LINDA D PERRY T2177544 | CLASS 3 | 25,500.00 | 461.13 | 0.00 | 25,038.87 |
| PERRY | MAINSTAR-FBO SAMUEL A PERRY SR T2177545 | CLASS 3 | 25,500.00 | 461.13 | 0.00 | 25,038.87 |
| PERRY | PHILIP J & MARY C PERRY | CLASS 3 | 50,000.00 | 188.43 | 0.00 | 49,811.57 |
| PERRY | RALPH R & ANN S PERRY | CLASS 3 | 100,000.00 | 5,561.14 | 0.00 | 94,438.86 |
| PERRY/WEAVER | VIVIAN PERRY TR & B P WEAVER TR 05/09/12 | CLASS 3 | 100,000.00 | 272.22 | 0.00 | 99,727.78 |
| PERSING | JENNIFER I PERSING | CLASS 3 | 50,000.00 | 5,305.47 | 0.00 | 44,694.53 |
| PERSING | MAINSTAR-FBO JENNIFER PERSING | CLASS 5 | 50,000.00 | 3,944.44 | 0.00 | 46,055.56 |
| PERSSON | SVEN A PERSSON | CLASS 3 | 33,900.00 | 649.75 | 0.00 | 33,250.25 |
| PESATO | ELIO PESATO | CLASS 3 | 240,000.00 | 39,895.76 | 0.00 | 200,104.24 |
| PESATO | PROV. TR GP-FBO ELIO PESATO IRA | CLASS 3 | 155,000.00 | 24,012.18 | 0.00 | 130,987.82 |
| PETAJA | REGEE & LAUREN PETAJA | CLASS 5 | 250,000.00 | 23,611.18 | 0.00 | 226,388.82 |
| PETAJA | TOM PETAJA | CLASS 5 | 50,000.00 | 4,095.85 | 0.00 | 45,904.15 |
| PETER | PROV. TR GP-FBO BARBARA ST PETER IRA | CLASS 5 | 50,000.00 | 17,319.60 | 0.00 | 32,680.40 |
| PETERS | BEVERLY BERNEDENE PETERS TR | CLASS 3 | 50,000.00 | 3,254.15 | 0.00 | 46,745.85 |
| PETERS | CLIVE & MAXINE PETERS | CLASS 3 | 50,000.00 | 3,076.34 | 0.00 | 46,923.66 |
| PETERS | JAMES K & JOY N PETERS | CLASS 3 | 300,000.00 | 18,579.17 | 0.00 | 281,420.83 |
| PETERS | JANET PETERS TR | CLASS 3 | 25,000.00 | 2,337.43 | 0.00 | 22,662.57 |
| PETERS | MAINSTAR-FBO JAMES K PETERS T2175989 | CLASS 3 | 232,939.55 | 12,844.02 | 0.00 | 220,095.53 |
| PETERSEN | ARTHUR V & GERALDINE L PETERSEN | CLASS 5 | 100,000.00 | 19,743.08 | 0.00 | 80,256.92 |
| PETERSEN | BRADLEY W PETERSEN | CLASS 3 | 200,000.00 | 1,643.07 | 0.00 | 198,356.93 |
| PETERSEN | MAINSTAR-FBO DEREK R PETERSEN | CLASS 5 | 99,929.76 | 7,883.35 | 0.00 | 92,046.41 |
| PETERSEN | PROV. TR GP-FBO MICHAEL PETERSEN IRA | CLASS 3 | 100,000.00 | 10,400.00 | 0.00 | 89,600.00 |
| PETERSEN | TALLENE M PETERSEN | CLASS 3 | 70,000.00 | 2,138.91 | 0.00 | 67,861.09 |
| PETERSEN | THE PETERSEN FT | CLASS 3 | 240,000.00 | 17,086.25 | 0.00 | 222,913.75 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PETERSEN | THE PETERSEN FT | CLASS 5 | 100,000.00 | 7,119.27 | 0.00 | 92,880.73 |
| PETERSON | A GERALD PETERSON | CLASS 3 | 300,000.00 | 43,104.08 | 0.00 | 256,895.92 |
| PETERSON | GAIL F PETERSON | CLASS 3 | 50,000.00 | 3,720.52 | 0.00 | 46,279.48 |
| PETERSON | KERRY C & SUSAN V PETERSON | CLASS 3 | 100,000.00 | 1,233.33 | 0.00 | 98,766.67 |
| PETERSON | LOWELL S PETERSON | CLASS 3 | 700,000.00 | 99,928.17 | 0.00 | 600,071.83 |
| PETERSON | LOWELL S PETERSON | CLASS 5 | 200,000.00 | 28,550.90 | 0.00 | 171,449.10 |
| PETERSON | PROV. TR GP-FBO DAVID A PETERSON IRA | CLASS 3 | 50,000.00 | 4,675.00 | 0.00 | 45,325.00 |
| PETERSON | PROV. TR GP-FBO RON PETERSON IRA | CLASS 3 | 99,750.00 | 23,447.00 | 0.00 | 76,303.00 |
| PETERSON | PROV. TR GP-FBO RON PETERSON IRA | CLASS 5 | 200,000.00 | 47,011.53 | 0.00 | 152,988.47 |
| PETERSON | THOMAS M PETERSON | CLASS 3 | 25,000.00 | 534.71 | 0.00 | 24,465.29 |
| PETERSON | WAUNETA PETERSON | CLASS 3 | 25,000.00 | 1,229.83 | 0.00 | 23,770.17 |
| PETERSON-CUNNINGHAM | DEBORAH ANN PETERSON-CUNNINGHAM | CLASS 3 | 100,000.00 | 2,800.70 | 0.00 | 97,199.30 |
| PETRE | LANITA & SAMUEL A PETRE | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| PETRE | NELSON J & LORENDA J PETRE | CLASS 3 | 50,000.00 | 388.89 | 0.00 | 49,611.11 |
| PETRE | SAMUEL A & LOIS E PETRE | CLASS 3 | 300,000.00 | 1,166.66 | 0.00 | 298,833.34 |
| PETRI | RICHARD M PETRI RLT | CLASS 5 | 115,314.09 | 23,895.30 | 0.00 | 91,418.79 |
| PETRI/FRINK | RICHARD PETRI & DELORES FRINK | CLASS 5 | 150,000.00 | 22,861.30 | 0.00 | 127,138.70 |
| PETRIE | LARRY E & CHARLOTTE M PETRIE | CLASS 5 | 50,000.00 | 12,878.60 | 0.00 | 37,121.40 |
| PETROZELLA | PROV. TR GP-FBO OLGA C PETROZELLA IRA | CLASS 3 | 504,000.00 | 56,023.50 | 0.00 | 447,976.50 |
| PETSCH | RILEY T PETSCH | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| PETTY | KEITH A & ANNE S PETTY | CLASS 3 | 171,428.58 | 14,433.33 | 0.00 | 156,995.25 |
| PETTYJOHN | PROV. TR GP-FBO RANDAL PETTYJOHN IRA | CLASS 3 | 200,000.00 | 13,933.33 | 0.00 | 186,066.67 |
| PEVLER | LT OF BETTY JEAN PEVLER TR 12/23/16 | CLASS 5 | 50,000.00 | 3,708.36 | 0.00 | 46,291.64 |
| PEZZOLA | JOHN L & KATHY J PEZZOLA | CLASS 3 | 25,000.00 | 1,161.08 | 0.00 | 23,838.92 |
| PFEIFFER | ARNOLD D PFEIFFER | CLASS 3 | 50,000.00 | 3,437.50 | 0.00 | 46,562.50 |
| PFEIFFER | HELEN E PFEIFFER RLT | CLASS 3 | 150,000.00 | 0.00 | 0.00 | 150,000.00 |
| PFEIFFER | PROV. TR GP-FBO MARK PFEIFFER IRA | CLASS 3 | 100,000.00 | 11,897.96 | 0.00 | 88,102.04 |
| PHAM | PHAM FT DTD 05/09/02 | CLASS 3 | 25,000.00 | 1,625.05 | 0.00 | 23,374.95 |
| PHAM/NGUYEN | TRONG B PHAM & HOA K NGUYEN | CLASS 3 | 100,000.00 | 1,722.24 | 0.00 | 98,277.76 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PHILLIPS | CASIE PHILLIPS | CLASS 3 | 25,000.00 | 370.15 | 0.00 | 24,629.85 |
| PHILLIPS | CHAD A & KIM PHILLIPS | CLASS 3 | 200,000.00 | 7,902.80 | 0.00 | 192,097.20 |
| PHILLIPS | MAINSTAR-FBO MELANEE PHILLIPS TW004101 | CLASS 3 | 40,000.00 | 320.00 | 0.00 | 39,680.00 |
| PHILLIPS | MARILYN PHILLIPS | CLASS 3 | 50,000.00 | 2,916.62 | 0.00 | 47,083.38 |
| PHILLIPS | MARY L PHILLIPS | CLASS 3 | 84,328.58 | 955.72 | 0.00 | 83,372.86 |
| PHILLIPS | PROV. TR GP-FBO CHAD A PHILLIPS IRA | CLASS 3 | 109,000.00 | 5,843.61 | 0.00 | 103,156.39 |
| PHILLIPS | PROV. TR GP-FBO KIM PHILLIPS IRA | CLASS 3* | 92,000.00 | 4,740.56 | 0.00 | 87,259.44 |
| PHILLIPS/FORMAN | KIM PHILLIPS & DOROTHY MARIE FORMAN | CLASS 3 | 75,000.00 | 1,427.08 | 0.00 | 73,572.92 |
| PHILLIPS-TINGLE | BRENDA PHILLIPS-TINGLE | CLASS 3 | 100,000.00 | 27,783.40 | 0.00 | 72,216.60 |
| PIANFETTI | PAMELA K & RONALD O PIANFETTI | CLASS 3 | 90,000.00 | 6,205.60 | 0.00 | 83,794.40 |
| PIAZZA | PROV. TR GP-FBO DEBORAH A PIAZZA IRA | CLASS 5 | 100,000.00 | 833.33 | 0.00 | 99,166.67 |
| PIBURN | PIBURN LT 06/17/11 | CLASS 3 | 200,000.00 | 43,659.43 | 0.00 | 156,340.57 |
| PICK | JUDY C PICK | CLASS 3 | 100,000.00 | 3,544.42 | 0.00 | 96,455.58 |
| PICKETT | PICKETT FT | CLASS 5 | 100,000.00 | 12,489.94 | 0.00 | 87,510.06 |
| PIECHULE/NATTRESS | JOHN S PIECHULE & JUDITH A NATTRESS | CLASS 3 | 25,000.00 | 429.17 | 0.00 | 24,570.83 |
| PIEDE | MAINSTAR-FBO MARY JANE PIEDE T2177265 | CLASS 3 | 336,000.00 | 16,655.83 | 0.00 | 319,344.17 |
| PIERCE | DAVID M PIERCE | CLASS 5 | 355,000.00 | 102,224.71 | 0.00 | 252,775.29 |
| PIERCE | DEBORAH M PIERCE | CLASS 3 | 60,000.00 | 9,418.32 | 0.00 | 50,581.68 |
| PIERCE | EARL PIERCE | CLASS 3 | 25,000.00 | 2,785.41 | 0.00 | 22,214.59 |
| PIERCE | JANET PIERCE | CLASS 3 | 120,000.00 | 13,733.33 | 0.00 | 106,266.67 |
| PIERCE | MAINSTAR-FBO DONALD E PIERCE T2178129 | CLASS 3 | 85,900.00 | 114.53 | 0.00 | 85,785.47 |
| PIERCE | PROV. TR GP-FBO JAMES J PIERCE IRA | CLASS 5 | 100,000.00 | 21,833.34 | 0.00 | 78,166.66 |
| PIERCE | THE DEBORAH M PIERCE LT DTD 04/18/15 | CLASS 5 | 140,000.00 | 17,422.27 | 0.00 | 122,577.73 |
| PIERRE | THE MARC & DENISE PIERRE FT | CLASS 3 | 650,000.00 | 4,343.75 | 0.00 | 645,656.25 |
| PIERSON | HENRY PIERSON | CLASS 3 | 25,000.00 | 2,029.17 | 0.00 | 22,970.83 |
| PIETZ | PROV. TR GP-FBO CAROL L PIETZ ROTH IRA | CLASS 3 | 86,200.00 | 5,366.00 | 0.00 | 80,834.00 |
| PIETZ | PROV. TR GP-FBO ROGER PIETZ ROTH IRA | CLASS 3 | 85,600.00 | 5,635.37 | 0.00 | 79,964.63 |
| PIFER | MARY PIFER | CLASS 3 | 25,000.00 | 1,430.60 | 0.00 | 23,569.40 |
| PIIRA | RAY PIIRA | CLASS 3 | 190,000.00 | 38,129.38 | 0.00 | 151,870.62 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PILGRIM | KENNETH L & KELLEY A PILGRIM | CLASS 3 | 350,000.00 | 32,132.78 | 0.00 | 317,867.22 |
| PILKINGTON | SANDRA PILKINGTON | CLASS 3 | 50,000.00 | 4,530.60 | 0.00 | 45,469.40 |
| PILUT | VICTORIA A PILUT TR AGRMNT UTA 08/31/98 | CLASS 3 | 50,000.00 | 6,866.67 | 0.00 | 43,133.33 |
| PIMENTEL | MAINSTAR-FBO THELMA PIMENTEL T2177206 | CLASS 3 | 126,374.00 | 2,738.10 | 0.00 | 123,635.90 |
| PINCOUS | RON PINCOUS | CLASS 3 | 100,000.00 | 16,232.06 | 0.00 | 83,767.94 |
| PINCOUS | RONALD PINCOUS RT | CLASS 3 | 150,000.00 | 4,519.42 | 0.00 | 145,480.58 |
| PINEDA | PROV. TR GP-FBO MARIA PINEDA IRA | CLASS 3 | 97,500.00 | 4,409.17 | 0.00 | 93,090.83 |
| PINEDO | DIADDY M PINEDO | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| PINNEY | CT PINNEY FLP | CLASS 5 | 100,000.00 | 5,425.12 | 0.00 | 94,574.88 |
| PINTER | DEBORAH PINTER | CLASS 3 | 50,000.00 | 2,624.96 | 0.00 | 47,375.04 |
| PIPPENGER | PROV. TR GP-FBO CHAD E PIPPENGER IRA | CLASS 3 | 47,700.00 | 4,521.15 | 0.00 | 43,178.85 |
| PIRAINO | PIRAINO FT | CLASS 3 | 100,000.00 | 7,450.00 | 0.00 | 92,550.00 |
| PIRANIO | RICHARD L PIRANIO | CLASS 3 | 60,000.00 | 0.00 | 0.00 | 60,000.00 |
| PIRTLE | IRA SVCS TR CO-CFBO CHERYL PIRTLE IRA | CLASS 3 | 42,000.00 | 1,155.00 | 0.00 | 40,845.00 |
| PITCAIRN | PROV. TR GP-FBO JENNIFER L PITCAIRN IRA | CLASS 3 | 19,000.00 | 1,725.31 | 0.00 | 17,274.69 |
| PITCHER | MAINSTAR-FBO LOUISE PITCHER T2177819 | CLASS 3 | 25,000.00 | 500.00 | 0.00 | 24,500.00 |
| PITCHER | MAINSTAR-FBO MICHAEL PITCHER T2177820 | CLASS 3 | 25,000.00 | 500.00 | 0.00 | 24,500.00 |
| PITCHER | MICHAEL & LOUISE PITCHER | CLASS 3 | 25,000.00 | 1,786.46 | 0.00 | 23,213.54 |
| PITMAN | GREGORY D PITMAN | CLASS 3 | 70,000.00 | 5,327.84 | 0.00 | 64,672.16 |
| PITMAN | MAINSTAR-FBO DONNA PITMAN T2174982 | CLASS 3 | 100,000.00 | 11,141.64 | 0.00 | 88,858.36 |
| PITMAN | MAINSTAR-FBO GREGORY PITMAN T2174983 | CLASS 3 | 325,963.00 | 33,144.08 | 0.00 | 292,818.92 |
| PITRIZZI | PAUL P PITRIZZI | CLASS 3 | 40,000.00 | 3,616.73 | 0.00 | 36,383.27 |
| PITT | PROV. TR GP-FBO DARIN PITT IRA | CLASS 3 | 100,000.00 | 2,733.34 | 0.00 | 97,266.66 |
| PITTERLE | PROV. TR GP-FBO JENNIFER PITTERLE SEP IRA | CLASS 3 | 30,000.00 | 2,346.67 | 0.00 | 27,653.33 |
| PITTSENBARGAR | PROV. TR GP-FBO HILLARRY PITTSENBARGAR | CLASS 5 | 50,000.00 | 8,888.89 | 0.00 | 41,111.11 |
| PITZNER | MARY ANN PITZNER RT 03/13/07 | CLASS 3 | 100,000.00 | 20,772.17 | 0.00 | 79,227.83 |
| PITZNER | MARY ANN PITZNER RT 03/13/07 | CLASS 5 | 100,000.00 | 20,772.17 | 0.00 | 79,227.83 |
| PIXLEY | GORDON & JOYCE PIXLEY | CLASS 3 | 60,000.00 | 5,050.00 | 0.00 | 54,950.00 |
| PIXLEY | PROV. TR GP-FBO GORDON PIXLEY IRA | CLASS 3 | 110,000.00 | 16,429.17 | 0.00 | 93,570.83 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PLAISTED | IRA SVCS TR CO-CFBO JOHN PLAISTED | CLASS 3 | 100,000.00 | 10,561.67 | 0.00 | 89,438.33 |
| PLAISTED | IRA SVCS TR CO-CFBO JOHN PLAISTED | CLASS 5 | 150,000.00 | 15,842.50 | 0.00 | 134,157.50 |
| PLANK | ELLEN E PLANK | CLASS 3 | 30,000.00 | 5,629.17 | 0.00 | 24,370.83 |
| PLANK | IRA SVCS TR CO-CFBO ELLEN E PLANK IRA | CLASS 5 | 72,000.00 | 5,320.00 | 0.00 | 66,680.00 |
| PLANK | IRA SVCS TR CO-CFBO JOHN H PLANK | CLASS 5 | 150,000.00 | 2,583.33 | 0.00 | 147,416.67 |
| PLANK | JOHN H & ELLEN E PLANK | CLASS 3 | 50,000.00 | 14,627.51 | 0.00 | 35,372.49 |
| PLANK | JOHN H & ELLEN E PLANK | CLASS 5 | 145,000.00 | 42,419.79 | 0.00 | 102,580.21 |
| PLANTE | ARTHUR PLANTE | CLASS 3 | 25,000.00 | 1,138.16 | 0.00 | 23,861.84 |
| PLATT | JAMES E PLATT | CLASS 3 | 25,000.00 | 975.00 | 0.00 | 24,025.00 |
| PLATT | STEPHEN J PLATT | CLASS 3 | 200,000.00 | 2,500.00 | 0.00 | 197,500.00 |
| PLATT/HEGARTY | NORMAN T PLATT & DOROTHEA HEGARTY | CLASS 3 | 70,000.00 | 81.67 | 0.00 | 69,918.33 |
| PLEIMAN | JAMES R PLEIMAN | CLASS 3 | 100,000.00 | 10,607.04 | 0.00 | 89,392.96 |
| PLEIMAN | JAMES R PLEIMAN | CLASS 5 | 50,000.00 | 5,303.52 | 0.00 | 44,696.48 |
| PLEIMAN | PROV. TR GP-FBO JAMES R PLEIMAN IRA | CLASS 3 | 100,000.00 | 8,964.41 | 0.00 | 91,035.59 |
| PLEIMAN | PROV. TR GP-FBO JAMES R PLEIMAN IRA | CLASS 5 | 50,000.00 | 4,482.20 | 0.00 | 45,517.80 |
| PLETKA | JOANN E PLETKA | CLASS 3 | 200,000.00 | 14,693.09 | 0.00 | 185,306.91 |
| PLETKA | PROV. TR GP-FBO JOANN PLETKA IRA | CLASS 3 | 46,204.00 | 1,804.82 | 0.00 | 44,399.18 |
| PLOFSKY | HERBERT PLOFSKY | CLASS 3 | 35,000.00 | 2,400.00 | 0.00 | 32,600.00 |
| PLOTICA | PROV. TR GP-FBO LAURA J PLOTICA IRA | CLASS 5 | 50,000.00 | 13,166.67 | 0.00 | 36,833.33 |
| PLOTNICK | MAINSTAR-FBO HARVEY PLOTNICK T2178457 | CLASS 3 | 105,650.00 | 58.69 | 0.00 | 105,591.31 |
| PLUIM | DENNIS D PLUIM | CLASS 3 | 300,000.00 | 68,283.49 | 0.00 | 231,716.51 |
| PLUSKA | TR UNDER THE WILL OF EUGENIA PLUSKA | CLASS 5 | 75,000.00 | 9,375.00 | 0.00 | 65,625.00 |
| PLZAK | RICK L & JEANETTE K PLZAK | CLASS 3 | 100,000.00 | 2,766.67 | 0.00 | 97,233.33 |
| POCHE | MAY M POCHE BY JUDY P BABIN ATTY IN FACT | CLASS 3 | 50,000.00 | 8,158.75 | 0.00 | 41,841.25 |
| POCHE | MAY M POCHE BY JUDY P BABIN ATTY IN FACT | CLASS 5 | 50,000.00 | 8,158.75 | 0.00 | 41,841.25 |
| PODKOWINSKI | MAINSTAR-FBO DAVID PODKOWINSKI T2174530 | CLASS 3 | 294,000.00 | 28,138.34 | 0.00 | 265,861.66 |
| POE | GARY & SALLY POE | CLASS 3 | 96,000.00 | 1,826.67 | 0.00 | 94,173.33 |
| POEHLER | JOSEPH G POEHLER | CLASS 5 | 1,200,000.00 | 69,222.32 | 0.00 | 1,130,777.68 |
| POEHLER | LAURIE POEHLER | CLASS 3 | 100,000.00 | 6,727.74 | 0.00 | 93,272.26 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| POFFEL | CHRISTOPHER J POFFEL | CLASS 3 | 250,000.00 | 13,386.11 | 0.00 | 236,613.89 |
| POFFENBERGER | LAMOILLE E POFFENBERGER | CLASS 3 | 40,000.00 | 0.00 | 0.00 | 40,000.00 |
| POGUE | IRA SVCS TR CO-FBO BETTY J POGUE | CLASS 3 | 110,500.00 | 1,353.62 | 0.00 | 109,146.38 |
| POHL | LUCIE L POHL | CLASS 3 | 105,000.00 | 8,660.63 | 0.00 | 96,339.37 |
| POHLMAN | FRED W & LUCIA D POHLMAN | CLASS 3 | 75,000.00 | 14,778.29 | 0.00 | 60,221.71 |
| POKORNY | BELINDA & DONALD J POKORNY | CLASS 3 | 300,000.00 | 32,435.99 | 0.00 | 267,564.01 |
| POKORNY | LAURA POKORNY | CLASS 3 | 50,000.00 | 1,922.89 | 0.00 | 48,077.11 |
| POLAND | PROV. TR GP-FBO DIANA L POLAND IRA | CLASS 3 | 260,000.00 | 38,289.17 | 0.00 | 221,710.83 |
| POLCE | LAURA POLCE | CLASS 3 | 40,000.00 | 2,205.60 | 0.00 | 37,794.40 |
| POLCYN | BARBARA J POLCYN | CLASS 3 | 125,000.00 | 7,031.21 | 0.00 | 117,968.79 |
| POLEY | PROV. TR GP-FBO JUDITH A POLEY IRA | CLASS 3 | 70,000.00 | 2,128.19 | 0.00 | 67,871.81 |
| POLING | ROY & EMMA POLING | CLASS 3 | 75,000.00 | 2,363.87 | 0.00 | 72,636.13 |
| POLITI | HEIDI POLITI | CLASS 3 | 850,000.00 | 99,416.42 | 0.00 | 750,583.58 |
| POLITI | HEIDI POLITI | CLASS 5 | 100,000.00 | 11,696.05 | 0.00 | 88,303.95 |
| POLITI | LEONARD P POLITI | CLASS 3 | 300,000.00 | 33,394.44 | 0.00 | 266,605.56 |
| POLK | JOYCE A POLK | CLASS 3 | 100,000.00 | 433.33 | 0.00 | 99,566.67 |
| POLLARD | PATRICIA HARFIELD POLLARD | CLASS 3 | 155,000.00 | 4,460.58 | 0.00 | 150,539.42 |
| POLLICITO | PROV. TR GP-FBO PATRICIA A POLLICITO IRA | CLASS 3 | 115,000.00 | 19,417.30 | 0.00 | 95,582.70 |
| POLLICITO | PROV. TR GP-FBO SALVATORE J POLLICITO IRA | CLASS 3 | 115,000.00 | 19,669.66 | 0.00 | 95,330.34 |
| POLSTER | JEFFREY G & CHERYL A POLSTER | CLASS 3 | 50,000.00 | 1,244.46 | 0.00 | 48,755.54 |
| POMA | MARIA POMA | CLASS 3 | 50,000.00 | 965.09 | 0.00 | 49,034.91 |
| POMPEI | MAINSTAR-FBO GERALD D POMPEI T2178094 | CLASS 3 | 59,000.00 | 998.08 | 0.00 | 58,001.92 |
| POMROY | LEONA M POMROY | CLASS 3 | 50,000.00 | 925.00 | 0.00 | 49,075.00 |
| PONTIUS | PROV. TR GP-FBO KEVIN L PONTIUS IRA | CLASS 3 | 25,021.00 | 823.96 | 0.00 | 24,197.04 |
| POOLE | RONALD E POOLE | CLASS 3 | 175,000.00 | 19,218.73 | 0.00 | 155,781.27 |
| POON/NIE | ROBERT POON & YAN JUAN NIE | CLASS 5 | 50,000.00 | 9,652.85 | 0.00 | 40,347.15 |
| POPE | CYNTHIA POPE | CLASS 3 | 100,000.00 | 1,555.55 | 0.00 | 98,444.45 |
| POPOLIZIO | LAURENCE POPOLIZIO | CLASS 3 | 105,000.00 | 10,974.23 | 0.00 | 94,025.77 |
| POPOLIZIO/GROSS | LAURENCE POPOLIZIO & LAUREN G GROSS | CLASS 3 | 30,000.00 | 0.00 | 0.00 | 30,000.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| POPP | HEINZ POPP | CLASS 3 | 100,000.00 | 13,062.07 | 0.00 | 86,937.93 |
| PORTALE | MAINSTAR-FBO NICHOLAS PORTALE T2175803 | CLASS 3 | 181,440.65 | 8,151.46 | 0.00 | 173,289.19 |
| PORTALE | MAINSTAR-FBO PATTI PORTALE T2177463 | CLASS 3 | 44,000.00 | 880.00 | 0.00 | 43,120.00 |
| PORTALE | NICHOLAS PORTALE | CLASS 3 | 100,000.00 | 2,983.33 | 0.00 | 97,016.67 |
| PORTEOUS | JUDITH PORTEOUS | CLASS 3 | 53,850.48 | 98.73 | 0.00 | 53,751.75 |
| PORTEOUS | THE PORTEOUS 1999 TR UA 04/09/99 | CLASS 3 | 59,822.29 | 179.47 | 0.00 | 59,642.82 |
| PORTER | HORIZON TR CO-FBO MARK D PORTER IRA | CLASS 3 | 50,000.00 | 5,926.85 | 0.00 | 44,073.15 |
| PORTER | IRA SVCS TR CO-CFBO MICHAEL PORTER | CLASS 3 | 42,500.00 | 0.00 | 0.00 | 42,500.00 |
| PORTER | IRA SVCS TR CO-CFBO ROSE PORTER | CLASS 3 | 39,250.00 | 0.00 | 0.00 | 39,250.00 |
| PORTER | JOHN F & LUCILLE T PORTER | CLASS 3 | 100,000.00 | 1,513.90 | 0.00 | 98,486.10 |
| PORTER | RAYMOND WADE PORTER RLT | CLASS 3 | 300,000.00 | 8,843.10 | 0.00 | 291,156.90 |
| PORTER | ROBERT JR & SUSAN PORTER | CLASS 3 | 100,000.00 | 21,583.25 | 0.00 | 78,416.75 |
| PORTER | THE PORTER FT | CLASS 3 | 50,000.00 | 783.34 | 0.00 | 49,216.66 |
| PORTER | TOMMY & JUDY PORTER | CLASS 3 | 25,000.00 | 4,670.28 | 0.00 | 20,329.72 |
| POSSLEY | GARY W POSSLEY TR | CLASS 5 | 100,000.00 | 13,022.06 | 0.00 | 86,977.94 |
| POST | GARY O & PATRICIA M POST | CLASS 3 | 500,000.00 | 36,222.19 | 0.00 | 463,777.81 |
| POST | GARY POST | CLASS 3 | 200,000.00 | 1,594.45 | 0.00 | 198,405.55 |
| POTTER | PROV. TR GP-FBO CHERYL POTTER IRA | CLASS 3 | 86,000.00 | 1,060.67 | 0.00 | 84,939.33 |
| POTTER | PROV. TR GP-FBO THE POTTER RIVT IRA | CLASS 3 | 50,000.00 | 13,903.47 | 0.00 | 36,096.53 |
| POTTER | PROV. TR GP-FBO THOMAS M POTTER III IRA | CLASS 3 | 50,000.00 | 1,672.22 | 0.00 | 48,327.78 |
| POTTER | PROV. TR GP-FBO WILLIAM C POTTER IRA | CLASS 3 | 300,000.00 | 30,725.00 | 0.00 | 269,275.00 |
| POTTERTON | POTTERTON IRREV TR | CLASS 3 | 400,000.00 | 5,888.90 | 0.00 | 394,111.10 |
| POTTS | HARRY R POTTS | CLASS 3 | 45,000.00 | 7,210.00 | 0.00 | 37,790.00 |
| POTTS | JAMES K POTTS LT DTD 04/20/00 | CLASS 3 | 50,000.00 | 5,800.00 | 1,000.00 | 43,200.00 |
| POTTS | MARY ANNE POTTS TR DTD 04/20/00 | CLASS 3 | 50,000.00 | 5,333.33 | 0.00 | 44,666.67 |
| POULAN METHODIST | POULAN UNITED METHODIST CHURCH | CLASS 3 | 50,000.00 | 1,076.37 | 0.00 | 48,923.63 |
| POULIN | ROBERTA & TOM POULIN | CLASS 3 | 50,000.00 | 902.76 | 0.00 | 49,097.24 |
| POULIOT | STEPHEN L POULIOT TR DTD 04/01/11 | CLASS 3 | 50,000.00 | 2,121.50 | 0.00 | 47,878.50 |
| POULIOT | STEPHEN L POULIOT TR DTD 04/01/11 | CLASS 3* | 100,000.00 | 1,186.10 | 0.00 | 98,813.90 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| POULSON | LISA POULSON | CLASS 5 | 65,000.00 | 848.61 | 0.00 | 64,151.39 |
| POULSON | MAINSTAR-FBO MARK POULSON T2178357 | CLASS 3 | 850,000.00 | 5,123.61 | 0.00 | 844,876.39 |
| POULSON | MARK & LISA POULSON | CLASS 5 | 165,000.00 | 14,848.56 | 0.00 | 150,151.44 |
| POULSON | PERRY & NORMA POULSON | CLASS 3 | 100,000.00 | 6,124.97 | 0.00 | 93,875.03 |
| POWELL | MAINSTAR-FBO PHILLIP POWELL TW003639 | CLASS 3 | 50,000.00 | 2,612.50 | 0.00 | 47,387.50 |
| POWER | LAURENCE POWER | CLASS 3 | 25,000.00 | 1,015.65 | 0.00 | 23,984.35 |
| POWERS | CAROLYN POWERS TTEE C POWERS TR 04/01/85 | CLASS 3 | 30,000.00 | 0.00 | 0.00 | 30,000.00 |
| POWERS | DOLORES POWERS | CLASS 3 | 55,000.00 | 6,566.45 | 0.00 | 48,433.55 |
| POWERS | JANIS R POWERS | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| POWERS | POWERS FT DTD 10/09/12 | CLASS 3 | 100,000.00 | 2,833.33 | 0.00 | 97,166.67 |
| PRATEKTO | IMELDA PRATEKTO | CLASS 3 | 50,000.00 | 1,975.00 | 0.00 | 48,025.00 |
| PRATT | DONALD L PRATT | CLASS 3 | 52,000.00 | 5,858.67 | 0.00 | 46,141.33 |
| PRATT | LYN PRATT | CLASS 3 | 25,000.00 | 93.75 | 0.00 | 24,906.25 |
| PRATT | PRATT FAMILY CABIN TR | CLASS 3 | 200,000.00 | 20,755.51 | 0.00 | 179,244.49 |
| PRATT | PROV. TR GP-FBO STEPHANIE PRATT INH IRA | CLASS 3 | 28,320.00 | 1,939.13 | 0.00 | 26,380.87 |
| PREBYL | GARY PREBYL | CLASS 5 | 240,000.00 | 20,039.94 | 0.00 | 219,960.06 |
| PREGLER | BRUCE PREGLER | CLASS 3 | 125,000.00 | 18,649.33 | 0.00 | 106,350.67 |
| PRENGER | MAINSTAR-FBO RONALD F PRENGER T2178324 | CLASS 3 | 111,500.00 | 1,127.39 | 0.00 | 110,372.61 |
| PRESLEY | GOLDSTAR TR CO-FBO RICHARD W PRESLEY INH | CLASS 5 | 21,000.00 | 1,726.67 | 0.00 | 19,273.33 |
| PRESLEY | GOLDSTAR TR CO-FBO RICHARD W PRESLEY IRA | CLASS 5 | 19,000.00 | 1,604.41 | 0.00 | 17,395.59 |
| PRESLEY | RICHARD W PRESLEY | CLASS 3 | 30,000.00 | 1,989.14 | 0.00 | 28,010.86 |
| PRESLEY | RICHARD W PRESLEY | CLASS 5 | 10,000.00 | 663.05 | 0.00 | 9,336.95 |
| PRESSON | E WYNN & ANDREA L PRESSON | CLASS 5 | 600,000.00 | 190,833.35 | 0.00 | 409,166.65 |
| PRESSON | PROV. TR GP-FBO ANDREA PRESSON ROTH IRA | CLASS 5 | 25,500.00 | 5,978.33 | 0.00 | 19,521.67 |
| PRESSON | PROV. TR GP-FBO ELLIS W PRESSON IRA | CLASS 5 | 1,040,500.00 | 314,858.93 | 0.00 | 725,641.07 |
| PREUSCHL | LEROY PREUSCHL | CLASS 3 | 25,000.00 | 361.12 | 0.00 | 24,638.88 |
| PREUSS | JERE PREUSS | CLASS 3 | 75,000.00 | 2,500.66 | 0.00 | 72,499.34 |
| PRICE | ADRIENNE M & SHELDON PRICE | CLASS 3 | 115,000.00 | 13,323.95 | 2,000.00 | 99,676.05 |
| PRICE | BARBARA PRICE | CLASS 3 | 100,000.00 | 5,669.48 | 0.00 | 94,330.52 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PRICE | IRA SVCS TR CO-CFBO LYNDA PRICE | CLASS 3 | 41,000.00 | 996.79 | 0.00 | 40,003.21 |
| PRICE | PROV. TR GP-FBO ADRIENNE PRICE IRA | CLASS 5 | 112,573.35 | 10,887.65 | 0.00 | 101,685.70 |
| PRICE | PROV. TR GP-FBO MARCELLA PRICE IRA | CLASS 3 | 51,000.00 | 824.50 | 0.00 | 50,175.50 |
| PRICE | PROV. TR GP-FBO SHELDON PRICE IRA | CLASS 5 | 209,515.13 | 20,449.31 | 0.00 | 189,065.82 |
| PRICE | RICHARD PRICE | CLASS 3 | 50,000.00 | 456.95 | 0.00 | 49,543.05 |
| PRICE | ROBERT D & MARGARET J PRICE | CLASS 3 | 100,000.00 | 16,750.00 | 0.00 | 83,250.00 |
| PRICE | STEPHEN PRICE | CLASS 3 | 160,000.00 | 8,808.53 | 0.00 | 151,191.47 |
| PRICHARD | ROY L PRICHARD JR | CLASS 3 | 50,000.00 | 2,700.00 | 0.00 | 47,300.00 |
| PRIDDY | WILLIAM L & GAIL L PRIDDY | CLASS 3 | 200,000.00 | 13,841.72 | 0.00 | 186,158.28 |
| PRIDE | JAMES G & YVONNE C PRIDE | CLASS 3 | 50,000.00 | 4,290.28 | 0.00 | 45,709.72 |
| PRIDE | JAMES G & YVONNE C PRIDE | CLASS 5 | 100,000.00 | 8,580.56 | 0.00 | 91,419.44 |
| PRIM | MAINSTAR-FBO RICK J PRIM SR #T2175253 | CLASS 3 | 35,000.00 | 3,537.70 | 0.00 | 31,462.30 |
| PRINCE | GLEN D & DIANE M PRINCE | CLASS 3 | 25,000.00 | 1,916.67 | 0.00 | 23,083.33 |
| PRINCE | JOHN W PRINCE | CLASS 3 | 50,000.00 | 2,656.25 | 0.00 | 47,343.75 |
| PRINCE | ROBERT J PRINCE | CLASS 5 | 820,000.00 | 205,159.17 | 0.00 | 614,840.83 |
| PRIOLETTI | MAINSTAR-FBO JOHN J PRIOLETTI T2176004 | CLASS 3 | 290,301.54 | 12,998.26 | 0.00 | 277,303.28 |
| PRISCO | IRA SVCS TR CO-CFBO RONALD J PRISCO IRA | CLASS 3 | 846,800.00 | 142,286.21 | 17,100.01 | 687,413.78 |
| PRISCO | IRA SVCS TR CO-CFBO RONALD J PRISCO IRA | CLASS 5 | 61,000.00 | 10,249.71 | 1,231.81 | 49,518.48 |
| PRISCO | PROV. TR GP-FBO LISA A PRISCO IRA | CLASS 5 | 134,000.00 | 38,673.89 | 0.00 | 95,326.11 |
| PRISCO | PROV. TR GP-FBO LISA PRISCO IRA | CLASS 3 | 25,100.00 | 2,179.17 | 0.00 | 22,920.83 |
| PRISCO | RONALD J PRISCO PA | CLASS 3 | 26,507.00 | 7,029.62 | 0.00 | 19,477.38 |
| PRISCO | RONALD J PRISCO PA | CLASS 5 | 55,851.00 | 14,811.60 | 0.00 | 41,039.40 |
| PRIYADARSINI | S PRIYADARSINI | CLASS 3 | 50,000.00 | 5,332.62 | 0.00 | 44,667.38 |
| PROCHASKA | THOMAS D PROCHASKA | CLASS 3 | 100,000.00 | 23,783.27 | 0.00 | 76,216.73 |
| PROCOPIO | MARK J PROCOPIO | CLASS 3 | 75,000.00 | 13,389.54 | 0.00 | 61,610.46 |
| PROCOPIO | SHARI L PROCOPIO | CLASS 3 | 50,000.00 | 466.67 | 0.00 | 49,533.33 |
| PROCTOR | EDGAR PROCTOR | CLASS 3 | 200,000.00 | 38,149.92 | 0.00 | 161,850.08 |
| PROCTOR | LISA PROCTOR | CLASS 3 | 60,000.00 | 9,944.16 | 0.00 | 50,055.84 |
| PROCTOR/BEVISS | ROBERT H PROCTOR & FAY C BEVISS | CLASS 3 | 93,000.00 | 4,929.00 | 0.00 | 88,071.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PROGRESS TOOL | PROGRESS TOOL & STAMPING INC | CLASS 3 | 200,000.00 | 47,740.34 | 0.00 | 152,259.66 |
| PROPP | LIBERTY TR CO-FBO WILLIAM D PROPP IRA | CLASS 5 | 185,000.00 | 35,818.13 | 0.00 | 149,181.87 |
| PROPP | WILLIAM D PROPP | CLASS 5 | 50,000.00 | 9,833.41 | 0.00 | 40,166.59 |
| PROUT | BASIL J PROUT | CLASS 3 | 200,000.00 | 2,900.00 | 0.00 | 197,100.00 |
| PRUDENTE | GENEROSO J PRUDENTE | CLASS 3 | 70,000.00 | 738.90 | 0.00 | 69,261.10 |
| PRUIS | DAVID A & RUTH I PRUIS | CLASS 3 | 50,000.00 | 3,538.93 | 0.00 | 46,461.07 |
| PRUZANSKY | JOEL PRUZANSKY | CLASS 5 | 50,000.00 | 5,883.34 | 0.00 | 44,116.66 |
| PRYMAK | PROV. TR GP-FBO JOHN PRYMAK IRA | CLASS 5 | 100,000.00 | 26,722.23 | 0.00 | 73,277.77 |
| PSCHEIDT | BRADLEY A PSCHEIDT | CLASS 3 | 25,000.00 | 538.21 | 0.00 | 24,461.79 |
| PUCCI | BARBARA E & VINCENT J PUCCI | CLASS 3 | 25,000.00 | 1,789.20 | 0.00 | 23,210.80 |
| PUCKETT | THURMAN & BIENVENIDA PUCKETT | CLASS 3 | 100,000.00 | 55.56 | 0.00 | 99,944.44 |
| PUGH | DAVID L PUGH | CLASS 3 | 100,000.00 | 4,613.86 | 0.00 | 95,386.14 |
| PUGSLEY | A L JR & CAROLE PUGSLEY RLT DTD 06/24/91 | CLASS 3 | 25,000.00 | 525.02 | 0.00 | 24,474.98 |
| PULLMAN | MARSHA PULLMAN | CLASS 3 | 40,000.00 | 653.33 | 0.00 | 39,346.67 |
| PULSONE-SMITH | MAINSTAR-FBO D PULSONE-SMITH T2177697 | CLASS 3 | 154,000.00 | 2,331.39 | 0.00 | 151,668.61 |
| PUNCH | NORMAN A & VERNICE F PUNCH | CLASS 3 | 35,650.00 | 609.01 | 0.00 | 35,040.99 |
| PUNJABI | RAJKUMAR N PUNJABI | CLASS 3 | 50,000.00 | 1,726.41 | 0.00 | 48,273.59 |
| PUNKE | JAMES R & CAROL J PUNKE | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| PURINO | ALBERT T PURINO | CLASS 3 | 90,000.00 | 3,745.00 | 0.00 | 86,255.00 |
| PURINO | ALBERT T PURINO RT DTD 11/03/05 | CLASS 5 | 200,000.00 | 11,561.09 | 0.00 | 188,438.91 |
| PURINO | MAINSTAR-FBO ALBERT T PURINO T2176645 | CLASS 5 | 52,860.00 | 3,891.08 | 0.00 | 48,968.92 |
| PURNELL | STANLEY E PURNELL | CLASS 3 | 40,000.00 | 1,061.13 | 0.00 | 38,938.87 |
| PURVIS | IRA SVCS TR CO-CFBO CHARLES R PURVIS IRA | CLASS 5 | 300,000.00 | 48,216.66 | 0.00 | 251,783.34 |
| PUTHOFF | BETTY L & NICK A PUTHOFF | CLASS 5 | 205,000.00 | 31,864.79 | 0.00 | 173,135.21 |
| PUTHOFF | PROV. TR GP-FBO BETTY L PUTHOFF IRA | CLASS 3 | 40,000.00 | 2,527.78 | 0.00 | 37,472.22 |
| PUTHOFF | PROV. TR GP-FBO NICHOLAS PUTHOFF IRA | CLASS 3 | 30,000.00 | 1,854.17 | 0.00 | 28,145.83 |
| PUTMAN | KIMBERLY H PUTMAN TESTAMENTARY TR | CLASS 3 | 25,000.00 | 5,941.62 | 281.69 | 18,776.69 |
| PUTNAM | MAINSTAR-FBO TRACY J PUTNAM T2177216 | CLASS 3 | 49,650.00 | 937.83 | 0.00 | 48,712.17 |
| PYLE | VERLE F & NORMA S PYLE TR DTD 07/11/83 | CLASS 3 | 100,000.00 | 2,819.46 | 0.00 | 97,180.54 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| PYLES | BRYAN & DANETTE PYLES | CLASS 3 | 200,000.00 | 30,863.81 | 0.00 | 169,136.19 |
| PYLES | DEBORAH J PYLES | CLASS 5 | 100,000.00 | 82,698.58 | 0.00 | 17,301.42 |
| PYNES | THE ESTATE OF PATRICIA PYNES | CLASS 5 | 100,000.00 | 46,527.65 | 0.00 | 53,472.35 |
| QUAN | LOUIS & ROSE QUAN | CLASS 3 | 25,000.00 | 86.81 | 0.00 | 24,913.19 |
| QUARVE | LIBERTY TR CO-FBO GARY LEE QUARVE IRA | CLASS 5 | 100,000.00 | 26,777.67 | 0.00 | 73,222.33 |
| QUE | DANTE A QUE | CLASS 3 | 50,000.00 | 11,100.04 | 0.00 | 38,899.96 |
| QUEZADA | JOHNNY & AURORA QUEZADA | CLASS 3 | 25,000.00 | 559.04 | 0.00 | 24,440.96 |
| QUICK | PATRICIA N QUICK | CLASS 3 | 200,000.00 | 10,305.52 | 0.00 | 189,694.48 |
| QUINE | DEANA C QUINE | CLASS 3 | 120,000.00 | 20,251.57 | 0.00 | 99,748.43 |
| QUINLAN | MICHAEL J & REBEKAH M QUINLAN | CLASS 3 | 25,000.00 | 5,300.80 | 0.00 | 19,699.20 |
| QUINN | EDWARD C QUINN | CLASS 3 | 60,000.00 | 1,116.67 | 0.00 | 58,883.33 |
| QUINN | JOSEPH W & CHERYLE R QUINN | CLASS 3 | 100,000.00 | 6,492.34 | 0.00 | 93,507.66 |
| QUINN | JOSEPH W & CHERYLE R QUINN | CLASS 5 | 100,000.00 | 6,492.34 | 0.00 | 93,507.66 |
| QUINTAS | ALICE P QUINTAS TA | CLASS 3 | 80,000.00 | 9,852.81 | 0.00 | 70,147.19 |
| QUIRING | HOWARD B QUIRING EST TR | CLASS 3 | 80,000.00 | 19,975.55 | 0.00 | 60,024.45 |
| RABAN | MAINSTAR-FBO DENNIS R RABAN T2177169 | CLASS 3 | 126,900.00 | 5,009.03 | 0.00 | 121,890.97 |
| RACHMELL | ANDREW RACHMELL | CLASS 3 | 50,000.00 | 3,845.79 | 0.00 | 46,154.21 |
| RACHMELL | LEWIS & RUTH RACHMELL RLT | CLASS 3 | 150,000.00 | 8,961.77 | 0.00 | 141,038.23 |
| RACHMELL | PROV. TR GP-FBO ANDREW RACHMELL IRA | CLASS 3 | 32,056.34 | 2,416.04 | 0.00 | 29,640.30 |
| RACHMELL | PROV. TR GP-FBO ANDREW RACHMELL IRA | CLASS 5 | 102,000.00 | 7,687.58 | 0.00 | 94,312.42 |
| RACHT | FRIEDA RACHT | CLASS 3 | 125,000.00 | 6,388.50 | 0.00 | 118,611.50 |
| RACINE | LINDA K RACINE RT 10/23/14 | CLASS 3 | 25,000.00 | 1,119.44 | 0.00 | 23,880.56 |
| RADER | PROV. TR GP-FBO BETTE J RADER IRA | CLASS 3 | 24,875.00 | 1,820.54 | 0.00 | 23,054.46 |
| RADOSEVIC | GOLDSTAR TR CO-FBO RICHARD RADOSEVIC | CLASS 5 | 100,000.00 | 14,361.05 | 0.00 | 85,638.95 |
| RADOSEVIC | GOLDSTAR TR CO-FBO RICHARD RADOSEVIC IRA | CLASS 5 | 20,000.00 | 2,444.49 | 0.00 | 17,555.51 |
| RADOSEVIC | THE RADOSEVIC FT | CLASS 5 | 60,000.00 | 11,650.70 | 0.00 | 48,349.30 |
| RADZINSKI | MAINSTAR-FBO DEBRA RADZINSKI T2176484 | CLASS 3 | 28,125.00 | 1,406.25 | 0.00 | 26,718.75 |
| RAGAN | KIMBAL H & JULIE B RAGAN | CLASS 3 | 100,000.00 | 8,616.69 | 0.00 | 91,383.31 |
| RAGAN | PROV. TR GP-FBO ARLENE RAGAN IRA | CLASS 3 | 171,184.14 | 8,901.58 | 0.00 | 162,282.56 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| RAGAN | PROV. TR GP-FBO KIMBAL H RAGAN IRA | CLASS 3 | 200,000.00 | 8,555.56 | 0.00 | 191,444.44 |
| RAHALSKI | MAINSTAR-FBO MATTHEW J RAHALSKI | CLASS 5 | 100,000.00 | 15,527.76 | 0.00 | 84,472.24 |
| RAHKE | ROBERT C RAHKE | CLASS 3 | 100,000.00 | 13,559.15 | 0.00 | 86,440.85 |
| RAHMAN | PROV. TR GP-FBO MUHAMMAD A RAHMAN IRA | CLASS 3 | 100,000.00 | 2,133.33 | 0.00 | 97,866.67 |
| RAIDER | MAINSTAR-FBO SHARRON RAIDER | CLASS 3 | 293,500.00 | 15,938.68 | 0.00 | 277,561.32 |
| RAIDER | SHARRON RAIDER | CLASS 3 | 118,700.00 | 8,879.91 | 0.00 | 109,820.09 |
| RAILSBACK | LANCE RAILSBACK | CLASS 3 | 100,000.00 | 9,666.71 | 1,000.00 | 89,333.29 |
| RAILSBACK | NADINE & LANCE E RAILSBACK | CLASS 3 | 100,000.00 | 7,020.83 | 0.00 | 92,979.17 |
| RAINALDI | FRANCES JOANNE RAINALDI | CLASS 3 | 50,000.00 | 388.89 | 0.00 | 49,611.11 |
| RAINES | PROV. TR GP-FBO DR MARCUS E RAINES IRA | CLASS 5 | 90,000.00 | 20,700.00 | 0.00 | 69,300.00 |
| RAINES | PROV. TR GP-FBO MARCUS E RAINES IRA | CLASS 3 | 102,000.00 | 15,468.21 | 0.00 | 86,531.79 |
| RAINS | STEVEN M & DIANA L RAINS | CLASS 3 | 50,000.00 | 2,575.00 | 0.00 | 47,425.00 |
| RAJABALI | HABIB RAJABALI | CLASS 3 | 50,000.00 | 2,958.33 | 0.00 | 47,041.67 |
| RAMAH NAVAJO | RAMAH NAVAJO CHAPTER | CLASS 5 | 1,000,000.00 | 0.00 | 0.00 | 1,000,000.00 |
| RAMEY | PROV. TR GP-FBO DAVID L RAMEY IRA | CLASS 3 | 200,000.00 | 56,232.38 | 4,582.75 | 139,184.87 |
| RAMION | RAMION INC | CLASS 5 | 100,000.00 | 20,527.70 | 0.00 | 79,472.30 |
| RAMIREZ | GUILLERMO RAMIREZ | CLASS 3 | 25,000.00 | 117.36 | 0.00 | 24,882.64 |
| RAMMEL | KENNETH J & SHIRLEY M RAMMEL | CLASS 3 | 25,000.00 | 3,428.13 | 0.00 | 21,571.87 |
| RAMOS | LEOPOLDO RAMOS | CLASS 3 | 100,000.00 | 2,411.10 | 0.00 | 97,588.90 |
| RAMOS | THE EDWARD & JACQUELINE RAMOS FT 03/09/95 | CLASS 3 | 50,000.00 | 2,150.00 | 0.00 | 47,850.00 |
| RANCK | PROV. TR GP-FBO BIBBIE-ANN RANCK IRA | CLASS 3 | 140,000.00 | 18,021.11 | 0.00 | 121,978.89 |
| RANDALL | MAINSTAR-FBO BRIAN RANDALL T2176020 | CLASS 3 | 40,750.00 | 2,875.20 | 0.00 | 37,874.80 |
| RANDALL | MAINSTAR-FBO DARREN RANDALL T2176819 | CLASS 3 | 299,000.00 | 12,767.35 | 0.00 | 286,232.65 |
| RANDALL | MAINSTAR-FBO DARREN RANDALL T2176819 | CLASS 5 | 400,000.00 | 17,080.07 | 0.00 | 382,919.93 |
| RANDALL | PAMELA RANDALL | CLASS 3 | 25,000.00 | 1,250.04 | 0.00 | 23,749.96 |
| RANDALL | PROV. TR GP-FBO DEWEY D RANDALL IRA | CLASS 3 | 75,000.00 | 11,123.75 | 0.00 | 63,876.25 |
| RANDASH | DEAN & ARLETTE RANDASH JTROS | CLASS 5 | 400,000.00 | 161,087.77 | 0.00 | 238,912.23 |
| RANDASH | PROV. TR GP-FBO ARLETTE M RANDASH IRA | CLASS 3 | 111,600.00 | 17,526.90 | 0.00 | 94,073.10 |
| RANDASH | PROV. TR GP-FBO ARLETTE M RANDASH IRA | CLASS 5 | 55,800.00 | 8,763.45 | 0.00 | 47,036.55 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| RANDASH | PROV. TR GP-FBO DEAN M RANDASH IRA | CLASS 3 | 175,000.00 | 27,967.06 | 0.00 | 147,032.94 |
| RANDASH | PROV. TR GP-FBO DEAN M RANDASH IRA | CLASS 5 | 90,000.00 | 14,383.06 | 0.00 | 75,616.94 |
| RANDOLPH | MAINSTAR-FBO CEDRIC RANDOLPH | CLASS 3 | 25,664.19 | 1,226.18 | 0.00 | 24,438.01 |
| RANDOLPH | MAINSTAR-FBO ERIC RANDOLPH TW003680 | CLASS 3 | 112,300.00 | 2,979.07 | 0.00 | 109,320.93 |
| RANIERI | KEVIN WILLIAM & MARYBETH ANN RANIERI | CLASS 5 | 100,000.00 | 16,833.27 | 0.00 | 83,166.73 |
| RANIERI | PATRICK T RANIERI | CLASS 3 | 50,000.00 | 4,411.10 | 0.00 | 45,588.90 |
| RAO | PROV. TR GP-FBO SURESH & ANITA RAO ICA | CLASS 3 | 50,000.00 | 11,725.91 | 0.00 | 38,274.09 |
| RAO | PROV. TR GP-FBO SURESH & ANITA RAO ICA | CLASS 5 | 50,000.00 | 11,725.91 | 0.00 | 38,274.09 |
| RAPIEN | JAMES RAPIEN | CLASS 5 | 118,500.00 | 16,030.42 | 0.00 | 102,469.58 |
| RAPP | AMERICAN EST&TR FBO KENNETH E RAPP | CLASS 5 | 50,000.00 | 27,742.42 | 0.00 | 22,257.58 |
| RAPPA | KAREN M RAPPA | CLASS 3 | 75,000.00 | 7,916.67 | 0.00 | 67,083.33 |
| RAPPA | MAINSTAR-FBO JOHN A RAPPA | CLASS 3 | 50,500.00 | 2,996.33 | 0.00 | 47,503.67 |
| RAPPA | MICHAEL RAPPA | CLASS 3 | 30,000.00 | 5,162.08 | 0.00 | 24,837.92 |
| RAPPA | SAMUEL & DIANA RAPPA | CLASS 3 | 50,000.00 | 3,250.00 | 0.00 | 46,750.00 |
| RASBACH | CHUCK RASBACH | CLASS 3 | 100,000.00 | 160.42 | 0.00 | 99,839.58 |
| RASHEED | PROV. TR GP-FBO IDRIS RASHEED IRA | CLASS 3 | 40,500.00 | 275.63 | 0.00 | 40,224.37 |
| RASMUSSEN | JOHN & JANET RASMUSSEN | CLASS 3 | 125,000.00 | 29,198.71 | 0.00 | 95,801.29 |
| RASMUSSEN | JOHN & JANET RASMUSSEN | CLASS 5 | 100,000.00 | 23,358.97 | 0.00 | 76,641.03 |
| RASMUSSEN | VELIA & KEVIN RASMUSSEN | CLASS 3 | 124,800.00 | 4,665.27 | 0.00 | 120,134.73 |
| RATGEN | PROV. TR GP-FBO CLIFFORD G RATGEN IRA | CLASS 3 | 315,000.00 | 42,742.78 | 0.00 | 272,257.22 |
| RAUPP | IRA SVCS TR CO-CFBO MARYPATRIECE RAUPP | CLASS 3 | 27,400.00 | 536.60 | 0.00 | 26,863.40 |
| RAVE | MARCELLA RAVE | CLASS 3 | 25,000.00 | 309.03 | 0.00 | 24,690.97 |
| RAY | BRENDA K RAY | CLASS 5 | 204,000.00 | 34,680.00 | 0.00 | 169,320.00 |
| RAY | MAINSTAR-FBO DIANNA L RAY | CLASS 3 | 27,529.91 | 1,621.21 | 0.00 | 25,908.70 |
| RAYMOND | MAINSTAR-FBO RAYMOND BORNER | CLASS 3 | 50,000.00 | 3,104.16 | 0.00 | 46,895.84 |
| REAL ESTATE PLUS | REAL ESTATE PLUS INC | CLASS 3 | 175,000.00 | 13,930.49 | 0.00 | 161,069.51 |
| REAMS | PROV. TR GP-FBO JAMES W REAMS IRA | CLASS 3 | 75,000.00 | 10,350.00 | 0.00 | 64,650.00 |
| REANEY | JOSEPH J REANEY | CLASS 3 | 25,000.00 | 425.00 | 0.00 | 24,575.00 |
| REBMAN | ROBERT J & SARAH L REBMAN | CLASS 3 | 50,000.00 | 8,916.67 | 0.00 | 41,083.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| REBUCK | JOHN L & WILMA L REBUCK | CLASS 3 | 388,000.00 | 6,837.62 | 0.00 | 381,162.38 |
| RECINE | MARIA RECINE | CLASS 3 | 200,000.00 | 26,943.20 | 0.00 | 173,056.80 |
| REDDICK | PROV. TR GP-FBO ALAN D REDDICK IRA | CLASS 3 | 59,700.00 | 10,004.83 | 0.00 | 49,695.17 |
| REDMOND | BARBARA REDMOND | CLASS 3 | 43,160.35 | 1,480.67 | 0.00 | 41,679.68 |
| REDMOND | WILLIAM T REDMOND | CLASS 3 | 80,000.00 | 1,822.21 | 0.00 | 78,177.79 |
| REDSTONE | MICHAEL REDSTONE | CLASS 3 | 30,000.00 | 5,300.56 | 0.00 | 24,699.44 |
| REDSTONE | MICHAEL REDSTONE | CLASS 5 | 50,000.00 | 8,834.27 | 0.00 | 41,165.73 |
| REED | CURTIS D REED | CLASS 3 | 25,000.00 | 29.17 | 0.00 | 24,970.83 |
| REED | MICHAEL R REED | CLASS 3 | 225,000.00 | 11,779.16 | 0.00 | 213,220.84 |
| REED | PROV. TR GP-FBO DAVID W REED IRA | CLASS 5 | 339,800.00 | 69,038.44 | 0.00 | 270,761.56 |
| REED | STANLEY H REED | CLASS 3 | 50,000.00 | 6,316.67 | 0.00 | 43,683.33 |
| REED | SUNWEST TR SUSAN A REED IRA #1712901 | CLASS 3 | 100,000.00 | 2,350.00 | 0.00 | 97,650.00 |
| REED | THE REED FTA | CLASS 5 | 100,000.00 | 32,441.04 | 0.00 | 67,558.96 |
| REED | TMICO-FBO BONNIE S REED IRA | CLASS 5 | 102,689.95 | 19,737.42 | 0.00 | 82,952.53 |
| REED | TMICO-FBO THOMAS K REED TRAD IRA | CLASS 5 | 50,000.00 | 17,333.49 | 0.00 | 32,666.51 |
| REED/FLARITY | DAVID W REED & KATHLEEN M FLARITY | CLASS 5 | 100,000.00 | 18,599.95 | 0.00 | 81,400.05 |
| REEDER | ROBERT L & J AILEEN REEDER | CLASS 3 | 75,000.00 | 2,056.25 | 0.00 | 72,943.75 |
| REESE | CLAUDE T REESE SR | CLASS 5 | 300,000.00 | 44,888.91 | 0.00 | 255,111.09 |
| REESE | DOROTHY E REESE | CLASS 5 | 200,000.00 | 21,083.37 | 0.00 | 178,916.63 |
| REEVES | GERALD C REEVES | CLASS 3 | 265,000.00 | 12,565.30 | 1,000.00 | 251,434.70 |
| REEVES | MAINSTAR-FBO GERALD REEVES BT176600 | CLASS 3 | 89,394.00 | 3,873.74 | 0.00 | 85,520.26 |
| REEVES | THE REEVES FT DTD 01/13/17 | CLASS 3 | 33,000.00 | 128.33 | 0.00 | 32,871.67 |
| REGNER | PROV. TR GP-FBO ROBERT P REGNER IRA | CLASS 3 | 78,250.00 | 8,905.65 | 0.00 | 69,344.35 |
| REGNER | PROV. TR GP-FBO ROBERT P REGNER IRA | CLASS 5 | 794,862.00 | 90,463.44 | 0.00 | 704,398.56 |
| REGNER | ROBERT P REGNER | CLASS 3 | 300,000.00 | 26,216.64 | 0.00 | 273,783.36 |
| REGNER | ROBERT P REGNER | CLASS 5 | 100,000.00 | 8,738.88 | 0.00 | 91,261.12 |
| REHM | ROBERT S & DOROTHY K REHM | CLASS 5 | 50,000.00 | 10,305.63 | 0.00 | 39,694.37 |
| REICH | BEVERLY REICH | CLASS 3 | 25,000.00 | 2,789.65 | 0.00 | 22,210.35 |
| REICH | FRANCES REICH | CLASS 3 | 25,000.00 | 344.45 | 0.00 | 24,655.55 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| REICHWALD-HIRANAN. | REICHWALD-HIRANANDANI LT | CLASS 3 | 50,000.00 | 2,166.64 | 0.00 | 47,833.36 |
| REID | DR JOHN R & BARBARA REID | CLASS 3 | 50,000.00 | 10,726.32 | 0.00 | 39,273.68 |
| REID | DR JOHN R & BARBARA REID | CLASS 5 | 50,000.00 | 10,726.32 | 0.00 | 39,273.68 |
| REID | RICHARD H REID | CLASS 5 | 100,000.00 | 37,798.22 | 0.00 | 62,201.78 |
| REID | TMICO-FBO RICHARD H REID TRAD IRA | CLASS 5 | 100,000.00 | 29,930.03 | 0.00 | 70,069.97 |
| REID | TMICO-FBO SHERRY A REID IRA | CLASS 5 | 88,250.00 | 25,862.27 | 0.00 | 62,387.73 |
| REIDHEAD | IRA SVCS TR CO-CFBO GLEN ALLEN REIDHEAD | CLASS 3 | 62,500.00 | 631.94 | 0.00 | 61,868.06 |
| REIFFER | PROV. TR GP-FBO MONICA T REIFFER IRA | CLASS 3 | 53,000.00 | 4,320.10 | 0.00 | 48,679.90 |
| REILY | JONATHAN D REILY | CLASS 5 | 150,000.00 | 19,166.67 | 0.00 | 130,833.33 |
| REIMER | ERVIN C REIMER | CLASS 3 | 50,000.00 | 2,743.45 | 0.00 | 47,256.55 |
| REIMER | VELMA D REIMER | CLASS 3 | 100,000.00 | 3,836.38 | 0.00 | 96,163.62 |
| REINER | PROV. TR GP-FBO DOUG REINER IRA | CLASS 3 | 80,000.00 | 9,641.96 | 625.50 | 69,732.54 |
| REINHARDT | IRA SVCS TR CO-CFBO MELVIN REINHARDT IRA | CLASS 3 | 25,000.00 | 3,484.95 | 0.00 | 21,515.05 |
| REINHARDT | IRA SVCS TR CO-CFBO MELVIN REINHARDT IRA | CLASS 5 | 53,000.00 | 7,388.09 | 0.00 | 45,611.91 |
| REIS | MAINSTAR-FBO FRANKLIN D REIS TW004094 | CLASS 3 | 50,000.00 | 808.33 | 0.00 | 49,191.67 |
| REISIG | MONA REISIG | CLASS 3 | 65,000.00 | 974.99 | 0.00 | 64,025.01 |
| REITTER | GEORGE REITTER | CLASS 3 | 60,000.00 | 325.00 | 0.00 | 59,675.00 |
| REITTER | SILVIA REITTER | CLASS 3 | 100,000.00 | 638.89 | 0.00 | 99,361.11 |
| REITZEL | JACK D & PATRICIA T REITZEL | CLASS 3 | 25,000.00 | 2,743.14 | 0.00 | 22,256.86 |
| REKART | IRA SVCS TR CO-CFBO THEODORE REKART IRA | CLASS 3 | 100,000.00 | 9,083.27 | 0.00 | 90,916.73 |
| REMIS | LAURENCE REMIS | CLASS 3 | 25,000.00 | 2,644.38 | 0.00 | 22,355.62 |
| REMSING | THE VERA REMSING RT | CLASS 3 | 150,000.00 | 26,425.00 | 15,012.02 | 108,562.98 |
| RENO | GEORGE & ELIZABETH P RENO | CLASS 3 | 100,000.00 | 6,343.13 | 0.00 | 93,656.87 |
| RENSHAW | PROV. TR GP-FBO ANTONETTE RENSHAW IRA | CLASS 3 | 295,000.00 | 59,588.44 | 0.00 | 235,411.56 |
| RENSHAW | PROV. TR GP-FBO ANTONETTE RENSHAW IRA | CLASS 5 | 100,000.00 | 20,199.47 | 0.00 | 79,800.53 |
| RENSHAW | PROV. TR GP-FBO JUDITH RENSHAW IRA | CLASS 3 | 100,000.00 | 14,137.50 | 0.00 | 85,862.50 |
| RENTERIA | ADELA RENTERIA | CLASS 3* | 25,000.00 | 208.34 | 0.00 | 24,791.66 |
| REPASKY | PROV. TR GP-FBO WILLIAM P REPASKY IRA | CLASS 3 | 50,000.00 | 3,103.68 | 0.00 | 46,896.32 |
| REPASKY | PROV. TR GP-FBO WILLIAM REPASKY IRA | CLASS 5 | 100,000.00 | 10,388.89 | 0.00 | 89,611.11 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| REPASKY | WILLIAM P REPASKY | CLASS 3 | 75,000.00 | 5,443.77 | 0.00 | 69,556.23 |
| REQUEJO | ADOLFO & XIOMARA REQUEJO | CLASS 3 | 400,000.00 | 19,800.02 | 0.00 | 380,199.98 |
| REQUEJO | PROV. TR GP-FBO ADOLFO REQUEJO IRA | CLASS 5 | 120,000.00 | 4,916.67 | 0.00 | 115,083.33 |
| REQUEJO | PROV. TR GP-FBO XIOMARA REQUEJO IRA | CLASS 5 | 120,000.00 | 5,916.67 | 0.00 | 114,083.33 |
| RESNICK | SHARON G RESNICK | CLASS 3 | 50,000.00 | 3,847.16 | 0.00 | 46,152.84 |
| RESSEGUIE | ROBERT RESSEGUIE | CLASS 5 | 50,000.00 | 10,166.75 | 0.00 | 39,833.25 |
| REUBER | JAMES L REUBER | CLASS 3 | 50,000.00 | 3,000.00 | 0.00 | 47,000.00 |
| REUNING | DANIEL & BARBARA REUNING | CLASS 3 | 58,000.00 | 3,496.08 | 0.00 | 54,503.92 |
| REVILL | HARRY REVILL SURV SP TR AMND 2009 | CLASS 3 | 501,000.00 | 47,928.40 | 0.00 | 453,071.60 |
| REVILL | TR OF JANNEKE & HARRY REVILL RLT 11/22/97 | CLASS 3 | 200,000.00 | 17,927.82 | 0.00 | 182,072.18 |
| REYNOLDS | CURTIS REYNOLDS | CLASS 3 | 100,000.00 | 7,107.68 | 0.00 | 92,892.32 |
| REYNOLDS | DEBORAH REYNOLDS | CLASS 3 | 25,000.00 | 1,715.25 | 0.00 | 23,284.75 |
| REYNOLDS | DON C REYNOLDS | CLASS 3 | 21,433.29 | 44.65 | 0.00 | 21,388.64 |
| REYNOLDS | MAINSTAR-FBO BARBARA REYNOLDS | CLASS 3 | 26,000.00 | 1,956.50 | 0.00 | 24,043.50 |
| REYNOLDS | MAINSTAR-FBO DON REYNOLDS T2178318 | CLASS 3 | 21,888.00 | 39.52 | 0.00 | 21,848.48 |
| REYNOLDS | PHYLLIS J REYNOLDS | CLASS 3 | 100,000.00 | 2,725.00 | 0.00 | 97,275.00 |
| REYNOLDS | PROV. TR GP-FBO EVELYN REYNOLDS IRA | CLASS 3 | 26,250.00 | 2,391.67 | 0.00 | 23,858.33 |
| REYNOLDS | REBECCA B REYNOLDS | CLASS 3 | 400,000.00 | 8,288.19 | 0.00 | 391,711.81 |
| REYNOLDS | ROBERT & JACQUELINE REYNOLDS RLT 06/05/03 | CLASS 3 | 30,000.00 | 2,615.82 | 0.00 | 27,384.18 |
| RHOADES | DANIEL & CASSANDRA RHOADES | CLASS 3 | 80,000.00 | 8,213.39 | 0.00 | 71,786.61 |
| RHODA | DONALD C & MICHAEL J RHODA | CLASS 3 | 75,000.00 | 12,558.35 | 1,000.00 | 61,441.65 |
| RHODEN | REBEKAH N RHODEN | CLASS 3 | 60,000.00 | 6,893.00 | 0.00 | 53,107.00 |
| RHODES | DR MICHAEL RHODES | CLASS 3 | 120,000.00 | 30,683.25 | 0.00 | 89,316.75 |
| RHODES | THE NANCY A RHODES LT DTD 01/29/15 | CLASS 3 | 100,000.00 | 7,736.17 | 0.00 | 92,263.83 |
| RIBBECK/SLUYTERS | NOLA RIBBECK & ELIZABETH A SLUYTERS | CLASS 3 | 25,000.00 | 1,149.62 | 0.00 | 23,850.38 |
| RICCINTO | DOREEN RICCINTO | CLASS 3 | 48,000.00 | 4,598.00 | 0.00 | 43,402.00 |
| RICCINTO | MAINSTAR-FBO DOREEN RICCINTO T2174785 | CLASS 3 | 733,000.00 | 73,580.04 | 0.00 | 659,419.96 |
| RICCINTO | MAINSTAR-FBO DOREEN RICCINTO T2174785 | CLASS 5 | 100,000.00 | 10,038.21 | 0.00 | 89,961.79 |
| RICE | BONNIE & TRACY RICE | CLASS 3 | 40,000.00 | 600.00 | 0.00 | 39,400.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| RICE | JAMES R RICE | CLASS 3 | 150,000.00 | 12,175.00 | 0.00 | 137,825.00 |
| RICE | MAINSTAR-FBO CLIFFORD A RICE | CLASS 3 | 99,950.00 | 5,989.04 | 0.00 | 93,960.96 |
| RICE | SALLIE R RICE | CLASS 3 | 700,000.00 | 53,733.34 | 0.00 | 646,266.66 |
| RICH | DAVID & YONG-OK RICH | CLASS 3 | 177,500.00 | 13,070.42 | 0.00 | 164,429.58 |
| RICH | HORIZON TR CO-FBO DAVID RICH SEP IRA | CLASS 3 | 74,400.00 | 1,525.20 | 0.00 | 72,874.80 |
| RICHARD | TIMOTHY LEE & DIANNE B RICHARD | CLASS 3 | 100,000.00 | 15,616.67 | 1,000.00 | 83,383.33 |
| RICHARDS | THOMAS M & KATHLEEN V RICHARDS | CLASS 3 | 50,000.00 | 2,570.84 | 0.00 | 47,429.16 |
| RICHARDSON COMPANY | THE RICHARDSON COMPANY | CLASS 3 | 300,000.00 | 0.00 | 0.00 | 300,000.00 |
| RICHINS | ROGER RICHINS FT | CLASS 3 | 25,000.00 | 586.82 | 0.00 | 24,413.18 |
| RICHTER | IRA SVCS TR CO-CFBO DENISE A RICHTER IRA | CLASS 3 | 25,000.00 | 1,711.14 | 0.00 | 23,288.86 |
| RICHTER | IRA SVCS TR CO-CFBO PETER RICHTER IRA | CLASS 3 | 25,000.00 | 1,572.92 | 0.00 | 23,427.08 |
| RICHTER | PROV. TR GP-FBO THOMAS RICHTER IRA | CLASS 3 | 109,000.00 | 5,970.38 | 0.00 | 103,029.62 |
| RICHTER | RON RICHTER | CLASS 3 | 80,000.00 | 9,169.20 | 0.00 | 70,830.80 |
| RICHTIGER | ISAAC RICHTIGER | CLASS 3 | 100,000.00 | 5,327.75 | 0.00 | 94,672.25 |
| RICHTIGER | MAINSTAR-FBO ISAAC RICHTIGER T2176237 | CLASS 3 | 149,954.00 | 8,769.31 | 0.00 | 141,184.69 |
| RIDGWAY | WALTER RIDGWAY | CLASS 3 | 100,000.00 | 3,733.33 | 0.00 | 96,266.67 |
| RIEGELSBERGER | MAINSTAR-FBO KEITH A RIEGELSBERGER | CLASS 3 | 25,000.00 | 1,145.83 | 0.00 | 23,854.17 |
| RIETMANN | MAINSTAR-FBO THOMAS RIETMANN | CLASS 3 | 150,000.00 | 10,062.50 | 0.00 | 139,937.50 |
| RIFFLE | JIM & SHIRLEY RIFFLE | CLASS 3 | 37,000.00 | 411.12 | 0.00 | 36,588.88 |
| RIGHETTI | AUBREY RIGHETTI | CLASS 3 | 25,000.00 | 1,829.17 | 0.00 | 23,170.83 |
| RIKER | THE THOMAS G & HELEN M RIKER FT | CLASS 3 | 50,000.00 | 2,483.33 | 0.00 | 47,516.67 |
| RILEY | JOHN M & JOAN ANN RILEY RT DTD 11/07/94 | CLASS 3 | 75,000.00 | 1,870.28 | 0.00 | 73,129.72 |
| RILEY | MAINSTAR-FBO JOHN RILEY TW003976 | CLASS 3 | 78,000.00 | 1,922.38 | 0.00 | 76,077.62 |
| RILEY | MAINSTAR-FBO MARTIN RILEY T2177343 | CLASS 3 | 82,500.00 | 1,780.63 | 0.00 | 80,719.37 |
| RILEY | PROV. TR GP-FBO CATHERINE M RILEY IRA | CLASS 3 | 120,000.00 | 10,940.81 | 0.00 | 109,059.19 |
| RIMMINGTON | IRA SVCS TR CO-CFBO PATRICIA RIMMINGTON | CLASS 3 | 15,000.00 | 1,898.25 | 0.00 | 13,101.75 |
| RIMMINGTON | IRA SVCS TR CO-CFBO SIDNEY T RIMMINGTON | CLASS 3 | 60,000.00 | 7,593.00 | 0.00 | 52,407.00 |
| RIMSHAW | IRA SVCS TR CO-CFBO LINDA RIMSHAW IRA | CLASS 3 | 50,000.00 | 21,334.90 | 0.00 | 28,665.10 |
| RINCHKO | CHARLES RINCHKO | CLASS 3 | 200,000.00 | 0.00 | 0.00 | 200,000.00 |

## Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
## Woodbridge Group of Companies, LLC and Its Affliated Debtors
### Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| RING | ALVIN RING | CLASS 3 | 50,000.00 | 2,211.78 | 0.00 | 47,788.22 |
| RINGSDORF | GARY G RINGSDORF | CLASS 3 | 100,000.00 | 5,488.92 | 0.00 | 94,511.08 |
| RINKER | DAVID & JANICE RINKER | CLASS 3 | 75,000.00 | 0.00 | 0.00 | 75,000.00 |
| RIOUX/LAMEW | JANINE RIOUX & REX LAMEW | CLASS 3 | 50,000.00 | 1,430.54 | 0.00 | 48,569.46 |
| RIPP | DEAN E & DEBRA S RIPP | CLASS 3 | 150,000.00 | 19,255.45 | 0.00 | 130,744.55 |
| RISPOLI | ELIZABETH & VINCENT RISPOLI | CLASS 3 | 90,000.00 | 14,506.98 | 0.00 | 75,493.02 |
| RISSER | MAINSTAR-FBO DAVID RISSER TW003097 | CLASS 3 | 180,000.00 | 8,576.62 | 0.00 | 171,423.38 |
| RISSER | MAINSTAR-FBO LYNNE RISSER T2177438 | CLASS 3 | 228,000.00 | 8,056.00 | 0.00 | 219,944.00 |
| RITA | MICHAEL & CHERYL RITA | CLASS 3 | 26,000.00 | 1,285.52 | 0.00 | 24,714.48 |
| RITCHEY | SHERYL L & EDWARD D RITCHEY | CLASS 3 | 50,000.00 | 13,508.32 | 0.00 | 36,491.68 |
| RITCHEY | SHERYL L & EDWARD D RITCHEY | CLASS 5 | 50,000.00 | 13,508.32 | 0.00 | 36,491.68 |
| RITCHIE-HALLADA | CONNIE RITCHIE-HALLADA | CLASS 3 | 100,000.00 | 12,488.95 | 0.00 | 87,511.05 |
| RITTENHOUSE | MAINSTAR-FBO RICK A RITTENHOUSE T2176997 | CLASS 3 | 507,889.97 | 23,188.58 | 0.00 | 484,701.39 |
| RITTER | KURT W & ELFRIEDE M RITTER | CLASS 3 | 55,000.00 | 4,017.18 | 0.00 | 50,982.82 |
| RIVENBURG | PROV. TR GP-FBO JAMES W RIVENBURG IRA | CLASS 3 | 38,600.00 | 533.97 | 0.00 | 38,066.03 |
| RIVERA-BAEZ | MAINSTAR-FBO W RIVERA-BAEZ T2177731 | CLASS 3 | 71,000.00 | 1,029.50 | 0.00 | 69,970.50 |
| RIVERO | MAINSTAR-FBO GEORGE G RIVERO T2174523 | CLASS 3 | 185,000.00 | 18,701.69 | 0.00 | 166,298.31 |
| RIVES-WOLTOMATH | DONNA S RIVES-WOLTOMATH | CLASS 5 | 100,000.00 | 9,316.62 | 0.00 | 90,683.38 |
| RIZER | RONALD L RIZER | CLASS 3 | 90,000.00 | 4,696.25 | 0.00 | 85,303.75 |
| RIZZO | MAINSTAR-FBO JACK S RIZZO | CLASS 3 | 300,000.00 | 47,493.04 | 0.00 | 252,506.96 |
| RMM INVESTMENT | RMM INVESTMENT TR SOLO 401K | CLASS 3 | 200,000.00 | 5,033.33 | 0.00 | 194,966.67 |
| ROACH | MARY T ROACH SURVIVORS TR UTD 11/21/05 | CLASS 3 | 100,000.00 | 6,008.30 | 0.00 | 93,991.70 |
| ROACH | MICHAEL S ROACH TTEE MICHAEL SHANE TR | CLASS 3 | 50,000.00 | 5,050.00 | 0.00 | 44,950.00 |
| ROACH | PROV. TR GP-FBO MARY T ROACH IRA | CLASS 3 | 198,000.00 | 19,599.25 | 0.00 | 178,400.75 |
| ROBB | JAMES D ROBB | CLASS 3 | 50,000.00 | 1,380.57 | 0.00 | 48,619.43 |
| ROBB | KIM R ROBB | CLASS 3 | 50,000.00 | 6,344.44 | 1,000.00 | 42,655.56 |
| ROBB | PROV. TR GP-FBO KIM R ROBB IRA | CLASS 3 | 25,000.00 | 1,166.67 | 0.00 | 23,833.33 |
| ROBBE | ROBERT ROBBE | CLASS 3 | 75,000.00 | 6,445.06 | 0.00 | 68,554.94 |
| ROBBINS | MAINSTAR-FBO GLADE J ROBBINS | CLASS 3 | 176,600.00 | 21,780.65 | 0.00 | 154,819.35 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ROBBINS | RICHARD S & MARIAN P ROBBINS | CLASS 3 | 100,000.00 | 1,336.12 | 0.00 | 98,663.88 |
| ROBERSON | PROV. TR GP-FBO JOHN L ROBERSON IRA | CLASS 3 | 125,000.00 | 19,652.63 | 0.00 | 105,347.37 |
| ROBERTS | ARTHUR W ROBERTS JR EXEMPT TR 11/05/97 | CLASS 3 | 250,000.00 | 43,250.18 | 0.00 | 206,749.82 |
| ROBERTS | ARTHUR W ROBERTS JR LT 11/14/03 | CLASS 3 | 125,000.00 | 18,958.37 | 0.00 | 106,041.63 |
| ROBERTS | CHERYL ROBERTS | CLASS 3 | 50,000.00 | 381.94 | 0.00 | 49,618.06 |
| ROBERTS | PROV. TR GP-FBO DONNA M ROBERTS IRA | CLASS 3 | 407,000.00 | 32,831.75 | 0.00 | 374,168.25 |
| ROBERTS | THE ROBERTS RLT | CLASS 3 | 40,000.00 | 888.90 | 0.00 | 39,111.10 |
| ROBERTS | TMICO-FBO JOHN V ROBERTS TR IRA | CLASS 5 | 144,000.00 | 60,880.00 | 0.00 | 83,120.00 |
| ROBERTS & COMPANY | ROBERTS & COMPANY INC 401K PLAN | CLASS 5 | 250,000.00 | 35,944.43 | 0.00 | 214,055.57 |
| ROBERTSON | HARRY N ROBERTSON JR | CLASS 3 | 50,000.00 | 1,229.84 | 0.00 | 48,770.16 |
| ROBERTSON | PROV. TR GP-FBO CONRAD ROBERTSON IRA | CLASS 5 | 421,680.00 | 108,934.00 | 0.00 | 312,746.00 |
| ROBERTSON | PROV. TR GP-FBO KIMBERLY ROBERTSON IRA | CLASS 5 | 159,500.00 | 30,605.30 | 0.00 | 128,894.70 |
| ROBERTSON | PROV. TR GP-FBO VIVIAN L ROBERTSON IRA | CLASS 3 | 148,950.00 | 9,019.75 | **0.00** | 139,930.25 |
| ROBERTSON | ROBERTSON FT DTD 12/23/92 | CLASS 5 | 50,000.00 | 15,883.35 | 0.00 | 34,116.65 |
| ROBEY | HORIZON TR CO-FBO DAVID ROBEY JR TRAD IRA | CLASS 3 | 105,000.00 | 1,596.66 | 1,000.00 | 102,403.34 |
| ROBINSON | ADV. IRA SVC-FBO ANGELA ROBINSON IRA | CLASS 3 | 95,000.00 | 7,981.25 | 0.00 | 87,018.75 |
| ROBINSON | DAVID S ROBINSON | CLASS 3 | 50,000.00 | 5,201.35 | 0.00 | 44,798.65 |
| ROBINSON | IRA SVCS TR CO-CFBO GUILFORD A ROBINSON | CLASS 5 | 100,000.00 | 5,536.16 | 0.00 | 94,463.84 |
| ROBINSON | JAY WILFRED & SUSAN H ROBINSON | CLASS 3 | 50,000.00 | 11,116.67 | 0.00 | 38,883.33 |
| ROBINSON | MAINSTAR-FBO RAMONA ROBINSON T2177643 | CLASS 3 | 60,000.00 | 1,075.00 | 0.00 | 58,925.00 |
| ROBINSON | PROV. TR GP-FBO BRUCE A ROBINSON IRA | CLASS 3 | 50,000.00 | 4,481.94 | 0.00 | 45,518.06 |
| ROBINSON | PROV. TR GP-FBO SANDRA R ROBINSON IRA | CLASS 3 | 90,547.00 | 19,104.73 | 0.00 | 71,442.27 |
| ROBISON | SHIRLEY L ROBISON IRREV TR | CLASS 3 | 50,000.00 | 4,005.60 | 0.00 | 45,994.40 |
| ROCKS | MICHAEL ROCKS | CLASS 3 | 70,000.00 | 7,775.86 | 0.00 | 62,224.14 |
| ROCKWELL | PROV. TR GP-FBO KIRBY ROCKWELL IRA | CLASS 3 | 46,118.04 | 1,898.53 | 0.00 | 44,219.51 |
| RODRIGUEZ | BENJAMIN JR & FRANCESCA M RODRIGUEZ | CLASS 5 | 100,000.00 | 3,763.89 | 0.00 | 96,236.11 |
| RODRIGUEZ | DANIEL E RODRIGUEZ | CLASS 3 | 50,000.00 | 505.56 | 0.00 | 49,494.44 |
| RODRIGUEZ | DIANE RODRIGUEZ | CLASS 3 | 50,000.00 | 340.28 | 0.00 | 49,659.72 |
| RODRIGUEZ | JOHN RODRIGUEZ | CLASS 3 | 50,000.00 | 340.28 | 0.00 | 49,659.72 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| RODRIGUEZ | MAINSTAR-FBO GILBERT RODRIGUEZ T2175925 | CLASS 3 | 94,600.00 | 7,087.12 | 0.00 | 87,512.88 |
| RODRIGUEZ | RODRIGO S & FLORA M RODRIGUEZ | CLASS 5 | 300,000.00 | 99,069.19 | 0.00 | 200,930.81 |
| ROE | MAINSTAR-FBO TODD C ROE T2177088 | CLASS 3 | 35,000.00 | 1,256.50 | 0.00 | 33,743.70 |
| ROEKLE | ALAN J ROEKLE | CLASS 3 | 120,000.00 | 1,050.00 | 0.00 | 118,950.00 |
| ROESSNER | DEBRA R ROESSNER | CLASS 3 | 300,000.00 | 13,781.29 | 0.00 | 286,218.71 |
| ROESSNER | JEFF D ROESSNER | CLASS 3 | 350,000.00 | 35,133.76 | 0.00 | 314,866.24 |
| ROETHLE | GERALD J ROETHLE JR | CLASS 3 | 150,000.00 | 8,754.19 | 0.00 | 141,245.81 |
| ROETHLE | PROV. TR GP-FBO GERALD J ROETHLE JR IRA | CLASS 3 | 48,000.00 | 1,742.45 | 0.00 | 46,257.55 |
| ROETHLE | PROV. TR GP-FBO GERALD J ROETHLE JR IRA | CLASS 5 | 200,000.00 | 7,260.22 | 0.00 | 192,739.78 |
| ROETHLE | PROV. TR GP-FBO SUZANNE ROETHLE ROTH IRA | CLASS 3 | 23,000.00 | 1,159.58 | 0.00 | 21,840.42 |
| ROETTGER/HENRY | MARJORIE L ROETTGER & CAROL L HENRY | CLASS 3 | 25,000.00 | 1,283.33 | 0.00 | 23,716.67 |
| ROGERS | CHRISTOPHER ROGERS | CLASS 5 | 50,000.00 | 6,086.68 | 0.00 | 43,913.32 |
| ROGERS | DAVID & JUDY ROGERS | CLASS 3 | 25,000.00 | 2,261.05 | 0.00 | 22,738.95 |
| ROGERS | GAYLE G ROGERS | CLASS 3 | 165,000.00 | 15,200.63 | 0.00 | 149,799.37 |
| ROGERS | GEORGE R & LYNDA L ROGERS | CLASS 3 | 100,000.00 | 305.56 | 0.00 | 99,694.44 |
| ROGERS | MICAELA ROGERS | CLASS 3 | 200,000.00 | 31,866.71 | 0.00 | 168,133.29 |
| ROGERS | MICAELA ROGERS | CLASS 5 | 200,000.00 | 31,866.71 | 0.00 | 168,133.29 |
| ROGERS | PROV. TR GP-FBO CYNTHIA M ROGERS IRA | CLASS 3 | 200,000.00 | 30,569.44 | 0.00 | 169,430.56 |
| ROGERS | PROV. TR GP-FBO GAYLE G ROGERS IRA | CLASS 5 | 99,000.00 | 20,075.00 | 0.00 | 78,925.00 |
| ROGERS | RONDA L ROGERS | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| ROGERS | WILLIAM M & ROBIN P ROGERS | CLASS 3 | 100,000.00 | 6,879.21 | 0.00 | 93,120.79 |
| ROGGENKAMP | JOYCE ROGGENKAMP | CLASS 3 | 50,000.00 | 2,761.14 | 0.00 | 47,238.86 |
| ROGOSHESKE | MAINSTAR-FBO STEVEN ROGOSHESKE | CLASS 3 | 60,000.00 | 2,780.00 | 0.00 | 57,220.00 |
| ROGUSKY | ALLEN L & SUSAN E ROGUSKY | CLASS 3 | 80,000.00 | 346.67 | 0.00 | 79,653.33 |
| ROHRER | MAINSTAR-FBO THOMAS ROHRER T2176641 | CLASS 3 | 92,000.00 | 4,060.78 | 0.00 | 87,939.22 |
| ROHRER | RON & DONNA ROHRER | CLASS 3 | 200,000.00 | 9,441.70 | 0.00 | 190,558.30 |
| ROJO | ANGELINA ROJO | CLASS 3 | 84,300.00 | 10,636.31 | 0.00 | 73,663.69 |
| ROJO | PROV. TR GP-FBO ANGELINA ROJO IRA | CLASS 3 | 15,850.00 | 2,091.98 | 0.00 | 13,758.02 |
| ROLLERSON | MARY D & WALTER E ROLLERSON | CLASS 3 | 250,000.00 | 3,621.79 | 0.00 | 246,378.21 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ROLLINS | PHILLIP II & SHARON ROLLINS | CLASS 3 | 232,000.00 | 30,887.34 | 0.00 | 201,112.66 |
| ROMAIN | GERARD ROMAIN MD IRREV TR | CLASS 5 | 500,000.00 | 74,152.83 | 0.00 | 425,847.17 |
| ROMANICK | MAINSTAR-FBO PAUL ROMANICK T2176744 | CLASS 3 | 50,000.00 | 2,040.27 | 0.00 | 47,959.73 |
| ROMANICK | MAINSTAR-FBO RITA ROMANICK T2176745 | CLASS 3 | 25,000.00 | 1,020.14 | 0.00 | 23,979.86 |
| ROMANO | GINA E ROMANO | CLASS 3 | 100,000.00 | 1,450.00 | 0.00 | 98,550.00 |
| ROMERO | MAINSTAR-FBO VIRGINIA ROMERO T2175739 | CLASS 3 | 100,000.00 | 3,216.67 | 0.00 | 96,783.33 |
| ROMERO | ROBERT & HALLIE ROMERO | CLASS 3 | 132,143.00 | 3,371.50 | 0.00 | 128,771.50 |
| ROMINGER | KENT & MARY SUE ROMINGER | CLASS 3 | 200,000.00 | 4,627.79 | 0.00 | 195,372.21 |
| ROMINGER | KENT ROMINGER | CLASS 3 | 200,000.00 | 15,738.94 | 0.00 | 184,261.06 |
| ROMINGER | PROV. TR GP-FBO KENT ROMINGER IRA | CLASS 3 | 398,000.00 | 27,240.89 | 0.00 | 370,759.11 |
| RONDEAU | J HAWKEYE RONDEAU | CLASS 3 | 25,000.00 | 1,306.21 | 0.00 | 23,693.79 |
| ROOD | ROBERT L ROOD | CLASS 3 | 47,000.00 | 3,869.67 | 0.00 | 43,130.33 |
| ROON | SUZANNE ROON | CLASS 3 | 33,000.00 | 4,350.00 | 0.00 | 28,650.00 |
| ROONEY | WILLIAM ROONEY | CLASS 3 | 25,000.00 | 1,497.19 | 0.00 | 23,502.81 |
| ROOSE | PROV. TR GP-FBO SHIRLEY ROOSE IRA | CLASS 3 | 103,000.00 | 22,351.84 | 0.00 | 80,648.16 |
| ROSBOROUGH | LINDA S & JAMES M ROSBOROUGH | CLASS 3 | 50,000.00 | 9,541.59 | 0.00 | 40,458.41 |
| ROSCOE-GUSTAFSON | ELDA JUNE ROSCOE-GUSTAFSON | CLASS 3 | 25,000.00 | 371.54 | 0.00 | 24,628.46 |
| ROSE | FERNANDE ROSE | CLASS 3 | 25,000.00 | 3,242.46 | 0.00 | 21,757.54 |
| ROSE | THOMAS A ROSE | CLASS 3 | 200,000.00 | 26,724.91 | 0.00 | 173,275.09 |
| ROSEN | EDITH & SAM ROSEN | CLASS 3 | 40,000.00 | 12,416.10 | 0.00 | 27,583.90 |
| ROSENBERG | RICHARD & DOLORES ROSENBERG RLT 08/29/16 | CLASS 3 | 50,000.00 | 7,585.37 | 0.00 | 42,414.63 |
| ROSENBLATT | ANNA ROSENBLATT | CLASS 3 | 110,500.00 | 6,164.17 | 0.00 | 104,335.83 |
| ROSENBLATT | ANNA ROSENBLATT RLT | CLASS 3 | 115,000.00 | 9,541.00 | 0.00 | 105,459.00 |
| ROSENBLATT | RONALD K ROSENBLATT | CLASS 5 | 100,000.00 | 38,549.92 | 0.00 | 61,450.08 |
| ROSENTHAL | LEWIS ROSENTHAL | CLASS 5 | 202,000.00 | 18,723.51 | 0.00 | 183,276.49 |
| ROSER | JOHN & KRISTINA ROSER | CLASS 3 | 100,000.00 | 3,249.33 | 0.00 | 96,750.67 |
| ROSETTA | JIM E & SUSAN L ROSETTA | CLASS 3 | 25,000.00 | 781.27 | 0.00 | 24,218.73 |
| ROSEWOOD CAPITAL | ROSEWOOD CAPITAL INVESTMENTS INC | CLASS 3 | 2,726,777.81 | 49,456.31 | 0.00 | 2,677,321.50 |
| ROSEWOOD CAPITAL | ROSEWOOD CAPITAL INVESTMENTS INC | CLASS 3* | 711,500.00 | 21,345.00 | 0.00 | 690,155.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ROSIKIEWICZ | JOSEPHINE ROSIKIEWICZ | CLASS 3 | 125,000.00 | 17,028.16 | 0.00 | 107,971.84 |
| ROSIKIEWICZ | JOSEPHINE ROSIKIEWICZ | CLASS 5 | 60,000.00 | 8,173.51 | 0.00 | 51,826.49 |
| ROSIKIEWICZ | JOSEPHINE ROSIKIEWICZ RT DTD 09/01/16 | CLASS 5 | 63,000.00 | 6,349.98 | 0.00 | 56,650.02 |
| ROSS | IRA SVCS TR CO-CFBO RONALD K ROSS IRA | CLASS 3 | 30,000.00 | 1,508.33 | 0.00 | 28,491.67 |
| ROSS | PROV. TR GP-FBO N EDWARD ROSS IRA | CLASS 3 | 70,000.00 | 9,730.00 | 0.00 | 60,270.00 |
| ROSS | PROV. TR GP-FBO ROBERT S ROSS IRA | CLASS 3 | 30,535.00 | 1,598.85 | 0.00 | 28,936.15 |
| ROSS | ROSS RT | CLASS 3 | 116,350.00 | 3,829.86 | 0.00 | 112,520.14 |
| ROSSOW | PROV. TR GP-FBO DOYLE L ROSSOW IRA | CLASS 3 | 50,000.00 | 12,383.17 | 0.00 | 37,616.83 |
| ROSTANT | DEREK MALCOLM ROSTANT | CLASS 3 | 50,000.00 | 505.56 | 0.00 | 49,494.44 |
| ROSTANT | KENNETH J ROSTANT | CLASS 3 | 50,000.00 | 476.39 | 0.00 | 49,523.61 |
| ROTH | ARNOLD ROTH | CLASS 3 | 25,000.00 | 1,203.09 | 0.00 | 23,796.91 |
| ROTH | HORIZON TR CO-FBO WILLIAM B ROTH IRA | CLASS 3 | 48,482.54 | 197.97 | 0.00 | 48,284.57 |
| ROTH | SUNWEST TR CHERYL D ROTH IRA | CLASS 5 | 26,421.98 | 4,137.83 | 0.00 | 22,284.15 |
| ROTH | SUNWEST TR RANDAL L ROTH IRA | CLASS 5 | 81,969.67 | 12,375.00 | 0.00 | 69,594.67 |
| ROTH | WILLIAM B & JOAN M ROTH | CLASS 3 | 60,000.00 | 6,550.00 | 0.00 | 53,450.00 |
| ROTHENGASS | PAUL J ROTHENGASS JR | CLASS 5 | 130,000.00 | 16,827.73 | 0.00 | 113,172.27 |
| ROTHWELL | DANNY B ROTHWELL | CLASS 3 | 50,000.00 | 3,593.75 | 0.00 | 46,406.25 |
| ROTTENSTEIN | AARON ROTTENSTEIN | CLASS 5 | 100,000.00 | 3,627.77 | 0.00 | 96,372.23 |
| ROULAND | THE ROULAND FLRT DTD 03/20/15 | CLASS 3 | 100,000.00 | 5,897.92 | 0.00 | 94,102.08 |
| ROUND | PROV. TR GP-FBO JANE C ROUND IRA | CLASS 3 | 231,000.00 | 22,327.58 | 0.00 | 208,672.42 |
| ROUND | PROV. TR GP-FBO RICK J ROUND IRA | CLASS 3 | 240,000.00 | 15,880.00 | 0.00 | 224,120.00 |
| ROUNDS | THE GORDON E & PHYLLIS B ROUNDS RLT | CLASS 3 | 25,000.00 | 414.33 | 0.00 | 24,585.67 |
| ROUSE | JIM ROUSE | CLASS 5 | 50,000.00 | 2,600.06 | 0.00 | 47,399.94 |
| ROUTZAHN | JUDITH A ROUTZAHN | CLASS 3 | 75,000.00 | 3,062.50 | 0.00 | 71,937.50 |
| ROVARINO | THE ROVARINO TR DTD 07/24/89 | CLASS 3 | 25,000.00 | 425.52 | 0.00 | 24,574.48 |
| ROWE | MARY K ROWE | CLASS 3 | 100,000.00 | 6,683.30 | 0.00 | 93,316.70 |
| ROWE | PROV. TR GP-FBO AUDREE ROWE IRA | CLASS 3 | 49,265.00 | 1,116.67 | 0.00 | 48,148.33 |
| ROWE | ROBERT E & NORMA J ROWE | CLASS 3 | 2,000,000.00 | 132,944.47 | 1,000.00 | 1,866,055.53 |
| ROWE | ROBERT M & LEANN M ROWE | CLASS 3 | 500,000.00 | 40,750.00 | 0.00 | 459,250.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ROY | GERALD ROY | CLASS 3 | 420,000.00 | 40,266.05 | 0.00 | 379,733.95 |
| RUBACHA | MAINSTAR-FBO NATALIE RUBACHA | CLASS 3 | 25,000.00 | 973.96 | 0.00 | 24,026.04 |
| RUBECK | HILDA RUBECK | CLASS 3 | 30,000.00 | 268.33 | 0.00 | 29,731.67 |
| RUBECKS | HILDA RUBECKS SUPPLEMENTAL NEEDS TR | CLASS 3 | 50,000.00 | 291.67 | 0.00 | 49,708.33 |
| RUBEL/VALENTINO | SOPHIA RUBEL & LINDA VALENTINO | CLASS 3 | 50,000.00 | 3,059.38 | 0.00 | 46,940.62 |
| RUBENSTEIN | BARBARA A & TODD RUBENSTEIN | CLASS 3 | 25,000.00 | 1,125.04 | 0.00 | 23,874.96 |
| RUBENSTEIN | VALERIE RUBENSTEIN | CLASS 3 | 30,000.00 | 595.83 | 0.00 | 29,404.17 |
| RUBIN | FRAN & MARK RUBIN | CLASS 3 | 30,000.00 | 13,008.34 | 0.00 | 16,991.66 |
| RUBIN | HOWARD D & CINDY M RUBIN | CLASS 3 | 30,000.00 | 365.00 | 0.00 | 29,635.00 |
| RUBIN | HOWARD RUBIN | CLASS 3 | 140,000.00 | 24,044.67 | 0.00 | 115,955.33 |
| RUBY | DIANE RUBY | CLASS 3 | 30,000.00 | 129.17 | 0.00 | 29,870.83 |
| RUDGE | SONIA RUDGE RT DTD 12/15/09 | CLASS 3 | 350,000.00 | 53,009.49 | 0.00 | 296,990.51 |
| RUDOWSKI | RONALD S RUDOWSKI | CLASS 3 | 25,000.00 | 913.22 | 0.00 | 24,086.78 |
| RUECKERT | HAROLD M RUECKERT | CLASS 3 | 25,000.00 | 1,394.83 | 0.00 | 23,605.17 |
| RUELOS | NELLIE T RUELOS | CLASS 3 | 33,000.00 | 1,732.50 | 0.00 | 31,267.50 |
| RUELOS | PROV. TR GP-FBO NELLIE T RUELOS IRA | CLASS 3 | 53,000.00 | 4,920.22 | 0.00 | 48,079.78 |
| RUGGIERO | SYLVIA & RICHARD RUGGIERO | CLASS 3 | 170,000.00 | 28,965.28 | 0.00 | 141,034.72 |
| RUHLAND | HORIZON TR CO-FBO KENNETH RUHLAND | CLASS 3 | 91,100.00 | 8,043.90 | 0.00 | 83,056.10 |
| RUHLAND | KENNETH RUHLAND | CLASS 3 | 52,000.00 | 2,414.95 | 0.00 | 49,585.05 |
| RUHLMAN | SUSAN L RUHLMAN | CLASS 3 | 50,000.00 | 6,725.00 | 0.00 | 43,275.00 |
| RUIZ | JUAN B RUIZ | CLASS 3 | 58,500.00 | 901.88 | 0.00 | 57,598.12 |
| RULAND | ANGELA RULAND | CLASS 3 | 100,000.00 | 20,845.25 | 0.00 | 79,154.75 |
| RUMSEY | DOYLE & MARCIA RUMSEY | CLASS 3 | 50,000.00 | 2,590.24 | 0.00 | 47,409.76 |
| RUND | PROV. TR GP-FBO RHONDA RUND IRA | CLASS 3 | 28,000.00 | 1,649.66 | 0.00 | 26,350.34 |
| RUND | PROV. TR GP-FBO ROGER RUND IRA | CLASS 3 | 44,750.00 | 2,666.35 | 0.00 | 42,083.65 |
| RUNKLE | JOHN & SUSAN RUNKLE | CLASS 3 | 100,000.00 | 11,598.74 | 0.00 | 88,401.26 |
| RUPPEL | PROV. TR GP-FBO WILLIAM J RUPPEL IRA | CLASS 3 | 100,000.00 | 6,916.67 | 0.00 | 93,083.33 |
| RUPPERT | ROSLYN RUPPERT | CLASS 3 | 50,000.00 | 1,847.65 | 0.00 | 48,152.35 |
| RUSCHE | MYLES DAVID RUSCHE | CLASS 3 | 50,000.00 | 1,651.43 | 0.00 | 48,348.57 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| RUSH | JARRET RUSH | CLASS 5 | 100,000.00 | 6,642.34 | 0.00 | 93,357.66 |
| RUSHING | ALFRED E & GERALDINE F RUSHING TA | CLASS 5 | 250,000.00 | 70,021.99 | 0.00 | 179,978.01 |
| RUSHTON | DIANE E RUSHTON | CLASS 5 | 400,000.00 | 140,027.80 | 0.00 | 259,972.20 |
| RUSSELL | EDWIN H & RUTHE J RUSSELL | CLASS 3 | 50,000.00 | 4,183.33 | 0.00 | 45,816.67 |
| RUSSELL | PROV. TR GP-FBO ERNEST R RUSSELL IRA | CLASS 3 | 102,850.00 | 15,699.68 | 0.00 | 87,150.32 |
| RUSSELL | SUSAN RUSSELL | CLASS 3 | 70,000.00 | 1,728.60 | 0.00 | 68,271.40 |
| RUSSELL | THE JEFFREY S RUSSELL TR 4TH A/R 05/03/00 | CLASS 3 | 50,000.00 | 1,950.00 | 0.00 | 48,050.00 |
| RUSSELL | YVETTE RUSSELL LT | CLASS 3 | 200,000.00 | 461.11 | 0.00 | 199,538.89 |
| RUSSI | PROV. TR GP-FBO JOHN RUSSI IRA | CLASS 3 | 75,000.00 | 3,609.38 | 0.00 | 71,390.62 |
| RUSTER | MAINSTAR-FBO DOUGLAS RUSTER T2175975 | CLASS 3 | 46,000.00 | 2,191.39 | 0.00 | 43,808.61 |
| RUTHERFORD | MAINSTAR-FBO MARY D RUTHERFORD T2175745 | CLASS 3 | 42,000.00 | 3,038.00 | 0.00 | 38,962.00 |
| RUTKOWSKI | IRA SVCS TR CO-CFBO THOMAS J RUTKOWSKI | CLASS 5 | 50,000.00 | 861.12 | 0.00 | 49,138.88 |
| RUTZ | KENNETH D & BERNICE J RUTZ | CLASS 5 | 600,000.00 | 64,183.34 | 0.00 | 535,816.66 |
| RYALS | THE RYALS FT DTD 02/01/07 | CLASS 3 | 150,000.00 | 9,762.51 | 0.00 | 140,237.49 |
| RYAN | DENNIS J & CAROLE S RYAN | CLASS 3 | 150,000.00 | 34,500.61 | 0.00 | 115,499.39 |
| RYAN | DENNIS J & CAROLE S RYAN | CLASS 5 | 300,000.00 | 69,001.21 | 0.00 | 230,998.79 |
| RYAN | JOHN M RYAN JR | CLASS 5 | 200,000.00 | 61,927.64 | 0.00 | 138,072.36 |
| RYAN | KATHLEEN A RYAN | CLASS 3 | 100,000.00 | 11,682.08 | 0.00 | 88,317.92 |
| RYBAK | MAINSTAR-FBO ANNA RYBAK | CLASS 3 | 113,606.30 | 7,400.19 | 0.00 | 106,206.11 |
| RYE-MYERS | MAINSTAR-FBO MYRA RYE-MYERS TW003963 | CLASS 3 | 37,000.00 | 911.87 | 0.00 | 36,088.13 |
| S BAR Z FARMS | S BAR Z FARMS LLC | CLASS 3 | 100,000.00 | 6,233.33 | 0.00 | 93,766.67 |
| SABAGH | ESSAM SABAGH | CLASS 5 | 250,000.00 | 42,459.52 | 0.00 | 207,540.48 |
| SABINE/PFEIFFER | ROBERT M SABINE & ARNOLD D PFEIFFER | CLASS 3 | 101,000.00 | 6,161.00 | 0.00 | 94,839.00 |
| SABOT | DAVID D & LANA KAY SABOT | CLASS 3 | 150,000.00 | 11,679.18 | 0.00 | 138,320.82 |
| SACKER | ALVIN R & DEANNA K SACKER | CLASS 3 | 25,000.00 | 1,665.96 | 0.00 | 23,334.04 |
| SAEID | ALI HEIDARI SAEID | CLASS 3 | 150,000.00 | 1,537.50 | 0.00 | 148,462.50 |
| SAIA | IRA SVCS TR CO-CFBO CAROLYN J SAIA IRA | CLASS 3 | 25,000.00 | 1,151.07 | 0.00 | 23,848.93 |
| SAIGER | RICHARD SAIGER | CLASS 3 | 50,000.00 | 2,534.68 | 0.00 | 47,465.32 |
| SAILERS | HORIZON TR CO-FBO KINDRA SUE SAILERS IRA | CLASS 3 | 47,015.00 | 1,867.51 | 0.00 | 45,147.49 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SAINSBURY | LYLE SAINSBURY | CLASS 3 | 75,000.00 | 31,215.40 | 0.00 | 43,784.60 |
| SAINSBURY | PROV. TR GP-FBO LYLE SAINSBURY IRA | CLASS 3 | 56,000.00 | 6,757.33 | 0.00 | 49,242.67 |
| SAINT VINCENT | HORIZON TR CO-FBO VERNE R SAINT VINCENT | CLASS 3 | 75,000.00 | 5,516.18 | 0.00 | 69,483.82 |
| SAINT VINCENT | THE SAINT VINCENT FT | CLASS 3 | 150,000.00 | 46,892.25 | 2,688.38 | 100,419.37 |
| SAITO | YOSHIYUKI SAITO | CLASS 3 | 200,000.00 | 719.45 | 0.00 | 199,280.55 |
| SALADYGA | MAINSTAR-FBO MICHELE D SALADYGA T2177549 | CLASS 3 | 60,000.00 | 2,106.67 | 0.00 | 57,893.33 |
| SALADYGA | MAINSTAR-FBO THOMAS M SALADYGA R2177576 | CLASS 3 | 291,000.00 | 24,056.36 | 0.00 | 266,943.64 |
| SALANGA | IRA SVCS TR CO-CFBO JOSEFINA SALANGA IRA | CLASS 3 | 100,000.00 | 9,487.51 | 0.00 | 90,512.49 |
| SALBER | RICHARD L & KELLEY R SALBER | CLASS 3 | 110,000.00 | 13,420.00 | 0.00 | 96,580.00 |
| SALCIDO | ISIDRO SALCIDO | CLASS 3 | 50,000.00 | 2,404.17 | 0.00 | 47,595.83 |
| SALDONA/KINDLER | BARBARA J SALDONA & WENDY L KINDLER | CLASS 3 | 25,000.00 | 1,119.06 | 0.00 | 23,880.94 |
| SALINARO | ANTHONY SALINARO | CLASS 3 | 25,000.00 | 375.01 | 0.00 | 24,624.99 |
| SALINAS | MAGDALENA L & DELARDO G SALINAS | CLASS 3 | 65,000.00 | 2,315.21 | 0.00 | 62,684.79 |
| SALSEDO | 2000 SALSEDO FT | CLASS 3 | 30,000.00 | 1,843.75 | 0.00 | 28,156.25 |
| SALVESTRINI | PROV. TR GP-FBO THOMAS J SALVESTRINI IRA | CLASS 3 | 99,510.00 | 7,830.20 | 0.00 | 91,679.80 |
| SALVUCCI | GERALD & CARMELLA C SALVUCCI TR | CLASS 3 | 150,000.00 | 16,516.15 | 0.00 | 133,483.85 |
| SAM | LYNN SAM | CLASS 3 | 30,000.00 | 2,154.17 | 0.00 | 27,845.83 |
| SAMPLE | PROV. TR GP-FBO WILLIAM SAMPLE IRA | CLASS 5 | 50,000.00 | 12,751.89 | 0.00 | 37,248.11 |
| SAMUELS | EMILY & MARTIN SAMUELS | CLASS 3 | 100,000.00 | 5,749.60 | 0.00 | 94,250.40 |
| SAMUELS | JULIUS J SAMUELS | CLASS 3 | 140,000.00 | 11,660.48 | 2,000.00 | 126,339.52 |
| SAN DIEGO | MAINSTAR-FBO ANNA L SAN DIEGO T2178327 | CLASS 3 | 77,000.00 | 419.22 | 0.00 | 76,580.78 |
| SAN MIGUEL | OLIVIA G & LUIS G SAN MIGUEL | CLASS 5 | 600,000.00 | 81,333.33 | 0.00 | 518,666.67 |
| SAN MIGUEL | PROV. TR GP-FBO LUIS G SAN MIGUEL IRA | CLASS 5 | 427,950.00 | 68,466.55 | 0.00 | 359,483.45 |
| SAN MIGUEL | PROV. TR GP-FBO SHANNON SAN MIGUEL IRA | CLASS 5 | 115,583.00 | 20,387.56 | 0.00 | 95,195.44 |
| SANCHEZ | HAIDEE & ADRIAN JAMES M SANCHEZ | CLASS 3 | 200,000.00 | 5,166.67 | 0.00 | 194,833.33 |
| SANCHEZ | MARCOS G SANCHEZ | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| SANCHEZ | MARGARITA SANCHEZ | CLASS 3 | 25,000.00 | 1,458.33 | 0.00 | 23,541.67 |
| SANCHEZ | PROV. TR GP-FBO CORRINE SANCHEZ IRA | CLASS 3 | 199,295.04 | 7,656.25 | 0.00 | 191,638.79 |
| SANCTUARY HOLDINGS | SANCTUARY HOLDINGS LLC | CLASS 3 | 25,000.00 | 1,166.64 | 0.00 | 23,833.36 |

### Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
### Woodbridge Group of Companies, LLC and Its Affliated Debtors
### Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SANDERS | BOBBY N SANDERS FT | CLASS 3 | 195,000.00 | 3,128.07 | 0.00 | 191,871.93 |
| SANDERS | EDDIE WAYNE SANDERS | CLASS 3 | 100,000.00 | 333.33 | 0.00 | 99,666.67 |
| SANDERS | GEORGE E SANDERS | CLASS 3 | 80,000.00 | 2,187.79 | 0.00 | 77,812.21 |
| SANDERS | JOHN SANDERS | CLASS 3 | 30,000.00 | 3,015.00 | 0.00 | 26,985.00 |
| SANDERS | MAINSTAR-FBO JEROME SANDERS T2175689 | CLASS 3 | 141,000.00 | 10,679.58 | 0.00 | 130,320.42 |
| SANDERS | MAINSTAR-FBO JOYCE SANDERS | CLASS 3 | 21,000.00 | 1,590.58 | 0.00 | 19,409.42 |
| SANDERS | MAINSTAR-FBO RAYMOND SANDERS | CLASS 3 | 50,000.00 | 2,994.45 | 0.00 | 47,005.55 |
| SANDERS | PROV. TR GP-FBO JANE A SANDERS ICA | CLASS 3 | 114,000.00 | 5,918.99 | 0.00 | 108,081.01 |
| SANDERS | RAYMOND SANDERS | CLASS 3 | 100,000.00 | 8,336.10 | 0.00 | 91,663.90 |
| SANDERSON | JUDITH B SANDERSON | CLASS 3 | 398,000.00 | 0.00 | 0.00 | 398,000.00 |
| SANDGREN | JULIETTE SANDGREN | CLASS 3 | 100,000.00 | 2,490.26 | 0.00 | 97,509.74 |
| SANDHOFF | RONALD & PATRICIA SANDHOFF | CLASS 3 | 150,000.00 | 13,387.96 | 0.00 | 136,612.04 |
| SANDQUIST | PROV. TR GP-FBO RUSSELL J SANDQUIST IRA | CLASS 3 | 67,106.12 | 10,468.56 | 0.00 | 56,637.56 |
| SANDS | JACK SANDS | CLASS 5 | 50,000.00 | 15,916.68 | 0.00 | 34,083.32 |
| SANDY | JAMES SANDY | CLASS 3 | 100,000.00 | 1,250.01 | 0.00 | 98,749.99 |
| SANDY | PROV. TR GP-FBO JAMES E SANDY IRA | CLASS 3 | 157,480.28 | 1,968.50 | 0.00 | 155,511.78 |
| SANNER/ROSE | BERNARD F SANNER & SHARON S ROSE | CLASS 3 | 200,000.00 | 1,722.22 | 0.00 | 198,277.78 |
| SANTHANAM | VATSA SANTHANAM | CLASS 3 | 500,000.00 | 30,833.33 | 0.00 | 469,166.67 |
| SANTIAGO | REMIGIO & JANET SANTIAGO | CLASS 3 | 25,000.00 | 1,180.18 | 0.00 | 23,819.82 |
| SANTON | MAINSTAR-FBO LAUREN SANTON BT176994 | CLASS 3 | 30,000.00 | 1,035.00 | 0.00 | 28,965.00 |
| SANTOS | MAINSTAR-FBO ROBERTA B SANTOS TW003461 | CLASS 3 | 285,000.00 | 22,388.33 | 0.00 | 262,611.67 |
| SAPONE | THE SAPONE RT DTD 02/23/10 | CLASS 3 | 100,000.00 | 12,656.17 | 0.00 | 87,343.83 |
| SARICA | PROV. TR GP-FBO EILEEN M SARICA IRA | CLASS 3 | 28,576.59 | 5,009.74 | 0.00 | 23,566.85 |
| SARNOV | JOSEF & ALLA SARNOV | CLASS 3 | 50,000.00 | 3,000.66 | 0.00 | 46,999.34 |
| SARNOV | SARRA & YAKOV SARNOV | CLASS 3 | 75,000.00 | 6,431.67 | 1,000.00 | 67,568.33 |
| SASSER | ABE & PAULETTE SASSER | CLASS 5 | 100,000.00 | 18,555.48 | 0.00 | 81,444.52 |
| SASSER | ABE SASSER | CLASS 5 | 50,000.00 | 8,511.80 | 0.00 | 41,488.20 |
| SASSER | SASSER TESTAMENTARY TR FOR KENDYL CATHERS | CLASS 3* | 27,000.00 | 1,953.00 | 0.00 | 25,047.00 |
| SASSER | SASSER TESTAMENTARY TR FOR SABLE SASSER | CLASS 3 | 25,000.00 | 1,808.29 | 0.00 | 23,191.71 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SASSER | SASSER TS TR FOR VALERIE CATHERS 11/02/15 | CLASS 3 | 130,000.00 | 13,832.71 | 0.00 | 116,167.29 |
| SATTERFIELD | JESSICA SATTERFIELD | CLASS 5 | 70,000.00 | 13,630.48 | 0.00 | 56,369.52 |
| SATTERFIELD | MARCIA P SATTERFIELD | CLASS 3 | 100,000.00 | 21,496.51 | 0.00 | 78,503.49 |
| SATTLER | KENNETH & EMMA SATTLER | CLASS 3 | 100,000.00 | 3,316.67 | 0.00 | 96,683.33 |
| SAUNDERS | ROBERT T SAUNDERS | CLASS 3 | 153,000.00 | 19,074.37 | 0.00 | 133,925.63 |
| SAUTBINE | PROV. TR GP-FBO GARY L SAUTBINE IRA | CLASS 3 | 209,250.00 | 19,913.63 | 0.00 | 189,336.37 |
| SAUVE | BRADLEY S SAUVE | CLASS 3 | 50,000.00 | 7,800.00 | 0.00 | 42,200.00 |
| SAVAGE | MAINSTAR-FBO DAWN SAVAGE TW003747 | CLASS 3 | 81,316.68 | 4,899.33 | 0.00 | 76,417.35 |
| SAVAGE | PROV. TR GP-FBO BRENT SAVAGE IRA | CLASS 3 | 45,000.00 | 1,222.50 | 0.00 | 43,777.50 |
| SAVIO | MAINSTAR-FBO CAROL SAVIO | CLASS 3 | 48,000.00 | 2,608.67 | 0.00 | 45,391.33 |
| SAVOIE | WILLIAM T & JANET SAVOIE | CLASS 3 | 150,000.00 | 4,400.00 | 0.00 | 145,600.00 |
| SAVOLD | MAINSTAR-FBO SHANE SAVOLD T2178306 | CLASS 3 | 98,000.00 | 892.89 | 0.00 | 97,107.11 |
| SAWICKI | TERRENCE L & MITCHELL D SAWICKI | CLASS 3 | 175,000.00 | 0.00 | 0.00 | 175,000.00 |
| SAWYER | THE SANDRA SAWYER RT UAD AMND 06/13/08 | CLASS 3 | 343,452.50 | 30,423.00 | 0.00 | 313,029.50 |
| SAYER | DAVID & HARRIET SAYER | CLASS 3 | 50,000.00 | 1,925.00 | 0.00 | 48,075.00 |
| SAYNE | AMY B SAYNE | CLASS 3 | 60,000.00 | 411.11 | 0.00 | 59,588.89 |
| SCARBOROUGH | ELAINE SCARBOROUGH | CLASS 3 | 25,000.00 | 659.74 | 0.00 | 24,340.26 |
| SCARBROUGH | MIDLAND-FBO STAN SCARBROUGH IRA#7446697 | CLASS 5 | 50,000.00 | 9,576.47 | 0.00 | 40,423.53 |
| SCARBROUGH | STAN & JOYCE SCARBROUGH | CLASS 5 | 50,000.00 | 6,972.28 | 0.00 | 43,027.72 |
| SCARBROUGH | STAN SCARBROUGH | CLASS 5 | 150,000.00 | 18,041.67 | 0.00 | 131,958.33 |
| SCARDINE | DOLORES J SCARDINE | CLASS 3 | 25,000.00 | 621.54 | 0.00 | 24,378.46 |
| SCARLETT | PROV. TR GP-FBO NORMA SCARLETT IRA | CLASS 3 | 397,800.00 | 40,840.80 | 0.00 | 356,959.20 |
| SCARNECCHIA | PROV. TR GP-FBO VITO C SCARNECCHIA IRA | CLASS 3 | 42,500.00 | 1,603.78 | 0.00 | 40,896.22 |
| SCAROFILE | MAINSTAR-FBO RONALD SCAROFILE | CLASS 3 | 155,000.00 | 15,037.18 | 0.00 | 139,962.82 |
| SCARPA | JOYCE SCARPA | CLASS 3 | 25,000.00 | 350.70 | 0.00 | 24,649.30 |
| SCHABO | CLARK H SCHABO | CLASS 3 | 25,000.00 | 381.95 | 0.00 | 24,618.05 |
| SCHABO | MARK H SCHABO | CLASS 3 | 25,000.00 | 347.23 | 0.00 | 24,652.77 |
| SCHACKOW | PROV. TR GP-FBO TERRY L SCHACKOW IRA | CLASS 3 | 205,500.00 | 30,478.48 | 0.00 | 175,021.52 |
| SCHACKOW | PROV. TR GP-FBO TERRY L SCHACKOW IRA | CLASS 5 | 200,000.00 | 29,662.76 | 0.00 | 170,337.24 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SCHACKOW | TERRY L SCHACKOW | CLASS 3 | 50,000.00 | 7,982.03 | 0.00 | 42,017.97 |
| SCHADE | PROV. TR GP-FBO DAVID N SCHADE IRA | CLASS 3 | 90,000.00 | 332.50 | 0.00 | 89,667.50 |
| SCHAECHTELE | DAVID SCHAECHTELE | CLASS 3 | 50,000.00 | 3,626.43 | 0.00 | 46,373.57 |
| SCHAECHTELE | MAINSTAR-FBO DAVID SCHAECHTELE | CLASS 3 | 22,350.95 | 2,371.69 | 0.00 | 19,979.26 |
| SCHAFER | JOHN & LORRAINE SCHAFER | CLASS 3 | 60,000.00 | 1,380.00 | 0.00 | 58,620.00 |
| SCHAFFER | PROV. TR GP-FBO BETSY P SCHAFFER IRA | CLASS 3 | 244,500.00 | 6,118.78 | 0.00 | 238,381.22 |
| SCHAIBLE | LES SCHAIBLE | CLASS 3 | 25,000.00 | 1,103.79 | 0.00 | 23,896.21 |
| SCHAIBLE | MARY J & ROGER D SCHAIBLE | CLASS 3 | 25,000.00 | 1,103.79 | 0.00 | 23,896.21 |
| SCHARKLET | MAINSTAR-FBO JEWELDEAN SCHARKLET TW003645 | CLASS 3 | 200,000.00 | 9,877.77 | 0.00 | 190,122.23 |
| SCHATTNER | PROV. TR GP-FBO ROBERT L SCHATTNER IRA | CLASS 3 | 519,500.00 | 40,151.60 | 0.00 | 479,348.40 |
| SCHATTNER | ROBERT L SCHATTNER TR | CLASS 3 | 900,000.00 | 102,646.79 | 0.00 | 797,353.21 |
| SCHATTNER | ROBERT L SCHATTNER TR | CLASS 5 | 100,000.00 | 11,405.20 | 0.00 | 88,594.80 |
| SCHEEHLE | MAINSTAR-FBO BRUCE A SCHEEHLE T2176124 | CLASS 3 | 76,200.00 | 3,752.09 | 0.00 | 72,447.91 |
| SCHEID | PROV. TR GP-FBO STEPHEN D SCHEID IRA | CLASS 3 | 631,000.00 | 83,463.70 | 0.00 | 547,536.30 |
| SCHEID | PROV. TR GP-FBO STEPHEN D SCHEID IRA | CLASS 5 | 313,039.12 | 41,406.34 | 0.00 | 271,632.78 |
| SCHEINER | MORRIS & SYLVIA SCHEINER | CLASS 3* | 100,000.00 | 6,321.88 | 0.00 | 93,678.12 |
| SCHELINSKI | PROV. TR GP-FBO JEFFERY P SCHELINSKI IRA | CLASS 3 | 55,000.00 | 1,700.42 | 0.00 | 53,299.58 |
| SCHEMAN | ADV. IRA SVC-FBO DONALD R SCHEMAN IRA | CLASS 3 | 40,000.00 | 8,020.01 | 0.00 | 31,979.99 |
| SCHERER | EMANUEL SCHERER RT | CLASS 3 | 50,000.00 | 2,208.33 | 0.00 | 47,791.67 |
| SCHERER | PAUL M SCHERER | CLASS 3 | 50,000.00 | 8,227.70 | 0.00 | 41,772.30 |
| SCHEUERMAN | ROBERT W & JOYCE E SCHEUERMAN | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| SCHIEL | JOHN T SCHIEL | CLASS 3 | 125,000.00 | 20,027.82 | 0.00 | 104,972.18 |
| SCHIFF | MAINSTAR-FBO SHERRIE SCHIFF | CLASS 5 | 200,000.00 | 20,966.71 | 0.00 | 179,033.29 |
| SCHINDLER | RICHARD E & LESLIE A SCHINDLER | CLASS 3 | 50,000.00 | 2,100.72 | 0.00 | 47,899.28 |
| SCHINZING | PROV. TR GP-FBO DONALD F SCHINZING IRA | CLASS 3 | 200,000.00 | 48,068.22 | 0.00 | 151,931.78 |
| SCHIPPERS | PROV. TR GP-FBO ESTHER M SCHIPPERS IRA | CLASS 3 | 75,000.00 | 875.00 | 0.00 | 74,125.00 |
| SCHLAGE | ROBERT & CHERYL SCHLAGE | CLASS 3 | 200,000.00 | 2,362.50 | 0.00 | 197,637.50 |
| SCHLAHT | PROV. TR GP-FBO JOHN H SCHLAHT IRA | CLASS 3 | 153,098.55 | 27,938.36 | 0.00 | 125,160.19 |
| SCHLATER | MAINSTAR-FBO STANLEY R SCHLATER T2177813 | CLASS 3 | 42,900.35 | 792.47 | 0.00 | 42,107.88 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SCHLATER | SCHLATER FRLT | CLASS 3 | 200,000.00 | 1,438.90 | 0.00 | 198,561.10 |
| SCHLICHTING | ROBERT A SCHLICHTING | CLASS 3 | 315,000.00 | 131,529.94 | 0.00 | 183,470.06 |
| SCHLICHTING | ROBERT A SCHLICHTING | CLASS 5 | 100,000.00 | 41,755.53 | 0.00 | 58,244.47 |
| SCHLICHTING | SCHLICHTING TR DTD 04/03/17 | CLASS 3 | 25,000.00 | 312.51 | 0.00 | 24,687.49 |
| SCHLICKAU | DONALD & NANCY SCHLICKAU | CLASS 5 | 100,000.00 | 5,983.31 | 0.00 | 94,016.69 |
| SCHLIES | MICHAEL J & LYNN D SCHLIES | CLASS 3 | 25,000.00 | 371.54 | 0.00 | 24,628.46 |
| SCHMEHLING | KIM SCHMEHLING | CLASS 3 | 150,000.00 | 16,150.00 | 0.00 | 133,850.00 |
| SCHMELZ | BERNICE A & GARY W SCHMELZ | CLASS 5 | 100,000.00 | 11,812.38 | 0.00 | 88,187.62 |
| SCHMICK | WALTER R & MARGARET A SCHMICK | CLASS 3 | 115,000.00 | 2,101.67 | 0.00 | 112,898.33 |
| SCHMIDT | DALE M SCHMIDT | CLASS 3 | 150,000.00 | 12,995.88 | 0.00 | 137,004.12 |
| SCHMIDT | ELIZABETH & HOWARD SCHMIDT | CLASS 3 | 25,000.00 | 2,602.92 | 0.00 | 22,397.08 |
| SCHMIDT | IRENE SCHMIDT | CLASS 3 | 100,000.00 | 8,708.40 | 0.00 | 91,291.60 |
| SCHMIDT | PROV. TR GP-FBO ELIZABETH SCHMIDT IRA | CLASS 3 | 52,613.48 | 5,652.67 | 0.00 | 46,960.81 |
| SCHMIDT | PROV. TR GP-FBO HOWARD SCHMIDT IRA | CLASS 3 | 93,282.10 | 10,505.90 | 0.00 | 82,776.20 |
| SCHMIDT | PROV. TR GP-FBO JERRY W SCHMIDT IRA | CLASS 3 | 104,500.00 | 24,744.29 | 0.00 | 79,755.71 |
| SCHMIDT | SANDRA SCHMIDT | CLASS 3 | 100,000.00 | 1,715.29 | 0.00 | 98,284.71 |
| SCHMIDT | SIEGFRIED SCHMIDT | CLASS 3 | 250,000.00 | 26,028.42 | 0.00 | 223,971.58 |
| SCHMIDT | THE SCHMIDT FT | CLASS 3 | 250,000.00 | 6,840.30 | 0.00 | 243,159.70 |
| SCHMIDT | WAYNE & TONI SCHMIDT | CLASS 3 | 210,000.00 | 6,294.17 | 0.00 | 203,705.83 |
| SCHMIEDICKE | MAINSTAR-FBO PAMELA SCHMIEDICKE T2175264 | CLASS 3 | 74,500.00 | 7,099.22 | 0.00 | 67,400.78 |
| SCHMITS | PROV. TR GP-FBO LARRY F SCHMITS IRA | CLASS 3 | 258,500.00 | 28,155.33 | 0.00 | 230,344.67 |
| SCHMITT | DOLORES S SCHMITT | CLASS 5 | 50,000.00 | 11,611.14 | 0.00 | 38,388.86 |
| SCHMITT | PROV. TR GP-FBO DONNA SCHMITT IRA | CLASS 3 | 103,000.00 | 16,903.44 | 0.00 | 86,096.56 |
| SCHNECK | ROBERT SCHNECK | CLASS 3 | 50,000.00 | 715.27 | 0.00 | 49,284.73 |
| SCHNEEKLOTH | GARY & BETH SCHNEEKLOTH | CLASS 3 | 25,000.00 | 284.73 | 0.00 | 24,715.27 |
| SCHNEIDER | HORIZON TR CO-FBO ERIN A SCHNEIDER IRA | CLASS 3 | 71,499.00 | 7,316.79 | 0.00 | 64,182.21 |
| SCHNEIDER | LEON SCHNEIDER | CLASS 3 | 150,000.00 | 5,520.41 | 0.00 | 144,479.59 |
| SCHNEIDER | STEVEN SCHNEIDER | CLASS 3 | 25,000.00 | 4,249.00 | 0.00 | 20,751.00 |
| SCHNOTALA | IRA SVCS TR CO-CFBO DONALD SCHNOTALA IRA | CLASS 5 | 203,000.00 | 25,572.38 | 0.00 | 177,427.62 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SCHNULLE | DALE B SCHNULLE | CLASS 3 | 20,000.00 | 1,474.94 | 0.00 | 18,525.06 |
| SCHOCKET | LORRAINE M SCHOCKET LT DTD 01/21/16 | CLASS 3 | 200,000.00 | 11,449.99 | 0.00 | 188,550.01 |
| SCHOCKET | PROV. TR GP-FBO LORRAINE SCHOCKET IRA | CLASS 3 | 299,500.00 | 7,862.44 | 0.00 | 291,637.56 |
| SCHOEN | ALAN F & ANDREA SCHOEN RT | CLASS 3 | 70,000.00 | 3,926.91 | 0.00 | 66,073.09 |
| SCHOEN | PROV. TR GP-FBO ALAN F SCHOEN IRA | CLASS 3 | 49,500.00 | 3,539.25 | 0.00 | 45,960.75 |
| SCHOENBERG | CAROLE & PAUL SCHOENBERG | CLASS 3 | 90,000.00 | 14,261.25 | 0.00 | 75,738.75 |
| SCHOENFELD | CAROL E & CHAZZ SCHOENFELD | CLASS 3 | 100,000.00 | 4,757.63 | 0.00 | 95,242.37 |
| SCHOENHERR | THOMAS L SCHOENHERR | CLASS 3 | 150,000.00 | 15,525.00 | 0.00 | 134,475.00 |
| SCHOENLEIN | ERNEST L & ELIZABETH A SCHOENLEIN | CLASS 5 | 100,000.00 | 17,123.26 | 0.00 | 82,876.74 |
| SCHOENLEIN | MARCIA E SCHOENLEIN | CLASS 3 | 51,000.00 | 6,584.58 | 0.00 | 44,415.42 |
| SCHOENLEIN | PROV. TR GP-FBO ELIZABETH A SCHOENLEIN IRA | CLASS 3 | 68,000.00 | 8,840.00 | 0.00 | 59,160.00 |
| SCHOLZ | STEVEN SCHOLZ | CLASS 3 | 25,000.00 | 354.17 | 0.00 | 24,645.83 |
| SCHONE | CHARLES W SCHONE | CLASS 3 | 80,000.00 | 16,799.91 | 1,000.00 | 62,200.09 |
| SCHOOF | BONNIE SCHOOF | CLASS 3 | 26,985.69 | 1,002.99 | 0.00 | 25,982.70 |
| SCHOOLS | IRA SVCS TR CO-CFBO EUGENE J SCHOOLS | CLASS 3 | 35,000.00 | 1,228.48 | 0.00 | 33,771.52 |
| SCHORTGEN | PROV. TR GP-FBO LAWRENCE A SCHORTGEN IRA | CLASS 3 | 122,000.00 | 21,594.00 | 0.00 | 100,406.00 |
| SCHOUMACHER | ROGER A SCHOUMACHER | CLASS 3 | 75,000.00 | 10,827.95 | 0.00 | 64,172.05 |
| SCHOUTEN | NEAL R SCHOUTEN | CLASS 5 | 400,000.00 | 76,927.75 | 0.00 | 323,072.25 |
| SCHOUTEN | SHERRILL & CAROL SCHOUTEN | CLASS 3 | 50,000.00 | 2,520.87 | 0.00 | 47,479.13 |
| SCHRAG | ELDON D & RUTH M SCHRAG FT | CLASS 3 | 60,000.00 | 3,091.67 | 0.00 | 56,908.33 |
| SCHREFFLER | RANDY & ESTER SCHREFFLER | CLASS 3 | 1,000,000.00 | 67,188.00 | 0.00 | 932,812.00 |
| SCHREFFLER | RANDY & ESTER SCHREFFLER | CLASS 5 | 300,000.00 | 20,156.40 | 0.00 | 279,843.60 |
| SCHREINER | JOHN SCHREINER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| SCHREYER | CLAYTON SCHREYER | CLASS 3 | 211,300.00 | 22,980.93 | 0.00 | 188,319.07 |
| SCHREYER | MAINSTAR-FBO CLAYTON SCHREYER RW003352 | CLASS 3 | 57,100.00 | 5,056.61 | 0.00 | 52,043.39 |
| SCHREYER | MAINSTAR-FBO MICHELLE SCHREYER RW00390 | CLASS 3 | 50,000.00 | 2,050.00 | 0.00 | 47,950.00 |
| SCHREYER | PROV. TR GP-FBO SCOTT SCHREYER IRA | CLASS 3 | 77,000.00 | 3,399.76 | 0.00 | 73,600.24 |
| SCHRIER | JEFFREY SCHRIER | CLASS 5 | 150,000.00 | 20,052.20 | 0.00 | 129,947.80 |
| SCHROEDER | RONALD G & BETTY S SCHROEDER | CLASS 3 | 25,000.00 | 825.00 | 0.00 | 24,175.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SCHROEDL | JAMES S & BARBARA H SCHROEDL | CLASS 3 | 100,000.00 | 13,722.89 | 0.00 | 86,277.11 |
| SCHROER | ROBERT E & KAREN A SCHROER | CLASS 3 | 200,000.00 | 1,909.73 | 0.00 | 198,090.27 |
| SCHROYER | DARLA SCHROYER | CLASS 3 | 26,000.00 | 104.72 | 0.00 | 25,895.28 |
| SCHULER | ROBERT & NANCY SCHULER | CLASS 3 | 50,000.00 | 6,127.16 | 0.00 | 43,872.84 |
| SCHULTE | PROV. TR GP-FBO RITA A SCHULTE IRA | CLASS 3 | 127,250.00 | 9,048.90 | 0.00 | 118,201.10 |
| SCHULTE | RITA A SCHULTE | CLASS 3 | 115,000.00 | 7,043.75 | 0.00 | 107,956.25 |
| SCHULTZ | ELIZABETH SCHULTZ | CLASS 3 | 125,000.00 | 3,395.83 | 0.00 | 121,604.17 |
| SCHULTZ | GERALD K & CERESE D SCHULTZ | CLASS 3 | 50,000.00 | 6,122.16 | 0.00 | 43,877.84 |
| SCHULTZ | GERALD K SCHULTZ | CLASS 3 | 75,000.00 | 6,168.83 | 0.00 | 68,831.17 |
| SCHULTZ | HORIZON TR CO-FBO RUSSELL SCHULTZ | CLASS 3 | 100,000.00 | 1,186.10 | 0.00 | 98,813.90 |
| SCHULTZ | PROV. TR GP-FBO STEVEN G SCHULTZ ROTH IRA | CLASS 3 | 184,000.00 | 8,719.28 | 0.00 | 175,280.72 |
| SCHULTZ | PROV. TR GP-FBO STEVEN G SCHULTZ ROTH IRA | CLASS 3* | 42,000.00 | 1,288.00 | 0.00 | 40,712.00 |
| SCHULTZ | RICHARD R & DARLENE L SCHULTZ | CLASS 3 | 50,000.00 | 673.60 | 0.00 | 49,326.40 |
| SCHULZ | PROV. TR GP-FBO ALAN SCHULZ IRA | CLASS 3 | 23,382.01 | 2,638.27 | 0.00 | 20,743.74 |
| SCHULZE | CHAD A & JODY L SCHULZE | CLASS 3 | 30,000.00 | 291.67 | 0.00 | 29,708.33 |
| SCHULZE | JAY A SCHULZE | CLASS 3 | 25,000.00 | 899.33 | 0.00 | 24,100.67 |
| SCHULZE | MAINSTAR-FBO JERALD SCHULZE BT178358 | CLASS 3 | 61,000.00 | 213.50 | 0.00 | 60,786.50 |
| SCHULZE | MAINSTAR-FBO JERALD SCHULZE T2178340 | CLASS 3 | 100,000.00 | 350.00 | 0.00 | 99,650.00 |
| SCHULZE | MAINSTAR-FBO VICTORIA A SCHULZE T2178169 | CLASS 3 | 309,800.00 | 3,201.27 | 0.00 | 306,598.73 |
| SCHULZE | MICHAEL A SCHULZE RT DTD 08/15/98 | CLASS 3 | 75,000.00 | 15,944.00 | 0.00 | 59,056.00 |
| SCHUMACHER | LILLIAN J SCHUMACHER | CLASS 3 | 20,000.00 | 591.64 | 0.00 | 19,408.36 |
| SCHUSTER | MARILYN G SCHUSTER | CLASS 3 | 120,000.00 | 2,800.00 | 0.00 | 117,200.00 |
| SCHUTZ | PIERRE SCHUTZ | CLASS 3 | 50,000.00 | 6,108.40 | 0.00 | 43,891.60 |
| SCHUYLER | JIMMIE L SCHUYLER | CLASS 3 | 120,000.00 | 8,420.00 | 0.00 | 111,580.00 |
| SCHVETZ | JOHN J & ELLEN M SCHVETZ | CLASS 3 | 100,000.00 | 18,233.33 | 0.00 | 81,766.67 |
| SCHWABISH | MAINSTAR-FBO JUNE SCHWABISH TW003431 | CLASS 3 | 410,000.00 | 32,069.74 | 0.00 | 377,930.26 |
| SCHWABISH | SCHWABISH LT DTD 01/14/10 | CLASS 3 | 150,000.00 | 14,615.78 | 0.00 | 135,384.22 |
| SCHWARTZ | BRUCE SCHWARTZ | CLASS 5 | 100,000.00 | 18,805.48 | 0.00 | 81,194.52 |
| SCHWARTZ | JOHN SCHWARTZ | CLASS 3 | 20,000.00 | 1,337.81 | 0.00 | 18,662.19 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SCHWARTZ | LINDA SCHWARTZ | CLASS 3 | 25,000.00 | 27.78 | 0.00 | 24,972.22 |
| SCHWARTZ | MAINSTAR-FBO JONATHAN SCHWARTZ T2176783 | CLASS 3 | 46,000.00 | 1,225.39 | 0.00 | 44,774.61 |
| SCHWARTZ | MAINSTAR-FBO WILLIAM SCHWARTZ | CLASS 3 | 250,000.00 | 17,854.10 | 0.00 | 232,145.90 |
| SCHWARTZ | PROV. TR GP-FBO SEYMOUR SCHWARTZ IRA | CLASS 3 | 139,011.33 | 6,036.29 | 0.00 | 132,975.04 |
| SCHWARZ | BERTHOLD & ANITA SCHWARZ | CLASS 3 | 150,000.00 | 12,850.67 | 0.00 | 137,149.33 |
| SCHWEGEL | ERNST L & BIRGIT SCHWEGEL | CLASS 3 | 30,000.00 | 2,620.00 | 0.00 | 27,380.00 |
| SCHWEIGER | WENDELL H SCHWEIGER | CLASS 3 | 40,000.00 | 7,360.04 | 0.00 | 32,639.96 |
| SCHWICHTENBERG | GERALD SCHWICHTENBERG | CLASS 3 | 25,000.00 | 410.59 | 0.00 | 24,589.41 |
| SCLATER | JERRY & DARLENE SCLATER | CLASS 3 | 25,000.00 | 1,538.24 | 0.00 | 23,461.76 |
| SCOFIELD | RANDALL SCOFIELD | CLASS 3 | 150,000.00 | 24,659.74 | 0.00 | 125,340.26 |
| SCOTT | JOANMARIE M SCOTT | CLASS 3 | 50,000.00 | 4,490.29 | 0.00 | 45,509.71 |
| SCOTT | LAURA SCOTT | CLASS 3 | 130,000.00 | 6,070.00 | 0.00 | 123,930.00 |
| SCOTT | PHILLIP O SCOTT | CLASS 3 | 50,000.00 | 7,550.00 | 0.00 | 42,450.00 |
| SCOTT | PROV. TR GP-FBO GEORGE ALAN SCOTT IRA | CLASS 3 | 161,000.00 | 20,497.95 | 0.00 | 140,502.05 |
| SCOTT | PROV. TR GP-FBO STEPHEN T SCOTT IRA | CLASS 3 | 240,000.00 | 34,607.57 | 0.00 | 205,392.43 |
| SCOTT | PROV. TR GP-FBO STEPHEN T SCOTT IRA | CLASS 5 | 300,000.00 | 43,259.47 | 0.00 | 256,740.53 |
| SCOTT | RUTH E SCOTT | CLASS 3 | 30,000.00 | 4,283.33 | 0.00 | 25,716.67 |
| SCOTT | STEPHEN T SCOTT | CLASS 3 | 1,100,000.00 | 142,688.74 | 0.00 | 957,311.26 |
| SCOTT | SUZANNE W SCOTT | CLASS 3 | 100,000.00 | 17,431.04 | 0.00 | 82,568.96 |
| SCOTT | KARIN V SCOTT TTEE THE KARIN V SCOTT TA | CLASS 3 | 100,000.00 | 1,147.22 | 0.00 | 98,852.78 |
| SCURTI | PROV. TR GP-FBO VINCENT SCURTI JR IRA | CLASS 3 | 34,000.00 | 606.33 | 0.00 | 33,393.67 |
| SEALEY | MAINSTAR-FBO DENNIS G SEALEY TW003435 | CLASS 3 | 562,945.81 | 39,655.34 | 0.00 | 523,290.47 |
| SEAY | HOWARD K & DELORES M SEAY | CLASS 5 | 487,000.00 | 172,132.53 | 0.00 | 314,867.47 |
| SEAY | PROV. TR GP-FBO DELORES M SEAY IRA | CLASS 5 | 54,000.00 | 11,460.00 | 0.00 | 42,540.00 |
| SEAY | PROV. TR GP-FBO HOWARD K SEAY IRA | CLASS 3 | 47,143.00 | 8,383.61 | 0.00 | 38,759.39 |
| SEAY | PROV. TR GP-FBO HOWARD K SEAY IRA | CLASS 5 | 50,000.00 | 8,891.69 | 0.00 | 41,108.31 |
| SEDBERRY | LYLE SEDBERRY | CLASS 5 | 50,000.00 | 16,375.14 | 0.00 | 33,624.86 |
| SEELIG | FLORENCE ANN SEELIG RLT | CLASS 3 | 25,000.00 | 867.01 | 0.00 | 24,132.99 |
| SEELY | MAINSTAR-FBO MICHAEL J SEELY | CLASS 3 | 200,000.00 | 36,088.87 | 0.00 | 163,911.13 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SEGER | EUGENE G SEGER IRREV TR DTD 07/18/11 | CLASS 3 | 50,000.00 | 5,608.33 | 0.00 | 44,391.67 |
| SEGER | JOAN E & ELIZABETH A SEGER | CLASS 3 | 100,000.00 | 23,622.34 | 0.00 | 76,377.66 |
| SEGER | JOHN R SEGER TR DTD 11/18/08 | CLASS 3 | 353,000.00 | 9,818.75 | 0.00 | 343,181.25 |
| SEGER | TIM S & MARY K SEGER | CLASS 3 | 100,000.00 | 10,466.67 | 0.00 | 89,533.33 |
| SEIBEL | ELEANOR & CLIFFORD SEIBEL TTEES 04/11/91 | CLASS 3 | 40,000.00 | 2,788.94 | 0.00 | 37,211.06 |
| SELF | SHARON K SELF | CLASS 3 | 37,000.00 | 3,075.00 | 0.00 | 33,925.00 |
| SELLERS | PROV. TR GP-FBO SUSAN I SELLERS IRA | CLASS 3 | 71,000.00 | 1,601.44 | 0.00 | 69,398.56 |
| SELLMEYER | KURT & MICHELLE SELLMEYER | CLASS 3 | 55,000.00 | 3,355.00 | 0.00 | 51,645.00 |
| SEMERIA | BRUCE SEMERIA | CLASS 3 | 80,000.00 | 2,933.32 | 1,000.00 | 76,066.68 |
| SEMERIA | MAINSTAR-FBO BRUCE SEMERIA TW003685 | CLASS 3 | 1,174,500.00 | 57,833.59 | 0.00 | 1,116,666.41 |
| SEMON | IRA SVCS TR CO-CFBO JOHN K SEMON IRA | CLASS 3 | 42,000.00 | 5,629.17 | 0.00 | 36,370.83 |
| SERAFANO | MAINSTAR-FBO MARY BETH SERAFANO T2177816 | CLASS 3 | 1,000,000.00 | 17,333.33 | 0.00 | 982,666.67 |
| SERGI | PAUL & ROSEMARIE SERGI | CLASS 5 | 50,000.00 | 26,307.25 | 0.00 | 23,692.75 |
| SERIO | FRANCIS XAVIER SERIO TR DTD 04/25/01 | CLASS 5 | 400,000.00 | 20,888.88 | 0.00 | 379,111.12 |
| SERMAN | THE MIRIAM L SERMAN 2010 TR | CLASS 3 | 300,000.00 | 5,916.64 | 0.00 | 294,083.36 |
| SERMON | BRADLEY SERMON | CLASS 3 | 30,000.00 | 485.00 | 0.00 | 29,515.00 |
| SERNA-ARAGOZA | MAINSTAR-FBO M T SERNA-ARAGOZA T2177190 | CLASS 3 | 121,250.00 | 4,963.22 | 0.00 | 116,286.78 |
| SERRANO | MAINSTAR-FBO DANIEL SERRANO T2177387 | CLASS 3 | 149,924.90 | 2,439.93 | 0.00 | 147,484.97 |
| SERRANO | MAINSTAR-FBO LEROY SERRANO T2177076 | CLASS 5 | 600,000.00 | 26,750.00 | 0.00 | 573,250.00 |
| SERY | MAINSTAR-FBO STEVEN SERY T2175498 | CLASS 3 | 250,000.00 | 13,663.89 | 0.00 | 236,336.11 |
| SERY | STEVEN J & SUZAN C SERY | CLASS 3 | 150,000.00 | 30,716.67 | 0.00 | 119,283.33 |
| SESHADRI/SADAGOPAN | SADAGOPAN SESHADRI & R SADAGOPAN | CLASS 5 | 50,000.00 | 8,236.17 | 0.00 | 41,763.83 |
| SESSOMS | HIRAM J JR & ANNA M SESSOMS | CLASS 3 | 50,000.00 | 1,180.54 | 0.00 | 48,819.46 |
| SETIAN | PETER SETIAN | CLASS 5 | 150,000.00 | 35,825.00 | 0.00 | 114,175.00 |
| SETO | FOON LUN SETO | CLASS 3 | 100,000.00 | 12,377.84 | 0.00 | 87,622.16 |
| SETO | FOON LUN SETO & MEE KIU CHAN-SETO RLT | CLASS 5 | 450,000.00 | 164,652.73 | 0.00 | 285,347.27 |
| SETO | SUNWEST TR FOON LUN SETO IRA | CLASS 3 | 35,000.00 | 13,153.71 | 0.00 | 21,846.29 |
| SETO | SUNWEST TR FOON LUN SETO IRA | CLASS 5 | 181,000.00 | 68,023.46 | 0.00 | 112,976.54 |
| SETTERLOF | MAINSTAR-FBO DONALD G SETTERLOF | CLASS 3 | 142,000.00 | 10,421.07 | 0.00 | 131,578.93 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SETTERLOF | MAINSTAR-FBO DONALD G SETTERLOF | CLASS 5 | 118,000.00 | 8,659.77 | 0.00 | 109,340.23 |
| SETTERLOF | MAINSTAR-FBO MARGARET A SETTERLOF | CLASS 3 | 85,500.00 | 5,078.94 | 0.00 | 80,421.06 |
| SETTLEMIRE | SANDRA SETTLEMIRE | CLASS 3 | 95,000.00 | 12,246.67 | 0.00 | 82,753.33 |
| SEURER | CAROL SEURER | CLASS 3 | 50,000.00 | 2,300.01 | 0.00 | 47,699.99 |
| SEWALD | JAMES R & SUSAN L SEWALD | CLASS 3 | 25,000.00 | 753.50 | 0.00 | 24,246.50 |
| SEXTON | MAINSTAR-FBO JAMES SEXTON T2178254 | CLASS 3 | 100,000.00 | 531.01 | 0.00 | 99,468.99 |
| SEXTON | SEXTON FT | CLASS 3 | 40,000.00 | 2,519.15 | 0.00 | 37,480.85 |
| SEYMOUR | PROV. TR GP-FBO JAMES R SEYMOUR IRA | CLASS 3 | 104,200.00 | 10,593.67 | 0.00 | 93,606.33 |
| SHAFFER | TIMOTHY G SHAFFER | CLASS 3 | 38,000.00 | 3,295.79 | 0.00 | 34,704.21 |
| SHAFFER | VIKI L SHAFFER | CLASS 3 | 50,000.00 | 8,985.95 | 0.00 | 41,014.05 |
| SHAFTER | RICHARD SHAFTER | CLASS 3 | 175,000.00 | 0.00 | 0.00 | 175,000.00 |
| SHAH | O J SHAH | CLASS 3 | 25,000.00 | 357.65 | 0.00 | 24,642.35 |
| SHAH | SNEHAL M & NIPA S SHAH | CLASS 3 | 100,000.00 | 2,347.23 | 0.00 | 97,652.77 |
| SHAH | SONAL SHAH | CLASS 3 | 100,000.00 | 1,430.57 | 0.00 | 98,569.43 |
| SHAKET | ALEXANDER & JANNA SHAKET | CLASS 3 | 250,000.00 | 12,951.43 | 0.00 | 237,048.57 |
| SHANK | ISAAC DAVID SHANK | CLASS 3 | 90,000.00 | 2,607.50 | 0.00 | 87,392.50 |
| SHANK | LOIS C SHANK | CLASS 3 | 53,000.00 | 662.77 | 0.00 | 52,337.23 |
| SHAO | WEIWEI SHAO | CLASS 3 | 300,000.00 | 9,726.67 | 0.00 | 290,273.33 |
| SHAPIRO | CAROLE & ROBERT SHAPIRO | CLASS 3 | 25,000.00 | 1,466.67 | 0.00 | 23,533.33 |
| SHAPIRO | MAINSTAR-FBO CARRIE SHAPIRO RW003801 | CLASS 3 | 19,000.00 | 823.33 | 0.00 | 18,176.67 |
| SHAPIRO | NANCY & JERRY SHAPIRO | CLASS 3 | 200,000.00 | 24,616.52 | 0.00 | 175,383.48 |
| SHARKEY | PROV. TR GP-FBO DAWN SHARKEY IRA | CLASS 3 | 163,500.00 | 14,213.14 | 0.00 | 149,286.86 |
| SHARKEY | PROV. TR GP-FBO ROBERT SHARKEY IRA | CLASS 3 | 99,000.00 | 9,702.00 | 0.00 | 89,298.00 |
| SHARKEY | ROBERT & DAWN SHARKEY | CLASS 3 | 175,000.00 | 16,703.84 | 0.00 | 158,296.16 |
| SHARMA | SHREE & ANU SHARMA | CLASS 3 | 168,000.00 | 33,351.80 | 0.00 | 134,648.20 |
| SHARPE | FRAN S SHARPE | CLASS 3 | 93,402.09 | 1,775.11 | 0.00 | 91,626.98 |
| SHARPE | FRAN S SHARPE | CLASS 5 | 141,030.21 | 2,680.28 | 0.00 | 138,349.93 |
| SHARPE | MAINSTAR-FBO PHILIP SHARPE | CLASS 3 | 112,000.00 | 6,794.67 | 0.00 | 105,205.33 |
| SHARPE/STEWART | HUBERT M SHARPE & JOSEPHINE M STEWART | CLASS 3 | 50,000.00 | 791.66 | 0.00 | 49,208.34 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SHASHA | MAINSTAR-FBO KATHY SHASHA T2175101 | CLASS 3 | 58,000.00 | 4,333.91 | 0.00 | 53,666.09 |
| SHAUGHNESSY | MARGARET A SHAUGHNESSY | CLASS 3 | 34,654.00 | 1,489.17 | 0.00 | 33,164.83 |
| SHAVER | ANNA SHAVER | CLASS 3 | 180,000.00 | 21,617.50 | 0.00 | 158,382.50 |
| SHAVER | MAINSTAR-FBO ANNA SHAVER T2174691 | CLASS 3 | 180,000.00 | 16,152.50 | 0.00 | 163,847.50 |
| SHAW | DENNIS D SHAW TR DTD 08/07/97 | CLASS 3 | 270,000.00 | 10,931.25 | 0.00 | 259,068.75 |
| SHAW | JEFFREY V SHAW | CLASS 3 | 50,000.00 | 3,908.33 | 0.00 | 46,091.67 |
| SHAW | MAINSTAR-FBO DAWN M SHAW | CLASS 3 | 59,000.00 | 4,208.67 | 0.00 | 54,791.33 |
| SHAW | PHILIP H & CAROL L SHAW | CLASS 3 | 25,000.00 | 1,153.44 | 0.00 | 23,846.56 |
| SHAW | PROV. TR GP-FBO SUSAN N SHAW ROTH IRA | CLASS 3 | 74,750.00 | 4,406.53 | 0.00 | 70,343.47 |
| SHAW | PROV. TR GP-FBO VIVIAN F SHAW IRA | CLASS 3 | 224,050.00 | 4,070.24 | 0.00 | 219,979.76 |
| SHAW | THE VIVIAN F SHAW RT DTD 07/23/09 | CLASS 3 | 100,000.00 | 6,316.67 | 0.00 | 93,683.33 |
| SHEAR | VIVIENNE SHEAR | CLASS 3 | 90,000.00 | 7,036.70 | 0.00 | 82,963.30 |
| SHEARER | VIRGINIA A SHEARER | CLASS 3 | 50,000.00 | 7,118.82 | 0.00 | 42,881.18 |
| SHEDLOCK | DAVID A SHEDLOCK | CLASS 3 | 100,000.00 | 350.00 | 0.00 | 99,650.00 |
| SHEEHAN | MAINSTAR-FBO JEANETTE M SHEEHAN | CLASS 3 | 75,040.50 | 5,534.25 | 0.00 | 69,506.25 |
| SHEETZ | ROBERT C & LINDA E SHEETZ | CLASS 3 | 25,000.00 | 2,291.67 | 0.00 | 22,708.33 |
| SHEFFIELD | SCOTT N & VIKI C SHEFFIELD | CLASS 3 | 250,000.00 | 20,134.05 | 0.00 | 229,865.95 |
| SHEIN | ANJE SHEIN RT | CLASS 3 | 300,000.00 | 34,738.07 | 0.00 | 265,261.93 |
| SHEIN | ANJE SHEIN RT | CLASS 5 | 400,000.00 | 46,317.43 | 0.00 | 353,682.57 |
| SHELLEY | LISA M SHELLEY | CLASS 3 | 900,000.00 | 172,339.11 | 0.00 | 727,660.89 |
| SHELLEY | LISA M SHELLEY | CLASS 5 | 250,000.00 | 47,871.98 | 0.00 | 202,128.02 |
| SHELLY | LYLE SHELLY | CLASS 3 | 330,000.00 | 50,679.27 | 0.00 | 279,320.73 |
| SHELLY | LYLE SHELLY | CLASS 5 | 100,000.00 | 15,357.35 | 0.00 | 84,642.65 |
| SHELTER | PETS AND PALS SHELTER | CLASS 3 | 450,000.00 | 21,812.50 | 0.00 | 428,187.50 |
| SHELTON | IRA SVCS TR CO-CFBO MICHAEL S SHELTON IRA | CLASS 3 | 27,000.00 | 733.75 | 0.00 | 26,266.25 |
| SHEMTOB | DAHLIA SHEMTOB | CLASS 3* | 85,000.00 | 13,231.67 | 0.00 | 71,768.33 |
| SHEN | DARREN SHEN-KAO & PEGGY SHEN | CLASS 3 | 25,000.00 | 636.79 | 0.00 | 24,363.21 |
| SHEN | REAGAN SHEN-KAO & PEGGY SHEN | CLASS 3 | 100,000.00 | 2,547.21 | 0.00 | 97,452.79 |
| SHEN-KAO | TYLER SHEN-KAO & PEGGY SHEN | CLASS 3 | 50,000.00 | 1,273.62 | 0.00 | 48,726.38 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SHEPARD | DIANE SHEPARD | CLASS 3 | 50,000.00 | 1,475.71 | 0.00 | 48,524.29 |
| SHEPARD | PROV. TR GP-FBO JOHN SHEPARD IRA | CLASS 3 | 45,000.00 | 1,710.00 | 0.00 | 43,290.00 |
| SHEPHERD | THOMAS & LORETTA SHEPHERD | CLASS 3 | 250,000.00 | 18,487.80 | 0.00 | 231,512.20 |
| SHEPPARD | PROV. TR GP-FBO DALE E SHEPPARD IRA | CLASS 3 | 76,170.00 | 5,835.47 | 0.00 | 70,334.53 |
| SHERBY | LINDA SHERBY TR | CLASS 5 | 100,000.00 | 18,098.37 | 0.00 | 81,901.63 |
| SHERIDAN | DIANA LLYN SHERIDAN LT DTD 02/10/10 | CLASS 3 | 50,000.00 | 3,130.21 | 0.00 | 46,869.79 |
| SHERIDAN | DIANA LLYN SHERIDAN LT DTD 02/10/10 | CLASS 5 | 50,000.00 | 3,130.21 | 0.00 | 46,869.79 |
| SHERIDAN | HUGH T SHERIDAN | CLASS 3 | 150,000.00 | 33,154.51 | 0.00 | 116,845.49 |
| SHERIDAN | HUGH T SHERIDAN | CLASS 5 | 100,000.00 | 22,103.00 | 0.00 | 77,897.00 |
| SHERIDAN | JOAN E SHERIDAN | CLASS 3 | 225,000.00 | 50,522.01 | 0.00 | 174,477.99 |
| SHERIDAN | JOAN E SHERIDAN | CLASS 3 | 100,000.00 | 22,454.22 | 0.00 | 77,545.78 |
| SHERIDAN | THE DIANA LLYN SHERIDAN CHAR REMAINDER TR | CLASS 5 | 150,000.00 | 12,541.67 | 0.00 | 137,458.33 |
| SHERMAN | LEONARD & DONNA SHERMAN | CLASS 3 | 75,000.00 | 4,947.10 | 448.06 | 69,604.84 |
| SHERMAN | MAINSTAR-FBO JUDITH SHERMAN R2176404 | CLASS 3 | 37,187.00 | 738.58 | 0.00 | 36,448.42 |
| SHERMAN | MAINSTAR-FBO JUDITH SHERMAN T2176403 | CLASS 3 | 40,431.00 | 1,167.44 | 0.00 | 39,263.56 |
| SHERMAN | THE STANLEY SHERMAN IRREV TR | CLASS 3 | 100,000.00 | 5,125.04 | 0.00 | 94,874.96 |
| SHERROW | SHERRY SHERROW | CLASS 3 | 400,000.00 | 30,866.67 | 0.00 | 369,133.33 |
| SHERWOOD | JEFFREY & YVONNE SHERWOOD | CLASS 3 | 50,000.00 | 1,779.19 | 0.00 | 48,220.81 |
| SHI/DIWU | XIAOLIN SHI & LAN DIWU | CLASS 3 | 25,000.00 | 687.50 | 0.00 | 24,312.50 |
| SHIGEMATSU | GEORGE & JANICE SHIGEMATSU | CLASS 3 | 30,000.00 | 745.83 | 0.00 | 29,254.17 |
| SHIMANOVICH | MAINSTAR-FBO IZA SHIMANOVICH | CLASS 3 | 25,000.00 | 2,711.82 | 0.00 | 22,288.18 |
| SHIMANOVICH | MAINSTAR-FBO RITA SHIMANOVICH | CLASS 3 | 25,000.00 | 1,565.98 | 0.00 | 23,434.02 |
| SHIMKIN | PROV. TR GP-FBO ROSA SHIMKIN IRA | CLASS 3 | 34,101.50 | 5,733.39 | 0.00 | 28,368.11 |
| SHIMKIN | ROSA & LOUIS SHIMKIN | CLASS 3 | 60,000.00 | 5,805.83 | 0.00 | 54,194.17 |
| SHIMP | GEORGE P SHIMP | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| SHINABERRY | NOLA SHINABERRY | CLASS 3 | 25,000.00 | 2,257.01 | 0.00 | 22,742.99 |
| SHINABERY | LELAND K SHINABERY | CLASS 3 | 33,171.00 | 393.45 | 0.00 | 32,777.55 |
| SHINDLER | JAMES W & LORRAINE M SHINDLER | CLASS 3 | 100,000.00 | 5,912.51 | 0.00 | 94,087.49 |
| SHIPLEY | MAINSTAR-FBO LINDA R SHIPLEY | CLASS 5 | 177,500.00 | 16,823.14 | 0.00 | 160,676.86 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SHIPLEY | MAINSTAR-FBO STEPHEN D SHIPLEY | CLASS 5 | 540,500.00 | 51,227.45 | 0.00 | 489,272.55 |
| SHIRLEY | LILLY A SHIRLEY | CLASS 3 | 260,000.00 | 3,247.93 | 0.00 | 256,752.07 |
| SHIRLEY | MAINSTAR-FBO LILLY A SHIRLEY TW004155 | CLASS 3 | 269,510.00 | 356.35 | 0.00 | 269,153.65 |
| SHKRABOV/KORABELN. | SEMEN SHKRABOV & ELENA KORABELNIKOVA | CLASS 3 | 75,000.00 | 5,650.69 | 1,000.00 | 68,349.31 |
| SHOEMAKER | ALLEN SHOEMAKER | CLASS 3 | 100,000.00 | 2,934.01 | 0.00 | 97,065.99 |
| SHOEMAKER | ROGER & LAURIE SHOEMAKER | CLASS 3 | 55,000.00 | 1,358.18 | 0.00 | 53,641.82 |
| SHOFFNER | CLAUDIA B SHOFFNER | CLASS 3 | 25,000.00 | 1,210.73 | 0.00 | 23,789.27 |
| SHOTZBERGER | CATHY SHOTZBERGER | CLASS 3 | 25,000.00 | 322.93 | 0.00 | 24,677.07 |
| SHOVER | JAMES & JOYCE C SHOVER | CLASS 5 | 150,000.00 | 11,264.21 | 0.00 | 138,735.79 |
| SHOWALTER | IRA SVCS TR CO-CFBO D JEAN SHOWALTER | CLASS 3 | 49,400.00 | 1,325.58 | 0.00 | 48,074.42 |
| SHRECK | HORIZON TR CO-FBO REBECCA SHRECK SEP IRA | CLASS 3 | 92,600.00 | 1,602.50 | 0.00 | 90,997.50 |
| SHRIVER | LORRAINE SHRIVER | CLASS 3 | 50,000.00 | 6,145.85 | 0.00 | 43,854.15 |
| SHUBAT | THOMAS M & CAROLYN A SHUBAT | CLASS 3 | 40,000.00 | 21,343.43 | 0.00 | 18,656.57 |
| SHUDRA | MIKE SHUDRA | CLASS 3 | 30,000.00 | 402.50 | 0.00 | 29,597.50 |
| SHULTZ | DR EDWIN B SHULTZ | CLASS 3 | 100,000.00 | 9,059.66 | 0.00 | 90,940.34 |
| SHULTZ | IRA SVCS TR CO-CFBO REBECCA D SHULTZ IRA | CLASS 3 | 143,000.00 | 4,390.14 | 0.00 | 138,609.86 |
| SHUMAN | ED SHUMAN | CLASS 3 | 25,000.00 | 1,483.33 | 0.00 | 23,516.67 |
| SHUR | MICHAEL & KIMBERLY SHUR | CLASS 3 | 25,000.00 | 4,386.16 | 2,202.00 | 18,411.84 |
| SHURDEN | LOLA SHURDEN | CLASS 3 | 150,000.00 | 668.06 | 0.00 | 149,331.94 |
| SHURET | PROV. TR GP-FBO EDWARD E SHURET IRA | CLASS 3 | 100,000.00 | 7,233.33 | 0.00 | 92,766.67 |
| SHUSTER | J MORGAN & THERESA C SHUSTER | CLASS 3 | 200,000.00 | 6,400.69 | 1,000.00 | 192,599.31 |
| SHUSTOWSKI | PROV. TR GP-FBO WILLIAM J SHUSTOWSKI IRA | CLASS 3 | 110,000.00 | 20,113.33 | 0.00 | 89,886.67 |
| SICKLES | ENTRUST GRP FBO JACQUELINE T-SICKLES | CLASS 5 | 250,000.00 | 20,833.30 | 0.00 | 229,166.70 |
| SICURELLA | SANDRA L SICURELLA | CLASS 3 | 100,000.00 | 6,226.43 | 0.00 | 93,773.57 |
| SIDEBOTTOM | SIDEBOTTOM FAMILY IRREV TR | CLASS 3 | 90,000.00 | 1,100.00 | 0.00 | 88,900.00 |
| SIDMAN | MICHAEL SIDMAN | CLASS 3 | 25,000.00 | 125.00 | 0.00 | 24,875.00 |
| SIDWELL | ALAN SIDWELL | CLASS 3 | 100,000.00 | 15,849.81 | 0.00 | 84,150.19 |
| SIDWELL | ALAN SIDWELL | CLASS 5 | 700,000.00 | 110,948.64 | 0.00 | 589,051.36 |
| SIEBE | MAINSTAR-FBO LINDA SIEBE TW003810 | CLASS 3 | 75,800.00 | 2,033.97 | 0.00 | 73,766.03 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SIEFKEN | PROV. TR GP-FBO SUSAN SIEFKEN IRA | CLASS 3 | 25,000.00 | 2,465.95 | 0.00 | 22,534.05 |
| SIEFRING | CHARLES F & JEAN A SIEFRING | CLASS 5 | 200,000.00 | 26,993.99 | 0.00 | 173,006.01 |
| SIEFRING | PAUL A & SONJA K SIEFRING | CLASS 3 | 25,000.00 | 524.32 | 0.00 | 24,475.68 |
| SIEGEL | AMANDA & LINDA SIEGEL | CLASS 3 | 85,000.00 | 6,108.62 | 0.00 | 78,891.38 |
| SIEGEL | MARK & LINDA SIEGEL | CLASS 3 | 75,000.00 | 6,272.53 | 0.00 | 68,727.47 |
| SIEGEL | PROV. TR GP-FBO MARK SIEGEL IRA | CLASS 3 | 95,000.00 | 1,202.48 | 0.00 | 93,797.52 |
| SIEGEL | PROV. TR GP-FBO MARK SIEGEL IRA | CLASS 5 | 150,000.00 | 1,898.66 | 0.00 | 148,101.34 |
| SIEGLER | JOHN SIEGLER JR | CLASS 3 | 100,000.00 | 4,030.48 | 0.00 | 95,969.52 |
| SIEGLER | PROV. TR GP-FBO JOHN SIEGLER JR IRA | CLASS 3 | 65,500.00 | 1,887.70 | 0.00 | 63,612.30 |
| SIEVERS | PROV. TR GP-FBO MARTA G SIEVERS IRA | CLASS 3 | 25,000.00 | 1,232.18 | 0.00 | 23,767.82 |
| SIFFERMANN | KAREN SIFFERMANN | CLASS 3 | 25,000.00 | 5,511.94 | 0.00 | 19,488.06 |
| SIFFERMANN | PROV. TR GP-FBO KAREN SIFFERMANN IRA | CLASS 3 | 76,315.15 | 6,461.35 | 0.00 | 69,853.80 |
| SIGL | JOHN SIGL | CLASS 3 | 33,000.00 | 550.00 | 0.00 | 32,450.00 |
| SIGLER | HUGH & BARBARA SIGLER RT MAY 2015 | CLASS 5 | 100,000.00 | 9,891.64 | 0.00 | 90,108.36 |
| SIGLER | MAINSTAR-FBO DEBRA L SIGLER T2176301 | CLASS 3 | 70,500.00 | 3,188.17 | 0.00 | 67,311.83 |
| SIGNER | NEIL H & NANCY M SIGNER | CLASS 3 | 25,000.00 | 1,364.63 | 0.00 | 23,635.37 |
| SIGNER | THE SIGNER FT | CLASS 3 | 200,000.00 | 1,500.00 | 0.00 | 198,500.00 |
| SIGSWAY | MAREL J & RONALD SIGSWAY | CLASS 3 | 335,000.00 | 42,382.64 | 0.00 | 292,617.36 |
| SIGSWAY | PROV. TR GP-FBO MAREL J SIGSWAY IRA | CLASS 3 | 145,000.00 | 24,461.83 | 0.00 | 120,538.17 |
| SIGSWAY | PROV. TR GP-FBO MAREL J SIGSWAY IRA | CLASS 5 | 234,718.00 | 39,597.47 | 0.00 | 195,120.53 |
| SIGSWAY | PROV. TR GP-FBO RONALD SIGSWAY IRA | CLASS 3 | 140,000.00 | 22,357.61 | 0.00 | 117,642.39 |
| SIGSWAY | PROV. TR GP-FBO RONALD SIGSWAY IRA | CLASS 5 | 113,267.00 | 18,088.42 | 0.00 | 95,178.58 |
| SILBERZAHN | PROV. TR GP-FBO S K SILBERZAHN ROTH IRA | CLASS 3 | 63,000.00 | 8,820.00 | 0.00 | 54,180.00 |
| SILER | SILER FAMILY IRREV TR | CLASS 3 | 70,000.00 | 0.00 | 0.00 | 70,000.00 |
| SILLOWAY | MAINSTAR-FBO CHRISTINE SILLOWAY RW003799 | CLASS 3 | 80,000.00 | 2,816.67 | 0.00 | 77,183.33 |
| SILVA | JOSEPH SILVA | CLASS 3 | 50,000.00 | 861.10 | 0.00 | 49,138.90 |
| SILVA | PROV. TR GP-FBO EDMUND DE SILVA ROTH IRA | CLASS 3 | 204,578.00 | 12,965.13 | 1,000.00 | 190,612.87 |
| SILVA | RICHARD & GENITA SILVA | CLASS 3 | 40,000.00 | 1,050.02 | 0.00 | 38,949.98 |
| SILVER | HOWARD SILVER | CLASS 5 | 100,000.00 | 57,206.11 | 0.00 | 42,793.89 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SILVER | PROV. TR GP-FBO HOWARD SILVER IRA | CLASS 5 | 186,750.00 | 41,544.48 | 0.00 | 145,205.52 |
| SILVER | PROV. TR GP-FBO SHARON SILVER IRA | CLASS 3 | 50,000.00 | 5,567.41 | 0.00 | 44,432.59 |
| SILVER | PROV. TR GP-FBO SHARON SILVER IRA | CLASS 5 | 232,500.00 | 25,888.43 | 0.00 | 206,611.57 |
| SILVER | WILLIAM & KAREN SILVER | CLASS 5 | 300,000.00 | 63,605.52 | 0.00 | 236,394.48 |
| SILVERBERG | AMANDA SILVERBERG | CLASS 3 | 25,000.00 | 1,489.62 | 0.00 | 23,510.38 |
| SILVERBERG | STANLEY J & HAZEL SILVERBERG | CLASS 3 | 25,000.00 | 1,153.17 | 0.00 | 23,846.83 |
| SILVERMAN | ELLEN J SILVERMAN | CLASS 3 | 25,000.00 | 3,113.20 | 0.00 | 21,886.80 |
| SIMMERMAN | JAMES KYLE & BONNIE SIMMERMAN | CLASS 3 | 25,000.00 | 935.74 | 0.00 | 24,064.26 |
| SIMMONS | CHARLIE & LORA KIM SIMMONS | CLASS 5 | 325,000.00 | 66,541.52 | 0.00 | 258,458.48 |
| SIMMONS | CHARLIE SIMMONS | CLASS 5 | 50,000.00 | 17,389.05 | 0.00 | 32,610.95 |
| SIMMONS | HORIZON TR CO-FBO ROBERT A SIMMONS IRA | CLASS 5 | 232,000.00 | 30,160.04 | 0.00 | 201,839.96 |
| SIMMONS | IRA SVCS TR CO-CFBO SANDIE I SIMMONS IRA | CLASS 3 | 279,000.00 | 41,392.75 | 0.00 | 237,607.25 |
| SIMMONS | LIBERTY TR CO-FBO CHARLIE J SIMMONS IR | CLASS 5 | 150,000.00 | 68,291.73 | 0.00 | 81,708.27 |
| SIMMONS | LIBERTY TR CO-FBO JAMES E SIMMONS IRA | CLASS 5 | 200,000.00 | 48,138.70 | 0.00 | 151,861.30 |
| SIMMONS | MAINSTAR-FBO JOAN SIMMONS T2176397 | CLASS 3 | 178,914.00 | 3,669.72 | 0.00 | 175,244.28 |
| SIMMONS | ROBERT A & FAITH L SIMMONS | CLASS 5 | 141,897.00 | 19,756.43 | 0.00 | 122,140.57 |
| SIMMONS/ROCHELLE | MARY SIMMONS & RACHEL ROCHELLE | CLASS 3 | 40,000.00 | 2,172.27 | 0.00 | 37,827.73 |
| SIMON | THE ARLENE M SIMON RT | CLASS 3 | 100,000.00 | 5,312.50 | 0.00 | 94,687.50 |
| SIMON | THE KARSE J SIMON RT | CLASS 3 | 100,000.00 | 4,614.58 | 0.00 | 95,385.42 |
| SIMON | THE KARSE J SIMON RT | CLASS 5 | 100,000.00 | 4,614.58 | 0.00 | 95,385.42 |
| SIMONEAU | ANNE MARIE SIMONEAU | CLASS 3 | 29,000.00 | 1,160.83 | 0.00 | 27,839.17 |
| SIMONS | EDWIN A SIMONS | CLASS 3 | 100,000.00 | 12,297.74 | 0.00 | 87,702.26 |
| SIMONS | MYRA K & LEONARD M SIMONS | CLASS 3 | 95,000.00 | 16,205.75 | 0.00 | 78,794.25 |
| SIMONS | PROV. TR GP-FBO LEONARD SIMONS IRA | CLASS 3 | 85,247.00 | 10,429.07 | 0.00 | 74,817.93 |
| SIMONS | PROV. TR GP-FBO MYRA SIMONS IRA | CLASS 3 | 48,674.00 | 5,954.82 | 0.00 | 42,719.18 |
| SIMPSON | BRUCE SIMPSON | CLASS 3 | 50,000.00 | 5,725.00 | 0.00 | 44,275.00 |
| SIMPSON | JULIA SIMPSON | CLASS 3 | 25,000.00 | 900.69 | 0.00 | 24,099.31 |
| SIMPSON | LAURA J SIMPSON | CLASS 3 | 250,597.00 | 11,121.00 | 0.00 | 239,476.00 |
| SIMPSON | MAINSTAR-FBO LAURA SIMPSON TW003755 | CLASS 3 | 95,900.00 | 4,172.99 | 0.00 | 91,727.01 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SIMPSON | MAINSTAR-FBO LORNA SIMPSON | CLASS 3 | 67,500.00 | 3,960.94 | 0.00 | 63,539.06 |
| SIMPSON | SHERYL SIMPSON | CLASS 3 | 100,000.00 | 8,705.42 | 0.00 | 91,294.58 |
| SIMPSON | SHERYL SIMPSON | CLASS 5 | 100,000.00 | 8,705.42 | 0.00 | 91,294.58 |
| SIMS | GEORGE L JR & LINDA C SIMS | CLASS 3 | 100,000.00 | 19,741.04 | 0.00 | 80,258.96 |
| SIMS | MAINSTAR-FBO VICTORIA G SIMS | CLASS 3 | 34,000.00 | 4,237.69 | 0.00 | 29,762.31 |
| SINGH | KARNAIL SINGH | CLASS 3 | 150,000.00 | 14,409.69 | 0.00 | 135,590.31 |
| SINGLETON | CONNIE FELDICK SINGLETON | CLASS 3 | 25,000.00 | 724.29 | 0.00 | 24,275.71 |
| SINGLETON | PROV. TR GP-FBO WARREN G SINGLETON IRA | CLASS 3 | 89,000.00 | 15,629.58 | 0.00 | 73,370.42 |
| SINGLETON | THE CAROL SINGLETON ET DTD 12/22/12 | CLASS 3 | 225,000.00 | 27,450.00 | 0.00 | 197,550.00 |
| SINGLETON | WARREN G & CAROL A SINGLETON | CLASS 3 | 25,000.00 | 4,776.49 | 0.00 | 20,223.51 |
| SIPES | IRA SVCS TR CO-CFBO DUANE E SIPES | CLASS 3 | 77,000.00 | 2,111.10 | 0.00 | 74,888.90 |
| SIPES | IRA SVCS TR CO-CFBO SUZANNE G SIPES | CLASS 3 | 75,000.00 | 2,056.25 | 0.00 | 72,943.75 |
| SIRACUSA | MARGARET SIRACUSA IT | CLASS 3 | 65,000.00 | 5,217.99 | 0.00 | 59,782.01 |
| SIRIANNI | JOSEPH V SIRIANNI FRLT | CLASS 3 | 50,000.00 | 675.00 | 0.00 | 49,325.00 |
| SIROTA/NORTON | ARLYNE SIROTA & CARRIE NORTON | CLASS 3 | 70,000.00 | 4,993.33 | 0.00 | 65,006.67 |
| SISEMORE | MAINSTAR-FBO RICKIE SISEMORE | CLASS 3 | 51,000.00 | 1,947.92 | 0.00 | 49,052.08 |
| SITES | CARL R & ANNA L SITES | CLASS 3 | 50,000.00 | 1,643.07 | 0.00 | 48,356.93 |
| SJAASTAD | BARBARA L SJAASTAD | CLASS 3 | 350,000.00 | 10,425.00 | 0.00 | 339,575.00 |
| SJAASTAD | DAVID C & BETH A SJAASTAD | CLASS 3 | 300,000.00 | 10,172.23 | 0.00 | 289,827.77 |
| SJAASTAD | EMMA L SJAASTAD | CLASS 3 | 50,000.00 | 573.61 | 0.00 | 49,426.39 |
| SJAASTAD | GERALD D & ELIZABETH J SJAASTAD | CLASS 3 | 2,150,000.00 | 179,720.09 | 1,000.00 | 1,969,279.91 |
| SJAASTAD | GERALD D SJAASTAD TR 04/27/98 | CLASS 3 | 190,000.00 | 13,331.67 | 0.00 | 176,668.33 |
| SJAASTAD | PROV. TR GP-FBO DAVID C SJAASTAD IRA | CLASS 3 | 204,367.00 | 13,794.78 | 0.00 | 190,572.22 |
| SJAASTAD | PROV. TR GP-FBO ELIZABETH J SJAASTAD IRA | CLASS 3 | 174,238.00 | 21,264.53 | 0.00 | 152,973.47 |
| SJAASTAD | PROV. TR GP-FBO GERALD D SJAASTAD IRA | CLASS 3 | 354,078.00 | 43,180.22 | 0.00 | 310,897.78 |
| SJE FLORIDA | SJE FLORIDA ENTERPRISES LLC | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| SKARET | MAINSTAR-FBO LINDA SKARET RW003741 | CLASS 3 | 40,000.00 | 1,332.22 | 0.00 | 38,667.78 |
| SKARYD | JERRY & MELANIE SKARYD | CLASS 3 | 450,000.00 | 20,729.16 | 0.00 | 429,270.84 |
| SKEEN | RICH SKEEN | CLASS 3* | 50,000.00 | 505.56 | 0.00 | 49,494.44 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SKILLMAN | MARGARET M SKILLMAN | CLASS 3 | 50,000.00 | 476.39 | 0.00 | 49,523.61 |
| SKIMINA | VIVIAN SKIMINA | CLASS 3 | 25,000.00 | 1,618.11 | 0.00 | 23,381.89 |
| SKOGSBERG | GREG SKOGSBERG | CLASS 3 | 25,000.00 | 2,187.50 | 0.00 | 22,812.50 |
| SKUDERA | MICHAEL J SKUDERA | CLASS 3 | 50,000.00 | 2,333.31 | 0.00 | 47,666.69 |
| SKUDERA/KINAHAN | RAYMOND R SKUDERA & PATRICIA KINAHAN | CLASS 3 | 30,000.00 | 2,830.00 | 1,000.00 | 26,170.00 |
| SKVARCH | THE WILFRED & BERNICE SKVARCH TR DTD 08/04/05 | CLASS 3 | 200,000.00 | 26,550.16 | 0.00 | 173,449.84 |
| SKYLIGHT RESOURCES | SKYLIGHT RESOURCES LLC | CLASS 3 | 200,000.00 | 10,572.26 | 0.00 | 189,427.74 |
| SLATER | DAVID J SLATER | CLASS 3 | 30,000.00 | 3,249.15 | 0.00 | 26,750.85 |
| SLATER | HORIZON TR CO-FBO THELMA M SLATER IRA | CLASS 3 | 73,000.00 | 8,922.28 | 0.00 | 64,077.72 |
| SLATER | IRENE S SLATER | CLASS 3 | 25,000.00 | 2,812.50 | 0.00 | 22,187.50 |
| SLATER | JAMES T SLATER | CLASS 3 | 25,000.00 | 2,812.50 | 0.00 | 22,187.50 |
| SLAVINSKI | SLAVINSKI RT | CLASS 3 | 25,000.00 | 375.01 | 0.00 | 24,624.99 |
| SLIDE PLUS | SLIDE PLUS INC | CLASS 3 | 200,000.00 | 1,066.67 | 0.00 | 198,933.33 |
| SLIFER | EVELYN M SLIFER | CLASS 3 | 125,000.00 | 2,048.60 | 0.00 | 122,951.40 |
| SLIJK | PROV. TR GP-FBO RICHARD P SLIJK INH IRA | CLASS 3 | 64,500.00 | 2,915.94 | 0.00 | 61,584.06 |
| SLOTA | RHONDA HARRIS SLOTA | CLASS 3 | 60,000.00 | 0.00 | 0.00 | 60,000.00 |
| SLUSARSKI | SLUSARSKI LT DTD 04/11/17 | CLASS 3 | 40,000.00 | 940.00 | 0.00 | 39,060.00 |
| SMALL | JAY & ILENE SMALL | CLASS 3 | 225,000.00 | 28,277.11 | 0.00 | 196,722.89 |
| SMEDLEY | SHIRLEY SMEDLEY | CLASS 3 | 100,000.00 | 2,583.35 | 0.00 | 97,416.65 |
| SMELTZER | HUGH SMELTZER | CLASS 3 | 25,000.00 | 404.17 | 0.00 | 24,595.83 |
| SMETANA | THE E ELAINE SMETANA TR 08/17/94 AMENDED | CLASS 3 | 300,000.00 | 24,616.67 | 0.00 | 275,383.33 |
| SMITH | CLARENCE P & PHYLLIS C SMITH | CLASS 3 | 25,000.00 | 635.44 | 0.00 | 24,364.56 |
| SMITH | DAVID & LAUREN SMITH | CLASS 3 | 35,000.00 | 548.33 | 0.00 | 34,451.67 |
| SMITH | DONLIE SMITH | CLASS 3 | 100,000.00 | 21,129.12 | 0.00 | 78,870.88 |
| SMITH | GERALD A SMITH | CLASS 3 | 182,200.00 | 41,165.65 | 0.00 | 141,034.35 |
| SMITH | HILDEGARD A & LAWRENCE H SMITH | CLASS 3 | 25,000.00 | 913.17 | 0.00 | 24,086.83 |
| SMITH | JOHN G & SHIRLEY A SMITH | CLASS 3 | 400,000.00 | 24,184.74 | 0.00 | 375,815.26 |
| SMITH | JOY L SMITH | CLASS 3 | 25,000.00 | 816.00 | 0.00 | 24,184.00 |
| SMITH | LARRY & BARBARA SMITH | CLASS 3 | 80,000.00 | 1,011.10 | 0.00 | 78,988.90 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SMITH | LISA E & BRIAN S SMITH | CLASS 5 | 100,000.00 | 9,947.26 | 0.00 | 90,052.74 |
| SMITH | MAINSTAR-FBO DANIEL SMITH TW003365 | CLASS 3 | 455,000.00 | 50,620.83 | 1,000.00 | 403,379.17 |
| SMITH | MAINSTAR-FBO GLORIA SMITH RW004058 | CLASS 3 | 60,000.00 | 791.67 | 0.00 | 59,208.33 |
| SMITH | MAINSTAR-FBO PEGGY SMITH | CLASS 5 | 242,500.00 | 20,107.29 | 0.00 | 222,392.71 |
| SMITH | MARIA DE LA LUZ SMITH | CLASS 3 | 150,000.00 | 7,687.50 | 0.00 | 142,312.50 |
| SMITH | MICHAEL D & ELIZABETH B SMITH | CLASS 3 | 50,000.00 | 8,100.00 | 0.00 | 41,900.00 |
| SMITH | PEGGY SMITH | CLASS 3 | 35,000.00 | 865.26 | 0.00 | 34,134.74 |
| SMITH | PETER SMITH | CLASS 3 | 100,000.00 | 11,001.83 | 333.33 | 88,664.84 |
| SMITH | PETER SMITH | CLASS 5 | 200,000.00 | 22,003.66 | 666.67 | 177,329.67 |
| SMITH | PROV. TR GP-FBO ARLIE R SMITH ICA | CLASS 3 | 265,000.00 | 40,449.31 | 0.00 | 224,550.69 |
| SMITH | PROV. TR GP-FBO GARY B SMITH IRA | CLASS 3 | 240,800.00 | 51,816.93 | 0.00 | 188,983.07 |
| SMITH | PROV. TR GP-FBO JANICE S SMITH IRA | CLASS 5 | 145,000.00 | 52,481.83 | 0.00 | 92,518.17 |
| SMITH | PROV. TR GP-FBO KAREN L SMITH IRA | CLASS 3 | 80,000.00 | 11,835.55 | 0.00 | 68,164.45 |
| SMITH | PROV. TR GP-FBO LAWRENCE H SMITH IRA | CLASS 3 | 25,000.00 | 892.70 | 0.00 | 24,107.30 |
| SMITH | PROV. TR GP-FBO PATRICIA SMITH IRA | CLASS 3 | 61,000.00 | 13,511.53 | 0.00 | 47,488.47 |
| SMITH | ROBERT L JR & JACQUELINE F SMITH | CLASS 3 | 75,000.00 | 15,693.84 | 0.00 | 59,306.16 |
| SMITH | RUSSELL A SMITH | CLASS 3 | 250,000.00 | 2,916.67 | 0.00 | 247,083.33 |
| SMITH | RUTH A SMITH | CLASS 5 | 50,000.00 | 10,652.86 | 0.00 | 39,347.14 |
| SMITH | SANDRA SMITH | CLASS 3 | 50,000.00 | 576.38 | 0.00 | 49,423.62 |
| SMITH | SARAH Y SMITH | CLASS 3 | 100,000.00 | 5,224.96 | 0.00 | 94,775.04 |
| SMITH | SMITH FAMILY IRREV TR | CLASS 3 | 300,000.00 | 35,038.70 | 0.00 | 264,961.30 |
| SMITH | VICKI L SMITH | CLASS 5 | 50,000.00 | 23,833.53 | 0.00 | 26,166.47 |
| SMITH | WILLETT R SMITH | CLASS 3 | 40,000.00 | 3,340.00 | 0.00 | 36,660.00 |
| SMITH/FALCIANO | EDWARD J SMITH & DONNA P FALCIANO | CLASS 3 | 100,000.00 | 5,561.14 | 0.00 | 94,438.86 |
| SNIDER | BILLY & CAROLYN SNIDER | CLASS 3 | 60,000.00 | 0.00 | 0.00 | 60,000.00 |
| SNITZER | PROV. TR GP-FBO LAURA S SNITZER ROTH IRA | CLASS 3 | 82,602.14 | 17,305.15 | 0.00 | 65,296.99 |
| SNITZER | PROV. TR GP-FBO RICHARD A SNITZER IRA | CLASS 3 | 220,297.70 | 13,819.16 | 0.00 | 206,478.54 |
| SNOLAND | PROV. TR GP-FBO NANCY SNOLAND IRA | CLASS 3 | 43,000.00 | 2,448.61 | 0.00 | 40,551.39 |
| SNYDER | IRA SVCS TR CO-CFBO LLOYD J SNYDER | CLASS 3 | 180,000.00 | 1,190.00 | 0.00 | 178,810.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SNYDER | JAMES & JO ANNE SNYDER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| SNYDER | JAMES L SNYDER | CLASS 3 | 50,000.00 | 11,391.69 | 3,523.20 | 35,085.11 |
| SNYDER | MAINSTAR-FBO WENDY A SNYDER | CLASS 3 | 100,000.00 | 5,833.34 | 0.00 | 94,166.66 |
| SNYDER | SANDRA S SNYDER | CLASS 3 | 40,000.00 | 653.33 | 0.00 | 39,346.67 |
| SOCIE | CARMELA L SOCIE | CLASS 5 | 50,000.00 | 7,805.62 | 0.00 | 42,194.38 |
| SOFEN | GARY &/OR KRISTIN SOFEN RT | CLASS 5 | 100,000.00 | 31,194.35 | 0.00 | 68,805.65 |
| SOFEN | HARVEY & BARBARA SOFEN RT DTD 03/08/06 | CLASS 5 | 50,000.00 | 7,217.78 | 0.00 | 42,782.22 |
| SOFEN | HARVEY & BARBARA SOFEN RT DTD 03/08/06 | CLASS 5 | 100,000.00 | 14,435.56 | 0.00 | 85,564.44 |
| SOGHOMONIAN | HAROUT & LENA SOGHOMONIAN | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| SOKOL | MAINSTAR-FBO SUZANNE SOKOL T2178290 | CLASS 3 | 90,000.00 | 475.00 | 0.00 | 89,525.00 |
| SOLANO | CHRISTINA & ROBERT SOLANO | CLASS 3 | 100,000.00 | 6,088.92 | 0.00 | 93,911.08 |
| SOLLENBERGER | BETTY J SOLLENBERGER | CLASS 3 | 60,000.00 | 470.00 | 0.00 | 59,530.00 |
| SOLOWY | MAINSTAR-FBO DANNY E SOLOWY | CLASS 3 | 198,567.12 | 11,649.27 | 0.00 | 186,917.85 |
| SOMAYAJULA | SUVARCHALA SOMAYAJULA | CLASS 3 | 25,000.00 | 829.17 | 0.00 | 24,170.83 |
| SOMERS | MATTHEW J SOMERS | CLASS 3 | 25,000.00 | 1,579.83 | 0.00 | 23,420.17 |
| SORG | ROSALIE SORG | CLASS 3 | 50,000.00 | 90.28 | 0.00 | 49,909.72 |
| SORIANO | ELIZABETH SORIANO | CLASS 3 | 75,000.00 | 3,894.37 | 0.00 | 71,105.63 |
| SORIANO | NELIA SORIANO | CLASS 3 | 200,000.00 | 9,197.26 | 0.00 | 190,802.74 |
| SORICK/WELSH | HARVEY H SORICK & EVELYN WELSH | CLASS 3 | 25,000.00 | 520.85 | 0.00 | 24,479.15 |
| SORLIEN | RONALD & SUSAN J SORLIEN | CLASS 3 | 45,000.00 | 720.00 | 0.00 | 44,280.00 |
| SORSHER | MAINSTAR-FBO ALLA SORSHER R2175563 | CLASS 3 | 96,250.36 | 8,341.93 | 0.00 | 87,908.43 |
| SOTAK | DOLORES SOTAK | CLASS 3 | 75,000.00 | 2,937.50 | 0.00 | 72,062.50 |
| SOTO | MISAEL SOTO | CLASS 3 | 50,000.00 | 8,791.73 | 0.00 | 41,208.27 |
| SOTO | PROV. TR GP-FBO MISAEL SOTO IRA | CLASS 3 | 69,617.58 | 12,856.05 | 0.00 | 56,761.53 |
| SOUDER | MERLE & NANCY SOUDER | CLASS 5 | 600,000.00 | 80,974.94 | 0.00 | 519,025.06 |
| SOUTH | LEON SOUTH | CLASS 3 | 25,000.00 | 208.34 | 0.00 | 24,791.66 |
| SOWA | PROV. TR GP-FBO NORAH M SOWA IRA | CLASS 3 | 116,500.00 | 13,308.34 | 0.00 | 103,191.66 |
| SOWELL | MAINSTAR-FBO JOANNE L SOWELL T2175623 | CLASS 3 | 138,863.45 | 8,955.18 | 0.00 | 129,908.27 |
| SOWELL | MAINSTAR-FBO JOSEPH C SOWELL T2175622 | CLASS 3 | 36,395.72 | 2,243.40 | 0.00 | 34,152.32 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SPACKMAN | PROV. TR GP-FBO MICHAEL SPACKMAN IRA | CLASS 3 | 103,800.00 | 9,377.73 | 0.00 | 94,422.27 |
| SPADEA | GREGORY J & REGINA SPADEA | CLASS 3 | 100,000.00 | 14,348.99 | 2,000.00 | 83,651.01 |
| SPADEA | PROV. TR GP-FBO GREGORY J SPADEA IRA | CLASS 3 | 79,500.00 | 11,132.92 | 0.00 | 68,367.08 |
| SPAIN | TIMOTHY J SPAIN | CLASS 3 | 300,000.00 | 16,055.46 | 0.00 | 283,944.54 |
| SPAIN | TIMOTHY J SPAIN | CLASS 3* | 100,000.00 | 952.77 | 0.00 | 99,047.23 |
| SPANGLER | PATRICK SPANGLER | CLASS 3 | 80,000.00 | 7,987.50 | 0.00 | 72,012.50 |
| SPANGLER | THE SPANGLER FT DTD 09/16/16 | CLASS 5 | 90,000.00 | 3,750.00 | 0.00 | 86,250.00 |
| SPANIAL | JOSEPH P & FRANCINE B SPANIAL | CLASS 3 | 350,000.00 | 31,324.90 | 0.00 | 318,675.10 |
| SPARKS | CHERYL A SPARKS | CLASS 3 | 250,000.00 | 12,189.57 | 0.00 | 237,810.43 |
| SPARKS | ELSIE L SPARKS | CLASS 3 | 50,000.00 | 2,997.19 | 0.00 | 47,002.81 |
| SPEED | WILISA SPEED | CLASS 3 | 100,000.00 | 6,416.66 | 0.00 | 93,583.34 |
| SPENCER | MAINSTAR-FBO CHARLTON W SPENCER T2177247 | CLASS 3 | 101,464.26 | 2,714.40 | 0.00 | 98,749.86 |
| SPENCER | MAINSTAR-FBO DONALD L SPENCER T2174895 | CLASS 3 | 35,000.00 | 4,198.76 | 0.00 | 30,801.24 |
| SPENCER | MAINSTAR-FBO KATHRYN L SPENCER T2174896 | CLASS 3 | 50,000.00 | 5,998.25 | 0.00 | 44,001.75 |
| SPENCER | MAURICE & BEVERLY SPENCER | CLASS 3 | 25,000.00 | 1,256.56 | 0.00 | 23,743.44 |
| SPENCER | THE ESTATE OF MAURICE SPENCER | CLASS 3 | 40,000.00 | 2,155.60 | 0.00 | 37,844.40 |
| SPESSARD | IRA SVCS TR CO-CFBO BARBARA K SPESSARD | CLASS 3 | 27,200.00 | 491.10 | 0.00 | 26,708.90 |
| SPETKA | PROV. TR GP-FBO LAWRENCE M SPETKA IRA | CLASS 5 | 200,000.00 | 67,778.00 | 0.00 | 132,222.00 |
| SPICER | DARREL & MARY LOU SPICER | CLASS 3 | 100,000.00 | 9,583.41 | 0.00 | 90,416.59 |
| SPIEGEL & DONNELL | THE SPIEGEL & DONNELL TR U/A 01/23/14 | CLASS 3 | 50,000.00 | 5,794.97 | 0.00 | 44,205.03 |
| SPIELVOGEL | MAUNG TIN-WA & ANNA SPIELVOGEL | CLASS 3 | 250,000.00 | 25,833.20 | 0.00 | 224,166.80 |
| SPILLMAN | MAINSTAR-FBO GAYLETTE C SPILLMAN | CLASS 3 | 51,716.00 | 5,968.54 | 0.00 | 45,747.46 |
| SPILLMAN | SPILLMAN FRLT | CLASS 3 | 50,000.00 | 6,141.67 | 0.00 | 43,858.33 |
| SPINA | JUSTIN FRANCESCO & APRIL JOY SPINA | CLASS 3 | 60,000.00 | 1,147.50 | 0.00 | 58,852.50 |
| SPINAVARIA | JOANNE & VINCENT SPINAVARIA | CLASS 3 | 50,000.00 | 6,468.75 | 0.00 | 43,531.25 |
| SPINOSA | LISA A SPINOSA | CLASS 3 | 40,000.00 | 3,445.51 | 0.00 | 36,554.49 |
| SPINOSA | MAINSTAR-FBO LISA A SPINOSA | CLASS 3 | 26,800.00 | 3,442.33 | 0.00 | 23,357.67 |
| SPIRKA | MAINSTAR-FBO WILLIAM J SPIRKA T2176425 | CLASS 3 | 400,000.00 | 15,888.89 | 0.00 | 384,111.11 |
| SPIROFF | DIANNE K SPIROFF | CLASS 3 | 250,000.00 | 22,859.72 | 0.00 | 227,140.28 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SPIVAK | THE SPIVAK FT | CLASS 5 | 250,000.00 | 25,885.38 | 0.00 | 224,114.62 |
| SPOON | MAINSTAR-FBO JONI A SPOON | CLASS 3 | 30,000.00 | 1,567.50 | 0.00 | 28,432.50 |
| SPOONER | DENNIS & JUDY SPOONER | CLASS 3 | 100,000.00 | 19,038.99 | 0.00 | 80,961.01 |
| SPOONER | JUDY SPOONER | CLASS 3 | 30,000.00 | 2,065.00 | 0.00 | 27,935.00 |
| SPOONER | SUNWEST TR DENNIS SPOONER IRA | CLASS 3 | 269,000.00 | 39,247.33 | 0.00 | 229,752.67 |
| SPOONER | SUNWEST TR JUDY SPOONER IRA | CLASS 3 | 139,000.00 | 19,566.40 | 0.00 | 119,433.60 |
| SPOORS | PROV. TR GP-FBO THOMAS J SPOORS IRA | CLASS 3 | 22,900.00 | 1,571.83 | 0.00 | 21,328.17 |
| SPRAGUE | PROV. TR GP-FBO GARY SPRAGUE IRA | CLASS 3 | 50,000.00 | 2,600.00 | 0.00 | 47,400.00 |
| SPRECHER | JIM & NANCY SPRECHER | CLASS 3 | 50,000.00 | 8,450.95 | 0.00 | 41,549.05 |
| SPRECHER | JIM & NANCY SPRECHER | CLASS 5 | 100,000.00 | 16,901.91 | 0.00 | 83,098.09 |
| SPRENGER | RONALD R SPRENGER | CLASS 3 | 200,000.00 | 1,722.22 | 0.00 | 198,277.78 |
| SPRIGGS | IRA SVCS TR CO-CFBO JACQUELINE L SPRIGGS | CLASS 3 | 50,000.00 | 388.89 | 0.00 | 49,611.11 |
| SPRIGGS | JACQUELINE SPRIGGS | CLASS 3 | 100,000.00 | 8,983.28 | 0.00 | 91,016.72 |
| SPRING | BRUCE N SPRING | CLASS 3 | 50,000.00 | 3,741.65 | 0.00 | 46,258.35 |
| SPRINGER | MAINSTAR-FBO NEIL SPRINGER T2176073 | CLASS 3 | 100,000.00 | 3,777.08 | 0.00 | 96,222.92 |
| SPRINGER | PROV. TR GP-FBO JOHN L SPRINGER IRA | CLASS 3 | 50,000.00 | 11,988.83 | 0.00 | 38,011.17 |
| SPRUCEBANK | MARGARET & JOHN N SPRUCEBANK JR | CLASS 3 | 40,000.00 | 3,229.30 | 0.00 | 36,770.70 |
| SPRUILL | JOHN SPRUILL | CLASS 3 | 36,000.00 | 1,014.00 | 0.00 | 34,986.00 |
| SPRUILL | PROV. TR GP-FBO JOHN SPRUILL ROTH IRA | CLASS 3 | 34,000.00 | 935.00 | 0.00 | 33,065.00 |
| SPURCHISE | JOSEPH A SPURCHISE | CLASS 3 | 195,221.88 | 18,627.32 | 0.00 | 176,594.56 |
| SRAMEK/PONTREMOLI | ANN C SRAMEK & CAROL A PONTREMOLI | CLASS 3 | 50,000.00 | 4,362.50 | 0.00 | 45,637.50 |
| SRH INVESTMENTS | SRH INVESTMENTS LLC | CLASS 3 | 50,000.00 | 1,254.14 | 0.00 | 48,745.86 |
| SRIVASTAVA | ITI SRIVASTAVA | CLASS 3 | 45,000.00 | 4,395.07 | 0.00 | 40,604.93 |
| ST. PATRICK CATHOLIC | ST PATRICK CATHOLIC CHURCH | CLASS 3 | 50,000.00 | 722.21 | 0.00 | 49,277.79 |
| ST. PIERRE | EDWARD A & LYNNE M ST PIERRE | CLASS 3 | 125,000.00 | 7,791.67 | 0.00 | 117,208.33 |
| ST. PIERRE | IRA SVCS TR CO-CFBO DARYL J ST PIERRE | CLASS 3 | 141,000.00 | 15,517.04 | 0.00 | 125,482.96 |
| STACEY | DENA STACEY | CLASS 5 | 50,000.00 | 958.34 | 0.00 | 49,041.66 |
| STACEY | MAINSTAR-FBO DENA STACEY T2178040 | CLASS 5 | 100,000.00 | 1,666.67 | 0.00 | 98,333.33 |
| STACKALIS | BERNADETTE C STACKALIS | CLASS 3 | 125,000.00 | 18,531.75 | 0.00 | 106,468.25 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| STACY | MAINSTAR-FBO JAMES STACY | CLASS 3 | 35,000.00 | 1,609.52 | 0.00 | 33,390.48 |
| STAHL | SHIRLEY L STAHL | CLASS 3 | 65,000.00 | 0.00 | 0.00 | 65,000.00 |
| STAHLECKER | BOB STAHLECKER | CLASS 3 | 40,000.00 | 6,278.90 | 0.00 | 33,721.10 |
| STAINBROOK | RODNEY ROY STAINBROOK | CLASS 3 | 25,000.00 | 291.66 | 0.00 | 24,708.34 |
| STAKE | NEWTON S & FLORA H STAKE | CLASS 3 | 103,817.00 | 2,240.72 | 0.00 | 101,576.28 |
| STALEY | CAROL A STALEY RT DTD 05/05/93 | CLASS 3 | 100,000.00 | 2,789.55 | 0.00 | 97,210.45 |
| STAMMEN | KENNETH L & PATRICIA R STAMMEN | CLASS 5 | 175,000.00 | 43,149.58 | 0.00 | 131,850.42 |
| STAMMEN | PROV. TR GP-FBO KENNETH L STAMMEN IRA | CLASS 3 | 172,800.00 | 52,933.81 | 0.00 | 119,866.19 |
| STAMNAS | PROV. TR GP-FBO LESTER STAMNAS IRA | CLASS 3 | 73,570.00 | 1,912.82 | 0.00 | 71,657.18 |
| STAMOS | TED C STAMOS LT | CLASS 3 | 85,000.00 | 5,354.14 | 0.00 | 79,645.86 |
| STAMPFLI | WENDELL P STAMPFLI 3RD | CLASS 3 | 100,000.00 | 16,376.40 | 0.00 | 83,623.60 |
| STANDEFER | THE WILLIAM/P STANDEFER FT 08/16/95 | CLASS 3 | 100,000.00 | 15,024.21 | 0.00 | 84,975.79 |
| STANIEWICZ | PROV. TR GP-FBO MARY STANIEWICZ IRA | CLASS 3 | 45,000.00 | 37.50 | 0.00 | 44,962.50 |
| STANIEWICZ | PROV. TR GP-FBO THEODORE J STANIEWICZ IRA | CLASS 3 | 50,000.00 | 3,981.87 | 0.00 | 46,018.13 |
| STANIEWICZ | PROV. TR GP-FBO THEODORE J STANIEWICZ IRA | CLASS 5 | 275,000.00 | 21,900.27 | 0.00 | 253,099.73 |
| STANLEY | HELLEN F STANLEY | CLASS 3 | 100,000.00 | 766.67 | 0.00 | 99,233.33 |
| STANLEY | WILLIAM & PAMELA STANLEY | CLASS 3 | 50,000.00 | 5,026.45 | 0.00 | 44,973.55 |
| STANSBURY | JAMES & BARBARA STANSBURY LT DTD 12/29/10 | CLASS 3 | 100,000.00 | 6,433.33 | 0.00 | 93,566.67 |
| STANTON | KENNETH & ALEEN STANTON | CLASS 3 | 100,000.00 | 9,926.95 | 0.00 | 90,073.05 |
| STANTON | PROV. TR GP-FBO KENNETH STANTON IRA | CLASS 3 | 72,858.00 | 5,075.77 | 0.00 | 67,782.23 |
| STAPERT | RICHARD STAPERT | CLASS 3 | 300,000.00 | 15,279.17 | 0.00 | 284,720.83 |
| STARK | CAROL F STARK | CLASS 3 | 55,000.00 | 9,642.79 | 0.00 | 45,357.21 |
| STARNER | PROV. TR GP-FBO TIMOTHY STARNER IRA | CLASS 3 | 115,500.00 | 9,228.78 | 0.00 | 106,271.22 |
| STARNER/CICERO | MARTHA STARNER & SUSAN CICERO | CLASS 3 | 270,000.00 | 28,162.50 | 0.00 | 241,837.50 |
| STARY | PROV. TR GP-FBO GERALD D STARY IRA | CLASS 3 | 33,150.00 | 2,145.55 | 0.00 | 31,004.45 |
| STARZYNSKI | GREGORY M STARZYNSKI TR DTD 08/28/89 | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| STASAITIS | PROV. TR GP-FBO DAVID J STASAITIS IRA | CLASS 3 | 30,000.00 | 2,707.61 | 0.00 | 27,292.39 |
| STASAITIS | PROV. TR GP-FBO DAVID J STASAITIS IRA | CLASS 5 | 50,000.00 | 4,512.68 | 0.00 | 45,487.32 |
| STATLER | VERONICA S STATLER | CLASS 3 | 25,000.00 | 680.89 | 0.00 | 24,319.11 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| STAUDT | MAINSTAR-FBO BARRY L STAUDT | CLASS 3 | 76,200.00 | 7,247.47 | 0.00 | 68,952.53 |
| STEBNER | WAYNE & SANDRA K STEBNER | CLASS 3* | 100,000.00 | 1,147.22 | 0.00 | 98,852.78 |
| STECK | FRANK STECK JR | CLASS 5 | 100,000.00 | 33,860.98 | 0.00 | 66,139.02 |
| STECK | PROV. TR GP-FBO PHILLIPE J STECK IRA | CLASS 5 | 100,000.00 | 32,388.82 | 0.00 | 67,611.18 |
| STEED | PATRICIA STEED | CLASS 3 | 25,000.00 | 791.69 | 0.00 | 24,208.31 |
| STEEL | WILLIAM A STEEL | CLASS 3 | 25,000.00 | 155.56 | 0.00 | 24,844.44 |
| STEELE | DEWEY & SHARLENE STEELE | CLASS 3 | 100,000.00 | 5,750.00 | 0.00 | 94,250.00 |
| STEELE | JOAN STEELE | CLASS 3 | 50,000.00 | 4,704.24 | 0.00 | 45,295.76 |
| STEELE | LYNN STEELE | CLASS 3 | 100,000.00 | 17,660.13 | 0.00 | 82,339.87 |
| STEELE | LYNN STEELE | CLASS 5 | 100,000.00 | 17,660.13 | 0.00 | 82,339.87 |
| STEELE | RICHARD T STEELE | CLASS 3 | 400,000.00 | 3,033.33 | 0.00 | 396,966.67 |
| STEEN | ALFRED STEEN | CLASS 3 | 100,000.00 | 983.33 | 0.00 | 99,016.67 |
| STEENBLIK | LOUIS REID STEENBLIK | CLASS 3 | 25,000.00 | 2,229.17 | 0.00 | 22,770.83 |
| STEENPORT | LISA STEENPORT | CLASS 3 | 25,000.00 | 593.04 | 0.00 | 24,406.96 |
| STEFFEN | RICHARD S STEFFEN | CLASS 3 | 35,000.00 | 422.91 | 0.00 | 34,577.09 |
| STEIGMAN | DORIS C STEIGMAN | CLASS 3 | 100,000.00 | 8,829.22 | 0.00 | 91,170.78 |
| STEIGMAN | STEIGMAN INC | CLASS 3 | 100,000.00 | 10,066.67 | 0.00 | 89,933.33 |
| STEINBERG | MITCH STEINBERG | CLASS 3 | 25,000.00 | 2,644.38 | 0.00 | 22,355.62 |
| STEINBRUNNER | EDWARD L & JANET L STEINBRUNNER | CLASS 3 | 50,000.00 | 6,597.82 | 1,000.00 | 42,402.18 |
| STEINBRUNNER | GARY N & LINDA M STEINBRUNNER | CLASS 3 | 140,000.00 | 9,829.17 | 0.00 | 130,170.83 |
| STEINBRUNNER | LAVERN & JOANN C STEINBRUNNER | CLASS 3 | 30,000.00 | 6,312.55 | 0.00 | 23,687.45 |
| STEINBRUNNER | MELVIN W & JANET S STEINBRUNNER | CLASS 3 | 30,000.00 | 6,270.85 | 0.00 | 23,729.15 |
| STEINBRUNNER | PROV. TR GP-FBO EDWARD L STEINBRUNNER IRA | CLASS 3 | 35,500.00 | 2,804.50 | 0.00 | 32,695.50 |
| STEINBRUNNER | PROV. TR GP-FBO LINDA M STEINBRUNNER IRA | CLASS 3 | 75,000.00 | 4,875.00 | 0.00 | 70,125.00 |
| STEINHAEUFEL | PROV. TR GP-FBO ROYLENE STEINHAEUFEL I IR | CLASS 5 | 50,000.00 | 11,508.29 | 0.00 | 38,491.71 |
| STEINMILLER | HERMAN STEINMILLER | CLASS 3 | 30,000.00 | 12,497.17 | 0.00 | 17,502.83 |
| STELLA | MICHAEL & MARY JANE STELLA | CLASS 3 | 25,000.00 | 1,878.53 | 0.00 | 23,121.47 |
| STELZER-GRAV | VICKIE J STELZER-GRAV | CLASS 3* | 25,000.00 | 347.56 | 0.00 | 24,652.44 |
| STENDER | RANDAL & LINDA STENDER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| STENSGAARD | DEAN & JOANN STENSGAARD | CLASS 3 | 100,000.00 | 6,333.38 | 0.00 | 93,666.62 |
| STEPANIAN | HOLLY STEPANIAN | CLASS 3 | 100,000.00 | 350.00 | 0.00 | 99,650.00 |
| STEPANOFF | MAINSTAR-FBO GEORGE STEPANOFF | CLASS 3 | 75,000.00 | 4,031.25 | 0.00 | 70,968.75 |
| STEPHENS | MAINSTAR-FBO JAMES L STEPHENS T2176851 | CLASS 3 | 500,000.00 | 20,416.67 | 0.00 | 479,583.33 |
| STEPHENS | MARVIN STEVE STEPHENS | CLASS 3 | 50,000.00 | 2,388.85 | 0.00 | 47,611.15 |
| STEPHENS | PAMELA J STEPHENS | CLASS 3 | 25,000.00 | 882.27 | 0.00 | 24,117.73 |
| STEPHENS | RICHARD & MARY ANN STEPHENS | CLASS 3 | 85,000.00 | 4,886.66 | 0.00 | 80,113.34 |
| STEPHENSON | GARY STEPHENSON | CLASS 3 | 100,000.00 | 18,911.90 | 0.00 | 81,088.10 |
| STEPHENSON | SUNWEST TR GARY STEPHENSON IRA | CLASS 3 | 85,000.00 | 5,751.67 | 0.00 | 79,248.33 |
| STERN | JOHN STERN | CLASS 3 | 30,000.00 | 2,166.67 | 0.00 | 27,833.33 |
| STERN | MILTON & ROSLYN STERN RT | CLASS 3 | 375,000.00 | 43,101.03 | 0.00 | 331,898.97 |
| STERN | SANFORD & LAURA STERN RT 11/05/92 | CLASS 3 | 400,000.00 | 44,083.33 | 0.00 | 355,916.67 |
| STERN | THE STERN 1994 FT DTD 08/24/94 | CLASS 3 | 250,000.00 | 48,534.67 | 0.00 | 201,465.33 |
| STERN/POSNER-LEMONS | LAURA STERN & LARA POSNER-LEMONS | CLASS 3 | 50,000.00 | 58.33 | 0.00 | 49,941.67 |
| STERNAT | JANET STERNAT | CLASS 3 | 500,000.00 | 20,713.86 | 0.00 | 479,286.14 |
| STERNBERG | ARTHUR & IRMA R STERNBERG | CLASS 3 | 25,000.00 | 3,441.03 | 0.00 | 21,558.97 |
| STEVEN | ALAN STEVEN INC PROFIT SHARING PLAN | CLASS 3 | 200,000.00 | 2,696.07 | 0.00 | 197,303.93 |
| STEVENS | LINDA STEVENS | CLASS 3 | 50,000.00 | 9,116.67 | 0.00 | 40,883.33 |
| STEVENS | MAINSTAR-FBO LOIS STEVENS | CLASS 3 | 50,000.00 | 2,751.39 | 0.00 | 47,248.61 |
| STEVENS | MARK STEVENS | CLASS 3 | 750,000.00 | 69,166.62 | 0.00 | 680,833.38 |
| STEVENS | MARY STEVENS | CLASS 3 | 80,000.00 | 5,933.40 | 0.00 | 74,066.60 |
| STEVENS | PROV. TR GP-FBO PERRY L STEVENS SEP IRA | CLASS 3 | 50,000.00 | 91.67 | 0.00 | 49,908.33 |
| STEVENSON | ANDREW STEVENSON | CLASS 3 | 25,000.00 | 378.48 | 0.00 | 24,621.52 |
| STEVENSON | MAINSTAR-FBO JEANA M STEVENSON T2177134 | CLASS 3 | 100,000.00 | 1,888.89 | 0.00 | 98,111.11 |
| STEVENSON | MAINSTAR-FBO MARY R STEVENSON T2178297 | CLASS 3 | 35,000.00 | 221.67 | 0.00 | 34,778.33 |
| STEWART | BURLEY H & DEBRA L STEWART | CLASS 3 | 150,000.00 | 23,487.50 | 0.00 | 126,512.50 |
| STEWART | IRA SVCS TR CO-CFBO CHRISTOPHER K STEWART | CLASS 3 | 122,000.00 | 1,281.00 | 0.00 | 120,719.00 |
| STEWART | IRA SVCS TR CO-CFBO SILAS P STEWART IRA | CLASS 3 | 100,756.95 | 6,465.18 | 0.00 | 94,291.77 |
| STEWART | PROV. TR GP-FBO BURLEY H STEWART IRA | CLASS 3 | 270,000.00 | 39,393.47 | 0.00 | 230,606.53 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affiliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| STIEFEL | DOLORES STIEFEL | CLASS 5 | 40,000.00 | 500.00 | 0.00 | 39,500.00 |
| STIEFEL | MAINSTAR-FBO DOLORES STIEFEL T2178255 | CLASS 5 | 260,000.00 | 1,516.67 | 0.00 | 258,483.33 |
| STIEMKE | THEODORE HENRY STIEMKE | CLASS 3 | 25,000.00 | 1,430.60 | 0.00 | 23,569.40 |
| STIERS | DONALD P STIERS | CLASS 3 | 250,000.00 | 12,107.61 | 0.00 | 237,892.39 |
| STIMELL | BERNARD E STIMELL RT 07/20/06 | CLASS 3 | 25,000.00 | 2,670.83 | 0.00 | 22,329.17 |
| STIMMEL | DIANA STIMMEL | CLASS 3 | 25,000.00 | 966.12 | 0.00 | 24,033.88 |
| STOCK | IRA SVCS TR CO-CFBO JOYCE A STOCK | CLASS 3 | 70,000.00 | 2,994.48 | 0.00 | 67,005.52 |
| STOCKTON | PROV. TR GP-FBO ROBERT M STOCKTON JR IRA | CLASS 3 | 50,000.00 | 2,381.94 | 0.00 | 47,618.06 |
| STODDARD | WALT STODDARD | CLASS 3 | 50,000.00 | 1,012.50 | 0.00 | 48,987.50 |
| STOFFELS | JAMES A & DORENE G STOFFELS | CLASS 3 | 80,000.00 | 3,200.00 | 0.00 | 76,800.00 |
| STOKES | CARILYN S STOKES | CLASS 3 | 100,000.00 | 1,291.68 | 0.00 | 98,708.32 |
| STOKES | MAINSTAR-FBO TERESA STOKES TW003581 | CLASS 3 | 45,500.00 | 2,821.00 | 0.00 | 42,679.00 |
| STOLBA | GOLDSTAR TR CO-FBO HEATHER L STOLBA | CLASS 5 | 30,400.00 | 8,376.86 | 0.00 | 22,023.14 |
| STOLBA | GOLDSTAR TR CO-FBO RANDY D STOLBA | CLASS 5 | 120,400.00 | 33,060.08 | 0.00 | 87,339.92 |
| STOLBA | RANDY D & HEATHER L STOLBA | CLASS 3 | 25,000.00 | 2,631.66 | 0.00 | 22,368.34 |
| STONE | SANDRA E STONE | CLASS 3 | 80,000.00 | 23,037.99 | 0.00 | 56,962.01 |
| STONE | THE STONE LT | CLASS 5 | 1,200,000.00 | 351,860.08 | 0.00 | 848,139.92 |
| STONE BRIDGE CHURCH | STONE BRIDGE CHURCH OF THE BRETHREN | CLASS 3 | 50,000.00 | 1,027.76 | 0.00 | 48,972.24 |
| STONEHOCKER | DARRYL K STONEHOCKER | CLASS 3 | 50,000.00 | 3,175.00 | 0.00 | 46,825.00 |
| STONEHOCKER | DOUGLAS K STONEHOCKER | CLASS 3 | 50,000.00 | 3,375.00 | 0.00 | 46,625.00 |
| STORY | ADV. IRA TRUST-FBO RALPH STORY IRA | CLASS 5 | 100,000.00 | 30,860.99 | 0.00 | 69,139.01 |
| STOUP | BETTY STOUP | CLASS 3 | 75,000.00 | 2,566.67 | 0.00 | 72,433.33 |
| STOUT | RICHARD & KIMBERLY STOUT | CLASS 3 | 50,000.00 | 1,902.79 | 0.00 | 48,097.21 |
| STOVER | RANDEL B STOVER | CLASS 3 | 40,000.00 | 754.43 | 0.00 | 39,245.57 |
| STRAGNELL | BEN STRAGNELL | CLASS 3 | 400,000.00 | 7,277.79 | 0.00 | 392,722.21 |
| STRAIT | PROV. TR GP-FBO JOELLEN STRAIT IRA | CLASS 3 | 127,121.00 | 9,195.09 | 0.00 | 117,925.91 |
| STRANCH | JUDITH J STRANCH | CLASS 3 | 48,000.00 | 3,752.00 | 0.00 | 44,248.00 |
| STRANCH | MAINSTAR-FBO WILLIAM STRANCH | CLASS 3 | 112,400.00 | 9,647.67 | 0.00 | 102,752.33 |
| STRAPKO | PROV. TR GP-FBO VICTOR STRAPKO IRA | CLASS 3 | 50,260.00 | 6,450.03 | 0.00 | 43,809.97 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| STRASHEIM | THE KAREN K STRASHEIM LT | CLASS 3 | 50,000.00 | 9,897.21 | 0.00 | 40,102.79 |
| STRATSMA | DEAN STRATSMA | CLASS 3 | 50,000.00 | 1,730.57 | 0.00 | 48,269.43 |
| STRBIK | JUDY M STRBIK RT U/A DTD 06/08/99 | CLASS 3 | 150,000.00 | 9,418.72 | 0.00 | 140,581.28 |
| STRECKER | PAMELA STRECKER TR DTD 09/22/14 | CLASS 3 | 50,000.00 | 12,286.09 | 0.00 | 37,713.91 |
| STRECKERT | JERROLD STRECKERT | CLASS 5 | 100,000.00 | 31,125.42 | 0.00 | 68,874.58 |
| STRECKERT | SUNWEST TR JERROLD STRECKERT IRA | CLASS 5 | 119,000.00 | 23,370.35 | 0.00 | 95,629.65 |
| STREET | MAINSTAR-FBO HELENA S STREET | CLASS 3 | 9,900.18 | 847.01 | 0.00 | 9,053.17 |
| STREET | MAINSTAR-FBO JAMES ANDREW STREET | CLASS 3 | 642,736.40 | 54,989.67 | 0.00 | 587,746.73 |
| STREIER | RANDALL L & GAYLE M & WAYNE G STREIER | CLASS 3 | 25,000.00 | 139.35 | 0.00 | 24,860.65 |
| STREIER | RANDALL LEWIS STREIER | CLASS 3 | 200,000.00 | 47,427.86 | 825.00 | 151,747.14 |
| STREMICK | PAUL W & JULIE R STREMICK | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| STRESEMANN | ALLAN STRESEMANN | CLASS 3 | 50,000.00 | 3,158.33 | 0.00 | 46,841.67 |
| STREVELER | LYLE T & JUDITH A STREVELER | CLASS 3 | 150,000.00 | 9,335.42 | 0.00 | 140,664.58 |
| STREVELER | MAINSTAR-FBO THOMAS D STREVELER T2177078 | CLASS 3 | 98,549.69 | 2,367.93 | 0.00 | 96,181.76 |
| STRICKLAN | LYNN & KAY STRICKLAN | CLASS 5 | 100,000.00 | 21,135.96 | 0.00 | 78,864.04 |
| STRICKLAN | MAINSTAR-FBO KAY HARBER STRICKLAN | CLASS 5 | 71,000.00 | 10,807.80 | 0.00 | 60,192.20 |
| STRICKLAN | MAINSTAR-FBO LYNN DAVID STRICKLAN | CLASS 5 | 65,000.00 | 9,894.46 | 0.00 | 55,105.54 |
| STRICKLAND | CAROLYN STRICKLAND | CLASS 3 | 60,000.00 | 1,350.00 | 0.00 | 58,650.00 |
| STRICKLAND | IRA SVCS TR CO-CFBO AUBREY STRICKLAND IRA | CLASS 3 | 400,000.00 | 13,166.66 | 0.00 | 386,833.34 |
| STRICKLAND/MINCEY | MARY E STRICKLAND & ARMOND S MINCEY | CLASS 3 | 75,000.00 | 1,187.49 | 0.00 | 73,812.51 |
| STRICKO | ROBERT JR & SANDRA STRICKO | CLASS 3 | 50,000.00 | 1,205.57 | 0.00 | 48,794.43 |
| STRITE | HARRY E & PEGGY J STRITE | CLASS 3 | 50,000.00 | 1,808.35 | 0.00 | 48,191.65 |
| STRITE | IRA SVCS TR CO-CFBO DALE E STRITE | CLASS 3 | 73,000.00 | 695.52 | 0.00 | 72,304.48 |
| STRITE | IRA SVCS TR CO-CFBO KIMBERLY STRITE | CLASS 3 | 49,700.00 | 473.53 | 0.00 | 49,226.47 |
| STROHMAN | LANNY ROY & JUDI ANN STROHMAN | CLASS 3 | 100,000.00 | 15,102.49 | 0.00 | 84,897.51 |
| STRONG | MAINSTAR-FBO PHILLIP STRONG | CLASS 3 | 520,000.00 | 32,066.67 | 0.00 | 487,933.33 |
| STROTHMAN | LOUIS & KATHRYN STROTHMAN | CLASS 3 | 110,000.00 | 1,442.22 | 0.00 | 108,557.78 |
| STROUTS | PROV. TR GP-FBO DANA L STROUTS IRA | CLASS 3 | 203,000.00 | 26,637.39 | 0.00 | 176,362.61 |
| STUDEBAKER | PROV. TR GP-FBO JEFFERY R STUDEBAKER IRA | CLASS 3 | 70,000.00 | 17,710.02 | 0.00 | 52,289.98 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| STUDY | DANIEL L STUDY | CLASS 3 | 350,000.00 | 72,099.99 | 15,012.02 | 262,887.99 |
| STUKENBORG | ARTHUR & JOYCE STUKENBORG | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| STULCE | JIM T STULCE | CLASS 5 | 160,000.00 | 47,733.21 | 0.00 | 112,266.79 |
| STUMP | DAVID LEE & NEDINE S STUMP | CLASS 3 | 30,000.00 | 1,388.75 | 0.00 | 28,611.25 |
| STUMPF | ERIN STUMPF | CLASS 3 | 50,000.00 | 1,711.11 | 0.00 | 48,288.89 |
| STURMS | RD & MA STURMS LT DTD 10/02/96 | CLASS 3 | 100,000.00 | 2,850.00 | 0.00 | 97,150.00 |
| STURTEVANT | WAYNE A & BETTY J STURTEVANT | CLASS 3 | 125,000.00 | 2,197.97 | 0.00 | 122,802.03 |
| STUTEVILLE | NEAL & MELODY STUTEVILLE | CLASS 3 | 184,000.00 | 13,033.33 | 0.00 | 170,966.67 |
| SU | JILL H SU LT | CLASS 3 | 200,000.00 | 31,025.56 | 0.00 | 168,974.44 |
| SU | JILL H SU LT | CLASS 5 | 200,000.00 | 31,025.56 | 0.00 | 168,974.44 |
| SU | NAN-YAO SU | CLASS 3 | 300,000.00 | 9,329.16 | 0.00 | 290,670.84 |
| SUCHMAN | RUTH SUCHMAN RLT DTD 08/21/93 | CLASS 3 | 100,000.00 | 4,550.00 | 0.00 | 95,450.00 |
| SULLIVAN | DAVID R SULLIVAN | CLASS 5 | 50,000.00 | 29,984.82 | 0.00 | 20,015.18 |
| SULLIVAN | PROV. TR GP-FBO MARILYN L SULLIVAN IRA | CLASS 3 | 46,975.00 | 1,025.62 | 0.00 | 45,949.38 |
| SUMMERHAYS | MAINSTAR-FBO KENNETH SUMMERHAYS | CLASS 3 | 49,880.00 | 5,586.55 | 0.00 | 44,293.45 |
| SUMMERS | MARILYN SUMMERS | CLASS 3 | 40,000.00 | 2,351.42 | 0.00 | 37,648.58 |
| SUMNER | BARBARA SUMNER DECL OF TR DTD 07/31/92 | CLASS 3 | 150,000.00 | 4,400.00 | 0.00 | 145,600.00 |
| SUN | JEFFREY SUN | CLASS 3 | 200,000.00 | 59,399.75 | 0.00 | 140,600.25 |
| SUN | MILLIE SUN | CLASS 3 | 25,000.00 | 86.81 | 0.00 | 24,913.19 |
| SUN/YU | JEFFREY SUN & ELAINE YU | CLASS 3 | 400,000.00 | 39,000.00 | 0.00 | 361,000.00 |
| SUNDBERG | JOHN R SUNDBERG | CLASS 3 | 100,000.00 | 3,412.52 | 0.00 | 96,587.48 |
| SUNSHINE POCKET | SUNSHINE POCKET LLC | CLASS 3 | 125,000.00 | 10,833.33 | 0.00 | 114,166.67 |
| SUPNET | MAINSTAR-FBO MARY SUPNET TW003941 | CLASS 3 | 350,000.00 | 15,206.49 | 0.00 | 334,793.51 |
| SURBER | THE JAMES & CARLA SURBER RT DTD 10/22/16 | CLASS 3 | 50,000.00 | 2,037.51 | 0.00 | 47,962.49 |
| SUTTER | MAINSTAR-FBO BARBARA SUTTER T2177575 | CLASS 3 | 49,000.00 | 980.00 | 0.00 | 48,020.00 |
| SUTTER | MAINSTAR-FBO ROGER SUTTER T2177235 | CLASS 3 | 70,000.00 | 1,575.00 | 0.00 | 68,425.00 |
| SUTTON | IRA SVCS TR CO-CFBO FRANK E SUTTON | CLASS 3 | 19,500.00 | 295.21 | 0.00 | 19,204.79 |
| SUTTON | IRA SVCS TR CO-CFBO SELMA M SUTTON | CLASS 3 | 12,954.00 | 196.12 | 0.00 | 12,757.88 |
| SUTTON | LINDA S & JOHN E SUTTON | CLASS 3 | 110,000.00 | 16,371.67 | 0.00 | 93,628.33 |

### Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
### Woodbridge Group of Companies, LLC and Its Affliated Debtors
### Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| SVENSSON | RICHARD S & JANICE R SVENSSON | CLASS 5 | 120,000.00 | 35,110.98 | 0.00 | 84,889.02 |
| SWAFFORD | STEPHEN SWAFFORD | CLASS 3 | 200,000.00 | 16,348.47 | 0.00 | 183,651.53 |
| SWANSON | DON SWANSON | CLASS 3 | 100,000.00 | 8,359.69 | 0.00 | 91,640.31 |
| SWANSON | KRISTA K & KURT M SWANSON | CLASS 5 | 50,000.00 | 4,805.67 | 0.00 | 45,194.33 |
| SWANSON | MAINSTAR-FBO JAMES A SWANSON T2175062 | CLASS 3 | 60,500.00 | 7,102.70 | 0.00 | 53,397.30 |
| SWART | MAINSTAR-FBO DIRK C SWART R2178425 | CLASS 3 | 95,467.97 | 106.08 | 0.00 | 95,361.89 |
| SWART | MAINSTAR-FBO DIRK C SWART T2178424 | CLASS 3 | 144,061.75 | 160.07 | 0.00 | 143,901.68 |
| SWEETEN | TONYA SWEETEN | CLASS 3 | 25,000.00 | 1,005.82 | 0.00 | 23,994.18 |
| SWENSON | DENNIS D SWENSON | CLASS 3 | 25,000.00 | 1,309.07 | 0.00 | 23,690.93 |
| SWETLAND | WILLIAM B SWETLAND | CLASS 3 | 82,000.00 | 2,460.00 | 0.00 | 79,540.00 |
| SWINNEY | CARROLL SWINNEY | CLASS 3 | 100,000.00 | 2,133.34 | 0.00 | 97,866.66 |
| SWYGART | THE LAURA R SWYGART SP NDS TR DT 11/29/02 | CLASS 3 | 212,000.00 | 58,661.18 | 0.00 | 153,338.82 |
| SWYGART | WILLIAM I & LINDA M SWYGART | CLASS 3 | 60,000.00 | 3,862.50 | 0.00 | 56,137.50 |
| SYKES | CLAUDIA SYKES | CLASS 3 | 50,000.00 | 3,541.67 | 0.00 | 46,458.33 |
| SYKES | PROV. TR GP-FBO RAYMOND M SYKES IRA | CLASS 3 | 54,081.00 | 14,978.61 | 0.00 | 39,102.39 |
| SYKTICH | LUCY B & MIKE SYKTICH | CLASS 3 | 25,000.00 | 395.84 | 0.00 | 24,604.16 |
| SYLVESTER | JOHN SYLVESTER FT | CLASS 3 | 70,000.00 | 3,048.87 | 0.00 | 66,951.13 |
| SYMPHONY MGT. | SYMPHONY MANAGEMENT CASH BALANCE PLAN | CLASS 3 | 50,000.00 | 87.50 | 0.00 | 49,912.50 |
| TABIN | JEFFREY TABIN | CLASS 3 | 50,000.00 | 1,608.33 | 0.00 | 48,391.67 |
| TABLADILLO | MARIA E P & MIGUEL D F TABLADILLO | CLASS 3 | 55,000.00 | 2,809.38 | 0.00 | 52,190.62 |
| TABLADILLO | ROSALINA TABLADILLO RLT | CLASS 3 | 50,000.00 | 2,058.34 | 0.00 | 47,941.66 |
| TACKETT | WILLIAM H & DOROTHY J TACKETT | CLASS 3 | 110,000.00 | 4,957.67 | 0.00 | 105,042.33 |
| TADLOCK | KENT D & MARY M TADLOCK | CLASS 3 | 100,000.00 | 14,613.14 | 0.00 | 85,386.86 |
| TAGATAC | ERWIN F & MELINDA G TAGATAC | CLASS 3 | 225,000.00 | 9,237.50 | 0.00 | 215,762.50 |
| TAHASH | BETTY J TAHASH | CLASS 3 | 25,000.00 | 1,529.17 | 0.00 | 23,470.83 |
| TAHASH | MAINSTAR-FBO BETTY J TAHASH T2177752 | CLASS 3 | 58,656.10 | 1,065.58 | 0.00 | 57,590.52 |
| TAING | MENG SE & MARY TAING | CLASS 3 | 100,000.00 | 5,541.64 | 0.00 | 94,458.36 |
| TALBOT | BERNICE H TALBOT | CLASS 3 | 201,750.00 | 43,564.44 | 0.00 | 158,185.56 |
| TALBOT | PROV. TR GP-FBO GUY A TALBOT IRA | CLASS 3 | 200,000.00 | 22,735.85 | 0.00 | 177,264.15 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TALBOT | RICHARD D & CARMELA M TALBOT | CLASS 3 | 150,000.00 | 12,563.87 | 2,000.00 | 135,436.13 |
| TALESE | VINCENT R & PATRICIA A TALESE | CLASS 3 | 50,000.00 | 4,343.86 | 0.00 | 45,656.14 |
| TALLMAN | MAINSTAR-FBO RONALD G TALLMAN R2177619 | CLASS 3 | 159,447.00 | 2,524.58 | 0.00 | 156,922.42 |
| TALLY | CHARLES H IV & JULIE N TALLY | CLASS 5 | 500,000.00 | 24,016.68 | 0.00 | 475,983.32 |
| TAN | MAINSTAR-FBO EU NEE TAN T2177743 | CLASS 3 | 52,935.55 | 941.08 | 0.00 | 51,994.47 |
| TAN | MAINSTAR-FBO RAYMON TAN TW003757 | CLASS 3 | 50,000.00 | 354.18 | 0.00 | 49,645.82 |
| TAN | RODRIGO & ELIZABETH TAN | CLASS 3 | 25,000.00 | 545.16 | 0.00 | 24,454.84 |
| TANDLICH | STEVEN & MARJORIE TANDLICH | CLASS 3 | 150,000.00 | 3,934.10 | 0.00 | 146,065.90 |
| TANNER | MAINSTAR-FBO JILL L TANNER BT176340 | CLASS 3 | 58,230.00 | 2,148.44 | 0.00 | 56,081.56 |
| TANTILLO | JAMES TANTILLO | CLASS 3 | 25,000.00 | 513.90 | 0.00 | 24,486.10 |
| TAPLEY | JOHN J TAPLEY | CLASS 3 | 150,000.00 | 4,638.22 | 0.00 | 145,361.78 |
| TAPPLY | JANET TAPPLY | CLASS 3 | 25,000.00 | 2,846.14 | 0.00 | 22,153.86 |
| TARN | CHI TARN | CLASS 3 | 25,000.00 | 1,187.81 | 0.00 | 23,812.19 |
| TARPINIAN | JOHN & GERMAINE TARPINIAN FT | CLASS 3 | 200,000.00 | 28,972.10 | 0.00 | 171,027.90 |
| TARPINIAN | TOM & JOYCE TARPINIAN FT DTD 10/27/08 | CLASS 3 | 200,000.00 | 18,894.48 | 422.54 | 180,682.98 |
| TARVER | SANDRA L TARVER | CLASS 3 | 50,000.00 | 2,597.18 | 0.00 | 47,402.82 |
| TARVER | SARA G TARVER | CLASS 3 | 50,000.00 | 4,430.62 | 0.00 | 45,569.38 |
| TAUBERT | FREDERICK & MAUREEN TAUBERT | CLASS 3 | 100,000.00 | 5,994.48 | 0.00 | 94,005.52 |
| TAURO | JANE TAURO | CLASS 3 | 70,000.00 | 1,610.00 | 0.00 | 68,390.00 |
| TAURO/FERNANDES | JANE TAURO & JOY S FERNANDES | CLASS 3 | 381,690.00 | 9,383.21 | 0.00 | 372,306.79 |
| TAYLOR | ANDREW P & ROBIN L S TAYLOR | CLASS 3 | 50,000.00 | 4,502.83 | 0.00 | 45,497.17 |
| TAYLOR | FRED & DOYLENE TAYLOR | CLASS 3 | 100,000.00 | 2,934.01 | 0.00 | 97,065.99 |
| TAYLOR | HAROLD TAYLOR | CLASS 3 | 50,000.00 | 5,123.50 | 0.00 | 44,876.50 |
| TAYLOR | HARRINGTON TAYLOR | CLASS 3 | 104,397.65 | 736.92 | 0.00 | 103,660.73 |
| TAYLOR | IRA SVCS TR CO-CFBO LUCY A TAYLOR IRA | CLASS 3 | 100,000.00 | 4,308.30 | 0.00 | 95,691.70 |
| TAYLOR | JOAN TAYLOR | CLASS 3 | 36,237.42 | 0.00 | 0.00 | 36,237.42 |
| TAYLOR | KAREN J TAYLOR | CLASS 3 | 150,000.00 | 5,125.00 | 0.00 | 144,875.00 |
| TAYLOR | LIBERTY TR CO-FBO GARY TAYLOR IRA | CLASS 5 | 200,000.00 | 37,777.85 | 0.00 | 162,222.15 |
| TAYLOR | LORI A TAYLOR | CLASS 3 | 25,000.00 | 3,866.95 | 0.00 | 21,133.05 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TAYLOR | MAINSTAR-FBO STEVEN K TAYLOR R2178471 | CLASS 5 | 191,000.00 | 17,430.78 | 0.00 | 173,569.22 |
| TAYLOR | MAINSTAR-FBO SUSAN J TAYLOR R2178472 | CLASS 5 | 40,000.00 | 222.22 | 0.00 | 39,777.78 |
| TAYLOR | MICHAEL K TAYLOR | CLASS 3 | 25,000.00 | 2,665.39 | 0.00 | 22,334.61 |
| TAYLOR | NANCY TAYLOR | CLASS 3 | 80,000.00 | 388.89 | 0.00 | 79,611.11 |
| TAYLOR | PROV. TR GP-FBO JERROD TAYLOR IRA | CLASS 5 | 85,000.00 | 21,460.69 | 0.00 | 63,539.31 |
| TAYLOR | PROV. TR GP-FBO KAREN J TAYLOR IRA | CLASS 3 | 70,000.00 | 9,624.39 | 0.00 | 60,375.61 |
| TAYLOR | PROV. TR GP-FBO KAREN J TAYLOR IRA | CLASS 5 | 50,000.00 | 6,874.56 | 0.00 | 43,125.44 |
| TAYLOR | PROV. TR GP-FBO RONALD E TAYLOR ROTH IRA | CLASS 3 | 130,000.00 | 5,521.39 | 0.00 | 124,478.61 |
| TAYLOR | ROBERT & SUSAN TAYLOR | CLASS 5 | 300,000.00 | 54,033.10 | 0.00 | 245,966.90 |
| TAYLOR | RTA FOR EDGAR C TAYLOR | CLASS 3 | 400,000.00 | 8,013.91 | 0.00 | 391,986.09 |
| TAYLOR | RUSSELL C TAYLOR | CLASS 3 | 50,000.00 | 1,833.36 | 0.00 | 48,166.64 |
| TAYLOR | THE STEVEN K & SUSAN J TAYLOR LT | CLASS 5 | 100,000.00 | 16,216.62 | 0.00 | 83,783.38 |
| TCHIDA | CLEO A & MERVIN D TCHIDA | CLASS 3 | 25,000.00 | 1,088.51 | 0.00 | 23,911.49 |
| TCHIDA | NORMAN S & LOIS M TCHIDA | CLASS 3 | 25,000.00 | 631.96 | 0.00 | 24,368.04 |
| TEAGUE | CAROLYN TEAGUE | CLASS 3 | 50,000.00 | 6,683.25 | 0.00 | 43,316.75 |
| TECHAU | VICKI TECHAU | CLASS 3 | 75,000.00 | 685.40 | 0.00 | 74,314.60 |
| TELLER | BARRY & KRISTINE TELLER | CLASS 3 | 25,000.00 | 1,588.75 | 0.00 | 23,411.25 |
| TELLER | BARRY & KRISTINE TELLER | CLASS 3* | 30,000.00 | 162.50 | 0.00 | 29,837.50 |
| TEMPLE INVESTMENT | TEMPLE INVESTMENT TR | CLASS 3 | 310,000.00 | 268,500.93 | 9,284.27 | 32,214.80 |
| TEMPRANO | IGNACIO TEMPRANO | CLASS 3 | 60,000.00 | 8,875.84 | 0.00 | 51,124.16 |
| TENANY | NIRAJ & ARCHANA TENANY | CLASS 3 | 100,000.00 | 2,080.55 | 0.00 | 97,919.45 |
| TENNER | HANNAH TENNER TR | CLASS 3 | 50,000.00 | 6,523.47 | 0.00 | 43,476.53 |
| TENPAS | GARY J & MARY B TENPAS | CLASS 3 | 60,000.00 | 3,190.00 | 0.00 | 56,810.00 |
| TERMEER | MAINSTAR-FBO SANDRA TERMEER TW003369 | CLASS 3 | 57,400.00 | 4,209.09 | 0.00 | 53,190.91 |
| TERNIER | RENE D TERNIER | CLASS 3 | 150,000.00 | 0.00 | 0.00 | 150,000.00 |
| TERREAU | MARK L & JENNIFER R TERREAU | CLASS 3 | 75,000.00 | 635.42 | 0.00 | 74,364.58 |
| TERRY | BRUCE A & CATHERINE R TERRY | CLASS 3 | 25,000.00 | 1,558.33 | 0.00 | 23,441.67 |
| TERRY | IRA SVCS TR CO-CFBO BRUCE A TERRY IRA | CLASS 5 | 253,000.00 | 20,380.53 | 0.00 | 232,619.47 |
| TERRY | THADDEUS A TERRY | CLASS 3 | 25,000.00 | 645.47 | 0.00 | 24,354.53 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TETER | MICHAEL L TETER RT | CLASS 3 | 125,000.00 | 5,044.46 | 0.00 | 119,955.54 |
| TEUSCHER | BRADY TEUSCHER | CLASS 3 | 25,000.00 | 1,266.69 | 0.00 | 23,733.31 |
| THACKSTON | PROV. TR GP-FBO MARGARET THACKSTON IRA | CLASS 5 | 51,575.00 | 13,309.70 | 0.00 | 38,265.30 |
| THAMER | PROV. TR GP-FBO JEANNE L THAMER IRA | CLASS 5 | 100,000.00 | 3,222.22 | 0.00 | 96,777.78 |
| THARP | THARP FRT DTD 07/05/06 | CLASS 3 | 50,000.00 | 1,114.96 | 0.00 | 48,885.04 |
| THEODOROU | THEODOSIA THEODOROU | CLASS 3 | 100,000.00 | 2,388.91 | 0.00 | 97,611.09 |
| THOM | EILEEN R THOM TA DTD 02/05/98 | CLASS 3 | 150,000.00 | 34,854.38 | 0.00 | 115,145.62 |
| THOM | EILEEN R THOM TA DTD 02/05/98 | CLASS 5 | 400,000.00 | 92,945.01 | 0.00 | 307,054.99 |
| THOMAS | DALE F THOMAS | CLASS 3 | 53,000.00 | 1,962.86 | 0.00 | 51,037.14 |
| THOMAS | ELIZABETH J THOMAS | CLASS 3 | 30,000.00 | 281.67 | 0.00 | 29,718.33 |
| THOMAS | ELIZABETH J THOMAS LT | CLASS 5 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| THOMAS | F WILLIAM & D DIANE THOMAS | CLASS 3 | 25,000.00 | 52.08 | 0.00 | 24,947.92 |
| THOMAS | FORREST & ADALINE THOMAS | CLASS 3 | 34,000.00 | 390.21 | 0.00 | 33,609.79 |
| THOMAS | KARIN M THOMAS DECL OF TR 32879 | CLASS 3 | 100,000.00 | 15,586.09 | 0.00 | 84,413.91 |
| THOMAS | MAINSTAR-FBO WAYNE THOMAS | CLASS 3 | 50,000.00 | 3,159.73 | 0.00 | 46,840.27 |
| THOMAS | NANCY CAROL THOMAS | CLASS 3 | 200,000.00 | 4,066.67 | 0.00 | 195,933.33 |
| THOMAS | PROV. TR GP-FBO MARSHA THOMAS IRA | CLASS 5 | 50,000.00 | 13,486.78 | 0.00 | 36,513.22 |
| THOMAS | PROV. TR GP-FBO STEPHEN CRAIG THOMAS IRA | CLASS 3 | 100,000.00 | 10,238.19 | 1,000.00 | 88,761.81 |
| THOMAS | THE JOHN R THOMAS TR DTD 04/29/93 | CLASS 3 | 55,000.00 | 7,553.40 | 0.00 | 47,446.60 |
| THOMAS | THE THOMAS FT | CLASS 3 | 54,000.00 | 6,476.84 | 0.00 | 47,523.16 |
| THOMAS | THE THOMAS LT DTD 01/16/13 | CLASS 3 | 25,000.00 | 909.00 | 0.00 | 24,091.00 |
| THOMPSON | ANDREW THOMPSON | CLASS 3 | 50,000.00 | 2,256.96 | 0.00 | 47,743.04 |
| THOMPSON | CORY N THOMPSON | CLASS 3 | 25,000.00 | 1,497.19 | 0.00 | 23,502.81 |
| THOMPSON | DEAN THOMPSON | CLASS 3 | 30,000.00 | 1,430.00 | 0.00 | 28,570.00 |
| THOMPSON | GREGORY N & CAROL A THOMPSON | CLASS 3 | 100,000.00 | 7,550.00 | 0.00 | 92,450.00 |
| THOMPSON | IRA SVCS TR CO-CFBO KENNETH THOMPSON INH | CLASS 3 | 105,000.00 | 27,586.07 | 880.87 | 76,533.06 |
| THOMPSON | JAMES W THOMPSON JR | CLASS 3 | 50,000.00 | 2,099.98 | 0.00 | 47,900.02 |
| THOMPSON | LEE THOMPSON | CLASS 3 | 50,000.00 | 3,450.00 | 0.00 | 46,550.00 |
| THOMPSON | MAINSTAR-FBO BRAD A THOMPSON T2178155 | CLASS 5 | 100,000.00 | 1,250.00 | 0.00 | 98,750.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| THOMPSON | MAINSTAR-FBO CRAIG J THOMPSON TW003800 | CLASS 3 | 50,000.00 | 1,701.39 | 0.00 | 48,298.61 |
| THOMPSON | MARY L THOMPSON | CLASS 3 | 50,000.00 | 3,499.97 | 0.00 | 46,500.03 |
| THOMPSON | MICHAEL R & REBECCA J THOMPSON | CLASS 3 | 315,000.00 | 67,527.00 | 0.00 | 247,473.00 |
| THOMPSON | PROV. TR GP-FBO JAMES W THOMPSON JR IRA | CLASS 3 | 54,000.00 | 13,226.61 | 0.00 | 40,773.39 |
| THOMPSON | PROV. TR GP-FBO MYRON THOMPSON IRA | CLASS 3 | 60,000.00 | 490.00 | 0.00 | 59,510.00 |
| THOMPSON | PROV. TR GP-FBO REBECCA J THOMPSON IRA | CLASS 3 | 404,334.00 | 73,934.12 | 0.00 | 330,399.88 |
| THOMPSON | SHARON THOMPSON | CLASS 3 | 111,000.00 | 13,550.78 | 0.00 | 97,449.22 |
| THOMPSON | STEPHEN & ZOILA THOMPSON | CLASS 3 | 130,000.00 | 3,670.83 | 0.00 | 126,329.17 |
| THOMPSON | WALTER THOMPSON | CLASS 3 | 100,000.00 | 1,833.33 | 0.00 | 98,166.67 |
| THOMPSON | BRAD A THOMPSON | CLASS 3 | 30,000.00 | 504.17 | 0.00 | 29,495.83 |
| THOMSEN | WILLIAM THOMSEN | CLASS 3 | 25,000.00 | 2,627.34 | 0.00 | 22,372.66 |
| THOMSEN | WILLIAM THOMSEN | CLASS 5 | 50,000.00 | 5,254.67 | 0.00 | 44,745.33 |
| THORN | MAINSTAR-FBO GREGORY C THORN TW003881 | CLASS 3 | 69,000.00 | 1,696.25 | 0.00 | 67,303.75 |
| THORNTON | DIANA THORNTON | CLASS 3 | 36,000.00 | 7,240.42 | 0.00 | 28,759.58 |
| THOROMAN | LONNIE GALE & CAROLYN ANN THOROMAN | CLASS 3 | 50,000.00 | 618.76 | 0.00 | 49,381.24 |
| THORSON | RANDALL L & JUDITH M THORSON | CLASS 3 | 25,000.00 | 142.36 | 0.00 | 24,857.64 |
| THRANE | MAINSTAR-FBO MICHAEL W THRANE T2177045 | CLASS 3 | 31,956.87 | 612.50 | 0.00 | 31,344.37 |
| THROOP | WALTER & FRANCES THROOP LT | CLASS 5 | 250,000.00 | 1,430.56 | 0.00 | 248,569.44 |
| THULI | TORRENCE E THULI & ANGELA CHINN-THULI | CLASS 3 | 51,000.00 | 6,301.33 | 0.00 | 44,698.67 |
| THURSBY | PROV. TR GP-FBO THOMAS L THURSBY IRA | CLASS 3 | 99,750.00 | 6,267.63 | 0.00 | 93,482.37 |
| THURSTON | JOHNNIE THURSTON | CLASS 3 | 45,000.00 | 0.00 | 0.00 | 45,000.00 |
| TIBERI | ALFRED M TIBERI JR | CLASS 3 | 50,000.00 | 6,513.96 | 0.00 | 43,486.04 |
| TIBERI | CATHERINE L TIBERI | CLASS 3 | 50,000.00 | 7,847.24 | 0.00 | 42,152.76 |
| TIDLER | ROBERT C TIDLER | CLASS 3 | 425,000.00 | 72,833.25 | 0.00 | 352,166.75 |
| TIERNAN/DECEW | TIMOTHY C TIERNAN & VION DECEW | CLASS 5 | 100,000.00 | 7,666.64 | 0.00 | 92,333.36 |
| TIERNEY | EDWARD F TIERNEY | CLASS 3 | 160,000.00 | 333.33 | 0.00 | 159,666.67 |
| TIETZ | ADOLPH J & MARIE B TIETZ | CLASS 3 | 100,000.00 | 3,500.00 | 0.00 | 96,500.00 |
| TIFT | TED N TIFT | CLASS 3 | 100,000.00 | 9,600.00 | 0.00 | 90,400.00 |
| TILLMANN | DONNA J TILLMANN RLT | CLASS 3 | 200,000.00 | 89,222.09 | 0.00 | 110,777.91 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TIMM | SHERRY M TIMM | CLASS 3 | 100,000.00 | 15,452.73 | 0.00 | 84,547.27 |
| TIMMERMAN | DANIEL R & WILMA S TIMMERMAN | CLASS 3 | 60,000.00 | 18,844.28 | 0.00 | 41,155.72 |
| TIMMONS | BETTY SUE TIMMONS | CLASS 3 | 50,000.00 | 2,255.58 | 0.00 | 47,744.42 |
| TIMMONS | TAMARA TIMMONS | CLASS 3 | 100,000.00 | 3,120.86 | 0.00 | 96,879.14 |
| TINARI | HENRY A & MARILYN J TINARI | CLASS 3 | 50,000.00 | 3,087.46 | 0.00 | 46,912.54 |
| TINARI | PROV. TR GP-FBO MARILYN J TINARI IRA | CLASS 3 | 32,422.00 | 1,626.50 | 0.00 | 30,795.50 |
| TINDER | WAYNE E TINDER | CLASS 3 | 25,500.00 | 846.46 | 0.00 | 24,653.54 |
| TINGEY | JILL TINGEY | CLASS 3 | 25,000.00 | 1,363.52 | 0.00 | 23,636.48 |
| TIRIO | ROSEMARY L TIRIO | CLASS 3 | 75,000.00 | 10,512.54 | 0.00 | 64,487.46 |
| TITCHEN | JUDSON MARTIN TITCHEN | CLASS 3 | 35,000.00 | 4,300.00 | 0.00 | 30,700.00 |
| TITUS | THE BRUCE F & VIRGINIA TITUS LT 07/18/14 | CLASS 3 | 25,000.00 | 1,429.17 | 0.00 | 23,570.83 |
| TOBIAS | EVA TOBIAS | CLASS 3 | 50,000.00 | 8,250.75 | 0.00 | 41,749.25 |
| TOBIAS | EVA TOBIAS | CLASS 5 | 150,000.00 | 24,752.26 | 0.00 | 125,247.74 |
| TOBIN | BERNARD & CECILE TOBIN | CLASS 3 | 65,000.00 | 15,800.00 | 0.00 | 49,200.00 |
| TOBIN | BEVERLY TOBIN IRREV TR | CLASS 3 | 300,000.00 | 12,300.00 | 0.00 | 287,700.00 |
| TOBIN | MARILYN TOBIN | CLASS 3 | 74,000.00 | 863.33 | 0.00 | 73,136.67 |
| TOBIN | MIKE TOBIN | CLASS 3 | 90,000.00 | 11,380.95 | 0.00 | 78,619.05 |
| TOBIN | MIKE TOBIN | CLASS 5 | 100,000.00 | 12,645.49 | 0.00 | 87,354.51 |
| TODD | LARRY D & SANDRA L TODD | CLASS 3 | 100,000.00 | 18,633.33 | 0.00 | 81,366.67 |
| TODD | PROV. TR GP-FBO YASMIN M TODD IRA | CLASS 3 | 25,000.00 | 4,292.13 | 0.00 | 20,707.87 |
| TODD | PROV. TR GP-FBO YASMIN M TODD IRA | CLASS 5 | 50,000.00 | 8,584.27 | 0.00 | 41,415.73 |
| TODD | TIM M & DOROTHY L TODD | CLASS 3 | 25,000.00 | 869.45 | 0.00 | 24,130.55 |
| TODOROV | PROV. TR GP-FBO KRASMIR T TODOROV IRA | CLASS 3 | 40,000.00 | 1,886.67 | 0.00 | 38,113.33 |
| TOLL | ELDON V TOLL | CLASS 3 | 100,000.00 | 809.72 | 0.00 | 99,190.28 |
| TOLSON | JAMES TOLSON JR | CLASS 3 | 110,000.00 | 3,780.52 | 0.00 | 106,219.48 |
| TOLSON | SUSAN R TOLSON | CLASS 3 | 70,000.00 | 2,620.11 | 0.00 | 67,379.89 |
| TOMAC | LLOYD L & LORRAINE M TOMAC JTWROS | CLASS 5 | 105,800.00 | 27,969.05 | 0.00 | 77,830.95 |
| TOMALIS | PATRICIA A TOMALIS RT | CLASS 3 | 25,000.00 | 1,256.56 | 0.00 | 23,743.44 |
| TOMASELLI | PROV. TR GP-FBO DIANE TOMASELLI IRA | CLASS 3 | 66,795.00 | 4,263.51 | 0.00 | 62,531.49 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TOMLIN | THOMAS & KAREN TOMLIN | CLASS 3 | 25,000.00 | 360.95 | 0.00 | 24,639.05 |
| TOMLINSON | PROV. TR GP-FBO MICHAEL J TOMLINSON IRA | CLASS 3 | 225,000.00 | 18,637.50 | 0.00 | 206,362.50 |
| TOMPKINS | PROV. TR GP-FBO RICHARD TOMPKINS IRA | CLASS 3 | 125,000.00 | 3,565.98 | 0.00 | 121,434.02 |
| TONG | PROV. TR GP-FBO JUDY TONG IRA | CLASS 3 | 89,750.00 | 6,247.47 | 0.00 | 83,502.53 |
| TONG | PROV. TR GP-FBO LIVINGSTON & P TONG ICA | CLASS 5 | 50,000.00 | 11,347.22 | 0.00 | 38,652.78 |
| TONKS | MAINSTAR-FBO GERALD D TONKS T2177666 | CLASS 3 | 50,000.00 | 808.33 | 0.00 | 49,191.67 |
| TONNESEN | TORLEIF TONNESEN | CLASS 3 | 35,000.00 | 8,047.97 | 0.00 | 26,952.03 |
| TONTRUP | SHIRLEY G TONTRUP | CLASS 3 | 30,000.00 | 1,833.33 | 0.00 | 28,166.67 |
| TORINO | LISA TORINO | CLASS 3 | 25,000.00 | 3,700.05 | 0.00 | 21,299.95 |
| TORINO | PROV. TR GP-FBO LISA TORINO IRA | CLASS 3 | 29,750.00 | 1,718.06 | 0.00 | 28,031.94 |
| TORKELSON | EVELYN TORKELSON | CLASS 3 | 60,000.00 | 2,100.02 | 0.00 | 57,899.98 |
| TORRENTE | MARYLIN TORRENTE | CLASS 3 | 200,000.00 | 14,041.67 | 0.00 | 185,958.33 |
| TORRES | JOSE LUCIO TORRES | CLASS 3 | 25,000.00 | 1,218.37 | 0.00 | 23,781.63 |
| TORRES | MAINSTAR-FBO SYLVIA TORRES T2176753 | CLASS 3 | 104,700.00 | 2,166.71 | 0.00 | 102,533.29 |
| TORRES | PROV. TR GP-FBO JOE R TORRES IRA | CLASS 3 | 72,250.00 | 5,069.54 | 0.00 | 67,180.46 |
| TORSON | ROBERT D & GEORGIA A TORSON | CLASS 3 | 50,000.00 | 3,604.12 | 0.00 | 46,395.88 |
| TORTORICI | MAINSTAR-FBO GIANCARLO TORTORICI TW003342 | CLASS 3 | 54,000.00 | 3,976.37 | 0.00 | 50,023.63 |
| TORTORICI | MAINSTAR-FBO MARIA TORTORICI TW003737 | CLASS 3 | 175,900.00 | 7,241.22 | 0.00 | 168,658.78 |
| TOSHNER | DAVID & PATRICIA TOSHNER | CLASS 3 | 510,000.00 | 67,913.83 | 1,000.00 | 441,086.17 |
| TOSHNER | MICHAEL L TOSHNER | CLASS 3 | 58,000.00 | 5,432.33 | 0.00 | 52,567.67 |
| TOSI | DONNA M TOSI | CLASS 3 | 50,000.00 | 1,770.81 | 0.00 | 48,229.19 |
| TOSI | JUSTIN TOSI | CLASS 3 | 30,000.00 | 1,521.67 | 0.00 | 28,478.33 |
| TOSI | MAINSTAR-FBO DONNA M TOSI R2177005 | CLASS 3 | 113,800.00 | 7,197.85 | 0.00 | 106,602.15 |
| TOTH | ETHEL, STEVEN & ROBERT TOTH | CLASS 3 | 35,000.00 | 3,827.44 | 0.00 | 31,172.56 |
| TOTH | PROV. TR GP-FBO BARBARA V TOTH IRA | CLASS 3 | 106,000.00 | 11,829.90 | 0.00 | 94,170.10 |
| TOTH | PROV. TR GP-FBO TERRANCE T TOTH IRA | CLASS 3 | 118,000.00 | 14,038.79 | 0.00 | 103,961.21 |
| TOTH | PROV. TR GP-FBO TERRANCE T TOTH IRA | CLASS 5 | 200,000.00 | 23,794.55 | 0.00 | 176,205.45 |
| TOTH | TERRANCE & BARBARA TOTH | CLASS 3 | 250,000.00 | 25,187.56 | 0.00 | 224,812.44 |
| TOTTY | MARIE I & VERNON E TOTTY JR | CLASS 3 | 25,000.00 | 1,225.73 | 0.00 | 23,774.27 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TOUCHI | SANDRA S & NORMAN A TOUCHI | CLASS 3 | 50,000.00 | 2,472.19 | 0.00 | 47,527.81 |
| TOURNEY | JOHN A TOURNEY | CLASS 3* | 35,000.00 | 2,216.67 | 0.00 | 32,783.33 |
| TOURNEY | PROV. TR GP-FBO JOHN E TOURNEY IRA | CLASS 3 | 59,000.00 | 9,326.68 | 0.00 | 49,673.32 |
| TOVAR | ANDREA TOVAR | CLASS 3 | 30,000.00 | 1,077.08 | 0.00 | 28,922.92 |
| TOWER | PROV. TR GP-FBO CAROLYN J TOWER IRA | CLASS 3 | 104,000.00 | 13,450.67 | 0.00 | 90,549.33 |
| TOWNLEY | DAVID TOWNLEY | CLASS 3 | 150,000.00 | 11,044.59 | 0.00 | 138,955.41 |
| TOWNLEY | TOWNLEY FT DTD 11/13/00 | CLASS 3 | 50,000.00 | 2,975.00 | 0.00 | 47,025.00 |
| TRACY | SUSAN TRACY | CLASS 3 | 80,000.00 | 6,117.28 | 0.00 | 73,882.72 |
| TRADER | KRISTI TRADER | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| TRAINER | RANDY L TRAINER | CLASS 3 | 70,000.00 | 8,778.80 | 0.00 | 61,221.20 |
| TRAMMELL | PROV. TR GP-FBO RUTH M TRAMMELL IRA | CLASS 3 | 73,500.00 | 6,544.56 | 0.00 | 66,955.44 |
| TRAMMELL | RUTH M TRAMMELL | CLASS 3 | 300,000.00 | 28,625.00 | 0.00 | 271,375.00 |
| TRANCHITA | DONALD E TRANCHITA | CLASS 3 | 50,000.00 | 2,041.67 | 0.00 | 47,958.33 |
| TRASCHER | SUNWEST TR GERALD TRASCHER IRA | CLASS 3 | 50,000.00 | 2,588.88 | 0.00 | 47,411.12 |
| TRAVIS | DORA I TRAVIS | CLASS 3 | 100,000.00 | 5,277.82 | 0.00 | 94,722.18 |
| TRAVIS | MAINSTAR-FBO DORA I TRAVIS INH BT178110 | CLASS 3 | 32,000.00 | 603.56 | 0.00 | 31,396.44 |
| TRAVIS | MARCINE S TRAVIS LT DTD 07/26/03 | CLASS 3 | 65,835.00 | 967.86 | 0.00 | 64,867.14 |
| TRAVIS | PROV. TR GP-FBO MARCINE S TRAVIS IRA | CLASS 3 | 69,992.00 | 1,446.50 | 0.00 | 68,545.50 |
| TRAVLOS | BEVERLY J TRAVLOS | CLASS 3 | 50,000.00 | 1,541.67 | 0.00 | 48,458.33 |
| TRAWINSKI | JENNIFER TRAWINSKI | CLASS 3 | 75,000.00 | 12,036.18 | 0.00 | 62,963.82 |
| TRAYLOR | MAINSTAR-FBO JOYCELYN TRAYLOR | CLASS 3 | 25,000.00 | 1,949.30 | 0.00 | 23,050.70 |
| TRAYNOR | HAROLD TRAYNOR | CLASS 3 | 25,000.00 | 104.17 | 0.00 | 24,895.83 |
| TRCKA | PROV. TR GP-FBO THOMAS TRCKA IRA | CLASS 3 | 167,000.00 | 25,165.98 | 0.00 | 141,834.02 |
| TRCKA | THE TRCKA TR | CLASS 3 | 116,000.00 | 14,268.00 | 0.00 | 101,732.00 |
| TREBES | ALFRED TREBES | CLASS 3 | 205,282.21 | 718.49 | 0.00 | 204,563.72 |
| TREGRE | PAUL J TREGRE ILT 08/30/04 | CLASS 3 | 40,000.00 | 7,806.69 | 0.00 | 32,193.31 |
| TREJO | PEDRO & DAISY TREJO | CLASS 3 | 100,000.00 | 1,963.88 | 0.00 | 98,036.12 |
| TREMBLAY | MICHAEL & DEBORAH TREMBLAY | CLASS 3 | 100,000.00 | 2,725.00 | 0.00 | 97,275.00 |
| TRESNER | PROV. TR GP-FBO DARYL E TRESNER ROTH IRA | CLASS 3 | 193,000.00 | 14,760.63 | 0.00 | 178,239.37 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TRIACA | GARY A TRIACA REV GRANTOR TR DTD 12/14/99 | CLASS 3 | 29,800.00 | 1,807.87 | 0.00 | 27,992.13 |
| TRIMBLE | MAINSTAR-FBO EDWARD TRIMBLE T2178546 | CLASS 3 | 222,000.00 | 160.33 | 0.00 | 221,839.67 |
| TRIMBLE | PROV. TR GP-FBO ROBERT C TRIMBLE IRA | CLASS 3 | 27,000.00 | 2,164.50 | 0.00 | 24,835.50 |
| TRITT | PROV. TR GP-FBO MAURICE S TRITT IRA | CLASS 3 | 57,950.00 | 2,490.23 | 0.00 | 55,459.77 |
| TRITT | PROV. TR GP-FBO SHERRY D TRITT ROTH IRA | CLASS 3 | 35,000.00 | 1,504.03 | 0.00 | 33,495.97 |
| TRITTELWITZ | THE TRITTELWITZ FT DTD 05/12/99 | CLASS 3 | 100,000.00 | 15,433.33 | 0.00 | 84,566.67 |
| TROMPETER | BARRY TROMPETER | CLASS 3 | 25,000.00 | 3,140.14 | 0.00 | 21,859.86 |
| TROUSDALE | THE WILLIAM BROWN TROUSDALE TR | CLASS 3 | 180,000.00 | 1,860.00 | 0.00 | 178,140.00 |
| TROUTMAN | CHARLES J & CAROLYN G TROUTMAN | CLASS 3 | 30,000.00 | 279.58 | 0.00 | 29,720.42 |
| TROYER | DEE TROYER | CLASS 3 | 100,000.00 | 1,541.68 | 0.00 | 98,458.32 |
| TRUMBLY | WARREN & LINDA TRUMBLY LT | CLASS 5 | 100,000.00 | 18,527.70 | 0.00 | 81,472.30 |
| TRUMP | CYNTHIA M TRUMP | CLASS 3 | 30,000.00 | 2,616.67 | 0.00 | 27,383.33 |
| TRUPPO | MAINSTAR-FBO DARCY J TRUPPO T2178381 | CLASS 3 | 55,000.00 | 263.79 | 0.00 | 54,736.21 |
| TRUSS | GARY A TRUSS | CLASS 3 | 75,000.00 | 2,870.81 | 0.00 | 72,129.19 |
| TRUST | SAM & YOLANDA TRUST | CLASS 5 | 50,000.00 | 8,375.07 | 0.00 | 41,624.93 |
| TRYON | PROV. TR GP-FBO ROBERT TRYON IRA | CLASS 3 | 398,000.00 | 26,710.22 | 0.00 | 371,289.78 |
| TSA FITNESS | TSA FITNESS CORP | CLASS 3 | 50,000.00 | 515.28 | 0.00 | 49,484.72 |
| TSO | THE PAUL & FOON TSO RT | CLASS 3 | 50,000.00 | 851.01 | 0.00 | 49,148.99 |
| TSURUDA | TOSHIAKI & MASAKO TSURUDA | CLASS 3 | 25,000.00 | 786.79 | 0.00 | 24,213.21 |
| TUCKER | HELEN M TUCKER | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| TUCKER | IRA SVCS TR CO-CFBO BETTY LOU TUCKER IRA | CLASS 3 | 30,000.00 | 3,675.00 | 0.00 | 26,325.00 |
| TUCKER | RONALD C & MARTHA C TUCKER RFT | CLASS 5 | 100,000.00 | 28,222.11 | 0.00 | 71,777.89 |
| TUCKER | SEAN TUCKER | CLASS 3 | 25,000.00 | 1,222.26 | 0.00 | 23,777.74 |
| TUENTE | MARVIN C & CAROL J TUENTE | CLASS 3 | 52,000.00 | 13,447.82 | 285.71 | 38,266.47 |
| TUENTE | MARVIN C & CAROL J TUENTE | CLASS 5 | 130,000.00 | 33,619.54 | 714.29 | 95,666.17 |
| TUENTE-JUTTE | TUENTE-JUTTE LLC | CLASS 5 | 100,000.00 | 34,137.20 | 0.00 | 65,862.80 |
| TUERKE | WILLIAM A TUERKE IV | CLASS 3 | 50,000.00 | 2,112.48 | 0.00 | 47,887.52 |
| TUETY | DALE A TUETY | CLASS 3 | 200,000.00 | 16,283.71 | 1,000.00 | 182,716.29 |
| TUETY | DAVID E TUETY | CLASS 3 | 100,000.00 | 750.00 | 0.00 | 99,250.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| TULK | RONALD K TULK | CLASS 3 | 100,000.00 | 10,416.67 | 0.00 | 89,583.33 |
| TUMBUSCH | RANDALL & NANCY TUMBUSCH | CLASS 3 | 350,000.00 | 44,187.50 | 0.00 | 305,812.50 |
| TUNGATE | LAWRENCE L & BRENDA J TUNGATE | CLASS 3 | 40,000.00 | 777.09 | 0.00 | 39,222.91 |
| TURBERVILLE | PROV. TR GP-FBO HILARIA TURBERVILLE INH IRA | CLASS 3 | 190,000.00 | 22,261.67 | 3,405.28 | 164,333.05 |
| TURETZKY | LOIS E TURETZKY LT | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| TURNER | BESSIE LOUISE TURNER | CLASS 3 | 95,000.00 | 443.33 | 0.00 | 94,556.67 |
| TURNER | BEVERLY J TURNER | CLASS 3 | 150,000.00 | 758.33 | 0.00 | 149,241.67 |
| TURNER | PATRICIA J TURNER | CLASS 3 | 50,000.00 | 3,775.00 | 0.00 | 46,225.00 |
| TURNER | TOM TURNER | CLASS 3 | 25,000.00 | 2,316.67 | 0.00 | 22,683.33 |
| TURRIATE | MAINSTAR-FBO CLAUDIA TURRIATE BT178319 | CLASS 3 | 25,000.00 | 69.44 | 0.00 | 24,930.56 |
| TUTTLE | MAINSTAR-FBO BARBARA J TUTTLE | CLASS 3 | 40,000.00 | 1,977.77 | 0.00 | 38,022.23 |
| TUYET/STANDEFER | MAGGIE TUYET & SHELBY W STANDEFER | CLASS 3 | 200,000.00 | 14,873.58 | 0.00 | 185,126.42 |
| TWARDOSZ | SANDRA L TWARDOSZ | CLASS 3 | 25,000.00 | 1,260.38 | 0.00 | 23,739.62 |
| TYMKOWYCH | PROV. TR GP-FBO JOSEPH P TYMKOWYCH IRA | CLASS 5 | 374,000.00 | 18,284.44 | 0.00 | 355,715.56 |
| TYSON | PROV. TR GP-FBO MICHAEL T TYSON IRA | CLASS 3 | 50,000.00 | 4,472.23 | 0.00 | 45,527.77 |
| UBERUAGA | PAUNEE & PHILIP J UBERUAGA JR | CLASS 5 | 100,000.00 | 5,313.26 | 0.00 | 94,686.74 |
| UBERUAGA | PAUNEE UBERUAGA | CLASS 5 | 100,000.00 | 11,266.59 | 0.00 | 88,733.41 |
| UCCELLI | PROV. TR GP-FBO GEORGE UCCELLI IRA | CLASS 3 | 30,000.00 | 850.00 | 0.00 | 29,150.00 |
| UHLAND | PROV. TR GP JAG-FBO JEFFREY S UHLAND IRA | CLASS 3 | 107,000.00 | 39,338.92 | 0.00 | 67,661.08 |
| UHLAND | PROV. TR GP-FBO JEFFREY S UHLAND IRA | CLASS 3 | 149,000.00 | 934.37 | 0.00 | 148,065.63 |
| UHLENHAKE | ROBERT H UHLENHAKE | CLASS 3 | 50,000.00 | 8,077.09 | 0.00 | 41,922.91 |
| ULLMER | RANDAL J & KRISTINE L ULLMER | CLASS 3 | 50,000.00 | 805.58 | 0.00 | 49,194.42 |
| UMENTUM | GREG & MARY UMENTUM | CLASS 3 | 50,000.00 | 3,979.10 | 0.00 | 46,020.90 |
| UMLES | STEPHEN D UMLES | CLASS 3 | 100,000.00 | 3,437.48 | 0.00 | 96,562.52 |
| UNDERKOFLER | DANIEL W UNDERKOFLER | CLASS 3 | 100,000.00 | 4,459.75 | 0.00 | 95,540.25 |
| UNDERWOOD | LOUELLA UNDERWOOD | CLASS 3 | 200,000.00 | 9,075.03 | 0.00 | 190,924.97 |
| UNDERWOOD | OLLIN BRUCE & MARY JANE UNDERWOOD | CLASS 3 | 60,000.00 | 1,258.33 | 0.00 | 58,741.67 |
| UNGER | DONALD J & MARTY G UNGER | CLASS 3 | 50,000.00 | 3,425.00 | 0.00 | 46,575.00 |
| UNGRUHN | ANTHONY F & DIANE L UNGRUHN | CLASS 3 | 85,000.00 | 5,144.04 | 0.00 | 79,855.96 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| UNGRUHN | IRA SVCS TR CO-CFBO DIANE L UNGRUHN IRA | CLASS 3 | 63,000.00 | 3,024.00 | 0.00 | 59,976.00 |
| URAY | MARIA N URAY MD | CLASS 3 | 98,000.00 | 21,323.67 | 0.00 | 76,676.33 |
| URAY | PROV. TR GP-FBO MARIA N URAY IRA | CLASS 3 | 35,000.00 | 7,937.61 | 0.00 | 27,062.39 |
| URBAN | JOE L URBAN RT | CLASS 3 | 87,000.00 | 261.00 | 0.00 | 86,739.00 |
| URBAN | MAINSTAR-FBO TERESA URBAN TW003869 | CLASS 3 | 200,000.00 | 5,766.67 | 0.00 | 194,233.33 |
| URIBE | ALFREDO & HORTENCIA O URIBE | CLASS 3 | 75,000.00 | 3,154.19 | 0.00 | 71,845.81 |
| URMAN | ALEXANDER & BELLA URMAN | CLASS 3 | 200,000.00 | 2,666.67 | 0.00 | 197,333.33 |
| URMAN | MAINSTAR-FBO ALEXANDER URMAN | CLASS 3 | 330,000.00 | 24,319.17 | 0.00 | 305,680.83 |
| URMAN | RITA URMAN | CLASS 3 | 260,000.00 | 20,843.33 | 0.00 | 239,156.67 |
| URSO | ANTHONY J & JOAN M URSO | CLASS 3 | 50,000.00 | 1,316.67 | 0.00 | 48,683.33 |
| USHER | GEORGE USHER | CLASS 3 | 100,000.00 | 14,716.59 | 0.00 | 85,283.41 |
| VAALER | RYAH VAALER | CLASS 3 | 50,000.00 | 4,400.06 | 0.00 | 45,599.94 |
| VACA | LUCERO VACA | CLASS 3 | 25,000.00 | 813.52 | 0.00 | 24,186.48 |
| VACCA | ANTOINETTE VACCA | CLASS 3 | 50,000.00 | 7,622.31 | 0.00 | 42,377.69 |
| VACCA | MAINSTAR-FBO ANTOINETTE VACCA T2174407 | CLASS 3 | 29,400.00 | 4,775.87 | 0.00 | 24,624.13 |
| VAGHELA | THAKOR & BHARTI VAGHELA | CLASS 3 | 50,000.00 | 2,916.67 | 0.00 | 47,083.33 |
| VALDES | THOMAS VALDES | CLASS 3 | 25,000.00 | 1,441.67 | 0.00 | 23,558.33 |
| VALDEZ | MAINSTAR-FBO MARIA VALDEZ T2176889 | CLASS 3 | 214,500.00 | 5,153.96 | 0.00 | 209,346.04 |
| VALDEZ | RICHARD LEE VALDEZ | CLASS 3 | 25,000.00 | 745.83 | 0.00 | 24,254.17 |
| VALDEZ | SHERRY VALDEZ | CLASS 5 | 550,000.00 | 122,837.03 | 0.00 | 427,162.97 |
| VALENTINE | HORIZON TR CO-FBO KAREN K VALENTINE IRA | CLASS 5 | 384,000.00 | 30,293.33 | 0.00 | 353,706.67 |
| VALENTINE | MATT V & KAREN K VALENTINE | CLASS 3 | 110,000.00 | 20,350.00 | 0.00 | 89,650.00 |
| VALENTINI/ROSIKIEWICZ | GENE VALENTINI & JOSEPHINE ROSIKIEWICZ | CLASS 3 | 60,000.00 | 7,278.22 | 0.00 | 52,721.78 |
| VALENTINI/ROSIKIEWICZ | GENE VALENTINI & JOSEPHINE ROSIKIEWICZ | CLASS 5 | 55,000.00 | 6,671.71 | 0.00 | 48,328.29 |
| VALENTINO | DANIEL J & LINDA J VALENTINO | CLASS 3 | 1,200,000.00 | 264,883.47 | 0.00 | 935,116.53 |
| VALENTINO | SARA VALENTINO & E JOHNSON & D VALENTINO | CLASS 3 | 50,000.00 | 3,047.92 | 0.00 | 46,952.08 |
| VALLEY | HORIZON TR CO-FBO CLIFTON T VALLEY TRAD | CLASS 3 | 50,000.00 | 456.95 | 0.00 | 49,543.05 |
| VALLEY | PROV. TR GP-FBO RAYIM/HUDSON VALLEY 401K | CLASS 5 | 90,000.00 | 6,150.00 | 0.00 | 83,850.00 |
| VALLEY ANESTHIA | PROV. TR GP-FBO VALLEY ANESTHIA/OTSU IRA | CLASS 5 | 565,000.00 | 49,751.39 | 0.00 | 515,248.61 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| VALLIANT | MAINSTAR-FBO JAMES VALLIANT T2177219 | CLASS 3 | 29,000.00 | 763.67 | 0.00 | 28,236.33 |
| VAN CORBACH | HARRIET VAN CORBACH | CLASS 3 | 25,000.00 | 1,286.49 | 0.00 | 23,713.51 |
| VAN DYKE | PROV. TR GP-FBO GARY VAN DYKE IRA | CLASS 3 | 125,000.00 | 16,535.78 | 0.00 | 108,464.22 |
| VAN FOSSON | MAINSTAR-FBO CHARLES VAN FOSSON T2177382 | CLASS 3 | 161,507.00 | 4,019.73 | 0.00 | 157,487.27 |
| VAN GEMERT | DALE L & MICHELINA D VAN GEMERT | CLASS 3 | 150,000.00 | 30,175.00 | 0.00 | 119,825.00 |
| VAN GEMERT | DEBORAH & DOUGLAS VAN GEMERT | CLASS 3 | 200,000.00 | 13,350.00 | 0.00 | 186,650.00 |
| VAN GULICK | C SPENCER & VIRGINIA VAN GULICK | CLASS 3 | 40,000.00 | 7,629.16 | 0.00 | 32,370.84 |
| VAN HOLLEBEKE | JEANINE M VAN HOLLEBEKE | CLASS 3 | 100,000.00 | 11,916.65 | 0.00 | 88,083.35 |
| VAN HOLLEBEKE | JEANINE M VAN HOLLEBEKE | CLASS 5 | 75,000.00 | 8,937.48 | 0.00 | 66,062.52 |
| VAN HOLLEBEKE | PROV. TR GP-FBO JEANINE VAN HOLLEBEKE IRA | CLASS 3 | 88,500.00 | 11,623.00 | 0.00 | 76,877.00 |
| VAN KANNEL | GREGORY & KRISTIE VAN KANNEL | CLASS 3 | 50,000.00 | 311.11 | 0.00 | 49,688.89 |
| VAN PELT | LINDA VAN PELT | CLASS 3 | 100,000.00 | 336.11 | 0.00 | 99,663.89 |
| VAN RUITEN | KELLY VAN RUITEN | CLASS 3 | 120,000.00 | 15,681.39 | 0.00 | 104,318.61 |
| VAN RUITEN | KELLY VAN RUITEN | CLASS 5 | 160,000.00 | 20,908.52 | 0.00 | 139,091.48 |
| VANCE | DOUGLAS VANCE | CLASS 3 | 71,023.00 | 7,815.60 | 0.00 | 63,207.40 |
| VANCE | PROV. TR GP-FBO DOUGLAS G VANCE IRA | CLASS 3 | 149,500.00 | 10,942.57 | 0.00 | 138,557.43 |
| VANCE | PROV. TR GP-FBO EDWARD J VANCE IRA | CLASS 3 | 100,000.00 | 2,611.11 | 0.00 | 97,388.89 |
| VANDAVASI/KAJA | VAMSI VANDAVASI & JYOTHIRMAI KAJA | CLASS 3 | 100,000.00 | 9,150.01 | 0.00 | 90,849.99 |
| VANDAVASI/KAJA | VAMSI VANDAVASI & JYOTHIRMAI KAJA | CLASS 5 | 75,000.00 | 6,862.50 | 0.00 | 68,137.50 |
| VANDENBERG | JOHN M & PATRICIA E VANDENBERG | CLASS 3 | 25,000.00 | 736.13 | 0.00 | 24,263.87 |
| VANDENBERG | TERRENCE A & JILL L VANDENBERG | CLASS 3 | 120,000.00 | 16,100.00 | 0.00 | 103,900.00 |
| VANDENBOS | JULIE VANDENBOS RT UA 06/19/08 | CLASS 3 | 100,000.00 | 8,000.04 | 0.00 | 91,999.96 |
| VANDENBOS | MELANIE S VANDENBOS 2004 RT | CLASS 3 | 200,000.00 | 38,783.14 | 0.00 | 161,216.86 |
| VANDENBOS | MELANIE S VANDENBOS 2004 RT | CLASS 5 | 250,000.00 | 48,478.92 | 0.00 | 201,521.08 |
| VANDENBOSCH | MAINSTAR-FBO ARLENE VANDENBOSCH T2176257 | CLASS 3 | 58,000.00 | 2,346.57 | 0.00 | 55,653.43 |
| VANDERSLICE | CAROL VANDERSLICE | CLASS 3 | 200,000.00 | 3,055.55 | 0.00 | 196,944.45 |
| VANDERSTEEN | PROV. TR GP-FBO ROGER VANDERSTEEN IRA | CLASS 3 | 51,000.00 | 4,006.33 | 0.00 | 46,993.67 |
| VANDERVEER | CHRISTOPHER W VANDERVEER | CLASS 3 | 100,000.00 | 0.00 | 0.00 | 100,000.00 |
| VANDERWELLE | ERIC & SHERRI LINN VANDERWELLE | CLASS 3 | 50,000.00 | 3,366.67 | 0.00 | 46,633.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| VANDUINEN | DAVID & CAROL VANDUINEN | CLASS 3 | 50,000.00 | 19,118.47 | 0.00 | 30,881.53 |
| VANDUINEN | MAINSTAR-FBO DAVID VANDUINEN T2175711 | CLASS 3 | 57,300.00 | 4,066.71 | 0.00 | 53,233.29 |
| VANEK | PROV. TR GP-FBO SANDRA J VANEK IRA | CLASS 5 | 50,000.00 | 13,708.34 | 0.00 | 36,291.66 |
| VANFOSSON | CHARLES W VANFOSSON | CLASS 3 | 30,000.00 | 793.33 | 0.00 | 29,206.67 |
| VANHOVEN | AARON VANHOVEN | CLASS 3 | 50,000.00 | 2,119.47 | 0.00 | 47,880.53 |
| VANINWAGEN | PROV. TR GP-FBO SCOTT M VANINWAGEN IRA | CLASS 3 | 29,000.00 | 10,682.40 | 0.00 | 18,317.60 |
| VANINWAGEN | SCOTT M VANINWAGEN | CLASS 3 | 55,000.00 | 12,700.02 | 0.00 | 42,299.98 |
| VANPELT | MAINSTAR-FBO CLAUDETTE VANPELT | CLASS 3 | 250,000.00 | 12,413.19 | 0.00 | 237,586.81 |
| VANTIL | JACK R VANTIL | CLASS 3 | 110,000.00 | 34,355.07 | 0.00 | 75,644.93 |
| VARGAS | CARLOS A VARGAS MD PA 401K PLAN | CLASS 3 | 75,000.00 | 1,229.17 | 0.00 | 73,770.83 |
| VARGAS | CARLOS A VARGAS MD PA DEFINED BENE PLAN | CLASS 3 | 50,000.00 | 819.43 | 0.00 | 49,180.57 |
| VARGAS | MAINSTAR-FBO EDDIE VARGAS T2177999 | CLASS 3 | 119,683.00 | 1,612.40 | 0.00 | 118,070.60 |
| VARIEN | MAINSTAR-FBO MARK D VARIEN T2178359 | CLASS 3 | 79,900.00 | 344.02 | 0.00 | 79,555.98 |
| VARNER | IRA SVCS TR CO-CFBO DIANE M VARNER IRA | CLASS 3 | 86,500.00 | 2,640.64 | 0.00 | 83,859.36 |
| VARNER | IRVIN V JR & DIANE M VARNER | CLASS 3 | 40,000.00 | 1,033.35 | 0.00 | 38,966.65 |
| VARNER | RONALD E VARNER | CLASS 3 | 50,000.00 | 1,526.41 | 0.00 | 48,473.59 |
| VARNEY | JOLENE VARNEY | CLASS 3 | 500,000.00 | 30,111.08 | 0.00 | 469,888.92 |
| VASIL | PROV. TR GP-FBO THOMAS M VASIL IRA | CLASS 3 | 96,905.12 | 3,953.59 | 0.00 | 92,951.53 |
| VASIL/RAMIREZ | THOMAS M VASIL & FRANCIS RAMIREZ | CLASS 3 | 60,000.00 | 4,028.48 | 0.00 | 55,971.52 |
| VAUGHAN | IRA SVCS TR CO-CFBO ROBERT H VAUGHAN IRA | CLASS 3 | 30,000.00 | 2,900.00 | 0.00 | 27,100.00 |
| VAUGHAN | THOMAS K VAUGHAN SR | CLASS 3 | 70,000.00 | 1,656.67 | 0.00 | 68,343.33 |
| VAUGHN | DIANE QUIRING VAUGHN | CLASS 3 | 70,000.00 | 17,406.80 | 0.00 | 52,593.20 |
| VAUGHT | SUNWEST TR RUTH T VAUGHT IRA | CLASS 3 | 200,000.00 | 4,266.67 | 0.00 | 195,733.33 |
| VEALE | WALTER K & RUTH A VEALE | CLASS 3 | 40,000.00 | 1,050.02 | 0.00 | 38,949.98 |
| VEATCH | BETTY JOE VEATCH | CLASS 3 | 100,000.00 | 19,736.67 | 0.00 | 80,263.33 |
| VEATCH | PATRICIA ANNE VEATCH TR DTD 11/09/16 | CLASS 3 | 100,000.00 | 11,716.67 | 1,000.00 | 87,283.33 |
| VEATCH | THE BETTY JOE VEATCH TR DTD 06/21/12 | CLASS 3 | 175,000.00 | 4,232.49 | 0.00 | 170,767.51 |
| VEERKAMP | WALTER W VEERKAMP | CLASS 3 | 50,000.00 | 11,666.60 | 0.00 | 38,333.40 |
| VEGA | MAINSTAR-FBO MARIA VEGA R2177073 | CLASS 3 | 68,300.00 | 2,536.59 | 0.00 | 65,763.41 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| VEGA | MAINSTAR-FBO MARIA VEGA T2177075 | CLASS 3 | 80,000.00 | 3,453.30 | 0.00 | 76,546.70 |
| VEGA | MARIA VEGA | CLASS 3 | 145,000.00 | 7,698.11 | 0.00 | 137,301.89 |
| VELA-CASTRO | MAINSTAR-FBO CECILIA VELA-CASTRO T2178127 | CLASS 3 | 100,000.00 | 306.25 | 0.00 | 99,693.75 |
| VELIYATHIL | JUDY & PAUL VELIYATHIL | CLASS 5 | 100,000.00 | 17,166.59 | 0.00 | 82,833.41 |
| VELTING | PATSY RAE VELTING | CLASS 3 | 100,000.00 | 4,676.38 | 0.00 | 95,323.62 |
| VENTRONE | KAREN VENTRONE | CLASS 3 | 50,000.00 | 5,341.67 | 0.00 | 44,658.33 |
| VENTRONE | PROV. TR GP-FBO KAREN VENTRONE ICA | CLASS 3 | 30,000.00 | 6,826.73 | 0.00 | 23,173.27 |
| VENTRONE | PROV. TR GP-FBO KAREN VENTRONE ICA | CLASS 5 | 269,000.00 | 61,212.99 | 0.00 | 207,787.01 |
| VENTURE HILL ENT. | VENTURE HILL ENTERTAINMENT LLC | CLASS 3 | 25,000.00 | 1,047.58 | 0.00 | 23,952.42 |
| VERGARA | MAINSTAR-FBO THERESA VERGARA T2175174 | CLASS 3 | 333,312.00 | 36,826.15 | 0.00 | 296,485.85 |
| VERHAEREN | JUDITH M & KENNETH A VERHAEREN | CLASS 3 | 100,000.00 | 12,183.33 | 0.00 | 87,816.67 |
| VERMILLION | MARLA S VERMILLION | CLASS 3 | 30,000.00 | 4,848.84 | 0.00 | 25,151.16 |
| VERNON | WILLIAM J VERNON | CLASS 3 | 25,000.00 | 1,298.65 | 0.00 | 23,701.35 |
| VERSEPUT | PROV. TR GP-FBO JERRY & K VERSEPUT ICA | CLASS 3 | 75,000.00 | 4,866.66 | 0.00 | 70,133.34 |
| VERSEPUT | PROV. TR GP-FBO JERRY VERSEPUT IRA | CLASS 5 | 50,000.00 | 21,837.64 | 0.00 | 28,162.36 |
| VERTEX PROPERTY | VERTEX PROPERTY HOLDINGS LLC | CLASS 5 | 825,000.00 | 96,951.41 | 0.00 | 728,048.59 |
| VERWERS | IRA SVCS TR CO-CFBO SANDRA K VERWERS | CLASS 5 | 31,208.66 | 398.78 | 0.00 | 30,809.88 |
| VERWERS | IRA SVCS TR CO-CFBO WILLIAM VERWERS | CLASS 5 | 56,151.64 | 717.49 | 0.00 | 55,434.15 |
| VICTOR | DAWN VICTOR | CLASS 3 | 40,000.00 | 260.00 | 0.00 | 39,740.00 |
| VIDAL | INDRA VIDAL | CLASS 3 | 50,000.00 | 1,525.00 | 0.00 | 48,475.00 |
| VIELE | CHARLES DAVID VIELE | CLASS 3 | 35,000.00 | 1,516.64 | 0.00 | 33,483.36 |
| VIGGIANI | MADELINE VIGGIANI | CLASS 3 | 25,000.00 | 91.67 | 0.00 | 24,908.33 |
| VILLALVAZO | RAMIRO VILLALVAZO | CLASS 3 | 40,000.00 | 2,322.18 | 0.00 | 37,677.82 |
| VILLAROSA | MAINSTAR-FBO CHRISTA VILLAROSA 2176915 | CLASS 3 | 150,000.00 | 6,375.00 | 0.00 | 143,625.00 |
| VILLEGAS | ANNA VILLEGAS | CLASS 3 | 25,000.00 | 50.00 | 0.00 | 24,950.00 |
| VILLEGAS | HORIZON TR CO-FBO ANNA M VILLEGAS IRA | CLASS 3 | 50,000.00 | 2,988.16 | 0.00 | 47,011.84 |
| VINES | FLETCHER L & DEBORAH K VINES | CLASS 3 | 40,000.00 | 2,926.67 | 0.00 | 37,073.33 |
| VINSON | PROV. TR GP-FBO RICKY VINSON IRA | CLASS 3 | 451,561.32 | 11,233.56 | 0.00 | 440,327.76 |
| VISCUSO | GREGG VISCUSO | CLASS 5 | 75,000.00 | 7,616.59 | 0.00 | 67,383.41 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affiliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| VISCUSO | PROV. TR GP-FBO HELEN M VISCUSO ROTH IRA | CLASS 3 | 25,000.00 | 35,670.55 | 0.00 | 0.00 ** |
| VISCUSO | PROV. TR GP-FBO HELGA P VISCUSO IRA | CLASS 3 | 217,500.00 | 144.67 | 0.00 | 217,355.33 |
| VISCUSO/SABINE | HELGA P VISCUSO & DRESSEL SABINE | CLASS 3 | 70,000.00 | 361.67 | 0.00 | 69,638.33 |
| VISNICH | MAINSTAR-FBO JAMES VISNICH T2177588 | CLASS 3 | 68,500.00 | 859.17 | 0.00 | 67,640.83 |
| VITTONE | DARRELL & SHARON VITTONE | CLASS 3 | 88,000.00 | 7,956.74 | 0.00 | 80,043.26 |
| VOGEL | HOWARD & SUSAN VOGEL | CLASS 3 | 85,000.00 | 18,346.05 | 0.00 | 66,653.95 |
| VOLENBERG | MAINSTAR-FBO ESFIR I VOLENBERG T2177108 | CLASS 3 | 335,500.00 | 5,489.15 | 0.00 | 330,010.85 |
| VOLKMAN | JENNIFER VOLKMAN | CLASS 3 | 100,000.00 | 5,911.08 | 0.00 | 94,088.92 |
| VOLL | LARRY EDWARD & VIRGINIA VOLL | CLASS 3 | 75,000.00 | 3,964.57 | 0.00 | 71,035.43 |
| VOLL | PROV. TR GP-FBO LARRY E VOLL IRA | CLASS 3 | 100,000.00 | 7,016.67 | 0.00 | 92,983.33 |
| VOLLBRECHT | FREDERIC T VOLLBRECHT RT DTD 11/04/10 | CLASS 3 | 300,000.00 | 32,952.87 | 0.00 | 267,047.13 |
| VOLLMER | DEAN & DIANE VOLLMER | CLASS 3 | 95,000.00 | 4,383.13 | 0.00 | 90,616.87 |
| VON INS-ROPERS | HELEN SUE VON INS-ROPERS | CLASS 3 | 190,000.00 | 25,554.98 | 0.00 | 164,445.02 |
| VON INS-ROPERS | HELEN SUE VON INS-ROPERS TR | CLASS 3 | 50,000.00 | 6,170.88 | 0.00 | 43,829.12 |
| VON INS-ROPERS | PROV. TR GP-FBO HELEN S VON INS-ROPERS IRA | CLASS 3 | 82,600.00 | 11,178.54 | 0.00 | 71,421.46 |
| VON SCHOECH | MAINSTAR-FBO KONRAD VON SCHOECH III | CLASS 3 | 59,223.14 | 4,099.56 | 0.00 | 55,123.58 |
| VONESH | PROV. TR GP-FBO NAOMI VONESH IRA | CLASS 3 | 45,000.00 | 7,507.50 | 0.00 | 37,492.50 |
| VONESH | PROV. TR GP-FBO RICHARD R VONESH IRA | CLASS 3 | 149,000.00 | 29,619.17 | 0.00 | 119,380.83 |
| VONESH | RICHARD & NAOMI VONESH | CLASS 3 | 125,000.00 | 15,572.92 | 0.00 | 109,427.08 |
| VOROBYOV | VERONIKA VOROBYOV | CLASS 3 | 50,000.00 | 3,016.53 | 0.00 | 46,983.47 |
| VOSBURG | PROV. TR GP-FBO MARY L VOSBURG IRA | CLASS 3 | 40,000.00 | 3,744.45 | 0.00 | 36,255.55 |
| VOSS | PROV. TR GP-FBO RICKY D VOSS SEP IRA | CLASS 3 | 46,340.00 | 4,822.25 | 0.00 | 41,517.75 |
| VULPE | SHIRLEY A VULPE | CLASS 3 | 38,000.00 | 4,971.56 | 0.00 | 33,028.44 |
| VUPPALA | SHARATH VUPPALA | CLASS 3 | 100,000.00 | 4,270.83 | 0.00 | 95,729.17 |
| VYNCKIER | VYNCKIER LT 06/08/99 | CLASS 3 | 25,000.00 | 3,778.62 | 0.00 | 21,221.38 |
| WAASDORP | HENDRIKA E WAASDORP TR DTD 12/09/99 | CLASS 3 | 100,000.00 | 22,838.93 | 0.00 | 77,161.07 |
| WACHMAN | HARVEY S WACHMAN RT | CLASS 3 | 100,000.00 | 138.89 | 0.00 | 99,861.11 |
| WACHTEL | ROBERT J WACHTEL | CLASS 3 | 150,000.00 | 9,343.75 | 0.00 | 140,656.25 |
| WACKERNAGEL | MATHIS WACKERNAGEL | CLASS 3 | 120,000.00 | 6,586.67 | 0.00 | 113,413.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WADDELL | SUE ANN WADDELL | CLASS 3 | 25,000.00 | 2,198.67 | 0.00 | 22,801.33 |
| WADE | DAVID L & CAROL S WADE | CLASS 3 | 50,000.00 | 3,158.33 | 0.00 | 46,841.67 |
| WADMAN | PROV. TR GP-FBO JEFFREY A WADMAN IRA | CLASS 3 | 26,000.00 | 1,678.44 | 0.00 | 24,321.56 |
| WADSWORTH | PROV. TR GP-FBO KENNETH WADSWORTH IRA | CLASS 3 | 121,000.00 | 16,107.00 | 0.00 | 104,893.00 |
| WAGGONER | GARY WAGGONER | CLASS 3 | 211,114.00 | 21,850.79 | 0.00 | 189,263.21 |
| WAHL | JAMES C & DIANE C WAHL | CLASS 3 | 30,000.00 | 0.00 | 0.00 | 30,000.00 |
| WAHL | MICHAEL & KATHLEEN WAHL TR | CLASS 3 | 25,000.00 | 973.93 | 0.00 | 24,026.07 |
| WAIT | THE WAIT FRLT DTD 03/09/99 | CLASS 3 | 50,000.00 | 4,489.37 | 0.00 | 45,510.63 |
| WALGREN | MAINSTAR-FBO STEVEN WALGREN T2177556 | CLASS 3 | 150,000.00 | 3,225.00 | 0.00 | 146,775.00 |
| WALKER | ARLENE WALKER | CLASS 3 | 400,000.00 | 30,805.78 | 0.00 | 369,194.22 |
| WALKER | JACK O WALKER | CLASS 5 | 300,000.00 | 50,402.80 | 0.00 | 249,597.20 |
| WALKER | MAINSTAR-FBO CAROLYN F WALKER T2178263 | CLASS 3 | 25,000.00 | 238.19 | 0.00 | 24,761.81 |
| WALKER | MAINSTAR-FBO TERRI L WALKER TW004080 | CLASS 3 | 41,570.37 | 505.77 | 0.00 | 41,064.60 |
| WALKER | MICHAEL L WALKER | CLASS 3 | 50,000.00 | 2,624.96 | 0.00 | 47,375.04 |
| WALKER | PROV. TR GP-FBO DAWN WALKER IRA | CLASS 3 | 192,000.00 | 7,345.74 | 0.00 | 184,654.26 |
| WALKER | TMICO-FBO JIMMY WAYNE WALKER TRAD IRA | CLASS 5 | 117,477.00 | 29,271.50 | 0.00 | 88,205.50 |
| WALL | GREGORY & NANCY WALL | CLASS 3 | 100,000.00 | 6,233.33 | 0.00 | 93,766.67 |
| WALL | IRA SVCS TR CO-CFBO KEITH WALL | CLASS 3 | 106,000.00 | 0.00 | 0.00 | 106,000.00 |
| WALL | PROV. TR GP-FBO BRENDA L WALL IRA | CLASS 3 | 277,690.00 | 15,697.20 | 0.00 | 261,992.80 |
| WALLACE | BARBARA & JAMES WALLACE | CLASS 3 | 200,000.00 | 9,262.50 | 0.00 | 190,737.50 |
| WALLACE | DOROTHY F WALLACE | CLASS 3 | 25,000.00 | 850.72 | 0.00 | 24,149.28 |
| WALLER | THOMAS & CAROLE WALLER | CLASS 3 | 80,000.00 | 4,420.00 | 0.00 | 75,580.00 |
| WALLMAN | GERALD E WALLMAN | CLASS 5 | 52,000.00 | 9,904.10 | 0.00 | 42,095.90 |
| WALLS | IRA SVCS TR CO-CFBO KENNETH G WALLS IRA | CLASS 3 | 244,000.00 | 14,463.74 | 0.00 | 229,536.26 |
| WALLS | IRA SVCS TR CO-CFBO SANDRA S WALLS | CLASS 3 | 179,000.00 | 10,582.33 | 0.00 | 168,417.67 |
| WALTER | EUGENE LEE WALTER | CLASS 3 | 125,000.00 | 18,447.08 | 0.00 | 106,552.92 |
| WALTERS | DONNA G WALTERS | CLASS 5 | 100,000.00 | 15,694.38 | 0.00 | 84,305.62 |
| WALTERS | MAINSTAR-FBO NADINE WALTERS | CLASS 3 | 26,500.00 | 3,785.46 | 0.00 | 22,714.54 |
| WALTERS | PROV. TR GP-FBO DONNA G WALTERS IRA | CLASS 5 | 100,000.00 | 14,694.45 | 0.00 | 85,305.55 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WALTERS | PROV. TR GP-FBO WILEY W WALTERS IRA | CLASS 3 | 25,000.00 | 2,552.09 | 0.00 | 22,447.91 |
| WALTERS/NEWMAN | RICH. WALTERS & STEPHANIE NEWMAN JTWROS | CLASS 5 | 50,000.00 | 14,444.56 | 0.00 | 35,555.44 |
| WALTON | STEVE WALTON | CLASS 3 | 25,000.00 | 1,678.36 | 0.00 | 23,321.64 |
| WAMPLER | WAMPLER LT | CLASS 3 | 100,000.00 | 13,499.87 | 0.00 | 86,500.13 |
| WANG | JOHN H & PATRICIA M WANG | CLASS 3 | 50,000.00 | 3,041.67 | 0.00 | 46,958.33 |
| WANG | WEI WANG | CLASS 3 | 50,000.00 | 1,390.29 | 0.00 | 48,609.71 |
| WANG | XIAO QING WANG | CLASS 3 | 620,000.00 | 150,413.20 | 6,000.00 | 463,586.80 |
| WANG/CAIN | XIAO QING WANG & JONATHAN CAIN | CLASS 3 | 100,000.00 | 30,102.78 | 1,781.25 | 68,115.97 |
| WANG/CAIN | XIAO QING WANG & JONATHAN CAIN | CLASS 5 | 100,000.00 | 30,102.78 | 1,781.25 | 68,115.97 |
| WARD | DIXIE L & THOMAS P WARD | CLASS 3 | 250,000.00 | 57,608.37 | 0.00 | 192,391.63 |
| WARD | DOUGLAS M WARD | CLASS 3 | 100,000.00 | 16,314.58 | 0.00 | 83,685.42 |
| WARD | DREE WARD | CLASS 3 | 50,000.00 | 4,999.95 | 0.00 | 45,000.05 |
| WARD | GEORGE H & CAROL A WARD | CLASS 3 | 300,000.00 | 21,720.32 | 0.00 | 278,279.68 |
| WARD | HORIZON TR CO-FBO DREE WARD ROTH IRA | CLASS 3 | 93,900.00 | 9,097.87 | 0.00 | 84,802.13 |
| WARD | PROV. TR GP-FBO DIXIE L WARD IRA | CLASS 3 | 176,191.00 | 35,756.95 | 0.00 | 140,434.05 |
| WARDEN | PROV. TR GP-FBO DONNA WARDEN IRA | CLASS 5 | 275,000.00 | 90,150.32 | 0.00 | 184,849.68 |
| WARE | JEFF V WARE | CLASS 3 | 50,000.00 | 10,024.98 | 0.00 | 39,975.02 |
| WARICH | PROV. TR GP-FBO HEINZ WARICH IRA | CLASS 3 | 99,500.00 | 4,757.34 | 0.00 | 94,742.66 |
| WARNER | CHARLES L & DOROTHY A WARNER RLT | CLASS 3 | 400,000.00 | 5,640.27 | 0.00 | 394,359.73 |
| WARNER | VALERIE O WARNER | CLASS 3 | 100,000.00 | 11,266.67 | 0.00 | 88,733.33 |
| WARREN | BUFORD WARREN | CLASS 3 | 70,000.00 | 661.12 | 0.00 | 69,338.88 |
| WARREN | LEON H & PATRICIA W WARREN | CLASS 3 | 200,000.00 | 19,891.32 | 0.00 | 180,108.68 |
| WARRENFELTZ | MARIAN WARRENFELTZ | CLASS 3 | 50,000.00 | 1,312.51 | 0.00 | 48,687.49 |
| WARRINER | PURITA S WARRINER | CLASS 3 | 25,000.00 | 815.96 | 0.00 | 24,184.04 |
| WARRINER | SAMANTHA M WARRINER | CLASS 3 | 25,000.00 | 815.96 | 0.00 | 24,184.04 |
| WARRINGTON | MAINSTAR-FBO ALAN WARRINGTON T2178130 | CLASS 3 | 212,986.76 | 3,928.42 | 0.00 | 209,058.34 |
| WARRINGTON | MONTSERRAT WARRINGTON | CLASS 3 | 200,000.00 | 3,500.01 | 0.00 | 196,499.99 |
| WASHKO | KATHLEEN F & BRIAN A WASHKO | CLASS 3 | 130,000.00 | 13,873.94 | 0.00 | 116,126.06 |
| WASHKO | PROV. TR GP-FBO KATHLEEN F WASHKO IRA | CLASS 3 | 286,041.37 | 38,758.60 | 0.00 | 247,282.77 |

Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WASHKO | STEPHANIE R & KATHLEEN F WASHKO | CLASS 3 | 44,000.00 | 4,695.72 | 0.00 | 39,304.28 |
| WASHOR | NANCY & ANDREW WASHOR | CLASS 3 | 230,000.00 | 31,078.57 | 0.00 | 198,921.43 |
| WASHOR | NANCY & ANDREW WASHOR | CLASS 5 | 100,000.00 | 13,512.42 | 0.00 | 86,487.58 |
| WASIL | DAVID A & BARBARA R WASIL | CLASS 3 | 25,000.00 | 1,451.43 | 0.00 | 23,548.57 |
| WASNIEWSKI | TERESA M WASNIEWSKI TR UPDTD 12/03/09 | CLASS 3 | 100,000.00 | 6,861.15 | 0.00 | 93,138.85 |
| WASNIEWSKI | WITOLD S WASNIEWSKI LT UPDTD 12/03/09 | CLASS 3 | 100,000.00 | 6,844.49 | 0.00 | 93,155.51 |
| WASSEL | TRAINOS WASSEL | CLASS 3 | 25,000.00 | 1,747.41 | 0.00 | 23,252.59 |
| WASSERMAN | HORIZON TR CO-FBO MARC WASSERMAN SEP IRA | CLASS 3 | 100,000.00 | 5,750.00 | 0.00 | 94,250.00 |
| WASSERMAN | HORIZON TR CO-FBO WILLIAM L WASSERMAN SEP IRA | CLASS 3 | 50,000.00 | 6,816.71 | 0.00 | 43,183.29 |
| WATERS | ELIZABETH WATERS | CLASS 5 | 50,000.00 | 21,013.98 | 0.00 | 28,986.02 |
| WATERS | STUART A WATERS | CLASS 3 | 30,000.00 | 681.75 | 0.00 | 29,318.25 |
| WATKINS | JACK W & PATRICIA A WATKINS KEYSTONE TR | CLASS 3 | 100,000.00 | 5,983.33 | 0.00 | 94,016.67 |
| WATKINS | JULIA C WATKINS | CLASS 5 | 65,000.00 | 17,104.83 | 0.00 | 47,895.17 |
| WATSON | KATHLEEN L WATSON | CLASS 3 | 150,000.00 | 2,850.00 | 0.00 | 147,150.00 |
| WATSON | MAINSTAR-FBO WILLIE WATSON SR | CLASS 3 | 50,000.00 | 2,958.33 | 0.00 | 47,041.67 |
| WATSON | MARIANNE WATSON | CLASS 3 | 50,000.00 | 950.00 | 0.00 | 49,050.00 |
| WATSON | ROBERT L WATSON SR | CLASS 3 | 25,000.00 | 131.95 | 0.00 | 24,868.05 |
| WATSON | THE WATSON LT DTD 09/22/99 | CLASS 3 | 240,000.00 | 45,276.40 | 0.00 | 194,723.60 |
| WATTERS | EDNA M WATTERS | CLASS 3 | 25,000.00 | 2,913.21 | 0.00 | 22,086.79 |
| WAUGH | ERIC S WAUGH | CLASS 3 | 25,000.00 | 1,931.99 | 0.00 | 23,068.01 |
| WAYBRIGHT | JEFFREY H WAYBRIGHT | CLASS 3 | 80,000.00 | 1,726.68 | 0.00 | 78,273.32 |
| WAYNE | LINDA WAYNE | CLASS 3 | 75,000.00 | 2,956.25 | 0.00 | 72,043.75 |
| WAYNER | DELWYN G & BETTY J WAYNER | CLASS 3 | 100,000.00 | 14,150.00 | 0.00 | 85,850.00 |
| WEARLEY | THE WEARLEY FT | CLASS 3 | 78,000.00 | 1,434.59 | 0.00 | 76,565.41 |
| WEATHERWAX | BELINDA S WEATHERWAX | CLASS 3 | 185,000.00 | 5,303.33 | 0.00 | 179,696.67 |
| WEAVER | DONALD H & KATHLEEN WEAVER | CLASS 3 | 100,000.00 | 5,866.67 | 0.00 | 94,133.33 |
| WEAVER | EUGENIA WEAVER RT | CLASS 3 | 50,000.00 | 622.91 | 0.00 | 49,377.09 |
| WEAVER | MAINSTAR-FBO ANTHONY S WEAVER | CLASS 3 | 30,000.00 | 1,274.17 | 0.00 | 28,725.83 |
| WEAVER | TRACY H WEAVER | CLASS 3 | 50,000.00 | 3,787.50 | 0.00 | 46,212.50 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WEAVER | WALDEN P WEAVER | CLASS 3 | 30,000.00 | 3,770.83 | 0.00 | 26,229.17 |
| WEAVER/WADDELL | TRACY WEAVER & JAMES WADDELL | CLASS 3 | 25,000.00 | 1,893.75 | 0.00 | 23,106.25 |
| WEBB | KATHERINE M WEBB | CLASS 3 | 70,000.00 | 2,811.67 | 0.00 | 67,188.33 |
| WEBB | PROV. TR GP-FBO LINDA L WEBB IRA | CLASS 3 | 26,500.00 | 150.91 | 0.00 | 26,349.09 |
| WEBER | JOHN & LUCILLE WEBER | CLASS 3 | 200,000.00 | 3,733.34 | 0.00 | 196,266.66 |
| WEBER | JOHN WEBER | CLASS 3 | 130,000.00 | 13,750.00 | 0.00 | 116,250.00 |
| WEBER | SUSAN B WEBER TR | CLASS 3 | 35,000.00 | 704.85 | 0.00 | 34,295.15 |
| WEBRE | IRA SVCS TR CO-CFBO JAMES WEBRE IRA | CLASS 3 | 800,000.00 | 36,255.53 | 0.00 | 763,744.47 |
| WEEKS | PROV. TR GP-FBO BETTE J WEEKS IRA | CLASS 3 | 26,600.00 | 2,808.52 | 0.00 | 23,791.48 |
| WEEKS | PROV. TR GP-FBO SKYLAR D WEEKS IRA | CLASS 3 | 176,100.00 | 17,785.98 | 0.00 | 158,314.02 |
| WEEKS | SKYLAR & BETTE J WEEKS | CLASS 3 | 140,000.00 | 12,562.91 | 0.00 | 127,437.09 |
| WEER | BART M & MARIE E WEER | CLASS 3 | 25,000.00 | 5,652.43 | 0.00 | 19,347.57 |
| WEIDENFELD | WEIDENFELD LT DTD 02/17/95 | CLASS 5 | 315,000.00 | 40,079.86 | 0.00 | 274,920.14 |
| WEIDNER | MAINSTAR-FBO THOMAS WEIDNER T2178440 | CLASS 3 | 211,995.00 | 1,030.53 | 0.00 | 210,964.47 |
| WEIGHTON | E NICOLL WEIGHTON | CLASS 5 | 100,000.00 | 18,245.77 | 0.00 | 81,754.23 |
| WEIHE | DAVID WEIHE | CLASS 3 | 50,000.00 | 106.94 | 0.00 | 49,893.06 |
| WEILAND | KENNETH J WEILAND | CLASS 3 | 100,000.00 | 6,485.25 | 0.00 | 93,514.75 |
| WEINBERG | DARLENE R WEINBERG | CLASS 3 | 40,000.00 | 1,094.46 | 0.00 | 38,905.54 |
| WEINBERG | PROV. TR GP-FBO FRANCES WEINBERG ROTH IRA | CLASS 3 | 29,200.00 | 301.13 | 0.00 | 28,898.87 |
| WEINBERG | PROV. TR GP-FBO STEPHEN WEINBERG IRA | CLASS 3 | 81,200.00 | 393.97 | 0.00 | 80,806.03 |
| WEINBERG | ROBERT M WEINBERG | CLASS 3 | 200,000.00 | 19,066.63 | 0.00 | 180,933.37 |
| WEINER | NORMA WEINER LT DTD 11/13/13 | CLASS 3 | 1,050,000.00 | 43,512.50 | 0.00 | 1,006,487.50 |
| WEINGARTEN | WEINGARTEN FT DTD 02/25/00 | CLASS 3 | 75,000.00 | 7,535.73 | 0.00 | 67,464.27 |
| WEINHOLD | WEINHOLD FT | CLASS 3 | 200,000.00 | 15,059.66 | 0.00 | 184,940.34 |
| WEISE | DONALD E & DONNA M WEISE | CLASS 3 | 250,000.00 | 37,855.40 | 0.00 | 212,144.60 |
| WEISE | WEISE RT DTD 11/07/14 | CLASS 3 | 150,000.00 | 8,724.99 | 0.00 | 141,275.01 |
| WEISENBURGER | EARL & PAT WEISENBURGER | CLASS 3 | 30,000.00 | 291.67 | 0.00 | 29,708.33 |
| WEISGERBER | GEORGE N WEISGERBER TR DTD 01/19/00 | CLASS 3 | 180,000.00 | 19,037.47 | 0.00 | 160,962.53 |
| WEISGERBER | HORIZON TR CO-FBO GEORGE N WEISGERBER | CLASS 3 | 179,712.00 | 2,426.11 | 0.00 | 177,285.89 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WEISHAAR | PROV. TR GP-FBO RICHARD M WEISHAAR IRA | CLASS 5 | 99,500.00 | 28,246.95 | 0.00 | 71,253.05 |
| WEISHAUPT | WILLIAM F WEISHAUPT RT DTD 10/19/12 | CLASS 3 | 50,000.00 | 3,350.00 | 0.00 | 46,650.00 |
| WEISS | JAMES A WEISS | CLASS 3 | 25,000.00 | 1,486.16 | 0.00 | 23,513.84 |
| WEISS | LEIBY WEISS | CLASS 3 | 30,000.00 | 275.00 | 0.00 | 29,725.00 |
| WEISSMAN | GERALD WEISSMAN | CLASS 3 | 25,000.00 | 350.00 | 0.00 | 24,650.00 |
| WEISZ | MAINSTAR-FBO STEVEN WEISZ T2176865 | CLASS 3 | 40,000.00 | 1,266.67 | 0.00 | 38,733.33 |
| WEITZEL | HENRY C WEITZEL | CLASS 3 | 30,000.00 | 3,274.42 | 0.00 | 26,725.58 |
| WEITZEL | WEITZEL FT FBO H THOMAS COSS | CLASS 3 | 200,000.00 | 2,527.77 | 0.00 | 197,472.23 |
| WEITZMAN | JENNIFER WEITZMAN | CLASS 3 | 100,000.00 | 2,547.21 | 0.00 | 97,452.79 |
| WELCH | FLORIS LAVON WELCH | CLASS 3 | 25,000.00 | 920.46 | 0.00 | 24,079.54 |
| WELCH | PROV. TR GP-FBO ROBERT W WELCH SR IRA | CLASS 3 | 73,000.00 | 1,654.67 | 0.00 | 71,345.33 |
| WELCH | ROBERT W WELCH SR | CLASS 3 | 100,000.00 | 7,067.62 | 0.00 | 92,932.38 |
| WELDON/SMITH | JODIE WELDON & CAROL A SMITH | CLASS 3 | 25,000.00 | 836.09 | 0.00 | 24,163.91 |
| WELKER | THOMAS EDWARD & JULIE ANNE WELKER | CLASS 3 | 25,000.00 | 1,078.84 | 0.00 | 23,921.16 |
| WELLE | GAIL WELLE | CLASS 3 | 100,000.00 | 347.22 | 0.00 | 99,652.78 |
| WELLMAN | KENNETH & KAREN WELLMAN KEYSTONE TR | CLASS 3 | 50,000.00 | 15,776.76 | 0.00 | 34,223.24 |
| WELLS | KELLI M & NANCY E WELLS | CLASS 3 | 25,000.00 | 791.69 | 0.00 | 24,208.31 |
| WELLS | SIDNEY & LINDA WELLS | CLASS 3 | 100,000.00 | 7,216.67 | 0.00 | 92,783.33 |
| WELLS | WILDA H WELLS | CLASS 3 | 70,000.00 | 3,787.79 | 0.00 | 66,212.21 |
| WELSH | SYLVESTER H WELSH | CLASS 3 | 90,000.00 | 8,265.00 | 0.00 | 81,735.00 |
| WENDEL | ALVIN A & MARTHA A WENDEL | CLASS 3 | 85,000.00 | 16,316.99 | 0.00 | 68,683.01 |
| WENDEL | KATHLEEN A WENDEL | CLASS 3 | 50,000.00 | 505.56 | 0.00 | 49,494.44 |
| WENDEL | KIMBERLY A WENDEL | CLASS 3 | 175,000.00 | 26,083.41 | 0.00 | 148,916.59 |
| WENDEL | LINDA WENDEL | CLASS 3 | 100,000.00 | 758.33 | 0.00 | 99,241.67 |
| WENDEL | PROV. TR GP-FBO JODI M WENDEL IRA | CLASS 3 | 25,000.00 | 3,340.27 | 0.00 | 21,659.73 |
| WENDEL | ROBERT L WENDEL | CLASS 3 | 50,000.00 | 4,075.00 | 0.00 | 45,925.00 |
| WENDEL | SCOTT R WENDEL | CLASS 5 | 100,000.00 | 46,269.26 | 0.00 | 53,730.74 |
| WENRICH | MAINSTAR-FBO CORINNE WENRICH | CLASS 3 | 26,200.00 | 3,615.60 | 0.00 | 22,584.40 |
| WENSKOSKI | PROV. TR GP-FBO RICHARD WENSKOSKI IRA | CLASS 3 | 84,500.00 | 15,110.09 | 0.00 | 69,389.91 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WERLEY | ROBERT J & SUSAN R WERLEY | CLASS 3 | 40,000.00 | 838.91 | 0.00 | 39,161.09 |
| WERMUTH | ANDREW G WERMUTH | CLASS 3 | 25,000.00 | 5,395.95 | 0.00 | 19,604.05 |
| WERMUTH | MAINSTAR-FBO BRUCE M WERMUTH | CLASS 5 | 100,000.00 | 16,408.32 | 0.00 | 83,591.68 |
| WERMUTH | MARILYN WERMUTH | CLASS 3 | 70,000.00 | 13,858.28 | 0.00 | 56,141.72 |
| WERNER | JAMES ALAN WERNER | CLASS 3 | 30,000.00 | 2,638.16 | 0.00 | 27,361.84 |
| WERNER | JAMES ALAN WERNER | CLASS 5 | 70,000.00 | 6,155.72 | 0.00 | 63,844.28 |
| WERNER | MAINSTAR-FBO JOHN T WERNER T2177151 | CLASS 3 | 70,000.00 | 2,002.78 | 0.00 | 67,997.22 |
| WERTER | DEBORAH WERTER | CLASS 3 | 120,000.00 | 3,500.00 | 0.00 | 116,500.00 |
| WESCH | WILLIAM G WESCH | CLASS 5 | 100,000.00 | 25,944.34 | 0.00 | 74,055.66 |
| WESOLOWSKI | THE WESOLOWSKI RFT | CLASS 3 | 100,000.00 | 5,861.16 | 0.00 | 94,138.84 |
| WEST | JAMES W & ROSEMARY WEST | CLASS 3 | 125,000.00 | 12,065.34 | 0.00 | 112,934.66 |
| WEST | LAUREN M & NANCY J WEST | CLASS 3 | 200,000.00 | 2,733.33 | 0.00 | 197,266.67 |
| WEST | LAUREN WEST TR UTD 12/11/12 | CLASS 3 | 300,000.00 | 53,585.94 | 0.00 | 246,414.06 |
| WEST | LAUREN WEST TR UTD 12/11/12 | CLASS 5 | 100,000.00 | 17,861.98 | 0.00 | 82,138.02 |
| WEST | MAINSTAR-FBO KATHY M WEST TW004048 | CLASS 3 | 105,000.00 | 1,776.25 | 0.00 | 103,223.75 |
| WEST | PROV. TR GP-FBO ROYAL WEST IRA | CLASS 3 | 159,000.00 | 7,905.83 | 0.00 | 151,094.17 |
| WEST | TIM & LAUREN WEST | CLASS 3 | 150,000.00 | 33,661.22 | 2,721.09 | 113,617.69 |
| WEST | TIM & LAUREN WEST | CLASS 3* | 105,000.00 | 12,512.50 | 0.00 | 92,487.50 |
| WEST | TIM & LAUREN WEST | CLASS 5 | 100,000.00 | 22,440.81 | 1,814.06 | 75,745.13 |
| WEST COAST PHARM. | THE WEST COAST PHARMACEUTICAL INC DEF TR | CLASS 3 | 50,000.00 | 3,533.30 | 0.00 | 46,466.70 |
| WESTERHEIDE | JOANN WESTERHEIDE RFTA | CLASS 3 | 405,000.00 | 57,817.58 | 0.00 | 347,182.42 |
| WESTERHEIDE | JOANN WESTERHEIDE RFTA | CLASS 5 | 300,000.00 | 42,827.84 | 0.00 | 257,172.16 |
| WESTERHEIDE | LEE H WESTERHEIDE | CLASS 3 | 400,000.00 | 79,661.02 | 0.00 | 320,338.98 |
| WESTGERDES | MARY H WESTGERDES | CLASS 3 | 75,000.00 | 9,151.35 | 0.00 | 65,848.65 |
| WESTSHORE | CHRIST CHURCH WESTSHORE | CLASS 3 | 30,000.00 | 420.83 | 0.00 | 29,579.17 |
| WETZEL | BARBARA WETZEL | CLASS 3 | 50,000.00 | 505.56 | 0.00 | 49,494.44 |
| WETZEL | CO NATL BNK-FBO GARY WETZEL IRA CNB1008 | CLASS 5 | 150,000.00 | 26,447.70 | 0.00 | 123,552.30 |
| WHALEN | MIKE & NANCY WHALEN | CLASS 3 | 200,000.00 | 10,183.29 | 0.00 | 189,816.71 |
| WHARTON-BURNS | IRA SVCS TR CO-CFBO CONNIE WHARTON-BURNS | CLASS 3 | 100,000.00 | 6,450.00 | 0.00 | 93,550.00 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WHEATLAKE | DONALD B WHEATLAKE | CLASS 3 | 40,000.00 | 5,338.33 | 0.00 | 34,661.67 |
| WHEELER | ANN HOLLINGSWORTH WHEELER | CLASS 5 | 150,000.00 | 18,916.67 | 0.00 | 131,083.33 |
| WHEELER | IRA SVCS TR CO-CFBO MELINDA K WHEELER IRA | CLASS 3 | 52,000.00 | 3,430.61 | 0.00 | 48,569.39 |
| WHEELER | JOAN WHEELER | CLASS 3 | 50,000.00 | 3,266.67 | 0.00 | 46,733.33 |
| WHEELER | PROV. TR GP-FBO JAMES WHEELER IRA | CLASS 3 | 693,000.00 | 75,575.50 | 0.00 | 617,424.50 |
| WHEELER | PROV. TR GP-FBO LINDA WHEELER IRA | CLASS 3 | 42,000.00 | 6,804.70 | 176.47 | 35,018.83 |
| WHEELER | RICHARD WHEELER | CLASS 3 | 50,000.00 | 1,387.50 | 0.00 | 48,612.50 |
| WHEELER | VIRGINIA & ALLAN WHEELER | CLASS 3 | 50,000.00 | 861.10 | 0.00 | 49,138.90 |
| WHISENANT | EDWARD & JOHNNIE WHISENANT FT 05/20/11 | CLASS 3 | 40,000.00 | 2,188.93 | 0.00 | 37,811.07 |
| WHITE | CRAIG WHITE | CLASS 3 | 200,000.00 | 13,166.67 | 0.00 | 186,833.33 |
| WHITE | GINA D WHITE | CLASS 3 | 40,000.00 | 1,022.24 | 0.00 | 38,977.76 |
| WHITE | JEAN WHITE FT UTA DTD 04/16/09 | CLASS 3 | 25,000.00 | 2,474.93 | 0.00 | 22,525.07 |
| WHITE | KEVIN D WHITE | CLASS 3 | 30,000.00 | 1,690.00 | 0.00 | 28,310.00 |
| WHITE | MARK C & MELANIE R WHITE | CLASS 5 | 50,000.00 | 9,500.07 | 0.00 | 40,499.93 |
| WHITE | PATRICIA T WHITE | CLASS 5 | 100,000.00 | 37,722.09 | 0.00 | 62,277.91 |
| WHITE | PROV. TR GP-FBO CYNTHIA A WHITE IRA | CLASS 3 | 28,000.00 | 979.98 | 0.00 | 27,020.02 |
| WHITE | PROV. TR GP-FBO JAMES WHITE IRA | CLASS 3 | 49,465.00 | 2,877.73 | 0.00 | 46,587.27 |
| WHITE | PROV. TR GP-FBO JEAN WHITE IRA | CLASS 3 | 35,000.00 | 6,507.17 | 0.00 | 28,492.83 |
| WHITE | PROV. TR GP-FBO JEAN WHITE IRA | CLASS 5 | 135,000.00 | 25,099.08 | 0.00 | 109,900.92 |
| WHITE | THE WHITE FT | CLASS 3 | 25,000.00 | 49.65 | 0.00 | 24,950.35 |
| WHITE | THE WHITE RT | CLASS 3 | 90,000.00 | 3,600.00 | 0.00 | 86,400.00 |
| WHITE/FOWLER | JEFFREY WHITE & DEBORAH LEE FOWLER | CLASS 3 | 50,000.00 | 2,130.31 | 0.00 | 47,869.69 |
| WHITEHEAD | GLENVIL R WHITEHEAD | CLASS 3 | 30,000.00 | 1,384.17 | 0.00 | 28,615.83 |
| WHITEHEAD | JOAN G WHITEHEAD IT | CLASS 3 | 40,000.00 | 2,533.38 | 0.00 | 37,466.62 |
| WHITEHEAD | WILLIAM F SR & CAROL L WHITEHEAD | CLASS 3 | 125,000.00 | 3,666.67 | 0.00 | 121,333.33 |
| WHITESIDE | C H WHITESIDE | CLASS 5 | 150,000.00 | 20,125.00 | 0.00 | 129,875.00 |
| WHITESIDE | MAINSTAR-FBO LEILA WHITESIDE T2177554 | CLASS 3 | 29,500.00 | 442.50 | 0.00 | 29,057.50 |
| WHITING | VON WHITING | CLASS 5 | 122,000.00 | 3,592.22 | 0.00 | 118,407.78 |
| WHITLEDGE | MAINSTAR-FBO CHARLES D WHITLEDGE RW003740 | CLASS 3 | 160,800.00 | 6,997.03 | 0.00 | 153,802.97 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WHITLING | JEFFREY LYNN & MINA Y WHITLING | CLASS 3 | 150,000.00 | 19,673.16 | 0.00 | 130,326.84 |
| WHITLING | JEFFREY WHITLING | CLASS 3 | 100,000.00 | 291.67 | 0.00 | 99,708.33 |
| WHITLOCK | PROV. TR GP-FBO STEPHEN E WHITLOCK IRA | CLASS 3 | 25,000.00 | 13,265.67 | 0.00 | 11,734.33 |
| WHITLOCK | STEPHEN WHITLOCK | CLASS 3 | 25,000.00 | 1,309.06 | 0.00 | 23,690.94 |
| WHITMAN | PROV. TR GP-FBO NICOLETTE L WHITMAN IRA | CLASS 3 | 26,755.00 | 3,744.44 | 0.00 | 23,010.56 |
| WHITMAN | THOMAS R & NICOLETTE L WHITMAN | CLASS 3 | 251,500.00 | 29,791.88 | 0.00 | 221,708.12 |
| WHITMER | ILLUMINADA WHITMER | CLASS 3 | 30,000.00 | 3,235.48 | 0.00 | 26,764.52 |
| WHITTINGHAM | PROV. TR GP-FBO KATHRYN WHITTINGHAM IRA | CLASS 3 | 60,500.00 | 5,707.17 | 0.00 | 54,792.83 |
| WHITTINGHAM | PROV. TR GP-FBO MICHAEL WHITTINGHAM | CLASS 3 | 102,000.00 | 18,105.01 | 0.00 | 83,894.99 |
| WHYBREW | LARRY A WHYBREW | CLASS 3 | 100,000.00 | 5,940.31 | 0.00 | 94,059.69 |
| WIDEMAN | DALE R & KATHRYN V WIDEMAN | CLASS 3 | 50,000.00 | 902.76 | 0.00 | 49,097.24 |
| WIDEMAN | JEFFERY & DELORES WIDEMAN RT | CLASS 3 | 500,000.00 | 54,794.10 | 1,000.00 | 444,205.90 |
| WIDMAIER | WILLIAM K & MARYLOUISE WIDMAIER | CLASS 3 | 200,000.00 | 18,848.53 | 0.00 | 181,151.47 |
| WIDMANN | RICHARD & SUZANNE WIDMANN | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| WIEGER | CLIFFORD & DIANA WIEGER | CLASS 3 | 125,000.00 | 11,000.00 | 2,000.00 | 112,000.00 |
| WIEGER | JAMES C WIEGER | CLASS 3 | 125,000.00 | 7,131.91 | 1,000.00 | 116,868.09 |
| WIEGMAN | PROV. TR GP-FBO GARY M WIEGMAN IRA | CLASS 5 | 120,000.00 | 20,566.67 | 0.00 | 99,433.33 |
| WIEJACZKA | HORIZON TR CO-FBO JOHN F WIEJACZKA IRA | CLASS 3 | 61,368.00 | 6,481.86 | 0.00 | 54,886.14 |
| WIELAND | DONALD A & DIANE J WIELAND | CLASS 3 | 40,000.00 | 6,300.00 | 0.00 | 33,700.00 |
| WIENER | BARRY A WIENER | CLASS 3 | 1,000,000.00 | 10,791.68 | 0.00 | 989,208.32 |
| WIENER | WIENER FT | CLASS 3 | 900,000.00 | 5,600.00 | 0.00 | 894,400.00 |
| WIERZBICKI | PROV. TR GP-FBO DIANA WIERZBICKI IRA | CLASS 3 | 57,700.00 | 3,312.95 | 0.00 | 54,387.05 |
| WIESE | MAINSTAR-FBO MARIA WIESE TW003393 | CLASS 3 | 180,000.00 | 19,300.00 | 0.00 | 160,700.00 |
| WIESEHAN | PROV. TR GP-FBO GENE L WIESEHAN IRA | CLASS 3 | 113,000.00 | 29,728.36 | 0.00 | 83,271.64 |
| WIESNER | JOHN WIESNER LT DTD 06/29/12 | CLASS 3 | 200,000.00 | 23,022.17 | 0.00 | 176,977.83 |
| WIGGS | PROV. TR GP-FBO TIFFANY WIGGS TRAD IRA | CLASS 3 | 40,000.00 | 8,767.31 | 0.00 | 31,232.69 |
| WILABY | JON & KAY WILABY | CLASS 3 | 100,000.00 | 9,198.57 | 0.00 | 90,801.43 |
| WILBURN | WILBURN FT DTD 04/14/16 | CLASS 3 | 300,000.00 | 14,437.50 | 0.00 | 285,562.50 |
| WILCOX | WILCOX LT | CLASS 3 | 100,000.00 | 465.27 | 0.00 | 99,534.73 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WILDER | THOMAS & WENDY WILDER | CLASS 5 | 100,000.00 | 35,771.35 | 0.00 | 64,228.65 |
| WILDS | LOUISE WILDS | CLASS 3 | 83,000.00 | 11,971.75 | 0.00 | 71,028.25 |
| WILES | IRA SVCS TR CO-CFBO BART WILES IRA540833 | CLASS 5 | 96,000.00 | 13,706.67 | 0.00 | 82,293.33 |
| WILHELM | BARBARA A WILHELM | CLASS 5 | 123,500.00 | 17,415.62 | 0.00 | 106,084.38 |
| WILHELM | IRA SVCS TR CO-CFBO BARBARA WILHELM IRA | CLASS 5 | 145,000.00 | 21,863.93 | 0.00 | 123,136.07 |
| WILHELM | IRA SVCS TR CO-CFBO BARBARA WILHELM ROTH | CLASS 5 | 34,527.74 | 4,612.74 | 0.00 | 29,915.00 |
| WILHELM | RONALD G & APRIL M WILHELM | CLASS 5 | 35,000.00 | 0.00 | 0.00 | 35,000.00 |
| WILKEN | MAINSTAR-FBO RICHARD WILKEN | CLASS 3 | 89,500.00 | 6,294.83 | 0.00 | 83,205.17 |
| WILKEN | PAUL W & SHERRY D WILKEN | CLASS 3 | 100,000.00 | 10,355.61 | 0.00 | 89,644.39 |
| WILKINS | MAINSTAR-FBO ALBERT T WILKINS T2178527 | CLASS 3 | 100,000.00 | 229.17 | 0.00 | 99,770.83 |
| WILKINSON | JEFFREY A & JOSEPH D WILKINSON | CLASS 3 | 61,000.00 | 5,254.02 | 0.00 | 55,745.98 |
| WILKINSON | JEFFREY A & THERESA G WILKINSON | CLASS 3 | 30,000.00 | 688.33 | 0.00 | 29,311.67 |
| WILKINSON | JEFFREY A, GARY A & JOSEPH D WILKINSON | CLASS 3 | 60,000.00 | 8,664.92 | 0.00 | 51,335.08 |
| WILKINSON | PROV. TR GP-FBO JEFFREY A WILKINSON IRA | CLASS 3 | 148,000.00 | 21,786.90 | 0.00 | 126,213.10 |
| WILKINSON | PROV. TR GP-FBO PATRICIA WILKINSON IRA | CLASS 3 | 116,800.00 | 13,692.26 | 1,890.83 | 101,216.91 |
| WILLCOX | EDWIN G WILLCOX | CLASS 3 | 125,000.00 | 13,420.06 | 0.00 | 111,579.94 |
| WILLCOX | EDWIN G WILLCOX | CLASS 5 | 50,000.00 | 5,368.02 | 0.00 | 44,631.98 |
| WILLETT | MARILYN L & MICHAEL J WILLETT | CLASS 3 | 150,000.00 | 17,730.59 | 0.00 | 132,269.41 |
| WILLETT | TOBY M & JESSICA J WILLETT | CLASS 3 | 250,000.00 | 38,994.23 | 0.00 | 211,005.77 |
| WILLETT DAIRY | WILLETT DAIRY FARM & CATTLE CO | CLASS 3 | 200,000.00 | 38,311.04 | 0.00 | 161,688.96 |
| WILLETT DAIRY | WILLETT DAIRY FARM & CATTLE CO | CLASS 5 | 100,000.00 | 19,155.52 | 0.00 | 80,844.48 |
| WILLIAMS | ADELHEID WILLIAMS | CLASS 5 | 200,000.00 | 2,111.11 | 0.00 | 197,888.89 |
| WILLIAMS | CHARLES WILLIAMS | CLASS 3 | 133,352.13 | 1,648.37 | 0.00 | 131,703.76 |
| WILLIAMS | CLARENCE WILLIAMS | CLASS 3 | 25,000.00 | 684.05 | 0.00 | 24,315.95 |
| WILLIAMS | EDWIN & SANDY WILLIAMS | CLASS 3 | 25,000.00 | 820.83 | 0.00 | 24,179.17 |
| WILLIAMS | EVA C WILLIAMS | CLASS 3 | 25,000.00 | 142.36 | 0.00 | 24,857.64 |
| WILLIAMS | IRA SVCS TR CO-CFBO CHRISTINA I WILLIAMS | CLASS 3 | 22,800.00 | 1,596.00 | 4,000.00 | 17,204.00 |
| WILLIAMS | IRA SVCS TR CO-CFBO MARTIN T WILLIAMS IRA | CLASS 5 | 250,000.00 | 22,152.74 | 0.00 | 227,847.26 |
| WILLIAMS | JONI C WILLIAMS | CLASS 3 | 25,000.00 | 2,316.05 | 0.00 | 22,683.95 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WILLIAMS | MAINSTAR-FBO E ROGER WILLIAMS TW003625 | CLASS 3 | 25,000.00 | 870.83 | 0.00 | 24,129.17 |
| WILLIAMS | MAINSTAR-FBO GERALD WILLIAMS T2178073 | CLASS 5 | 300,000.00 | 6,166.67 | 0.00 | 293,833.33 |
| WILLIAMS | MAINSTAR-FBO KATHLEEN WILLIAMS TW003450 | CLASS 3 | 35,245.57 | 2,175.90 | 0.00 | 33,069.67 |
| WILLIAMS | MAINSTAR-FBO LINDA F WILLIAMS T2177391 | CLASS 3 | 155,000.00 | 3,151.67 | 0.00 | 151,848.33 |
| WILLIAMS | MAINSTAR-FBO PAULA WILLIAMS RW003873 | CLASS 3 | 31,291.97 | 438.96 | 0.00 | 30,853.01 |
| WILLIAMS | MAINSTAR-FBO ROGER WILLIAMS TW003625 | CLASS 3 | 20,000.00 | 232.22 | 0.00 | 19,767.78 |
| WILLIAMS | PROV. TR GP-FBO C LEE/GLORIA WILLIAMS IRA | CLASS 3 | 24,000.00 | 1,430.58 | 0.00 | 22,569.42 |
| WILLIAMS | PROV. TR GP-FBO DEBORAH L WILLIAMS IRA | CLASS 3 | 100,000.00 | 14,194.44 | 0.00 | 85,805.56 |
| WILLIAMS | REBECCA WILLIAMS | CLASS 3 | 25,000.00 | 375.01 | 0.00 | 24,624.99 |
| WILLIAMS | ROBERT WILLIAMS | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| WILLIAMS | RUTH WILLIAMS | CLASS 3 | 75,000.00 | 875.00 | 0.00 | 74,125.00 |
| WILLIAMS | STEVEN E & CAROL A WILLIAMS | CLASS 3 | 140,000.00 | 4,775.84 | 0.00 | 135,224.16 |
| WILLIAMS | SUNWEST TR AUDREY S WILLIAMS IRA | CLASS 3 | 80,000.00 | 986.67 | 0.00 | 79,013.33 |
| WILLIAMS | TERESA WILLIAMS | CLASS 3 | 40,000.00 | 3,200.06 | 0.00 | 36,799.94 |
| WILLIAMS | THE WILLIAMS INTER VIVOS TR | CLASS 3 | 83,050.90 | 456.78 | 0.00 | 82,594.12 |
| WILLIAMS/SMITH | LINDA J WILLIAMS & ANDREA E SMITH | CLASS 3 | 102,000.00 | 6,243.25 | 0.00 | 95,756.75 |
| WILLIAMSON | PROV. TR GP-FBO CONSTANCE WILLIAMSON IRA | CLASS 3 | 62,000.00 | 4,103.63 | 0.00 | 57,896.37 |
| WILLIFORD | JOHN T & GAIL B WILLIFORD | CLASS 3 | 250,000.00 | 5,702.09 | 0.00 | 244,297.91 |
| WILLINGHAM | ARTHUR WILLINGHAM | CLASS 3 | 30,000.00 | 6,258.37 | 0.00 | 23,741.63 |
| WILLIS | FREDERICK V & DONNA H WILLIS | CLASS 3 | 50,000.00 | 641.67 | 0.00 | 49,358.33 |
| WILLIS | MAINSTAR-FBO NANNETTE S WILLIS T2178030 | CLASS 3 | 98,521.00 | 1,203.87 | 0.00 | 97,317.13 |
| WILLIS | WANDA & ARTHUR WILLIS | CLASS 3 | 33,000.00 | 898.33 | 0.00 | 32,101.67 |
| WILLOUGHBY | IRA SVCS TR CO-CFBO GRADY W WILLOUGHBY | CLASS 3 | 105,000.00 | 5,490.63 | 0.00 | 99,509.37 |
| WILSHIRE METHODIST | WILSHIRE UNITED METHODIST CHURCH | CLASS 3 | 300,000.00 | 5,316.67 | 1,000.00 | 293,683.33 |
| WILSON | ADRIENNE & ERNEST WILSON | CLASS 3 | 50,000.00 | 2,458.35 | 0.00 | 47,541.65 |
| WILSON | ADRIENNE & ERNEST WILSON | CLASS 5 | 50,000.00 | 2,458.35 | 0.00 | 47,541.65 |
| WILSON | AL H JR  & DEBORA KAYE WILSON | CLASS 5 | 50,000.00 | 11,375.09 | 0.00 | 38,624.91 |
| WILSON | ANNA-LISA FRELIN WILSON | CLASS 3 | 50,000.00 | 6,531.23 | 0.00 | 43,468.77 |
| WILSON | BEVERLY WILSON | CLASS 3 | 25,000.00 | 336.82 | 0.00 | 24,663.18 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WILSON | GARRETT WILLIAM WILSON | CLASS 3 | 30,000.00 | 1,405.00 | 0.00 | 28,595.00 |
| WILSON | GLENN L WILSON | CLASS 3 | 100,000.00 | 5,994.48 | 0.00 | 94,005.52 |
| WILSON | IRA SVCS TR CO-CFBO WOODROW K WILSON IRA | CLASS 3 | 170,000.00 | 18,533.13 | 0.00 | 151,466.87 |
| WILSON | JAMES L WILSON | CLASS 3 | 25,000.00 | 1,329.17 | 0.00 | 23,670.83 |
| WILSON | JAMES S WILSON JR LT 01/05/11 | CLASS 3 | 25,000.00 | 9,606.66 | 0.00 | 15,393.34 |
| WILSON | MAINSTAR-FBO ADRIENNE WILSON T2177137 | CLASS 5 | 100,000.00 | 5,305.56 | 0.00 | 94,694.44 |
| WILSON | MAINSTAR-FBO JOAN P WILSON T2175782 | CLASS 5 | 57,221.00 | 4,081.78 | 0.00 | 53,139.22 |
| WILSON | PAULINE WILSON | CLASS 3 | 175,000.00 | 18,806.25 | 0.00 | 156,193.75 |
| WILSON | PROV. TR GP-FBO KENT WILSON IRA | CLASS 3 | 20,000.00 | 986.67 | 0.00 | 19,013.33 |
| WILSON | PROV. TR GP-FBO ROY A WILSON JR IRA | CLASS 5 | 200,000.00 | 46,166.67 | 0.00 | 153,833.33 |
| WILSON | ROY A WILSON JR | CLASS 3 | 185,000.00 | 53,826.05 | 1,200.00 | 129,973.95 |
| WILSON | THELMA E WILSON | CLASS 3 | 100,000.00 | 1,266.67 | 0.00 | 98,733.33 |
| WILSON | TIMOTHY W & DANIEL M WILSON | CLASS 3 | 28,000.00 | 1,521.33 | 0.00 | 26,478.67 |
| WILSON | WILLIAM R & DOROTHY WILSON | CLASS 5 | 150,000.00 | 49,631.64 | 0.00 | 100,368.36 |
| WILSON | MAINSTAR-FBO JOHN D WILSON | CLASS 3 | 100,000.00 | 6,020.83 | 0.00 | 93,979.17 |
| WILTON | PROV. TR GP-FBO GORDON V WILTON IRA | CLASS 3 | 36,977.00 | 2,901.67 | 0.00 | 34,075.33 |
| WIN | THE WIN FT DTD 01/28/14 | CLASS 5 | 100,000.00 | 2,569.44 | 0.00 | 97,430.56 |
| WINCHELL | KARI L WINCHELL | CLASS 3 | 132,000.00 | 5,610.00 | 0.00 | 126,390.00 |
| WINCHESTER | PROV. TR GP-FBO THOMAS A WINCHESTER IRA | CLASS 3 | 50,000.00 | 2,600.00 | 0.00 | 47,400.00 |
| WINDEY | DEBORAH WINDEY | CLASS 5 | 80,000.00 | 6,237.75 | 0.00 | 73,762.25 |
| WINDEY | IRA SVCS TR CO-CFBO DEBORAH WINDEY ROTH | CLASS 3 | 34,000.00 | 524.18 | 0.00 | 33,475.82 |
| WING | PROV. TR GP-FBO JOHN K WING IRA | CLASS 3 | 100,000.00 | 29,981.55 | 0.00 | 70,018.45 |
| WING | PROV. TR GP-FBO JOHN K WING IRA | CLASS 5 | 50,000.00 | 14,990.78 | 0.00 | 35,009.22 |
| WINGATE | LARRY & PAMELA WINGATE | CLASS 3 | 50,000.00 | 9,231.76 | 0.00 | 40,768.24 |
| WINGATE | LAURENCE WINGATE II | CLASS 3 | 25,000.00 | 934.40 | 0.00 | 24,065.60 |
| WINGER | IRA SVCS TR CO-CFBO ROBERT L WINGER IRA | CLASS 3 | 25,000.00 | 1,958.39 | 0.00 | 23,041.61 |
| WINGFIELD | TMICO-FBO JIM L WINGFIELD III IRA | CLASS 5 | 59,029.32 | 16,413.40 | 0.00 | 42,615.92 |
| WINKELSPECHT | THOMAS E WINKELSPECHT | CLASS 3 | 25,000.00 | 362.50 | 0.00 | 24,637.50 |
| WINNETT/WIGGERS | PEGGY S WINNETT & CHRISTINE M WIGGERS | CLASS 3 | 50,000.00 | 1,956.93 | 0.00 | 48,043.07 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WINNINGHAM | PROV. TR GP-FBO K K WINNINGHAM INH IRA | CLASS 3 | 32,666.67 | 762.22 | 0.00 | 31,904.45 |
| WINSLOW | DAVID & BARBARA J WINSLOW | CLASS 3 | 110,000.00 | 16,279.38 | 0.00 | 93,720.62 |
| WINSLOW RESOURCES | WINSLOW RESOURCES INC | CLASS 3 | 200,000.00 | 32,396.22 | 0.00 | 167,603.78 |
| WINSTON | ROBERT J WINSTON | CLASS 3 | 25,000.00 | 503.49 | 0.00 | 24,496.51 |
| WINTER | ANTHONY K WINTER | CLASS 3 | 25,000.00 | 472.24 | 0.00 | 24,527.76 |
| WINTER | JEANNE WINTER | CLASS 3 | 25,000.00 | 1,395.88 | 0.00 | 23,604.12 |
| WINTER | LARRY WINTER | CLASS 3 | 50,000.00 | 63.19 | 0.00 | 49,936.81 |
| WINTERS | THE GLENN WINTERS FT DTD 03/19/92 | CLASS 3 | 30,000.00 | 1,260.00 | 3,000.00 | 25,740.00 |
| WINTERS | WAYNE A & NANCY J WINTERS | CLASS 3 | 125,000.00 | 7,316.01 | 0.00 | 117,683.99 |
| WIREMAN | GRACE H WIREMAN | CLASS 3 | 100,000.00 | 6,666.67 | 0.00 | 93,333.33 |
| WIREMAN | IRA SVCS TR CO-CFBO GRACE H WIREMAN IRA | CLASS 3 | 72,500.00 | 4,434.58 | 0.00 | 68,065.42 |
| WIRKUS | LINDA C WIRKUS | CLASS 3 | 135,000.00 | 30,138.75 | 0.00 | 104,861.25 |
| WIRKUS | PROV. TR GP-FBO LINDA C WIRKUS ROTH IRA | CLASS 3 | 134,000.00 | 26,894.50 | 0.00 | 107,105.50 |
| WISE | DOUGLAS W & MARLA K WISE | CLASS 3 | 100,000.00 | 35,642.50 | 0.00 | 64,357.50 |
| WISE | GEORGE H WISE | CLASS 3 | 50,000.00 | 11,731.09 | 0.00 | 38,268.91 |
| WISE | PROV. TR GP-FBO RICHARD L WISE IRA | CLASS 3 | 153,000.00 | 15,626.08 | 0.00 | 137,373.92 |
| WISELY | ROSALIE F WISELY | CLASS 3 | 100,000.00 | 5,050.05 | 0.00 | 94,949.95 |
| WISNER | IRA SVCS TR CO-CFBO CHARLES D WISNER IRA | CLASS 3 | 68,000.00 | 4,624.00 | 0.00 | 63,376.00 |
| WISNER | MAINSTAR-FBO ROGER D WISNER T2177542 | CLASS 3 | 82,000.00 | 1,466.31 | 0.00 | 80,533.69 |
| WISNER | ROGER & BETTY WISNER | CLASS 3 | 25,000.00 | 625.00 | 0.00 | 24,375.00 |
| WISON | IRA SVCS TR CO-CFBO ARTHUR S WISON IRA | CLASS 3 | 90,000.00 | 2,550.00 | 0.00 | 87,450.00 |
| WISOR | IRENE M WISOR | CLASS 3 | 30,000.00 | 491.67 | 0.00 | 29,508.33 |
| WITT | MAINSTAR-FBO JOHN WALLACE WITT JR | CLASS 3 | 550,000.00 | 36,300.00 | 0.00 | 513,700.00 |
| WITTE | MARY ANN WITTE | CLASS 3 | 25,000.00 | 1,816.67 | 0.00 | 23,183.33 |
| WITTMAN | DAVID T WITTMAN | CLASS 3 | 50,000.00 | 10,586.83 | 0.00 | 39,413.17 |
| WITTMAN | FREDERICK R & NORMA M WITTMAN TR | CLASS 3 | 65,000.00 | 5,495.83 | 0.00 | 59,504.17 |
| WITTMAN | HORIZON TR CO-FBO GAIL WITTMAN IRA | CLASS 3 | 59,500.00 | 2,776.64 | 0.00 | 56,723.36 |
| WLH | WLH LT DTD 03/14/03 | CLASS 3 | 50,000.00 | 281.94 | 0.00 | 49,718.06 |
| WOERPEL | DIANNA WOERPEL | CLASS 3 | 50,000.00 | 152.78 | 0.00 | 49,847.22 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WOFFINDEN | IRA SVCS TR CO-CFBO PEGGY L WOFFINDEN | CLASS 3 | 91,426.00 | 2,726.64 | 0.00 | 88,699.36 |
| WOGOMAN | BERNARD & VIOLET WOGOMAN | CLASS 3 | 100,000.00 | 12,697.15 | 0.00 | 87,302.85 |
| WOHLWEND | BARBARA WOHLWEND LT DTD 08/15/08 | CLASS 3 | 85,000.00 | 12,062.95 | 0.00 | 72,937.05 |
| WOHLWEND | RONALD J WOHLWEND LT | CLASS 3 | 100,000.00 | 9,431.25 | 0.00 | 90,568.75 |
| WOLF | ABRAHAM & HILARY WOLF | CLASS 3 | 50,000.00 | 1,859.70 | 0.00 | 48,140.30 |
| WOLFE | MICHAEL E WOLFE | CLASS 5 | 100,000.00 | 416.67 | 0.00 | 99,583.33 |
| WOLFELD | MAINSTAR-FBO SHIRLEY WOLFELD TW004025 | CLASS 3 | 60,000.00 | 2,480.00 | 0.00 | 57,520.00 |
| WOLFER | JACQUELYN WOLFER | CLASS 3 | 150,000.00 | 15,625.00 | 0.00 | 134,375.00 |
| WOLFERMAN | JOYCE WOLFERMAN | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| WOLFF | RONALD V WOLFF | CLASS 3 | 150,000.00 | 20,107.62 | 0.00 | 129,892.38 |
| WOLFGRAM | CRAIG D & SUSAN J WOLFGRAM | CLASS 3 | 50,000.00 | 8,250.00 | 0.00 | 41,750.00 |
| WOLFGRAM | RONALD & SUSAN WOLFGRAM | CLASS 3 | 50,000.00 | 555.55 | 0.00 | 49,444.45 |
| WOLFLEY/DIRICCO | HELENE WOLFLEY & RICHARD DIRICCO | CLASS 3 | 25,000.00 | 1,378.52 | 0.00 | 23,621.48 |
| WOLFORD | LELAND WOLFORD | CLASS 3* | 100,000.00 | 3,622.24 | 0.00 | 96,377.76 |
| WOLFSON | MAINSTAR-FBO LYNNE K WOLFSON TW004036 | CLASS 3 | 30,000.00 | 415.00 | 0.00 | 29,585.00 |
| WOLFSON | PROV. TR GP-FBO ALAN S WOLFSON IRA | CLASS 3 | 50,000.00 | 691.67 | 0.00 | 49,308.33 |
| WOLK | JEFFREY E WOLK | CLASS 3 | 400,000.00 | 18,291.01 | 0.00 | 381,708.99 |
| WOLLIN | REBECCA WOLLIN | CLASS 3 | 100,000.00 | 6,333.33 | 0.00 | 93,666.67 |
| WOLNER | DAN A & TERESA L WOLNER | CLASS 3 | 300,000.00 | 47,022.06 | 0.00 | 252,977.94 |
| WOLSTENHOLME | DENNIS J & KATHLEEN A WOLSTENHOLME | CLASS 3 | 50,000.00 | 1,691.67 | 0.00 | 48,308.33 |
| WOLTERS | C RON & ELIZABETH J WOLTERS | CLASS 3 | 80,000.00 | 1,000.00 | 0.00 | 79,000.00 |
| WONG | HORIZON TR CO-FBO ERIC WONG IRA | CLASS 5 | 50,466.39 | 3,981.21 | 0.00 | 46,485.18 |
| WONG | MAINSTAR-FBO CHEUK WONG RW003942 | CLASS 3 | 50,000.00 | 1,594.44 | 0.00 | 48,405.56 |
| WONG | PHEBE WONG | CLASS 3 | 25,000.00 | 924.28 | 0.00 | 24,075.72 |
| WONG | SHELLEY & ERIC WONG | CLASS 5 | 200,000.00 | 27,186.67 | 0.00 | 172,813.33 |
| WONG | SINCLAIR WONG | CLASS 3 | 40,000.00 | 455.56 | 0.00 | 39,544.44 |
| WONG | THE WILLIAM K WONG TR DTD 03/31/09 | CLASS 3 | 453,800.00 | 67,591.03 | 0.00 | 386,208.97 |
| WONG | THE WONG FT DTD 10/22/88 | CLASS 3 | 50,000.00 | 0.00 | 0.00 | 50,000.00 |
| WOOD | DAN B WOOD | CLASS 3 | 160,000.00 | 10,711.15 | 0.00 | 149,288.85 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of
Woodbridge Group of Companies, LLC and Its Affliated Debtors
Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WOOD | DONALD H WOOD | CLASS 3 | 100,000.00 | 12,443.72 | 0.00 | 87,556.28 |
| WOOD | JAMES D & JOYCE A WOOD | CLASS 3 | 250,000.00 | 30,427.82 | 0.00 | 219,572.18 |
| WOOD | MARY A WOOD FAMILY IRREV TR | CLASS 3 | 88,000.00 | 134.44 | 0.00 | 87,865.56 |
| WOOD | PROV. TR GP-FBO VALERIE K WOOD IRA | CLASS 3 | 315,000.00 | 22,493.39 | 0.00 | 292,506.61 |
| WOODBY | JAMES ALVIN & VALUAH SUE WOODBY | CLASS 3 | 50,000.00 | 2,676.04 | 0.00 | 47,323.96 |
| WOODS | DAVID SCOTT WOODS RLT | CLASS 3 | 51,000.00 | 136.12 | 0.00 | 50,863.88 |
| WOODS | IRA SVCS TR CO-CFBO JANET R WOODS IRA | CLASS 3 | 29,000.00 | 1,795.95 | 0.00 | 27,204.05 |
| WOODS | MAINSTAR-FBO GARY L WOODS T2175814 | CLASS 3 | 29,000.00 | 1,856.00 | 0.00 | 27,144.00 |
| WOODS | ROGER J & NANCY J WOODS | CLASS 3 | 75,000.00 | 541.67 | 0.00 | 74,458.33 |
| WOODY | KIMBERLY D WOODY | CLASS 3 | 25,000.00 | 1,300.00 | 0.00 | 23,700.00 |
| WOODY | RONALD WOODY | CLASS 3 | 150,000.00 | 13,520.83 | 0.00 | 136,479.17 |
| WOOLARD | IRA SVCS TR CO-CFBO CHARLOTTE WOOLARD INH | CLASS 3 | 550,875.00 | 16,441.17 | 0.00 | 534,433.83 |
| WORDEN | PROV. TR GP-FBO JOHN T WORDEN IRA | CLASS 3 | 19,000.00 | 564.73 | 0.00 | 18,435.27 |
| WORKMAN | ABRAHAM WORKMAN | CLASS 3 | 50,000.00 | 4,766.70 | 0.00 | 45,233.30 |
| WORLAND | IRA SVCS TR CO-CFBO WILLIAM C WORLAND IRA | CLASS 3 | 46,000.00 | 2,977.27 | 0.00 | 43,022.73 |
| WORMINGTON | KIRK & PAMELA WORMINGTON | CLASS 3 | 100,000.00 | 9,131.90 | 0.00 | 90,868.10 |
| WORST | WILLIAM C WORST JR | CLASS 3 | 60,000.00 | 2,973.30 | 0.00 | 57,026.70 |
| WORWAG | RANDALL S WORWAG TR-RANDALL WORWAG TTE | CLASS 5 | 300,000.00 | 92,083.33 | 0.00 | 207,916.67 |
| WRIGHT | BROOKE NICOLE WRIGHT | CLASS 3 | 25,000.00 | 656.27 | 0.00 | 24,343.73 |
| WRIGHT | DONALD N & SANDRA L WRIGHT | CLASS 3 | 100,000.00 | 13,947.90 | 0.00 | 86,052.10 |
| WRIGHT | DOUGLAS F & PEGGY J WRIGHT | CLASS 3 | 500,000.00 | 76,132.22 | 0.00 | 423,867.78 |
| WRIGHT | GARY WRIGHT | CLASS 3 | 25,000.00 | 631.96 | 0.00 | 24,368.04 |
| WRIGHT | LEANNE WRIGHT | CLASS 3 | 50,000.00 | 1,594.46 | 0.00 | 48,405.54 |
| WRIGHT | PROV. TR GP-FBO JONATHAN S WRIGHT IRA | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| WRIGHT | PROV. TR GP-FBO MARSHA IRIS WRIGHT IRA | CLASS 3 | 75,000.00 | 1,927.08 | 0.00 | 73,072.92 |
| WRIGHT | PROV. TR GP-FBO ROBERT WRIGHT IRA | CLASS 3 | 137,500.00 | 4,380.47 | 0.00 | 133,119.53 |
| WRIGHT | WILLIE F WRIGHT | CLASS 3 | 50,000.00 | 1,825.72 | 0.00 | 48,174.28 |
| WRIGHT/RADER | NANCY J WRIGHT & MATTHEW T RADER | CLASS 3 | 100,000.00 | 11,000.00 | 0.00 | 89,000.00 |
| WROBLEWSKI | MICHAEL & DIANE WROBLEWSKI | CLASS 3 | 25,000.00 | 729.19 | 0.00 | 24,270.81 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| WRYNN | HARVEY P & MARY WRYNN | CLASS 3 | 30,000.00 | 541.67 | 0.00 | 29,458.33 |
| WU | KUANG-LEI & DIANA C Y WU | CLASS 3 | 25,000.00 | 889.26 | 0.00 | 24,110.74 |
| WUKIE | THERESA M WUKIE/WUKIE MARITAL DED TR | CLASS 3 | 40,000.00 | 3,943.28 | 0.00 | 36,056.72 |
| WUNSCHEL | ANNE M WUNSCHEL | CLASS 3 | 215,000.00 | 29,526.67 | 0.00 | 185,473.33 |
| WWW | WWW TR UAD 05/01/94 | CLASS 3 | 50,000.00 | 3,383.33 | 0.00 | 46,616.67 |
| WYATT | MARTHA ANN WYATT | CLASS 3 | 25,000.00 | 357.65 | 0.00 | 24,642.35 |
| WYATT | PATRICIA MARIE WYATT | CLASS 3 | 25,000.00 | 625.00 | 0.00 | 24,375.00 |
| WYCKOFF | MARGARET A WYCKOFF | CLASS 3 | 50,000.00 | 6,066.73 | 0.00 | 43,933.27 |
| WYLIE | DAVID WYLIE | CLASS 3 | 150,000.00 | 16,879.88 | 0.00 | 133,120.12 |
| WYSOCKI | JOE WYSOCKI | CLASS 3 | 100,000.00 | 15,600.08 | 0.00 | 84,399.92 |
| XIA/LIN | THE MING-YI DANIEL XIA & TING-YI LIN RT | CLASS 3 | 150,000.00 | 1,475.00 | 0.00 | 148,525.00 |
| YAMATE | GLENN YAMATE | CLASS 3 | 30,000.00 | 2,080.00 | 0.00 | 27,920.00 |
| YAMATE | MAINSTAR-FBO GLENN YAMATE | CLASS 5 | 274,300.00 | 44,278.84 | 0.00 | 230,021.16 |
| YAMATE-MORGAN | HANA & HEIDI YAMATE-MORGAN | CLASS 3 | 25,000.00 | 3,333.40 | 0.00 | 21,666.60 |
| YANEZ | IRA SVCS TR CO-CFBO RICARDO YANEZ IRA | CLASS 3 | 175,000.00 | 6,577.06 | 0.00 | 168,422.94 |
| YANT | MAINSTAR-FBO KAREN YANT | CLASS 5 | 107,000.00 | 9,481.37 | 0.00 | 97,518.63 |
| YARBROUGH | MAINSTAR-FBO C E YARBROUGH T2177297 | CLASS 3 | 90,900.00 | 3,782.82 | 0.00 | 87,117.18 |
| YARKE | MALVERN C YARKE | CLASS 3 | 30,000.00 | 5,739.58 | 0.00 | 24,260.42 |
| YASENSKY | THOMAS YASENSKY | CLASS 3 | 200,000.00 | 2,937.17 | 0.00 | 197,062.83 |
| YATES | CARL YATES | CLASS 3 | 60,000.00 | 1,627.50 | 0.00 | 58,372.50 |
| YBORRA | LINDA S YBORRA | CLASS 3 | 70,000.00 | 4,830.00 | 0.00 | 65,170.00 |
| YEE | JAMES YEE | CLASS 3 | 25,000.00 | 1,406.29 | 0.00 | 23,593.71 |
| YEE | PAUL YEE | CLASS 3 | 25,000.00 | 1,084.69 | 0.00 | 23,915.31 |
| YEH | TANG SHIUN YEH | CLASS 5 | 50,000.00 | 7,349.61 | 0.00 | 42,650.39 |
| YEH | TANG SHIUN YEH | CLASS 5 | 100,000.00 | 14,699.23 | 0.00 | 85,300.77 |
| YELENOVIC | IRA SVCS TR CO-CFBO MIRKO YELENOVIC | CLASS 3 | 50,000.00 | 3,301.98 | 0.00 | 46,698.02 |
| YETSKO | MAINSTAR-FBO ROGER YETSKO T2176620 | CLASS 3 | 100,000.00 | 1,650.00 | 0.00 | 98,350.00 |
| YETTER | PROV. TR GP-FBO DAVID A YETTER IRA | CLASS 3 | 33,000.00 | 4,323.83 | 0.00 | 28,676.17 |
| YEUNG | PROV. TR GP-FBO FRANCIS YEUNG IRA | CLASS 3 | 210,500.00 | 14,627.67 | 0.00 | 195,872.33 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| YI | PROV. TR GP-FBO JENIFER YI IRA | CLASS 5 | 32,000.00 | 13,759.40 | 0.00 | 18,240.60 |
| YI | PROV. TR GP-FBO JENIFER YI ROTH IRA | CLASS 5 | 59,500.00 | 11,685.14 | 0.00 | 47,814.86 |
| YOPPINI | JONATHON & RONNAMARI YOPPINI | CLASS 3 | 60,000.00 | 4,380.97 | 0.00 | 55,619.03 |
| YOUNG | D&A YOUNG FAMILY LLC | CLASS 5 | 150,000.00 | 44,742.97 | 0.00 | 105,257.03 |
| YOUNG | DALE A & ANA T YOUNG | CLASS 5 | 1,000,000.00 | 196,038.16 | 0.00 | 803,961.84 |
| YOUNG | DENNIS A YOUNG | CLASS 3 | 110,000.00 | 6,737.45 | 0.00 | 103,262.55 |
| YOUNG | ELAINE J YOUNG TR DTD 06/16/00 | CLASS 3 | 60,000.00 | 4,987.50 | 0.00 | 55,012.50 |
| YOUNG | HENRY YOUNG | CLASS 3 | 25,000.00 | 414.33 | 0.00 | 24,585.67 |
| YOUNG | IRA SVCS TR CO-CFBO JAMES R YOUNG | CLASS 3 | 27,300.00 | 42.47 | 0.00 | 27,257.53 |
| YOUNG | ISABELLA YOUNG | CLASS 3 | 250,000.00 | 28,319.53 | 0.00 | 221,680.47 |
| YOUNG | JEFFREY R & JOY K YOUNG | CLASS 3 | 35,000.00 | 2,906.15 | 0.00 | 32,093.85 |
| YOUNG | JOHN H & FAYE W YOUNG | CLASS 3 | 55,000.00 | 3,193.10 | 0.00 | 51,806.90 |
| YOUNG | KIMBERLY F YOUNG | CLASS 3 | 150,000.00 | 25,208.25 | 0.00 | 124,791.75 |
| YOUNG | PROV. TR GP-FBO DALE A YOUNG IRA | CLASS 5 | 231,700.00 | 52,723.39 | 0.00 | 178,976.61 |
| YOUNG | PROV. TR GP-FBO EDWIN YOUNG IRA | CLASS 3 | 60,000.00 | 9,933.33 | 0.00 | 50,066.67 |
| YOUNG | PROV. TR GP-FBO HENRY YOUNG IRA | CLASS 3 | 49,750.00 | 76.01 | 0.00 | 49,673.99 |
| YOUNG | PROV. TR GP-FBO PAMELA YOUNG IRA | CLASS 3 | 228,336.63 | 23,130.18 | 0.00 | 205,206.45 |
| YOUNG | ROSE ANNE YOUNG | CLASS 3 | 30,000.00 | 466.67 | 0.00 | 29,533.33 |
| YOUNG | STEPHEN S YOUNG TR DTD 06/16/00 | CLASS 3 | 30,000.00 | 4,129.17 | 0.00 | 25,870.83 |
| YOUNG | YOUNG LT DTD 04/07/08 | CLASS 3 | 45,000.00 | 1,271.86 | 0.00 | 43,728.14 |
| YOUNGBLOOD | WILLIAM A III & BARBARA J YOUNGBLOOD | CLASS 3 | 150,000.00 | 3,583.33 | 0.00 | 146,416.67 |
| YU | JUDY JAW CHING YU | CLASS 3 | 25,000.00 | 986.79 | 0.00 | 24,013.21 |
| YUGOVICH | HORIZON TR CO-FBO MICHAEL A YUGOVICH IRA | CLASS 3 | 420,000.00 | 41,840.00 | 1,000.00 | 377,160.00 |
| YUGOVICH | HORIZON TR CO-FBO MICHAEL A YUGOVICH ROTH IRA | CLASS 3 | 47,300.00 | 4,992.73 | 0.00 | 42,307.27 |
| YUGOVICH | HORIZON TR CO-FBO STEVEN M YUGOVICH IRA | CLASS 3 | 35,000.00 | 1,674.19 | 0.00 | 33,325.81 |
| YUGOVICH | STEVEN M YUGOVICH | CLASS 3 | 50,000.00 | 2,401.42 | 0.00 | 47,598.58 |
| YUGOVICH | YUGOVICH FLT DTD 07/22/09 | CLASS 3 | 50,000.00 | 5,866.61 | 0.00 | 44,133.39 |
| YUHAS | MAINSTAR-FBO JOHN YUHAS T2178460 | CLASS 3 | 265,000.00 | 220.83 | 0.00 | 264,779.17 |
| ZABEL | CHARLES SR & RUTH ANN ZABEL | CLASS 3 | 100,000.00 | 7,533.33 | 0.00 | 92,466.67 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ZABLOTNY | PAUL ZABLOTNY | CLASS 3 | 25,000.00 | 38,963.57 | 0.00 | 0.00 ** |
| ZABORAC | DAVID & KIM ZABORAC | CLASS 3 | 75,000.00 | 2,722.20 | 0.00 | 72,277.80 |
| ZACCONE | ELIZABETH ZACCONE | CLASS 3 | 50,000.00 | 2,520.87 | 0.00 | 47,479.13 |
| ZACK | IRA SVCS TR CO-CFBO KATHLEEN P ZACK IRA | CLASS 3 | 25,000.00 | 2,236.08 | 0.00 | 22,763.92 |
| ZADAREKY | CHERYL ANN ZADAREKY | CLASS 3 | 41,000.00 | 472.63 | 0.00 | 40,527.37 |
| ZAHLMANN | GLENN C ZAHLMANN | CLASS 3 | 50,000.00 | 8,850.00 | 1,000.00 | 40,150.00 |
| ZAHLMANN | REGINA M ZAHLMANN | CLASS 3 | 50,000.00 | 5,197.13 | 0.00 | 44,802.87 |
| ZAHM | PROV. TR GP-FBO MURIEL G ZAHM IRA | CLASS 5 | 120,000.00 | 26,455.69 | 0.00 | 93,544.31 |
| ZAHM | ROY W & MURIEL G ZAHM | CLASS 5 | 100,000.00 | 41,583.23 | 0.00 | 58,416.77 |
| ZAIATS | IVAN & TETYANA ZAIATS | CLASS 3 | 100,000.00 | 183.33 | 0.00 | 99,816.67 |
| ZAKS ASSET MGT. | ZAKS ASSET MANAGEMENT TR | CLASS 3 | 147,000.00 | 14,721.74 | 0.00 | 132,278.26 |
| ZAMARRA | PROV. TR GP-FBO MADELINE ZAMARRA IRA | CLASS 3 | 74,715.00 | 2,164.66 | 0.00 | 72,550.34 |
| ZAMPETTI | DEBRA M ZAMPETTI | CLASS 3 | 100,000.00 | 4,297.25 | 0.00 | 95,702.75 |
| ZANTO | RAYMOND L & CHARLEEN L ZANTO | CLASS 3 | 40,000.00 | 416.67 | 0.00 | 39,583.33 |
| ZAPACH | PROV. TR GP-FBO MARK ZAPACH IRA | CLASS 3 | 65,000.00 | 3,863.89 | 0.00 | 61,136.11 |
| ZAVERI | AMEET & JASMINE ZAVERI | CLASS 5 | 50,000.00 | 4,783.37 | 0.00 | 45,216.63 |
| ZAVERI | JAY & BHAVNA ZAVERI | CLASS 3 | 25,000.00 | 5,140.88 | 0.00 | 19,859.12 |
| ZAZUETA | LINNAY EVELYN ZAZUETA | CLASS 3 | 50,000.00 | 3,680.50 | 0.00 | 46,319.50 |
| ZEEK | BRIAN ZEEK | CLASS 3 | 50,000.00 | 3,541.69 | 0.00 | 46,458.31 |
| ZEEK | MAINSTAR-FBO BRIAN ZEEK TW003772 | CLASS 3 | 120,700.00 | 7,936.03 | 0.00 | 112,763.97 |
| ZEIER | PAM ZEIER | CLASS 3 | 50,000.00 | 3,168.71 | 0.00 | 46,831.29 |
| ZEIER | PROV. TR GP-FBO PAM B ZEIER IRA | CLASS 5 | 186,500.00 | 13,451.31 | 0.00 | 173,048.69 |
| ZEIER | STERLING ZEIER | CLASS 3 | 100,000.00 | 2,166.68 | 0.00 | 97,833.32 |
| ZEIF | JONATHAN ZEIF | CLASS 3 | 100,000.00 | 157.78 | 0.00 | 99,842.22 |
| ZEIS | IRA SVCS TR CO-CFBO ROY E ZEIS SR IRA | CLASS 3 | 105,000.00 | 3,368.75 | 0.00 | 101,631.25 |
| ZELIK | ABRAHAM ZELIK | CLASS 3 | 30,000.00 | 1,220.00 | 0.00 | 28,780.00 |
| ZELIK | JUDAH ZELIK | CLASS 3 | 13,000.00 | 355.35 | 0.00 | 12,644.65 |
| ZELLA | DAVID P & FRANCES E ZELLA | CLASS 3 | 115,000.00 | 10,249.31 | 0.00 | 104,750.69 |
| ZELLA | PROV. TR GP-FBO PAUL R ZELLA IRA | CLASS 3 | 61,476.79 | 28,927.27 | 0.00 | 32,549.52 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ZELLER | ZELLER TR DTD 01/27/00 | CLASS 3 | 95,000.00 | 2,941.92 | 0.00 | 92,058.08 |
| ZEMAN | BELINDA S ZEMAN | CLASS 3 | 50,000.00 | 3,899.96 | 0.00 | 46,100.04 |
| ZEMKE | HERMAN B & JOYCE ZEMKE | CLASS 3 | 100,000.00 | 9,583.41 | 0.00 | 90,416.59 |
| ZEMKE | KWIN D ZEMKE | CLASS 3 | 25,000.00 | 0.00 | 0.00 | 25,000.00 |
| ZENK | DALE R ZENK | CLASS 3 | 401,000.00 | 23,406.14 | 0.00 | 377,593.86 |
| ZEZECK | CRAIG & JANE ZEZECK | CLASS 3 | 150,000.00 | 27,925.00 | 0.00 | 122,075.00 |
| ZHANG | JIAYAN ZHANG | CLASS 3 | 150,000.00 | 5,466.67 | 0.00 | 144,533.33 |
| ZHANG | LIJIAN ZHANG | CLASS 3 | 50,000.00 | 3,715.22 | 0.00 | 46,284.78 |
| ZHANG/PENG | LIJIAN ZHANG & XINGRUI PENG | CLASS 5 | 100,000.00 | 10,944.40 | 0.00 | 89,055.60 |
| ZIEG | FRANK B ZIEG | CLASS 3 | 90,000.00 | 12,015.00 | 0.00 | 77,985.00 |
| ZIEGENFUSS | PROV. TR GP-FBO ROBERT P ZIEGENFUSS IRA | CLASS 3 | 99,000.00 | 12,391.50 | 0.00 | 86,608.50 |
| ZIEMANN | OLIVER L JR & SHARON K ZIEMANN | CLASS 3 | 75,000.00 | 1,250.00 | 0.00 | 73,750.00 |
| ZIEV | JOSHUA ZIEV | CLASS 3 | 30,000.00 | 5.00 | 0.00 | 29,995.00 |
| ZIGERELLI/VILLARREAL | MARK ZIGERELLI & SYLVIA VILLARREAL | CLASS 3 | 185,000.00 | 10,994.69 | 0.00 | 174,005.31 |
| ZIKES | CHARLES H & DOLORES B ZIKES | CLASS 3 | 50,000.00 | 10,141.61 | 0.00 | 39,858.39 |
| ZIMMER | MAINSTAR-FBO JANICE ZIMMER T2174612 | CLASS 3 | 68,000.00 | 7,242.00 | 0.00 | 60,758.00 |
| ZIMMERER | ALAN ZIMMERER | CLASS 5 | 125,000.00 | 16,555.64 | 0.00 | 108,444.36 |
| ZINNE | PROV. TR GP-FBO CHARLES ZINNE IRA | CLASS 3 | 25,800.00 | 6,544.09 | 0.00 | 19,255.91 |
| ZINNE | PROV. TR GP-FBO CHARLES ZINNE IRA | CLASS 5 | 151,000.00 | 38,300.68 | 0.00 | 112,699.32 |
| ZINNE | REBECCA K ZINNE | CLASS 5 | 50,000.00 | 17,139.03 | 0.00 | 32,860.97 |
| ZINSMASTER | RAYMOND & LINDA ZINSMASTER | CLASS 3 | 150,000.00 | 23,973.53 | 0.00 | 126,026.47 |
| ZIRPOLO | NICHOLAS J ZIRPOLO | CLASS 3 | 300,000.00 | 49,650.00 | 0.00 | 250,350.00 |
| ZMACHINSKY | CHARLOTTE ZMACHINSKY | CLASS 3 | 67,000.00 | 11,568.57 | 0.00 | 55,431.43 |
| ZMINKOWSKI | PAUL & MAUREEN ZMINKOWSKI | CLASS 3 | 50,000.00 | 4,807.65 | 0.00 | 45,192.35 |
| ZOFREA | VINCENT J & HILDA L ZOFREA | CLASS 3 | 50,000.00 | 1,406.27 | 0.00 | 48,593.73 |
| ZOLLINGER | CLAUDIA ZOLLINGER | CLASS 3 | 35,000.00 | 933.31 | 0.00 | 34,066.69 |
| ZOLMAN | PROV. TR GP-FBO NICKEY L ZOLMAN IRA | CLASS 3 | 163,000.00 | 21,231.37 | 0.00 | 141,768.63 |
| ZUBERBIER | THOMAS & BONNIE ZUBERBIER | CLASS 3 | 200,000.00 | 3,611.14 | 0.00 | 196,388.86 |
| ZUCKERMAN | MICHAEL & RONNIE ZUCKERMAN | CLASS 3 | 288,000.00 | 30,273.64 | 0.00 | 257,726.36 |

**Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of**
**Woodbridge Group of Companies, LLC and Its Affliated Debtors**
**Schedule 3 - Schedule of Principal Amounts and Prepetition Distributions**

| Surname/Entity Name | Full Name | Type | Total Outstanding Principal Amount [1] | Prepetition "Interest" Payments [2] | Other Prepetition Distributions [3] | Net Claims [1] minus [2] minus [3] |
|---|---|---|---|---|---|---|
| ZUIDERSMA | MAINSTAR-FBO RICHARD L ZUIDERSMA | CLASS 3 | 117,600.00 | 15,971.94 | 0.00 | 101,628.06 |
| ZUKERMAN | ELAINE S & EDWARD ZUKERMAN | CLASS 3 | 25,000.00 | 1,485.10 | 0.00 | 23,514.90 |
| ZUNIGA | ALVIDA ZUNIGA LT 2012 DTD 09/06/12 | CLASS 3 | 25,000.00 | 371.86 | 0.00 | 24,628.14 |
| ZWASCHKA | STEVEN P ZWASCHKA | CLASS 3 | 50,000.00 | 5,659.74 | 0.00 | 44,340.26 |
| ZWEBEN | DONNA SHARYN ZWEBEN | CLASS 3 | 30,000.00 | 1,524.38 | 0.00 | 28,475.62 |
| ZWEIG | ROBERT & JEANNE ZWEIG | CLASS 3 | 25,000.00 | 1,524.35 | 0.00 | 23,475.65 |
| ZWOYER | PROV. TR GP-FBO JEFFREY ZWOYER PSP IRA | CLASS 3 | 400,000.00 | 18,750.00 | 0.00 | 381,250.00 |
| ZYLMAN | GARY W & JANE E ZYLMAN | CLASS 3 | 220,000.00 | 3,513.90 | 0.00 | 216,486.10 |
| | **TOTALS FOR CLASS 3** | | **$753,044,680.55** | **$62,317,110.98** | **$332,477.33** | **$690,516,153.00** |
| | **TOTALS FOR CLASS 3*** | | **$4,315,255.19** | **$202,468.43** | **$1,000.00** | **$4,111,786.76** |
| | **TOTALS FOR CLASS 5** | | **$212,194,892.10** | **$40,194,988.19** | **$81,794.72** | **$171,926,068.31** |

\*   This claim is initially classified in Class 6; the analysis assumes that it will be reclassified into Class 3, either consensually or after litigation.  See also the Schedule of Non-Debtor Loan Note Claims.

\*\*   "Interest" paid to this Noteholder or Unitholder exceeds the total outstanding principal amount held.  The net claim amount is listed at $0.00.

Note:   This schedule is a working draft and subject to change by the Debtors prior to the Disclosure Statement Hearing based on the Debtors' ongoing review of their books and records and the relevant facts.  Without limitation, the Debtors reserve the right to revise the amounts scheduled for any individual Noteholder or Unitholder, to remove certain parties on the basis that they are in fact Excluded Parties, and to add certain parties that are presently identified as potential Excluded Parties to the schedule.