# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>**Related Docket No. 2162** |

## ORDER APPROVING (A) PROCEDURES RELATING TO PROPOSED NOTEHOLDER LIQUIDITY FACILITY AND (B) RELATED EXCLUSIVITY PROVISIONS

Upon the joint Motion[2] of the Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Ad Hoc Noteholder Group (the "Noteholder Group" and together with the Creditors' Committee, the "Movants") of Woodbridge Group of Companies, LLC and it affiliated debtors (collectively, the "Debtors") for an order approving (a) procedures relating to the Noteholder Liquidity Facility and (b) related exclusivity provisions; and it appearing that the relief sought in the Motion and the entry of this Order is appropriate, reasonable, and in the best interest of the Debtors' estates; and no adverse interest being represented; and sufficient cause appearing therefor; and upon due deliberation given, it is hereby ORDERED that:

    1.    The Motion (including, without limitation, the Term Sheet attached thereto) is GRANTED and APPROVED.

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. The Debtors are authorized in connection with the Noteholder Liquidity Facility to (i) provide contact information available to the Debtors in connection with Noteholders; (ii) honor notice to pay instructions jointly executed by the Noteholder Liquidity Lenders and the participating Noteholders (which shall be irrevocable and may not be modified, superseded or rescinded absent express written consent of the Noteholder Liquidity Lenders) with no requirement on the part of the Debtors to verify such information; (iii) provide the Debtors' proposed allowed net claim amount(s) due and owing to each eligible Noteholder(s) (which shall be binding on the Debtors and not subject to change if and only if the applicable Noteholder stipulates to such amount before the deadline for voting on any chapter 11 plan proposed by the Debtors or the Movants[3]), when available, taking into account any prepetition payments or distributions (other than return of principal) made by the Debtors to such Noteholder (each Noteholder would consent as part of his or her participation in the facility to the amount of his or her net claim as provided by the Debtors; a Noteholder's stipulation to an allowed net claim amount shall be binding for all purposes in the Debtors' cases); (iv) not recognize any transfers or encumbrances of notes, underlying claims or liquidation trust interests inconsistent with the terms and conditions of the Term Sheet (except that the Debtors may recognize a transfer upon a Noteholder's death, so long as all of the Lenders' rights and remedies are preserved and not impaired); and (v) provide the Noteholder Liquidity Lenders with the same information that is made available to all Noteholders generally, with such information to be provided to the Noteholder Facility Lenders at the same time and with the same frequency as such information is provided to Noteholders. The Lenders shall have standing to appear and be heard in connection with their rights, remedies and benefits under this Order.

---

[3] Such chapter 11 plan shall provide that unless a Noteholder objects to the Debtors' proposed allowed net claim amount on or before the voting deadline, the claim will be deemed stipulated and allowed in the amount proposed by the Debtors.

2

3. Consistent with the provisions of, and to the extent set forth in, the Term Sheet, none of the Debtors, their advisors, or any of their respective directors, officers, employees, agents, advisors, etc. (the "Debtor Parties") and/or the Movants will solicit, encourage, entertain, negotiate or pursue any alternative pre-confirmation debt or pre-confirmation equity financing or refinancing transaction with respect to loans directly to the Noteholders and will immediately cease any discussions regarding any such transactions with other parties. For the avoidance of doubt, nothing herein shall limit the Debtor Parties' ability to solicit, encourage, entertain, negotiate or pursue financing for the Debtors or any liquidation trust or any wind down entity created under a chapter 11 plan. Notwithstanding anything herein to the contrary, until the Noteholder Liquidity Lenders have been paid in full, none of the Movants shall propose or support any plan, scheme, other arrangements or other treatment (or any financing) inconsistent with this Order.

4. The Noteholder Liquidity Lenders shall have an irrevocable first priority on any distributions, payments and/or other consideration whatsoever ("Distributions") from the Debtors (and their successors or assigns including, without limitation, a Chapter 7 trustee, Chapter 11 trustee, examiner, liquidation trustee acting on behalf of a liquidation trust, plan administrator, reorganized debtor, liquidation trust or wind-down entity whether pursuant to a plan or otherwise) to any Borrower until all outstanding amounts to the Noteholder Liquidity Lenders are paid by such Borrower or any transferee of such Borrower. All Distributions to the Noteholder Liquidity Lenders shall be final and irrevocable. Borrowers shall not take actions inconsistent with and/or which impair the terms and conditions of the Noteholder Liquidity Facility.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 8, 2018

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge