**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | ) Case No. 17-12560-(KJC) |
| | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: Dec. 19, 2018 at 2:00 p.m. (ET)** |
| | ) **Obj. Deadline: Nov. 19, 2018 at 4:00 p.m. (ET)** |
| Debtors. | ) |
| | ) |

**MOTION OF PATRICIA AND KENT FLETCHER, SHELDON GOLDMAN, JON GREENLEAF, JONATHAN W. AND BARBARA K. GREENLEAF AS TRUSTEES OF THE GREENLEAF FAMILY TRUST, JOHN L. AND BETTY L. DUNNE FAMILY TRUST, KEN PADDOCK FAMILY TRUST, PATRICIA AND DONALD KRAHN, ELIZABETH JUDY MANNENBERG-GOLDMAN AND ALICE OLDHAM, ALLA SORSHER, AND CHARLES DARYL WHITLEDGE <u>FOR AUTHORITY TO FILE LATE PROOFS OF CLAIM</u>**

1.      Patricia and Kent Fletcher, Sheldon Goldman, Jon Greenleaf, Jonathan W. and

Barbara K. Greenleaf as Trustees of the Greenleaf Family Trust, John l. and Betty L. Dunne

Family Trust, Ken Paddock Family Trust, Patricia and Donald Krahn, Elizabeth Judy

Mannenberg-Goldman and Alice Oldham, Alla Sorsher, and Charles Daryl Whitledge,

Noteholders (the "Filing Noteholders") of the Woodbridge Group of Companies, LLC (the

"Debtors") by and through their undersigned counsel, hereby respectfully move this Court (the

"Motion"), pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for entry of an order granting the Filing Noteholders permission to file

new proofs of claim.

---

[1]The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks California 91423.  The complete list of Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the noticing and claims agent at www.gardencitygroup.com/cases/wgc.

**Background**

2.      The Filing Noteholders are part of a group of noteholders (the "Secured Noteholders") that brought Adversary Proceeding No. 18-50371 against Debtors on March 27, 2018 (the "Complaint") seeking to determine that the Secured Noteholders held valid, perfected security interests in the Owlwood property. In addition, the Filing Noteholders include additional Noteholders represented by The Sarachek Law Firm that were not part of the Owlwood litigation.  The Debtors filed their Motion to Dismiss on June 18, 2018. The Secured Noteholders filed their Amended Complaint on July 17, 2018 (the "Amended Complaint"). The Amended Complaint included a cause of action for Elder Abuse based on California law. The Debtors filed their Motion to Dismiss the Amended Complaint on August 14, 2018 to which the Secured Noteholders objected on September 4, 2018 and the Debtors' replied on September 18, 2018. A hearing was held before this Court on September 25, 2018. On October 5, 2018 this Court issued its Order granting the Debtors' Motion to Dismiss counts 1-3 of the Amended Complaint. The Court also dismissed count four of the complaint – the Elder Abuse count, but with leave to file a motion within 30 days to allow the filing of proofs of claim to include the Elder Abuse claim (the "Elder Abuse Claims").

3.      The bar date by which proofs of claim had to be filed was June 19, 2018 (the "Bar Date"). Each of the Filing Noteholders filed a proof of claim prior to the Bar Date.

4.      By Order of this Court, the Debtors' First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Companies, LLC (the "Plan") was confirmed on October 26, 2018.

**Relief Requested**

5.      Pursuant to Bankruptcy Rule 9006(b)(1), the Filing Noteholders respectfully

request entry of an order granting the Filing Noteholders leave to file the proofs of claim that

include the Elder Abuse Claims.

**Discussion**

6.      The criteria to file a proof of claim of claim subsequent to the Bar Date due to

excusable neglect is well known. The United States Supreme Court provided the standard in its

ruling in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S.

380 (1983).  In Pioneer, the Supreme Court concluded "that the determination is, at bottom, an

equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

at 396. To make the equitable determination, the Court provided four criteria to consider. These

criteria are "the danger of prejudice to the debtor, the length of the delay and its potential impact

on judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith." *Id.* at 396.

7.      The first criterion is whether there will be prejudice to the Debtors if the Elder

Abuse Claims are allowed.

8.      In *Manus Corporation v NRG Energy, Inc. (In re O'Brien Environmental Energy,*

*Inc.)* 188 F.3d 116 ("O'Brien"), the Third Circuit Court of Appeals provided the standard to

determine prejudice to the Debtors in allowing a late filed claim.

9.      As this Court summarized in its Memorandum Opinion in *In re Tribune*

*Company, et al.,* the O'Brien court provided several criteria to consider in determining if there

was prejudice to the Debtor by allowing a late filed claim. They included "(i) whether the debtor

was surprised or caught unaware by the assertion of a claim that it had not anticipated; (ii)

whether payment of the claim would force the return of amounts already paid out under the confirmed plan or affect the distribution to creditors; (iii) whether payment of the claim would jeopardize the success of the debtor's reorganization; (iv) whether allowance of the claim would adversely impact the debtor; and (v) whether allowance of the claim would open the floodgates to other late claims. *In re Tribune Company, et al.,*2013 WL 5966885 (Bankr. D. Del. 2013).

10.    The Debtors were aware of the possibility of the Elder Abuse Claims since the issue was raised in the Amended Complaint. In *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)* 62 F.3d 730 (5th Cir. 1995), the Fifth Circuit Court of Appeals found that even after confirmation of a plan, that an untimely claim should be allowed because there was no prejudice to the debtor since the plan was negotiated and approved after the debtor had notice of the claims at issue.

11.    Allowing the Elder Abuse Claims will not force the return of any payments as no payments have been made under the Plan. In addition, the size of the Elder Abuse Claims with respect to the larger estate is relatively *de minimis*.  Any reduction to other creditors would be negligible.   If the court were to allow the Elder Abuse Claims to be filed, and find these claims to be valid to the maximum extent, it would result in an additional $2,898,093.67 being paid to the Filing Noteholders (which works out to .004% of total net Noteholder claims), again, hardly an amount that would materially affect Plan distributions. The plan already contemplates payment to within a 10% range and allowance of the Elder Abuse Claims will not materially impact the distributions.

12.    Due to the relatively small size of the Elder Abuse Claims compared to the overall claims in the estate, there is no risk that allowing the Elder Abuse Claims will impact consummation of the Plan.

13.     Allowing the Elder Abuse Claims will not adversely impact the Debtors. The Debtors will be able to continue to liquidate the estate as planned if the Elder Abuse Claims are allowed.  This is not a situation where the operations of an ongoing debtor might be adversely affected.

14.     Allowing the Elder Abuse Claims will not lead to a flood of other claims. Other creditors of the Debtors have been on notice of possible elder abuse claims, and also on notice that the Court granted the Filing Noteholders an additional thirty days to file a motion to allow the Elder Abuse Claims, prior to confirmation of the Plan.   Furthermore, only creditors who are over 65 and reside in California are eligible to file Elder Abuse claims under the California statute. Despite being on notice, to our knowledge, no other creditors have filed a motion to allow a late or amended claim.  As the Debtors emphasized at the confirmation hearing, the creditors voted overwhelmingly to confirm the Plan. Given the notice and the affirmative votes for the Plan, it seems highly unlikely that a flood of other creditors will attempt to make the claim, and unlikely that such attempts would be successful.

15.     The second Pioneer condition is the length of the delay and its impact on judicial proceedings.  The delay here is not significant. The Debtors became aware of the claim on July 17, twentyeight days after the Bar Date.  Upon realizing the significance of the issue, the Filing Noteholders filed the Amended Complaint thinking that was the proper place to resolve the issue. After this Court dismissed the elder abuse claim in the Amended Complaint with leave to file this motion, the Filing Noteholders filed this motion in a timely fashion.

16.     The third measure to consider is the reason for the delay, including whether it was within the reasonable control of the movant. Pioneer at 396.

17.     In initiating the Complaint, the Filing Noteholders were focused on establishing that their security interests were properly perfected.  If they were properly perfected, there would be no claim for Elder Abuse.

18.     In their Motion to Dismiss, the Debtors discounted the legal theories in the complaint and emphasized that the transactions were part of a Ponzi scheme that existed from Woodbridge's beginning.

19.     At the time of the Motion to Dismiss, the Disclosure Statement had not yet been filed and no definitive evidence had been presented by the Debtors to confirm that this was a Ponzi scheme.  It was not until the Declarations were filed for the Confirmation hearing on October 19, 2018 that the Debtors presented evidence of the Ponzi scheme.

20.     The Filing Noteholders have the right to assert alternative theories in their complaint.  In this case, the Filing Noteholders pled that if the Debtors were correct and these cases were part of a Ponzi scheme, it would give rise an Elder Abuse claim under California law with respect to California residents.

21.     As shown, based on the circumstances of the Woodbridge bankruptcy, the Filing Notheholders' actions were reasonable given the circumstances and in good faith.

## Conclusion

WHEREFORE, the Filing Noteholders respectfully request entry of an order (i)

authorizing them to file late proofs of claim, substantially in the form attached hereto as Exhibit

1, (ii) deeming such claim to be timely-filed, and (iii) granting the Filing Noteholders such other

relief as is appropriate.

Dated: November 5, 2018
      Wilmington, Delaware                 **THE ROSNER LAW GROUP LLC**

                                         */s/ Jason A. Gibson*
                                         Frederick B. Rosner (DE No. 3995)
                                         Jason A. Gibson (DE No 6091)
                                         824 N. Market St., Suite 810
                                         Wilmington, DE 19801
                                         Tel: (302) 777-1111
                                         Email: gibson@teamrosner.com

                                             *-and-*

                                         **THE SARACHEK LAW FIRM**

                                         Joseph E. Sarachek (NY Bar No. 2163228)
                                         101 Park Avenue, 27th Floor
                                         New York, NY  10178
                                         Telephone: (203) 539-1099
                                         Facsimile: (646) 861-4950
                                         Email: joe@saracheklawfirm.com