**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.,* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>**Jointly Administered**<br><br>Objection Deadline: November 29, 2018 |
|---|---|

**SUMMARY OF FIFTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. FOR PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2018 THROUGH JUNE 30, 2018**

| | |
|---|---|
| **Name of Applicant:** | Conway MacKenzie, Inc. ("Conway MacKenzie") |
| **Authorized to Provide Professional Services to:** | Ad Hoc Noteholder Group |
| **Date of Retention:** | April 5, 2018 (*nunc pro tunc* to February 5, 2018) |
| **Period for which compensation and reimbursement is sought:** | June 1, 2018 – June 30, 2018<br>(the "Fifth Application Period") |
| **Amount of Compensation sought as actual, reasonable, and necessary:** | $34,813.50  (interim compensation sought for 80% of that amount, or $27,850.80) |
| **Amount of Expense Reimbursement sought as actual, reasonable, and necessary:** | $0.00 |

This is a  **X**  monthly ___ interim ___ final application.

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

Fifth Monthly Application - CONWAY MACKENZIE, INC.            1

The Conway MacKenzie professionals who rendered services in these cases during the Fifth Application Period are:

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Matthew D. Sedigh | Managing Director | $595.00 | 37.2 | $25,850.00 |
| Michael D. Dery | Director | $435.00 | 15.3 | $6,655.50 |
| Frank J. Sesi | Director | $435.00 | 13.4 | $5,829.00 |
| Lauren M. Belgrad | Paraprofessional | $195.00 | 1.0 | $195.00 |
| **Total Professional Hours and Fees** | | | **66.9** | **$34,813.50** |
| **Blended Rate** | | **$520.38** | | |

The total hours and fees incurred, by Task Code, during the Fifth Application Period are:

| Task Code | Hours | Fees |
|---|---|---|
| Asset Disposition | 3.7 | $2,201.50 |
| Business Analysis | 3.3 | $1,963.50 |
| Claims Analysis | 9.6 | $5,712.00 |
| Fee and Employment Applications | 9.0 | $4,955.00 |
| Financing | 0.9 | $535.50 |
| Fraud / Forensic Analysis | 27.0 | $11,745.00 |
| Meet / Conference | 12.1 | $6,927.50 |
| Plan / Disclosure Statement | 1.3 | $773.50 |
| **Total Hours and Fees** | **66.9** | **$34,813.50** |

The total amounts of expenses, by expense type, during the Fifth Application Period are:

| Expense Category | Amount |
|---|---|
| **Total Out-of-Pocket Expenses** | **$0.00** |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.,* [1] | Case No. 17-12560 (KJC) |
| | **Jointly Administered** |
| **Debtors.** | Objection Deadline: November 29, 2018 |

**FIFTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. FOR PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2018 THROUGH JUNE 30, 2018**

Pursuant to 11 U.S.C. §§ 328(a), 330, 331, and 1103; Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the *Order Authorizing Employment and Retention of Conway MacKenzie, Inc. as Financial Advisor for the Ad Hoc Noteholder Group* (the "Retention Order"); the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Interim Compensation Order"); and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Conway MacKenzie, Inc. ("Conway MacKenzie"), Financial Advisor to the Ad Hoc Noteholder Group (the "Noteholder Group"), hereby files this application (the "Fifth Monthly Application") for an order allowing it: (a) compensation in the amount of $27,850.80, representing 80% of the $34,813.50 of fees incurred in connection with the reasonable and necessary financial advisory services Conway MacKenzie rendered to the Noteholder Group during the period from June 1, 2018 through June 30,

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

2018 (the "Fifth Application Period"); and (b) reimbursement of $0.00 of actual and necessary expenses incurred by Conway MacKenzie during the Fifth Application Period. In support of this Fifth Monthly Application, Conway MacKenzie respectfully states as follows.

## BACKGROUND

1. On December 4, 2017, approximately 270 of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. Thereafter, on February 9, 2018, March 9, 2018, March 23, 2018, and March 27, 2018, additional affiliated Debtors (27 in total) commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Petition Dates").

2. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these Cases.

3. On December 14, 2017, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). See Docket No. 79.

4. On January 23, 2018, the Court held a hearing to resolve, among other matters, two motions to appoint a chapter 11 trustee, and entered an order approving the settlement reached between the Debtors and other parties in interest [Docket No. 357] (the "Settlement Order"). Attached as Exhibit 1 to the Settlement Order was a term sheet enumerating the terms of the settlement (the "Joint Resolution"). By the terms of the Joint Resolution, the Debtors' board of managers was to be reconstituted as a three-person board (the "New Board"). Further, the Joint Resolution provided for the formation of the Noteholder Group and an ad hoc unitholder group (the "Unitholder Group").

5. On March 19, 2018, the *Application of the Ad Hoc Noteholder Group for Entry of an Order Authorizing the Employment and Retention of Conway MacKenzie, Inc. as Financial Advisor Nunc Pro Tunc to January 23, 2018* (the "Employment Application") was filed.

6.  On April 5, 2018, the Retention Order was filed.

### **RETENTION AND CONTINUING DISINTERESTEDNESS OF CONWAY MACKENZIE**

7.  Pursuant to the Retention Order, the Noteholder Group was authorized to retain Conway MacKenzie as their financial advisor effective as of February 5, 2018, with regard to certain financial matters related to these chapter 11 cases (the "Chapter 11 Cases"). The Retention Order authorizes the Debtors to compensate Conway MacKenzie in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines established by the U.S. Trustee and such other procedures as may be fixed by order of the Court.

8.  As disclosed in the *Declaration of Matthew D. Sedigh Pursuant to 28 U.S.C. 1746 in Support of the Application of the Ad Hoc Noteholder Group Formed Pursuant to January 23, 2018 Order, for Entry of an Order Authorizing the Employment and Retention of Conway MacKenzie, Inc. as its Financial Advisor Nunc Pro Tunc to January 23, 2018* (the "Sedigh Declaration"), filed on March 19, 2018, Conway MacKenzie does not hold or represent any interest adverse to the Debtors' estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

9.  Conway MacKenzie may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases. In the Sedigh Declaration, Conway MacKenzie disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. Conway MacKenzie will update the Sedigh Declaration, as necessary, if and when Conway MacKenzie becomes aware of material new information.

10. During the Fifth Application Period, Conway MacKenzie performed the services for which it is seeking compensation on behalf of the Noteholder Group, and not on behalf of any other

person.

11. Except as provided herein, in the Sedigh Declaration, and in the Employment Application, Conway MacKenzie has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity in connection with these Chapter 11 Cases.

12. Pursuant to Bankruptcy Rule 2016(b), Conway MacKenzie has not shared, nor has Conway MacKenzie agreed to share (a) any compensation it received or may receive with another person other than with the shareholders and employees of Conway MacKenzie.

## PAYMENT AND REIMBURSEMENT REQUESTED

13. Conway MacKenzie submits this Fifth Monthly Application (a) for payment of compensation for actual, reasonable, and necessary professional services performed by it as financial advisor for the Noteholder Group during the Fifth Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements incurred in representing the Noteholder Group during the Fifth Application Period. This Fifth Monthly Application is made pursuant to the provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and the Interim Compensation Order.

14. During the Fifth Application Period, Conway MacKenzie rendered financial advisory services to the Noteholder Group having a value of $34,813.50 in fees, calculated at Conway MacKenzie's usual and customary hourly rates as more specifically set forth herein. In addition, Conway MacKenzie made disbursements to pay expenses on behalf of the Noteholder Group in the amount of $0.00 during the Fifth Application Period. Thus, the total amount of fees (80% of the aggregate amount of fees for the Fifth Application Period) and disbursements for which Conway MacKenzie seeks approval and payment on an interim basis for the Fifth Application Period is $27,850.80.

15. Professional services and disbursements for which compensation and reimbursement are sought were rendered and expended on behalf of the Noteholder Group pursuant to Chapter 11 of the Bankruptcy Code. Conway MacKenzie believes it is appropriate that it be compensated for the services rendered and reimbursed for the disbursements incurred in connection with these matters. All of the fees and disbursements sought to be paid or reimbursed in this Fifth Monthly Application were actual, necessary, and reasonable, and benefited the Debtors' estates and creditors.

16. As set forth in the Employment Application, the Noteholder Group retained Conway MacKenzie as its financial advisor to provide the following professional services:

(a). Analysis and potential litigation support and/or negotiation assistance on any aspects of Noteholder treatment in the chapter 11 cases;

(b). Investigation and analysis of facts and issues related to whether Noteholders are secured;

(c). Analysis of possible Noteholder benefits of substantive consolidation of the Debtors' estates;

(d). Presenting at meetings of the Noteholder Group, as well as meetings with other key stakeholders and parties;

(e). Assistance in the analysis, review and monitoring of the restructuring process, including, but not limited to an assessment of potential recoveries for Noteholders;

(f). Review and analysis of financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

(g). Review and analysis of any tax issues associated with Noteholder treatment and recoveries;

(h). Review and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

(i). Attendance at meetings and assistance in discussions with the Debtors, the Official Committee of Unsecured Creditors, the Ad Hoc Unitholder Group, and other parties in interest and professionals hired by the same, as requested;

(j). Review and analysis of financial related disclosures required by the Court, including Schedules of Assets and Liabilities, Statements of Financial Affairs and Monthly Operating Reports;

(k). Review and analysis of issues on disposition of executory contracts and unexpired leases;

(l). Review, analysis and investigation of potential causes of action, including fraudulent conveyances and preferential transfers and certain transactions between the Debtors and affiliated entities;

(m). Assistance in the prosecution of Noteholder Group responses/objections to case motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Noteholder Group;

(n). Summary review of financial and operational information furnished by the Debtors to the Noteholder Group, insofar as it relates to consolidation issues and cash management requirements that mandate accurate and complete post-petition intercompany accounting and allocation of professional fees and DIP draws;

(o). Assisting on issues of unencumbered assets, insofar as they affect DIP draw requirements and adequate protection for Noteholders' existing liens;

(p). Representing Noteholders interests, as the cases' largest economic constituency, in keeping the cases' professional fee budgeting to the minimum amounts necessary;

(q). Representing Noteholder interests in any sale of assets of the Debtors' estates; and

(r). Performing such other advisory services for the Noteholder Group as may be necessary or proper in these proceedings, subject to the aforementioned scope.

## REASONABLE AND NECESSARY SERVICES RENDERED

17. The following summary highlights the major areas in which Conway MacKenzie rendered services during the Fifth Application Period. Additional detail regarding Conway MacKenzie's services performed during the Fifth Application Period is reflected in the time records attached hereto as Exhibit A. Attached as Exhibit B is a summary of the total hours billed and fees incurred, segregated among the eight (8) billing categories referenced below (the "Task Codes"), during the Fifth Application Period. Attached as Exhibit C is a summary of the total hours billed and fees incurred, among the Conway MacKenzie professionals assigned to these Chapter 11 Cases.

18. During the Fifth Application Period, Conway MacKenzie, as financial advisor to the Noteholder Group, conferred significant value collecting and analyzing information related to the pre-petition affairs of the Debtors. Further, as described in more detail below, during the Fifth Application Period, Conway MacKenzie advised the Noteholder Group on a broad range of issues, began a preliminary analysis of the Debtors' assets and causes of action, and commenced its investigation into the Debtors' prepetition liens through necessary forensic accounting activities.

**Asset Disposition**
(Fees: $2,201.50 Hours: 3.7)

19. Included within this Task Code classification are services rendered by Conway MacKenzie to provide guidance to the Noteholder Group and Noteholder Counsel with respect to the ongoing sale processes being undertaken by the Debtors. Specific activities include, but are not limited to, the following:

    a) Analyzing and reviewing the materials prepared by the Debtors and their advisors regarding the proposed sales of assets;

    b) Analyzing, reviewing, and tracking various pre-petition and post-petition indications of interest received by the Debtors' related to the various assets; and

    c) Meeting, discussing and corresponding with the Debtors' and/or their advisors regarding the sales processes and related matters.

**Business Analysis**

(Fees: $1,963.50 Hours: 3.3)

20. Incorporated within this Task Code is work performed by Conway MacKenzie personnel related to the evaluation and analysis of the Debtors' business operations and projected results in the context of these Chapter 11 Cases. Services performed by Conway MacKenzie in this regard include the review and analysis of various financial projections and models prepared by Debtors' management and advisors including, but not limited to, the Debtors' operating budgets, monthly financial statements, publicly filed documents, and other related materials.

21. Also incorporated within this Task Code are services rendered by Conway MacKenzie to analyze and review the information contained in the online data room (the "Data Room") established by the Debtors and their advisors to facilitate due diligence and monitoring efforts. Specific services rendered by Conway MacKenzie during the Fifth Application Period include the following:

    a) Researching and retrieving documents and additional materials posted in the Data Room; and

    b) Performing detailed analysis of pertinent documents and other materials that were posted to the Data Room.

22. Also included within this Task Code are analyses and efforts rendered by Conway MacKenzie to ascertain the condition of the Debtors' operations, the achievability of projected results, and its overall viability as a going concern. In connection therewith, Conway MacKenzie performed a variety of research and analyses including, but not limited to, the following:

    a) Reviewing and analyzing various projected and historical financial statements and reports including the Debtors' operating projections, construction cost estimates, operating results and financial statements for the years 2013 through 2017, and various other financial and accounting records;

    b) Creating a compendium of real property acquisitions from inception through filing; and

    c) Participating in conferences with management and the Debtors' Advisors regarding various aspects of the Debtors' business operations.

**Claims Analysis**

(Fees: $5,712.00 Hours: 9.6)

23. Incorporated within this Task Code are services rendered by Conway MacKenzie including performing various functions directly related to the research, review and reconciliation of various potential claims ("Claims") filed against the Debtors' estates. Specific services provided by Conway MacKenzie during the First Application Period include, but are not limited to, analyzing the amount, treatment and classification of Claims filed in these Chapter 11 Cases.

**Fee and Employment Applications**

(Fees: $5,712.00 Hours: 9.6)

24. Incorporated within this Task Code is work performed by Conway MacKenzie personnel performing various functions directly related to complying with the retention requirements of the Bankruptcy Code and other pertinent rules to ensure that Conway MacKenzie could properly serve as financial advisor to the Noteholder Group in these Chapter 11 Cases. These functions include, but are not limited to preparing the Retention Documents and the First, Second, and Third Monthly Applications.

25.

**Financing**

(Fees: $535.50 Hours: 0.9)

26. Incorporated within this Task Code are services rendered by Conway MacKenzie directly related to the research, analysis and review of the debtor-in-possession financing sought pursuant to that Debtors' Motion for Interim and Final Orders (I) Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, AND 552 Authorizing Debtors to (A) Obtain Post petition Secured Financing, (B) Use Cash Collateral, (C) Grant Adequate Protection to Prepetition Secured Parties; (II) Modifying the Automatic Stay; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) AND 4001(c); and (IV) Granting Related Relief (the "DIP Motion").

**Fraud / Forensic Analysis**

(Fees: $11,745.00 Hours: 27.0)

27. Incorporated within this Task Code is work performed by Conway MacKenzie personnel directly related to performing a forensic analysis of various accounting records and other

materials made available by the Debtors. Services performed by Conway MacKenzie in this regard include the review and analysis of the Debtors' various historical financial and accounting reports and statements, a detailed review of the Debtors' pre-petition disbursement activities, and other matters related to determining the extent to which any causes of action may exist or arise.

28. Also reviewed in great detail was the *Declaration of Soneet R. Kapila,* which served as a limited basis for establishing a foundation to analyze the complex prepetition activities of the Debtors and their operations.

**Meet / Conference**

(Fees: $6,927.50  Hours: 12.1)

29. Conway MacKenzie personnel have participated in numerous meetings, teleconferences and discussions with members of the Noteholder Group and attorneys at Drinker Biddle & Reath LLP ("Noteholder Group Counsel"), Debtors' senior management team, attorneys at Gibson Dunn & Crutcher, LLP and Klee Tuchin Bogdanoff & Stern LLP (collectively, "Debtors' Counsel"), professionals at DSI Management, Inc. ("Debtors' Financial Advisor", and together with Debtors' Counsel, "Debtors' Advisors"), attorneys at Pachulski Stang Ziehl & Jones LLP ("Committee Counsel") and professionals at FTI Consulting, Inc. ("Committee Financial Advisor", and together with Committee Counsel, "Committee Advisors") regarding ongoing reorganization efforts. Topics addressed during such interactions generally relate to global restructuring issues and/or the status of multiple projects being worked on by Conway MacKenzie and/or other professionals.

30. These meetings/teleconferences provided a forum for the Debtors' management, Debtors' Advisors, Committee Advisors, Noteholder Counsel and Conway MacKenzie and served as valuable working sessions for the purpose of pursuing restructuring efforts and tactics as well as to

coordinate the efforts of such parties with respect to the prosecution of the Chapter 11 Cases. The active coordination of efforts among such parties served to improve the efficiency of the restructuring/reorganization process and to avoid any duplication of efforts.

**Plan / Disclosure Statement**

(Fees: $773.50 Hours: 1.3)

31. Incorporated within this Task Code are services rendered by Conway MacKenzie directly related to the research, analysis and review of proposed settlement terms related to a proposed plan of reorganization term sheet and other materials related to consummating a consensual Plan of Reorganization filed in connection with these Chapter 11 Cases.

32. This Task Code also includes services rendered by Conway MacKenzie directly related to the preparation and review of analyses for the benefit of the Noteholder Group to develop and respond to proposals and counter-proposals for global settlement discussions with the Debtors and the Debtors' advisors.

33. These meetings/teleconferences provided a forum for the Debtors' management, Debtors' Advisors, Committee Advisors, Noteholder Counsel and Conway MacKenzie and served as valuable working sessions for the purpose of pursuing restructuring efforts and tactics as well as to coordinate the efforts of such parties with respect to the prosecution of the Chapter 11 Cases. The active coordination of efforts among such parties served to improve the efficiency of the restructuring/reorganization process and to avoid any duplication of efforts.

**ACTUAL AND NECESSARY EXPENSES**

34. Conway MacKenzie has incurred out-of-pocket expenses in the amount of $0.00 in connection with the services it provided to the Noteholder Group during the Fifth Application Period.

35. In a future application, Conway MacKenzie may seek reimbursement of additional expenses advanced or incurred during this Fifth Application Period.

**CONCLUSION**

WHEREFORE, by this Fifth Monthly Application, Conway MacKenzie respectfully requests interim approval of fees and expenses incurred during the Fifth Application Period in the total amount of $27,850.80 consisting of: (a) $27,850.80, which represents 80% of the $34,803.50 in fees incurred for reasonable and necessary professional services rendered; and (b) $0.00 for actual and necessary costs and expenses incurred. Conway MacKenzie further requests that the Debtors be authorized to remit to Conway MacKenzie all amounts due and owing as an administrative expense in accordance with the Interim Compensation Order, and grant such other and further relief as this Court may deem just and proper.

Executed this 6th of November, 2018 in Los Angeles, California.

CONWAY MACKENZIE, INC.

By: _____*/s/ Matthew D. Sedigh*
Matthew D. Sedigh
333 South Hope Street, Suite 3625
Los Angeles, CA 90036
Phone: (213) 416-6215
MSedigh@ConwayMacKenzie.com

Financial Advisor to the Ad Hoc Noteholder Group