# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | ) Case No. 17-12560-(KJC) |
| | ) |
| | ) Jointly Administered |
| | ) |
| | ) Hearing Date: TBD Shorten Notice Requested |
| Debtors. | ) |
| | ) Re Docket No. 2901, 2903 & 2957 |

## MOTION OF LISE LA ROCHELLE AND OTHER NOTEHOLDERS FOR A STAY PENDING APPEAL OF THE ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

Lise La Rochelle and other noteholders of the Woodbridge Group of Companies, LLC (the "Debtors") objecting to confirmation of the Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors (the "Plan") who are clients of the Sarachek Law Firm (the "Moving Noteholders") by and through their undersigned counsel, hereby respectfully move this Court (the "Motion"), pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, attached hereto as **Exhibit A**, granting a stay pending the Moving Noteholders appeal of this Court's Order Confirming the Plan (D.I. 2903).

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks California 91423. The complete list of Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the noticing and claims agent at www.gardencitygroup.com/cases/wgc.

{00024482. }

**Background**

1. The Moving Noteholders are a group of noteholders that believe they hold valid, perfected security interests in the Debtors' property. To establish these claims, a subset of the Moving Noteholders filed a Complaint to establish their perfected security interests (Adversary Proceeding No. 18-50371) (the "Owlwood Complaint"). An additional Complaint was filed on October 4, 2018 on behalf of additional noteholders. (Adversary Proceeding 18-50880). On October 5, 2018, this Court issued an Order granting the Debtors' Motion to Dismiss counts 1-3 of the Amended Complaint. The Court also dismissed count four of the Complaint – the Elder Abuse count, but with leave to file a motion within 30 days to allow the filing proofs of claim to include the Elder Abuse claim (the "Elder Abuse Claims"). A Motion For Authority to File Late Proofs of Claim was filed on November 5, 2018 by clients who hold Elder Abuse Claims and are California residents.

2. A Notice of Appeal of this Court's Order dismissing the Owlwood Complaint was filed on October 9, 2018 (the "Owlwood Appeal").

3. On October 11, 2018, the Moving Noteholders filed an Objection to the confirmation of the Plan (the "Objection").

4. By Order of this Court, the Plan was confirmed on October 26, 2018 (the "Confirmation Order").

5. The Plan allows for termination of all intercompany liens between the Debtors' various companies and allows for substantive consolidation of all the Debtors' companies into two entities.

**Relief Requested**

6. Pursuant to Bankruptcy Rule 8005, the Moving Noteholders respectfully request entry of an order granting a stay pending appeal of the Confirmation Order to the extent it allows for Substantive Consolidation of the Debtors' companies and the extinguishing of inter-company liens.

**Discussion**

7. This Court has held that in determining whether to grant a stay pending appeal there are four criteria to consider. The conditions for granting a stay are: "(1) whether the stay applicant has made a strong showing that the applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Tribune Co.*, 477 B.R. 465, 474 (Bankr. D. Del. 2012)

8. The Moving Noteholders believe there is a likelihood of success on the merits. As part of the Moving Noteholders' Objection to confirmation of the Plan, the Noteholders argued that based on the Tenth Circuit decision in *In re Gulfco Inv. Corp.*, 593 F.2d 921 (10th Cir. 1979), the Bankruptcy Court could not extinguish lien claims through a plan of reorganization.   In *In re Gulfco,* the 10th Circuit recognized that "consolidation is not to be used to defeat the security of secured creditors or to reduce a secured creditor to the status of an unsecured creditor." *Gulfco* at 61.  The facts of *Gulfco* are analogous to the facts in these cases, in that it involved multiple real estate debtors who experienced "accounting difficulties" that made it difficult for the Trustee to determine "the assets and liabilities of each of the corporations."  Accordingly, the Trial Court opted to extinguish liens in the interest of equity. *Gulfco* at 4.

9. This Court appears to distinguish the within cases from *Gulfco* based on the severity of the underlying fraud and the fact that there is a settlement agreement between the Debtor and various committees. This does not mean, however, that if the Moving Noteholders on the Owlwood Appeal are successful that they should be prevented from obtaining relief. *In re First T.D. & Inv. Inc., 253 F.3d 520* (9th Cir. 2001) ("First TD"), the case relied upon in the Owlwood Complaint, also involved a Ponzi scheme. Nevertheless, the Ninth Circuit Court of Appeals, found that the lenders security interests could be perfected.

10. Notwithstanding the gravamen of the fraud in these cases, the principal of *Gulfco* still is precedent. Many bankruptcies involve fraud, and to allow liens to be extinguished without an adversary proceeding violates the Bankruptcy Code.

11. The Court should also allow the issue of the liens raised in the Owlwood Complaint to be determined by the District Court hearing the Owlwood Appeal. Similar to the circumstances in *In re First TD*, the District Court on appeal should be allowed to consider whether the impact of the Ponzi scheme in this case means that the security interest cannot be perfected.

12. The Moving Noteholders will be irreparably injured without a stay. The Appeal is in the process of moving forward. The Magistrate has removed the case from mediation and the parties will soon establish a briefing schedule. Should the Court allow the substantive consolidation of portions of the Confirmation Order to remain in full effect and the liens to be extinguished, the Appeal may be rendered moot. As stated above, a Ponzi scheme did not prevent the Ninth Circuit from determining that lenders had valid, perfected security interests.

13. Moreover, issuing a stay in this case would not irreparably harm the other parties. The Debtors could continue to sell properties as they have been. Furthermore, the Debtors could

apply for the right to make an interim distribution to all creditors. They can enact all other parts of the plan whether or not the liens are extinguished, including beginning to distribute assets from the liquidating trust. Because so much property is left to be sold, there are enough resources to begin paying noteholders and unitholders and still have enough money available to cover any additional payments that may be necessitated to the Moving Noteholders.

14. The Moving Noteholders respectfully request that the Court dispense with the requirement of setting a bond as there is no harm caused by the requested stay. The reality is that the Debtors have enough cash on hand to make a distribution to creditors while the Owlwood appeals progresses.

## Conclusion

WHEREFORE, The Moving Noteholders respectfully request entry of an order (i) issuing a stay pending appeal of those parts of the Plan that require extinguishing intercompany liens and substantive consolidation of the Debtors' companies and (ii) granting the Filing Noteholders such other relief as is appropriate.

Dated: November 9, 2018
    Wilmington, Delaware        **THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE No. 3995)
Jason A. Gibson (DE No 6091)
824 N. Market St., Suite 810
Wilmington, DE 19801
Tel: (302) 777-1111
Email: gibson@teamrosner.com

    -and-

**THE SARACHEK LAW FIRM**

Joseph E. Sarachek (NY Bar No. 2163228)
101 Park Avenue, 27th Floor
New York, NY 10178

{00024482. }

Telephone: (203) 539-1099
Facsimile: (646) 861-4950
Email: joe@saracheklawfirm.com

{00024482. }