## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: December 6, 2018 at 4:00 p.m. (ET)** |

## SUMMARY OF NINTH MONTHLY APPLICATION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2018 THROUGH OCTOBER 31, 2018

| | |
|---|---|
| Name of Applicant: | Klee, Tuchin, Bogdanoff & Stern LLP |
| Authorized to Provide Professional Services to: | Woodbridge Group of Companies, LLC, *et al.* |
| Date of Retention: | March 16, 2018 *Nunc Pro Tunc* to February 14, 2018 |
| Period for which compensation and reimbursement are sought: | October 1-31, 2018 |
| Amount of compensation billed as actual, reasonable, and necessary: | $681,341.50[2] |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $15,156.17 |

---

[1]  The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

[2]  As discussed in the Application, KTB&S has further reduced its request for payment in light of KTB&S's agreement to accept, as calculated for the entirety of the cases (as opposed to on a month-by-month basis), the lesser of (x) its actual billed hourly rates and (y) a blended rate of $850 per hour for attorney time. Accordingly, although KTB&S seeks allowance of its fees at its actual rates, KTB&S seeks payment at this time only of 80% of its fees as calculated pursuant to the $850 per hour cap—or, 80% of $613,032.50, which results in a request for payment of fees of $490,426.00.

Total fees and expenses sought as
actual, reasonable, and necessary:                    $696,497.67

Total amount of present payment sought (80% of
**capped** fees and 100% of expenses):                 $505,582.17

This is a(n):  _X_ monthly __ interim ___ final application.

The total time expended for fee application preparation is 11.80 hours and the corresponding compensation request is $6,735.00 ($7,560.00 at the $850 per hour attorney rate).

Prior Applications:

| Date Filed Docket No. | Period Covered | Requested | | CNO Docket No. | Approved to be Paid (per $850/hour Cap) | |
| --- | --- | --- | --- | --- | --- | --- |
| | | Fees Requested | Expenses Requested | | Fees | Expenses |
| 03/23/2018 Dkt. No. 815 | 02/14/2018-02/28/2018 | $638,555.50 | $3,574.59 | 1261 | $461,358.00 | $3,574.59 |
| 04/17/2018 Dkt. No. 1583 | 03/01/2018-03/31/2018 | $1,204,544.00 | $21,531.08 | 1727 | $856,662.00 | $21,531.08 |
| 05/24/2018 Dkt. No. 1860 | 04/01/2018-04/30/2018 | $798,797.50 | $11,862.40 | 1978 | $582,118.00 | $11,862.40 |
| 06/21/2018 Dkt. No. 2042 | 05/01/2018-05/31/2018 | $943,805.50 | $4,327.47 | 2165 | $686,770.00 | $4,327.47 |
| 07/20/2018 Dkt. No. 2216 | 06/01/2018-06/30/2018 | $725,375.50 | $5,653.17 | 2317 | $548,506.00 | $5,653.17 |
| 08/14/2018 Dkt. No. 2336 | 07/01/2018-07/31/2018 | $759,281.00 | $6,351.71 | 2508 | $566,298.00 | $6,351.71 |
| 09/18/2018 Dkt. No. 2622 | 08/01/2018-08/31/2018 | $877,685.00 | $14,076.46 | 2761 | $625,700.00 | $14,076.46 |
| 10/16/2018 Dkt. No. 2799 | 09/01/2018-09/30/2018 | $680,563.00 | $6,696.81 | 2936 | $476,086.00 | $6,696.81 |

**Timekeeper Totals**
**October 1, 2018 Through October 31, 2018**

| Name of Professional Person | Initials of Professional Used in the Application for the Professional Person | Position of the Applicant, Number of Years in That Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Kenneth N. Klee | KNK | Joined firm as a Partner in 1999. Member of the CA Bar since 1975. Corporate Restructuring. | $1,475.00 | 0.40 | $590.00 |
| David M. Stern | DMS | Joined firm as a Partner in 2000. Member of CA Bar since 1975. Litigation. | $1,245.00 | 14.10 | $17,554.50 |
| Michael L. Tuchin | MLT | Joined firm as a Partner in 1999. Member of the CA Bar since 1990. Corporate Restructuring. | $1,245.00 | 125.40 | $156,123.00 |
| David A. Fidler | DAF | Partner since 2003. Joined firm as an Associate in 1999. Member of the CA Bar since 1998. Corporate Restructuring. | $1,075.00 | 186.90 | $200,917.50 |
| Robert J. Pfister | RJP | Partner since 2011. Joined firm as Senior Counsel in 2010. Member of the CA Bar since 2006, CT Bar since 2001, IN Bar since 2002, and NY Bar since 2003. Litigation. | $995.00 | 56.90 | $56,615.50 |
| Whitman L. Holt | WLH | Joined firm as a Partner in 2010. Member of CA Bar since 2005. Corporate Restructuring. | $895.00 | 66.60 | $59,607.00 |
| Maria Sountas-Argiropoulos | MSA | Joined firm as a Partner in 2013. Member of the CA Bar since 2008, and the Law Society of Upper Canada since 2006. | $895.00 | 2.70 | $2,416.50 |
| Jonathan M. Weiss | JMW | Partner since 2016. Joined firm as an Associate in 2011. Member of the CA Bar since 2011. Corporate Restructuring. | $725.00 | 101.90 | $73,877.50 |
| Efrat B. Zisblatt | EBZ | Joined firm as an Associate in 1999. Member of the CA Bar since 1997. Corporate Restructuring. | $695.00 | 3.50 | $2,432.50 |

| Name of Professional Person | Initials of Professional Used in the Application for the Professional Person | Position of the Applicant, Number of Years in That Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Samuel M. Kidder | SMK | Joined firm as an Associate in 2018.  Member of the CA Bar since 2012.  Corporate Restructuring. | $675.00 | 103.40 | $69,795.00 |
| Sasha M. Gurvitz | SMG | Joined firm as an Associate in 2014.  Member of the CA Bar since 2014.  Corporate Restructuring. | $625.00 | 40.40 | $25,250.00 |
| Shanda D. Pearson | SDP | Paralegal.  Corporate Restructuring | $375.00 | 43.10 | $16,162.50 |
| **Grand Total:** | | | | **745.30** | **$681,341.50** |
| **Actual Attorney Blended Rate:** | | | **$947.28** | | |
| **Total Attorney Fees Assuming $850.00 Attorney Blended Rate:** | | | | | **$596,870.00** |
| **Total Fees (All Timekeepers) Assuming $850.00 Attorney Blended Rate:** | | | | | **$613,032.50** |

**COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 0001 – Asset Analysis and Recovery | 13.20 | $12,073.00 |
| 0002 – Assumption and Rejection of Executory Contracts and Leases | 18.10 | $16,235.50 |
| 0003 – Budgeting | 1.40 | $1,015.00 |
| 0004 – Business Operations | 0.20 | $215.00 |
| 0005 – Case Administration | 7.40 | $3,371.00 |
| 0006 – Claims Administration & Objections | 54.20 | $43,027.00 |
| 0007 – Corporate Governance & Board Matters | 41.70 | $42,876.50 |
| 0008 – Court Hearing | 32.90 | $31,085.50 |
| 0009 – Employee Benefits | 15.60 | $18,281.00 |
| 0010 – Employment and Fee Applications | 21.40 | $17,237.00 |
| 0011 – Employment and Fee Objections | 0.00 | $0.00 |
| 0012 – Financing and Cash Collateral | 12.80 | $13,567.00 |
| 0013 – Litigation and Adversary Proceedings | 90.30 | $80,789.50 |
| 0014 – Meeting and Communications With Creditors | 11.90 | $11,439.50 |
| 0015 – Non-Working Travel | 11.50 | $10,591.50 |
| 0016 – Plan and Disclosure Statement | 278.30 | $253,824.50 |
| 0017 – Real Estate Matters (Not Dispositions) | 7.20 | $8,131.00 |
| 0018 – Relief From Stay and Adequate Protection | 0.00 | $0.00 |
| 0019 – Reporting Matters | 1.40 | $1,381.00 |
| 0020 – Tax | 8.10 | $8,528.50 |
| 0021 – Use, Sale, and Lease of Assets (Other Than Real Property) | 0.00 | $0.00 |
| 0022 – Noteholder Matters | 37.80 | $37,946.00 |
| 0023 – Unitholder Matters | 6.80 | $6,867.00 |
| 0024 – Real Property Dispositions | 61.50 | $52,303.50 |
| 0025 – Regulatory Matters | 11.60 | $10,556.00 |
| 0026 – Transition Matters | 0.00 | $0.00 |
| **Total:** | **745.30** | **$681,341.50** |

**EXPENSE SUMMARY**

| Expense Category | Total Expenses |
|---|---:|
| Copying | $119.80 |
| Court Fees | $37.00 |
| Online Research | $2,484.33 |
| Other Expenses | $2,259.30 |
| Parking | $60.00 |
| Telephone | $45.95 |
| Travel | $10,149.79 |
| **Total:** | **$15,156.17** |

01:23873965.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No.: 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: December 6, 2018 at 4:00 p.m. (ET)** |

**NINTH MONTHLY APPLICATION OF KLEE, TUCHIN, BOGDANOFF &
STERN LLP, COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OCTOBER 1, 2018 THROUGH OCTOBER 31, 2018**

Pursuant to Bankruptcy Code section 330, Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S"), counsel to the above-captioned debtors and debtors in possession (collectively the "Debtors"), in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby submits this *Ninth Monthly Application of Klee, Tuchin, Bogdanoff & Stern LLP, Counsel to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period October 1, 2018 Through October 31, 2018* (the "Application"). In support of the Application, KTB&S respectfully represents as follows:

## BACKGROUND

1. On December 4, 2017, 279 of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. Thereafter, on February 9, 2018, March 9, 2018, March 23, 2018, and March 27, 2018, additional affiliated Debtors (27 in total) commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Petition Dates").

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

2.     The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these Cases.  On December 14, 2017, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  *See* Docket No. 79.

3.     On January 23, 2018, the Court held a hearing to resolve, among other matters, two motions to appoint a chapter 11 trustee, and entered an order approving the settlement reached between the Debtors and other parties in interest [Docket No. 357] (the "Settlement Order").  Attached as Exhibit 1 to the Settlement Order was a term sheet enumerating the terms of the settlement (the "Joint Resolution").  By the terms of the Joint Resolution, the Debtors' board of managers was to be reconstituted as a three-person board (the "New Board").  Further, the Joint Resolution provided for the formation of an *ad hoc* noteholder group (the "Noteholder Group") and an *ad hoc* unitholder group (the "Unitholder Group").  Together, the Committee, the Noteholder Group, and the Unitholder Group are referred to as the "Committees".

4.     On January 9, 2018, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 261] (the "Compensation Procedures Order").  Pursuant to the Compensation Procedures Order, KTB&S and other professionals retained in these Cases are authorized to file and serve on the parties identified in the Compensation Procedures Order (the "Notice Parties") monthly applications for approval of their fees and expenses.  After the expiration of a 20-day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly fee applications that are not subject to an objection.

5.      On March 16, 2018, the Court entered its *Order, Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to February 14, 2018* [Docket No. 767] (the "Retention Order").   The Retention Order approved the Debtors' application to employ and retain KTB&S as counsel *nunc pro tunc* to February 14, 2018.   The Retention Order authorizes KTB&S to be compensated in accordance with, *inter alia*, Bankruptcy Code sections 330 and 331 and the Compensation Procedures Order.

6.      On October 26, 2018, the Court entered its *Findings of Fact, and Conclusions of Law, And Order Confirming The First Amended Joint Chapter 11 Plan Of Liquidation Of Woodbridge Group Of Companies, LLC and Its Affiliated Debtors* [Docket No. 2903] (the "Confirmation Order"), confirming the *First Amended Joint Chapter 11 Plan Of Liquidation Of Woodbridge Group Of Companies, LLC and Its Affiliated Debtors* (the "Plan").   The effective date of the Plan has not yet occurred.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

7.      By this Application, KTB&S requests approval of $681,341.50 as compensation for professional services rendered for the Debtors from October 1, 2018 through October 31, 2018 (the "Application Period") and $15,156.17 as reimbursement for actual and necessary expenses incurred by KTB&S for the Debtors during the Application Period.   This does not include $22,717.50 representing 26.10 hours of work that has been written off and is reflected as "No Charge" on the billing records appended hereto.

8.      In light of the significant public interest implicated by these Cases and the costs of transitioning from prior counsel to KTB&S, KTB&S has made two agreements regarding its

fees.  First, KTB&S has agreed to provide a fee reduction of up to $250,000 of legal fees incurred in transitioning from prior counsel (Gibson Dunn & Crutcher ("Gibson")) to KTB&S, which reduction will be applied to each of KTB&S's first five monthly invoices on a cumulative basis, in the amount of up to $50,000 per invoice.[2]  KTB&S has billed a total of $182,612.50 in transition time (under the $850 per hour cap for attorney time), and has reduced previous invoices by that amount.

9.      Second, KTB&S has agreed to cap its legal fees for the Cases at a blended rate of $850 per hour for attorneys (not including its paralegal), such that KTB&S will receive, calculated in the aggregate for the entirety of the Cases (as opposed to on a month-by-month basis), the lesser of (x) its actual billed hourly rates and (y) a blended rate of $850 per hour.[3]  During the Application Period, KTB&S billed 702.20 hours of attorney time, with total attorney compensation of $665,179.00—resulting in an actual blended rate of $947.28 per hour.  Accordingly, for purposes of this Application, KTB&S has re-calculated its attorney fees at a rate of $850 per hour, resulting in total compensation as follows:

|  | Actual Rate | Capped Rate |
|---|---|---|
| **Attorney Fees** | $665,179.00 | $596,870.00 |
| **Paralegal Fees** | $16,162.50 | $16,162.50 |
| **Total** | **$681,341.50** | **$613,032.50** |

---

[2]   For example, if KTB&S incurred $60,000 of legal fees in transition services in the first month, but only $30,000 of legal fees for transition services in the second month, the first monthly invoice would be reduced by $50,000 and the second monthly invoice would be reduced by $40,000.  To calculate the amount of transition fees incurred, as noted below, KTB&S maintains a separate billing code labeled "Transition Matters," in which category it records time incurred transitioning matters from Gibson.

[3]   For example, (i) if KTB&S's actual billed hourly rates for attorneys result in a blended rate of $875 per hour for the Cases, KTB&S will reduce such blended hourly rate for attorneys to $850 and (ii) if KTB&S's actual billed hourly rates for attorneys result in a blended rate of $825 per hour for the Cases, KTB&S will receive that hourly rate.

10.     Because the $850 per hour cap is to be applied to KTB&S's fees in the aggregate for the entirety of the Cases (as opposed to on a month-by-month basis), KTB&S reserves its right, in connection with any interim and/or final application for compensation, to seek to reconcile its fees in the event that KTB&S has received payment, in the aggregate, of an amount *below* the lesser of (i) KTB&S's actual billed hourly rates and (ii) a blended rate of $850 per hour.  To date, KTB&S's actual billed rates for attorney time in each month during these Cases have exceeded $850 per hour.

11.     This Application complies with Bankruptcy Code section 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Court's Local Rule 2016-2, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees (the "Guidelines"), and the Compensation Procedures Order.

12.     KTB&S has received no payment and no promise of payment from any source, other than the Debtors, for services rendered or to be rendered in any capacity whatsoever in connection with these Cases.  There is no agreement or understanding between KTB&S and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered by KTB&S in these Cases.

13.     The fees charged by KTB&S in these Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period.  The rates KTB&S charges for the services rendered by its attorneys and its paralegal in these Cases are the same rates KTB&S charges for attorney and paralegal services rendered in comparable bankruptcy and non-bankruptcy related matters (other than in respect of the reductions set forth above).  Such fees are reasonable and based on the customary compensation charged by comparably skilled

practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

14.     KTB&S maintains computerized records of the time spent by all KTB&S attorneys and its paralegal in connection with its representation of the Debtors.  Annexed hereto as **Exhibit A** is a copy of KTB&S's itemized time records for attorneys and its paralegal who performed services for the Debtors during the Application Period.  All entries itemized in KTB&S's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of separate work codes for different project types, as hereinafter described.

15.     Attached as **Exhibit B** are KTB&S's itemized records detailing expenses incurred on behalf of the Debtors during the Application Period.  All itemized expenses comply with the requirements set forth in Local Rule 2016-2 and the Guidelines.

## SUMMARY OF SERVICES

16.     As demonstrated by the lengthy records included in **Exhibit A**, it would be a costly and time-consuming task to describe in detail *all* of the many services that KTB&S provided to the Debtors during the Application Period.  What follows, therefore, is a summary of the more significant services rendered by KTB&S during the Application Period.  The summary is divided according to the subject matters (each, a "Subject Matter") used by KTB&S in categorizing its billing in these Cases.

**A.     Asset Analysis and Recovery – Billing Code 0001 (Total Hours: 13.20; Total Fees: $12,073.00)**

17.     This Subject Matter includes matters relating to the identification, analysis, and recovery of the Debtors' assets.  During the Application Period, KTB&S attorneys spent time addressing several potential non-claim related settlements and other matters that would provide

for recovery of assets to the Debtors' estates.  Among these settlements and matters are (i) a settlement with Knowles Systems, a former Woodbridge broker, and its principals (including the conveyance of real estate to the Debtors); (ii) an eviction action against a tenant in respect of the Debtors' property in Evansville, Indiana that would permit the Debtors to recover the use of the leased space; (iii) analysis and correspondence regarding the receipt of payoff funds on the La Casa Canaveral property and (iv) work related to recovery of insurance proceeds on a property in Hawaii.

**B.     Assumption and Rejection of Contracts and Leases – Billing Code 0002 (Total Hours: 18.10; Total Fees: $16,235.50)**

18.     This Subject Matter includes contract and lease analysis and matters relating to assumption, assumption and assignment, or rejection of executory contracts and unexpired leases.  During the Application Period, KTB&S attorneys continued to assist the Debtors in the preparation of a schedule contracts and leases that may be assumed in connection with the Debtors' proposed chapter 11 plan, which schedule was filed on September 24, 2018.  KTB&S also spent time addressing certain objections to assumption filed by certain contractor counterparties (I-Grace, D&D, and G-3 Group), which involved analysis of the filed objections, and negotiations with the objecting parties to reach consensual resolutions.  KTB&S also spent time working on a motion to reject the Debtors' lease of a portion of a building in Sherman Oaks, California.

**C.     Budgeting – Billing Code 0003 (Total Hours: 1.40; Total Fees: $1,015.00)**

19.     Time billed to this Subject Matter was not substantial and included fees incurred in connection with preparation of budgets for KTB&S's fees and its staffing plan.

**D.      Business Operations – Billing Code 0004 (Total Hours: 0.20; Total Fees: $215.00)**

20.      This Subject Matter includes general advice relating to the Debtors' business operations.  Time billed to this Subject Matter consisted of brief analysis of a critical vendor payment schedule.

**E.      Case Administration – Billing Code 0005 (Total Hours: 7.40; Total Fees: $3,371.00)**

21.      This Subject Matter includes general case administration services and other services that do not fit in any other category.  During the Application Period, KTB&S attorneys spent time on matters concerning the employment and compensation of the Debtors' ordinary course professionals.  Time billed to this Subject Matter also includes analysis of docket updates and critical dates memoranda, as well as management of data room files.

**F.      Claims Administration and Objections – Billing Code 0006 (Total Hours: 54.20; Total Fees: $43,027.00)**

22.      This Subject Matter includes bar date matters, claims objections and related contested matters, and other claims administration activities.  During the Application Period, KTB&S attorneys spent time on numerous claims-related matters.  KTB&S spent significant time during the Application Period continuing to analyze filed claims by brokers and internal salespeople, and engaging in negotiations with those claimants in respect of potential settlements under which such individuals would waive their claims and, in certain situations, also make a payment to the Debtors' estates.  When settlement was not reached, KTB&S had prepared and filed complaints, and during the Application Period, spent time prosecuting or resolving those adversary proceedings (including, where applicable, drafting an answer to a litigant's counterclaims). *See, e.g.*, Adv. Nos. 18-50817, 18-50818.

23.      Moreover, KTB&S continued to analyze claims generally in the Debtors' cases, including in response to inquiries by the SEC and by the various Committees, and in connection

with preparation for the hearing on confirmation of the Plan. KTB&S also analyzed orders sustaining the Debtors' second and third omnibus objections to claims, focusing on (i) amended and duplicative claims and (ii) claims that featured a clear discrepancy on the face of the claim— such as a claim filed, for example, in the amount of $10,000, yet asserting a "secured" portion of such claim in the amount of $50,000,000. *See* Docket Nos. 2737, 2738.

**G.    Corporate Governance and Board Matters – Billing Code 0007 (Total Hours: 41.70; Total Fees: $42,876.50)**

24.    This Subject Matter includes all transactional, corporate governance, meetings of the New Board, and related matters involving the Debtors.   During the Application Period, KTB&S attorneys prepared for and participated in numerous telephonic meetings of the New Board, and prepared and analyzed the minutes from those meetings.   KTB&S attorneys also prepared written updates to the New Board regarding the Cases.

**H.    Court Hearings – Billing Code 0008 (Total Hours: 32.90; Total Fees: $31,085.50)**

25.    This Subject Matter includes preparation for and attendance at court hearings. During the Application Period, KTB&S attorneys prepared for and participated in one Court hearing.  Specifically, on October 24, 2018, KTB&S attorneys Michael L. Tuchin, Whitman L. Holt and Jonathan M. Weiss appeared at an omnibus hearing at which the Court considered confirmation of the Debtors' Plan.  Messrs. Tuchin, Holt and Weiss also spent significant time preparing for that hearing, including by meeting with the Debtors' officers in preparation for the hearing.

**I.    Employee Benefits – Billing Code 0009 (Total Hours: 15.60; Total Fees: $18,281.00)**

26.    This Subject Matter includes employee compensation and benefits matters and other employee relations matters.  Time billed to this Subject Matter includes significant analysis and correspondence with the Debtors and the Committees regarding the term sheet for the

employment of Fred Chin, in his capacity as CEO of the post-confirmation Wind-Down Entity. That term sheet was filed with the Court on September 24, 2018 as part of the Debtors' Plan Supplement.

**J.      Employment and Fee Applications – Billing Code 0010 (Total Hours: 21.40; Total Fees: $17,237.00)**

27.    This Subject Matter includes preparation of KTB&S's fee applications and work concerning retention and fee requests by other professionals.  During the Application Period, KTB&S attorneys billed time to this Subject Matter in connection with the preparation of KTB&S's September monthly fee application and KTB&S's third interim fee application.  Time in this Subject Matter also includes work relating to resolutions of fee requests submitted by numerous other Debtor professionals.  In addition, KTB&S attorneys spent time analyzing compensation applications for the Debtors' other professionals and the Committees' professionals.

**K.      Financing and Cash Collateral – Billing Code 0012 (Total Hours: 12.80; Total Fees: $13,567.00)**

28.    This Subject Matter includes negotiation and documentation of debtor in possession financing and cash collateral issues and related services.  During the Application Period, time in this category primarily involved communications, negotiations and analysis regarding a potential DIP amendment (ultimately filed with the Court on November 15, 2018, at Docket No. 3002).

**L.      Litigation and Adversary Proceedings – Billing Code 0013 (Total Hours: 90.30; Total Fees: $80,789.50)**

29.    This Subject Matter includes all litigation and adversary proceedings (*i.e.,* actions initiated by a complaint in the Bankruptcy Court) and includes all other contested matters that do not fit within another, more specific matter description.  Time billed to this category generally

included analysis of documents (pleadings, correspondence, etc.) in contested matters and adversary proceedings in and related to the Debtors' cases.

30.     Throughout the Application Period, KTB&S spent time in connection with an appeal filed by Contrarian Funds, LLC ("Contrarian"), arising out of an objection filed by the Debtors to a claim filed by Contrarian in the Debtors' Cases (which claim was based on a note purchased by Contrarian).  *See* Docket No. 1563 (the "Contrarian Claim Objection").  On June 20, 2018, the Court issued a ruling sustaining the Contrarian Claim Objection, which Contrarian appealed.   KTB&S spent time during the Application Period analyzing issues on appeal, communicating with Contrarian's counsel, analyzing Contrarian's opening brief on appeal, and, most significantly, draft and revise the Debtors' answering brief in response to Contrarian's brief, which was filed at the end of the Application Period.

31.     During the Application Period, KTB&S attorneys also billed time in the Litigation Subject Matter to matters regarding Comerica Bank's ("Comerica") production of documents in connection with an agreed protective order with Comerica to permit the Debtors to obtain discovery from Comerica.

32.     Also, during the Application Period, a group of claimants represented by attorney Joseph Sarachek (the "Abbott Noteholders") filed an adversary complaint seeking various relief, including counts for consumer fraud and elder abuse.  Adv. No. 18-50880.  KTB&S spent significant time analyzing the complaint filed by the Abbott Noteholders and strategizing regarding a response to the complaint.

33.     KTB&S also worked closely with the Debtors regarding the status of numerous pending state-court litigation matters and appeals involving one or more of the Debtors,

including extensive communications with the Debtors and their state court counsel in such matters.

**M.      Meetings and Communications with Creditors - Billing Code 0014 (Total Hours: 11.90; Total Fees: $11,439.50)**

34.      This Subject Matter includes all actions taken to respond to creditor inquiries about the chapter 11 Cases, including inquiries and discussions with the Committee and other constituents.   During the Application Period, KTB&S attorneys spent time meeting and communicating with various creditors and parties in interest.   Specifically, KTB&S attorneys prepared for, and participated in, weekly calls with the Committees.   Time in this Subject Matter also includes phone and email discussions with numerous parties-in-interest regarding the status of the Cases, and analyses of inquiry logs from stakeholders.

**N.      Non-Working Travel – Billing Code 0015 (Total Hours: 11.50; Total Fees: $10,591.50)**

35.      This Subject Matter includes all non-working travel time, only 50% of which is billed in accordance with the Local Rules and the Guidelines.   During the Application Period, KTB&S attorneys Michael L. Tuchin, Whitman L. Holt and Jonathan M. Weiss incurred non-working travel time while traveling to and from Wilmington, Delaware in connection with attending the October 24, 2018 omnibus hearing.

**O.      Plan/Disclosure Statement - Billing Code 0016 (Total Hours: 278.30; Total Fees: $253,824.50)**

36.      This Subject Matter includes negotiation, preparation, and dissemination of chapter 11 plan(s) and related materials, including disclosure statement(s), solicitation materials, and voting materials.   Time in this Subject Matter was substantial.   During the Application Period, KTB&S attorneys, having filed the *Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2138] (as subsequently

amended, the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2139] (as subsequently amended, the "Disclosure Statement"), solicited acceptances of the Plan and prepared for the confirmation hearing, scheduled for October 24, 2018. As in previous months, KTB&S continued to work with other advisors to the Debtors and the Debtors' claims and noticing agent to ensure the timely dissemination of solicitation packages, and engaged in extensive follow-up correspondence and analysis regarding individual investors' net claim amounts, ballot inquiries, and other related matters.

37.     KTB&S attorneys spent significant time drafting and revising related documents in preparation for the confirmation hearing, including (i) the Debtors' memorandum of law in support of confirmation; (ii) four declarations in support of confirmation—from Bradley Sharp, Fred Chin, Soneet Kapila, and Emily Young; (iii) the plan ballot tabulation report; (iv) a motion under Bankruptcy Rule 9019 seeking approval of numerous plan settlements; and (v) drafts of a notice of effective date, and a final decree order for those cases that the Plan provides would be closed on the effective date. KTB&S also revised a form of confirmation order, including several changes in response to confirmation objections received from the IRS and Comerica Bank. KTB&S attorneys spent significant time during the Application Period preparing these documents, which included related research. KTB&S attorneys also analyzed a confirmation objection filed by a group of claimants represented by Joseph Sarachek, and prepared to rebut that objection at the confirmation hearing.

38.     Finally, KTB&S attorneys spent significant time analyzing and researching plan- and confirmation-related matters, in preparation for the confirmation hearing, including, but not

limited to, analyzing ballots and voting results, and preparing for live testimony at the confirmation hearing.

**P.      Real Estate Matters (Not Dispositions) – Billing Code 0017 (Total Hours: 7.20; Total Fees: $8,131.00)**

39.     This Subject Matter includes all matters relating to the Debtors' real estate holdings that do not fall within another, more specific matter description.   During the Application Period, KTB&S attorneys billed time in this Subject Matter to several real-estate related matters.   The most significant projects in this Subject Matter were analysis and correspondence with the Debtors concerning a neighbor dispute in connection with the Debtors' property at 1432 Tanager Way, as well as analysis of matters relating to mechanic's liens and title insurance.

**Q.      Reporting Matters – Billing Code 0019 (Total Hours: 1.40; Total Fees: $1,381.00)**

40.     This Subject Matter includes all matters relating to preparation of schedules of assets and liabilities and amendments thereto, statements of financial affairs and amendments thereto, operating reports, and other reports required by the U.S. Trustee or the Court.   During the Application Period, KTB&S attorneys analyzed the Debtors' monthly operating reports and 2015.3 statement.

**R.      Tax Matters – Billing Code 0020 (Total Hours: 8.10; Total Fees: $8,528.50)**

41.     This Subject Matter includes all tax-related matters.   Time billed to this Subject Matter was minimal and included (i) correspondence with the IRS regarding an IRS notice of levy and (ii) correspondence regarding post-confirmation tax issues for the entities contemplated to be created pursuant to the Debtors' Plan, including tax basis in properties and matters relating to investments held in tax-advantaged accounts.

**S.**     **Noteholder Matters – Billing Code 0022 (Total Hours: 37.80; Total Fees: $37,946.00)**

42.     This Subject Matter includes matters relevant to noteholders and communications with the representatives of the Noteholder Group.  Significant time billed to this Subject Matter included all matters relating to the adversary proceeding commenced by a group represented by attorney Joseph Sarachek (the "La Rochelle Noteholders").  Adv. No. 18-50371.  During the Application Period, KTB&S analyzed the Court's opinion dismissing the La Rochelle Noteholders' complaint, and worked on matters, including a statement concerning possible mediation, arising from the La Rochelle Noteholders' appeal of that dismissal.  KTB&S also drafted several complaints against Class 6 noteholders and engaged in correspondence and factual analysis in connection with that task.

43.     KTB&S also analyzed frequent logs of noteholder inquiries to the Debtors' claims and noticing agent.

**T.**     **Unitholder Matters – Billing Code 0023 (Total Hours: 6.80; Total Fees: $6,867.00)**

44.     This Subject Matter includes matters relevant to the Unitholder Group and communications with the representatives of the Unitholder Group.  During the Application Period, KTB&S attorneys, among other things, engaged in correspondence with counsel to the Unitholder Group, responded to Unitholder Group diligence requests, and analyzed logs of unitholder inquiries to the Debtors' claims and noticing agent.

**U.**     **Real Property Dispositions – Billing Code 0024 (Total Hours: 61.50; Total Fees: $52,303.50)**

45.     This Subject Matter includes matters relating to dispositions of the Debtors' real property assets.  During the Application Period, KTB&S attorneys drafted and revised many motions concerning numerous dispositions of real property, and, in connection with the preparation of those motions, analyzed the underlying transaction documents (listing agreements

and amendments thereto, and purchase agreements and related amendments and counters) and title documents with respect to such dispositions. KTB&S also analyzed and revised bankruptcy-related portions of numerous real estate agreements. KTB&S also communicated extensively with the Debtors' management team concerning the foregoing matters. In addition, among other things, KTB&S engaged in discussions with objecting or informally responding parties to certain sale motions, and ultimately resolved those objections or responses. Finally, KTB&S engaged in additional analysis and legal research regarding sale and closing issues in connection with certain real properties.

**V.      Regulatory Matters – Billing Code 0025 (Total Hours: 11.60; Total Fees: $10,556.00)**

46.      This Subject Matter includes matters relating to state and federal regulatory investigations concerning the Debtors. During the Application Period, KTB&S attorneys spent time preparing a motion to approve the *Final Judgment* and *Consent to Final Judgment* in connection with the Debtors' settlement with the SEC. *See* Docket No. 2723. This category also included time negotiating and/or analyzing issues relating to state regulatory agencies (specifically, Alabama, Kansas, and Arizona).

## REIMBURSEMENT OF EXPENSES

47.      During the Application Period, KTB&S incurred certain necessary expenses in rendering legal services to the Debtors. KTB&S seeks reimbursement for its reasonable, necessary, and actual expenses incurred during the Application Period for the total amount of $15,156.17. Attached as **Exhibit B** are KTB&S's itemized records detailing expenses incurred on behalf of the Debtors for the period from October 1, 2018 through October 31, 2018. Pursuant to Local Rule 2016-2(e)(iv), receipts or other support for the expense items are available on request. Actual costs incurred for computer assisted research are itemized and included in KTB&S's expenses. Pursuant to Local Rule 2016-2, KTB&S represents that its rate

for duplication is $.10 per page, and there is no charge for incoming or outgoing telecopier transmissions.

## LEGAL STANDARD

48.     Bankruptcy Code section 330(a) allows the payment of:

>     (A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

>     (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Reasonableness of compensation is evaluated by the "market-driven approach" which considers the nature, extent, and value of services provided by the professional and cost of comparable services in the non-bankruptcy contexts.  *See Zolfo, Cooper & Co. v. Sunbeam-Oster Co*., 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctrs., Inc.*, 19 F.3d 833, 849 (3d Cir. 1994).  Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

49.     In accordance with its practices in non-bankruptcy matters, KTB&S has calculated its compensation requested in its Application by applying its standard hourly rates, which it charges to other bankruptcy and non-bankruptcy clients.  KTB&S's hourly rates are within the range of rates that are charged by comparable firms in similar bankruptcy cases.  Accordingly, KTB&S's rates should be determined to be reasonable under section 330 of the Bankruptcy Code.

50.     Other guideline factors to be considered in awarding attorneys' fees were enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), a non-bankruptcy case.  *See also In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) (applying the *Johnson* factors to a case under the Bankruptcy Act).  The Third Circuit

has suggested that the *Johnson* guideline factors, which are set forth below, may be relevant to determining attorneys' fees under the Bankruptcy Code. *See, e.g.*, *Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 & n.8 (3d Cir. 1999) (enumerating the *Johnson* factors and noting that "many courts continue to employ the twelve factors set forth in *Johnson*"). KTB&S respectfully submits that, if necessary, a consideration of these factors would result in this Court's allowance of the full compensation sought.

(1) **The Time and Labor Required**. KTB&S's professional services on behalf of the Debtors have required 745.30 hours of attorney and paralegal time in the Application Period. KTB&S has staffed these Cases efficiently. Where work could be efficiently performed by attorneys with lower rates, KTB&S used such attorneys to perform such assignments. A significant amount of the services rendered required a high degree of professional competence and expertise. For those services, KTB&S used senior attorneys in the interests of staffing the Cases efficiently.

(2) **The Novelty and Difficulty of Questions**. Novel and complex issues arose during the Application Period. KTB&S has advised the Debtors with respect to these issues.

(3) **The Skill Requisite to Perform the Legal Services Properly**. These Cases are complex and require a high level of skill and expertise to perform the legal services properly.

(4) **The Preclusion of Other Employment by Applicant Due to Acceptance of the Cases**. KTB&S is not aware of any other employment precluded by acceptance of these Cases. However, KTB&S attorneys who were busy providing services to the Debtors were not available to service other clients at their customary rates.

(5) **The Customary Fee.** The compensation sought herein is based upon KTB&S's normal hourly rates for services of this kind and is competitive with other national bankruptcy firms.

(6) **Whether the Fee is Fixed or Contingent.** KTB&S's fees are fixed, not dependent on the outcome in these Cases. However, pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals retained under sections 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

(7) **Time Limitation Imposed by Client or Other Circumstances.** Various matters had to be addressed on an expedited basis in these Cases, including, among other issues, immediately getting up to speed on all matters relating to the Cases,

01:23873965.1

24

addressing time-sensitive matters with regulatory agencies, responding to numerous requests for meetings, information, and documents from other constituencies, the handling of pending real property dispositions with associated closing deadlines, and the negotiation, filing, and prosecution of the Plan and Disclosure Statement and related documentation.

(8) **The Amount Involved and Results Obtained**. The amount of time spent on various tasks has been reasonable and necessary, and KTB&S believes that its efforts have benefited the Debtors, as discussed in detail herein in the summaries of the various Subject Matters. In particular, KTB&S believes that it has provided substantial value to the Debtors (and all stakeholders) through its negotiation and preparation of the Debtors' Plan, through which KTB&S built consensus among the constituencies and negotiated a Plan that KTB&S is hopeful will ensure that estate funds are not spent on what could otherwise be years of protracted and expensive litigation.

(9) **The Experience, Reputation and Ability of the Attorneys.** KTB&S's attorneys involved in this representation have played a major role in many large bankruptcy cases and have received awards and recognition.

(10) **The "Undesirability" of the Cases.** Although not in the least undesirable, these Cases have required a significant commitment of time from several of KTB&S's most experienced attorneys.

(11) **Nature and Length of Professional Relationship.** KTB&S was employed *nunc pro tunc* to February 14, 2018 pursuant to an order of this Court entered March 16, 2018.

## RESERVATION

51. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Application Period but were not processed prior to the preparation of this Application, or KTB&S has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period, KTB&S reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## CONCLUSION

**WHEREFORE**, KTB&S respectfully requests (i) allowance of compensation for professional services rendered to the Debtors during the Application Period in the amount of

$681,341.50 and reimbursement for actual and necessary costs and expenses incurred by KTB&S during the Application Period in the amount of $15,156.17 for a total of $696,497.67; (ii) that, in accordance with the Compensation Procedures Order and in accordance with KTB&S's agreement to cap its case-wide attorney hourly rate at $850 per hour, the Court direct the Debtors to pay KTB&S the amount of $505,582.17, representing 80% of the total amount of fees (assuming an $850 per hour blended rate for attorney time) and 100% of the expenses allowed;[4] (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to KTB&S's right to seek further compensation for the full value of services performed and expenses incurred; and (iv) that the Court grant KTB&S such other and further relief as is just.

Dated: November 16, 2018
      Los Angeles, California

/s/ Jonathan M. Weiss
KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Email: kklee@ktbslaw.com
      mtuchin@ktbslaw.com
      dfidler@ktbslaw.com
      jweiss@ktbslaw.com

*Counsel for the Debtors and Debtors in Possession*

---

[4]   KTB&S's total fees for October 2018 assuming an $850 blended hourly rate for attorneys total $613,032.50. 80% of such amount totals $490,426.00. Adding KTB&S's expenses results in total payment of $505,582.17. As stated in paragraph 9, KTB&S reserves its right to seek payment of additional allowed fees if its case-wide blended rate and prior payments permit such payment.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |

### CERTIFICATION OF JONATHAN M. WEISS

I, Jonathan M. Weiss, an attorney-at-law duly admitted in good standing to practice in the State of California, hereby certify that:

1.      I am a partner in the law firm Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S"). I am duly authorized to make this certification on behalf of KTB&S.  KTB&S was retained as counsel for the above-referenced debtors and debtors in possession (the "Debtors") pursuant to an order of the Court entered on March 16, 2018.

2.      I have personally performed many of the legal services KTB&S rendered on behalf of the Debtors and I am familiar with the other work performed on behalf of the Debtors by the other lawyers at KTB&S.

3.      I prepared the *Ninth Monthly Application of Klee, Tuchin, Bogdanoff & Stern LLP, as Counsel for the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period October 1, 2018 Through October 31, 2018*

---

[1]     The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

(the "Application").  The facts set forth in the Application are true and correct to the best of my knowledge, information, and belief.

4.       KTB&S's rates for the services rendered by its attorneys and its paralegal in these chapter 11 Cases are the same rates KTB&S charges for attorney and paralegal services rendered in comparable bankruptcy and non-bankruptcy related matters, except that, in light of the public interest nature of this case, KTB&S has provided certain reductions to the Debtors as more fully described in the Application.   Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

5.       I have reviewed the Court's Local Rule 2016-2 and the *United States Trustee's Guidelines for Review of Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "Guidelines").  I believe that the Application substantially complies with Local Rule 2016-2 and the Guidelines.

Executed under penalty of perjury of the laws of the United States on this 16th day of November 2018.

_/s/ Jonathan M. Weiss_____
Jonathan M. Weiss