**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |

**DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTORS' MOTION
TO SELL 218 CRYSTAL CANYON DRIVE, CARBONDALE, COLORADO PROPERTY**

I, Bradley D. Sharp, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1.   I am President and CEO of Development Specialists, Inc. ("DSI"), located at 333 S. Grand Avenue Suite 4070, Los Angeles, California 90071, and the Chief Restructuring Officer of WGC Independent Manager LLC, a Delaware limited liability company ("WGC Independent Manager"), which is the sole manager of debtor Woodbridge Group of Companies, LLC, a Delaware limited liability company and an affiliate of each of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors"). I submit this declaration (this "Declaration") in support of the *Debtors' Motion for Entry of an Order (I) Authorizing the Sale of 218 Crystal Canyon Drive, Carbondale, Colorado Property Owned by the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Approving*

---

[1]   The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

*the Related Purchase Agreement; and (III) Granting Related Relief* (the "Sale Motion").[2] All facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents, and discussions with the Debtors' professional advisors. I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

2. Pursuant to the terms of the settlement approved by this Court on January 23, 2018 between the Debtors, the Official Committee of Unsecured Creditors, the Securities and Exchange Commission, the Ad Hoc Committee of Noteholders, and the Ad Hoc Committee of Unitholders (the "Settlement"), the Debtors' board of managers was reconstituted as a three-person board consisting of Richard Nevins, M. Freddie Reiss, and Michael Goldberg (collectively, the "Board") [D.I. 357-1]. On January 26, 2018, the Board approved my retention as the Debtors' new Chief Restructuring Officer. On February 13, 2018, the Court entered an order approving my retention as Chief Restructuring Officer [D.I. 573].

3. The Property consists of a vacant lot situated in the River Valley Ranch community in Carbondale, Colorado. I understand that in July 2016 the Seller purchased the Property for $120,000 as part of a bulk purchase of lots in the area with the intention of holding the various lots for future sale as vacant lots or for future possible development. Ultimately, the Debtors determined that there would be no benefit to constructing a new home on the Real Property given the existing inventory in the community in which the Property is located.

4. In consultation with the Debtors' other advisors, I have determined that selling the Property now on an "as is" basis best maximizes the value of the Property. The Property has not

---

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Sale Motion.

been formally listed on the multiple-listing service; however, the Debtors have listed comparable lots in the River Valley Ranch community, and all the Debtors' listings for lots in the community state that other, similar lots are available for purchase upon inquiry to the listing broker. In addition, all the Debtors' available lots for purchase in the Aspen Glen and River Valley Ranch areas (including the Property) have been marketed through announcements to the brokerage community and advertisements in various publications. The Purchaser's all cash offer under the Purchase Agreement is the highest and otherwise best offer (and the only offer) the Debtors have received for the Property. Moreover, I, in consultation with the Debtors other advisors, have determined that the sale price, which exceeds the Seller's purchase price by $60,000, is reasonable in comparison to comparable properties in the market in which the Property is located. Accordingly, I have determined that selling the Property on an "as is" basis to the Purchaser is the best way to maximize the value of the Property.

5.     On October 31, 2018, the Purchaser made an all cash offer for the Property in the amount of $175,000. On November 1, 2018, the Debtors countered the Purchaser's offer at $180,000, with no commission to be payable to any broker for the Purchaser, and the Purchaser accepted. The Debtors believe that this all cash purchase price provides significant value, and accordingly, the Seller countersigned the final Purchase Agreement on November 2, 2018. Under the Purchase Agreement, the Purchaser agreed to purchase the Property for $180,000, with an $8,750 initial cash deposit, and the balance of $171,250 to be paid in cash at closing, with no financing contingencies.

6.     To the best of my knowledge, (i) the Purchase Agreement was the product of good faith, arm's-length negotiations between the Purchaser and the Seller, (ii) the Purchaser is not related to or an affiliate of the Debtors or any of their insiders or former insiders, and (iii) no

non-debtor affiliate or current or former officer, director, employee, managing member or affiliate of any of the Debtors (other than Seller) is a party to, or broker in connection with, the Sale, except as disclosed in the Sale Motion with respect to Laura Gee, the Seller's broker, who is currently employed by Sotheby's, but is a former employee of Woodbridge Realty of Colorado, LLC, which is controlled by Robert Shapiro.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 28, 2018            */s/ Bradley D. Sharp*
                                    Bradley D. Sharp
                                    Chief Restructuring Officer, WGC Independent
                                    Manager, LLC