# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-12560 (KJC) <br><br> (Jointly Administered) <br><br> **Hearing Date:** <br> January 22, 2018, at 10:00 a.m. (ET) <br><br> **Objection Deadline:** <br> December 31, 2018, at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, APPROVING THE SETTLEMENT AGREEMENT BY AND BETWEEN DEBTOR BELLFLOWER FUNDING, LLC AND 50 WEST OWNERS CORP. AND AKAM ASSOCIATES, INC.

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), hereby move the Court (this "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving that certain *Stipulation of Settlement* between Debtor Bellflower Funding, LLC ("Bellflower") and 50 West Owners Corp. ("50 West Owners") and AKAM Associates, Inc. ("AKAM," and together with 50 West Owners, the "Defendants"), attached as Exhibit 1 to the Proposed Order (the "Settlement

---

[1]   The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

Agreement"),[2] which fully resolves the state court action entitled, *Bellflower Funding, LLC v. 50 West Owners Corp. and AKAM Associates, Inc.*, Index Number 654851/2017, pending in the Supreme Court of State of New York, County of New York (the "Action"), and (ii) granting related relief.  In support of this Motion, the Debtors rely on the *Declaration of Bradley D. Sharp in Support of the Debtors' Motion for Entry of an Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Settlement Agreement by and between Debtor Bellflower Funding, LLC and 50 West Owners Corp. and AKAM Associates, Inc.* ("Sharp Decl."), filed concurrently herewith, and respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

01:23877944.3

## GENERAL BACKGROUND

2. On December 4, 2017, 279 of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. Thereafter on February 9, 2018, March 9, 2018, March 23, 2018, and March 27, 2018, additional affiliated Debtors (27 in total) commenced voluntary cases under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3. The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No trustee or examiner has been appointed in the Chapter 11 Cases. An official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases on December 14, 2017 [Docket No. 79]. On January 23, 2018, the Court approved a settlement providing for the formation of an ad hoc noteholder group (the "Noteholder Group") and an ad hoc unitholder group (the "Unitholder Group") [Docket No. 357].

4. Through the Court's entry of the Confirmation Order [Docket No. 2903], the Court confirmed the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* [Docket No. 2397] (the "Plan").

## THE ACTION

5. On July 18, 2017, Bellflower filed the Action in the Supreme Court of the State of New York, County of New York alleging, *inter alia*, that Bellflower is the holder of the unsold shares of the shares of stock and the proprietary lease (the "Lease") for Apartment 12B (the "Apartment") of the cooperative apartment building situated at 50 West 96th Street, New York, NY 10025 (the "Premises"). Sharp Decl. ¶ 2.

01:23877944.3

6. After months of pending litigation, Bellflower and Defendants, wishing to avoid the risk, expense and uncertainty of further litigation, have agreed to fully resolve the Action under the terms set forth in the Settlement Agreement. Sharp Decl. ¶ 6.

## SUMMARY OF SALIENT TERMS OF THE SETTLEMENT AGREEMENT[3]

7. The Settlement Agreement provides, among other things, that (i) Bellflower will pay the Settlement Sum to Defendants, which consists of $17,500.00 on account of a flip tax and the total outstanding monthly maintenance and other related charges owed (which amounts equaled $66,465.49 as of October 31, 2018, but are continuing to accumulate monthly); (ii) upon full payment of the Settlement Sum by Bellflower, Defendants will (a) waive all late charges that have been assessed against the Shares and Lease and (b) remove any such charges from the account for the Apartment and/or Bellflower; (iii) Defendants agree to recognize Bellflower (including its successors and/or assigns), as of the date of the Foreclosure, as "holders of unsold shares," and Bellflower, its successors and/or assigns, shall be entitled to the rights and privileges of same ("Unsold Share status") as set forth in the Governing Documents; (iv) the Unsold Share Status shall include exemption from the payment by Bellflower, its successors and/or assigns, of fees or flip taxes of any kind whatsoever, aside from the Settlement Sum, if and/or when Bellflower, its successors and/or assigns, sell the Apartment with the exception of the administrative fees payable to the managing agent and/or 50 West Owners' attorney in connection with any transfer of the Shares and Lease; (v) upon the Effective Date, Defendants agree to facilitate the transfer of the physical Shares and Lease to Bellflower, or such other entity as Bellflower may designate, and the Unsold Share Status as to same, provided there is

---

[3] In the event of a conflict between any term addressed in this summary with any term in the Settlement Agreement, the Settlement Agreement will govern in all respects.

01:23877944.3

4

compliance with the Governing Document; and (vi) the Settlement Agreement is subject to the approval of the Court pursuant to this Motion.

## RELIEF REQUESTED

8.     By this Motion, the Debtors request the entry of the Proposed Order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Settlement Agreement and granting related relief.

## BASIS FOR RELIEF

9.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides, in pertinent part, that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." *See* Fed. R. Bank. P. 9019(a).

10.     "The federal courts have a well-established policy of encouraging settlement to promote judicial economy and limit the waste of judicial resources." *Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc*., 523 F. Supp. 2d 376, 384 (S.D.N.Y. 2007); *see also, e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27–28 (1994) (discussing the general utility of settlement vis-à-vis judicial economy at various stages of proceedings). The force of this established federal policy is particularly acute in the bankruptcy context, where compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Indeed, in order to "minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 9019.3[1] (15th ed. rev. 1993)); *see also In re Penn Cent. Transp. Co.*, 596 F.2d

01:23877944.3

5

1102, 1113 (3d Cir. 1979); *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Culmtech, Ltd.*, 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990).

11.     The decision whether to approve a proposed settlement is committed to the discretion of the bankruptcy court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  In exercising that discretion, the United States Court of Appeals for the Third Circuit has stated that courts should consider "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393; *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006); *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998).  The proponent of a settlement is not required to demonstrate "that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is "'within the reasonable range of litigation possibilities.'" *In re World Health*, 344 B.R. at 296; *see also, e.g.*, *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (Sotomayor, J.) ("[I]n assessing the fairness of the settlement, a judge does not have to be convinced that the settlement is the best possible compromise or that the parties have maximized their recovery."); *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) ("[T]he court does not have to be convinced that the settlement is the best possible compromise.").

12.     The Debtors have determined, in an exercise of the Debtors' sound business judgment, that the terms of the Settlement Agreement are fair and reasonable and that the best interests of the Debtors' estates and creditors will be served by the entry of the Proposed Order. Sharp Decl. ¶ 4. The terms of the Settlement Agreement are the product of good faith,

01:23877944.3

arm's-length negotiations between the Debtors and Defendants. *Id.* Further, the settlement falls well within the range of reasonable litigation outcomes in that the Settlement Agreement provides Bellflower with substantially all it seeks pursuant to the Action—(i) waiver of the late fees added to the account, (ii) transfer of the Unsold Share Status to Bellflower and its successors and/or assigns along with all rights appurtenant and related thereto, including but not limited to the fact that Bellflower will not have to pay any flip tax in the future, nor will any person or entity that Bellower sells or assigns the shares and lease to, and (iii) declaratory judgment that the Unsold Share Status will continue and remain with Bellflower and its successors and/or assigns until such time as the Tenant that is currently residing in the unit vacates, after which Bellflower or its successors or assigns will have to sell the unit to a person who will be actually residing in the apartment.

13. Turning to the *Martin* factors, a *bona fide* dispute exists concerning the Action, pursuant to which Bellflower contends that Defendants improperly refused to transfer the shares of stock and proprietary lease of the Premises and insisted on payment of a high flip tax as a condition of any transfer and any future transfer of such stock and lease. Given the fact-intensive nature of the dispute, the Debtors could ultimately be unsuccessful. Given this uncertainty and the positive resolution of the issues embodied by the terms of the Settlement Agreement, the first *Martin* factor—probability of success in the litigation—weighs in favor of approving the Settlement Agreement. In addition, absent approval of the Settlement Agreement, the Debtors would be forced to proceed with prosecuting the Action, including seeking additional discovery, drafting briefs, and preparing for argument, which would require the time, attention, and resources of the Debtors and their management and professionals. Sharp Decl. ¶ 6. By contrast, the Settlement Agreement resolves the parties' disputes in an efficient and consensual manner,

avoiding costly and time-consuming litigation that would detract from the value of the estates and the recovery of creditors. *Id.* Moreover, the proposed consensual resolution of this dispute will free the Debtors to devote additional time and effort to the numerous other issues confronting them in these Chapter 11 Cases. *Id.* Therefore, the third and fourth *Martin* factors—the complexity of the litigation and the expense, inconvenience, and delay necessarily attending it as well as the consideration of the paramount interests of creditors—further support approving the Settlement Agreement.

14. Accordingly, the Debtors respectfully submit that the Settlement Agreement is fair, reasonable, and in the best interests of the estates and should therefore be approved under Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

## NOTICE

15. The Debtors have provided notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the DIP lender; (iii) counsel for the Committee; (iv) counsel for the Noteholder Group; (v) counsel for the Unitholder Group; (vi) the Defendants and counsel thereto; and (vii) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Signature page follows]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order granting the relief requested herein and (ii) grant such other and further relief as may be just and proper under the circumstances.

Dated: December 17, 2018  　　　/s/ Betsy L. Feldman
　　　　Wilmington, Delaware
　　　　　　　　　　　YOUNG CONAWAY STARGATT & TAYLOR, LLP
　　　　　　　　　　　Sean M. Beach (No. 4070)
　　　　　　　　　　　Edmon L. Morton (No. 3856)
　　　　　　　　　　　Ian J. Bambrick (No. 5455)
　　　　　　　　　　　Betsy L. Feldman (No. 6410)
　　　　　　　　　　　Rodney Square
　　　　　　　　　　　1000 North King Street
　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　Tel:   (302) 571-6600
　　　　　　　　　　　Fax:  (302) 571-1253

　　　　　　　　　　　-and-

　　　　　　　　　　　KLEE, TUCHIN, BOGDANOFF & STERN LLP
　　　　　　　　　　　Kenneth N. Klee (*pro hac vice*)
　　　　　　　　　　　Michael L. Tuchin (*pro hac vice*)
　　　　　　　　　　　David A. Fidler (*pro hac vice*)
　　　　　　　　　　　Jonathan M. Weiss (*pro hac vice*)
　　　　　　　　　　　1999 Avenue of the Stars
　　　　　　　　　　　39th Floor
　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　Tel:   (310) 407-4000
　　　　　　　　　　　Fax:  (310) 407-9090

　　　　　　　　　　　*Counsel for the Debtors and Debtors in Possession*