**Exhibit 1 to Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | Case No. 17-12560 (KJC) |
| | Jointly Administered |
| Debtors.[1] | |

**STIPULATION RESOLVING CONFIRMATION OBJECTION, ADVERSARY PROCEEDINGS 18-50371 AND 18-50880, MOTION TO FILE LATE PROOFS OF CLAIM, RELATED APPEALS, MOTIONS AND CLAIMS, AND MOTION TO REVOKE PRO HAC VICE ADMISSION OF JOSEPH SARACHEK; ORDER THEREON**

This Stipulation is entered into among (1) Joseph Sarachek and The Sarachek Law Firm, on their own behalf (collectively, the **"Sarachek Law Firm"**) and on behalf of all of the Sarachek Law Firm's clients in these chapter 11 cases, including those who are parties to the adversary proceedings identified herein (collectively, the **"Clients"**), (2) the debtors and debtors in possession referred to in the caption above (collectively, the **"Debtors"**), (3) the Official Committee of Unsecured Creditors in these cases (the **"UCC"**), (4) the Ad Hoc Noteholder Group (the **"Noteholder Group"**), and (5) the Official Ad Hoc Committee of Unitholders (the **"Unitholder Group"** and, collectively with the UCC and Noteholder Group, the **"Committees"**), based on the following:

1.     In these chapter 11 cases and in the adversary proceedings identified herein (as to certain of the Clients), the Sarachek Law Firm represents the Clients listed on the Sarachek Law Firm's Third Amended Verified Statement Pursuant to Rule 2019 of the Federal Rules of

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603.  The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423.   The complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the noticing and claims agent at www.gardencitygroup.com/cases/WGC.

Bankruptcy Procedure of The Sarachek Law Firm filed on November 5, 2018 [ECF No. 2930] (the "**Rule 2019 Statement**"). Under a prior Stipulation Resolving Pro Hac Vice Admission of Joseph E. Sarachek that was "so ordered" by the Bankruptcy Court on May 31, 2018 [ECF No. 1893] (the "**Pro Hac Stipulation**"), the Sarachek Law Firm agreed to certain limitations and conditions on the fees it may charge its Clients in these chapter 11 cases and in any related proceedings.

2.      On October 3, 2018, the UCC filed its Motion to Revoke Pro Hac Vice Admission of Joseph Sarachek [ECF No. 2733] (the "**Motion**"), alleging that the Sarachek Law Firm had conflicts of interests among its clients that disqualified it from continuing to represent them in these chapter 11 cases and in any related proceedings.  On October 22, 2018, the Unitholder Group joined the Motion [ECF No. 2850].

3.      The Sarachek Law Firm filed its Objection to the Motion on October 17, 2018 [ECF No. 2805], along with a Declaration of Joseph Sarachek in support of the Objection [ECF No. 2806].

4.      Some of the Clients filed an adversary proceeding seeking to establish the validity of an alleged lien on certain property of the estate, captioned *De La Rochelle v. Woodbridge Group of Companies, LLC*, Adv. Proc. No. 18-50371 (KJC) (the "**Owlwood Adversary Proceeding**").  The Bankruptcy Court dismissed the Owlwood Adversary Proceeding by order entered October 5, 2018 [A.P. ECF No. 27]. The applicable Clients filed a notice of appeal from the order dismissing the Owlwood Adversary Proceeding on October 9, 2018 [A.P. No. ECF 28], which appeal has been assigned Civil Case No. 18-01555 (LPS) by the United States District Court for the District of Delaware (the "**AP Appeal**").

5.      Among other things, the order dismissing the Owlwood Adversary Proceeding gave "leave to allow Plaintiffs to file motions in the main bankruptcy case seeking allowance to

-2-

file late proofs of claim" relating to putative claims of certain of the Clients under California's Elder Abuse Act.  On November 5, 2018, certain of the Clients filed the *Motion for Patricia and Kent Fletcher [et al.] for Authority to File Late Proofs of Claim* [ECF No. 2933] (the "**Late Claim Motion**").

6.       On October 4, 2018, some of the Clients filed a *Complaint for Declaratory Judgement* [sic]*, Consumer Fraud, and Elderly Abuse,* thereby commencing *Abbott, et al. v. Woodbridge Group of Companies, LLC, et al. (In re Woodbridge Group of Companies, LLC)*, Adv. Proc. No. 18-50880 (KJC) (the "**Abbott Adversary Proceeding**"), but the complaint in the Abbott Adversary Proceeding has not been served on the Debtors.

7.       The Clients objected to confirmation of the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors [ECF No. 2397] (the "**Plan**").[2] The Bankruptcy Court overruled the objections and confirmed the Plan by order entered October 26, 2018 [ECF No. 2903]. On November 9, 2018, the Clients filed a notice of appeal from the confirmation order [ECF No. 2957], which appeal has been assigned Civil Case No. 18-01782 (LPS) by the United States District Court for the District of Delaware (the "**Confirmation Appeal**"), and a motion for a stay of the confirmation order pending appeal [ECF No. 2958] (the "**Stay Motion**").  On November 28, 2018, the Bankruptcy Court entered an order denying the Stay Motion [ECF No. 3089] (the "**Stay Order**"); the Clients did not file a notice of appeal with respect to the Stay Order.

8.       The Sarachek Law Firm, the Clients, the Debtors and each of the Committees wish to fully and finally settle and resolve all of the pending matters described above and conclude any further claims or litigation in this chapter 11 case relating to those matters.

---

[2] Capitalized terms used but not otherwise defined herein have meanings given to those terms by the Plan.

**NOW, THEREFORE, IT IS STIPULATED:**

9.      Within three business days after the Operative Date, the Clients shall (1) dismiss with prejudice (i) all pending appeals, including the AP Appeal and the Confirmation Appeal, and (ii) the Late Claim Motion; and (2) withdraw with prejudice the Abbott Adversary Proceeding.

10.     Neither the Clients nor the Sarachek Law Firm shall file or seek to file any new or other claims, motions or adversary proceedings save and except to enforce the provisions of the Plan and this Stipulation.

11.     Neither the dismissals nor any of the other waivers and agreements herein by the Clients, including as set forth or incorporated into paragraphs 9 and 10, shall be subject to reconsideration, correction or other relief, including pursuant to 11 U.S.C. § 502(j) or Rule 9024 of the Federal Rules of Bankruptcy Procedure (including the reserved powers contained in Rule 60(d) of the Federal Rules of Civil Procedure, incorporated into Rule 9024).

12.     As of the Operative Date, the Clients shall be deemed to have withdrawn with prejudice any proofs of claim or other filings asserting any claims under the elder abuse laws of California or any other state or any similar or comparable laws.

13.     Except to the extent that they have been designated as "Excluded Parties" under the Plan, the Clients' claims for their investments in the Debtors, as Notes or Units, shall be allowed on the Effective Date of the Plan as Class 3 or Class 5 Claims, as applicable, based solely on the applicable Net Note Claim or Net Unit Claim amounts set forth in Schedule 3 to the Disclosure Statement and shall receive distributions under the Plan at the same time and in the same manner as other Allowed Class 3 or Class 5 Claims, as the case may be. Any of the Clients who hold Class 6 Claims hereby affirmatively consent to reclassification of such Claims as Class 3 Claims as contemplated by Section 3.7 of the Plan.  Notwithstanding any provision in the

-4-

Plan, each Client may agree as set forth below to irrevocably contribute his, her, or its Contributed Claims, as contemplated by the last paragraphs of Sections 3.4, 3.6, and 3.7 of the Plan, with full effect as if the Client had so elected on a Ballot. The Sarachek Law Firm will prepare a schedule of all Clients electing to contribute their Contributed Claims pursuant to the preceding sentence, share a draft of such schedule with the Debtors' counsel within 20 calendar days after the Operative Date, and, subject to any comments from Debtors' counsel to be provided within 3 business days after their receipt of such schedule, file such schedule on the docket of these cases. For the avoidance of doubt, (i) no Client shall receive a distribution greater than she, he, or it would have received had such Client never retained the Sarachek Law Firm; and (ii) no Client shall have or assert any other claim of any kind allowed in these cases other than the Class 3 and Class 5 Claims that are specifically Allowed pursuant to this paragraph 13 (or, in the case of any Excluded Parties, that are affirmatively Allowed by a Final Order), and any and all such other potential claims are hereby fully and forever waived, disclaimed, and released.[3]

14.    The Sarachek Law Firm and its co-counsels may request from the Clients the full amount of their fees, net of the Payment (as defined in Paragraph 16 below) (a "Fee Request"), subject only to the limitations in the Pro Hac Stipulation and the June engagement letter with the Clients and to the provision of paragraph 15 of this Stipulation. In that regard, simultaneously with any Fee Request to the Clients, the Sarachek Law Firm shall 14. provide each of the Clients with a copy of this Stipulation and the Pro Hac Vice Stipulation, 14. provide

---

[3] To the extent applicable to any of the Clients, each such Client expressly, voluntarily, and knowingly waives and relinquishes any and all rights and benefits which he, she, or it has or may have under California Civil Code Section 1542, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

a calculation showing the basis of any Fee Request, and (c) inform each of the Clients that they have the right to object to any Fee Request and that the Bankruptcy Court shall have retained jurisdiction to consider any dispute concerning any Fee Request. The Debtors and the Committees agree not to object to any fee request that the Sarachek Law Firm may make to its Clients, provided that such Fee Request is consistent with the terms of the Sarachek Law Firm's existing engagement agreements with each of its Clients.

15.    The Sarachek Law Firm and its Clients will not assert that the Sarachek Law Firm has made a "substantial contribution" to these cases, as that term is used in Bankruptcy Code section 503(b).  The Sarachek Law Firm, on behalf of itself, its co-counsels, and its own retained counsel, together with the Clients, having agreed to the Payment (as defined in paragraph 16) as the sole payment by the Debtors, agree that no such firms, attorneys or any Client will be entitled to or seek any additional fees or costs from the Debtors' estates, whether as a "substantial contribution" pursuant to Bankruptcy Code section 503(b)(3)(D) or otherwise.

16.    Promptly upon (but no later than two business days after) satisfaction of the dismissals and withdrawal set forth in paragraph 9 above, the Debtors shall pay a total of $500,000 to The Sarachek Law Firm (the "**Payment**"), to be applied dollar-for-dollar by the Sarachek Law Firm to the fees otherwise chargeable to the Clients, and the Sarachek Law Firm shall reduce the fees otherwise owing by the Clients by the amount of such Payment.

17.    The disbursing agent under the Plan shall make all distributions of Liquidation Trust Interests and Cash distributable on account of the Allowed Note Claims and Unit Claims of those Clients who are identified in the Rule 2019 Statement to a specially designated Trust Account established by the Sarachek Law Firm until otherwise instructed in writing by the Sarachek Law Firm.  Neither the Debtors, nor the successors to the Debtors under the Plan, nor the Committees, nor the disbursing agent under the Plan assume or shall have any

-6-

responsibility with respect to the allocation or subsequent turnover of any property as between the Sarachek Law Firm and the Clients, all of which is the sole responsibility of the Sarachek Law Firm. The Order approving this Stipulation shall provide that neither the Debtors, nor the successors to the Debtors under the Plan, nor the Committees, nor the disbursing agent under the Plan shall have any liability or obligation to any of the Clients and that their sole recourse shall be to the Sarachek Law Firm. Without limiting the preceding, the Sarachek Law Firm shall indemnify and hold harmless the Debtors, the successors to the Debtors under the Plan, each of the Committees, and the disbursing agent under the Plan (and their respective attorneys, agents, and representatives) from and against any claim by any Client concerning any distributions made to the Sarachek Law Firm rather than to such Client.

18.    Within three business days after the Operative Date, the UCC shall withdraw the Motion with prejudice. The Debtor and the Committees shall not file or seek to file any new or other claims, motions or adversary proceedings against The Sarachek Law Firm or Joseph Sarachek relating to any action or filing that either made on behalf of the Clients in the Debtors' bankruptcy cases and related proceedings prior to the date on which this Stipulation is executed, save and except to enforce the provisions of the Plan and this Stipulation. Furthermore, no inference of wrongdoing shall be inferred from disposition of the Motion, and the Parties[4] and their counsel shall not disparage any other Party or their counsel in any public or private forum for any action taken in these cases.

19.    This Stipulation shall be operative on the date an order of the Bankruptcy Court is entered approving this Stipulation (the "**Operative Date**"), and not before; *provided, however,* that Paragraphs 10, 21, and 22 shall be Operative upon execution of this Stipulation.

---

[4] "Parties" means, collectively, the Sarachek Law Firm, the Clients, the Debtors, the UCC, the Noteholder Group, and the Unitholder Group, and each of the foregoing is individually a "Party."

20.     During the pendency of the Debtors' bankruptcy cases, the Parties expressly consent and submit to the exclusive jurisdiction of the Bankruptcy Court regarding any actions or proceedings relating to the enforcement or interpretation of this Stipulation and any party bringing any such action or proceeding must bring such action or proceeding in the Bankruptcy Court. The Parties further expressly consent to the Bankruptcy Court entering a final judgment determining any such action or proceeding.

21.     The Sarachek Law Firm represents and warrants that it is duly authorized and empowered to execute this Stipulation on behalf of all of the Clients and to bind all of the Clients to its terms. The Sarachek Law Firm shall indemnify and hold harmless the Debtors, the successors to the Debtors under the Plan, each of the Committees, and the disbursing agent under the Plan (and their respective attorneys, agents, and representatives) from and against any claim by any Client concerning the entry into or enforceability of this Stipulation with respect to such Client.

22.     The Parties shall not take any action inconsistent with the terms and conditions of this Stipulation from the date of execution to the earlier to occur of either (a) the Operative Date or (b) the Bankruptcy Court's decision and/or order denying the Parties request to approve this Stipulation.

DOCS_NY:38466.4 94811/002

DATED: December 18, 2018

JENNER & BLOCK

/s/ Richard Levin
Richard Levin
919 3rd Avenue
New York, NY 10022
Telephone: (212) 891-1600
E-mail: rlevin@jenner.com

*Counsel for the Sarachek Law Firm*

THE SARACHEK LAW FIRM

/s/ Joseph E. Sarachek
Joseph E. Sarachek (NY Bar No. 2163228)
101 Park Avenue, Suite 2701
New York, NY 10178
Telephone: 212365-8792
Facsimile: 646-861-4950
E-mail: joe@sarscheklawfirm.com

*Counsel for the Clients*

KLEE, TUCHIN, BOGDANOFF & STERN
LLP

/s/ Michael L. Tuchin
Kenneth N. Klee (admitted *pro hac vice*)
Michael L. Tuchin (admitted *pro hac vice*)
David A. Fidler (admitted *pro hac vice*)
Jonathan M. Weiss (admitted *pro hac vice*)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
Email: kklee@ktbslaw.com
        mtuchin@ktbslaw.com
        dfidler@ktbslaw.com
        JWeiss@ktbslaw.com

*Counsel for the Debtors and Debtors in
Possession*

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Richard M. Pachulski
Richard M. Pachulski (CA Bar No. 90073)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
John A. Morris (NY Bar No. 2405397)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail: rpachulski@pszjlaw.com
        jpomerantz@pszjlaw.com
        bsandler@pszjlaw.com
        jmorris@pszjlaw.com

*Counsel for the Official Committee of Unsecured
Creditors*

-9-

DRINKER BIDDLE & REATH

VENABLE, LLP

*/s/ Steven K. Kortanek*
Steven K. Kortanek
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Email: steven.kortanek@dbr.com

*Counsel for the Ad Hoc Noteholder Committee*

*Jeffrey S. Sabin*
Jeffrey S. Sabin
1270 Avenue of the Americas
New York, NY 10020
Telephone: (212) 307-5500
Email: jssabin@venable.com

*Counsel to the Official Ad Hoc Committee of Unitholders*

-10-