## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |
| WOODBRIDGE GROUP OF COMPANIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE H. CORRELL,<br><br>Defendant. | Adversary Proceeding<br>Case No. 18- 50822 (KJC)<br><br>**Hearing Date:**<br>**January 22, 2019, at 10:00 a.m. (ET)**<br><br>**Objection Date:**<br>**January 3, 2019, at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING ENTRY INTO A SETTLEMENT WITH LONNIE H. CORRELL

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in

possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases")

hereby move the Court (this "Motion") for the entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United

States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing and approving the

---

[1]     The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

Debtors to enter into that certain *Settlement Agreement* dated as of December 20, 2018 (the

"Settlement Agreement"), in the form attached as **Exhibit 1** to the Proposed Order, with Lonnie

H. Correll ("Correll"), settling a dispute in connection with a proof of claim filed by Correll and

the Debtors' causes of action against Correll, and (ii) granting related relief.  In support of this

Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and

157 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to

28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors

consent to the entry of a final order by the Court in connection with this Motion to the extent that

it is later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and

legal predicates for the relief requested herein are Bankruptcy Code section 105(a) and

Bankruptcy Rule 9019.

## GENERAL BACKGROUND

2.      On December 4, 2017, a total of 279 Debtors commenced voluntary cases under

chapter 11 of the Bankruptcy Code.  Thereafter, on February 9, 2018, March 9, 2018, March 23,

2018, and March 27, 2018, additional affiliated Debtors (27 in total) commenced voluntary cases

under chapter 11 of the Bankruptcy Code (collectively, the "Petition Dates").  Pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their

financial affairs as debtors in possession.

3.      The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee has been appointed in the Chapter 11 Cases.  An official committee of unsecured creditors (the "Committee") was appointed on December 14, 2017 [Docket No. 79].  On January 23, 2018, the Court approved a settlement providing for the formation of an ad hoc noteholder group (the "Noteholder Group") and an ad hoc unitholder group (the "Unitholder Group") [Docket No. 357].

4.      On August 22, 2018, the Debtors filed the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2397] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan").  On October 26, 2018, the Court entered an order confirming the Plan [Docket No. 2903].

## THE PARTIES' RELATIONSHIP AND DISPUTES

5.      Prior to the Petition Dates, Correll was an external broker (*i.e.*, not an employee of the Debtors) who marketed Notes and/or Units (each as defined in the Plan) to investors.  Correll alleges that, pursuant to an agreement with the Debtors, he was entitled to receive commission payments or other compensation from the Debtors based on the dollar amount of Notes and/or Units sold.  According to the Debtors' records, Correll received commission payments or other compensation from the Debtors in the aggregate amount of $98,235.14 (the "Transfers") during the four years prior to the applicable Petition Dates.  On or about June 7, 2018, Correll filed Proof of Claim No. 7093 (the "Claim") against the Debtors.  The Claim asserts an unsecured claim in the amount of $11,309.40 on account of unpaid commissions or other compensation allegedly owing to Correll.

6.      On September 17, 2018, Debtor Woodbridge Group of Companies, LLC filed the *Complaint Objecting to Claim and Counterclaiming for Avoidance and Recovery of Avoidable*

*Transfers and for Equitable Subordination* (Adv. Case No. 18-50822 (KJC)) (the "Adversary Proceeding"), pursuant to which the Debtors seek to disallow or subordinate the Claim and avoid and recover the prepetition Transfers.

## SUMMARY OF THE SETTLEMENT AGREEMENT[2]

7.      The Settlement Agreement provides that the Claim shall be disallowed in its entirety and Correll shall have no right to any distribution or recovery in the Chapter 11 Cases. *See* Settlement Agreement ¶ 3.  By the later of (i) February 1, 2019, or (ii) the Effective Date of the Settlement Agreement, Correll shall pay the Debtors $5,000 cash (the "Settlement Payment"). *Id.*  The parties will exchange mutual releases, including a release by the Debtors of claims relating to or arising from the Transfers, and excluding any claims to enforce the parties' respective rights under the Settlement Agreement.  *Id.* ¶¶ 7-8.  Promptly upon receipt of the Settlement Payment, the Debtors shall cause the Adversary Proceeding to be dismissed.  *Id.* ¶ 3.

8.      Correll has executed a declaration (the "Declaration"), a copy of which is attached as Exhibit 1 to the Settlement Agreement), regarding, *inter alia*, his financial condition.  As shown in the Declaration, Correll's net assets are relatively minimal.  The Debtors have relied on the completeness and accuracy of the Declaration in entering into the Settlement Agreement, and shall have the rights and remedies set forth therein against Correll in the event of any material inaccuracies or omissions in the Declaration, including the right to compel surrender of any omitted asset of a value in excess of the thresholds set forth in Paragraph 6 of the Settlement Agreement.  *Id.* ¶¶ 5-6.

9.      The Settlement Agreement will not be effective until it has been approved by the Court and certain other standard conditions to its effectiveness have occurred.  *See id.* ¶ 4.

---

[2]      In the event of a conflict between any term addressed in this summary with any term in the Settlement Agreement, the Settlement Agreement will govern in all respects.

## RELIEF REQUESTED

10.     By this Motion, the Debtors request the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), authorizing and approving the Settlement Agreement, and granting related relief.

## BASIS FOR RELIEF

11.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANK. P. 9019(a).

12.     "The federal courts have a well-established policy of encouraging settlement to promote judicial economy and limit the waste of judicial resources." *Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc*., 523 F. Supp. 2d 376, 384 (S.D.N.Y. 2007); *see also, e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27–28 (1994) (discussing the general utility of settlement vis-à-vis judicial economy).  The force of this established federal policy is particularly acute in the bankruptcy context, where compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  Indeed, in order to "minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Alan N. Resnick & Henry J. Sommer, COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. rev. 1993)); *see also In re Pa. Cent. Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979); *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Culmtech, Ltd.*, 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990).

13.     The decision whether to approve a proposed settlement is committed to the

discretion of the bankruptcy court, "which must determine if the compromise is fair, reasonable,

and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  In

exercising that discretion, the Third Circuit Court of Appeals has stated that courts should

consider "(1) the probability of success in litigation; (2) the likely difficulties in collection;

(3) the complexity of the litigation involved and the expense, inconvenience and delay

necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at

393; *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006); *In re*

*Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998).  The proponent of a settlement is

not required to demonstrate "that the settlement is the best possible compromise.  Rather, the

court must conclude that the settlement is 'within the reasonable range of litigation

possibilities.'"  *In re World Health*, 344 B.R. at 296 (internal citations and quotation marks

omitted); *see also, e.g.*, *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (Sotomayor, J.)

("[I]n assessing the fairness of the settlement, a judge does not have to be convinced that the

settlement is the best possible compromise or that the parties have maximized their recovery.");

*In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) ("[T]he court does not

have to be convinced that the settlement is the best possible compromise.").

14.     The Debtors have determined, in an exercise of the Debtors' sound business

judgment, that the terms of the Settlement Agreement are fair and reasonable and that the best

interests of the Debtors' estates and creditors will be served by the entry of the Proposed Order.

The terms of the Settlement Agreement are the product of good faith, arm's-length negotiations

among the Debtors and Correll, and fall well within the reasonable range of litigation

possibilities.

15.     The Settlement Agreement, if approved, will result in disallowance of the Claim and the payment of the Settlement Payment to the Debtors' estates.  This resolution eliminates the need for the Debtors to litigate the Adversary Proceeding seeking to, *inter alia*, disallow the Claim and recover the Transfers, which would entail substantial time and attorneys' fees, without any guarantee of success.  In light of information that Correll has provided regarding his financial condition and ability to satisfy a judgment against him, avoiding litigation is sensible.

16.     Further, resolution of the Claim eliminates the need to establish a disputed claim reserve in respect of the Claim that would reduce (at least temporarily) distributions to other creditors.  Such an outcome not only is favorable for the Debtors' estates and creditors, but also advances the longstanding federal policy that bankruptcy cases should be promptly administered for the benefit of creditors who will get only partial recoveries on their claims.[3]

17.     In sum, all of the *Martin* factors support approval of the proposed settlement.  The Settlement Agreement reflects the Debtors' likely ability to succeed on the merits in litigation while acknowledging the risks and uncertainties that are inherent in any legal dispute.  The Settlement Agreement achieves the objective of disallowing the Claim while eliminating the administrative expense, inconvenience, and delay necessarily attendant to prosecuting the Adversary Proceeding to object to Correll's claim and seek recovery of the Transfers.  The Settlement Agreement also advances the paramount interests of creditors by timely resolving

---

[3]     *See, e.g.*, *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015) ("[E]xpedition is always an important consideration in bankruptcy."); *Katchen v. Landy*, 382 U.S. 323, 328-29 (1966) (describing longstanding recognition "that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period'" (quoting *Ex parte Christy*, 44 U.S. (3 How.) 292, 312 (1845))); *Wiswall v. Campbell*, 93 U.S. (3 Otto) 347, 350-51 (1876) (emphasizing how "[p]rompt action is everywhere required by law," and that this principle requires quick resolutions of claims against a bankruptcy estate, as "[w]ithout it there can be no dividend"); *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 346-47 (1875) (discussing how "[i]t is obviously one of the purposes of the Bankrupt law, that there should be a speedy disposition of the bankrupt's assets," which is a goal "only second in importance to securing equality of distribution"); *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1145 (1st Cir. 1992) (noting "the important policy favoring efficient bankruptcy administration"); *Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94, 98 (3d Cir. 1988) (highlighting how "issues central to the progress of the bankruptcy petition, those likely to affect the distribution of the debtor's assets, or the relationship among the creditors, should be resolved quickly" (citation and quotation marks omitted)).

disputed claims and working to fix the amount of the allowed claims pool in a fashion that will enhance the speed and amount of distributions that can be paid to the holders of allowed general unsecured claims.

18.     For all these reasons, the Debtors respectfully submit that the Settlement Agreement is fair, reasonable, and in the best interests of the estates and should therefore be approved under Bankruptcy Rule 9019 and Bankruptcy Code section 105(a).

## REQUEST FOR WAIVER OF STAY

19.     The Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h).  The Debtors respectfully submit that a waiver of such stay is appropriate here because any delay in consummating the settlement could jeopardize the consensus reached between the parties and therefore would be detrimental to the Debtors, their creditors, and their estates.

## NOTICE

20.     The Debtors have provided notice of this Motion to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the DIP lender; (iii) counsel for the Committee; (iv) counsel for the Noteholder Group; (v) counsel for the Unitholder Group; (vi) Correll; and (vii) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

01:23989229.1

173432.1

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed

Order granting the relief requested herein and (ii) grant such other and further relief as may be just

and proper under the circumstances.

Dated:    December 20, 2018          */s/ Betsy L. Feldman*
          Wilmington, Delaware       YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                     Sean M. Beach (No. 4070)
                                     Edmon L. Morton (No. 3856)
                                     Ian J. Bambrick (No. 5455)
                                     Betsy L. Feldman (No. 6410)
                                     Rodney Square
                                     1000 North King Street
                                     Wilmington, Delaware 19801
                                     Tel:    (302) 571-6600
                                     Fax:    (302) 571-1253

                                     -and-

                                     KLEE, TUCHIN, BOGDANOFF & STERN LLP
                                     Kenneth N. Klee (*pro hac vice*)
                                     Michael L. Tuchin (*pro hac vice*)
                                     David A. Fidler (*pro hac vice*)
                                     Jonathan M. Weiss (*pro hac vice*)
                                     1999 Avenue of the Stars
                                     39th Floor
                                     Los Angeles, California 90067
                                     Tel:    (310) 407-4000
                                     Fax:    (310) 407-9090

                                     *Counsel for the Debtors and Debtors in Possession*