# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 3137, 3226 |

## ORDER (I) AUTHORIZING THE SALE OF LOT R-79 EPPLEY DR., ASPEN, COLORADO PROPERTY OWNED BY THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING RELATED PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") for entry of an order (i) authorizing the sale (the "Sale") of certain real property owned by the Debtor Mountain Spring Investments, LLC (the "Seller") located at Lot R-79 Eppley Dr., Aspen, Colorado 81611 (the "Land"), together with Seller's right, title, and interest in and to the buildings located thereon and any other improvements and fixtures located thereon (collectively, the "Improvements" and together with the Land, the "Real Property"), and any and all of the Seller's right, title, and interest in and to the tangible personal property and equipment listed in the Purchase Agreement and remaining on the Real Property as of the date of the closing of the Sale (collectively, the "Personal Property" and, together with the Real Property, the "Property") on an "as is, where is" basis, free and clear of any and all liens, claims, encumbrances, and other

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

[2] Capitalized terms used but not defined herein have the meaning assigned to such terms in the Motion.

01:23935773.1

interests to Andrew Light and Garrett Reuss (together with any assignee, the "Purchaser") pursuant to the terms and conditions of that certain Contract to Buy and Sell Real Estate dated as of October 18, 2018 (as may be amended, supplemented, or otherwise modified from time to time, the "Purchase Agreement") by and between the Seller and the Purchaser, a copy of which is attached as Exhibit 1 hereto; (ii) authorizing and approving the terms of the Purchase Agreement, and (iii) granting certain related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that the legal and factual bases set forth in the Motion and the *Declaration of Bradley D. Sharp in Support of Debtors' Motion to Sell Lot R-79 Eppley Dr., Aspen, Colorado Property* establish good and sufficient cause for granting the Motion; and it appearing that the relief requested in the Motion is appropriate in the context of these Chapter 11 Cases and in the best interests of the Debtors and their respective estates, their creditors, and all other parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of these Chapter 11 Cases, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Purchase Agreement is authorized and approved in its entirety.

3. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized, in their discretion and in the exercise of their business judgment, to sell the Property, inclusive of the TDRs, pursuant to the Purchase Agreement free and clear of all liens, claims, interests, and encumbrances, to perform all obligations under the Purchase Agreement (including payment of the Broker Fees and the Other Closing Costs out of the proceeds of the Sale), and to

take any other reasonable actions that may be necessary in the Debtors' good faith business judgment to effectuate closing of the Sale, and that any actions taken by the Debtors necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

4. The Debtors and any intermediary financial institution, title company, and closing attorney participating in the closings of the Sale are authorized to transfer title and deed property, and take any other actions as may be necessary to transfer ownership of the Property to the Purchaser.

5. All persons and entities holding liens, claims, interests or encumbrances with respect to the Property are hereby barred from asserting such liens, claims, interests or encumbrances against the Purchaser, its successors or assigns, or the Property.

6. All proceeds of the Sale (net of the Broker Fees and Other Closing Costs) shall be paid to the Debtors into the general account of Debtor Woodbridge Group of Companies, LLC, and such net proceeds shall be disbursed and otherwise treated by the Debtors in accordance with the *Final Order on Debtors' Motion for Entry of Interim and Final Orders (I) Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, and 552 Authorizing Debtors to (A) Obtain Postpetition Secured Financing, (B) Use Cash Collateral, (C) Grant Adequate Protection to Prepetition Secured Parties; (II) Modifying the Automatic Stay; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (IV) Granting Related Relief* [D.I. 724] (the "Final DIP Order").

7. The Debtors are authorized and empowered to pay the Broker Fees out of the Sale proceeds by paying the Seller's Broker Fee in an amount up to 2.5% of the gross Sale proceeds and paying the Purchaser's Broker Fee in an amount up to 2.5% of the gross Sale proceeds.

8. The Purchase Agreement is undertaken by the Debtors and Purchaser in good faith and that, pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification on appeal of any sale consummated pursuant to the terms of this Order shall not affect the validity of such sale unless such sale was stayed pending appeal.

9. Filing of a copy of this Order in the county in which the Property is situated may be relied upon by all title insurers in order to issue title insurance policies on the Property.

10. Any title insurer, escrow agent, or other intermediary participating in a closing of the Sale of the Property is authorized to disburse all funds at the closing of the Sale pursuant to the applicable settlement statement or escrow instructions provided by the parties to such Sale.

11. The Debtors shall be authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any applicability of Bankruptcy Rule 6004(h).

13. The terms and provisions of this Order and any actions taken pursuant hereto shall (i) survive entry of any order converting the Debtors' cases to chapter 7 or dismissing the Debtors' cases (or any of them), and (ii) continue in this or any superseding case under the Bankruptcy Code of any of the Debtors.

14. The provisions of this Order shall be binding upon the Debtors and their successors and assigns, including, without limitation, any trustee or other fiduciary hereafter appointed as legal representative of the Debtors or with respect to property of the estates of the Debtors, whether under chapter 11 of the Bankruptcy Code, any confirmed plan, or any subsequent chapter 7 case.

5

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and to have satisfied Bankruptcy Rule 6004(a).

16. This Court shall retain jurisdiction and power with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: __Dec 26__, 2018
Wilmington, Delaware

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:23935773.1