**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: February 21, 2019, at 10:00 a.m. (ET)**<br>**Obj.  Deadline: February 6, 2019, at 4:00 p.m. (ET)** |

**DEBTORS' FOURTH MOTION FOR ENTRY OF AN ORDER, PURSUANT TO
SECTION 1121(d) OF THE BANKRUPTCY CODE, EXTENDING THE
EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN
<u>AND SOLICITATION OF ACCEPTANCES THEREOF</u>**

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in

possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11</u>

<u>Cases</u>") hereby move the Court (this "<u>Motion</u>") for the entry of an order, substantially in the

form attached hereto as **<u>Exhibit A</u>**, pursuant to section 1121(d) of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), Rule 9006 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), and Rule 9006-2 Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), extending

the Debtors' exclusive periods for the filing of a chapter 11 plan and the solicitation of

acceptances thereof.  In support of this Motion, the Debtors respectfully state as follows:

---

[1]    The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

## JURISDICTION

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over these Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157 and

1334, and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to

28 U.S.C. § 157(b)(2).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the

Court in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.  The statutory basis for the relief

requested herein is section 1121(d) of the Bankruptcy Code.

## BACKGROUND

2.     On December 4, 2017, approximately 279 of the Debtors commenced voluntary

cases under chapter 11 of the Bankruptcy Code.  Thereafter, on February 9, 2018, March 9,

2018, March 23, 2018, and March 27, 2018, additional affiliated Debtors (27 in total)

commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Petition

Dates").  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b) and Local Rule 1015-1.

3.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are

continuing to manage their financial affairs as debtors in possession.  No trustee has been

appointed in the Chapter 11 Cases.  On December 14, 2017, the Office of the United States

Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of

unsecured creditors (the "Committee")  [Docket No. 79].  On January 23, 2018, the Court

approved a settlement providing for the formation of an ad hoc noteholder group (the

"Noteholder Group") and an ad hoc unitholder group (the "Unitholder Group" and, together with

the Committee and the Noteholder Group, the "Committees") [Docket No. 357].

4.        On April 3, 2018, the Court entered an order extending the periods within which

the Debtors may exclusively file a chapter 11 plan and solicit acceptances thereof through and

including July 2, 2018 and September 4, 2018, respectively [Docket No. 889].  On July 17, 2018,

the Court entered a second order further extending the foregoing periods through and including

October 30, 2018 and January 2, 2019, respectively [Docket No. 2180].  On November 14, 2018,

the Court entered a third order further extending the foregoing periods through and including

January 28, 2019 and April 2, 2019, respectively [Docket No. 2985].[2]

## RELIEF REQUESTED

5.        Out of an abundance of caution, the Debtors request entry of an order, pursuant to

section 1121(d)(1) of the Bankruptcy Code, further extending the Plan Period and the

Solicitation Period (each as defined below) by approximately ninety (90) days each, through and

including April 29, 2019[3] and July 1, 2019, respectively, without prejudice to the Debtors' right

to seek further extensions of such periods, as may be appropriate under the circumstances.  This

is the Debtors' fourth request to extend the Exclusive Periods (as defined below).

## BASIS FOR REQUESTED RELIEF

6.        Section 1121(b) of the Bankruptcy Code provides for an initial period of one

hundred and twenty (120) days after commencement of a chapter 11 case during which a debtor

has the exclusive right to propose and file a chapter 11 plan (the "Plan Period").  11 U.S.C.

---

[2]      Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

[3]      Ninety (90) days from the terminal date of the current Plan Period is Sunday, April 28, 2019.  Pursuant to Bankruptcy Rule 9006, the next business day for the purposes of establishing the new terminal date of the Plan Period is Monday, April 29, 2019.

§ 1121(b).  If a debtor files a plan during this Plan Period, section 1121(c)(3) of the Bankruptcy

Code provides a debtor with an additional 60 days following the expiration of such Plan Period

(or 180 days following the commencement of the case) to solicit acceptances of the plan without

competing plan filings (the "Solicitation Period," and together with the Plan Period, the

"Exclusive Periods").  11 U.S.C. § 1121(c)(3).  Section 1121(d) permits the Court to extend the

Exclusive Periods for "cause."  For the reasons set forth herein, "cause" exists to further extend

the Exclusive Periods in these Chapter 11 Cases.

A.    **Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods "For Cause"**

7.    The Exclusive Periods are designed to provide debtors with a full and fair

opportunity to propose a consensual plan and solicit acceptances of such plan, without disruption

to the administration of the estates that may result from the filing of competing plans by

non-debtor parties.  To that end, when the Exclusive Periods prove to be unfeasible timeframes,

section 1121(d) of the Bankruptcy Code allows the Court to extend such Exclusive Periods for

cause.  11 U.S.C. § 1121(d).[4]  Although the Bankruptcy Code does not define the term "cause,"

the legislative history indicates it is intended to be a flexible standard that balances the

competing interests of a debtor and its creditors.  *See* H.R. REP. NO. 95–595, at 231–32 (1978),

*reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy

courts flexibility to protect a debtor's interests by allowing an unimpeded opportunity to

negotiate settlement of debts without interference from other parties in interest).

8.    Congress built flexibility into section 1121 of the Bankruptcy Code to give a

debtor sufficient opportunity to stabilize its operations at the outset of its chapter 11 case and to

---

[4]    Pursuant to section 1121(d)(1) of the Bankruptcy Code, the Plan Period may not be extended beyond a date that is 18 months after the commencement of a chapter 11 case.  11 U.S.C. § 1121(d)(1).  Pursuant to section 1121(d)(2), the Solicitation Period may not be extended beyond a date that is 20 months after the commencement of a chapter 11 case.  *Id.* § 1121(d)(2).

negotiate an effective plan with its creditors. *In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D.N.J.), *aff'd*, 155 B.R. 93 (D.N.J. 1993) (noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative for financially troubled companies); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297–98 (W.D. Tenn. 1987) (observing that Congress designed section 1121 so as to give the debtor sufficient time to reach an agreement with its creditors regarding a plan of reorganization).

9.      In making the determination to affirm or deny a request to extend exclusive periods for "cause," courts have considered a variety of factors, including:

(i)      The size and complexity of the debtor's case;

(ii)     The necessity of sufficient time to negotiate and prepare adequate information;

(iii)    The existence of good-faith progress towards reorganization;

(iv)    Whether the debtor is paying its debts as they become due;

(v)     Whether the debtor has made progress negotiating with creditors;

(vi)    The length of time a case has been pending;

(vii)   Whether the debtor is seeking an extension to pressure creditors; and

(viii)  Whether or not unresolved contingencies exist.

*In re Cent. Jersey Airport Servs., LLC*, 228 B.R. 176, 184 (Bankr. D.N.J. 2002) (citations omitted); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing most of the factors listed above in determining whether to extend the exclusive periods); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusive period based upon certain of the above-listed factors).

10.    The facts and circumstances of these Chapter 11 Cases amply justify further extending the Exclusive Periods, out of an abundance of caution, to provide the Debtors with an unimpeded opportunity to effectuate their chapter 11 plan.

**B.    Cause Exists for an Extension of the Exclusive Periods in these Chapter 11 Cases**

11.    The first several weeks of these Chapter 11 Cases were marked by unceasing litigation among the Debtors, the Securities and Exchange Commission (the "SEC"), the Committee, and the forebearers of the Noteholder Group and the Unitholder Group.  Those parties reached a settlement in January 2018 that created the Noteholder Group and Unitholder Group, and resulted in substantial changes to the Debtors' management, including installation of a new and independent board of managers (the "New Board"), and appointment of a new Chief Executive Officer, a new Chief Restructuring Officer, and new bankruptcy co-counsel for the Debtors.

12.    The Debtors' new management and professionals have worked tirelessly since their respective appointments and retentions to become familiar with the many important matters in these Chapter 11 Cases, and to address the concerns and issues of the various constituencies. In less than two months (*i.e.*, by late March 2018), the parties negotiated a plan term sheet that set the framework for a plan that compromises the numerous complex and novel legal issues involved in these Chapter 11 Cases and contemplates material recoveries to investors. Thereafter, the Debtors and the Committees, with input from the SEC, continued to work cooperatively on a chapter 11 plan and disclosure statement.   On July 9, 2018, the Debtors filed a proposed plan and disclosure statement [Docket Nos. 2138 & 2139], and the Debtors later filed certain amendments thereto.

13.     On August 22, 2018, the Court approved the Debtors' *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2398] (the "Disclosure Statement") and authorized the Debtors to solicit votes to accept the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2397] (the "Plan").  The Debtors completed solicitation on or before September 7, 2018.

14.     The Plan received overwhelming creditor support.  Only three objections to confirmation of the Plan were filed, and two of those objections were resolved by revised language in the proposed confirmation order [Docket No. 2827].[5]  On October 24, 2018, the Court held a hearing to consider confirmation of the Plan (the "Confirmation Hearing").  The Debtors presented their evidence in support of confirmation of the Plan and the Court heard oral argument regarding the lone remaining objection to confirmation of the Plan.  On October 26, 2018, the Court confirmed the Plan [Docket No. 2903].

15.     The Debtors are now working toward effectuation of the Plan.  Effectuation requires the Debtors to close certain of their larger (already court-approved) property sales, the closings of certain of which have been delayed, primarily because the buyers in respect of such sales have requested additional time to close.  As a result, the Debtors are targeting emergence during the first quarter of 2019.  Accordingly, with the current Plan Period expiring on January 28, 2019, out of an abundance of caution, the Debtors request a further extension of the Exclusive Periods to permit the Debtors sufficient time to effectuate their confirmed Plan, without the possibility of disruption that could result from expiration of exclusivity.

---

[5]     In addition, the Debtors received three objections to assumption and assignment of certain executory contracts and/or the cure payments associated therewith and were able to resolve all three consensually.

**C. The Relevant Factors Favor Extending the Exclusive Periods**

**(i) The Size, Complexity, and Duration of these Chapter 11 Cases**

16. The Chapter 11 Cases, which have been pending for just over one year, are sufficiently large and complex to warrant the requested extension of the Exclusive Periods. These Chapter 11 Cases involve over 300 Debtors with over 150 real properties in multiple states and over 10,000 investors located across the United States. Moreover, there have been numerous complex issues involved in negotiating and confirming the Plan. The complexity of the issues, and the time, effort, and planning required to achieve the results that have been obtained thus far cannot be overstated.

**(ii) Good Faith Progress Made in these Chapter 11 Cases and Progress in Negotiations with Creditors**

17. Since the institution of the New Board and subsequent retention of officers and counsel, the Debtors have worked cooperatively and in good faith with the Committee, the Noteholder Group, and the Unitholder Group. The Debtors submit that these efforts have allowed all stakeholders to make substantial, good faith, progress on resolving the many novel and complex issues involved in these Chapter 11 Cases, and have helped foster a constructive dialogue. As a result of these efforts, the Debtors were able to obtain confirmation of a Plan with the support of each of the Committees. Clearly, the Debtors have made significant, good faith progress in these Chapter 11 Cases and in their negotiations with creditors, who overwhelmingly voted in favor of confirmation of the Plan. Accordingly, the Debtors submit that these factors weigh in favor of extending the Exclusive Periods to permit the Debtors to effectuate the Plan.

**(iii) The Debtors Are Paying Their Debts as They Come Due**

18. The requested extension of the Exclusive Periods will not prejudice the legitimate interests of postpetition creditors, as the Debtors continue to make timely payments on their

undisputed postpetition obligations.  As such, this factor also weighs in favor of allowing the Debtors to extend the Exclusive Periods.

### (iv)      Reasonable Prospects for Filing a Viable Plan

19.      The Court has confirmed the Plan in these Chapter 11 Cases.  As such, this factor also weighs in favor of allowing the Debtors to extend the Exclusive Periods.

### (v)      The Debtors Are Not Seeking an Extension to Pressure Creditors

20.      The Debtors do not seek an extension of the Exclusive Periods in order to pressure creditors.  To the contrary—solicitation of votes on the Plan is complete and the Court has confirmed the Plan.  The Debtors merely seek to extend the Exclusive Periods out of an abundance of caution, so as to provide breathing room for the Debtors to effectuate the Plan. The Debtors have worked tirelessly to confer and cooperate with the various constituencies in these Chapter 11 Cases to maximize the value of their assets for all stakeholders, which the Debtors believe will be best accomplished by the Plan going effective.  This factor thus also weighs in favor of allowing an extension of the Exclusive Periods.

*      *      *

21.      More fundamentally, expiration of the Exclusive Periods would adversely impact the Debtors' efforts to preserve and maximize the value of these estates and the progress of these Chapter 11 Cases.  It is indisputable that allowing exclusivity to expire in the window between confirmation and the effective date would jeopardize the progress achieved by the Debtors and the Committees and threaten to re-open the disputes that the parties, in an effort to minimize costs and delay, have thoughtfully and carefully determined to compromise.  Moreover, the filing of a competing plan at this juncture in the Chapter 11 Cases would likely confuse creditors.

22.      Based upon the foregoing, the Debtors respectfully submit that ample cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

Specifically, out of an abundance of caution, the Debtors request that the Plan Period and

Solicitation Period be extended through and including April 29, 2019 and July 1, 2019,

respectively, without prejudice to the Debtors' right to seek further extensions of the Exclusive

Periods, as may be appropriate under the circumstances.

### NOTICE

23.     The Debtors have provided notice of this Motion to:  (i) the U.S. Trustee;

(ii) counsel to the Committee; (iii) counsel to the DIP Lender; (iv) counsel to the Unitholder

Group; (v) counsel to the Noteholder Group; (vi) counsel to the Securities and Exchange

Commission; and (vii) any party that has requested notice in these Chapter 11 Cases pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit

that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court (a) enter the Proposed Order and (b) grant such other and further relief as the Court may

deem just and proper.

Dated:    January 23, 2019            */s/ Betsy L. Feldman*
          Wilmington, Delaware       YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                      Sean M. Beach (No. 4070)
                                      Edmon L. Morton (No. 3856)
                                      Ian J. Bambrick (No. 5455)
                                      Betsy L. Feldman (No. 6410)
                                      Rodney Square
                                      1000 North King Street
                                      Wilmington, Delaware 19801
                                      Tel:    (302) 571-6600
                                      Fax:    (302) 571-1253

                                      -and-

                                      KLEE, TUCHIN, BOGDANOFF & STERN LLP
                                      Kenneth N. Klee (*pro hac vice*)
                                      Michael L. Tuchin (*pro hac vice*)
                                      David A. Fidler (*pro hac vice*)
                                      Jonathan M. Weiss (*pro hac vice*)
                                      1999 Avenue of the Stars, 39th Floor
                                      Los Angeles, California 90067
                                      Tel:    (310) 407-4000
                                      Fax:    (310) 407-9090

                                      *Counsel for the Debtors and Debtors in Possession*