UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| **WOODBRIDGE GROUP OF COMPANIES** | : |
| **LLC**, *et al.*[1] | : |
| | :    Case No. 17-12560 (KJC) |
| Debtors. | :    (Re: D.I. 2213) |
| | : |
| | : |

## MEMORANDUM[2]

**BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the objection to claims filed by the Woodbridge Group of Companies, LLC (collectively, the "Debtors") to claim numbers 9407 and 9423 filed pro-se by Alan Brill ("Brill") on behalf of ERC I, LLC ("ERC"), and claim numbers 9424 and 9425 filed by Brill on behalf of himself. The Debtors seek disallowance and expungement of the ERC/Brill claims on the basis of res judicata in light of prior decisions rendered in Indiana state court litigation, not on substantive grounds.[3] The Debtors contend that Brill's claims are the same as the previously litigated ERC claims and are barred by res judicata. I agree. Accordingly, the Objection to Proofs of Claim is sustained.

---

[1] Due to the large number of debtors in these cases, which are jointly administered for procedural purposes, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC or through the court docket. D.I. 45.

[2] This Memorandum constitutes the findings of fact and conclusions of law required by Fed. R. Bankr. P. 7052. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (b)(2)(B).

[3] *See* D.I. 2213; Hearing Tr. 8/21/2018, p. 33:22-25, 34:1-3. "...what the debtor has said here is we're objecting to the claims not on substantive grounds, not on the merits of the claim, but on the procedural grounds that, number one, the issue has been decided and, number two, the Rooker Feldman bar argument. So, it's (sic) as a matter of res judicata, number one, and then as a matter of federal doctrine on the other."

## BACKGROUND

The parties were engaged in extensive Indiana state court litigation. In 2014, the Debtors' affiliate, Whiteacre Funding, LLC ("Whiteacre")[4] commenced a foreclosure action on the Woolen Mill Building, owned by ERC. While ERC did not challenge the default under the note, the debt owed or the validity of loan documents, it raised a number of affirmative defenses including equitable estoppel, constructive fraud and unclean hands against Whiteacre, Debtor Woodbridge Mortgage Investment Fund 2, LLC ("Fund 2"),[5] and non-debtor Riverdale Funding, LLC ("Riverdale").[6] The Indiana trial court entered judgment in favor of the Debtors' parties and against ERC on all claims and defenses. The Indiana Court of Appeals affirmed.[7] The Indiana Supreme Court denied petition transfer.[8]

On December 4, 2017, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.[9] On June 19, 2018, Brill filed the ERC/Brill Claims. The four claims relate the same information, and each asserts a $3,000,000 general unsecured claim against the Debtors' entities. Each claim notes -accurately- that the ERC/Brill claims are "similar" and filed "concurrently" and describes the basis of the claim as "real estate stolen in fraudulent financing scam, plus legal fees/lost income/expenses/deterioration."[10] The claims make no mention of the

---

[4] Whiteacre is one of 306 limited liability companies affiliated with Woodbridge. Whiteacre is the entity that holds distressed mortgages. Whiteacre was assigned the Woolen Mill mortgage on March 27, 2014. The mortgage foreclosure action was assigned Case Number 82D03-1404-MF-01437 in Vanderburgh Superior Court.
[5] Fund 2 was the initial secured lender, later assigning the mortgage to Whiteacre. Hearing Tr. 8/21/2018, p. 21:2-4.
[6] Riverdale is an affiliate of Debtors, tasked with loan origination.
[7] *ERC I, LLC v. Whiteacre Funding, LLC*, 86 N.E.3d 227 (Ind. Ct. App. May 4, 2017).
[8] *ERC I LLC v. Whiteacre Funding LLC*, 89 N.E.3d 406 (Ind. Aug. 15, 2017). In Indiana, petition transfer is the equivalent of denying certiorari.
[9] The Debtor and 278 of its affiliates commenced cases on this date. An additional 27 affiliates of the Debtor commenced voluntary cases under chapter 11 of the Bankruptcy code on February 9, 2018, March 9, 2018, March 23, 2018, and March 27, 2018.
[10] *See* D.I. 2300 [hereinafter, "Brill Response"]. In his response Brill stated, "The claims are not claims in four separate amounts but are essentially the same single claim brought by Alan Brill against all of the

2

extensive Indiana litigation or that the issues were the subject of final decisions in Indiana. At a hearing on the matter, Brill withdrew claim numbers 9407 and 9423 filed on behalf of ERC, but stated that he wished to move forward with his personal claims.[11] Brill stated that while ERC litigated the claims in Indiana, he did not litigate these claims on his own behalf and thus his claims should be allowed in this case.[12] The Debtors objected to Brill's personal claims due to their duplicity and the doctrine of res judicata. This Court concludes that the Brill/ERC claims are essentially the same.

## **DISCUSSION**

Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest...objects."[13] When a proof of claim is based on a cause of action that would be barred by res judicata, that claim is unenforceable and should be disallowed.[14] "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"[15] "The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the Full Faith and Credit Statute."[16] The statute requires federal courts to look to state law to examine

---

Woodbridge Debtors and the controlling human parties, but these being brought identifying the most visible entities and parties now to be most directly involved." *Id.* at 4.

[11] Hearing Tr. 8/21/2018, p. 20:3-5. "Okay. So, are you withdrawing claims number 9407 and 9423 which were filed on behalf of ERC? Yes." *Id.* at 19:12-14. "But I wish my claims to continue—really the claim that I am going to pursue is my personal claim against Fund II."

[12] Hearing Tr. 8/21/2018, p. 29:23-25, 23:1-2. "There's some proof, evidence that comes out of the Whiteacre (sic), but I'm not bringing the case against Whiteacre. I'm bringing the case...on behalf of the damages to me personally brought on me by Fund II and other parties."

[13] 11 U.S.C. § 502(a).

[14] *See In re Residential Capital, LLC*, 2016 Bankr. LEXIS 3130 (Bankr. S.D.N.Y. Aug. 25, 2016) (Proof of claim based on wrongful foreclosure action was disallowed due to preclusion by previous state court final judgment).

[15] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

[16] *Secretary United States Department of Labor v. Kwasny*, 853 F.3d 87 (3d Cir. 2017) (citing *Metropolitan Edison Co. v. Pennsylvania Public Utility Commission*, 767 F.3d 335, 350 (3d Cir. 2014)).

the preclusive effect of a previous judgment.[17] Accordingly, this Court looks to Indiana state law to determine whether res judicata applies in this case.

Four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata:

> 1) the former judgment must have been rendered by a court of competent jurisdiction,
>
> 2) the former judgment must have been rendered on its merits,
>
> 3) the matter now in issue was, or could have been, determined in the prior action, and
>
> 4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies.[18]

First, it is undisputed that the judgment was rendered by a court of competent jurisdiction. The foreclosure action was brought in the jurisdiction where the real property was located, which was proper. Second, the judgment was rendered on the merits. The trial court presented findings based on facts, and those findings of facts and conclusions of law were affirmed on appeal. Third, the matter in issue was, or could have been, determined in the prior state court action. The ERC claims were litigated in state court. Brill did not assert claims on his own behalf in state court but chose instead to litigate those issues through ERC. Although assigned different claim numbers, the ERC/Brill claims are the same; and thus, the claims filed in bankruptcy court are the same as those previously litigated in Indiana state court.

Here, the issue of true contention is that of privity. This prong requires that the controversy adjudicated in a former action must have been between parties to the present suit or their privies.[19] The term privity describes interests that connect persons so that one might not be party to an action

---

[17] *Kwasny*, 853 F.3d at 94 (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373. 380-81 (1985)).
[18] *Marsh v. Paternity of Rodgers by Rodgers*, 659 N.E.2d 171 (Ind. Ct. App.1995).
[19] *Id.*

4

but still be bound by it.[20] An entity need not control a prior action for privity to exist.[21] For the purpose of res judicata, the court looks beyond the nominal parties and treats those whose interests are involved as the real parties.[22] Brill is undoubtedly in privity with ERC. Brill is the chief executive of ERC.[23] Brill participated in the Indiana state court litigation on behalf of ERC and testified at length throughout the proceedings.[24] Brill acted on behalf of ERC in executing the loan documents with Riverdale.[25] While Brill states that he does not have voting control of ERC, it is clear that he has practical control and, further, that he considers himself able to act with authority on behalf of ERC in the pre-petition loan proceedings and throughout the state court litigation, as well as in this bankruptcy case.[26] For these reasons, Brill is in privity with ERC.[27]

Brill has had his day in court.

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[20] *Id.* (citing *In re Nye's Estate,* 299 N.E.2d 854, 869 (Ind. Ct. App. 1973)).
[21] *Becker v. State,* 992 N.E.2d 697 (Ind. 2013) (citing *MicroVote Gen. Corp v. Ind. Election Comm'n,* 924 N.E.2d 184, 196 (Ind. Ct. App. 2010)).
[22] *Id.*
[23] Hearing Tr. 8/21/2018, p. 28:4. "I was appointed chief executive...." *See* Brill Response. Brill states, "Brill owns and controls ERC, I, LLC ("ERC") through other of his investment companies and operates it through other of his management companies."
[24] *See e.g.,* Trial Court Decision Findings of Fact ¶ 2-4, 13, 32, 56, 65, 133.
[25] *Id.* at ¶ 100-108.
[26] Hearing Tr. 8/21/2018, p. 28:4-19. Brill stated, "...My voting control, so to speak, is only one tenth of one percent."
[27] Indeed, Brill implicitly recognized this when he filed nearly identical proofs of claim on behalf of ERC and himself individually.

## **CONCLUSION**

Accordingly, and for the foregoing reasons, the Court will sustain the Debtors' Objection to Proofs of Claim. Proofs of Claim numbers 9424 and 9425 will be disallowed and expunged. An appropriate Order follows.

BY THE COURT:

DATED: February 14, 2019

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT