IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered)<br><br>**Re Docket No: 4424** |

**ORDER (I) SUSTAINING TRUST'S OBJECTION TO PROOF OF CLAIM NO. 7562 ASSERTED BY STEVE J. NORRIS AND (II) WAIVING, TO THE EXTENT APPLICABLE, LOCAL RULE 3007-1(f)(iii)**

Upon the objection (the "Objection")[2] filed by the Woodbridge Liquidation Trust (the "Trust"), formed pursuant to the confirmed and effective *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [D.I. 2397] (the "Plan") in the jointly-administered chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 3007-1 and 3007-2, (i) disallowing and expunging Claim No. 7562 (the "Disputed Claim") asserted by Steve J. Norris ("Claimant"), (ii) directing the Claims Agent to reflect the foregoing modifications in the Claims Register, and (iii) waiving Local Rule 3007-1(f)(iii) to the extent such rule may otherwise bar the assertion of any subsequent substantive objection (if any) to the Disputed

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

2

Claim; and upon consideration of the record of these Chapter 11 Cases and the Jeremiassen Declaration; and it appearing that the Court has jurisdiction to consider the Objection in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Objection is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Objection has been given under the circumstances and that no other or further notice need be given; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, and DECREED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claim is disallowed and expunged in its entirety.

3. The Claims Agent is directed to modify the Claims Register to comport with the relief granted by this Order.

4. For the avoidance of doubt and to the extent applicable, Local Rule 3007-1(f)(iii) is hereby deemed waived with respect to the relief requested in the Objection and granted by this Order.

5. Nothing in this Order shall be deemed (i) an admission as to the validity of any claim, (ii) a waiver of the Trust's rights to dispute any claim on any grounds, (iii) a promise or requirement to pay any claim, (iv) an implication or admission that any claim is of a type referenced or defined in the Objection, (v) an implication or admission that any contract or lease is executory or unexpired, as applicable, (vi) a waiver or limitation of any of the Trust's rights

3

under the Bankruptcy Code or applicable law, (vii) a request or authorization to assume or reject any agreement under Bankruptcy Code section 365, (viii) a waiver of any party's rights to assert that any other party is in breach or default of any agreement, or (ix) an implication or admission that any contract or lease is integrated with any other contract or lease.

6. Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

7. The Trust is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court shall retain jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: June 22nd, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**