**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (BLS) |
| | (Jointly Administered) |
| Remaining Debtors. | |
| | **Re Docket No: 4423** |

**ORDER (I) SUSTAINING TRUST'S OBJECTION TO PROOF OF CLAIM NO. 4161
ASSERTED BY THE FRED F. COHN & MIRIAM C. PERLSON-COHN REV. TRUST
5/26/94 RESTATED AND (II) WAIVING, TO THE EXTENT APPLICABLE,
LOCAL RULE 3007-1(f)(iii)**

Upon the objection (the "Objection")[2] filed by the Woodbridge Liquidation Trust (the

"Trust"), formed pursuant to the confirmed and effective *First Amended Joint Chapter 11 Plan*

*of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [D.I. 2397]

(the "Plan") in the jointly-administered chapter 11 bankruptcy cases (the "Chapter 11 Cases") of

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession

(collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 3007-1 and 3007-2,

(i) disallowing and expunging Claim No. 4161 (the "Disputed Claim") asserted by The Fred F.

Cohn & Miriam C. Perlson-Cohn Rev. Trust 5/26/94 Restated ("Claimant"), (ii) directing the

Claims Agent to reflect the foregoing modifications in the Claims Register, and (iii) waiving

---

[1]   The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

Local Rule 3007-1(f)(iii) to the extent such rule may otherwise bar the assertion of any

subsequent substantive objection (if any) to the Disputed Claim; and upon consideration of the

record of these Chapter 11 Cases and the Jeremiassen Declaration; and it appearing that the

Court has jurisdiction to consider the Objection in accordance with 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated February 29, 2012; and it appearing that the Objection is a core matter

pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with

Article III of the United States Constitution; and it appearing that venue of these Cases and of the

Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and

adequate notice of the Objection has been given under the circumstances and that no other or

further notice need be given; and after due deliberation, and good and sufficient cause appearing

therefor, it is hereby

### ORDERED, ADJUDGED, and DECREED THAT:

1.      The Objection is SUSTAINED as set forth herein.

2.      The Disputed Claim is disallowed and expunged in its entirety.

3.      The Claims Agent is directed to modify the Claims Register to comport with the

relief granted by this Order.

4.      For the avoidance of doubt and to the extent applicable, Local Rule 3007-1(f)(iii)

is hereby deemed waived with respect to the relief requested in the Objection and granted by this

Order.

5.      Nothing in this Order shall be deemed (i) an admission as to the validity of any

claim, (ii) a waiver of the Trust's rights to dispute any claim on any grounds, (iii) a promise or

requirement to pay any claim, (iv) an implication or admission that any claim is of a type

2

DOCS_DE:228560.2 94811/003

referenced or defined in the Objection, (v) an implication or admission that any contract or lease is executory or unexpired, as applicable, (vi) a waiver or limitation of any of the Trust's rights under the Bankruptcy Code or applicable law, (vii) a request or authorization to assume or reject any agreement under Bankruptcy Code section 365, (viii) a waiver of any party's rights to assert that any other party is in breach or default of any agreement, or (ix) an implication or admission that any contract or lease is integrated with any other contract or lease.

6.      Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

7.      The Trust is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8.      This Court shall retain jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: June 22nd, 2020 Wilmington, Delaware**                    **BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

3