# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>　　　　　　　　　　Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estate of Woodbridge Group of Companies, LLC, *et al*.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>[SEE ATTACHED **EXHIBIT A**],<br><br>　　　　　　　　　　Defendants. | Adversary Proceeding<br>Case Nos. (See attached **Exhibit A**)<br><br>**Hearing Date: March 3, 2021, at 10:30 a.m. (ET)**<br>**Objection Deadline: Feb. 24, 2021, at 4:00 p.m. (ET)** |

## LIQUIDATION TRUST'S MOTION FOR ENTRY
## OF AN ORDER MODIFYING AND GRANTING A LIMITED WAIVER OF CERTAIN
## REQUIREMENTS OF GENERAL ORDER RE: PROCEDURES
## IN ADVERSARY PROCEEDINGS

The Woodbridge Liquidation Trust (the "Liquidation Trust"), formed pursuant to the confirmed and effective *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2397] (the "Plan") in the jointly-administered chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), respectfully states as follows in support of this motion (this "Motion"):

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

KE 65406628

**Relief Requested**

1.      The Liquidation Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Order"), granting a limited waiver and modification of the Court's *General Order Re: Procedures in Adversary Proceedings* dated April 7, 2004 (the "General Order"), to permit the Liquidation Trust to file, on behalf of the appointed mediators for each of the Adversary Proceedings, one omnibus status report that provides the status of the mediations and their projected scheduled for completion and, where mediation was completed, confirmation that mediation was completed (in lieu of a certificate of completion). In further support of this Motion, the Liquidation Trust respectfully states as follows.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the Court's entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory and legal predicates for the relief requested herein are Bankruptcy Rules 1001 and Local Rule 1001-1(c).

**Background**

5. On December 4, 2017, 279 of the Debtors (the "Original Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Thereafter, on February 9, 2018, March 9, 2018, March 23, 2018, and March 27, 2018, an additional 27 affiliated Debtors (the "Additional Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Petition Dates"). The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6. On December 14, 2017, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 79] (the "Committee").

7. Information about the Debtors' operations, capital structure and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2398].

8. On October 26, 2018, the Court entered an order confirming the Plan. *See* Docket No. 2903. The Effective Date under the Plan occurred on February 15, 2019 and the Liquidation Trust was established. *See* Docket No. 3421. On February 25, 2019, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 3440] which closed all of the Debtors' cases other than those of debtors Woodbridge Group of Companies, LLC and Woodbridge Mortgage Investment Fund 1, LLC (the "Remaining Debtors").

9. The Liquidation Trust filed adversary proceedings (the "Adversary Proceedings") against the defendants listed on Exhibit A (the "Defendants," and together with the Plaintiff, the "Parties").

10. The Defendants in the Adversary Proceedings listed on Exhibit A filed answers and/or other responsive pleadings to the complaints and a proposed form of scheduling order (the "Scheduling Order") was entered by the Court against the Defendants listed on Exhibit A attached hereto.

11. Pursuant to the Scheduling Order, the Adversary Proceedings were assigned to mediation and the Defendants were to provide Plaintiff with a list of three (3) proposed mediators. Scheduling Order, ¶3. If the Parties did not agree on a mediator, the Plaintiff filed a statement alerting the Court of such inability and requested that the Court select and appoint a mediator for the Adversary Proceedings. *Id*. at ¶4. A mediator was appointed in each of the Adversary Proceedings listed on Exhibit A, either by agreement of the Parties or by order of the Court where no agreement was reached or the Defendant failed to respond or submit proposed mediators.

### Basis for Relief

12. Pursuant to the General Order, [w]ithin sixty (60) days after the entry of the *Order Assigning Adversary to Mediation*, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected scheduled for completion of the mediation." *See General Order*, ¶4(a). Mediations are conducted pursuant to Local Rule 9019-5. Bankruptcy Rule 1001 provides that the Bankruptcy Rules "shall be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R.

Bankr. P. 1001.  Further, Local Rule 1001-1(c) provides that "[t]he application of these Rules in any case or proceeding may be modified by the Court in the interest of justice."  *See* Del. Bankr. L.R. 1001(c).  Finally, Local Rule 1001-1(e) provides that "[t]hese Local Rules supersede all previous Local Rules promulgated by the Court, but do not affect any General Order issued by the Court…"

13. The Liquidation Trust respectfully submits sufficient cause exists to grant the relief requested in this Motion.  Over one-hundred Adversary Proceedings were assigned to mediation and the mediators have, or will file the status report required by the General Order or, in those Adversary Proceedings where mediation is complete, a certificate of completion.  Due to the number of Adversary Proceedings assigned to mediation, the appointment of multiple mediators and the unique circumstances in scheduling multiple mediations by Zoom and then filing status reports or certificates of completion, in an effort to ease the burden on the mediators and present a more uniform, comprehensive update to the Court on the status of the mediations, the Liquidation Trust believes that granting a limited waiver of the General Order, specifically with respect to paragraph 4(a) and for the Adversary Proceedings in these Chapter 11 Cases only, is appropriate in these circumstances and will not prejudice the Defendants or any other interested party.

14. While the General Order governs the submission of the status reports by the mediator, the Liquidation Trust respectfully submits that a limited waiver of the General Order to allow the Liquidation Trust to file one omnibus report every sixty (60) days on behalf of the mediators in lieu of individual status reports for each mediation, is in the interest of justice and will assist in the just, speedy, and inexpensive determination of the Adversary Proceedings.

Additionally, the status report for the mediations can be combined with and included in the omnibus status reports the Liquidation Trust already files in the Adversary Proceedings.

## Notice

15. Notice of this Motion will be provided to the following parties: (i) the U.S. Trustee; (ii) all parties to the Adversary Proceedings and their counsel, if known; and (iii) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Liquidation Trust respectfully submits that no other or further notice is necessary.

## No Prior Request

16. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Liquidation Trust requests the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 9, 2021<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Colin R. Robinson*<br>Richard M. Pachulski (CA Bar No. 90073)<br>Andrew W. Caine (CA Bar No. 110345)<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899 (Courier 19801)<br>Telephone: 302-652-4100<br>Fax: 302-652-4400<br>Email: rpachulski@pszjlaw.com<br>       acaine@pszjlaw.com<br>       bsandler@pszjlaw.com<br>       crobinson@pszjlaw.com<br><br>-and-<br><br>KTBS LAW LLP, *f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*<br>Kenneth N. Klee (*pro hac vice*)<br>Michael L. Tuchin (*pro hac vice*)<br>David A. Fidler (*pro hac vice*)<br>Jonathan M. Weiss (*pro hac vice*)<br>1801 Century Park East, 26th Floor<br>Los Angeles, California 90067<br>Tel:   (310) 407-4000<br>Fax:   (310) 407-9090<br><br>*Counsel to the Liquidation Trust* |