**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered)<br><br>Hrg. Date: July 6, 2022 at 2:30 p.m. (ET)<br>Obj. Deadline: June 29, 2022 at 4:00 p.m. (ET) |

**THIRTY-FIFTH (35TH) OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

**PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND THEIR DISPUTED CLAIMS IDENTIFIED ON THE EXHIBITS
TO THE PROPOSED ORDER**

Woodbridge Liquidation Trust (the "Trust"), formed pursuant to the confirmed and effective *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [D.I. 2397] (the "Plan") in the jointly-administered chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Woodbridge Group of Companies, LLC and its affiliated debtors (the "Debtors"), hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1531 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims filed against the Debtors and their estates that are listed on Exhibits A, B, C, D, E, and F

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

(collectively, the "Disputed Claims") to the proposed form of order attached hereto as Exhibit 2 (the "Proposed Order"), and request the entry of the Proposed Order modifying the Disputed Claims, as indicated in further detail below and on Exhibits A, B, C, D, E, and F to the Proposed Order. In support of this Objection, the Trust relies on the declaration of Thomas P. Jeremiassen (the "Jeremiassen Declaration"), a copy of which is attached hereto as Exhibit 1. In further support of this Objection, the Trust respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Trust consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2.[2]

## GENERAL BACKGROUND

2. On December 4, 2017, 279 of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code, and on February 9, 2018, March 9, 2018, March 23, 2018, and March 27 2018, additional affiliated Debtors (27 in total) commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Petition Dates"). Pursuant to sections

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

1107(a) and 1108 of the Bankruptcy Code, the Debtors managed their financial affairs as debtors in possession.

3. The Chapter 11 Cases were jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No trustee or examiner was appointed in the Chapter 11 Cases.

4. Information about the Debtors' business, capital structure and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [D.I. 2398] (the "Disclosure Statement"). The Disclosure Statement was approved by order of the Court entered on August 21, 2018 [Docket No. 2396] (the "Solicitation Procedures Order").

5. On October 26, 2018, the Court entered an order confirming the Plan. Dkt. No. 2903 (the "Confirmation Order"). The Plan and Confirmation Order established that the Debtors were operated as a Ponzi scheme. On February 15, 2019, the effective date of the Plan occurred and the Trust was established. *See* Docket No. 3421.

## RELIEF REQUESTED

6. By this Objection, the Trust requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rules 3007-1 and 3007-2, modifying the Disputed Claims, as indicated in further detail below and on Exhibits A, B, C, D, E, and F to the Proposed Order.

7. In accordance with Local Rule 3007-1(e)(i)(E), the Trust believes that this Objection complies in all material respects with Local Rule 3007-1.

**OBJECTION TO DISPUTED CLAIMS**

8. The Trust has reviewed the Disputed Claims listed on <u>Exhibit A</u> to the Proposed Order (the "<u>Duplicate Claims</u>") and has determined that each such claim either has been amended and superseded by, or is substantively a duplicate of, another proof of claim filed against a different Debtor on account of a single liability for which at most one Debtor could be held liable.[3] Accordingly, the Duplicate Claims listed on <u>Exhibit A</u> to the Proposed Order should be disallowed and expunged. Failure to disallow and expunge the Duplicate Claims could result in the relevant claimants receiving an unwarranted recovery in respect of a single liability. Moreover, disallowance and expungement of the Duplicate Claims will enable the Trust to maintain a more accurate claims register in these Chapter 11 Cases.

9. The Trust has reviewed the Disputed Claims listed on <u>Exhibit B, C, D, and E</u> to the Proposed Order and has determined that the Debtors have no liability for such claims. Each of these categories of Disputed Claims is discussed further below and on the relevant exhibit.

10. The Disputed Claims listed on <u>Exhibit B</u> to the Proposed Order (the "<u>Commission Claims</u>") asserts that the claimant is entitled to a commission for the sale of the Debtors securities (i.e., the Debtors' Notes and Units). Certain of the Commission Claims assert entitlement to section 507(a)(4) priority. The Commission Claims should be disallowed (and are not entitled to priority status in any event). *First*, there is no documentation that the claimants were valid, registered broker-dealers entitled to a commission (nor, to the extent relevant, were the claimants employees of the Debtors or otherwise entitled to priority claims pursuant to section 507(a)(4)). In evaluating the Disputed Claims, the Trust has thoroughly reviewed the Debtors' books and records and has determined that the claimants were not broker-dealers employed by the Debtors

---

[3] In accordance with Local Rule 3007-1(d)(i), the Duplicate Claims are being included as part of this substantive claim objection because the Duplicate Claims and the Surviving Claims are asserted against different Debtors.

to sell the Debtors' purported securities. *Second*, the claimants cannot be compensated for the sale of unregistered sale of securities. The Debtors' securities were not registered with the Securities and Exchange Commission ("SEC") or applicable state securities agencies and there was no applicable exemption from registration. Nor were the claimants registered as a broker-dealer with the SEC or applicable state agencies. *Third*, the claimants are not entitled to commissions or compensation for perpetuating the Debtors' Ponzi scheme. As a matter of law, when brokers are paid commissions for their efforts in promoting a Ponzi scheme, such commissions are fraudulent transfers under sections 548 of the Bankruptcy Code and state fraudulent transfer law, made applicable pursuant to section 544 of the Bankruptcy Code. *See, e.g.*, *Georgelas v. Desert Hill Ventures, Inc.*, 2021 U.S. Dist. LEXIS 564, *18-19, 2021 WL 27088 (D. Utah Jan. 4, 2021); *Sender v. Simon*, 84 F.3d 1299, 1307 (10th Cir. 1996). Accordingly, based on a review of the Debtors' books and records and the failure of the claimants to provide sufficient supporting documentation, the Trust has determined the Debtors have no liability for the Commission Claims, which should be disallowed and expunged for the reasons set forth herein and on Exhibit B.[4]

11.  The Disputed Claims listed on Exhibit C (the "Resolved Litigation Claims") each assert a claim in an unliquidated amount arising from litigation that was pending or otherwise unresolved at the time the claims were filed. The underlying litigation at issue in each of the Resolved Litigation Claims has since been resolved and dismissed with no award of liability against (or that could be attributable to, via indemnification, contribution, or otherwise) the Debtors or the Trust. The holders of the Resolved Litigation Claims therefore do not maintain any right to payment against the Debtors or the Trust. Accordingly, the Trust has determined that the

---

[4] The Court has already granted the same relief with respect to substantially identical commission claims asserted by other, similarly situated claimants. *See Order Granting Liquidation Trust's Thirty-Fourth Omnibus (Substantive) Objection to Certain No Liability Claims.*

Debtors have no liability for the Resolved Litigation Claims, which should be disallowed and expunged for the reasons set forth herein and on Exhibit C.

12. The Disputed Claims listed on Exhibit D (such claims, the "Investor Claims") are claims of investors in the Debtors' Ponzi scheme who held Notes and/or Units and others claiming amounts in connection with such investments. With respect to two of the Investor Claims, the Debtors' books and records indicate that each of those claimants was a "net winner" from the Debtors' Ponzi scheme and therefore no amounts are owed to these claimants. The other three Investor Claims are for "referral fees" in connection with recruiting new "investors" into the Debtors' Ponzi scheme. The claimants do not offer sufficient documentation in support of any putative contractual right to a "referral fee," nor should claimants be entitled to the payment of fees for recruiting other investors into the Debtors' fraudulent scheme. Moreover, under the Plan, investors are only entitled to payment on account of their Net Note Claim and/or Net Unit Claim, which claim does not include any referral fees. The Solicitation Procedures Order approved and attached ballots for investors and explained that unless the investor checked a box to dispute the Debtors' calculation of the investor's Net Claim, that calculation will be the amount of the investor's Net Claim for purposes of distributions under the Plan. The holders of the Investor Claims did not elect to dispute the amount of their Net Claims pursuant to the Solicitation Procedures Order and are not entitled to these amounts under the terms of the Plan. Two of the Investor Claims assert secured status and one asserts priority status, however, the Plan does not afford secured or priority status to any investor's claims; rather, the Plan's treatment of these claims is as unsecured claims not entitled to any priority. No holder of an Investor Claim elected to dispute or otherwise object to general unsecured classification of those claims under the Plan.

Accordingly, the Trust has determined that the Debtors have no liability for the Investor Claims, which should be disallowed and expunged for the reasons set forth herein and on Exhibit D.

13. Six of the eight Disputed Claims listed on Exhibit E (the "Other No Liability Claims") assert claims which have no basis in the Debtors' books and records and which fail to provide sufficient documentation to establish an entitlement to payment. Two of these Other No Liability Claims are asserted as priority claims and one is asserted as a secured claim, however, the claimant failed to provide any documentation that would support priority or secured status. The remaining two Other No Liability Claims are property tax claims relating to properties that have been sold. As set forth in more detail on Exhibit E, pursuant to the respective purchase agreements, the purchasers of the properties each agreed to pay associated real estate taxes, and the respective closing statements indicate the sales closed with all amounts paid. Accordingly, the Trust has determined that the Debtors have no liability for the Other No Liability Claims, which should be disallowed and expunged for the reasons set forth herein and on Exhibit E.

14. The Disputed Claim listed on Exhibit F (the "Modified Classification Claim") asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4) for services. Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation that supports an entitlement to § 507(a)(4) priority. Accordingly, the Trust has determined that the Modified Classification Claim should be reclassified as a general unsecured claim.

## BASIS FOR RELIEF

15. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting

framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). As explained by the Third Circuit Court of Appeals—

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted). Thus at the outset, "a proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim." *Lampe v. Lampe*, 665 F.3d 506, 514 (3d Cir. 2011); *see also In re Devonshire*, 548 B.R. at 697 ("Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed *prima facie* valid. The burden then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the claim.").

16.    Once the prima facie validity of a claim is rebutted, "the burden then reverts to the claimant to prove its validity by a preponderance of the evidence." *In re Devonshire*, 548 B.R. at 697; *see also Raj Singh v. Mariner Post-Acute Network, Inc. (In re Mariner Post-Acute Network, Inc.)*, No. 04-0208, 2005 U.S. Dist. LEXIS 13673, at *5 (D. Del. July 8, 2005) ("If the objector advances sufficient evidence to challenge the validity of the proof of claim, the burden shifts back to the claimant to prove the claim's validity by a preponderance of the evidence."). Importantly,

the ultimate "burden of persuasion is always on the claimant." *In re Allegheny Int'l*, 954 F.2d at 174. Indeed, "'it is for the claimant to prove his claim, not for the objector to disprove it.'" *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citation omitted).

17. A debtor in possession in a chapter 11 case "has the duty to object to the allowance of any claim that is improper." *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661–62 (11th Cir. 1991); *see also* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), & 1107(a). Pursuant to Bankruptcy Code section 502(b)(1), a debtor in possession may object to a claim on the grounds that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Moreover, a claimant is not entitled to multiple recoveries for a single liability. *See, e.g.*, *In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice.").

## RESPONSES TO THIS OBJECTION

18. Any responses to this Objection must be filed **on or before 4:00 p.m. (ET) on June 29, 2022**, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

19. The Trust reserves the right to adjourn the hearing on any Disputed Claim, and in the event that the Trust does so, the Trust will state the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the applicable claimant.

20. The Trust reserves any and all rights to amend, supplement, or otherwise modify this Objection, the Proposed Order, or the Exhibits thereto, and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the

Disputed Claims.  The Trust also reserves any and all rights, claims and defenses with respect to any and all of the Disputed Claims, and nothing included in or omitted from this Objection, the Proposed Order, or the Exhibits thereto is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Trust with respect to the Disputed Claims.

### REQUEST FOR WAIVER

21.   To the extent this Objection is one "based on substantive grounds, other than incorrect classification of a claim," Del. Bankr. L.R. 3007-1(f)(iii), which would be required to "include all substantive objections to such claim," *id*., this Objection requests a waiver of Local Rules 3007-1(f)(iii) and (f)(i) to the extent such rules might otherwise be construed to apply.  Such a waiver is authorized by Local Rule 1001-1(c), which provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice," Del. Bankr. L.R. 3007-1(f)(i), and is proper in this instance given that the modifications to the claims register requested by the Trust hereby are ministerial rather than substantive.

### NOTICE

22.   Notice of this Objection has been provided to the following parties:  (i) the United States Trustee for the District of Delaware; (ii) the Trust and its counsel; (iii) any person whose rights are affected by this Objection; and (iv) any person filing a specific request for notices and papers on and after the Effective Date.  The Trust submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

### CONCLUSION

WHEREFORE, for the reasons set forth herein, the Trust respectfully requests that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

DOCS_DE:239400.1 94811/002

| | | |
|---|---|---|
| Dated: | June 3, 2022<br>Wilmington, Delaware | */s/ Colin R. Robinson*<br>PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski (CA Bar No. 90073)<br>Andrew W. Caine (CA Bar No. 110345)<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899 (Courier 19801) |

-and-

KTBS LAW LLP (*f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*)
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Sasha M. Gurvitz (*pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, California 90067

*Counsel to Woodbridge Liquidation Trust*