# **EXHIBIT 1**

Declaration of Thomas P. Jeremiassen

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |

**DECLARATION OF THOMAS P. JEREMIASSEN IN SUPPORT OF THIRTY-FIFTH (35TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

I, Thomas P. Jeremiassen, pursuant to 28 U.S.C. § 1746, declare:

1.  I am a Senior Managing Director of Development Specialists, Inc. ("DSI"), located at 333 S. Grand Avenue Suite 4100, Los Angeles, California 90071. Following the "Effective Date" of the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* (the "Plan"), DSI has been engaged to provide forensic accounting and financial advisory services to the Woodbridge Wind-Down Entity LLC (the "Wind-Down Entity") and the Woodbridge Liquidation Trust (the "Trust").

2.  Prior to the "Effective Date" of the Plan, I supported the Chief Restructuring Officer of WGC Independent Manager LLC, a Delaware limited liability company ("WGC Independent Manager"), which was the sole manager of Woodbridge Group of Companies, LLC, a Delaware limited liability company and an affiliate of each of the entities that were debtors and

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases").

3. On February 13, 2018, the Court entered an order authorizing the Debtors to retain and employ DSI as their restructuring advisor. In such capacity, I became familiar with the day-to-day operations and financial affairs of the Debtors. I was one of the individuals responsible for implementing the Debtors' wind-down and liquidation strategies and overseeing the Debtors' financial and operational affairs. I have been consistently involved in or am familiar with the Debtors' wind-down activities and development of the Plan.

4. I submit this declaration in support of the *Thirty-Fifth (35th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection").[2]

5. I am one of the persons responsible for overseeing the claims reconciliation and objection process in these Chapter 11 Cases. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors and their estates in the Chapter 11 Cases. The Disputed Claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel and representatives of the Debtors, the Trust, and the Wind-Down Entity. These efforts resulted in the identification of the Disputed Claims.

6. The information contained in Exhibits A, B, C, D, E, and F to the Proposed Order is true and correct to the best of my knowledge, information, and belief.

7. Through a review of the claims register maintained by the claims and noticing agent in these Chapter 11 Cases, the Disputed Claims, and the Trust's books and records, the Trust has

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

determined that each of the Duplicate Claims on <u>Exhibit A</u> either has been amended and superseded by, or is substantively a duplicate of, another proof of claim filed against a different Debtor on account of a single liability for which at most one Debtor could be held liable.

8. Through a review of the claims register maintained by the claims and noticing agent in these Chapter 11 Cases, the Disputed Claims, and the Trust's books and records, the Trust has determined that the Debtors have no liability for each of the Disputed Claims listed on <u>Exhibit B, C, D, and E</u> to the Proposed Order.

9. Each Commission Claim on <u>Exhibit B</u> asserts alleged commissions due for the sale of the Debtors' securities. The Debtors' books and records do not indicate that the claimants are owed a commission under a broker or sales agreement or any other agreement. The Debtors' books and records fail to show that any of the claimants were formally retained by the Debtors.

10. Each Resolved Litigation Claim on <u>Exhibit C</u> asserts a claim in an unliquidated amount arising from litigation that was pending or otherwise unresolved at the time the claims were filed. The underlying litigation at issue in each of the Resolved Litigation Claims has since been resolved and dismissed with no award of liability against (or that could be attributable to, via indemnification, contribution, or otherwise) the Debtors or the Trust.

11. Each Investor Claim on <u>Exhibit D</u> is a claim asserted by an investor in the Debtors' Ponzi scheme who held Notes and/or Units or another person claiming amounts in connection with such investments. With respect to two of the Investor Claims, the Debtors' books and records indicate that each of those claimants was a "net winner" from the Debtors' Ponzi scheme and therefore no amounts are owed to these claimants. The other three Investor Claims are for "referral fees" in connection with recruiting new "investors" into the Debtors' Ponzi scheme. The claimants did not dispute the Debtors' calculation of the amount of their net claims under the Plan.

12. Six of the Other No Liability Claims on Exhibit E assert claims that have no basis in the Debtors' books and records and fail to provide sufficient explanation of the claim or documentation to establish the nature of the claim or any entitlement to payment. The other two Other No Liability Claims on Exhibit E are property tax claims for properties that have been sold. The purchasers agreed to pay all real property taxes pursuant to the respective purchase agreements and the closing statements indicate both sales closed and all amounts were paid.

13. The holder of the Modified Classification Claim on Exhibit F was not an employee of the Debtors and the claimant fails to provide documentation that supports an entitlement to priority.

14. Accordingly, the Disputed Claims set forth on Exhibits A, B, C, D, and E should be disallowed and expunged in their entirety and the Disputed Claim set forth on Exhibit F should be modified from a priority claim to a general unsecured claim.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

Executed on June 3, 2022

                                            */s/ Thomas P. Jeremiassen*
                                            Thomas P. Jeremiassen