## **EXHIBIT 2**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| | (Jointly Administered) |
| Remaining Debtors. | **Ref. Docket No. _____** |

**ORDER SUSTAINING THIRTY-FIFTH (35TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

Upon consideration of the *Thirty-Fifth (35th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection")[2] and the Jeremiassen Declaration; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Trust, its beneficiaries, and other parties in interest; and it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record of these Chapter 11 Cases; and after due deliberation thereon and good and

---

[1]   The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Objection is SUSTAINED, as set forth herein.

2.      The Disputed Claims identified on <u>Exhibits A, B, C, D, and E</u> to this Order are hereby disallowed as set forth on <u>Exhibits A, B, C, D, and E</u> with respect to each such Disputed Claim.

3.      The Disputed Claim identified on <u>Exhibit F</u> to this Order is hereby modified as set forth on <u>Exhibit F</u> with respect to such Disputed Claim.

4.      The Trust's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each claim.  Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5.      The Debtors' claims agent is directed to modify the official claims register it maintains to comport with the relief granted by this Order.

6.      To the extent applicable to the Objection, Local Rules 3007-1(f)(i) and (iii) are hereby waived.

7.      Any and all rights of the Trust to amend, supplement, or otherwise modify the Objection and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims, shall be reserved.  Any and all rights, claims, and defenses of the Trust with respect to any and all of the Disputed Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed

2

to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Trust with respect to the Disputed Claims.

8.     This Court shall retain jurisdiction and power over any and all affected parties with respect to any and all matters, claims, or rights arising from or related to the implementation or interpretation of this Order.

# EXHIBIT A[1]

(Substantive) Duplicate Claims

---

[1]    Capitalized terms used but not otherwise defined on <u>Exhibit A</u> shall have the meanings ascribed to such terms in the Objection.

| Claimant Name | Remaining Claim No. | Claim No. To Be Disallowed | Claim Amount (of Disallowed Claim) | Reason for Disallowance |
|---|---|---|---|---|
| ROBERT BISCARDI | 9487[1] | 9224 | $41,173.51 (GUC) | Claim 9487 and Claim 9224 assert a similar amount against two different Debtors in respect of the same liability, specifically allegedly unpaid wages, expenses, sick leave, and related amounts in connection with a complaint filed in the Superior Court of California, County of Los Angeles (BS169864).  Because at most one Debtor may be held liable for this single liability, the duplicate claim against the other Debtor must be disallowed and expunged. |
| CANYON PLUMBING AND HEATING CORP. | 4464 | 4463 | $557.50 (GUC) | Claim 4463 and Claim 4464 assert the exact same amount against two different Debtors in respect of the same liability, specifically Invoice No. 10866.  Because at most one Debtor may be held liable for this single liability, the duplicate claim against the other Debtor must be disallowed and expunged. |
| ARASH TASHVIGHI | 9486[1] | 9222 | $55,873.16 (GUC) | Claim 9486 and Claim 9222 assert a similar amount against two different Debtors in respect of the same liability, specifically allegedly unpaid wages, expenses, sick leave, and related amounts in connection with a complaint filed in the Superior Court of California, County of Los Angeles (BS169441).  Because at most one Debtor may be held liable for this single liability, the duplicate claim against the other Debtor must be disallowed and expunged. |

---

[1] This "remaining claim" is also subject to an objection, see Exhibit E.

**<u>EXHIBIT B</u>**[1]

Commission Claims

---

[1]    Capitalized terms used but not otherwise defined on <u>Exhibit B</u> shall have the meanings ascribed to such terms in the Objection.

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| ALTERNATIVE INVESTMENT CONSULTANTS LLC | 1722 | $3,196.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors.  Claimant is not an individual and fails to provide any documentation that supports an entitlement to § 507(a)(4)(B) priority for a non-individual. |
| DENISE ANDERSON | 7740 | $750.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation that supports an entitlement to § 507(a)(4) priority. |
| SHIELA BENNETT | 305 | $1,260.16 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation that supports an entitlement to § 507(a)(4) priority.  This claim also appears to be a duplicate of No. 306. |
| SHIELA BENNETT | 306 | $1,412.03 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority.  This claim also appears to be a duplicate of No. 305. |
| DARYL BLACKMON | 6629 | $2,083.89 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| THOMAS BLANCHARD | 2573 | $900.00 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |
| JAY N BROWN | 3246 | $1,200.00 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |
| C EVERETT ENTERPRISES | 3573-A | $3,015.00 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |
| RICHARD A FREELAND | 9338 | $711.94 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |

3

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| GREGORY FINANCIAL SERVICES INC | 4975 | $1,000.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4). Claimant was not an employee of the Debtors. Claimant is not an individual and fails to provide any documentation that supports an entitlement to § 507(a)(4)(B) priority for a non-individual. |
| GUARDIAN INSURANCE & FINANCIAL SERVICES | 961 | $1,040.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4). Claimant was not an employee of the Debtors. Claimant is not an individual and fails to provide any documentation that supports an entitlement to § 507(a)(4)(B) priority for a non-individual. |
| HARRY EARL HAAS | 5616 | $5,940.00 (Priority/GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of |

4

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation that supports an entitlement to § 507(a)(4) priority. |
| HURT & ASSOCIATES FINANCIAL SERVICES | 9386 | $5,000.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors.  Claimant is not an individual and fails to provide any documentation that supports an entitlement to § 507(a)(4)(B) priority for a non-individual. |
| JAMES KALINOWSKI | 4739 | $3,772.00 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |
| CYNTHIA KLIMA | 6030 | $1,500.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant provides insufficient documentation to support that claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation supporting an entitlement to § 507(a)(4) priority. |
| DAWN M LOWDEN | 3582 | $260.42 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| ANTHONY MCGAR | 9059 | $1,350.00 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |
| DAVID L O'DELL | 9806 | $666.67 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | claim pursuant to 11 U.S.C. § 507(a)(4). Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| ERROL PARKER | 8015 | $1,500.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4). Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation that supports an entitlement to § 507(a)(4) priority. |
| DARRON T REID | 6011 | $6,000.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4). Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| ROLAND FINANCIAL LLC | 9098 | $1,912.50 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |
| AARON W SAOUD | 6685 | $1,000.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| ADRIENNE SIMMONS | 7390 | $1,299.18 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| STEPHEN K TOFTOY | 9785 | $2,700.00 (Priority) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | Debtors' Ponzi scheme through the sale of unregistered securities.  Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4).  Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation that supports an entitlement to § 507(a)(4) priority. |
| WEALTH DESIGN GROUP | 9670 | $1,125.00 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |
| MARGARET WISE | 3644 | $3,270.00 (GUC) | Claimant seeks payment for commissions purportedly earned in capacity as a broker or salesperson for the sale of the Debtors' securities. The Debtors' books and records do not indicate the claimant is owed a commission pursuant to a broker or sales agreement or any other employment agreement. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a commission for the purported sale of the Debtors' unregistered securities. Additionally, the claimant is not entitled to compensation or commissions for the sale of unregistered securities or for perpetuating the Debtors' Ponzi scheme through the sale of unregistered securities. |

# EXHIBIT C[1]

Resolved Litigation Claims

---

[1] Capitalized terms used but not otherwise defined on <u>Exhibit C</u> shall have the meanings ascribed to such terms in the Objection.

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| MATTHEW DITRAPANI ESQ | 8048 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019. The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| MATTHEW DITRAPANI ESQ | 8049 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019. The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| BART KAPLAN ESQ | 8037 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019. The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| BART KAPLAN, ESQ. | 8035 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019.  The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| JARED S KAPLAN ESQ | 8039 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019.  The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| JARED S KAPLAN ESQ | 8041 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019. |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| KAPLAN DEF. ON BEHALF OF 16 HICKS LANE H | 9701 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019.  The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| KAPLAN DEF. ON BEHALF OF 16 HICKS LANE H | 9702 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019.  The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| KAPLAN KAPLAN & DITRAPANI, LLP | 8043 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among |

3

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019. The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| KAPLAN KAPLAN & DITRAPANI, LLP | 8046 | Unliquidated (GUC) | Claimant filed a contingent, unliquidated claim in connection with litigation pending in the New York State Supreme Court, County of Nassau, Index No. 606546/2015, in which the Debtors were named as co-defendants and the claimant asserted cross-claims against the Debtors for indemnification and contribution.  On October 7, 2020, the underlying litigation was discontinued with prejudice via a consensual stipulation among the claimant and the Debtors (DI 469), following a dismissal with prejudice pursuant to a so-ordered stipulation dated on or about November 29, 2019. The dismissal with prejudice involved no award against, or that could be attributable to, the Debtors.  There is therefore no basis for indemnification or contribution.  The Debtors' books and records do not indicate the claimant is owed any amounts. |

DOCS_DE:239400.1 94811/002

# **EXHIBIT D**[1]

Investor Claims

---

[1]    Capitalized terms used but not otherwise defined on <u>Exhibit D</u> shall have the meanings ascribed to such terms in the Objection.

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| KEVIN ANDERSON | 2377 | $500.00 (Priority) | Claimant asserts a claim for a "referral fee" for recruiting new investors into the Debtors' Ponzi scheme. The Debtors' books and records do not indicate the claimant (who was not an investor) is owed any amounts. The claimant fails to provide any documentation that supports the claimant earned or is entitled to a referral fee or any other compensation. Additionally, the claimant is not entitled to compensation for recruiting investors into the Debtors' Ponzi scheme. Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4). Claimant was not an employee of the Debtors and claimant fails to provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| PAUL F HAPPERSETT RLTA 07/15/98 | 9762 | $0.00 (GUC) | Claimant was an investor in the Debtors' Ponzi scheme and apparently asserts no claim. The face of the proof of claim from expressly states that the claimant "Rec'd ALL BACK INVESTED." Claimant is no longer an investor, was a "net winner" from the Ponzi scheme, and has no basis for a claim. The Debtors' books and records do not indicate the claimant is owed any amounts. Claimant fails to provide any documentation that would support any entitlement to payment. |
| RICHARD KOHLER | 4872 | $1,000.00 (Secured) | Claimant was an investor in the Debtors' Ponzi scheme and asserts a claim for a "referral fee" for recruiting new investors into the Debtors' Ponzi scheme. Claimant is currently an investor, however, the Plan does not provide for referral fees to be included in the amount of claimant's Net Claim and claimant did not object to the Debtors' calculation of claimant's Net Claim amount. Claimant is therefore not entitled to payment of this amount under the Plan. The claimant fails to provide sufficient documentation that supports the claimant earned or is entitled to a referral fee or any other compensation. Additionally, the claimant is not entitled to compensation for recruiting investors into the Debtors' Ponzi scheme. The claimant asserts secured status. Any claim would not be entitled to secured status under the treatment afforded to investors under the confirmed Plan, to which no claimant objected. |
| JACQUELINE J SYPER | 264 | $464.68 (Secured) | Claimant was an investor in the Debtors' Ponzi scheme and asserts a claim for interest payments. Claimant is no longer an investor, was a "net winner" from the Ponzi scheme, and has no basis for a claim. Claimant fails to provide sufficient documentation that would support any entitlement to payment. The claimant asserts |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | secured status.  Any claim would not be entitled to secured status under the treatment afforded to investors under the confirmed Plan, to which no claimant objected. |
| GLENN WINTERS | 4488 | $1,000.00 (GUC) | Claimant was an investor in the Debtors' Ponzi scheme and asserts a claim for a "referral fee" for recruiting new investors into the Debtors' Ponzi scheme.  Claimant is currently an investor, however, the Plan does not provide for referral fees to be included in the amount of claimant's Net Claim and claimant did not object to Debtors' calculation of claimant's Net Claim amount.  Claimant is therefore not entitled to payment of this amount under the Plan.  The claimant fails to provide any documentation that supports the claimant earned or is entitled to a referral fee or any other compensation.  Additionally, the claimant is not entitled to compensation for recruiting investors into the Debtors' Ponzi scheme. |

**<u>EXHIBIT E</u>**[1]

Other No Liability Claims

---

[1] Capitalized terms used but not otherwise defined on <u>Exhibit E</u> shall have the meanings ascribed to such terms in the Objection.

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| ROBERT BISCARDI | 9487 | $39,258.96 (GUC) | Claimant seeks payment of allegedly unpaid wages, expenses, sick leave, and related amounts in connection with a complaint filed in the Superior Court of California, County of Los Angeles (BS169864).  The adversary proceeding that was pending against claimant (19-51048) has been dismissed.  The Debtors' books and records do not indicate the claimant is owed any amounts. |
| CASSANDRA JOHNSON LANDRY | 9735 | $237.00 (Secured) | Claimant appears to assert a secured claim arising from a transaction with non-debtor Riverdale Funding, LLC, however on a handwritten attachment to the claim, the claimant states "I don't know how much I owe, if any," and the claimant names no Debtor on the proof of claim form.  The Debtors' books and records do not indicate the claimant is owed any amounts.  Claimant fails to provide sufficient documentation that would support any entitlement to payment or any entitlement to secured status. |
| COOK COUNTY TREASURER'S OFFICE | 1814 | $27,096.82 (Secured) | Claim for property taxes related to 603 Ridge Road, Homewood, IL.  Pursuant to the Purchase Agreement with Great Deal Investing LLC as Purchaser, the Purchaser agreed to "assume all delinquent real estate taxes assessed against, and assume the lien of any and all real estate taxes assessed against or otherwise affecting, the Property as of the Closing Date." ¶ 2.  The closing statement indicates the sale closed on September 23, 2020 and all amounts due from Purchaser were paid in full.  Claimant also is not entitled to secured status because the property has been sold and is no longer owned by the Debtors. |
| THE COUNTY OF WHARTON TEXAS | 1017 | $5,788.00 (Secured) | Claim for property taxes related to 802 N. Wharton St., El Campo, TX.  Pursuant to the Purchase Agreement with Rock'N Properties, LLC – Series 169 as Purchaser, the Purchaser agreed to pay all real property taxes and assessments as of the Closing Date. ¶ 5.4.  The closing statement indicates the sale closed on July 7, 2020 and all amounts due from Purchaser were paid in full.  Claimant also is not entitled to secured status because the property has been sold and is no longer owned by the Debtors. |
| LARIN G PATTON | 863 | $1,000.00 (Priority) | Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4) for "services performed."  The Debtors' books and records do not indicate the claimant is owed any amounts.  Claimant fails to provide any documentation that would support any entitlement to payment.  Claimant was not an employee of the Debtors and claimant fails to |

| Claimant Name | Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| | | | provide any documentation that supports an entitlement to § 507(a)(4) priority. |
| ZACHARY LEE PHILLIPS | 1597 | $839.00 (Priority) | Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4) for "Sick Pay." The Debtors' books and records do not indicate the claimant is owed any amounts. Claimant fails to provide any documentation that would support any entitlement to payment or any entitlement to § 507(a)(4) priority. |
| JEFF SEARS | 5332 | $408.90 (GUC) | Claimant provides no explanation for the basis for the claim. The Debtors' books and records do not indicate the claimant is owed any amounts. Claimant fails to provide any documentation that would support any entitlement to payment. |
| ARASH TASHVIGHI | 9486 | $53,274.36 (GUC) | Claimant seeks payment of allegedly unpaid wages, expenses, sick leave, and related amounts in connection with a complaint filed in the Superior Court of California, County of Los Angeles (BS169441). The adversary proceeding that was pending against claimant (19-51049) has been dismissed. The Debtors' books and records do not indicate the claimant is owed any amounts. |

DOCS_DE:239400.1 94811/002

**EXHIBIT F**

Modified Classification Claim

| Claimant Name | Claim No. | Claim Amount & Classification | Modified Claim Classification | Reason for Modification |
|---|---|---|---|---|
| JANE STELLONE | 4884 | $765.00 (Priority) | $765.00 (GUC) | Claimant asserts a priority claim pursuant to 11 U.S.C. § 507(a)(4) for "cleaning services."  Claimant was not an employee of the Debtors and claimant fails to provide sufficient documentation that supports an entitlement to § 507(a)(4) priority. The claim should be reclassified as a general unsecured claim. |