# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |

Hearing Date: July 6, 2022 at 2:30 p.m. (ET)
Objection Deadline: June 29, 2022 at 4:00 p.m. (ET)

**TRUST'S (I) OBJECTION TO PROOF OF CLAIM NO. 4162 ASSERTED BY THE FRED F. COHN & MIRIAM C. PERLSON-COHN REV. TRUST 5/26/94 RESTATED AND (II) REQUEST FOR A LIMITED WAIVER OF LOCAL RULE 3007-1(f)(iii), TO THE EXTENT SUCH RULE MAY APPLY**

Woodbridge Liquidation Trust (the "Trust"), formed pursuant to the confirmed and effective *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [D.I. 2397] (the "Plan") in the jointly-administered chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby files this objection (this "Objection") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) disallowing and expunging Claim No. 4162 (the "Disputed Claim") asserted by The Fred F. Cohn & Miriam C. Perlson-Cohn Rev. Trust 5/26/94 Restated ("Claimant"), (ii) directing the Debtors' claims agent (the "Claims Agent") to reflect the foregoing modification on the official register maintained by the Claims Agent (the "Claims Register"), and (iii) waiving Rule 3007-1(f)(iii) of the Local Rules of Bankruptcy Practice and

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the extent such rule may otherwise bar the assertion of any subsequent substantive objection (if any) to the Disputed Claim.  In support of this Objection, the Trust relies on the record of these Chapter 11 Cases and the *Declaration of Thomas P. Jeremiassen in Support of Trust's Objection to Claim No. 4162 Asserted by The Fred F. Cohn & Miriam C. Perlson-Cohn Rev. Trust 5/26/94 Restated* attached hereto as **Exhibit B** (the "Jeremiassen Declaration") and respectfully states as follows:

## I.  JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Trust consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 1001-1(c), 3007-1, and 3007-2.

## II.  BACKGROUND

2. On December 4, 2017, certain of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code, and on February 9, 2018, March 9, 2018, March 23, 2018 and March 27 2018, additional affiliated Debtors (27 in total) commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Petition Dates").  Pursuant to sections

1107(a) and 1108 of the Bankruptcy Code, the Debtors managed their financial affairs as debtors in possession.

3. The Chapter 11 Cases were jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No trustee was appointed in the Chapter 11 Cases. On October 26, 2018, the Court entered an order [D.I. 2903] confirming the Plan. On February 15, 2019, the effective date of the Plan occurred and the Trust was established. *See* Docket No. 3421.

4. On May 17, 2018, Claimant filed the Disputed Claim as a general unsecured claim against Debtor Woodbridge Structured Funding, LLC ("Woodbridge SF") in the amount of $10,596.56. *See* Claim No. 4162. The liability asserted by the Disputed Claim arises from a structured settlement investment. *Id.* Prior to the Petition Date, certain of the Debtors were in the business of purchasing from individual litigants or their beneficiaries (the "Sellers") the rights, title, and interest to structured payment streams (the "Assigned Payments") under annuity policies in respect of the settlement of litigation unrelated to the Debtors. Jeremiassen Decl. ¶ 5. In exchange for a lump sum payment to the Sellers, the Debtors would acquire, via court order pursuant to applicable state and federal statutes protecting structured settlement transactions, the Seller's right to receive the Assigned Payments directly from the applicable third-party payors, typically life insurance/annuity companies (any such payor, a "Third-Party Payor"). *Id.* Woodbridge SF would market and sell the Assigned Payments to investors. *Id.*

5. The Claimant and Woodbridge SF entered into that certain *Master Assignment and Assumption Agreement*, dated August 16, 2012 (the "Assignment Agreement"), which set forth the terms upon which Woodbridge SF would assign to Claimant the rights to such Assigned Payments acquired from Sellers. *Id.* at ¶ 6. In accordance with the Assignment Agreement, from time to time, Woodbridge SF would deliver offer sheets to the Claimant setting forth the terms

upon which the Claimant could purchase various Assigned Payments. *Id*. If the Claimant executed and returned such offer sheets to Woodbridge SF and Woodbridge SF accepted such offer, the Claimant would make a lump sum payment of the purchase price to Woodbridge SF or one of its affiliates, and that entity would assign the offered Assigned Payments to the Claimant. *Id*. At all times, the party obligated to make the Assigned Payments (first to the Seller and then to the Claimant) is the Third-Party Payor. *Id*.

6. Here, the Claimant executed an offer sheet (the "Gainous Offer Sheet") to purchase Assigned Payments originally owed to Seller Loyd L. Gainous in the aggregate amount of $44,500.00 payable in 90 monthly payments of $500.00 from November 15, 2012 until April 15, 2020. *See* Gainous Closing Book (Tab 1 & 3).[2] Attached to the Disputed Claim is the closing book with respect to the Gainous Offer Sheet (the "Gainous Closing Book"), which includes, *inter alia*, an Order entered by the Superior Court of the State of Arizona on October 22, 2012 (the "Gainous Order"). *See* Gainous Closing Book (Tab 8). As reflected in the Gainous Closing Book, Claimant purchased the Assigned Payments set forth in the Gainous Offer Sheet for a lump sum purchase price of $38,571.57.[3] *See* Gainous Closing Book (Tab 1). As expressly stated in the Gainous Order, the Third-Party Payor that is obligated to make the Assigned Payments to the Claimant is New York Life Insurance and Annuity Corporation and New York Life Insurance Company (collectively, "New York Life"). Gainous Order, ¶ B ("New York Life Insurance Company … and New York Life Insurance and Annuity Corporation … are

---

[2] The aggregate amount of the Assigned Payments originally set forth in the Gainous Offer Sheet is $45,000.00, *see* Gainous Closing Book (Tab 3), however, the first $500.00 monthly payment (due on November 15, 2012) was not paid to Claimant. The total Assigned Payments actually purchased by Claimant was therefore reduced by $500.00, to $44,500.00, and the purchase price was adjusted accordingly. *See id*. (Tab 1).

[3] The original purchase price set forth in the Gainous Offer Sheet was $38,990.41. *See* Gainous Closing Book (Tab 3). However, that purchase price was ultimately reduced slightly to $38,571.57 in light of the missed November 15, 2012 payment referenced *supra* note 2. *See id*. (Tab 1).

hereby directed to deliver the Assigned Payments due to the Payee [Gainous] under Annuity Policy No. FP 207 762, directly to Ash Square's designated Assignee, The Fred F. Cohn & Miriam C. Perlson-Cohn Rev Trust 5/26/94 restated.").[4] Also as reflected in the Gainous Closing Book, a notice, dated November 20, 2012, was sent to New York Life to inform that entity to make payments directly to Claimant.  *See* Gainous Closing Book (Tab 9).

7. A copy of the Disputed Claim (including a copy of the Gainous Closing Book, which is appended to the Disputed Claim) is attached hereto as **Exhibit C**.

### III.  RELIEF REQUESTED

8. By this Objection, the Trust seeks entry of the Proposed Order (i) disallowing and expunging the Disputed Claim asserted by the Claimant in its entirety, (ii) directing the Claims Agent to reflect the foregoing modification on the Claims Register, and (iii) waiving Local Rule 3007-1(f)(iii) to the extent such rule may otherwise bar the assertion of any subsequent substantive objection (if any) to the Disputed Claim.

### IV.  BASIS FOR OBJECTION

9. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects."  11 U.S.C. § 502(a).  In adjudicating claim objections, courts apply "a burden-shifting framework."  *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). The Third Circuit Court of Appeals described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the

---

[4] As reflected in the Gainous Order, the entity that actually assigned the Assigned Payments to Claimant was Ash Square Funding, LLC, which is a nondebtor affiliate of Woodbridge SF.

5

> objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

10. Pursuant to Bankruptcy Code section 502(b)(1), a debtor in possession may object to a claim on the grounds that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). A claim is unenforceable against the debtor and property of the debtor under an agreement if the debtor is not the obligor with liability for such claim under the agreement. *See, e.g.*, *In re Thomson McKinnon Sec., Inc.*, 149 B.R. 61, 75 (Bankr. S.D.N.Y. 1992) (disallowing claims filed against debtor-subsidiary where contractual obligations upon which claims were based were obligations of parent and not debtor-subsidiary); *In re Branford Partners, LLC*, 2008 Bankr. LEXIS 580, at *2–4 (Bankr. C.D. Cal. March 5, 2008) (disallowing claim asserted against debtor because debtor was not an obligor on the note upon which claim was based and claimant failed to establish debtor's liability).

11. Here, the Claimant erroneously filed the Disputed Claim against Debtor Woodbridge SF, which has no liability for the Disputed Claim. As discussed above, the Claimant merely purchased from Woodbridge SF or one of its affiliates the right to receive the Assigned Payments set forth in the Gainous Offer Sheet. The obligor with the obligation to pay the Assigned Payments set forth in the Gainous Offer Sheet is New York Life. This Third-Party Payor is the only party with liability for the Assigned Payments under the terms of the Gainous Order and the related agreements. Because this Third-Party Payor, and ***not*** the Debtors, is the

obligor for the Assigned Payments, the Debtors are not liable to the Claimant for the Disputed Claim.

12. Accordingly, because the evidence attached hereto demonstrates that the Debtors do not have any obligation to pay the Disputed Claim and the Claimant cannot meet its ultimate burden of proving by a preponderance of the evidence that its claim is enforceable against the Debtors or their property, the Objection should be sustained and the Disputed Claim should be disallowed under section 502(b)(1).  *See, e.g.*, *Order (I) Sustaining Trust's Objection to Proof of Claim No. 4733 Asserted by Mountain West IRA, Inc. FBO Wanda Sharpton, IRA and (II) Waiving, to the Extent Applicable, Local Rule 3007-1(f)(iii)* [D.I. 3671] (sustaining the Trust's objection and disallowing a structured settlement claim substantially similar to the Disputed Claim at issue here).[5]  The Claimant will not be prejudiced as a result of the relief requested in this Objection because the Claimant still retains any rights it may have to receive the Assigned Payments from New York Life (to the extent not already received).

13. In an abundance of caution, the Trust requests a waiver of Local Rule 3007-1(f)(iii), to the extent such rule applies, in the event that this Objection is not sustained.  Such waiver is authorized by Local Rule 1001-1(c), and will ensure that all rights of the Trust or any subsequently appointed estate representative to object in the future to the Disputed Claim on any grounds permitted by bankruptcy or nonbankruptcy law are expressly reserved.

## V. RESERVATION OF RIGHTS

14. The Trust reserves the right to amend, modify, and/or supplement this Objection if necessary.  Nothing contained in this Objection or any actions taken by the Trust pursuant to

---

[5] The Trust has filed, and the Court has granted, numerous similar objections, including another objection filed against Claimant with respect to a different structured settlement claim.  *See* Docket No. 4485.

the relief requested herein is intended or should be construed as (i) an admission as to the validity of any claim, (ii) a waiver of the Trust's rights to dispute any claim on any grounds, (iii) a promise or requirement to pay any claim, (iv) an implication or admission that any claim is of a type referenced or defined in this Objection, (v) an implication or admission that any contract or lease is executory or unexpired, as applicable, (vi) a waiver or limitation of any of the Trust's rights under the Bankruptcy Code or applicable law, (vii) a request or authorization to assume or reject any agreement under Bankruptcy Code section 365, (viii) a waiver of any party's rights to assert that any other party is in breach or default of any agreement, or (ix) an implication or admission that any contract or lease is integrated with any other contract or lease.

## VI. NOTICE

15.     The Trust has provided notice of this Objection to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Claimant, (iii) New York Life, and (iv) any person that, as of the filing of this Objection, has filed a specific request for notices and papers on and after the effective date of the Plan. In light of the nature of the relief requested herein, the Trust submits that no other or further notice is necessary.

## VII. CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Jeremiassen Declaration, the Trust respectfully requests that the Court enter the Proposed Order granting the relief requested herein and granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: June 3, 2022<br>Wilmington, Delaware | /s/ Colin R. Robinson<br>PACHULSKI STANG ZIEHL & JONES LLP<br>Richard M. Pachulski (CA Bar No. 90073)<br>Andrew W. Caine (CA Bar No. 110345)<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899 (Courier 19801)<br><br>-and-<br><br>KTBS LAW LLP (*f/k/a Klee, Tuchin, Bogdanoff & Stern LLP*)<br>Kenneth N. Klee (*pro hac vice*)<br>Michael L. Tuchin (*pro hac vice*)<br>David A. Fidler (*pro hac vice*)<br>Sasha M. Gurvitz (*pro hac vice*)<br>1801 Century Park East, 26th Floor<br>Los Angeles, California 90067<br><br>*Counsel to Woodbridge Liquidation Trust* |