# EXHIBIT B

# Jeremiassen Declaration

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] <br><br> Remaining Debtors. | Chapter 11 <br><br> Case No. 17-12560 (JKS) <br><br> (Jointly Administered) |

**DECLARATION OF THOMAS P. JEREMIASSEN IN SUPPORT OF TRUST'S OBJECTION TO CLAIM NO. 4162 ASSERTED BY THE FRED F. COHN & MIRIAM C. PERLSON-COHN REV. TRUST 5/26/94 RESTATED**

I, Thomas P. Jeremiassen, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am a Senior Managing Director of Development Specialists, Inc. ("DSI"), located at 333 S. Grand Avenue Suite 4100, Los Angeles, California 90071. Following the "Effective Date" of the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* (the "Plan"), DSI has been engaged to provide forensic accounting and financial advisory services to the Woodbridge Wind-Down Entity LLC (the "Wind-Down Entity") and the Woodbridge Liquidation Trust (the "Trust").

2. Prior to the "Effective Date" of the Plan, I supported the Chief Restructuring Officer of WGC Independent Manager LLC, a Delaware limited liability company ("WGC Independent Manager"), which was the sole manager of debtor Woodbridge Group of Companies, LLC, a Delaware limited liability company and an affiliate of each of the entities

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

2

that were debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases").

3. On February 13, 2018, the Court entered an order authorizing the Debtors to retain and employ DSI as their restructuring advisor. In such capacity, I became familiar with the day-to-day operations and financial affairs of the Debtors. I was one of the individuals responsible for implementing the Debtors' wind-down and liquidation strategies and overseeing the Debtors' financial and operational affairs. I have been consistently involved in or am familiar with the Debtors' wind-down activities and development of the Plan.

4. I have reviewed and am generally familiar with the Objection and the Disputed Claim that is the subject thereof. Based on that review, the information contained in the Objection is true and correct to the best of my knowledge and belief.

5. Prior to the Petition Date, certain of the Debtors were in the business of purchasing from individual litigants or their beneficiaries (the "Sellers") the rights, title, and interest to structured payment streams (the "Assigned Payments") under annuity policies in respect of the settlement of litigation unrelated to the Debtors. In exchange for a lump sum payment to the Sellers, the Debtors would acquire, via court order pursuant to applicable state and federal statutes protecting structured settlement transactions, the Seller's right to receive the Assigned Payments directly from the applicable third-party payors, typically life insurance/ annuity companies (any such payor, a "Third-Party Payor"). Woodbridge SF would market and sell the Assigned Payments to investors.

6. The Claimant and Woodbridge SF entered into the Assignment Agreement, which set forth the terms upon which Woodbridge SF would assign to Claimant the rights to such Assigned Payments acquired from Sellers. In accordance with the Assignment Agreement, from

time to time, Woodbridge SF would deliver offer sheets to the Claimant setting forth the terms upon which the Claimant could purchase various Assigned Payments. If the Claimant executed and returned such offer sheets to Woodbridge SF and Woodbridge SF accepted such offer, the Claimant would make a lump sum payment of the purchase price to Woodbridge SF or one of its affiliates, and that entity would assign the offered Assigned Payments to the Claimant. At all times, the party obligated to make the Assigned Payments (first to the Seller and then to the Claimant) is the Third-Party Payor.

7. Here, the Claimant erroneously filed the Disputed Claim against Debtor Woodbridge SF, which has no liability for the Disputed Claim. The Claimant merely purchased from Woodbridge SF or one of its affiliates the right to receive the Assigned Payments set forth in the Gainous Offer Sheet. The obligor with the obligation to pay the Assigned Payments set forth in the Gainous Offer Sheet is New York Life. Because this Third-Party Payor, and *not* the Debtors, is the only obligor with liability for the Assigned Payments under the terms of the Gainous Order and the related agreements, the Debtors are not liable to the Claimant for the Disputed Claim.

8. Accordingly, as requested in the Objection, the Disputed Claim should be disallowed and expunged in its entirety.

9. A copy of the Gainous Closing Book is attached to the Disputed Claim, which is attached as Exhibit C to the Objection.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 3, 2022                              */s/ Thomas P. Jeremiassen*
                                                 Thomas P. Jeremiassen