**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |

**Objection Deadline: October 27, 2023 at 4:00 p.m. (ET)
Hearing Date: November 29, 2023 at 11:00 a.m. (ET)**

**THIRTY-SEVENTH (37TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

**PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND THEIR DISPUTED CLAIMS IDENTIFIED ON THE EXHIBITS
TO THE PROPOSED ORDER**

**BY THIS OBJECTION, THE TRUST IS NOT MODIFYING THE AMOUNT OF ANY
NET NOTE CLAIM OR NET UNIT CLAIM FOR ANY CLAIM HEREUNDER FROM
THE AMOUNTS PREVIOUSLY CALCULATED BY THE DEBTORS AND SET
FORTH ON THE APPLICABLE BALLOT OR OTHERWISE AGREED TO IN
WRITING BY THE CLAIMANTS, WHICH AMOUNTS HAVE NOT BEEN
DISPUTED BY THE CLAIMANTS SUBJECT TO THIS OBJECTION.**

Woodbridge Liquidation Trust (the "Trust"), formed pursuant to the confirmed and effective *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [D.I. 2397] (the "Plan") in the jointly-administered chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Woodbridge Group of Companies, LLC and its affiliated debtors (the "Debtors"), hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1531 (the "Bankruptcy

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims filed against the Debtors and their estates that are listed on Exhibits A and B (collectively, the "Disputed Claims") to the proposed form of order attached hereto as Exhibit 2 (the "Proposed Order"), and request the entry of the Proposed Order modifying the Disputed Claims, as indicated in further detail below and on Exhibits A and B to the Proposed Order. In support of this Objection, the Trust relies on the declaration of Thomas P. Jeremiassen (the "Jeremiassen Declaration"), a copy of which is attached hereto as Exhibit 1. In further support of this Objection, the Trust respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Trust consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2.[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## GENERAL BACKGROUND

2.  On December 4, 2017, 279 of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code, and on February 9, 2018, March 9, 2018, March 23, 2018, and March 27 2018, additional affiliated Debtors (27 in total) commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Petition Dates").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors managed their financial affairs as debtors in possession.

3.  The Chapter 11 Cases were jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee or examiner was appointed in the Chapter 11 Cases.

4.  Information about the Debtors' business, capital structure and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [D.I. 2398] (the "Disclosure Statement").  The Disclosure Statement was approved by order of the Court entered on August 21, 2018 [Docket No. 2396] (the "Solicitation Procedures Order").

5.  On April 5, 2018, the Court entered an order [Docket No. 911] (the "Bar Date Order") establishing, *inter alia*, June 19, 2018 (the "General Bar Date") as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file (i) a proof of claim based on claims against the Debtors that arose prior to the applicable Petition Date, including requests for allowance and payment of claims under section 503(b)(9), and (ii) a proof of interest based on ownership interests in the Debtors.

6. On August 3, 2018, the Debtors filed the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2284] (as subsequently revised, the "Disclosure Statement"). The Disclosure Statement included, as Schedule 3 thereto, a "Schedule of Principal Amounts and Prepetition Distributions," which set forth the Debtors' calculation of Net Note Claims[3] and Net Unit Claims.[4] With respect to a small number of claimants, the Debtors subsequently filed a revised Schedule of Principal Amounts and Prepetition Distributions. *See* Docket No. 2639.

7. On August 21, 2018, the Court entered the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Scheduling Plan Confirmation Hearing and Approving For and Manner of Related Notice and Objection Procedures, (IV) Approving Solicitation Packages and Procedures and Deadlines for Soliciting, Receiving, and Tabulating Votes on the Plan, and (V) Approving Forms of Ballots and Notice to Non-Voting Classes* [Docket No. 2396] (the "Solicitation Procedures Order").

8. The Solicitation Procedures Order approved and attached, as Exhibit 2 thereto, forms of ballots, including ballots for Noteholders and Unitholders (each, a "Ballot"). Each Ballot mailed to a Noteholder or Unitholder (other than Excluded Parties, none of whom are the subject of this Objection) set forth the amount of such claimant's Net Note Claim and/or Net Unit Claim, as applicable, and explained in bold font that: "**Unless you check the box in this Item 3 indicating that you disagree with the Debtors' calculation, the Net [Note/Unit] Claim set forth in the Schedule of Principal Amounts and Prepetition Distributions will be the amount of your Net [Note/Unit] Claim for purposes of Distributions under the Plan**." Each Ballot

---

[3] The Outstanding Principal Amount of the Note Claims held by a particular Noteholder, minus the aggregate amount of all Prepetition Distributions received by such Noteholder.

[4] The Outstanding Principal Amount of the Unit Claims held by a particular Unitholder, minus the aggregate amount of all Prepetition Distributions received by such Unitholder.

provided the option for a claimant to check a box next to bold text stating that: "**The undersigned Claimant <u>DISPUTES</u> the Net [Note/Unit] Claim amounts set forth in the Schedule of Principal Amounts and Prepetition Distributions**."

9. No claimant holding a Disputed Claim subject to this Objection elected to opt out of the Debtors' calculation of such claimant's Net Note Claim and/or Net Unit Claim. Accordingly, for the vast majority of claimants, pursuant to the Disclosure Statement Order, those amounts (rather than the amounts in the proofs of claim) are the amounts of the Net Note Claims and Net Unit Claims for purposes of distributions under the Plan. In certain limited cases, the Debtors and the respective claimants agreed to modify the calculation of such claimant's Net Note Claim and/or Net Unit Claim from the amount set forth on the respective Ballot to a different amount, pursuant to a written stipulation or settlement agreement entered into with the respective claimant. For those limited claimants, the amount set forth in the stipulation or settlement agreement, as expressly agreed to by the respective claimant, is the amount of that claimant's Net Note Claim and/or Net Unit Claim for purposes of distributions under the Plan.

10. On October 26, 2018, the Court entered an order confirming the Plan. Dkt. No. 2903 (the "<u>Confirmation Order</u>"). The Plan and Confirmation Order established that the Debtors were operated as a Ponzi scheme. On February 15, 2019, the effective date of the Plan occurred and the Trust was established. *See* Docket No. 3421.

**RELIEF REQUESTED**

11. By this Objection, the Trust requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rules 3007-

1 and 3007-2, modifying the Disputed Claims, as indicated in further detail below and on Exhibits A and B to the Proposed Order.[5]

12. In accordance with Local Rule 3007-1(e)(i)(E), the Trust believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION TO DISPUTED CLAIMS

13. Each of the Disputed Claims listed on Exhibit A to the Proposed Order is a proof of claim in respect of Notes and/or Units filed by a claimant who (i) did *not* elect to dispute the amount of such claimant's Net Note Claim and/or Net Unit Claim in accordance with the Court's Disclosure Statement Order and (ii) filed another proof of claim amending the Disputed Claim in respect of the same liability (the "Remaining Claim"), which Remaining Claim has already been subject to another omnibus objection reconciling the amount of that Remaining Claim to the undisputed amount set forth on the claimant's Ballot. Because these claimants subsequently did not dispute the Debtors' calculation of their Net Claims, nor did they dispute the subsequent objection reconciling the amount of their Remaining Claims to the undisputed amount set forth on their Ballot, the Disputed Claims set forth on Exhibit A should be expunged as superseded by the Remaining Claim. For a limited number of Disputed Claims on Exhibit A, the amount of the Remaining Claim is the amount set forth in the relevant written stipulation or settlement agreement

---

[5] With respect to the Disputed Claims set forth on Exhibit B, the Liquidation Trust sought identical relief with respect to other Net Note and Net Unit Claims pursuant to the Sixth, Seventh, Eighth, and Ninth Omnibus Claim Objections, which the Court granted. *See* Docket Nos. 3615, 3614, 3539 & 3540. The Liquidation Trust believes the Disputed Claims on Exhibit B were simply missed when the Liquidation Trust last reconciled the claims register with undisputed Net Note and Net Unit Claims as part of that effort. The Remaining Claims (which amend the Disputed Claims set forth on Exhibit A) were already modified to the Net Note and Net Unit Claim amounts pursuant to the Sixth, Seventh, Eighth, and Ninth Omnibus Claim Objections, however, the Liquidation Trust omitted seeking expungement of the earlier filed Disputed Claims on Exhibit A as part of that effort. The Disputed Clams set forth on Exhibit A to this Objection are of the same kind as those set forth on Exhibit A to the Thirty-Eighth Omnibus Objection, filed substantially concurrently herewith, and are addressed in separate objections to conform to the Court's preferences regarding the total number of claims in any one omnibus objection.

executed by the claimant, rather than the amount set forth on the Ballot. For the avoidance of doubt, the Remaining Claims are **not** being modified and will survive on the claims register.

14. Each of the Disputed Claims listed on <u>Exhibit B</u> to the Proposed Order is a proof of claim in respect of Notes and/or Units filed by a claimant who did ***not*** elect to dispute the amount of such claimant's Net Note Claim and/or Net Unit Claim in accordance with the Court's Disclosure Statement Order. However, because the Bar Date passed before claimants viewed the Disclosure Statement, many claimants filed claims, and included in such claims a claim amount that differed from the amount of the Net Note Claim or Net Unit Claim included in the Schedule of Principal Amounts and Prepetition Distributions. Because these claimants subsequently did not dispute the Debtors' calculation of their Net Claims, the amount set forth in the Disputed Claims have therefore been superseded. The Trust files this Objection simply to ensure that the claims register reflects the correct amount of each Disputed Claim—namely, the undisputed amount of each Net Note Claim or Net Unit Claim as set forth on the relevant Ballot. The Disputed Claims on <u>Exhibit B</u> were filed in an amount that differs from the undisputed Net Claim amount.[6] The Liquidation Trust thus files this Objection to conform the amount of each of the Disputed Claims set forth on <u>Exhibit B</u> to match the undisputed amount set forth on the applicable Ballot.

15. For the avoidance of doubt, pursuant to this Objection, **the Trust is not modifying the amount of any Net Note Claim or Net Unit Claim from the amounts previously calculated by the Debtors and set forth on the applicable Ballot or otherwise agreed to in writing by the claimant, which amount has not been disputed by the claimant**.

---

[6] In addition, two of the Disputed Claims set forth on Exhibit B were filed after the passage of the applicable Bar Date. In light of the facts and circumstances, the Liquidation Trust is not at this time seeking disallowance of these two Disputed Claims on the basis that they were late-filed.

**BASIS FOR RELIEF**

16. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). As explained by the Third Circuit Court of Appeals—

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted). Thus at the outset, "a proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim." *Lampe v. Lampe*, 665 F.3d 506, 514 (3d Cir. 2011); *see also In re Devonshire*, 548 B.R. at 697 ("Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed *prima facie* valid. The burden then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the claim.").

17. Once the prima facie validity of a claim is rebutted, "the burden then reverts to the claimant to prove its validity by a preponderance of the evidence." *In re Devonshire*, 548 B.R. at

8

697; *see also Raj Singh v. Mariner Post-Acute Network, Inc. (In re Mariner Post-Acute Network, Inc.)*, No. 04-0208, 2005 U.S. Dist. LEXIS 13673, at *5 (D. Del. July 8, 2005) ("If the objector advances sufficient evidence to challenge the validity of the proof of claim, the burden shifts back to the claimant to prove the claim's validity by a preponderance of the evidence."). Importantly, the ultimate "burden of persuasion is always on the claimant." *In re Allegheny Int'l*, 954 F.2d at 174. Indeed, "'it is for the claimant to prove his claim, not for the objector to disprove it.'" *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citation omitted).

18.     A debtor in possession in a chapter 11 case "has the duty to object to the allowance of any claim that is improper." *Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661–62 (11th Cir. 1991); *see also* 11 U.S.C. §§ 704(a)(5), 1106(a)(1), & 1107(a). A claimant is not entitled to multiple recoveries for a single liability. *See, e.g.*, *In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice.").

19.     To conform the claims register to the Liquidation Trust's books and records, the Plan, and the respective Ballots submitted by these claimants, the Trust seeks to expunge the Disputed Claims set forth on Exhibit A because each of the Disputed Claims set forth on Exhibit A relates to the same liability that is set forth in the applicable Remaining Claim. The Remaining Claims, which are not being modified by this Objection and will remain on the claims register, were the subject to another prior omnibus objection reconciling the amount of that Remaining Claim to the amount set forth on the claimant's Ballot or otherwise agreed to in writing by the claimant, and the claimant neither opposed that prior objection, nor disputed the amount of the Remaining Claim. Because the Disputed Claims identified on Exhibit A have been amended by or are otherwise duplicative of the Remaining Claims, the Disputed Claims identified on Exhibit

9

A should be expunged, leaving on the claims register the Remaining Claims in the undisputed amounts set forth on the Ballots.

20. To conform the claims register to the Liquidation Trust's books and records, the Plan, and the respective Ballots submitted by these claimants, the Trust seeks to make modifications to the Disputed Claims set forth on <u>Exhibit B</u> to the Proposed Order to indicate that each Disputed Claim is in the undisputed amount set forth on the applicable Ballot for the respective Claim.  **Because no claimant in respect of a Disputed Claim set forth on <u>Exhibit B</u> elected to dispute the amount of such claimant's Net Note Claim and/or Net Unit Claim in accordance with the Court's Disclosure Statement Order, the amounts set forth in the Ballots (rather than the amounts set forth in the proofs of claim) are the amounts of the Net Note Claims and Net Unit Claims for purposes of distributions in respect of the Disputed Claims.**

## RESPONSES TO THIS OBJECTION

21. Any responses to this Objection must be filed **on or before 4:00 p.m. (ET) on October 27, 2023**, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

22. The Trust reserves the right to adjourn the hearing on any Disputed Claim, and in the event that the Trust does so, the Trust will state the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the applicable claimant.

23. The Trust reserves any and all rights to amend, supplement, or otherwise modify this Objection, the Proposed Order, or the Exhibits thereto, and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims.  The Trust also reserves any and all rights, claims, and defenses with respect to any and all of the Disputed Claims, and nothing included in or omitted from this Objection, the

10

Proposed Order, or the Exhibits thereto is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Trust with respect to the Disputed Claims.

## **NOTICE**

24. Notice of this Objection has been provided to the following parties: (i) the United States Trustee for the District of Delaware; (ii) the Trust and its counsel; (iii) any person whose rights are affected by this Objection; and (iv) any person filing a specific request for notices and papers on and after the Effective Date. The Trust submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Trust respectfully requests that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: October 6, 2023<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Colin R. Robinson*<br>Richard M. Pachulski (CA Bar No. 90073)<br>Andrew W. Caine (CA Bar No. 110345)<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE  19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile:  (302) 652-4400<br>Email: rpachulski@pszjlaw.com<br>            acaine@pszjlaw.com<br>            bsandler@pszjlaw.com<br>            crobinson@pszjlaw.com<br><br>-and-<br><br>KTBS Law LLP *(f/k/a Klee, Tuchin, Bogdanoff & Stern LLP)*<br>Michael L. Tuchin (admitted *pro hac vice*)<br>David A. Fidler (admitted *pro hac vice*)<br>Sasha M. Gurvitz (admitted *pro hac vice*)<br>1801 Century Park East, 26th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 407-4000<br>Facsimile:  (310) 407-9090<br><br>*Counsel to the Woodbridge Liquidation Trust* |